UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE GOOGLE ADVERTISING ANTITRUST            21-md-3010 (PKC)
LITIGATION
                                              PRE-TRIAL ORDER NO. 1
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        This Order applies to: (a) all cases that have been or are subsequently transferred or conditionally transferred to the undersigned by the Judicial Panel on Multidistrict Litigation (the "Panel"); and (b) the action that was pending in this District prior to the Panel's initial transfer order: <u>Associated Newspapers, et al. v. Google LLC et al.</u>, 21 Civ. 3446 (PKC). Paragraphs 1-5 are ORDERS of this Court.  Paragraphs 6-11 set forth the Court's preliminary observations, for which comments are solicited:

1. Any judicial stay in place in any action is modified to permit the parties to comply with this and any subsequent Order of this Court.

2. All counsel are required to promptly register for and participate in this Court's CM/ECF filing system.

3. All parties are bound by the undersigned's Individual Practices that will apply to all cases in the MDL and any subsequent tagalongs. (https://nysd.uscourts.gov/sites/default/files/practice_documents/PKC%20Individual%20Practices%20-%20Revised%20Jan%202020_0.pdf)

4. The above caption shall be used on all filings.  If the filing relates to fewer than all actions in the MDL, then the individual action to which the filing applies should be unambiguously identified.

5.  The state plaintiffs shall forthwith submit to the Court their proposed motion for leave to file a second amended complaint, together with unredacted copies of their proposed second amended complaint and the original and first amended complaint. By August 27, 2021, defendant shall either consent to the motion to amend or file its opposition, reserving any futility arguments for any motion to dismiss. A reply, if any, may be filed by the state plaintiffs seven days thereafter.

6.  The Court recognizes that there are both commonalities and some differences in the claims of plaintiffs, including the state plaintiffs and the private plaintiffs. It appears that the complaints of some parties assert Sherman Act § 2 claims against Google for monopolization or attempting to monopolize the market for publisher "ad servers" and adjacent markets, and unlawful tying of Google's "ad server" with its "ad exchange." Some pleadings assert an unlawful agreement between Google and Facebook to allocate display-ad auction wins and fix ad-exchange prices. One or more pleadings name Facebook as a party defendant but many do not. There are differences in the facts of damages allegations and in the relief sought. Many of the complaints assert companion state law claims.

7.  It strikes the Court as sensible to first decide the state plaintiffs' motion to amend (which, if granted, would appear to moot the state intervention motions). If the filing of the second amended complaint is permitted, then the defendant will have the opportunity to file with the Court a Pre-Motion Letter (see Individual Practices) setting forth the basis for any motion to dismiss.

   The state plaintiffs would then have the option to seek further leave to amend or stand on their pleading as written. The process would lead to the filing of a motion to dismiss, assuming defendant wishes to file one.

8. During the briefing on the motion to dismiss in the state case, there would be the opportunity for the plaintiffs in the private cases to plan on the contingency that one or more claims survive and to divide principal responsibilities and costs among the various law firms for, among other matters, discovery (including document database), expert witnesses, briefing and settlement.

9. Following the decision on the motion to dismiss the claims in the state case, the Court would allow time for amendments to the complaints in the private cases to be followed by briefing on any motions to dismiss.  The plaintiffs in the private actions may wish to consider the desirability of filing one or more consolidated pleadings taking account of the rulings on the motion to dismiss in the state case.

10. Discovery would be stayed during the pendency of the motion to dismiss the state case.  Upon the determination of that motion, the Court would then consider whether and to what extent to allow discovery to proceed in the state case and also the private cases.

11. The Court anticipates staying all briefing on purely state law claims in both the state case and the private cases until a later juncture, assuming some portion of the federal claims survive.

Within the next 21 days, the parties are invited to comment in writing on the Court's proposed plan of action set forth in paragraphs 6-11, make scheduling proposals and propose other items for the Court to consider.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
August 13, 2021

4