# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC)<br><br>**[PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

*This Document Relates To*:

| | |
|---|---|
| TEADS HOLDING CO.,<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>*Defendants*. | Case No. 1:26-cv-06591 (PKC) |

This Civil Case Management Plan and Scheduling Order ("Order") is submitted in the above-captioned action in accordance with Fed. R. Civ. P. 26(f)(3):

1. All Parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. Teads Holding Co. ("Teads") demands a jury trial.

3. Google's time to answer or move to dismiss is stayed pending the Court's decision on the motion to dismiss the complaints docketed at MDL ECF No. 1726 in the Competitor Cases.[1] Following the Court's decision on that motion, Google LLC and Alphabet Inc.

[1] These cases are *OpenX Technologies, Inc. v. Google LLC*, No. 1:25-cv-10817 (PKC) (S.D.N.Y.); *Magnite, Inc. v. Google LLC*, No. 1:25-cv-10818 (PKC) (S.D.N.Y.); *PubMatic, Inc. v. Google LLC*, No. 1:25-cv-10819 (PKC) (S.D.N.Y.); *Equativ SAS v. Google LLC*, No. 1:26-cv-00140 (PKC) (S.D.N.Y.); *Index Exchange Inc. v. Google LLC*, No. 1:25-cv-10477 (PKC)

(together, "Google") shall either: (a) within 10 days of the Court's decision, submit a pre-motion letter seeking leave to file a motion to dismiss Teads' complaint; or (b) within 21 days of the Court's decision, answer the complaint.

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

5. Fact discovery shall commence upon entry of this Order only as permitted under the terms of this Order.

   5.1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be served by August 21, 2026. Parties have an ongoing duty to supplement initial disclosures pursuant to Fed. R. Civ. P. 26(e).

   5.2. All fact discovery shall proceed on the schedule set forth in this Order and shall close on November 10, 2026.

6. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, and as set forth herein. Interim deadlines may be extended by written consent of these parties without application to the Court, provided that all fact discovery is completed by the deadline set forth pursuant to Paragraph 5.2 above.

   6.1. Interrogatory responses of Google in this MDL are useable as if posed in the above-captioned case covered by this Order, except to the extent that a specific response exclusively addresses the actions of a plaintiff other than Teads. Teads will join the Competitor Case plaintiffs' collective set of contention

(S.D.N.Y.); *Kargo Global LLC v. Google LLC*, No. 1:25-cv-10630 (PKC) (S.D.N.Y.); *Sovrn Holdings, Inc. v. Google LLC*, No. 1:26-cv-01587 (PKC) (S.D.N.Y.); and *TRUSTX Digital Advertising Services, Inc., P.B.C. v. Google LLC*, No. 1:26-cv-03135 (PKC) (S.D.N.Y.).

interrogatories served on Google, and the Competitor Case plaintiffs' limit is expanded from 12 to 14 total interrogatories. In addition, Teads may separately serve up to 4 non-contention interrogatories on Google. Google may serve up to 12 interrogatories directed to Teads. Parties may serve any non-contention interrogatories by August 31, 2026, and any contention interrogatories by September 11, 2026.

6.2. Initial requests for production of documents and data shall be served by August 24, 2026, and the Parties shall substantially complete production of documents and data responsive to these initial requests for production by October 12, 2026. The Parties shall complete production of any deponent's custodial documents 14 calendar days before the deposition. When serving productions of documents, the serving Party shall serve the productions on every other Party in the Competitor Cases, and shall serve the productions on the plaintiffs in the Group 3 Publisher Cases.[2]

6.3. Requests to Admit may be served by September 11, 2026. Teads and the Competitor Case plaintiffs may collectively serve up to 24 Requests to Admit on Google, and Google may serve up to 20 Requests to Admit on Teads. No Requests to Admit shall be served for the purpose of authenticating documents.

6.4. Depositions of fact witnesses shall be completed by the close of fact discovery in Paragraph 5.2. Teads and the Competitor Case plaintiffs shall be permitted to notice up to a combined set of 35 party fact-witness depositions (inclusive of

---

[2] The Group 3 Publisher cases are *Mediavine, Inc. v. Google LLC*, No. 26-cv-2329-PKC (S.D.N.Y.) and *MH Sub I, LLC v. Google LLC*, No. 26-cv-4119-PKC (S.D.N.Y.).

