# Freshfields Bruckhaus Deringer US LLP

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC  20005-3960
T  +1 202 777 4500 (Switchboard)
   +1 202-777-4545 (Direct)
F  +1 202-507-5945
E  eric.mahr@freshfields.com
www.freshfields.com

August 27, 2021

Re:   *In re Google Digital Advertising Antitrust Litigation*, **No. 1:21-md-03010 (PKC)**; *State of Texas, et al. v. Google LLC*, **No. 1:21-cv-06841 (PKC)**

Dear Judge Castel:

On behalf of Defendant Google LLC ("Google"), we write in compliance with Pre-Trial Order No. 1 (ECF No. 4) in the above-referenced MDL and in response to the State Plaintiffs' motion seeking leave to amend their complaint a second time (ECF No. 12, the "Motion"). Pursuant to Your Honor's Individual Practices, we note that an initial conference in this MDL has yet to be scheduled.

Google does not oppose the State Plaintiffs' Motion to the extent that it proposes to add South Carolina or Louisiana as plaintiffs (and to add their respective state law claims). Nor does Google oppose the State Plaintiffs' decision to abandon their *parens patriae* claims under Section 4C of the Clayton Act (claims that were—until recently—a central feature of their case).[1] But Google is concerned by the motivation for (and timing of) the Motion, which was filed for the purpose of seeking to deprive the Judicial Panel on Multidistrict Litigation ("JPML") of its jurisdiction to consolidate the State Plaintiffs' case for trial under 28 U.S.C. § 1407(h). While that improper motivation should not result in the denial of the State Plaintiffs' Motion, it should nonetheless impact the Court's consideration of that Motion.

Specifically, Google respectfully requests that, insofar as leave to amend is granted, the Court preclude the State Plaintiffs from reasserting their Section 4C claims should they attempt to do so in the future. The State Plaintiffs dropped their Section 4C claims in order to deprive the JPML of jurisdiction to consolidate the case for trial under 28 U.S.C. § 1407(h). The State Plaintiffs did not disclose their motive to the Eastern District of Texas when seeking to amend, but instead told Judge Jordan that they sought to amend "in good faith to winnow and clarify their claims."

---

[1]   Section 4C provides that "[a]ny attorney general of a State may bring a civil action in the name of such State, as *parens patriae* on behalf of natural persons residing in such State . . .  to secure monetary relief . . . [for] any violation of [the federal antitrust laws]." 15 U.S.C. § 15c(a).



Partially Unopposed Motion for Leave to File Second Amended Complaint at 4, *State of Texas, et al. v. Google LLC*, No. 1:21-CV-06841-PKC (S.D.N.Y. Aug. 4, 2021), ECF No. 136. However, within an hour of filing their motion, the State Plaintiffs filed a Supplemental Information with the JPML asserting that the proposed second "amended complaint moots Google's motion in the current action to consolidate and transfer Texas v. Google for trial under 28 U.S.C. § 1407(h)." Supplemental Information at 1, MDL No. 3010, ECF No. 109. Counsel for the State Plaintiffs then announced to the press that "this amended complaint literally moots out Google's motion" to consolidate.[2]

Having chosen to abandon their *parens patriae* claims to serve their tactical goals before the JPML, the State Plaintiffs should be precluded from reasserting those claims in the event that they change their mind (and theory of case) at a later juncture. Courts can and do order preclusion in precisely these circumstances, and Google respectfully submits that this Court, insofar as it grants leave to amend, should do so here. *See Jones v. Guidant Corp.*, 2006 WL 406306, at *3 (E.D. Tenn. Feb. 1, 2006) ("[I]f plaintiff wishes to amend her complaint [to avoid transfer by the JPML] . . . plaintiff will be judicially estopped to seek an amendment to reinstate these theories of recoveries which she deletes by this amendment."); *Conway v. Blue Cross Blue Shield of Alabama*, 2019 WL 1620360, at *4 (N.D. Ala. Apr. 16, 2019) (denying motion to intervene when plaintiff-intervenor had "intentionally (and successfully) avoided transfer to this court [as part of an MDL] by omitting from its amended pleading the very claim it seeks to assert now").

In addition, Plaintiff South Carolina previously informed Judge Jordan of the Eastern District of Texas that, in addition to the amendments proposed in the instant Motion, the State Plaintiffs intend to amend their complaint *further*: "the plaintiff states anticipate filing a substantive amended pleading to possibly winnow down and clarify points made in the complaint[.]" Reply to Google's Response to Prospective Plaintiff State of South Carolina's Motion to Intervene at 2, *State of Texas, et al. v. Google LLC*, No. 1:21-CV-06841-PKC (S.D.N.Y. Jul. 20, 2021), ECF No. 132. Google respectfully requests that the Court direct the State Plaintiffs to make those further proposed amendments without delay, so that Google will have the latest version of the State Plaintiffs' evolving claims when filing its Pre-Motion Letter pursuant to paragraph 7 of the Court's Pre-Trial Order No. 1 (ECF No. 4).[3]

Respectfully,

/s/ Eric Mahr
Eric Mahr

CC:  Counsel of Record

---

[2]    Bryan Koenig, *Texas Drops Some Google Damages Claims To Avoid Transfer*, Law360 (Aug. 5, 2021, 6:43PM), https://www.law360.com/articles/1410165/texas-drops-some-google-damages-claims-to-avoid-transfer.

[3]    Google notes that it may have a viable basis to seek attorney's fees under 15 U.S.C. § 15c(d) as well as various state statutes upon which the State Plaintiffs have asserted claims; however, Google is not seeking to recover fees at this time to avoid unnecessary distractions at this early stage of the MDL.