

September 3, 2021

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010-PKC
> *SPX* and *SkinnySchool* Submission in response to Pre-Trial Order No. 1

Dear Judge Castel:

We represent the plaintiffs in *SPX Total Body Fitness LLC v. Google LLC*, 21-cv-00801 (N.D. Cal.) ("*SPX*") and *SkinnySchool LLC, et al. v. Google LLC*, 210-cv-06011 (N.D. Cal.) ("*SkinnySchool*"). We write in response to Your Honor's invitation for comments on paragraphs 6-11 of Pre-Trial Order No. 1 dated August 13, 2021. ECF No. 4 (PTO #1).

**Procedural Background of *SPX* and *SkinnySchool***

We believe it would be of assistance to the Court to preface our comments with the procedural posture *SPX* and *SkinnySchool*. The substantive allegations in *SkinnySchool* are identical to those in *SPX*. Both allege a written agreement between Google LLC ("Google") and Facebook, Inc. ("Facebook") which amounts to a market division agreement with provisions for Facebook to withdraw from using and supporting a technology competitive to the Google Exchange for advertising. The *SPX* and *SkinnySchool* complaints allege a claim pursuant to Article 1 of the Sherman Act against Google only. There are no federal monopoly or state law claims.

The *SPX* complaint was filed on February 1, 2021 and was assigned to the Honorable Haywood S. Gilliam, Jr.[1] In *SPX*, both SPX and Google sought to have the action related to both the advertisers' and publishers' actions pending before the Honorable Beth Labson Freeman. The motion was denied with Judge Freeman finding that *SPX* was not related to either of those actions. *See In re Google Digital Advertising Litigation*, No. 20-cv-3556-BLF (N.D. Cal) ("*Digital Advertising*"), ECF Nos. 88, 94, 104, and 108. Prior to the Panel's ruling that these cases be centralized in the Southern District of New York, Judge Gilliam held a preliminary conference and issued an order establishing a schedule for Google to file its response to the *SPX* complaint, which

---

[1] *SkinnySchool* was filed on August 3, 2021 in the Northern District of California. It was transferred to your Honor. Google has not responded to the complaint.

is still pending. Judge Gilliam also held a hearing on SPX's unopposed and uncontested Rule 23(g) motion to appoint interim class counsel, in which the undersigned argued that appointment of counsel would assist the *SPX* Plaintiff in negotiating on behalf of the class and in coordinating discovery and other overlapping issues with the matters before Judge Freeman (now before Your Honor). The motion was not decided prior to the transfer to Your Honor's court and is still pending.

### Comment to Paragraph 6: Commonalities and Differences

*SPX* and *SkinnySchool* differ from *Digital Advertising* and, as far as we know, the other actions transferred by the Panel, as they are brought on behalf of a class of advertisers exclusively on Facebook (although Facebook is not a named defendant), and only for violations of Section 1 of the Sherman Act. Neither case alleges state law claims.

### Comment to Paragraph 8: Private Case Planning During State Motion to Dismiss Stage

Some of the cases have had leadership appointed by the transferee courts. Others are brought by individual plaintiffs on a non-class basis. *SPX* counsel has already had discussions with several attorneys in the private class actions and the state case. We submit that to effectively "divide principal responsibilities and costs among the various law firms…", as suggested by the Court, it would be beneficial and practical if the Court granted the unopposed and uncontested Rule 23(g) motion which was pending in *SPX* before Judge Gilliam prior to transfer.

### Comment to Paragraph 9: Amendments /Consolidation of Private Actions

We respectfully request the Court consider directing that the private plaintiffs be provided immediate access to the large record of documents and testimony already amassed in the State AGs' case. Our understanding is that even with the best of intentions, it will take a considerable amount of time to produce these documents and then even more time to have those documents reviewed by the private plaintiffs working cooperatively and sharing work product. This collaborative process by the private plaintiffs will reduce costs to all parties before the Court and expedite proceedings.

### Comment to Paragraph 10: Stay of Discovery Pending State Case Motion to Dismiss

We are amenable to a stay of discovery for new document requests and other discovery provided that the previously produced documents and testimony taken in the State AG case be made available to the private plaintiffs.

Respectfully submitted.

| /s/ Fred T. Isquith Jr. | /s/ Kate M. Baxter-Kauf | /s/ Pamela A. Markert |
|---|---|---|
| Fred T. Isquith, Jr. | Kate M. Baxter-Kauf | Pamela A. Markert |
| Zwerling, Schachter & Zwerling, LLP | Lockridge Grindal Nauen P.L.L.P. | (*pro hac vice forthcoming*) |
| 41 Madison Avenue, 32nd Flr | 100 Washington Ave. S., #2200 | Cera LLP |
| New York, NY 10010 | Minneapolis, MN 55401 | 595 Market St., Suite 1350 |
| Tel: (212) 223-3900 | Tel: (612) 596-4092 | San Francisco, CA 94105 |
| ftisquith@zsz.com | kmbaxter-kauf@locklaw.com | Tel: (415) 777-2230 |
| | | pmarkert@cerallp.com |