

MoginRubin LLP

Washington D.C. / San Diego
1615 M Street, N.W., Third Floor
Washington, D.C. 20036

202.630.0616

September 3, 2021

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**VIA ECF**

*In re: Google Digital Advertising Antitrust Litig., No. 21-md-3013-PKC; Cliffy Care Landscaping et al. v. Facebook, Inc. et al., No. 1:21-cv-06910-PKC*

Dear Judge Castel:

Plaintiffs, Cliffy Care Landscaping LLC, Kinin, Inc., Raintree Medical and Chiropractic Center LLC, and Rodrock Chiropractic PA (the "*Cliffy Care* plaintiffs"), submit the following comments on the Court's proposed plan of action set forth in paragraphs 6-11 of Pre-Trial Order No. 1 (ECF No. 4). Pursuant to Your Honor's Individual Practices, we note the next conference is set for October 14, 2021.

The *Cliffy Care* Plaintiffs suggest that the most sensible approach to organization of the many different plaintiff groups is to group them according to their claims. This approach has the benefit of being the most efficient and aligning similar interests for discovery and pretrial purposes while avoiding conflicts and prejudice to certain plaintiff groups, as explained more fully below.



**The Cliffy Care Cases**

The District Court of the District of Columbia appointed MoginRubin LLP interim lead counsel for the Class described in the consolidated *Cliffy Care* actions.[1] The Consolidated Amended Complaint, filed May 19, 2021 (D-DC ECF No. 25), alleges a single claim under Section 1 of the Sherman Act, 15 U.S.C. § 1. It names two defendant groups, Facebook, Inc. ("Facebook"), Google LLC, and Alphabet Inc., ("Google") and seeks overcharge damages flowing directly from a 2018 "Network Bidding Agreement" between Google and Facebook sometimes referred to as "Jedi Blue."

The *Cliffy Care* Jedi Blue claim is highly targeted, concentrating on a discrete set of facts including a specific written agreement between Facebook and Google, a short class period (2018 forward), and a limited set of legal issues relating to a single claim on behalf of a limited class of auction bidders purchasing open display space on as few as 100-150 publishers. The Google monopolization cases are larger, more complex, and significantly different in terms of the claims, defendants, necessary discovery, and timelines. Subject to the Court's availability, plaintiffs believe *Cliffy Care* can be ready for trial in approximately 18- 24 months, may involve fewer than a dozen depositions and far fewer documents than the monopolization cases, which appear to need substantially more discovery and time to litigate.

The *Cliffy Care* plaintiffs are in general agreement with the approach set forth in the comments submitted by counsel for the Publisher Class. In particular, we agree that the claims of the Advertiser Class, the Publisher Class, the non-class Newspaper Cases and the States should proceed on separate but coordinated tracks. The *Cliffy Care* cases should also proceed on a separate track for a number of important reasons, including prejudice and the conflicts that manifest if *Cliffy Care* is not separated. Holding *Cliffy Care* in abeyance while much more expansive monopolization litigation plays out would unnecessarily and prejudicially delay—potentially for years—the resolution of the relatively more straight forward *Cliffy Care* matter. With court's assistance, the *Cliffy Care* Section 1 claim can be resolved relatively quickly.

**Conflicts Arise if Certain Plaintiff Groups are Joined**

In addition to *Cliffy Care*, there are additional and distinct claims by other plaintiff groups in other cases centralized by the MDL panel in this Court not addressed by the Publisher Class that create issues requiring the attention of the Court:

---

[1] Three cases filed in the District of the District of Columbia were consolidated on April 19, 2021 as *Cliffy Care Landscaping LLC v. Facebook Inc., et al.*, C.A. No. 1:21-cv-00360 (D.D.C.). MoginRubin LLP was appointed Interim Class Counsel on July 22, 2021 (D-DC ECF No. 31).



Hon. P. Kevin Castel
United States District Judge
September 3, 2021
Page 3

    a.    *SPX Total Body Fitness LLC v. Google LLC*, C.A. No. 4:21-00801-HSG (N.D. Cal.), *Skinny School LLC and Mint Rose Day Spa LLC v. Google LLC*, C.A. No. 3:21-cv-06011 (N.D. Cal.);

