# Keller | Lenkner



September 3, 2021

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

Re: *In re Google Digital Advertising*, 1:21-md-03010 (PKC); *State of Texas*, *et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

  Per this Court's Pre-Trial Order No. 1 (ECF No. 4) in the above-referenced MDL, we write on behalf of the Plaintiff States to reply to Defendant Google LLC's Response to Plaintiff States' Motion for Leave to File Second Amended Complaint (ECF No. 19). Pursuant to the Court's Individual Practices, we note that an initial conference in this MDL has been scheduled for Thursday, October 14, 2021.

  Google does not oppose the Motion for Leave. The Plaintiff States should therefore be permitted to file their Second Amended Complaint, which adds Louisiana and South Carolina as plaintiffs, along with their state law claims, and drops the Plaintiff States' damages claims against Google under Section 4C of the Clayton Act. In its Response, however, Google went beyond acquiescing to the Motion for Leave and levied extraneous and unfounded attacks on the Plaintiff States' "motivations" for amending their complaint. Specifically, Google asserts that the Plaintiff States have "abandon[ed] their *parens patriae* claims" and posits that they have done so "to serve their tactical goals before the JPML." Response at 2. Google is wrong on both counts.

  First, the Plaintiff States have not abandoned their *parens patriae* claims. On the contrary, those claims remain the core of this case. Although the Plaintiff States have decided against making claims for damages under Section 4C, they continue to assert claims for equitable and structural relief in their *parens patriae* capacity to protect the economic welfare of their citizens and economies. *See* Complaint, ECF No. 22, at ¶¶ 20, 357; Amended Complaint, ECF No. 76, at ¶¶ 21, 449; and Proposed Second Amended Complaint, ECF No. 138, at ¶¶ 21, 481; *cf. State of Ga. v. Pennsylvania R. Co.*, 324 U.S. 439, 450-52 (1945) (recognizing State authority to seek equitable relief as *parens patriae* under federal antitrust laws).[1]

---

[1] And of course, the Plaintiff States continue to assert *parens patriae* claims under their respective state laws.

Second, the Plaintiff States' decision to drop Section 4C damages claims was not the nefarious maneuver, targeted at the JPML, that Google paints. In fact, it was an amendment that the Plaintiff States had already previewed for Judge Jordan. As Google acknowledges, when South Carolina and Louisiana sought to intervene in this case, the Plaintiff States informed Judge Jordan of their desire to substantively amend their pleading to "winnow down and clarify" their claims in addition to adding the two new plaintiffs. Reply to Google's Response to Prospective Plaintiff State of South Carolina's Motion to Intervene, *State of Texas, et al. v. Google LLC*, No. 1:21-CV-06841-PKC (S.D.N.Y. Jul. 20, 2021), ECF No. 132. With their proposed Second Amended Complaint, the Plaintiff States did just that. On the deadline set by Judge Jordan, the Plaintiff States filed their amended pleading, seeking to "winnow and clarify their claims" by dropping damages claims under Section 4C. Partially Unopposed Motion for Leave to File Second Amended Complaint at 4, *State of Texas, et al. v. Google LLC*, No. 1:21-CV-06841-PKC (S.D.N.Y. Aug. 4, 2021), ECF No. 136. The fact that the Plaintiff States informed the JPML about a substantive amendment to their Complaint—*that they had already told Judge Jordan they intended to file*—on the deadline set by Judge Jordan for that amendment speaks only of their motivations to follow through on their representations to Judge Jordan and to keep the JPML apprised of important developments in their case.

Ad hominem accusations aside, the Plaintiff States do not intend to reassert the damages claims that they are now seeking to drop. Google's request, however, that the Court "preclude the State Plaintiffs from reasserting their Section 4C claims should they attempt to do so in the future" is unnecessary and premature. Response at 1. In the unlikely event that any of the Plaintiff States seek to reassert Section 4C damages claims, Google could oppose that request, and the Court could decide whether claim preclusion is appropriate at that time.[2]

In addition to misunderstanding the nature of the Plaintiff States' amendments and contriving false motivations, Google also requests that the Court discard its sensible and efficient approach to considering motions to dismiss. Specifically, Google asks the Court to "direct the State Plaintiffs" to amend their complaint again *before* Google files its Pre-Motion Letter pursuant to the Court's Pre-Trial Order No. 1 and Individual Practices. Response at 2. But the entire purpose of the Pre-Motion Letter is to highlight the ways in which Google believes the operative complaint to be deficient so that the Plaintiff States would *then* "have the option to seek further leave to amend or stand on their pleading as written." Pre-Trial Order No. 1, ¶ 7. To preempt this sequence would waste the time and resources of the parties and the Court.

---

[2] The cases cited by Google do not support its request. One involved a plaintiff who explicitly dropped entire theories of liability for the purpose of avoiding consolidation *after* the JPML had conditionally transferred her case, *Jones v. Guidant Corp.*, No. 2:05-CV-268, 2006 WL 406306, at *2 (E.D. Tenn. Feb. 1, 2006), and the other involved a party seeking to intervene in an MDL by reasserting claims it had dismissed seven years earlier. *Conway v. Blue Cross Blue Shield of Alabama*, No. 2:12-CV-02532-RDP, 2019 WL 1620360, at *4 (N.D. Ala. Apr. 16, 2019). Neither case supports premature claim preclusion here.

For the foregoing reasons, the Plaintiff States respectfully request that their Motion for Leave be granted and that the parties proceed as directed by the Court, with Google filing its Pre-Motion Letter with respect to the Second Amended Complaint or else with the Plaintiffs in the MDL proceeding with discovery.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerlenkner.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerlenkner.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerlenkner.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4270 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerlenkner.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER LENKNER LLC |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

CC: Counsel of Record