**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

September 3, 2021

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010-PKC;
*Texas et al. v. Google LLC*, No. 1:21-cv-06841-PKC (related);
*In re Google Digital Publisher Antitrust Litig.*, No. 1:21-cv-07034-PKC (related)

Dear Judge Castel:

Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Google") respectfully submit this letter regarding Pre-Trial Order No. 1 and the Court's invitation to the parties to comment on the Court's proposed plan of action set forth in Paragraphs 6-11 of Pre-Trial Order No. 1. ECF 4. Google also responds here to the letter from the putative Publisher class's counsel, ECF 33. A status conference in MDL 3010 has been scheduled for October 14, 2021, at 2:30 p.m.

Google agrees with the Court's proposed plan of action and believes it will generate significant efficiencies for the Court and the parties – allowing all to benefit from having these cases in a centralized MDL proceeding.

**I.     Settling the Pleadings**

As the Court notes in Paragraph 6, there are both commonalities and differences in the MDL cases. But even where there are differences, all of the cases still arise from the same factual circumstances and present the same core claims under either Sections 1 or 2 of the Sherman Act (or both). This presents an opportunity for an orderly phasing of motions to dismiss that will conserve judicial and party resources.

Google agrees that the Court's plan in Paragraphs 7 and 9 to settle the pleadings first in the related State Attorneys General case, *Texas et al. v. Google, LLC*, No. 1:21-cv-06841-PKC, followed by the private cases, is the most efficient way forward. As the Court explains, this will provide the private plaintiffs with the opportunity to amend in light of the Court's decision in the State AGs' case. It will also provide the private plaintiffs with the opportunity to consolidate their complaints (a substantial efficiency, particularly in light of the overlapping putative classes in the current private case complaints). Addressing the State AGs' case first will streamline resolving

WILSON
SONSINI

The Honorable P. Kevin Castel
September 3, 2021
Page 2

the pleadings in the private cases by avoiding unnecessary and duplicative motion practice on common issues.

Google also agrees with the Court's plan in Paragraph 11 to stay "all briefing on purely state law claims in both the state case and the private cases until a later juncture, assuming some portion of the federal claims survive." This will also streamline the motion to dismiss process, and allow the parties and Court to first understand which cases, if any, are going forward at all on the core Sherman Act claims before addressing myriad state law claims. And, as the relevant state antitrust statutes follow the federal antitrust statutes, the Court's determinations with respect to the federal antitrust claims are likely to be instructive on the state antitrust claims as well.

The State AGs' complaint is the broadest, encompassing most (if not all) of the antitrust allegations in all of the other complaints. It would therefore be most efficient to resolve overlapping and threshold pleading issues by testing this complaint first. Any later motions to dismiss the private cases could then be significantly streamlined and limited to the few issues unique to those private cases. Counsel for the putative Publisher class argues that the State AGs do not focus on alleged harms to publishers and suggests that it would be unfair to have rulings on the State AGs' complaint inform their claims. The State AGs' complaint does include allegations of harm to publishers. *See, e.g.*, 1:21-cv-06841-PKC, ECF 138 ¶ 294(vii) ("Harming publishers' ability to effectively monetize their content, reducing publishers' revenues, and thereby reducing output[.]"). The antitrust claims in all complaints substantially overlap, and the Court's resolution of common pleading issues like whether certain conduct could be an antitrust violation, legal issues relating to relevant markets, and the application of antitrust law to long-past conduct should not depend on which plaintiffs' counsel signs the briefs.

