# EXHIBIT 28

| | |
|---|---|
| **From:** | Maier, Eric J. <emaier@kellogghansen.com> |
| **Sent:** | Friday, May 8, 2026 5:53 PM |
| **To:** | BOSCO, Veronica; Thorne, John; Goodnow, Christopher C.; Bird, Daniel G.; Severson, Daniel S.; Hirschboeck, Mark P.; Pfeffer, Eliana M.; Liebman, Jonathan I.; Jones, Bethan R.; Henningson, Sven E. (Trip); Stehle, Jared |
| **Cc:** | SESSIONS, Justina (JKS); EWALT, Andrew (AJE); MCCALLUM, Robert (RJM); SALEM, Sara; HENDERSON, Andrew; BRANDON, Eric; VANDERSLICE, Lauren; STEYL, Matthew |
| **Subject:** | RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections |

Hi Veronica,

People, Business Insider, Slate, and Raptive have worked in good faith to understand the nature of Google's requested supplementation of the Communications Interrogatories.  As we have said before, those interrogatories are improperly broad.  They do not, as your email suggests, call for a "precise" set of communications, but rather ask for the identity of any "communications upon which" those publishers "rely for *any* of [their] claims" and the identity of "*all* documents related thereto" (emphasis added).  During our meet and confer on April 27, we proposed to supplement by narrowing the list of identified communications, and Google indicated that such a supplement would address its objections.  Group 1 Premium Publishers intend to supplement their responses by narrowing the list of identified communications.  Regarding timing, Google has not explained why it requires that supplementation urgently.  Motions for summary judgment will not occur until after expert discovery ends in December.  And to the extent Google believes its experts need to rely on Group 1 Premium Publishers' responses to the Communications Interrogatories – and it is not clear why they would – their reports are not due until September 11.  Group 1 Premium Publishers will supplement their responses in due course.

Regarding the Sponsorship Deal interrogatories, we disagree that the information Google requests is within Group 1 Premium Publishers' possession, as we have explained previously.  We asked Google to "[i]dentify all studies, analyses, simulations, evaluations, or tests – or documents (e.g., emails) describing the results thereof – that You performed regarding the impact on any publisher, including but not limited to any Direct Action Plaintiff, of" Enhanced Dynamic Allocation.  Google refused to do so, instead pointing Group 1 Premium Publishers to "more than 15,000" documents responsive to a particular search string.  If Google is willing to identify the studies Group 1 Premium Publishers asked it to identify, we would be willing to consider whether and earlier additional supplementation of the Sponsorship Deal interrogatories would be possible.  Please let us know if Google is willing to do so.

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>
**Sent:** Friday, May 8, 2026 8:46 AM

**To:** Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>; STEYL, Matthew <Matthew.Steyl@freshfields.com>
**Subject:** [EXTERNAL] RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Hi Eric,

Regarding the Communications Interrogatories, Google's position remains that in response to these interrogatories, Plaintiffs must identify the specific communications related to Plaintiffs' claims. Plaintiffs have had Google's position and request for supplementation since March 13, yet Plaintiffs only *now* offer a vague commitment to provide supplemental responses, without any indication as to the timing or substance of those responses. Please confirm by today when Plaintiffs intend to supplement their responses to these interrogatories and whether those supplemental responses will identify the precise communications at issue so that Google may determine whether the parties are at impasse. Google reserves all rights to seek relief with the Court.

Regarding the Sponsorship Deal Interrogatories, Google understands Plaintiffs' position that they intend to defer responses until expert discovery, but Google continues to disagree that deferral to that stage is appropriate. Plaintiffs allege in their complaints that inventory was "stolen" or "taken" from their sponsorship deals and seek damages based on Google's alleged misrepresentations regarding the effect of Enhanced Dynamic Allocation ("EDA") on Plaintiffs' sponsorship deals. The Sponsorship Deal Interrogatories ask Plaintiffs to identify the specific sponsorship deals allegedly affected by EDA. Plaintiffs—not Google or any experts—possess that information. Google continues to believe that it is entitled to this information now so that it can investigate and defend against Plaintiffs' assertions. Plaintiffs can and must identify those deals without the need to defer to experts, and Plaintiffs' refusal to do so leaves the parties at impasse on this issue.

