# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 1:21-md-03010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| RUMBLE CANADA INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> Defendants. | No. 1:24-cv-09904 (PKC) |

**STIPULATION AND [PROPOSED] ORDER REGARDING ISSUE PRECLUSION**

Pursuant to the Court's January 22, 2026 Order, ECF No. 1342, Defendants Google LLC and Alphabet Inc. (jointly "Google") and Plaintiff Rumble Canada Inc. ("Rumble") stipulate and agree as follows:

WHEREAS, on April 17, 2025, the U.S. District Court for the Eastern District of Virginia (the "Virginia Court") published its decision in the United States Department of Justice's and several state attorneys general's case against Google related to digital advertising (the "E.D. Va. Action"). *United States v. Google LLC*, 778 F. Supp. 3d 797 (E.D. Va. 2025) ("E.D. Va. Decision").

WHEREAS, on October 27, 2025, this Court granted in part and denied in part the MDL Plaintiffs' motions for partial summary judgment and precluded Google from relitigating certain

1

issues decided by the Virginia Court. *In re Google Digital Advertising Antitrust Litig.*, 2025 WL 3012840 (S.D.N.Y. Oct. 27, 2025) ("Issue Preclusion Order").

WHEREAS, the Court ruled that "Google is precluded from relitigating, inclusive of the balancing of procompetitive benefits and anticompetitive effects, the following findings and conclusions in the E.D. Va. Action: (1) the existence of separate and distinct markets for publisher ad servers and ad exchanges, (2) that the ad server and ad exchange markets are worldwide in scope, excluding countries restricting access to the internet or subject to U.S. sanctions, (3) that Google has engaged in the following anticompetitive conduct which supports the Publisher Movants' claim that it willfully acquired and maintained its monopoly power in the ad server and ad exchange markets: Unlawful Tying, First Look, Last Look, Dynamic Revenue Share and Unified Pricing Rules, and (4) that Google has unlawfully tied DoubleClick for Publishers and AdX in violation of section 1 of the Sherman Act." *Id.* at *17-18.

WHEREAS, the Court defined "Unlawful Tying" in the Issue Preclusion Order as "the[] claim that Google unlawfully tied DoubleClick for Publishers to AdX." *In re Google Digital Advertising Antitrust Litig.*, 2025 WL 3012840, *8 (S.D.N.Y. Oct. 27, 2025).

WHEREAS, the Court defined "First Look" in the Issue Preclusion Order as "Google's requirement that publishers using DoubleClick for Publishers offer AdX a first opportunity to bid on each impression offered in the exchange's auction process [ ] with AdX deemed the winning bidder if it topped a minimum floor price without the opportunity for other ad exchanges to bid." *Id.* at *9.

2

WHEREAS, the Court defined "Last Look" in the Issue Preclusion Order as "a feature that gave AdX the ability to see competing exchanges' bids in what was otherwise [a] sealed auction." *Id.*

WHEREAS, the Court defined "Dynamic Revenue Share" in the Issue Preclusion Order as "conduct that allowed Google's AdX to adjust the percentage fee it charged by lowering the 'take rate' on 'competitive impressions that had received relatively high offers from third-party exchanges via header bidding.'" *Id.*

WHEREAS, the Court defined "Unified Pricing Rules" in the Issue Preclusion Order as a policy which "prohibited publishers using DoubleClick for Publishers from setting higher price floors for AdX auctions tha[n] for other exchanges." *Id.*

WHEREAS, on January 30, 2026, Rumble filed its Third Amended Complaint. ECF No. 1390 ("Rumble TAC").

WHEREAS, the Rumble TAC alleges that Google "[s]ubstantially foreclos[ed] competition in the publisher ad server market by tying its ad server with its market dominant exchange," *id.* ¶ 260(ii), which is substantially similar to the conduct the Court defined as Unlawful Tying.

WHEREAS, the Rumble TAC alleges that "Google's exchange was given a right of first refusal on all of the impressions a publisher made available to exchanges," *id.* ¶ 144, which is substantially similar to the conduct the Court defined as First Look.

WHEREAS, the Rumble TAC alleges that "Google's ad server allowed Google's exchange to peak at the winning header bidding exchange's bid" and then win "by paying one

3

penny more," *id.* ¶ 222, which is substantially similar to the conduct the Court defined as Last Look.

WHEREAS, the Rumble TAC alleges that "[u]nder DRS, Google's AdX could view rivals' bids after the fact and adjust its fee to offer a bid that would win the impression even if Google's take rate should have caused Google to lose the bid," *id.* ¶ 162, which is substantially similar to the conduct the Court defined as Dynamic Revenue Share.

WHEREAS, the Rumble TAC alleges that "Google's ad server started prohibiting publishers from setting different price floors for different exchanges and ad buying tools" and that "Google calls these new ad server restrictions Unified Pricing," *id.* ¶ 239, which is substantially similar to the conduct the Court defined as Unified Pricing Rules.

