# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-3010 (PKC)<br><br>[PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

*This Document Relates To*:

| | |
|---|---|
| RUMBLE CANADA INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>Defendants. | Case No. 1:24-cv-09904 (PKC) |

This Civil Case Management Plan and Scheduling Order ("Order") is submitted by the parties (the "Parties") in the above-captioned Case No. 1:24-cv-09904 (PKC) (this "Case") in accordance with Fed. R. Civ. P. 26(f)(3):

1. All Parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).
2. Plaintiff requests this Case be tried to a jury.
3. Absent leave of Court, amended pleadings may not be filed and additional parties may not be joined.

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be served by August 29, 2026. Parties have an ongoing duty to supplement initial disclosures pursuant to Fed. R. Civ. P. 26(e).

5. All fact discovery shall be completed by March 12, 2027.

6. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. Interim deadlines may be extended by written consent of the Parties without application to the Court, provided that all fact discovery is completed by the deadline set forth pursuant to paragraph 5 above.

6.1. Initial requests for production of documents and data must be served by September 4, 2026. Plaintiff may serve no more than 30 requests for production of documents on Defendants, and Defendants may jointly serve no more than 50 requests for production on Plaintiff.

6.2. The Parties shall substantially complete production of documents by December 18, 2026. The Parties shall complete production of any deponent's custodial documents 14 calendar days before the deposition of that deponent. When serving productions of documents or data, the serving Party shall serve the productions on every other party in the Competitor Cases,[1] and shall serve the productions on the plaintiffs in the Group 1, Group 2 and Group 3 Publisher Cases.[2]

[1] The current Competitor cases are: *OpenX Technologies, Inc. v. Google LLC*, No. 1:25-cv-10817 (PKC); *Magnite, Inc. v. Google LLC*, No. 1:25-cv-10818 (PKC); *PubMatic, Inc. v. Google LLC*, No. 1:25-cv-10819 (PKC); *Equativ SAS v. Google LLC*, No. 1:26-cv-00140 (PKC); *Index Exchange Inc. v. Google LLC*, No. 1:25-cv-10477 (PKC); *Kargo Global LLC v. Google LLC*, No. 1:25-cv-10630 (PKC); *Sovrn Holdings, Inc. v. Google LLC*, No. 1:26-cv-01587 (PKC); and *TRUSTX Digital Advertising Services, Inc., P.B.C. v. Google LLC*, No. 1:26-cv-03135 (PKC).

[2] The current Group 1 Publisher cases are: *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-07194-PKC (S.D.N.Y.); *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409-PKC (S.D.N.Y.); *Slate*

6.3. Interrogatories will comply with Local Rule 33.3. Interrogatory responses of Google in this MDL are useable as if posed in this Case, except to the extent that a specific response exclusively addresses the actions of a plaintiff other than the Plaintiff. Plaintiff may serve up to 9 interrogatories on Defendants. Defendants may jointly serve up to 20 interrogatories on Plaintiff. The Parties must serve any non-contention interrogatories by September 30, 2026, and any contention interrogatories by January 22, 2027.

6.4. Requests to admit must be served by January 22, 2027. Plaintiff may serve up to 15 Requests to Admit on Defendants. Defendants may jointly serve up to 30 Requests to Admit on Plaintiff. No Request to Admit shall be served for the purpose of authenticating documents. Defendants' responses to Requests to Admit in this MDL are useable as if posed in this Case, except to the extent that a specific response exclusively addresses the actions of a plaintiff other than Plaintiff in this Case.

---

*Group LLC v. Google LLC*, No. 1:25-cv-07697-PKC (S.D.N.Y.); and *CMI Marketing, Inc. v. Google LLC*, No. 1:25-cv-08630-PKC (S.D.N.Y.).

The current Group 2 Publisher cases are: *Advance Publications, Inc. v. Google LLC*, No. 1:26-cv-00343-PKC (S.D.N.Y.); *McClatchy Media Company v. Google LLC*, No. 1:26-cv-00339-PKC (S.D.N.Y.); *Vox Media, LLC v. Google LLC*, No. 1:26-cv-00325-PKC (S.D.N.Y.); *The Atlantic Monthly Group LLC v. Google LLC*, No. 1:26-cv-00272-PKC (S.D.N.Y.); *Penske Media Corporation v. Google LLC*, No. 1:26-cv-00225-PKC (S.D.N.Y.); *Los Angeles Times Communications LLC et al. v. Google LLC et al.*, No. 1:26-cv-1593-PKC (S.D.N.Y.); and *WP Company, LLC v. Google LLC et al.*, No. 1:26-cv-04058-PKC (S.D.N.Y.).

The current Group 3 Publisher cases are: *Mediavine, Inc. v. Google LLC et al.*, No. 26-cv-2329-PKC (S.D.N.Y.); *MH Sub I, LLC et al. v. Google LLC et al.*, No. 26-cv-4119-PKC (S.D.N.Y.); *Nexstar Media Inc. et al. v. Google LLC et al.*, No. 26-cv-05671-PKC (S.D.N.Y.); and *Valnet Inc. et al. v. Google LLC et al.*, No. 26-cv-05886-PKC (S.D.N.Y.).

