UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 21-md-03010 (PKC) |
| THE STATE OF TEXAS, et al., <br><br> Plaintiffs, <br><br> - against - <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 21-cv-06841 (PKC) <br><br> **MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS AND 23 MEDIA ORGANIZATIONS FOR LEAVE TO FILE LETTER BRIEF AS AMICUS CURIAE** |

      The Reporters Committee for Freedom of the Press (the "Reporters Committee") and 23 Media Organizations respectfully move this Court for leave to file the accompanying letter brief as amici curiae in response to the Court's September 7, 2021 Order (21-md-03010, ECF No. 61) granting the motion of plaintiffs (hereinafter the "Plaintiff States") for leave to file a second amended complaint in *Texas, et al. v. Google LLC*, No. 21-cv-6841, and directing the parties to show cause in writing by September 17, 2021 why the Plaintiff States' second amended complaint ought not be publicly filed in unredacted form.  The Plaintiff States and Google LLC state that they do not object to the filing of the amici letter brief.

      The Reporters Committee is an unincorporated nonprofit association founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources.  Today, its attorneys provide *pro bono* legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.  The Reporters Committee is joined by Advance Publications, Inc., The Associated Press, Bloomberg L.P.,

BuzzFeed, Californians Aware, The Center for Investigative Reporting (d/b/a Reveal), Dow Jones & Company, Inc., First Amendment Coalition, Inter American Press Association, Los Angeles Times Communications LLC, The Media Institute, MLex, Mother Jones, National Freedom of Information Coalition, National Press Photographers Association, The New York Times Company, The News Leaders Association, News Media Alliance, POLITICO LLC, Reuters News & Media Inc., Society of Professional Journalists, Tully Center for Free Speech, and WNET for the purposes of this motion and accompanying amici letter brief.

The letter brief of amici seeks to highlight for the Court the importance of stringently applying the constitutional and common law presumptions of public access to the second amended complaint in this matter. "It is well established that the press and public have a First Amendment right to attend judicial proceedings and access certain judicial documents," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), including complaints in civil matters, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016), and that the public's "First Amendment interests" in access "are independent" from those of the parties to this action. *Westmoreland v. Columbia Broad. Sys., Inc.,* 752 F.2d 16, 22 (2d Cir. 1984). It is likewise well-established that the common law affords a presumption of public access to judicial records, *see United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"), a category of documents that include complaints, *Bernstein*, 814 F.3d at 139.

Access to the complaint in a civil lawsuit—the document "which initiates judicial proceedings, is the cornerstone of every case, [and is] the very architecture of the lawsuit[,]" *Bernstein*, 814 F.3d at 140—is critical to the public's ability to understand and oversee the litigation. And the interest of the public and press, including amici, in access to the second amended complaint, here, is particularly powerful, as that pleading reflects the claims and

supporting factual allegations brought by state governments against Google LLC. As detailed in the accompanying letter brief, amici urge the Court to afford the press and public access to the second amended complaint consistent with the strong constitutional and common law presumptions in favor of such access.

Accordingly, amici respectfully request that the Court grant this motion for leave and accept the accompanying letter brief of amici, which will aid the Court in resolving any party's request for continued partial sealing of the second amended complaint in response to the Court's September 7, 2021 Order. *See, e.g.*, *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) ("It is well-established that a district court has broad discretion to grant or deny an appearance as amicus curiae in a given case.") (citation omitted).

Dated: September 17, 2021

                                                      Respectfully submitted,

                                                      */s/ Katie Townsend*
                                                      Katie Townsend
                                                      The Reporters Committee for
                                                          Freedom of the Press
                                                      1156 15th St. NW, Suite 1020
                                                      Washington, D.C. 20005
                                                      Telephone: (202) 795-9300
                                                      Facsimile: (202) 795-9310
                                                      ktownsend@rcfp.org

                                                      *Counsel of Record for*
                                                      *Proposed Amici Curiae*