Hon. P. Kevin Castel                                                                                September 17, 2021
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE: *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010-PKC, Order To Show Cause

Judge Castel,

The undersigned are scholars, practitioners, and advocates with notable expertise in the subject of privacy, and write to you in regard to this Court's order of September 7, 2021, indicating that the Court is considering whether to make publicly available an unredacted copy of the Second Amended Complaint filed by several plaintiff States in this matter. We respectfully request that you make that complaint publicly available allowing redactions only to the extent that Google affirmatively and specifically demonstrates that each contains trade secrets or other highly sensitive confidential material such as personally identifiable information.

Making the States' complaint publicly available is necessary to protect the important First Amendment interests at stake in this matter. It is well settled that the public and the press has a First Amendment right to attend civil trials, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980), and that constitutional right extends to complaints, which "have historically been publicly accessible by default, even when they contain arguably sensitive information" because access to complaints "allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern," *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). Further, consistent with *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986), a complaint is "a necessary corollary of the capacity to attend" the proceedings of a case since the complaint necessarily sets the scope of those proceedings and invokes the power of the Courts for the proceeding to occur in the first place.

Those significant First Amendment interests are only compounded by the fact that the Second Amended Complaint at issue here is filed not by a private litigant, but by several States purporting to act as *parens patriae* on behalf of their citizens and seeking an award of damages suffered by those private citizens. It should go without saying that the members of the public whose personal legal interests will be conclusively bound by the results of a legal proceeding have an extraordinarily strong interest in being able to review the information in the complaint filed on their behalf. Indeed, basic rules of legal ethics require that attorneys provide such basic information to their clients, in order to enable them to make informed decisions about how and whether to proceed with litigation.

Given these compelling interests in the public disclosure of the information contained in the Second Amendment Complaint, this Court should require Google (or whatever other person or entity seeks to maintain a redaction) to affirmatively and specifically demonstrate that any information in the Second Amended Complaint that it seeks to withhold from the public is a trade secret or otherwise contains highly sensitive confidential material. Failure to require such a

showing would seriously impede the public's ability to understand the litigation being filed on its behalf, and would allow questions of the legitimacy of any judgment ultimately entered in this litigation.  It would also significantly undermine the undersigned's ability as scholars, practitioners, and advocates to access information essential to our professional activities, thus impeding our ability to advance public discourse through our research, scholarship, and advocacy.

We respectfully request that this letter be made part of this Court's docket, and thank you for your consideration of our position on this important matter.

Respectfully,

*/s/ Shoshana Zuboff*
Shoshana Zuboff
Charles Edward Wilson Professor Emeritus,
Harvard Business School;
Faculty Associate, Carr Center for Human Rights,
Harvard Kennedy School

*/s/ Bruce Schneier*
Bruce Schneier
Cybersecurity Expert;
Fellow and Lecturer,
Harvard Kennedy School

*/s/ Dr. Addison Fischer*
Dr. Addison Fischer
Founder, Verisign

*/s/ Roger McNamee*
Roger McNamee
Co-Founder, Elevation Partners

*/s/ Whitfield Diffie*
Whitfield Diffie
Cybersecurity Expert; Member Board of Directors, Electronic Privacy Information Center

*/s/ Sherry Turkle*
Sherry Turkle
Abby Rockefeller Mauzé Professor of the Social Studies of Science and Technology, MIT

/s/ David Farber
David Farber
Emeritus Professor of Computer Science, University of Pennsylvania

/s/ Dr. Paul Vixie
Dr. Paul Vixie
CEO, Farsight Security

/s/ Kate Klonick
Kate Klonick
Professor, St. John's University School of Law

/s/ Deborah C. Peel, MD
Deborah C. Peel, MD
Founder and President, Patient Privacy Rights

/s/ Simone Browne
Simone Browne
Associate Professor, University of Texas at Austin

/s/ Christine L. Borgman
Christine L. Borgman
Distinguished Research Professor, Director, UCLA Center for Knowledge Infrastructures

/s/ Rush Holt
Rush Holt
Chief Executive Officer of the American Association for the Advancement of Science (AAAS), Former Congressman representing New Jersey's 12th Congressional District

/s/ Gary Marx
Gary Marx
Privacy scholar,
Professor Emeritus of Sociology, M.I.T.

*/s/ Harry Lewis*
Harry Lewis
Gordon McKay Research Professor
of Computer Science, Harvard
University
