October 15, 2021

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

      Re: *In re Google Digital Advertising*, 1:21-md-03010 (PKC); *State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

      All plaintiffs submit this joint letter in response to Google's October 13 letter (*Google's Letter*) (ECF No. 145) seeking to correct an error it made during the September 24, 2021 case management conference (*Hearing*) and seeking to adjust the Court's Order that Google "produce to plaintiffs in all cases those documents that Google previously produced to the State of Texas and to certain class plaintiffs." (ECF No. 129). Pursuant to the Court's Individual Practices, we note that there is no conference scheduled at this time.

      Google would artificially limit the universe of documents it previously produced to the States during the pre-suit investigation to only the ~152,000 documents that were exclusively produced to the States rather than producing all of the roughly two million documents that it produced to the States because apparently approximately 1.85 million of the two million documents were also previously "produced to the U.S. Department of Justice." Google Letter (ECF No. 145) at 1 (Oct. 13, 2021). Google's letter is less of a correction than an attempt to stall the production of relevant documents to the remaining plaintiffs' groups, and the Court should issue an Order reiterating that Google must promptly produce all of the documents it previously produced to the States, including any documents it also produced to the DOJ.

      The discussion during the Hearing regarding documents produced to the DOJ was limited to documents related to Google's Ad Tech business that were produced to the DOJ <u>after</u> the States filed their lawsuit in December 2020 and are thus in addition to the 2 million-plus documents all of which were produced to the States as part of their pre-filing investigation. In what appears to be an attempt to capitalize on a separate discussion during the Hearing, Google conflates the two separate discussions in an effort to undo this Court's Order that Google produce to the private plaintiffs what it produced to the States (i.e., two million-plus documents). We write to clarify the record and give the Court context related to the underlying documents produced to the States.

1

***Google Produced Two Million Documents to the States, Separate from Later Productions Google Made to the DOJ***

As the States explained in their response to the Court's Pre-Trial Order No. 1, the States' complaint was based on a pre-suit investigation conducted by a group of States in which "Google produced more than two million documents and responded to interrogatories with answers and objections" and Google provided "the sworn statements of 10 Google employees." Letter Brief (ECF No. 55) at 2 (Sept. 3, 2021). *See also* Transcript at 20 (Sept. 24, 2021) (Mr. Lanier for the States: "[W]e have been provided over 2 million documents from Google. That's in addition to the 700,000 you were referencing as the CIDs with the third-party interviews."); *id.* at 23 (Mr. Mahr for Google: "in the Texas case, just so it's clear, there were 2 million documents produced by Google in that investigation"); *id.* at 24 (Ms. Sessions for Google: "the 2 million documents that were part of the investigative production to Texas"). Google Letter (ECF No. 136) at 1 (Sept. 30, 2021) ("State Plaintiffs, led by the Office of the Attorney General of Texas, collected 'more than two million documents' from Google.").

Specifically, Texas, as part of a multistate investigation, issued a Civil Investigative Demand (*CID*) related to Google's Ad Tech business, as did Nebraska and Utah. Both Texas and the DOJ issued what can be referred to as "me too" requests—that is, they requested that Google produce to Texas and the DOJ what it produced to Nebraska and Utah. Of the 2,284,817 documents Google produced to Texas in the pre-suit investigation, 153,551 were produced with Bates labels with the prefix "GOOG-TEX," 2,130,980 were produced to Texas with the prefix "GOOG-NE," and 286 contained the prefix "GOOG-UT." Accordingly, the pre-suit investigation documents the Court ordered to be produced to the plaintiffs are not restricted to the 150,000 documents with a Bates prefix of "TEX." In fact, when Judge Jordan previously ordered the States to produce *their* Investigative Materials to Google, those Investigative Materials included the more than two million documents produced by Google as part of the pre-suit investigation—and not simply the 152,000 containing a "TEX" prefix.

