IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010-PKC |

**PROPOSED ORDER GRANTING MDL PLAINTIFFS' UNOPPOSED MOTION FOR EXPEDITED INTERIM PROTECTIVE ORDER**

Before the Court is the MDL Plaintiffs'[1] Motion for Expedited Interim Protective Order in the above-captioned litigation, which is GRANTED. It is hereby ordered by the Court that:

1. The State Plaintiffs are permitted to provide the other MDL Plaintiffs with the State Plaintiffs' unredacted Second Amended Complaint (ECF No. 81) and drafts of the State Plaintiffs' Third Amended Complaint (together, the "Complaints") subject to an External Attorneys' Eyes Only designation.[2]

2. For purposes of this order, "External Attorneys' Eyes Only" refers strictly to those attorneys (and their paralegals, legal assistants, or other legal staff) retained by MDL Plaintiffs in the above-captioned litigation, who have appeared in this case on behalf of MDL Plaintiffs, and who are listed on the Court's docket as counsel of record for the MDL Plaintiffs. Those persons not within the above-defined designation of "External Attorneys' Eyes Only" include, but are not limited to, in-

---

[1] "MDL Plaintiffs" refers to all plaintiffs, state and private, currently styled in the above-referenced MDL litigation, including any subsequent division of the cases for trial or otherwise.
[2] For the avoidance of doubt, this Interim Protective Order does not permit Plaintiff States to share with the other MDL Plaintiffs documents underlying or exhibits to the Complaints.

house counsel and their paralegals, legal assistants, other legal staff, or any other employee of the MDL Plaintiffs, as well as any expert, consultant, investigator, or other third party assisting the MDL Plaintiffs in this or any other litigation.

3. The Complaints provided pursuant to this Interim Protective Order shall be used solely for purposes of aiding the State Plaintiffs in drafting the Third Amended Complaint in this case, and must not be used for any business, commercial, or other purpose, or for other litigation. This restriction on use is equally applicable to information summarizing, referencing, or incorporating the Complaints.

4. Pursuant to Federal Rule of Evidence 502, disclosure of material subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, or immunity from disclosure in the Complaints without the express intent to waive such privilege, protection, or immunity shall not be deemed a waiver in whole or in part of the privilege, protection, or immunity, either as to the specific information disclosed or as to the same or related subject matter.

5. The provisions of this Interim Protective Order will continue to be binding throughout and after the conclusion of the above-captioned litigation and of each case that is currently or becomes part of the above-captioned litigation, until superseded by further order of the Court.

**SO ORDERED.**

**Dated: New York, New York
October __, 2021**

_____
P. Kevin Castel
United States District Judge