UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |

*This Motion Relates To:*

| | |
|---|---|
| THE STATE OF TEXAS, *et al.,*<br><br>                              *Plaintiffs,*<br><br>          vs.<br><br>GOOGLE LLC,<br><br>                              *Defendants.* | No. 21-CV-6841 (PKC) |

**PLAINTIFF STATES' MOTION FOR LEAVE TO FILE THE UNREDACTED THIRD AMENDED COMPLAINT UNDER SEAL**

Pursuant to this Court's Individual Practice No. 5, Plaintiff State of Texas, on behalf of the Plaintiff States (the "Plaintiff States"), files this Motion for Leave to File the Unredacted Third Amended Complaint Under Seal. Along with the unredacted version of the Third Amended Complaint (Exhibit A), Plaintiff States provide, to be publicly filed, proposed redactions that are consistent with the Court's prior guidance in this case. On October 15, 2021, the Court issued Order ECF No. 147, resolving what material should become public and what material should remain redacted in the Plaintiff States' Second Amended Complaint.[1]

---

[1] Pursuant to the Court's Order dated October 13, 2021 (ECF No. 159), the Plaintiff States are filing their Third Amended Complaint contemporaneously with this Motion.

In accordance with Individual Practices Rule 5B(iii), the Plaintiff States are filing the Third Amended Complaint with redactions. Simultaneously, Plaintiff States are also filing, as an Exhibit A to this Motion, the unredacted Third Amended Complaint with proposed redactions highlighted in green. Out of an abundance of caution, the publicly filed redacted version of the Third Amended Complaint contains more redactions than the Plaintiff States believe are necessary per Order ECF No. 147. In other words, based on the Court's guidance in that Order, we have highlighted for redaction in green only the information we believe should ultimately be redacted.

As a general matter, to the extent a Google or Facebook employee is named in the complaint, the Plaintiff States believe that each such employee is highly relevant to this lawsuit; otherwise, their name would not have been included. The Plaintiff States understood the Court's October 15, 2021 Order to say that lower-level employees' right of privacy may outweigh the public right of access. (ECF No. 147, at 9) ("The names and contact information of these employees have no apparent bearing on any issue in this dispute. The privacy interests of these Google employees outweighs the strong presumption of public access.").[2] Consistent with that understanding, the Plaintiff States have proposed redactions for lower-level employees and have highlighted that information in green for ultimate redaction.

Plaintiff States propose not redacting the names of higher-level employees and executives. Google did not request, nor did the Court order, redacting this information for higher-level employees of Google or Facebook (which is a defendant in other actions in this Multidistrict

---

[2] In response to a letter submitted by Facebook's counsel on October 21, 2021 (ECF No. 150), by written endorsement, the Court ordered that "names, contact information, including email addresses, of Facebook employees, if any, should be redacted before the Second Amended Complaint is publicly filed." (ECF No. 151.) Although Facebook sought only that "information about Facebook employees [have] the same treatment being afforded information about Google's employees" (ECF No. 150), in light of the Court's October 22, 2021, by written endorsement, the Plaintiff States filed on the public docket a version of the Second Amended Complaint, that did not redact the names of high-level Google executives but did redact the names of Facebook executives.

Litigation). Plaintiff States believe that the right of public access outweighs the privacy interests of these individuals. The names of the individuals that the Plaintiff States believe should have redactions removed appear in <u>yellow</u>.

As the Court noted, information and allegations included in a complaint are useful to the public's understanding about the performance of judicial functions and the strength of the Plaintiff States' claims, and they should be afforded the highest presumption of public access. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2nd Cir. 2016); *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632 (S.D.N.Y. July 8, 2021) ("[I]t is well-settled that generalized concerns of adverse publicity and reputational injury … cannot justify an order sealing a core judicial document."). The identity and roles of senior executives are particularly relevant in the antitrust context. *See State v. Cedar Park Concrete Corp.*, 1997 WL 306909, *10 ("As numerous courts have recognized, the doctrine of respondeat superior has particular relevance in the context of antitrust violations by a corporate officer."), *aff'd in relevant part sub nom New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82 (2d Cir. 2000); c*f. Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 2000 WL 264295, *35 (S.D.N.Y. Mar. 9, 2000) ("A corporate officer or director can be held personally liable for damages arising from an antitrust violation where he or she participated in the unlawful acts, or where he or she acquiesced or ratified the actions of other officers or agents of the corporation who violated the antitrust laws.").

## Conclusion

The Plaintiff States believe that the Third Amended Complaint should be made public in its entirety, other than the names and information of lower-level employees who possess a privacy interest that outweighs the public's right of access. The Plaintiff States request that Google and

other affected entities show cause in writing, by December 1, 2021 (two weeks from the date of this Motion, including consideration of the Thanksgiving holiday), why the Third Amended Complaint ought not be publicly filed in unredacted form with the exception of (a) the predictive modeling process, and (b) the names of lower-level employees referenced in the Court's October 15, 2021 Order.

The Plaintiff States respectfully request that the Court permit them to publicly file the complaint redacting only the portions of the Third Amended Complaint highlighted in green within Exhibit A, consistent with this Court's Order regarding (a) the predictive modeling process and (b) lower-level employees, as these employees' privacy interests outweigh the presumption of public access, and to file the unredacted Third Amended Complaint under seal.

Plaintiff States further request an opportunity to file a reply by December 8, 2021.

Dated: November 12, 2021

Respectfully submitted,

**For the Plaintiff States**

_/s/  W. Mark Lanier_
W. Mark Lanier (NY Bar No.: 4327284)
Mark.Lanier@LanierLawFirm.com
Alex J. Brown (NY Bar No.: 4593604)
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
**THE LANIER LAW FIRM, PLLC**
Tower 56
126 East 56th Street, 6th Floor
New York, NY 10022
Telephone: (212) 421-2800

_/s/ Ashley Keller_
Ashley Keller
ack@kellerlenkner.com
Brooke Clason Smith
brooke.smith@kellerlenkner.com
Jason A. Zweig (NY Bar No.: 2960326)
jaz@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, IL 60606
Telephone: (312) 741-5220

Zina Bash
zina.bash@kellerlenker.com
**KELLER LENKNER LLC**
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (512) 690-0990

*Counsel for Texas, Idaho, Indiana, Louisiana (The*
*Lanier Law Firm only), Mississippi, North Dakota,*
*South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*