UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |

*This Motion Relates To:*

| | |
|---|---|
| THE STATE OF TEXAS, *et al.*,<br><br>                    *Plaintiffs*,<br><br>   - against -<br><br>GOOGLE LLC,<br><br>                    *Defendants*. | No. 21-CV-6841 (PKC) |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF STATES' MOTION FOR LEAVE TO FILE THE UNREDACTED THIRD AMENDED COMPLAINT UNDER SEAL**

FRESHFIELDS BRUCKHAUS DERINGER US LLP

700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555

WILSON SONSINI GOODRICH & ROSATI LLP

One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Fax: (415) 947-2099

*Counsel for Defendant Google LLC*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

LEGAL STANDARD.............................................................................................................. 3

ARGUMENT ........................................................................................................................... 4

I.     Disclosure of Personal Information About Google's Employees Will Cause Non-Party Individuals Significant Harm ....................................................................... 4

II.    Disclosure of Non-Public Technical Product Details Will Cause Google Significant Competitive Harm.................................................................................... 5

CONCLUSION........................................................................................................................ 7

## TABLE OF AUTHORITIES

**Cases**                                                            **Page(s)**

*Avocent Redmond Corp. v. Raritan Americas, Inc.*,
  No. 10-CV-6100 (PKC), 2012 WL 3114855 (S.D.N.Y. July 31, 2012)....................................6

*Brown v. Maxwell*,
  929 F.3d 41 (2d Cir. 2019)...................................................................................................3

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
  2014 WL 12772236 (S.D.N.Y. Nov. 5, 2014).......................................................................4

*Kewazinga Corp. v. Microsoft Corp.*,
  No. 1:18-CV-4500, 2021 WL 1222122 (S.D.N.Y. Mar. 31, 2021)......................................5, 6

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006)...............................................................................................2, 3

*Regeneron Pharms., Inc. v. Novartis Pharma AG*,
  No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) .........................................3

*S.E.C. v. TheStreet.Com*,
  273 F.3d 222 (2d Cir. 2001)..................................................................................................3

*Stegmann on Behalf of Covetrus, Inc. v. Wolin*,
  No. 1:21-CV-1717, 2021 WL 1838219 (E.D.N.Y. May 7, 2021).........................................3

*Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*,
  No. 17-CV-147, 2018 WL 6179433 (E.D.N.Y. Nov. 27, 2018)............................................6

*United States v. Amodeo*,
  71 F.3d 1044 (2d Cir. 1995).............................................................................................3, 4

Pursuant to Rule 5 of this Court's Individual Practices and Rule 6.1(b) of the Local Civil Rules, Defendant Google LLC ("Google") files this response to state plaintiffs' motion for leave to file the Third Amended Complaint ("TAC") under seal. EFC Nos. 164, 166. Google respectfully requests that the Court permit state plaintiffs to re-file another public version of the TAC with narrowly tailored redactions in order to prevent disclosure of specific non-public information that will significantly harm the privacy interests of Google's employees and the competitive interests of Google's business. Google's proposed redactions are highlighted within the accompanying Exhibit A, which is appended to the Declaration of Ali Nasiri Amini.[1]

## INTRODUCTION

In accordance with this Court's October 13, 2021 order, ECF No. 159, at 2, state plaintiffs filed a public version of the TAC with redactions on November 12, 2021. ECF No. 166. State plaintiffs explained in a corresponding motion to file under seal that the public TAC redacts more information than they believe necessary "[o]ut of an abundance of caution." ECF No. 164, at 2. Google understands that these redactions purport to reflect non-public information

---

[1] Exhibit A, which is filed under seal as an attachment to the Declaration of Ali Nasiri Amini, contains a version of the TAC that highlights the information that Google proposes to redact. It also contains information provided to state plaintiffs by third parties, which those third parties may consider appropriate for redaction. Pursuant to an April 14, 2021 Protective Order issued by Judge Jordan (E.D. Tex.) in prior proceedings, Google cannot view certain confidential material provided by third parties and, to the extent Google's counsel files any motions or pleadings that contain such material, Google's counsel must file that material under seal. *See* No. 1:21-CV-6841 (PKC), ECF No. 101, at 25. The parties are working on a protective order to govern the proceedings before this Court. On October 27, 2021, the Court approved an Expedited Interim Protective Order for the limited purpose of permitting state plaintiffs to share unredacted versions of the Second Amended Complaint and Third Amended Complaint with other plaintiffs in this multidistrict litigation. ECF No. 154, at 1.

