UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |

*This Motion Relates To:*

| | |
|---|---|
| THE STATE OF TEXAS, *et al.,*<br><br>                                   *Plaintiffs,*<br><br>          vs.<br><br>GOOGLE LLC,<br><br>                                   *Defendants*. | No. 21-CV-6841 (PKC) |

**PLAINTIFF STATES' REPLY TO DEFENDANT GOOGLE LLC'S RESPONSE TO
PLAINTIFF STATES' MOTION FOR LEAVE TO FILE THE UNREDACTED THIRD
AMENDED COMPLAINT UNDER SEAL**

Plaintiff State of Texas, on behalf of the Plaintiff States (the "Plaintiff States"), files this

Reply to Defendant Google LLC's Response ("Google's Response," ECF Nos. 181-183) to the

Plaintiff States' Motion for Leave to File the Unredacted Third Amended Complaint Under Seal

(ECF Nos. 174, 175). Relatedly, Plaintiff States seek to confirm—per Facebook, Inc.'s Letter

Response ("Facebook's Response," ECF No. 184) to the Plaintiff States' motion, and the Court's

"Memo Endorsement" of Facebook's Response, ECF No. 186—that the Third Amended

Complaint may unredact the titles of two senior executives of Facebook, consistent with the treatment of Google's senior executives in the complaint.

## I.    Google's Proposed Redactions

The Plaintiff States disagree only in part with Google's Response.[1] Specifically, the Court should deny Google's request for a redaction in paragraph 400 of the Third Amended Complaint ("TAC"). *See* ECF No. 183-1 (showing that Google's requested redaction covers language in part of one sentence in the middle of paragraph 400). Even if this language might otherwise qualify for protection in the abstract, it cannot here. It is not, as Google claims, "a *non-public* description of the design and function of a digital advertising product." *See* ECF No. 181 at 5 (emphasis added). Rather, it is a simple summary of allegations already described elsewhere in the TAC, most notably in the exact same paragraph. Redacting this language would serve no purpose. Google has failed to show any interests (much less adequate interests) to outweigh the strong presumption of public access with respect to paragraph 400.

Finally, the Plaintiff States note that Google no longer seeks to redact information regarding its predictive modeling process. *See* ECF No. 181 at 6 n.4 ("Google does seek to redact TAC ¶ 381"). Accordingly, the Plaintiff States similarly see no need to redact paragraph 381 from public view.

## II.    Redactions Regarding Facebook

Facebook's Response requested redaction from the TAC of the "names [and] contact information, including email addresses" of all Facebook employees. *See* ECF No. 184 at 2.

---

[1] As Google's Response recognizes, "Google and state plaintiffs agree on all proposed redactions to the TAC regarding personal information about Google's employees," as these "redactions concern 'lower-level employees who possess a privacy interest that outweighs the public's right of access[,]' [and the] identities of these employees are not at issue in this dispute." ECF No. 181 at 4-5.

Yesterday, the Court granted Facebook's request in a Memo Endorsement of Facebook's Letter (ECF No. 186). While the unredacted TAC recites no email addresses or other contact information for any Facebook employee, *see generally* ECF No. 175, it does recite the names *and titles* of several Facebook employees. *See id.* Plaintiff States request confirmation from the Court that, in the TAC, they may unseal the titles of two highly relevant senior Facebook executives (the "Chief Facebook Executives"). *See id.* at ¶¶ 423, 424, 450. The Plaintiff States base their understanding that such unsealing is proper under the Court's December 2 Order (ECF No. 186) for three reasons.

First, unsealing the titles of Facebook's Chief Executives would be consistent with the Court's December 2 Order (ECF No. 186). As mentioned above, that order was a Memo Endorsement of Facebook's Response, which asked the Court to redact *only* the "[n]ames, contact information, including email addresses, of Facebook employees." *Id.* at 2. Facebook's Response, endorsed by the Court, made no mention of titles.

