

September 27, 2021

**VIA ELECTRONIC MAIL**

Tina Sessions
Wilson Sonsini Goodrich & Rosati PC
One Market Plaza
Spear Tower, Suite 3300
San Fransisco, CA 94105
jsessions@wsgr.com

Eric Mahr
Freshfields Burckhaus Deringer LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
eric.mahr@freshfields.com

*In re Google Digital Publisher Antitrust Litigation*, 21-cv-7034 (PKC)

Dear Tina and Eric:

      Further to the discussions with the Court at the status conference last week, we are concerned that there are a substantial number of documents that Google has provided to the State Attorneys General as part of their various investigations leading to their case that were not produced to us when Judge Freeman ordered Google to provide documents to the Publisher Plaintiffs. Specifically, in late July and early August 2021, we received approximately 152,000 documents which we understood to be all the documents that Google provided to the States in connection with their investigations less a small portion of documents related to requests that Ms. Sessions argued were not relevant to the claims brought by the States or brought in our Consolidated Amended Complaint.

      At the conference before Judge Castel on September 24, however, both of you confirmed the States' position that the total number of documents provided to the States by Google was 2 million documents. (Tr. 20:8-9 (Mr. Lanier: "we have been provided over 2 million documents from Google."); Tr. at 23:15-17 (Mr. Mahr: "just so it's clear, there were 2 million documents produced by Google in that investigation."); Tr. at 24:1-7 (Ms. Sessions: "Before the cases were transferred to your Honor, Judge Freeman, in the Northern District, ordered that Google re-produce the 2 million documents that were part of the investigative production to Texas to counsel for the advertiser and plaintiff classes in those cases").) While Ms. Sessions stated (Tr. 24:5) that "Google has done that"—*i.e.*, re-produced the 2 million documents to Publishers that were part of the investigative production to the States, in reality we received only approximately 152,000 documents—



far fewer documents than she represented to the Court had been produced to the Publisher Plaintiffs.

Beyond Judge Freeman's order, Judge Castel has also ordered Google to provide to Publishers (and to the other plaintiff groups) the 2 million documents that Google has provided to the States, and the Court did so without regard to whether Google argues that some of those documents should not have to be produced to the private parties, thus requiring all 2 million documents to be produced to us—over 90 percent of which we have yet to receive.  (Tr. 30:16 – 30:21 (The Court:  "I'm going to require Google to produce, subject to that protective order, the documents that have been produced by Google to the state of Texas and to certain class action plaintiffs in this case, and that it be done in – certainly it should be done within 30 days of the entry of a protective order."); Tr. 31:2-4 (The Court:  "And when you all finish reading the 2 million documents, come back to me and I'll see about letting you read some more.").)

Given that the Publishers have agreed to operate under the protections set forth in your proposed version of a protective order (the final terms for which are subject to further negotiation with all of the parties and of course review and entry by the Court), we see no reason for Google to delay providing to Publishers the approximately 1.85 million documents that Google represented to the Court that it has already provided to us but that in fact have not yet been provided to us, which production would be subject to those same interim terms.

Sincerely,

/s/ Philip Korologos

Philip Korologos

copy via email to:

George A. Zelcs
Korein Tillery LLC
gzelcs@koreintillery.com

Eric Cramer
Berger Montague PC
ecramer@bm.net