**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

JUSTINA K. SESSIONS
Internet: jsessions@wsgr.com
Direct dial: 415-947-2197

December 21, 2021

<u>Via ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of Defendant Google LLC ("Google"), we respectfully submit this response to the Private Plaintiffs' motion for an interim protective order, ECF No. 190 ("Ltr."). Pursuant to Your Honor's Individual Practices, there is no conference scheduled at this time.

On September 24, 2021, Your Honor directed the parties "to negotiate and submit a proposed protective order" in advance of Google producing certain discovery materials. ECF No. 129. As set forth below, Google has diligently sought to do so but disagreements among Plaintiffs have impeded the process (as evidenced by Private Plaintiffs bringing this motion without State Plaintiffs, who are leading the negotiations). Private Plaintiffs' motion is premature in light of those ongoing negotiations, which State Plaintiffs have indicated will conclude in January. Google submits that the Court should direct Plaintiffs to coordinate among themselves, and the parties to progress their negotiations with diligence so that Google is not forced to produce sensitive documents without the benefit of a comprehensive Protective Order in place.

**Summary of Negotiations to Date**

On October 15, Plaintiffs provided Google with a draft interim protective order governing the exchange of pleadings (the "Interim Order") and, separately, a draft protective order governing the exchange of discovery materials (the "Protective Order"). Plaintiffs requested that Google negotiate the Interim Order as "the first order of business," and Google did so. Within a week of receipt, Google had negotiated the terms of the Interim Order and agreed not to oppose Plaintiffs' accompanying motion (filed on October 25, ECF No. 154).

WILSON SONSINI

Dec. 21, 2021
Page 2

Google then turned to the Protective Order. After reviewing Plaintiffs' draft and obtaining client input, Google circulated its comments on the draft to Facebook on November 8. Google did so in response to Plaintiffs' request that Google first consult with Facebook before providing comments to Plaintiffs. On November 15, Plaintiffs requested a meet and confer. Google agreed and provided its comments to Plaintiffs the following day.

Three weeks later, on December 7, Plaintiffs began providing piecemeal comments. The first wave included eight pages of new and substantive provisions that were absent from Plaintiffs' initial draft, and concerned sensitive issues such as Source Code that the parties had never discussed and which are not implicated by the Court's discovery Order, ECF Nos. 129, 168.

On December 13, Plaintiffs informed Google during a meet and confer that their December 7 draft still had not received sign-off by all Plaintiffs and that certain Plaintiffs anticipated adding new substantive provisions. Plaintiffs then emailed Google stating that they anticipated getting "final sign off by [Private Plaintiffs] and a draft no later than" December 16, and requested that Google wait until receiving that draft "before you send over your edits." Ex. A at 1-2.

On December 16, Plaintiffs provided Google with a revised draft Protective Order which contained further substantive provisions that were not part of Plaintiffs' initial draft. The accompanying email stated that Plaintiffs "believe all private plaintiffs have signed off on" this draft, but that "not all state plaintiffs have signed off on this draft." Ex. B at 1. The following day, without any notice to Google, Private Plaintiffs filed the instant letter motion blaming Google for the delay.

We do not understand why Private Plaintiffs represented to the Court that they do not expect to receive Google's response on the Protective Order "for several weeks." Ltr. at 4. At the December 13 meet and confer, Google informed Plaintiffs that it anticipated responding to Plaintiffs' extensive comments in approximately one week, and has since done so.

**Private Plaintiffs Have Failed to Meet and Confer in Good Faith**

State Plaintiffs represented to Google that they would function as a single point of contact on behalf of all Plaintiffs to negotiate both the Interim Order and the Protective Order. Consistent with that representation, until last week State Plaintiffs had not included Private Plaintiffs on any communications with Google regarding the negotiation of either Order. And Private Plaintiffs did

WILSON SONSINI

Dec. 21, 2021
Page 3

not join the November meet and confer in which Google walked State Plaintiffs through Google's edits to the draft Protective Order.[1]

Google spoke with Private Plaintiffs on this issue for the first time last week[2] when they joined a meet and confer scheduled with State Plaintiffs and told Google that they were contemplating filing a motion. Afterwards, Google emailed State Plaintiffs that "[i]t seemed to us that there was some disagreement among the Plaintiffs on how to approach the protective order negotiation process," and suggested that, instead of rushing to Court, that the parties "talk[] through the issues in dispute" on the Protective Order. Ex. A at 1.

On December 16, State Plaintiffs emailed Defendants on behalf of "the plaintiff group collectively" and acknowledged the difficulties they face coordinating among their constituents, but added that "the plaintiff group" hoped to "speak with a unified voice" going forward. Ex. B at 1. State Plaintiffs added that they "intend to continue to try and negotiate . . . in an effort to agree" the Protective Order, but may seek the Court's assistance with any outstanding issues "at some point in January." *Id*. at 2. The following day, Private Plaintiffs filed the instant letter motion without State Plaintiffs.

