UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |

*This Motion Relates To:*

| | |
|---|---|
| **THE STATE OF TEXAS**, *et al.*,<br><br>                      *Plaintiffs*,<br><br>  - against -<br><br>**GOOGLE LLC**,<br><br>                      *Defendant*. | No. 21-CV-6841 (PKC) |

**DEFENDANT GOOGLE LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO SEAL LIMITED PERSONAL INFORMATION IN
EXHIBIT A TO THE DECLARATION OF ANDREW J. EWALT IN SUPPORT OF
DEFENDANT GOOGLE LLC'S MOTION TO DISMISS
<u>COUNTS I THROUGH IV OF STATE PLAINTIFFS' THIRD AMENDED COMPLAINT</u>**

FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555

AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201

WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Fax: (415) 947-2099

*Counsel for Defendant Google LLC*

Pursuant to Rule 5 of this Court's Individual Practices and Rule 6.1(b) of the Local Civil Rules, Defendant Google LLC ("Google") respectfully requests that the Court maintain under seal limited personal information in Exhibit A to the Declaration of Andrew J. Ewalt in Support of Google's Motion to Dismiss Counts I Through IV of State Plaintiffs' Third Amended Complaint ("Ewalt Declaration"). The version of Exhibit A to the Ewalt Declaration filed on the public docket contains narrowly tailored redactions to prevent disclosure of personal information that would significantly harm the privacy interests of Google and Facebook, Inc. ("Facebook") employees.[1] The proposed redactions are highlighted within the version of Exhibit A to the Ewalt Declaration filed under seal.

## BACKGROUND

In accordance with the Court's October 13, 2021 order, No. 1:21-CV-6841 (PKC), ECF No. 159, at 2, Google is contemporaneously filing a Motion to Dismiss Counts I Through IV of State Plaintiffs' Third Amended Complaint ("Motion to Dismiss"). In support of that Motion to Dismiss, Google is submitting the Ewalt Declaration, which appends, as Exhibit A, the Network Bidding Agreement ("NBA") between Google LLC, Google Ireland Limited, Facebook, Inc., and Facebook Ireland Limited, as last executed on September 28, 2018, which Google previously produced to the State of Texas with the beginning Bates number GOOG-TEX-00144513. *See* Ewalt Decl. ¶ 4.

---

[1] In accordance with the Court's prior orders, the version of Exhibit A to the Ewalt Declaration filed on the public docket redacts non-public personal information of both Google employees and Facebook employees. *See* No. 1:21-CV-6841 (PKC), ECF No. 160, at 9 (permitting redaction of names, titles, and contact details of Google employees from the Second Amended Complaint); 161, at 1 (permitting redaction of names, titles, and contact details of Facebook employees from the Second Amended Complaint); 171, at 2 (permitting redaction of names, titles, and contact details of Facebook employees from the Third Amended Complaint); 173, at 1 (clarifying that titles of Facebook senior executives need not be redacted from the Third Amended Complaint); 175, at 2 (permitting redaction of names, titles, and contact details of Google employees from the Third Amended Complaint).

The NBA contains the names of four Google and four Facebook employees who participated in negotiations and the names and job titles of two Google and two Facebook employees who signed the final agreement. *See* Ewalt Decl. Ex. A at 8, 31. This personal information has not appeared on the public docket in this case (except for the name and job title of one of the Google signatories and the job title of one of the Facebook signatories). *See id*. at 31. Google respectfully submits that limited redactions of personal details that have not been publicly disclosed in this case are necessary to protect the privacy interests of these individuals in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), and the Court's previous orders on sealing limited personal information, including names and job titles, in the Second Amended Complaint and Third Amended Complaint. *See supra* note 1.

## **ARGUMENT**

When evaluating motions to seal or redact information, Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors," including "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *See Lugosch*, 435 F.3d at 110; *see also United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050–51 (2d Cir. 1995). A court may issue a "narrowly-tailored" order based on "specific, on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124). The "privacy interests of innocent third parties . . . should weigh heavily" because public court records should not serve to "gratify private spite or promote public scandal." *Amodeo II*, 71 F.3d at 1050–51 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001).

As the Court previously recognized, "the names [and] job titles . . . of . . . Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." No. 1:21-CV-6841 (PKC), ECF No. 160, at 9. This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See, e.g.*, *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction of this information is warranted").

Google requests redaction of the names of five Google employees (and the job title of only one of them). *See* Ewalt Decl. Ex. A at 8, 31.[2] Those names and that job title are the same type of personal information that the Court previously permitted the parties to redact from the Second Amended Complaint and the Third Amended Complaint. *See supra* note 1. The identities of these employees are not at issue in this dispute, which instead concerns the actual provisions within the NBA. Further, in one case, the personal information relates to an individual affiliated with Google Ireland Limited, which is not a named defendant in this dispute. *See* Ewalt Decl. Ex. A at 31. If this personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment. Thus, on balance, the proposed redactions are necessary to protect the privacy interests of Google's employees and will not prevent the Court or the public from evaluating the relevant facts in this dispute.

---

[2] Google takes no position on whether to seal information about Facebook employees, but it has filed a version of the NBA that redacts the type of information about Facebook employees that the Court has previously ordered to remain under seal. *See supra* note 1.

4

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court maintain under seal limited personal information in Exhibit A to the Ewalt Declaration.

Dated: January 21, 2022

Respectfully Submitted,

/s/ *Eric Mahr*
Eric Mahr
Julie Elmer
Andrew J. Ewalt (admitted *pro hac vice*)
Jan Rybnicek (admitted *pro hac vice*)
Lauren Kaplin
Robert J. McCallum
FRESHFIELDS BRUCKHAUS
    DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-4500
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com
jan.rybnicek@freshfields.com
lauren.kaplin@freshfields.com
rob.mccallum@freshfields.com

Justina Sessions
Jonathan Jacobson
Jessica Lonergan
Mikaela Evans-Aziz (*pro hac vice* motion forthcoming)
WILSON SONSINI GOODRICH &
    ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
(415) 947-2000
jsessions@wsgr.com
jjacobson@wsgr.com
jlonergan@wsgr.com
mevansaziz@wsgr.com

John Harkrider
Daniel Bitton
Bradley Justus (admitted *pro hac vice*)
Koren Wong-Ervin (pending *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
jharkrider@axinn.com
dbitton@axinn.com
bjustus@axinn.com
kwongervin@axinn.com

*Counsel for Defendant Google LLC*