February 1, 2022

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl St.
New York, NY 10007

*In re Google Digital Advertising Antitrust Litigation, 1:21-md-03010 (PKC)*

Dear Judge Castel:

We write on behalf of all the private plaintiff groups to inform the Court of Google's continued efforts to evade the Court's repeated orders to produce all of the documents that Google has produced to the States. Despite those orders, Google has once again produced far less than the approximately 2 million documents that Google estimated to have produced to the States. We jointly respectfully request that the Court—once again—order Google to provide all 2 million of those documents to the private plaintiffs and do so by February 11, 2022. We note there is no conference scheduled at this time.

At the conference on September 24, 2021, Google repeatedly referred to its having produced 2 million documents to the States and claimed then that it had "re-produced the 2 million documents" to counsel for the publisher and advertiser classes pursuant to Judge Freeman's order preceding the MDL. Counsel for Google expressly stated, "*in the Texas case*, just so it's clear, there were 2 million documents produced by Google in *that investigation*." (9/24/21 Tr. at 23:15-17 (emphasis added).) Google thus represented to the Court that the 2 million documents it had produced to the States were documents in "that investigation", *i.e.*, the investigation that led to "the Texas case" now before this Court.

On January 22, 2022, Google produced less than half of the 2 million documents to the private plaintiffs, instead producing approximately 884,000 documents. When plaintiffs pointed out this discrepancy to Google, Google claimed for the first time (and contrary to its representations to the Court) that "not all of the approximately 2 million documents referenced at the September hearing were produced to the State Plaintiffs 'in their digital advertising investigations.'" (Letter from Sessions to Davidson, Jan. 31, 2022 at 2; attached hereto as Exhibit A.) Google also made privilege redactions to the documents it produced but did not include a privilege log.

We are thus faced with the following situation:

- Google on September 24, 2021, stated on the record that it had produced 2 million documents to the States "in that investigation" "in the Texas case". (9/24/21 Tr. at 23:15-17.)

- At that same hearing, Google acknowledged that before "the cases were transferred to your Honor, Judge Freeman, in the Northern District, ordered that Google re-produce the 2 million documents that were part of the investigative production to Texas to counsel for the advertiser and" publisher "classes in those cases," but then inaccurately represented that "Google has done that".  (9/24/21 Tr. at 24:1-5.)

- Counsel for Google argued (9/24/21 Tr. at 27:22 – 28:16) that it should not have to produce documents provided to DOJ as part of "a broad-ranging investigation into Google that culminated in the filing of a lawsuit" that "primarily concerns Google's search business and not the display advertising business that is at issue in these cases" in an apparent attempt to reduce its obligation to provide such documents to the private plaintiffs.

- At that hearing, Your Honor made clear, however, that Google was to provide to all the private plaintiffs the 2 million documents that Google has provided to the States.  (9/24/21 Tr. 30:16-21 (The Court:  "I'm going to require Google to produce, subject to that protective order, the documents that have been produced by Google to the State of Texas and to certain class action plaintiffs in this case, and that it be done in – certainly it should be done within 30 days of the entry of a protective order."); 31:2-4 (The Court:  "And when you all finish reading *the 2 million documents*, come back to me and I'll see about letting you read some more.") (emphasis added).)

- Three days after the hearing, on September 27, 2021, counsel for the publisher classes wrote to Google noting that contrary to Google's representation to the Court that it had "re-produced the 2 million documents" to the publisher class, Google had in fact only provided the class approximately 152,000 documents.  (Copy attached hereto as Exhibit B.)

- Without responding to the publisher class's September 27 letter, Google wrote the Court on October 13, 2021, "to correct an error made during the September 24, 2021 case management conference" and stating that while the 2 million documents referenced at the hearing was a "correct" "figure", "it includes documents that Google produced to the Department of Justice in addition to the approximately 152,000 documents that Google produced in response to the Texas AG's civil investigative demand (CID) concerning ad tech issues."  (Dkt. 145.)  Google also noted that it had incorrectly stated to the Court that Google had produced the 2 million documents to some of the private plaintiffs.  *Id.*  <u>Notably, nowhere in its October 13, 2021, letter to the Court to correct Google's misstatements does Google ever assert that the *majority* of its 2 million documents (*i.e.*, the more than 1.15 million documents that Google continues to withhold) were supposedly unrelated to any ad tech investigations, which relation to the Texas AG's ad tech complaint Google expressly made clear at the September 24 conference.</u>

