# EXHIBIT A



Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105

O: 415-947-2000

JUSTINA SESSIONS
415-947-2197
jsessions@wsgr.com

January 31, 2022

**VIA ELECTRONIC TRANSMISSION**

Stuart Davidson
sdavidson@rgrdlaw.com
Robins Geller Rudman & Dowd LLP
120 East Palmetto Park Road, Suite 200
Boca Raton, FL 33432
Tel.: (561) 750-3000

Re:   *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC)

Dear Stuart:

I write in response to your email dated January 27, 2022 to my colleague, Vadim Egoul, concerning Google's January 20 document production pursuant to the Court's Orders. Those Orders required Google to produce "those documents that Google has previously produced to the State of Texas and to certain class plaintiffs," ECF No. 129, and "produce to all plaintiffs in the MDL the documents previously produced to any of the state plaintiffs in their digital advertising investigations," ECF No. 168.

Google has now done so. In addition to the approximately 152,000 documents produced to the State of Texas in response to its September 2019 Civil Investigative Demand concerning ad tech (the "Texas Ad Tech CID"),[1] Google's production also contains documents produced to the United States Department of Justice ("DOJ") and previously made available to the State Plaintiffs which are potentially related to ad tech.

---

[1] The Texas Ad Tech CID comprised 104 Requests For Documents, all related to ad tech issues. Google subsequently produced this same set of documents responsive to the Texas Ad Tech CID to DOJ. These documents are included in Google's production (bearing GOOG-TEX Bates numbers), but we did not include the duplicate set bearing DOJ Bates numbers.

WILSON SONSINI

January 31, 2022
Page 2

The reason for the purported "discrepancy" noted in your email is that not all of the approximately 2 million documents referenced at the September hearing were produced to the State Plaintiffs "in their digital advertising investigations." That figure includes documents made available to Texas and other states who were, at the time, pursuing a multi-pronged investigation into "online advertising, online search, and mobile operating systems" and coordinating with DOJ's own multifaceted investigation. Google understands the spirit of the Court's Orders to be to put the Private Plaintiffs on equal footing with the State Plaintiffs with respect to the subject matter of this case, *i.e.*, digital advertising technology. Google therefore reviewed the DOJ production to identify and produce documents that concern (or potentially concern) ad tech.

To capture additional documents potentially related to ad tech within the multifarious DOJ production, Google did the following:

(1) **Volumes related exclusively to ad tech issues**. Google identified production volumes that comprised all or mostly all ad tech related documents and produced all documents in these volumes to Private Plaintiffs.

(2) **Volumes related exclusively to non-ad tech issues**. Google identified certain irrelevant production volumes, for example, documents produced as part of the European Commission's Android and Search investigations. Google excluded these documents from the production to Private Plaintiffs.

(3) **Mixed volumes related to both ad tech and non-ad tech issues**. For the remaining volumes, Google reviewed documents for material that is potentially related to ad tech and included such documents in its production to Private Plaintiffs. The methodology used to identify the documents in these mixed volumes is described below.

Mixed volumes included both custodial and non-custodial volumes. Google produced the ad tech related documents from the mixed non-custodial volumes. For the mixed custodial volumes, Google identified ad tech documents using the same custodians and search terms agreed to with DOJ. Google identified and excluded the search strings that related exclusively to non-ad tech issues, and considered the remainder to be potentially ad tech related. These potentially ad tech related search term strings were run across all of the mixed custodial volumes, and Google included all resulting documents in its production to Private Plaintiffs.

Additionally, out of an abundance of caution, Google identified custodians whose responsibilities focused on ad tech, and for those custodians, Google produced all of their custodial documents in the mixed volumes (regardless of the search string hits).

WILSON SONSINI

January 31, 2022
Page 3

          Sincerely,

          */s/ Justina K. Sessions*
          Justina K. Sessions

          *Counsel for Defendants*
          *Google LLC, Alphabet Inc., and YouTube, LLC*

Copies to:

Eric Mahr
eric.mahr@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Tel.: (202) 777-4545

Kevin J. Orsini
korsini@cravath.com
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel.: (212) 474-1596

Caitlin Goldwater Coslett
ccoslett@bm.net
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3057

Eric J. Maier
emaier@kellogghansen.com
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel.: (202) 326-7923

WILSON SONSINI

January 31, 2022
Page 4

Theodore Maya
tmaya@ahdootwolfson.com
Ahdoot & Wolfson, PC
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
Tel.: (310) 474-9111

Jonathan Rubin
jrubin@moginrubin.com
MoginRubin LLP
1615 M Street, NW, Third Floor
Washington, DC 20036
Tel.: (202) 630-0616

Fred T. Isquith, Jr.
fisquith@zsz.com
Zwerling, Schachter & Zwerling, LLP
41 Madison Avenue
New York, NY 10010
Tel.: (212) 223-3900

Kate M. Baxter-Kauf
kmbaxter-kauf@locklaw.com
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Tel.: (612) 339-6900