

Wilson Sonsini Goodrich & Rosati
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105

O: 415-947-2000

JUSTINA K. SESSIONS
Internet: jsessions@wsgr.com
Direct dial: (415) 947-2197

February 2, 2022

VIA CM/ECF

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC)

Dear Judge Castel:

We write in response to Private Plaintiffs' February 1, 2022 joint letter to the Court, ECF No. 239. The Court should deny Private Plaintiffs' request because it seeks documents that were not "produced to any of the state plaintiffs in their digital advertising investigations[.]" ECF No. 168. Pursuant to Your Honor's individual practices, we note that no conference is currently scheduled.

Google has complied fully with the Court's Orders, ECF Nos. 129 and 168. Private Plaintiffs now demand over a million irrelevant documents exceeding the scope of the Court's Orders. Their request should be denied.

The Court's September 24 Order required production of "those documents that Google has previously produced to the State of Texas and to certain class plaintiffs." ECF No. 129 at 1. Google has produced to the Private Plaintiffs all documents that Google previously produced to Texas in response to the Texas AG's September 2019 civil investigative demand concerning digital advertising ("Ad Tech CID") and later reproduced to certain class plaintiffs in the Northern District of California suits.

The Court's November 5 Order required production of additional documents which had not previously been produced to any Private Plaintiffs, specifically, documents "produced to any of the state plaintiffs in their digital advertising investigations[.]" ECF No. 168. Google has produced the digital advertising related documents that Google produced to the DOJ and subsequently made available to State Plaintiffs.

WILSON
SONSINI

February 2, 2022
Page 2

As set forth below, Private Plaintiffs are now seeking a third set of documents, documents that were not produced in connection with any "digital advertising investigations." The documents Private Plaintiffs now seek are not only beyond the scope of this Court's Orders, they are not relevant to this ad tech case because they concern different subjects such as Google's search engine and mobile operating system.

To justify this further request, Private Plaintiffs latch onto the 2 million document figure that Texas offered at the September Case Management Conference, without regard for the substance of the documents or investigations. As Google clarified in its October letter:

> "Counsel for Google explained to the Court that Google had produced 2 million documents to the State of Texas. While that figure is correct, it includes documents that Google produced to the Department of Justice in addition to the approximately 152,000 documents that Google produced in response to the Texas AG's civil investigative demand (CID) concerning ad tech issues." ECF No. 145 at 1.

The totality of documents produced to the DOJ included subjects well beyond digital advertising. Google produced documents to the DOJ as part of its broad-ranging investigation that has resulted in the lawsuits relating to Google's search and mobile operating system businesses currently pending in the District of Columbia. *See* 9/24/21 Tr. 28:3-16; *see also* Am. Compl., *United States et al. v. Google LLC*, Case No. 1:20-cv-03010-APM, ECF No. 94 (D.D.C. Jan. 15, 2021). Google made those same documents available to certain State Plaintiffs and other states who were, at the time, also pursuing a multi-pronged investigation into "online advertising, online search, and mobile operating systems" and coordinating with the DOJ's own multifaceted investigation.[1] Some State Plaintiffs joined the D.C. lawsuit. *Id.*

Understanding the Court's Orders to require Google to produce to Private Plaintiffs the documents related to the digital advertising investigations, Google reproduced the digital advertising related (or potentially digital advertising related) documents from its broader, multi-topical production to the DOJ. *See* ECF No. 239-1 at 2. These are the documents that "informed the States' ad tech complaint." ECF No. 239 at 4. The remaining documents that Private Plaintiffs now seek relate to other topics, *e.g.*, Google's Android mobile operating system, and were provided to State Plaintiffs because they were also investigating those other topics at that time. These documents are irrelevant in this case.

Private Plaintiffs also misrepresent to the Court the contents of Google's January 20 document production. Google did not "suggest[] . . . that documents related to 'online search'

---

[1] Had plaintiffs inquired about the GOOG-DOJ vs. GOOG-NE bates numbers before filing their letter, ECF No. 239 at 3, Google would have offered to provide Private Plaintiffs with a cross-reference file that will allow them to match documents bearing GOOG-DOJ bates numbers with the same documents bearing GOOG-NE bates numbers. Google is preparing that file.

are categorically irrelevant." ECF No. 239 at 3. Instead, Google made clear that it excluded volumes "related exclusively to non-ad tech issues" and "identified and excluded the search strings that related exclusively to non-ad tech issues, and considered the remainder to be potentially ad tech related." ECF No. 239-1 at 2 (emphasis added). None of the allegations cited by Private Plaintiffs in their letter relate exclusively to Google's search business; to the contrary, all of these allegations are related to Google's digital advertising business.[2] *See* ECF No. 195, Third Amended Complaint ¶¶ 406-12 (alleging "Google cuts user traffic to publishers that use header bidding"); Complaint, *Associated Newspapers Ltd. et al. v. Google LLC et al.*, No. 1:21-cv-03446-PKC, ECF No. 1 ¶¶ 171-83 (S.D.N.Y. Apr. 20, 2021) (similarly alleging Google uses its search engine to discipline publishers who use header bidding). Indeed, Private Plaintiffs plainly state that the Texas case "only asserts claims related to Google's ad tech business." ECF No. 239 at 4. For the avoidance of any doubt, Google included within its reproduction documents relating to header bidding, so the Private Plaintiffs' cited header-bidding allegations are covered by the productions already completed.

Plaintiffs have not meaningfully challenged Google's methodology for identifying those documents potentially related to ad tech. As set forth in Google's letter to Plaintiffs, ECF No. 239-1 at 2, Google reproduced in full production volumes related exclusively to ad tech issues, and excluded production volumes related exclusively to non-ad tech issues (such as documents produced as part of the European Commission's Android and search investigations). For production volumes that commingled ad tech documents and non-ad tech documents, Google took a two-pronged, belt-and-suspenders approach. First, Google produced every document that hit on a search term string potentially related to ad tech. Second, Google produced every document from custodians whose responsibilities focused on ad tech.

Finally, Private Plaintiffs sneak in a new request for a "privilege and redaction log for any materials withheld or redacted within [Google's January 20] production[.]" ECF No. 239 at 4. Google did not withhold or redact documents from its reproduction, so no log need be provided. As Private Plaintiffs understand, Google's January 20 production was a reproduction of documents that were previously produced to the DOJ and then State Plaintiffs. Any redactions made or documents withheld were in connection with the original productions in response to the DOJ's document requests. Google is not relying on this production to satisfy any discovery requests made by Private Plaintiffs and is not relying on any unstated privilege assertion to withhold documents from its production. Producing a privilege log in this context would open the door for Private Plaintiffs to attempt to litigate privilege calls that the

---

[2] Examples of search- or operating system-related but not ad tech related materials include agreements relating to the distribution of Google's search engine, which are at issue in the D.C. lawsuit. *See* Am. Compl., *United States et al. v. Google LLC*, Case No. 1:20-cv-03010-APM, ECF No. 94 (D.D.C. Jan. 15, 2021).

**WILSON SONSINI**

February 2, 2022
Page 4

investigating parties themselves chose not to challenge (or that were resolved) during the investigations.

      For these reasons, Google requests that the Court deny Private Plaintiffs' request for a privilege log, as Google has not withheld documents from its January 20 reproduction on the basis of privilege, and deny their request for additional, irrelevant documents on top of the over 850,000 documents Google already produced.

      Respectfully,

      */s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER
   US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Counsel for Defendants*
*Google LLC, Alphabet Inc., and YouTube, LLC*

cc:    All Counsel of Record (via CM/ECF)