

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105

O: 415-947-2000

JUSTINA K. SESSIONS
Internet: jsessions@wsgr.com
Direct dial: (415) 947-2197

February 6, 2022

<u>VIA CM/ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *In re: Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC)

Dear Judge Castel:

    We write in response to Private Plaintiffs' February 4, 2022 letter to the Court, ECF No. 241. Pursuant to Your Honor's individual practices, we note that no conference is currently scheduled.

    Private Plaintiffs' most recent letter does not justify expanding the scope of the Court's Orders and requiring Google to turn over to Private Plaintiffs over a million documents that do not concern ad tech matters. Nor have they provided any entitlement to a privilege log, as no documents were withheld from or redacted in the January 20 reproduction on the basis of privilege. Instead, Private Plaintiffs now criticize the way Google located potentially ad tech related documents by pointing to perceived omissions or discrepancies in Google's production. The alleged discrepancies—which Google does not concede and has not been given information to assess—do not suggest that Google should produce documents that concern other investigations unrelated to digital advertising. If anything, their letter demonstrates that Private Plaintiffs prematurely rushed to request the Court's intervention.

    Google is willing to meet and confer with Private Plaintiffs to resolve any questions they have about Google's document production. Private Plaintiffs, however, did not raise any of the purported discrepancies with Google before filing their letter. Thus, we are not aware of the bases for which Private Plaintiffs claim that documents are "withheld," and need further information from them to better understand their assertions and determine if there is, indeed, any discrepancy to be resolved. To that end, I reached out to Counsel for Associated Newspapers, Ltd. and Mail Media, Inc. on Friday regarding their assertion that documents were

**WILSON SONSINI**

February 6, 2022
Page 2

missing.  Counsel did not identify or describe the allegedly missing documents, did not otherwise explain the basis for their assertion, and provided no information from which Google could test it.  All this simply illustrates the need to meet and confer before raising discovery questions with the Court.

      Google has complied fully with the Court's Orders.  For the reasons explained in Google's February 2 letter, ECF No. 240, the Court should deny Private Plaintiffs' requests for documents unrelated to ad tech and a privilege log.  To the extent that Private Plaintiffs have specific questions about what is included in Google's January 20 reproduction, they should first meet and confer with Google.

      Respectfully,

      */s/ Justina K. Sessions*
      Justina K. Sessions
      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation
      One Market Plaza
      Spear Tower, Suite 3300
      San Francisco, California 94105
      Telephone: (415) 947-2197
      Email: jsessions@wsgr.com

      Eric Mahr
      FRESHFIELDS BRUCKHAUS DERINGER
          US LLP
      700 13th Street, NW
      10th Floor
      Washington, DC 20005
      Telephone: (202) 777-4545
      Email: eric.mahr@freshfields.com

      *Counsel for Defendants*
      *Google LLC, Alphabet Inc., and YouTube, LLC*

cc:    All Counsel of Record (via CM/ECF)