



601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800

2600 West Olive Avenue, Suite 500
Burbank, CA 91505
(310) 474-9111

February 9, 2022

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *In re Google Digital Advertising Antitrust Litig.*, 1:21-md-3010 (PKC)

Dear Judge Castel:

      We represent advertiser plaintiffs Surefreight Global LLC d/b/a Prana Pets; Hanson Law Office, as successor-in-interest to Hanson Law Firm, PC; and Vitor Lindo ("Surefreight Plaintiffs").  No conference is currently scheduled.

      We write to request that the Court establish a process and schedule for the appointment of interim lead counsel for the proposed class or classes of advertisers under Federal Rule of Civil Procedure 23(g)(3).  Mindful of the Court's directive at the September 2021 conference, counsel for the various advertiser plaintiffs have conferred several times since then in an attempt to coordinate their efforts, ideally through an agreed-upon leadership structure, but have not been able to agree on how to "speak with approximately one voice."  (9/24/21 Hr'g Tr. at 33:2.) Given this circumstance, we seek the Court's assistance to timely resolve the question of interim leadership for the advertisers.

      After filing the first class action arising from Google's ad-tech monopoly, our clients advanced consolidated antitrust claims in the Northern District of California for a proposed class of Google advertisers seeking damages on transactions since 2016.  (1:21-cv-07001-PKC.) On April 26, 2021, following leadership proceedings and a hearing, U.S. District Judge Beth L. Freeman of the Northern District appointed the undersigned counsel for Surefreight Plaintiffs to serve as interim co-lead counsel for the proposed class, supported by an executive committee of Archana Tamoshunas of Taus, Cebulash & Landau, LLP and April Lambert of Radice Law Firm, PC.  (*Id.*, Doc. 133.)

      This MDL also includes two other groups of advertiser plaintiffs: (1) the SPX Plaintiffs, who filed in the Northern District of California and proposed to represent a class of advertisers on Facebook (1:21-cv-06870-PKC); and (2) the Cliffy Care Plaintiffs, who filed in federal court in the District of Columbia and proposed to represent a class of persons who placed display

Hon. P. Kevin Castel
February 9, 2022
Page 2

advertisements other than through Facebook (1:21-cv-06910-PKC).  On July 21, 2021, before *Cliffy Care* was transferred to this MDL, the court in that case granted MoginRubin LLP's uncontested application for appointment as interim counsel for the class proposed there.  (*Id.*, Doc. 31.)  The classes proposed by both the Cliffy Care and SPX Plaintiffs were limited to transactions occurring in or after September 2018, when Google and Facebook entered their allegedly anticompetitive network-bidding agreement, and each suit asserted only a claim under Section 1 of the Sherman Act based on that agreement.  Because the Surefreight Plaintiffs filed their most recent complaint before this Google-Facebook agreement became public, we have not yet had an opportunity to include allegations regarding the agreement and a corresponding Section 1 claim.

A single leadership group for advertisers that decides how to pursue the claims of advertisers in a single complaint will best serve the interests of all plaintiffs and proposed class members.  The various advertiser counsel have had discussions on leadership, but have been unable to agree on a leadership structure.  At this point, therefore, Surefreight Plaintiffs believe it is necessary for the Court to resolve issues related to leadership of the advertiser cases.  Establishing clear lines of authority before the Court issues its decision on Google's motion to dismiss the States' operative complaint will ensure that advertiser counsel can promptly prepare their own pleading without delay or complications caused by ambiguities or disputes concerning leadership for the advertisers.  More broadly, appointing interim lead counsel will streamline the litigation and advance its orderly prosecution, including by promoting the coordinated and non-duplicative review of the documents Google has produced.  In contrast, separate leadership groups pursuing claims of overlapping proposed classes of advertisers in separate complaints would create inefficiencies and needlessly complicate the proceedings, to the detriment of advertisers and the other plaintiffs whose claims are centralized here.

We therefore respectfully request that the Court entertain applications for the appointment of interim lead counsel for the advertisers not to exceed twelve double-spaced pages by February 18, 2022, with any party allowed to submit a response of up to five double-spaced pages within one week thereafter (and no reply), or through such other procedure the Court deems appropriate and convenient.  For the avoidance of doubt, the Court may also wish to establish an overall MDL leadership structure, by formalizing membership of the coordinating committee that has been working on behalf of all plaintiffs, or otherwise.

Before submitting this letter, we conferred with counsel for all plaintiff groups.  The SPX Plaintiffs and the Cliffy Care Plaintiffs do not consent to the above proposal.

Respectfully,

/s/ *Dena C. Sharp*
Dena C. Sharp
GIRARD SHARP LLP

/s/ *Tina Wolfson*
Tina Wolfson
AHDOOT & WOLFSON, P.C.