UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE ADVERTISING ANTITRUST LITIGATION | 21-md-3010 (PKC) |
| This document relates to:<br><br>CLIFFY CARE LANDSCAPING, LLC, *et al.* on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br>v.<br><br>FACEBOOK, INC., GOOGLE LLC, and ALPHABET INC.<br>    *Defendants*. | Civil Action No. 1:21-cv-6910 (PKC) |

**APPLICATION OF CLIFFY CARE LANDSCAPING, LLC *ET AL.*
FOR APPOINTMENT OF INTERIM LEAD COUNSEL FOR THE
CLASS OF NON-FACEBOOK ADVERTISERS HARMED BY THE
FACEBOOK-GOOGLE NETWORK BIDDING AGREEMENT**

Pursuant to Federal Rule of Civil Procedure 23(g), plaintiffs in the consolidated cases, Cliffy Care Landscaping LLC, Kinin, Inc., Raintree Medical and Chiropractic Center LLC, and Rodrock Chiropractic, PA (the "*Cliffy Care* plaintiffs"), hereby move for an order designating MoginRubin LLP as Interim Lead Class Counsel for the class of digital advertisers harmed by the Facebook-Google "Network Bidding Agreement."[1] The *Cliffy Care* plaintiffs seek to represent only the class of digital advertisers asserting claims under Section 1 of the Sherman

---

[1] The "Network Bidding Agreement" was referred to internally by the defendants and in the media as "Jedi Blue." A redacted copy of the agreement was filed in the MDL court docket as Doc 180-1.

Act and for which *Cliffy Care*'s counsel, MoginRubin LLP, was already appointed interim lead counsel by the District Court for the District of Columbia prior to transfer and centralization of this case by the MDL panel. The *Cliffy Care* plaintiffs and the class they seek to represent were harmed by the direct effect of the Network Bidding Agreement on the operation of certain final auctions on the Google Exchange as alleged in the Consolidated Amended Class Action Complaint (No. 21-6910, Doc 25), the only class complaint in this MDL asserting such claims. The *Cliffy Care* plaintiffs seek no leadership position of any monopolization class and object to being led by counsel seeking to represent a monopolization class or to assert monopolization claims. Indeed, counsel seeking appointment as lead class counsel for advertisers asserting monopolization or other claims have significant conflicts that preclude them from representing the *Cliffy Care* class.

By Order entered on February 11, 2022 (Doc 249), the Court agreed to "entertain written application for the appointment of Interim Counsel for the Putative Class of Advertisers filed by February 23, 2022." The Court simultaneously terminated a letter motion (Doc 248) submitted by counsel for advertiser plaintiffs Surefreight Global LLC d/b/a Prana Pets, Hanson Law Office, as successor-in-interest to Hanson Law Firm, PC, and Vitor Lindo (the "*Surefreight* plaintiffs") requesting the Court to establish "a process and schedule for the appointment of interim lead counsel for the proposed class *or classes* of advertisers" (emphasis supplied). As the *Surefreight* letter recognizes, the various antitrust class actions centralized in the captioned MDL involve several separate and distinct classes of digital advertisers each with separate and distinct (and sometimes conflicting) legal claims and rights. The differences between the advertiser classes are so material and substantial in nature that no single interim class counsel can adequately or faithfully represent the interests of the members of all of the advertiser classes.

2

The *Cliffy Care* plaintiffs and the members of their proposed class are advertisers that were harmed by bidding on the Google Exchange for display inventory sold by publishers that participated in the 2018 Network Bidding Agreement between Facebook, now known as Meta Platforms, Inc. ("Meta")) and Google (and its parent corporation, Alphabet, collectively "Google"). The proposed *Cliffy Care* class, therefore, is composed of a limited number of only those digital advertisers transacting on or after September 2018 on the Google Exchange for digital display space sold by participating publishers. These advertisers paid an inflated price because the Network Bidding Agreement biased the outcome of the final auction on the Google Exchange against any non-Facebook advertiser that won space sold by a publisher participating in the Facebook-Google arrangement. They allege claims only under Section 1 of the Sherman Act, which prohibits unreasonable restraints of trade in any line of commerce, and are brought against defendants, Google and Meta. Only the *Cliffy Care* class asserts these claims.

