UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IN RE GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                          1**:**21-md-03010 (PKC)

-------------------------------------------------------------x

**SPX PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF A MOTION FOR AN ORDER (1) CREATING A
COORDINATING COMMITTEE FOR THE ADVERTISER
CLASS ACTIONS AND (2) APPOINTING ZWERLING,
SCHACHTER & ZWERLING, LLP AS INTERIM CLASS COUNSEL
FOR THE CLASS ALLEGED BY THE SPX PLAINTIFFS**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. BACKGROUND .................................................................................................1

III. SPX PLAINTIFFS' PROPOSED COORDINATION ORDER ......................3

IV. ARGUMENT........................................................................................................3

    A. The Advertiser Class Actions Should Be Coordinated with the Appointment of One Class Counsel for Each of the Three Classes and One of Them as Liaison Counsel with the Court ................................3

    B. The *SPX* Class, relevant market, and transaction do not overlap with *Surefreight* or *Cliffy Care*............................................................................5

    C. One complaint and one interim class counsel are not suited for the three Advertiser Class Actions..................................................................6

    D. SPX Plaintiffs' counsel meet all the criteria of Rule 23(g) and Should Be Appointed Interim Class Counsel ............................................8

V. CONCLUSION....................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Federal Trade Commission v. Facebook Inc.*,
　No. 20-3590, 2021 WL 2643627 (D.D.C. Jun 28, 2021) ...................................... 6

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
　No. 05-MD-1720, 2016 WL 8138988 (E.D.N.Y. 2016) ...................................... 4

**Other Authorities**

*Manual for Complex Litigation, Fourth* ............................................................. 4, 5

## I. INTRODUCTION

In compliance with the Court's Order dated February 11, 2022 (ECF No. 249), Plaintiffs Total Body Fitness LLC, SkinnySchool LLC d/b/a Maria Marquis Fitness, and Mint Rose Day Spa ("SPX Plaintiffs") submit this Memorandum of Law in support of their motion for an Order for the coordination and organization of the three Advertiser Class Actions.[1] Prior to transfer to this Court, the SPX Plaintiffs filed a motion, pursuant to Rule 23(g) which was unopposed. That motion was *sub judice* at the time of transfer.[2]

## II. BACKGROUND

The SPX Plaintiffs allege a class of "all persons and entities who, during the Class Period [September 1, 2018 until the effect of the anticompetitive conduct alleged ceases] purchased advertising on or over Facebook" (the "SPX Class"), *SPX* ECF No. 1. Importantly, *SPX* Class brings its claims for transactions to advertise on **Facebook only**. *SPX* asserts claims on behalf of a class of **Facebook** advertisers **only**. The claims are brought under Section 1 of the Sherman Act and relate to a network-bidding agreement between Facebook and Google (the "Agreement"). Neither *Surefreight* nor *Cliffy Care* allege these transactions or the Agreement's

---

[1] The Advertiser Class Actions are: (1) *SPX Total Body Fitness LLC*, *d/b/a The Studio Empower v. Google LLC*, No. 21-cv-801, ECF No. 1 (N.D. Cal. Feb 1, 2021); *SkinnySchool LLC et. al. v. Google LLC*, ECF No. 1 (N.D. Cal. Aug. 3, 2021) (together, "*SPX*"); (2) *Cliffy Care Landscaping LLC, Kinin, Inc., Raintree Medical Center LLC, and Rodrock Chiropractic PA*, District of Columbia No. 21-cv-360 ("*Cliffy Care*"); and (3) *Surefreight Global LLC d/b/a Prana Pets; Hanson Law Office, as successor-in-interest to Hanson Law Firm, PC, and Vitor Lindo* in the Northern District of California, *In re Google Digital Advertising Litigation*, No. 20-cv-3556-BLF ("*Surefreight*").

[2] *See Declaration of Fred T. Isquith Sr. In Support of the* ("Isquith Decl."), *Ex. 1*.

impact on Facebook advertising. Before *SPX* was transferred, an unopposed motion pursuant to Rule 23 (g) was filed for the appointed of interim class counsel for the SPX Class.

Prior to the transfer of *Cliffy Care,* MoginRubin LLP was appointed as Interim Class Counsel for its class. *Cliffy Care*, ECF No. 31 (July 22, 2021). The *Cliffy Care* Class is defined as "all persons who purchased open display advertising space through an ad broker, ad network, exchange, or other entity not owned or controlled by Facebook to reach consumers in the United States between September 2018 and the present." (the "*Cliffy Care* Class"), *Cliffy Care*, ECF No. 25 (May 19, 2021). The *Cliffy Care* Class consists of entities that were injured by the Agreement and asserts a claim pursuant to Section 1 of the Sherman Act.

