EXHIBIT 4

```
        L9oWgooC

 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    In re GOOGLE DIGITAL                    21 MDL 3010 (PKC)
      ADVERTISING ANTITRUST LITIGATION
 4                                            Conference
      ------------------------------x
 5                                            New York, N.Y.
                                              September 24, 2021
 6                                            11:00 a.m.

 7    Before:

 8                      HON. P. KEVIN CASTEL,

 9                                            District Judge

10                           APPEARANCES

11    BOIES SCHILLER FLEXNER LLP
           Attorneys for Proposed Publisher Classes Plaintiffs
12         The Nation, The Progressive and Genius Media
      BY:  DAVID BOIES
13         PHILIP C. KOROLOGOS
           -and-
14    KOREIN TILLERY LLC
      BY:  GEORGE A. ZELCS
15         -and-
      BERGER MONTAGUE PC
16    BY:  ERIC L. CRAMER
           CAITLIN G. COSLETT
17
      KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
18         Attorneys for Daily Mail Publisher Plaintiffs
           Associated Newspapers and Mail Media
19    BY:  JOHN THORNE

20    HERMAN JONES LLP
           Attorneys for Newspaper Publisher Plaintiffs
21         Emmerich, HD Media, Coastal Point, Journal,
           ECENT, Clarksburg, Flag, Eagle, AIM Media Midwest,
22         AIM Media Texas, Gale Force,
           AIM Media Indiana and Brown County
23    BY:  JOHN HERMAN
           SERINA M. VASH
24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
 1                      APPEARANCES CONTINUED

 2
        W. MARK LANIER
 3           -and-
        ASHLEY C. KELLER
 4           Attorneys for State Attorneys General Plaintiffs

 5      COOPER & KIRK, PLLC
             Attorneys for Plaintiff State of Montana
 6      BY:  DAVID H. THOMPSON

 7      ZWERLING, SCHACHTER & ZWERLING, LLP
             Attorneys for Plaintiffs
 8           SPX, SkinnySchool and Mint Rose
        BY:  FREDERICK T. ISQUITH, Sr.
 9           FREDERICK T. ISQUITH, Jr.

10      MOGIN RUBIN LLP
             Attorneys for Cliffy Care Plaintiffs
11      BY:  JONATHAN L. RUBIN
             JENNIFER M. OLIVER
12
        GIRARD SHARP LLP
13           Attorneys for Advertiser Class Plaintiffs
             Hanson Law Firm, Surefreight and Lindo
14      BY:  SCOTT M. GRZENCZYK
             -and-
15      ADHOOT & WOLFSON, PC
        BY:  BRADLEY K. KING
16           -and-
        TAUS CEBULASH & LANDAU
17      BY:  ARCHANA TAMOSHUNAS

18      WILSON SONSINI GOODRICH & ROSATI, P.C.
             Attorneys for Defendants Google, Alphabet and YouTube
19      BY:  JUSTINA K. SESSIONS
             JONATHAN M. JACOBSON
20           -and-
        FRESHFIELDS BRUCKHAUS DERINGER LLP
21      BY:  ERIC MAHR
             ROBERT McCALLUM
22           -and-
        AXINN, VELTROP & HARKRIDER LLP
23      BY:  JOHN D. HARKRIDER

24      CRAVATH, SWAINE & MOORE LLP
        Attorneys for Defendant Facebook
25      BY:  KEVIN J. ORSINI
```

1     period of time after the decision on the motion to dismiss.
2              Now, with regard to organization, I can't get you
3     organized entirely on my own.  I probably could; you wouldn't
4     like it very much.  So it does seem to me that what we need to
5     have happen is, in the short term, a meeting at which a
6     reasonable number of representatives, maybe two from the state,
7     and representatives from the publisher class action --
8              There's only one publisher class action, is that
9     right, Mr. Boies?
10             MR. BOIES:  Yes.  One publisher class action, two
11    classes within it.
12             THE COURT:  Two classes within it.  Got it.
13             And then we have 13 of the 14 individual publisher
14    actions represented by the Herman Jones firm.  Is the 14th the
15    Associated Newspapers case?
16             MS. VASH:  Yes, sir, it is.
17             THE COURT:  All right.  Well, we'll talk about that in
18    a moment.
19             So it would be representatives from the state case,
20    the publisher class, the Herman Jones law firm and, for the
21    moment, from the three advertiser class actions.
22             The three advertiser class action counsel don't have
23    to be happy about anything that's gone on so far in this case,
24    but they need to be accepting of where they are, and the
25    advertiser class actions need to get together in a room and

