EXHIBIT 5

Case 1:11-md-02262-NRB   Document 78   Filed 12/15/11   Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/30/11

IN RE LIBOR-BASED FINANCIAL
INSTRUMENTS ANTITRUST
LITIGATION

MDL No. 2262

**EXCHANGE-BASED PLAINTIFFS' AND OVER-THE-COUNTER PLAINTIFFS' JOINT MOTION FOR PRETRIAL ORDER NO. 1**

Pursuant to the Court's November 29, 2011 Order Interim Co-Lead Counsel for the Exchange-Based Plaintiffs and Interim Co-Lead Counsel for the Over-the-Counter Plaintiffs ("Interim Co-Lead Counsel") submit this joint motion for the entry of Pretrial Order No. 1("PTO No. 1") to "facilitate their representation of the putative classes and to advance the conduct and progress of the litigation." November 29, 2011 Order (Doc. 66) at 7. PTO No. 1 establishes the responsibilities of Interim Co-Lead Counsel, consolidates the relevant class cases into either the Exchange-Based Plaintiff or Over-the-Counter Plaintiff group, and sets out procedures for the efficient management of the docket.[1] As a result of the Court's October 18, 2011 Memorandum and Order (Doc. 32) recognizing potential conflicts between the groups and the need for separate representation, PTO No. 1 designates a lead case for each group. Papers shall be filed both in the docket for this Multidistrict Litigation ("MDL"), and in the docket for the lead case of the relevant action. Thus, for example, a pleading related only to the Exchange-

---

[1] Exchange-Based Plaintiffs' request consolidation of *Maxwell Van De Velde, et al. v. Bank of America Corp., et al.*, Case No. 1:11-cv-06120 (S.D.N.Y.) as part of the Exchange-Based Plaintiffs' action because the class action complaint in that matter alleges that the plaintiff "purchased an exchange-traded Libor-based derivative, and was thereby damaged...". *See* Doc. 1, ¶8. Over-the-Counter Plaintiffs take no position on this issue. The proposed order does not seek consolidation of *Schwab Short- Term Bond Market Fund, et al. v. Bank of America Corporation, et al.*, 11-cv-6409 (S.D.N.Y.); *Charles Schwab Bank, N.A., et al. v. Bank of America Corporation et al.*, 11-cv-6411 (S.D.N.Y.); *Schwab Money Market Fund, et al. v. Bank of America Corporation, et al.*, 11-cv-6412 (S.D.N.Y.). These cases are non-class cases brought by direct action plaintiffs.

1

Based Plaintiff case shall be filed into both the MDL docket and the docket for the lead case in that action. A pleading relating to both cases shall be filed in the MDL docket and in both lead case dockets. The dockets for the other class action cases shall be closed. This will promote the efficient administration of the action by limiting the number of dockets in which papers will need to be filed, while permitting the efficient monitoring of each case by the Court and the parties.

In its November 29, 2011 Order the Court suggested "[i]f counsel believes that the litigation would benefit from an in-person conference before the Court to discuss the next steps to be taken in the litigation, they are invited to contact the Court so informing us." November 29, 2011 Order at 11, n.7. Interim Co-Lead Counsel do not believe that an in-person conference is necessary prior to the issuance of PTO No. 1 and respectfully suggest that the Court rule on this motion without an in-person conference so that Interim Co-Lead Counsel can begin formally organizing their respective cases. However, we understand that Defendants intend to request an in-person conference to discuss the litigation schedule and other matters relating to these actions. Interim Co-Lead Counsel do not oppose this request.

