# EXHIBIT 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | No. 1:14-md-02542-VSB |
| THIS DOCUMENT RELATES TO: ALL INDIRECT PURCHASER ACTIONS | |

**[PROPOSED] ORDER APPOINTING LIAISON COUNSEL AND INTERIM CLASS COUNSEL FOR THE PROPOSED CLASSES OF INDIRECT PURCHASER PLAINTIFFS**

The Court has considered the unopposed application of Kaplan Fox & Kilsheimer LLP, Pearson, Simon & Warshaw, LLP and Wolf Haldenstein Adler Freeman & Herz LLP to serve as proposed interim class counsel for the Proposed Classes of Indirect Purchaser Plaintiffs in this action, as well as the proposal that Fred Taylor Isquith of Wolf Haldenstein Adler Freeman & Herz LLP be appointed to serve as liaison counsel for the Proposed Classes of Indirect Purchaser Plaintiffs in this action.

The Court having found that the appointment of Kaplan Fox & Kilsheimer LLP, Pearson, Simon & Warshaw, LLP and Wolf Haldenstein Adler Freeman & Herz LLP as interim class counsel, and the appointment of Fred Taylor Isquith of Wolf Haldenstein Adler Freeman & Herz, LLP as liaison counsel, will protect the interests of the proposed classes, it is hereby ORDERED THAT:

1. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following law firms as Interim Co-Lead Counsel for the Proposed Classes of Indirect Purchaser Plaintiffs:

> Kaplan Fox & Kilsheimer LLP
> 850 Third Avenue, 14th Floor
> New York, New York 10022
>
> Pearson, Simon & Warshaw, LLP
> 44 Montgomery Street, Suite 2450
> San Francisco, California 94104
>
> Wolf Haldenstein Adler Freeman & Herz LLP
> 270 Madison Avenue
> New York, New York 10016

2. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following as Interim Liaison Counsel for the Proposed Classes of Indirect Purchaser Plaintiffs:

> Fred Taylor Isquith
> Wolf Haldenstein Adler Freeman & Herz LLP
> 270 Madison Avenue
> New York, New York 10016

3. Interim Co-Lead Counsel for the Proposed Classes of Indirect Purchaser Plaintiffs shall have sole authority over the following matters on behalf of plaintiffs in the indirect purchaser class actions:

> (a) convene meetings of counsel;
>
> (b) initiate, respond, schedule, brief, and argue all motions;
>
> (c) determine, for the indirect case, the scope, order, and conduct of all discovery proceedings;
>
> (d) conduct pre-trial, trial and post-trial proceedings;
>
> (e) make such work assignments among themselves and other counsel as they may deem appropriate;

2

(f) monitor the activities of plaintiffs' counsel to ensure that the litigation is conducted efficiently, effectively, and economically, that schedules are met, and that unnecessary, unproductive, and duplicative expenditures of time and expense are avoided;

(g) collect, on a periodic basis, contemporaneously-kept time and expense reports from all plaintiffs' counsel;

(h) consult with and retain experts;

(i) designate which attorneys shall appear at hearings and conferences with the Court;

(j) negotiate with defense counsel with respect to settlement and any other matters if and as appropriate; and

(k) perform other such duties and responsibilities as they may deem appropriate, or by further order of the Court.

4. Interim Co-Lead Counsel for the Proposed Classes of Indirect Purchaser Plaintiffs shall have sole authority to communicate with defendant's counsel on behalf of all plaintiffs in the indirect purchaser class actions. Defendant's counsel may rely on all agreements made with Interim Co-Lead Counsel for the Proposed Classes of Indirect Purchaser Plaintiffs, and such agreements shall be binding on all counsel in the indirect purchaser class actions.

5. Interim Liaison Counsel for the Proposed Classes of Indirect Purchaser Plaintiffs shall have the responsibilities of:

(a) receiving orders, notices, correspondence, and telephone calls from the Court on behalf of all indirect purchaser plaintiffs, and shall be responsible for preparing and distributing the same to all indirect purchaser plaintiffs' counsel upon direction of the Court;

  (b) maintaining and distributing a master service list of all indirect purchaser plaintiffs and their respective counsel;

  (c) performing other such duties and undertaking other responsibilities as necessary or desirable in connection with the prosecution of the litigation, or requested by the Court, to assure an efficient and cost- effective prosecution; and

  (d) being the principal point of contact for the indirect purchaser plaintiffs with the Court on coordination between the various cases.

**IT IS SO ORDERED**.

Dated: ____June 26____, 2014

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

The Clerk's Office is respectfully directed to grant Doc. 6 .

4