EXHIBIT 9

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS J. REECE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTRIA GROUP, INC., ALTRIA ENTERPRISES LLC, and JUUL Labs, Inc.,<br><br>Defendants. | Case No. 20-cv-02345-WHO<br><br>**[~~PROPOSED~~] PRETRIAL ORDER NO. 1**<br><br>Judge: Hon. William H. Orrick |
| **This Document Relates to**:<br><br>**ALL DIRECT PURCHASER ACTIONS**<br><br>**ALL INDIRECT PURCHASER ACTIONS**<br><br>**ALL INDIRECT RESELLER ACTIONS** | |

In order to facilitate the efficient management of the antitrust class actions (the "Antitrust Actions") involving the alleged anticompetitive agreements related to closed-system electronic cigarettes and/or pods, the Court hereby **ORDERS** as follows:

1. The provisions of this Order shall govern the practice and procedures in the Antitrust Actions that were or will be related to *Reece v. Altria Group, Inc., et al.*, Case No. 20-cv-02345 pursuant to N.D. Cal. Civil Local Rule 3-12.[1] Pursuant to Federal Rule of Civil Procedure 42(a), the Court now consolidates the Antitrust Actions into Case No. 20-cv-02345. Any "tag-along actions" raising substantially similar claims and defenses as the Antitrust Actions later removed to or transferred to this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action without the necessity of future motions or orders. The Antitrust Actions already pending before this Court are coordinated for pretrial purposes. This coordination does not constitute a determination whether the Antitrust Actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure. All subsequent filings filed in this Court related to the Antitrust Actions shall be captioned "*In re Juul Labs, Inc. Antitrust Litigation*" under Case No. 20-cv-02345.

---

[1] The following case numbers have previously been related by the Court: Case Nos. 3:20-cv-02512; 3:20-cv-02597; 3:20-cv-02729; 3:20-cv-02779; 3:20-02778; 3:20-cv-02891; 3:20-cv-03288; 3:20-cv-03430; 3:20-cv-03867; 3:20-cv-04413; 3:20-cv-04238; 3:20-cv-02999; 3:20-cv-03183; 3:20-cv-03868; 3:20-cv-03861; 3:20-cv-04073; and 3:20-cv-04736. The *Blomquist* action (Case No. 3:20-cv-02512) has subsequently been voluntarily dismissed (ECF No. 124).

2. Every pleading or motion filed in the master docket shall bear the following caption:

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE JUUL LABS, INC. ANTITRUST LITIGATION<br><br>This Document Relates To: ["All Actions" or "The Direct Purchaser Actions" or "All Indirect Purchaser Actions" or "All Indirect Reseller Actions" or the docket numbers of each individual case to which the document relates.] | Master File No. 20-cv-02345-WHO |

3. If a document pertains to only one or some of the member cases, the document must list the actions or the docket number of each individual action to which the document applies immediately under the master caption as set forth above. Documents that pertain to one or only some of the individual pending actions shall *also* be filed in the individual case(s) to which the documents pertain.

4. The Court has appointed Interim Lead Counsel for the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs"). The Court has also appointed four counsel to the Steering Committee. *See* ECF No. 115; Fed. R. Civ. P. 23(g).

    A. The Court appointed the following as Interim Lead Counsel for the Direct Purchaser Plaintiffs:

> Joseph R. Saveri
> **JOSEPH SAVERI LAW FIRM, INC.**
> 601 California Street, Suite 1000
> San Francisco, California 94108
> Telephone: (415) 500-6800
> Facsimile: (415) 395-9940
> jsaveri@saverilawfirm.com

B. The Court appointed the following as Interim Lead Counsel for the Indirect Purchaser Plaintiffs:

> Robin F. Zwerling
> **ZWERLING, SCHACHTER & ZWERLING, LLP**
> 41 Madison Avenue
> New York, NY 10010
> Telephone: (212) 223-3900
> Facsimile: (212) 371-5969
> rzerling@zsz.com

