UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE ADVERTISING ANTITRUST LITIGATION | 21-md-3010 (PKC) |
| This document relates to:<br><br>CLIFFY CARE LANDSCAPING, LLC, *et al.* on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br>v.<br><br>FACEBOOK, INC., GOOGLE LLC, and ALPHABET INC.<br>   *Defendants*. | Civil Action No. 1:21-cv-6910 (PKC) |

**RESPONSE OF THE *CLIFFY CARE* PLAINTIFFS
TO THE APPLICATIONS BY THE *SUREFREIGHT* AND
*SPX* PLAINTIFFS FOR APPOINTMENT AS INTERIM LEAD
COUNSEL FOR CERTAIN CLASSES OF DIGITAL ADVERTISERS**

  Pursuant to the Court's Order entered on February 11, 2022 (Doc 249), the Court agreed to "entertain written application for the appointment of Interim Counsel for the Putative Class of Advertisers filed by February 23, 2022" with "responses or objections" to be filed by March 2, 2022. Cliffy Care Landscaping LLC, Kinin, Inc., Raintree Medical and Chiropractic Center LLC, and Rodrock Chiropractic, PA (collectively, the "*Cliffy Care* plaintiffs") hereby submit the following response to the Applications of the *Surefreight* plaintiffs (Doc 253) and the *SPX* plaintiffs (Doc 256).

**I.     The *Cliffy Care* Plaintiffs Generally Support the *SPX* Proposal**

The *SPX* plaintiffs have proposed that the three distinct advertiser class actions should be coordinated with the appointment of interim class counsel for each of the three classes with one of them to be liaison counsel with the Court. For the reasons stated in the Memorandum of Points and Authorities in Support of the Application of Cliffy Care Landscaping, LLC *et al*. for Appointment of Interim Lead Counsel (Doc 252-1), the facts and claims alleged in the *Cliffy Care* case and the adequacy requirement of Fed. R. Civ. P. 23(g)(4) strongly favor the appointment of independent legal counsel for the *Cliffy Care* class and, indeed, for each of the three proposed advertiser classes.

It is also efficient and reasonable to appoint counsel responsible to act as liaison with the Court on behalf of the advertiser classes.

**II.    The *Surefreight* Proposal Ignores Actual and Potential Class Conflicts**

The *Surefreight* proposal, in which counsel for *Surefreight* seek appointment as interim class counsel for the advertisers in *all three classes*, fails to recognize the differences between different classes of advertisers with different legal claims and interests. In so doing, the *Surefreight* proposal ignores entirely the actual and potential conflicts inherent where counsel attempts to serve simultaneously the interests of multiple and differently situated plaintiff classes.

The *Surefreight* proposal also over-concentrates authority over the conduct of complex and sprawling antitrust litigation with multiple claims and classes in the hands of two interim "co-lead" attorneys and a large Executive Committee drawn entirely from the *Surefreight* case. This approach is both substantively overreaching and inequitable—belying an unwarranted domineering intent that blocks anyone other than their chosen group.  There can be no assurance

that the interests of the various classes will be equally and fairly served in a non-discriminatory way when case financing and expense priorities, litigation strategy, and attorney work assignments for all the classes are dictated by unitary lead counsel.  Further, their group is top heavy in structure and inefficient in how it is organized.

**III.     Counsel for *Surefreight* Have No Standing to Seek to Represent the *Cliffy Care* and *SPX* Classes**

Finally, it is yet unknown whether the *Surefreight* plaintiffs even includes any parties who possess the same legal claims alleged in the *Cliffy Care* and *SPX* cases, because the *Surefreight* plaintiffs have no allegations in their pleadings setting forth the *Cliffy Care* and *SPX* claims. Accordingly, it is not at all clear that the *Surefreight* plaintiffs have standing to seek appointment as interim lead counsel for the *Cliffy Care* and *SPX* classes.

Based on the foregoing, the *Cliffy Care* plaintiffs renew their request for appointment of Jonathan L. Rubin, Daniel J. Mogin, and Jennifer M. Oliver of the firm of MoginRubin LLP as interim lead class counsel for the *Cliffy Care* class and for further arrangements consistent with the submission of the *SPX* plaintiffs.

March 2, 2022

/s/ Jonathan Rubin
Jonathan L. Rubin
(D.C. Bar No. 353391)
**MOGINRUBIN LLP**
2101 L Street, N.W.
Washington, D.C. 20037
(202) 630-0616
jrubin@moginrubin.com

Daniel J. Mogin
Jennifer M. Oliver
Timothy Z. LaComb
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

*Counsel for Plaintiffs Cliffy Care, Kinin, Rodrock, and Raintree*

Richard F. Lombardo
Peter F. Rottgers
**SHAFFER LOMBARDO SHURIN, P.C.**
2001 Wyandotte Street
Kansas City, MO 64108
(816) 931-0500
rlombardo@sls-law.com
prottgers@sls-law.com

*Counsel for Plaintiffs Cliffy Care, Rodrock, and Raintree*

Jason S. Hartley
Jason M. Lindner
**HARTLEY LLP**
101 W. Broadway, Ste 820
San Diego, CA 92101
(619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Counsel for Plaintiff Kinin*

**Electronic Mail Service List**

All counsel on the ECF list were served a true and correct copy of the foregoing on March 2, 2022, via the Court's CM/ECF system and to the best knowledge of the undersigned there are no recipients who are not registered to receive electronic service.

    /s/   Jonathan Rubin
Jonathan L. Rubin