

March 24, 2022

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re: Google Digital Advertising Antitrust Litig., No. 21-md-3010 (PKC)*
<u>*This Letter relates to: Texas v. Google, No. 21-cv-6841 (PKC)*</u>
*Publisher Plaintiffs' Motion for Leave to File Joint Amicus Brief in Opposition to*
*Defendant Google LLC's Motion to Dismiss the States' Third Amended Complaint*

Dear Judge Castel:

  I write on behalf of Plaintiffs Genius Media Group, Inc., The Nation Company, L.P., The Progressive, Inc., individually and on behalf of the putative publisher classes (collectively, the "Publisher Class Plaintiffs"), the Direct Newspaper Plaintiffs,[1] and Plaintiffs Associated Newspapers Ltd. and Mail Media Inc. (the "Daily Mail Plaintiffs") (Publisher Class Plaintiffs, Direct Newspapers Plaintiffs, and the Daily Mail Plaintiffs collectively referred to herein as the "Publisher Plaintiffs") to respectfully submit this Pre-Motion Letter in anticipation of filing a Motion for Leave to file a Joint Amicus Brief in Opposition to Defendant Google LLC's Motion to Dismiss the States' Third Amended Complaint. Pursuant to the Court's Individual Practices, we note that there is no conference scheduled at this time.

  Publisher Plaintiffs' Motion for Leave respectfully requests permission to submit a Joint Amicus Brief to provide the Court with a publisher-specific perspective on the issues raised by

---

[1] The "Direct Newspaper Plaintiffs" consist of AIM Media Indiana Operating, LLC, AIM Media Midwest Operating, LLC, AIM Media Texas Operating, LLC, Brown County Publishing Company, Inc. and Multi Media Channels, LLC, Clarksburg Publishing Company, d/b/a WV News, Coastal Point LLC, Eagle Printing Company, Ecent Corporation, Emmerich Newspapers, Incorporated, J.O. Emmerich & Associates, Inc., Delta Democrat Publishing Company, Commonwealth Publishing Company, Inc., Delta Press Publishing Company, Inc., Newton County Appeal Inc., Marion Publishing, Company, Yazoo Newspaper, Co., Inc., Sunland Publishing, Company, Inc., Simpson Publishing Co., Inc., Montgomery Publishing Co., Inc., Franklinton Publishing Co., Inc., Charleston Publishing Co., Inc., Clarion Publishing Company, Inc., Scott Publishing, Inc., Clarke Publishing, Inc., Hattiesburg Publishing, Inc., Tallulah Publishing, Inc., Louisville Publishing, Inc., Kosciusko Star-Herald, Inc., Enterprise-Tocsin, Inc., Grenada Star, Inc., Tate Record Inc., Flag Publications, Inc., Gale Force Media, LLC, HD Media Company, LLC, Journal Inc., Robinson Communications, Inc., Something Extra Publishing, Inc., Rome News Media, LLC, Times Journal, Inc., Neighbor Newspapers, Savannah Publishing Co., Inc., Gould Enterprises, Inc., Union City Daily Messenger, Inc., Weakley County Press, Inc., and Southern Community Newspapers, Inc.



Defendant Google's Motion to Dismiss the States' Third Amended Complaint.  Publisher Plaintiffs focus on those issues bearing upon the sufficiency of the States' claims as they relate to the interests of online publishers.

      Consistent with Local Rule 7.1, Publisher Plaintiffs submit as Exhibits hereto the Motion for Leave papers they wish to file, which include the following: (1) a Notice of Motion for Leave to file a Joint Amicus Brief; (2) a Memorandum of Law in Support of the Motion for Leave; and (3) a Declaration of Philip Korologos in support of the Motion for Leave, the last of which includes as its Exhibit A the Proposed Joint Amicus Brief of the Publisher Plaintiffs.  Should permission be granted to file the referenced Motion for Leave, the Publisher Plaintiffs will file each of these papers in the above captioned matter.

      Publisher Plaintiffs provide the Motion for Leave papers including the Proposed Joint Amicus Brief at this time to ensure maximum time for Defendants to be able to respond to points raised in the Joint Amicus Brief (as they may so choose) without disrupting the current briefing schedule should the Court grant permission to file the Joint Amicus Brief.

      While more fully set forth in the Memorandum of Law attached here to as Exhibit 2, an amicus brief should usually be allowed "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 20 CIV. 10832 (AT), 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (internal citations and quotation marks omitted).  "Other functions served by amicus curiae are to provide supplementary assistance to existing counsel and insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision."  *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *see also AT&T Mobility LLC v. Gonnello*, 11 CIV. 5636 PKC, 2011 WL 4716617, at *2 (S.D.N.Y. Oct. 7, 2011) (Castel, J.) (granting leave for multiple parties to appear as *amici curiae)*. Given the Publisher Plaintiffs' involvement in open display advertising, we respectfully believe this standard is clearly satisfied.

      Respectfully submitted,

      /s/ Philip Korologos
      Philip Korologos

Encls.

Copy w/encls. to all counsel via ECF.