**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

JUSTINA K. SESSIONS
Email: jsessions@wsgr.com
Direct dial: (415) 947-2197

March 28, 2022

<u>Via CM/ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
*State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

We write in regard to Publisher Plaintiffs' pre-motion letter dated March 24, 2022 seeking leave to file an "Amicus Brief" which purports to offer a "publisher-specific perspective" on Google's Motion to Dismiss the State Plaintiffs' operative Complaint. ECF 267. Publisher Plaintiffs' request should be denied because it conflicts with the Court's scheduling order, ECF 144, because Publisher Plaintiffs are not amici curiae but rather Parties to this MDL, and because no "publisher-specific perspective" is needed. Pursuant to Your Honor's individual practices, we note that no conference is currently scheduled.

Publisher Plaintiffs' request is inconsistent with the Court's directions concerning the scheduling of this MDL. Having heard all Parties' perspectives, the Court directed that the State Plaintiffs' case would proceed first. Hearing Tr. at 11:15-19 (Sept. 24, 2021) ("I could have taken the publishers class action, . . . but I've taken the states' complaint because it seems to cover . . . much of the waterfront."). The Private Plaintiffs (including Publisher Plaintiffs) would then be given an opportunity to amend "after [the Parties] have in hand a decision on the motion to dismiss in the state case." *Id.* at 11:22-25. Accordingly, Publisher Plaintiffs' request to assert their position now and resequence the schedule set by the Court is inappropriate.

Publisher Plaintiffs are not amici—they are Parties to this MDL. The purpose of amici is to provide "an objective, dispassionate, neutral discussion of the issues" and not to act "as an advocate for one side." *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) (denying leave to file amicus brief). An amicus brief should be considered "when a party is not represented competently or not represented at all, when the amicus has an interest in some other

WILSON SONSINI

March 28, 2022
Page 2

case that may be affected by the decision in the present case[,]" or "when the amicus has unique information or perspective that can help the court *beyond the help that the lawyers for the parties are able to provide*." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935 (ALC), 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (emphasis added) (citation omitted).

There is no need for a "publisher-specific perspective" here. At State Plaintiffs' request, the Court granted an Unopposed Interim Protective Order to "ensure that the Third Amended Complaint is as representative and complete as possible[.]" *See* ECF 141 at 1; ECF 156. Even if there were a need for a "publisher-specific perspective," the Amicus Brief does not provide one. A cursory review reveals that it seeks to expand upon the arguments advanced by State Plaintiffs. Thus, Publisher Plaintiffs' brief is not a true amicus brief; it is an attempt at an end-run around the page limitations for the motion to dismiss briefing. *See, e.g.*, Letter to Counsel from Judge Buchwald, *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12 Civ. 2827 (NRB) (S.D.N.Y. July 20, 2015), ECF 117 (striking plaintiffs' attempt to "construct an end-run around" page limitations by "deconstructing one motion into three"); Order, *Andrews v. Freemantlemedia N.A., Inc.*, No. 13 Civ. 5174 (NRB) (S.D.N.Y. Apr. 29, 2014), ECF 65 (striking plaintiffs' unsolicited supplemental memorandum and rejecting plaintiffs' attempts to raise additional arguments that "could have been included" in their opposition brief).

Notwithstanding its impropriety, the Amicus Brief is also late. Publisher Plaintiffs assert that their filing should not "disrupt[] the current briefing schedule." ECF 267 at 2. But the current briefing schedule was set five months ago and did not contemplate the filing of this Amicus Brief. *See* ECF 144. If Publisher Plaintiffs wanted to amend that schedule, they should have sought leave to do so long ago instead of waiting to file their pre-motion letter two days *after* the filing of the State Plaintiffs' Opposition.

\* \* \*

Publisher Plaintiffs' request to file the Amicus Brief should be denied. To the extent that the Court allows Publisher Plaintiffs' Amicus Brief, Google submits that it would be efficient to file an omnibus Reply addressing the arguments in the Amicus Brief together with the arguments in State Plaintiffs' Opposition. Google further requests that any such omnibus Reply be due 30 days after the Court grants permission, and that the omnibus Reply be up to 30 pages in length.

WILSON SONSINI

March 28, 2022
Page 3

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER
    US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Counsel for Defendant Google LLC*

cc:  All Counsel of Record (via CM/ECF)