# EXHIBIT B

Filed in The District Court
of Travis County, Texas

FEB 2 1 2020 **JG**

At 11:35 A.M.

Velva L. Price, District Clerk

No. D-1-GN-19-007654

| | | |
|---|---|---|
| GOOGLE LLC, and ALPHABET INC., | § § § | IN THE DISTRICT COURT OF |
| Petitioners, | § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| KEN PAXTON, in his Capacity as Attorney General of the State of Texas, | § § § | |
| Respondent. | § | 261ST JUDICIAL DISTRICT |

## AGREED PROTECTIVE ORDER

On this day, the Court considered petitioners Google LLC and Alphabet Inc.'s PETITION FOR PROTECTIVE ORDER TO PREVENT DISCLOSURE OF GOOGLE'S CONFIDENTIAL INFORMATION TO THIRD PARTIES ("Google's Petition"). After considering Google's Petition and any response, admissible evidence, pleadings on file, and applicable law, the Court is of the opinion that the parties' proposed Agreed Protective Order should be GRANTED. It is therefore:

ORDERED as follows:

1. WHEREAS, the Office of the Attorney General of Texas ("Texas") is investigating potentially anticompetitive conduct in markets relating to online advertising, online search, and mobile operating systems in the United States (the "Investigation"). In relation to the Investigation and pursuant to the Texas Free Enterprise and Antitrust Act of 1983, Texas Business & Commerce Code § 15.01 et seq. (the "Act"), Alphabet Inc. ("Google") has produced and will produce to Texas, *inter alia*, documentary material, responses to interrogatories, and/or oral testimony (collectively, "CID Materials").

2. Section 15.10(g) of the Act permits Google to designate which, if any, of the CID Materials contain trade secrets or confidential information, and Section 15.10(i) of the Act protects the confidentiality of CID Materials. Designation of information or materials as Highly Confidential and Confidential in accordance with paragraph 11 of this Order shall also constitute designation of such materials as confidential pursuant to Section 15.10(g).

3. Texas shall keep CID Materials confidential to the fullest extent applicable by law, including by providing confidentiality protections equal to or greater than those provided in Section 15.10(i) of the Act.

4. Google's inadvertent production of CID Materials without a "trade secret," "Confidential," or "Highly Confidential" designation, but which Google reasonably believes are trade secret or confidential, does not constitute a waiver of Google's right to claim trade secret or confidential status; Google may at any time designate CID Materials it previously produced as trade secrets or confidential. From the time of that designation forward, Texas shall treat such information as required by this Order.

5. Google's production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or failure by Google to assert that a privilege and/or work product protection applies to any Privileged Material shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection that applies to such material. Texas shall promptly return to Google any documents or information (and any copies thereof) that, through their review, they recognize as being protected against disclosure by the attorney-client privilege, the attorney work product doctrine, or any applicable privilege. Texas shall not assert that a claim of privilege has been waived by Google because documents or information have been inadvertently produced, regardless of when such inadvertent disclosure is discovered, and regardless of which party discovers that Privileged Material was disclosed. Texas reserves all other rights with respect to challenging any designation of privilege by Google.

6. Texas may share CID Materials with an individual or entity who is retained but not employed by Texas for the purposes of this Investigation (for instance, a consulting expert) only upon that individual or entity's execution of Attachment 1. Texas will not authorize any such individual or entity to disclose CID Materials designated Confidential, Highly Confidential, or trade secret to any third party without Google's consent.

7. Nothing in this Order shall prohibit Texas from sharing CID Materials with the Offices of the Attorneys General of those States, Commonwealths, District, and Territories that are also investigating Google (the "Co-Investigating States") pursuant to: (a) the Interim Confidentiality Agreement executed by Google on November 12, 2019; and/or (b) any future agreement amongst Google, Texas, and any Co-Investigating States providing similar confidentiality protections as this Order (the "Confidentiality Agreements"). The Co-Investigating States that are parties to the Confidentiality Agreements are expressly not bound by this Order, but are instead bound by the terms of such Confidentiality Agreements.

8. If Texas learns that, by inadvertence or otherwise, it or any individual or entity referenced in paragraph 6 of this Order has disclosed CID Materials in any circumstance prohibited under this Order or Section 15.10(i) of the Act, Texas must immediately (a) notify Google of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of such CID Materials, (c) inform the person(s) or entity to whom the unauthorized disclosure(s) were made of all the terms of this Order, and (d) request that such person(s) or entity return the disclosed CID Materials to Texas.

9. Regarding the disposition of CID Materials to Google (upon written request at the completion of any case or proceeding before any court arising out of the Investigation or after Texas has decided not to institute any case or proceeding before a court in connection with the Investigation), Texas shall follow Section 15.10(i)(6) of the Act.

10. The obligations imposed by this Order shall survive the conclusion of the Investigation to the extent permitted by applicable law. Google will have the right to enforce the provisions of Attachment 1 as to any individual or entity that executes the Attachment.

11. Google may designate as "Highly Confidential" any CID Materials that it reasonably believes contain highly sensitive information, including documents, data, or other information that contains trade secrets, competitively sensitive information about Google and its products and services, and/or other proprietary information entitled to additional protections. Any inadvertent failure to designate qualifying information as Highly Confidential shall be treated in accordance with paragraph 4 of this Order. In addition:

    a. Prior to disclosing, in whole or in part, any materials designated as Highly Confidential to any person or entity otherwise permitted to receive such information, Texas shall inform such person or entity that the information is Highly Confidential.

    b. Notwithstanding any other provision of law, unless authorized by a court of competent jurisdiction, this Order, or by Google in writing (which includes the Confidentiality Agreements referenced in paragraph 7), no information designated as Highly Confidential shall be shown or disclosed to any person or entity not bound by this Order, including, for the avoidance of doubt, a witness or deponent, other than a person who created or received such Highly Confidential information in the ordinary course of business (and then solely those portions of any document such person previously created or received).

    c. Nothing in this Order shall prohibit Texas from utilizing one or more third-party vendors that provide litigation support services (e.g., document review platforms) or court reporters with respect to CID Materials. CID Materials may be disclosed to such vendors to the extent necessary to effectuate their services.

12. Nothing in this Order shall prevent Texas from contending that any CID Materials designated as "Highly Confidential," "Confidential," or trade secret have been improperly designated. The parties shall use their best efforts to promptly and informally resolve such disputes. If agreement cannot be reached, Texas may request that a court cancel or modify such designation.

13. Nothing in this Order shall be construed to prevent Google from objecting to the use of any CID Materials in any proceeding on any grounds that would otherwise be available, and all such objections are expressly preserved.

14. Google and Texas may enter into further agreements modifying the terms of this Order, provided that any such modification is in writing and signed by all the parties to this Order or their authorized representatives.

IT IS SO ORDERED by the Court, this 20th day of February, 2020.

3

_____
Jan Soifer, Presiding Judge

## ATTACHMENT 1

1. I have read the attached Order, understand the terms of the Order, and agree to be bound by those terms.

2. In addition, I expressly agree that:

    a. I will not disclose or otherwise use for the benefit of anyone other than Texas and/or the Co-Investigating States (and in such case solely in connection with the Investigation referenced in the Order) any CID Materials designated by Google as containing trade secrets or Confidential or Highly Confidential information, or any documents derived therefrom, unless the disclosure is required by law.

    b. With respect to any CID Materials designated by Google as containing Confidential or Highly Confidential information, I agree to assume special fiduciary obligations to: (1) safeguard and protect such material from unauthorized copying and disclosure; (2) limit the access, review and disclosure of such material only to specific individuals employed by the Office of the Attorney General of Texas (the "OAG"); (3) implement organization and technical safeguards to segregate such material from unauthorized access by individuals who have not been approved by the OAG.

    c. I will, within sixty (60) days of the termination of my engagement with Texas in connection with this Investigation or the conclusion of the Investigation and any informal or formal proceedings arising therefrom (including litigation and appeals), whichever is sooner (such date, my "Termination Date"), return to Texas any CID Materials or documents derived from or containing CID Materials then in my possession.

Signature: _____    Date: _____
Name:
Title:
Employer:
Address:
City/State/Zip:
Email:
Phone:

4