

May 10, 2022

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St., Courtroom 11D
New York, New York 10007

      **Re:** *In re Google Digital Advertising Antitrust Litig.*, 1:21-md-03010 (S.D.N.Y.) (PKC)
      **This Document Relates to: ALL ACTIONS**

Dear Judge Castel:

      Pursuant to Your Honor's Individual Practice 3B and Local Rule 37.2, the undersigned State Plaintiffs and Private Plaintiffs (collectively "Plaintiffs") write to request a pre-motion conference regarding Plaintiffs' anticipated motion for entry of a confidentiality order to govern the actions in this MDL. No conference is scheduled at this time.

      At the April 19, 2022 discovery conference, the Court directed the Parties to negotiate a revised confidentiality order based upon the guidance the Court provided at that hearing. Since then, the Parties have sought to resolve all remaining disputes on the proposed confidentiality order. And although the Parties have resolved the majority of the remaining disputes, there are two discrete issues that remain and require the Court's guidance[1]: the appropriate source code protocol and the process for handling clawed back documents.

      For the Court's convenience, Appendix A to this letter relates to the source code issue; it is a comparison showing Google's objections in this MDL to language Google agreed to in the *Google Play* MDL, which Plaintiffs are proposing be used as a model. Appendix B is a redline showing Plaintiffs' proposals for the clawback section in the proposed Confidentiality Order. Appendix C is a clean version of Plaintiffs' proposed Confidentiality Order.

***Source Code:***

      The Court should enter the source code protocol that Google agreed to less than five weeks ago in a similar antitrust MDL also involving State, class, and individual plaintiffs. Google's

---

[1] Pursuant to Your Honor's Individual Practice 3B and Fed. R. Civ. P. 37(a)(1), the Plaintiffs certify that we attempted in good faith to reach agreement on all issues without Court action. In the interests of brevity, we have not set out the full details of the meet and confer process or provided a chronology of the Parties' negotiations. Plaintiffs will do so if the Court requests.

The Honorable P. Kevin Castel
May 10, 2022
Page 2

insistence upon an older protocol from dissimilar litigation has served only to further delay entry of an appropriate order.

At the April 19 hearing, the Court stated that Google would be in a "tough spot" if it objected to a source code protocol it had "agreed to . . . in another case." Hr'g Tr. at 14:20-21 (Apr. 19, 2022). Plaintiffs explained that Google was already in that "tough spot": Just one day after submitting its letter to the Court raising a host of objections to Plaintiffs' source code proposal (ECF No. 274 at 7-8), Google had agreed in a different antitrust MDL to most of the provisions it opposed here. Hr'g Tr. at 15:11-19. The Court responded that it was "optimist[ic]" Google would "rethink" its position. *Id*. at 15:20-21. On April 22nd, Plaintiffs thus proposed to Google that the parties enter into the source code protocol Plaintiffs referenced at the April 19 hearing: the protocol Google agreed to just two weeks earlier in *In re Google Play Store Antitrust Litigation*, No. 21-md-02981, ECF No. 206 (N.D. Cal. Apr. 7, 2022).[2]

Given the Court's comments, Google's recent agreement to the *Google Play* protocol, and the clear similarities between *Google Play* and this case – both are antitrust MDLs against Google involving digital technology and State, class, and individual plaintiffs – Plaintiffs believed that the *Google Play* protocol would be unobjectionable to Google. Instead, on April 26, Google rejected Plaintiffs' proposal, demanding that Plaintiffs choose between three different source code protocols that were all slight variations on each other, were all more favorable to Google (e.g., by relieving Google of the obligation to state any objections to Plaintiffs' experts with particularity), and were all taken from dissimilar patent or privacy litigation. None came from multidistrict litigation. And none were as recent as the *Google Play* order. Google has not budged in the parties' continued negotiations, but instead on May 5 proposed another two less-recent protocols drawn from patent cases.[3]

Google has not explained why the *Google Play* protocol was appropriate for that antitrust MDL but not for this antitrust MDL. Google's only attempt to do so was to assert, in a May 9 meet and confer, that the confidential source code at issue in this case is more sensitive than the confidential source code at issue in *Google Play*. But Google did not describe how the *Google Play* protocol would provide insufficient protection for its source code, or how its exemplars provide superior protection. And in any event, it strains credulity that Google would be cavalier with any of its source code, let alone the source code at issue in *Google Play*, which includes source code integral to Google's payment collection on smartphones using Google's operating system.

Google's steadfast refusal to negotiate a source code protocol should not be rewarded by permitting Google to enter into a protocol of its choosing. Google's adoption of the *Google Play* protocol makes clear that Google's objections in its April 6 letter to the Court were hollow. As Plaintiffs explained at the April 19 hearing, after submitting that letter, Google agreed to the

---

[2]    Although the Court initially suggested that Google could propose three sample source code protocols, that was before Plaintiffs called the *Google Play* protocol to the Court's attention in the exchange referenced above.
[3]    The examples Google provided on May 5 were two protocols Plaintiffs had previously used to inform their initial proposal.  But, as Google has pointed out extensively to this Court, Plaintiffs' initial proposal changed those protocols.  As shown in Appendix A, Google agreed to the vast majority of those changes in the *Google Play* protocol.

The Honorable P. Kevin Castel
May 10, 2022
Page 3

*Google Play* source code protocol which incorporates three-quarters of the very provisions to which Google objected in this matter. *See* App'x A (comparing Google's objections to language Google agreed to in *Google Play*). To take just one example, although Google claimed to this Court that Plaintiffs had proposed an "egregious . . . restructuring of the usual objection framework," ECF No. 274 at 8, Google agreed to an identically structured objection framework in *Google Play* just one day later. App'x A, Row 4.

Given the recency of the protocol entered in *Google Play*, that MDL's similarities with this MDL, and Google's failure to engage in serious negotiation since it received Plaintiffs' proposal five months ago, the Court should enter the *Google Play* protocol attached in Plaintiffs' Proposed Order.[4]

***Clawbacks***

The Court also should enter the Plaintiffs' provision regarding clawbacks. As directed by this Court, Plaintiffs' clawback proposal tracks the language of Rule 26(b)(5)(B) regarding procedures for handling inadvertently produced documents later claimed to be privileged by the producing party. Hr'g Tr. at 36:12-14; 37:10-11; 37:21-22 (Apr. 19, 2022). Additionally, consistent with Your Honor's directions for both flexibility and structure, Plaintiffs' proposal contemplates that a Plaintiffs' privilege committee consisting of eight (8) representative attorneys from the various Plaintiffs' groups[5] and four (4) representative attorneys from Defendants Google and Facebook[6] can review and use sequestered documents solely for the purpose of challenging the producing party's claim of privilege until the claim is resolved. Hr'g Tr. at 34:23-25, 35:1-13. Facebook takes no position on Plaintiffs' proposal that they be permitted a small group of eight attorneys to manage clawback issues on behalf of all Plaintiff groups. Plaintiffs' proposal appropriately addresses the inherent tension recognized by the Court between protecting privileged communications and zealously representing our clients. Hr'g Tr. at 37:10-22.

Rule 26(b)(5)(B) clearly provides that a party receiving notice that an adversary has inadvertently produced privileged information "may promptly present the information to the court under seal for a determination of the claim." Pursuant to Rule 26(b)(5)(B) and the relevant caselaw in this district, where no law or rule of professional responsibility prohibits it,[7] "the Federal Rules

---

[4]     Appendix C, Plaintiffs' Proposed Order, includes the *Google Play* source code protocol with minor, case-specific amendments (e.g., by identifying the "Plaintiff Groups" involved in this MDL).

[5]     This proposal contemplates 2 representative attorneys from each of four sets of plaintiffs groups; two for the State AGs; two for the Publisher Class Actions; two for the Advertiser Class Actions; and two for the individual opt-out Plaintiffs (further allocated as one for the Direct Action Newspaper Plaintiffs and one for the Daily Mail Plaintiffs). Plaintiffs regret that the parties were unable to reach agreement on the number of lawyers with access to sequestered documents but respectfully believe that their proposal is reasonable and warranted given the complexity of this case and number of groups of distinct Plaintiffs in the MDL.

[6]     Google seeks to restrict the number of representative attorneys to one (1) per Plaintiff group. At the same time, it is demanding two representative attorneys each for itself and for Facebook. Plaintiffs disagree and submit there should be parity on this issue,

[7]     The Advisory Committee Notes to this provision, cited in *In re Keurig, infra*, permit the receiving party "to use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility." 2006 Advisory Committee Notes to Rule 26.

The Honorable P. Kevin Castel
May 10, 2022
Page 4

of Civil Procedure permit a party that receives an inadvertently produced privileged document to use the content of that document to challenge the assertion of privilege." *In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 2019 WL 2003959, at *3 (S.D.N.Y. May 7, 2019) (Pitman, J.).

Defendant Google, however, seeks to prevent the Plaintiffs from using the substance of the clawed back document to challenge its assertion of privilege. While the parties agree that documents subject to clawback requests should not be quoted in or attached to any publicly filed motion, a party challenging a claim of privilege may describe the contents of the document without revealing the information that the producing party contends is privileged. *Synergetics USA, Inc. v. Alcon Labs., Inc.*, 2009 WL 2016795, at *1 (S.D.N.Y. July 9, 2009) (Cotes, J.) (plaintiff permitted to make direct reference to purportedly privileged documents in its motion papers); *see also Graves v. Deutsche Bank Secs., Inc.*, 2011 WL 721558 (S.D.N.Y. Feb. 10, 2011) (Fox, J.) (objecting party permitted to describe contents of purportedly privileged document) *see generally U.S. Home Corp. v. Settlers Crossing, LLC*, 2012 WL 5193835 (D. Md. Oct. 18, 2012) (allowing discussion of and briefing on contested documents to resolve question of privilege itself). Indeed, as set forth in the New York City Bar Association's formal ethics opinion:

> If . . . the receiving attorney believes in good faith that the communication appropriately may be *retained and used*, the receiving attorney may . . . submit the communication for in camera consideration by a tribunal.

Assoc. for the Bar of the City of New York Formal Opinion No. 2003-20004, 2003 WL 23789274, at *9  (Dec. 2003) (emphasis supplied).

Allowing Plaintiffs to use the contents of the document solely for the purpose of challenging Defendant's claim of privilege, and allowing for the documents to be submitted for *in camera* review, is particularly important here, as Defendant Google has marked nearly *every* document produced thus far (even press releases) as either Highly Confidential or Confidential, and sanctions have been sought against Google in a separate matter for attempting to cloak otherwise unprivileged documents with claims of attorney-client privilege.  In accordance with the Rule, under Plaintiffs' proposal such information shall be "promptly present[ed] . . .  to the court under seal for a determination of the claim." Rule 26(b)(5)(B).

Plaintiffs are available to answer any further questions the Court may have.

Respectfully submitted,

| | |
|---|---|
| /s/ W. Mark Lanier | /s/ Ashley Keller |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerlenkner.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerlenkner.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerlenkner.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4100 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerlenker.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER LENKNER LLC |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*On behalf of the State Plaintiffs*

| | |
|---|---|
| /s/ Dena C. Sharp | /s/ John Thorne |
| | John Thorne |
| Dena C. Sharp (*pro hac vice*) | Daniel G. Bird |
| Jordan Elias (*pro hac vice*) | Daniel V. Dorris |
| Scott M. Grzenczyk (*pro hac vice*) | Bethan R. Jones |
| **GIRARD SHARP LLP** | Mark P. Hirschboeck |
| 601 California Street, Suite 1400 | Eliana M. Pfeffer |
| San Francisco, CA 94108 | Eric J. Maier |
| Tel: (415) 981-4800 | KELLOGG, HANSEN, TODD, FIGEL & |
| Fax: (415) 981-4846 | FREDERICK, P.L.L.C. |
| dsharp@girardsharp.com | 1615 M Street NW, Suite 400 |
| jelias@girardsharp.com | Washington, DC 20036 |
| scottg@girardsharp.com | Tel: (202) 326-7900 |
| | Fax: (202) 326-7999 |
| Tina Wolfson (TW-1016) | jthorne@kellogghansen.com |
| Theodore W. Maya (*pro hac vice*) | |
| Bradley K. King (BK-1971) | Jeffrey A. Lamken |

The Honorable P. Kevin Castel
May 10, 2022
Page 6

**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com

*Interim Co-Lead Counsel for Advertiser Plaintiffs*

/s/ Caitlin G. Coslett
Eric L. Cramer
ecramer@bm.net
Michael C. Dell'Angelo
mdellangelo@bm.net
Caitlin G. Coslett
ccoslett@bm.net
Patrick F. Madden
pmadden@bm.net
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

Philip C. Korologos
pkorologos@bsfllp.com
Brianna S. Hills
bhills@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300

David Boies
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

Jesse Panuccio
jpanuccio@bsfllp.com
BOIES SCHILLER FLEXNER LLP

Caleb Hayes-Deats
MOLOLAMKEN LLP
Tel: (202) 556-2000
Fax: (202) 556-2001
jlamken@mololamken.com

*Counsel for Associated Newspapers, Ltd. and Mail Media, Inc.*

/s/ Serina M. Vash
Serina M. Vash
New York Bar No.: 2773448
svash@hermanjones.com
153 Central Avenue, # 131
Westfield, NJ 07090
(404) 504-6516
HERMAN JONES LLP

John C. Herman
jherman@hermanjones.com
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6500
HERMAN JONES LLP

Paul T. Farrell, Jr.
paul@farrellfuller.com
Michael J. Fuller, Jr.
mike@farrellfuller.com
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
(939) 293-8244
FARRELL & FULLER, LLC

/s/ Stuart A. Davidson
Paul J. Geller
pgeller@rgrdlaw.com
Stuart A. Davidson
sdavidson@rgrdlaw.com
Alexander C. Cohen
acohen@rgrdlaw.com
Maxwell H. Sawyer

The Honorable P. Kevin Castel
May 10, 2022
Page 7

1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 895-7580

Mark C. Mao
mmao@bsfllp.com
Sean P. Rodriguez
srodriguez@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820

Sabria A. McElroy
smcelroy@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 377-4216

George A. Zelcs
gzelcs@koreintillery.com
Randall P. Ewing
rewing@koreintillery.com
Marc A. Wallenstein
mwallenstein@koreintillery.com
Ryan A. Cortazar
rcortazar@koreintillery.com
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750
Fax: (312) 641-9751

Stephen M. Tillery
stillery@koreintillery.com
Michael E. Klenov
mklenov@koreintillery.com
Carol L. O'Keefe
cokeefe@koreintillery.com
KOREIN TILLERY LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844
Fax: (314) 241-3525

msawyer@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000
ROBBINS GELLER RUDMAN & DOWD
LLP

David W. Mitchell
davidm@rgrdlaw.com
Steven M. Jodlowski
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
ROBBINS GELLER RUDMAN & DOWD
LLP

Robert P. Fitzsimmons
bob@fitzsimmonsfirm.com
Clayton J. Fitzsimmons
clayton@fitzsimmonsfirm.com
Mark A. Colantonio
mark@fitzsimmonsfirm.com
1609 Warwood Avenue
Wheeling, WV 26003
(304) 277-1700
FITZSIMMONS LAW FIRM PLLC

*Counsel for Direct Action Newspaper Plaintiffs AIM Media Indiana Operating, LLC, AIM Media Midwest Operating, LLC, AIM Media Texas Operating, LLC, Brown County Publishing Company, Inc. and Multi Media Channels, LLC, Clarksburg Publishing Company, d/b/a WV News, Coastal Point LLC, Eagle Printing Company, Ecent Corporation, Emmerich Newspapers, Incorporated, J.O. Emmerich & Associates, Inc., Delta Democrat Publishing Company, Commonwealth Publishing Company, Inc., Delta Press Publishing Company, Inc., Newton County Appeal Inc., Marion Publishing, Company, Yazoo Newspaper, Co., Inc., Sunland Publishing, Company, Inc., Simpson Publishing Co., Inc., Montgomery*

*Interim Co-Lead Counsel for the Publisher Class*

*Publishing Co., Inc., Franklinton Publishing Co., Inc., Charleston Publishing Co., Inc., Clarion Publishing Company, Inc., Scott Publishing, Inc., Clarke Publishing, Inc., Hattiesburg Publishing, Inc., Tallulah Publishing, Inc., Louisville Publishing, Inc., Kosciusko Star-Herald, Inc., Enterprise-Tocsin, Inc., Grenada Star, Inc., Tate Record Inc., Flag Publications, Inc., Gale Force Media, LLC,*
*HD Media Company, LLC, Journal Inc., Robinson Communications, Inc., Something Extra Publishing, Inc., Rome News Media, LLC, Times Journal, Inc., Neighbor Newspapers, Savannah Publishing Co., Inc., Gould Enterprises, Inc., Union City Daily Messenger, Inc., Weakley County Press, Inc., and Southern Community Newspapers, Inc.*

CC: Counsel of Record