EXHIBIT A

**Appendix A – Refuted Objections**

| | Description of Objection in Google's April 6, 2022 Letter to the Court[1] | Language Google Objected to in Plaintiffs' Initial Proposal[2] | Language Google Agreed to in *Google Play* Source Code Protocol[3] |
|---|---|---|---|
| 1 | "Paragraph 1 adds the jury to the list of approved disclosure recipients without requiring written permission. This addition is not reflected in any of the [Purported Precedents] on which Plaintiffs said that they based their proposal." | "[A] Party . . . may disclose any information or item designated Highly Confidential – Source Code only to . . . the jury." ¶ 1. | "Only the following individuals shall have access to 'RESTRICTED CONFIDENTIAL – SOURCE CODE' materials . . . : . . . the jury." ¶ 3.2(k)(1)(iii). |
| 2 | "Paragraph 2 removes the requirement that Plaintiffs identify '**each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise**' and limits that disclosure to those for whom the expert has provided professional services. It would seem from this change that Plaintiffs intend to obscure some of the sources from which their experts obtain funding or compensation." | In order to disclose source code to an expert, a party must "make a written request to the Producing Party that: . . . (3) attaches a copy of the expert's current résumé; (4) identifies the expert's current employer(s); (5) identifies each person or entity for whom the expert has provided professional service, including in connection with a litigation, at any time during the preceding five years; and (6) identifies . . . any litigation in connection with which the expert has offered expert testimony . . . during the preceding five years." ¶ 2. | **Does not contain Google's requested language.  Instead:** "The party desiring to disclose Source Code to an Expert or consultant must provide the following information for each Expert or consultant: name; city and state of primary residence; Curriculum vitae; current employer; employment history for the past five years and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years." ¶ 6.3. |

---

[1] ECF No. 274 at 10-12.

[2] Plaintiffs' initial proposal is attached as Exhibit 1 to Plaintiffs' Joint Letter Motion (Apr. 6, 2022), ECF No. 273-1.

[3] *In re Google Play Store Antitrust Litigation*, No. 21-md-02981, ECF No. 206 (N.D. Cal. Apr. 7, 2022).

| | Description of Objection in Google's April 6, 2022 Letter to the Court[1] | Language Google Objected to in Plaintiffs' Initial Proposal[2] | Language Google Agreed to in *Google Play* Source Code Protocol[3] |
|---|---|---|---|
| 3 | "Paragraph 3 halves the time Google has to object to disclosures, from 14 days to 7, even though all of the [Purported Precedents] Plaintiffs have cited give 14 days. Plaintiffs have also appended a new sentence to the end of this paragraph, not reflected in any of the [Purported Precedents], that unnecessarily restricts Google's ability to object." | 1. "A party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Source Code to the identified expert unless, **within seven days of delivering the request**, that Party receives a written objection." ¶ 3.<br><br>2. "The producing Party's consent to the disclosure of Source Code to an expert shall not be unreasonably withheld, and its objection must be based on that party's good-faith belief that disclosure of its Source Code to the expert will result in specific business or economic harm to that party." ¶ 3. | 1. "A party desiring to disclose Source Code to an Expert or Consultant shall also give prior written notice of the intended disclosure by email to the Producing Party and the Producing Party **shall have three business days** after such notice is given to object in writing." ¶ 6.3.<br><br>2. "The objecting party's consent to the disclosure of Source Code to an Expert or consultant shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Source Code to the Expert or consultant will result in specific business or economic harm to that party." ¶ 6.4. |

| | Description of Objection in Google's April 6, 2022 Letter to the Court[1] | Language Google Objected to in Plaintiffs' Initial Proposal[2] | Language Google Agreed to in *Google Play* Source Code Protocol[3] |
|---|---|---|---|
| 4 | "Paragraph 4 reflects a drastic restructuring of the objection framework, requiring that Google move the court to prevent disclosure. This is the precise opposite of the objection framework set forth in the [Purported Precedents] upon which Plaintiffs purport to rely (which requires the requesting party to move the court to seek permission to disclose in the face of an objection). Plaintiffs have also added a provision requiring Google to object within three business days, failing which it waives the right to do so." | "If after consideration of the objection, the Party desiring to disclose the Source Code to an expert refuses to withdraw the expert or consultant, that party shall provide notice to the objecting Party. Thereafter, the objecting Party shall move the Court, within three business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the three business day period, shall operate as an approval of disclosure of the Source Code to the expert." ¶ 4. | "If after consideration of the objection, the party desiring to disclose the Source Code to an Expert or consultant refuses to withdraw the Expert or consultant, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within three business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the three business day period, absent an agreement of the parties to the contrary or for an extension of such three business day period, shall operate as an approval of disclosure of the Source Code to the Expert or consultant." ¶ 6.5. |

| | Description of Objection in Google's April 6, 2022 Letter to the Court[1] | Language Google Objected to in Plaintiffs' Initial Proposal[2] | Language Google Agreed to in *Google Play* Source Code Protocol[3] |
|---|---|---|---|
| 5 | "Paragraph 5 substantially increases the burden Google must meet when opposing disclosure. Rather than having to prove only that the harm of disclosure outweighs the need for disclosure, Plaintiffs' new, unjustified amendment imposes a 'particularized showing' requirement not reflected in the [Purported Precedents] upon which Plaintiffs told us they relied." | "The objecting Party shall have the burden of showing to the Court 'good cause' for preventing the disclosure of its Source Code to the expert.  This 'good cause' shall include a particularized showing that: (1) the Source Code is Highly Confidential, (2) disclosure of the Source Code likely would result in a clearly defined and serious injury to the objecting Party's business, (3) the proposed expert is in a position to allow the Source Code to be disclosed to or become known by the objecting Party's competitors, and (4) that the expert's access to Source Code may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the expert." ¶ 5. | "The objecting party shall have the burden of showing to the Court 'good cause' for preventing the disclosure of its Source Code to the Expert or consultant. This 'good cause' shall include a particularized showing that: (1) the Source Code is Confidential Information or Items, (2) disclosure of the Source Code likely would result in a clearly defined and serious injury to the objecting party's business, (3) the proposed Expert or consultant is in a position to allow the Source Code to be disclosed to or become known by the objecting party's competitors, and (4) that the Expert's or consultant's access to Source Code may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the Expert or consultant." ¶ 6.6. |

| | Description of Objection in Google's April 6, 2022 Letter to the Court[1] | Language Google Objected to in Plaintiffs' Initial Proposal[2] | Language Google Agreed to in *Google Play* Source Code Protocol[3] |
|---|---|---|---|
| 6 | "Paragraph 9 appears to be a stricter version of a similar provision in [one of the Purported Precedents providing for review tools for source code, but] that removes the "good faith" language present in that provision [which circumscribes the additional obligation on the Producing Party]." | "The receiving Party's Outside Counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer(s).  If the Producing Party has access to or a license for such software, it shall install such software in advance of the Source Code review.  If the Producing Party does not have access to or a license for such software, it shall notify the Receiving Party, who will then have an opportunity to provide the Producing Party such software tool(s) at least four business days in advance of the inspection, which will then be installed on the secured computers." ¶ 9. | **No "good faith" requirement.** "The Receiving Party's Outside Counsel of Record and/or Experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the Source Code Computer(s).  If the Producing Party has access to or a license for such software, it shall install such software in advance of the source code review.  If the Producing Party does not have access to or a license for such software, it shall notify the Receiving Party at least ten business days in advance of the inspection, who will then have an opportunity to provide the Producing Party such software tool(s) at least four business days in advance of the inspection, which will then be installed on the Source Code Computer(s)." ¶ 3.2(b). |

|  | Description of Objection in Google's April 6, 2022 Letter to the Court[1] | Language Google Objected to in Plaintiffs' Initial Proposal[2] | Language Google Agreed to in *Google Play* Source Code Protocol[3] |
|---|---|---|---|
| 7 | "Paragraph 10 deviates in various material and harmful ways from the [Purported Precedents] upon which Plaintiffs told us that they based their proposal. Plaintiffs have changed the beginning of the paragraph to allow the 'Receiving Party' rather than 'Receiving Party's Counsel' or experts to take handwritten notes. In practice, this would permit Google's competitors (as opposed to their counsel) to view source code." | "The receiving Party shall be entitled to take handwritten notes relating to the Source Code." ¶ 10. | "The Receiving Party shall be entitled to take handwritten notes relating to the Source Code."  ¶ 3.2(d). |

| | Description of Objection in Google's April 6, 2022 Letter to the Court[1] | Language Google Objected to in Plaintiffs' Initial Proposal[2] | Language Google Agreed to in *Google Play* Source Code Protocol[3] |
|---|---|---|---|
| 8 | "Also in Paragraph 10, Plaintiffs have added a sentence allowing themselves to copy 'filenames, directory names, module names, class names, parameter names, variable names, function names, method names, comments or procedure names' from source code. This addition is not found in any of the [Purported Precedents] upon which Plaintiffs said that they based their proposal, and significantly limits what is otherwise a blanket ban on copying source code (rather than taking notes) during in-person review. And despite the proposed expansion of their ability to copy source code into their notes, Plaintiffs have also added another new sentence to the end of this paragraph that affords additional protection to their own notes on source code [by requiring immediate destruction or deletion of any such notes left behind]." | 1. "[T]he notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, comments or procedure names." ¶ 10.<br><br>2. "No notes shall be made or stored on the Source Code computer, or left behind at the site where the Source Code computer is made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery." ¶ 10. | 1. "[T]he notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, comments or procedure names." ¶ 3.2(d).<br><br>2. "No notes shall be made or stored on the Source Code Computer(s), or left behind at the site where the Source Code Computer(s) are made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery." ¶ 3.2(d). |

| | Description of Objection in Google's April 6, 2022 Letter to the Court[1] | Language Google Objected to in Plaintiffs' Initial Proposal[2] | Language Google Agreed to in *Google Play* Source Code Protocol[3] |
|---|---|---|---|
| 9 | "Paragraph 11 also deviates in material ways from the [Purported Precedents] on which Plaintiffs told us they based their proposal. It allows printed pages of source code for any 'use in this Action,' rather than the N.D. Cal. model's specifically enumerated uses. Plaintiffs also removed a requirement that they 'shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph [8] in the first instance.'" | 1. "The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this Action." ¶ 11.<br><br>2. Does not contain direction that parties "shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth" in the protocol "in the first instance." *See* ¶ 11. | 1. "[T]he Receiving Parties may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this action." ¶ 3.2(e).<br><br>2. Does not contain direction that parties "shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth" in the protocol "in the first instance." *See* ¶ 3.2(e). |