IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Google Digital Advertising Antitrust Litig.* | Civil Action No. 21-MD-3010 (PKC) |

## CONFIDENTIALITY ORDER

In the interests of: (i) ensuring efficient and prompt resolution of these Actions; (ii) discovery by the Parties litigating these Actions; and (iii) protecting certain information from improper disclosure or use, the Court enters the following Confidentiality Order. This Order supersedes all protective orders or confidentiality orders previously entered in any of the Actions, as defined below in Paragraph 1(a).[1]

The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(l), ORDERS as follows:

### A. Definitions

1.     As used herein:

(a)     "Actions" means collectively the actions centralized by the Judicial Panel on Multidistrict Litigation under the caption *In re Google Digital Advertising Antitrust Litig.*, No. 21-MD-3010 (PKC) (S.D.N.Y.), as well as any additional actions subsequently transferred and/or centralized with these Actions, including any related discovery, pretrial, trial, post-trial, or

---

[1] For the avoidance of doubt, the Agreed Protective Order between Google and the Office of the Attorney General of Texas, entered in Texas state court on February 20, 2020 (the "Texas OAG Order"), *Google v. Paxton*, No. D-1-GN-19-007654 (261st Dist. Ct., Travis County, Tex., Feb. 21, 2020), and the Confidentiality Agreement entered into In The Matter of The Multistate Investigation of Alphabet Inc., between Google and various states, including State Plaintiffs, dated February 20, 2020 (the "Multistate Confidentiality Agreement") are superseded by this Order, as to any State Plaintiff. For all other states which are not State Plaintiffs, the Multistate Confidentiality Agreement remains in full force and effect.

appellate proceedings. The term Action means an individual action within the Actions. For the avoidance of doubt, "Actions" excludes pre-suit investigations by State Plaintiffs.

(b)     "Confidential Information" or "Confidential" means information (regardless of how it is generated, stored or maintained) or tangible things that constitute a trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information and that have been so designated, or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available.[2] In addition, a Designating Party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Confidential treatment. Confidential Information includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.

(c)     "Competitive Decision-Making" means the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, product, service development or design, product, or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding or enforcement of intellectual property. It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

---

[2] For the avoidance of doubt, the Receiving Party's belief that material designated as Confidential does not meet this standard shall not deprive such material of the protections afforded to Confidential Information. Any challenge to a designation is subject to Paragraph 13.

(d)      "Defendant" means any party named as a defendant in any of the Actions, including their parents, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(e)      "Designated In-House Counsel" means up to four In-House Counsel designated by a Defendant or Plaintiff who are authorized to access Highly Confidential Information pursuant to Paragraph 14(d) or who may be authorized to access Highly Confidential Information pursuant to Paragraph 19 of this Order.

(f)      "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(g)      "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(h)      "Highly Confidential Information" or "Highly Confidential," as defined herein, shall only include information that, if disclosed publicly or to a Party, is likely to cause the Producing Party material and significant competitive or commercial harm, and that has been so designated.[3] Subject to the foregoing, Highly Confidential Information may include trade secrets, including algorithms and Source Code; non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or

---

[3] For the avoidance of doubt, the Receiving Party's belief that material designated as Highly Confidential does not meet this standard shall not deprive such material of the protections afforded to Highly Confidential Information. Any challenge to a designation is subject to Paragraph 13.

negotiating positions (including internal deliberations about negotiating positions); information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. Highly Confidential Information includes (i) information copied or extracted, summarized or compiled from Highly Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that would reveal Highly Confidential Information. A Designating Party may designate as Highly Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Highly Confidential treatment. In addition, if a Protected Person (i) has produced Investigation Materials or (ii) is required by subpoena or court order to produce information that would cause it material and significant competitive or commercial harm, but that information does not specifically fall into one of the categories of information listed in this paragraph, upon a compelling showing, it may seek a court order that such information is Highly Confidential. If a motion is made pursuant to this paragraph and is related to a subpoena or court order, it must be filed no later than the due date to respond to the subpoena or court order. If a Protected Person seeks additional protection pursuant to this paragraph from the Court, the materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

(i)       "In-House Counsel" means any lawyer employed by a Party as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by that lawyer and employed by that Party. In-House Counsel, however, does not include: 1) attorneys employed by the State Plaintiffs; or 2) Outside Counsel.

(j)      "Investigation" means the pre-complaint inquiry by the State Plaintiffs into potential anticompetitive conduct by Defendant Google.

(k)      "Investigation Materials" means non-privileged documents, testimony or other materials that: (i) any Non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between any Party and any Non-Party in connection with and during the Investigation; (iii) any Party provided to any Non-Party relating to the Investigation; and/or (iv) a Defendant, or affiliated person or entity, provided to a State Plaintiff relating to the Investigation. For the avoidance of doubt, the Investigation Materials are governed by the terms of this Order. To the extent that any Investigation Materials are clawed back for any reason, the procedures set forth at Paragraph 12 of this Order shall apply and, as to State Plaintiffs, such procedures will supersede any other applicable claw back procedures governing the Investigation Materials including those set forth in the Texas OAG Order and the Multistate Confidentiality Agreement.

(l)      "Litigation Materials" means non-privileged documents, testimony, or other materials that: (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of any of the Actions; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of any of the Actions; (iii) a Defendant provides to any Plaintiff in connection with and during the pendency of any of the Actions; and/or (iv) any Plaintiff provides to any Defendant in connection with and during the pendency of any of the Actions.

(m)      "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in any Action.

(n)     "Outside Counsel" means the attorneys employed by outside law firms who are retained to represent or advise a Party in any of the Actions, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by those lawyers and employed by those Outside Counsel. To the extent any Outside Counsel has not filed an appearance in any of the Actions ("Non-Appearing Law Firm"), a Party shall notify the other Parties of the name of the Non-Appearing Law Firm at least seven days before any attorneys of the Non-Appearing Law Firm obtain access to any Investigation Materials and/or Litigation Materials. Attorneys of the Non-Appearing Law Firm who are given access to Investigation Material and/or Litigation Material, shall first complete and execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto.

(o)     "Party" means any Plaintiff or Defendant in these Actions. "Parties" collectively means Plaintiffs and Defendants in the Actions.

(p)     "Plaintiffs" means the Plaintiffs in each of the Actions, including all of their employees, agents, and representatives.

(q)     "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

(r)     "Producing Party" shall mean a Party who produced or produces Investigation Material, Litigation Material, or Source Code.

(s)     "Protected Person" means any Person (including a Party or a Non-Party) that either voluntarily or under compulsory process, has provided or provides: (i) Investigation Materials, or (ii) Litigation Materials.

(t)      "Receiving Party" shall mean a Party who received or receives Investigation Material, Litigation Material, or Source Code.

(u)      "Source Code" means extremely sensitive confidential information or items consisting of non-publicly available computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which other than pursuant to the terms of the Confidentiality Order re: Google Source Code would create a substantial risk of serious harm to the Producing Party that could not be avoided by less restrictive means. To the extent production of Source Code becomes necessary in this case, a Party who produces Source Code may designate it as "Highly Confidential – Source Code." The protocols for Google's production of Source Code, and the review of such Source Code, appear in Appendix C to this Order.

(v)      "State Plaintiffs" means the States of Texas, Alaska, Arkansas, Idaho, Indiana, Kentucky, Florida, Louisiana, Mississippi, Montana, Missouri, Nevada, North Dakota, South Dakota, South Carolina, Utah, the Commonwealth of Kentucky and Puerto Rico, and any other state that joins an Action.

(w)      "State Plaintiffs' Counsel" shall mean attorneys who work within the Attorney General's office of a State Plaintiff.

**B.  Designation of Highly Confidential Information and Confidential Information**

2.      Within five business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to any Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3.    **Designation of Investigation Materials as Confidential or Highly Confidential by Protected Persons.** To the extent a Protected Person has already designated Investigation Materials as Confidential or Highly Confidential, including under the protective order entered in *Texas v. Google, LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.), Dkt. 101, those materials shall retain those existing designations, subject to any later challenge by a Party. To the extent that Investigation Materials are reproduced in the Actions, all protections afforded to Litigation Materials pursuant to this Order shall apply.

4.    Investigation Materials that have not been designated as Highly Confidential shall be treated as Confidential Information for purposes of this Order pursuant to the Antitrust Civil Process Act, or any other federal or state statute or regulation, or under any federal or state court precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Information derived from a document subject to this Order, and any information taken from any portion of such material.

5.    The identity of a Non-Party submitting such Highly Confidential Information or Confidential Information shall also be treated as Highly Confidential Information or Confidential Information for the purposes of this Order where the submitter has requested such confidential treatment.

6.    Any production of documents or testimony not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is subsequently designated as Confidential or Highly Confidential Information. If at any time before trial of these Actions, a Protected Person realizes that it should have designated as Confidential or Highly Confidential Information any Investigation Materials, Litigation Materials, or Source Code that Person previously produced, it

may so designate such Documents, testimony, or other materials by notifying the Parties in writing, and, to the extent the new designations relate to Documents, an overlay file with the new designations shall also be provided in accordance with Paragraph 7(g). The Parties shall thereafter treat the Investigation Materials, Litigation Materials, or Source Code pursuant to the Protected Person's new designation under the terms of this Order. However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

7.      **Designation of Litigation Materials as Highly Confidential or Confidential by Protected Persons.** The following procedures govern the process for Protected Persons to designate as Highly Confidential or Confidential any information that they disclose in these Actions, including, but not limited to, information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and Documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a)      Indiscriminate designations are prohibited.

(b)      **Testimony.** All transcripts of depositions taken in these Actions after entry of this Order will be treated as Highly Confidential Information in their entirety for 45 days after the date of the deposition, or until 5 days before trial, whichever date is earlier. Parties will be responsible for obtaining the deposition transcript for any Party[4] deponents. For Non-Party deponents, if requested by the Non-Party deponent, the Party who noticed the deposition shall, within 5 business days of being provided a final transcript (subject to any errata) of the deposition (or as soon as reasonably possible after the request is made), provide the final transcript (subject to any errata) to the Non-Party deponent (or the Non-Party deponent's counsel, if applicable).

---

[4] For purposes of this provision, the term "Party" includes 30(b)(6) witnesses, and a Party's employees and former employees.

Within 45 days following the date of the deposition, the deponent, whether a Non-Party or a Party, may designate, subject to the provisions of this Order, Highly Confidential Information or Confidential Information any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer or its affiliates, or containing the Highly Confidential Information or Confidential Information of the deponent or the deponent's employer or its affiliates (regardless of who provided or produced the Document). To be effective, such designations must be provided in writing to the Parties. All transcripts of depositions taken in these Actions after entry of this Order will be treated as Highly Confidential Information in their entirety until the deadline for the deponent to designate portions of the transcript as Highly Confidential Information has expired. Further, to the extent that a Party's Highly Confidential or Confidential Documents were utilized in the deposition, that Producing Party also has 45 days following the date of the deposition to designate any portion of the deposition testimony as Highly Confidential or Confidential to the extent the deposition testimony discloses or relates to Highly Confidential or Confidential Documents used at the deposition. To be effective, such designations must be provided in writing to the Parties' counsel.

When a Party is entitled under this Order to question a deponent about a Document or information that has been designated by a Non-Party as Highly Confidential or Confidential, and such Non-Party is not in attendance at the deposition, the Party that asked such questions shall designate as Highly Confidential or Confidential the portion of the transcript relating to such Highly Confidential or Confidential Document or information.

(c)     **Documents.** A Protected Person who designates as Highly Confidential Information any Document that it produced in these Actions must stamp or otherwise mark each Document containing said information with the designation "HIGHLY CONFIDENTIAL" in a

manner that will not interfere with legibility, including page numbering, or audibility unless such Document is produced in native electronic format. A Protected Person who designates as Confidential Information any Document that it produced in this Action must stamp or otherwise mark each Document containing said information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility. Any Document that contains Confidential Information or Highly Confidential Information may be so designated in its entirety. To the extent a Document is produced in native form, such Documents shall be produced in accordance with Paragraph 7(d) below.

(d)     **Electronic Documents and Data.** Where a Protected Person produces Confidential or Highly Confidential electronic files and Documents in native electronic format, such electronic files and Documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators' information indicating whether the file contains Highly Confidential Information or Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by including a slip sheet associated with the electronic file or by making such designations in reasonably accessible metadata associated with the files. Where Highly Confidential Information or Confidential Information is produced in electronic format on a disk or other medium that contains exclusively confidential information, the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files or Documents in native form are printed for use at a deposition, in a court proceeding, or for provision in printed form to any person who may receive such files in accordance with this Order, the Party printing the electronic files or Documents shall include the slip sheet identifying the electronic file or Document as "HIGHLY CONFIDENTIAL" or

"CONFIDENTIAL" along with the production number or Bates number and designation associated with the native file, or shall affix a legend to the printed Document saying "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and include the production number or Bates number and designation associated with the native file.

(e)     **Upward Designation of Litigation Materials Produced by Other Parties or Non-Parties.** A Protected Person may upward designate (*i.e.*, change any Litigation Materials produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Litigation Materials produced as "Confidential" to a designation of "Highly Confidential") any Litigation Materials produced by another Protected Person, provided that said Litigation Materials contains the upward designating Protected Person's own Confidential Information or Highly Confidential Information.

(f)     Upward designation shall be accomplished by providing written notice to the Parties and the relevant disclosing Protected Person identifying the Litigation Materials to be re-designated within 120 days from the date of the production containing the materials the Protected Person seeks to upwardly designate, or 30 days prior to trial in an Action, whichever is earlier. Such notice must identify (by Bates number, or in the event there is no Bates number, by other individually identifiable information) each Document the Protected Person wishes to upward designate, and include an explanation as to why the Protected Person wishes to upward designate such Documents, and why the existing confidentiality designation is insufficient. The Protected Person shall also provide an overlay file reflecting the new designations in accordance with Paragraph 7(g). Failure to upward designate within 120 days, alone, will not prevent a Protected Person from obtaining the agreement of the disclosing Protected Person to upward designate certain Litigation Materials or from moving the Court for such relief. Any Party may object to the

upward designation of Litigation Materials pursuant to the procedures set forth in Paragraph 13 regarding challenging designations.

(g)   **Overlay Files.** To the extent this Order requires a Protected Person to provide an overlay file in connection with a new or altered confidentiality designation, that Protected Person shall have five business days from the date of the changed designation to produce an overlay file. In the interim, the Parties shall take care to treat the Documents at issue as if the new designation applies. For the avoidance of doubt, a Party does not violate this provision where it in good faith attempts to comply with the new designation.

8.   In the event that a Party is required by a valid discovery request in any of the Actions to produce Documents designated by a Non-Party or Party as Highly Confidential Information or Confidential Information, then the Party shall:

(a)   promptly notify in writing the Party seeking the Highly Confidential Information or Confidential Information that some or all of the information requested is subject to a confidentiality order;

(b)   promptly notify the Non-Party or Party that its Highly Confidential Information or Confidential Information is being requested and make the information requested available for inspection by the Non-Party or Party; and

(c)   promptly provide the Non-Party or Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested.

9.   If the Non-Party or Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Non-Party or Party's Highly Confidential Information or Confidential Information responsive to the discovery request may be produced. If the Non-Party or Party timely seeks a protective order, its Highly Confidential

Information or Confidential Information shall not be produced before a determination by the Court.[5] Absent an order to the contrary, the Non-Party or Party shall bear the burden and expense of seeking protection in this Court of its Highly Confidential Information or Confidential Information. The terms of this Order are applicable to information produced by a Non-Party or Party in the Actions and designated as Highly Confidential Information or Confidential Information. Such information produced by Non-Parties or Parties in connection with these Actions is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party or Party from seeking additional protections.

10. **Unauthorized disclosure of Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code.**

(a)     In the event of a disclosure of any Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code to any person(s) not authorized to receive such disclosure under this Order, the Party who discovers such unauthorized disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. If it is readily discernible which Party is responsible for the disclosure, the disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further unauthorized disclosure and/or use thereof is made; (b) inform the Person(s) to whom unauthorized disclosure was made of all the terms of this Order; and (c) request such Person(s) execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto. If it is not readily discernible which Party is responsible for the disclosure, the Parties shall work together to: (a) promptly take all reasonable measures to retrieve the improperly

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

disclosed material and to ensure that no further unauthorized disclosure and/or use thereof is made; (b) inform the Person(s) to whom unauthorized disclosure was made of all the terms of this Order, and (c) request such Person(s) execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

11.     Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the Producing Party's right to maintain the disclosed material as containing Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code.

## C. <u>Privileged Investigation Materials and Litigation Materials</u>

12.     (a)     The production of privileged or work-product protected Documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Federal Rule of Evidence 502(b) shall not apply to any disputes regarding Investigation Material or Litigation Material.

(b)     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(c)     If the Producing Party becomes aware that it has produced information protected by the attorney-client privilege or any other privilege or immunity, the Producing Party will promptly notify each Receiving Party in writing of the production and the basis of the privilege being asserted. After being notified, a party must, promptly, return, sequester,[6] or destroy the

---

[6] For the avoidance of doubt, subject to the rights of the Privilege Committees discussed in this paragraph, sequestration prohibits the Party in possession from further review of the material once a claim of privilege is made.

specified information and any copies or summaries it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. However, if the Party has already reviewed the information prior to being notified, 8 total attorneys[7] for Plaintiffs (the "Plaintiffs' Privilege Committee") or two attorneys for each Defendant (the "Defendants' Privilege Committees" and, together with the Plaintiffs' Privilege Committee, the "Privilege Committees") may review the document for the sole purpose of challenging (including making a determination as to whether to challenge) the privilege claim, but they may not quote the information or attach the information in any public filing, or disclose the substance of the information, when making the challenge or otherwise use or discuss the information contained therein, except the Privilege Committees, for purposes of evaluating and challenging the privilege claim[8] may submit such material to the Court for *in camera* review. Any such challenge must be made promptly after being notified. The Producing Party must preserve the information until the claim is resolved.

(d)     If a Receiving Party becomes aware that it is in receipt of information or material that it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take steps to: (i) stop reading such information or material; (ii) notify counsel for the Producing Party of such information or material; (iii) collect all copies of such information and material; and (iv) return to the Producing Party and/or destroy such information or material

---

[7] In addition to the 8 total attorneys, the staff of any of those attorneys involved in the challenge of the privilege assertion, and any individuals with administrative authority over the document database in which the information resides, shall also be permitted to access the information solely for purposes of processing the clawback and assisting in any challenge of the privilege claim.

[8] The 8-member Plaintiffs' Privilege Committee shall be composed of two lawyers designated by the State Plaintiffs, two lawyers designated by the publisher class action, two lawyers designated by the advertiser class actions, and two lawyers collectively among the Direct Action Newspaper plaintiffs and the Daily Mail plaintiffs. Within 30 days after the entry of this Order, the Parties shall notify each other of the members of the Privilege Committees. The Parties must also provide notice of any changes to the Privilege Committees along with the reason for such change.

(and, in the case of destruction, certify that fact to the Producing Party if requested to do so). Any notes or summaries referring or relating to such material shall be destroyed simultaneously therewith.

(e)     This Order is without prejudice to any Protected Person's right to assert that any Investigation Materials or Litigation Materials are subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work-product doctrine, and it is without prejudice to any Party's right to contest such a claim of privilege or protection.

## D.  <u>Objections to Confidentiality Designations</u>

13.     Any Party who objects to any confidentiality designation, or part thereof, (the "Objecting Party") may, until 30 days before the trial of its Action, provide a written notice to the Protected Person who made such designation (the "Designating Party") and to all Parties stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code pending resolution of the dispute. Within 10 days of the Objecting Party's written notice, the Objecting Party and the Designating Party shall attempt to confer to discuss their respective positions. If the Objecting Party and Designating Party cannot reach an agreement on the objection within 10 days of the Objecting Party's written notice (or another deadline agreed to by the Objecting Party and the Designating Party), the Objecting Party may raise the dispute to this Court by filing a letter motion and/or motion in accordance with the applicable rules and/or the Court's Individual Practices. If the Court finds the designation of Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code to have been inappropriate, the challenged designation shall be considered rescinded, and the Designating Party shall reproduce the Documents with the revised designations, along with an overlay file in

accordance with Paragraph 7(g). Notwithstanding anything else contained in this Order, the Parties reserve their rights under Fed. R. Civ. P. 37.

## E.  Disclosure of Highly Confidential Information or Confidential Information

14.     Highly Confidential Information may be disclosed only to the following Persons:

(a)     the Court and all Persons assisting the Court in the Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b)     Outside Counsel for a Party, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to the Actions whose functions require access to the information (but not any employee of a Party);

(c)     State Plaintiffs' Counsel and paralegals, and other professional personnel (including support and IT staff) that such State Plaintiff's Counsel assign to the Actions whose functions require access to the information;

(d)     Designated In-House Counsel of a Party (who has been properly designated pursuant to the procedures set forth in Paragraph 20 below) who are not involved in Competitive Decision-Making at or on behalf of the Party; to qualify for access under this subpart, in-house litigation counsel shall first execute an In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto; Outside Counsel for a Party shall maintain executed versions of the agreements executed by Designated In-House Counsel of that Party or any non-Party Protected Person. A Party shall promptly report any confirmed or suspected unauthorized use or disclosure of Highly Confidential Information to the other Parties;

(e)     outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, document-management consultants, or lawyers or law firms for document review other than Outside Counsel) and agents or independent contractors retained by a Party to assist that Party in an Action provided that they shall first execute an

Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(f)        any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(g)        any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the Document or Highly Confidential Information.

(h)        any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, had lawful access to the Document or the Highly Confidential Information;

(i)        during a deposition, any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, had knowledge of the Highly Confidential Information;

(j)        during a deposition, any current employee of the Designating Party;

(k)        any Person retained by a Party to serve as a testifying or consulting expert in these Actions,[9] including any employees of the firm with which the expert or consultant is associated and independent contractors who assist the expert's work in the Actions, provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

---

[9] This provision does not apply to any Person retained by a Party to serve as a testifying or consulting expert, where such person is also an employee of a Party.

(l)      outside trial consultants (including, but not limited to, graphics consultants), provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(m)     Any Person as may be authorized by written agreement of the Designating Party, verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

15.     <u>Confidential Information</u> may be disclosed only to the following Persons:

(a)      the Court and all Persons assisting the Court in the Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b)      Outside Counsel for a Party, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to the Actions whose functions require access to the information (but not any employee of the Party)

(c)      State Plaintiffs' Counsel and paralegals, and other professional personnel (including support and IT staff) that such State Plaintiff's Counsel assign to the Actions whose functions require access to the information;

(d)      the officers, directors, and employees (including In-House Counsel) of a Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto[10];

(e)      outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, document-management consultants, or lawyers or law firms for document review other than Outside Counsel) and agents or independent contractors

---

[10]  Designated In-House Counsel who have executed Appendix B need not also execute Appendix A.

retained by a Party to assist that Party in the Actions provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(f)      any mediator, arbitrator, or special master that the Parties engage in the Actions or that this Court appoints provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(g)      any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the Document or Confidential Information;

(h)       any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good faith basis to believe had lawful access to the Document or Confidential Information;

(i)      during a deposition, any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, had knowledge of the Confidential Information;

(j)      any Person whose statements or communications are quoted, recounted, or summarized in said Party's Documents or Confidential Information, except that only those portions of the Documents or Confidential Information quoting, recounting, or summarizing a Person's statements or communications may be disclosed to that Person;

(k)      during a deposition, any current employee of the Designating Party

(l)     outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(m)     any Person retained by a Party to serve as a testifying or consulting expert in these Actions,[11] including any employees of the firm with which the expert or consultant is associated and independent contractors who assist the expert's work in the Actions, provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(n)     any Person as may be authorized by written agreement of the Designating Party, verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

16.     The Parties shall have the right to seek redress from this Court to enforce the provisions of the Agreement Concerning Confidentiality set forth in Appendix A or the In-House Counsel Agreement Concerning Confidentiality set forth in Appendix B with respect to any Person bound by this Confidentiality Order.

17.     Each Person described in Paragraphs 14 and 15 of this Order to whom information designated as Highly Confidential Information or Confidential Information is disclosed must not disclose that Highly Confidential Information or Confidential Information to any other Person, except as permitted in this Order.

18.     Nothing in this Order:

(a)     limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

---

[11]  This provision does not apply to any Person retained by a Party to serve as a testifying or consulting expert, where such Person is also an employee of a Party.

(b)     prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c)     prevents disclosure by a Party of Highly Confidential Information or Confidential Information: (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in the Actions; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by regulation;

(d)     prevents counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Information or Highly Confidential Information in rendering such advice so long as counsel does not specifically disclose the substance of the Confidential Information or Highly Confidential Information; or

(e)     prevents State Plaintiffs' retention, use, or disclosure of Investigation Materials outside the context of the Actions to the extent permitted by applicable law or regulation governing such pre-complaint discovery, or for law enforcement purposes, or as required by law, court order, or regulation. Any such disclosures shall be limited to those permitted by applicable law or regulation. State Plaintiffs will not disclose any Litigation Materials produced only during the pendency of the Actions to any Non-Party, except as ordered by a court or as may be required by regulation and subject to Paragraph 30. If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order.

**F.  Disclosure of Highly Confidential Information to Designated In-House Counsel for Parties Based on Need**

19.     A Party may at any time before the trial of its Action request disclosure of Highly Confidential Information to additional Designated In-House Counsel by consent of the Designating Party or motion with the Court. The Party must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written notice. If no agreement is reached, the Party may file a motion with the Court. The other Parties and/or the Designating Party will have seven days to respond to such motion. The Party will not disclose any Highly Confidential Information to the additional Designated In-House Counsel pending resolution of the dispute. If the Court finds that the additional Designated In-House Counsel has a particularized need for access to the Highly Confidential Information that outweighs the risk of harm to the Designating Party or the public interest, the Party will be permitted to disclose the Highly Confidential Information to the additional Designated In-House Counsel.

**G.  Challenges to Designated In-House Counsel**

20.     Unless otherwise ordered by the Court or agreed to in writing by the Protected Person, before disclosing any information designated as Highly Confidential Information to a Party's Designated In-House Counsel, the Party must submit in writing to the other Parties and the Protected Person a written statement that: (1) sets forth the full name of each Designated In-House Counsel and the city and state of his or her residence, and (2) describes each Designated In-House Counsel's primary job duties and responsibilities in sufficient detail to determine if each Designated In-House Counsel is involved in Competitive Decision-Making. If at any time, a Party decides to replace a Designated In-House Counsel, the Party must submit a written statement regarding its proposed replacement Designated In-House Counsel pursuant to this paragraph and follow the procedures described in Paragraphs 21 and 22.

21.     A Party may disclose Highly Confidential Information to its Designated In- House Counsel unless the Party receives a written objection from any Protected Person within 10 days of receiving notice as described in Paragraph 20. If the Party replaces any of its Designated In-House Counsel pursuant to Paragraph 20, the Party may disclose Highly Confidential Information to its Designated In-House Counsel unless such Party receives a written objection from another Party or any Protected Person within 10 days of receiving the Party's written statement. Any objection to Designated In-House Counsel must set forth in detail the grounds on which it is based.

22.     If a Party receives a timely written objection, it must meet and confer with the objecting Party or any Protected Person to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the objecting Party and any Protected Person will then have seven days to file a motion with the Court objecting to Designated In-House Counsel. The Party will not disclose any Highly Confidential Information to the proffered Designated In-House Counsel pending resolution of the dispute. If the Court finds the proffered Designated In-House Counsel to properly qualify as Designated In-House Counsel pursuant to Paragraph 14(d), the Party will be able to disclose Highly Confidential Information to the proffered Designated In-House Counsel in accordance with Paragraph 14.

**H.  Use of Information Designated Highly Confidential or Confidential in this Action**

23.     In the event that any Highly Confidential Information or Confidential Information is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal, in accordance with the Court's Individual Practice 5(B), as modified by the terms of this Order. The Parties agree to act in good faith to limit the need to seal Documents filed in this Court.

24.     **Filing Highly Confidential Information or Confidential Information Under Seal.**  Notwithstanding any other provision, no document may be filed with the Clerk under seal

without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a Party seeking to file another Party or Non-Party's Highly Confidential Information or Confidential Information shall so advise the other Party or Non-Party seven business days in advance specifying the precise portion of the information the Party seeks to use, the general purpose thereof and any redactions to which the Party does not object. Within five business days thereafter, the Party or Non-Party whose Highly Confidential Information or Confidential Information is sought to be used may make an application to seal, indicating the portion or portions of the information it seeks to have sealed. If a Party's deadline or need to file a pleading that contains Highly Confidential or Confidential Information is short such that complying with this paragraph's requirements would be unduly burdensome, the Parties agree to discuss in good faith a reasonable extension of these deadlines subject to the Court's approval. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

25.     Parties shall give the other Parties notice (a minimum of two business days) if they reasonably expect a deposition, hearing, or other proceeding to include Highly Confidential Information so that the other parties can ensure that only authorized individuals are present during the portions of those proceedings where the Highly Confidential Information may be used. The use of a Document as an exhibit at a deposition shall not in any way affect its designation as Highly Confidential Information or Confidential Information.

**I.   Use of Highly Confidential Information or Confidential Information at Trial**

26.     Disclosure at trial or at any evidentiary hearing of any Document, testimony, or other material designated as Highly Confidential Information or Confidential Information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than 30 calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a proposed order governing the disclosure of Highly Confidential Information or Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to Non-Parties whose Highly Confidential Information or Confidential Information is expected to be used at trial or any evidentiary hearing.

27.     Unless otherwise provided for in this Order, all Highly Confidential Information and Confidential Information produced by a Party or a Non-Party in any of the Actions shall be used solely for the conduct of these Actions and shall not be used by a Party, Non-Party, or any Person subject to this Order, including counsel for a Party or Non-Party, for any business, commercial, competitive, personal, or other purpose. Such Highly Confidential and Confidential Information may only be disclosed under the conditions described in this Order.

**J.   Investigation Materials or Litigation Materials Subpoenaed or Ordered Produced in Other Litigation**

28.     If a Party is served with a lawful subpoena or a court order issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in any of the Actions as Confidential or Highly Confidential that Party must:

(a)     promptly notify in writing the Designating Party (such notification shall include a copy of the subpoena or court order);

(b)     promptly notify in writing the Person or entity who issued the subpoena or caused the order to issue in the other litigation, that some or all of the material covered by the subpoena or order is subject to this Order (such notification shall include a copy of this Order); and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Highly Confidential or Confidential Information may be affected.[12]

29.     If the Designating Party timely[13] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in these Actions as Confidential or Highly Confidential before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information or Highly Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in these Actions to disobey a lawful directive from another court.

30.     If, under any public records or other relevant law, any Investigation Materials or Litigation Materials are subject to any form of compulsory process in a Plaintiff State or is demanded from a Plaintiff State, such Plaintiff State shall notify in writing the Designating Party whose Investigation Materials or Litigation Materials may be affected within 10 business days of receiving the process or demand and before producing Investigation Materials or Litigation Materials, unless state statute, or court order or other public adjudicatory body requires that the

---

[12] The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court or other tribunal from which the subpoena or order issued.

[13] The Designating Party shall have at least 14 days from the service of the notification pursuant to Paragraph 28(a) to seek a protective order, unless the subpoena or order requires a response within a period shorter than 14 days, or unless a shorter period applies under the rules of the court or other tribunal from which the subpoena or order issued, in which case such rules shall apply.

Plaintiff State produce the Investigation Materials or Litigation Materials in a shorter time frame. The State shall not produce the Investigation Materials or Litigation Materials in response to such compulsory process or public records request unless the Plaintiff State deems that it is required by law to do so and provides 10 business days' notice of its intent to do so to the Designating Party, unless state statute, or court order or other public adjudicatory body requires that the Plaintiff State produce the Investigation Materials or Litigation Materials in a shorter time frame. However, if a Plaintiff State denies a public records or similar request and the denial is not challenged, the Plaintiff State does not need to provide notice pursuant to this paragraph. If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order. Nothing contained herein shall alter or limit the obligations of a Plaintiff State that may be imposed by statute or court order regarding the disclosure of Documents and information supplied to the state.

**K.  Procedures upon Termination of this Action**

31.     The obligations imposed by this Order survive the termination of the Actions unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating an Action, all Persons, other than State Plaintiffs, in such Action having received information designated as Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code must return all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it or destroy or delete all copies of such Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code and certify that fact in writing to the Party or Protected Person. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating an Action,

all State Plaintiffs in such Action having received information designated as Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code must, to the extent permitted by State Plaintiffs' retention schedules, either make a good-faith effort to return all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it or destroy or delete all copies of such Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code.

32.     Counsel for the Parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, hearing transcripts and exhibits, trial transcripts and exhibits, correspondence (including internal correspondence and email) and work product, provided that the Parties and their counsel do not disclose the portions of these materials containing information designated as Highly Confidential Information or Confidential Information to any Person, except pursuant to court order or agreement with the Protected Person that produced the Highly Confidential Information or Confidential Information or as otherwise permitted herein. All Highly Confidential Information and Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under Paragraphs 14 and 15 of this Order.

**L.  New Parties to The Actions**

33.     In the event that additional Persons or entities become parties to an Action, such new Parties shall not have access to Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code produced by or obtained from any Protected Person until an authorized person executes, on behalf of the new Party, an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto.

**M. <u>Non-Parties</u>**

34.     Any Party, in conducting discovery from Non-Parties in connection with the Actions, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein. If a Non-Party provides discovery to any Party in connection with the Actions, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, if the Non-Party agrees to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto, the Non-Party shall have the same rights and obligations under the Order as held by the Parties, except that, other than with leave of court, in no circumstance may a Party's Highly Confidential Information be disclosed to a Non-Party without the consent of that Party. However, a Party's Highly Confidential Information may be shared with a former employee of that Party if the former employee may view the Highly Confidential Information pursuant to Paragraph 14.

**N.  <u>Reservation of Rights</u>**

35.     Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party or a Party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code is entitled to protection under the Order, Federal Rule of Civil Procedure 26(c), or any other law. Nothing in this Order shall be construed as granting any Person a right to receive specific Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code where a court has entered an order precluding that Person from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as Confidential Information, Highly Confidential

Information, or Highly Confidential — Source Code and agree that no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Investigation Materials or Litigation Materials covered by this Order.

**O. Standard of Care**

36.     The recipient of any Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. Confidential Information, Highly Confidential Information, or Highly Confidential — Source Code shall not be copied, reproduced, extracted or abstracted, except for the purpose of the conduct of an Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and be clearly marked to reflect their designation.

**P. Right to Seek Modification**

37.     Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking: (1) further or additional protections of any of its materials, or (2) modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in any Action or any other proceeding.

**Q. The Privacy Act**

38.     Any order of this Court requiring the production of any Document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**R.  Persons Bound by This Order**

39.     This Order shall be binding on the Parties to the Actions, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control, and any Non-Party, to the extent such Non-Party has agreed to be bound by this Order.

40.     All persons subject to this Order are reminded that this Order may be enforced by the Court's full powers of criminal and civil contempt.

**SO ORDERED.**

**Dated: New York, New York**
**May ___, 2022**

_____
P. Kevin Castel
United States District Judge

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Google Digital Advertising Antitrust Litig. | Civil Action No. 21-MD-3010 (PKC) |

## **AGREEMENT CONCERNING CONFIDENTIALITY**

I,_____, am employed by _____

as_____.

I hereby certify that:

1.     I have read the Confidentiality Order ("Confidentiality Order") entered in the above-captioned action (this "Action") and understand its terms.

2.     I agree to be bound by the terms of the Confidentiality Order entered in this Action. I agree to use the information provided to me only as permitted in this Confidentiality Order.

3.     I understand that my failure to abide by the terms of the Confidentiality Order entered in this Action may subject me to civil and criminal penalties for contempt of court.

4.     I submit to the jurisdiction of this Court, and specifically the United States District Court for the Southern District of New York, solely for the purpose of enforcing the terms of the

Confidentiality Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____
Signature

_____
Date

**APPENDIX B**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Google Digital Advertising Antitrust Litig. | Civil Action No. 21-MD-3010 (PKC) |

<u>**IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY**</u>

I,_____, am employed by _____

as_____.

I hereby certify that:

1.      I have read the Confidentiality Order ("Confidentiality Order") entered in the above-captioned action (this "Action") and understand its terms.

2.      I agree to be bound by the terms of the Confidentiality Order entered in this Action and agree that, in my role as in-house litigation counsel for the above Party company, I meet the requirements of Paragraph 14(d) of this Confidentiality Order, and agree to use the information provided to me only as explicitly provided in this Confidentiality Order.

3.      I understand that my failure to abide by the terms of the Confidentiality Order entered in this Action will subject me, without limitation, to civil and criminal penalties for contempt of court.

4.      I submit to the jurisdiction of this Court, and specifically the United States District Court for the Southern District of New York, solely for the purpose of enforcing the terms of the

Confidentiality Order entered in the above-captioned action and freely and knowingly waive any

right I may otherwise have to object to the jurisdiction of said court.

_____

Signature

_____

Date

# APPENDIX C – SOURCE CODE

## CONFIDENTIALITY ORDER RE: GOOGLE SOURCE CODE

### 1. GENERAL PROVISIONS

1.1     The definitions, terms and provisions contained in the Confidentiality Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Confidentiality Order re: Google Source Code and any definition, term, or provision of the Confidentiality Order, this Confidentiality Order re: Google Source Code will control with respect to such conflict.

1.2     The definitions, terms and provisions contained in this Confidentiality Order re: Google Source Code shall apply only to those Litigation Materials designated as Source Code in accordance with this Confidentiality Order re: Google Source Code, and nothing herein shall provide any rights or protections to the Parties to the Actions beyond those set forth in the Confidentiality Order.

### 2. DEFINITIONS

2.1     <u>Confidential Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that constitute a trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information and that have been so designated, or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

2.2     <u>Source Code</u>: extremely sensitive "Confidential Information or Items" consisting of non-publicly available computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which other than pursuant

to the terms of this Confidentiality Order re: Google Source Code would create a substantial risk of serious harm to the Producing Party that could not be avoided by less restrictive means.

2.3    Source Code Documents: a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents, that contains limited excerpts of Source Code.

## 3.  INFORMATION DESIGNATED HIGHLY CONFIDENTIAL - SOURCE CODE

3.1    The HIGHLY CONFIDENTIAL - SOURCE CODE designation is reserved for Source Code. The following conditions shall govern the production, review and use of Source Code.

3.2    All such Source Code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE," shall be subject to the following provisions:

a)   Source Code, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at an office of the Producing Party's Counsel or at a location mutually agreed upon by the Receiving and Producing Parties. Any review location shall be in the continental United States. Source Code will be loaded on one or more (as proportionate to the volume of source code to be reviewed) non-networked computers ("Source Code Computer(s)") that are password protected and maintained in a secure, locked area. Except as otherwise provided, use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) will be prohibited while accessing the computer(s) containing the Source Code. Proper identification of all authorized persons shall be provided prior to any access to the locked area or the Source Code Computer(s). Proper identification requires showing, at a minimum, a photo

identification card sanctioned by the government of any State of the United States, or by the government of the United States. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The computer(s) containing Source Code will be made available for inspection during regular business hours on normal business days, upon reasonable notice to the Producing Party, which shall not be less than three business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the ource code. The Producing Party shall not be permitted to view any work product generated by the Receiving Party or the Receiving Party's representative(s), and the Producing Party shall not install any keystroke or other monitoring software on the Source Code Computer(s).

      b)   The Receiving Party's Outside Counsel of Record and/or Experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the Source Code Computer(s). If the Producing Party has access to or a license for such software, it shall install such software in advance of the source code review. If the Producing Party does not have access to or a license for such software, it shall notify the Receiving Party at least ten business days in advance of the inspection, who will then have an opportunity to provide the Producing Party such software tool(s) at least four business days in advance of the inspection, which will then be installed on the Source Code Computer(s).

      c)   The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the Source Code at the time of the review.

d)   The Receiving Party shall be entitled to take handwritten notes relating to the Source Code but may not copy the Source Code into such notes. Any such notes shall not include copies or reproductions of portions of the Source Code; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, comments or procedure names. No copies of all or any portion of the source code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. No notes shall be made or stored on the Source Code Computer(s), or left behind at the site where the Source Code Computer(s) are made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL-SOURCE CODE."

e)   No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except the Receiving Parties may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this action. The Receiving Parties may not print more than twenty-five consecutive pages of Source Code and an aggregate total of more than 1000 pages of Source Code unless the Producing Party agrees, provided that the Producing Party agrees not to object to the Receiving Parties' request so long as these limits are not exceeded. In order to print more than twenty-five consecutive pages of Source Code or an aggregate of more than 1000 Pages of Source Code, the Receiving Parties must obtain the prior written approval of the Producing Party. Within five business days or such additional time as necessary due to volume requested, the Producing Party will provide four copies of the requested material on

watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" on each page, unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. All copies shall be handled as if they are originals consistent with the terms of this Order. The printed pages must be produced in a legible, clear fashion, and shall not be rasterized or blurred or in any way distorted from the generated pdf original during the production process.

f)  If the Receiving Parties request printing in excess of twenty-five consecutive pages or an aggregate total of more than 1000 pages of the Source Code and the Producing Party objects, the Producing Party shall make such objection known to the Receiving Parties within five business days. If after meeting and conferring the Producing Party and the Receiving Parties cannot resolve the objection (where such meet-and-confer need not take place in person), the Receiving Party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the Requesting Parties until the matter is resolved by the Court.

g)  Any printed pages of Source Code designated by the Producing Party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

h)  Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel of Record for the Receiving Party, (ii) the offices of outside Experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the courthouse; or (v) any intermediate

location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a secure location under the direct control of Counsel responsible for maintaining the security and confidentiality of the designated materials or under the direct control of such Counsel's Experts or consultants who have been approved to access Source Code.

     i)   A list of names of persons who will view the Source Code at the office of the Producing Party's Counsel or at a location mutually agreed upon by the Receiving and Producing Parties will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log, but only to ensure that there is no unauthorized access, recording, copying or transmission of the Source Code.

     j)   Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's Outside Counsel of Record and/or Experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

     k)   The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer(s) including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

l)   Only the following individuals shall have access to "HIGHLY CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

i.      Outside counsel of Record for the Parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

ii.     Up to three Experts and/or consultants per Plaintiff Group (except upon the express written consent of the Producing Party, such consent not to be unreasonably withheld), pre-approved in accordance with Paragraphs 6.1-6.7 and specifically identified as eligible to access Source Code. For the avoidance of doubt, Plaintiff Group shall refer to the Plaintiff or putative class of Plaintiffs in one of the following actions or groups of actions: (i) *Texas v. Google, LLC*, No. 1:21-cv-06841-PKC; (ii) *Associated Newspapers Ltd. v. Google LLC*, No. 1:21-cv-03446-PKC; (iii) Direct Action Newspaper Suits[14]; (iv) *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-cv-07034-PKC; and (v) Advertiser Class Actions.[15]

---

[14] These suits are brought by the following Plaintiffs: AIM Media Indiana Operating, LLC, AIM Media Midwest Operating, LLC, AIM Media Texas Operating, LLC, Brown County Publishing Company, Inc. and Multi Media Channels, LLC, Clarksburg Publishing Company, d/b/a WV News, Coastal Point LLC, Eagle Printing Company, Ecent Corporation, Emmerich Newspapers, Incorporated, J.O. Emmerich & Associates, Inc., Delta Democrat Publishing Company, Commonwealth Publishing Company, Inc., Delta Press Publishing Company, Inc., Newton County Appeal Inc., Marion Publishing, Company, Yazoo Newspaper, Co., Inc., Sunland Publishing, Company, Inc., Simpson Publishing Co., Inc., Montgomery Publishing Co., Inc., Franklinton Publishing Co., Inc., Charleston Publishing Co., Inc., Clarion Publishing Company, Inc., Scott Publishing, Inc., Clarke Publishing, Inc., Hattiesburg Publishing, Inc., Tallulah Publishing, Inc., Louisville Publishing, Inc., Kosciusko Star-Herald, Inc., Enterprise-Tocsin, Inc., Grenada Star, Inc., Tate Record Inc., Flag Publications, Inc., Gale Force Media, LLC, HD Media Company, LLC, Journal Inc., Robinson Communications, Inc., Something Extra Publishing, Inc., Rome News Media, LLC, Times Journal, Inc., Neighbor Newspapers, Savannah Publishing Co., Inc., Gould Enterprises, Inc., Union City Daily Messenger, Inc., Weakley County Press, Inc., and Southern Community Newspapers, Inc.

[15] Including *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-cv-07001-PKC; *Cliffy Care Landscaping LLC v. Facebook Inc.*, No. 1:21-cv-06910-PKC; and *SkinnySchool LLC v. Google LLC*, No. 1:21-cv-07045-PKC.

iii.       The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

iv.       While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

m)  The Receiving Party's Outside Counsel of Record shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph l above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code;

n)  Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving

Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents (i.e., Source Code Documents). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

o)  To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE.

p)  All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code that are marked as deposition

13

exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

q)  The Receiving Party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph (l) above (e.g., Source Code may not be disclosed to in-house counsel).

## 4.  PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to any information that is designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the RESTRICTED CONFIDENTIAL – SOURCE CODE information that the individual inspected.

Notwithstanding the foregoing, however, nothing herein shall preclude any individual from the prosecution of patents or patent applications relating to any subject matter unless such individual in fact reviewed RESTRICTED CONFIDENTIAL – CODE information relating to that subject matter.

Each individual who receives access to information designated HIGHLY CONFIDENTIAL - SOURCE CODE shall provide an attestation that identifies the subject matter of the RESTRICTED CONFIDENTIAL – SOURCE CODE information they reviewed. In addition, the Producing Party may limit an individual's access to certain areas of Source Code and/or the individual may not access certain areas of Source Code based on the subject matter(s) identified in that individual's attestation.

The parties will meet and confer in good faith on the process for accessing relevant categorical source code and providing attestations. For purposes of this Paragraph 4, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or

maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when inspection of RESTRICTED CONFIDENTIAL – SOURCE CODE information is first conducted by the affected individual and shall end 2 years after the individual has last viewed the RESTRICTED CONFIDENTIAL – SOURCE CODE.

## 5. ACQUISITION BAR

Absent written consent from the Producing Party, any individual who receives access to any information that is designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall not engage in any activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to subject matter of the RESTRICTED CONFIDENTIAL – SOURCE CODE information that the individual inspected.; or (ii) advising or counseling clients regarding the same.

Notwithstanding the foregoing, however, nothing herein shall preclude any individual from such acquisition or counseling activity relating to any subject matter unless such individual in fact reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE information relating to that subject matter. Each individual who receives access to information designated HIGHLY CONFIDENTIAL - SOURCE CODE shall provide an attestation that identifies whether the subject matter of the RESTRICTED CONFIDENTIAL – SOURCE CODE they reviewed, under the same terms and guidance as Paragraph 4. This Acquisition Bar shall begin when inspection of RESTRICTED CONFIDENTIAL – SOURCE CODE information is first conducted by the affected individual and shall end 2 years after the individual has last viewed the RESTRICTED-CONFIDENTIAL – SOURCE CODE.

## 6.  DISCLOSURE OF SOURCE CODE TO EXPERTS AND CONSULTANTS

6.1     Information designated by the Producing Party under the category of Source Code and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's Experts and consultants.

6.2     No disclosure of Source Code to an Expert or consultant shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph 6.3, that objection is resolved according to the procedures set forth below.

6.3     A party desiring to disclose Source Code to an Expert or consultant shall also give prior written notice of the intended disclosure by email to the Producing Party and the Producing Party shall have three business days after such notice is given to object in writing to the disclosure. The party desiring to disclose Source Code to an Expert or consultant must provide the following information for each Expert or consultant: name; city and state of primary residence; curriculum vitae; current employer; employment history for the past five years and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years. No Source Code shall be disclosed to such Expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection. Notwithstanding the foregoing, however, any information provided by a Receiving Party pursuant to this paragraph shall be used by the Producing Party exclusively for purposes of ensuring that disclosure of Source Code to such Expert or consultant will not result in business or economic harm to the Producing Party. No information provided pursuant to the provisions of

this paragraph shall be used by a Producing Party in depositions or at trial, or in any other effort to gain litigation advantage in the above-captioned proceedings.

6.4     A party objecting to disclosure of Source Code to an Expert or consultant shall state with particularity the ground(s) of the objection. The objecting party's consent to the disclosure of Source Code to an Expert or consultant shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Source Code to the Expert or consultant will result in specific business or economic harm to that party.

6.5     If after consideration of the objection, the party desiring to disclose the Source Code to an Expert or consultant refuses to withdraw the Expert or consultant, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within three business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the three business day period, absent an agreement of the parties to the contrary or for an extension of such three business day period, shall operate as an approval of disclosure of the Source Code to the Expert or consultant. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

6.6     The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Source Code to the Expert or consultant. This "good cause" shall include a particularized showing that: (1) the Source Code is Confidential Information or Items, (2) disclosure of the Source Code likely would result in a clearly defined and serious injury to the objecting party's business, (3) the proposed Expert or consultant is in a position to allow the Source Code to be disclosed to or become known by the objecting party's competitors, and (4) that the Expert's or consultant's access to Source Code may create other confidentiality

17

or legal risks in connection with other patent-related activities or interests tied to the Expert or consultant.

6.7     A party who has not previously objected to disclosure of Source Code to an Expert or consultant or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to an Expert or consultant at a later time with respect to materials or information that are produced after the time for objecting to such an Expert or consultant has expired. Any such objection shall be handled in accordance with the provisions set forth above in Section 6.1 through 6.6.

## 7.  EXPORT CONTROL

7.1     Disclosure of Source Code shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Source Code, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance. Without the Receiving Parties agreeing that any laws or regulations relating to the export of technical data apply to any Source Code in this matter, Receiving Parties and their experts or consultants shall not remove any Source Code from the United States without providing Producing Party prior notification and giving Producing Party five calendar days to object. Such objections will be subject to the procedure set forth in Section 6.1 through 6.6. For the avoidance of doubt, the restrictions set forth in this paragraph shall not apply to handwritten notes as described in 3.2(d).

**ATTACHMENT A TO THE AGREED SUPPLEMENTAL PROTECTIVE**

**ORDER GOVERNING SOURCE CODE CONFIDENTIALITY AGREEMENT**

1. My name is _____ .

2. I reside at _____ .

3. My present employer is _____ .

4. My present occupation or job description is _____ .

5. I have read the Confidentiality Order re: Google Source Code dated _____ , and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled [CASE CAPTION].

6. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as HIGHLY CONFIDENTIAL - SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated RESTRICTED CONFIDENTIAL – SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7. I will not divulge to persons other than those specifically authorized by said Order and will not copy or use except solely for the purpose of this action, any information obtained

pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8. In accordance with paragraph 5.3 of the Confidentiality Order re: Google Source Code Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past five years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____ 20____.