UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IN RE GOOGLE DIGITAL ADVERTISING            21-md-3010 (PKC)
ANTITRUST LITIGATION

                                                    PRE-TRIAL ORDER NO. 2
-------------------------------------------------------------x

CASTEL, Senior District Judge:

        Pursuant to the authority of Rules 16(b) and 23(d)(1), the Court Orders as follows:

1.   Any Class Action (by and through its Lead Class Counsel in the case of publishers or Interim Co-Lead Counsel as to advertisers) or any individual plaintiff, i.e., a plaintiff not asserting a class claim, may within 21 days submit a proposed amended pleading containing only Conforming Amendments (both clean copy and copy marked to show changes).  Defendant shall set forth its consent or objection within 7 days.  If the amended pleading contains only Conforming Amendments, the Court anticipates granting leave to amend and lifting the stay on discovery.

2.   "Conforming Amendments" are amendments that (a) add claims or allegations of anticompetitive conduct that were asserted in the TAC and survived the Court's September 13 Opinion & Order or remove claims or allegations of anticompetitive conduct asserted in the TAC that did not survive the September 13 Opinion & Order; (b) amend the allegations of individual harm to the plaintiffs, allegations specific to the named plaintiffs, the class definitions, the state law claims, the damages and relief sought; or (c) are necessitated by the party or counsel's obligations under Rule 11.

3.  Any Class Action (by and through Lead Counsel) or any individual plaintiff who wishes to amend its pleading to make amendments that do not fall entirely within the definition of Conforming Amendments may file a motion to amend within 21 days, the defendant or defendants may oppose the motion 21 days thereafter and plaintiff may reply 14 days thereafter.  The motion shall annex the proposed amended pleading (clean copy and copy marked to show changes).  The pre-motion letter requirement is waived for the motion to amend.  Discovery is stayed in such an action pending the hearing and determination of the motion to amend.

4.  If no amendment is sought by a plaintiff, defendant or defendants shall answer the complaint or submit a pre-motion letter within 30 days.

5.  Lead Counsel for the State plaintiffs (Mr. Lanier), Interim Lead Co-Counsel for the putative advertiser class (Ms. Sharp and Ms. Wolfson) and Lead Counsel for the Publisher Class (Mr. Boies) are collectively referred to as the "Plaintiffs' Lead Attorneys."  Plaintiffs' Lead Attorneys shall meet and confer on a proposed Case Management Plan and Scheduling Order and each Lead Counsel may designate other counsel to participate in discussions.  Within 21 days of this Order, Plaintiffs' Lead Attorneys shall submit a joint proposal to counsel for defendant and counsel for any individual plaintiff, whose input and proposed changes should be solicited, considered, discussed and, to the extent of agreement, incorporated in a proposal to be submitted by Plaintiffs' Lead Attorneys to the Court within 45 days.  Any party may submit written

objections or counterproposals within 7 days of the submission to the Court by

Plaintiffs' Lead Attorneys.  The Court will then issue an Order.

6.  The Case Management Plan and Scheduling Order need not and should not

provide for every contingency.  But it should address at least the matters in the

Court's proposed Case Management Plan and Scheduling Order for an

ordinary case (omitting paragraphs 1, 2, 9, 10 and 12) modified for the needs

of these coordinated cases.[1]  Some issues, such as the timing of class

certification motions, will be unique to fewer than all cases.  The Court is

open to expanding the number of deponents above the presumptive limit in

Rule 30(a)(2)(A)(1) but will only do so—and may do so from time to time—

upon identification of the particular witnesses by name (unless a Rule 30(b)(6)

witness) and description of the matters on which he or she has unique

knowledge.  There will be no duplicative questioning of witnesses, and, absent

good cause, no deponent will be examined more than once.  The Local Civil

Rules of this District, including Local Civil Rule 33.3, and the Court's

Individual Practices fully apply to this case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 14, 2022

---

[1]https://nysd.uscourts.gov/sites/default/files/practice_documents/PKC%20Castel%20Civil%20Case%20Management%20Plan%20%26%20Scheduling%20Order%20July%2015%2C%202020.pdf