UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

                                  x

In re GOOGLE ADVERTISING ANTITRUST :   No. 21-md-3010 (PKC)
LITIGATION                           :

                                  x   P. Kevin Castel District Judge

This Document Relates To:          :   MEMORANDUM OF LAW IN SUPPORT

*AIM Media Ind. Operating, LLC v. Google,*   :   OF THE NEWSPAPER PLAINTIFFS' JOINT
*LLC*, No. 1:21-cv-06912-PKC (S.D.N.Y.)   :   MOTION FOR LEAVE TO AMEND

*AIM Media Midwest Operating, LLC v.*     :
*Google, LLC*, No. 1:21-cv-06884-PKC     :
(S.D.N.Y.)                                :

*AIM Media Tex. Operating, LLC v. Google,*   :
*LLC*, No. 1:21-cv-06888-PKC (S.D.N.Y.)   :

*Brown Cnty. Publ'g Co., Inc. v. Google, LLC*,   :
No. 1:21-cv-06915-PKC (S.D.N.Y.)        :

*Capital Region Indep. Media LLC v. Google*   :
*LLC*, No. 1:22-cv-06997-PKC (S.D.N.Y.)   :

*Clarksburg Publ'g Co., d/b/a WV News v.*    :
*Google, LLC*, No. 1:21-cv-06840-PKC     :
(S.D.N.Y.)                                :

*Coastal Point LLC v. Google, LLC*, No. 1:21-   :
cv-06824-PKC (S.D.N.Y.)               :

*Eagle Printing Co. v. Google, LLC*, No. 1:21-   :
cv-06881-PKC (S.D.N.Y.)               :

*ECENT Corp. v. Google, LLC*, No. 1:21-cv-   :
06817-PKC (S.D.N.Y.)                 :

*Emmerich Newspapers, Inc. v. Google,*     :
*LLC*, No. 1:21-cv-06794-PKC (S.D.N.Y.)   :

                                  x

[Caption continued on following page.]

---

*Flag Publ'ns, Inc. v. Google, LLC*, No. 1:21-cv-06871-PKC (S.D.N.Y.)

*Gale Force Media, LLC v. Google, LLC*, No. 1:21-cv-06909-PKC (S.D.N.Y.)

*Gould Enters., Inc. v. Google, LLC*, No. 1:22-cv-01705-PKC (S.D.N.Y.)

*HD Media Co., LLC v. Google, LLC*, No. 1:21-cv-06796-PKC (S.D.N.Y.)

*Journal Inc. v. Google, LLC*, No. 1:21-cv-06828-PKC (S.D.N.Y.)

*Neighborhood Newspapers, Inc. v. Google LLC*, No. 1:21-cv-10188-PKC (S.D.N.Y.)

*Robinson Commc'ns, Inc. v. Google, LLC*, No. 1:21-cv-08032-PKC (S.D.N.Y.)

*Rome News Media, LLC v. Google LLC*, No. 1:21-cv-10186-PKC (S.D.N.Y.)

*Savannah Publ'g Co. v. Google, LLC*, No. 1:22-cv-01693-PKC (S.D.N.Y.)

*Something Extra Publ'g, Inc. v. Google, LLC*, No. 1:21-cv-09523-PKC (S.D.N.Y.)

*Southern Cmty. Newspapers, Inc. v. Google, LLC*, No. 1:22-cv-01971-PKC (S.D.N.Y.)

*Times Journal, Inc. v. Google LLC*, No. 1:21-cv-10187-PKC (S.D.N.Y.)

*Union City Daily Messenger, Inc. v. Google, LLC*, No. 1:22-cv-01704-PKC (S.D.N.Y.)

*Weakley Cnty. Press, Inc. v. Google, LLC*, No. 1:22-cv-01701-PKC (S.D.N.Y.)

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND.........................................................4

        A.    Allegations in Plaintiffs' Original Complaints .........................................................4

        B.    Procedural Posture ..................................................................................................5

III.    ARGUMENT ............................................................................................................7

        A.    Plaintiffs May Amend As Matter of Course Under Fed. R. Civ. P. 15(a)(1)(B) ............................................................................................................7

        B.    Justice Requires that Leave to Amend be Granted Under Fed. R. Civ. P. 15(a)(2) ...................................................................................................................8

                1.    Plaintiffs' Proposed Amendments Will Not Unduly Prejudice Defendants .................................................................................................9

                2.    Plaintiffs' Proposed Amendments Are Made Without Undue Delay, Bad Faith, or Dilatory Motives.........................................................10

                3.    Plaintiffs' Proposed Amendments Are Not Futile .....................................12

IV.    CONCLUSION........................................................................................................14

4868-1871-7495.v1

# TABLE OF AUTHORITIES

Page

## CASES

*AD/SAT, Div. of Skylight, Inc. v. Associated Press*,
    181 F.3d 216 (2d Cir. 1999).........................................................................14

*Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*,
    No. 12 Civ. 5160, 2013 WL 4526246
    (S.D.N.Y. Aug. 27, 2013) ...........................................................................11

*Agerbrink v. Model Serv. LLC*,
    155 F. Supp. 3d 448 (S.D.N.Y. 2016)...........................................................9

*Berkey Photo, Inc. v. Eastman Kodak Co.*,
    603 F.2d 263 (2d Cir. 1979)....................................................................3, 14

*Buffalo State Alumni Ass'n, Inc. v. Cincinnati Ins. Co.*,
    No. 1:14-cv-383(MAT)(JJM), 2017 WL 1734159
    (W.D.N.Y. May 4, 2017) ..............................................................................8

*Christians of Cal., Inc. v. Clive Christian N.Y., LLP*,
    2014 WL 3605526 (S.D.N.Y. July 18, 2014) ...............................................9

*Dilworth v. Goldberg*,
    914 F.Supp.2d 433 (S.D.N.Y.2012)............................................................11

*Foman v. Davis*,
    371 U.S. 178 (1962.)................................................................................8, 12

*Grace v. Rosenstock*,
    228 F.3d 40 (2d Cir. 2000)..........................................................................12

*Grand Light & Supply Co, Inc. v. Honeywell, Inc.*,
    771 F.2d 672 (2d Cir.1985)..........................................................................14

*In re Express Scripts/Anthem ERISA Litig.*,
    285 F. Supp. 3d 655 .....................................................................................12

*In re Initial Pub. Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y. 2002) .................................................................13

*In re Parmalat Sec. Litig.*,
    421 F.Supp.2d 703 (S.D.N.Y. 2006)...........................................................10

*Klein v. PetroChina Co.*,
    644 F. App'x 13 (2d Cir. 2016) .....................................................................9

- ii -

**Page**

*Lucente v. Int'l Bus. Mach. Corp.*,
  310 F.3d 243 (2d Cir. 2002)................................................................12

*Monahan v. New York City Dep't of Corr.*,
  214 F.3d 275 (2d Cir. 2000)................................................................8

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
  681 F.3d 114 (2d Cir. 2012)................................................................12

*Pasternack v. Shrader*,
  863 F.3d 162 (2d Cir. 2017)................................................................9

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
  46 F.3d 230 (2d Cir. 1995)................................................................8

*Ruotolo v. City of New York*,
  514 F.3d 184 (2d Cir. 2008)................................................................9, 11

*S.S. Silberblatt, Inc. v. East Harlem Pilot
  Block–Building 1 Housing Dev. Fund Co.*,
  608 F.2d 28 (2d Cir.1979)................................................................12

*Smith Barney, Harris Upham & Co. Inc. v. Liechtensteinische Landesbank*,
  No. 92 CIV. 2528 (RPP), 1993 WL 97286
  (S.D.N.Y. Mar. 31, 1993) ................................................................13

*United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*,
  889 F.2d 1248 (2d Cir. 1989)................................................................9

*United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*,
  285 F.Supp.3d 759 (S.D.N.Y. 2018)................................................................9

*Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*,
  540 U.S. 398, 124 S. Ct. 872, 157 L. Ed. 2d 823 (2004)................................................................14

*Virgin Atl. Airways Ltd. v. Brit. Airways PLC*,
  257 F.3d 256 (2d Cir. 2001)................................................................3, 14

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
  § 1................................................................4
  § 2................................................................3, 4, 13, 14

**Page**

Federal Rules of Civil Procedure
    Rule 11 ............................................................................................................................3
    Rule 12(b) ............................................................................................................1, 3, 7, 8
    Rule 12(e) ............................................................................................................1, 3, 7, 8
    Rule 12(f) ............................................................................................................1, 3, 7, 8
    Rule 12(b)(6) .................................................................................................................12
    Rule 15 ........................................................................................................................1, 8
    Rule 15(a) ........................................................................................................................8
    Rule 15(a)(1)(A) ............................................................................................................11
    Rule 15(a)(1)(B) ..................................................................................................... *passim*
    Rule 15(a)(2) ...........................................................................................................1, 4, 8

## SECONDARY AUTHORITIES

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice
    and Procedure: Civil 2d (2d ed.1990)
      § 1471.......................................................................................................................8

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, and Pretrial Order Nos. 2 and 3 (ECF Nos. 309, 311), Plaintiffs in the twenty-four above captioned civil actions (collectively "the Newspaper Plaintiffs" or "Plaintiffs")[1] file this *Memorandum of Law in Support of the Newspaper Plaintiffs' Joint Motion for Leave to Amend*. Plaintiffs' motion should be granted because Plaintiffs may amend as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). The current operative Complaints require a responsive pleading, and here, Defendants have not yet filed a responsive pleading, or a motion under Rule 12(b), (e), or (f) of the Federal Rules of Civil Procedure. Even if Plaintiffs were not entitled to amend as a matter of course, Plaintiffs' Motion should still be granted because the proposed Amended Complaint easily satisfies the requirements of Fed. R. Civ. P. 15(a)(2), and Plaintiffs' proposed amendments will result in no undue prejudice to Defendants; are made without undue delay, bad faith, or a dilatory motive; and are not futile.

## I.    INTRODUCTION

The Newspaper Plaintiffs are comprised of twenty-four ownership groups who publish local and regional newspapers with circulation in at least seventeen (17) states, including Alabama, Arkansas, Delaware, Georgia, Indiana, Louisiana, Maryland, Mississippi, New Jersey, New York, Ohio, Pennsylvania, Tennessee, Texas, West Virginia, Washington, and Wisconsin. The Newspaper Plaintiffs filed these federal antitrust actions as a result of Google's and Facebook's anticompetitive and monopolistic conduct that has harmed Plaintiffs' commercial interests, threatens the extinction of

---

[1]    For the Court's convenience, attached as Exhibit 1 is a schedule of the twenty-four civil actions to which the Motion applies. *Appen Media Group, Inc. v. Google, LLC, et al.*, Case No. 1:22-cv-02905 (N. D. Ga.), was filed in the Northern District of Georgie and CTO-8 was finalized on August 11, 2022 transferring the *Appen* case to this Court. J.P.M.L., MDL No. 3010, ECF No. 201. However, this case has not yet been formally transferred to this Court. Appen Media Group anticipates filing a motion to join this *Joint Motion for Leave to Amend* once its case is properly transferred.

local news journalism, has decimated local news sources giving rise to news deserts across the country, and has profoundly and negatively affected American democracy and civic life.[2]

The Newspaper Plaintiffs seek leave to amend in accordance with Pretrial Order Nos. 2 and 3, ECF Nos. 309, 311, and in consideration of the Court's Opinion and Order granting in part and denying in part Google's Motion to Dismiss Counts I through IV of the States' Third Amended Complaint ("TAC") filed in *State of Texas, et al. v. Google LLC*, No. 21-cv-6841 (E.D. Tex.), ("*Opinion and Order*"). ECF No. 308. The Newspaper Plaintiffs' actions have been generally stayed since the filing of their initial Complaints and Plaintiffs are now promptly seeking leave to amend at their first permissible opportunity.

Through their proposed Amended Complaint ("AC"),[3] Plaintiffs generally seek to assert "Conforming Amendments" as defined by the Court in Pretrial Order No. 2,[4] namely to:

---

[2]    *See* Compl., *HD Media Co., LLC v. Google, LLC*, 1:21-cv-06796-PKC (S.D.N.Y.) ECF No. 1, (citing Penelope Muse Abernathy, *News Deserts And Ghost Newspapers: Will Local News Survive?*, The Center for Innovation and Sustainability in Local Media, Hussman School of Journalism and Media, University of North Carolina at Chapel Hill (2020), available at https://www.usnewsdeserts.com/ (last visited May 24, 2021)). A "news desert," according to the University of North Carolina, is "a community, either rural or urban, with limited access to the sort of credible and comprehensive news and information that feeds democracy at the grassroots level." *Id*.

[3]    In accordance with Pretrial Order No. 2, attached to this Memorandum as Exhibits 2 and 3, respectively, are a clean copy of the proposed Amended Complaint and a redlined version which delineates the proposed amendments. ECF No. 309. To avoid burdening the Court with unnecessary paperwork, Plaintiffs are seeking leave to file a single, consolidated Amended Complaint supported by a joint motion to amend. *See* Pre-Trial Order No. 1, ECF No. 4, at  3 ("Following the decision on the motion to dismiss the claims in the state case, the Court would allow time for amendments to the complaints in the private cases to be followed by briefing on any motions to dismiss. The plaintiffs in the private actions may wish to consider the desirability of filing one or more consolidated pleadings taking account of the rulings on the motion to dismiss in the state case.")

[4]    "Conforming Amendments" are defined as "amendments that (a) add claims or allegations of anticompetitive conduct that were asserted in the TAC and survived the Court's September 13 Opinion & Order or remove claims or allegations of anticompetitive conduct asserted in the TAC that did not survive the September 13 Opinion & Order; (b) amend the allegations of individual harm

- 2 -

- Allege specific instances of anticompetitive conduct that survived Google's Motion to Dismiss the TAC that were either not previously pled in the Complaints or were clarified by adding additional detail; and

- Amend the allegations of individual specific to the named plaintiffs, and amend the damages and relief sought on behalf of the Plaintiffs.

In addition, Plaintiffs seek to make a number of amendments that do not fall within the Court's definition of Conforming Amendments as follows:

- More clearly define the relevant markets pled in their Complaints by amending the market at issue from an overarching digital advertising market to: (1) the Ad Exchange Market, (2) the Ad Server Market, and (3) the General Internet Search Market;

- Allege additional anticompetitive conduct specifically relevant to the Newspaper Plaintiffs concerning Google's imposition of audience fees in the ad server market and Google's capturing of digital advertising spend and newspaper publishers' profits on high news days;

- Assert additional factual allegations not pled in the TAC to bolster and cure the pleading deficiencies found by the Court in its *Opinion and Order* concerning the market allocation agreement between Google and Facebook ("Jedi Blue"); and

- Assert additional claims against Google under Section 2 for attempted monopoly and for Google's monopolistic leveraging of its power in the general search services market to maintain and gain monopoly power and further dominance in the ad exchange and ad server markets.[5]

Plaintiffs' Motion should be granted because Plaintiffs may file the proposed Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' Complaints are pleadings to which a responsive pleading is required, and here, Defendants have not filed a responsive pleading or motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1)(B).

---

to the plaintiffs, allegations specific to the named plaintiffs, the class definitions, the state law claims, the damages and relief sought; or (c) are necessitated by the party or counsel's obligations under Rule 11." ECF No. 309.

[5]   *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 257 F.3d 256, 272 (2d Cir. 2001); *see also Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 276 (2d Cir. 1979).

Even if Plaintiffs are not entitled to amend as a matter of course, the Court should grant Plaintiffs' motion because the proposed Amended Complaint satisfies the requirements of Rule 15(a)(2). There is no undue delay, bad faith, dilatory motive, futility, or prejudice with respect to Plaintiffs' proposed amendments. Plaintiffs have promptly moved for leave at their first available opportunity in light of the general stay in these proceedings. Plaintiffs are further seeking leave to amend before Defendants have answered or responded to their Complaints and prior to discovery commencing. Plaintiffs' proposed amendments would also streamline the pleadings to comport with the rulings made by the Court in its *Opinion and Order*, while also supplementing and refining the existing claims and allegations in this litigation.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Allegations in Plaintiffs' Original Complaints

The Newspaper Plaintiffs' current Complaints are identical in nearly all respects.[6] Plaintiffs plead the same federal causes of action and allegations of anticompetitive conduct, relevant market, market power and effects, and antitrust injuries.

In their Complaints, Plaintiffs allege that Defendants engaged in illegal anticompetitive conduct and assert two antitrust causes of action: (1) Google unlawfully exercised monopoly power of the digital advertising market (search and display advertising) in violation of Section 2 of the Sherman Act; and (2) Google and Facebook unlawfully conspired to engage in anticompetitive conduct with respect to header bidding in their "Jedi Blue" agreement which is a *per se* violation of Section 1 of the Sherman Act. *See* Compl. ¶¶ 89-17, 108-115, *HD Media Co.*, ECF No. 1. Plaintiffs

---

[6]    Plaintiff HD Media (1:21-cv-06796) also asserted companion state law antitrust claims which mirror its federal antitrust claims pled under Sections 1 and 2 of the Sherman Act. No other Newspaper Plaintiff asserted parallel state law antitrust claims. In the proposed Amended Complaint, Plaintiff HD Media has withdrawn its state law antitrust claims, thereby making its claims consistent with those asserted by the Newspaper Plaintiffs in this litigation.

4868-1871-7495.v1

further allege that as a result of Defendants' unlawful conduct, they have been foreclosed from competing on the merits for digital advertising revenue resulting in lost or depressed digital advertising revenues and profits, and that Plaintiffs have been prevented from effectively monetizing their original content. *Id*. at 31-35.

The Newspaper Plaintiffs also assert state common law claims for unjust enrichment. The Newspaper Plaintiffs allege that Google has improperly retained benefits conferred upon it by Plaintiffs, including, *inter alia,* substantial revenues from Plaintiffs' original content (estimated to be $4.7 Billion for newspapers nationally in 2019), which Google neither pays for nor maintains any of the costs and liabilities associated with its creation; improved search results and algorithms; increased trust in Google's products as a result of Plaintiffs' content; and the use of Plaintiffs' online readers' user data and information, which Google utilizes to compete directly against Plaintiffs to sell targeted digital ads.[7] *Id*. at 40.

**B.    Procedural Posture**

The first Newspaper Plaintiff Complaint was filed by HD Media, LLC on January 29, 2021 in the Southern District of West Virginia. *HD Media Co., LLC v. Google, LLC*, 1:21-cv-00077, ECF No. 1. On March 30, 2021, HD Media granted Defendants a one-and-a-half-month extension of time to answer or otherwise respond to its Complaint to May 18, 2021. *HD Media*, No. 3:21-cv-00077, ECF No. 11. On April 30, 2021, and before Defendants responded to Plaintiffs' Complaint, Google filed its *Motion for Transfer of Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Proceedings*, wherein Google sought to have the *HD Media*

---

[7]    Plaintiff Robinson Communication did not assert a claim for unjust enrichment in *Robinson Communications, Inc. v. Google, LLC, et al.*, 1:21-cv-08032 (S.D.N.Y.). All other Newspaper Plaintiffs have asserted claims for unjust enrichment. Plaintiff Robinson Communication seeks leave to amend here to assert a state common law claim for unjust enrichment consistent with the claims asserted by the other Newspaper Plaintiffs.

- 5 -

Complaint and other related actions transferred to the Northern District of California. J.P.M.L., MDL No. 3010, ECF No. 1. Then, over Plaintiffs' objection to staying the matter, Defendants filed an expedited motion seeking an extension to answer or respond until after the JPML ruled upon Google's transfer motion. *HD Media*, ECF Nos. 9-22. The District Court granted Defendants' Motion and ordered that Defendants' deadline to respond to HD Media's Complaint was no later than 21 days after the JPML resolves the pending petition to centralize this action, or, if the MDL petition is granted, the date by which the transferee judge orders Defendants to respond to Plaintiff's Complaint, whichever is later. *Id*., ECF No. 23.

On August 10, 2021, the JPML rejected Google's attempt to have these cases transferred to the Northern District of California and consolidated these actions before this Court for pretrial proceedings ("MDL").[8] J.P.M.L., MDL No. 3010, ECF No. 126. Currently, there are twenty-four Complaints filed by Newspaper Plaintiffs pending in this MDL, which are all subject to the same schedule put in place in this matter.[9]

In its first case management order, the Court selected *State of Texas, et al. v. Google LLC*, No. 21-cv-6841 (E.D. Tex.), (the "States' Action") to serve as a bellwether for pleadings in this MDL. ECF Nos. 4 and 271. As noted in Pretrial Order No. 1:

> Following the decision on the motion to dismiss the claims in the state case, the Court would allow time for amendments to the complaints in the private cases to be followed by briefing on any motions to dismiss. The plaintiffs in the private actions may wish to consider the desirability of filing one or more consolidated pleadings taking account of the rulings on the motion to dismiss in the state case.

---

[8]   Of the twenty-four (24) claims subject to this Motion, thirteen (13) were transferred as part of the JPML's initial transfer order, and eleven (11) were subsequently filed and transferred.

[9]   As discussed *supra*, one additional newspaper action, *Appen Media Group, Inc. v. Google, LLC, et al.*, Case No. 1:22-cv-02905 (N. D. Ga.), was previously filed and subject to an August 11, 2022 conditional transfer order.  However, the action does not yet appear to have been transferred to this Court.

ECF No 1.

During the pendency of Google's Motion to Dismiss the TAC, the Court stayed Defendants' deadline to answer or respond to all other Complaints in the MDL, including those of the Newspaper Plaintiffs. The Court likewise stayed discovery with the exception of ordering Google to produce approximately two million documents it previously produced to the State of Texas or any other plaintiff in this MDL—which were not produced to the Newspaper Plaintiffs until March 2022. ECF Nos. 129 and 244.

On September 13, 2022, the Court entered its *Opinion and Order* on the bellwether Motion to Dismiss, granting in part and denying in part Google's Motion to Dismiss. ECF No. 308. The Court thereafter entered Pretrial Orders No. 2 and No. 3 on September 14, 2022 and September 16, 2022, respectively, wherein the Court afforded the Newspapers Plaintiffs their first opportunity to seek leave to amend. ECF Nos. 310, 311. In accordance with PTO Nos. 2 and No. 3, Plaintiffs now timely file the instant joint motion for leave. At the time of this filing,  Defendants have not served a responsive pleading to Plaintiffs' Complaints or a motion under Rule 12(b), (e), or (f) of the Federal Rules of Civil Procedure.

## III.     ARGUMENT

### A.     Plaintiffs May Amend As Matter of Course Under Fed. R. Civ. P. 15(a)(1)(B)

Fed. R. Civ. P. 15(a)(1)(B) permits a party to amend its pleading once as a matter of course within: (A) 21 days after serving it, **_or_** (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under

- 7 -

Rule 12(b), (e), or (f), whichever is earlier. Plaintiffs have not yet amended their initial pleadings.[10]

The current operative Complaints require a responsive pleading, and Defendants have not filed a

responsive pleading or a motion under Rule 12(b), (e), or (f). Accordingly, Plaintiffs may amend

their Complaints as a matter of course under Rule 15(a)(1)(B). *Buffalo State Alumni Ass'n, Inc. v.*

*Cincinnati Ins. Co.*, No. 1:14-cv-383(MAT)(JJM), 2017 WL 1734159, at *4 (W.D.N.Y. May 4,

2017) ("While Rule 15(a) gives the court extensive discretion to decide whether to grant leave to

amend after the time for amendment as [a matter] of course has passed . . . a plaintiff's right to

amend the complaint once as of right may be described as 'absolute.'").

### B. Justice Requires that Leave to Amend be Granted Under Fed. R. Civ. P. 15(a)(2)

Even if Plaintiffs are not entitled to amend as a matter of course, Plaintiffs' motion should

still be granted under Fed. R. Civ. P. 15(a)(2).

Fed. R. Civ. P. 15(a)(2) provides that leave to amend  should "be freely given when justice so

requires." The Supreme Court has emphasized that amendments should normally be permitted and

has stated that refusal to grant leave without justification is "inconsistent with the spirit of the

Federal Rules." *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (citing

*Foman v. Davis*, 371 U.S. 178, 182 (1962.).[11] The grant or denial of leave to amend a complaint is

---

[10]   The one exception is *Brown Publishing, et al. v. Google LLC*, et al. (1:21-cv-06915) (S.D.N.Y.)
wherein the Plaintiffs amended their pleading to correct a minor typo in its initial Complaint.
Nevertheless, Brown Publishing should be granted leave to amend under Fed. R. Civ. P. 15(a)(2) for
the reasons set forth below.

[11]   "[Rule 15] reflects two of the most important principles behind the Federal Rules: pleadings are
to serve the limited role of providing the opposing party with notice of the claim or defense to be
litigated, see *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957), and 'mere
technicalities' should not prevent cases from being decided on the merits, see *Foman v. Davis,* 371
U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See 6 Charles Alan Wright, Arthur R. Miller & Mary
Kay Kane, Federal Practice and Procedure: Civil 2d § 1471 (2d ed.1990)."  *Monahan v. New York
City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

within this Court's sound discretion, but "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Klein v. PetroChina Co.*, 644 F. App'x 13, 15 (2d Cir. 2016)*. See also Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). Here, the standard for granting leave to amend is readily met.

### 1. Plaintiffs' Proposed Amendments Will Not Unduly Prejudice Defendants

While prejudice to the opposing party is generally the most important consideration in deciding whether to grant leave to amend, "only <u>undue</u> prejudice warrants denial of leave to amend." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (emphasis in original) (citations omitted). The party opposing the amendment "bears the burden of showing prejudice . . . " *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F.Supp.3d 759, 766 (S.D.N.Y. 2018) (internal quotation marks and citations omitted).

"In gauging prejudice," courts consider, "among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (internal quotation marks omitted). "[A]llegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice." *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, 2014 WL 3605526, at *5 (S.D.N.Y. July 18, 2014) (internal quotation marks and alterations omitted). Thus, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989) (citation omitted).

- 9 -

Here, Plaintiffs' Amended Complaint would not cause any undue prejudice. Defendants have not yet answered or filed a responsive pleading to Plaintiffs' Complaints.[12] When they do, they will only have to address the new pleadings. *In re Parmalat Sec. Litig.,* 421 F.Supp.2d 703, 713 (S.D.N.Y. 2006) (stating that an amended complaint supersedes the original). Defendants will also have ample time to address Plaintiffs' proposed amendments as discovery has not yet commenced (let alone closed), experts have not been disclosed, a deadline for dispositive motions has not yet been set, and the trials in these actions are not scheduled. Further, because the Newspaper Plaintiffs' proposed amendments generally arise from or relate to many of the same allegations and claims asserted in this MDL, there will be significant overlap of relevant discovery, and Defendants will not be subjected to unfair surprise as they have been aware, or should have known, of the nature of Plaintiffs' proposed amendments. Defendants therefore cannot credibly claim prejudice—let alone undue prejudice—sufficient to justify the denial of Plaintiffs' Motion to Amend.

### 2.    Plaintiffs' Proposed Amendments Are Made Without Undue Delay, Bad Faith, or Dilatory Motives

Plaintiffs are proposing these amendments promptly and without delay. Indeed, Plaintiffs were unable to seek leave to amend until now because of the general stays implemented in these actions prior to the creation of this MDL, and the stay issued by this Court upon the creation of the MDL to allow for bellwether briefing in the States' Action. *See* ECF No. 1 ("Following the decision on the motion to dismiss the claims in the state case, the Court would allow time for amendments to the complaints in the private cases to be followed by briefing on any motions to dismiss."). Thus, pursuant to this Court's direction, Plaintiffs are requesting leave to amend at their first permissible

---

[12]   Because Rule 15(a)(1)(B) permits a party to amend as a matter of course when a responsive pleading or other certain motions have not yet been filed, Defendants—who themselves sought this MDL—cannot claim they will be unduly prejudiced by an act permitted under the rules of civil procedure.

- 10 -

opportunity; which is also prior to Defendants having filed an Answer or responsive pleading to Plaintiffs' Complaints; before substantive discovery has commenced; and ahead of any Case Management or Scheduling Order, including the scheduling of dispositive motion deadlines or trial. This is also Plaintiffs' first time seeking leave to amend.[13]

Further, the Newspaper Plaintiffs were not provided with the documents which support many of the allegations and claims being asserted in the proposed Amended Complaint until March 2022—after their initial complaints were filed and during the period of time when these actions were stayed. To the extent Defendants may argue that Plaintiffs' proposed amendments are unjustified because Plaintiffs knew, or should have known, the information forming the basis of their amendments at the time of their initial filings, this is insufficient to deny Plaintiff's motion. *Dilworth v. Goldberg*, 914 F.Supp.2d 433, 460 (S.D.N.Y.2012) ("[T]he motion to amend will not be denied by reason of plaintiffs' delay in alleging facts that were previously within their knowledge."); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."); *Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*, No. 12 Civ. 5160, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013) (allowing amendment after nine months despite movant's knowledge of relevant information at time of initial pleading because party "need not prove that they uncovered new facts or law" to receive leave to amend)..

Nor are the Newspaper Plaintiffs' proposed amendments made in bad faith. There is no evidence that the Newspaper Plaintiffs are seeking leave to amend as part of a strategic or tactical

---

[13]   As noted previously, Plaintiff Brown County Publishing Company, Inc. and Multi-Media Channels filed an Amended Complaint once as a matter of course under Rule 15(a)(1)(A). In doing so, Plaintiffs made no substantive amendments and only amended to correct a minor typographical error.

- 11 -

decision to gain an unfair litigation advantage. Rather, Plaintiffs' proposed amendments are being made to address the Court's *Opinion and Order* relating to Google's Motion to Dismiss the TAC, as contemplated by the Court in PTO Nos. 1, 2, and 3; to supplement and refine Plaintiffs' current allegations with more detailed information; and to assert new claims and allegations at the very beginning of this litigation and before Defendants have filed responsive pleadings so that Plaintiffs' claims can be fully adjudicated on their merits.

### 3. Plaintiffs' Proposed Amendments Are Not Futile

In determining whether leave to amend should be granted, the district court has "discretion to consider … the apparent 'futility of amendment.'" *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (citing *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. 227). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

On a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, and if the movant has at least "colorable grounds for relief," the amendment should be allowed in the absence of prejudice, delay or bad faith. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Housing Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir.1979). *See In re Express Scripts/Anthem ERISA Litig.,*, 285 F. Supp. 3d 655, 690 ("A court may deny a motion to amend on the basis of futility 'only where no colorable grounds exist to support the proposed claim.'"). "In assessing whether the proposed complaint states a claim" for the purpose of determining whether amendment would be futile, a court will consider "the proposed amendment[s] . . . along with the remainder of the complaint, . . . accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Panther Partners Inc. v. Ikanos Commc'ns,*

*Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Notably, courts in this district have found that the "[d]enial of a motion to amend on the asserted inadequacy of the proposed pleading is disfavored." *Smith Barney, Harris Upham & Co. Inc. v. Liechtensteinische Landesbank*, No. 92 CIV. 2528 (RPP), 1993 WL 97286, at *4 (S.D.N.Y. Mar. 31, 1993).[14]

Here, Plaintiffs' proposed amendments are not futile. Many of Plaintiffs' amendments relate to factual allegations and claims concerning anticompetitive conduct and markets that this Court has already determined are plausible. ECF No. 308. Specifically, in their proposed Amended Complaint, Plaintiffs assert claims against Google arising from: (1) dynamic allocation and enhanced dynamic allocation, (2) redaction of auction data, (3) limitation on publisher line items, (4) unified pricing rules, (5) illegal tying and bundling of products, (6) Project Bernanke, Bell and Global Bernanke, (7) dynamic revenue sharing, and (8) Project Poirot and Elmo, each within the relevant ad server and ad exchange markets. The proposed Amended Complaint likewise adds an attempted monopoly claim under Section 2, which survived the bellwether motion to dismiss.

With respect to the remaining claims, the Amended Complaint sufficiently alleges plausible antitrust claims, and is clearly adequate on its face. Plaintiffs proposed amendments contain factual allegations not pled in the TAC which specifically address and remedy the deficiencies found by the Court in the TAC concerning the illegal market allocation agreement between Google and Facebook ("Jedi Blue") and the use of accelerated mobile pages as they pertain to the Newspaper Plaintiffs.

---

[14] In this regard, to the extent Defendants will attempt to oppose this Motion on futility grounds, Plaintiffs respectfully suggest that these arguments are more appropriately addressed by a motion to dismiss as was done with respect to the bellwether briefing. *See* PTO No. 1. pECF No. 4 ("By August 27, 2021, defendant shall either consent to the motion to amend or file its opposition, reserving any futility arguments for any motion to dismiss."). *See also*, *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 125 (S.D.N.Y. 2002) ("Where, as here, the alleged futility of the proposed amendments is really an argument that the amendments would not permit the complaint to survive a motion to dismiss, such argument would better be taken up on a motion to dismiss unless the amendments' futility is readily apparent.")

- 13 -

The Amended Complaint further sets forth sufficient factual allegations—which respectfully must be construed in Plaintiffs' favor together with all reasonable inferences drawn therefrom—that demonstrate how Google illegally monopolized the ad server market with its use of audience fees. As respects Plaintiffs' claim against Google for its monopoly leveraging of general internet search, the Second Circuit recognizes monopoly leveraging under Section 2. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 257 F.3d 256, 272 (2d Cir. 2001)("Within the context of § 2 claims, the Supreme Court has recognized the impropriety of monopoly leveraging, i.e., the use of monopoly power in one market to strengthen a monopoly share in another market"); *AD/SAT, Div. of Skylight, Inc. v. Associated Press*, 181 F.3d 216, 227 (2d Cir. 1999); *Grand Light & Supply Co, Inc. v. Honeywell, Inc.*, 771 F.2d 672, 681 (2d Cir.1985); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 276 (2d Cir. 1979); *see generally Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 415, 124 S. Ct. 872, 883, 157 L. Ed. 2d 823 (2004)("leveraging presupposes anticompetitive conduct").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion and allow Plaintiffs to file the proposed Amended Complaint.

DATED:  October 5, 2022                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL (admitted *pro hac vice*)
STEVEN M. JODLOWSKI (admitted *pro hac vice*)


s/ David W. Mitchell
DAVID W. MITCHELL

4868-1871-7495.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
PAUL J. GELLER (admitted *pro hac vice*)
STUART A. DAVIDSON (admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

FITZSIMMONS LAW FIRM PLLC
ROBERT P. FITZSIMMONS (admitted *pro hac vice*)
CLAYTON J. FITZSIMMONS (admitted *pro hac vice*)

Dated:  October 5, 2022

s/ Clayton J. Fitzsimmons

CLAYTON J. FITZSIMMONS

1609 Warwood Avenue
Wheeling, WV 26003
Telephone: 304/277-1700
304/277-1705 (fax)

Dated:  October 5, 2022

HERMAN JONES LLP
JOHN C. HERMAN (admitted *pro hac vice*)
SERINA M. VASH

s/ Serina M. Vash

SERINA M. VASH

3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6555
404/504-6501 (fax)

- 15 -

FARRELL & FULLER, LLC
PAUL T. FARRELL, JR. (admitted *pro hac vice*)
MICHAEL J. FULLER, JR. (admitted *pro hac vice*)
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
Telephone: 939/293-8244
939/293-8245 (fax)

Attorneys for Plaintiffs *AIM Media Ind. Operating, LLC v. Google, LLC*; *AIM Media Midwest Operating, LLC v. Google, LLC*; *AIM Media Tex. Operating, LLC v. Google, LLC*; *Brown Cnty. Publ'g Co., Inc. v. Google, LLC*; *Capital Region Indep. Media LLC v. Google LLC*; *Clarksburg Publ'g Co., d.b.a. WV News v. Google, LLC*; *Coastal Point LLC v. Google LLC*; *Eagle Printing Co. v. Google, LLC*; *ECENT Corp. v. Google, LLC*; *Emmerich Newspapers, Inc. v. Google, LLC*; *Flag Publ'ns, Inc. v. Google, LLC*; *Gale Force Media, LLC v. Google, LLC*; *Gould Enters., Inc. v. Google, LLC*; *HD Media Co., LLC v. Google, LLC*; *Journal, Inc. v. Google, LLC*; *Neighborhood Newspapers, Inc. v. Google, LLC*; *Robinson Commc'ns, Inc. v. Google, LLC*; *Rome News Media, LLC v. Google, LLC*; *Savannah Publ'g Co. v. Google, LLC*; *Something Extra Publ'g, Inc. v. Google, LLC*; *Southern Cmty. Newspapers, Inc. v. Google, LLC*; *Times Journal, Inc. v. Google, LLC*; *Union City Daily Messenger, Inc. v. Google, LLC*; and *Weakley Cnty. Press, Inc. v. Google, LLC*.

- 16 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on October 5, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David W. Mitchell
DAVID W. MITCHELL

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  davidm@rgrdlaw.com

4868-1871-7495.v1