Google shall file a privilege log within 14 days.  Plaintffs may file a motion 14 days thereafter.  Submission of exemplars in camera approved.
SO ORDERED
Dated:  10/7/2022

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

October 6, 2022

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St., Courtroom 11D
New York, New York 10007

    **Re: *In re Google Digital Advertising Antitrust Litig.*, 1:21-md-03010 (S.D.N.Y.) (PKC)**
    **This Document Relates to: ALL ACTIONS**

Dear Judge Castel:

  Pursuant to Your Honor's Individual Practice 3B, Local Civil Rules 26.2 and 37.2, and Paragraph 12 of the Confidentiality Order (Doc. 297 at pp. 15-17), Plaintiffs request a pre-motion conference concerning their anticipated motion regarding facially non-privileged documents which Google has sought to claw back. No conference is scheduled at this time.[1]

  On August 10, 2022, Google made an untimely clawback request (*see* Exhibit A hereto) as to 68 of its produced documents based on dubious privilege claims without providing Plaintiffs with *any* information to assess those claims as required by the Federal Rules, Local Rule 26.2 and the Confidentiality Order.[2] Google's request comes more than two years after it produced those documents to the State Plaintiffs and, separately, to the Department of Justice, and it comes eight months after Google produced the documents to the Private Plaintiffs in these actions. Google has surely reviewed these documents on multiple occasions over the last two years, including when Google unsuccessfully attempted to limit its production of documents to the Private Plaintiffs. (*See* Doc. 239-1.) Google's delay, despite ample opportunity to rectify any disclosure of purportedly privileged material, should preclude these clawbacks. *See, e.g.*, *Sure Fit Home Products, LLC v. Maytex Mills Inc.*, No. 21 Civ. 2169 (LGS) (GWG), 2022 WL 1597000 (S.D.N.Y. May 20, 2022) (privilege waived when disclosing party fails to assert it over course of years despite multiple opportunities to do so).

---

  [1] Pursuant to Your Honor's Individual Practice 3B and Fed. R. Civ. P. 37(a)(1), Plaintiffs certify that we attempted in good faith to reach agreement on all issues without Court action.

  [2] Upon receiving Google's bare-bones clawback notice, all Plaintiffs promptly segregated the 68 documents in accordance with Paragraph 12(c) of the Confidentiality Order (Doc. 297).

The Honorable P. Kevin Castel
October 6, 2022
Page 2

Aside from being untimely, Google's privilege claims also appear meritless. The Plaintiffs' Privilege Committee was permitted to review 29 of the 68 clawed back documents.[3] Having completed that review, as far as Plaintiffs can discern, each of these 29 documents is relevant to issues in this case but bears no indication of any applicable privilege. The documents include meeting minute compilations from Google ad-tech business divisions, a PowerPoint showing financial information, and email chains regarding ad tech with no indication of legal advice being sought or received. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2018 WL 4489285, at *1-2 (S.D.N.Y. Sept. 19, 2018) (stating scope of attorney-client privilege).[4] But Plaintiffs' full assessment of Google's privilege claims has been frustrated by Google's flat refusal to describe any *basis* for its privilege claims, as required by both the Federal and Local Rules and the Confidentiality Order. Fed. R. Civ. P. 26(b)(5)(B); Confidentiality Order ¶ 12(c). Google has even refused to provide Plaintiffs with a list of attorneys who allegedly provided legal advice or work product in each document and also refused to inform Plaintiffs which of the 68 documents it contends are irrelevant.

Without waiving their rights to challenge the privilege claims for all 68 documents, Plaintiffs wish to provide the Court *in camera* four exemplars that demonstrate both why Plaintiffs need a privilege log as to the 68 clawed back documents and that Google's clawback request is likely invalid. Facially, the four exemplars bear no indicia of privilege which demonstrates Plaintiffs' need for a privilege log so that they may assess Google's clawback. Plaintiffs seek to move the Court to (1) review those four documents and determine the propriety of Google's privilege claims, and (2) order Google to produce a privilege log (which complies with Federal Rule 26 and Local Rule 26.2) for all 68 of the documents it has sought to claw back so that Plaintiffs can assess the propriety of all of Google's privilege claims at this juncture and determine whether to challenge clawbacks under the Confidentiality Order.[5]

Google's clawback notice describes the clawed back documents only by production number and a broadly phrased privilege ("Attorney-Client" or "Work Product"). Google's primary justification for declining to furnish the information necessary to assess these privilege claims rests on a misreading of the Confidentiality Order. Google asserts that its *ipse dixit* privilege claims comply with Paragraph 12(c)'s requirement that a party seeking to claw back documents provide "the basis of the privilege asserted." But Google's position is out of step with the Federal Rules and Local Rule 26.2. Under Rule 26, when a party claws back a document, it must "notify any party that received the information of the claim and the basis for it." Fed. R. Civ. P. 26(b)(5)(B).

---

[3] Consistent with footnote 8 of the Confidentiality Order, the designated members of the Privilege Committee are Mr. DeRose for the States, Mr. Elias for the Advertiser Class, Mr. Zelcs for the Publisher Class, and Ms. Vash for the direct-action newspaper Plaintiffs.

[4] While Plaintiffs ordinarily would further explain why they believe these documents are not privileged, Paragraph 12(c) of the Confidentiality Order precludes us from quoting, attaching, or disclosing the information in clawed back documents when challenging their alleged privilege status.

[5] Respectfully, mindful of this Court's time and seeking to proceed efficiently, at this point Plaintiffs do not seek Court review of all 68 documents prior to receiving a privilege log.

The Honorable P. Kevin Castel
October 6, 2022
Page 3

The rules distinguish between the "claim" of privilege and the claim's "basis." Google so far has only "claimed" privilege. As for the "basis," the advisory committee notes state that when a litigant seeks to claw back a document, the notice must be "sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim and to determine whether waiver has occurred." Fed. R. Civ. P. 26(b)(5) advisory committee's note (2006). *See also* Local Rule 26.2 (when objecting to production of documents based on privilege claims, the objecting party must disclose: "(i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other"); Charles Alan Wright & Arthur R. Miller, 8 Fed. Prac. & Proc. Civ. § 2016.7 (3d ed.) ("[T]he party giving notice under Rule 26(b)(5)(B) should be clear and detailed about the basis for the claim."); *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 2012 WL 3731483, at *5 (S.D. Ohio Aug. 28, 2012) (finding clawback notice deficient when party "did not provide a proper privilege log and, beyond conclusory statements, . . . did not state the basis for the claimed privilege."). Written against those well-settled background principles, Paragraph 12(c) of the Confidentiality Order requires Google (as the party clawing back documents) to provide a detailed "basis" for its clawbacks. However, Google's clawback notice provides no basis whatsoever.

Google has also asserted a flurry of other justifications for ignoring the requirements of the Federal Rules, the Local Rules and the plain text of the Confidentiality Order, but each one fails. *First*, Google has suggested that Paragraph 12(c) reflects an implicit compromise between the parties, permitting clawbacks of Investigation Materials (and only Investigation Materials) without the need to describe the basis for the asserted privilege claim. But, rather than reflecting a compromise, Paragraph 12(c) essentially quotes the requirements of Rule 26 and thereby incorporates those requirements into the Confidentiality Order. Further, Paragraph 12(c) of the Confidentiality Order applies to *all* documents in this case, not just Investigation Materials. Google's position would consequently allow it to claw back even materials uniquely produced in discovery in the MDL without a privilege log. And in any event, the parties did not "hide elephants in mouseholes," *Whitman v. Am. Trucking Assocs.*, 531 U.S. 457, 468 (2001); had the parties or the Court intended to do away with the Federal Rules' requirements, this would have been explicit. Instead, the Court made clear at the April hearing that the Confidentiality Order's clawback provisions operate against the backdrop of Rule 26. (4/19/22 Hr'g Tr. at 36-37.)[6]

*Second*, Google contends that the Court, at its April hearing, ruled that Google need never provide details about privilege claims asserted over Investigation Materials, even when those

---

[6] Google has also made the related argument that because Plaintiffs have sought to negotiate the *contents* of a privilege log in the context of the forthcoming ESI Order, they must have intended to relieve Google of its obligation to describe the basis of its privilege claims. But Plaintiffs' preference to include that guidance in the ESI Order scarcely relieves Google of its existing privilege log obligations. Notably, Google initially resisted including *any* details related to privilege logs in the ESI Order. Google cannot now represent that it need not provide a log only because Plaintiffs requested that the specifics of the log's contents be set forth in the ESI protocol.

The Honorable P. Kevin Castel
October 6, 2022
Page 4

claims arise in the MDL itself. But there is an important distinction between reconstructing a privilege log for the Investigation Materials writ large (which Plaintiffs aren't asking Google to do and won't ask Google to do) and Google's obligation to substantiate a new claim of privilege for already-produced documents that it now seeks to claw back. Moreover, Google's position contradicts its representations to the Court. (*See* 4/19/22 Hr'g Tr. at 33 (Google representing that its "provision is based on the basic idea that if a document is clawed back, you destroy it or you return it, and *then it's logged*, and you can challenge it." (emphasis added)); *id*. at 7:15-18 (Google stating "with respect to clawbacks, we agree that whatever procedure the Court decides on for clawbacks in this case should apply to all those [pre-suit investigative] documents as well."); *id*. at 37:10-22 (the Court explaining, "Let's get it as close as to the [Federal] rules and leave it at that.")).

*Third*, Google believes that, regardless of the merits of Plaintiffs' position, now is not the right time to bring this dispute to the Court's attention. Google instead has suggested that the parties postpone addressing these clawbacks and return to them after discovery has begun in earnest. But with these actions on the eve of discovery, now is the ideal time for the Court to issue bellwether rulings on these privilege issues. By evaluating a limited number of clawbacks before discovery opens, the Court can guide the parties so as to minimize future privilege disputes. (*See* 4/19/22 Hr'g Tr. at 51 ("THE COURT: We may have some bellwether rulings on confidentiality and highly confidential early on in this case that may make things easier.").) In this regard, Google's suggestion that the parties wait to address these clawbacks also ignores the unambiguous requirements of the Confidentiality Order, which states—without qualification—that "[a]ny such challenge must be made promptly." (Confidentiality Order, ¶ 12(c), Doc. 297.) As a result, for Plaintiffs to defer a challenge of a clawback request could potentially violate the Confidentiality Order, regardless of whether Google objects to the eventual challenge as untimely.

Google's misuse of the attorney-client privilege has been widely publicized[7] and is likely to be a point of contention in this litigation, just as it has been a significant concern in the Department of Justice's suit involving Google's alleged search monopoly. Google has instructed its employees to label non-privileged materials as "attorney-client privileged" when the communications concern sensitive but non-privileged subject matter. When the DOJ discovered this tactic, Google unilaterally reversed its privilege call on 37,000 documents. No. 1:20-cv-03010-APM, Doc. 361 at 21-22 (D.D.C. June 16, 2022); *see also id.* Doc. 335 at 5 (D.D.C. Apr. 7, 2022) (DOJ stating that internal documents reflecting Google's "communicate-with-care" policy show that Google "understood that the impact of instructing employees to add spurious requests for legal advice to business emails would be to shield those documents from discovery."). Thus, a prompt order by this Court setting forth the parties' obligations with respect to the type of information a

---

[7] *E.g.*, John Holland, *Google Accused by DOJ of Hiding Behind Sham Privilege Claims*, Bloomberg Law (Mar. 22, 2022), https://news.bloomberglaw.com/us-law-week/google-accused-by-doj-of-hiding-behind-sham-privilege-claims; Daisuke Wakabayashi, *Google Employees Are Free to Speak Up. Except on Antitrust.*, N.Y. Times (Oct. 13, 2020), https://www.nytimes.com/2020/10/13/technology/google-employees-antitrust.html?searchResultPosition=2.

The Honorable P. Kevin Castel
October 6, 2022
Page 5

party must provide with its claw back request as well as the parameters for a claim of privilege could avoid many future privilege disputes.

Plaintiffs therefore respectfully request that the Court (1) accept an *in camera* submission of the four documents whose privilege status Plaintiffs now challenge and, (2) with regard to the 68 documents at issue in Google's August 2022 clawback request, order Google to provide a privilege log. Plaintiffs are prepared to submit the four documents to chambers, accompanied by a proposed sealing order, and are also available to answer any further questions.

Respectfully submitted,

| | |
|---|---|
| /s/ W. Mark Lanier | /s/ Ashley Keller |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerpostman.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerpostman.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerpostman.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4100 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerpostman.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER POSTMAN LLC |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*On behalf of the State Plaintiffs*

| | |
|---|---|
| /s/ Dena C. Sharp | /s/ John Thorne |
| Dena C. Sharp (*pro hac vice*) | John Thorne |
| Jordan Elias (*pro hac vice*) | Daniel G. Bird |
| Scott M. Grzenczyk (*pro hac vice*) | Daniel V. Dorris |
| **GIRARD SHARP LLP** | Bethan R. Jones |
| 601 California Street, Suite 1400 | Mark P. Hirschboeck |
| San Francisco, CA 94108 | Eliana M. Pfeffer |
| Tel: (415) 981-4800 | Eric J. Maier |
| Fax: (415) 981-4846 | KELLOGG, HANSEN, TODD, FIGEL & |

The Honorable P. Kevin Castel
October 6, 2022
Page 6

dsharp@girardsharp.com
jelias@girardsharp.com
scottg@girardsharp.com

Tina Wolfson (TW-1016)
Theodore W. Maya (*pro hac vice*)
Bradley K. King (BK-1971)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com

*Interim Co-Lead Counsel for Advertiser Plaintiffs*

/s/ Caitlin G. Coslett
Eric L. Cramer
ecramer@bm.net
Michael C. Dell'Angelo
mdellangelo@bm.net
Caitlin G. Coslett
ccoslett@bm.net
Patrick F. Madden
pmadden@bm.net
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

Philip C. Korologos
pkorologos@bsfllp.com
Brianna S. Hills
bhills@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300

FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jthorne@kellogghansen.com

Jeffrey A. Lamken
Caleb Hayes-Deats
MOLOLAMKEN LLP
Tel: (202) 556-2000
Fax: (202) 556-2001
jlamken@mololamken.com

*Counsel for Associated Newspapers, Ltd. and Mail Media, Inc.*

/s/ Serina M. Vash
Serina M. Vash
New York Bar No.: 2773448
svash@hermanjones.com
153 Central Avenue, # 131
Westfield, NJ 07090
(404) 504-6516
HERMAN JONES LLP

John C. Herman
jherman@hermanjones.com
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6500
HERMAN JONES LLP

Paul T. Farrell, Jr.
paul@farrellfuller.com
Michael J. Fuller, Jr.
mike@farrellfuller.com
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
(939) 293-8244
FARRELL & FULLER, LLC

The Honorable P. Kevin Castel
October 6, 2022
Page 7

<div style="column-count:2">

David Boies
dboies@bsfllp.com
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

Jesse Panuccio
jpanuccio@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 895-7580

Mark C. Mao
mmao@bsfllp.com
Sean P. Rodriguez
srodriguez@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820

Sabria A. McElroy
smcelroy@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 377-4216

George A. Zelcs
gzelcs@koreintillery.com
Randall P. Ewing
rewing@koreintillery.com
Marc A. Wallenstein
mwallenstein@koreintillery.com
Ryan A. Cortazar
rcortazar@koreintillery.com
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750
Fax: (312) 641-9751

/s/ Stuart A. Davidson
Paul J. Geller
pgeller@rgrdlaw.com
Stuart A. Davidson
sdavidson@rgrdlaw.com
Alexander C. Cohen
acohen@rgrdlaw.com
Maxwell H. Sawyer
msawyer@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000
ROBBINS GELLER RUDMAN & DOWD LLP

David W. Mitchell
davidm@rgrdlaw.com
Steven M. Jodlowski
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
ROBBINS GELLER RUDMAN & DOWD LLP

Robert P. Fitzsimmons
bob@fitzsimmonsfirm.com
Clayton J. Fitzsimmons
clayton@fitzsimmonsfirm.com
Mark A. Colantonio
mark@fitzsimmonsfirm.com
1609 Warwood Avenue
Wheeling, WV 26003
(304) 277-1700
FITZSIMMONS LAW FIRM PLLC

*Counsel for Direct Action Newspaper Plaintiffs AIM Media Indiana Operating, LLC, AIM Media Midwest Operating, LLC, AIM Media Texas Operating, LLC, Brown County Publishing Company, Inc. and Multi Media Channels, LLC, Clarksburg Publishing Company, d/b/a WV News, Coastal Point LLC, Eagle Printing Company, Ecent Corporation, Emmerich Newspapers,*

</div>

The Honorable P. Kevin Castel
October 6, 2022
Page 8

| | |
|---|---|
| Stephen M. Tillery<br>stillery@koreintillery.com<br>Michael E. Klenov<br>mklenov@koreintillery.com<br>Carol L. O'Keefe<br>cokeefe@koreintillery.com<br>KOREIN TILLERY LLC<br>505 North 7th Street, Suite 3600<br>St. Louis, MO 63101<br>Tel.: (314) 241-4844<br>Fax: (314) 241-3525<br><br>*Interim Co-Lead Counsel for the Publisher Class* | *Incorporated, J.O. Emmerich & Associates, Inc., Delta Democrat Publishing Company, Commonwealth Publishing Company, Inc., Delta Press Publishing Company, Inc., Newton County Appeal Inc., Marion Publishing, Company, Yazoo Newspaper, Co., Inc., Sunland Publishing, Company, Inc., Simpson Publishing Co., Inc., Montgomery Publishing Co., Inc., Franklinton Publishing Co., Inc., Charleston Publishing Co., Inc., Clarion Publishing Company, Inc., Scott Publishing, Inc., Clarke Publishing, Inc., Hattiesburg Publishing, Inc., Tallulah Publishing, Inc., Louisville Publishing, Inc., Kosciusko Star-Herald, Inc., Enterprise-Tocsin, Inc., Grenada Star, Inc., Tate Record Inc., Flag Publications, Inc., Gale Force Media, LLC,*<br>*HD Media Company, LLC, Journal Inc., Robinson Communications, Inc., Something Extra Publishing, Inc., Rome News Media, LLC, Times Journal, Inc., Neighbor Newspapers, Savannah Publishing Co., Inc., Gould Enterprises, Inc., Union City Daily Messenger, Inc., Weakley County Press, Inc., and Southern Community Newspapers, Inc.* |

CC: Counsel of Record