UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*AIM Media Ind. Operating, LLC v. Google, LLC*, No. 1:21-cv-06912-PKC (S.D.N.Y.)<br><br>*AIM Media Midwest Operating, LLC v. Google, LLC*, No. 1:21-cv-06884-PKC (S.D.N.Y.)<br><br>*AIM Media Tex. Operating, LLC v. Google, LLC*, No. 1:21-cv-06888-PKC (S.D.N.Y.)<br><br>*Brown Cnty. Publ'g Co., Inc. v. Google, LLC*, No. 1:21-cv-06915-PKC (S.D.N.Y.)<br><br>*Capital Region Indep. Media LLC v. Google LLC*, No. 1:22-cv-06997-PKC (S.D.N.Y.)<br><br>*Clarksburg Publ'g Co., d/b/a WV News v. Google, LLC*, No. 1:21-cv-06840-PKC (S.D.N.Y.)<br><br>*Coastal Point LLC v. Google, LLC*, No. 1:21- cv-06824-PKC (S.D.N.Y.)<br><br>*Eagle Printing Co. v. Google, LLC*, No. 1:21- cv-06881-PKC (S.D.N.Y.)<br><br>*ECENT Corp. v. Google, LLC*, No. 1:21-cv- 06817-PKC (S.D.N.Y.)<br><br>*Emmerich Newspapers, Inc. v. Google, LLC*, No. 1:21-cv-06794-PKC (S.D.N.Y.)<br><br>*Flag Publ'ns, Inc. v. Google, LLC*, No. 1:21-cv-06871-PKC (S.D.N.Y.)<br><br>*Gale Force Media, LLC v. Google, LLC*, No. 1:21-cv-06909-PKC (S.D.N.Y.)<br><br>*Gould Enters., Inc. v. Google, LLC*, No. 1:22-cv-01705-PKC (S.D.N.Y.)<br><br>*HD Media Co., LLC v. Google, LLC*, No. 1:21-cv-06796-PKC (S.D.N.Y.)<br><br>*Journal Inc. v. Google, LLC*, No. 1:21-cv-06828-PKC (S.D.N.Y.)<br><br>*Neighborhood Newspapers, Inc. v. Google LLC*, | Case No. 1:20-cv-03010 (PKC)<br><br>**DECLARATION OF AMIT BHOJWANI IN SUPPORT OF META PLATFORMS, INC.'S RESPONSE IN SUPPORT OF NEWSPAPER PLAINTIFFS' MOTION TO SEAL** |

No. 1:21-cv-10188-PKC (S.D.N.Y.)

*Robinson Commc'ns, Inc. v. Google, LLC*, No. 1:21-cv-08032-PKC (S.D.N.Y.)

*Rome News Media, LLC v. Google LLC*, No. 1:21-cv-10186-PKC (S.D.N.Y.)

*Savannah Publ'g Co. v. Google, LLC*, No. 1:22-cv-01693-PKC (S.D.N.Y.)

*Something Extra Publ'g, Inc. v. Google, LLC*, No. 1:21-cv-09523-PKC (S.D.N.Y.)

*Southern Cmty. Newspapers, Inc. v. Google, LLC*, No. 1:22-cv-01971-PKC (S.D.N.Y.)

*Times Journal, Inc. v. Google LLC*, No. 1:21-cv-10187-PKC (S.D.N.Y.)

*Union City Daily Messenger, Inc. v. Google, LLC*, No. 1:22-cv-01704-PKC (S.D.N.Y.)

*Weakley Cnty. Press, Inc. v. Google, LLC*, No. 1:22-cv-01701-PKC (S.D.N.Y.)

I, Amit Bhojwani, hereby declare as follows:

1. I hold the position of Director, App Monetization, Partner Development at Meta Platforms, Inc. ("Meta"), where I have worked since October 2018. I am informed of, or have personal knowledge of, the statements made in this declaration. I submit this declaration in support of Meta's Response in Support of the Newspaper Plaintiffs' Motion to Seal (Dkt. No. 323).

2. I believe that the "take rate" referenced in Paragraphs 314 and 315 of the Newspaper Plaintiffs' Proposed Amended Complaint (Dkt. No. 329-1), which is alleged to have come from internal Facebook documents, would cause Meta competitive harm if publicly disclosed.

3. Audience Network's "take rate"—*i.e.*, the margin Audience Network retains on transactions that take place in Google's ad auctions (or any other external ad auction that Audience Network bids into)—is not publicly known. Meta protects the value of this type of commercially sensitive information internally and externally through general policies and practices designed to prevent the disclosure of details related to it. Current and former employees are not authorized to disclose this commercially sensitive information.

4. Like many other corporations, Meta protects its margins for competitive reasons. The disclosure of an alleged margin figure that the Newspaper Plaintiffs claim comes from internal Meta documents would, in my view, cause Meta competitive harm. By way of example, the disclosure of a figure that is alleged to reflect the Audience Network margin from internal Meta documents could be used by competing advertising networks in the competition for both advertisers and publisher ad impressions, directly hurting Meta's business, and if improperly used, also hurting the business of Meta's

publisher and advertiser customers. Disclosure of a figure that is alleged to reflect Audience Network's margin from internal Meta documents (while the margins of Audience Network's competitor ad networks remain confidential) could also impair Audience Network's relationships with publishers.

5.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 19, 2022, in Menlo Park, California.

*Amit Bhojwani*
Amit Bhojwani