

Via ECF

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T    +1 202 777 4500 (Switchboard)
      +1 202 777 4545 (Direct)
F    +1 202 507 5945
E    eric.mahr@freshfields.com
www.freshfields.com

October 21, 2022

**Re:**   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

      We write in compliance with the Court's Order of October 7, 2022. ECF No. 333. As ordered, Google is today filing a privilege log for the documents clawed back on August 10, 2022. Google is also filing a motion to seal only names and email addresses of Google employees appearing on that log.[1] While, of course, fully complying with the Court's October 7 Order, we take this opportunity to address briefly below a number of misstatements in Plaintiffs' pre-motion letter, ECF No. 331, to which Google has not had the opportunity to respond. No conference is scheduled.

      On August 10, 2022, Google clawed back 68 documents that were produced in the pre-suit investigative phase, which encompassed topics beyond ad tech related to Google's app store, Android partnerships, and Search (among other things). Plaintiffs demanded a privilege log, a list of all attorneys who worked at Google in the last 10 years, and an assessment as to which documents might be relevant to their claims.

      Following the Court's guidance from the April 19 conference,[2] Google told Plaintiffs that

---

[1] *See, e.g.*, ECF No. 194, at 2 (permitting redaction of names, titles, and contact details of Google employees from the Third Amended Complaint); ECF No. 250, at 1 (permitting redaction of names and titles of Google employees from Exhibit A to declaration in support of motion to dismiss the Third Amended Complaint).

[2] At the April 19, 2022 conference, Plaintiffs argued (unsuccessfully) that Investigation Materials should be "deemed produced" in the MDL and sought to impose an obligation on Google to provide privilege logs for materials produced during the pre-suit investigative phase. Ex. A at 7:15-25; 18:14-19:17. During the ensuing discussion the Court stated: "I don't think it's appropriate for the private plaintiffs to turn around and say, well, go back and look at what caused you to produce this to the state in the state investigative phase and tell me what you didn't produce to them because it was privileged." Ex. A at 19:13-17. The Court continued: "[I]f you want to frame a proper Rule 34 request . . . [that] sweeps in documents as to which the attorney/client privilege applies, . . . it may very well be fair and appropriate that Google produce a log." *Id*. at 19:18-22:2; *see also id*. at 22:3-12 ("So it seems

1

it would produce a privilege log for any of the 68 clawbacks responsive to properly propounded document requests issued in this MDL once discovery commences. Ex. B at 2.[3] Plaintiffs represented to the Court over a year ago that they were preparing those requests. ECF No. 141 at 1. To address any possible prejudice to Plaintiffs, Google also affirmed that it would not take the position that Plaintiffs had not promptly challenged these clawbacks. Ex. B at 2.

Plaintiffs then filed their pre-motion letter in which they assert that Google had issued untimely clawbacks[4] and had flatly refused to provide any information to Plaintiffs. ECF No. 331 at 2. Although not apparent from Plaintiffs' pre-motion letter, we told Plaintiffs that seeking to litigate privilege calls concerning documents without first ascertaining their relevance would be a waste of the Court's resources and contrary to Federal Rule of Civil Procedure 1. Ex. B.[5] Plaintiffs have not told us which of the 68 documents they believe to be relevant or which documents they intend to challenge.

We also take this opportunity to correct three other misstatements by Plaintiffs.

*First*, Plaintiffs' representation that Google has "misuse[d]" privilege based on newspaper articles and assertions in the *Search* case is improper. ECF No. 331 at 4. Plaintiffs failed to inform the Court that Judge Mehta found that most of Google's withheld documents were "clearly privileged," and that Google had acted in "good-faith" during the process. Case No. 1:20-cv-03010-APM, ECF No. 353 (D.D.C. May 12, 2022), Tr. at 60:12-62:7.

*Second*, Plaintiffs' suggestion that Google has tried to skirt its obligation to produce a privilege log for materials produced in discovery in the MDL, ECF No. 331 at 3, is false. Google committed in writing to doing exactly that. Ex. B.

*Third*, Plaintiffs falsely accused Google of representing to the Court that clawbacks would be accompanied by a privilege log prior to Rule 34 requests. ECF No. 331 at 4. But Google's counsel stated: "We're happy to do Rule 34 discovery when your Honor lifts the stay, and at that point if there's a privilege log required, then we would comply . . . at that point." Ex. A at 20:16-20. And this is consistent with Google's representation to Plaintiffs. Ex. B.

---

to me that this gets resolved with 'governed by the terms of this order.'").

[3] Plaintiffs' argument that a privilege log for clawbacks is required by Federal Rule of Civil Procedure 26(b)(5)(B) is the same "deemed produced" argument that the Court has previously rejected. *See* Ex. A at 20:11-22:12. That Rule is triggered only when information has been "produced in discovery." Fed. R. Civ. P. 26(b)(5)(B).

[4] Plaintiffs' assertion that Google's clawbacks were "untimely" is based on case law interpreting Federal Rule of Evidence 502(b) which explicitly does "not apply" here. ECF No. 297 at 15.

[5] Other courts have similarly held that reproduced investigative materials (or "cloned discovery") is not relevant unless also responsive to a tailored request. *See, e.g., Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2016 WL 6779901 at *1-*2, *4 (S.D.N.Y. Nov. 16, 2016) (cloned discovery irrelevant, disproportionate, and overbroad and plaintiffs directed to articulate specific relevance for documents sought).

* * *

Google has produced a log that identifies the basis of the privilege asserted (attorney-client privilege or attorney work product) and also provides a more detailed description of the privilege. Before filing this letter, Google informed Plaintiffs that it is no longer asserting privilege over one document that was withheld in its entirety, one email chain produced with limited redactions in different parts of the email thread, and three other documents produced with limited redactions.

Google is prepared to defend its privilege assertions but continues to believe that any privilege challenge should be limited to documents that are relevant to the issues in dispute and responsive to document requests issued in this MDL. Google reserves the right to make appropriate submissions regarding any documents that Plaintiffs seek to challenge.

Respectfully submitted,

*/s/* Eric Mahr
Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

CC:  All Counsel of Record (via ECF)