

**New York**
601 Lexington Avenue
31st Floor
New York, NY  10022
T +1 212 277-4000 (Switchboard)
   +1 212 284-4910 (Direct)
F +1 646 521-5710
E rob.mccallum@freshfields.com
www.freshfields.com

**Via Email**

Zeke DeRose III
Lanier Law Firm
10940 W Sam Houston Pkwy N
Suite 100
Houston, TX 77064

September 30, 2022

**Re:**   *In re Google Digital Advertising Antitrust Litigation*, **No. 1:21-md-03010 (PKC)**

Dear Zeke:

I write in response to your email of September 26, 2022 concerning Google's recent claw back of 68 documents (the "Clawbacks"). We ask that Plaintiffs reconsider their repeated threats to seek relief from the Court concerning the Clawbacks—without first ensuring their potential responsiveness to a discovery request in accordance with the Court's guidance—because doing so would be a waste of judicial resources.

At the April conference, the Court rejected Plaintiffs' various attempts to impose a requirement to provide a privilege log for documents originally produced in the state investigative phase (which include the Clawbacks). Instead, the Court ruled that a log would only be required to the extent that those documents are responsive to a properly propounded request for documents pursuant to Fed. R. Civ. P. 34.

Paragraph 12(c) of the Confidentiality Order does not require the production of a privilege log or additional information. We asked Plaintiffs to explain why logging of the Clawbacks should be handled other than as described by the Court at the April Conference. Plaintiffs agreed to address that question during the meet and confer process but have so far failed to do so. The purpose of Google's asking for Plaintiffs' position in writing was to seek clarity regarding that issue but your email ignores it entirely.

Federal Rule 26 does not support Plaintiffs' argument for the production of a privilege log or additional information here. The provisions upon which Plaintiffs rely are triggered only if the information is "produced in discovery," Fed. R. Civ. P. 26(b)(5)(B). Consistent with the Court's guidance, those provisions would only be triggered if the Clawbacks are responsive to properly

propounded document requests. And in any event, Google has complied with its obligations by giving notice of the Clawbacks and identifying the basis of the privilege asserted.[1]

We have repeatedly stated that, consistent with the Court's guidance, Google is prepared to produce a privilege log for the Clawbacks that are responsive to properly propounded Rule 34 requests. To address the only credible assertion of prejudice to Plaintiffs we have also repeatedly stated that, if Plaintiffs are willing to table this issue until the parties know whether these Clawbacks are in fact responsive, then Google would not take the position that Plaintiffs have failed to "promptly" challenge these Clawbacks within the meaning of Paragraph 12(c) of the Confidentiality Order. Although under no obligation to do so here or going forward, Google would also be prepared to point Plaintiffs to any of these 68 Clawbacks that appear in the eventual privilege log (again, assuming they are responsive) in order to avoid wasting the Court's time and resources with this dispute.

Plaintiffs' various requests for a privilege log or other additional information about documents that may have no relevance to the issues remaining in dispute are premature and are not intended to "secure the just, speedy, and inexpensive" resolution of the issues in dispute. *See* Fed. R. Civ. P. 1. Google remains prepared to produce a privilege log for relevant, responsive Clawbacks at the appropriate time and in accordance with the Court's guidance. Plaintiffs have consistently failed to explain why the parties should now deviate from that guidance.

Very truly yours,

/s/ Robert McCallum

Robert J. McCallum

cc: Justina Sessions
Vadim Egoul
Eric Brandon
Jason Zweig
Ted Maya
Stuart Davidson
Caitlin Coslett
George Zelcs
Eric Maier
Jordan Elias
Trevor Young
Thomas Ray
Serina Vash
John Thorne

---

[1] We have responded to Plaintiffs' various other arguments during the meet and confer process and do not repeat those responses here.