UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION

No. 21-MD-3010 (PKC)

*This Motion Relates To All Consolidated Cases*

**DEFENDANT GOOGLE LLC'S MEMORANDUM OF LAW  IN SUPPORT OF ITS
MOTION TO SEAL LIMITED PERSONAL INFORMATION IN EXHIBIT A TO THE
DECLARATION OF ROBERT J. MCCALLUM IN SUPPORT OF DEFENDANT
GOOGLE LLC'S MOTION TO SEAL LIMITED PERSONAL INFORMATION IN THE
OCTOBER 21, 2022 PRIVILEGE LOG**

FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555

WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Fax: (415) 947-2099

*Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC*

Pursuant to Rule 5 of this Court's Individual Practices and Rule 6.1(b) of the Local Civil Rules, Defendant Google LLC ("Google") respectfully requests that the Court maintain under seal limited personal information in the Privilege Log in Exhibit A to the Declaration of Robert J. McCallum in Support of Google LLC's Motion to Seal Limited Personal Information in the October 21, 2022 Privilege Log ("Privilege Log"). The version of the Privilege Log filed on the public docket contains narrowly tailored redactions to prevent disclosure of personal information that would significantly harm the privacy interests of Google employees.[1] The proposed redactions are highlighted within the version of the Privilege Log filed under seal.

## BACKGROUND

In accordance with the Court's October 7, 2022 order, No. 1:21-MD-3010 (PKC), ECF No. 333, Google is contemporaneously filing a Privilege Log that contains information regarding the contents, senders, and recipients of confidential internal Google documents.

The Privilege Log contains the names of numerous Google employees who sent, received, or are mentioned in descriptions of the logged documents. This personal information has not appeared on the public docket in this case. Google respectfully submits that limited redactions of personal details that have not been publicly disclosed in this case are necessary to protect the privacy interests of these individuals in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), and

---

[1] In accordance with the Court's prior orders, the version of the Privilege Log filed on the public docket redacts non-public personal information of Google employees. *See* No. 1:21-CV-3010 (PKC), ECF No. 147, at 9 (permitting redaction of names, titles, and contact details of Google employees from the Second Amended Complaint); 151, at 1 (permitting redaction of names, titles, and contact details of Facebook employees from the Second Amended Complaint); 186, at 2 (permitting redaction of names, titles, and contact details of Facebook employees from the Third Amended Complaint); 189, at 1 (clarifying that titles of Facebook senior executives need not be redacted from the Third Amended Complaint); 194, at 2 (permitting redaction of names, titles, and contact details of Google employees from the Third Amended Complaint); 250, at 1 (permitting redaction of names and titles of Google employees from Exhibit A to the Declaration of Andrew J. Ewalt in Support of Google's Motion to Dismiss the Third Amended Complaint).

the Court's previous orders on sealing limited personal information, including names and email addresses, in the Second Amended Complaint and Third Amended Complaint. *See supra* note 1.

## **ARGUMENT**

When evaluating motions to seal or redact information, Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors," including "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *See Lugosch*, 435 F.3d at 110; *see also United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050–51 (2d Cir. 1995). A court may issue a "narrowly-tailored" order based on "specific, on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124). The "privacy interests of innocent third parties . . . should weigh heavily" because public court records should not serve to "gratify private spite or promote public scandal." *Amodeo II*, 71 F.3d at 1050–51 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001).

As the Court previously recognized, "the names . . . and email addresses of Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." No. 1:21-CV-3010 (PKC), ECF No. 147, at 9. This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See, e.g.*, *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Valassis*

*Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction . . . is warranted").

      Google requests redaction of the names and email addresses of numerous Google employees. Those names and email addresses are the same type of personal information that the Court previously permitted the parties to redact from the Second Amended Complaint and the Third Amended Complaint. *See supra* note 1. The identities of these employees are not at issue in this dispute. If this personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment. Thus, on balance, the proposed redactions are necessary to protect the privacy interests of Google's employees and will not prevent the Court or the public from evaluating the relevant facts in this dispute.

## **CONCLUSION**

      For the foregoing reasons, Google respectfully requests that the Court maintain under seal limited personal information in the Privilege Log in Exhibit A to the Declaration of Robert J. McCallum in Support of Google LLC's Motion to Seal Limited Personal Information in the October 21, 2022 Privilege Log.

Dated: October 21, 2022              Respectfully Submitted,

                           /s/ *Eric Mahr*
                           Eric Mahr
                           FRESHFIELDS BRUCKHAUS
                           DERINGER US LLP
                           700 13th Street, NW
                           10th Floor
                           Washington, DC 20005
                           Telephone: (202) 777-4545
                           Email: eric.mahr@freshfields.com

                           Justina K. Sessions
                           WILSON SONSINI GOODRICH &
                           ROSATI

Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC*