# Keller | Postman

The Lanier Law Firm

November 3, 2022

**VIA ECF *and* FAX**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11D
New York, New York 10007

> **Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC); *State of Texas*, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)**

Dear Judge Castel:

We are counsel to plaintiffs Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota in connection with *State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841, a constituent case in the above-referenced MDL. Pursuant to Your Honor's Individual Practices 3(A)(iii)&(iv), on behalf of all State Plaintiffs, we write in response to Google's premature and unnecessary pre-motion letter (Doc. 357) seeking to file yet another motion to dismiss certain of the States' claims.[1] There is no conference scheduled at this time.

1.   *A brief history of the relevant proceedings.*

Since the outset of this MDL, the Court has viewed the most efficient path forward to be the resolution of the pleadings with respect to the federal antitrust claims and staying the state law claims. Indeed, in relevant part, Pre-Trial Order No. 1 stated "[t]he Court anticipates staying all briefing on purely state law claims in both the state case and the private cases until a later juncture, assuming some portion of the federal claims survive." Doc. 4, at ¶ 11. On September 24, 2021, shortly after the issuance of PTO1, the Court held an initial case management conference at which the Court reiterated that proceedings with respect to the state law claims will be stayed. *See*, *e.g.,* 9/24/21 Tr. 12:19-23 ("As I indicated in, I think, pretrial order No. 1, I likely will continue a stay as to state claims … You're dealing with one judge, one chambers, and I could be a bottleneck if I were trying to resolve every pleading in every case and every state law claim. Let's find out whether we have a federal antitrust claim before we get into the state law claim.")

Consistent with the Court's rulings and pronouncements concerning a stay of state law claims, on November 12, 2021, the States filed a Third Amended Complaint (*TAC*) which contained revised federal antitrust allegations and claims. So as not to run afoul of this Court's stay of the state law claims, the States intentionally refrained from materially revising their state law claims.

---

[1]    Google did not seek to meet and confer prior to filing its pre-motion letter.

The Honorable P. Kevin Castel
November 3, 2022
Page 2

On January 21, 2022, Google filed a motion to dismiss Counts I-IV[2] of the *TAC*. Doc. 217. On September 13, 2022, the Court largely denied Google's motion to dismiss Counts I-IV of the States' *TAC*. Doc. 308. Even as to some of the federal antitrust claims that the Court held were inadequately pled, the Court suggested that those claims may allege deception. *See, e.g.*, Doc. 308, at pp. 59-61 (describing how Reserve Price Optimization misled publishers and advertisers). On September 14, the Court then issued Pre-Trial Order No. 2. Doc. 309. Paragraphs one and two of PTO2 provided a process for any "Class Action" or "individual plaintiff" to amend their complaint. It did not appear that the terms "Class Action" and "individual plaintiff" in PTO2 referred to the States. Paragraph 4 of PTO2 further provided that, "[i]f no amendment is sought by a plaintiff, defendant or defendants shall answer the complaint or submit a pre-motion letter within 30  days." As opposed to paragraphs one and two of PTO2, paragraph four referred to plaintiffs broadly. The States understood paragraph four to mean that if the States didn't plan to amend, then Google would have to answer the *TAC* within 30 days, since they had already moved to dismiss the States' *TAC*.

With that understanding, on September 28, the States emailed Google's counsel stating "I wish to inform you that the State Plaintiffs will not be seeking to amend their complaint at this time pursuant to Pretrial Order No. 2. We look forward to receiving Google's answer in 30 days and our anticipated discussions regarding the Case Management Plan. Thanks."[3] The very next day, Google responded and simply stated, "[t]hank you for letting us know." On October 28, rather than filing its answer to the *TAC*, Google filed its pre-motion letter. On October 31, the States wrote to Google and advised them that it is the States' position that Google is in default with respect to its answer.

2.   *Google's pre-motion letter is both premature, and also requests to engage in unnecessary motion practice.*

Google's pre-motion letter is premature in so far as it seeks to deviate from the Court's process with respect to the plaintiffs' federal antitrust claims. The Court has been clear that the first order of business in this MDL is to settle the pleadings with regard to the federal antitrust claims. Although the States' federal antitrust claims remain largely intact, there is now motion practice with respect to the private plaintiffs' complaint amendments, some of which are non-conforming.[4] Therefore, the playing field with respect to the federal antitrust claims remains fluid. So, although the States are eager to press forward with their DTPA claims, it doesn't appear that the Court's process contemplates motion practice on the States' DTPA claims at this time.

Google's pre-motion letter also seeks leave to engage in unnecessary motion practice. For example, Google seeks to dismiss those portions of the States' state law antitrust claims which mirror the federal antitrust claims that the Court has dismissed. This appears to be a waste of

---

[2]    Counts I-IV of the *TAC* contained the States' federal antitrust claims.

[3]    Google's pre-motion letter quoted this communication, but left out the second sentence concerning Google's answer. *See* Doc. 357, at fn 1.

[4]    None of the private plaintiffs have sought to add DTPA claims from any state which is a State Plaintiff.

The Honorable P. Kevin Castel
November 3, 2022
Page 3

time and resources. The States have no present intention on arguing that they possess viable state antitrust claims based on the federal antitrust claims that the Court has already dismissed. Further, if the Court does revive federal antitrust claims in connection with the motion practice directed to the private plaintiffs' complaints, the States would likely seek leave to file a conforming amendment to their complaint to include such revived claims. Therefore, engaging in motion practice now that is directed to the States' state antitrust claims could result in wasted effort.

   3.  *In the event the Court were inclined to grant Google leave to file a motion to dismiss, the States request leave to amend their TAC to address the arguments Google made in its October 28 pre-motion letter.*

The State Plaintiffs have not yet had an opportunity to amend their DTPA allegations, and the States intentionally refrained from amending those allegations in connection with the *TAC* so as not to run afoul of the Court-ordered stay of state law claims.[5] Therefore, to the extent the Court were inclined to allow Google to file a motion to dismiss, the States respectfully request that they first be permitted to file an amended complaint largely amending their DTPA claims so they may put their best foot forward with respect to those claims.

Amending the States' DTPA claims is a significantly more complicated task than amending federal antitrust claims, however, since the federal antitrust claims are common across all States. As to the DTPA claims, there are 17 sovereigns which need to be involved in any amendment of state law claims, and there are variations between the different DTPAs which need to be accounted for in any amendment. Therefore, if the Court is inclined to grant the States leave to amend their DTPA claims,[6] the States respectfully request that they be permitted to meet and confer with Google concerning an appropriate schedule concerning the filing of an amended complaint and associated motion practice.

   4.  *Regardless of Google's pre-motion letter, or complaint amendments the States may make to their DTPA claims, discovery should commence in this matter.*

Regardless of the resolution of Google's pre-motion letter, discovery should proceed. At the September 24, 2021 case management conference, the Court stated "[w]ith regard to discovery I will say this. My present thinking is that if I find that one or more of the claims in the complaint states a claim for relief, the antitrust claims, I will likely allow discovery to commence. I will not wait for the briefing on the various motions to dismiss. If I have a pleading, the state pleading, that passes muster, that gives me the confidence that there will be other pleadings that pass muster." 9/24/21 Tr. 12:24-13:6. The States' case, which is nearly two years old (with some of the private actions even older), has now passed muster, and discovery should commence forthwith.

---

[5]   The States' First and Second Amended Complaints were done largely to add additional state plaintiffs states who joined the coalition following the filing of the initial complaint in December 2020.

[6]   To the extent necessary, the States would also seek to clean up any allegations regarding remedies that Google identified in its October 28 pre-motion letter.

The Honorable P. Kevin Castel
November 3, 2022
Page 4

We are available to answer any questions the Court may have.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerpostman.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerpostman.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerpostman.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4100 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerpostman.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER POSTMAN LLC |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

CC: Counsel of Record