

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T +1 202 777 4500 (Switchboard)
   +1 202 777 4545 (Direct)
F +1 202 507 5945
E eric.mahr@freshfields.com
www.freshfields.com

November 4, 2022

**Re:** *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

    Defendant Google LLC ("Google") respectfully submits this brief response to State Plaintiffs' letter dated November 3, 2022. ECF No. 362. No conference is scheduled.

    In Pre-Trial Order No. 1, ECF No. 4, this Court set up a detailed process leading to the filing of State Plaintiffs' Third Amended Complaint. ECF No. 195 (the "TAC"). The Court's process was designed to ensure that State Plaintiffs' TAC would be their "strongest and best pleading . . . so that we don't have this tennis match of rulings on motions followed by amendments followed by further motions and further rulings, etc."[1] State Plaintiffs clearly understood this, having twice represented to the Court in October 2021 that they were "finaliz[ing] a ***comprehensive*** Third Amended Complaint in consultation with the other interested plaintiffs." ECF No. 154 at 2 (quoting ECF No. 141 at 2) (emphasis added). Following the process it set up, the Court then ruled on Google's motion to dismiss the TAC's federal antitrust claims. ECF No. 308. State Plaintiffs informed Google on September 28, 2022, that they did not intend to amend the TAC further—a statement that they in no way limited to their federal antitrust claims. ECF No. 362 at 2. Accordingly, Google filed a pre-motion letter seeking leave to file a motion to dismiss addressing the remaining state law claims in the TAC. ECF No. 357. Against this background, State Plaintiffs now inform the Court that they "intentionally refrained from materially revising their state law claims," ECF No. 362 at 1, and that they view the "playing field with respect to the federal antitrust claims" to be "fluid," *id.*, at 2. The Court should reject State Plaintiffs' attempt to file yet another amended complaint in this matter and, instead, should permit Google to file its motion to dismiss State Plaintiffs' remaining state law claims.

---

[1] September 24, 2021 Hearing Tr. ("Hearing Tr."), ECF No. 142, at 11:4-10.

State Plaintiffs' view of the "fluidity" of the pleadings in this litigation is completely at odds with the Court's efforts to move the litigation forward. The Court's Pre-Trial Orders Nos. 2 and 3 establish a framework and timetable for the submission of amended pleadings. Paragraph 4 of PTO-2 very clearly states that "[i]f no amendment is sought by a plaintiff, defendant or defendants shall answer the complaint *or submit a pre-motion letter* within 30 days." ECF No. 309 (emphasis added). Expressly invoking PTO-2, State Plaintiffs informed Google on September 28 that they would not be amending their TAC. In response, Google filed a pre-motion letter as PTO-2 provides. Rather than simply following PTO-2 and the Court's Individual Practices, State Plaintiffs now ask the Court to rule that Google does not have the option of submitting a pre-motion letter under the above-quoted sentence from Paragraph 4 of PTO-2, but instead must answer the TAC. State Plaintiffs' position contradicts the clear language of PTO-2 and should be rejected out of hand.

State Plaintiffs push the envelope even further by suggesting that Google is somehow in default for filing a pre-motion letter instead of answering. Google is not in default. It is nonsensical for State Plaintiffs to assert that, contrary to the express language of PTO-2, Google is compelled to answer a TAC that State Plaintiffs simultaneously claim is not really their "strongest and best pleading," but must be amended a *fourth* time. In addition, Your Honor's Individual Practices make clear that Google's filing a pre-motion letter instead of answering does not subject it to default. To the contrary, those Practices provide that the "transmittal of a Pre-Motion Letter for a proposed motion under Rule 12(b), Fed. R. Civ. P. stays the time to answer or move until further Order of the Court."[2] Indeed, "it is the majority rule among courts in the Second Circuit that 'the filing of any motion under Rule 12 postpones a defendant's time to answer.'" *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 343 F. Supp. 3d 94, 98 (E.D.N.Y. 2018) (quoting *Dekom v. New York*, 2013 WL 3095010, at *5 (E.D.N.Y. June 18, 2013) (holding that "timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b) precludes entry of default" even if it is a partial motion to dismiss)). "If the opposite rule controlled . . . the result would be a procedural thicket of piecemeal answers that would poorly serve judicial economy." *Id.* (quoting *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009)).

Finally, State Plaintiffs seek yet another opportunity to "put their best foot forward with respect to" their state law claims. ECF No. 362 at 3. Google opposes that request: Although State Plaintiffs assert they "have not yet had an opportunity to amend their DTPA allegations," *id.*, PTO-1 established a process for them to put their strongest and best pleading before the Court. The TAC is the fourth iteration of State Plaintiffs' complaint, and they declined to further amend even when they apparently understood PTO-2 to give them another opportunity to do so. Google is entitled to know the scope of the claims it is facing and the issues that will be relevant to discovery. Rather than submitting piecemeal answers, the time is ripe to resolve Google's motion to dismiss State Plaintiffs' state law claims in accordance with the Court's processes. Following motion practice, Google would then respond to all surviving claims, state and federal, in a single answer. State Plaintiffs cite no authority in support of its position that Google should be required to file a

---

[2] In addition, State Plaintiffs have accused Google of failing to meet and confer in advance of filing its pre-motion letter. ECF No. 362 at 1 n.1. But there is no meet and confer requirement with respect to dispositive motions. Google appropriately sought leave to file a motion to dismiss via pre-motion letter, pursuant to Rule 3(A) of Your Honor's Individual Practices.

partial answer when Google has not yet exercised its right to seek dismissal of the state law claims pursuant to Federal Rule of Civil Procedure 12.

      For all these reasons, Google respectfully requests that the Court permit Google to file a motion to dismiss State Plaintiffs' remaining state law claims.

      Respectfully submitted,

*/s/ Eric Mahr*
Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendant Google LLC*

CC: All Counsel of Record (via ECF)