

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T +1 202 777 4500 (Switchboard)
   +1 202 777 4545 (Direct)
F +1 202 507 5945
E eric.mahr@freshfields.com
www.freshfields.com

November 7, 2022

Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

Defendants Google LLC, Alphabet Inc., and YouTube LLC (collectively "Google") respectfully submit this letter in response to Plaintiffs' proposed Case Management Plan and Scheduling Order. ECF No. 358. Google's proposed Scheduling Order is attached hereto as Exhibit A, and a redline of Google's proposed Scheduling Order against Plaintiffs' proposed Scheduling Order is attached hereto as Exhibit B. Pursuant to Your Honor's Individual Practices, we note that there is no conference scheduled at this time.

As an initial matter, we note that State Plaintiffs revealed for the first time last week that they do not intend for their Third Amended Complaint ("TAC") to be the operative complaint that the Court and the parties can use to assess the bounds of permissible discovery. *See* ECF No. 362; *see also* Fed. R. Civ. P. 26(b)(1) (authorizing discovery into "any nonprivileged matter that is relevant to any party's *claim* or defense and proportional to the needs of the case") (emphasis added). Until last week, Google was under the impression that the State Plaintiffs had put their strongest and best pleading before the Court, having previously represented it to be "comprehensive" and as "complete as possible." ECF No. 141. On that basis, Google participated in multiple meet-and-confer sessions and exchanged multiple draft Scheduling Orders with Plaintiffs, as the Court instructed. ECF No. 309 ¶ 5. Throughout that process, Google was open to agreeing that discovery would commence soon after entry of a Scheduling Order because it seemed that the claims in the TAC, as limited by the Court's opinion addressing Google's motion to dismiss (ECF No. 308), would govern the scope of discovery in at least the State Plaintiffs' case and the Court previously signaled its intention for discovery to begin. ECF No. 142 at Tr. 12:24-13:9.

But State Plaintiffs have now informed the Court that the purportedly "comprehensive" TAC still needs to be "clean[ed] up," ECF No. 362 at 3 n.6, and that they seek another opportunity to "put their best foot forward," *id.* at 3. If State Plaintiffs are permitted to file a motion to amend their pleadings for the fourth time, then Google would respectfully request that the Court keep the stay of discovery in place and refrain from entering any Scheduling Order until after that motion has been resolved and Google has had an opportunity to update its proposed Scheduling Order in light of the allegations included in the operative complaint. On the other hand, if the Court holds State Plaintiffs to their TAC, then Google would

respectfully request that the Court enter its proposed Scheduling Order (Ex. A), rather than the order submitted by Plaintiffs.

Like their approach to pleading, Plaintiffs' proposed Scheduling Order overcomplicates what should be a more straightforward exercise, smacks of gamesmanship, and should be rejected by the Court. Despite having had more than a year to prepare their discovery requests, ECF No. 141 at 1, Plaintiffs have yet to serve any early Rule 34 requests and yet propose that Google complete its productions in just *6 months*, while exempting certain Plaintiffs from *any* discovery. Plaintiffs' six-month deadline is especially unreasonable given that the proper scope of discovery cannot be determined in any of Plaintiffs' cases, now that they are all in the process of amending their claims and Google is seeking to dismiss at least parts of all of their complaints. ECF Nos. 357, 367. Plaintiffs already have the benefit of more than two million documents that Google originally produced during State Plaintiffs' 18-month pre-suit investigation of Google, and they now seek to prejudice Google's ability to defend itself by constraining fact discovery to just 15 months. Unlike Plaintiffs, Google has not yet been able to propound any discovery. As the JPML observed, discovery in the State Plaintiffs' action alone "is likely to be voluminous and complex" and third party discovery will likely be "significant."[1]

Despite the Court's Order not to do so, Plaintiffs propose larding up the Scheduling Order with a slew of provisions that need not and should not be included, such as deadlines for finalizing a stipulation to which the parties have already agreed in principle, selection of a few "bellwether" Plaintiffs (and discovery exemptions for many other Plaintiffs), "category-specific" interrogatories with no basis under the Federal Rules, monthly case management conferences (which Plaintiffs concede are for their own benefit and will likely be canceled), and a timeframe for a trial which may never occur. *See* ECF No. 309 ¶ 6 (instructing that the Scheduling Order "need not and should not provide for every contingency").

Google's Scheduling Order, by contrast, is streamlined, fair, and comports with the Federal Rules and Pre-Trial Order ("PTO") No. 2. Consistent with Federal Rule of Civil Procedure 23, Google proposes that class certification be briefed at "an early practicable time," i.e., prior to the conclusion of fact discovery. Fed. R. Civ. P. 23(c)(1)(A); *see* Ex. A ¶ 8. Google also proposes 24 months for fact discovery, which is comparable with other cases of this magnitude and complexity, and affords Google a fair opportunity to take discovery and mount its defense. Ex. A ¶ 5. And Google's Scheduling Order does not seek to address unnecessary contingencies.

**Paragraph 1 (Complaint Amendments)**

There is no dispute regarding the first two categories of permissible amendments in Paragraph 1. But there is a disputed third category in which Plaintiffs propose that they be allowed to amend their complaints "as permitted under Rule 15(a)(1)," ECF No. 358-1 ¶ 1, and claim an "absolute" right to amend once as a matter of course, ECF No. 358 at 1. Google's proposal provides for Plaintiffs to amend their complaints with leave of Court, but its proposal does not reference Rule 15(a)(1) because the Court's prior orders override that default.

Plaintiffs concede that the Court has the power to "limit the *time* for amendment." ECF No. 358 at 2. In PTO Nos. 2 and 3, the Court did just that, establishing a procedure for

---

[1] *In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1375, 1378 (J.P.M.L. 2021).

![Freshfields Bruckhaus Deringer US LLP]

amending complaints, and providing a deadline for such amendments.  ECF No. 309 ¶ 1 ("Any Class Action . . . or any individual plaintiff . . . may within 21 days submit a proposed amended pleading"); ECF No. 311 ¶ 1 (setting same schedule for "Any Individual Action").

Some Plaintiffs chose not to avail themselves of the opportunity to amend per the schedule established by the Court and instead seek to reserve the ability to amend in the future "as of right."  Consistent with the Court's guidance,[2] having failed to amend by the deadline set by the Court, those Plaintiffs must now seek the Court's leave to amend.  The Second Circuit has held that the period to amend as of right under Federal Rule 15(a)(1) ends "upon expiration of a specified period in a scheduling order."  *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022).  While it "is still possible for the plaintiff to amend the complaint after such a deadline, . . . the plaintiff may do so only upon a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)."  *Id.*[3]

**Paragraph 2 (Stipulation Deadlines)**

There is no dispute that the parties will meet and confer about all items set forth in Rule 26(f)(2) and 26(f)(3) by November 14, 2022.  But Plaintiffs propose to go further and require the parties to submit proposed ESI Orders and expert stipulations by the same date.  Those additional requirements are unnecessary because Google already has finalized drafts of both documents.

Google submitted to Plaintiffs a proposed ESI Order *over four months ago*, but Plaintiffs have insisted on scores of changes to what should be a simple order.  In September 2021, the Court ordered Plaintiffs to coordinate the drafting of an ESI Order, ECF No. 129, and Plaintiffs then represented to the Court that they were "consolidating comments" on their proposed ESI Order.  ECF No. 141 at 1.  *Seven months* after being ordered to coordinate, Plaintiffs provided a first draft which, at almost 50 pages, was untethered to the Federal Rules and completely unworkable.  *See* Ex. C.  After coordinating with Meta, Google provided to Plaintiffs, on July 1, 2022, a simple and streamlined draft ESI Order based on one entered by a federal judge in a recent antitrust case brought by the Federal Trade Commission.[4]  Ex. D (cover letter); Ex. E (Defendants' proposed ESI Order).

After two more months went by, Plaintiffs responded to Defendants' July 1 proposal by proposing *more than 60* further changes.  On October 14, 2022, Google offered a path

---

[2] At the September 24, 2021 conference, the Court stated: "[o]ther plaintiffs -- in class actions, in individual actions -- will have time to seek an amendment, not a lot of time but time after you have in hand a decision on the motion to dismiss in the state case, to then say, Well, gee, I want to amend to add an allegation that was upheld in the state case, or the like. So you'll have a chance. . . . That's the process. So what I envision is 21 days after the decision on the motion to dismiss, there will be an opportunity for amendments and when I say amendments, move to amend. I'll have you submit a proposed pleading so everybody knows what the amendment is." ECF No. 142 at Tr. 11:22-12:14.

[3] *See also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 3256871, at *2 (S.D.N.Y. June 16, 2020) ("[A] court-ordered schedule 'may be modified only for good cause and with the judge's consent. When a scheduling order has been entered which has restricted a party's ability to file an amended complaint, Rule 15's liberal standard must be balanced against the more stringent standard of Rule 16, under which such an order 'may be modified only for good cause.'" (internal quotation marks and citations omitted)), *aff'd*, 336 F.R.D. 400 (S.D.N.Y. 2020).

[4] *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590 (D.D.C. Mar. 8, 2022), ECF No. 108.

forward in the negotiations that addressed what Plaintiffs had identified as their top priorities, but would have required compromise by both sides. Ex. F at 3-4. Google also gave detailed explanations for its positions regarding the preservation of seven specific categories of ESI and asked Plaintiffs to explain their position if they disagreed. *Id*. at 2-3. And Google informed Plaintiffs that Google was prepared to submit Defendants' July 1 proposal to the Court if Plaintiffs refused to compromise and continued to demand dozens of further changes in their favor. *Id.* at 4.

Plaintiffs told Google that they would provide a response to Google's proposed ESI Order by October 28, but then failed to do so. A week later, on the afternoon of Friday, November 4, Plaintiffs provided a partial response (subject to approval by some Plaintiffs) in which they again rejected or challenged all of Google's proportionality proposals, suggested more than 20 further changes, failed to answer any of Google's questions, and posed more than 20 further questions largely pertaining to provisions that Google had introduced over four months ago. Plaintiffs did not respond to Google's compromise proposal, provide a counterproposal, or address any of the matters raised in Google's October 14 letter.

After dragging their feet for months, Plaintiffs now claim that "these negotiations could continue indefinitely" unless the Court orders the parties to submit proposed ESI Orders by November 14. ECF No. 358 at 2. Yet Plaintiffs have been the cause of these protracted negotiations, not Google. Google has been clear for weeks that, unless Plaintiffs were willing to negotiate a meaningful compromise, it would be prepared to submit to the Court the proposed ESI Order that it provided to the Plaintiffs on July 1 and that is attached hereto as Exhibit E.[5] Plaintiffs have failed to budge and indeed do not even have a currently pending proposal.

As to the expert stipulation, the parties have reached agreement in principle: on October 28, 2022, Google provided Plaintiffs with a stipulation that Google would be prepared to submit to the Court for approval if the Court enters a Scheduling Order that provides Google with 90 days to respond to Plaintiffs' expert reports (as both Plaintiffs' and Google's proposed Scheduling Orders would do). Because the finalization of the stipulation is contingent on the schedule ordered by this Court, Google's proposal does not include a deadline for the expert stipulation.

**Paragraph 3 (Beginning of Discovery)**

As this Court instructed in PTO-2, Google engaged in negotiations with Plaintiffs regarding a Scheduling Order under the assumption that State Plaintiffs' Third Amended Complaint was their "strongest and best pleading."[6] But State Plaintiffs now seek to amend their complaint for a *fourth* time and so all Plaintiffs are in the process of amending their complaints. That makes it nearly impossible for the parties and the Court to determine the scope of discovery. Accordingly, Google submits that discovery should be stayed until at least

---

[5] Google's October 14 letter stated: "We outline below a proposed compromise that addresses Google's primary concerns in exchange for what we understand to be Plaintiffs' primary concerns (as well as many of Plaintiffs' proposed "technical edits"). If Plaintiffs will agree to appropriate limitations on the scope of discoverable ESI grounded in principles of proportionality, then Google will agree to the changes outlined below and reflected in the enclosed redline. But if Plaintiffs continue to reject any and all changes proposed by Google then Google is prepared to submit Defendants' July 1 Draft to the Court." Ex. F at 1.

[6] ECF No. 142 at Tr. 11:4-5.

the State Plaintiffs' complaint has been finalized and Google has had an opportunity to consider whether any changes to the operative pleading should affect the Scheduling Order.

Google proposes that most discovery could proceed soon after entry of the Scheduling Order, but that discovery directed at (or exclusively related to) certain narrow topics would remain stayed. Ex. A ¶ 3. More specifically, Google's proposal would not allow Plaintiffs immediately to commence discovery into topics that the Court has already rejected as bases for antitrust liability: Google's Network Bidding Agreement with Facebook; encryption of user IDs; Reserve Price Optimization; Exchange Bidding; and Accelerated Mobile Pages.[7] Nor would Plaintiffs be permitted to conduct discovery concerning Google's Search business, an area that the Court has not held to state a claim and that is far removed from the core allegations in this case.

By contrast, Plaintiffs' proposal ignores the Court's guidance and would allow discovery into every issue—including those that the Court found not to state plausible antitrust claims—as soon as fact discovery begins. Plaintiffs point out that, under their proposal, Google could assert relevance objections and litigate them before Your Honor, ECF No. 358 at 4, but it would be much simpler and more efficient for discovery to be limited to what the Court already has identified as plausible claims, as Google proposes. Plaintiffs also contend that Google should be subjected to discovery into irrelevant matters because it does not oppose their motions to file amended complaints, *id.*, but they ignore that Google informed the Court that it would be seeking leave to challenge the sufficiency of those pleadings through motions to dismiss. ECF No. 354. On November 4, Google filed its pre-motion letter. ECF No. 367.

### Paragraph 4 (Initial Disclosures)

There are no disputes on this paragraph.

### Paragraph 5 (Fact Discovery Period)

Google proposes a 24-month period for fact discovery in this sprawling and complex matter. Ex. A ¶ 5. Plaintiffs include sixteen states and Puerto Rico, Advertiser Class Plaintiffs, Publisher Class Plaintiffs, and 70 individual non-class Plaintiffs. Their claims are sweeping in scope, encompassing federal antitrust claims, as well as a multitude of different state antitrust and consumer protection claims. Even after the Court's motion to dismiss ruling, State Plaintiffs' remaining antitrust claims alone involve more than a dozen distinct types of conduct allegedly affecting at least four separate alleged markets over the course of more than a decade. The JPML correctly observed that discovery in the State Plaintiffs' action alone "is likely to be voluminous and complex,"[8] and this MDL includes dozens of additional private actions, including many raising unique claims implicating other alleged markets as well.

Google's 24-month proposal is in line with the periods ordered for fact discovery in similar (and less complex) cases:

- In *Sullivan v. Barclays PLC*, Your Honor permitted **approximately 20 months** of fact discovery in an antitrust class action arguably less complex than this MDL. *Sullivan*

---

[7] ECF No. 308 at 20-34 (Network Bidding Agreement with Facebook), 40-44 (encryption of user IDs), 57-64 (Reserve Price Optimization and Exchange Bidding), 70-72 (Accelerated Mobile Pages).

[8] *In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1378 (J.P.M.L. 2021).

concerned one consolidated class action by private plaintiffs alleging price-fixing and market manipulation in a single market. Scheduling Order, No. 13-cv-2811 (S.D.N.Y. Apr. 10, 2017), ECF No. 337 ¶ 5 (attached as Exhibit G) (setting close of fact discovery approximately 20 months from the entry of the order).

- In *In re American Express Anti-Steering Rules Antitrust Litigation*, the court permitted **20 months** of fact discovery in an MDL involving the U.S. government, state attorneys general, and private plaintiffs. Amended Scheduling Order, No. 11-md-2221 (E.D.N.Y. Dec. 18, 2012), ECF No. 224 at 1-2 (attached as Exhibit H) (initial disclosures completed by April 14, 2011, fact discovery to close December 21, 2012).

- In *In re Google Play Store Antitrust Litigation*, discovery lasted **over 21 months** from the earliest document requests until close of fact discovery. Joint Case Management Statement, No. 21-md-2981 (N.D. Cal. Mar. 25, 2021), ECF No. 11 at 4-5 (attached as Exhibit I) (describing November 9, 2020 requests for production); Amended MDL Scheduling Order, ECF No. 191 at 2 (attached as Exhibit J) (setting close of fact discovery at August 12, 2022).

- In *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*, a price-fixing MDL with two indirect purchaser classes and two direct action plaintiffs, fact discovery ran from May 14, 2020 to October 21, 2022, i.e., **approximately 29 months**. Order re: Lifting of Discovery Stay and Coordination of Discovery and Discovery Limits, No. 19-md-2918 (N.D. Cal. May 14, 2020), ECF No. 213 at 3 (attached as Exhibit K) (lifting discovery stay on May 14, 2020); Amended Order re Case Schedule, ECF No. 503 ¶ 1 (attached as Exhibit L) (setting close of fact discovery at October 21, 2022).

- In *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, fact discovery is set to last **46 months** in an MDL brought by attorney generals from 48 states, Puerto Rico, and the District of Columbia, as well as classes of private plaintiffs and direct action plaintiffs. Pretrial Order No. 96, No. 2:16-md-02724-CMR (E.D. Pa. July 12, 2019), ECF No. 1046 ¶ 3 (attached as Exhibit M) (opening discovery July 12, 2019); Pretrial Order No. 217, ECF No. 2244 ¶ 1 (attached as Exhibit N) (ordering discovery to close June 1, 2023).

Plaintiffs propose that fact discovery be completed in just 15 months. ECF No. 358-1 ¶ 5. In support of that figure, they note that Judge Jordan ordered a 13.5-month period for fact discovery in the State Plaintiffs' case before it was transferred to this Court and that a 15-month period was initially[9] entered in the Google Search case. ECF No. 358 at 4. But both matters were government actions that did not involve the complexities and additional discovery required in private class action litigation like the ones consolidated in this MDL.[10]

Plaintiffs may be content with 15 months for post-complaint fact discovery because they have already benefited from the State Plaintiffs' 18-month pre-complaint investigation and access to roughly two million documents that Google produced many months ago. *See*

---

[9] That period was later extended to approximately 17 months. Order, *United States v. Google*, No. 1:20-cv-03010 (D.D.C. Dec. 6, 2021), ECF No. 263 at 1.

[10] Moreover, Plaintiffs implicitly conceded that 18 months would be a reasonable period for fact discovery when they proposed that period during negotiations over the Scheduling Order. Email from Jason Zweig, October 23, 2022 (attached as Exhibit O).

Freshfields Bruckhaus Deringer US LLP

ECF No. 244.  Google, on the other hand, has yet to propound any discovery.  In addition to seeking discovery from all 92 Plaintiffs, Google anticipates sending subpoenas to a significant number of third-party customers and competitors in each of Plaintiffs' alleged relevant markets.  Negotiation of these subpoenas will take a substantial amount of time, and third party discovery likely will take longer to complete than party discovery.  Indeed, State Plaintiffs represented to the JPML that they "took over 50 statements, equivalent to depositions," from third parties over the course of their 18-month investigation prior to filing suit.[11]  *See also In re Interest Rate Swaps Antitrust Litig.*, 2019 WL 1147149, at *26 (S.D.N.Y. Mar. 13, 2019) (recognizing defendant's "right to pursue . . . third party document discovery, data, and depositions" and noting that such third-party discovery "is apt to be substantial and time-consuming").

**Paragraph 6.1 (Substantial Completion of Fact Discovery)**

The Court should reject Plaintiffs' proposal that, by 6 months after the start of fact discovery, the parties would "substantially complete production of documents including data responsive to document requests served within the first 30 days of discovery."  ECF No. 358-1 ¶ 6.1.  Indeed, achieving "substantial completion" in that timeframe seems impossible given the apparent fluidity of the pleadings (and thus the proper scope of discovery).

Although not required by the Federal Rules, some courts have imposed substantial completion deadlines that are calibrated to the overall period of fact discovery and anchored much closer to the end of fact discovery than the beginning.  *See e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 1:14-md-02542, (S.D.N.Y.) ECF No. 354-1 at 3, 379 at 4 (adopting order for substantial completion "in response to the initial Requests for Production" to be "completed no later than ninety (90) days before the close of fact discovery").[12]

Consistent with those approaches, Google proposes a "substantial completion" deadline of 15 months from the beginning of fact discovery (which might be 14 months after service of initial document requests).  Ex. A ¶ 6.1.  A substantial completion deadline of 15 months would leave approximately 9 months of a 24-month fact discovery period for remaining party document discovery and depositions and third-party discovery.  That should provide all parties with an adequate opportunity to develop the factual record necessary to resolve this complex MDL within the overall fact discovery period.

Plaintiffs do not cite any orders that would support their version of a fast-tracked substantial completion deadline of just 6 months from the beginning of fact discovery.[13]  Such

---

[11] Transcript of Oral Argument, *In re Digital Advertising Antitrust Litig.*, MDL No. 3010 (J.P.M.L. Jul. 29, 2021), ECF No. 110 at 25:7-8.

[12] *See also In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.), ECF Nos. 289 at 2-3, 658 at 4 (discovery commenced prior to the court's scheduling order such that the substantial completion deadline was nearly 34 months from when plaintiffs served initial Rule 34 requests); *In re Cattle and Beef Antitrust Litig.*, No. 20-cv-01319 (D. Minn.), ECF Nos. 628 at 3, 72 at 5 (scheduling order called for substantial completion deadline of approximately 29 months from when both sides filed initial Rule 34 requests in September of 2020).

[13] Although Plaintiffs cite *In re Interest Rate Swaps* and *Fort Worth Emps. Retirement Fund v. J.P. Morgan Chase & Co.*, *see* ECF No. 358 at 5, the court in *Interest Rate Swaps* ordered an 11-month substantial completion deadline—nearly double the time Plaintiffs propose here—at the same time that it permitted more time for fact discovery (17 months) than Plaintiffs propose for this case.  Civil Case Management Plan and Scheduling Order, No. 16-md-2704 (S.D.N.Y. Aug. 28, 2017), ECF No. 250 at 1.  And in *Fort Worth*, the parties had 32 months to substantially complete fact discovery.  Scheduling Order, No. 1:09-cv-03701 (S.D.N.Y. Sept. 9, 2011), ECF No.

a short deadline would be especially inappropriate here because Plaintiffs have refused to provide any specifics about the breadth of the discovery they plan to seek from Google, making only vaguely ominous references during meet-and-confer sessions to initial document requests that they claim will be "comprehensive" and cover "all aspects of the case." Thirteen months ago, at the September 24, 2021 conference, the Court encouraged Plaintiffs to formulate and share their document requests with Google while discovery was stayed because Your Honor recognized that it likely would take Google significant time to respond to those requests.[14] At that time—over a year ago—Plaintiffs represented to the Court that they were "consolidating comments" on their requests, ECF No. 141 at 1, but they still have yet to serve them or to inform Google of the categories of documents they intend to seek. Without providing any concrete guidance about their specific document requests, Plaintiffs simply have no basis to ask the Court to require Google to substantially comply with all of them in 6 months. Indeed, it is particularly unreasonable for Plaintiffs to propose that Google be required to complete all of the work of responding and producing documents and data in less than half time that Plaintiffs will have taken just to *propound* their requests.

### Paragraph 6.2 (Interrogatories)

Google proposes that, "no party may be served with more than 25 interrogatories in total (across all actions)." Ex. A ¶ 6.2; *see also* Fed. R. Civ. P. 33(a)(1) ("[A] party may serve on any other party no more than 25 interrogatories."). That proposal would ensure that no party is subject to a disproportionate number of interrogatories.

Having already had extensive discovery of Google, Plaintiffs ask for more. Now Plaintiffs propose that "each side may serve up to 25 common interrogatories on another side" and "[i]n addition, each category of plaintiffs or defendants . . . may serve up to 15 interrogatories seeking category-specific information on any other category of plaintiff or defendant." ECF No. 358-1 at 3. Because there are four categories of plaintiffs, *id.* at 1 n.1, this proposal would subject Google to as many as 85 interrogatories, while ensuring that no Plaintiff would have to respond to more than 40 interrogatories. In addition to subjecting Google to more than twice as many interrogatories as any Plaintiff, Plaintiffs' proposal for category-specific interrogatories fails to heed the Court's direction in PTO-3 that they coordinate with respect to the preparation of a common set of interrogatories. ECF No. 311 ¶ 3.

Under Local Rule 33.3(a), interrogatories are generally limited to seeking names of witnesses with relevant knowledge, the computation of damages, and existence of location of documents. In light of the extensive document productions that Plaintiffs already have, there should be limited need for Plaintiffs to issue additional interrogatories. With appropriate coordination among Plaintiffs, 25 interrogatories should be sufficient. If not, then Google's proposal allows for the parties to request additional interrogatories "upon a showing of good cause." *See* Ex. A ¶ 6.2.

---

147 (initiating fact discovery in October 2011); *Fort Worth Emps. Retirement Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 114 (S.D.N.Y. 2013) (substantial completion deadline ultimately set for 2014).

[14] The Court stated: "If there is a consolidated Rule 34 demand that [Plaintiffs] want to serve, the time to respond is going to be stayed, but the clock will be ticking so that Google will not be able to say, My God, I just got this on a Tuesday and [it's] going to take me months to figure out what's within the scope of this." ECF No. 142 at Tr. 33:11-15.

Freshfields Bruckhaus Deringer US LLP

**Paragraphs 6.5 and 6.6 (Bellwether Plaintiffs)**

Plaintiffs propose to require the parties to meet and confer "regarding the selection of bellwether plaintiffs or a bellwether discovery pool." ECF No. 358-1 at 3-4. Although they never explain precisely what they have in mind, it appears that the 45 Direct Action Newspaper Plaintiffs hope that only a few of them will be required to respond to discovery requests, while most will have to prepare only some sort of "Plaintiff Fact Sheets" at some point.

Plaintiffs' proposal appears designed to treat a few "bellwether" Direct Action Newspaper Plaintiffs like named class representatives for the broader group. They can still achieve that result by dismissing their individual actions and participating in this litigation as members of the Publisher Class. But having chosen to pursue their own opt-out actions, the Direct Action Newspaper Plaintiffs should not be permitted to deprive Google of the ability to conduct discovery into their individual claims.

Plaintiffs offer no precedent for using a "bellwether" process to effectively immunize certain individual parties from discovery. In *In re Generic Pharmaceuticals*—the only antitrust case Plaintiffs cite—the court selected certain cases based on the drugs at issue to proceed as bellwethers through trial and prioritized setting a case schedule for those bellwethers. *See In re Generic Pharmaceuticals Pricing Antitrust Litig.*, 2:16-md-02724 (E.D. Pa. 2021), ECF Nos. 1845, 1901. However, the court there did not pause discovery in the non-bellwether cases (*id.*, ECF No. 1901 ¶ 17) and in fact non-bellwether discovery has been proceeding. *See, e.g.*, *id.*, ECF No. 2222 (ordering production of discovery relevant to both bellwether and non-bellwether cases).

Nor do Plaintiffs' other exemplar bellwether actions (all non-antitrust) provide any support. Those cases involved focusing an initial round of discovery on particular issues, while preserving defendants' rights to obtain discovery later in the case. *See* Scheduling Order No. 2, *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591 (W.D. Kan. Oct. 21, 2015), ECF No. 1098 at 5 (deferring discovery on certain cases until after disposition of certain "bellwether" trials); *In re National Prescription Opiate Litig.*; *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, MDL No. 2740 (E.D. La.), ECF Nos. 669, 670, 1099 (same). That is a far cry from Plaintiffs' proposal to see most of the Direct Action Newspaper Plaintiffs immunized from all discovery.

**Paragraph 7 (Depositions)**

The parties largely agree on the provisions related to depositions. The main difference between their proposals is that Google proposes to include the following sentence: "There will be no duplicative questioning of witnesses, and, absent good cause, no fact witness deponent will be examined more than once." Ex. A ¶ 7. Plaintiffs' proposal omits that sentence, and their letter does not explain why. Although the Court has already included this admonition in PTO-2, ECF No. 309 ¶ 6, Google believes it is important for the Court to reaffirm it in the Scheduling Order, which the parties and non-parties will reference throughout the litigation,

**Paragraphs 8 and 9 (Class Expert Discovery and Class Certification)**

Google proposes that class expert discovery and class certification briefing occur prior to the close of fact discovery, Ex. A ¶ 8, while Plaintiffs propose that they take place after the close of fact discovery. Google's proposal is the more efficient one for at least three reasons.

*First*, Google's proposal is consistent with the approach taken in recent MDLs,[15] as well as the approach taken by this Court in complex class actions.  *See In re SunEdison, Inc. Securities Litig.*, No. 16-md-2742 (S.D.N.Y. June 1, 2018), ECF No. 377 (ordering that the plaintiffs move for class certification "at any time, provided that such briefing be completed [before the close of fact discovery]"); *Sullivan v. Barclays PLC et al.*, No. 13-cv-2811 (S.D.N.Y. Apr. 10, 2017), ECF No. 337 (ordering class certification discovery, including depositions of class experts, and the filing of a motion for class certification to be completed before the close of fact discovery); *In re Bank of Am. Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litig.*, No. 09-md-2058 (S.D.N.Y. Sept. 7, 2011), ECF No. 453 (same).[16]

*Second*, Plaintiffs' proposal would result in class certification and summary judgment being briefed simultaneously.  That, in turn, would force the Court to address class certification and summary judgment concurrently despite the Court's guidance that the parties should avoid turning chambers into a "bottleneck."[17]  By its nature, certification is the fulcrum of a class action.  Denial of class certification would likely lead to dismissal or settlement, without the need for the parties to prepare—or the Court to consider—costly and time-consuming summary judgment motions. But Plaintiffs' proposal would require summary judgment briefing simultaneously with class certification briefing, virtually guaranteeing significant wasted effort if classes are not certified or if only partially certified.  And although Plaintiffs rely on various cases from outside this District in support of their contention that their proposal has precedent, ECF No. 358 at 8 n.13, none of those cases called for the simultaneous briefing of class certification and summary judgment that Plaintiffs propose here.[18]

---

[15] *See e.g.*, Case Management Order, *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 3:20-md-02966 (N.D. Cal. Mar. 19, 2021), ECF No. 66 (ordering class certification briefing to be completed before the close of fact discovery); MDL Scheduling Order, *In re Google Play Store Antitrust Litig.*, No. 21-md-2981(N.D. Cal. Oct. 22, 2021), ECF No. 122 (same); Pretrial Scheduling Order, *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn. Jan. 26, 2021), ECF No. 658 (same); Pretrial Scheduling Order, *In re Cattle and Beef Antitrust Litig.*, No. 20-cv-01319 (D. Minn June 22, 2022), ECF No. 571 (same); *see also* Amended Order re Case Schedule, *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-2918 (N.D. Cal. May 27, 2022), ECF No. 503 (ordering plaintiffs to move for class certification before the close of fact discovery).

[16] These same examples also demonstrate that Plaintiffs' professed concerns about supposed inefficiencies in bifurcating class and non-class expert discovery are overblown.  *See* ECF No. 358 at 9.

[17] At the September 24, 2021 conference, the Court stated: "[I]t is not the case that multiple motions going on at the same time lead to faster or more efficient results. You're dealing with one judge, one chambers."  *See* ECF No. 142 at Tr. 12:17-21.

[18] *See e.g.,* Scheduling Order, *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y. Apr. 4, 2018), ECF No. 269 (ordering summary judgment motions "due 30 days after the Court decides the class certification motion"); Corrected Seventh Amended Scheduling Order, *In re Niaspan Antitrust Litig.*, No. 13-MD-2460 (E.D. Pa. Nov. 16, 2018), ECF No. 570 (addressing summary judgment after briefing and hearing on class certification motions); Case Management Order, *Henry v. Brown Univ.*, 1:22-cv-00125 (N.D. Ill. Sept. 8, 2022), ECF No. 195 (sequencing summary judgment motions after briefing on class certification); Case Management Order no. 5, *In re: Broiler Chicken Grower Antitrust Litig.*, No. 6:17-cv-00033 (E.D. Okla. Oct. 20, 2022), ECF No. 643 (same); *Le v. Zuffa, LLC*, No. 2-15-cv-01045 (D. Nev. Oct. 14, 2016), ECF No. 311 (same); *Simon and Simon, PC, et al. v. Align Tech., Inc.*, No. 3:20-cv-03754 (N.D. Cal. May 13, 2021), ECF No. 106 (same).

*Third*, Google submits that it is preferable to allow fact discovery to proceed during class certification. Plaintiffs' proposal could require the Court to reopen discovery to resolve class certification issues—imposing additional burdens on the parties and the Court.[19]

Plaintiffs' various other contentions (e.g., that Google's proposed schedule would prevent the Class Plaintiffs from using class expert reports informed by all of fact discovery and would require front-loading of key data and document issues, *see* ECF No. 358 at 9) lack any basis because Google has proposed that the parties substantially complete their productions within 15 months of the service of initial document requests, one month before class expert reports would be due. Ex A ¶¶ 3, 6.1. Plaintiffs should therefore have an adequate factual record upon which to proceed with class certification briefing.[20]

**Paragraph 10 (Non-Class Expert Depositions)**

Google proposes a 60-day period following the service of Plaintiffs' rebuttal non-class expert reports for expert depositions, Ex. A ¶ 10, and Plaintiffs propose a 45-day period, ECF No. 358-1 at 5. The longer period builds in greater flexibility to accommodate experts' schedules without materially impacting the overall schedule.

**Paragraph 11 (Summary Judgment)**

Google proposes that any pre-motion letter seeking summary judgment be filed no later than 14 days after the close of *expert* discovery, Ex. A ¶ 11, and Plaintiffs propose that they be filed no later than 14 days after the close of *fact* discovery, ECF No. 358-1 ¶ 10. Because of the importance of expert evidence in antitrust cases,[21] the arguments in any pre-motion letters filed soon after fact discovery ends and expert discovery begins will likely be overtaken as expert evidence comes into the record, potentially creating some disputes of material fact and resolving others. Indeed, Plaintiffs themselves recognize that "briefing on any such motion for summary judgment should naturally occur following the close of *expert* discovery." ECF No. 358 at 10 (emphasis added).

Plaintiffs propose that "[n]o party shall file any summary judgment motions prior to the close of expert discovery," ECF No. 358-1 at 5, without providing any justification for their position. Google's proposal omits that limitation because it would be inconsistent with Federal Rule 56, which provides that "a party may file a motion for summary judgment *at any time* until 30 days after the close of *all* discovery." Fed. R. Civ. P. 56(b) (emphasis added).

---

[19] *See, e.g.*, *A & R Body Specialty v. Progressive Cas. Ins. Co.*, No. 3:07CV929 WWE, 2012 WL 40465, at *1–2 (D. Conn. Jan. 9, 2012) (rejecting proposal to schedule class certification after the close of fact discovery because the parties would likely require additional discovery to respond to class certification motions).

[20] Plaintiffs also argue that the well-established and routine sequencing of class certification proposed by Google would result in expert reports "run[ning] into one another." ECF No. 358 at 9. But earlier stages of litigation always "run into" later stages.

[21] *See, e.g.*, *Colsa Corp. v. Martin Marietta Servs., Inc.*, 133 F.3d 853, 855 (11th Cir. 1998) (holding that expert testimony is required to define a relevant market for antitrust claims); *Monsanto Co. v. Trantham*, 156 F. Supp. 2d 855, 863 (W.D. Tenn. 2001) ("[G]enerally speaking, expert proof is required to prove antitrust claims merely because the knowledge of the markets required to prove such a claim is generally beyond that of a lay person and the level of analysis needed to assist the Court in determining the relevant market is outside the reach of most lay persons.").

**Paragraph 11 of Plaintiffs' Proposal (Monthly Conferences)**

Plaintiffs propose to require the Court to "hold monthly case management conferences . . . to address any issues or disputes that may arise." ECF No. 358-1 at 5. Their letter reveals that these conferences are intended mainly to facilitate "rais[ing] discovery disputes," ECF 358 at 11, and Google respectfully submits that establishing a regular forum for airing discovery disputes will more likely multiply, than deter, such disputes. Of course, Google will participate in conferences as directed by the Court, but it does not propose to tell the Court how often it should meet with the parties. Google understands that position to be consistent with the Court's guidance.[22]

**Paragraph 12 (Trial Date)**

Plaintiffs propose that the Court set a trial date in the first Scheduling Order. ECF 358-1 at 6. The Court need not and should not schedule a trial date at this juncture because it is not yet clear which, if any, cases in the MDL will survive summary judgment and which, if any, will be tried in this Court. If necessary, the Court can schedule trial dates following summary judgment.

\* \* \*

For all of these reasons, Google respectfully requests that the Court keep the discovery stay in place and defer entry of any Scheduling Order if it allows State Plaintiffs to file a motion to amend their complaint. If the Court declines to allow State Plaintiffs to amend, then Google respectfully requests entry of a Scheduling Order in the form attached hereto as Exhibit A.

Respectfully submitted,

*/s/ Eric Mahr*
Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105

---

[22] At the April 19, 2021 conference, the Court stated: "I hope we're not all anticipating, well, our weekly discovery fight, Judge, what do you think?" ECF No. 291 at Tr. 44:3-4.

**Freshfields Bruckhaus Deringer US LLP**

                                                  Telephone: (415) 947-2197
                                                  Email: jsessions@wsgr.com

                                                  *Counsel for Defendants Google LLC,*
                                                  *Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)