# Exhibit K

[Counsel listed on signature pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation | Case No. 3:19-md-02918-MMC<br>MDL No. 2918 |
| THIS DOCUMENT RELATES TO<br><br>ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER RE: LIFTING OF DISCOVERY STAY AND COORDINATION OF DISCOVERY AND DISCOVERY LIMITS; NOTICE OF WITHDRAWAL OF MOTION TO LIFT DISCOVERY STAY (ECF NO. 197)** |

WHEREAS the End-User Plaintiffs[1] and the Reseller Plaintiffs[2] have filed two putative class actions in MDL No. 2918 (the "MDL Docket"), assigned to this Court as transferee court by the Judicial Panel on Multidistrict Litigation;

WHEREAS the Seagate Plaintiffs[3] have filed a related action—*Seagate Technology LLC et al. v. Headway Technologies, Inc. et al.*, Case No. 3:20-cv-1217—that has been designated as a related case pursuant to Civil L.R. 3-12.  ECF No. 157.

WHEREAS the End-User Plaintiffs, the Reseller Plaintiffs, and the Seagate Plaintiffs (each a "Plaintiff Group") each have filed separate complaints against Defendants alleging related factual allegations and causes of action (**Seagate:** Docket No. 3:20-cv-1217, ECF No. 1; **End-Users:** MDL Docket, ECF No. 167, **Resellers:** MDL Docket, ECF No. 190).

WHEREAS each of the three complaints alleges claims against two separate groups of affiliated Defendant companies, (1) NHK Defendants[4] and (2) TDK Defendants[5] (each a "Defendant

---

[1] End-User Plaintiffs ("End-Users") include 47 named individuals.  End-User Pls.' Consol. Class Action Compl. ¶¶ 18-64, ECF No. 167.  End-Users seek to represent a putative class of "all persons and entities who, during the period from January 2005 through at least May 2016 (the 'Class Period'), indirectly purchased an HDD or a Finished Product, not for resale, which included as a component part one or more HDD suspension assemblies that were manufactured or sold by Defendants, [or related entities]." *Id.* ¶ 8.  If an additional named End-User plaintiff becomes part of the class the definition of "End-Users" shall include this party.

[2] Reseller Plaintiffs ("Resellers") include the following named entities and individual: Now Micro, Inc.; Voyager Technology Solutions, LLC; IT Worx, Inc.; Willow Bay Computer Solutions LLC; Michael Medeiros.  Reseller Pls.' Corrected Consol. Amended Compl. ¶¶ 22-26, ECF No. 190.  Resellers seek to represent a class of "All persons or entities who, during the period from and including 2003 through such time as the anticompetitive effects of Defendants' conduct ceased, purchased a product for resale which included as a component part one or more HDD suspension assemblies that were manufactured or sold by the Defendants . . . [or] indirectly purchased an HDD suspension assembly, for resale[.]" *Id.* ¶ 105.  If an additional named Reseller Plaintiff becomes part of the class the definition of "Resellers" shall include this party.

[3] The "Seagate Plaintiffs" are Seagate Technology LLC ("Seagate LLC"), Seagate Technology (Thailand) Ltd. ("Seagate Thailand"), Seagate Singapore International Headquarters Pte. Ltd. ("Seagate Singapore"), and Seagate Technology International ("Seagate International").  If any additional Seagate affiliated entity becomes a named plaintiff, the definition of the "Seagate Plaintiffs" shall include this party.

[4] The "NHK Defendants" are NHK Spring Co., Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd.

[5] The "TDK Defendants" are TDK Corporation ("TDK"), Magnecomp Precision Technology Public Co. Ltd., Magnecomp Corporation, SAE Magnetics (H.K.) Ltd., and Hutchinson Technology Inc. ("HTI"). The Seagate Plaintiffs also assert claims against Headway Technologies, Inc. ("Headway").

Family" and collectively the "Defendant Families");

WHEREAS the Court has encouraged the parties to cooperate in discovery. Case Management Conference, ECF No. 159;

WHEREAS all parties wish to avoid duplication in discovery, adjust certain discovery limits, and minimize discovery disputes;

WHEREAS, Defendants filed a motion to dismiss (ECF No. 192) requesting dismissal with prejudice of the End Users' and Resellers' complaints, and that motion is currently scheduled for hearing on July 17, 2020;

WHEREAS, End Users and Resellers on April 24, 2020 filed a Motion to Lift the Discovery Stay (ECF No. 197) ("Motion to Lift Stay") seeking to permit written and document discovery to proceed in this action;

WHEREAS, Defendants do not oppose plaintiffs' motion as set forth below;

WHEREAS, Plaintiffs and Defendants have agreed to lift the discovery stay in this action so as to permit written and document discovery to proceed as set forth below; and

WHEREAS, in light of Defendants' agreement to lift the discovery stay consistent with the limits and provisions set forth below, End Users and Resellers have agreed to withdraw the Motion to Lift Stay;

WHEREFORE, THE PARTIES HEREBY STIPULATE AS FOLLOWS:

**A.    Lifting of Discovery Stay and Withdrawal of Motion to Lift Stay**

1.    All parties agree that the discovery stay in this action (ECF No. 3 at 3, ¶5) is hereby lifted and that written and document discovery may proceed at this time. End Users and Resellers hereby withdraw their Motion to Lift Stay (ECF No. 197). The parties agree to defer deposition discovery until after resolution of Defendants' current motions to dismiss (ECF No. 192; Seagate Action ECF No. 30) and entry of a deposition protocol consistent with subsection D, below, except that Plaintiffs reserve the right to seek depositions that may be pertinent to Defendant SAE's motion to dismiss for lack of personal jurisdiction. *See* ECF No. 191; Seagate Action ECF No. 31).

---

When used in connection with claims asserted by the Seagate Plaintiffs, TDK Defendants also includes Headway.

**B.     Coordination of Discovery**

2.     Seagate Plaintiffs, Reseller Plaintiffs, and End-User Plaintiffs shall consult in good faith and use reasonable efforts to coordinate all discovery, including both discovery they propound and the resolution of any discovery disputes. The three Plaintiff Groups shall consult in good faith to serve joint discovery requests, but discovery requests may be served by one group that are not pursued by the others. To the extent discovery is served separately by any Plaintiff Group, the other Plaintiff Groups shall make reasonable efforts to avoid duplicating discovery requests previously served by any other party. The three Plaintiff Groups shall work in good faith to coordinate their position on any discovery disputes with the Defendants. This paragraph in no way prejudices or diminishes any Plaintiff Group's right to serve its own written discovery requests regarding issues that are not pursued by any other plaintiffs, in the event that the parties are unable to propound joint written discovery after consulting in good faith.

3.     The two Defendant Families shall consult in good faith and use reasonable efforts to coordinate discovery, including both discovery they propound and the resolution of any discovery disputes. The two Defendant Families shall consult in good faith to serve joint discovery requests, but discovery requests may be served by one group that are not pursued by the other. To the extent discovery is served separately by any Defendant Family, the other Defendant Family shall make reasonable efforts to avoid duplicating discovery requests previously served by any other Defendant. The two Defendant Families shall work in good faith to coordinate their position on any discovery disputes with the Plaintiffs. This paragraph in no way prejudices or diminishes any Defendant Family's right to serve its own written discovery requests regarding issues that are not pursued by any other defendants, in the event that the parties are unable to propound joint written discovery after consulting in good faith.

**C.     Interrogatories Pursuant to Fed. R. Civ. P. 33(a)**

4.     Each Plaintiff Group may serve up to 20 interrogatories per Defendant Family. All Plaintiffs will coordinate efforts to avoid serving duplicative and/or unduly burdensome interrogatories consistent with Fed. Rule Civ. Proc. 26.

5. Each of the two Defendant Families may serve up to 20 interrogatories on each of the three Plaintiff Groups. All Defendants will coordinate efforts to avoid serving duplicative and/or unduly burdensome interrogatories consistent with Fed. Rule Civ. Proc. 26.

**D.  Deposition and Discovery Protocol Provisions**

6. The parties agree that the protocol and procedures for depositions shall be negotiated between the parties and submitted to the Court for approval. Except as agreed to by the parties or ordered by the Court, no depositions shall proceed until a deposition protocol has been agreed to by the parties or ordered by the Court.

**E.  Service by E-Mail**

7. The parties agree that all documents may be served by e-mail and have exchanged applicable e-mail addresses. The parties agree that e-mail service shall be treated as personal, same-day service for purposes of computing time to act after being served under Fed. R. Civ. P. 6.

**F.  Reservation of Objections**

8. The fact that this Order alters the number of interrogatories provided for by the Federal Rules of Civil Procedure is not intended to imply consent by any party that any particular discovery is necessary or appropriate or that particular discovery sought within the limits of this Order is not burdensome or excessive. All parties maintain the right to object to any written discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure, including but not limited to on grounds of relevance, privilege, or to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

**G.  Modification of Limits**

9. Any of the provisions and limits set forth in sections A through F above may be modified by agreement of the parties affected, or by the Court for good cause.

**IT IS SO STIPULATED.**

| | |
|---|---|
| Dated: May 14, 2020 | **BAKER & McKENZIE LLP** |
| | By:/s/ Mark H. Hamer |
| | Mark. H. Hamer (State Bar No. 156997)<br>mark.hamer@bakermckenzie.com<br>Mark G. Weiss (*Pro Hac Vice*)<br>mark.weiss@bakermckenzie.com<br>815 Connecticut Avenue, NW<br>Washington, D.C. 20006<br>Tel.: (202) 452-7000<br>Fax: (202) 416-7177 |
| | Christina M. Wong (State Bar No. 288171)<br>christina.wong@bakermckenzie.com<br>Two Embarcadero Center, Suite 1100<br>San Francisco, California 94111<br>Tel.: (415) 576-3000<br>Fax: (415) 576-3099 |
| | **HUNTON ANDREWS KURTH LLP** |
| | By:/s/ Craig Y. Lee |
| | Craig Y. Lee (*pro hac vice*)<br>craiglee@huntonak.com<br>Carter Simpson (*pro hac vice*)<br>csimpson@huntonak.com<br>Emily Bolles (*pro hac vice*)<br>ebolles@huntonak.com<br>2200 Pennsylvania Ave., NW<br>Washington, D.C. 20005<br>Tel.: (202) 419-2114<br>Fax: (202) 778-2201 |
| | Anne Marie Mortimer (State Bar No. 169077)<br>amortimer@huntonak.com<br>550 South Hope Street, Suite 2000<br>Los Angeles, CA 90071<br>Tel.: (213) 532-2103<br>Fax: (213) 532-2020 |
| | *Attorneys for Defendants NHK Spring Co., Ltd., NHK International Corporation, NHK Spring (Thailand) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd. and NAT Peripheral (H.K.) Co., Ltd.* |

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ J. Clayton Everett, Jr.

J. Clayton Everett, Jr. (pro hac vice)
clay.everett@morganlewis.com
Scott A. Stempel (pro hac vice)
scott.stempel@morganlewis.com
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

C. Cecilia Wang, SBN 314125
cecilia.wang@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel.: (415) 442-1000
Fax: (415) 442-1001

*Attorneys for Defendants TDK Corporation, Magnecomp Precision Technology Public Co. Ltd., Magnecomp Corporation, SAE Magnetics (H.K.) Ltd., Headway Technologies, Inc., and Hutchinson Technology Inc.*

**WILSON SONSINI GOODRICH & ROSATI**

By: /s/ Kenneth R. O'Rourke

Kenneth R. O'Rourke, SBN 120144
korourke@wsgr.com
Jeff VanHooreweghe, SBN 313371
jvanhooreweghe@wsgr.com
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Tel.: (415) 947-2160
Fax: (415) 947-2099

*Attorneys for Plaintiffs Seagate Technology LLC, Seagate Technology (Thailand) Ltd., Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology International*

|   |   |
|---|---|
| 1 | **CUNEO GILBERT & LaDUCA LLP** |
| 2 | By: /s/ Victoria Sims |
| 3 | Victoria Sims (pro hac vice)<br>vicky@cuneolaw.com |
| 4 | 4725 Wisconsin Ave., N.W., Suite 200<br>Washington, D.C. 20016 |
| 5 | Tel.: (202) 789-3960<br>Fax: (202) 789-1813 |
| 6 | **LARSON KING LLP** |
| 7 | By: /s/ Shawn M. Raiter |
| 8 | Shawn M. Raiter |
| 9 | sraiter@larsonking.com<br>30 E. 7th Street, Suite 2800 |
| 10 | St. Paul, MN 55101<br>Tel.: (651) 312-6500 |
| 11 | Fax: (651) 312-6618 |
| 12 | *Interim Co-Lead Counsel for Reseller Plaintiffs* |
| 13 |   |
| 14 | **ROBINS KAPLAN LLP** |
| 15 | By: /s/ Aaron M. Sheanin |
| 16 | Aaron M. Sheanin |
| 17 | asheanin@robinskaplan.com<br>2440 w. El Camino Real, Suite 100 |
| 18 | Mountain View, California 94040<br>Tel.: (650) 784-4040 |
| 19 | Fax: (650) 784-4041 |
| 20 | ZELLE LLP |
| 21 | By: /s/ Christopher T. Micheletti |
| 22 |   |
| 23 | Christopher T. Micheletti<br>cmicheletti@zelle.com |
| 24 | 44 Montgomery St., Suite 3400<br>San Francisco, CA 94104 |
| 25 | Tel.: (415) 693-0700<br>Fax: (415) 693-0770 |
| 26 |   |
| 27 | *Interim Co-Lead Counsel for End-User Plaintiffs* |
| 28 |   |

**ATTESTATION**

Pursuant to Civil L. R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

Dated: May 14, 2020            By: /s/ Mark H. Hamer

\* \* \*

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated: May 14, 2020

The Hon. Maxine M. Chesney
United States District Court Judge