# Exhibit M

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL No. 2724<br>Case No. 2:16-MD-02724 |
| THIS DOCUMENT RELATES TO:<br>*ALL ACTIONS* | Hon. Cynthia M. Rufe |

## [~~PROPOSED~~] PRETRIAL ORDER NO. 96

### (Allowing Written Discovery to Proceed; Limited Stay of Depositions)

This 12th day of July, 2019, it is hereby **ORDERED** that:

1. The terms outlined below shall apply until **November 8, 2019**.

2. Initial disclosures remain stayed (as per PTO No. 44).

3. All types of written discovery, including requests for production of documents, interrogatories, and requests for admissions, may be served.

4. The parties shall provide a copy of proposed written discovery requests to the U.S. Department of Justice 10 business days before serving any discovery requests. If the United States objects to any proposed written discovery request, the United States will notify the party of the basis for the objection, and if necessary, bring that objection to the Special Master for resolution pursuant to PTO No. 68 ("Special Masters' Protocol"). The proposed discovery shall be stayed pending resolution.

5. Depositions in all actions are stayed, except: (a) depositions as provided in paragraph 2 of PTO 44; (b) depositions of individuals on a list that the U.S. Department of Justice shall provide to the parties by August 16, 2019.

1

6. The parties shall not seek and shall not respond to discovery about the criminal investigation that the Antitrust Division of the U.S. Department of Justice is conducting into the generic pharmaceuticals industry;

7. A person responding to a discovery request (e.g., subpoena, request for production of documents, notice of deposition) ("Responding Person") shall not disclose what documents or other information has been provided to the Department of Justice in the course of its criminal investigation into the generic pharmaceuticals industry, provided that nothing in this paragraph requires any modification of any document control number or other endorsement on a document, nor prohibits or excuses a Responding Person from providing documents or other information that previously had been provided to the Department of Justice.

8. Nothing in this Order precludes a party or subpoenaed party from objecting to, moving to quash, or seeking a protective order excusing a response to any discovery request, provided the objection is made in good faith.

It is so **ORDERED.**

BY THE COURT

*Cynthia M. Rufe*
CYNTHIA M. RUFE, J.