CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1596

WRITER'S EMAIL ADDRESS
Korsini@cravath.com

November 7, 2022

*In re Google Digital Advertising Antitrust Litigation*,
No. 1:21-md-3010-PKC (S.D.N.Y.)

Dear Judge Castel:

Pursuant to paragraph 5 of Pre-Trial Order No. 2 (Dkt. No. 309), Meta Platforms, Inc. ("Meta") respectfully submits this letter regarding the proposed Case Management Plan and Scheduling Order. In accordance with Rule 1.A of the Court's Individual Practices, Meta notes there is no conference scheduled at this time.

The only claims asserted by any plaintiff against Meta in this MDL are federal and state antitrust claims arising out of the Network Bidding Agreement ("NBA"). After this Court dismissed the State Plaintiffs' Section 1 claim based on the NBA for failure to state a claim, two plaintiff groups—the putative advertiser class and the individual action newspaper plaintiffs—filed motions for leave to amend their complaints to include, among other things, amended antitrust claims against Google and Meta based on the NBA. (*See* Dkt. Nos. 317-1, 328-2.) Pursuant to Pre-Trial Order Nos. 2 and 3, Meta filed oppositions to those motions for leave to amend on October 26, 2022. (*See* Dkt. Nos. 355, 356.) For the reasons explained in those oppositions, Meta believes the plaintiffs' proposed amendments regarding the NBA are futile and Meta submits the motions for leave to amend should be denied with respect to the NBA claims.[1]

Because the motions for leave to amend are still being briefed, Meta participated in the parties' negotiations regarding the Case Management Plan and Scheduling Order. Meta believes that Google's proposed Case Management Plan and Scheduling Order reflects a reasonable and efficient approach to this case.

---

[1] If the Court were to grant either motion to amend with respect to the NBA claims, Meta intends to move to dismiss under Rule 12(b)(6).

Meta writes separately to respectfully emphasize that all discovery should remain stayed against Meta (including with respect to any obligations to exchange initial disclosures or discovery requests) unless and until the Court concludes that at least one of the private plaintiffs has somehow cured the deficiencies that led the Court to dismiss the States' NBA claim.[2] Permitting any plaintiff to engage in discovery concerning a claim that the Court has already dismissed based on a careful analysis of the actual text of the challenged agreement would be unfair and unduly burdensome. It would also needlessly complicate this already complex MDL. Meta therefore requests that the Court's Case Management Plan and Scheduling Order specifically stay any discovery involving Meta unless and until the Court concludes that one or more of the private plaintiffs have sufficiently pled an NBA claim against Meta.

Attached as Exhibit A is a copy of Google's proposed Case Management Plan and Scheduling Order containing an additional proposed footnote at the end of Paragraph 3 addressing the discovery stay.

Respectfully submitted,

/s/ *Kevin J. Orsini*
Kevin J. Orsini

The Honorable P. Kevin Castel
   United States District Judge
      Southern District of New York
         500 Pearl Street
            New York, New York 10007

cc:  All Counsel of Record (via CM/ECF)

---

[2] On September 14, 2022, the Court stayed discovery with respect to any complaints containing Non-Conforming Amendments "pending the hearing and determination of the motion[s] to amend". (Dkt. No. 309 ¶ 3.) Because any claims related to the NBA are Non-Conforming Amendments, discovery is already stayed with respect to Meta pending the hearing and determination of the pending motions for leave to amend.