**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | 21-md-3010 (PKC)<br><br>**[Proposed] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

**P. KEVIN CASTEL, Senior District Judge:**

This Civil Case Management Plan (the "Plan") is submitted by the parties[1] in accordance with Fed. R. Civ. P. 26(f)(3), and Pretrial Order No. 2 (Doc. 309):

1.     Amended pleadings may not be filed and additional parties may not be joined except pursuant to the procedures set forth in Pre-Trial Order Nos. 2 and 3 or with leave of the Court, including to conform to future rulings of the Court related to the sufficiency of the pleadings.

2.     Pursuant to Fed. R. Civ. P. 26(f)(1), by November 14, 2022, the parties shall meet and discuss all items set forth in Rule 26(f)(2) and 26(f)(3).

3.     Fact discovery shall begin 14 days after entry of this Order, except that discovery directed or exclusively related to the following topics shall not begin until after the Court resolves any motions to dismiss claims related to those topics:  (i) Google's Search business; (ii) Google's Network Bidding Agreement with Facebook; (iii) encryption of user IDs; (iv) Reserve Price Optimization; (v)

---

[1]     The parties are the State Plaintiffs, the Class Publisher Plaintiffs, the Class Advertiser Plaintiffs, the Individual Action Plaintiffs (i.e., the Newspaper Plaintiffs and the Daily Mail), the Google Defendants (i.e., Google LLC; Alphabet Inc.; and YouTube, LLC) and Meta Platforms, Inc.  For purposes of this Order, a "side" means either (a) the State Plaintiffs, the Class Publisher Plaintiffs, the Class Advertiser Plaintiffs, and the Individual Action Plaintiffs collectively; or (b) the Google Defendants and Meta Platforms, Inc. collectively.

Exchange Bidding; and (vi) Accelerated Mobile Pages.[2]

4.      Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be served not later than 30 days after the beginning of fact discovery or such other date as mutually agreed to by the relevant parties. A party that has previously served initial disclosures in an individual action need not serve additional initial disclosures in such action if, within 30 days of the beginning of fact discovery, that party advises the other parties in such individual action that it will stand on its previous disclosures. If, when fact discovery begins, a party knows that it will need to update previously served initial disclosures, that party shall serve updated initial disclosures within 30 days of the beginning of fact discovery. Nothing herein relieves a party of its obligation to supplement or correct initial disclosures pursuant to Fed. R. Civ. P. 26(e).

5.      All <u>fact</u> discovery shall be completed by 24 months from the start of fact discovery. The Court finds that this case presents unique complexities and other exceptional circumstances that warrant this period of fact discovery.

6.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above (absent good cause to extend that date):

6.1.      Initial requests for production of documents and data to be served by 30

---

[2]      All discovery is stayed with respect to Defendant Meta Platforms, Inc. ("Meta")—including with respect to any obligations to exchange initial disclosures or discovery requests—unless and until the Court concludes that one or more of the private plaintiffs have sufficiently pled a Network Bidding Agreement claim against Meta.

days after the beginning of fact discovery. By 15 months after the start of fact discovery the parties shall substantially complete production of documents including data responsive to document requests served within the first 30 days of discovery.

6.2.    Interrogatories (other than for the sole purpose of authenticating documents) to be served and answered in accordance with Fed. R. Civ. P. 33 and Local Rule 33.3 and shall be served no later than 30 days before the close of fact discovery identified in paragraph 5 above. Absent leave of Court upon a showing of good cause, no party may be served with more than 25 interrogatories in total (across all actions).

6.3.    Requests to Admit (other than for the sole purpose of authenticating documents) to be served no later than 30 days prior to the close of fact discovery identified in paragraph 5 above.

6.4.    Except by agreement of the parties or Court order, depositions (other than depositions of "non-class experts" as defined below) shall be completed by the close of fact discovery identified in paragraph 5 above.

7.    The parties shall be permitted to take up to 10 fact-witness depositions per side in accordance with Fed. R. Civ. P. 30(a)(2) without further leave of Court. It is anticipated that each side will require more than 10 depositions. A party may seek leave of Court to depose additional witnesses by identifying the particular witnesses by name (unless a Rule 30(b)(6) witness); describing the matters on which they have unique knowledge; and identifying the group or groups of actions the particular witness pertains to. There will be no duplicative questioning of witnesses, and, absent good cause, no fact witness deponent will be examined more than once.

Absent court order or agreement of parties, all depositions shall be conducted in accordance with the Federal Rules of Civil Procedure.

8.      Class certification proceedings in the proposed Advertiser and Publisher class actions will begin before the close of fact discovery.  Plaintiffs in each of the proposed class actions ("Class Plaintiffs") will serve opening reports of experts opining on issues related to class certification ("class experts") by 8 months before the close of fact discovery.  Defendant(s) will serve class expert opposition reports 90 days after receiving such reports, and Class Plaintiffs may serve any class expert reply reports 45 days after receiving Defendant(s)' opposition reports.

9.      Class Plaintiffs will move for class certification 30 days after serving class expert reply reports.  Defendant(s) will respond 45 days after receiving such motions, and Class Plaintiffs may file any reply briefs 21 days after receiving Defendant(s)' opposition briefs.  The parties will separately discuss a class expert *Daubert* briefing schedule and raise any issues with the Court at a later time, if necessary.

10.     All Plaintiffs shall serve opening reports of experts opining on issues other than those related to class certification ("non-class experts") within 40 days after the close of fact discovery. Defendant(s) shall serve responsive non-class expert reports within 90 days after the service of Plaintiffs' non-class expert reports. Plaintiffs may then serve any rebuttal non-class expert reports within 90 days after the service of Defendant(s)' reports.  Non-class expert discovery, including depositions of non-class experts, shall be completed within 60 days following the service by Plaintiffs of rebuttal non-class expert reports.

11.     All motions and applications shall be governed by the Court's Individual

Practices, including pre-motion conference requirements. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion challenging the testimony of non-class expert witnesses under Fed. R. Evid. 702 (*Daubert* motions) and any motion for summary judgment will be deemed untimely unless a Pre-Motion Letter relating thereto is filed no later than fourteen (14) days after the date set by the Court for the close of non-class expert discovery.

12.     Setting of the Final Pretrial Submission Date, and of the deadlines related thereto, is deferred pending the determination of the district or districts where these cases will be tried.

***TO BE COMPLETED BY THE COURT***:

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

13.     [Other provisions included by Court.]

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

Dated: _____      _____
                                                              P. Kevin Castel
                                                    United States District Judge