UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| In re GOOGLE ADVERTISING ANTITRUST LITIGATION | No. 21-md-3010 (PKC) |
|  | P. Kevin Castel District Judge |
| This Document Relates To: | THE NEWSPAPER PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR JOINT MOTION FOR LEAVE TO AMEND |
| *AIM Media Ind. Operating, LLC v. Google, LLC*, No. 1:21-cv-06912-PKC (S.D.N.Y.) |  |
| *AIM Media Midwest Operating, LLC v. Google, LLC*, No. 1:21-cv-06884-PKC (S.D.N.Y.) |  |
| *AIM Media Tex. Operating, LLC v. Google, LLC*, No. 1:21-cv-06888-PKC (S.D.N.Y.) |  |
| *Brown Cnty. Publ'g Co., Inc. v. Google, LLC*, No. 1:21-cv-06915-PKC (S.D.N.Y.) |  |
| *Capital Region Indep. Media LLC v. Google LLC*, No. 1:22-cv-06997-PKC (S.D.N.Y.) |  |
| *Clarksburg Publ'g Co., d/b/a WV News v. Google, LLC*, No. 1:21-cv-06840-PKC (S.D.N.Y.) |  |
| *Coastal Point LLC v. Google, LLC*, No. 1:21-cv-06824-PKC (S.D.N.Y.) |  |
| *Eagle Printing Co. v. Google, LLC*, No. 1:21-cv-06881-PKC (S.D.N.Y.) |  |
| *ECENT Corp. v. Google, LLC*, No. 1:21-cv-06817-PKC (S.D.N.Y.) |  |
| *Emmerich Newspapers, Inc. v. Google, LLC*, No. 1:21-cv-06794-PKC (S.D.N.Y.) |  |

[Caption continued on following page.]

4892-8417-7982.v1

*Flag Publ'ns, Inc. v. Google, LLC*, No. 1:21-cv-06871-PKC (S.D.N.Y.)

*Gale Force Media, LLC v. Google, LLC*, No. 1:21-cv-06909-PKC (S.D.N.Y.)

*Gould Enters., Inc. v. Google, LLC*, No. 1:22-cv-01705-PKC (S.D.N.Y.)

*HD Media Co., LLC v. Google, LLC*, No. 1:21-cv-06796-PKC (S.D.N.Y.)

*Journal Inc. v. Google, LLC*, No. 1:21-cv-06828-PKC (S.D.N.Y.)

*Neighborhood Newspapers, Inc. v. Google LLC*, No. 1:21-cv-10188-PKC (S.D.N.Y.)

*Robinson Commc'ns, Inc. v. Google, LLC*, No. 1:21-cv-08032-PKC (S.D.N.Y.)

*Rome News Media, LLC v. Google LLC*, No. 1:21-cv-10186-PKC (S.D.N.Y.)

*Savannah Publ'g Co. v. Google, LLC*, No. 1:22-cv-01693-PKC (S.D.N.Y.)

*Something Extra Publ'g, Inc. v. Google, LLC*, No. 1:21-cv-09523-PKC (S.D.N.Y.)

*Southern Cmty. Newspapers, Inc. v. Google, LLC*, No. 1:22-cv-01971-PKC (S.D.N.Y.)

*Times Journal, Inc. v. Google LLC*, No. 1:21-cv-10187-PKC (S.D.N.Y.)

*Union City Daily Messenger, Inc. v. Google, LLC*, No. 1:22-cv-01704-PKC (S.D.N.Y.)

*Weakley Cnty. Press, Inc. v. Google, LLC*, No. 1:22-cv-01701-PKC (S.D.N.Y.)

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT .........................................................................................................2

        A.      Plaintiffs' Proposed Amendments Are Permitted as a Matter of Course
                Under Rule 15(a)(1)(B)...........................................................................2

        B.      Because Plaintiffs May Amend as a Matter of Course, Facebook's Futility
                Argument Is Misplaced............................................................................7

        C.      Even if a Futility Analysis Is Appropriate, Plaintiffs' Motion Should Still
                Be Granted Because Facebook Has Failed to Carry Its Burden of
                Establishing that Plaintiffs' Amendments Are Futile ...............................8

III.    CONCLUSION....................................................................................................10

4892-8417-7982.v1

## I.  INTRODUCTION

The Newspaper Plaintiffs ("Plaintiffs")[1] filed a motion seeking leave to amend their complaint to: (i) allege specific instances of anticompetitive conduct that survived Google's Motion to Dismiss the states' Third Amended Complaint ("TAC"); (ii) allege additional anticompetitive conduct concerning Google not previously addressed in the Court's decision; (iii) amend the allegations of individual harm specific to the named plaintiffs and amend the damages and relief they seek; and (iv) more clearly define the markets pled in their proposed Amended Complaint. *See* ECF 325 (the "Motion").  ***Leave to amend is not opposed as to any of these proposed amendments***.

In fact, Plaintiffs' Motion is unopposed in all but one respect and only by Facebook.  The only dispute concerns Plaintiffs' proposed amendments to their existing claim under §1 of the Sherman Act, 15 U.S.C. §1 (Count II against both Google and Facebook), under which Plaintiffs allege Google and Facebook unlawfully conspired to engage in anticompetitive conduct.  *See* Amended Complaint and Jury Demand, ECF 363-2.  In their Amended Complaint, Plaintiffs seek to amend their §1 claim to assert additional factual allegations not pled in the States' TAC.  Even though its co-defendant Google does not oppose Plaintiffs' motion, Facebook has objected to the filing of Plaintiffs' proposed amendments as to the "Jedi Blue," or network bidding, agreement between Google and Facebook.  ECFs 354, 356.

Facebook does not oppose Plaintiffs' Motion on grounds of undue delay, bad faith, or dilatory motive. Nor does Facebook dispute the veracity of Plaintiffs' proposed amendments concerning the Jedi Blue market allocation agreement or claim prejudice.  Nor can it.  Like Google,

---

[1]  *See* ECF 328-1 (Plaintiffs' schedule of 24 civil actions).  Citations are omitted and emphasis is added, unless otherwise noted.  All references to "ECF" are to the instant case, unless otherwise noted.  Facebook is now known as Meta Platforms, Inc. *See* ECF 283. References to "Response" are to Meta Platforms, Inc.'s Memorandum of Law in Opposition to Newspaper Plaintiffs' Motion to Amend (ECF 356).

Facebook will have a full and fair opportunity to present its arguments concerning the sufficiency of Plaintiffs' complaint at the dismissal stage. Rather, ignoring Plaintiffs' right to amend under Rule 15(a)(1), Facebook contends that Plaintiffs' Motion should be denied because Plaintiffs' proposed amendments are futile under a Rule 15(a)(2) analysis. But Facebook's argument is legally and factually flawed, and should be rejected. Without a principled basis to challenge Plaintiffs' right to amend, Facebook uses its brief to preview its arguments on dismissal.

Facebook's argument ignores the plain language of Rule 15(a)(1)(B) and misconstrues binding precedent from the Second Circuit which permits Plaintiffs to amend as a matter of course at this time. Because neither Defendant has answered or responded to any of Plaintiffs' operative complaints, and because Plaintiffs have sought to file their Amended Complaint before the expiration of any deadline to amend the pleadings imposed by a Rule 16 scheduling order, Plaintiffs are permitted to file their Amended Complaint as "a matter of course." Fed. R. Civ. P. 15(a)(1).

But even if Rule 15(a)(2) and its permissive standards did apply, Plaintiffs' Motion should still be granted. As explained below, Facebook's argument that amendment would be futile fails because the Amended Complaint's new allegations directly address the deficiencies identified in the Court's September 13, 2022 order. Accordingly, for the reasons set forth herein and in Plaintiffs' opening papers, the Court should grant Plaintiffs' Motion.

## II.     ARGUMENT

### A.     Plaintiffs' Proposed Amendments Are Permitted as a Matter of Course Under Rule 15(a)(1)(B)

In *Sacerdote v. N.Y. Univ.* the Second Circuit set forth the standards and timeframes which govern a plaintiff's ability to amend its complaint:

> The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought. At

the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission. After that period ends – either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A) – the plaintiff must move the court for leave to amend, but the court should grant such leave "freely . . . when justice so requires" pursuant to Rule 15(a)(2). This is a "liberal" and "permissive" standard, and the only "grounds on which denial of leave to amend has long been held proper" are upon a showing of "undue delay, bad faith, dilatory motive, [or] futility." The period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up a showing of the "good cause" that is required to modify a scheduling order under Rule 16(b)(4).

9 F.4th 95, 115 (2d Cir. 2021) (alterations in original and footnotes omitted), *cert. denied*, sub nom.

*N.Y. Univ. v. Sacerdote*, ___ U.S. ___, 142 S. Ct. 1112 (2022).[2]

It is undisputed that, at the time Plaintiffs sought to file their Amended Complaint, Defendants had not filed a responsive pleading to any of Plaintiffs' operative complaints or a motion under Rule 12(b), (e), or (f). Nor had any deadline for amendments to the pleadings imposed by a Rule 16 scheduling order expired. Notably, Plaintiffs promptly sought to file their Amended Complaint at the first permissible opportunity after the Court lifted the general stay in these consolidated proceedings.[3] As such, Plaintiffs' proposed amendments are governed by Rule

---

[2]    Rule 15(a)(1)(B) provides that a plaintiff may freely amend its pleading as a matter of course without leave of court within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier.

[3]    In its Response, Facebook states: "Two of the Newspapers already used their amendment as of right; nothing prevented the others from doing the same when they saw Google's motion to dismiss the NBA claims." *Id.* at 15. But this statement is inconsistent with the proceedings in this litigation. The Newspapers' cases have generally been stayed since the filing of the initial complaints – first after the transferor court in *HD Media Co., LLC v. Google, LLC*, 3:21-cv-00077 (S.D. W. Va.) granted Facebook's emergency motion during the pendency of the JPML's decision on Google's 28 U.S.C. §1407 Transfer Motion and then by this Court during the bellwether briefing. *See HD Media Co.*, ECFs 1, 23. Additionally, in PTO No. 1, the Court expressly stated that it "would allow time for amendments to the complaints in the private cases" after its decision on the motion to dismiss. ECF 4, ¶9. Thus, according to Facebook, Plaintiffs should have amended *once* while the cases were stayed and before the Court ruled on Google's motion to dismiss, and then *again* by seeking leave to

15(a)(1), which unambiguously provides that Plaintiffs may amend their complaints as a matter of course.[4]

Facebook's argument that Plaintiffs' right to amend as a matter of course has expired is without merit.  In *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229 (2d Cir. 2007) – the case Facebook relies upon to advance this argument – the Second Circuit held that a party's right to amend without leave "is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)."  *Id.* at 244.  In reaching its decision, *Kassner* emphasized the purpose of Rule 16, explaining why any limitation upon a party's right to amend as a matter of course is tied directly to the deadlines in a Rule 16 scheduling order:

> As we discussed in [*Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000)], Rule 16(b) expressly provides that a scheduling order is to limit the time for amendment of the pleadings and, in so doing, "is designed to offer a measure of certainty in pretrial proceedings" . . . .  Although the Rule 16(b) scheduling order, in the district court's discretion, may impose various time limits for pre-trial proceedings (including time limits on "any other matters appropriate in the circumstances of the case"), amendment of the pleadings is one of four time limits that the trial court generally must include in a Rule 16(b) scheduling order. Fed. R. Civ. P. 16(b).  The advisory committee notes provide that "[i]tem (1) assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended." Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 Amendment (discussing subsection (b)). This objective would be frustrated by an interpretation of the first sentence of Rule

amend following the Court's decision on Google's motion to dismiss.  This course of action is non-sensible and contrary to the Court's bellwether approach.

To the extent Facebook is suggesting two Plaintiffs amended their complaints in response to Google's Motion to Dismiss the Jedi Blue related claim prior to the Court's decision, this is misleading.  As explained in Plaintiffs' memorandum, the two Plaintiffs in *Brown Cnty. Publ'g Co., Inc. v. Google LLC*, No. 1:21-cv-06915 (S.D.N.Y.) amended their complaint merely to correct minor typos in their initial complaint on the same day the complaint was filed and before the creation of this MDL.  ECF 328 at 8, 11.

[4]  As noted in their Motion, and discussed in n.3, above, the one exception is *Brown*.  Nevertheless, Brown County Publishing should be granted leave to amend under Rule 15(a)(2) for the reasons set forth herein and in Plaintiffs' Motion.

- 4 -

15(a) that precludes a district court from exercising any discretion to specify the time period during which a party may effect the first amendment of its complaint prior to the serving of a responsive pleading.

*Kassner*, 496 F.3d at 243-44.  Thus, as held in *Kassner*, a party retains the right to amend as a matter of course until the expiration of the default period set forth in Rule 15(a)(1) or a deadline for amendments to the pleadings imposed by a pretrial scheduling order issued pursuant to Rule 16.[5]

*Kassner*, 496 F.3d at 243-44.

In this case, Defendants have not answered or responded to any of Plaintiffs' operative complaints.  Nor has the deadline for amendments to the pleadings as set forth in a Rule 16 scheduling order expired – in fact, a scheduling order has not yet been entered.  In PTO No. 2, the Court ordered the parties to meet and confer and submit a proposed Case Management Plan and Scheduling Order which, importantly, included a deadline for amended pleadings and motions to amend.  ECF 309, ¶¶5-6 ("The Case Management Plan and Scheduling Order . . . should address at least the matters in the in the Court's proposed Case Management Plan and Scheduling Order for an ordinary case (omitting paragraphs 1, 2, 9, 10 and 12) modified for the needs of these coordinated cases.").[6]  Accordingly, neither of the conditions which may foreclose a plaintiff's right to amend as a matter of course under Second Circuit precedent have occurred here.

---

[5]   The Second Circuit recently reaffirmed this standard in *Sacerdote* wherein it stated that a party retains its right to freely amend its pleadings pursuant to Rule 15(a)(1) as a matter of course without court permission until the "expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)."  *Sacerdote*, 9 F.4th at 115.

[6]   Paragraph 3 of the Court's proposed Civil Case Management Plan and Scheduling Order provides: "Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within ___ days from the date of this Order.  [Absent exceptional circumstances, thirty (30) days.]"  The Court's proposed plan and scheduling order is available at: https://nysd.uscourts.gov/sites/default/files/practice_documents/PKC%20Castel%20Civil%20Case% 20Management%20Plan%20%26%20Scheduling%20Order%20July%2015%2C%202020.pdf.

- 5 -

In its Response, Facebook argues that because PTO No. 2 was issued "'[p]ursuant to the authority of Rules 16(b) and 23(d)(1),'" it terminated Plaintiffs' rights under Rule 15(a)(1)(B).  ECF 306 at 14.  This argument lacks merit.  PTO No. 2 is not the equivalent of a scheduling order issued under Rule 16(b) and did not establish deadlines to join other parties, amend the pleadings, complete discovery, and file motions as generally required under Rule 16(b).  Nor does PTO No. 2 expressly terminate Plaintiffs' ability to amend as a matter of course.  *See, e.g.*, *Guity v. Santos*, 2020 WL 4340417, at *2 (S.D.N.Y. July 28, 2020) (Castel, J.) ("'the Court hereby limits the time to amend the complaint as of right or move to amend to the later of the following: (a) the date to amend as of right under Rule 15, Fed. R. Civ. P.; or (b) 21 days from the filing of the motion to dismiss'").

Facebook's position is also inconsistent with PTO No. 1 and, if accepted, would unfairly prejudice Plaintiffs.[7]  For efficiency purposes, PTO No. 1 set up a bellwether structure under which the Court would consider the States' TAC and then, once settled, permit the private plaintiffs to decide whether to amend based upon the Court's guidance.  Nothing in PTO No. 1 restricts Plaintiffs' right to amend as a matter of course or suggest that Plaintiffs right to amend would be terminated after the Court's *Opinion and Order*.  To the contrary, PTO No. 1 states the opposite:

> ***Following the decision on the motion to dismiss the claims in the state case, the Court would allow time for amendments to the complaints in the private cases*** to be followed by briefing on any motions to dismiss.  The plaintiffs in the private actions

---

[7]   Over Plaintiff's objections, Facebook moved in the *HD Media* matter to emergently extend its time to move to dismiss or otherwise respond to HD Media's complaint.  *HD Media Co., LLC v. Google, LLC*, No. 1:21-cv-06796-PKC (S.D.N.Y.) ECFs 19, 20.  In doing so, Facebook expressly represented to the District Court, *inter alia*, that Plaintiffs would not "suffer any undue prejudice if the Court grants the requested extension" and that "Facebook has not responded to any complaints regarding the alleged Google-Facebook agreement."  ECF 19 at 5, 6.  Facebook's position, now that Plaintiffs have lost their ability to amend as of right, unduly prejudices Plaintiffs transferred into the MDL.  After being extensively involved in all manner of this MDL proceeding, including issues concerning the protective order, discovery matters and the case management order, Facebook seeks to wield the MDL proceedings as a sword and a shield.  These machinations should not be countenanced.

- 6 -

may wish to consider the desirability of filing one or more consolidated pleadings taking account of the rulings on the motion to dismiss in the state case.

ECF 4, ¶9.  Thus, to construe PTO No. 2 as Facebook urges here would unfairly deny Plaintiffs the right to amend as a matter of course provided by Rule 15(a)(1)(B) when their actions – including the time when they sought to file their Amended Complaint – were done in reliance upon the clear language PTO No. 1 and in conformance with the Court's PTOs.

At bottom, Plaintiffs have properly and timely exercised their right to amend their complaints as a matter of course under Rule 15(a)(1).  Accordingly, Plaintiffs' Motion should be granted in its entirety.

### B.   Because Plaintiffs May Amend as a Matter of Course, Facebook's Futility Argument Is Misplaced

Where, as here, a plaintiff seeks to amend its complaint as a matter of course, a futility analysis is inapplicable.  This is evident by the plain language of Rule 15(a), which Facebook *ignores*.  *Id*. ("A party may amend its pleading once *as a matter of course* . . . .").  Leave to amend is also required, as recognized by Facebook's own authorities.[8]

In *Gosain v. State Bank of India*, the Second Circuit held that it was "error" for a district court to reject a motion for leave to amend on grounds of futility when the plaintiff still had the right to file an amended pleading as a matter of course.  414 Fed. Appx. 311, 315 (2d Cir. 2011).  While the *Gosain* court found the district court's error was harmless because the court lacked subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act, which could not be cured by

---

[8]   *See also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint *as a matter of course* . . . the court lacks the discretion to reject the amended complaint . . . .") (emphasis in original); *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute.").

amendment,[9] the clear implication from *Gosain* is that an amendment as a matter of course is not subject to a futility analysis.  *Id.*  Similarly, in *In re Agent Orange Prod. Liab. Litig.*, the Second Circuit held that "[b]ecause the defendants had not filed a responsive pleading when the Stephensons sought to amend their complaint, the district court erred in denying the amendment."[10]  517 F.3d 76, 104 (2d Cir. 2008).[11]

### C.    Even if a Futility Analysis Is Appropriate, Plaintiffs' Motion Should Still Be Granted Because Facebook Has Failed to Carry Its Burden of Establishing that Plaintiffs' Amendments Are Futile

As the party opposing Plaintiffs' amendment, Facebook "'bear[s] the burden of establishing that an amendment would be futile.'"  *Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 255 (S.D.N.Y. 2018).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

---

[9]    For these reasons, the facts of *Gosain* are inapposite as Plaintiffs' claims are not implausible on their face, and the Court should refuse Facebook's invitation for this Court to commit error.

[10]    In *Agent Orange*, the Second Circuit found that the district court's erroneous denial of the plaintiffs' motion was harmless because "repleading could not avoid the application of government contractor defense." *Id.* at 104.  The facts of *Agent Orange*, however, are distinguishable from those in this case.  In *Agent Orange*, the court found that plaintiffs could not bring their claim under any circumstances on account of the government contractor defense, whereas here there is no absolute bar to a liability finding against Facebook equivalent of the government contractor defense.

[11]    If the Court is inclined to consider Facebook's feasibility argument, Plaintiffs respectfully suggest that it is more appropriate and efficient to address these issues by a motion to dismiss where full briefing can be allowed and considered.  *See, e.g., Paladino v. Seals-Nevergold*, 2019 WL 1283830, at *3 (D. Vt. Mar. 20, 2019) (granting plaintiff's motion to amend over defendants' futility argument finding that full briefing on defendants' arguments via a motion to dismiss to be "the best course of action" so the parties may be provided a full opportunity to address the issues); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 125 n.11 (S.D.N.Y. 2002) ("Where, as here, the alleged futility of the proposed amendments is really an argument that the amendments would not permit the complaint to survive a motion to dismiss, such argument would better be taken up on a motion to dismiss unless the amendments' futility is readily apparent.").

- 8 -

Under Rule 12(b)(6), Plaintiffs' Amended Complaint is not subject to dismissal if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering whether Plaintiffs' proposed amendments are futile, "the court is to accept as true all facts alleged in the [Amended Complaint]" and "draw all reasonable inferences in favor of [Plaintiffs]." *Kassner*, 496 F.3d at 237. "The appropriate inquiry is not whether [Plaintiffs are] likely to prevail, but whether [they are] entitled to offer evidence to support [their] claims." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Additionally, "there is no heightened pleading standard in antitrust cases." *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 52 (2d Cir. 2016).

In its September 13, 2022 decision, the Court found that the States did not plausibly allege a §1 claim based on Google's agreements with Facebook, with respect to header bidding or in-app ad inventory. ECF 308 at 20-32. Cognizant of the Court's decision, Plaintiffs did not simply re-allege the States' allegations, contrary to Facebook's contention.

Plaintiffs' Amended Complaint demonstrates that Plaintiffs can remedy the deficiencies identified in the Court's order. For example, with respect to header bidding, the Court found that Google's actions in entering into the agreement were most consistent with a firm seeking to secure the business of a very large ***potential*** customer, rather than collusion between horizontal competitors. In reaching that conclusion, the Court noted that there was no allegation that Facebook was participating in Google's ad auctions in the time immediately preceding the NBA. ECF 308 at 25. But Plaintiffs allege that prior to the NBA, Facebook and Google (the two largest ad networks) in fact competed with one another. At that time, FAN participated in auctions hosted by Google's DFP and AdMob mediation on behalf of publishers and developers. ECF 363-2, ¶294.

- 9 -

The Court also faulted the States for offering no context on the size of Facebook's annual spending on display ads or in-app impressions, and failing to describe the NBA's effect on Facebook's use of header bidding. ECF 308 at 25. Again, Plaintiffs have filled this gap. ECF 363-2, ¶¶299-305 (describing Facebook's abrupt exit from the ad network market, which substantially reduced competition in that market, resulting in lower CPMs to publishers); *id.*, ¶315 (Facebook planned to purchase $1.5 billion worth of inventory per year through DFP/AdMob mediation).

With respect to the in-app market, the Court found that the alleged restraint on bidding should be scrutinized under the rule of reason, based on the conclusion that the agreement was principally a vertical agreement. ECF 308 at 27 (the dispute is "whether Google's understandings with Facebook are a horizontal restraint between competitors that are a *per se* violation of section 1, or, instead, should be examined under the rule of reason because they are different levels of the distribution chain, and therefore a vertical restraint"). But Plaintiffs' Amended Complaint specifically alleges that "FAN was competing against the AdMob network in the app markets." ECF 363-2, ¶288. Plaintiffs' Amended Complaint also details the anticompetitive impact of the agreement in the in-app market, and how the terms of the agreement had an actual adverse effect on the market. *Id.*, ¶¶306-319.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion and allow Plaintiffs to file their Amended Complaint in its entirety.

DATED:  November 9, 2022                  Respectfully submitted,
                                          ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                          STEVEN M. JODLOWSKI (admitted *pro hac vice*)


                                              s/ STEVEN M. JODLOWSKI
                                          ─────────────────────────────
                                              STEVEN M. JODLOWSKI

4892-8417-7982.v1

ROBBINS GELLER RUDMAN
   & DOWD LLP
DAVID W. MITCHELL (admitted *pro hac vice*)
STEVEN M. JODLOWSKI (admitted *pro hac vice)*
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
PAUL J. GELLER (admitted *pro hac vice*)
STUART A. DAVIDSON (admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

FARRELL & FULLER, LLC
PAUL T. FARRELL, JR. (admitted *pro hac vice*)
MICHAEL J. FULLER, JR. (admitted *pro hac vice*)
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
Telephone: 939/293-8244
939/293-8245 (fax)

FITZSIMMONS LAW FIRM PLLC
ROBERT P. FITZSIMMONS (admitted *pro hac vice*)
CLAYTON J. FITZSIMMONS (admitted *pro hac vice*)
1609 Warwood Avenue
Wheeling, WV 26003
Telephone: 304/277-1700
304/277-1705 (fax)

HERMAN JONES LLP
JOHN C. HERMAN (admitted *pro hac vice*)
SERINA M. VASH
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6555
404/504-6501 (fax)

Attorneys for Plaintiffs

- 11 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 9, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ STEVEN M. JODLOWSKI
STEVEN M. JODLOWSKI
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  sjodlowski@rgrdlaw.com

4892-8417-7982.v1

# Mailing Information for a Case 1:21-md-03010-PKC In re: Google Digital Advertising Antitrust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Aden Martin Allen**
  aallen@wsgr.com

- **Elin S Alm**
  ealm@nd.gov,lemoch@nd.gov

- **Peter T Barbur**
  pbarbur@cravath.com

- **Brian W Barnes**
  bbarnes@cooperkirk.com

- **Scott Leroy Barnhart**
  scott.barnhart@atg.in.gov

- **Patrick Montgomery Barrett , III**
  pbarrett@barrettlawofficetn.com

- **Zina Bash**
  zina.bash@kellerpostman.com

- **Kate M. Baxter-Kauf**
  kmbaxter-kauf@locklaw.com,atajagbusi@locklaw.com,lgn-kmbaxter-kauf@ecf.courtdrive.com

- **TerriAnne Benedetto**
  tbenedetto@dugan-lawfirm.com,cbarnes@seegerweiss.com,klaukaitis@seegerweiss.com,cchoe@seegerweiss.com

- **Daniel G Bird**
  dbird@kellogghansen.com,hwallace@kellogghansen.com,etripodi@kellogghansen.com,ecf-d43d0fc62774@ecf.pacerpro.com

- **Daniel S. Bitton**
  dbitton@axinn.com

- **David Boies**
  dboies@bsfllp.com

- **Kip T. Bollin**
  kip.bollin@thompsonhine.com,ECFDocket@thompsonhine.com

- **Jamie L Boyer**
  jboyer@koreintillery.com

- **Alex Jerome Brown**
  alex.brown@lanierlawfirm.com,3511928420@filings.docketbird.com,audrey.moore@lanierlawfirm.com

- **Joseph M. Bruno**
  jbruno@brunobrunolaw.com

- **Bryce L Callahan**
  bcallahan@yettercoleman.com

- **Johnathan R Carter**
  johnathan.carter@arkansasag.gov

- **Solomon B. Cera**
  scera@cerallp.com,jrl@cerallp.com,cdirksen@cerallp.com,kgantan@cerallp.com

- **Mark A. Colantonio**
  mark@fitzsimmonsfirm.com

- **Mark A. Colantonio**
  mark@fitzsimmonsfirm.com,jaclyn@fitzsimmonsfirm.com,mark_096@ecf.courtdrive.com,leslie@fitzsimmonsfirm.com

- **Timothy Patrick Conroy**
  timothypconroy@gmail.com

- **Charles J Cooper**
  ccooper@cooperkirk.com,johlendorf@cooperkirk.com,ccarroll@cooperkirk.com,ktroilo@cooperkirk.com

- **Andrew Dieter Cordo**
  acordo@wsgr.com

- **Ryan Z. Cortazar**
  rcortazar@koreintillery.com

- **Caitlin G. Coslett**
  ccoslett@bm.net,sleo@bm.net

- **Caitlin Goldwater Coslett**
  ccoslett@bm.net

- **Shawn Cowles**
  shawn.cowles@oag.texas.gov

- **Eric L. Cramer**
  ecramer@bm.net,sleo@bm.net,dgiovanetti@bm.net,emagnus@bm.net

- **Mary Csarny**
  Mary.Csarny@ThompsonHine.com

- **Stuart A. Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,sdavidson@ecf.courtdrive.com,khanson@rgrdlaw.com

- **Brett Talmage DeLange**
  brett.delange@ag.idaho.gov,lynn.mize@ag.idaho.gov,oscar.klaas@ag.idaho.gov

- **Zeke DeRose , III**
  zeke.derose@lanierlawfirm.com

- **Michael C Dell'Angelo , IV**
  mdellangelo@bm.net,csimon@bm.net,jgionnette@bm.net

- **Michael C. Dell'Angelo**
  mdellangelo@bm.net,eyork@bm.net,clozano@bm.net,csimon@bm.net,jgionnette@bm.net

- **James Peter Denvir , III**
  jdenvir@bsfllp.com

- **Daniel V. Dorris**
  ddorris@kellogghansen.com,ktondrowski@kellogghansen.com

- **James R. Dugan , II**
  jdugan@dugan-lawfirm.com,dscalia@dugan-lawfirm.com,dplymale@dugan-lawfirm.com,bonnie@dugan-lawfirm.com

- **Marc Howard Edelson**
  medelson@edelson-law.com

- **Vadim Egoul**
  vegoul@wsgr.com

- **Kara A. Elgersma**
  kae@wbe-llp.com,wbe-ecf@ecf.courtdrive.com

- **Jordan Elias**
  jelias@girardsharp.com,5261237420@filings.docketbird.com,avongoetz@girardsharp.com

- **Julie Elmer**
  julie.elmer@freshfields.com

- **Julie S Elmer**
  julie.elmer@freshfields.com,6188914420@filings.docketbird.com

- **Mikaela Elizabeth Evans-Aziz**
  mevansaziz@wsgr.com,ageritano@wsgr.com

- **Andrew Ewalt**
  andrew.ewalt@freshfields.com,Nicholas.Vockrodt@freshfields.com

- **Randall P. Ewing , Jr**
  REwing@KoreinTillery.com,gkaminsky@koreintillery.com

- **Paul T. Farrell , Jr**
  paul@farrellfuller.com,patty@farrell.law,lora@farrell.law

- **Paul T. Farrell, Jr**
  paul@farrellfuller.com

- **Andrew William Ferich**
  aferich@ahdootwolfson.com

- **Clayton J. Fitzsimmons**
  clayton@fitzsimmonsfirm.com,kendra@fitzsimmonsfirm.com,kait@fitzsimmonsfirm.com,christy@fitzsimmonsfirm.com,leslie@fitzsimmonsfirm.com

- **Robert Patrick Fitzsimmons**
  bob@fitzsimmonsfirm.com,kendra@fitzsimmonsfirm.com,kait@fitzsimmonsfirm.com,christy@fitzsimmonsfirm.com,leslie@fitzsimmonsfirm.com

- **Isaac Ralston Forman**
  iforman@hfdrlaw.com

- **Michael Jay Fuller**
  mike@farrellfuller.com

- **Michael Jay Fuller , Jr**
  mike@farrellfuller.com,edna@mchughfuller.com

- **Michael Jay Fuller , Jr**
  mike@farrellfuller.com

- **Paul J Geller**
  pgeller@rgrdlaw.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **Christopher Goodnow**
  cgoodnow@kellogghansen.com

- **Max C. Gottlieb**
  mgottlieb@hfdrlaw.com

- **Joshua H. Grabar**
  jgrabar@grabarlaw.com

- **Robert J. Gralewski , Jr**
  bgralewski@kmllp.com

- **Robert Gralewski, Jr**
  bgralewski@kmllp.com

- **Benjamin M. Greenblum**
  bgreenblum@wc.com

- **Philip Lawrence Gregory**
  pgregory@gregorylawgroup.com

- **Parrell D Grossman**
  pgrossman@nd.gov

- **Scott M Grzenczyk**
  scottg@girardsharp.com,7488696420@filings.docketbird.com,avongoetz@girardsharp.com

- **Daniel E. Gustafson**
  dgustafson@gustafsongluek.com

- **John David Harkrider**
  jharkrider@axinn.com

- **Jason S. Hartley**
  hartley@hartleyllp.com

- **Rebecca M Hartner**
  rhartner@scag.gov

- **Caleb Hayes-Deats**
  chayes-deats@mololamken.com,caleb.hayes-deats@usdoj.gov

- **Daniel C. Hedlund**
  dhedlund@gustafsongluek.com,jholzer@gustafsongluek.com

- **Philip R Heleringer**
  philip.heleringer@ky.gov,sarah.telle@ky.gov

- **John C. Herman**
  jherman@hermanjones.com

- **Brianna S. Hills**
  bhills@bsfllp.com

- **Mark Hirschboeck**
  mhirschboeck@kellogghansen.com

- **Michael B. Hissam**
  mhissam@hfdrlaw.com

- **Stephen M. Hoeplinger**
  stephen.hoeplinger@ago.mo.gov

- **Stephen Mark Hoeplinger**
  stephen.hoeplinger@ago.mo.gov

- **Fred Taylor Isquith**
  fisquith@zsz.com,isquithlaw@gmail.com

- **Frederick Taylor Isquith , Sr**
  ftisquith@zsz.com

- **Lee Istrail**
  lee.istrail@myfloridalegal.com

- **Jonathan M. Jacobson**
  jjacobson@wsgr.com,ageritano@wsgr.com,lalmeida@wsgr.com,cstavros@wsgr.com

- **Rachel Annie Jarvis**
  jarvislawgroup@gmail.com

- **Steven M Jodlowski**
  sjodlowski@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Christopher Chad Johnson**
  chadj@rgrdlaw.com,e_file_ny@rgrdlaw.com,chadj@ecf.courtdrive.com,e_File_sd@rgrdlaw.com,dwatts@rgrdlaw.com,ckopko@rgrdlaw.com

- **Bethan R Jones**
  bjones@kellogghansen.com

- **Mary Gibson Jowers**
  mfjowers@scag.gov

- **Bradley Justus**
  bjustus@axinn.com,gteamaxinn@axinn.com

- **Lauren Kaplin**
  lauren.kaplin@freshfields.com

- **Ashley C. Keller**
  ack@kellerpostman.com,docket@kellerlenkner.com

- **Bradley K. King**
  bking@ahdootwolfson.com,twolfson@ahdootwolfson.com,rahdoot@ahdootwolfson.com,filings@ahdootwolfson.com,1946088420@filings.docketbird.com

- **Michael E. Klenov**
  mklenov@koreintillery.com,ldunn@koreintillery.com

- **Philip C. Korologos**
  pkorologos@bsfllp.com,jkramer@bsfllp.com,eresnicow@bsfllp.com,NYC_Managing_Clerk@bsfllp.com,tshort@bsfllp.com,mlebron@bsfllp.com,philip-korologos-7041@ecf.pacerpro.com

- **David H. Kramer**
  dkramer@wsgr.com,dgrubbs@wsgr.com

- **Tim LaComb**
  tlacomb@moginrubin.com

- **Benjamin Labow**
  blabow@wsgr.com

- **Yvette K Lafrentz**
  yvette.lafrentz@state.sd.us

- **April D Lambert**
  alambert@radicelawfirm.com

- **April Dawn Lambert**
  alambert@radicelawfirm.com

- **Jeffrey A. Lamken**
  jlamken@mololamken.com

- **W Mark Lanier**
  jrm@lanierlawfirm.com

- **W. Mark Lanier**
  mark.lanier@lanierlawfirm.com,cristina.delise@lanierlawfirm.com,catherine.heacox@lanierlawfirm.com,audrey.moore@lanierlawfirm.com

- **Vanessa Allen Lavely**
  vlavely@cravath.com,abahri@cravath.com,mamiller@cravath.com,dphillips@cravath.com

- **Karen M. Lerner**
  klerner@kmllp.com,karen-lerner-7246@ecf.pacerpro.com

- **Matthew Levinton**
  Matthew.Levinton@oag.texas.gov

- **Chelsea C. Lewis**
  chelsea.lewis@formanwatkins.com

- **John Christian Lewis**
  christian.lewis@ky.gov

- **Jason M Lindner**
  lindner@hartleyllp.com

- **Robert E Litan**
  rlitan@bm.net,csimon@bm.net

- **Richard Lombardo**
  rlombardo@sls-law.com,jwelker@sls-law.com,bwilmoth@sls-law.com

- **Jessica Lonergan**
  jlonergan@wsgr.com,ageritano@wsgr.com,lalmeida@wsgr.com

- **Patrick Fanning Madden**
  pmadden@bm.net,jgionnette@bm.net

- **Eric Mahr**
  eric.mahr@freshfields.com

- **Eric J. Mahr**
  eric.mahr@freshfields.com

- **Eric J. Maier**
  emaier@kellogghansen.com

- **Hsiao C. Mao**
  mmao@bsfllp.com

- **Mark C. Mao**
  mmao@bsfllp.com

- **Sara Ellen Margolis**
  smargolis@mololamken.com

- **Pamela A. Markert**
  pmarkert@cerallp.com

- **Hart Martin**
  hart.martin@ago.ms.gov

- **Marie W.L. Martin**
  mwmartin@agutah.gov,dpotnar@ag.nv.gov,mhodges@ag.nv.gov

- **Steven A. Martino**
  stevemartino@taylormartino.com

- **Mark W Mattioli**
  mmattioli@mt.gov,edoj@mt.gov

- **Theodore W. Maya**
  tmaya@ahdootwolfson.com

- **Robert John McCallum**
  rob.mccallum@freshfields.com,6188914420@filings.docketbird.com,Tyler.CLARKSON@freshfields.com,mark.goldberg@freshfields.com

- **Derriel Carlton McCorvey**
  derriel@mccorveylaw.com

- **David A.F. McCoy**
  david.mccoy@arkansasag.gov,matilda.benson@arkansasag.gov

- **Sabria McElroy**
  smcelroy@bsfllp.com

- **Sabria McElroy**
  smcelroy@bsfllp.com

- **Matthew Alan Michaloski**
  matthew.michaloski@atg.in.gov

- **Mint Rose Day Spa LLC**
  Mintrosedayspa@gmail.com

- **David W. Mitchell**
  davidm@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David W. Mitchell - PHV**
  davidm@rgrdlaw.com

- **Daniel Jay Mogin**
  dmogin@moginrubin.com,jchatfield@moginrubin.com,sbuack@moginrubin.com,ngeraci@moginrubin.com,jsidhwa@moginrubin.com,carmijo@moginrubin.com

- **Jason Blake Mollick**
  jmollick@wsgr.com,ageritano@wsgr.com

- **Dianne M. Nast**
  dnast@nastlaw.com

- **Michelle C Newman**
  mnewman@ag.nv.gov,dpotnar@ag.nv.gov,mhodges@ag.nv.gov

- **Daniel Jay Nordin**
  dnordin@gustafsongluek.com

- **Carol L. O'Keefe**
  cokeefe@koreintillery.com

- **Carol Lee O'Keefe**
  cokeefe@koreintillery.com,jwitteried@koreintillery.com,llucas@koreintillery.com

- **Jennifer M. Oliver**
  joliver@moginrubin.com

- **John K Olson**
  john.olson@ag.idaho.gov

- **Kevin J. Orsini**
  korsini@cravath.com,mao@cravath.com,FBADTechAssociates@cravath.com,pbarbur@cravath.com,Antitrust_Paralegals@cravath.com

- **Jesse Michael Panuccio**
  jpanuccio@bsfllp.com

- **Eliana M. Pfeffer**
  epfeffer@kellogghansen.com,edawson@kellogghansen.com

- **Daniel J. Pfefferbaum**
  dpfefferbaum@rgrdlaw.com,dpfefferbaumRGRD@ecf.courtdrive.com

- **Jeffery G Pickett**
  jeff.pickett@alaska.gov

- **Tara W Pincock**
  tpincock@agutah.gov

- **Adam E Polk**
  apolk@girardsharp.com,avongoetz@girardsharp.com,3768906420@filings.docketbird.com

- **Warren D Postman**
  wdp@kellerlenkner.com

- **John D. Radice**
  jradice@radicelawfirm.com

- **Tiffany Ray**
  tiffany@taylormartino.com

- **Tiffany N. Ray**
  tiffany@taylormartino.com

- **Harold S. Reeves**
  hreeves@cooperkirk.com

- **Martha Reiser**
  mreiser@cravath.com

- **Sophia Marie Rios**
  srios@bm.net

- **Sophia Marie Rios**
  srios@bm.net

- **Sean P. Rodriguez**
  srodriguez@bsfllp.com,sphan@bsfllp.com,sean-rodriguez-4625@ecf.pacerpro.com

- **Thaizza M Rodriguez**
  trodriguez@justicia.pr.gov

- **David Evan Ross**
  dross@seitzross.com

- **Peter Frederic Rottgers**
  prottgers@sls-law.com,ctraffis@sls-law.com

- **Jonathan Rubin**
  jrubin@moginrubin.com,jchatfield@moginrubin.com,sbuack@moginrubin.com,tlacomb@moginrubin.com,ngeraci@moginrubin.com,jsidhwa@moginrubin.com,dmo

- **Jonathan Laurence Rubin**
  jrubin@moginrubin.com

- **Franklin M Rubinstein**
  frubinstein@wsgr.com

- **Jan Rybnicek**
  jan.rybnicek@freshfields.com

- **John E. Schmidtlein**
  jschmidtlein@wc.com,john-schmidtlein-5892@ecf.pacerpro.com

- **Justina K. Sessions**
  jsessions@wsgr.com,ageritano@wsgr.com

- **Justina Kahn Sessions**
  jsessions@wsgr.com

- **Dena C. Sharp**
  dsharp@girardsharp.com,avongoetz@girardsharp.com,8388361420@filings.docketbird.com

- **Dena C. Sharp**
  dsharp@girardsharp.com

- **Heidi M. Silton**
  hmsilton@locklaw.com,lgn-hmsilton@ecf.courtdrive.com,hnpotteiger@locklaw.com,sljuell@locklaw.com

- **William Nelson Sinclair**
  bsinclair@mdattorney.com

- **SkinnySchool LLC**
  info@mariamarquesfitness.com

- **Brooke Clason Smith**
  brooke.smith@kellerlenkner.com

- **Michael S Sommer**
  msommer@wsgr.com,ageritano@wsgr.com

- **Dennis Stewart**
  dstewart@gustafsongluek.com

- **Christopher Eric Stiner**
  cstiner@ahdootwolfson.com

- **Daniel Strunk**
  daniel.strunk@kellerpostman.com

- **Michael E. Sumner**
  sumnerpc@numail.org

- **Archana Tamoshunas**
  atamoshunas@tcllaw.com

- **David H Thompson**
  dthompson@cooperkirk.com,elizza@cooperkirk.com,abailey@cooperkirk.com,ktroilo@cooperkirk.com

- **John Thorne**
  jthorne@kellogghansen.com,awhite@kellogghansen.com,sthorne@kellogghansen.com,csella@kellogghansen.com

- **Stephen M. Tillery**
  stillery@koreintillery.com,ldunn@koreintillery.com,leckhardt@koreintillery.com

- **Katielynn Boyd Townsend**
  ktownsend@rcfp.org

- **Lucas J Tucker**
  ltucker@ag.nv.gov,dpotnar@ag.nv.gov,mhodges@ag.nv.gov

- **Serina M. Vash**
  svash@hermanjones.com

- **Serina Marie Vash**
  svash@hermanjones.com

- **Jeffrey M. Wakefield**
  jwakefield@fsblaw.com

- **Daniel John Walker**
  dwalker@bm.net

- **Marc Alfred Wallenstein**
  mwallenstein@koreintillery.com

- **Michaela Wallin**
  mwallin@bm.net

- **Clarence Webster , III**
  cwebster@babc.com

- **Gregory F Wesner**
  gwesner@hermanjones.com

- **Kenneth A. Wexler**
  kaw@wbe-llp.com,wbe-ecf@ecf.courtdrive.com

- **James A. Wilson**
  jawilson@vorys.com

- **Tina Wolfson**
  twolfson@ahdootwolfson.com,bking@ahdootwolfson.com,filings@ahdootwolfson.com,hkelston@ahdootwolfson.com,hliivamagi@ahdootwolfson.com,rahdoot@ahd

- **Koren Wong-Ervin**
  kwongervin@axinn.com

- **Stephen Yelderman**
  stephen.yelderman@kellerlenkner.com

- **R Paul Yetter**
  pyetter@yettercoleman.com

- **Trevor Young**
  trevor.young@oag.texas.gov,stephen.craig@oag.texas.gov

- **George A. Zelcs**
  gzelcs@koreintillery.com,ldunn@koreintillery.com,leckhardt@koreintillery.com,gkaminsky@koreintillery.com,mbannester@koreintillery.com,dhutton@koreintillery.c

- **Jason Allen Zweig**
  jaz@kellerpostman.com,docket@kellerlenkner.com

- **Peter Bradford deLeeuw**
  brad@deleeuwlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Erin            K Dickinson
Crueger Dickinson LLC
4532 N Oakland Ave
Whitefish Bay, WI 53211

Paul            T. Farrell
Greene, Ketchum, Farrell, Bailey & Tweel, LLP
P.O. Box 2389
419 - 11th Street
Huntington, WV 25724-2389

Steven          A. Martino
Taylor Martino & Hedge
61 St. Joseph Street
1600 SouthTrust Bank Building
Mobile, AL 36602
```