

**Zwerling, Schachter & Zwerling, LLP**
Counselors at Law

November 10, 2022

**VIA ECF**

The Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

41 Madison Avenue
New York, NY 10010
tel.  212•223•3900
fax  212•371•5969

      Re:   *In re Google Digital Advertising Antitrust Litigation,*
               No. 1:21-md-03010 (PKC)

Dear Judge Castel:

      Pursuant to this Court's Individual Practices 3A(iii) and (iv), plaintiffs SPX Total Body Fitness LLC, SkinnySchool LLC d/b/a Maria Marquis Fitness, and Mint Rose Day Spa (the "SPX Plaintiffs") respond to pre-motion letter dated November 4, 2022 of Defendants Google LLC ("Google"), Alphabet, Inc. and YouTube LLC (together the "Google Defendants") (ECF No. 367). Pursuant to Your Honor's Individual Practices, we note that there is no conference scheduled at this time.

      In accordance with Your Honor's order of March 3, 2022 (the "March Order") Fred T. Isquith, Sr. was appointed to the Advertisers Class Steering Committee Action to "assist with the litigation," and whose duties include "[d]rafting amended complaints" (ECF No. 263).

      On the evening of October 4, 2022, the day before purposed motions to amend complaints were due to be filed, we were informed via telephone and email by Co-Lead Counsel that they were "not in a position to add SPX Fitness or the proposed allegations to the consolidated amended advertiser class complaint,

**Zwerling, Schachter & Zwerling, LLP**
Counselors at Law

The Honorable P. Kevin Castel
November 10, 2022
Page 2

particularly given the procedural history here and the Court's recent ruling."[1]  For this reason, the SPX Actions remain pending independent from the Google Advertisers' case.

The Google Defendants' November 4, 2022 pre-motion letter requests permission to move to dismiss the SPX Plaintiffs' complaints (the "SPX Actions"). The SPX Actions were filed on behalf of the only class that includes individual or entities directly advertising on Facebook.

For the reasons discussed in this letter, the SPX Plaintiffs have not exercised their rights under Fed. R. Civ. P. Rule 15(a) to amend the SPX Complaints. Therefore, we respectfully ask the Court abate the provisions of the Court's March Order to permit the SPX Plaintiffs to exercise those rights and to deny the Google Defendants' request to file a motion to dismiss.

**Response to the Google Defendants' Request to Dismiss the SPX Complaints**

**(a) Only the SPX Plaintiffs can State a Claim against Google relating to the Network Bidding Agreement[2]**

Only the SPX Plaintiffs have standing to assert claims under federal antitrust laws regarding transactions with Facebook that were impacted by the NBA between Facebook and Google as horizontal competitors.[3]  The plaintiffs in

---

[1]  With regard to this Court's dismissal of the States' Section 1 claim concerning the Network Bidding Agreement (the "NBA"), at least one of the Co-Lead Counsel's actions are at odds with the decision to disallow the amendments of the SPX Actions. On February 28, 2022, while the leadership motions in this MDL were being considered by this Court, one of the Co-Lead Counsel filed an amendment to a lawsuit pending in the Northern District of California, *Klein, et al. v. Meta Platforms, Inc.* (Case No. 3:20- cv - 08570, ECF No. 237) mirroring the allegations of the SPX Actions on behalf of a class of Facebook advertisers.

[2]  In late September 2018, Google and Facebook entered into the NBA.

[3]  Because of the peculiar circumstances in which they found themselves, between the grant of authority contained in the March Order and the refusal of the Co-Lead counsel to include the SPX claims, as proposed to be amended, the SPX Plaintiffs have not drafted a full proposed amended complaint. The November 4, 2022 letter brings this matter before the Court.

**Zwerling, Schachter & Zwerling,** LLP
Counselors at Law

The Honorable P. Kevin Castel
November 10, 2022
Page 3

the proposed Google Advertisers Complaint (the "Advertisers' CAC", ECF No. 317-1), alleged direct contracts with Google.

The Section 1 claim alleged in the State Plaintiffs' Third Amended Complaint ("TAC") was dismissed by the Court in the order ruling on the motion to dismiss (the "TAC MTD Order") (ECF No. 308). Google now argues that determination controls the outcome of the allegations of the SPX Actions.

The SPX Plaintiffs do not claim to have done business or have antitrust standing to challenge any transactions but those with Facebook. The SPX Plaintiffs only had transactions with Facebook and never alleged an unlawful Google monopoly claim.

Using the information publicly available, as well as the information which Google was compelled to produce by this Court's orders on September 24, 2021 (ECF No. 129) and November 5, 2021 (ECF No. 168), the SPX Plaintiffs can expand upon their allegations and allege that the NBA had a direct adverse effect on advertisers directly advertising on Facebook – advertising for which both Facebook and Google actively competed. Unlike the TAC, the Advertisers' CAC, which purport to represent only those who advertised on Google, the SPX Plaintiffs, from the commencement of their lawsuits in the Northern District of California, have sought only to represent those who advertised on Facebook.

The SPX Plaintiffs allege that Facebook and Google directly competed for advertisers and advertising. It can be more than plausibly alleged that the NBA restrained that competition and competitive pricing on Facebook. That unrestrained competition would have resulted in lower prices on Facebook. Indeed, the information to be included should, Your Honor permit amendment, would plausibly show that Google knew that the introduction of Facebook as an advertising competitor would create a large competitive threat in the advertising market and lower prices (and profits) below anticipation. As a result, the SPX Plaintiffs respectfully submit that if allowed to amend their complaints they could satisfy the concerns addressed by the Court.

**(b) The SPX Plaintiffs alone have standing to assert claims for a Facebook Class for transactions with Facebook**

Google asserts that the SPX Plaintiffs lack standing to assert any but monopoly claims against Google. The SPX plaintiffs, however, do not and have never alleged monopoly claims against Google. The SPX Plaintiffs need not weigh in on the differences of view regarding the defenses that Google might have to the Advertisers' CAC. The SPX Plaintiffs' claims arise from their direct transactions with Facebook and the impact of the NBA, which the SPX Plaintiffs allege was an unlawful agreement between horizontal competitors Google and Facebook.

**(c) The SPX Plaintiffs are not subject to any arbitration provisions with Google because they did not have a contract with Google**

Whatever the applicability of any arbitration provisions in agreements between Google and those that dealt directly with it, those provisions do not apply to the SPX Plaintiffs. The SPX Plaintiffs do not allege a contract between Google and any of them and are not subject to any arbitration agreement with Google, and have not asserted any claims against Facebook.

Pursuant to Your Honor's Individual Practice 3.A. (iv), the SPX Plaintiffs request relief from this March 2022 Order to enable them (1) to file this letter and have it considered by the Court; (2) amend their complaints, pursuant to Rule 15(a) in one consolidated complaint: and (3) respond to any motion addressed to that amended complaint and in the for the present deny the Google Defendants' request to file a motion to dismiss the SPX Plaintiffs. If given leave, the amended complaint can be filed 10 business days after receiving Court permission.

Respectfully submitted,

**ZWERLING, SCHACHTER
& ZWERLING, LLP**

By: _/s/ Fred T. Isquith Sr._
Fred T. Isquith, Sr. (FI-6782)
Robert S. Schachter (RS-7243)
Robin F. Zwerling (RZ-6736)

**Zwerling, Schachter & Zwerling, LLP**
Counselors at Law

The Honorable P. Kevin Castel
November 10, 2022
Page 5

        41 Madison Avenue
        New York, NY 10010
        Tel: (212) 223-3900
        Fax: (212) 371-5969
        Email: ftisquith@zsz.com
        Email: rschachter@zsz.com
        Email: rzwerling@zsz.com

        Fred T. Isquith, Jr. (FI-1064)
        **ISQUITH LAW**
        220 East 80th Street
        New York, NY 10075
        Tel: (607) 277-6513
        Email: isquithlaw@gmail.com

        Solomon B. Cera (admitted *pro hac vice*)
        Pamela A. Markert (admitted *pro hac vice*)
        **CERA LLP**
        201 California Street, Suite 1240
        San Francisco, CA 94111
        Telephone: (415) 777-2230
        Fax: (415) 777-5189
        Email: scera@cerallp.com
        Email: pmarkert@cerallp.com

        Heidi Silton (admitted *pro hac vice*)
        Kate M. Baxter-Kauf (admitted *pro hac vice*)
        **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
        100 Washington Avenue S., Suite 2200
        Minneapolis, MN 55401-2159
        Tel: (612) 596-4092
        Email: hmsilton@locklaw.com
        Email: kmbaxter-kauf@locklaw.com

**Zwerling, Schachter & Zwerling, LLP**
Counselors at Law

The Honorable P. Kevin Castel
November 10, 2022
Page 6

    Richard Vita (*pro hac vice* forthcoming)
    **VITA LAW OFFICES, P.C.**
    100 State Street, Suite 900
    Boston, MA 02109
    Tel: (617) 426-6566
    Email: rjv@vitalaw.com
    *Attorneys for Plaintiffs SPX Total Body Fitness LLC, d/b/a The Studio Empower, SkinnySchool LLC d/b/a/ Maria Marques Fitness, and Mint Rose Day Spa LLC*