HERMAN JONES LLP

ATLANTA - NEWARK - SEATTLE

Serina M. Vash
svash@hermanjones.com

November 10, 2022

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-131

**Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *HD Media, et al. v. Google LLC*, No. 1:21-cv- 06796 (PKC)**

Dear Judge Castel:

We write on behalf of the Individual Direct Action Newspaper Plaintiffs (hereinafter the "Newspaper Plaintiffs") in response to Defendant Google LLC's November 4, 2022 Pre-Motion Letter, No. 1:21-md-3010 (ECF 367).[1] Pursuant to the Court's Individual Practices, we note that there is no conference scheduled at this time.

Google's proposed Motion to Dismiss the Newspaper Plaintiffs' Amended Complaint ("AC") is without merit. The AC filed by the Newspaper Plaintiffs (ECF 329) plausibly alleges, with appropriate factual detail, that Google has harmed competition in the relevant online display advertising markets in violation of Sections 1 and 2 of the Sherman Act (Counts I, II, IV and V) and that Google has been unjustly enriched through Plaintiffs' efforts (Count III) as set forth in the AC. Google did not oppose the Newspaper Plaintiffs' Motion for Leave to Amend its Complaint. ECF No. 354 (October 26, 2022), but instead seeks to challenge the sufficient of the AC. ECF 367.

## I. Google's Motion to Dismiss Newspaper Plaintiffs' AC is Without Merit

The Newspaper Plaintiffs' AC more than satisfies the pleading standard for federal antitrust cases. As respects Count I – the Newspaper Plaintiffs' §2 monopolization claim –

[1] Per the Court's Pre-Trial Orders 2 and 3 (ECF 309, 311), the Newspaper Plaintiffs have sought to amend their complaint and filed an AC with the Court on October 5, 2022. (ECF 329). Google's Pre-Motion Letter and Newspaper Plaintiffs' response herein refer to the AC, ECF 329.

Plaintiffs allege a series of anticompetitive restraints, many of which this Court has already found plausible in the bellwether Motion to Dismiss the States' Third Amended Complaint. The AC details in 140 paragraphs (¶¶198-337), how Google illegally and willfully maintained and extended its monopoly of the markets plead therein in violation of §2 of the Sherman Act, 15 U.S.C. §2.

Google nakedly asserts that Plaintiffs' allegations should be dismissed for "relying almost entirely on allegations of Google 'all but requiring' publishers to use AMP and thwarting header bidding." This jaundiced reading of the AC purposefully ignores the bulk of allegations set forth therein – a strategy Google unsuccessfully employed in the 11th Circuit. *Inform Inc. v. Google LLC*, No. 21-13289, 2022 WL 3703958, at *6 (11th Cir. Aug. 26, 2022).[2]

As respects Count II – Google's illegal Market Allocation Agreement with Facebook in violation of §1 of the Sherman Act – Google acknowledges that the Newspaper Plaintiffs' AC incorporates "newly pleaded allegations," citing the AC ¶¶ 267-321. In its September 13, 2022 Opinion and Order, this Court found that the States did not plausibly allege a §1 claim based on Google's agreements with Facebook, with respect to header bidding or in-app ad inventory. ECF 308 at 20-32. Cognizant of this Court's decision and following the guidance set forth therein, Plaintiffs substantially augmented and clarified those allegations, including by alleging facts this Court had found lacking. Plaintiffs' AC demonstrates that Plaintiffs can remedy the deficiencies identified in the Court's order.

As respects Count III, Plaintiffs' adequately plead that Google benefitted at the Newspaper Plaintiffs' expense such that equity and good conscience require restitution. An unjust enrichment claim in New York requires proof that (1) defendant was enriched, (2) at plaintiff's expense, and that (3) equity and good conscience militate against

---

[2] Despite Google's attempt to cast the *Inform* case as an extremely narrowly single allegation case, the Eleventh Circuit found that: "The amended complaint also asserts that Google excluded all competitors from the online advertising markets by disabling and disparaging its competitors' products and services; illegally conditioning the purchase of ads on its subsidiary YouTube on Google's ad-buying tools; using its control over the dominant ad auction to preference its own offerings and disadvantage those of rivals; and purposefully rendering some of its dominant products and services incompatible with its competitors' offerings. Google allegedly did all of that to avoid and eliminate competition, rather than meet it on the merits. . . . Inform also contends that it is an efficient enforcer of the antitrust laws as a would-be competitor excluded from the online advertising markets. We agree." 2022 WL3703958, at *6.

permitting defendant to retain what the plaintiff is seeking to recover. *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021)(citing *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc*., 373 F.3d 296, 306 (2d Cir. 2004)). Unjust enrichment "contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." *Id*. (citations omitted).

Indeed, the AC clearly articulates that news content that Google did nothing to create but used for its own pecuniary gain generated an estimated *$4.7 billion in annual revenue for Google in 2019* alone. The AC further alleges that Plaintiffs' original content, for which it is not compensated, benefits Google by improving Google's search results and algorithms thereby creating trust in its products; causing users to stay longer within Google's ecosystem of products; and enabling Google to extract user data and information, which it then utilizes to deliver its targeted ads. (ECF 329 ¶¶ 375-381).

Google's Pre-Motion Letter does not adequately speak to Count IV (Monopoly Leveraging) and Count V (Attempted Monopoly). Respectfully, the Newspaper Plaintiffs reserve the right to seek leave to amend the AC if the arguments raised in Defendants' Motion to Dismiss (to the extent it is permitted) vary materially from those raised in their Pre-Motion Letter.

## II. Newspaper Plaintiffs Propose An Alternative Briefing Schedule

The Newspaper Plaintiffs object to Google's proposed briefing schedule. Google's proposal is facially excessive and risks unnecessarily delay. Your Honor is now intimately familiar with the allegations of the case, having already received briefing and heard oral argument on Google's motion to dismiss the State's Third Amended Complaint. Moreover, the Court has already contemplated and set forth in the September 13, 2022 Opinion and Order what allegations were sufficiently pled to plausibly state a claim for relief and *specifically* what factual allegations were lacking as respects certain categories of alleged anticompetitive conduct. Google's Motion to Dismiss the Newspaper Plaintiffs' AC is directed only to the anticompetitive acts alleged. There is no challenge to market definitions or the like, and thus as respects the Newspaper Plaintiffs' AC briefing will be relatively straightforward.

Google's proposal regarding timing means that nine to twelve months will elapse before this Court will render a decision, assuring that many more local newspapers will go out of business before they can seek redress for Google's anticompetitive and exclusionary acts. Although the Newspaper Plaintiffs' allege some unique claims, the bulk of allegations augment and overlap with the States' Third AC, and otherwise substantially overlap with the Class Plaintiffs and Plaintiff Daily Mail.

Thus, the Newspaper Plaintiffs alternatively propose that Google's motion be briefed in no more than 120 days as follows: 45 days to file the motion, 45 days to oppose the motion, and 30 days to reply. We are also amenable to a shorter (30/30/14) schedule.

As respects page limitations, Google has proposed to submit 60 pages of briefing on four of their six motions, for more than *300 pages* total allotted to Google. Given the Court's familiarly with the allegations, as well as the narrow set of allegations subject to Google's proposed motion, the Newspaper Plaintiffs respectfully propose the following page limits for briefing on Google's motion: 25 pages for Google's motion; 25 pages for the Newspaper Plaintiffs' response; and 10 pages for Google's reply.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ *Serina M. Vash*

SERINA M. VASH
HERMAN JONES LLP

HERMAN JONES LLP
JOHN C. HERMAN (admitted *pro hac vice*)
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
Telephone: 404/504-6555
404/504-6501 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
PAUL J. GELLER (admitted *pro hac vice*)
STUART A. DAVIDSON (admitted *pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
DAVID W. MITCHELL
(admitted *pro hac vice*)
STEVEN M. JODLOWSKI
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

FARRELL & FULLER, LLC
PAUL T. FARRELL, JR. (admitted *pro hac vice*)
MICHAEL J. FULLER, JR.
(admitted *pro hac vice*)
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
Telephone: 939/293-8244
939/293-8245 (fax)

FITZSIMMONS LAW FIRM PLLC
ROBERT P. FITZSIMMONS
(admitted *pro hac vice*)
CLAYTON J. FITZSIMMONS
(admitted *pro hac vice*)
1609 Warwood Avenue
Wheeling, WV 26003
Telephone: 304/277-1700
304/277-1705 (fax)

Attorneys for Plaintiffs

cc: All Counsel of Record (via CM/ECF)

*In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
November 10, 2022
Page 6