**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105

O: 415-947-2000

JUSTINA K. SESSIONS
Email: jsessions@wsgr.com
Direct dial: (415) 947-2197

November 14, 2022

<u>VIA CM/ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *In re Google Digital Advertising Litigation*, 1:21-md-03010 (PKC)

Dear Judge Castel:

  On behalf of Defendants Google LLC, Alphabet Inc., and YouTube LLC (collectively, "Google"), we submit this reply to the five separate letters (ECF Nos. 377, 379-382) filed by various private plaintiffs on November 10, 2022 ("Objecting Plaintiffs") regarding Google's pre-motion letter requesting leave to file motions to dismiss Objecting Plaintiffs' complaints (ECF No. 367).  Objecting Plaintiffs raise issues regarding case management, the merits of their pleadings, and the briefing schedule.  We briefly address each issue in turn.  Pursuant to Your Honor's Individual Practices, we note that there is no conference scheduled at this time.

  *Case management issues.*  Certain of the Objecting Plaintiffs inappropriately use their response to Google's pre-motion letter as an opportunity to raise disputes about the parties' proposed Scheduling Orders.  (*See* ECF No. 377 at 3 (Daily Mail); ECF No. 382 at 4 (Advertiser Class).)  Daily Mail inaccurately summarizes Google's position as seeking "to extend the discovery stay . . . until this Court decides all four (and potentially five) of Google's separate motions to dismiss the various complaints in these centralized actions." (ECF No. 377 at 1.)  This is false.  As explained in Google's letter to the Court last week (ECF No. 371 at 4-5), Google proposes that discovery be stayed only until the State Plaintiffs' complaint has been finalized, and if State Plaintiffs do not further amend their complaint, then Google does not object to discovery proceeding on all claims excepting (i) those that the Court has already rejected as bases for antitrust liability and (ii) Google's Search business, an area that is far removed from the allegations in this case (*see* ECF No. 308 at 70-72).

***Merits issues.***  While each of the Objecting Plaintiffs disagrees with some of the merits issues raised in Google's letter, none explains why its arguments should prevent Google from raising its points in traditional motion practice.  In any event, none of the Objecting Plaintiffs' contentions is correct—and certainly none so clear that it should not be tested through briefing and argument.[1]

Some Objecting Plaintiffs argue that Google should not be allowed to dismiss parts of complaint counts and that their "monopoly broth" assertions allow consideration of conduct that is not harmful to competition, including conduct the Court has already held not to be anticompetitive.  (*See, e.g.*, ECF No. 377 at 2 (Daily Mail); ECF No. 379 at 3-5 (Publisher Class); ECF No. 382 at 4 (Advertiser Class).)  But conduct that is not anticompetitive cannot contribute to an antitrust violation in any event.  *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 459 (2009).  Inclusion in the analysis requires at least a "synergistic effect," *City of Groton v. Conn. Light & Power Co.*, 662 F.2d 921, 928-29 (2d Cir. 1981), and "'there can be no synergistic result' if none of the acts alleged is an antitrust violation."  *Dreamstime.com, LLC v. Google, LLC*, 2019 WL 341579, at *7 (N.D. Cal. Jan. 28, 2019) (quoting *Cal. Comput. Prods., Inc. v. Int'l Bus. Machs. Corp.*, 613 F.2d 727, 746 (9th Cir. 1979)).  The Objecting Plaintiffs' amended complaints address this point in purely conclusory fashion, if they even address it at all.  (*See* ECF No. 317-1 at ¶ 168 (Ads. Compl.); ECF No. 322-1 at ¶ 34 (Pubs. Compl.); ECF No. 328-2 at ¶ 219 (Newsp. Compl.).)  The Court's Opinion and Order dismissed various aspects of the State Plaintiffs' claims, and the same approach is warranted in these related private cases.

Google can and will address Objecting Plaintiffs' other arguments in due course should its motions be authorized.

***Briefing schedule.***  Google proposed that it be allowed to file six motions to dismiss within 90 days of the Court's Order on its pre-motion letter, that Private Plaintiffs respond 90 days later, and that Google reply 45 days after that.  (ECF No. 367 at 11.)  Objecting Plaintiffs seek to significantly limit Google's proposed schedule on the grounds that it would delay discovery in this proceeding.  (*See, e.g.*, ECF No. 377 at 6; ECF No. 379 at 7; ECF No. 381 at 3-4; ECF No. 382 at 4.)  This concern is unwarranted.  First, as discussed above, if State Plaintiffs are held to their Third Amended Complaint, Google's proposal would have discovery and briefing of these motions occur simultaneously, so the length of the briefing schedule would not slow down other aspects of this litigation.  (*See* ECF No. 371 at 5.)  Second, it bears repeating that Plaintiffs have already received over 2.2 million documents.  Finally, each of the Objecting Plaintiffs fails to take into account that Google must separately address six sets of pleadings.  To simply illustrate the breadth of Plaintiffs' filings, whereas Google's single pre-motion letter was 12 pages, Objecting Plaintiffs responded with 5 filings totaling 31 pages.

---

[1] Advertiser Plaintiffs' previous complaint was dismissed in the Northern District of California.  *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 2021990 (N.D. Cal. May 13, 2021).  None of the other Objecting Plaintiffs' complaints has yet been tested on a motion to dismiss.

WILSON SONSINI

November 14, 2022
Page 3

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

cc:  All Counsel of Record (via ECF)