UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) *This Document Relates to:* *ALL ACTIONS* |

**DEFENDANT GOOGLE LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL LIMITED PERSONAL INFORMATION IN EXHIBITS A, B, C, AND D TO THE DECLARATION OF ROBERT J. MCCALLUM IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED**

FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555

AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201

*Counsel for Defendants Google LLC,*
*Alphabet Inc., and YouTube LLC*

WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Fax: (415) 947-2099

Pursuant to Rule 5 of this Court's Individual Practices and Rule 6.1(b) of the Local Civil Rules, Defendant Google LLC ("Google") respectfully requests that the Court maintain under seal limited personal information in Exhibits A, B, C, and D to the Declaration of Robert J. McCallum in Support of Google's Opposition to Plaintiffs' Motion for Order Compelling Production of Documents Withheld as Privileged. The versions of the exhibits filed on the public docket contain narrowly tailored redactions to prevent disclosure of personal information that would significantly harm the privacy interests of Google employees.[1] The proposed redactions are highlighted within the versions of the exhibits filed under seal.

## BACKGROUND

In response to Plaintiffs' Motion for Order Compelling Production of Documents Withheld as Privileged, No. 1:21-MD-3010 (PKC), ECF No. 368, Google is contemporaneously filing an Opposition supported by a Declaration of Robert J. McCallum, which appends four Declarations – labeled as Exhibits A, B, C, and D – provided by Google employees. The exhibits contain the names and job titles of Google employees who have personal knowledge of certain documents challenged by Plaintiffs. This personal information has not appeared on the public docket in this case. Google respectfully submits that limited redactions of personal details that have not been publicly disclosed in this case are necessary to protect the privacy interests of these individuals in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of*

---

[1] In accordance with the Court's prior orders, the version of the Declarations filed on the public docket redacts non-public personal information of Google employees. *See* No. 1:21-MD-3010 (PKC), ECF No. 147, at 9 (permitting redaction of names, titles, and contact details of Google employees from the Second Amended Complaint); 151, at 1 (permitting redaction of names, titles, and contact details of Facebook employees from the Second Amended Complaint); 186, at 2 (permitting redaction of names, titles, and contact details of Facebook employees from the Third Amended Complaint); 189, at 1 (clarifying that titles of Facebook senior executives need not be redacted from the Third Amended Complaint); 194, at 2 (permitting redaction of names, titles, and contact details of Google employees from the Third Amended Complaint); 250, at 1 (permitting redaction of names and titles of Google employees from Exhibit A to the Declaration of Andrew J. Ewalt in Support of Google's Motion to Dismiss the Third Amended Complaint); 359 at 1 (provisionally permitting redaction of personal information of Google employees within a publicly-filed privilege log).

*Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006), and the Court's previous orders on sealing limited personal information, including names and job titles, in the Second Amended Complaint and Third Amended Complaint. *See supra* note 1.

## ARGUMENT

When evaluating motions to seal or redact information, Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors," including "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure.  *See Lugosch*, 435 F.3d at 110; *see also United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050–51 (2d Cir. 1995).  A court may issue a "narrowly-tailored" order based on "specific, on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124).  The "privacy interests of innocent third parties . . . should weigh heavily" because public court records should not serve to "gratify private spite or promote public scandal." *Amodeo II*, 71 F.3d at 1050–51 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001).

As the Court previously recognized, "the names, job titles and email addresses of Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access."  No. 1:21-MD-3010 (PKC), ECF No. 147, at 9.  This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue.  *See, e.g.*, *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Valassis Commc'ns, Inc. v. News*

*Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction . . . is warranted").

Google requests redaction of the names and job titles of the Google employees.  Those names and job titles are the same type of personal information that the Court previously permitted the parties to redact from the Second Amended Complaint, the Third Amended Complaint, and other public filings in this litigation. *See supra* note 1.  The identities of these employees are not at issue in this dispute. If this personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment.  Thus, on balance, the proposed redactions are necessary to protect the privacy interests of Google's employees and will not prevent the Court or the public from evaluating the relevant facts in this dispute.

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court maintain under seal limited personal information in Exhibits A, B, C, and D to the Declaration of Robert J. McCallum in Support of Google's Opposition to Plaintiffs' Motion for Order Compelling Production of Documents Withheld as Privileged.

Dated: November 14, 2022                Respectfully Submitted,


                                         /s/ *Eric Mahr*
                                         Eric Mahr
                                         Julie Elmer
                                         Andrew J. Ewalt (admitted *pro hac vice*)
                                         Jan Rybnicek (admitted *pro hac vice*)
                                         Lauren Kaplin
                                         Robert J. McCallum
                                         FRESHFIELDS BRUCKHAUS
                                            DERINGER US LLP
                                         700 13th Street NW, 10th Floor
                                         Washington, DC 20005
                                         (202) 777-4500
                                         eric.mahr@freshfields.com

julie.elmer@freshfields.com
andrew.ewalt@freshfields.com
jan.rybnicek@freshfields.com
lauren.kaplin@freshfields.com
rob.mccallum@freshfields.com

Justina Sessions
Jonathan Jacobson
Jessica Lonergan
Mikaela Evans-Aziz
WILSON SONSINI GOODRICH &
   ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
(415) 947-2000
jsessions@wsgr.com
jjacobson@wsgr.com
jlonergan@wsgr.com
mevansaziz@wsgr.com

John Harkrider
Daniel Bitton
Bradley Justus (admitted *pro hac vice*)
Koren Wong-Ervin (admitted *pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
jharkrider@axinn.com
dbitton@axinn.com
bjustus@axinn.com
kwongervin@axinn.com

*Counsel for Defendants Google LLC,*
*Alphabet Inc., and YouTube LLC*