# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Google Advertising Antitrust Litigation* | Civil Action No. 21-MD-3010 (PKC) <br><br> This Document Relates to: ALL ACTIONS |

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED AND CLARIFYING <u>GUIDELINES FOR PRODUCTION</u>

I.      INTRODUCTION

Each time Google has faced the prospect of justifying its privilege assertions in this case it has proven unable to do so. When first ordered to produce a privilege log justifying its decision to claw back 68 documents, Google reversed its decision to claw back 10 of them. When forced to justify its assertions of privilege over four documents submitted for *in camera* review, Google abandoned its privilege claims over one document in full and another in part.

Although Google would excuse its erratic conduct because privilege calls are "difficult" (Opp. 8), this Court should not countenance Google's attempt at a strategic retreat to avoid scrutiny of its remaining privilege assertions as to 54 documents. And there should be no need for Plaintiffs to repeatedly return to the Court to ensure Google produces the non-privileged documents the Court has required it to produce. Plaintiffs' motion seeks to prevent this wasteful process from repeating itself. Google's opposition, on the other hand, proposes no solutions. Google says the Court should resolve no dispute, direct no communication between the parties, and provide no guidance on privilege issues moving forward, even as the gamesmanship continues unabated. Plaintiffs respectfully submit that Google's conduct up to this point justifies more meaningful relief.

II.     ARGUMENT

It is black-letter law that "[t]he party asserting the privilege . . . bears the burden of establishing its essential elements." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2018 WL 4489285, at *1 (S.D.N.Y. Sept. 19, 2018) (quoting *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)). In Plaintiffs' October 6, 2022 letter to this Court, we made clear that it is "Google's obligation to substantiate a new claim of privilege for already-produced documents that it now seeks to claw back." Doc. 331 at 3. The next day, this Court ordered Google to produce a privilege log, and permitted Plaintiffs to file this motion. Doc. 333. Much of

Google's opposition relitigates what the Court has already ruled on, wasting valuable time and resources. The issue before this Court is ripe and simple: Has Google established that the documents it seeks to claw back are in fact privileged?

Diverting attention away from the law, Google advances four arguments in its opposition. The first, that its clawbacks were timely, responds to an argument Plaintiffs simply preserved.[1] Opp. 4-5. Google's second argument mischaracterizes Plaintiffs' request for bellwether rulings on the concrete privilege disputes before the Court as a demand for an "advisory opinion" divorced from live issues. Opp. 5-7. Google's third argument complains of the "enormous" burden of its production obligations (Opp. 8) without ever explaining why these obligations caused it to repeatedly assert privilege over documents it later conceded were non-privileged after re-assessing (and re-re-assessing) the set of documents it clawed back. Opp. 10. Finally, Google asks the Court not to compel production of the *in camera* documents. Opp. 12-21. But as explained in Part II.C below, the declarations Google appended to its motion do *not* establish privilege for those documents for which it has not withdrawn its privilege claims.

---

[1] *See* Mot. at 4 n.3. Moreover, Google produced the purportedly privileged material to several States and separately to DOJ in other proceedings over a year before it reproduced those materials to private plaintiffs in this action. Even if the Confidentiality Order cured any waiver caused by Google's producing the documents to the private parties in this litigation—plaintiffs do not concede that it did—it did not cure any waiver caused by Google's production of (and years-long failure to correct) the purportedly privileged materials in those other proceedings. Fed. R. Evid. 502, advisory committee note ("[S]ubdivision [502(d)] does not allow the federal court to enter an order determining the waiver effects of a separate disclosure of the same information in other proceedings, state or federal."); *see also United States v. Paulus*, 2021 WL 4494607, *7 (E.D. Ky. Sept. 30, 2021) (holding that a 502(d) order governing disclosures in one action "cannot govern an entirely separate disclosure that occurred in a different proceeding" years earlier).

### A. The Court Should Issue the Bellwether Rulings.

Critically, Google does not substantially dispute Plaintiffs' description of the relevant privilege law. Mot. 5-10. Instead, Google argues that the Court should decline to recite the relevant law as part of its bellwether rulings on the four *in camera* documents because such a decision would amount to an improper "advisory opinion." Opp. 5-7.

Google is mistaken because Plaintiffs have, in fact, identified "specific documents in dispute." Opp. 6. As such, this privilege dispute is a live controversy and the Court can and should outline the generally applicable law that informs its resolution. Doing so will not only provide the law that controls the Court's decisions on the *in camera* documents but also will guide the parties in future discussions. The cases cited by Google are not to the contrary. *Han v. Financial Supervisory Service* explains that the rule against advisory opinions "is conceptually linked to the doctrine of ripeness" and therefore bars "advance decisions as to discovery or evidentiary disputes which are not yet ripe." No. 17-cv-4383 (GBD) (BCM), 2017 WL 7689223, at *5 (S.D.N.Y. Oct. 6, 2017) (internal quotation marks omitted). Consistent with this principle, courts in the cases cited by Google declined to resolve future disputes that had not yet come to pass.[2] Opp. 6. Nothing in these decisions counsels against an order clarifying the law relevant to a live dispute, including to promote more efficient resolution of similar future disputes.

---

[2] *See E. End Ventures, LLC v. Inc. Vill. of Sag Harbor*, No. 09-CV-3967 (LDW) (AKT), 2011 WL 6337708, at *1 n.3 (E.D.N.Y. Dec. 19, 2011) (declining request to rule on whether counsel could "invoke the legislative or attorney client privilege at his deposition which has not yet been conducted"); *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-CV-5316 (RMB) (MHD), 2006 WL 3476735, at *5 (S.D.N.Y. Nov. 30, 2006) (declining to rule on the "scope of the attorney-client privilege waiver that would be occasioned" if a party produced certain documents in the future); *In re Rivastigmine Pat. Litig.*, No. 05-MD-1661 (HB/JCF), 2005 WL 2319005, at *5 (S.D.N.Y. Sept. 22, 2005) (declining to rule on whether certain communications were privileged where the application did "not focus on any specific documents"); *In re Wright*, 220 B.R. 543, 545 (S.D.N.Y. 1998) (declining to rule on the "legal effect of . . . unspecified future testimony").

B.     **The Court Should Order the Parties to Meet and Confer.**

Google chose to produce one of the four *in camera* documents rather than defend its prior assertions of privilege. Google now argues that this document (GOOG-DOJ-09092627)[3]—and an unspecified number of the other documents it clawed back—are not relevant to the litigation. On this basis, and because Plaintiffs have not yet issued requests for production, Google argues it would be "wasteful" for the Court to order the parties to meet and confer regarding Google's assertions of privilege over the remaining 54 documents. Opp. 10-11. But the Court has already signaled its intent to consider the status of Google's recent clawbacks by entertaining Plaintiffs' motion and requiring the privilege log.

Moreover, Google's cases concern *requests for production* of documents produced in response to a separate C.I.D. or government investigation.[4] Opp. 11. In contrast, the Court already ordered Google to produce the documents at issue in this MDL (three times),[5] and it is Google's decision to *claw back* some of those documents that Plaintiffs challenge; thus it is

---

[3] Google now contends that its internal email chain with the beginning production number GOOG-DOJ-09092627 is irrelevant because it involves Google's business strategy in relation to the privacy and associated re-marketing policies of a smartphone manufacturer offering a competing web browser. Opp. 10. In fact, the redacted portions of the document debate Google's communication strategies and related concerns in regard to ***its own*** publisher and advertiser customers. Because the discussion concerns technologies at issue in the case and Google's business strategies for maintaining its customer base in the relevant markets, it is plainly relevant.

[4] *See Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2016 WL 6779901, at *2 (S.D.N.Y. Nov. 16, 2016) (denying request for production of "certain materials relating to the government investigations"); *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP 99-690-C-D/F, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) (denying request for production of documents produced in response to C.I.D.). Google also cites *Edmondson v. RCI Hosp. Holdings, Inc.*, in which a court merely declined to resolve an assertion of privilege because it concluded the Plaintiffs had not established that they were entitled to the documents. No. 16-CV-2242 (VEC), 2018 WL 4112816, at *1 (S.D.N.Y. Aug. 29, 2018).

[5] Docs. 168, 192, 244.

Google's burden to demonstrate that the privilege applies. Google is not permitted to claw back documents based on unsubstantiated privilege claims merely because Plaintiffs soon will serve requests for production likely to cover the same documents. Google's attempt to justify its clawback-related behavior based on the absence of formal document requests is perplexing, unexplained, and devoid of merit.

Google faults Plaintiffs for not serving requests for production following the September 2021 status conference. Yet at that status conference, the Court stated, "I didn't give you permission to serve a Rule 34 demand." Doc. 142 at 33:18-19. Instead, the Court encouraged the parties to "work up ESI protocols" and "start the process of negotiating the scope of a Rule 34 demand." *Id.* at 33:9-17. As Google knows, the parties are still negotiating the ESI protocol, and so have not reached the next step of discussing document demands. And it was only after this Court's recent decision on the bellwether motion to dismiss that the Court ordered Plaintiffs to designate a Discovery Steering Committee to "draft a common set of Rule 34 requests." Doc. 311.

To the extent Google suggests a Rule 34 request will define the scope of relevant documents more precisely than the States' CIDs, Google is wrong—the allegations in the MDL Complaints define the general scope of relevancy, *see Kiczuk v. United States*, No. 3:21-CV-707 (KAD), 2022 WL 100158, at *3-4 (D. Conn. Jan. 11, 2022), although "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In any event, Google already could have cooperated with Plaintiffs to identify documents it believed are irrelevant to narrow the issues in dispute. As explained in the opening brief, Plaintiffs asked Google following the Court's ruling on the motion to dismiss to identify any of the 68 documents that Google

believed were no longer relevant to the claims. Mot. 4. Google refused. To permit Google to avoid further meet-and-confer obligations on the grounds that some unspecified number of documents are irrelevant to the litigation would only reward Google's failure to be transparent with Plaintiffs.

With discovery about to open in earnest, this is the time to resolve this dispute. The parties have been working to that end for months. Following an order by the Court, the parties will be well positioned to confer on the remaining documents and finally resolve this dispute. Google should not be permitted to delay any further. If Google maintains that certain of the documents sought are irrelevant, it can explain its position—and the basis for its belief—to Plaintiffs with the objective of reaching an agreement without further involvement of the Court.

### C. The Court Should Compel Production of the *In Camera* Documents.

Google submits declarations to support its privilege assertions over the two documents for which it has not withdrawn its privilege claims, as well as the third document for which it has partially withdrawn its privilege claims. The Court is in the best position to evaluate Google's assertions of privilege via an *in camera* review. To aid in that process, Plaintiffs briefly outline below why Google's declarations are facially inadequate to support its assertions of privilege over the two documents for which it has not withdrawn its privilege claims.

#### 1. Finance Updates (GOOG-DOJ-11698798)

Google provides a declaration averring that this document reflects communications from counsel. McCallum Decl., Ex. A (stating that the redacted slide "reflects the legal advice of attorneys at the law firm Slaughter and May, one of Google's European outside counsel, concerning pricing guidance under EU law"). But Google's declaration does not establish that the communication from counsel was predominantly legal in nature. As explained in Plaintiffs' opening brief, information that primarily serves a *business* purpose is not privileged, even if

6

conveyed by counsel. Mot. 7; *see TVT Recs. v. Island Def Jam Music Grp.*, 214 F.R.D. 143, 147 (S.D.N.Y. 2003) ("[I]f the attorney is called upon to render solely business advice based on an expertise that is distinct from his legal calling, his communications with his client are plainly not protected." (citation omitted)). Google is therefore incorrect when it asserts "it is irrelevant" whether, as Plaintiffs point out, the document "on its face does not advise on a legal matter." Opp. 14. If the document facially does not advise on a legal matter, Google faces a high bar to establish that the communication is privileged, even if the communication can be attributed to a lawyer. *See TVT Recs.*, 214 F.R.D. at 147 (holding that certain attorney communications regarding business negotiations were not privileged where "the documents do not appear to reflect even attorney-client 'strategy' discussions"). At bottom, Google's conclusory assertion that the slide reflects the legal advice of its outside counsel is inadequate to substantiate Google's claim of privilege.

### 2. Meeting Notes (GOOG-DOJ-12866023)

Plaintiffs challenged the redaction of this compilation of meeting notes because the redacted information appears in notes from a business meeting and does not appear to be legal in nature. Mot. 12. In response, Google maintains the redacted notes are protected by the work product doctrine, relying on a declaration that Google summarizes as follows: "The declarant affirms that the redacted material reveals the substance of a remedy analysis project undertaken in anticipation of litigation and in response to active investigations by the State of Texas, the Antitrust Division of the United States Department of Justice, and various European authorities." Opp. 15-16.

The declarant affirms no such thing. Google's declarant nowhere states that these notes "reveal[] the substance of a remedy analysis." *Id.* Instead, the declaration merely states that the "redacted material on page -029 of the Document *relates* to discussions about and in furtherance

7

of a project called Project SingleClick," and that Project SingleClick analyzed "potential remedies undertaken because of and in response to active government investigations into, and in anticipation of litigation concerning, Google's ad tech business." McCallum Decl., Ex. B (emphasis added). Even assuming some Project SingleClick documents merit work product protection, Google cannot assert that any and all information that *relates to discussions* about that project merits work product protection as well. Google's showing thus falls short of its "heavy burden" to establish that this document was prepared "in anticipation of litigation." *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 214 (S.D.N.Y. 2009).

### III.   CONCLUSION

Plaintiffs should not be required to move to compel documents Google has already been ordered to produce. And Google should not be permitted to strategically retract its privilege assertions to avoid its production obligations or its legal obligation to substantiate claims of privilege. Plaintiffs therefore respectfully request that the Court (1) order Google to produce the *in camera* documents, (2) include in its Order a statement of the relevant privilege law that guided the Court's determinations, and (3) order Google to meet and confer with Plaintiffs regarding the remaining 54 documents that Google clawed back as privileged.

Dated: November 16, 2022                                Respectfully submitted,

| /s/ W. Mark Lanier | /s/ Ashley Keller |
|---|---|
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerpostman.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerpostman.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerpostman.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4100 |
| Tower 56 | Chicago, Illinois 60606 |

| | |
|---|---|
| 126 East 56th Street, 6th Floor<br>New York, NY 10022<br>(212) 421-2800<br>**THE LANIER LAW FIRM, PLLC** | (312) 741-5220<br>Zina Bash<br>zina.bash@kellerpostman.com<br>111 Congress Avenue, Suite 500<br>Austin, TX 78701<br>(512) 690-0990<br>**KELLER POSTMAN LLC** |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*On behalf of the State Plaintiffs*

| | |
|---|---|
| /s/ *Dena C. Sharp*<br>Dena C. Sharp (*pro hac vice*)<br>Jordan Elias (*pro hac vice*)<br>Scott M. Grzenczyk (*pro hac vice*)<br>**GIRARD SHARP LLP**<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Tel: (415) 981-4800<br>Fax: (415) 981-4846<br>dsharp@girardsharp.com<br>jelias@girardsharp.com<br>scottg@girardsharp.com<br><br>Tina Wolfson (TW-1016)<br>Theodore W. Maya (*pro hac vice*)<br>Bradley K. King (BK-1971)<br>**AHDOOT & WOLFSON, PC**<br>2600 West Olive Ave., Suite 500<br>Burbank, CA 91505<br>Tel.: (310) 474-9111<br>Fax: (310) 474-8585<br>twolfson@ahdootwolfson.com<br>tmaya@ahdootwolfson.com<br>bking@ahdootwolfson.com<br><br>*Interim Co-Lead Counsel for Advertiser Plaintiffs*<br><br>/s/ *Caitlin G. Coslett*<br>Eric L. Cramer<br>ecramer@bm.net<br>Michael C. Dell'Angelo<br>mdellangelo@bm.net | /s/ *John Thorne*<br>John Thorne<br>Daniel G. Bird<br>Bethan R. Jones<br>Cristopher C. Goodnow<br>Mark P. Hirschboeck<br>Eliana M. Pfeffer<br>Eric J. Maier<br>**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**<br>1615 M Street NW, Suite 400<br>Washington, DC 20036<br>Tel: (202) 326-7900<br>Fax: (202) 326-7999<br>jthorne@kellogghansen.com<br><br>Jeffrey A. Lamken<br>Caleb Hayes-Deats<br>**MOLOLAMKEN LLP**<br>Tel: (202) 556-2000<br>Fax: (202) 556-2001<br>jlamken@mololamken.com<br><br>*Counsel for Associated Newspapers, Ltd. and Mail Media, Inc.*<br><br>/s/ *Serina M. Vash*<br>Serina M. Vash<br>New York Bar No.: 2773448<br>svash@hermanjones.com<br>153 Central Avenue, # 131 |

9

Caitlin G. Coslett
ccoslett@bm.net
Patrick F. Madden
pmadden@bm.net
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

Philip C. Korologos
pkorologos@bsfllp.com
Brianna S. Hills
bhills@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300

David Boies
dboies@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

Jesse Panuccio
jpanuccio@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 895-7580

Mark C. Mao
mmao@bsfllp.com
Sean P. Rodriguez
srodriguez@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820

Sabria A. McElroy
smcelroy@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301

Westfield, NJ 07090
(404) 504-6516
**HERMAN JONES LLP**

John C. Herman
jherman@hermanjones.com
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6500
**HERMAN JONES LLP**

Paul T. Farrell, Jr.
paul@farrellfuller.com
Michael J. Fuller, Jr.
mike@farrellfuller.com
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
(939) 293-8244
**FARRELL & FULLER, LLC**

/s/ *Stuart A. Davidson*
Paul J. Geller
pgeller@rgrdlaw.com
Stuart A. Davidson
sdavidson@rgrdlaw.com
Alexander C. Cohen
acohen@rgrdlaw.com
Maxwell H. Sawyer
msawyer@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000
**ROBBINS GELLER RUDMAN & DOWD LLP**

David W. Mitchell
davidm@rgrdlaw.com
Steven M. Jodlowski
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
**ROBBINS GELLER RUDMAN & DOWD LLP**

Telephone: (954) 377-4216

George A. Zelcs
gzelcs@koreintillery.com
Randall P. Ewing
rewing@koreintillery.com
Marc A. Wallenstein
mwallenstein@koreintillery.com
Ryan A. Cortazar
rcortazar@koreintillery.com
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750
Fax: (312) 641-9751

Stephen M. Tillery
stillery@koreintillery.com
Michael E. Klenov
mklenov@koreintillery.com
Carol L. O'Keefe
cokeefe@koreintillery.com
**KOREIN TILLERY LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844
Fax: (314) 241-3525

*Interim Co-Lead Counsel for the Publisher Class*

Robert P. Fitzsimmons
bob@fitzsimmonsfirm.com
Clayton J. Fitzsimmons
clayton@fitzsimmonsfirm.com
Mark A. Colantonio
mark@fitzsimmonsfirm.com
1609 Warwood Avenue
Wheeling, WV 26003
(304) 277-1700
**FITZSIMMONS LAW FIRM PLLC**

*Counsel for Direct Action Newspaper Plaintiffs AIM Media Indiana Operating, LLC, AIM Media Midwest Operating, LLC, AIM Media Texas Operating, LLC, Brown County Publishing Company, Inc. and Multi Media Channels, LLC, Clarksburg Publishing Company, d/b/a WV News, Coastal Point LLC, Eagle Printing Company, Ecent Corporation, Emmerich Newspapers, Incorporated, J.O. Emmerich & Associates, Inc., Delta Democrat Publishing Company, Commonwealth Publishing Company, Inc., Delta Press Publishing Company, Inc., Newton County Appeal Inc., Marion Publishing, Company, Yazoo Newspaper, Co., Inc., Sunland Publishing, Company, Inc., Simpson Publishing Co., Inc., Montgomery Publishing Co., Inc., Franklinton Publishing Co., Inc., Charleston Publishing Co., Inc., Clarion Publishing Company, Inc., Scott Publishing, Inc., Clarke Publishing, Inc., Hattiesburg Publishing, Inc., Tallulah Publishing, Inc., Louisville Publishing, Inc., Kosciusko Star-Herald, Inc., Enterprise-Tocsin, Inc., Grenada Star, Inc., Tate Record Inc., Flag Publications, Inc., Gale Force Media, LLC,*
*HD Media Company, LLC, Journal Inc., Robinson Communications, Inc., Something Extra Publishing, Inc.,*

11

*Rome News Media, LLC, Times Journal, Inc., Neighbor Newspapers, Savannah Publishing Co., Inc., Gould Enterprises, Inc., Union City Daily Messenger, Inc., Weakley County Press, Inc., and Southern Community Newspapers, Inc.*