UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 21-MD-3010 (PKC)** |
| **THIS DOCUMENT RELATES TO:** | |
| **SPX Total Body Fitness LLC, d/b/a The Studio Empower, on behalf of itself and all others similarly situated,** | No. 1:210-cv-06870-PKC |
| **Plaintiff,**<br>**vs.** | |
| **GOOGLE LLC,** | |
| **Defendant,** | |
| *and* | |
| **SKINNYSCHOOL LLC d/b/a MARIA MARQUES FITNESS and MINT ROSE DAY SPA LLC, on behalf of themselves and all others similarly situated,** | No. 1:21-cv-07045-PKC |
| **Plaintiff,**<br>**vs.** | |
| **GOOGLE LLC,** | |
| **Defendant.** | |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT <u>UNDER SEAL</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES     2

INTRODUCTION     3

LEGAL STANDARD     4

ARGUMENT     4

    I. Disclosure of Personal Information About Google's Employees Will Cause Non-Party
Individuals Significant Harm     5

CONCLUSION     6

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Brown v. Maxwell*,
   929 F.3d 41 (2d Cir. 2019)..........................................................................................4

*Kewazinga Corp. v. Microsoft Corp.*,
   No. 1:18-CV-4500, 2021 WL 1222122 (S.D.N.Y. Mar. 31, 2021)..........................................5

*Lohnn v. Int'l Bus. Machines Corp.*,
   2022 WL 36420 (S.D.N.Y. Jan. 4, 2022)............................................................................5

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006)..........................................................................................4

*S.E.C. v. TheStreet.Com*,
   273 F.3d 222 (2d Cir. 2001)..........................................................................................4

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995)..........................................................................................4

**Rules**

Local Civil Rule 6.1(b)....................................................................................................3

Pursuant to Rule 5 of this Court's Individual Practices and Rule 6.1(b) of the Local Civil Rules, Defendant Google LLC files this response to SPX Total Body Fitness LLC, Mint Rose Day Spa LLC and SkinnySchool LLC Plaintiffs' (collectively, "SPX Plaintiffs") Motion for Leave to File the Consolidated Amended Class Action Complaint ("CAC") Under Seal.  ECF No. 403. Because the CAC reflects personal information of a former Google employee, Google respectfully requests that the Court permit SPX Plaintiffs to re-file another public version of the CAC with narrowly tailored redactions in order to prevent disclosure of specific personal information and job titles that will significantly harm the privacy interests of individuals who are not parties to this litigation.  The Court previously permitted similar information to be filed under seal.  Google's proposed redactions are highlighted within the accompanying Exhibit A, which is appended to the Declaration of Justina K. Sessions.

## INTRODUCTION

In accordance with this Court's Pre-trial Order No. 4, ECF No. 392 at 2, SPX Plaintiffs filed a public version of the CAC with redactions on December 2, 2022. ECF No. 404.  Plaintiffs explained in a corresponding motion to file under seal that, "out of an abundance of caution," the public CAC "redacts all items that were produced by Google, LLC, designated under the Protective Order."  ECF No. 403 at 2.

Of the dozens of redactions made by SPX Plaintiffs, Google requests that only the name and job title of a former Google employee in one paragraph of the CAC remain redacted.  This redaction is consistent with those previously permitted by the Court.  ECF No. 395.

## LEGAL STANDARD

In considering requests to seal or redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors," including "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *United States v. Amodeo* ("Amodeo II"), 71 F.3d 1044, 1050–51 (2d Cir. 1995). As the Court recognized in its October 15, 2021 Order, the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 160 at 3–4 (quoting *Lugosch*, 435 F.3d at 121). Despite the "strong" presumption of access to a complaint, a court may issue a "narrowly-tailored" order based on "specific, on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124). The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050; *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001).

## ARGUMENT

Google acknowledges that the CAC is a "judicial document" to which the presumption of public access applies. However, as this Court has recognized, personal information about Google's employees outweigh this presumption. ECF No. 160 at 9, ECF No. 395. Google's proposed redactions are narrowly tailored so that they will not prevent the public or the Court from understanding and evaluating the allegations.

I.     **Disclosure of Personal Information About Google's Employees Will Cause Non-Party Individuals Significant Harm**

Google requests redactions to the name and job title of a former Google employee. The Court permitted Google to redact similar personal information in its November 18, 2022 Order. ECF No. 395 ("The Court . . . determined that third parties' privacy interest in maintaining under seal the information sought to be redacted . . . outweigh any applicable presumption of access"). The identity of this employee is not at issue in this dispute. Based on SPX Plaintiffs' proposed redactions, Google and Plaintiffs agree on the proposed redactions to the CAC regarding personal information about Google's employees. *See* ECF No. 405, ¶ 157.

As this Court recognized in its October 15, 2021 Order, "the names, job titles, and e-mail addresses of the Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh the strong presumption of public access." ECF No. 160 at 9. This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See*, *e.g.*, *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (redacting the "personal information of non-parties, including [Microsoft employee] e-mail addresses" because of the "significant privacy interests of nonparties, and the lack of relevance of this information to any issue in this litigation").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court permit the SPX Plaintiffs to redact certain portions of the CAC highlighted within Exhibit A in order to prevent disclosure of non-public information that, if revealed, would significantly harm the privacy interests of an individual former Google employee.

Dated: December 16, 2022          Respectfully Submitted,

/s/ Justina K. Sessions

Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC*