IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Google Digital Advertising Antitrust Litig.* | Civil Action No. 1:21-md-3010-PKC |

## STIPULATION AND ORDER REGARDING EXPERT DISCOVERY

Pursuant to Fed. R. Civ. P. 29, the Parties hereto, through their respective Counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony in the Actions.

**1.      Definitions**

1.1      "Actions" means collectively the actions centralized by the Judicial Panel on Multidistrict Litigation under the caption *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010-PKC (S.D.N.Y.), as well as any additional actions subsequently transferred and/or centralized with these Actions, including any related discovery, pretrial, trial, post-trial, or appellate proceedings. The term Action means an individual action within the Actions. For the avoidance of doubt, "Actions" excludes pre-suit investigations by State Plaintiffs.

1.2      "Consultant" means a Person, retained by a Party or their Testifying Expert specifically for purposes of the Actions or an Action, to assist that Party in the prosecution or defense of the Actions or an Action, and who will <u>not</u> provide testimony pursuant to Fed. R. Civ. P. 26(a)(2). For the avoidance of doubt, the term Consultant does not include employees of a Party.

1

1.3 "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with an Action or the Actions. As applied to in-house counsel, it shall mean any lawyer employed by a Party acting primarily in a legal capacity for that Party. As applied to the State Plaintiffs, this includes, but is not limited to, any attorneys who are employed by the Attorney General's Office of a State Plaintiff. Counsel also includes any paralegals, administrative assistants, and clerical and administrative personnel supervised by any of the aforementioned Counsel.

1.4 "Defendant" means any party named as a defendant in any of the Actions, including all of their employees, agents, and representatives.

1.5 "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

1.6 "Party" means any Plaintiff or Defendant in these Actions. "Parties" collectively means Plaintiffs and Defendants in the Actions.

1.7 "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

1.8 "Plaintiffs" means the State Plaintiffs and the other Plaintiffs in each of the Actions, including all of their employees, agents, and representatives.

1.9 "Staff" means any firm, employee, or other individual assisting or supporting a Testifying Expert or Consultant. For the avoidance of doubt, it does not include a Party or a Party's employee.

1.10 "State Plaintiffs" means the States of Texas, Alaska, Arkansas, Idaho, Indiana, Kentucky, Florida, Louisiana, Mississippi, Montana, Missouri, Nevada, North Dakota, South Dakota, South Carolina, Utah, the Commonwealth of Kentucky and Puerto Rico, and any other state that joins an Action.

1.11 "Testifying Expert" means a Person, retained by a Party specifically for purposes of the Actions or an Action, to assist that Party in the prosecution or defense of the Actions or an Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). For the avoidance of doubt, the term Testifying Expert does not include employees of a Party.

2. General provisions

2.1 This Stipulation and Order applies to all Parties to the Actions. This Stipulation and Order provides the protocols applicable to conducting discovery relating to Testifying Experts and Consultants. Nothing herein shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

2.2 The Parties shall not serve subpoenas or discovery requests (for depositions or Documents) on any Testifying Expert or Consultant. Instead, the Party proffering such Testifying Expert will: (a) be responsible for producing all materials and information required under this Stipulation or to the extent not addressed in this Stipulation, under the Federal Rules of Civil Procedure for the Testifying Expert, and (b) upon request, make the Testifying Expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling order(s).

2.3     The parties agree to comply with the terms of this Stipulation, pending the Court's approval and entry of this Stipulation and Order.

**3.      Governing law**

3.1     Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in these Actions.

**4.      Expert materials to be disclosed**

4.1     In lieu of the disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii)-(vi), within one calendar day of the service of any Testifying Expert's report or declaration pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or otherwise, the Party or Parties proffering the Testifying Expert shall produce[1]:

        4.1.1   A copy of the data or other information referred to in the Testifying Expert's report or declaration and/or relied on by the Testifying Expert in forming the Testifying Expert's opinions (to the extent not already produced in discovery), including, but not limited to, all data and programs underlying any calculations, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files, and including the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report.

---

[1] Paragraph 4.1 (including subparagraphs 4.1.1 through 4.1.6) applies to materials created or communications occurring after the initiation of the Action or Actions in which the Testifying Expert intends to testify (i.e., post-Action Documents and communications) and to materials created or communications occurring prior to the initiation of the Action or Actions in which the Testifying Expert intends to testify (i.e., pre-Action Documents and communications).

    4.1.2 A list of all Documents referred to in the Testifying Expert's report or declaration and/or relied upon by the Testifying Expert in forming the Testifying Expert's opinions. For purposes of this list, identifying Documents by Bates number is sufficient. To the extent that any such Documents do not already have a Bates number, the documents may be produced with a Bates number, but Bates numbering is not required.

    4.1.3 A list of all publications authored, in whole or in part, by the Testifying Expert in the previous 10 years and copies of all such publications that are not readily available publicly, provided that such publications are accessible by the Testifying Expert. Publications which exist only behind a paywall shall be considered not readily available publicly.

    4.1.4 A list of all other case(s), wherever those cases took place, in which, during the previous 10 years, the Testifying Expert testified at trial or by deposition, including the tribunal and case number.

    4.1.5 Any exhibits that will be used to summarize or support the Testifying Expert's opinions.

    4.1.6 A statement of the compensation to be paid to the Testifying Expert for the Testifying Expert's study and testimony in the case.

    4.2 Testifying Expert reports and declarations shall be served via email.  Except to the extent included within a Testifying Expert's report or declaration, the information required by paragraphs 4.1.1 - 4.1.6 above shall be produced electronically via Microsoft's Azure Data Share (or another electronic file-sharing service of comparable speed, reliability, and security) and, with respect to paragraph 4.1.1, in machine-readable format, where feasible.  If a party intends to produce the materials described in the preceding sentence via a method other than Microsoft's

Azure Data Share, then that party shall notify all other parties (the "receiving parties") of its proposed method of production at least 45 days before the due date of such production, and the parties shall meet and confer in good faith to attempt to establish an agreed method for ensuring that the receiving parties are able to complete receipt of the materials by the due date.

      4.3      Paragraphs 4.1.1 - 4.1.6 above are not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to a Testifying Expert's testimony, during the course of any deposition, hearing, or trial. The admissibility of any such demonstrative exhibits shall be governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules and Individual Practices, unless otherwise provided by order of the Court.

**5.      Expert materials <u>not</u> requiring disclosure**

      5.1      Notwithstanding the foregoing and the Federal Rules of Civil Procedure, and except as otherwise required by paragraph 5.2 below, the following materials[2] shall not be subject to discovery or disclosure by any method (including by deposition):

---

[2] Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall apply to materials created or communications occurring after the initiation of the Action or Actions in which the Testifying Expert intends to testify (i.e., post-Action Documents and communications). Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall also apply to materials created or communications occurring prior to the initiation of the Action or Actions in which the Testifying Expert intends to testify (i.e., pre-Action Documents and communications) provided that (i) with respect to subparagraphs 5.1.1(a) and 5.1.1(b), all participants in the communication were retained by or on behalf of the same Party at the time of the communication, (ii) with respect to subparagraph 5.1.2, the Testifying Expert was retained by or on behalf of a Party in the Action or Actions at the time the materials were prepared, and the materials were prepared on behalf of the same Party that retained the Testifying Expert in the Action or Actions, and (iii) subparagraphs 5.1.1(d) and 5.1.1(e) shall apply only to communications occurring after December 16, 2020 (though no party waives any attorney-client or other privilege it may have over pre-December 16, 2020 communications).

    5.1.1 The content of communications, whether oral or written, among or between: (a) Counsel and a Testifying Expert, Consultant, and/or any Staff assisting the Testifying Expert or Consultant; (b) a Testifying Expert or Consultant and other Testifying Experts and Consultants, as well as any Staff assisting such Testifying Experts or Consultants; (c) a Testifying Expert or Consultant and any Staff assisting such Testifying Expert or Consultant; (d) Defendants' Counsel; and (e) Plaintiffs' Counsel.[3]

    5.1.2 Drafts of Testifying Expert reports, affidavits, declarations, or other Testifying Expert materials, including, without limitation: (a) draft studies, analyses, opinions, or written expert testimony prepared in connection with the Actions or an Action; (b) draft Testifying Expert work papers prepared in connection with the Actions or an Action; and (c) preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with the Actions or an Action, except as described in paragraph 4.1.1.

    5.1.3 The notes of a Testifying Expert, Consultant, or Staff, except for notes of interviews of persons on any Party's preliminary or final witness list if the expert participated in or conducted the interview and relied upon the notes in forming any opinions in his or her final report.

---

[3] For purposes of this Stipulation and Order, "Plaintiffs' Counsel" includes Counsel for any Plaintiff in an Action and "Defendants' Counsel" includes Counsel for any Defendant in an Action. Communications between or among Counsel for (a) different Plaintiffs or (b) different Defendants are included within this provision. Additionally, notwithstanding this provision, this expert stipulation does not, and is not intended to, abridge the attorney-client privilege.

5.1.4 Any comments, whether oral or written, related to a final or draft report, affidavit, or declaration of a Testifying Expert prepared in connection with the Actions or an Action by: (a) Counsel; (b) a Consultant; (c) Staff; (d) any other Testifying Expert; (e) any other Consultant; or (f) Staff of another Testifying Expert or Consultant.

5.1.5 Budgets, invoices, bills, receipts, or time records concerning Testifying Experts or Consultants, their staff, assistants, colleagues, or associates, or their companies or organizations. Notwithstanding this provision, any Party may inquire into a Testifying Expert's compensation in this matter, including the Testifying Expert's hourly rates, the total hours spent by the Testifying Expert and staff members in connection with these Actions or an Action, and any other payments or consideration received by the Testifying Expert relating to work in the Actions or in an Action.

5.1.6 Programs, software, or instructions that are commercially available at a reasonable cost.

5.1.7 Documents that are publicly available, provided that they are identified with sufficient specificity to allow the opposing side to locate and obtain the Document.

5.1.8 Documents that have previously been produced during discovery in these Actions, provided that they are identified by Bates number in the Testifying Expert's report or declaration.

5.2 Notwithstanding any provision in paragraph 5 (including all subparagraphs), the Parties must produce (according to paragraphs 4.1.1., 4.1.2, and 4.2 above) all materials that: (a) constitute facts or data that the Testifying Expert relied on in forming the opinions expressed in his or her report; or (b) constitute assumptions that the Testifying Expert relied on in forming the

opinions to be expressed. Information, communications, or Documents upon which the Testifying Expert relies as a basis for their opinion are discoverable. For the avoidance of doubt, nothing herein relieves a Testifying Expert or Party of the duty to identify the facts, data, and assumptions that the Testifying Expert relied upon as a basis for their opinions.

5.3     Further, notwithstanding the limitations contained in paragraphs 5.1.1 - 5.1.8 above, an expert may be asked at a deposition or trial: (a) to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and (b) to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

5.4     The Parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Stipulation and Order.

**IT IS SO STIPULATED**, through Counsel of Record.

January 3, 2023

                                                    SO ORDERED:

                                                    _____
                                                    P. Kevin Castel
                                                    United States District Judge

| | |
|---|---|
| /s/ W. Mark Lanier | /s/ Ashley Keller |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerpostman.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerpostman.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerpostman.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4100 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerpostman.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER POSTMAN LLC |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*On behalf of the State Plaintiffs*

| | |
|---|---|
| /s/ Dena C. Sharp | /s/ John Thorne |
| Dena C. Sharp (pro hac vice) | John Thorne |
| Jordan Elias (pro hac vice) | Daniel G. Bird |
| Scott M. Grzenczyk (pro hac vice) | Daniel V. Dorris |
| **GIRARD SHARP LLP** | Bethan R. Jones |
| 601 California Street, Suite 1400 | Mark P. Hirschboeck |
| San Francisco, CA 94108 | Eric J. Maier |
| Tel: (415) 981-4800 | KELLOGG, HANSEN, TODD, FIGEL & |
| Fax: (415) 981-4846 |    FREDERICK, P.L.L.C. |
| dsharp@girardsharp.com | 1615 M Street NW, Suite 400 |
| jelias@girardsharp.com | Washington, DC  20036 |
| scottg@girardsharp.com | Tel: (202) 326-7900 |
| | Fax: (202) 326-7999 |
| Tina Wolfson (TW-1016) | jthorne@kellogghansen.com |
| Theodore W. Maya (pro hac vice) | dbird@kellogghansen.com |
| Bradley K. King (BK-1971) | bjones@kellogghansen.com |
| **AHDOOT & WOLFSON, PC** | mhirschboeck@kellogghansen.com |
| 2600 West Olive Ave., Suite 500 | epfeffer@kellogghansen.com |
| Burbank, CA 91505 | emaier@kellogghansen.com |
| Tel.: (310) 474-9111 | Jeffrey A. Lamken |

| | |
|---|---|
| Fax: (310) 474-8585 | Caleb Hayes-Deats |
| twolfson@ahdootwolfson.com | MOLOLAMKEN LLP |
| tmaya@ahdootwolfson.com | Tel: (202) 556-2000 |
| bking@ahdootwolfson.com | Fax: (202) 556-2001 |
| | jlamken@mololamken.com |
| Interim Co-Lead Counsel for Advertiser Plaintiffs | chayes-deats@mololamken.com |
| | Counsel for Associated Newspapers, Ltd. and Mail Media, Inc. |
| /s/ Caitlin G. Coslett | /s/ Serina M. Vash |
| Eric L. Cramer | Serina M. Vash |
| ecramer@bm.net | New York Bar No.: 2773448 |
| Michael C. Dell'Angelo | svash@hermanjones.com |
| mdellangelo@bm.net | 153 Central Avenue, # 131 |
| Caitlin G. Coslett | Westfield, NJ 07090 |
| ccoslett@bm.net | (404) 504-6516 |
| Patrick F. Madden | HERMAN JONES LLP |
| pmadden@bm.net | |
| BERGER MONTAGUE PC | John C. Herman |
| 1818 Market St., Suite 3600 | jherman@hermanjones.com |
| Philadelphia, PA 19103 | 3424 Peachtree Road, N.E., Suite 1650 |
| Telephone: (215) 875-3000 | Atlanta, GA 30326 |
| | (404) 504-6500 |
| Philip C. Korologos | HERMAN JONES LLP |
| pkorologos@bsfllp.com | |
| Brianna S. Hills | Paul T. Farrell, Jr. |
| bhills@bsfllp.com | paul@farrellfuller.com |
| BOIES SCHILLER FLEXNER LLP | Michael J. Fuller, Jr. |
| 55 Hudson Yards, 20th Floor | mike@farrellfuller.com |
| New York, NY 10001 | 1311 Ponce De Leon, Suite 202 |
| Telephone: (212) 446-2300 | San Juan, PR 00907 |
| | (939) 293-8244 |
| David Boies | FARRELL & FULLER, LLC |
| dboies@bsfllp.com | |
| BOIES SCHILLER FLEXNER LLP | /s/ Stuart A. Davidson |
| 333 Main Street | Paul J. Geller |
| Armonk, NY 10504 | pgeller@rgrdlaw.com |
| Telephone: (914) 749-8200 | Stuart A. Davidson |
| | sdavidson@rgrdlaw.com |
| Jesse Panuccio | Alexander C. Cohen |
| jpanuccio@bsfllp.com | acohen@rgrdlaw.com |
| BOIES SCHILLER FLEXNER LLP | Maxwell H. Sawyer |

1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 895-7580

Mark C. Mao
mmao@bsfllp.com
Sean P. Rodriguez
srodriguez@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820

Sabria A. McElroy
smcelroy@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 377-4216

George A. Zelcs
gzelcs@koreintillery.com
Randall P. Ewing
rewing@koreintillery.com
Marc A. Wallenstein
mwallenstein@koreintillery.com
Ryan A. Cortazar
rcortazar@koreintillery.com
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750
Fax: (312) 641-9751

Stephen M. Tillery
stillery@koreintillery.com
Michael E. Klenov
mklenov@koreintillery.com
Carol L. O'Keefe
cokeefe@koreintillery.com
KOREIN TILLERY LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844

msawyer@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000
ROBBINS GELLER RUDMAN & DOWD LLP

David W. Mitchell
davidm@rgrdlaw.com
Steven M. Jodlowski
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
ROBBINS GELLER RUDMAN & DOWD LLP

Robert P. Fitzsimmons
bob@fitzsimmonsfirm.com
Clayton J. Fitzsimmons
clayton@fitzsimmonsfirm.com
Mark A. Colantonio
mark@fitzsimmonsfirm.com
1609 Warwood Avenue
Wheeling, WV 26003
(304) 277-1700
FITZSIMMONS LAW FIRM PLLC

*Counsel for Direct Action Newspaper Plaintiffs AIM Media Indiana Operating, LLC, AIM Media Midwest Operating, LLC, AIM Media Texas Operating, LLC, Brown County Publishing Company, Inc. and Multi Media Channels, LLC, Clarksburg Publishing Company, d/b/a WV News, Coastal Point LLC, Eagle Printing Company, Ecent Corporation, Emmerich Newspapers, Incorporated, J.O. Emmerich & Associates, Inc., Delta Democrat Publishing Company, Commonwealth Publishing Company, Inc., Delta Press Publishing Company, Inc., Newton County Appeal Inc., Marion Publishing, Company, Yazoo Newspaper, Co., Inc., Sunland Publishing, Company, Inc., Simpson Publishing Co., Inc., Montgomery Publishing Co., Inc., Franklinton*

Fax: (314) 241-3525

Interim Co-Lead Counsel for the Publisher Class

*Publishing Co., Inc., Charleston Publishing Co., Inc., Clarion Publishing Company, Inc., Scott Publishing, Inc., Clarke Publishing, Inc., Hattiesburg Publishing, Inc., Tallulah Publishing, Inc., Louisville Publishing, Inc., Kosciusko Star-Herald, Inc., Enterprise-Tocsin, Inc., Grenada Star, Inc., Tate Record Inc., Flag Publications, Inc., Gale Force Media, LLC,*
*HD Media Company, LLC, Journal Inc., Robinson Communications, Inc., Something Extra Publishing, Inc., Rome News Media, LLC, Times Journal, Inc., Neighbor Newspapers, Savannah Publishing Co., Inc., Gould Enterprises, Inc., Union City Daily Messenger, Inc., Weakley County Press, Inc., and Southern Community Newspapers, Inc.*

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*/s/ Eric Mahr*
Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*


*/s/ Kevin J. Orsini*
Kevin J. Orsini
Brittany L. Sukiennik
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Email: korsini@cravath.com
Email: bsukiennik@cravath.com

*Counsel for Meta Platforms, Inc.*