# EXHIBIT C

**Freshfields Bruckhaus Deringer US LLP**

New York
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277-4000 (Switchboard)
   +1 212 284-4910 (Direct)
F +1 646 521-5710
E rob.mccallum@freshfields.com
www.freshfields.com

<u>**Via Email**</u>
Zeke DeRose III
Lanier Law Firm
10940 W Sam Houston Pkwy N
Suite 100
Houston, TX 77064

July 1, 2022

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Zeke:

I write further to the June 8 meet and confer and your email dated June 11 concerning negotiation of the draft ESI protocol in the above-captioned MDL. As promised, Google has coordinated with Meta to produce a draft ESI Order that is consistent with the Court's guidance and the Federal Rules, as well as addressing Plaintiffs' stated concerns. A copy of that draft is enclosed for your review ("Defendants' Draft").

As set forth in our May 23 letter, Defendants' initial draft ESI Order—which ran to almost 50 pages[1]—was unworkable as a starting point for negotiations. Plaintiffs' second attempt was just two pages shorter and failed to address the fundamental concerns we identified in our May 23 letter. And Plaintiffs' most recent proposal—that we start from the draft under negotiation in the Eastern District of Texas—is similarly impractical. Plaintiffs have asserted that their initial 50-page draft was based on that document, and that they intend to reinsert their extensive wish-list of unworkable provisions if we were to start there. Thus, Plaintiffs' most recent proposal appears to be no more than an attempt to continue negotiations based on Plaintiffs' initial, unworkable, draft.

Consistent with the Court's guidance that the parties should not seek to "reinvent wheels," Google offered Plaintiffs a choice of two different exemplar ESI orders that had been

---

[1] Plaintiffs' 44-page draft contained seven full pages of single-spaced text in 10-point font. When converted to a form that complies with the Court's filing requirements, it expanded to almost 50 pages.



reviewed and approved by federal judges and entered in other recent cases. Meta offered a third exemplar of an ESI order entered recently in an ongoing antitrust litigation—*Federal Trade Comm'n v. Meta Platforms, Inc.*, No. 1:20-cv-03590-JEB (D.D.C.), and Google made clear that it was prepared to negotiate from any of those three exemplars.

Plaintiffs refused on the basis that Google's exemplars did not address two issues of concern to Plaintiffs: linked documents and the readability of comments. But Meta's exemplar addresses both issues and Plaintiffs have not otherwise identified any concerns with it. Defendants have therefore based their proposal on the ESI Order approved by Judge Boasberg in *Federal Trade Commission v. Meta Platforms, Inc.* As explained below, we have made further edits to address the specific concerns that Plaintiffs raised at the June 8 meet and confer and in Plaintiffs' communications dated June 3 and June 11.

1. **Native documents**. Plaintiffs asserted that the ESI Order should address their concern that, when documents are "Tiffed or otherwise produced in a format other than native format, . . . comments are often cut off and unreadable." Defendants' Draft addresses that concern by providing that "[h]idden content, tracked changes or edits, comments, notes, and other similar information, shall to the extent reasonably practicable, also be imaged so that such content is viewable on the image file." Defendants' Draft at 17. Defendants further agreed that, to the extent an imaged file with comment bubbles is illegible, the receiving party may make reasonable requests that a more readable version, such as a native version, be produced. *Id*.

2. **Links**. Plaintiffs asserted that "[t]raditional ESI orders anticipate attachments and parent-child relationships when discussing production format and logistics," but that the usage of linked documents would require production "in a way that allows the reviewer to know the documents are related." Defendants' Draft includes language to address that concern. Defendants' Draft at 19.

3. **Privilege Logs**. Plaintiffs requested that the ESI Order include provisions governing "the requisite form and scope of information on privilege logs and the exclusions from privilege log obligations." We have agreed to that request and have added four pages of provisions governing logs that should not be controversial—indeed, it is based on the relevant provision from Plaintiffs' proposed draft. Defendants' Draft at 8-11. You will see that we have also agreed to Plaintiffs' request to limit the use of categorical privilege logs even though the use of such logs is "presumptively proper" in this District. *Id*. at 9; Local Civ. R. 26.2(c).

4. **Production Format**.

(a) *Redactions*. Plaintiffs requested that redactions should not be permitted for relevance, responsiveness, or confidentiality, and we have agreed to that request. Defendants'

Draft at 11. Plaintiffs also requested that if any member of a document family is responsive then every member of the family should be produced, and Defendants' Draft contains that language. *Id*. at 13.

      (b)    *Metadata*. Plaintiffs have asserted, without explanation, that their list of 85 proposed metadata fields spanning seven pages is "reasonable". We disagree, and Defendants' Draft includes (without modification) the 33 metadata fields approved by Judge Boasberg drawn from Meta's exemplar. If there are specific additional metadata fields that Plaintiffs assert that are needed, please identify those fields and explain the need for each one.

      (c)    *Time zones*. Plaintiffs requested that productions be uniformly processed with the UTC or UTC+1 time zone, and we have agreed that ESI items shall be processed using a consistent time zone to the extent reasonably practicable. Defendants' Draft at 20.

      **5.**    **Preservation and Search**. Plaintiffs requested "fulsome—but reasonable—" requirements governing preservation and search. But Plaintiffs have yet to make any reasonable proposals. For the reasons stated in our May 23 letter, Plaintiffs' 10 pages of burdensome search protocols are not tethered to the need for proportionality and amount to the sort of micromanagement and discovery on discovery that is disfavored by courts in this District. *See e.g., Winfield v. City of New York*, No. 15CV05236LTSKHP, 2017 WL 5664852 (S.D.N.Y. Nov. 27, 2017) (observing that "the producing party is better equipped than the court to identify and utilize the best process for producing their own ESI consistent with their obligations under the Federal Rules of Civil Procedure.") Nevertheless, to address Plaintiffs' concerns, Defendants' Draft obliges the producing party to "use its institutional knowledge of how its ESI is stored and accessed in the ordinary course of business to identify responsive Documents." Defendants' Draft at 7. The obligation to use "institutional knowledge" includes "a Party's standard practices regarding the storage of ESI, its file organization structure, its usage of group ownership, group accounts, and shared network locations to manage or organize ESI." *Id*.

* * *

Defendants' Draft is based on a proposal that was agreed to by the FTC in a broad antitrust action, and approved by Judge Boasberg. Unlike Plaintiffs' proposals, Defendants' Draft is objectively fair and reasonable. We have made further changes to address the specific concerns that Plaintiffs have raised so far. And we are prepared to discuss further changes provided that Plaintiffs make reasonable requests and explain the need for the changes.

Freshfields Bruckhaus Deringer US LLP

4 | 4

We are available to meet and confer.

Very truly yours,

/s/ Robert J. McCallum

Robert J. McCallum

Enclosures

cc:   Lauren Kaplin
 Mikaela Evans-Aziz
 Kevin Orsini
 Brittany Sukiennik
 Andrew Huynh
 Martha Reiser
 Jason Zweig
 Caitlin Coslett
 John Thorne
 Daniel Bird
 Eric Maier
 Ted Maya
 Jordan Elias
 Stuart Davidson
 Serina Vash
 Thomas Ray