# EXHIBIT D

# Freshfields Bruckhaus Deringer US LLP

**Via Email**

Zeke DeRose III
Lanier Law Firm
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064

**New York**
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
   +1 212 284 4910 (Direct)
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

October 14, 2022

Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Zeke:

I write concerning Plaintiffs' draft of the ESI Order in the above-captioned MDL.

Defendants' Draft of the ESI Order dated July 1 ("Defendants' July 1 Draft") was based on a template entered by a federal judge in a recent antitrust case brought by the Federal Trade Commission. Google made a modest number of changes to that objectively reasonable template, including a small number of changes in Google's favor (grounded in principles of proportionality, as discussed below), and a larger number of changes in Plaintiffs' favor (to address specific concerns raised by Plaintiffs). Contrary to Federal Rule of Civil Procedure 26(b)(1), Plaintiffs' most recent draft rejects all proportionality changes proposed by Google. It retains, however, all changes in Plaintiffs' favor, and then demands over 50 additional changes in Plaintiffs' favor (many of which find no support in the Federal Rules). Plaintiffs' one-sided approach to negotiations is unproductive, and ignores the Court's guidance that the parties should not seek to reinvent the wheel.

We outline below a proposed compromise that addresses Google's primary concerns in exchange for what we understand to be Plaintiffs' primary concerns (as well as many of Plaintiffs' proposed "technical edits"). If Plaintiffs will agree to appropriate limitations on the scope of discoverable ESI grounded in principles of proportionality, then Google will agree to the changes outlined below and reflected in the enclosed redline. But if Plaintiffs continue to reject any and all changes proposed by Google then Google is prepared to submit Defendants' July 1 Draft to the Court.

# Freshfields Bruckhaus Deringer US LLP

**The ESI Order Should Reflect Principles of Proportionality**

Google made very limited changes to the categories of ESI identified in the *FTC v. Meta* template that need not be preserved or searched.  Those changes are grounded in Federal Rule 26(b)(1) and principles of proportionality articulated in the Sedona Principles *i.e.*, that the "preservation obligation should be limited to those steps reasonably necessary to secure ESI for the fair and just resolution of the matter in dispute," and that "it is neither feasible nor reasonable to require litigants to canvas all potential sources of ESI in discharging their preservation obligations and responding to discovery requests."  The Sedona Principles, Third Edition, 19 Sedona Conf. J. 1, 112, 173 (2018) ("Sedona Principles").  Plaintiffs rejected all of Google's proposed changes then deleted further provisions that were part of the original *FTC v. Meta* template.  Those provisions should be included in the ESI Order.

Back-up systems and tapes used for disaster recovery.  The Sedona Principles counsel that, "[a]bsent good cause, preservation obligations should not extend to disaster recovery backup tapes created in the ordinary course of business."  Sedona Principles, at 113.  If Plaintiffs contend that there is good cause to require preservation of disaster recovery systems in this case, please explain the basis for that contention.

Individual user data subject to routine disposition required by privacy regulations.  The Sedona Conference counsels that "[d]ata protection laws and regulations may affect an organization's ability to implement legal hold data preservation measures."  The Sedona Conference, Commentary on Legal Holds, Second Edition, 20 Sedona Conf. J. 341, 409 (2019).  If Plaintiffs contend that the preservation obligation should trump the requirements of privacy regulations affecting any user data, please explain the basis for that contention.

Logs of calls made from cellular phones, and voicemail messages.  The Sedona Principles counsel that preservation efforts should focus on "sources that are most likely to contain relevant ESI."  Sedona Principles, at 136.  In light of the nature of the allegations remaining in the case, which focus on unilateral exclusionary conduct across various alleged markets, it seems unlikely that voicemails and cell phone logs will have any relevance to the issues in dispute.  If Plaintiffs contend otherwise, please explain the basis for that contention.

Metadata fields that are frequently updated automatically, such as last-opened or last-modified dates.  "Computer systems manage data dynamically, meaning that the ESI is constantly being cached, rewritten, moved, and copied."  Sedona Principles, at 112.  It follows that parties should limit preservation obligations to steps "reasonably necessary to secure ESI for the fair and just resolution of the matter in dispute."  *Id*.  If Plaintiffs contend that frequently updated fields such as last-opened or last-modified dates are relevant to the claims in this case, please explain the basis for that contention.

Ad logs concerning ads viewed outside the United States.  Ad logs are an example of the category of "massive or disproportionate volumes of information" that need not be preserved.  Sedona Principles, at 136.  Google has exabytes of ad log data which is too large to produce, cannot easily be searched, and older log data is no longer of any business use to Google.  If

# Freshfields Bruckhaus Deringer US LLP

Plaintiffs contend that ad logs concerning ads viewed outside the United States are relevant to the claims in this case, please explain the basis for that contention.

    Dynamic fields of databases, dashboards, or log files.  Dynamic fields are an example of "ephemeral data" that need not be preserved.  Sedona Principles, at 136.  Google has many databases, dashboards, and logs featuring dynamic fields that are automatically populated with refreshed data from (and thus duplicative of) other sources.  "A party need not preserve multiple or duplicative copies of the same relevant ESI."  Sedona Principles, at 94.  If Plaintiffs contend that dynamic fields are relevant to this dispute, please explain the basis for that contention.

    Systems no longer in use that cannot be accessed.  We think that this is self-explanatory. We do not have any particular "systems" in mind at this juncture, but we anticipate that this issue may arise given the pace of change in the ad tech world.  To the extent that Plaintiffs request documents from systems that are not longer in use, Google will consider those requests on a case-by-case basis and consistent with Federal Rule 26(b).  But it is unreasonable to expect Google to preserve systems that cannot be accessed.  If Plaintiffs contend otherwise, please explain the basis for that contention.

**Google Remains Prepared To Address Plaintiffs' Primary Concerns**

    We understand Plaintiffs' primary concern to be that there are a number of documents produced in the presuit investigation that Plaintiffs assert contain unreadable truncated comments and do not contain linked documents.  As set forth in my letter of July 1, Google made changes to the *FTC v. Meta* template to address Plaintiffs' specific concerns, including by allowing the receiving party to make reasonable requests for a more readable version and for linked documents.  Those changes continue to be more than sufficient to address Plaintiffs' stated concerns.  But in the interest of reaching agreement on the ESI Order, if Plaintiffs will agree to the inclusion of Google's reasonable requests regarding proportionality (outlined above) then Google is prepared to take additional steps (outlined below) to address Plaintiffs' concerns.

    Readability.  For future productions, Google will agree to include language obliging the producing party to make reasonable efforts to identify documents with readability issues in advance of production and, where issues are detected, to produce the document in a more readable format (such as in Microsoft-equivalent form).  For previously-produced Investigation Materials with readability issues Google would, when requested and where possible and proportionate, be prepared to produce a more readable version for documents that are responsive to a properly propounded request pursuant to Federal Rule 34.

    Links.  For future productions, Google will agree to include language obliging the producing party to conduct a reasonable search to identify emails that contain links.  For each link identified, the producing party will conduct a reasonable search for the document corresponding with the link.  The search will be over the collected documents for the agreed-upon custodians that received the email(s) containing the link.  The producing party will process and produce relevant documents corresponding with the email links as though they were separate documents. For previously-produced Investigation Materials, Google remains amenable to addressing

**Freshfields Bruckhaus Deringer US LLP**

reasonable and proportionate requests for the production of a reasonable number of linked documents that are responsive to a properly propounded request pursuant to Federal Rule 34.  *See* App'x 1, Section J.

<u>Technical edits</u>.  We do not agree with Plaintiffs' characterization of many of their proposed edits as being merely "technical."  Many of those so-called "technical edits" are substantive, burdensome, and disproportionate.  But if Plaintiffs will agree to address Google's proportionality concerns then Google would be prepared to agree to the "technical edits" reflected in the enclosed redline.

\* \* \*

Google remains prepared to meet and confer regarding the contours of this ESI Order.  Although Google is willing to consider Plaintiffs' views on these issues, Google will not agree to an ESI Order that is contrary to both Federal Rule 26 and the Sedona Principles.  If Plaintiffs continue to demand dozens of further changes in their favor while rejecting every single proportionality change proposed by Google then it does not seem productive to continue to exchange drafts.  Defendants' July 1 Draft is objectively reasonable, fairly addresses the concerns of all parties, and can be entered as drafted if need be.  If Plaintiffs will agree to appropriate limitations to the scope of ESI as described in this letter, then Google is prepared to make the additional concessions described in this letter and set forth in the enclosed redline.

Very truly yours,

<u>/s/ Robert J. McCallum</u>

Robert J. McCallum

Enclosure

cc:    Lauren Kaplin
Mikaela Evans-Aziz
Kevin Orsini
Martha Reiser
Jason Zweig
Caitlin Coslett
John Thorne
Daniel Bird
Eric Maier
Ted Maya
Jordan Elias
Stuart Davidson
Serina Vash
Thomas Ray