# EXHIBIT E



Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

MIKAELA E. EVANS-AZIZ
mevansaziz@wsgr.com

November 18, 2022

VIA ELECTRONIC MAIL

Zeke DeRose, III
Lanier Law Firm
10940 W Sam Houston Pkwy
Suite 100
Houston, TX 77064

Re:   *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Zeke:

I write further to our November 10, 2022 meet and confer concerning the ESI protocol in the above-captioned MDL. It was our understanding from the meet and confer that Plaintiffs would be providing some form of written response to the questions raised by Google in our letter dated October 14, 2022. In light of the fact that Plaintiffs have not provided Google with any additional information, much less an operative counterproposal, Plaintiffs' suggestion that the parties submit competing ESI Order proposals to the Court on November 18 (*i.e.*, today) seems unrealistic.

Plaintiffs were ordered to coordinate with respect to an ESI Order fourteen months ago, and these negotiations need to be brought to a close. To that end, Google proposes the following:

1. Even though Plaintiffs have no counterproposal on the table and have not provided additional information as agreed, and even though Google is under no obligation to negotiate against itself, we have taken back Plaintiffs' comments from the meet and confer, addressed them with Google, and Google is prepared to agree to accept a further eleven edits requested by Plaintiffs as reflected in the attached redline. To the extent that Plaintiffs' comments are not reflected in the attached redline, Google disagrees with them.

2. While reserving our rights as to the relevance of ad logs generally, we have modified our proposed ESI Order to account for the Publisher Plaintiffs' allegations regarding purported alternative geographic markets in Canada, the United Kingdom, and Australia. However, we disagree with Daily Mail's position that

WILSON SONSINI

November 18, 2022
Page 2

Google should be required to preserve many exabytes of worldwide ad log data that is not relevant to this dispute. Even if worldwide ad log data were relevant here, requiring Google to preserve such an extraordinary amount of data is not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1) as interpreted by the Sedona Principles.

With those additional changes in Plaintiffs' favor, Google is prepared to enter an agreed ESI Order in the form attached. Please let us know if Plaintiffs will agree to that so we can submit jointly to the Court.

If any Plaintiffs will not agree to Google's compromise proposal and instead continue to insist on further substantive changes then we are at an impasse. In that case, as set forth in Google's letter dated October 14, 2022, Google is prepared to ask the Court to enter Defendants' July 1 Draft without further delay.

Best Regards,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Mikaela E. Evans-Aziz*

Mikaela E. Evans-Aziz
*Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC*

Cc: Counsel for Publisher Plaintiffs, Advertiser Plaintiffs, Daily Mail, and Newspaper Plaintiffs