# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

January 13, 2023

Dear Judge Castel,

   Pursuant to Pre-Trial Order No. 5 (Dkt. No. 394 ¶ 2), I write on behalf of Meta Platforms, Inc. ("Meta") regarding the protocol for the discovery of Electronically Stored Information ("ESI"). In accordance with Rule 1.A of the Court's Individual Practices, the next conference in this matter is February 15, 2023.

   As the Court is aware, the parties have engaged in lengthy negotiations regarding an ESI protocol to govern this MDL.[1] There remain a number of provisions, however, about which the parties have been unable to reach agreement. Meta believes the proposed protocol submitted today by Google is a sensible and fair protocol to govern discovery in this case and respectfully requests the Court enter that protocol at this time.

   Meta also believes the positions set forth in Google's letter accompanying its proposed protocol are reasonable and appropriate. In particular, Meta reiterates Google's position regarding hyperlinked documents—as explained in Google's letter, Plaintiffs' proposed language would require the use of an automated tool to identify hyperlinked documents that Meta does not have, and Meta would therefore not be capable of complying with Plaintiffs' proposed procedures.

   Meta writes separately from Google, however, to address one issue.

---

[1] As Meta explained in its January 4, 2023 letter, Meta understood Pre-Trial Order No. 5 to require all parties (including Meta) to participate in the negotiations regarding the ESI protocol, even though it is Meta's understanding that all discovery is stayed with respect to Meta. (Dkt. No. 429.) Meta believes all discovery with respect to it is stayed because the Court has stayed all discovery regarding the Network Bidding Agreement ("NBA") (Dkt. No. 394 ¶ 3) and the only claims that have been asserted against Meta in this MDL relate to the NBA. Specifically, only two plaintiff groups in the MDL have asserted claims against Meta: the putative class of advertisers, who assert a Section 1 claim and a corresponding state law claim against Google and Meta based on the NBA (Dkt. No. 399 ¶¶ 365-377), and the Newspapers, who assert a Section 1 claim against Google and Meta based on the NBA (Dkt. No. 401 ¶¶ 371-378). Because neither the Advertisers nor the Newspapers (nor any other plaintiff in the MDL) assert any claims against Meta that do not relate to the NBA, Meta understands that all discovery with respect to it is stayed.

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

**Email Threading (Google's proposed protocol ¶ III.6)**.  Meta believes it is appropriate to include language in the protocol permitting email threading.[2]  Email threading is a standard practice that permits a party to produce only the most inclusive version of email chains.  In other words, it allows a long email chain to be reviewed as one conversation and excludes from review and production the individual, earlier-in-time messages in a chain.  The process preserves all unique information and attachments by ensuring that an email is only suppressed from review or production if the email and attachments are fully contained in and identical to a later version of the email in the thread.  To the extent earlier-in-time messages contain unique custodial metadata, that metadata can be preserved and included with the production of the last-in-time version of the email chain.

Email threading can substantially reduce the burden and costs associated with reviewing and producing large volumes of documents, while ensuring the receiving party receives all appropriate responsive material.  For that reason, email threading is often used in complex litigations involving voluminous discovery.[3]  For example, the ESI protocol in *FTC v. Meta Platforms, Inc.*, No. 20-cv-03590 (D.D.C.) (Dkt. No. 108), a complex antitrust action currently underway in the District of Columbia, includes language permitting email threading that is identical to the language Meta proposes including here.  The ESI protocols in other antitrust MDLs also include similar language permitting email threading.  *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637 (N.D. Ill.) (Dkt. No. 459).  In a case as complex as this one involving multiple defendants and numerous plaintiff groups, permitting email threading is a sensible way to streamline and reduce the burden of discovery in this case.

Meta therefore respectfully requests the Court enter the proposed ESI protocol submitted by Google, which includes Meta's proposed language regarding email threading.

Respectfully,

*/s/ Kevin J. Orsini*
Kevin J. Orsini

---

[2] Plaintiffs oppose the inclusion of language permitting email threading.  Google has included Meta's proposed language regarding email threading in its proposed protocol, but Meta understands Google takes no position on the issue.

[3] Email threading is also consistent with the principles of proportionality articulated in the Sedona Principles, including that "a party need not preserve multiple or duplicative copies of the same relevant ESI."  *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1 (2018), available at: https://thesedonaconference.org/sites/default/files/publications/The%20Sedona%20Principles%20Third%20Edition.19TSCJ1.pdf.

The Honorable P. Kevin Castel
    United States District Judge
        Southern District of New York
            500 Pearl Street
                New York, New York 10007


cc: All Counsel of Record (via CM/ECF)