UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING        21-md-3010 (PKC)
ANTITRUST LITIGATION

ORDER REGARDING
CLAWBACK DOCUMENTS

-----------------------------------------------------------x

CASTEL, Senior District Judge:

All plaintiffs in this MDL have moved for an Order (1) compelling production of four documents withheld by Google as privileged and (2) "clarifying guidelines" for the production of documents in the litigation.  (ECF 368.)

But clarification of any "guidelines" is not the actual relief sought.  Rather, plaintiffs seek to have the Court "clarify the attorney-client privilege and the attorney work product doctrine for purposes of documents produced in the MDL."  (Pl. Mem. at 5.)  None of the governing principles of law advanced by plaintiffs are found in any "guidelines" imposed by this Court.  This is essentially a request for an advisory opinion on legal principles.  The MDL benefits from an array of talent on both sides who are perfectly capable of reading and applying controlling precedent.  The Court will rule on the documents presented, and, perhaps, counsel may draw some guidance from those rulings.

The federal law of privilege applies to these actions that invoke federal question jurisdiction.  See von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 141 (2d Cir. 1987); Rule 501, Fed. R. Evid.  The general principles of federal privilege law are set forth in this Court's opinion in another Sherman Act case and need not be repeated here. See Valassis Communications, Inc. v. News Corp., 17-cv-7378 (PKC), 2018 WL 4489285 (S.D.N.Y. Sept. 19, 2018).

It suffices to note that, under federal law, the "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011). The Court looks to the "predominant purpose" of the communication. In re County of Erie, 473 F.3d 413, 420 (2d Cir. 2007).[1] The burden is on Google to establish factually the essential elements of the privilege or work product protection. Valassis, 2018 WL 4489285, at *1 (citing Mejia, 655 F.3d at 132).

Upjohn Co. v. United States, 449 U.S. 383 (1981), rejected the proposition that only communications between a lawyer and a member of a high-level corporate "control group" are protected by the privilege. Just as lower-level employees may have information necessary for a lawyer to render proper legal advice to a corporation, so too may mid-tier managers need to know the lawyer's advice to the corporation in order to perform their duties.

The federal work product doctrine is codified in Rule 26(b)(3), Fed. R. Civ. P. See United States v. Adlman, 134 F.3d 1194, 1196-97 (2d Cir. 1998); In re Sealed Case, 676 F.2d 793, 811 (D.C. Cir. 1982) (noting "two-tiered structure-qualified protection for 'fact' work product and more absolute protection for 'opinion' work product.").

Before turning to whether Google has established that the redacted portion of documents are either privileged or work product, plaintiffs have raised a threshold issue,

---

[1] Courts within this Circuit routinely consider the predominant purpose of an isolated portion of a larger document, where only the portion is sought to be withheld on privilege. For example, a portion of the minutes of a meeting of a board of directors is not disqualified from protection merely because many other non-privileged subjects are addressed in a unitary set of minutes. See, e.g., In re Dow Corning Corp., 261 F.3d 280, 284 (2d Cir. 2001) (confidentiality order was inadequate protection for portion of board minutes covered by privilege); In Brookfield Asset Mgt., Inc. v. AIG Financial Product. Corp., 09-cv-8285 (PGG)(FM), 2013 WL 142503, at *1 (S.D.N.Y. Jan. 7, 2013).

2

i.e., whether Google may claw back documents based on delay measured from their production to a state or federal investigator more than a year before producing them to private plaintiffs in the MDL.  (Pl. Reply at 2 n.1.)

The clawback provision in paragraph 12(a) of the Confidentiality Order provides as follows:

> The production of privileged or work-product protected Documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discove1y in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Federal Rule of Evidence 502(b) shall not apply to any disputes regarding Investigation Material or Litigation Material.

(Confidentiality Order ¶12(a).)

Where an Order sets forth the procedure for clawing back purportedly protected documents, the terms of that Order control and not the principles that might apply had there been no Order.  See, e.g., Royal Park Investments SA/NV v. Deutsche Bank National Trust Co., 14-cv-04394 (AJN)(BCM), 2016 WL 2977175, at *3 (S.D.N.Y. May 20, 2016); Brookfield, 2013 WL 142503, at *1; HSH Nordbank AG New York Branch v. Swerdlow, 259 F.R.D. 64, 75 (S.D.N.Y. 2009).

The Confidentiality Order was based on drafts heavily negotiated by the parties and does not require that the party claiming privilege demonstrate reasonable steps to prevent disclosure and that they acted promptly to rectify the error.  The Order, at paragraph 12(c), provides that a party receiving a notice of inadvertent production must, at a minimum, segregate the material and may subject it to a further limited right of inspection described in the Order.  The Order did not disqualify documents

3

previously produced in government investigations from the clawback provision, nor did it exclude any category of MDL plaintiffs.

Pursuant to the terms of the Confidentiality Order entered by the Court on May 11, 2022 (ECF 297), Google made a clawback request on August 10, 2022 for 68 previously produced documents.  (ECF 331-1.)  At plaintiffs' request, the Court directed Google to provide a privilege log for the 68 withheld documents.  (ECF 333.)   Google has facially satisfied the provisions of the Confidentiality Order and plaintiffs have properly brought the matter to the Court's attention for a ruling.

A possible exception to the literal application of the Court's Confidentiality Order may exist where a party asserting inadvertent production has acted in a manner that was "completely reckless."  HSH Nordbank AG New York Branch v. Swerdlow, 259 F.R.D. 64, 75 (S.D.N.Y. 2009) (Lynch, J.); but see Rule 502(d), advisory committee's notes to 2007 amendment ("the court order may provide for return of documents without waiver irrespective of the care taken by the disclosing party.").[2]  Based upon the history of the assembly and production of approximately 2 million documents, no complete recklessness is found on this record.  A second possible exception may exist if the prior disclosure was not inadvertent but was a deliberate and strategic choice.  Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp., 218 F. Supp. 3d 197, 201 n.1 (E.D.N.Y. 2016).  But there is no evidence that Google attempted to gain an advantage

---

[2] As recounted in Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.,96-cv-7590(DAB)(JCF), 1997 WL 736726, at *4 (S.D.N.Y. Nov. 26, 1997) (Francis, M.J.), the "completely reckless" standard comes from an unreported decision of Magistrate Judge Bernikow in Union Carbide Corp. v. Montell N.V. 95-cv-0134 (S.D.N.Y. Aug. 15, 1997), in which he noted that the provision in the Order "was designed to protect the parties, who face massive discovery obligations, from having to litigate the issue of inadvertence." Judge Bernikow added that "[p]erhaps a completely reckless production of privileged documents would result in waiver." Id. (emphasis added).

with government investigators by the earlier production of these documents; this second, possible exception is not applicable on this record.

        The Court now addresses the merits of the privilege and work product claims as to the four documents:

        1.      In response to the motion, Google states that it will no longer assert privilege over the redaction in the first document challenged by plaintiffs, GOOG-DOJ-09092627. The Court declines to ascribe any nefarious motive to the change of position.

        2.      The second set of disputed materials are several lines of text on a single page of a six-page slide deck titled "Dec 2019 Finance Update." (GOOG-DOJ 11698798-804.)[3] Under the heading, "Additional Guidance on Tiering," six lines are redacted. (Id. at '804)  An individual who was a "Finance Manager" (and today is a "Senior Finance Manager") declares that he "was one of the Document's authors" and that the document reflects legal advice of attorneys at the law firm of Slaughter and May, one of Google's European outside counsel, concerning pricing guidance under EU law. (Doc 389-1.)  The declaration does not offer information about the size or composition of the audience to whom the slide deck was shown. The declaration gives no hint of the identity of the lawyer or lawyers who gave the guidance, to whom it was given, when it was given, or any clue of the surrounding context. Reading the withheld text does not permit the Court to infer answers to those questions. Part of the redacted text instructs the viewer to "seek competition counsel when in doubt" but that innocuous prudential statement is an

---

[3] That legal advice is communicated through a PowerPoint or slide deck presentation to a group of managers is not determinative of the application of the attorney-client privilege. See, e.g. M&T Bank Corp. v. State Nat'l Ins. Co., No. 18-cv- 787 (EAW)(MJR), 2020 WL 5494501, at *1 (W.D.N.Y. Sept. 11, 2020).

insufficient basis for the application of the privilege.  The Court concludes that Google has failed to demonstrate that the withheld portion ('804) of the document is privileged.

    3. The third document is referred to as "Deepti's Notes," GOOG-DOJ 12866023-103 (the "Notes").  The declarant, who is the Director of Product Management and the Notes' author, states that the Notes relate to Project SingleClick and were an analysis of certain actions undertaken "in response to active investigations into, and in anticipation of litigation concerning, Google's ad-tech business." (ECF 389-2.)  The active investigations included those by the State of Texas, the Department of Justice and the European Union.  Project SingleClick, he states, was supervised by three in-house attorneys, who he identifies, and two outside law firms, also identified.  Two redacted lines of the Notes are claimed to be protected.  (Id. at '029.)  In the first line, a question is posed on the subject of liability avoidance.  The second line is a response, though it is cryptic.  The Court concludes that the two lines of redacted text are protected by the attorney-client privilege. The two lines also qualify as the "mental impressions, conclusions, opinions, or legal theories of an attorney" prepared "in anticipation of litigation."  Rule 26(b)(3).  The redacted text "can fairly be said to have been prepared . . . because of the prospect of litigation."  United States v. Adlman, 134 F.3d 1194, 1203 (2d Cir. 1998).  Thus, it is also attorney work product.

    4. The fourth document is a compilation of notes from meetings of the Ads and Commerce Meetings held from January 18, 2019 through January 31, 2020, GOOG-DOJ 08154428-526.  While there are eight redactions in the document range, plaintiff challenges three of them: two on '469 and one on '470.  Google no longer asserts the privilege as to the first redaction on '469.

6

As to the second redaction on '469, one of the presenters has submitted a declaration stating that at the time of the document, the declarant was "Group Product Lead, Head of Search Ads 360." (ECF 389-4) The declarant asserts that the redaction reflects legal advice on competition laws from three named in-house attorneys that was given or discussed at the meeting. (Id.) The second redaction on '469 is under the heading "Amalgam Biz goals and constraints" and with the lead in phrase "Legal says. . . ." It continues by setting forth the bottom line legal advice on what the business people may or may not do. There is a single line that reflects the business viewpoint that one business strategy deemed by the lawyers to be lawful may not make sense from a profit and loss perspective. But the predominant purpose of the communication in the second redaction on '469 is the communication of legal advice. The Court therefore upholds the privilege assertion.

The third portion of the document ('470) concerns pricing and the timing of price changes. While one element of the discussion contains some prudential advice known to lawyers and sophisticated business people ("we should not be pricing below cost"), the predominant purpose of the six lines of redacted text on '470 is business in nature. The Court concludes that it is not privileged.

CONCLUSION

Plaintiff's motion (ECF 368) is GRANTED in part. The privilege claim as to the first document,'627, has been withdrawn. The claim of privilege as to the redaction on '804 is not upheld. The redaction on '029 is upheld on the grounds of privilege and work product. The privilege claim on the first redaction on '469 is withdrawn, on the second redaction on '469 is upheld and the redaction on '470 not upheld.

Apart from the ruling on the four documents, plaintiffs also complain of the adequacy of the descriptions on Google's privilege log for the remainder of the 58 clawback documents. The parties are directed to meet and confer on this issue within 21 days and, if appropriate, agree upon supplementation of the privilege log or other relief.

The Clerk is directed to terminate the motion. (ECF 368.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        January 17, 2023