

U.S. DISTRICT COURT
FILED
FEB 0 1 2023
S.D. OF N.Y.

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                          MDL No. 3010

**TRANSFER ORDER**

**Before the Panel:** Defendants[1] in the action listed on Schedule A (*Inform*) move under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 3010. Plaintiff Inform Inc. opposes the motion and supports transfer.

After considering the argument of counsel, we find that *Inform* involves common questions of fact with the actions transferred to MDL No. 3010, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order establishing MDL No. 3010, we explained that "[t]he actions concern Google's alleged monopolization and suppression of competition in online display advertising" – an industry that involves high-speed electronic trading venues called "exchanges" that advertisers and online publishers use to manage the buying and selling of ad space on web sites and mobile apps. *See In re Digital Advertising Antitrust Litig.*, 555 F. Supp. 3d 1372, 1373 (J.P.M.L. 2021). We observed that the actions commonly alleged that Google runs the largest ad exchange ("AdX") and has engaged in numerous kinds of unlawful acts to suppress competition, causing injuries to advertisers and publishers that participate in its exchange by imposing supracompetitive pricing and depriving them of revenue. *See id.* at 1373-74. Like the actions in the MDL, *Inform* alleges that Google has monopolized or suppressed competition in digital display advertising. Moreover, *Inform* alleges many of the same business practices as the MDL plaintiffs in support of its claim that Google has violated federal antitrust law – for example, unlawful tying of its ad exchange to its ad server for publishers; anticompetitive acquisitions of other ad tech companies; and creating barriers to interoperability. The federal antitrust claims in *Inform* – monopolization, attempted monopolization, unlawful leveraging of monopolies, and unlawful tying – also overlap with the federal antitrust claims in the MDL.

In opposition to transfer, Google asserts that individual questions of fact in *Inform* will predominate over the common ones. This assertion is based on the premise that *Inform* focuses "primarily" on a case-specific claim concerning Google's transition from Adobe Flash to HTML5 to play video ads for users of Google Chrome and the restrictions on Flash-based ads that allegedly resulted. This argument ignores the plain language of the complaint. For example, the introduction to the *Inform* amended complaint is replete with allegations that Google has engaged in an array

---

[1] Google LLC, Alphabet, Inc., and YouTube LLC (together, "Google").

of tactics including acquisitions and amassing control of ad tech tools to dominate online advertising – without mention of the Flash/HTML5 transition.[2]  The claims for relief under the Sherman Act also extend far beyond those arising from this transition, and overlap with the monopolization and tying claims in the MDL.  For example, Counts II through IV assert Section 2 claims for monopoly, monopoly leveraging, and attempted monopoly in the "Leveraged Monopolies," referring to the seven markets (including four advertising markets) discussed in the complaint's Introduction; and Count V asserts unlawful tying of Google's publisher ad server to Google's ad exchange in violation of Section 3.[3]

Google also argues that transfer of *Inform* would be inefficient because the action has a three-year long history in the transferor court and that court is familiar with the claims from ruling on previous rounds of motions to dismiss.  Although the *Inform* action is three years old, transfer still is appropriate as the action remains in its infancy.  The pretrial proceedings in the Northern District of Georgia have been limited to two rounds of motions to dismiss and plaintiff's appeal to the Eleventh Circuit.  In late 2022, the Eleventh Circuit reversed the dismissal of *Inform*, and remanded the action for further proceedings, which are expected to include, among other things, an amended complaint and another round of briefing on a further motion to dismiss.  Thus, *Inform* and the actions in the MDL are in roughly the same procedural posture, and well-positioned for coordinated briefing, discovery, and other pretrial proceedings.

If the transferee judge finds at any point during the pretrial proceedings that inclusion of *Inform* will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, Section 1407 remand of the action to its transferor court can be accomplished with a minimum of delay. See Panel Rules 10.1 10.3.

---

[2] *See, e.g., Inform* Am. Compl. ¶ 4 ("For years, Google's goal has been to maximize profits in the online advertising market by: (1) amassing and controlling Internet user data, creating user super-profiles; (2) strategically acquiring companies that strengthen Google's ad tech capabilities, maximize data harvesting, or decrease competition; (3) controlling the devices and tools with which users and competitors access the Internet; and (4) ultimately controlling which advertising content is served to and consumed by Internet users."); *id.* ¶ 5 ("Google has achieved monopoly power in a number of overlapping markets, all with a goal of dominating online advertising."); *id.* ¶¶ 6-7 ("[Google] us[es] its market dominance in several overlapping markets to drive online advertising dollars," listing seven markets including the "Ad Server Market," "Online Advertising Market," "Search Advertising Market," and "Online Video Advertising Market.").

[3] Google's reliance on the Panel order declining to transfer the *Klein v. Facebook* action to the MDL is inapposite, given the vast factual differences between *Klein* and *Inform*.  In *Klein*, the Panel determined that transfer was not warranted despite overlapping factual allegations concerning an unlawful agreement between Google and Facebook because "the principal allegations in the *Klein* Advertiser Action concern[ed] *Facebook's alleged monopolization of the Social Advertising Market – a claim that involves years of alleged conduct that is uniquely about Facebook* – and is not an issue in the MDL." *See* MDL No. 3010, Order Vacating CTO (*Klein*), at 2 (J.P.M.L. June 1, 2022) (emphasis added).  In contrast, *Inform* concerns Google's alleged business practices in digital advertising markets that Google allegedly monopolized – the same core issues and defendant as the actions in the MDL.

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
Deputy Clerk

**IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION**                                         MDL No. 3010

## SCHEDULE A

<u>Northern District of Georgia</u>

INFORM, INC. v. GOOGLE LLC, ET AL., C.A. No. 1:19−05362