

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                                                                       MDL No. 3010

TRANSFER ORDER

**Before the Panel:** Plaintiff in the action listed on Schedule A (*Stellman*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 3010. Defendants Google LLC and Alphabet, Inc. (together, "Google") oppose the motion and support transfer.

After considering the argument of counsel, we find that *Stellman* involves common questions of fact with the actions transferred to MDL No. 3010, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order establishing MDL No. 3010, we explained that "[t]he actions concern Google's alleged monopolization and suppression of competition in online display advertising" – an industry that involves high-speed electronic trading venues called "exchanges" that advertisers and online publishers use to manage the buying and selling of ad space on web sites and mobile apps. *See In re Digital Advertising Antitrust Litig.*, 555 F. Supp. 3d 1372, 1373 (J.P.M.L. 2021). We observed that the actions commonly alleged that Google runs the largest ad exchange ("AdX") and has engaged in numerous kinds of unlawful acts to suppress competition, causing injuries to advertisers and publishers that participate in its exchange by imposing supracompetitive pricing and depriving them of revenue. *See id.* at 1373-74. Like the actions centralized in the MDL, plaintiff Stellman alleges that Google dominates the display advertising market and engages in deceptive and unfair practices in the operation of its ad exchange, causing advertisers to pay higher prices. *Stellman* focuses on an alleged auction-manipulation program known as Reserve Price Optimization ("RPO"), alleging that, through RPO, Google overrode and increased the bidding floors set by publishers on AdX, and thereby deceptively increased the price advertisers paid for ad space on publisher websites. In the MDL, plaintiffs in the *State of Texas* and the advertiser actions make the same allegations about RPO.

In opposition to transfer, plaintiff principally argues that (1) he does not assert any antitrust claims – only consumer protection claims – and thus his action is beyond the scope of the MDL; and (2) transfer to the MDL would be inefficient because the transferee court already has ruled on the RPO allegations in ruling on defendant's motion to dismiss the state plaintiffs' complaint (*State of Texas*). We find these arguments unpersuasive. It is well-established that "[t]ransfer does not require a complete identity of factual issues, and the presence of additional facts or differing legal theories is not significant when . . . the actions arise from a common factual core." *See In re Auto*

Case 1:21-md-03010-PKC   Document 445   Filed 02/01/23   Page 2 of 3
Case MDL No. 3010   Document 228   Filed 02/01/23   Page 2 of 3

-2-

*Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Thus, plaintiff's assertion of consumer protection instead of antitrust claims does not prevent transfer. Additionally, the transferee court's decision on the RPO allegations in the *State of Texas* action supports, rather than weakens, the case for transfer. The ruling underscores that the scope of the MDL includes RPO-based allegations and *Stellman* will benefit from the transferee court's familiarity with these claims.[1] Moreover, plaintiff Stellman is in error in suggesting that the RPO allegations are no longer at issue in the MDL. The private plaintiffs in the MDL have recently filed amended complaints asserting RPO-based claims. Thus, inclusion of *Stellman* in the MDL for coordinated proceedings on the RPO allegations will serve the efficient conduct of the litigation.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable P. Kevin Castel for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY_____
Deputy Clerk

---

[1] *See In re Google Digital Advertising Antitrust Litig.*, No. 21-md-3010, __ F. Supp. 3d __, 2022 WL 4226932, at *30-32 (S.D.N.Y. Sept. 13, 2022).

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                                    MDL No. 3010

## SCHEDULE A

### Northern District of California

STELLMAN v. GOOGLE LLC, ET AL., C.A. No. 5:22−05273