UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-MD-3010 (PKC)** |

*This Motion Relates To:*

| | |
|---|---|
| **ORGANIC PANACEAS, LLC, *et al.*,**<br>***Plaintiffs,***<br>**-against-**<br>**GOOGLE LLC and ALPHABET INC.,**<br>***Defendants.*** | **No. 5:21-cv-02629** |

**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS ORGANIC PANACEAS' CLASS ACTION COMPLAINT**

FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555

AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Fax: (415) 947-2099

*Counsel for Defendants Google LLC and Alphabet Inc.*

## TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... ii

TABLE OF ABBREVIATIONS ..... v

INTRODUCTION ..... 1

BACKGROUND ..... 2

LEGAL STANDARDS ..... 3

ARGUMENT ..... 4

I. ORGANIC PANACEAS IS BOUND TO ARBITRATE ..... 4

A. The Court May Consider the Shadd Declaration and Google's Terms of Service Evidencing Organic Panaceas' Agreement to Arbitrate. ..... 5

B. The Federal Arbitration Act Requires Arbitration Here. ..... 6

1. Organic Panaceas Agreed to a Valid and Enforceable Arbitration Agreement in Google's Terms of Service. ..... 7

2. Organic Panaceas' Claim is Within the Scope of the Broad Arbitration Agreement. ..... 8

C. Organic Panaceas Must Arbitrate with Alphabet as Well as With Google. ..... 8

II. ORGANIC PANACEAS FAILS TO ALLEGE A RELEVANT MARKET. ..... 9

III. ORGANIC PANACEAS FAILS TO ALLEGE ANTICOMPETITIVE CONDUCT. ..... 10

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*105 Mt. Kisco Assocs. LLC v. Carozza*,
2017 WL 1194700 (S.D.N.Y. Mar. 30, 2017) ....................3

*Alvater Gessler v. Sobieski Destylarnia*,
572 F.3d 86 (2d Cir. 2009)....................5

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013)....................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011)....................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Broder v. Cablevision Sys. Corp.*,
418 F.3d 187 (2d Cir. 2005)....................5

*Brown Shoe Co. v. United States*,
370 U.S. 294 (1962)....................10

*Bus. Casual Holdings, LLC v. YouTube, LLC*,
2022 WL 837596 (S.D.N.Y. Mar. 21, 2022) ....................6

*Cal. Crane Sch., Inc. v. Google LLC*,
2022 WL 3348425 (N.D. Cal. Aug. 12, 2022) ....................5, 6, 7, 8

*Chapman v. N.Y. State Div. for Youth*,
546 F.3d 230 (2d Cir. 2008)....................10

*Dreamstime.com, LLC v. Google LLC*,
54 F.4th 1130 (9th Cir. 2022) ....................11

*Figueroa v. Garland*,
2022 WL 17539114 (S.D.N.Y. Dec. 6, 2022) ....................6

*Gucci Am., Inc. v. Alibaba Grp. Holding Ltd.*,
2016 WL 6110565 (S.D.N.Y. Aug. 4, 2016) (Castel, J.)....................4

*Heerwagen v. Clear Channel Commc'ns.*,
435 F.3d 219 (2d Cir. 2006)....................9

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*,
252 F.3d 218 (2d Cir. 2001)....................8

*Meridian Autonomous Inc. v. Coast Autonomous LLC*,
2018 WL 4759754 (S.D.N.Y. Sept. 30, 2018).....9

*Meridian Autonomous Inc. v. Coast Autonomous LLC*,
2020 WL 496078 (S.D.N.Y. Jan. 30, 2020).....9

*Meyer v. Uber Techs.*,
868 F.3d 66 (2d Cir. 2017).....6

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016).....7

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016).....5

*Organic Panaceas, LLC v. Google*,
21-cv-02629 (N.D. Cal. Apr. 12, 2021), ECF No. 1.....1

*Roby v. Corp. of Lloyd's*,
996 F.2d 1353 (2d Cir. 1993).....3

*Shierkatz Rllp v. Square, Inc.*,
2015 WL 9258082 (N.D. Cal. Dec. 17, 2015).....8

*Simon J. Burchett Photography, Inc. v. Maersk Line Ltd.*,
2020 WL 8261580 (S.D.N.Y. Dec. 30, 2020).....4

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*,
198 F.3d 88 (2d Cir. 1999).....9

*Spinelli v. NFL*,
96 F. Supp. 3d 81 (S.D.N.Y. 2015).....8

*TradeComet.com LLC v. Google, Inc.*,
435 F. App'x 31 (2d Cir. 2011).....3, 8

*TradeComet.com, LLC v. Google, Inc.*,
693 F. Supp. 2d 370 (S.D.N.Y. 2010), *aff'd on other issues*, 647 F.3d 472 (2d Cir. 2011).....5

*Trudeau v. Google LLC*,
349 F. Supp. 3d 869 (N.D. Cal. 2018), *aff'd*, 816 F. App'x 68 (9th Cir. 2020).....6, 7

*United States v. Grinnell Corp.*,
384 U.S. 563 (1966).....9

*Veliz v. Collins Bldg. Servs., Inc.*,
2011 WL 4444498 (S.D.N.Y. Sept. 26, 2011).....3

*Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*,
540 U.S. 398 (2004).....11

*Walker Process Equip. v. Food Mach. & Chem. Corp.*,
382 U.S. 172 (1965) .....9

**Statutes**

9 U.S.C. § 2 .....6

15 U.S.C. § 2 .....9, 11

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(3) .....1, 3, 4, 5

Federal Rule of Civil Procedure 12(b)(6) .....1, 3, 4, 5

Federal Rule of Evidence 201 .....6

**TABLE OF ABBREVIATIONS**

| **Term** | **Definition** |
| --- | --- |
| Complaint | Class Action Complaint, *Organic Panaceas, LLC v. Google*, 21-cv-02629 (N.D. Cal. Apr. 12, 2021), ECF No. 1 |
| FAA | Federal Arbitration Act |
| Google | Google LLC and Alphabet Inc. |
| MTD Op. | Opinion and Order, ECF No. 308 |
| Search | Google Search |
| Shadd Decl. | Declaration of Courtney Shadd |
| Terms or Terms of Service | Google's Advertising Program Terms of Service |

Pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), Defendants Google LLC and Alphabet Inc. move for an order dismissing Organic Panaceas' Class Action Complaint ("Complaint"), Compl., *Organic Panaceas, LLC v. Google*, 21-cv-02629 (N.D. Cal. Apr. 12, 2021), ECF No. 1, in its entirety because Organic Panaceas is bound by a valid and enforceable arbitration agreement with Google. In the alternative, Google moves for an order compelling Organic Panaceas to arbitrate its claim as it agreed.

Google also moves to dismiss Organic Panaceas' Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Organic Panaceas is a Google AdWords customer whose account was allegedly suspended for violating Google's policy against advertising "recreational drugs." Organic Panaceas affirms that it "predominately sold Hemp Oil containing cannabidiol or CBD." Compl. ¶ 43. It expressly acknowledges that "there are/were potential issues" with promoting CBD products. *Id.* Organic Panaceas argues that, due to its alleged account suspension, it could no longer advertise CBD products on Google Search. Organic Panaceas also claims that it paid Google "supra-competitive" prices for display advertisements on third-party sites, but alleges no substantiating facts or details. Compl. ¶ 51. Out of these allegations, Organic Panaceas attempts to spin an antitrust suit claiming monopolization of a digital display advertising market.

The complaint does not come close to adequately pleading a monopolization claim. It does not even attempt to define a market for "digital display advertising," nor explain how its allegations amount to anticompetitive conduct in that market. In essence, Organic Panaceas challenges Google for enforcing its own policies on its own products. These allegations have no relation to, or effect on, a market for "digital display advertising," Google's ad tech rivals, or the

competitive process as a whole.

Moreover, Organic Panaceas agreed to arbitrate all claims concerning its use of Google AdWords, so its complaint should be dismissed on that basis as well.

Google respectfully requests that this Court dismiss Organic Panaceas' Complaint in its entirety or, in the alternative, compel Organic Panaceas to arbitrate its antitrust claim.

## BACKGROUND[1]

Organic Panaceas brings this antitrust suit against Google LLC and its parent company, Alphabet Inc. Organic Panaceas seeks to represent a putative class of all other persons and entities who "were excluded from placing ads by and/or as a result of Google's anticompetitive implementation of its 'policies and procedures'" during the relevant time period. Compl. ¶ 131.

Organic Panaceas makes no allegation that it bought display advertisements or used any ad tech products. It concedes that it "attempted to market its site through Google Adwords [sic], because Google was the largest general and paid search engine on the Internet." Compl. ¶ 44; *see also id.* ¶ 90 (describing AdWords results as appearing on Google's search engine results page). Organic Panaceas' paid Search ads "were initially very successful." Compl. ¶ 44.

Google determined Organic Panaceas' advertisements "violated a Google policy which prohibited paid ads for products containing CBD" and allegedly "suspended" Organic Panaceas' AdWords account. Compl. ¶ 44. Organic Panaceas "predominately sold Hemp Oil containing cannabidiol or CBD." Compl. ¶ 43. Organic Panaceas "specifically acknowledges that, arguably, there are/were potential issues associated with the marketing and sale of products containing CBD." *Id.* Organic Panaceas claims that Google's policy enforcement was "intentional predatory and exclusionary manipulation of [Google's] internal policies," Compl. ¶

[1] For purposes of this motion to dismiss, Google assumes the truth of the well-pleaded allegations in the Complaint. Google expects to contest many of those allegations should the case proceed.

43, and that it suffered harm because its sales dropped. Compl. ¶ 44.

Organic Panaceas agreed to Google's Advertising Program Terms of Service ("Terms") that govern the use of Google AdWords and other advertising services. Shadd Decl. ¶ 20. These Terms are publicly available online and presented to advertisers during the sign-up process. Advertisers are required to expressly agree to the Terms before being able to purchase ads using AdWords. Shadd Decl. ¶ 3. In the first paragraph, the Terms explicitly bind advertisers to "individual arbitration to resolve disputes rather than jury trials or class actions." *See* Shadd Decl., Ex. D at 1; *see also id.* at § 13(A). Advertisers like Organic Panaceas are free to opt out of this binding arbitration provision. Shadd Decl. ¶¶ 6-12; *see also* Shadd Decl., Ex. D at § 13(F) (explaining opt out process). Google's records indicate that Organic Panaceas did not avail itself of this opportunity. Shadd Decl. ¶ 20.

Organic Panaceas asserts one claim against Google: monopolization of a market for "digital display advertising and its component subparts and services." Compl. ¶ 144.

## LEGAL STANDARDS

"[A]n arbitration clause is merely a specialized type of forum selection clause." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1362 n.2 (2d Cir. 1993). In determining whether to dismiss a claim based on a forum-selection clause, the district court must view all the facts in the light most favorable to the party claiming that venue is proper, while "no disputed fact should be resolved against that party until it has had an opportunity to be heard." *TradeComet.com LLC v. Google, Inc.*, 435 F. App'x 31, 33 (2d Cir. 2011). Courts in this District have considered motions to dismiss in favor of arbitration under both Rule 12(b)(3) and 12(b)(6). *See 105 Mt. Kisco Assocs. LLC v. Carozza*, 2017 WL 1194700, at *15-17 (S.D.N.Y. Mar. 30, 2017) (dismissing claims subject to arbitration agreement under Rule 12(b)(3)); *Veliz v. Collins Bldg.*

*Servs., Inc.*, 2011 WL 4444498, at *4 (S.D.N.Y. Sept. 26, 2011) (dismissing under Rule 12(b)(6)); *Simon J. Burchett Photography, Inc. v. Maersk Line Ltd.*, 2020 WL 8261580, at *5 (S.D.N.Y. Dec. 30, 2020) (considering motion to dismiss in favor of arbitration under Rule 12(b)(6)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To do so, the complaint must make factual allegations sufficient to "raise a reasonable expectation that discovery will reveal evidence," *Twombly*, 550 U.S. at 556, that would "allow[] the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678. It is "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "In assessing the sufficiency of the complaint, a court must disregard legal conclusions, because they are not entitled to the presumption of truth." *Gucci Am., Inc. v. Alibaba Grp. Holding Ltd.*, 2016 WL 6110565, at *4 (S.D.N.Y. Aug. 4, 2016) (Castel, J.). Rather, the Court "must examine the well-pleaded factual allegations 'and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## ARGUMENT

### I. ORGANIC PANACEAS IS BOUND TO ARBITRATE.

Organic Panaceas "agree[d] to arbitrate all disputes and claims . . . that arise out of or relate in any way to" Google's advertising programs, and it declined to opt out of arbitration. Shadd Decl., Ex. D at § 13(A) & (F); Shadd Decl. ¶ 20. This valid agreement covers Organic Panacea's claim here. This Court should therefore dismiss Organic Panaceas' complaint in its

entirety pursuant to Rules 12(b)(3) and 12(b)(6). In the alternative, this Court should compel Organic Panaceas to arbitrate as agreed under the Terms.

**A. The Court May Consider the Shadd Declaration and Google's Terms of Service Evidencing Organic Panaceas' Agreement to Arbitrate.**

This Court may consider Google's Advertising Program Terms of Service under Rule 12(b)(3) or 12(b)(6) in deciding this motion.[2] On a Rule 12(b)(3) motion, this Court may consider facts outside the pleadings. *TradeComet.com, LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 375 n.3 (S.D.N.Y. 2010), *aff'd on other issues*, 647 F.3d 472 (2d Cir. 2011); *see also Alvater Gessler v. Sobieski Destylarnia*, 572 F.3d 86, 89 (2d Cir. 2009). On a Rule 12(b)(6) motion, this Court may consider documents integral to and relied upon in the Complaint, even if not incorporated by reference. *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005). The decision in *Nicosia v. Amazon.com* illustrates this point. There, the plaintiff purchased a weight-loss product from Amazon, and then sued Amazon for a product safety violation. 834 F.3d 220, 227 (2d Cir. 2016). The Second Circuit affirmed the lower court holding that it properly considered Amazon's Order Page and Conditions of Use (in the form used at the time of purchase), because they were "an embodiment of the contract made between [the parties]" when the plaintiff purchased the disputed product, "and thus integral to the complaint." *Id.* at 234.

Likewise, the Terms here are an "embodiment" of the contract between Organic Panaceas and Google, and integral to the Complaint. Organic Panaceas admits that it "market[ed] its site

[2] To the extent this Court has concerns about considering the Terms on a motion to dismiss, it can surely consider them on a motion to compel arbitration, which Google seeks in the alternative here. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (noting courts apply a standard similar to summary judgment in deciding motions to compel arbitration and consider "all relevant, admissible evidence submitted by the parties"); *Cal. Crane Sch., Inc. v. Google LLC*, 2022 WL 3348425, at *3 (N.D. Cal. Aug. 12, 2022) (considering Google's Terms of Service and accompanying declaration in deciding Google's motion to compel arbitration).

through Google Adwords [sic]," Compl. ¶ 44, meaning Organic Panaceas agreed to be bound by the Terms that govern its use of AdWords. *See* Shadd Decl. ¶ 3 (attesting that advertisers cannot purchase ads unless and until they agree to the Terms). The Terms are integral to this dispute because they govern the entire relation between Organic Panaceas and Google.

This Court may also take judicial notice of facts that are not subject to reasonable dispute, and which can be accurately ascertained from reliable sources. *Figueroa v. Garland*, 2022 WL 17539114, at *6 (S.D.N.Y. Dec. 6, 2022). Courts have found Google's Terms meet this standard. *See Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (citing Fed. R. Evid. 201), *aff'd*, 816 F. App'x 68 (9th Cir. 2020); *Cal. Crane Sch., Inc. v. Google LLC*, 2022 WL 3348425, at *1 n.1 (N.D. Cal. Aug. 12, 2022). Recently, another court in this district took judicial notice of YouTube's terms of service in resolving a motion to dismiss. *Bus. Casual Holdings, LLC v. YouTube, LLC*, 2022 WL 837596, at *1 n.2 (S.D.N.Y. Mar. 21, 2022). Google requests that this Court takes judicial notice of the Terms authenticated by the attached Declaration of Courtney Shadd.

**B. The Federal Arbitration Act Requires Arbitration Here.**

The Federal Arbitration Act ("FAA") reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks omitted). It creates a presumption of arbitrability, providing that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[C]ourts must rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotation marks omitted). A dispute is arbitrable under the FAA if (1) a valid and enforceable agreement exists between the parties, and (2) the dispute falls within the scope of the arbitration agreement. *Meyer v. Uber Techs.*, 868 F.3d 66, 73 (2d Cir.

2017). Organic Panaceas is obliged to arbitrate its claim because both requirements are satisfied and no exceptions apply.

**1. Organic Panaceas Agreed to a Valid and Enforceable Arbitration Agreement in Google's Terms of Service.**

When Organic Panaceas agreed to Google's Terms, it "agree[d] to arbitrate all disputes and claims . . . that arise out of or relate in any way to" Google's advertising services. Shadd Decl., Ex. D at § 13(A).

This arbitration agreement is valid, enforceable, and not unconscionable. Under California law,[3] a contract is unenforceable "only if it is both procedurally and substantively unconscionable." *Trudeau*, 349 F. Supp. 3d at 877. The "threshold inquiry in California's unconscionability analysis is whether the arbitration agreement is adhesive." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) (internal quotation marks omitted). An "arbitration agreement is not adhesive if there is an opportunity to opt out of it." *Id.* Google's Terms expressly allow advertisers to opt out of the arbitration provision within 30 days, which Organic Panaceas did not do. Shadd Decl., Ex. D at § 13(F); Shadd Decl. ¶ 20. Because Google's Terms provide for a voluntary opt out procedure, the arbitration clause has been held "not procedurally unconscionable and thus not unconscionable." *See e.g., Trudeau*, 349 F. Supp. 3d at 877; *Cal. Crane Sch.*, 2022 WL 3348425, at *3.

This Court need not reach the issue of whether the agreement is also substantively unconscionable. *Cal. Crane Sch.*, 2022 WL 3348425, at *3. But, even if it did, Organic Panaceas has not alleged any facts suggesting that the agreement is "so one-sided as to shock the

---

[3] The Terms provide that "all claims arising out of or relating to" the terms or Google's advertising programs "will be governed by California Law[.]" Shadd Decl., Ex. D at § 14 (emphasis omitted).

conscience." *Shierkatz Rllp v. Square, Inc.*, 2015 WL 9258082, at *10 (N.D. Cal. Dec. 17, 2015) (internal quotation marks omitted). And the Terms themselves demonstrate that it is not.

#### 2. Organic Panaceas' Claim is Within the Scope of the Broad Arbitration Agreement.

The arbitration agreement here is "broad," creating a "presumption of arbitrability." *See* Shadd Decl., Ex. D at § 13(A) ("This agreement to arbitrate . . . is intended to be broadly interpreted[.]"); *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001). With exceptions not applicable here,[4] the arbitration agreement in the Terms applies to "all disputes and claims" under "any legal theory" that "arise out of or relate in any way" to Google's advertising programs. Shadd Decl., Ex. D at § 13(A). Organic Panaceas' claim falls squarely within the scope of the agreement because the alleged injury—account suspension—stems from its use of Google AdWords governed by the Terms. Compl. ¶¶ 43-45; *see also Spinelli v. NFL*, 96 F. Supp. 3d 81, 104 (S.D.N.Y. 2015) (finding the plaintiffs' claims arbitrable because their purported damages flowed from the parties' agreement); *Cal. Crane Sch.*, 2022 WL 3348425, at *2-3 (finding the same arbitration clause encompassed antitrust claims). *TradeComet.com LLC*, 435 F. App'x at 35 (2d Cir. 2011) (affirming that antitrust claims were subject to Google Terms' forum selection clause with similarly broad language because the claims arose out of or related to the Google AdWords program).

### C. Organic Panaceas Must Arbitrate with Alphabet as Well as With Google.

To the extent Organic Panaceas asserts its monopolization claim against Google's parent company, Alphabet Inc., this claim must be arbitrated as well. The arbitration agreement

[4] As provided by the Terms, the arbitration agreement "does not preclude any party from seeking an individualized preliminary injunction or temporary restraining order until a claim is arbitrated, or from bringing an individualized action in small claims court, in any court that has jurisdiction; provided that . . . the arbitrator will have exclusive jurisdiction to finally resolve claims not within the jurisdiction of a small claims court." Shadd Decl., Ex. D at § 13(A). The agreement also does not bar "any party from bringing issues to the attention of federal, state, or local agencies." *Id.*

expressly applies to claims against "Google" and "Google parent companies." Shadd Decl., Ex. D (TOS) § 13(A)(iv). In addition, Organic Panaceas' Complaint refers to Google LLC and Alphabet Inc. collectively as "Google," Compl. ¶ 54, and makes no attempt to differentiate between the functions of Google LLC and Alphabet Inc. It is therefore estopped from arguing it is not obligated to arbitrate claims against Alphabet Inc. *See Meridian Autonomous Inc. v. Coast Autonomous LLC*, 2018 WL 4759754, at *4 (S.D.N.Y. Sept. 30, 2018) ("[W]here a plaintiff treats the defendants . . . 'as a single unit in its complaint[, the plaintiff] is estopped from claiming that the current signatories [to the arbitration clause] are distinct from the [non-signatory] defendants.'") (quoting *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98 (2d Cir. 1999) (alterations in original)); *see also Meridian Autonomous Inc. v. Coast Autonomous LLC*, 2020 WL 496078, at *2 (S.D.N.Y. Jan. 30, 2020).

## II. ORGANIC PANACEAS FAILS TO ALLEGE A RELEVANT MARKET.

Apart from its obligation to arbitrate, Organic Panaceas' claim should be dismissed for failure to allege a market relevant to its monopolization claim. A Section 2 claim has two elements: "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power." *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966). To satisfy the first element, it is necessary to plausibly define a relevant market. *Id.*; *Walker Process Equip. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 177 (1965) ("Without a definition of that market there is no way to measure [a defendant's] ability to lessen or destroy competition."); *Heerwagen v. Clear Channel Commc'ns.*, 435 F.3d 219, 229 (2d Cir. 2006) ("[A] plaintiff claiming monopolization is obligated to establish the relevant market because the power to control prices or exclude competition only makes sense with reference to a particular market."); *see also* MTD Op., ECF No. 308 ("MTD Op."), at 44 ("Because anticompetitive

conduct does not exist in the abstract but is aimed at one or more markets, the Court must also ascertain the markets in which harm to competition has been plausibly alleged.").

A plaintiff bears the burden of defining a relevant market, *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 237-38 (2d Cir. 2008), which has both product and geographic dimensions, *Brown Shoe Co. v. United States*, 370 U.S. 294, 324 (1962). To survive a 12(b)(6) motion, a plaintiff must propose a "plausible" market that "bear[s] a rational relation to the methodology courts prescribe to define a market for antitrust purposes—analysis of the interchangeability of use or the cross-elasticity of demand." *Chapman*, 546 F.3d at 237-38 (internal quotation marks omitted) (dismissing complaint for failure to define relevant market).

Organic Panaceas pleads that the relevant antitrust market is "display advertising and its component subparts and services," Compl. ¶ 144, but it fails to offer any facts to substantiate that assertion. Throughout its Complaint, Organic Panaceas pleads facts related only to so-called "general search services" and "comparative purchasing services" (also termed "comparative shopping services") markets. *See, e.g.*, Compl. ¶¶ 35-36, 56-60, 73-78, 94-96, 100-01, 108-10, 114-16, 120 (facts alleged relating to "general search services" market); Compl. ¶¶ 37, 46, 97-99, 102-06, 111, 117 (facts alleged relating to "comparative purchasing services" market). Organic Panaceas offers no facts whatsoever to define a "digital display advertising" market, nor does it explain how the facts pleaded in its Complaint relate to this undefined market. That failure alone requires dismissal of its monopolization claim.

## III. ORGANIC PANACEAS FAILS TO ALLEGE ANTICOMPETITIVE CONDUCT.

Even if Organic Panaceas plausibly defined a relevant market—which it does not—its monopolization claim still fails because it does not plausibly allege any conduct that is remotely anticompetitive. Organic Panaceas does not explain how suspension of an account it used to buy ads on Google Search relates to its claim that Google monopolized a market for "digital display

advertising."

The harm alleged by Organic Panaceas is entirely unrelated to its monopolization claim. Organic Panaceas' AdWords account was suspended for violating Google's advertising policies, such that it could no longer promote its website on Google Search. Compl. ¶ 44. Organic Panaceas makes no attempt to explain how its advertising of cannabidiol products on ***Google Search***, Compl. ¶ 44, relates to its claim that Google monopolized a market for "digital display advertising," Compl. ¶¶ 144-46.

Organic Panaceas does not—and could not—allege that enforcement of prohibited ad content policies is anticompetitive. *See Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004) (requiring a monopolization claim to include an element of "anticompetitive conduct"). Even if Organic Panaceas made such an allegation, the purported harm of account suspension for policy violation is not anticompetitive. The decision in *Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130 (9th Cir. 2022) illustrates this point. There, an AdWords customer alleged that Google engaged in anticompetitive conduct by, among other things, selectively enforcing the Google AdWords terms and policies. *Id.* at 1141. The court concluded that the allegation of selective policy enforcement fell short of alleging anticompetitive conduct in the relevant market and, at most, alleged that Google mistreated the plaintiff as a customer—which is insufficient to support a Section 2 claim. *Id.* Organic Panaceas' almost identical "selective enforcement" claim, likewise, fails to plausibly allege anticompetitive conduct in a market for "digital display advertising" or any market.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court dismiss Organic Panaceas' Class Action Complaint in its entirety or, in the alternative, compel Organic Panaceas to arbitrate its claim.

Dated: February 3, 2023

Respectfully Submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
Jonathan Jacobson
Jessica Lonergan
Mikaela Evans-Aziz (admitted *pro hac vice*)
Vadim Egoul
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
(415) 947-2000
jsessions@wsgr.com
jjacobson@wsgr.com
jlonergan@wsgr.com
mevansaziz@wsgr.com
vegoul@wsgr.com

Eric Mahr
Julie Elmer
Andrew J. Ewalt (admitted *pro hac vice*)
Jan Rybnicek (admitted *pro hac vice*)
Lauren Kaplin
Robert J. McCallum
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-4500
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com
jan.rybnicek@freshfields.com

lauren.kaplin@freshfields.com
rob.mccallum@freshfields.com

John Harkrider
Daniel Bitton
Bradley Justus (admitted *pro hac vice*)
Koren Wong-Ervin (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
jharkrider@axinn.com
dbitton@axinn.com
bjustus@axinn.com
kwongervin@axinn.com

*Counsel for Defendants Google LLC and Alphabet Inc.*