# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105

O: (415) 947-2000

JUSTINA K. SESSIONS
Email: jsessions@wsgr.com
Direct dial: (415) 947-2197

February 8, 2023

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re: Google Digital Advertising Antitrust Litigation*, **No. 1:21-md-03010 (PKC)**

Dear Judge Castel:

On behalf of Defendants Google LLC, Alphabet Inc., and YouTube LLC ("Google"), we write pursuant to the Court's Order dated February 2, 2023, ECF No. 443, to clarify the issues in dispute concerning the ESI order in advance of the Case Management Conference scheduled for February 16, 2023. Although Plaintiffs summarized the issues in dispute in their letter dated February 1, 2023, Google disagrees with their characterizations of the disputes. The questions before the Court are:

1. Whether Google should be required to recollect and re-process documents previously produced to other regulators, in other litigations, or earlier in this case in order to comply with Plaintiffs' newest preferred specifications. Plaintiffs have sought reproduction of documents produced to regulators around the world dating back to 2007, which may not be available in any format other than that in which it was originally produced. ECF No. 441 at 1. **Section I, paragraph 1**.

2. Whether over an exabyte of European data irrelevant to this U.S.-centric dispute need not be preserved. Consistent with the requirement that the parties identify appropriate limits to eDiscovery, Google proposed that ad log files concerning ads viewed outside of the United States be excluded from any preservation obligations. At Daily Mail's request, Google narrowed this exclusion to ad log files concerning ads viewed outside the United States, Canada, the United Kingdom, Australia, New Zealand, and Ireland. Now Publisher Plaintiffs insist that ad log files concerning ads viewed in the entirety of the E.U. cannot be carved

WILSON SONSINI

February 8, 2023
Page 2

      out. Publisher Plaintiffs have failed to explain why extending this provision to Canada, the United Kingdom, Australia, New Zealand, and Ireland is insufficient. Publisher Plaintiffs seek to represent a class of U.S. publishers and contend that the relevant antitrust markets are limited to products and services directed at users in either the United States or "the United States, Canada, the United Kingdom, and Australia." Pub. Compl., ECF No. 408, ¶¶ 121, 123. **Section II, paragraph 3(k)**.

3. Whether all parties should be required to preserve "[l]ogs of calls made from cellular phones." Months ago we told Plaintiffs that, "[i]n light of the nature of the allegations remaining in this case, which focus on unilateral exclusionary conduct across various alleged markets, it seems unlikely that . . . cell phone logs will have any relevance to the issues in dispute," and asked that Plaintiffs explain their position if they contend otherwise. ECF No. 434-4 at 3. Plaintiffs never did so, except to assert for the first time (just a few weeks ago) that call logs "may include evidence of relevant communications." ECF No. 436 at 5. **Section II, paragraph 3(d)**.

4. Whether all parties should be required to preserve types of ephemeral and dynamic data that typically need not be preserved. ECF No. 434 at 8. Google offered Plaintiffs numerous opportunities to explain the relevance of this data, but they did not attempt to do so until the eve of filing competing submissions. *See* ECF No. 434 at 8-9; 434-4 at 3; 434-8 at 3; *see also* ECF No. 434-5, 434-6, 434-7. Plaintiffs' newfound speculation that contemporaneous ephemeral and dynamic data (such as "temporary or cache files") may contain discoverable information relevant to their claims for "Last Look" and Dynamic Allocation—both of which are alleged to have concluded in 2019—is not grounded in principles of proportionality or otherwise supported by the Federal Rules of Civil Procedure. *See* ECF No. 434 at 8-9; 436 at 3. **Section II, paragraphs 3(h), (j), (l)**.

5. Whether all parties should be subject to undefined preservation obligations concerning "encryption keys, mapping tables, identifiers, or other sources." Plaintiffs introduced this new preservation provision after eight months of negotiation. This obligation is vague, undefined, and unnecessary as it is not proportional to the needs of the case. **Section II, paragraph 4**.

6. Whether Plaintiffs and Meta can reach agreement regarding production of only the most recent email in an email thread. Google has the capability to comply with the email threading provision proposed by Plaintiffs and so Google took no position on this provision. **Section III, paragraph 6**.

WILSON SONSINI

February 8, 2023
Page 3

7. Whether the parties should have 60 days from substantial completion of production to provide privilege logs, with subsequent logs provided 45 days after each rolling production. Google agreed to produce a burdensome document-by-document log even though categorical logs are presumptively proper in this District. *See* Local Rule 26.2. 60 days from substantial completion is necessary given the enormous scale of document review that Plaintiffs demand that Google undertake, including responding to over 300 requests for production. Moreover, Plaintiffs suffer no prejudice from Google's proposed privilege log timing, given that substantial completion of document production will occur 13 months before the close of fact discovery. Plaintiffs proposed a 45 day timeline for rolling productions during negotiations but then walked that back to 30 days in their final submission. **Section V, paragraph 1**.

8. Whether the parties should be required to provide the name of both an attorney and a legal organization for every entry in their privilege log. Plaintiffs are seeking millions of documents dating back 16 years. It will not always be possible to identify both an individual and a legal organization for every single document when providing a privilege log, and case law establishes that it is not necessary to do so. *See* ECF No. 434 at 10. Plaintiffs retain the ability to challenge entries that they consider inadequate. **Section V, paragraph 3(h)**.

9. Whether Plaintiffs' proposed privilege log specifications are technically infeasible and unnecessary. Google's Gmail software automatically truncates, in certain circumstances, header information and so Google cannot comply with Plaintiffs' proposal that emails be produced with "all email header information visible." **Section V, paragraph 3(i)**.

10. Whether Plaintiffs' counsel should be exempted from the requirement to log communications between them while Defendants' counsel are required to log those very same communications. The sole argument that Plaintiffs have advanced to support their position is the need to examine recent communications between Defendants' counsel to search for support for Plaintiffs' claim of an alleged 2018 conspiracy that the Court has dismissed and as to which discovery has been stayed. ECF No. 308 at 20-38; 394 at 1. **Section V, paragraph 8(g)**.

11. Whether the parties should be required to manually populate metadata fields to include data that Google does not typically extract in the ordinary course of business. Google has already agreed to incorporate 12 additional metadata fields requested by Plaintiffs—for a total of 45 metadata fields—that can be automatically populated. **Appendix D**.

WILSON SONSINI

February 8, 2023
Page 4

12. Whether all parties should be required to go beyond the requirements of Fed. R. Civ. P. 34(b)(2)(E)(ii) ("reasonably usable form") and produce presentations in native format. Google has already agreed to produce presentations in a readable and searchable format. The Sedona Conference counsels that parties should not demand natives unless necessary. ECF No. 434 at 11. And production of presentations in native form implicates ethical concerns that Plaintiffs have not addressed. *Id*. at 11-12. **Appendix H**.

13. Whether Plaintiffs should be entitled to direct the manner in which Google conducts its collection of hyperlinked documents in contravention of the law in this District and the Sedona Principles. Plaintiffs are seeking the production of unknown numbers of linked documents regardless of relevance, all of which would need to be reviewed for privilege and confidentiality. *See* ECF No. 434 at 12. Google has already agreed to entertain Plaintiffs' reasonable and proportionate requests for linked documents. **Appendix J**.

14. Whether all parties should be required to run manual searches and ask employees if they can recall whether passwords were provided to them for all password-protected documents regardless of their number or relevance. Google has agreed to conduct these manual searches for a reasonable and proportionate number of documents identified by Plaintiffs. For context, Plaintiffs identified 136 current and former Google employees on their initial disclosures. **Appendix T**.

The parties continue to meet and confer in an effort to reach agreement on the issues in dispute in advance of the February 16, 2023 Conference.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

WILSON SONSINI

February 8, 2023
Page 5

                    Eric Mahr
                    FRESHFIELDS BRUCKHAUS
                    DERINGER US LLP
                    700 13th Street, NW
                    10th Floor
                    Washington, DC 20005
                    Telephone: (202) 777-4545
                    Email: eric.mahr@freshfields.com

                    *Counsel for Defendants Google LLC,*
                    *Alphabet Inc., and YouTube LLC*

Cc: All Counsel of Record (via ECF)