February 24, 2023

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11D
New York, New York 10007

        **Re:** *In re Google Digital Advertising Antitrust Litig.*, **No. 1:21-md-03010 (PKC);** *State of Texas, et al. v. Google LLC*, **No. 1:21-cv-06841 (PKC)**

Dear Judge Castel:

        We are counsel to plaintiffs Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota in connection with *State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841, a constituent case in the above-referenced MDL. We note that no conference is scheduled at this time.

        As the Court will recall, on December 14, 2022, the Court so ordered the parties' stipulation (Doc. 417) concerning the Court's September 13, 2022 opinion and order granting in part and denying in part Google's motion to dismiss the State Plaintiffs' Third Amended Complaint (*TAC*) and its effect on the State Plaintiffs' state law claims. When it so ordered the stipulation, the Court included the following proviso in the stipulation: "[b]y February 24, 2023, the parties shall submit a stipulation describing with particularity, the claims or portions of claims governed by paragraph 2 [of the First Stipulation]." *Id.* Pursuant to the Court's proviso, the parties have in good faith exchanged several draft stipulations and engaged in multiple meet and confers in an effort to carry out the Court's proviso. The parties have agreed on most provisions of a stipulation, but three disputes remain, and are described below.

        The State Plaintiffs attach as Exhibit A, a proposed stipulation containing the provisions that the State Plaintiffs believe the parties agree on. Attached as Exhibit B is a proposed stipulation that contains not only the provisions the parties agree on, but the three paragraphs the parties don't agree on. In particular, in Exhibit B, paragraphs 11, 13 and 14 are highlighted to indicate that the parties disagree as to those paragraphs.

        **1.  Google's proposed paragraph 11 in Exhibit B.**

        Google's proposed paragraph 11 seeks to preclude the State Plaintiffs from ever seeking to pursue claims in this litigation that the Court determined were not plausibly pled as being anticompetitive in certain markets. This proposed paragraph seeks to go well beyond the effect of the Court's September 13, 2022 opinion on the State Plaintiffs' state law claims and therefore, is improper.

The Honorable P. Kevin Castel
February 24, 2023
Page 2

To be sure, the State Plaintiffs possess no present intentions of pursuing such claims in this litigation. However, the State Plaintiffs don't possess a crystal ball that would permit them to see into the future. The State Plaintiffs don't know what they may find in the discovery record that may allow them to enhance claims that the Court determined the States failed to plead as being anticompetitive. Further, the private plaintiffs included (with additional factual detail not in the TAC) in their recently filed amended complaints certain claims that the Court determined were not adequately pled in the State Plaintiffs' TAC. Google has moved to dismiss these claims. The possibility exists that the Court could uphold those claims in the private plaintiffs' complaints. In that event, the State Plaintiffs may attempt to seek leave to amend the TAC to include such upheld claims, which the Court may or may not grant. These are but a few examples of changes in circumstances that may require the State Plaintiffs to attempt to pursue claims that the Court determined were not adequately pled as being anticompetitive in the TAC. The State Plaintiffs, however, shouldn't be required to relinquish their ability to pursue these claims if the landscape shifts. If Google's wishes for the State Plaintiffs to relinquish such claims, a settlement agreement is the proper vehicle for such claims to be relinquished, not this stipulation.

In an attempt to compromise with Google, the State Plaintiffs offered the same assurances they offer above. Namely, that the State Plaintiffs agree to stipulate that they have no present intention (or language to that effect) in pursuing such claims now in this litigation. Google declined that offer. The State Plaintiffs simply cannot agree to forego their ability to ever bring such claims again.

2. **Google's proposed paragraph 13 in Exhibit B.**

Google's proposed paragraph 13 seeks to enumerate areas where the parties seem to be in disagreement, and this paragraph also seems tied to its proposed paragraph 14, in which Google seeks to inform the Court that it wants to file further motions to dismiss. For example, the State Plaintiffs alleged in their TAC that, among other things, the Network Bidding Agreement (*NBA*) was part of Google's monopolistic conduct and violated Section Two of the Sherman Act. *See* TAC, Count I. Google's motion to dismiss was directed at the States Plaintiffs' Section Two claim related to the NBA. *See* Doc. 293 at p. 9 (Google's reply brief in support of its motion to dismiss containing section titled "The NBA Does Not Support a Section 2 Claim"). The Court's opinion and order did not dispose of this claim, and therefore, it is a live claim against Google. Google, however, disagrees that such claim is live, but nonetheless, apparently still wants to move to dismiss it. Google is free to seek leave to move to dismiss any claim it wants, but this stipulation is not the proper medium in which it should do so.

3. **Google's proposed paragraph 14 in Exhibit B.**

In paragraph 14, Google seeks to notify the Court that it may make yet another motion to dismiss certain of the State Plaintiffs' claims. Such a provision goes well beyond the purpose of the stipulation. And, this is a stipulation and supposed to reflect areas of agreement. If Google wants to move to dismiss, it can file a pre-motion letter with the Court and lay out its arguments. This stipulation is not the proper forum for its pre-motion letter arguments.

The Honorable P. Kevin Castel
February 24, 2023
Page 3

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerpostman.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerpostman.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerpostman.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4100 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerpostman.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER POSTMAN LLC |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

CC: Counsel of Record