# Exhibit B

STEYL, Matthew

| | |
|---|---|
| **From:** | Jason Zweig <jaz@kellerpostman.com> |
| **Sent:** | Friday, February 24, 2023 11:50 AM |
| **To:** | BAYOUMI, Jeanette |
| **Cc:** | Zeke DeRose; MCCALLUM, Robert; Trevor E. D. Young (trevor.young@oag.texas.gov); Ray, Thomas |
| **Subject:** | RE: Google |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Jeannette, thanks for your email below. I tried to respond inline below, and in red. I am around all day to discuss.

**Jason Zweig**
Partner

Keller | Postman

150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

---

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Thursday, February 23, 2023 10:03 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Jason,

We've considered your February 22 redline in light of our meet-and-confer this afternoon and, although we do not have Google's approval to adjust our previous offer, it is possible that many of your proposals could be acceptable if they would allow us to reach an agreement.  There are, however, a few other places where reaching agreement could be more challenging, so we wanted to ask whether the State Plaintiffs would be willing to agree to the following approach:

- Paragraphs 2, 6, 7, and 8:  You proposed to add the phrase "in the markets alleged in the TAC" to the end of each paragraph.  We think it would be cleaner instead to insert the phrase "of markets for publisher ad servers, ad exchanges, large-advertiser buying tools, and/or small-advertiser buying tools" after "monopolization."  This is not intended to change anything of substance, but only to make these paragraphs parallel with the others (where we also think that "monopolization on" should be changed to "monopolization of").

  I think plaintiffs have been consistent that they do not want to agree to preclude themselves from bringing claims that they never brought in the first place. This exercise is one to try and agree what Judge Castel's opinion and order determined and/or adjudicated. The issue we have your language is that it goes beyond what Judge Castel ruled. For example, in paragraph 6 (RPO), we alleged Google used RPO to monopolize the market for ad exchanges only. We think Judge Castel's opinion and order adjudicated that we didn't plead RPO was anticompetitive in the market for ad exchnages only. Because

that is all he determined, we do not want to agree, and shouldn't have to agree, that his opinion and order said more than that. Admittedly, the language we sought to add (in the markets alleged in the TAC) could be interpreted in a way to also go beyond what Judge Castel said, though that was not our intent. We propose we stick to the markets Judge Castel's decision as to the conducts in those four paragraphs applied to (since this is what was alleged in the complaint and Judge Castel can only make determinations as to claims we brought, not ones we didn't bring:

- Paragraph 2 (USER IDs): limit to ad exchanges and buying tools for both large and small advertisers;
- Paragraph 6 (RPO): ad exchanges only;
- Paragraph 7 (Exchange Bidding): ad exchanges and large and small buying tools;
- Paragraph 8: ad exchanges and large and small buying tools.

Limiting to the markets we alleged in the complaint would also make this more consistent with the other paragraphs which are limited to specific markets.

- Paragraph 11: Our previous offer included two sentences. The first addressed the claims described in paragraphs 1-10, and the second addressed claims other than monopolization. Your proposal effectively eliminated the second sentence, leaving unaddressed whether the State Plaintiffs would pursue claims other than monopolization. Since you've indicated that you have no intention of pursuing those claims, we think it would be more efficient to address them in the stipulation, rather than potentially having to clean them up through motion practice later. Would the following version of paragraph 11 (which restores the second sentence, other than the reference to Privacy Sandbox) work for you:

    - As a result of the Opinion and Order, no State Plaintiff will further pursue any claim in this litigation that Google's use of Encrypted User IDs, DA, EDA, DRS, RPO, Exchange Bidding, or AMP violates any state antitrust law, except that any State Plaintiff may pursue a state antitrust claim for damages based on allegations that DA or DRS constitutes monopolization or attempted monopolization of a market for ad exchanges. No State Plaintiff has asserted or will assert that Google's use of Encrypted User IDs, DA, EDA, DRS, RPO, Exchange Bidding, or AMP violates any state antitrust law other than those prohibiting monopolization or attempted monopolization.

We have a few issues with what you proposed, and propose the language immediately below. Our issues were as follows. First, thank you for accommodating us on the Privacy Sandbox issue. Second, we are reluctant to agree to your language on "damages" because we do have state law equitable claims for disgorgement and restitution, and we don't want that use of the term damages in this stipulation to preclude us from bringing such claims.

> As a result of the Opinion and Order, no State Plaintiff will further pursue any claim in this litigation that Google's use of Encrypted User IDs, ~~DA,~~ EDA, ~~DRS,~~ RPO, Exchange Bidding, or AMP violates ~~any~~ state antitrust law for monopolization or attempted monopolization., ~~except that any~~ Further, no State Plaintiff ~~may~~ will pursue a state antitrust claim for ~~damages~~ injunctive relief based on allegations that DA or DRS constitutes monopolization or attempted monopolization a market for publisher ad servers, ad buying tools for small advertisers, or ad buying tools for large advertisers.~~of a market for ad exchanges~~. ~~No State Plaintiff has asserted or will assert that Google's use of Encrypted User IDs, DA, EDA, DRS, RPO, Exchange Bidding, or AMP violates any state antitrust law other than those prohibiting monopolization or attempted monopolization.~~

- Discovery:  You proposed to include a sentence stating that the stipulation does not address discovery.  We think that's clear from its own terms, and no additional language is needed on this point.

    o Given your representations about the lack of necessity of this being in the stipulation, we are comfortable with removing this sentence.

While we await your response, we will also attempt to consult with Google about this approach.  Please let us know if it would be helpful to discuss any of this tomorrow.  In light of the deadline, we'd hope to connect sometime in the morning.

Thanks,
Jeanette

---

**From:** BAYOUMI, Jeanette
**Sent:** Thursday, February 23, 2023 2:53 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

That works. I'll circulate an invite shortly.

Thanks,
Jeanette

---

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Thursday, February 23, 2023 2:46 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

How about 4 eastern?

**Jason Zweig**
Partner

Keller | Postman
150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Thursday, February 23, 2023 1:45 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Hi Jason,

Would you have time today to meet and confer on State Plaintiffs' revised stipulation? We're available at 4 or 5pm ET, or after 6:30pm ET today.

Thanks,
Jeanette

**From:** BAYOUMI, Jeanette
**Sent:** Wednesday, February 22, 2023 6:16 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Thanks, Jason. We'll review and get back to you.

Jeanette

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Wednesday, February 22, 2023 5:38 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Rob and Jeannette, thanks for chatting today. Attached is a revised redlined stipulation on the state law claims. I have sought to address the States Plaintiffs' concerns. I do think we are close on most, if not all, of the points in this stipulation. I do need to flag for you that we need to get sign off from the other states since this relates to their claims. But Texas (the lead state) seems to be on board with these changes and so I am cautiously optimistic that the other States will find this draft acceptable. We are giving them until end of day tomorrow to respond. Obviously, if I hear of some dissent before then, I can let you know.

Any questions, please let me know. As I mentioned on the call today, I can be available for most of tomorrow (and am even around tonight if you want to chat). Thanks again.

**Jason Zweig**
Partner

**Keller | Postman**

150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

4

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Tuesday, February 21, 2023 5:58 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Jason,

We don't think it makes sense to raise the stipulation with Judge Castel tomorrow because he's very clearly limited the agenda to the ESI Protocol. (We also note that the stipulation is due Friday, February 24.) To help make progress, we've prepared the attached proposal that tries to implement the "middle ground" that we understood you to be suggesting. Please let us know if this is acceptable to the States or if you would like to meet and confer by phone.

Best,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
601 Lexington Avenue, 31st Floor
New York, NY 10022
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Tuesday, February 21, 2023 5:30 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Jeannette and Rob, I wonder if it makes sense to raise this issue with the judge tomorrow and let him know we are working on this, but it is due Thursday and we may or may not have concluded our negotiations. I personally wont be at the conference, but Zeke will.

**Jason Zweig**
Partner

Keller | Postman
150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

---

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Monday, February 20, 2023 2:36 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Jason,

I'm happy to ask Google to consider a middle ground, but I'd like to confirm what you're suggesting. Do you imagine a new paragraph 11 that would read:

> No State Plaintiff will pursue any state antitrust claim described in paragraphs 1-10. No State Plaintiff has asserted or will assert that Google's use of Encrypted User IDs, DA, EDA, DRS, RPO, Exchange Bidding, AMP, or Privacy Sandbox violates any state antitrust law other than those prohibiting monopolization or attempts to monopolize.

If that's what you had in mind, then I think it would be cleanest to revise paragraphs 2-10 along these lines:

> To the extent that any State Plaintiff alleges a state antitrust claim in the Third Amended Complaint (ECF No. 195) based on allegations that [describe conduct] constitutes monopolization or attempted monopolization, such claim is deemed to have failed to allege that such conduct is anticompetitive [or that such conduct has continuing adverse effects].

A stipulation like this would leave unaddressed any state monopolization claims based on the NBA. We assume that plaintiffs have asserted such claims, but it's not clear whether they intend to pursue them. To the extent that they do, then I suppose we would have to litigate them. But if plaintiffs do not intend to pursue them, then we think that they should be covered in this stipulation and that the language in paragraph 1 of our February 14 proposal would do the trick.

Please note that the approach described above has not been approved by Google. I wanted to get your perspective before conferring with Google about it. Please let me know as soon as you can.

Thanks,
Jeanette

---

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Friday, February 17, 2023 1:56 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Google

Jeanette thanks. I think the problem plaintiffs have is that Google wants us to dismiss claims that were never brought and thereby have res judicata effect as to those claims. I can tell you that plaintiffs have no intention in pursuing claims which the judge said we didn't adequately plead that such conduct was anticompetitive. But it isn't clear that he dismissed such claims and we shouldn't have to divine what his intentions are. I don't yet have authority for this, but would Google be amenable to a middle ground? Namely we would stipulate we aren't going to pursue claims he said we didn't adequately plead we're anticompetitive?

Get Outlook for iOS

---

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Thursday, February 16, 2023 8:43:48 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Jason,

Thanks for getting back to us so quickly. While we strongly disagree with your characterizations of our proposal, we'd prefer to focus on whether there are any substantive disagreements remaining.

We believe that Judge Castel has instructed us to reach a stipulation as a way to clarify exactly what state antitrust claims plaintiffs are continuing to press in light of his Opinion and Order.  Claims covered by the stipulation would not need to be litigated further, while remaining claims could still be contested.  Coming from that perspective, we have difficulty understanding the positions that plaintiffs are taking.

First, plaintiffs are insisting on narrowing the scope of claims covered by the stipulation to only those involving either "conspiracy" or "monopolization" (or similar phrases), while at the same time maintaining that other claims were "never brought."  But if other claims were "never brought" in the first place, then what is the concern with entering a stipulation that effectively says that plaintiffs will not press them now?  In addition, we note that the operative language in the stipulation begins with the qualifier "to the extent," which avoids any potential inaccuracy because "to the extent" that any claims are not asserted in the TAC, then they would not be covered by the stipulation.  Plaintiffs' attempt to narrow the stipulation is particularly troubling because the TAC pleads many of the state law claims at a very high level of generality, often without distinguishing between state law analogues to Section 1 and Section 2, and without identifying the specific provisions of the state statutes that Google is alleged to have violated.  In short, it is unclear to us what claims plaintiffs are trying to preserve by insisting on limiting the stipulation to state law claims for "conspiracy" or "monopolization," and we would appreciate your clarification of that point.

Second, apart from those related to the NBA, plaintiffs are refusing to treat any state law claims as "dismissed."  To us, that position appears inconsistent with the thrust of Judge Castel's instruction to stipulate with particularity about what claims (or portions of claims) are deemed dismissed (pursuant to paragraph 2 of the First Stipulation), unless of course plaintiffs intend to argue that their entire state law claims are still viable, notwithstanding the Opinion and Order.  Please let us know if plaintiffs intend to pursue state antitrust claims based on the conduct covered in paragraphs 2-10 of the draft Second Stipulation.  Or if plaintiffs do not intend to pursue those state antitrust claims, please explain why plaintiffs refuse to stipulate that such claims are deemed dismissed after having previously indicated that they "have no present intention o[f] arguing that they possess viable state antitrust claims based on the federal antitrust claims that the Court has already dismissed."  ECF No. 362, at 4.

We look forward to your response and would welcome your reconsideration of our February 14 proposal. Please let us know if you would like to meet-and-confer.

Thanks,
Jeanette

---

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Wednesday, February 15, 2023 5:58 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; Trevor E. D. Young (trevor.young@oag.texas.gov) <trevor.young@oag.texas.gov>; Ray, Thomas <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Google

Jeanette and Rob,

Thanks for your email and revised draft stipulation. I wish to respond to your email below, and attach a revised stipulation. As I mentioned I will be out of the country beginning tomorrow and returning late on 2/21. But if necessary, we can try meet and confer early next week or possibly over this weekend.

1. We added a new whereas recital to clarify the scope of State Plaintiffs' state antitrust claims in the Third Amended Complaint.

   Plaintiffs have no issue with the additional whereas clause, and we added a small redlined change which we suspect will not be controversial.

2. We added paragraph 5 to cover the Court's ruling on DRS.

   Subject to our other comments below, conceptually, plaintiffs do not have an issue with adding the paragraph on DRS.

3. We added paragraph 10 to cover the Court's ruling on claims for injunctive relief based on DRS and DA.

   Conceptually, we do not have an issue with adding this paragraph, but we quibble with some of the language, and the issues in this paragraph are issues which appear throughout your proposed revisions. We concede that the Opinion and Order determined that plaintiffs failed to plead that Dynamic Allocation or Dynamic Revenue Share are having continuing adverse effects. Plaintiffs are willing to stipulate to what the Judge said, but nothing more. Google's proposed language seeks to go beyond what Judge Castel said in his opinion.

4. We removed "conspiracy," "monopolization," and similar terms to ensure that the stipulation covers all state antitrust claims, however they might be framed in any state's antitrust law.

   We believe this is improper and cannot agree to it. It seeks to go well beyond what Judge Castel said in his decision and seeks to dismiss claims which plaintiffs never brought. If Judge Castel, in analyzing certain of plaintiffs' alleged Section Two conduct, said that certain conduct was not adequately pled as anticompetitive, plaintiffs should not then have to agree that even Section One claims based on such conduct are dismissed especially where they never even alleged such claims. Plaintiffs believe their original language captures what Judge Castel said, and plaintiffs do not believe they should be required to agree that claims they never even brought are dismissed by virtue of Judge Castel's Opinion and Order. Further, as this point applies to numbered paragraph one, it is simply incorrect. As you know, the States have alleged that the NBA was not only a violation of Section One, but also Section Two. While Judge Castel clearly dismissed the Section One claim, he did not dismiss the Section Two claim predicated on the NBA.

5. We sought to streamline the stipulation by removing references to specific markets where the Court found no plausible allegations in any market.

   We have no issue with this.

6. We have included the word "dismissed" in each paragraph because the Court has instructed the parties to clarify the scope of paragraph 2 of the First Stipulation and that paragraph addresses dismissal.

We believe this is an overreach on Google's part. Plaintiffs are only willing to agree to what Judge Castel said in his Opinion and Order. The only claim Judge Castel dismissed was the Section One NBA claim. That is the only claim in which plaintiffs will agree to the dismissal language.

7. We have not included the phrase "standing alone" in each paragraph because that phrase was not part of the Court's ruling.

    Plaintiffs can agree to this change.

There may be a couple changes not fully captured by my comments above, which I would be happy to explain. Attached is a redlined version of the stipulation. We accepted all of Google's proposed revisions and made further changes in redline.

---

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Tuesday, February 14, 2023 9:21 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Subject:** RE: Google

Hi Jason,

Thanks for sharing State Plaintiffs' draft stipulation. We have attached clean and redline versions of Google's counter-proposal. As context for our proposed changes:

1. We added a new whereas recital to clarify the scope of State Plaintiffs' state antitrust claims in the Third Amended Complaint.
2. We added paragraph 5 to cover the Court's ruling on DRS.
3. We added paragraph 10 to cover the Court's ruling on claims for injunctive relief based on DRS and DA.
4. We removed "conspiracy," "monopolization," and similar terms to ensure that the stipulation covers all state antitrust claims, however they might be framed in any state's antitrust law.
5. We sought to streamline the stipulation by removing references to specific markets where the Court found no plausible allegations in any market.
6. We have included the word "dismissed" in each paragraph because the Court has instructed the parties to clarify the scope of paragraph 2 of the First Stipulation and that paragraph addresses dismissal.
7. We have not included the phrase "standing alone" in each paragraph because that phrase was not part of the Court's ruling.

We are happy to meet and confer about these points. With the Second Stipulation due on February 24, we'd appreciate you getting back to us by the end of the week.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
601 Lexington Avenue, 31st Floor
New York, NY 10022
**T** +1 212 277 4043 | **M** +1 646 284 7200

9

Jeanette.Bayoumi@freshfields.com

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Tuesday, February 14, 2023 7:21 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Subject:** RE: Google

Hey all. Just checking in on this. Note, I will be away and out of the country from February 16-21.

**Jason Zweig**
Partner

Keller | Postman
150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

**From:** Jason Zweig
**Sent:** Monday, February 6, 2023 11:20 AM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Subject:** RE: Google

Rob and Jeanette,

Hope you had a good weekend. With apologies for not getting this to you last week, attached is a draft stipulation on state law claims. Let me know of any questions. Thanks.

**Jason Zweig**
Partner

Keller | Postman
150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Friday, January 27, 2023 11:26 AM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Subject:** RE: Google

Thanks, Jason. Appreciate the quick response. Sounds good – we'll look forward to receiving the draft next week.

Best,
Jeanette

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Friday, January 27, 2023 12:22 PM
**To:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>

**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Subject:** RE: Google

Thanks for the follow up. I sent around the draft to our clients yesterday and so I would expect you should see something next week. You know how it is. As lawyers we are constantly in triage mode and so when you have a deadline far out there, that item gets pushed back in the line.

**Jason Zweig**
Partner

Keller | Postman
150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

---

**From:** BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Sent:** Friday, January 27, 2023 11:20 AM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Subject:** RE: Google

Hi Jason,

Hope all is well. Following-up on your January 10 email, we had anticipated receiving Plaintiffs' draft stipulation by last Friday (1/20), but have yet to receive it. Please let us know when we can expect Plaintiffs to share a draft stipulation.

Thanks,
Jeanette

**Jeanette Bayoumi**
Senior Associate
she/her/hers

**Freshfields Bruckhaus Deringer US LLP**
601 Lexington Avenue, 31st Floor
New York, NY 10022
**T** +1 212 277 4043 | **M** +1 646 284 7200
Jeanette.Bayoumi@freshfields.com

---

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Tuesday, January 10, 2023 6:45 PM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Subject:** Re: Google

Thanks rob. Welcome back. I started it today so by the time I get it completed and get everyone's sign off, I would expect next week. As a reminder, it isn't due until 2/23. Nevertheless better to get the ball rolling early so neither of us are jammed at the end.

Get Outlook for iOS

**Jason Zweig**
Partner

## Keller | Postman

150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

---

**From:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Sent:** Tuesday, January 10, 2023 5:40:23 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Subject:** RE: Google

Hi Jason –

Hope you're well.  I'm back from vacation and wanted to check on the status of the state law claims stip.  Do you have an update as to when State Plaintiffs expect to share a draft?

Kind regards,
Rob

---

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Wednesday, January 4, 2023 9:07 PM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Subject:** Re: Google

Sounds good thanks. Enjoy your trip

Get Outlook for iOS

**Jason Zweig**
Partner

## Keller | Postman

150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

---

**From:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Sent:** Wednesday, January 4, 2023 7:39:20 PM
**To:** Jason Zweig <jaz@kellerpostman.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>
**Subject:** Re: Google

Hi Jason --

Same to you. All the best for 2023.

I am on vacation for the next few days so please be sure to include Jeanette on any emails regarding the state law stip.

Thanks, and speak soon.

Kind regards,

Rob

**From:** Jason Zweig <jaz@kellerpostman.com>
**Sent:** Wednesday, January 4, 2023 10:09 PM
**To:** MCCALLUM, Robert <rob.mccallum@freshfields.com>
**Cc:** Zeke DeRose <zeke.derose@lanierlawfirm.com>
**Subject:** Google

Rob, hope all is well and Happy New Year! All the best to you in 2023.

I write with respect to the Court's December 14 order requiring us to stipulate as to what claims are covered by paragraph 2 of our December 9, 2022 stipulation on state law claims. *See* Doc. 417. We have some time, as the deadline is February 24, 2023. However, I wanted to let you know we are working on a draft and will get you a draft soon. Please let me know of any questions. Thanks!

**Jason Zweig**
Partner

Keller | Postman

150 N. Riverside Plaza, Suite 4100 | Chicago, IL, 60606
312.216.8667 | Email | Bio | Website

---

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice.
For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice.
For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice.
For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice.
For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number

OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

This e-mail is confidential and may be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it, use it for any purpose or disclose its contents to any other person; to do so could be a breach of confidentiality. Thank you for your cooperation. Please contact our IT Helpdesk at GlobalITServiceDesk@freshfields.com if you need assistance.

Freshfields Bruckhaus Deringer US LLP has offices in New York, Silicon Valley and Washington, DC. Freshfields Bruckhaus Deringer LLP is a limited liability partnership registered in England and Wales with registered number OC334789, and has offices or associated entities in Austria, Bahrain, Belgium, China, England, France, Germany, Hong Kong, Italy, Japan, the Netherlands, Singapore, Spain, the United Arab Emirates and Vietnam.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields Bruckhaus Deringer US LLP, Freshfields Bruckhaus Deringer LLP or any associated firms or entities.

For information about how Freshfields Bruckhaus Deringer processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.