# Keller | Postman



February 27, 2023

**VIA ECF *and* FAX**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

    Re:   *In re Google Digital Advertising*, No. 1:21-cv-06841; 1:21-md-03010 (PKC);

Dear Judge Castel:

    We write on behalf of the State Plaintiffs regarding a venue issue that has been lurking in the background of this MDL, even before it began in August 2021. In accordance with Your Honor's guidance, we are submitting this letter via ECF to give the Court notice of the effect of the State Antitrust Enforcement Venue Act of 2021 (the "Venue Act")[1] and the position of the 17 State Plaintiffs as to the Venue Act's applicability to their case. Pursuant to the Court's Individual Practices, no conference is set at this time.

    Consistent with representations in their briefing and to the MDL Panel,[2] the State Plaintiffs have been clear that if enacted, the Venue Act would undo transfer of the State Plaintiffs' enforcement action to this MDL. In June 2021, before the underlying case was transferred to Your Honor, a coalition of 50 state attorneys general, led by Texas, urged Congress to pass venue legislation arguing that "state antitrust enforcement actions should be extended the same protections from transfer as those brought on behalf of the United States" and, that states should accordingly be on equal footing with federal enforcers in deciding where, when, and how to

---

[1] *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. gg, Title III, § 301, 136 Stat. 4459, 5970 (2022).

[2] *See* The Plaintiff States' Opposition to Google's Motion For Transfer and Centralization Pursuant to 28 U.S.C. § 1407, Doc. 71, at p. 2 in MDL 3010 (J.P.M.L.).

prosecute antitrust enforcement actions.[3] The State Plaintiffs also noted to the MDL Panel that any transfer of the State Plaintiffs' case would be retroactively undone if the Venue Act was enacted resulting in the case ultimately being transferred out of the MDL and then back to Texas.[4]

In May 2021, Google (1) was denied its attempt to transfer via Rule 1404 the underlying State Plaintiffs' antitrust case from the Eastern District in Texas to California; and (2) asked the JPML to transfer the State Plaintiffs' case and centralize it with 19 other private antitrust suits in California. In May 2021, federal legislation was drafted in both the House and the Senate to "ensure state attorneys general are able to remain in the court they select rather than having their cases moved to a court the defendant prefers" when filing antitrust actions.[5]

Nevertheless, on August 10, 2021, the Panel ultimately transferred and centralized the State Plaintiffs' case in this MDL (MDL No. 3010).

On December 29, 2022, President Biden signed into law an omnibus spending bill, which included the Venue Act. The Venue Act makes clear that the Multidistrict Litigation Act no longer applies to state attorney general lawsuits that allege federal antitrust violations. The Venue Act therefore retroactively divests (1) the United States District Court for the Southern District of New York (the transferee court) of the authority to oversee the State Plaintiffs' action, and (2) the Panel of the authority under the Multidistrict Litigation Act to centralize the States' case in an MDL. For these reasons, the States' action must return to its transferor court—the United States District Court for the Eastern District of Texas.

Accordingly, today, the State Plaintiffs will be filing a Motion to Remand with the Panel based on the Venue Act. JPML Rules require that a copy of the Notice of Filing of the Motion to Remand be filed with this Court; however, we wanted to send a separate letter informing Your Honor of the Venue Act's effect and the consequential next steps for the state attorneys general that urged the passing of the legislation.

Of course, the Panel's decision as to the State Plaintiffs' motion to remand is unknown. But, should the State Plaintiffs' case be transferred back to the Eastern

---

[3] https://naagweb.wpenginepowered.com/wp-content/uploads/2021/06/Final-State-Antitrust-Enforcement-Venue-Act-Endorsement.pdf

[4] *See* The Plaintiff States' Opposition to Google's Motion For Transfer and Centralization Pursuant to 28 U.S.C. § 1407, Doc. 71, at p. 2 in MDL 3010 (J.P.M.L.).

[5] Moreover, this legislation was tailored with this very case in mind. Representative Buck specifically cited Google's efforts to transfer the Plaintiffs States' Enforcement Action to California as exactly the sort of the "gamesmanship" and "forum shopping" the proposed legislation will prevent. https://judiciary.house.gov/calendar/eventsingle.aspx?EventID=4453

District of Texas, the State Plaintiffs would be remiss if they didn't take a moment to express their appreciation to the Court for its hard work and dedication to the complex matter. The reality is, however, the Texas Attorney General is obligated to Texas taxpayers to litigate this case in its original forum.

We are of course available to answer any questions the Court may have.

With continued respect,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerpostman.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerpostman.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerpostman.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4270 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerpostman.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER POSTMAN LLC |

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*