# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

February 28, 2023

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

**Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC);
*Inform Inc. v. Google LLC*, et al. No. 1:23-cv-01530 (PKC)**

Dear Judge Castel:

We are counsel to plaintiff Inform Inc. in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC) (the "Inform Action"), a constituent case that has just been transferred from the Northern District of Georgia into the above-referenced MDL. On behalf of Inform Inc., and pursuant to Your Honor's Individual Practice 3(A)(i), we write to request leave to file a Motion to Amend Inform's First Amended Complaint. There is no conference currently scheduled before the Court.

The Inform Action was filed in the Northern District of Georgia in November 2019. It was the first-filed of all the digital advertisement monopoly cases transferred into the MDL in this Court. The initial complaint asserted six federal antitrust claims and one state law tortious interference claim. Defendants filed a motion to dismiss, and in September 2020, the district court denied Defendants' motion to dismiss as moot "to the extent [it] addresses the merits." But the court dismissed the complaint as a "shotgun pleading" and ordered Inform to file an amended complaint consistent with certain instructions.

In October 2020, Inform timely filed its First Amended Complaint ("FAC"), specifically following the district court's instructions. Defendants again filed a motion to dismiss. In September 2021, the district court dismissed Inform's FAC with prejudice as to all but the one state law claim, which it dismissed without prejudice. The court again concluded that Inform's complaint was a "shotgun pleading" (and, alternatively, that Inform failed to plead its antitrust standing). Inform appealed.

In August 2022, the United States Court of Appeals for the Eleventh Circuit issued an opinion reversing the district court's order in its entirety and remanding the action to the district

Hon. P. Kevin Castel
February 28, 2023
Page 2

court. The Eleventh Circuit determined that Inform's FAC was not a shotgun pleading and that Inform had antitrust standing to bring its claims. *Inform Inc. v. Google LLC*, No. 21-13289, 2022 WL 3703958, at *3-6 (11th Cir. Aug. 26, 2022). The Eleventh Circuit issued its mandate on September 26, 2022 and, on the very same day, Inform filed its notice of potential tag-along.

Having now been transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML"), we write to request permission to file a Motion to Amend Inform's First Amended Complaint to conform the complaint to Your Honor's previous rulings on the various motions to dismiss, among other things. We note that the deadlines set forth by Your Honor in the Pre-Trial Orders 2, 3 and 5 have recently passed, but Inform's case had not yet been transferred to this Court by the JPML.

Given the current posture of the case, for Inform to amend its complaint, Rule 15(a)(2) of the Federal Rules requires leave from this Court. And, as the Court is familiar, Rule 15 requires the Court to "freely give leave when justice so requires." Here, the standard for granting leave to amend is readily met. Inform's Second Amended Complaint is consistent with the process followed by this Court in the MDL as a whole, that is first addressing the State's Complaint and thereafter permitting amendment as respects the private plaintiffs. Moreover, Inform's Second Amended Complaint would not cause any undue prejudice because Defendants have not yet answered Inform's complaint, Inform's proposed amendments generally arise from or relate to many of the same allegations and claims asserted in this MDL, there will be significant overlap of relevant discovery, and Defendants will not be subjected to unfair surprise as they have been aware, or should have known, of the nature of Inform's proposed amendments. In addition, there is no evidence that the Inform is seeking leave to amend as part of a strategic or tactical decision to gain an unfair litigation advantage. Rather, Inform's proposed amendments are being made to address the Court's *Opinion and Order* relating to Google's Motion to Dismiss the State Plaintiffs' TAC, as contemplated by the Court in PTO Nos. 1, 2, and 3; to supplement and refine Inform's current allegations with more detailed information; and to assert new claims and allegations at the very beginning of this litigation and before Defendants have filed an answer. Finally, Inform's proposed amendments are not futile. Many of Inform's amendments relate to factual allegations and claims concerning anticompetitive conduct and markets that this Court has already determined are plausible.

Prior to the transfer of this action by the JPML, the district court, in response to arguments from the parties, anticipated that it would allow Inform to amend its complaint. *Inform Inc. v. Google LLC*, No. 1:19-cv-05362-JPB (N.D. Ga. January 11, 2023) ("In the event the case is not transferred to the MDL, the parties shall notify the Court within five days and submit a proposed briefing schedule for the filing of an amended complaint or the remaining briefing to the Motion to Dismiss."). Additionally, counsel for Inform had previously requested that Google agree to abide by the schedule provided in Your Honor's pre-trial orders if this action was transferred by the JPML, but Google declined to do so on the grounds that it was

Hon. P. Kevin Castel
February 28, 2023
Page 3

seeking to avoid moving this case into this MDL.  Now that the case has been formally transferred to this MDL, Inform is ready to promptly file its motion for leave as soon as Your Honor indicates its willingness to entertain such a motion.  In that regard, Inform proposes a schedule initiated by Inform filing its motion for leave within 5 days of receiving permission from the Court to do so, with the remaining deadlines determined by the applicable rules for motion practice before this Court.

      Therefore, Inform Inc. respectfully requests leave to file a Motion to Amend Inform's First Amended Complaint. We thank the Court for its consideration of this matter.

      Respectfully submitted,

      /s/ *Serina M. Vash*

      SERINA M. VASH
      New York Bar No.: 2773448
      svash@hermanjones.com
      **HERMAN JONES LLP**
      153 Central Avenue, # 131
      Westfield, NJ 07090
      (404) 504-6516

      JOHN C. HERMAN (admitted *pro hac vice*)
      jherman@hermanjones.com
      **HERMAN JONES LLP**
      3424 Peachtree Road, N.E., Suite 1650
      Atlanta, GA 30326
      (404) 504-6555
      (404) 504-6501 (fax)

      Counsel for Plaintiff Inform Inc.