

Paul T. Farrell, Jr.                                                                                                       Michael J. Fuller, Jr.

February 28, 2023

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-131

        **Re**: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); HD Media, et al. v. Google LLC, No. 1:21-cv- 06796 (PKC)

Dear Judge Castel,

      This is my first appearance on the record, as well in the Southern District of New York, so please allow a brief introduction. My law firm, along with Serina Vash and others, represent twenty-five (25) small and medium-sized newspaper publishers ("Newspaper Plaintiffs") operating approximately 225 local newspapers across the country. I have spent the better part of the past five (5) years serving as Co-Lead Counsel for the Plaintiffs' Executive Committee in MDL2804 styled *In re: National Prescription Opiate Litigation* pending in U.S. District Court for the Northern District of Ohio (Polster, J., presiding). I confess this is my first foray into antitrust litigation but serve with able co-counsel. We write to you today related to discovery served by Google upon the Newspaper Plaintiffs.

      The JPML encouraged the litigants to bring proposals to your attention to "streamline pretrial proceedings." (Doc. #126,*6). We respectfully submit this pre-motion letter in anticipation of moving the Court for a separate track of discovery. This request is consistent with the observation in the JPML *Transfer Order* that "the transferee court may account, at his discretion, for any differences among the actions by using appropriate pretrial devices, such as ***separate tracks for discovery*** or motion practice." (Doc. #126, *4). Pursuant to this Court's Individual Practices, we note that there is no conference scheduled at this time.

      Google has filed a renewed motion to dismiss the Newspaper Plaintiffs' claims (Doc. #451 - 452) which will soon ripen. Nonetheless, Google served lengthy discovery requests upon the Newspaper Plaintiffs which include 30 interrogatories (with numerous subparts) and 79 requests for production of documents (with even more subparts). Thus, in total, Google served a total of 750 interrogatories and 1,975 requests for production on the Newspaper Plaintiffs. Many of these requests are duplicative. Newspaper Plaintiffs assert that most of these discovery

**FARRELL & FULLER**

Paul T. Farrell, Jr., Licensed in: Kentucky, Ohio, and West Virginia
Michael J. Fuller, Jr., Licensed in: Florida, Georgia, Kentucky, Michigan, Mississippi, Missouri, New Hampshire, New York, Ohio, Pennsylvania, Tennessee, Washington, D.C., West Virginia, and Wisconsin
270 Munoz Rivera Ave. Ste. 201 San Juan, PR 00918
Ph 939-293-8244/ fax 939-293-8245
www.farrellfuller.com

*In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
February 28, 2023
Page 2 of 3
_____

requests are unique to the individual client, premature, and vastly disproportionate to the immediate needs of the case.

For instance, many of Google's requests require the Newspaper Plaintiffs to harvest, process, code, review, and produce a vast amount of digital data. Unlike Google, most of the Newspaper Plaintiffs cannot readily access the data and will spend significant resources to do so. All this is taking place while, if the allegations in the complaints are proven true, a hostile monopoly is "decimating" local newspapers across the country. See *Investigation of Competition in Digital Markets: Majority Staff Report and Recommendations*, U.S. House Judiciary Committee, Subcommittee on Antitrust, Commercial and Administrative Law, pp. 57-71 (Oct. 6, 2020).

Newspaper Plaintiffs are <u>not</u> requesting an exemption to participating in the discovery process. Rather, the Newspaper Plaintiffs are requesting a separate track for discovery which takes into account the differences between the structural relief sought by the Attorneys General and damage claims, if monopoly power is proven, which flows therefrom. Moreover, harvesting digital data from a corporate client is a multi-step process and individual discovery disputes are expected. Addressing discovery disputes across a broad spectrum of individual plaintiffs exponentially expands the problem and threatens the orderly and efficient completion of discovery.

We suggest a "deep" and "broad" approach. Newspaper Plaintiffs ask this Court for a grace period to renew discussions with Google concerning a separate discovery track for the Newspaper Plaintiffs[1] including selection of a bellwether(s) ("deep approach") for purposes of full discovery along with a more limited discovery burden on the remaining Newspaper Plaintiffs ("broad approach")(*e.g.*, plaintiff-specific facts sheets).[2] Since discovery remains at a preliminary stage, now is the "optimal time to structure the litigation to maximize efficiencies." *Transfer Order*, (Doc. #126, *3). We respectfully submit this measured approach to discovery best advances the central goals of this MDL and promotes a fair and efficient path forward in this complex and vitally important litigation. We ask that you direct the parties to further meet and

---

[1] The Newspaper Plaintiffs and Google previously met and conferred concerning this issue but were unable to reach an agreement.

[2] The number of Newspaper Plaintiffs' cases (25) and plaintiffs (225) is akin to a mass-tort action for which plaintiff fact sheets are routinely used in MDL proceedings to streamline discovery. *See Guidelines and Best Practices for Large and Mass-Tort MDLs* at 2-3 (Best Practices 1(C)(v), (vi), (x)), BOLCH JUD. INST., DUKE LAW SCH. (2d ed. Sept. 2018),https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch. The Class Action Fairness Act defines "mass action" as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. §1332(d)(11)(B)(i). Plaintiff fact sheets have been used in recent antitrust MDLs with a large number of named plaintiffs (50), too. *See, e.g.*, Scheduling Order No. 2 at 2, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ (D. Kan. Oct. 19, 2017), Doc. #61.

Case 1:21-md-03010-PKC   Document 480-1   Filed 02/28/23   Page 3 of 3

*In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
February 28, 2023
Page 3 of 3
_____

confer regarding a separate track for Newspaper Plaintiff discovery responses and report back in short order.

Sincerely,

Paul T. Farrell