UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-md-3010 (PKC) |

*This Stipulation Relates To:*

| | |
|---|---|
| **THE STATE OF TEXAS,** *et al.,*<br><br>*Plaintiffs,*<br><br>- against -<br><br>**GOOGLE LLC,**<br><br>*Defendant.* | No. 21-CV-6841 (PKC) |

### SECOND STIPULATION AND [PROPOSED] ORDER REGARDING STATE PLAINTIFFS' STATE LAW CLAIMS

Defendant Google LLC ("Google") and Plaintiffs State of Texas, State of Alaska, State of Arkansas, State of Florida, State of Idaho, State of Indiana, Commonwealth of Kentucky, State of Louisiana, State of Mississippi, State of Missouri, State of Montana, State of Nevada, State of North Dakota, Commonwealth of Puerto Rico, State of South Carolina, State of South Dakota, and State of Utah (collectively "State Plaintiffs"; the State Plaintiffs and Google combined are the "Parties") stipulate as follows:

WHEREAS, paragraphs 546 through 602 (Count V) of State Plaintiffs' Third Amended Complaint (ECF No. 195) ("*TAC*") describe State Plaintiffs' state antitrust claims;

1

WHEREAS, on September 13, 2022, the Court issued its Opinion and Order on Google's Motion to Dismiss Counts I Through IV of the States' Third Amended Complaint (ECF No. 308, the "Opinion and Order");

WHEREAS, on November 18, 2022, the Court issued Pre-Trial Order No. 4, ordering State Plaintiffs and Google to meet and confer on a stipulation as to the effect of the Opinion and Order on any of the State Plaintiffs' state law claims and to report to the Court within 21 days (*see* ECF No. 392, ¶ 4);

WHEREAS, on December 9, 2022, pursuant to Pre-Trial Order No. 4, the Parties submitted a stipulation (the "First Stipulation") to the Court regarding the effect of the Opinion and Order on any of the State Plaintiffs' state law claims (*see* ECF No. 415);

WHEREAS, paragraph 2 of the First Stipulation stated that, "[a]ny state law antitrust claim is deemed dismissed to the extent that it is based on conduct alleged to serve as a basis for a federal antitrust claim that the Opinion and Order dismissed";

WHEREAS, on December 14, 2022, the Court so ordered the Parties' First Stipulation, and in so doing, added the following proviso: "[b]y February 24, 2023, the parties shall submit a stipulation describing with particularity, the claims or portions of claims governed by paragraph 2 [of the First Stipulation]," (ECF No. 417, at 3); and

NOW THEREFORE, the Parties, through their respective counsel, hereby stipulate as follows:

1. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that the Network Bidding Agreement between Google and Meta Platforms, Inc. (f/k/a as Facebook) (the "NBA") constitutes an illegal contract, combination or conspiracy, such claim is hereby deemed dismissed.

2

2. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Encrypted User IDs constitutes monopolization or attempted monopolization of markets for ad exchanges, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

3. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Dynamic Allocation ("DA") constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

4. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Enhanced Dynamic Allocation ("EDA") constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

5. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Dynamic Revenue Share ("DRS") constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

6. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Reserve Price Optimization ("RPO") constitutes monopolization or attempted monopolization of the market for ad exchanges, such claim is deemed to have failed to allege that such conduct is anticompetitive.

7. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Exchange Bidding constitutes monopolization or attempted monopolization of markets for ad exchanges, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

8. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Accelerated Mobile Pages ("AMP") constitutes monopolization or attempted monopolization of markets for ad exchanges, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

9. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on Google's use of Privacy Sandbox, such claim is deemed to be unripe for determination.

10. To the extent that any State Plaintiff alleges in the TAC a state antitrust claim based on Google's use of DA, Google's use of DRS, or Google's combined use of DA and DRS, such claim is deemed to have failed to allege that such conduct has continuing adverse effects.

11. [omitted]

12. State Plaintiffs have not alleged in the TAC that (a) Google's use of Encrypted User IDs constitutes monopolization or attempted monopolization of the market for publisher ad servers; (b) Google's use of RPO constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools; (c) Google's use of Exchange Bidding constitutes monopolization or attempted monopolization of the market for publisher ad servers; or (d) Google's use of AMP constitutes monopolization or attempted monopolization of the market for publisher ad servers.

13. [omitted]

14. [omitted]

SO ORDERED

/s/ *illegible signature*
USDJ
3-6-23

4