**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105

O: (415) 947-2000

JUSTINA K. SESSIONS
Email: jsessions@wsgr.com
Direct dial: (415) 947-2197

March 8, 2023

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

Defendant Google LLC respectfully submits this letter in opposition to Inform Inc.'s request to file a motion to amend its complaint for a second time. Pursuant to Your Honor's Individual Practices, we note that no conference is scheduled at this time.

The *Inform* action was recently transferred to Your Honor because Inform opportunistically delayed seeking MDL treatment. Despite referencing ad servers in its original 2019 complaint, Inform never sought transfer to this Court during the more than three years that its case was pending in the United States District Court for the Northern District of Georgia. Instead, Inform opposed a motion to dismiss and amended its complaint once in that court. Google's most recently filed motion to dismiss Inform's amended complaint remains pending, and Inform's request to amend seeks to moot that motion.

Although Inform does not attach or describe in detail its proposed amendments, it appears that Inform views transfer to the MDL as an opportunity to start over with a third complaint. Inform's Georgia complaints, which the Georgia District Court twice dismissed, focused on the industry transition from Adobe Flash to HTML5. Inform's two complaints had little to do with ad tech other than a few stray paragraphs containing allegations wholly unconnected to Inform and its supposed harm. Now, Inform seeks to "conform the complaint to Your Honor's previous rulings on the various motions to dismiss, among other things." ECF 479, at 2. This is a request for a second do-over to give Inform a chance to copy-and-paste more irrelevant allegations into its already rambling complaint. The Court should reject it and allow Google's pending motion to dismiss to proceed.

March 8, 2023
Page 2

A court has discretion to deny leave to amend under Federal Rule of Civil Procedure 15 when "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). A court also need not give leave to amend if the amendment would be futile. *See Pantoja v. Banco Popular*, 545 F. App'x 47, 49-50 (2d Cir. 2013). Inform's request to file a third complaint should be denied because Inform unreasonably delayed adding whatever ad tech allegations it now seeks to tack on, another amendment would prejudice Google and waste the resources that the parties and two courts already expended on Inform's complaint, and addition of ad tech-related claims would be futile.

### I. Background

#### A. Procedural History

On November 25, 2019, Inform filed its Complaint in the United States District Court for the Northern District of Georgia. The Complaint asserted violations of Sections 1 and 2 of the Sherman Act, Section 3 of the Clayton Act, and tortious interference under Georgia state law. Defendants filed a motion to dismiss on several grounds, including standing, 12(b)(6) deficiencies in the Complaint, and because the Complaint was a shotgun pleading prohibited under Eleventh Circuit law. On September 15, 2020, the District Court dismissed Inform's Complaint as a shotgun pleading. According to the Court, it was "virtually impossible" to know which allegations were intended to support which claims of relief because the Complaint contained: "(1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; and (3) a combination of multiple claims against multiple defendants without specifying which defendant is responsible for which act." Order, No. 1:19-cv-05362, ECF 33, at 3.

On October 9, 2020, Inform filed the First Amended Complaint ("FAC"). Google again filed a motion to dismiss on largely the same grounds that it had moved to dismiss the original Complaint. On September 20, 2021, the Court again dismissed the FAC on shotgun pleading grounds and also concluded that Inform lacked standing to bring its federal antitrust claims. Order, No. 1:19-cv-05362, ECF 51, at 19. On August 26, 2022, the Eleventh Circuit reversed the District Court's shotgun pleading and standing holdings as they pertained to two of the alleged relevant markets (online advertising and online video advertising), but left for the District Court to consider Defendants' other Rule 12(b)(6) arguments. *Inform Inc. v. Google LLC*, 2022 WL 3703958, at *6 (11th Cir. Aug. 26, 2022).

Although Inform's counsel—also counsel to the Newspaper Plaintiffs in this MDL—were well aware of the MDL proceedings, Inform did not seek inclusion in this MDL when it was initiated nor did it inform the JPML that *Inform* was a potential tag-along action. Indeed, counsel specifically told the JPML that *Inform* was "the 'first ad tech case" but never contended that *Inform* should be added to the MDL. Plaintiffs' Joint Response in Opposition to Motion for Transfer,

MDL No. 3010, ECF 68, at 7 n. 14.  Instead, Inform waited until after the Eleventh Circuit resolved its appeal from the second dismissal of its complaint and until after this Court ruled on the States' Third Amended Complaint to seek transfer.

### B. Inform's First Amended Complaint Contains Just One Allegation that Overlaps with the State Plaintiffs' Remaining Claims.

Inform's first and second complaints focused on the industry transition from Adobe Flash to HTML 5.  *See Inform Inc. v. Google LLC*, 2022 WL 3703958, at *2 (11th Cir. Aug. 26, 2022) ("Inform focuses on Google's decision to transition from Flash to HTML5.").  Inform is "a digital media advertising company" that allegedly "has directly competed with Google in the online advertising and online video advertising markets . . . ."  FAC ¶ 2.  It "manages the distribution and delivery of video from content creators into articles on newspaper, magazine, radio, and television websites."  *Id.* ¶ 85.  Inform alleges that it was harmed when Google's Chrome web browser discontinued use of Adobe Flash.  *Id.* ¶ 115.  Although Inform's theory of harm is unclear, it appears to have something to do with Inform supporting or investing in Flash-formatted content.

Inform made a few conclusory ad tech-related allegations in the FAC.  It identified ad servers as one of eight allegedly monopolized markets.  Inform alleged that "Google has bundled and illegally tied the use of Google's DoubleClick Ad Server with the real-time bids from Google's AdX marketplace" and complained that Google rebranded its DFP ad server and AdX into a single tool called Google Ad Manager.  *Id.* ¶¶ 134, 136.  This is the only allegation that overlaps with State Plaintiffs' remaining claims.  Inform also included a one-sentence allegation regarding alleged advantages for Google's ad exchange: "Google likewise preferences its own products and services by engaging in a practice that provides Google customers who use Google's AdX with a second opportunity to outbid competing advertisers (who are using non-Google marketplaces) a practice which is known as 'last look.'"  *Id.* ¶ 144.  This appears to be a nod to what State Plaintiffs called "Dynamic Allocation."  However, the Court found that the States did not plausibly allege that Dynamic Allocation had anticompetitive effects in an **ad server** market, which is the only ad tech market that Inform identified.  *See* MTD Op., at 47.

There are two fatal problems with Inform's existing ad tech allegations.  *First*, they are utterly conclusory.  They are essentially legal conclusions or labels, without any supporting factual allegations.  Moreover, the complaint makes no effort whatsoever to explain how any of this contributed to alleged monopolization of an ad server market.  *Second*, there are no allegations of harm to Inform.  Inform does not allege that it ever provided ad tech products, used ad tech products, or otherwise suffered any harm due to any alleged reduction in competition in alleged ad tech related markets.  *See, e.g.,* FAC ¶ 19 (alleging that Inform competes with Google in the alleged "Online Advertising Market and the Online Video Advertising Market.").  At best, Inform alleges that its video player "must be integrated with Google's Ad Server."  *Id.* ¶ 98.  But Inform does not allege that it was impacted in any way by Google's operation of its ad server.

## II. Justice Would Not Be Served by Another *Inform* Amendment.

### A. Inform Unreasonably Delayed Adding New Ad Tech Claims.

Inform does not explain why it could not have added any new claims or allegations relating to ad tech when it filed its initial complaint in November 2019 or its amended complaint in October 2020. By October 2020, advertiser plaintiffs had filed multiple ad tech complaints. Inform's counsel began filing Newspaper complaints just a few months later, in January 2021. Thus, in October 2020, Inform could have amended with similar ad tech related allegations, but only chose to make a few conclusory allegations regarding ad servers.[1] But having failed to include any detail and having elected not to copy the litany of other ad tech allegations that were public at the time, Inform should not be permitted to add them now simply because it finds itself in a new court. Inform's unexplained delay smacks of gamesmanship and weighs against granting leave to amend. *See Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007) ("More than five months after the deadline, more than five months after filing its initial amended pleading, Bay Harbour asked for permission to amend its pleading again. Bay Harbour has not sufficiently explained the delay, however, and the delay thus is a factor weighing against granting leave to amend.").

The prior history of this case distinguishes *Inform* from other private cases in this MDL. When the Court issued PTO-3, providing procedures for Conforming and Non-Conforming Amendments, most private plaintiffs had not had the opportunity to amend their complaints as of right.[2] And each of the private plaintiffs had some allegations that tracked those of the States in their initial complaints, so the "Conforming" amendments did not amount to complete transformations of the private cases. By contrast, Inform has already substantively amended its complaint once and did not seriously bring ad tech related allegations in its first two tries. It should not be rewarded with another.

### B. Another Amendment Would Prejudice Google and Waste Judicial Resources.

Google would be prejudiced by Inform's addition of new claims and allegations in its third try at a complaint. Google has already expended significant resources briefing two motions to dismiss and one appeal predicated on Inform's existing complaint. *See Bay Harbour Mgmt.*, 474 F. Supp. 2d at 503 (finding defendant would be prejudiced by an amended complaint where motion to dismiss initial complaint was already fully briefed). The Georgia District Court rendered two decisions dismissing Inform's complaints. The Eleventh Circuit remanded with instructions to consider Google's 12(b)(6) arguments against the FAC. Allowing Inform yet another chance at a

---

[1] Should Inform be permitted to file yet another amended complaint, Google reserves the right to argue that any and all new amendments do not relate back to Inform's original filing date.

[2] The Advertiser Plaintiffs' complaint was dismissed once, but with leave to amend. SPX Total Body Fitness also amended its complaint once, to change a plaintiff's name.

new complaint now would allow it a chance to change its complaint yet again, after already recasting it once on appeal.

### C. Any Attempt to Add New Ad Tech Claims Would be Futile.

As discussed above, Inform does not plausibly allege that it used Google ad tech products, competed with Google ad tech products, or was otherwise adversely affected in any way by Google's operation of its ad tech products. Inform's lack of participation in any allegedly affected market is not some minor oversight that can be corrected by an amendment, it is a fundamental defect that means Inform lacks standing to pursue ad tech-related claims. Google anticipates that it would move to dismiss any new ad tech related allegations for lack of standing, among other reasons.

For these reasons, the Court should deny Inform's request to file a third complaint.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Counsel for Defendant Google LLC*

Cc: All Counsel of Record (via ECF)