

March 8, 2023

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re: Google Digital Advertising Antitrust Litigation*,
             No. 1:21-md-03010 (PKC)

Dear Judge Castel:

      The plaintiffs' group respectfully submit this letter to update the Court on the remaining issues for the parties' proposal for an Order on Electronically Stored Information, as discussed and ordered at the last Case Management Conference on February 22, 2023 (the CMC).  See Minute Entry dated 2/22/2023.

      To recount, the parties have been able to agree on a stipulation for most provisions except in two areas: (1) whether, when a document's author references another document by providing a link, rather than attaching the document, the linked-to document must be produced, and (2) what advertisement logs ("ad logs") need to be preserved.

      ***Document Links***: At the February 22, 2023 case management conference, the Court encouraged Google to provide plaintiffs with statistics on what percentage of already-produced materials contain links and, of those links, how many reference documents not already produced to plaintiffs.  Hr'g Tr. (Feb. 22, 2023) at 34:13-23. Counsel for Google said they "would be happy to try to do some of that sampling." *Id*. at 35:4. Plaintiffs requested those statistics on multiple occasions, but Google has provided none.  Instead, because of Google's unwillingness to provide statistics, the parties have engaged in multiple meet and confers without the factual background necessary to understand the scope of the linked document dispute.

      Even without that data, plaintiffs have worked to find a resolution to this issue. The primary remaining dispute is whether Google should be required to produce all documents in its custody, possession, or control that are referenced by link in responsive, non-privileged documents, regardless of whether Google already has collected such linked-to documents for review.  In other words, if the author of a responsive document attaches one or more other documents by link, must the linked-to document be produced wherever it may be found?  The answer is clearly "yes" – the author's choice to reference another document demonstrates that the linked-to document is necessary to understand

P a g e | 2
March 8, 2023

the responsive document.  The relevance of the linked-to document does not depend on whether or not Google decided to collect the document for review.

Plaintiffs believe that Google, not the plaintiffs, should identify any relevant documents that have links. Using the Court's example during the February 22, 2023 CMC, if in a given relevant document there is a hyperlink to a manual on page 36, and the linked document is not privileged, Google should have to identify that there is a link in the document and produce the corresponding nonprivileged linked-to document. It should not, as Google proposes, be the plaintiffs' burden to (i) identify links in Google's documents and (ii) hope that Google agrees to produce the links if Google feels that the number of requests for linked documents is reasonable and proportionate.  Although Google has not provided the statistics they suggested they were "happy" to provide, from what plaintiffs can tell, the issue of linked-to documents will be pervasive in this matter. A number of examples from existing productions further illustrate why it is necessary for Google to produce these linked documents:

- The links often refer to Google documents that cannot be readily attached because they are (1) technical designs (e.g., one that is too large to embed within the email), (2) financial or statistical analysis (e.g., a spreadsheet stored on cloud for easy access by all teams, including people not on the email), (3) powerpoint presentations (e.g., that was not attached because the color often makes the document too large), or (4) documents that can only be opened from another Google internal-application or interface (e.g., output for certain Google internal dashboards and tools regarding ad experiments, product launches, or campaigns, that must be viewed on the custom Google dashboard application itself and not through the email application).

- The links are often in a form that is either indecipherable (e.g., "go/docXXX"), or mismatched against the actual name of the document.  Google's failure to produce these documents, and its failure to produce sufficient metadata to tie a linked document with the linking document, make it nearly impossible for plaintiffs to tell what has been produced and what has not.

- The linked documents may not be picked up from independent key word searches or custodial searches, because the documents may not have a custodian, may rely on internal Google codenames or tool-based naming nomenclature that do not match search terms, or may be so technical or numbers-based that the contents do not match a search term.

Without the statistics plaintiffs requested, and in light of the pervasive presence of links in documents already produced, plaintiffs can neither adequately evaluate nor accept Google's linked-document proposals.  Plaintiffs proposed ESI order contains their most recent linked-document proposal to Google.  *See* Ex. 1 (excerpt of the parties' meet and confer correspondence and attached proposed ESI order).  That proposal rightly places the responsibility for identifying and producing linked-to documents on Google.

P a g e  | 3
March 8, 2023

**_Ad Logs_**: The plaintiffs cannot agree to waive rights on ad logs that they have not yet seen, that will contain relevant information on advertiser bids, publisher inventory and auction mechanics for ads viewed on plaintiffs' publications worldwide.  Google has already agreed to preserve ad logs for 6 countries – belying Google's longheld contention that ad logs for ads viewed outside the United States are "not readily accessible." Plaintiffs have also agreed to meet and confer with Google regarding the preservation and production of a sample of ad log files, rendering premature Google's argument that maintaining ad log files is overly burdensome – the actual burden of preserving the ad logs necessary for this case is yet to be determined.   Google's proposal thus boils down to a demand that plaintiffs condone Google's decision not to preserve ad data that is central to this case.  As already explained, plaintiffs cannot give their imprimatur to the destruction of highly relevant materials they have never seen.

To move the discussion forward, however, plaintiffs proposed that Google submit to the Court an order (rather than a joint stipulation) limiting Google's preservation duties regarding ad logs.  Plaintiffs are not objecting, while reserving their rights.  This way, plaintiffs are not put in the impossible position of having to "stipulate" to something that they have not yet seen or explored.  In light of plaintiffs' agreement to discuss sampling ad log data with Google to address Google's burden concerns, Plaintiffs' proposed ESI Order, Ex. 1, reflects this reasonable compromise.

Plaintiffs have also proposed that the parties jointly request an additional 48-hours to try to resolve these issues.  Google has rejected this, and hence plaintiffs respectfully filed the instant letter to update the Court as ordered, on the progress of the discussions.

Respectfully submitted,


/s/

Hsiao C. (Mark) Mao, Esq.
Boies Schiller Flexner LLP
44 Montgomery St., Ste. 41
San Francisco, CA 94104
mmao@bsfllp.com

P a g e | 4
March 8, 2023

Respectfully submitted,

/s/ W. Mark Lanier

W. Mark Lanier
New York Bar No.: 4327284
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
New York Bar No.: 4593604
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
**THE LANIER LAW FIRM, PLLC**
Tower 56
126 East 56th Street, 6th Floor
New York, NY 10022
(212) 421-2800

/s/ Ashley Keller

Ashley Keller
ack@kellerpostman.com
Jason A. Zweig
New York Bar No.: 2960326
jaz@kellerpostman.com
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220
Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

*Counsel for Texas, Idaho, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

/s/ Dena C. Sharp

Dena C. Sharp (pro hac vice)
Jordan Elias (pro hac vice)
Scott M. Grzenczyk (pro hac vice)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
scottg@girardsharp.com

/s/ John Thorne

John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street NW, Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jthorne@kellogghansen.com
dbird@kellogghansen.com
cgoodnow@kellogghansen.com
bjones@kellogghansen.com
mhirschboeck@kellogghansen.com
epfeffer@kellogghansen.com
emaier@kellogghansen.com

P a g e | 5
March 8, 2023

Tina Wolfson (TW-1016)
Theodore W. Maya (pro hac vice)
Bradley K. King (BK-1971)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com

*Interim Co-Lead Counsel for Advertiser
Plaintiffs*

/s/ Caitlin G. Coslett
Eric L. Cramer
ecramer@bm.net
Michael C. Dell'Angelo
mdellangelo@bm.net
Caitlin G. Coslett
ccoslett@bm.net
Patrick F. Madden
pmadden@bm.net
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

Philip C. Korologos
pkorologos@bsfllp.com
Brianna S. Hills
bhills@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300

David Boies
dboies@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Jesse Panuccio
jpanuccio@bsfllp.com

Jeffrey A. Lamken
Caleb-Hayes-Deates
**MOLOLAMKEN LLP**
Tel: (202) 556-2000
Fax: (202) 556-2001
jlamken@mololamken.com
chayes-deats@mololamken.com

*Counsel for Associated Newspapers, Ltd.
and Mail Media, Inc.*

/s/ Serina M. Vash
Serina M. Vash
New York Bar No.: 2773448
svash@hermanjones.com
**HERMAN JONES LLP**
153 Central Avenue, # 131
Westfield, NJ 07090
(404) 504-6516

John C. Herman
jherman@hermanjones.com
**HERMAN JONES LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6500

Paul T. Farrell, Jr.
paul@farrellfuller.com
Michael J. Fuller, Jr.
mike@farrellfuller.com
**FARRELL & FULLER, LLC**
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
(939) 293-8244

Page | 6
March 8, 2023

**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 895-7580

Mark C. Mao
mmao@bsfllp.com
Sean P. Rodriguez
srodriguez@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820

Sabria A. McElroy
smcelroy@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 377-4216

George A. Zelcs
gzelcs@koreintillery.com
Randall P. Ewing
rewing@koreintillery.com
Marc A. Wallenstein
mwallenstein@koreintillery.com
Ryan A. Cortazar
rcortazar@koreintillery.com
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750
Fax: (312) 641-9751

*/s/ Stuart A. Davidson*
Paul J. Geller
pgeller@rgrdlaw.com
Stuart A. Davidson
sdavidson@rgrdlaw.com
Alexander C. Cohen
acohen@rgrdlaw.com
Maxwell H. Sawyer
msawyer@rgrdlaw.com
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
(561) 750-3000

David W. Mitchell
davidm@rgrdlaw.com
Steven M. Jodlowski
sjodlowski@rgrdlaw.com
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

Robert P. Fitzsimmons
bob@fitzsimmonsfirm.com
Clayton J. Fitzsimmons
clayton@fitzsimmonsfirm.com
Mark A. Colantonio
mark@fitzsimmonsfirm.com
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Avenue
Wheeling, WV 26003
(304) 277-1700

*Counsel for Direct Action Newspaper Plaintiffs AIM Media Indiana Operating, LLC, AIM Media Midwest Operating, LLC, AIM Media Texas Operating, LLC, Brown County Publishing Company, Inc. and Multi Media Channels, LLC, Clarksburg Publishing Company, d/b/a WV News, Coastal Point LLC, Eagle Printing Company, Ecent Corporation, Emmerich Newspapers, Incorporated, J.O. Emmerich*

P a g e | 7
March 8, 2023

Stephen M. Tillery
stillery@koreintillery.com
Michael E. Klenov
mklenov@koreintillery.com
Carol L. O'Keefe
cokeefe@koreintillery.com
**KOREIN TILLERY LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844
Fax: (314) 241-3525

*Interim Co-Lead Counsel for the Publisher Class*

*& Associates, Inc., Delta Democrat Publishing Company, Commonwealth Publishing Company, Inc., Delta Press Publishing Company, Inc., Newton County Appeal Inc., Marion Publishing, Company, Yazoo Newspaper, Co., Inc., Sunland Publishing Company, Inc., Simpson Publishing Co., Inc., Montgomery Publishing Co., Inc., Franklinton Publishing Co., Inc., Charleston Publishing Co., Inc., Clarion Publishing Company, Inc., Scott Publishing, Inc., Clarke Publishing, Inc., Hattiesburg Publishing, Inc., Tallulah Publishing, Inc., Louisville Publishing, Inc., Kosciusko Star-Herald, Inc., Enterprise-Tocsin, Inc., Grenada Star, Inc., Tate Record Inc., Flag Publications, Inc., Gale Force Media, LLC, HD Media Company, LLC, Journal Inc., Robinson Communications, Inc., Something Extra Publishing, Inc., Rome News Media, LLC, Times Journal, Inc., Neighbor Newspapers, Inc., Savannah Publishing Co., Inc., Gould Enterprises, Inc., Union City Daily Messenger, Inc., Weakley County Press, Inc., Southern Community Newspapers, Inc., Capital Region Independent Media LLC, and Appen Media Group*

CC: Counsel of Record