# EXHIBIT B



**Via Email**

Mark C. Mao
Boies Schiller Flexner
44 Montgomery Street
41st Floor
San Francisco, CA 94104

**New York**
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
  +1 212 284 4910 (Direct)
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

February 15, 2023

**Re:** *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Mark:

I write in response to your email dated February 8, 2023 concerning data preservation in the context of the ESI order negotiations. As set forth below, your email reflects the latest attempt by Plaintiffs to overcomplicate what should be a simple and straightforward process by injecting new issues at the eleventh hour. It is true that all parties in this litigation have an obligation to preserve relevant documents and data; however, based on the positions you have taken during ESI negotiations, it appears that the Publisher Class in particular have adopted an overbroad interpretation of the obligation that is not grounded in the Federal Rules of Civil Procedure.

The Federal Rules require that the parties make reasonable and good faith efforts to preserve information that is relevant to the dispute. Google has, in an abundance of caution, sought your input and agreement on various ESI preservation issues as part of the ESI order negotiations. Instead of agreeing to reasonable and proportionate limitations on ESI preservation, Plaintiffs have needlessly complicated the process. Making informed preservation decisions has been far more difficult than should have been the case as a result of Plaintiffs' refusal to explain the relevance of E.U. ad log data to their claims, their failure to serve document requests until a few weeks ago (despite the Court's invitation to do so in September 2021), and their failure to respond to our reasonable questions regarding the scope of ESI preservation.

For purposes of the ESI order under negotiation, the only remaining question concerning ad log preservation is the scope of the negotiated carve-out in Section II of the order, and whether it should extend to "Ireland" or all 27 Member States of the "the European Union." We have given the Publisher Class multiple opportunities over the course of many months to explain

February 15, 2023
Page 2

the purported relevance of E.U. ad log data to their claims.  But they have yet to do so, and we have concluded that they are unable to do so.

In your email you assert that the Publisher Class has never agreed to any limitation of any kind on Google's preservation obligations.  That is incorrect.  Since July 2022, Google has attempted to engage in good faith with all Plaintiffs regarding reasonable and proportionate limitations on ESI preservation obligations.  The parties have been able to reach certain agreements that are reflected in Section II of the competing draft ESI orders that have already been submitted to the Court.  ECF Nos. 434-1, 436-1.

During Friday's meet and confer you went even further by asserting that if Google did not agree to your demand to preserve E.U. ad log data—even though the Publisher Class still cannot explain the relevance of that data to their own claims—then the Publisher Class intended to strike the carve-out entirely and decline to be bound by the scope of the agreement they submitted to Judge Castel.  We hope that you will reconsider that position.

During Friday's meet and confer you also took the position that Google must preserve all data worldwide and for all time until the Publisher Class concludes that Google no longer needs do so.  That is incorrect, and inconsistent with your prior representations to Google and the Court.

As to the ESI negotiations at the end of 2022, we agree they were "well-documented" as you say in your email.[1]  The relevant timeline is as follows:

- On October 14, 2022, we sent Plaintiffs a letter setting forth Google's position on a range of complex ESI issues—including proportional geographic limitations on the obligation to preserve ad log data—and asked that Plaintiffs provide a written response if they disagreed with any of our contentions.  ECF No. 434-4 at 2-3.
- On November 10, 2022, the parties held a meet and confer on ESI issues in which we explicitly asked Plaintiffs to confirm in writing their objections (if any) to Google's October 14 preservation proposals—in particular regarding the technical and complex subject of ephemeral and dynamic data.  You (Mark) promised to provide those written explanations, but then you failed to do so.

---

[1] The earlier negotiation history is also well-documented.  Seven months after being ordered to coordinate, Plaintiffs presented Defendants with an unworkable draft ESI order in April 2022.  *See* ECF No. 434-2.  Consistent with the Court's guidance, Google and Meta provided Plaintiffs with a joint proposal based on an ESI order agreed to by the FTC and Meta in another federal case.  That July 1, 2022 draft contained various proposed limitations on the obligation to preserve ad logs and other types of ESI that were grounded in principles of proportionality.  Seven weeks later, Plaintiffs rejected all of Google's proposals without explanation.  That rejection prompted Google's letter of October 14, 2022.

- On November 18, 2022, my co-counsel followed up with Plaintiffs noting their failure to respond.  ECF No. 434-5.  ("I write further to our November 10, 2022 meet and confer concerning the ESI protocol . . . It was our understanding from the meet and confer that Plaintiffs would be providing some form of written response to the questions raised by Google in our letter dated October 14, 2022.").
- On December 16, 2023 my co-counsel again reminded Plaintiffs that they had "fail[ed] to provide Plaintiffs' promised explanations to support their positions."  ECF No. 434-6.
- On December 21, 2022, the parties held another meet and confer in which we again asked Plaintiffs for a written response to our questions and Plaintiffs again committed to providing one—but did not.  The parties addressed ad log preservation at that meet and confer, but the Publisher Class failed to attend and apparently failed to communicate their position to any of the plaintiff representatives who did attend.
- On January 6, 2023, my co-counsel again asked Plaintiffs for a response.  ECF No. 434-7 ("During the [December 21] meet and confer, Plaintiffs again committed to providing a written response to the questions raised by Google in its letters dated October 14, 2022 and December 16, 2022, . . . but Plaintiffs have yet to send us any response.")

It was for these and other reasons that we told the Court in our February 1, 2023 letter that Plaintiffs have wasted many months with the result that Google must now grapple with complex ESI issues within a constrained period of time.  ECF No. 441 at 4.  We also told the Court that it had occurred to us that Plaintiffs may have chosen not to raise certain ESI issues until now for tactical reasons.  *Id*.  The Publisher Class's refusal to explain the relevance of E.U. ad log data to their claims combined with their decision to propound (just last week) what are in effect interrogatories (and improper ones at that) on the eve of a scheduled Conference is consistent with our hypothesis that Plaintiffs' failure to raise these issues earlier was a tactical decision.

\* \* \*

Google is now in the process of preparing its Responses and Objections to the 301 requests for production that Plaintiffs served on January 27, 2023.  Many of those requests call for production of ad log and other types of data.  Consistent with Google's draft of the ESI order submitted to Judge Castel, once the E.U./Ireland question has been settled, and once Google has served its Responses and Objections, we anticipate that there will be an opportunity for the parties to "meet and confer regarding a relevant and proportionate set of ad logs in these jurisdictions to be sampled and/or preserved." *See* ECF No. 434-1 at 5, n.2.

Very Truly Yours,

/s/ Robert J. McCallum

Robert J. McCallum