# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

April 4, 2023

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

    **Re:** *In re Google Digital Advertising Antitrust Litig.*, **No. 1:21-md-03010 (PKC);**
    *Inform Inc. v. Google LLC*, **et al. No. 1:23-cv-01530 (PKC)**

Dear Judge Castel:

  We write as counsel to plaintiff Inform Inc. in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC) (the "Inform Action"), a constituent case transferred from the Northern District of Georgia into the above-referenced MDL, to bring a discovery dispute to the Court's attention. The Inform Action was filed in the Northern District of Georgia in November 2019, making it the first-filed of all the digital advertisement monopoly cases transferred into the MDL in this Court. In fact, Inform first made many of the specific allegations as to Google's anticompetitive acts in the advertising tech markets.[1] The current dispute relates to Google's

---

[1] Google's assertion in its March 8, 2023 letter to this Court (ECF. No. 499) that the Inform case "focused on the industry transition from Adobe Flash to HTML5" is erroneous and was flatly rejected by the JPML. In transferring this case into the MDL, the JPML stated:

> In opposition to transfer, Google asserts that individual questions of fact in *Inform* will predominate over the common ones. This assertion is based on the premise that *Inform* focuses 'primarily' on a case-specific claim concerning Google's transition from Adobe Flash to HTML5 to play video ads for users of Google Chrome and the restrictions on Flash-based ads that allegedly resulted. ***This argument ignores the plain language of the complaint.*** For example, the introduction to the *Inform* amended complaint is replete with allegations that Google has engaged in an array of tactics including acquisitions and amassing control of ad tech tools to dominate online advertising – without mention of the Flash/HTML5 transition. The claims for relief under the Sherman Act also extend far beyond those arising from this transition, and overlap with the monopolization and tying claims in the MDL. For example, Counts II through IV assert Section 2 claims for monopoly, monopoly leveraging, and attempted monopoly in the 'Leveraged Monopolies,' referring to the seven markets (including four advertising markets) discussed in the complaint's Introduction; and Count V asserts unlawful tying of Google's publisher ad server to Google's ad exchange in violation of Section 3.

ECF. No. 444 at 1-2 (emphasis supplied).

Hon. P. Kevin Castel
April 4, 2023
Page 2

refusal to provide Inform with the document productions it was ordered to produce to all Plaintiffs.  Google is refusing to produce documents to Inform, while at the same time Google is insisting that Inform engage in discovery and/or otherwise be bound by discovery decisions Google finds convenient, including search terms, custodians and data sources currently being negotiated. There is no conference currently scheduled before the Court.[2]

THE DISCOVERY DISPUTE

On March 3, 2023 and March 8, 2023, shortly after the Inform Action was transferred to this Court by the JPML, we reached out to counsel for Google concerning access to the document productions provided to all Plaintiffs pursuant to this Court's orders dated September 24, 2021 and February 7, 2022 (ECF. No. 129, 244). *See* Email of John C. Herman, attached hereto as Ex. A.  Initially, our requests went unanswered; Google simply refused to respond.  On March 23, 2023, Plaintiff Inform requested a meet and confer with Google regarding the issue prior to filing a letter with the Court. Counsel for Google refused to meet and confer at this time. *See* March 24, 2023 Email from Justina Sessions, attached hereto as Ex. B. Google has simply refused to provide the Court-ordered productions to Inform.

---

Likewise, Google's March 8th representation to this Court that Inform's complaint "had little to do with ad tech other than a few stray paragraphs" (ECF. 499) not only "ignores the plain language of the complaint" but is also belied by the Eleventh Circuit's decision reversing and remanding the district court's dismissal.  In holding that Inform has antitrust standing to bring this case, the Eleventh Circuit Court of Appeals stated:

> Inform has sufficiently alleged both requirements to establish antitrust standing in its amended complaint. As for antitrust injury, Inform has alleged that it lost millions of dollars because Google excluded it from competing in the online advertising markets. The amended complaint also asserts that Google excluded all competitors from the online advertising markets by disabling and disparaging its competitors' products and services; illegally conditioning the purchase of ads on its subsidiary YouTube on Google's ad-buying tools; using its control over the dominant ad auction to preference its own offerings and disadvantage those of rivals; and purposefully rendering some of its dominant products and services incompatible with its competitors' offerings.

> Google allegedly did all of that to avoid and eliminate competition, rather than meet it on the merits. And in so doing, Google not only harmed its competitors, but also hurt consumers, allegedly degrading their privacy, stifling innovation, raising prices, and decreasing the quality and variety of products available to consumers. These allegations suffice to establish antitrust injury at the pleading stage.

*Inform Inc. v. Goggle, LLC, et al.*, 2022 WL 3703958, *6 (August 26, 2022).

[2] Pursuant to 3B of Your Honor's Individual Practices concerning Discovery Disputes, Local Civ. Rule 37.2, and Fed. R. Civ. P. 37(a)(1), the undersigned certifies that the Plaintiff Inform has in good faith conferred or attempted to confer with counsel for Defendants Google, Alphabet and YouTube (collectively "Google") in an effort to obtain the requested documents pursuant to this Court's September 24, 2021 and February 7, 2022 Orders in advance of filing this letter.

Hon. P. Kevin Castel
April 4, 2023
Page 3

Google's purported basis for its refusal to produce the Court-ordered documents is that it has a motion to dismiss pending against Inform. But even putting aside that Inform's letter request to file a motion to amend its complaint is pending before the Court (ECF 479), Google has multiple motions to dismiss pending against other plaintiffs and the State Plaintiffs have just been granted leave to amend as respects their state law claims. This is simply not a valid reason to refuse to comply with the Court's order.

As noted, Plaintiff Inform's letter request to amend its complaint remains pending before Your Honor. Fed. R. Civ. P. 15(a)(2) provides that leave to amend should "be freely given when justice so requires." The Supreme Court has emphasized that amendments should normally be permitted and has stated that refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962.). The grant or denial of leave to amend a complaint is within this Court's sound discretion, but "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Klein v. PetroChina Co*., 644 F. App'x 13, 15 (2d Cir. 2016); *see also Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). Here, respectfully, the standard for granting leave to amend is readily met.

Google's refusal to provide documents based on its motion to dismiss filed when the case was pending in the Northern District of Georgia likewise ignores the fact that the Eleventh Circuit reversed the order granting Google's motion to dismiss. In fact, both Judge Boulee and the JPML anticipated that an amended complaint would be filed and stated the same in their respective orders. Respectfully, we await the Court's determination and will file our formal motion to amend upon receiving permission to do the same.[3]

*The JPML Anticipated Timely Coordination of the Inform Matter*

Currently, all parties in the MDL are in the process of negotiating search terms, custodians and data sources. Google has taken the position that Plaintiffs participating in these meet and confers must be able to bind *all* Plaintiffs, whether or not they are present and engaged in the negotiations. At the same time, Google is preventing Inform from meaningfully participating by refusing to provide it with the initial document production. Moreover, in the MDL as respects all Plaintiffs, Defendant Google has proposed using the same search terms as it purportedly negotiated some years ago with the DOJ and the State AGs Office with one

---

[3] Notably, Google did not object to any other private Plaintiff's motion to amend, despite the fact that some of those matters were fully briefed on the merits in other courts and some Plaintiffs had amended many more times. All other Plaintiffs have had the opportunity to amend their complaints in accordance with this Court's September 13, 2022 decision, which was anticipated by the Court from the outset of the MDL.

Hon. P. Kevin Castel
April 4, 2023
Page 4

important exception: Google has proactively removed from their proposed search terms any reference to YouTube. This information would be plainly relevant to Inform's claims in this case.

Google's tactics threaten to undermine the coordination anticipated by the JPML in transferring the Inform Action. The JPML specifically rejected Google's argument that transfer of the first-filed Inform Action would be inefficient because it had a three-year long history in the transferor court, expressly noting both that an amended complaint was anticipated and that the Inform Action was "well-positioned" and on track to participate in discovery with the other matters in the MDL. Specifically, the JPML stated:

> Although the Inform action is three years old, transfer still is appropriate as ***the action remains in its infancy***. The pretrial proceedings in the Northern District of Georgia have been limited to two rounds of motions to dismiss and plaintiff's appeal to the Eleventh Circuit. In late 2022, the Eleventh Circuit reversed the dismissal of Inform, and remanded the action for further proceedings, ***which are expected to include, among other things, an amended complaint and another round of briefing on a further motion to dismiss***. Thus, Inform and the actions in the MDL are in roughly the same procedural posture, and well-positioned for coordinated briefing, discovery, and other pretrial proceedings.

ECF. No. 444 at 2 (emphasis supplied). Google's position undermines the JPML's order and thwarts coordination of this case.

*Google Should be Required to Provide the Documents to Inform and Proceed with Coordination*

Google has ignored or rejected Plaintiffs' repeated attempts to keep this case on track with the MDL. We respectfully request that the Court not countenance such gamesmanship and order Defendant to produce the documents to Inform and proceed with the Inform Action as a coordinated action. This is the coordination that the JPML ordered when it transferred the Inform matter here and the coordination that Google itself sought in the first instance when it filed to have these cases placed into this multidistrict litigation.

Hon. P. Kevin Castel
April 4, 2023
Page 5

    We thank the Court for its consideration of this matter.

               Respectfully submitted,

               /s/ *Serina M. Vash*

               SERINA M. VASH
               New York Bar No.: 2773448
               svash@hermanjones.com
               **HERMAN JONES LLP**
               153 Central Avenue, # 131
               Westfield, NJ 07090
               (404) 504-6516

               JOHN C. HERMAN (admitted *pro hac vice*)
               jherman@hermanjones.com
               **HERMAN JONES LLP**
               3424 Peachtree Road, N.E., Suite 1650
               Atlanta, GA 30326
               (404) 504-6555
               (404) 504-6501 (fax)

               Counsel for Plaintiff Inform Inc.