# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105

O: (415) 947-2000

JUSTINA K. SESSIONS
Email: jsessions@wsgr.com
Direct dial: (415) 947-2197

April 10, 2023

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

Defendant Google LLC respectfully submits this letter in response to Plaintiff Inform Inc.'s April 4, 2023 letter regarding Google's document discovery in the above-captioned MDL. ECF No. 525. Pursuant to Your Honor's Individual Practices, we note that no conference is scheduled at this time.

Inform filed an amended complaint that had little to do with ad tech and delayed moving to join this MDL, yet now demands immediate access to Google's MDL document productions that are largely irrelevant to Inform. Inform is not similarly situated to the other MDL plaintiffs. Despite having the same counsel as Newspapers, Inform, unlike the other MDL plaintiffs, strategically chose to wait over *three years* before trying to join the MDL. During the time Inform waited in Georgia it filed two complaints, the latest of which is subject to a still-pending motion to dismiss from Google. Now Inform wants to file a *third* complaint. Inform's request to amend yet again (which Google opposes, ECF No. 499) is an admission that Inform's existing, operative complaint is deficient and has little to do with ad tech. Under these circumstances, Inform should not be given access to millions of Google documents merely because it has become part of this MDL.

Google respectfully submits that discovery of and by Inform should occur, if at all, after Inform's request to amend and Google's (current or anticipated) motion to dismiss is resolved. It would be inefficient and unnecessary at this juncture to provide Inform with any discovery from Google. Inform would be entitled to the discovery it now seeks only if (i) it completely rewrote its complaint to add entirely new ad tech claims mirroring those already at issue in this MDL; and (ii) that new complaint survived a motion to dismiss. This is unlikely. Google opposes Inform's request to amend, and any amendment would be futile for several reasons including that Inform lacks antitrust standing to bring ad tech claims. Inform does not purport to be a customer or a competitor of Google ad tech products. The scope of Inform's claims is too tenuous and uncertain

April 10, 2023
Page 2

at this time to warrant discovery. If Inform does at some point plead a claim that survives dismissal, the parties should assess discovery based on any such claims.

## I. Background[1]

Inform filed its first complaint in the United States District Court for the Northern District of Georgia three-and-a-half years ago. The court dismissed that complaint as a shotgun pleading. Inform then filed an amended complaint, which the court dismissed again on shotgun pleading and standing grounds. The Eleventh Circuit reversed the shotgun pleading and standing holdings as they pertained to two of the alleged relevant markets (online advertising and online video advertising), but left for the District Court to consider Google's other Rule 12(b)(6) arguments. *Inform Inc. v. Google LLC*, 2022 WL 3703958, at *6 (11th Cir. Aug. 26, 2022). Google's motion to dismiss remains pending. Defs.' Mot. to Dismiss the First Am. Compl., *Inform Inc. v. Google LLC*, No. 19-cv-05362-JPB, ECF No. 61-1 (N.D. Ga. Oct. 21, 2022). Inform waited to seek transfer to this MDL until after the Eleventh Circuit resolved its appeal from the second dismissal of its complaint and until after this Court ruled on the States' Third Amended Complaint. The Judicial Panel on Multidistrict Litigation transferred *Inform* to the MDL on February 1, 2023.

Inform's request to file a motion to amend its complaint and Google's opposition are currently pending before the Court. ECF Nos. 479, 499.

## II. Inform Is Differently Situated from Other MDL Plaintiffs

The *Inform* action is different from the other MDL member cases—both substantively and procedurally. It is substantively unique as it is only tangentially related to ad tech and is largely focused on the industry transition from Adobe Flash to HTML 5. *See Inform Inc. v. Google LLC*, 2022 WL 3703958, at *2-3 (11th Cir. Aug. 26, 2022) ("Inform focuses on Google's decision to transition from Flash to HTML5."). The ad tech-related allegations are sparse and conclusory. Indeed, the complaint contains only one conclusory allegation that overlaps with the State Plaintiffs' remaining claims: that "Google has bundled and illegally tied the use of Google's DoubleClick Ad Server with the real-time bids from Google's AdX marketplace" and complained that Google rebranded its DFP ad server and AdX into a single tool called Google Ad Manager. First Am. Compl. at ¶¶ 134, 136, *Inform Inc. v. Google LLC*, No. 19-cv-05362-JPB, ECF No. 35, at ¶¶ 134, 136 (N.D. Ga. Oct. 9, 2020). These allegations are not at all related to the majority of Inform's complaint.

Inform is also different from the other MDL member cases because Inform is neither a Google customer nor a government enforcer. Inform is also not an ad tech competitor. Inform therefore lacks standing to bring any ad tech related claims. With respect to the Ad Server/AdX tying claim, Inform did not use Google's ad server and did not compete with either Google's ad server or ad exchange. Moreover, the two markets in which the Eleventh Circuit found that Inform

---

[1] A more detailed history of the *Inform* action and overview of the complaint can be found in Google's opposition to Inform's request to file a motion to amend, ECF No. 499.

had standing—online advertising and online video advertising—are not pleaded by any other plaintiff in this MDL. Nor does Inform connect "online advertising" and "online video advertising" to any alleged ad tech-related conduct in its complaint. These substantive differences between the *Inform* case and the other MDL member cases make it inappropriate to give Inform access to a vast trove of Google documents just by virtue of association.

*Inform* is in a different procedural posture than the other member cases. Unlike the other MDL plaintiffs, Inform originally filed its case in November 2019 and the Georgia District Court twice dismissed Inform's complaints. As set forth in Google's opposition to Inform's request to file a motion to amend, Inform's latest attempt to save its complaint by tacking on ad tech allegations should be denied because Inform already had ample opportunity to add ad tech-related allegations, another amendment would prejudice Google and waste judicial and party resources, and the amendment would be futile. *See* ECF No. 499.

This stands in stark contrast to the current posture of the other private actions. The motion to dismiss phase in those cases has been on an orderly schedule in this MDL under PTO-3, which allowed the private plaintiffs to amend their complaints following the Court's decision on Google's motion to dismiss the State AGs' complaint. When the Court issued PTO-3, providing procedures for Conforming and Non-Conforming Amendments, most private plaintiffs had not had the opportunity to amend their complaints as of right.[2] And each of the private plaintiffs already had some allegations that tracked those of the States in their initial complaints, so the "Conforming" amendments did not amount to complete transformations of the private cases. By contrast, Inform has already substantively amended its complaint once and did not seriously bring ad tech related allegations in its first two tries. Thus, the motions to dismiss against the other MDL private plaintiffs are different than the motion to dismiss that Google has pending against Inform—where the complaint has already been litigated at length and has a minimal connection to ad tech, at best.

Inform argues that the age of the case is irrelevant and emphasizes the statement in the JPML's transfer order that "[al]though the Inform action is three years old, transfer still is appropriate as the action remains in its infancy." ECF No. 525 at 4 (citing ECF No. 444 at 2). But that is because the *Inform* action has never been able to survive the pleading stage, which is clearly relevant to whether Inform should have access to Google's documents at this juncture.

### III. Discussing Discovery Tailored to the *Inform* Case If and When its Case Moves Forward Will Not Prejudice Inform

Inform cannot be prejudiced by a failure to receive discovery to which it is not entitled. Inform's current complaint does not entitle it to a vast reproduction of Google documents, whether it is dismissed or survives.

---

[2] The Advertiser Plaintiffs' complaint was dismissed once, but with leave to amend. SPX Total Body Fitness also amended its complaint once, to change a plaintiff's name.

April 10, 2023
Page 4

Nor would *Inform* be prejudiced even if it amends its complaint and that amended complaint survives in some form. A hypothetical amended complaint also does not automatically entitle Inform to Google's documents. Any amended complaint may still have little to do with ad tech. To the extent that any allegations in a not-yet-existing complaint survive and relate to the common discovery requests that Google is currently negotiating with the other MDL plaintiffs, Google could reproduce those documents relatively quickly at that time. Moreover, Inform is represented by counsel who already have access to Google's document productions because they also represent the Newspapers. Thus, Inform's counsel are already familiar with Google's document production—they will not need to get up to speed.

Inform invokes "efficiency" to demand that Google immediately re-produce millions of likely irrelevant and unnecessary documents. Inform mischaracterizes Google as engaging in "gamesmanship" and trying to thwart the efficiency of the MDL. ECF No. 525 at 3-4. But Google is only trying to avoid over 2 million of its documents (plus the additional documents Google is producing in response to Plaintiffs' litigation requests for production) gratuitously ending up in the hands of a plaintiff whose case is unlikely to survive past Google's pending motion to dismiss. And the majority of documents in these prior productions are unlikely to be relevant to Inform's case even if it does survive. This considered approach as to what discovery makes sense for what plaintiff—and at what point in the case—is fully consistent with the efficiency goals of an MDL. In fact, the Panel highlighted this important MDL management tool in its order creating this very MDL. *In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1376 (J.P.M.L. 2021) ("[T]he transferee court may account, at his discretion, for any differences among the actions by using appropriate pretrial devices, such as separate tracks for discovery or motion practice.") (internal quotation marks omitted). Even outside the MDL context, "a district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).

Inform also incorrectly claims that "Google is refusing to produce documents to Inform, while at the same time Google is insisting that Inform engage in discovery[.]" ECF No. 525 at 2. Not so. Google has not made any assertions that Inform participate in discovery and has not served any Requests for Production or Interrogatories on Inform. Nor has Google insisted that Inform "be bound by discovery decisions Google finds convenient, including search terms, custodians and data sources currently being negotiated." *Id.* PTO-3 tasked Plaintiffs' Discovery Steering Committee with drafting requests for production that are "common" to all Plaintiffs. ECF No. 311 at 1-2. For a non-common request, Plaintiffs were directed to "apply to the Court for leave to serve a supplemental discovery request that complies with Rule 26 and is non-duplicative of the requests served by the Discovery Steering Committee." *Id.* On a recent meet and confer regarding Requests for Production to Google, Mr. Herman (counsel for both Newspaper Plaintiffs and Inform, and signatory on Inform's letter, ECF No. 525) spoke on behalf of Inform to note that Inform intends to reserve the right to later propose other search terms and custodians separate from the rest of plaintiffs. That procedure applies to all plaintiffs. Mr. Herman's recognition that current negotiations regarding common ad tech discovery requests do not encompass the discovery Inform

would take supports Google's point: Inform is not like the other ad tech cases and need not proceed on the same discovery track.

Google is not suggesting that the parties engage in *uncoordinated* discovery—it is only asking that the parties not engage in *unnecessary* discovery at this juncture. Given the long history of the *Inform* action and its failure to survive the pleading stage so far, it appears unlikely that Inform will get to the point of requiring discovery in this MDL.

### IV.  Conclusion

Google respectfully submits that Inform's request for Google's documents produced in the MDL is unwarranted in light of Google's pending motion to dismiss and the fact that Inform's case has minimal overlap with the other cases in the MDL. Should any part of Inform's complaint survive Google's motion to dismiss, Google and Inform can proceed with discussing discovery on both parties at that time.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Counsel for Defendant Google LLC*

Cc: All Counsel of Record (via CM/ECF)