# Exhibit A

**KOREIN TILLERY**

*Attorneys at Law*

707 Broadway, Suite 1410
San Diego, CA 92101
www.KoreinTillery.com

Walter W. Noss
WNoss@KoreinTillery.com
*p: (619) 625-5620*
*f: (314) 241-3525*

March 28, 2023

Via Electronic Mail

Robert McCallum
Freshfields Bruckhaus Deringer LLP
601 Lexington Ave., 31st Fl.
New York, NY
Rob.McCallum@Freshfields.com

Re:   *In re Google Digital Advertising Antitrust Litigation,*
      No. 1:21-md- 03010 (PKC)

Dear Rob:

Plaintiffs write regarding (1) Google's "Responses and Objections" to Plaintiffs' First Set of Requests for Production of Documents (the "Requests"); (2) February 27, 2023 Letter from Justina Sessions to Walter Noss; and (3) the meet and confer on Friday, March 23, 2023. This letter addresses documents. As Google has indicated that a separate team is handling data, Plaintiffs will send a separate letter regarding data.

Google's Proposal

Plaintiffs understand that Google proposes the following to satisfy its obligations to produce documents in response to the Requests:

- **Prior Production**: Google has already produced approximately 2.25 million documents;
- **Supplemental Production**:
  - **Remainder of DOJ Production**: Google will produce approximately 800,000 documents produced by Google as part of the DOJ ad tech investigation ("Additional Ad Tech Investigation Materials");
  - **New Search**: Google will apply the "Investigation Search Terms[1]" to the 119 "Ad Tech Custodians" for the period January 1, 2013, to January 27, 2023 (excluding search terms related to the Facebook Network Bidding Agreement, as to which discovery has been stayed), and then review for responsiveness; and

---

[1] Google defines this as "the search terms previously negotiated by the DOJ in its ad tech investigation and by the Texas Office of the Attorney General (the "Texas OAG") in its ad tech investigation."

- **Meet and Confer**: Google agrees to meet and confer regarding additional targeted searches for certain of the Requests.

*See* February 27 Letter; Responses and Objections at 17-18. Google refers to the first two main bullet points together as the "Expanded Investigation Materials" (hereinafter, "EIMs"). *See* Responses and Objections at 17-18. Plaintiffs understand the EIMs together with the final bullet point (the additional targeted searches) to be "Google's Proposal."

Plaintiffs' Response

As an initial matter, during the March 23 meet and confer, Google informed Plaintiffs that the approximately 800,000 documents that constitute the "Additional Ad Tech Investigation Materials" had not been produced because of a need to meet and confer over the format of the documents. Plaintiffs accept those documents, as formatted for the DOJ; please produce them forthwith.

Further, Plaintiffs address Google's Proposal by three categories: (1) sources of documents; (2) time period; and (3) search terms.

Sources of Documents

Google's Proposal is deficient, because it does not include as sources of documents centralized storage locations as well as relevant algorithms and source code. Further, Google's Proposal is missing additional relevant individual custodians.

As discussed during the March 23 meet and confer, Google's Proposal does not include documents stored in centralized storage locations, *e.g.*, servers, networks, data stores, etc. Instead, Google's Proposal is limited to searching custodians (all of whom are specific *people*) for relevant documents. Google offers no explanation as to why it is unilaterally excluding sources of documents that contain relevant documents. Plaintiffs request Google search centralized storage locations for relevant documents.

Next, Google refuses to provide any relevant algorithms or source code related to the Ad Tech Products at issue, unless Plaintiffs demonstrate that is both relevant to *and necessary* to prove Plaintiffs' claims. *See, e.g.*, Responses and Objections at 283 ("Absent a showing that source code is relevant…and necessary to prove any of Plaintiffs' claims, Google will not produce…."). There is no requirement that documents be both relevant *and necessary* to prove a claim. Plaintiffs reject Google's effort to graft a "necessary to prove" requirement on to Plaintiffs' Requests.

Google's algorithms and source codes used by its Ad Tech Products in digital ad sales and auctions are clearly relevant to Plaintiffs' claims. The mechanics by which Google manipulates auctions and markets to exclude rivals are, in fact, highly relevant. Plaintiffs are entitled to evaluate Google's relevant algorithms and source codes, including for purposes of assessing its liability and establishing damages.

To the extent that Google's algorithms and source code constitute "extremely sensitive information," the Protective Order allows Google to designate it "Highly Confidential" and provides additional safeguards. *See* ECF No. 297. As you will recall, the Plaintiffs pushed hard for source code provisions in the Protective Order, while Google resisted Plaintiffs' efforts. Plaintiffs pushed for these provisions in the Protective Order precisely because of their relevance to all of Plaintiffs' claims. For these reasons, it should come as no surprise that Plaintiffs have requested source code from Google.

Third, Google's list of Ad Tech Custodians is missing clearly relevant custodians. Plaintiffs will soon provide a list of additional, relevant custodians whose files Google will need to search for relevant documents. Plaintiffs also request that Google meet and confer in good faith to identify additional custodians relevant to plaintiffs' claims in these actions.

### Time Period

Google's Proposal to search for documents from January 1, 2013 to January 27, 2023, is insufficient. Plaintiffs allege Google's anticompetitive conduct traces back to at least its acquisition of DoubleClick in 2007. Plaintiffs allege anticompetitive ties beginning in 2009. Further, Plaintiffs allege Google introduced its Dynamic Allocation process in 2010, while Google claims its development pre-dates Google's acquisition of DoubleClick.[2] Accordingly, Plaintiffs requested documents from January 1, 2007 to the present to provide coverage for time periods in which Plaintiffs allege anticompetitive activity.

Google contends in the February 27 Letter that "certain of the Investigation Search Terms were run for earlier ranges during the investigation, so Plaintiffs already possess documents from those periods." February 27 Letter at 2-3, n.5. While Plaintiffs are willing to negotiate the relevant time period, Plaintiffs need Google to identify the Investigation Search Terms referred to in footnote 5 of the February 27 Letter and the respective "earlier date ranges," so that Plaintiffs may make an informed choice.

### Search Terms

Regarding search terms, Plaintiffs disagree that the Investigation Search Terms are sufficient to search for documents responsive to Plaintiffs' Requests. In fact, Google concedes as much by offering to meet and confer regarding targeted searches for more than 30 specific Requests.[3] And as for the numerous Requests or parts of Requests to which Google improperly

---

[2] *See* "Clearing Up Misconceptions about Google's Ad Tech Business," at 15 https://www.accc.gov.au/system/files/Google%20-%20Report%20from%20Daniel%20Bitton%20and%20Stephen%20Lewis%20%285%20May%202020%29.pdf

[3] Responses and Objections to RFP Nos. 16, 17, 18, 25, 26, 59, 60, 61, 62, 63, 64, 81, 105, 106, 107, 109, 110, 120, 121, 122, 123, 124, 126, 127, 128, 150, 154, 158, 160, 168, 175, 193, 194, 196, 197, 198, 241, 287

asserts it "will not produce" responsive documents[4]—despite their relevance to claims in the operative complaints in these actions—Google's search terms are also deficient with respect to those Requests. Moreover, the Investigation Search Terms do not directly reference many of the allegations in Plaintiffs' recent complaints. Additional search terms are required.

During the March 23 meet and confer, Plaintiffs asked in what search language the Investigation Search Terms were written. Other than responding "English," Google refused to provide this foundational information, absent a written "note" requesting such information. This is the note Google has requested. Please identify the search language. Without this information, Plaintiffs are not able to use, test, assess, or even understand many of the search terms Google provided.

In the meantime, Plaintiffs will propose modifications to the DOJ search terms and additional search terms/strings written generically. Once Google responds regarding search language, Plaintiffs will modify them accordingly.

Plaintiffs object to Google's removal of references to YouTube from the Investigation Search Terms. *See* February 27 Letter at 2 n.2. Contrary to Google's position, YouTube is at issue in a number of actions. Plaintiffs therefore request Google disclose the references to YouTube so that Plaintiffs may evaluate their sufficiency.

Further, Plaintiffs also request Google disclose the "previously negotiated Investigation Search Terms . . . related to the Facebook Network Bidding Agreement" from the February 27 Letter. *Id.* Disclosure of the Facebook terms will facilitate negotiation of search terms if and when the stay of discovery as to the Facebook Network Bidding Agreement ("NBA") is lifted. Plaintiffs further request that Google expressly acknowledge that, if and when the stay is lifted, additional negotiations regarding search terms and sources of documents relevant to Plaintiffs' Request Nos. 231-238 will be necessary.

---

[4] *See, e.g.*, Responses and Objections to RFP Nos. 10, 219, 220, 246, 255, 256, 257, 268, 288, 289, 290, 291, 293, 299; *id.* Objections to Definitions ¶¶ 19, 25, 27, 29, 30.

Additional Dates and Times to Meet and Confer

As discussed during the March 23 meet and confer, Plaintiffs are available to meet and confer regarding documents on Friday, March 31, at 3 p.m. Eastern. Plaintiffs will also be prepared to discuss specific non-data Requests as to which Google requested a general meet and confer.[5]

Sincerely,

*[signature: Walter W. Noss]*

Walter W. Noss

---

[5] Responses and Objections to RFP Nos. 14, 20, 21, 22, 23, 33, 54, 66, 79, 94, 108, 111, 112, 116, 119, 132, 134, 153, 159, 164, 165, 192, 195, 213, 214, 215, 216, 217, 218, 239, 240, 242, 243, 244, 245, 247, 250, 251, 261, 269, 273, 284, 285, 286, 287, 301