# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105

O: (415) 947-2000

JUSTINA K. SESSIONS
Email: jsessions@wsgr.com
Direct dial: (415) 947-2197

April 26, 2023

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of Defendants Google LLC, Alphabet Inc., and YouTube LLC ("Google"), we write in response to Plaintiffs' pre-motion letter seeking to compel production of documents that Google has already agreed to produce, ECF No. 528 ("Ltr."). Plaintiffs' pre-motion letter should be denied as moot because, prior to its filing, Google had already: (1) agreed to produce the documents at issue, (2) instructed its document vendor to prepare the documents at issue for production, and (3) advised Plaintiffs of those facts and provided an estimated time for production that is before the May 30, 2023 deadline for substantial completion of production set by the Court, and well over a year before the close of fact discovery, ECF No. 394 at 2; *Stinson v. City of New York*, No. 10 CIV. 4228 RWS, 2015 WL 4610422, at *3 (S.D.N.Y. July 23, 2015) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot"). No conference is scheduled at this time.

There is no need to compel Google to produce documents that it has already agreed to produce. Nor is there any need for the Court to accelerate the timeline on which Google will produce these documents, as Google anticipates producing them before the deadline for substantial completion of document productions. Google is working diligently to produce these and other documents. The documents at issue are responsive to some of the 301 Requests for Production that Plaintiffs served on the last day they were permitted to do so. After receiving these Requests, among other things, Google needed to conduct a privilege review of the documents at issue in light of the Court's guidance in its Order Regarding Clawback Documents, ECF No. 438. And to comply with a provision that Plaintiffs insisted on including in the ESI Order over Google's objections, Google also met and conferred with Plaintiffs regarding the format of the production. By the time Plaintiffs filed their pre-motion letter seeking production of these documents "without delay," Ltr. at 3, they knew that Google had sent the documents to a vendor for processing and that Google would then promptly produce them before the substantial completion deadline. Plaintiffs appear to take issue with the amount of time that it takes to process

the documents for production, erroneously contending that "Google can just push a button," Ltr. at 3. Preparing these approximately 800,000 documents for production takes processing and quality-control-checking time; however, this process is already underway by Google's document vendor. Google will produce the documents at issue promptly once they are prepared.

These documents are one part of Google's efforts to respond to Plaintiffs' massive discovery demands, and the overall burden on Google is substantial. Contemporaneously with its timely-served Responses and Objections, Google proposed a comprehensive plan to produce documents and data responsive to Plaintiffs' 301 Requests for Production. Among other things, Google proposed to review more than two million documents collected from 119 custodians over a ten year period that are responsive to 80 search strings previously negotiated with Texas and the Department of Justice in their respective investigations. Google also proposed to produce (and has already produced) multiple datasets, including a 24-terabyte dataset reflecting 280 billion bids for U.S. web impressions. Plaintiffs have yet to download or access that dataset. Google is also moving forward with third party discovery, issuing more than 100 third party subpoenas. Google has also produced to Plaintiffs the documents received from over 30 third parties that have produced documents so far. Plaintiffs have yet to issue a single third party subpoena of their own.

Plaintiffs' complaints about the pace at which Google can produce documents are not well-taken in light of their own discovery conduct. The majority of plaintiffs have failed to produce even a single document so far.

- All 17 State Plaintiffs missed the deadline for service of Responses and Objections to Google's discovery requests and then sought a retroactive extension on the basis that they were "confused" about the deadline to respond specified in the Federal Rules of Civil Procedure. None have produced any documents. Nine State Plaintiffs have taken the position that they were not properly served with Google's discovery requests because Texas misrepresented the scope of its authority to accept service on their behalf. As a result, Florida has told Google that it does not intend to be bound by the production deadlines specified by the Court in Pre-Trial Order No. 5. And multiple state agencies subpoenaed by Google have asserted sovereign immunity from all discovery obligations in this MDL.

- The Advertiser Class requested an extension to their deadline to serve Responses and Objections to Google's discovery requests, which Google gave. They have yet to propose any custodians or search terms and have not produced a single document.

- The Newspaper Plaintiffs are the only private plaintiffs to have produced any documents in this case, though only after having twice asked this Court to excuse them from discovery entirely, ECF Nos. 358, 480-1. The Newspaper plaintiffs have yet to propose any search terms or custodians.

- The Publisher Class has also produced no documents. They delayed proposing search terms or custodians until April 7, which was more than a month after their Responses and Objections were due.

- Daily Mail has not produced a single document and has not proposed any custodians or search terms, despite Google requesting those items in a meet and confer over a month ago. Daily Mail also refused to respond to Google's interrogatories until threatened with a motion.

\* \* \*

Plaintiffs' motion should be denied as moot and wasteful of judicial resources because Google has already proposed and agreed to the relief sought by Plaintiffs, *i.e.*, the production of the documents at issue. In light of Google's timely agreement to produce the documents at issue, Google questions the veracity of Plaintiffs' representation to the Court that it "attempted in good faith to obtain from Google the relief sought in this letter without the Court's intervention" but that "[t]hose attempts were unsuccessful." Ltr. at 1, n.1.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

cc: All Counsel of Record (via CM/ECF)