30(b)(6) depositions). Google shall be permitted to notice up to 10 fact-witness depositions for Teads. Teads may participate in any depositions in the Group 2 Publisher Cases or in the Competitor Cases. For any deposition of a Google witness sought by Competitor Case plaintiffs (including Teads) and plaintiffs in the Group 2 Publisher Cases, counsel for all such plaintiffs shall meet and confer on a plan for an 8-hour examination of the deponent, with the exception of the four Google witnesses identified in this Court's Order at MDL ECF No. 1868—Jim Giles, Deepti Bhatnagar, Don Harrison, and Tim Lipus—whose depositions are limited to 6 hours by that Order. After the completion of the 8-hour examination, counsel participating in the deposition may make an application to the Court for further examination of the witness demonstrating that: (a) the 8-hour period was efficiently utilized; (b) material areas of inquiry could not be covered within an 8-hour period; and (c) other discovery or other forms of discovery are an inadequate substitute. As with any discovery issue, no such application shall be made without an adequate meet-and-confer session with opposing counsel (*i.e.*, counsel for Google).

6.5. Teads and the Competitor Case plaintiffs shall be permitted to notice up to a combined set of 22 third-party depositions. Google shall be permitted to notice up to 22 third-party depositions for Teads and the Competitor Case plaintiffs.

6.6. Teads may not, absent a showing of good cause to the Court, notice a deposition of a witness whose deposition has already been taken in the initial group of MDL

cases;[3] cross-noticed by any plaintiff in the initial group of MDL cases during the Coordinated Discovery Period in *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va.) ("Virginia Action");[4] already taken by a plaintiff in a Group 1 or Group 2 Publisher Case; or already taken by a plaintiff in a Competitor Case.

6.7. The parties are encouraged to stipulate to the manner of conducting a particular deposition (*e.g.*, in-person, videotaped, telephonically, remote video, or written questions). Except as provided for herein, no deposition taken pursuant to a notice under Rule 30(b)(1) or Rule 30(b)(6) shall last longer than 7 hours without the consent of the examined party or leave of Court. No deposition shall be noticed for a date sooner than 21 days after service of the notice.

7. All expert discovery shall be completed by April 30, 2027. Teads shall serve opening reports of all experts by December 1, 2026. Google shall serve responsive expert reports by February 26, 2027. Teads may then serve any rebuttal expert reports by March 31, 2027. Depositions of experts shall be completed by April 30, 2027.

8. The Stipulation and Order Regarding Expert Discovery (MDL ECF No. 428), the Order Regarding Discovery Procedure (MDL ECF No. 508), the Modified Confidentiality Order (MDL ECF No. 685), and the Further Modification thereto (MDL ECF No. 1860), shall apply to this case.

---

[3] These cases are *In re: Google Digital Publisher Antitrust Litig.*, No. 1:21-cv-07034-PKC (S.D.N.Y.); *In re: Google Digital Advertising Antitrust Litig.*, No. 1:21-cv-07001-PKC (S.D.N.Y.); *Associated Newspapers Ltd. v. Google LLC*, No. 1:21-cv-03446-PKC (S.D.N.Y.); *Gannett Co., Inc. v. Google LLC*, No. 1:23-cv-05177-PKC (S.D.N.Y.); and *Inform Inc. v. Google LLC*, No. 1:23-cv-01530-PKC (S.D.N.Y.).

[4] *See* MDL ECF No. 564 ¶ 1(c) (defining "Coordinated Discovery Period").

9. Coordination of Competitor Cases

9.1. All documents and data produced in any Competitor Case may be used in this case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

9.2. All documents and data produced during fact discovery in the initial group of MDL cases, or in the Group 1 or Group 2 Publisher cases, may be used in this case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

9.3. The transcript[5] and exhibits from any deposition taken in any Competitor Case may be used in this case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

9.4. The transcript and exhibits from any deposition taken in the initial group of MDL cases, or in the Group 1 or Group 2 Publisher cases, may be used in this case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

9.5. The transcript and exhibits from the liability trial in the Virginia Action, and the transcript and exhibits from any deposition of fact witnesses (other than current and/or former Meta employees whose transcripts have not been previously produced in this MDL[6]) taken in the liability phase of the Virginia Action, may be used in this case for any purpose permissible under the Federal Rules of Evidence

[5] As used in this Order, "transcript" means any recording of testimony, including recordings by stenographic means and by video.

[6] *See* MDL ECF No. 564 § 3(g)(iii).

and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion letter requirements. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a pre-motion letter relating thereto is filed no later than May 10, 2027.

11. The time for filing Final Pre-Trial Submissions is stayed pending further Order of this Court.

12. The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

13. The next Case Management Conference will be scheduled at a future date.

14. This Scheduling Order is entered pursuant to Fed. R. Civ. P. 16(b), and may not be modified or the dates herein extended except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Practices and shall be made no less than 14 days prior to the expiration of the date sought to be extended.

New York, NY
Dated:

________________________
P. Kevin Castel
United States District Judge