    b.    The "Newspaper Cases," including *Associated Newspapers Ltd., et al. v. Google LLC, et al.*, C.A. No. 1:21-03446-P (SDNY) filed by one group pf counsel and *AIM Media Midwest Operating, LLC v. Google, LLC, et al.*, C.A. No. 2:21-cv-01915- MHW-KAJ (S.D. Oh.), *AIM Media Indiana Operating, LLC v. Google, LLC et al.*, C.A. No. 1:21-cv-00951- JPH-DLP (S.D. Ind.), *AIM Media Texas Operating, LLC v. Google, LLC, et al.*, C.A. No. 7:21-cv-00150 (S.D. Tx.), *Coastal Point, LLC v. Google LLC, et al.*, C.A. No. 1:21-cv-00554-LPS (D. Del.), *Flag Publ'n, Inc. v. Google, LLC et al.*, C.A. No. 1:21-cv-00965-SAG (D. Md.), *Journal, Inc. v. Google, LLC et al.*, C.A. No. 1:21-cv-00072-GHD-RP (N.D. Miss.), *Emmerich Newspapers Inc., et al. v. Google LLC, et al.*, C.A. No. 3:21-cv-00274-HTWLGI (S.D. Miss.), *Gale Force Media, LLC v. Google LLC, et al.*, C.A. No. 2:21-cv-09716-WJM-ESK (D. N.J.), *Eagle Printing Co. v. Google, LLC, et al.*, C.A. No. 2:21-cv-00518-MPK (W.D. Pa.), *Clarksburg Publ'g Co. v. Google LLC, et al.*, C.A. No. 1:21-cv-00051-TSK (N.D. W.Va.), *HD Media Co., LLC v. Google, LLC, et al.*, C.A. No. 3:21-cv-00077 (S.D. W.Va.), *Brown Cnty. Publ'g Co. Inc., et al. v. Google LLC, et al.*, C.A. No. 1:21-cv-00498-WCG (E.D. WI) filed by a different group of counsel.

    Centralization of these cases with one another and with the Advertiser, Publisher, and State AG cases raises the following conflicts that would impede coordination and information sharing:

- Conflict No. 1. In *Associated Newspapers*, plaintiffs are represented by the Kellogg, Hansen firm, which is also counsel to Facebook, Inc. in the FTC's action pending in D-D.C. The *Cliffy Care* cases and the "Newspaper Cases" name Facebook, Inc. as a defendant. Counsel for *Cliffy Care* and the Newspaper Cases should not be required to coordinate pretrial proceedings and share information with counsel representing a defendant;

- Conflict No. 2. The State AG case and *SPX/Skinny School/Mint Rose Day Spa* cases do not name Facebook but do allege—under the label of a Section 1 claim—that Google and Facebook conspired to monopolize certain digital advertising markets. The Network Bidding Agreement/Jedi Blue appears relevant to these allegations as evidence of a conspiracy among Google and Facebook to monopolize. These cases should not be coordinated with the

MOGIN RUBIN

*Associated Newspapers* case in which plaintiffs are represented by counsel for Facebook, an alleged co-conspirator;

- Conflict No. 3. The *Cliffy Care* cases specifically allege harm from the operation of the Google-Facebook Network Bidding Agreement/Jedi Blue itself in the form of inflated bids and overcharges for buying space through Google Exchange. The *SPX/Skinny School/Mint Rose Day Spa* plaintiffs may wish to develop similar evidence. These averments conflict with the Publisher's claim "that Google's conduct has resulted in bid suppression, *i.e.*, an overall lowering of the amounts that advertisers pay, and thus that publishers receive, for digital ad space inventory." Publisher Class letter, at 2.

The foregoing suggests the need to subdivide the centralized actions beyond simply grouping similar cases into separate tracks, so that the conflicts identified above and the divergent discovery requirements of developing differing claims can be accommodated.

**The Plaintiffs Should Be Grouped According to their Claims**

In Section 1 claims, the question is whether an agreement between separate entities to engage in concerted conduct is unlawful. If so, claims for damages by private parties are premised on the injuries caused by the economic effects of the concerted conduct. In Section 2 claims, the question is whether an individual firm unlawfully achieved or maintained a monopoly in an alleged antitrust market. Private damage claims are premised on the injury caused by the economic effects of the monopolization. Damage claims arising out of a conspiracy to monopolize are also premised on the economic effects of the monopolization, but liability is the result of proof that separate entities agreed to act in concert to monopolize the market.

The cases group according to claims as follows:

a. Section 2 – Monopolization

*In re Google Dig. Advertising Litig*. (Advertiser facing markets, defendant: Google, no Jedi Blue allegations)

*In re Google Dig. Publisher Antitrust Litig.* (Publisher facing markets, defendant: Google, no Jedi Blue allegations)

*Associated Newspapers Ltd., et al. v. Google LLC, et al*. (Publisher facing markets, defendant: Google, no Jedi Blue allegations)



    b.    <u>Section 1 – Conspiracy to Monopolize</u>

*SPX Total Body Fitness LLC v. Google LLC,* C.A. No. 4:21-00801-HSG (N.D. Cal.); *Skinny School LLC and Mint Rose Day Spa LLC v. Google LLC*, C.A. No. 3:21-cv-06011 (N.D. Cal.) (Advertiser facing markets, defendant: Google, *allegations relating Jedi Blue to monopolize*)

    c.    <u>Section 1 – Collusion in Network Bidding Agreement/Jedi Blue</u>

*Cliffy Care Landscaping LLC v. Facebook Inc. et al.*, C.A. No. 1:21-cv-00360 (D.D.C.) (Advertiser facing markets, defendants, Google *and Facebook*, allegation relating Jedi Blue to harm from *collusion*)

    d.    <u>Section 1 and Section 2 – Conspiracy to Monopolize and Monopolization of one or more digital advertising markets</u>

"Newspaper Cases" (Publisher facing markets, defendants, Google *and Facebook*, allegations relating Jedi Blue to *monopolize*)

    e.    <u>Section 1 and Section 2 – Collusion in Network Bidding Agreement and Monopolization</u>

*State of Texas, et al., v. Google LLC* (Monopolization in Advertiser facing markets and Publisher facing markets, allegations relating Jedi Blue to monopolize and collude)

Given these differences, the *Cliffy Clare* plaintiffs propose that plaintiff groups should be grouped according to the nature of the claims alleged. The foregoing suggests the following four separate issue and discovery tracks:

1. Monopolization by Google of Advertiser-facing Markets (Advertiser Class, *SPX*, State AGs);

2. Monopolization by Google of Publisher-facing Markets (Publisher Class, *Associated Newspapers*);

3. Google and Facebook Conspiracy to Monopolize (not including Jedi Blue) (*SPX*, Newspaper Cases, State AGs);

4. Google and Facebook Collusion (limited to Jedi Blue) (*Cliffy Care*, *SPX*, Newspaper Cases, State AGs).

The Court should consider establishing a separate, concurrent track for the collusion allegations made by the *Cliffy Care* plaintiffs, especially in light of the letter of August 31,



<div style="text-align:right">
Hon. P. Kevin Castel<br>
United States District Judge<br>
September 3, 2021<br>
Page 6
</div>

2021 from Senators Warren and Blumenthal and Representatives Jayapal and Jones to the Department of Justice and the Acting U.S. Attorney for the Eastern District of Texas (attached as Exhibit "A") urging an investigation into the collusive conduct at issue in *Cliffy Care*.

Although significant discovery was produced to the State AG plaintiffs, it is unlikely that all or even most of the documents relevant to the Network Bidding Agreement/Jedi Blue are included, highlighting the need for a separate track for discovery targeted on the facts surrounding the formation, implementation, and specific effects of the agreement and the related transactional data.

Accordingly, discovery into the Network Bidding Agreement/Jedi Blue should be centralized for scheduling and coordination in a separate track. Any non-conflicted plaintiff group requiring discovery related to the Networks Bidding Agreement would be permitted to participate.

Counsel for Cliffy Care appreciates the opportunity to comment on the Court's proposed plan of action.

Respectfully submitted,

*/s/ Jonathan Rubin*
Jonathan L. Rubin (*Pro Hac Vice*)
**MOGINRUBIN LLP**
1615 M Street, NW, Third Floor
Washington, D.C. 20036
(202) 630-0616
jrubin@moginrubin.com

Daniel J. Mogin (*Pro Hac Vice*)
Jennifer M. Oliver *(4547428)*
Timothy Z. LaComb *(Pro Hac Vice Forthcoming)*
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

*Interim Class Counsel and Counsel for Plaintiffs*



Hon. P. Kevin Castel  
United States District Judge  
September 3, 2021  
Page 7

*Cliffy Care, Kinin, Rodrock, and Raintree*

Richard F. Lombardo  
Peter F. Rottgers  
**SHAFFER LOMBARDO SHURIN**  
2001 Wyandotte Street  
Kansas City, MO 64108  
(816) 931-0500  
rlombardo@sls-law.com  
prottgers@sls-law.com

*Counsel for Plaintiffs Cliffy Care, Rodrock, and Raintree*

Jason S. Hartley  
Jason M. Lindner  
**HARTLEY LLP**  
101 W. Broadway, Ste 820  
San Diego, CA 92101  
(619) 400-5822  
hartley@hartleyllp.com  
lindner@hartleyllp.com

*Counsel for Plaintiff Kinin*