II. **Discovery**

Google agrees with the Court's plan to stay discovery "during the pendency of the motion to dismiss the state case" and after determination on that motion to dismiss, to "then consider whether and to what extent to allow discovery to proceed in the state case and also the private cases." Pre-Trial Order No. 1, Paragraph 10. Google agrees that it would be most efficient for the parties and the Court to revisit the issue of opening or continuing to stay discovery following the decision on the motion to dismiss in the State AGs' case, as the scope of any surviving claims will define the scope of discovery. At that time, the Court and the parties can make better-informed decisions about what discovery, if any, should go forward and in which cases.[1]

---

[1] Google agrees with counsel for the putative Publisher class that discovery – if any – should be tightly coordinated among all cases and that there should not be "separate and distinct document and custodial searches, serial depositions of the same witnesses, [or] re-litigation of discovery disputes[.]" ECF 33 at 6-7. Of course, coordination does not require rushing headlong into discovery on claims that may not survive.

WILSON SONSINI

The Honorable P. Kevin Castel
September 3, 2021
Page 3

The State AGs themselves have already twice amended their complaint *sua sponte* in order to "winnow" their claims and have suggested to the District Court in the Eastern District of Texas that they intend to do so a third time.  Google believes that, even with their repeated amendments, the State AGs' complaint is flawed in several dispositive respects and, at a minimum, requires a critical assessment before it will provide a basis to move forward with discovery in this action (if there is any basis on which to move forward at all).  The motion to dismiss procedure laid out by the Court in Pre-Trial Order No. 1 is an optimal method for achieving that goal.  And, as the Court contemplates, this process will inform the private cases as well.  One motion to dismiss the putative advertiser complaint was already granted (with leave to amend), demonstrating that there is winnowing to be done in the private cases as well.

The putative Publisher class provides no reason that discovery should begin before the pleadings are more settled.  The fact that Google produced documents to the State AGs during their pre-suit investigation, and then reproduced those documents to counsel for some of the plaintiffs, means that the plaintiffs already have a lot of material and do not need to rush to issue additional requests.

### III.   Organization of Plaintiffs' Counsel in the Private Cases

While Google recognizes that the Court's statements in Paragraph 8 regarding plaintiffs' counsel in the private cases relate primarily to plaintiffs, Google believes the organization of plaintiffs' counsel that the Court suggests would benefit all involved.  Doing so will make proceedings more coherent and efficient for the Court, the parties, and absent putative class members, and will reduce costs and avoid needless duplication.

### IV.   Schedule

Google proposes the following schedule for briefing on a motion to dismiss the State AGs' amended complaint.  As noted in Google's letter to the Court dated August 27, 2021, ECF 19, the State AGs have suggested that they may file another amended pleading "to possibly winnow down and clarify points made in the complaint[.]"  1:21-cv-06841-PKC, ECF 132 at 2.  Google respectfully requests that the Court set a deadline for the State AGs to file any further anticipated amendments, so that Google can address the truly operative complaint in its pre-motion letter.

| Event | Date |
|---|---|
| State AGs file further amended complaint (if any) | Sept. 20, 2021 |
| Google's pre-motion letter re: motion to dismiss | Oct. 4, 2021 |
| State AGs' response | Oct. 8, 2021 (4 business days) |

Google looks forward to the opportunity to discuss these and any other case scheduling, management, and coordination matters at the status conference scheduled for October 14, 2021.

WILSON SONSINI

The Honorable P. Kevin Castel
September 3, 2021
Page 4

      Thank you for the Court's attention to this matter.

                              Respectfully submitted,

                              WILSON SONSINI GOODRICH & ROSATI
                              Professional Corporation

                              *s/ Justina K. Sessions*

                              Justina K. Sessions*
                              One Market Plaza, Spear Tower
                              San Francisco, California 94105
                              Telephone: (415) 947-2000
                              Facsimile: (415) 947-2099
                              Email: jsessions@wsgr.com

                              Jonathan M. Jacobson
                              1301 Avenue of the Americas, 40th Floor
                              New York, New York 10019
                              Telephone: (212) 999-5800
                              Facsimile: (212) 999-5899
                              Email: jjacobson@wsgr.com

                              *Counsel to Defendants Google LLC, Alphabet Inc., and YouTube, LLC*

                              * Admitted *Pro Hac Vice*

cc:    All Counsel of Record (via CM/ECF)