Best,
Veronica

---

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Wednesday, May 6, 2026 4:25 PM
**To:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>; STEYL, Matthew <Matthew.Steyl@freshfields.com>
**Subject:** RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Hi Veronica,

As I mentioned on our call last week, we have been conferring with our four separate clients concerning Google's requested supplementation. People, Business Insider, Slate, and Raptive agree to supplement their responses to the communications interrogatories.

Regarding the sponsorship interrogatory Google propounded on People, Business Insider, and Slate, we still do not understand Google's position that the parties are at impasse. As we have noted on multiple occasions, and in the interrogatory responses themselves, all three Premium Publishers are willing to supplement their responses during or following expert discovery. Expert discovery is necessary to provide Google the information it seeks. Premium Publishers have maintained from the outset of their cases that because Google "never has made available any data or analytics that would allow [Premium Publishers] to track how AdX competes with" sponsorships, they have "limited ability to determine precisely when and how AdX continues to compete against sponsorships." *E.g.*, Slate Compl. paras. 158-59. Premium Publishers have sought the information from Google necessary to analyze how their sponsorship deals were impacted by Enhanced Dynamic Allocation, but Google has refused to identify that information. Premium Publishers' experts thus are analyzing Google's data and document productions to determine the impact EDA had on their sponsorship deals, and Premium Publishers will supplement their interrogatory responses with the results of that analysis.

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>
**Sent:** Tuesday, May 5, 2026 7:59 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>; STEYL, Matthew <Matthew.Steyl@freshfields.com>
**Subject:** [EXTERNAL] RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Counsel,

Please confirm Plaintiffs' final position on these interrogatories no later than tomorrow. Absent that, given the passage of time since Google first raised these issues on March 13, and given Google's consistent positions on these issues, Google will seek relief from the Court on Friday, May 8.

Best,
Veronica

**From:** BOSCO, Veronica
**Sent:** Friday, April 24, 2026 6:01 PM
**To:** 'Maier, Eric J.' <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>
**Subject:** RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Hi Eric,

We're available to meet and confer on this on Monday any time after 10:30 AM ET. Please let us know what works for you.

Best,
Veronica

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Friday, April 24, 2026 4:37 PM
**To:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>
**Subject:** RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Hi Veronica,

We disagree that there is any issue to bring to the court regarding People's, Slate's, Business Insider's, and Raptive's interrogatory responses.  Your March 13 letter asked that People, Business Insider, and Slate supplement their responses to Interrogatory No. 10.  They did so on April 17.  In those responses, Premium Publishers explained that, because Google withheld from publishers the information necessary to identify with specificity which of their sponsorship deals were impacted by EDA, Google is in the best position to identify when and how Premium Publishers' sponsorship deals were affected.  Indeed, Premium Publishers asked Google to identify all studies and analyses of how EDA impacted them, but Google refused to do so, instead providing a search string that returns more than 15,000 documents.  *See* Google's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories at 22 (Feb. 6, 2026).  Premium Publishers also explained that EDA's effects on sponsorship deals will be a matter for expert analysis of Google's internal records and they reserve the right to

4

supplement their responses during or after expert discovery. Premium Publishers are willing to further supplement their response to Interrogatory No. 10 after their experts have the opportunity to analyze Google's internal documents and data in which the responsive information is located.

Regarding the communications interrogatories, we likewise do not understand the basis for Google's declaration of impasse. Those interrogatories asked Premium Publishers to "[i]dentify" any "communications with Google upon which" they "rely for any of [their] claims" and "all documents related thereto." As we have explained, that interrogatory is overbroad and improper. Premium Publishers nonetheless responded in good faith to Google's overbroad interrogatory and identified communications with Google that support their claims and all documents related to those communications – exactly what the interrogatory requests. The remaining information requested in the interrogatory (dates, participants, and subject matter) can all be derived from the face of the identified documents. It is thus unclear what Google is requesting that Premium Publishers supplement. Your March 13 letter asked Premium Publishers to explain how certain communications are relevant to their claims. But that information is not requested in the interrogatory, which only asks for the identity of responsive communications, and would not be a proper interrogatory, in any event. Your March 13 letter also complained that Premium Publishers identified a large number of documents, but Google never has requested that Premium Publishers supplement their response by removing documents. Accordingly, Google has not identified any basis for a motion to compel, much less met and conferred about it.

We are generally available next week to confer. Just let us know what days and times work for you.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>
**Sent:** Friday, April 24, 2026 1:07 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>
**Subject:** [EXTERNAL] RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Counsel,

5

Because Plaintiffs have not provided any supplemental responses to Google's Interrogatory No. 5 to People, Business Insider, and Slate, and its Interrogatory No. 6 to Raptive, or any of the information requested by Google's Interrogatory No. 10, we understand that we are at impasse and as such we will raise the issue with the Court.

Kind regards,
Veronica

---

**From:** BOSCO, Veronica
**Sent:** Tuesday, April 7, 2026 10:32 AM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>
**Subject:** RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Counsel,

We are in receipt of your letter dated March 31, indicating that Plaintiffs "will supplement their responses to [Google's] Interrogatory No. 10." We have still not received a supplemental response - please let us know when Plaintiffs will provide it and confirm whether the supplemental response will provide the details requested by the interrogatory or if the parties are at impasse as to that portion. Additionally, please provide confirmation that Plaintiffs do not plan to supplement their responses to Google's Interrogatory No. 5 to People, Business Insider, and Slate, and its Interrogatory No. 6 to Raptive, and that the parties are at impasse on these interrogatories.

Best,
Veronica

---

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Tuesday, March 31, 2026 8:04 PM
**To:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>
**Subject:** RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Counsel,

Please see the attached correspondence.

6

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Maier, Eric J.
**Sent:** Friday, March 20, 2026 8:56 PM
**To:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>
**Subject:** RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Counsel,

We are still conferring with our clients regarding your March 13 letter and will respond next week.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Maier, Eric J.
**Sent:** Tuesday, March 17, 2026 10:54 AM
**To:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Thorne, John <jthorne@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared

<jstehle@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>
**Subject:** RE: In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Counsel,

We are in receipt of your letter from Friday evening.  Although Google has had People's, Business Insider's, Slate's, and Raptive's interrogatory responses for two weeks, your letter requested a response on behalf of four separate clients by the following business day.  We are studying your six-page letter, which includes citations to dozens of produced documents, and we intend to respond by the end of the week.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>
**Sent:** Friday, March 13, 2026 6:17 PM
**To:** Thorne, John <jthorne@kellogghansen.com>; Maier, Eric J. <emaier@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Severson, Daniel S. <dseverson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Pfeffer, Eliana M. <epfeffer@kellogghansen.com>; Liebman, Jonathan I. <jliebman@kellogghansen.com>; Jones, Bethan R. <bjones@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Stehle, Jared <jstehle@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; MCCALLUM, Robert (RJM) <rob.mccallum@freshfields.com>; SALEM, Sara <Sara.Salem@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; BRANDON, Eric <Eric.Brandon@freshfields.com>; VANDERSLICE, Lauren <Lauren.VANDERSLICE@freshfields.com>
**Subject:** [EXTERNAL] In re Google (1:21-md-03010 (PKC)) - Correspondence Regarding Plaintiffs' Rog. Responses and Objections

Counsel,

Please see the attached correspondence.

Best,
Veronica

**Veronica M. Bosco**
Senior Associate

**Freshfields US LLP**
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
**T** +1 646-440-1863 **| M** +1 929-266-7982

This email (and any attachments) is confidential and may well also be legally privileged. If you have received it in error, please notify the sender immediately (by telephone or by email) and delete all copies of this email (and any attachments) from your system. Do not copy it, use it for any purpose or disclose its contents to any other person.

Freshfields US LLP is a limited liability partnership organized under the laws of the State of New York. For further regulatory information please see this Legal Notice.

For information about how Freshfields processes personal data please refer to this Privacy notice. For further information about Freshfields, please refer to our website at www.freshfields.com.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields US LLP or any associated firms or entities.