WHEREAS, the Rumble TAC pleads a relevant market for publisher ad servers for web display inventory worldwide, excluding countries restricting access to the internet or subject to U.S. sanctions, and excluding publisher ad servers for mobile app inventory, for instream video ads, and for web display inventory on social media and "walled garden" sites. *See* Rumble TAC ¶¶ 13, 59-60, 62-63, 65-66.

WHEREAS, the Virginia Court found a relevant market for publisher ad servers for open-web display advertising worldwide, excluding countries where the operation of ad tech companies is substantially restricted by government censorship of the Internet or U.S. economic sanctions, and excluding publisher ad servers for mobile app inventory, for instream video ads, and for web display inventory on social media and "walled garden" sites. *See United States v. Google LLC*, 778 F. Supp. 3d 797, 833-36, 847-48 & n.26 (E.D. Va. 2025).

WHEREAS, the Rumble TAC pleads a relevant market for ad exchanges for web display inventory worldwide, excluding countries restricting access to the internet or subject to U.S. sanctions, and excluding ad exchanges for mobile app inventory, for instream video ads, and for web display inventory on social media and "walled garden" sites.  *See* Rumble TAC ¶¶ 13, 78-79, 84-85.

WHEREAS, the Virginia Court found a relevant market for ad exchanges for open-web display advertising worldwide, excluding countries where the operation of ad tech companies is substantially restricted by government censorship of the Internet or U.S. economic sanctions, and excluding ad exchanges for mobile app inventory, for instream video ads, and for web display inventory on social media and "walled garden" sites.  *See United States v. Google*, 778 F. Supp. 3d 797, 837, 839-40, 847-48 & n.26 (E.D. Va. 2025).

WHEREAS, Rumble and Google recognize that, as long as the Issue Preclusion Order remains in effect, the Court's reasoning in the Issue Preclusion Order would apply with equal force to certain of the federal antitrust claims or issues in the Rumble TAC.

WHEREAS, Google has stated that it intends to appeal the Virginia Court's decision, and if that decision is reversed in whole or in part, Federal Rule of Civil Procedure 60(b) would provide Google with a mechanism to seek to relitigate in *Rumble Canada, Inc. v. Google LLC*, No. 1:24-cv-09904 (PKC) (the "*Rumble* case"), the issues addressed in the Issue Preclusion Order.  *See In re Google Digital Advertising Antitrust Litig.*, 2025 WL 3012840, at *6.

NOW THEREFORE, Google and Rumble, through their respective counsel, hereby stipulate as follows:

1. Google is precluded from relitigating, inclusive of the balancing of procompetitive benefits and anticompetitive effects, the following findings and conclusions in the E.D. Va. Decision:

   a. The existence of separate and distinct product markets for publisher ad servers and ad exchanges;

   b. That the ad server and ad exchange markets are worldwide in scope, excluding countries restricting access to the internet or subject to U.S. sanctions;

   c. That Google has engaged in the following anticompetitive conduct which support Rumble's claims that Google willfully acquired and maintained its monopoly power in the ad server and ad exchange markets: Unlawful Tying, First Look, Last Look, Dynamic Revenue Share and Unified Pricing Rules, and;

   d. That Google has unlawfully tied DoubleClick for Publishers and AdX in violation of section 1 of the Sherman Act.

2. Nothing in this Stipulation governs or affects the scope of fact or expert discovery in the *Rumble* case on the issues addressed in this Stipulation and/or the Issue Preclusion Order.

3. This Stipulation does not affect Google's right to appeal the findings of fact and/or conclusions of law in the E.D. Va. Decision.

4. If any of the findings of fact and/or conclusions of law in the E.D. Va. Decision are overturned on appeal, Federal Rule of Civil Procedure 60(b) would provide Google

with a mechanism to seek to relitigate in the *Rumble* case the issues addressed in the Issue Preclusion Order.

5.  The parties will have the same rights to appeal the Court's determinations and rulings in the Issue Preclusion Order as they would have if those determinations and rulings were set forth in a separate order adjudicating a motion for partial summary judgment in the *Rumble* case, and the parties appealed that separate order.

6.   This Stipulation shall have no effect on any case other than the *Rumble* case.

**IT IS SO STIPULATED AND ORDERED.**

_____

Hon. P. Kevin Castel, U.S.D.J.

Dated: February ___, 2026

Respectfully Submitted,

| | |
|---|---|
| /s/ *Justina K. Sessions* | /s/ *Brandon Kressin* |
| Justina K. Sessions | Brandon Kressin |
| FRESHFIELDS US LLP | KRESSIN POWERS |
| 855 Main Street | 400 7th Street NW, Suite 300 |
| Redwood City, CA 94063 | Washington, DC 20004 |
| Telephone: (650) 618-9250 | Telephone: (202) 464-2905 |
| Email: justina.sessions@freshfields.com | Email: brandon@kressinpowers.com |

Eric Mahr
Andrew J. Ewalt
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com
       andrew.ewalt@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

*Counsel for Google LLC and Alphabet Inc.*

Robert W. Dickerson, Jr.
Allan W. Jansen
Ehab M. Samuel
COMPETITION & TECHNOLOGY LAW
GROUP LLP

*Counsel for Rumble Canada Inc.*

8