6.5. Depositions of fact witnesses shall be completed by the close of fact discovery. Plaintiff shall be permitted to notice and take up to 5 fact-witness depositions, inclusive of a Rule 30(b)(6) deposition. If Plaintiff proposes to notice and take a deposition of a witness whose deposition has already been taken in the initial group of MDL cases;[3] cross-noticed and taken by any plaintiff in the initial group of MDL cases during the Coordinated Discovery Period in *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va.);[4] taken by a plaintiff in a Group 1 or 2 Publisher cases, or taken by a plaintiff in a Competitor case, and Defendants object to that deposition being taken in this Case, Defendants shall provide a copy of the already-taken deposition(s) of that witness to Plaintiff's counsel, and counsel for the Parties shall thereafter meet & confer regarding whether there is good cause to take the deposition in this Case, and any limitations on the scope or duration of the deposition if taken. As with any discovery issue, application to the Court for leave to take the deposition in this Case shall be made only after an adequate meet and confer has taken place.

6.6. For any deposition of a Defendant witness sought by Plaintiff in this Case and (a) plaintiffs in the Group 1 and 2 Publisher cases, (b) plaintiffs in the Competitor cases, or (c) both Group 1 and 2 Publisher case plaintiffs and Competitor case plaintiffs, counsel for all such plaintiffs, i.e., for Rumble Canada, for the

[3] The "initial group of MDL cases" includes *In re: Google Digital Publisher Antitrust Litig.*, No. 1:21-cv-07034-PKC (S.D.N.Y.); *In re: Google Digital Advertising Antitrust Litig.*, No. 1:21-cv-07001-PKC (S.D.N.Y.); *Associated Newspapers Ltd. v. Google LLC*, No. 1:21-cv-03446-PKC (S.D.N.Y.); *Gannett Co., Inc. v. Google LLC*, No. 1:23-cv-05177-PKC (S.D.N.Y.); and *Inform Inc. v. Google LLC*, No. 1:23-cv-01530-PKC (S.D.N.Y.).

[4] *See* ECF No. 564 ¶ 1(c) (MDL/EDVA Coordination Order defining "Coordinated Discovery Period").

Competitors, and/or for Group 1 and 2 Publishers, shall meet and confer on a plan for an 8 hour examination of the deponent, with the exception of any Google witness identified in ECF No. 1868, for which the Parties shall meet and confer on a plan for a 6 hour examination of the deponent. After the completion of the examination, any plaintiff may make application to the Court for a further examination of the witness demonstrating that (a) the 8- or 6-hour period was efficiently utilized, (b) material areas of inquiry could not be covered within an 8- or 6-hour period and (c) other discovery or other forms of discovery are an inadequate substitute. As with any discovery issue, no such application shall be made without an adequate meet and confer session with opposing counsel, *i.e.* counsel of record for Plaintiff and Defendants at that time.

6.7. Defendants jointly shall be permitted to notice and take up to 10 fact-witness depositions (inclusive of a Rule 30(b)(6) deposition) in this Case.

6.8. The Parties stipulate that counsel for any party in the above-captioned MDL proceeding may elect to attend a deposition remotely or in person, including counsel for the noticing party.

6.9. Except as provided for herein, no deposition taken pursuant to a notice under Rule 30(b)(1) or Rule 30(b)(6) shall last longer than 7 on-the-record hours without the consent of the examined witness or leave of Court. No deposition shall be noticed for a date sooner than 21 days after service of the notice.

7. All expert discovery shall be completed by August 6, 2027. Plaintiff shall serve opening reports of all its experts by March 31, 2027. Defendants shall serve responsive expert

reports by June 7, 2027. Plaintiff may then serve any rebuttal expert reports by July 7, 2027. Depositions of experts shall be completed by August 6, 2027.

8. The Stipulation and Order Regarding Expert Discovery (ECF No. 428), the Order Regarding Discovery Procedure (ECF No. 508), and the Modified Confidentiality Order (ECF No. 685) and the Further Modification thereto (ECF No. 1860), shall apply in this Case.

9. Coordination of Discovery.

9.1. All documents and data produced during fact discovery in the initial group of MDL cases, in the Group 1, Group 2 or Group 3 Publisher cases, or in the Competitor Cases may be used in this Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

9.2. The transcript[5] and exhibits from any deposition taken in the initial group of MDL cases, in the Group 1, Group 2 or Group 3 Publisher cases, or in the Competitor Cases, may be used in this Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

9.3. The transcript and exhibits from the liability trial in *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va.) ("Virginia Action"), and the transcript and exhibits from any depositions of fact witnesses (other than current and/or former Meta employees whose transcripts have not been previously produced in this MDL[6]) taken in the liability phase of the Virginia Action, may be used in this

[6] *See* MDL Dkt. 564 ¶ 3(g)(iii).

Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion letter requirements. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a pre-motion letter relating thereto is filed no later than 14 days after the date set by this Court for the close of expert discovery.

11. The time for filing Final Pre-Trial Submissions is stayed pending further Order of Court.

12. The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of Court in accordance with Fed. R. Civ. P. 16(b) for this Case as part of the MDL proceedings.

13. The next Case Management Conference will be scheduled at a future date.

14. This Scheduling Order is entered pursuant to Fed. R. Civ. P. 16(b), and may not be modified or the dates herein extended, except by further Order of Court in this Case for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with this Court's Individual Practices and shall be made no less than 14 days prior to the expiration of the date sought to be extended.

New York, NY
Dated:

________________________
P. Kevin Castel
United States District Judge