The two million-plus pre-suit investigation documents produced to Texas are a separate and distinct tranche of documents from the set that the States requested Your Honor order produced related to the DOJ's current and ongoing Ad Tech investigation.

Indeed, Google expressly sought in its arguments before the Court to limit the scope of the production by producing fewer than the 2 million-plus documents, arguing that "Google should not have to provide the documents that are relevant solely to those claims that are not going forward". Transcript at 25 (Sept. 24, 2021) (Ms. Sessions). Thus, Google sought at the Hearing to avoid having to provide all the 2 million-plus documents to all the private plaintiffs but lost on that issue.

Later during the Hearing, Mr. Lanier referred to that separate tranche of documents Google produced to the DOJ in response to the DOJ's Ad Tech investigation. It is our understanding that DOJ has collected <u>additional</u> documents that the States do not have access to, and accordingly the States requested access to those documents. Transcript at 20 (Sept. 24, 2021).[1] To be clear, the

---

[1] (Mr. Lanier: "In addition, there's a tranche of documents that the DOJ has in the DOJ case, and our hope would be, if the Court deems it appropriate, that in light of the protective order in place, if we could have access to those

2

DOJ's separate Ad Tech investigation and corresponding document requests that the States referenced were productions made to the DOJ after the States filed their December 2020 lawsuit. The DOJ documents the States requested are in addition to the two million documents already produced to the States. In response to the State's request, Google told the Court that the DOJ documents produced beyond the 2 million provided to the States "primarily concern[] Google's search business and not the display advertising business that is at issue in these cases." Transcript at 28 (Sept. 24, 2021) (Ms. Sessions). Google stated its "view that any documents that were produced to the Department of Justice as part of that broad investigation are not necessarily or even probably relevant to this case" and that it would prefer not to do a "wholesale re-production of materials that were produced in an investigation that culminated in a lawsuit that is different than this one." Id.

It is our understanding that documents produced to the DOJ (as recently as this year) are related to the DOJ's separate Ad Tech investigation, and therefore, relevant to this case. Further, Ad Tech productions were made after the DOJ filed its October 2020 Search case against Google; therefore, it seems unlikely that the subsequent *2021* pre-suit investigation productions related to Ad Tech were made pursuant to the DOJ's Search lawsuit that was filed back in October 2020. Although we believe this statement by Google about the DOJ's current Ad Tech investigation was made in error, and the documents are, in fact, relevant to these cases, the Court issued its ruling on these separate documents, which the States have not yet received, noting that they were going to be saved for another day.

After considering all of the presentations of the parties noted above, the Court ordered Google to make available to all plaintiffs the two million documents that it produced to the States but declined to order more than those two million. "I am not going to order the production of . . . documents produced to the DOJ. It's restricted to what I have said at this stage of the game. And when you all finish reading the 2 million documents, come back to me and I'll see about letting you read some more." Transcript at 30-31 (emphasis added).

Unfortunately, Google's Letter attempts to cherry pick the Court's language and clear intent (that Google produce the two million documents it produced to the States) and argues that the Court's order "makes clear . . . that Google should not produce the 'documents produced to the U.S. Department of Justice.'" (ECF No. 145), and that it only needs to produce to the plaintiffs specifically the "152,000 documents Google produced in response to the Texas AG's civil investigative demand (CID) concerning ad tech issues." Google knows it produced two million documents to Texas as part of the pre-suit investigation and it is very much aware that the Court's intent was for it to produce those same documents to the other plaintiffs. The Court should not reward Google's attempted sleight-of-hand to create ambiguity around the State's separate request of documents subsequently produced to the DOJ.[2]

---

documents even while the briefing's going on, it would enable us if Google could just, like, click a button, cut and paste and give us the same production it gave the DOJ, it would enable us to be going through those documents ….").

[2] Even if there is some overlap between the two million documents produced to the States and Google's subsequent post-filing Ad Tech productions to the DOJ, the Court has Ordered Google to produce the two million documents and for the States to revisit any later productions to the DOJ at a later time. The fact that documents were produced both to the States as part of their investigation and to the DOJ as part of its investigation does not make the

3

*Amended Complaint Based on Previously Produced Two Million Documents*

The States' amended complaint will be based on those same two million previously produced Google documents. Since the States filed their complaint nearly a year ago, the DOJ has been continuing a separate antitrust investigation related to Google's digital advertising business. Giving all the parties access to the existing universe of Google documents provided to the States will be helpful to the States and beneficial to this MDL by allowing the other plaintiffs to consult during the States' amendment of their complaint and the motion to dismiss briefing. Indeed, to expedite consultation between the States and the other interested plaintiffs, the States and the private plaintiffs have requested that the Court issue an interim protective order allowing sharing of drafts of the Third Amended Complaint. Letter Brief [ECF 141] at 2 (Oct. 8, 2021).

We respectfully request the Court consider entering an interim protective order and the plaintiffs are happy to provide the Court with a draft order or motion. The States provided Google today with a draft order similar to the one entered in Judge Jordan's Court that allowed Google's outside counsel to review an unredacted complaint as attorneys' eyes only.

In addition, while the States are amending their complaint and responding to Google's motion to dismiss, plaintiffs in the private actions should be reviewing all the documents that were available to the States, including to inform their ongoing work on their amended complaints, which may be filed after the Court's decision on the State's motion to dismiss.

In sum, Google's Letter improperly seeks to limit the universe of documents it was ordered to produce to the plaintiffs to 152,000 rather than the actual 2,284,817, because that complete set includes documents that were also previously "produced to the U.S. Department of Justice." Google Letter (ECF No. 145) at 1 (Oct. 13, 2021). We understand the Court's order to cover all the documents Google previously produced to the States, specifically, all two million-plus. The Court ordered Google "to produce, subject to [a] protective order, the documents that have been produced by Google to the state of Texas and certain class action plaintiffs in this case." Transcript at 30:16-21. Regarding the separate documents produced by Google to the DOJ in 2021, we understand that the Court's intent is that Google need not produce those documents now, but the States and other plaintiffs may in the future renew their request for those additional documents Google produced to DOJ related to Ad Tech and which were not produced to the States. Accordingly, Google should produce as ordered the two million-plus documents it produced to Texas in its pre-suit investigation to the plaintiffs in the other cases in this MDL. The States are happy to direct Google to the Bates ranges of these documents if helpful.

---

overlapping documents any less relevant to what the States considered as part of their investigation that led to the Complaint now before this Court.

Respectfully submitted,

| | |
|---|---|
| /s/ W. Mark Lanier | /s/ Ashley Keller |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerlenkner.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerlenkner.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerlenkner.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4270 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerlenker.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER LENKNER LLC |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

**For the *Advertiser Class* Plaintiffs**

/s/ Dena C. Sharp
Dena C. Sharp (*pro hac vice*)
Jordan Elias (*pro hac vice*)
Scott M. Grzenczyk (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
scottg@girardsharp.com

Archana Tamoshunas (AT-3935)
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: (212) 931-0704
Fax: (212) 931-0703
atamoshunas@tcllaw.com

April Lambert (*pro hac vice*)
**RADICE LAW FIRM, PC**
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
alambert@radicelawfirm.com

*Attorneys for Advertiser Plaintiffs Surefreight Global LLC d/b/a Prana Pets and Hanson Law Office, as successor-in-interest to Hanson Law Firm, PC*


/s/ *Tina Wolfson*
Tina Wolfson (TW-1016)
Theodore W. Maya (*pro hac vice* forthcoming)
Bradley K. King (BK-1971)
Rachel R. Johnson (*pro hac vice* forthcoming)
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com
rjohnson@ahdootwolfson.com

*Attorneys for Advertiser Plaintiff Vitor Lindo*

*/s/ Fred T. Isquith Sr.*
Fred T. Isquith Sr.

Fred T. Isquith, Sr. (FI-6782)
Robert S. Schachter (RS-7243)
**ZWERLING, SCHACHTER**
 **& ZWERLING, LLP**
41 Madison Avenue, 32nd Floor
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969
Email: ftisquith@zsz.com
Email: rschachter@zsz.com
Email: sshah@zsz.com

*/s/ Fred T. Isquith Jr.*
Fred T. Isquith Sr.
Fred T. Isquith, Jr. (FI-1064*)*
**ISQUITH LAW**
220 East 80th Street
New York, NY 10075
Tel: (607) 277-6513
Email: isquithlaw@gmail.com


*/s/ Pamela A. Markert*
Pamela A. Markert
Solomon B. Cera (admitted *pro hac vice*)
Pamela A. Markert (admitted *pro hac vice*)
**CERA LLP**
595 Market St., Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230
Fax: (415) 777-5189
Email: scera@cerallp.com
Email: pmarkert@cerallp.com

7

*/s/ Kate M. Baxter-Kauf*
Kate. M. Baxter-Kauf
Heidi Silton (admitted *pro hac vice*)
Kate M. Baxter-Kauf (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401-2159
Tel: (612) 596-4092
Email: hmsilton@locklaw.com
Email: kmbaxter-kauf@locklaw.com

*/s/ Richard Vita*
Richard Vita (*pro hac vice* forthcoming)
**VITA LAW OFFICES, P.C.**
100 State Street, Suite 900
Boston, MA 02109
Tel: (617) 426-6566
Email: rjv@vitalaw.com

*Attorneys for Plaintiffs SPX Total Body Fitness LLC, d/b/a The Studio Empower, SkinnySchool LLC d/b/a/ Maria Marques Fitness, and Mint Rose Day Spa LLC, on Behalf of Themselves and All Others Similarly Situated*

/s/ *Jonathan Rubin*
Jonathan L. Rubin (*Pro Hac Vice*)
**MOGINRUBIN LLP**
1615 M Street, NW, Third Floor
Washington, D.C. 20036
(202) 630-0616
jrubin@moginrubin.com

Daniel J. Mogin (*Pro Hac Vice*)
Jennifer M. Oliver (N.Y. Bar No. 4547428)
Timothy Z. LaComb (*Pro Hac Vice*)
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

*Counsel for Plaintiffs, Cliffy Care, Kinin, Rodrock, and Raintree*


Richard F. Lombardo (*Pro Hac Vice Forthcoming*)
Peter F. Rottgers (*Pro Hac Vice Forthcoming*)
**SHAFFER LOMBARDO SHURIN**
2001 Wyandotte Street
Kansas City, MO 64108
(816) 931-0500
rlombardo@sls-law.com
prottgers@sls-law.com

*Counsel for Plaintiffs, Cliffy Care, Rodrock, and Raintree*

Jason S. Hartley (*Pro Hac Vice Forthcoming*)
Jason M. Lindner (*Pro Hac Vice Forthcoming*)
**HARTLEY LLP**
101 W. Broadway, Ste 820
San Diego, CA 92101
(619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Counsel for Plaintiff, Kinin*

9

**For the *Publisher Class* Plaintiffs**

/s/ *Philip C. Korologos*
BOIES SCHILLER FLEXNER LLP
Philip C. Korologos*
pkorologos@bsfllp.com
Brianna S. Hills*
bhills@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2300 / Fax: (212) 446-2350

David Boies*
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200 / Fax: (914) 749-8300
Abby L. Dennis*
adennis@bsfllp.com
Jesse Panuccio*
jpanuccio@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel.: (202) 895-7580 / Fax: (202) 237-6131

Mark C. Mao (236165)
mmao@bsfllp.com
Sean P. Rodriguez (262437)
srodriguez@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6820 / Fax: (415) 293-6899

Sabria A. McElroy*
smcelroy@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel.: (954) 377 4216 / Fax: (954) 356-0022

/s/ George A. Zelcs
KOREIN TILLERY LLC
George A. Zelcs*
gzelcs@koreintillery.com
Robert E. Litan*
rlitan@koreintillery.com
Randall P. Ewing*
rewing@koreintillery.com
Marc A. Wallenstein*
mwallenstein@koreintillery.com
Jonathon D. Byrer*
jbyrer@koreintillery.com
Ryan A. Cortazar*
rcortazar@koreintillery.com
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750 / Fax: (312) 641-9751

Stephen M. Tillery*
stillery@koreintillery.com
Michael E. Klenov (277028)
mklenov@koreintillery.com
Carol L. O'Keefe*
cokeefe@koreintillery.com
KOREIN TILLERY LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844 / Fax: (314) 241-3525

*Counsel for Publisher Plaintiffs Genius Media Group, Inc., The Nation Company, L.P., and The Progressive, Inc.*

/s/ *Eric L. Cramer*
BERGER MONTAGUE PC
Eric L. Cramer*
ecramer@bm.net
Michael C. Dell'Angelo*
mdellangelo@bm.net
Caitlin G. Coslett*
ccoslett@bm.net
Patrick F. Madden*
pmadden@bm.net
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000 / Fax: (215) 875-4604

Sophia M. Rios (305801)
srios@bm.net
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101
Tel.: (619) 489-0300 / Fax: (215) 875-4604

Daniel J. Walker*
dwalker@bm.net
BERGER MONTAGUE PC
2001 Pennsylvania Ave., NW
Suite 300
Washington DC 20006
Tel.: (202) 559-9745

Michael K. Yarnoff**
myarnoff@kehoelawfirm.com
KEHOE LAW FIRM, P.C.
Two Penn Center Plaza
1500 JFK Blvd., Suite 1020
 Philadelphia, PA 19102
Telephone: (215) 792-6676

*Counsel for Publisher Plaintiff Sterling International Consulting Group*

/s/ *David W. Mitchell*
ROBBINS GELLER RUDMAN
& DOWD LLP
DAVID W. MITCHELL
davidm@rgrdlaw.com
STEVEN M. JODLOWSKI
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Tel.: (619) 231-1058 / Fax: (619) 231-7423

PAUL J. GELLER*
STUART A. DAVIDSON*
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel.: (561) 750-3000 / Fax: (561) 750-3364

John C. Herman*
(GA Bar No. 348370)
jherman@hermanjones.com
Serina M. Vash**
(NJ Bar No. 041142009)
svash@hermanjones.com
HERMAN JONES LLP
3424 Peachtree Road, N.E., Suite 1650
Atlanta, Georgia 30326
Tel.: (404) 504-6500 / Fax: (404) 504-6501

*Counsel for Publisher Plaintiff Sweepstakes Today, LLC*

By:  /s/ *Robert J. Gralewski, Jr*
KIRBY McINERNEY LLP
Robert J. Gralewski, Jr. (196410)
bgralewski@kmllp.com
Samantha L. Greenberg (327224)
sgreenberg@kmllp.com
KIRBY McINERNEY LLP
600 B Street, Suite 2110
San Diego, CA 92101
Telephone: (619) 784-1442

Karen Lerner**
klerner@kmllp.com
Daniel Hume**
dhume@kmllp.com
David Bishop**
dbishop@kmllp.com
Andrew McNeela**
amcneela@kmllp.com
KIRBY McINERNEY LLP
250 Park Avenue, Suite 820
New York, New York 10177
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

HINKLE SHANOR LLP
Thomas M. Hnasko**
Michael E. Jacobs**
218 Montezuma Avenue
Sante Fe, NM 87501
Telephone: (505) 982-4554
thnasko@hinklelawfirm.com
mjacobs@hinklelawfirm.com

WILLIAMS LAW FIRM
Kent Williams**
1632 Homestead Trail
Long Lake, MN 55356
Tel.: (612) 940-4452 / Fax: (952) 283-1525
williamslawmn@gmail.com

*Counsel for Publisher Plaintiff JLaSalle Enterprises LLC*

        */s/ Dennis Stewart*
GUSTAFSON GLUEK PLLC
Dennis Stewart (99152)
dstewart@gustafsongluek.com
600 B Street, 17th Floor
San Diego, CA 92101
Telephone: (619) 595-3299
Daniel E. Gustafson*
dgustafson@gustafsongluek.com
Daniel C. Hedlund*
dhedlund@gustafsongluek.com
Daniel J. Nordin*
dnordin@gustafsongluek.com
Ling S. Wang*
lwang@gustafsongluek.com

GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844

Marc H. Edelson, Esq*
medelson@edelson-law.com
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Tel.: (215) 867-2399 / Fax: (267) 685-0676

Joshua H. Grabar*
jgrabar@grabarlaw.com
GRABAR LAW OFFICE
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (267) 507-6085 / Fax: (267) 507-6048

E. Powell Miller*
epm@millerlawpc.com
Sharon S. Almonrode*
ssa@millerlawpc.com
Emily E. Hughes*
eeh@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 West University Drive, Suite 300
Rochester, MI 48307
Tel.: (248) 841-2200 / Fax: (248) 652-2852

Simon Bahne Paris, Esquire*
sparis@smbb.com
Patrick Howard, Esquire*
phoward@smbb.com
SALTZ, MONGELUZZI & BENDESKY, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel.: (215) 496-8282 / Fax: (215) 496-0999

Kenneth A. Wexler*
kaw@wexlerwallace.com
Kara A. Elgersma*
kae@wexlerwallace.com
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603

Dianne M. Nast*
dnast@nastlaw.com
Daniel N. Gallucci*
dgallucci@nastlaw.com
Joseph N. Roda*
jnroda@nastlaw.com
NASTLAWLLC
1101 Market Street, Suite 2801
Philadelphia, PA 19106

*Counsel for Publisher Plaintiff Mikula Web Solutions, Inc.*

**For the *Direct Newspaper* Publishers**

/s/ *Serina M. Vash*
Serina M. Vash
New York Bar No.: 2773448
svash@hermanjones.com
153 Central Avenue, # 131
Westfield, NJ  07090
(404) 504-6516
John C. Herman
jherman@hermanjones.com
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA  30326
(404) 504-6500
HERMAN JONES LLP

Paul J. Geller
pgeller@rgrdlaw.com
Stuart A. Davidson
sdavidson@rgrdlaw.com
Alexander C. Cohen
Maxwell H. Sawyer
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
(561) 750-3000
ROBBINS GELLER RUDMAN & DOWD LLP

David W. Mitchell
davidm@rgrdlaw.com
Steven M. Jodlowski
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
(619) 231-1058
ROBBINS GELLER RUDMAN & DOWD LLP

Paul T. Farrell, Jr.
paul@farrellfuller.com
Michael J. Fuller, Jr.
mike@farrellfuller.com
1311 Ponce De Leon, Suite 202
San Juan, PR  00907
(939) 293-8244
FARRELL & FULLER, LLC

Robert P. Fitzsimmons
bob@fitzsimmonsfirm.com
Clayton J. Fitzsimmons
clayton@fitzsimmonsfirm.com
Mark A. Colantonio
mark@fitzsimmonsfirm.com
1609 Warwood Avenue
Wheeling, WV  26003
(304) 277-1700
FITZSIMMONS LAW FIRM PLLC

*Co-Counsel for the Newspaper Plaintiffs*

***For Associated Newspapers Ltd.***

/s/ *John Thorne*

John Thorne
KELLOGG, HANSEN, TODD, FIGEL
 & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
202 326-7900
jthorne@kellogghansen.com

*Counsel for Associated Newspapers Ltd. and Mail Media, Inc.*