that Google designated as "confidential" or "highly confidential" when producing documents to state plaintiffs in response to civil investigative demands prior to this case.[2]

As with the previously filed Second Amended Complaint ("SAC"), state plaintiffs borrow liberally in the TAC from non-public details within Google's internal documents. The TAC incorporates numerous revisions to the SAC, including 220 additional paragraphs out of 702 total paragraphs, several of which raise confidentiality concerns. First, the TAC includes names, titles, and email addresses of Google's employees, none of whom are parties to the present dispute. Second, the TAC in certain instances describes the technical design and operation of Google's products. As the Declaration of Ali Nasiri Amini attests, Google carefully maintains the confidentiality of technical product details, which reflect substantial investments of time and resources. Public disclosure of certain proprietary information would permit competitors or other third parties to replicate or undermine Google's products, thereby harming Google's ability to compete in the marketplace.

Google respectfully submits that these details are not necessary for the public to understand and evaluate state plaintiffs' allegations, which focus on the alleged anticompetitive effects of Google's conduct, not the specific individuals involved in the business or the precise technical specifications of certain product design features. In deference to the First Amendment interests at issue, Google has made every effort to narrowly tailor the proposed redactions in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of*

---

[2] Google did not receive notice from state plaintiffs pursuant to Rule 4 of this Court's Individual Practices, which directs: "A party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object." As a result, Google was unable to review the redactions in advance.

*Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), as well as the Court's previous order on sealing limited items in the SAC. ECF No. 160.

## LEGAL STANDARD

In considering requests to seal or redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors," including "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *See Lugosch*, 435 F.3d 110; *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050–51 (2d Cir. 1995). As the Court recognized in its October 15, 2021 order, the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 160, at 3–4 (quoting *Lugosch*, 435 F.3d at 121). Despite the "strong" presumption of access to a complaint, a court may issue a "narrowly-tailored" order based on "specific, on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124). The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050; *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). Furthermore, Second Circuit courts can and do grant motions to redact portions of complaints that contain commercially sensitive or confidential information. *See, e.g.*, *Stegmann on Behalf of Covetrus, Inc. v. Wolin*, No. 1:21-CV-1717, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (permitting redactions to a complaint, which drew on internal documents, to "protect against disclosure of confidential and commercially sensitive information that would cause [the company] competitive harm"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to a complaint that were "narrowly tailored to

3

protect commercially sensitive and confidential information"); *see also Amodeo II*, 71 F.3d at 1050 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *accord In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014).

## ARGUMENT

Google acknowledges that the TAC is a "judicial document" to which the presumption of public access applies. However, as this Court recognized in its prior October 15, 2021 order, ECF No. 160, state plaintiffs include in the TAC certain details that outweigh the presumption, including (I) personal information about Google's employees and (II) technical details about Google's bidding programs. Google's proposed redactions are narrowly tailored so that they will not prevent the public or the Court from understanding and evaluating the allegations.

### I. Disclosure of Personal Information About Google's Employees Will Cause Non-Party Individuals Significant Harm

Google requests redactions to names, job titles, and e-mail addresses of various Google employees, many of which the Court previously permitted the parties to redact in its October 15, 2021 order. ECF No. 160, at 9. Based on state plaintiffs' proposed redactions, ECF No. 165, Google and state plaintiffs agree on all proposed redactions to the TAC regarding personal information about Google's employees.[3] *See* Ex. A at ¶¶ 114, 115, 157, 251, 352, 364, 371, 385, 397, 415; *cf. id.* at ¶ 424.

As this Court recognized in its October 15, 2021 order, "the names, job titles, and e-mail addresses of the Google employees" quoted in the previous complaint had "no apparent bearing

---

[3] In the corresponding motion for leave to file under seal, state plaintiffs explained that they "highlighted for redaction in green only the information we believe should ultimately be redacted" and "proposed redactions for lower-level employees." ECF No. 164, at 2. For ease of review, Appendix A retains the same color highlights, where applicable.

on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[ed] the strong presumption of public access." ECF No. 160, at 9. This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See, e.g., Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (redacting the "personal information of non-parties, including [Microsoft employee] e-mail addresses" because of the "significant privacy interests of non-parties, and the lack of relevance of this information to any issue in this litigation").

As state plaintiffs acknowledge, the redactions concern "lower-level employees who possess a privacy interest that outweighs the public's right of access." ECF No. 164, at 3. The identities of these employees are not at issue in this dispute. If these details were disclosed publicly, they could be exposed to unwanted attention, solicitation, or harassment. As such, these redactions are necessary to protect the privacy interests of Google's employees and will not prevent the Court or the public from understanding and evaluating state plaintiffs' allegations.

**II.     Disclosure of Non-Public Technical Product Details Will Cause Google Significant Competitive Harm**

Google requests a single redaction to a non-public description of the design and function of a digital advertising product. State plaintiffs acknowledge, consistent with this Court's prior order, that the Court should permit redactions to details about Google's "predictive modeling process." ECF No. 164, at 4. As explained in the attached Declaration of Ali Nasiri Amini, the detailed description of this digital advertising product would, if revealed, allow competitors or

other third parties to replicate or undermine Google's proprietary features and harm Google's business. *See* Ex. A at ¶ 400.[4]

As this Court recognized in its October 15, 2021 order, details about the "engineering of Google's 'predictive modeling' process" constitute information that "outweighs the presumption of public access." ECF No. 160, at 6–7.  This ruling is consistent with previous holdings from Second Circuit courts, which have found that such technical information can confer an unfair advantage onto market competitors. *See, e.g.*, *Kewazinga Corp.*, 2021 WL 1222122, at *7 (sealing "technical information [that] could allow competitors an unfair advantage"); *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-CV-147, 2018 WL 6179433, at *7 (E.D.N.Y. Nov. 27, 2018) (sealing documents "contain[ing] sensitive or proprietary technical" information); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10-CV-6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing "engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products").

The proposed redaction is narrowly tailored to address specific business risks. Google does not publicly disclose proprietary details about how technical products, like bidding optimization programs, function. Google invests substantial time and resources in designing these programs, which provide valuable services to its customers. If these technical details were to be publicly disclosed, competitors or other third parties could replicate or undermine Google's product features, thereby harming Google's ability to offer distinct, effective, and competitive products in the future.  Amini Decl. ¶ 7. The proposed redaction limits public disclosure of

---

[4] Private plaintiffs filed a separate submission that challenges state plaintiffs' proposed redactions to TAC ¶ 381. *See* ECF No. 167; ECF No. 164, at 4. Google disagrees with private plaintiffs' characterization of TAC ¶ 381 and SAC ¶ 239; nevertheless, following this Court's guidance, Google does seek to redact TAC ¶ 381.

technical inputs into certain products that the TAC describes but does not limit the public's ability to understand the alleged anticompetitive conduct or the purported effects that are the focus of the TAC. Given that this case does not involve intellectual property or similar technical claims, this information is not necessary for the Court or the public to evaluate the allegations.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court permit the state plaintiffs to redact certain portions of the TAC highlighted within Exhibit A in order to prevent disclosure of non-public information that, if revealed, would significantly harm the privacy interests of Google's employees and the competitive interests of Google's business.

Dated: November 26, 2021

                                                                Respectfully submitted,

                                                                 /s/ Eric Mahr  
                                                                Eric Mahr  
                                                                Freshfields Bruckhaus Deringer US LLP  
                                                                700 13th Street, NW  
                                                                10th Floor  
                                                                Washington, DC 20005  
                                                                Telephone: (202) 777-4545  
                                                                Email: Eric.Mahr@freshfields.com

                                                                Justina Sessions  
                                                                Wilson Sonsini Goodrich & Rosati LLP  
                                                                One Market Plaza, Spear Tower  
                                                                Suite 3300  
                                                                San Francisco, CA 94105  
                                                                Telephone: (415) 947-2197  
                                                                Email: jsessions@wsgr.com

                                                                *Counsel for Defendant Google LLC*