Second, unsealing the titles of Facebook's Chief Executives would be consistent with the Court's October 21 Order (ECF No. 151). That Order was a Memo Endorsement of Facebook's October 21 letter requesting redactions (ECF No. 150), and that letter asked only that the Court "afford to any information about Facebook employees *the same treatment* being afforded to information about Google's employees." *Id.* at 2 (emphasis added). That treatment was to redact the identifying information related to lower-level employees, but to unseal the titles (and names) of Google's senior executives. *See* ECF No. 117 at ¶ 12 (emphasis added) (Google explained that its "proposed redactions are narrowly tailored to focus only on personally identifying information for those Google employees *who are not senior executives*."); *see also* ECF Nos. 118-1 and 152 at, e.g., ¶ 216 (leaving unredacted a reference to "Philip Schindler, the head of Google advertising sales and operations").

Third, in antitrust cases, the roles of senior executives alleged to have participated in anticompetitive conduct are particularly relevant. *See* ECF No. 174 at 3 (citing cases). That is true here (*see* ECF No. 175 at 141-158, 185), where the Plaintiff States allege that Google and Facebook entered into an anticompetitive agreement. The public has a right to know that Facebook's most senior executives facilitated and directed the company's anticompetitive conspiracy with Google (and how this conspiracy supports the Plaintiff States' Count IV claim for violation of Section 1 of the Sherman Act). To be sure, titles might sometimes reveal identities. When that is so, it is often because the senior executives at publicly traded companies are highly public figures. And such prominent executives have considerably weaker privacy interests and expectations than lower-level employees. Accordingly, the "strong presumption of public access" associated with revealing job titles in the TAC, *see* ECF No. 147 at 2, clearly outweighs any limited privacy interests or expectations the two Chief Facebook Executives may otherwise have. *See Families for Freedom v. U.S. Customs & Border Prot.*, 837 F. Supp. 2d 287, 302 (S.D.N.Y. 2011) (requiring disclosure of the "names of high level officials" where the defendants sought to redact the names of both low-level employees and high-level officials); *see also Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 233 (D. Conn. 2019) ("Inline's proposed solution—redaction of non-party, *non-management* employees' names—is narrowly tailored to serve [public and private] interests.") (emphasis added).

Plaintiff States request the Court's confirmation that the titles of the two Facebook Chief Executives may be unsealed in the Third Amended Complaint, consistent with the Court's Memo Endorsement of Facebook's request that their employees' "names [and] contact information, including email addresses," be redacted, and Facebook's request that their employees receive "the same treatment" as Google's employees.

## CONCLUSION

The Plaintiff States respectfully request that the Court permit them to publicly file the TAC as proposed in their Motion for Leave to File the Unredacted Third Amended Complaint Under Seal (ECF Nos. 174, 175), except that paragraph 381 of the TAC may now also be unredacted, and except as ordered on December 2, 2021, with respect to Facebook (ECF No. 186), such that the two Chief Facebook Executives' titles may be unsealed.

Dated: December 3, 2021

Respectfully submitted,


**On behalf of the Plaintiff States**

/s/ W. Mark Lanier
W. Mark Lanier (NY Bar No.: 4327284)
Mark.Lanier@LanierLawFirm.com
Alex J. Brown (NY Bar No.: 4593604)
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
**THE LANIER LAW FIRM, PLLC**
Tower 56
126 East 56th Street, 6th Floor
New York, NY 10022
Telephone: (212) 421-2800

/s/ Ashley Keller
Ashley Keller
ack@kellerlenkner.com
Brooke Clason Smith
brooke.smith@kellerlenkner.com
Jason A. Zweig (NY Bar No.: 2960326)
jaz@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Telephone: (312) 741-5220

Zina Bash
zina.bash@kellerlenkner.com
**KELLER LENKNER LLC**
111 Congress Avenue, Suite 500
Austin, TX 78701
Telephone: (512) 690-0990

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*