### Private Plaintiffs' Proposed Order Does Not Afford Appropriate Protections

The documents that are the subject of the Court's Order, ECF Nos. 129, 168, include competitively sensitive information that would harm Google if publicly disclosed. Google made its productions to the Texas Office of the Attorney General ("Texas OAG") pursuant to a protective order that affords Google substantially greater protections than those set forth in Private Plaintiffs' proposed interim order. Those provisions govern inadvertent production, privilege clawbacks, and remedies for improper disclosures (among other things). The other State Plaintiffs agreed to comparable protections.

Google has good cause to insist on comparable protections here. Prior to consolidation, Judge Jordan imposed a comprehensive protective order that included forensic provisions intended

---

[1] While Private Plaintiffs complain that there was a period in which they did not hear from Google for five weeks, Ltr. at 4, that was a consequence of the communication protocol proposed and implemented *by Plaintiffs*. Google was in regular contact with State Plaintiffs during that period.

[2] Private Plaintiffs also point to various written exchanges, some of which pre-date the MDL process. But in each letter Private Plaintiffs simply demanded production and did not seek to negotiate the Protective Order. In the most recent exchange, Private Plaintiffs took the curious position that Google's time to produce discovery was triggered by entry of the Interim Order (concerning pleadings) as opposed to the Protective Order (concerning discovery). ECF No. 190-2. Google confirmed that it would produce once the Protective Order was entered as ordered by the Court, ECF No. 190-3.

WILSON SONSINI

Dec. 21, 2021
Page 4

to dissuade unauthorized disclosures. While Private Plaintiffs seek to portray this provision as an example of Google being unreasonable, Ltr. at 4, they fail to mention that Judge Jordan inserted the provision *sua sponte* in response to a pre-filing leak of the State Plaintiffs' unredacted Amended Complaint. And while Plaintiffs now assert that these kind of protections against unauthorized disclosures are no longer necessary, that is not clearly the case: Google recently learned that Plaintiffs failed to notify some third parties that their highly confidential information (produced to Texas OAG) formed part of the recently filed Third Amended Complaint. For these reasons, the parties continue to negotiate disclosure-protection provisions appropriate to this case.[3] Google respectfully submits that any reproductions of Google's competitively sensitive information to Private Plaintiffs should be made pursuant to a comprehensive Protective Order that clarifies the obligations of the parties.

\* \* \*

Google is prepared to continue negotiating the Protective Order in good faith and believes that further progress can be made without the need for Court intervention at this time. State Plaintiffs indicated just a few days ago that they were willing to continue negotiating with a view to bringing any unresolved issues to the Court, if necessary, at some point in January, Ex. B at 2. As such, Private Plaintiffs' motion is premature.

The broader group of Plaintiffs have not been speaking with a "unified voice" as they aspire to do, and the resulting dysfunction has impeded the negotiation process. Google understands that the draft Protective Order provided to them late last week *still* has not been approved by all Plaintiffs. *Id.* While Google remains willing to negotiate, it is not reasonable to expect Google to negotiate while a subset of Plaintiffs continues to add new provisions.

Accordingly, Google respectfully requests that the Court deny Private Plaintiffs' motion, and instead order that (1) Plaintiffs coordinate to provide Defendants with a consolidated draft incorporating comments from all Plaintiffs within seven days, (2) the Parties are directed to continue promptly negotiating the terms Protective Order, and that (3) if the Parties are unable to reach agreement on the Protective Order, that they submit competing proposals to the Court for resolution by January 28, 2022 (or another deadline of the Court's choosing).

---

[3] The parties discussed the provision at the December meet and confer and Google's counsel agreed to raise Plaintiffs' concerns about the forensic provision with Google.

WILSON SONSINI

Dec. 21, 2021
Page 5

                    Respectfully submitted,

                    */s/ Justina K. Sessions*
                    Justina K. Sessions
                    WILSON SONSINI GOODRICH & ROSATI
                    Professional Corporation
                    One Market Plaza
                    Spear Tower, Suite 3300
                    San Francisco, California 94105
                    Telephone: (415) 947-2197
                    Email: jsessions@wsgr.com

                    Eric Mahr
                    FRESHFIELDS BRUCKHAUS DERINGER US LLP
                    700 13th Street, NW
                    10th Floor
                    Washington, DC 20005
                    Telephone: (202) 777-4545
                    Email: eric.mahr@freshfields.com

                    *Counsel for Google LLC*

cc:    Counsel of Record (via ECF)