- On October 15, the plaintiffs collectively wrote the Court including to inform the Court of their concerns that Google appeared by its October 13 correspondence to intend to

2

produce only 152,000 documents to the private plaintiffs instead of the 2 million documents it produced to the States. (Dkt. 148.)[1]

- On November 5, 2021, the Court found it "appropriate for the Court to restate its direction at the September 24, 2021 conference regarding document production. Google shall produce to all plaintiffs in the MDL the documents previously produced to any of the State plaintiffs in their digital advertising investigations, whether voluntary, pursuant to CIDs or otherwise. At the risk of redundancy, Google may not withhold from the foregoing those documents that have also been produced to the DOJ." (Dkt. 168.)

- On December 17, 2021, the private plaintiffs sought entry of an interim protective order and prompt production of the "over 2 million-plus documents already produced to the State Plaintiffs." (Dkt. 190.)

- In response, Google nowhere suggested to the Court that it intended to exclude from any production to the private plaintiffs any, let alone more than half, of these documents. (Dkt. 191.)

- On December 21, 2021, the Court granted the private plaintiffs' December 17 request and ordered that "Google shall produce to all plaintiffs in the MDL the documents that Google has previously produced to any of the State plaintiffs in their digital advertising investigations, whether voluntarily, pursuant to CIDs or otherwise. For avoidance of doubt, Google may not withhold from the foregoing those documents that have also been produced to the Department of Justice." (Dkt. 192.)

In addition to being unjustified in light of the Court's clear orders, Google's current view of what is relevant is impermissibly cramped and does not change the Court's orders. Google produced no documents to private plaintiffs with the Bates label "GOOG-NE", whereas the States received 2.13 million documents with such Bates labels. We understand that most of the Google documents quoted or cited in the States' Third Amended Complaint are Bates labeled GOOG-NE. Google also suggests, for instance, that documents related to "online search" are categorically irrelevant. (Ex. A at 2.) But various plaintiffs' complaints make extensive allegations related to Google's search products. (*See, e.g.*, Third Amended Complaint ¶¶ 406-12; Complaint, *Assoc. Newspapers Ltd. v. Google, LLC*, No. 21-cv-03446, ¶¶ 171-83 (S.D.N.Y. Apr. 20, 2021), ECF No. 1.) The Court's orders did not permit Google to comb over and reexamine its production to the State of Texas to decide for itself what was and was not "related to ad tech." Instead, Your Honor ordered Google to produce to plaintiffs all documents that it produced to the State of Texas.

The private plaintiffs believe the Court's orders have been clear to require Google to produce all 2 million-plus documents that Google has represented to the Court (without

---

[1] Notably, Google's January 22 production is deficient even with respect to the documents Google has never disputed must be produced. Although Google produced to Texas 153,551 documents in response to one of Texas's Civil Investigative Demands, Google's recent production to private plaintiffs included only 151,998 of those records.

3

correction) relate to the Texas case—a case that only asserts claims related to Google's ad tech business. In fact, Counsel for the State plaintiffs has confirmed that the State of Texas received 2,284,817 documents from Google as part of its investigation. As the Court has already ordered three times—at the September 24, 2021, conference and in its November 5 and December 21 Orders, the private plaintiffs also should be granted access to these documents. Google should not be permitted to contradict its representations to the Court to try to prevent the private plaintiffs from benefitting from the same productions that Google made to the States that informed the States' ad tech complaint.

We thus respectfully request that the Court again order Google to make a complete production and produce to the private plaintiffs by February 11, 2022, the approximately 1.4 million documents that Google is withholding out of the approximately 2.285 million documents that have previously been produced to the States. We also request that Google provide plaintiffs by February 11, 2022, with a privilege and redaction log for any materials withheld or redacted within that production, as none was included with Google's production on January 20, 2022.

Google moved for this MDL citing the need for efficiency. Respectfully, the Court should not allow Google to now strategically use its chosen means of proceeding with these cases to facilitate gamesmanship and delay.

Respectfully,

**For the Publisher Class Plaintiffs**

/s/ Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
Philip C. Korologos
pkorologos@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2300
Fax: (212) 446-2350

David Boies
dboies@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
Fax: (914) 749-8300

James Denvir
jdenvir@bsfllp.com
Jesse Panuccio
jpanuccio@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
Tel.: (202) 895-7580
Fax: (202) 237-6131

Mark C. Mao
mmao@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6820
Fax: (415) 293-6899

Sabria A. McElroy
smcelroy@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel.: (954) 377 4216
Fax: (954) 356-0022

/s/ George A. Zelcs
KOREIN TILLERY LLC
George A. Zelcs
gzelcs@koreintillery.com
Randall P. Ewing
rewing@koreintillery.com
Marc A. Wallenstein
mwallenstein@koreintillery.com
Jonathon D. Byrer
jbyrer@koreintillery.com
Ryan A. Cortazar
rcortazar@koreintillery.com
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750
Fax: (312) 641-9751

Stephen M. Tillery
stillery@koreintillery.com
Michael E. Klenov
mklenov@koreintillery.com
Carol L. O'Keefe
cokeefe@koreintillery.com
**KOREIN TILLERY LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844
Fax: (314) 241-3525

*Counsel for Publisher Plaintiffs Genius Media Group, Inc., The Nation Company, L.P., and The Progressive, Inc.*


/s/ Eric L. Cramer
BERGER MONTAGUE PC
Eric L. Cramer
ecramer@bm.net
Michael C. Dell'Angelo
mdellangelo@bm.net
Caitlin G. Coslett
ccoslett@bm.net
Patrick F. Madden
pmadden@bm.net
Robert Litan
rlitan@bm.net
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604

Sophia M. Rios
srios@bm.net
**BERGER MONTAGUE PC**
401 B Street, Suite 2000
San Diego, CA 92101
Tel.: (619) 489-0300
Fax: (215) 875-4604

        Daniel J. Walker
        dwalker@bm.net
        **BERGER MONTAGUE PC**
        2001 Pennsylvania Ave., NW Suite 300
        Washington DC 20006
        Tel.: (202) 559-9745

        Michael K. Yarnoff
        myarnoff@kehoelawfirm.com
        **KEHOE LAW FIRM, P.C.**
        Two Penn Center Plaza
        1500 JFK Blvd., Suite 1020
        Philadelphia, PA 19102
        Telephone: (215) 792-6676

        *Counsel for Publisher Plaintiff Sterling International Consulting Group*

**For the Advertiser Class Plaintiffs**

        /s/ Dena C. Sharp
        Dena C. Sharp (pro hac vice)
        Jordan Elias (pro hac vice)
        Scott M. Grzenczyk (pro hac vice)
        **GIRARD SHARP LLP**
        601 California Street, Suite 1400
        San Francisco, CA 94108
        Tel: (415) 981-4800
        Fax: (415) 981-4846
        dsharp@girardsharp.com
        jelias@girardsharp.com
        scottg@girardsharp.com

        Archana Tamoshunas (AT-3935)
        **TAUS, CEBULASH & LANDAU, LLP**
        80 Maiden Lane, Suite 1204
        New York, NY 10038
        Tel: (212) 931-0704
        Fax: (212) 931-0703
        atamoshunas@tcllaw.com

April Lambert (pro hac vice)
RADICE LAW FIRM, PC
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
alambert@radicelawfirm.com

*Attorneys for Advertiser Plaintiffs Surefreight Global LLC d/b/a Prana Pets and Hanson Law Office, as successor-in-interest to Hanson Law Firm, PC*

/s/ Tina Wolfson
Tina Wolfson (TW-1016)
Theodore W. Maya (pro hac vice forthcoming)
Bradley K. King (BK-1971)
Rachel R. Johnson (pro hac vice forthcoming)
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com
rjohnson@ahdootwolfson.com

*Attorneys for Advertiser Plaintiff Vitor Lindo*


/s/ Fred T. Isquith Jr.
Fred T. Isquith, Jr. (FI-1064)
**ISQUITH LAW**
220 East 80th Street
New York, NY 10075
Tel: (607) 277-6513
isquithlaw@gmail.com

Fred T. Isquith Sr.
Fred T. Isquith, Sr. (FI-6782)
Robert S. Schachter (RS-7243)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue, 32nd Floor
New York, NY 10010

8

Tel: (212) 223-3900
Fax: (212) 371-5969
ftisquith@zsz.com
rschachter@zsz.com
sshah@zsz.com

Solomon B. Cera (admitted pro hac vice)
Pamela A. Markert (admitted pro hac vice)
**CERA LLP**
595 Market St., Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230
Fax: (415) 777-5189
scera@cerallp.com
pmarkert@cerallp.com

Kate. M. Baxter-Kauf
Heidi Silton (admitted pro hac vice)
Kate M. Baxter-Kauf (admitted pro hac vice)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401-2159
Tel: (612) 596-4092
hmsilton@locklaw.com
kmbaxter-kauf@locklaw.com

Richard Vita (pro hac vice forthcoming)
**VITA LAW OFFICES, P.C.**
100 State Street, Suite 900
Boston, MA 02109
Tel: (617) 426-6566
rjv@vitalaw.com

*Attorneys for Plaintiffs SPX Total Body Fitness LLC, d/b/a The Studio Empower, SkinnySchool LLC d/b/a/ Maria Marques Fitness, and Mint Rose Day Spa LLC, on Behalf of Themselves and All Others Similarly Situated*

/s/ Jonathan Rubin
Jonathan L. Rubin (Pro Hac Vice)
**MOGINRUBIN LLP**
2101 L Street, NW, Suite 300
Washington, D.C. 20037
(202) 630-0616
jrubin@moginrubin.com

Daniel J. Mogin (Pro Hac Vice)
Jennifer M. Oliver (N.Y. Bar No. 4547428)
Timothy Z. LaComb (Pro Hac Vice)
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

*Counsel for Plaintiffs, Cliffy Care, Kinin, Rodrock, and Raintree*

Richard F. Lombardo (Pro Hac Vice Forthcoming)
Peter F. Rottgers (Pro Hac Vice Forthcoming)
*SHAFFER LOMBARDO SHURIN*
2001 Wyandotte Street
Kansas City, MO 64108
(816) 931-0500
rlombardo@sls-law.com
prottgers@sls-law.com

*Counsel for Plaintiffs, Cliffy Care, Rodrock, and Raintree*

Jason S. Hartley (Pro Hac Vice Forthcoming)
Jason M. Lindner (Pro Hac Vice Forthcoming)
**HARTLEY LLP**
101 W. Broadway, Ste 820
San Diego, CA 92101
(619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Counsel for Plaintiff, Kinin*

10

**For the Direct Newspaper Publishers**

/s/ Serina M. Vash
Serina M. Vash
New York Bar No.: 2773448
svash@hermanjones.com
**HERMAN JONES LLP**
153 Central Avenue, # 131
Westfield, NJ 07090
(404) 504-6516

John C. Herman
jherman@hermanjones.com
**HERMAN JONES LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6500

Paul J. Geller
pgeller@rgrdlaw.com
Stuart A. Davidson
sdavidson@rgrdlaw.com
Alexander C. Cohen
Maxwell H. Sawyer
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000

David W. Mitchell
davidm@rgrdlaw.com
Steven M. Jodlowski
sjodlowski@rgrdlaw.com
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

Paul T. Farrell, Jr.
paul@farrellfuller.com
Michael J. Fuller, Jr.
mike@farrellfuller.com
**FARRELL & FULLER, LLC**
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
(939) 293-8244

        Robert P. Fitzsimmons
bob@fitzsimmonsfirm.com
Clayton J. Fitzsimmons
clayton@fitzsimmonsfirm.com
Mark A. Colantonio
mark@fitzsimmonsfirm.com
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Avenue
Wheeling, WV 26003
(304) 277-1700

*Co-Counsel for the Newspaper Plaintiffs*

**For Associated Newspapers Ltd.**

/s/ John Thorne
John Thorne
Daniel G. Bird
Eric J. Maier
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, DC 20036
202 326-7900
jthorne@kellogghansen.com
dbird@kellogghansen.com
emaier@kellogghansen.com

*Counsel for Associated Newspapers Ltd. and Mail Media, Inc.*

Copy to All Counsel: via ECF