By contrast, the *Surefreight* plaintiffs propose to represent a class of *all* digital advertisers who allegedly paid an inflated market price for digital display space due to Google's years-long monopolization of the ad-tech stack commencing well before the Network Bidding Agreement arose and concerning conduct wholly unrelated to it. Their claims sound only in Section 2 of the Sherman Act, which prohibits monopolization or attempted monopolization of any line of commerce and are brought solely against Google. The legal elements, the nature of the proof, and standards of review are significantly different between Section 1 and Section 2 claims.

A third group of plaintiffs, consisting of SPX Total Body Fitness LLC, SkinnySchool LLC d/b/a Maria Marquis Fitness and Mint Rose Day Spa (the "*SPX* plaintiffs," No. 1:21-cv-06870-PKC), proposes to represent a class of Facebook advertisers (whose members, therefore, are expressly excluded from the *Cliffy Care* class), also claiming to have been harmed by the

Network Bidding Agreement on or after September 2018. But they also allege certain mergers including in 2009 and other conduct related to digital advertising sales as far back as 2014.[2] Their claims sound in Section 1 of the Sherman Act but are brought solely against Google. There is zero overlap between the claims asserted by the members of the proposed *SPX* class and the *Cliffy Care* class; the *SPX* class is comprised solely of customers of Facebook, while the *Cliffy Care* class assert claims as customers of the Google Exchange that *were not* customers of Facebook. Thus, the claims asserted by the *SPX* and *Cliffy Care* advertiser classes are totally distinct and mutually exclusive.

The members of the *Cliffy Care* class have a common interest in the appointment of qualified counsel, skilled, and experienced in antitrust class actions, with an unadulterated duty to pursue their Section 1 claims against Meta and Google and to maximize their recovery. As detailed in the accompanying supporting memorandum, MoginRubin LLP (which was appointed interim lead counsel for the *Cliffy Care* class by the District of the District of Columbia on July 22, 2021 (Doc 31, No. 21-6910) before being transferred by the MDL panel), together with their co-counsel, Hartley LLP and Shaffer Lombardo Shurin, P.C., have the combined experience in large-scale antitrust litigation to lead the case on behalf of the *Cliffy Care* plaintiffs and the plaintiff class. All plaintiffs' counsel in the consolidated cases support the appointment of MoginRubin LLP as lead counsel for the *Cliffy Care* class.

The *Cliffy Care* plaintiffs, therefore, respectfully request appointment of Jonathan L. Rubin, Daniel J. Mogin, and Jennifer M. Oliver of the firm of MoginRubin LLP as interim lead class counsel for the *Cliffy Care* class.

---

[2] *See, e.g.* Complaint, *Negron v. Google*, No. 1:21-cv-6870 (PKC) (filed Feb. 1, 2021), at ¶¶ 60, 73-84 &146.

February 23, 2022

/s/ Jonathan Rubin
Jonathan L. Rubin
(D.C. Bar No. 353391)
**MOGINRUBIN LLP**
2101 L Street, N.W.
Washington, D.C. 20037
(202) 630-0616
jrubin@moginrubin.com

Daniel J. Mogin
Jennifer M. Oliver
Timothy Z. LaComb
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

*Counsel for Plaintiffs Cliffy Care, Kinin, Rodrock, and Raintree*

Richard F. Lombardo
Peter F. Rottgers
**SHAFFER LOMBARDO SHURIN, P.C.**
2001 Wyandotte Street
Kansas City, MO 64108
(816) 931-0500
rlombardo@sls-law.com
prottgers@sls-law.com

*Counsel for Plaintiffs Cliffy Care, Rodrock, and Raintree*

5

Jason S. Hartley
Jason M. Lindner
**HARTLEY LLP**
101 W. Broadway, Ste 820
San Diego, CA 92101
(619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Counsel for Plaintiff Kinin*

**Certificate of Electronic Mail Service**

All counsel on the ECF list were served a true and correct copy of the foregoing on February 23, 2022, via the Court's CM/ECF system and to the best knowledge of the undersigned there are no recipients who are not registered to receive electronic service.

    /s/   Jonathan Rubin
    Jonathan L. Rubin