Before *Surefreight* was transferred, attorneys Dena Sharp and Tina Wolfson were appointed to serve as interim co-lead counsel for the *Surefreight* proposed class of Google advertisers defined as "All persons and entities in the United States that, from January 1, 2016 to the present, used Google's display advertising services to (1) place an ad on a website operated by another entity (advertisers) or (2) place an ad from a third party on their own website (publishers)" (the "Surefreight Class"). *Surefreight*, ECF No. 35 at 31. Subsequently, *Surefreight* was dismissed without prejudice. *Surefreight,* ECF No. 143 (May 13, 2021)(*Isquith Decl.* Ex. 2.)

The SPX Plaintiffs did not participate in the contested proceedings regarding the appointment of *Surefreight* interim co-lead counsel because *SPX* had been held to be unrelated to *Surefreight*. Despite the fact that the motion to relate *SPX* and *Surefreight* was not supported by *Surefreight* while it was by Google, Judge Freeman denied the motion.[3]

---

[3] *Isquith Decl. Ex. 3.*

### III.     SPX PLAINTIFFS' PROPOSED COORDINATION ORDER

The SPX Plaintiffs request an order: (1) coordinating the Advertiser Class Actions by creating a Coordinating Committee; (2) appointing Fred T. Isquith, Sr. of ZSZ to serve on the Coordinating Committee; (3) directing the Cliffy Care Plaintiffs to propose an attorney to serve on the Coordinating Committee, subject to Court approval; (4) directing the Surefreight Plaintiffs to propose an attorney to serve on the Coordinating Committee, subject to Court approval; (5) appointing Fred T. Isquith Sr. of ZSZ to be the liaison counsel with the Court for the Coordinating Committee; (6) appoint ZSZ as interim class counsel for the SPX Class.

The SPX Plaintiffs believe that their proposal comports with Court's statements during the September 24, 2021 status conference. The Court said that the three advertiser class actions should coordinate among themselves and agree on a structure. *See*, Hr'g Tr. 32:25-33:3; 34:20-22.[4]

Counsel for the SPX Plaintiffs had made several suggestions during the Court's instructed meet and confer process to compromise on advertising-side leadership issues. Although counsel in *SPX, Cliffy Care* and *Surefreight* have made headway, they have not been able to reach an agreement regarding organization.

### IV.     ARGUMENT

####     A.     The Advertiser Class Actions Should Be Coordinated with the Appointment of One Class Counsel for Each of the Three Classes and One of Them as Liaison Counsel with the Court

The SPX Plaintiffs respectfully submit that the Advertiser Class Actions should be coordinated.

---

[4] *Isquith Decl. Ex. 4.*

Each of the Advertiser Class Actions is distinct and dissimilar. Each alleges different classes and claims. While they should be coordinated for common issues, they should not be consolidated or placed under any other case's leadership. To do so would impose allegations and claims that have not been asserted by every plaintiff. This would also lead to costs unrelated to the proof required for each class's claims.

The *Manual for Complex Litigation, Fourth* ("*Manual*" or "*MCL 4th*") contemplates a scenario much like the one presented here. Thus, the formation of a coordination committee is recommended according to the *Manual* when the "group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *MCL 4th* §10.221, at 25.

Coordination—proceeding on the same schedule and avoiding duplication wherever possible—will ensure that the Advertiser Class Actions advance in an efficient manner, particularly in areas of common proof and procedure, while also accounting for the differences among the cases. *See MCL 4th* § 11.455 at 89 ("In related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication."). It will also ensure that each Class is duly represented and will be able to "speak with one voice" on common issues, not only with the Court, but also with the other parties.

Courts in this district and others have consistently adopted the same coordination and leadership structure that the SPX Plaintiffs seek. *E.g.*, *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 05-MD-1720 (MKB)(JO), 2016 WL 8138988, *3-4 (E.D.N.Y. 2016) (appointing three attorneys as co-lead counsel for each class in an antitrust case); *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11-md-02262-NRB (S.D.N.Y. Dec. 15, 2011) ECF No. 78 (appointing multiple co-lead counsel for different classes, with a liaison for each class) (Isquith Decl. Ex. 5); *In re Keurig Green Mountain Single-Serve*

4

*Coffee Antitrust Litig.*, 14-md-2542, ECF No. 36 (S.D.N.Y. Jun. 26, 2014)(appointing class counsel to separate classes with a liaison counsel to the court) (Isquith Decl. Ex. 6); *In Re: IPO Sec. Litig.*, 21-mc-92, SAS-HBP (S.D.N.Y. Apr. 19, 2002)(creating an executive committee and appointing multiple lead counsel); *In re Packaged Seafood Products Antitrust Litig.*, 15-MD-2670, ECF No. 199 (N.D. Cal. Mar. 24, 2016)(appointing interim counsel for four separate tracks (including 3 class actions) and a steering committee)(Isquith Decl. Ex. 7); *Bradley Colgate et. al. v. JuuL Labs, Inc., et. al.*, 19-md-2913 (WHO), ECF No. 341 (N.D. Cal. Dec. 20, 2019)(appointing class counsel for separate class actions and creating a steering committee with a liaison to the court) (Isquith Decl. Ex. 9).

"Courts have also often found it efficient and effective to appoint liaison counsel and an executive committee to support lead counsel and advance the interests of the class." *See In re LidodermAntitrust Litig.*, No. 14–md–02521–WHO, ECF No. 63 (N.D. Cal.)(appointing liaison counsel and executive committee in addition to 3 co-leads); *see also MCL 4th* § 11.211, at 37 (discussing appointment of lead, liaison, and committees as case management tool).

The appointment of an attorney from ZSZ, a New York City law firm, as the Court's contact with the proposed Coordinating Committee, is consistent with the *Manual*. The *Manual* notes that liaison counsel will often have offices in the same locality as the Court. *MCL 4th* §10.221 at 24. ZSZ is the only firm representing plaintiffs in the Advertiser Class Actions with offices in New York City. The primary offices of counsel for the Surefreight Plaintiffs and the Cliffy Care Plaintiffs are located in California and the District of Columbia.

### B. The SPX Class, relevant market, and transaction do not overlap with *Surefreight* or *Cliffy Care*

The SPX Plaintiffs' coordination proposal accounts for the three very different classes and their non-overlapping claims in each of the three Advertisers

5

Class Actions. Each of the three asserts different classes with different claims, for different transactions from which each was impacted and suffered injury. Moreover, while *Cliffy Care* raises the Agreement, *Surefreight* does not. And, neither *Cliffy Care* nor *Surefreight* allege the Agreement's impact on advertising transactions on Facebook. Indeed, the Northern District decided that *SPX* and *Surefreight* are not related.

Furthermore, the SPX Plaintiffs assert a different market and different transaction than the Surefreight Plaintiffs. Google and Facebook are not in the same relevant market of commerce.

The social media market has been held by multiple courts, and treated by the FTC and the DOJ, as an entirely different market from that of the markets occupied by Google, the latter being the focus of both *Surefreight* and *Cliffy Care*. *See Fed. Trade Comm'n v. Facebook Inc.*, No. 20-3590, (JEB) 2021 WL 2643627, at *9-10 (D.D.C. June 28, 2021), relevant market confirmed, 2022 WL 103308 *4-5, (D.D.C. Jan. 11, 2022) (defining the market for Personal Social Networking Services). The Northern District recognized this market differentiation, as well when it elected not to relate the *SPX to Surefreight*. *See Isquith Decl*. Ex. 3.

    **C.**    **One complaint and one interim class counsel are not suited for the three Advertiser Class Actions**

As set forth above, the proposed organization accounts for the different causes of action in each of the three Advertiser Class Actions. Each of the three of the Advertiser Class actions asserts different claims, for different classes, and for different transactions from which each class was impacted and suffered unique injury from antitrust violations.

The claims alleged by the Surefreight Plaintiffs are different from those alleged by the SPX Plaintiffs. Surefreight Plaintiffs' claims are Sherman Act §2

6

involving the Google display advertising market. They have different elements of proof than the SPX Plaintiffs. *Surefreight* must demonstrate: (1) anticompetitive conduct, (2) a specific intent to monopolize, and (3) a dangerous probability of achieving monopoly power in the Google display advertising market. In contrast, the SPX Plaintiffs allege a Sherman Act §1, and only have to demonstrate that there was an agreement between Facebook and Google, and that that agreement restrained trade or commerce in the Facebook advertising space. Further, opinion dated May 13, 2021, of the N.D. Cal. recognizes that the Surefreight Plaintiffs may be required to arbitrate their claims. (Isquith Decl. Ex. 2 at 10-11). This is an issue not present in *SPX* because the class is limited to Facebook advertisers only, and Facebook is not a defendant.

The Cliffy Care Plaintiffs filed their initial complaint on February 9, 2021 in the District Court for the District of Columbia. That case was consolidated with two other actions brought by the same counsel on April 19, 2021 *See Cliffy Care,* ECF No. 18. *Cliff Care* alleges claims relating to the Agreement, pursuant to Section 1 of the Sherman Act. On May 19, 2021, the Cliffy Care Plaintiffs amended their complaint to bring their claims on behalf of "all persons who purchased open display advertising space through an ad broker, ad network, exchange, or other entity **not owned or controlled by Facebook** to reach consumers in the United States between September 2018 and the present" (emphasis added). *Cliffy Care* names Google, its parent, Alphabet Inc, and Facebook as defendants. On July 22, 2021, the court in *Cliffy Care* appointed interim counsel for the alleged class in that case. (1:21-cv-06910-PKC, ECF. No. 31.). Furthermore, because the *Cliffy Care* Class may have agreements with either Google or Facebook it too may face a motion to compel arbitration.

The Advertiser Class Actions each allege different classes, with different claims, in different markets. Each of those classes should have separate interim class counsel working in a coordinated manner regarding common issues.

### D. SPX Plaintiffs' counsel meet all the criteria of Rule 23(g) and Should Be Appointed Interim Class Counsel[5]

The SPX Plaintiffs' Counsel meet all the criteria of Rule 23 (g) as set forth in their unopposed motion before Judge Gillam.  *See* Isquith Decl. Ex. 1.

> 1. ***Work performed identifying and investigating claims.*** The SPX Plaintiffs' counsel have undertaken significant work identifying, developing, and pleading the claims in *SPX*. Counsel investigated the facts and potential claims leading to the filing of *SPX*.
>
> 2. ***Counsel's relevant experience and knowledge of the applicable law.***   All SPX Plaintiffs' counsel are highly experienced in this type of litigation, and have extensive knowledge of the applicable law. As detailed in the exhibits found in Isquith Decl. Ex. 1. each is and has been a lead counsel in antitrust class action litigation. They have successfully litigated antitrust pricing cases that have generated hundreds of millions of dollars for the benefit of classes.

---

[5] The SPX Plaintiffs do not challenge the qualifications of the counsel in *Surefreight or Cliffy Care.*

3. ***The resources counsel will commit to represent the SPX Class's interests.*** SPX Plaintiffs' counsel all have demonstrated records of accomplishment of successfully representing classes in similar litigation, and have proven that they are willing and able to devote the resources necessary to litigate antitrust class actions against determined opposition by well-funded defendants. SPX Plaintiffs' counsel have the personnel and financial resources to litigate the case most efficiently.

## V.   CONCLUSION

The SPX Plaintiffs request that this Court enter an order: (1) coordinating the Advertiser Class Actions by creating a Coordinating Committee; (2) appointing Fred T. Isquith, Sr. of ZSZ to serve on the Coordinating Committee; (3) directing the Cliffy Care Plaintiffs to propose an attorney to serve on the Coordinating Committee, subject to Court approval; (4) directing the Surefreight Plaintiffs to propose an attorney to serve on the Coordinating Committee, subject to Court approval; (5) appointing Fred T. Isquith Sr. of ZSZ to be the liaison counsel with the Court for the Coordinating Committee; (6) appointing ZSZ as interim class counsel for the SPX Class.

Respectfully submitted,

**ZWERLING, SCHACHTER & ZWERLING,** LLP

By: */s/ Fred T. Isquith Sr.*

Fred T. Isquith, Sr. (FI-6782)
Robert S. Schachter (RS-7243)
Robin F. Zwerling (RZ-6736)
41 Madison Avenue, 32nd Floor
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969
Email: ftisquith@zsz.com
Email: rschachter@zsz.com
Email: rzwerling@zsz.com

Fred T. Isquith, Jr. (FI-1064)
**ISQUITH LAW**
220 East 80th Street
New York, NY 10075
Tel: (607) 277-6513
Email: isquithlaw@gmail.com

Solomon B. Cera (admitted *pro hac vice*)
Pamela A. Markert (admitted *pro hac vice*)
CERA LLP
595 Market St., Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230
Fax: (415) 777-5189
Email: scera@cerallp.com
Email: pmarkert@cerallp.com

Heidi Silton (admitted *pro hac vice*)
Kate M. Baxter-Kauf (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401-2159
Tel: (612) 596-4092
Email: hmsilton@locklaw.com
Email: kmbaxter-kauf@locklaw.com

Richard Vita (*pro hac vice* forthcoming)
**VITA LAW OFFICES, P.C.**
100 State Street, Suite 900

10

Boston, MA 02109
Tel: (617) 426-6566
Email: rjv@vitalaw.com

*Attorneys for Plaintiffs SPX Total Body Fitness LLC, d/b/a The Studio Empower, SkinnySchool LLC d/b/a/ Maria Marques Fitness, and Mint Rose Day Spa LLC, on Behalf of Themselves and All Others Similarly Situated*