1   talk, because what happens is, ultimately, if you're not able
2   to speak with approximately one voice on issues, I will have to
3   put some sort of a structure in place.  I would rather you work
4   on that on your own, but there should also be representatives
5   of the advertiser class actions.
6              That is not the most unmanageable sized group I've
7   ever heard of in an MDL kind of a context.  You should be able
8   to sit around a reasonably sized conference table and talk.
9   And yes, I think it's fair for you to work up ESI protocols,
10  even a Rule 34 demand.  I'm not opposed to your having to seek
11  leave from me.  If there is a consolidated Rule 34 demand that
12  you want to serve, the time to respond is going to be stayed,
13  but the clock will be ticking so that Google will not be able
14  to say, My God, I just got this on Tuesday and it's going to
15  take me months to figure out what's within the scope of this,
16  etc.  But it will at least enable you to start the process of
17  negotiating the scope of a Rule 34 demand and to discuss that.
18             Now, I didn't give you permission to serve a Rule 34
19  demand.  I'm encouraging you to discuss it and see whether you
20  can come to an agreement.  And if you come back and say:
21  Judge, we're all on board.  We have 19 Rule 34 demands that
22  each of us wants to serve, and there might be a little overlap
23  here or there, that's not going to happen.  So it behooves you
24  to try and get on the same page so we can make progress on
25  that.

1    I'm going to deputize Mr. Lanier and Mr. Boies to
2    figure out when and where, whether you do it in person or by
3    Zoom, or however and report back.
4    Mr. Lanier is sub-designating Mr. Boies.  In any
5    event --
6    MR. LANIER:  We will see to it, your Honor.
7    THE COURT:  OK.
8    MR. RUBIN:  Your Honor, a point of clarification?
9    THE COURT:  Yes.
10   MR. RUBIN:  With respect to the meeting that your
11   Honor is encouraging of the advertiser class, do you mean to
12   include the Surefreight in re consolidated cases together with
13   all the other cases that have advertiser class plaintiffs?  Do
14   I understand that correctly, your Honor?
15   THE COURT:  Yes.  Well, there are three of them.
16   There's SPX and Skinny with one counsel for that.  There's
17   Cliffy Care and there's Surefreight.  That's three, so it's not
18   yet a totally unmanageable number.  All right?
19   MR. RUBIN:  Thank you, your Honor.
20   THE COURT:  But wholly apart from the big meeting, I'm
21   charging counsel in the three advertiser class actions to meet
22   and confer.
23   Yes, sir.
24   MR. GRZENCZYK:  For the Surefreight class, your Honor,
25   that sounds great to us.  I think it's been conveyed in our

L9oWgooC

1    letter response to PTO1, we're happy to try and work with and
2    create a consolidated group along with the other advertiser
3    classes.
4             I would note that in the Surefreight case we've
5    previously served Rule 34 requests, so we'll distribute those
6    to everyone else --
7             THE COURT:  That's great.
8             MR. GRZENCZYK:  -- to try and facilitate this
9    discussion of how this might get revised, reflected, and
10   received and used.
11            THE COURT:  That's great.  That sounds terrific.
12            Mr. Isquith.
13            MR. ISQUITH JR.:  For SPX, your Honor, we're happy to
14   meet and confer with our colleagues and hopefully work out the
15   differences in our classes because we do note there are some
16   significant differences in the classes and we'll do our best to
17   work together.
18            THE COURT:  Yes.  You might all have noticed that it's
19   not often that there are overlapping classes certified by the
20   same judge.
21            MR. GRZENCZYK:  This is not the first time we've been
22   in this situation and we've been able to work it out in past
23   cases.
24            THE COURT:  Right.
25            MR. GRZENCZYK:  I'm sure we can figure it out here.