Dated: December 14, 2011

Respectfully submitted,

/s/ David E. Kovel
David E. Kovel
Roger W. Kirby
Daniel Hume
Surya Palaniappan
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022
Tel: 212-317-2300

Christopher Lovell
Gary Jacobson
LOVELL STEWART HALEBIAN
JACOBSON LLP

/s/ Michael D. Hausfeld
Michael D. Hausfeld
William P. Butterfield
Ralph J. Bunche
HAUSFELD LLP
1700 K St NW, Suite 650
Washington, DC 20006
Tel: 202-540-7200

William Christopher Carmody
Arun Subramanian
SUSMAN GODFREY L.L.P.
560 Lexington Ave, 15th Floor
New York, NY 10022

2

61 Broadway, Suite 501  
New York, NY 10006  
Tel: 212-608-1900  

***Interim Co-Lead Counsel for Exchange Purchaser Plaintiffs***

Tel: 212-336-8330

Marc M. Seltzer  
SUSMAN GODFREY L.L.P.  
1901 Avenue of the Stars  
Los Angeles, CA 90067-6029  
Tel: 310-789-3100  

***Interim Co-Lead Counsel for Over-the-Counter Purchaser Plaintiffs***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANICAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |

## [PROPOSED] PRE-TRIAL ORDER NO. 1

UPON the October 18, 2011 Memorandum and Order (Doc. 32), and November 29, 2011 Order (Doc. 66) concerning the organization of the above-referenced multidistrict litigation, whereby this Court has decided on a framework for the separate representation of the Over-the-Counter Plaintiffs and the Exchange-Based Plaintiffs and has appointed separate interim co-lead counsel to represent the plaintiff class in each group:

**IT IS HEREBY ORDERED THAT:**

**I.  OVER-THE-COUNTER PLAINTIFF ACTIONS**

    **A.  Consolidation and Coordination of the Over-the-Counter Plaintiff Actions**

        1.  *Mayor and City Council of Baltimore v. Bank of America, et al.*, Case No. 11. Civ. 5450, is designated as the lead action for the Over-the-Counter Plaintiff class actions ("Over-the-Counter Plaintiff Action"). All filings related to the Over-the-Counter Plaintiff Action must be filed in that docket and in the docket for *In re LIBOR-based Financial Instruments Antitrust Litigation*, MDL No. 2262.

        2.  The following additional cases are consolidated with the Over-the-Counter Plaintiff Action and shall be transferred to the docket for *In re LIBOR-based Financial Instruments Antitrust Litigation*, MDL No. 2262, and *Mayor and City Council of Baltimore v. Bank of America, et al.*, No. 11. Civ. 5450:

1

        a.      *Carpenters Pension Fund of West Virginia v. Bank of America Corporation et al.*, Case No. 11 Civ. 2883 (S.D.N.Y.);

        b.      *City of Dania Beach Police & Firefighters' Retirement System v. Bank of America Corporation et al.*, Case No. 11 Civ. 3128 (S.D.N.Y.);

        c.      *Ravan Investments, LLC v. Bank of America Corporation et al.*, Case No. 11 Civ. 3249 (S.D.N.Y.);

        d.      *Insulators and Asbestos Workers Local #14 v. Bank of America Corporation et al.*, Case No. 11 Civ. 3781 (S.D.N.Y.);

        e.      *Courmont & Wapner Assocs., L.P. v. Credit Suisse Group AG et al.*, Case No. 11 Civ. 3925 (S.D.N.Y.);

        f.      *Augenbaum v. Bank of America Corporation et al.*, Case No. 11 Civ. 4421 (S.D.N.Y.);

        g.      *City of New Britain Firefighters' and Police Benefit Fund v. Bank of America Corporation et al.*, Case No. 11 Civ. 7715 (S.D.N.Y.).

3.      Upon their transfer to the docket for *Mayor and City Council of Baltimore v. Bank of America, et al.*, the Clerk will close the docket for those additional cases.

4.      If a case that arises out of the same subject matter as *In re LIBOR-based Financial Instruments Antitrust Litigation* and is brought as a class action on behalf of an over-the-counter investor in LIBOR-based instruments is hereafter filed in this Court or is transferred from another court (together, a "Subsequent Over-the-Counter Plaintiff Action"), the Court will direct the Clerk to:

        a.      file a copy of this Order in the separate file for such action;

2

b. consolidate the Subsequent Over-the-Counter Plaintiff Action with the Over-the-Counter Plaintiff Action by transferring the cases to the docket for *In re LIBOR-based Financial Instruments Antitrust Litigation*, MDL No. 2262, and *Mayor and City Council of Baltimore v. Bank of America, et al.*, No. 11. Civ. 5450;

c. close the docket for the Subsequent Over-the-Counter Plaintiff Action.

5. The Court requests the assistance of counsel in call to the attention of the Court ^ing ^NRB the filing of any Subsequent Over-the-Counter Plaintiff Action that might properly be consolidated or coordinated as an Over-the-Counter Plaintiff Action.

6. Every document filed exclusively relating to the Over-the-Counter Plaintiff Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANICAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262, 11 Civ. 5450 |
| THIS RELATES TO: OVER-THE-COUNTER PLAINTIFF ACTION | |

**B.      Organization of Over-the-Counter Plaintiff Counsel**

7. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court designates as Interim Co-Lead Counsel for the Over-the-Counter Plaintiff class, Hausfeld LLP, and Susman Godfrey L.L.P. ("Over-the-Counter Plaintiff Co-Leads"), who shall be solely responsible for coordinating and organizing plaintiffs in the conduct of the Over-the-Counter Plaintiff Action and, in particular, shall have the following responsibilities:

3

    a. To make, brief and argue motions, and to file papers and participate in proceedings initiated by other parties;

    b. To initiate, conduct and defend discovery proceedings;

    c. To act as spokesperson at pretrial conferences;

    d. To negotiate with defense counsel with respect to settlement and other matters;

    e. To call meetings of counsel for plaintiffs in the Over-the-Counter Plaintiff Action;

    f. To make all work assignments to plaintiffs' counsel for the Over-the-Counter Plaintiff Action to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

    g. To conduct trial and post-trial proceedings;

    h. To consult with and employ experts;

    i. To request that the Court approve settlements, if any, and fee awards;

    j. To allocate fees;

    k. To perform such other duties and to undertake such other responsibilities as they deem necessary or desirable in the prosecution of this litigation;

    l. To coordinate with co-lead counsel for the Exchange-Based Plaintiff action and counsel for any over-the-counter plaintiff; and

    m. To coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph or its subparts.

  8. No motion, request for discovery, or other pretrial proceedings shall be initiated of filed by any plaintiff in the Over-the-Counter Plaintiff Action except through Over-the-

4

Counter Plaintiff Co-Leads and no counsel in the Over-the-Counter Plaintiff Action shall be authorized to perform any work in the case without the express authorization of the Over-the-Counter Plaintiff Co-Leads.

9. Over-the-Counter Plaintiff Co-Leads shall be the contact between plaintiffs' counsel in the Over-the-Counter Plaintiff Action and defendants' counsel, Exchange-Based Plaintiff counsel, and counsel for any over-the-counter plaintiff, as well as the spokespersons for plaintiffs' counsel in the Over-the-Counter Plaintiff Action. Over-the-Counter Plaintiff Co-Leads are designated as the contact persons from plaintiffs' counsel in the Over-the-Counter Plaintiff Action and as the attorneys of record with whom the Court will be dealing throughout the course of this litigation.

10. All plaintiffs' counsel in the Over-the-Counter Plaintiff Action shall submit their up-to-date time and expenses on a monthly basis in the form set forth by Over-the-Counter Plaintiff Co-Leads or on such other schedule as may be established, from time to time, by Over-the-Counter Plaintiff Co-Leads.

11. Defendants shall effect service of papers on plaintiffs in the Over-the-Counter Plaintiff Action by serving a copy on each Over-the-Counter Plaintiff Co-Lead by electronic mail, overnight mail, telecopy or hand delivery. Over-the-Counter Plaintiff Co-Leads shall effect service on plaintiffs in the Over-the-Counter Plaintiff Action by serving a copy on all other counsel for plaintiffs in the Over-the-Counter Plaintiff Action by electronic mail, overnight mail, telecopy or hand delivery.

## II. EXCHANGE-BASED PLAINTIFF ACTIONS

### A. Consolidation and Coordination of the Exchange-Based Plaintiff Actions

12. *FTC Capital GmbH, et al. v. Credit Suisse Group AG, et al.*, Case No. 11 Civ. 2613 is designated as the lead action for the Exchange-Based Plaintiff actions ("Exchange-Based Plaintiff Action"). All filings related to the Exchange-Based Plaintiff Action must be filed in that docket and in the docket for *In re LIBOR-based Financial Instruments Antitrust Litigation*, MDL No. 2262.

13. The following additional cases are consolidated with the Exchange-Based Plaintiff Action and shall be transferred to the docket for *In re LIBOR-based Financial Instruments Antitrust Litigation*, MDL No. 2262, and *FTC Capital GmbH, et al. v. Credit Suisse Group AG, et al.*, Case No. 11 Civ. 2613:

    a. *Metzler Investment GmbH v. Credit Suisse Group AG, et al.*, Case No. 11-Civ. 7676 (S.D.N.Y.);

    b. *Roberto E. Calle Gracey v. Bank of America Corp., et al.*, Case No. 11 Civ. 5931 (S.D.N.Y.);

    c. *303030 Trading, LLC v. Bank of America Corp., et al.*, Case No. 11 Civ. 5930 (S.D.N.Y.);

    d. *Atlantic Trading USA, LLC v. Bank of America Corp., et al.*, Case No. 11 Civ. 5929 (S.D.N.Y.);

    e. *AVP Properties, LLC v. Bank of America Corp., et al.*, Case No. 11 Civ. 5928 (S.D.N.Y.);

    f. *Independence Trading Inc. v. Bank of America Corp., et al.*, Case No. 11 Civ. 4736 (S.D.N.Y.);

    g. *Gary Francis v. Bank of America Corp., et al.*, Case No. 11 Civ. 3423, (S.D.N.Y.);

    h. *Maxwell Van De Velde, et al. v. Bank of America Corp., et al.*, Case No. 11-Civ. 6120 (S.D.N.Y.);

    i. *Nathaniel Haynes v. Bank of America Corp., et al.*, Case No. 11 Civ. 5927 (S.D.N.Y.);

    j. *Hershey v. Credit Suisse Group AG, et al.*, Case No. 11 Civ. 5641 (S.D.N.Y.);

    k. *Laydon v. Credit Suisse Group AG, et al.*, Case No. 11 Civ. 5638 (S.D.N.Y.); and

    l. *McCormick et al., v. Bank of America Corp. et al.*, Case No. 11 Civ. 5640 (S.D.N.Y.).

14. Upon their transfer to the docket for *FTC Capital GmbH, et al. v. Credit Suisse Group AG, et al.*, the Clerk will close the docket for those additional cases.

15. If a case that arises out of the same subject matter as *In re LIBOR-based Financial Instruments Antitrust Litigation* and is brought as a class action on behalf of an exchange-based investor in LIBOR-based instruments is hereafter filed in this Court or is transferred from another court (together, a "Subsequent Exchange-Based Plaintiff Action"), the Court will direct the Clerk to:

    a. file a copy of this Order in the separate file for such action;

    b. consolidate the Subsequent Exchange-Based Plaintiff Action with the Exchange-Based Plaintiff Action by transferring the cases to the docket for *In re LIBOR-based*

7

*Financial Instruments Antitrust Litigation*, MDL No. 2262, and *FTC Capital GmbH, et al. v. Credit Suisse Group AG, et al.*, Case No. 11 Civ. 2613;

      c.    close the docket for the Subsequent Exchange-Based Plaintiff Action.

16.    The Court requests the assistance of counsel in call to the attention of the Court the filing of any Subsequent Exchange-Based Plaintiff Action that might properly be consolidated or coordinated as an Exchange-Based Plaintiff Action.

17.    Every document filed exclusively relating to the Exchange-Based Plaintiff Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIBOR-BASED FINANICAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262, 11 Civ. 2613 |
| THIS RELATES TO: EXCHANGE-BASED PLAINTIFF ACTION | |

**B.**    **Organization of Exchange-Based Plaintiff Counsel**

18.    Pursuant to Fed. R. Civ. P. 23(g)(3), the Court designates as Interim Co-Lead Counsel for the Exchange-Based Plaintiff class, Kirby McInerney LLP, and Lovell Stewart Halebian Jacobson LLP ("Exchange-Based Plaintiff Co-Leads"), who shall be solely responsible for coordinating and organizing plaintiffs in the conduct of the Exchange-Based Plaintiff Action. Exchange-Based Plaintiff Co-Leads will have the same responsibilities and authorities over the Exchange-Based Plaintiff Action as Over-the-Counter Plaintiff Co-Leads have over the Over-the-Counter Plaintiff action, namely:

      a.      To make, brief and argue motions, and to file papers and participate in proceedings initiated by other parties;

      b.      To initiate, conduct and defend discovery proceedings;

      c.      To act as spokesperson at pretrial conferences;

      d.      To negotiate with defense counsel with respect to settlement and other matters;

      e.      To call meetings of counsel for plaintiffs in the Exchange-Based Plaintiff Action;

      f.      To make all work assignments to plaintiffs' counsel for the Exchange-Based Plaintiff Action to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

      g.      To conduct trial and post-trial proceedings;

      h.      To consult with and employ experts;

      i.      To request that the Court approve settlements, if any, and fee awards;

      j.      To allocate fees;

      k.      To perform such other duties and to undertake such other responsibilities as they deem necessary or desirable in the prosecution of this litigation;

      l.      To coordinate with co-lead counsel for the Over-the-Counter Plaintiff action and counsel for any exchange-based plaintiff; and

      m.      To coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph or its subparts.

19.      No motion, request for discovery, or other pretrial proceedings shall be initiated of filed by any plaintiff in the Exchange-Based Plaintiff Action except through Exchange-Based

Plaintiff Co-Leads and no counsel in the Exchange-Based Plaintiff Action shall be authorized to perform any work in the case without the express authorization of the Exchange-Based Plaintiff Co-Leads.

20.     Exchange-Based Plaintiff Co-Leads shall be the contact between plaintiffs' counsel in the Exchange-Based Plaintiff Action and defendants' counsel, Over-the-Counter Plaintiff counsel, and counsel for any exchange-based plaintiff, as well as the spokespersons for plaintiffs' counsel in the Exchange-Based Plaintiff Action.  Exchange-Based Plaintiff Co-Leads are designated as the contact persons from plaintiffs' counsel in the Exchange-Based Plaintiff Action and as the attorneys of record with whom the Court will be dealing throughout the course of this litigation.

21.     All plaintiffs' counsel in the Exchange-Based Plaintiff Action shall submit their up-to-date time and expenses on a monthly basis in the form set forth by Exchange-Based Plaintiff Co-Leads or on such other schedule as may be established, from time to time, by Exchange-Based Plaintiff Co-Leads.

22.     Defendants shall effect service of papers on plaintiffs in the Exchange-Based Plaintiff Action by serving a copy on each Exchange-Based Plaintiff Co-Lead by electronic mail, overnight mail, telecopy or hand delivery.  Exchange-Based Plaintiff Co-Leads shall effect service on plaintiffs in the Exchange-Based Plaintiff Action by serving a copy on all other counsel for plaintiffs in the Exchange-Based Plaintiff Action by electronic mail, overnight mail, telecopy or hand delivery.

### III. <u>NO WAIVER</u>

23. The terms of this Order, the consolidation and coordination ordered herein, and the appointment of Over-the-Counter Plaintiff Co-Leads and Exchange-Based Plaintiff Co-Leads shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

**SO ORDERED**

Dated:  New York, New York
        December 22, 2011

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

11