In general, Interim Lead Counsel are responsible for coordinating the activities of Plaintiffs during pretrial proceedings, *see, e.g., In re Juul Labs Inc. Mktg, Sales Pracs., and Prods. Liab. Litig.*, No. 19-md-02913, (N.D. Cal. Dec. 20, 2019), ECF No. 341, and shall:

(1) determine (after such consultation with other members of the Steering Committee and other co-counsel as may be appropriate) and present to the Court and opposing parties the position of Plaintiffs, either collectively or on behalf of their respective plaintiffs and proposed classes, on all matters arising during pretrial proceedings;

(2) coordinate the scheduling and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2) and 26(g), as well as the preparation of protocols for discovery to allow for equitable and efficient use of discovery;

(3) suggest, in consultation with Defendants, the ordering, priority, and response to pending and anticipated motions;

(4) coordinate, at the appropriate juncture, the selection of trial teams;

(5) conduct settlement negotiations on behalf of their respective plaintiffs and proposed classes;

(6) delegate specific tasks to Steering Committee members and other counsel in a manner to ensure that pretrial preparation for Plaintiffs, either collectively or on behalf of their respective plaintiffs and proposed classes, is conducted efficiently and effectively;

(7) enter into stipulations with opposing counsel, counsel in the MDL actions, and/or other counsel, as necessary for the conduct of the litigation;

(8) prepare and distribute periodic status reports to the Court and parties;

(9) monitor time and expenses of all Plaintiffs' counsel to ensure that the litigation moves forward expeditiously while unnecessary expenditures of time and funds are avoided; and

(10) perform such other duties as may be necessary for effective and efficient coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

C. The Court appointed the following as members of the Steering Committee:

For the Direct Purchaser Plaintiffs:

| | |
|---|---|
| Natasha Fernandez-Silber<br>**RADICE LAW FIRM, P.C.**<br>475 Wall Street<br>Princeton, NJ 08540<br>Telephone: (646) 245-8502<br>Facsimile: (609) 385-0745<br>nsilber@radicelawfirm.com | Michelle C. Clerkin<br>**MOTLEY RICE LLC**<br>777 Third Avenue, 27th Floor<br>New York, NY 10017<br>Telephone: (212) 577-0040<br>mclerkin@motleyrice.com |

For the Indirect Purchaser Plaintiffs and the Indirect Reseller Plaintiffs

| | |
|---|---|
| Elana Katcher<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue, 14th Floor<br>New York, New York 10022<br>Telephone: (212) 687-1980<br>Facsimile: (212) 687-7714<br>ekatcher@kaplanfox.com | Pamela A. Markert<br>**CERA LLP**<br>595 Market Street, Suite 1350<br>San Francisco, CA 94105<br>Telephone: (415) 777-2230<br>Facsimile: (415) 777-5189<br>pmarkert@cerallp.com |

In general, Steering Committee members shall consult with and operate with the guidance of Interim Lead Counsel.

5. Each attorney of record is obligated to become a Northern District of California ECF User and be assigned a user ID and password for access to the system. If she or he has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf. The docket in Case No. 20-cv-02345 will constitute the master docket. All filings shall be filed in the master docket.

6. A copy of this Order shall be filed by the Clerk in any subsequent case filed, transferred, or related.

7. Counsel are directed to familiarize themselves with the Northern District of California's Local Rules, the Standing Order for All Judges of the Northern District of California, the Court's standing orders, and the Guidelines for Professional Conduct for the Northern District of California.

8. Counsel who appeared in a related case prior to consolidation need not enter an additional appearance before this Court. Attorneys admitted to practice and in good standing in any United States District Court may, at Case No. 20-cv-02345, seek to be admitted *pro hac vice* in this litigation pursuant to N.D. Cal. Civil Local Rule 11-3. The requirement that *pro hac vice* counsel retain local counsel, *see* N.D. Cal. Civil Local Rules 11-3(a)(3) and 11-3(e), is waived and does not apply to this action.

IT IS SO ORDERED

DATED: October 20, 2020

_____
HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE