

May 5, 2023

**VIA ECF**
Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
*No. 1:21-md-03010 (PKC)*

Dear Judge Castel:

  We write on behalf of the MDL Plaintiffs in response to the Google Defendants' April 28, 2023, letter motion seeking entry of a proposed Discovery Coordination order (ECF No. 536). Notably, Google's letter suggests that "there are only three areas of dispute" and then asks the Court to rule in favor of its position on each such issue. Those "three areas of dispute," however, are with DOJ—a party not before this Court. The MDL Plaintiffs have their own disputes with Google's proposal.

  The MDL Plaintiffs agree that some level of coordination between this MDL and *United States v. Google LLC*, No. 1:23-cv-00108 (E.D. Va.) ("Virginia Case"), is appropriate, particularly for the sharing of documents and third party discovery. We disagree, however, with Google's proposed coordination concerning depositions. If adopted, Google's proposal would unfairly prejudice the MDL Plaintiffs' ability to develop evidence, including as contemplated by the Court's existing schedule in the MDL, which provides for a June 2024 fact discovery deadline, and as provided under the Federal Rules.

  To provide a telling example, Google has in its possession approximately 800,000 documents relevant to the ad tech stack that it produced to the DOJ at least as early as 2021. Google has resisted MDL Plaintiffs' repeated requests for production of a simple copy of those documents, claiming that it needed months to *re-review* these documents. (ECF No. 529 at 1.) Google now plans to produce those DOJ documents by May 30. Having taken months to purportedly re-review those documents for privilege, Google demands that Plaintiffs review the entire 800,000 documents within the month of June and be ready take depositions in July 2023. Beyond the 800,000 documents, Google still needs to produce hundreds of thousands of documents responsive to Plaintiffs' requests for production, where the parties are still meeting and conferring on search terms and custodians and where Google continues to evade using the same search parameters on its centrally located files. Google is blatantly trying to cram down on the MDL Plaintiffs the Virginia Case's accelerated schedule to unfairly prejudice MDL Plaintiffs ability to take depositions. The Court should reject such gamesmanship.



Honorable P. Kevin Castel<br>
May 5, 2023<br>
Page 2 of 8

## BACKGROUND

While there are substantial similarities between the claims asserted in the Virginia Case and those asserted by the various MDL plaintiff groups, there are also key differences that affect coordination, especially depositions. Unlike the Virginia Case, there are at least five different plaintiffs groups in this MDL, including (a) the MDL State Plaintiffs, (b) the Publisher Class Plaintiffs, (c) the Advertiser Class Plaintiffs, (d) the Daily Mail Plaintiffs, and (e) the Direct Action Newspaper Plaintiffs.[1] These different MDL Plaintiffs groups pursue different theories of liability, seek different damages, and request different injunctive relief than the Virginia Case. Further, some of the MDL actions are class actions.

This Court recognized the complexity of this MDL by setting a significantly longer case schedule here. For example, fact discovery in the Virginia Case closes September 9, 2023; here that deadline is June 24, 2024. The Virginia District Court also recognized the hardship that would result from coordinating discovery between the two cases, finding that "[g]iven the number of plaintiffs involved in the MDL actions, delays from coordination with the MDL would be unavoidable." (Virginia Case, ECF No. 60 at 12.)

Of particular importance to coordinating depositions, the Virginia Case and the MDL are in substantially different postures with respect to document discovery. The Virginia Case followed a 3-plus-year pre-suit investigation by DOJ and its co-plaintiff State AGs. DOJ conducted over 30 depositions as part of that pre-suit investigation. Google also has received DOJ's entire investigative file, including documents produced by many third parties. The MDL Plaintiffs do not have the DOJ's entire investigative file. Pursuant to this Court's May 2, 2023, Order, Google is not required to produce the approximately 800,000 documents that it provided to DOJ to the MDL Plaintiffs until May 30, 2023. (ECF No. 539). MDL Plaintiffs understand those documents were originally produced to DOJ at least as early as 2021.

Moreover, substantial document discovery remains in the MDL. Over a month ago, the MDL Plaintiffs proposed search terms and custodians to Google, which has yet to substantively respond (despite repeated requests). Further, the MDL Plaintiffs have sought to meet and confer with Google regarding the production of algorithms, source code, documents kept in centralized storage locations, and data from various company databases. Google has resisted MDL Plaintiffs

---

[1] In addition, Plaintiff Inform Inc., which filed the first ad tech action in November 2019, was joined into the MDL in February 2023 and Google has continued to try to forestall discovery with respect to Inform. Discovery in the Inform case is stayed until further briefing. Importantly, Google's proposal does not address Plaintiff Inform. So long as discovery as respects Plaintiff Inform is stayed, Inform reserves the right to depose any witnesses, irrespective of whether they have been deposed in the Virginia Case or/and the MDL. Google, the party precluding coordinated discovery by Inform, should be estopped from later asserting that Inform's repeated depositions are "inefficient and manifestly unfair to Google."



to obtain this discovery. Further, unlike the Virginia Case, the pleadings in this MDL are not settled.

Thus, the Virginia case is significantly more advanced than the MDL in terms of discovery and both Google and DOJ are substantially more advanced in their review and understanding of documents than are MDL Plaintiffs—and that's setting aside the lack of production of documents specifically responsive to the MDL Plaintiffs' own requests. Despite this different posture, MDL Plaintiffs agree that some coordination is appropriate, but Google should not be permitted to use the schedule in the faster paced, single-action Virginia matter to upend this Court's schedule in a manner that prejudices the ability of the MDL Plaintiffs to pursue their cases consistent with the Federal Rules.

COORDINATION

<u>Prompt Sharing of All Documents</u>

The MDL Plaintiffs agree that document productions (by parties or third parties) should be shared between the two actions in a timely, coordinated fashion. To this end, any documents or data produced by a party in one action should simultaneously be produced to all parties in the other action, unless there is a pre-existing discovery stay in place. Without delay, Google should also produce to MDL Plaintiffs any documents it received from the Virginia Plaintiffs during their investigations concerning Google's digital advertising business. Regarding third-party productions, any party receiving a third-party production should produce it to all other parties in both actions within 7 days of receipt from the third party.[2] The quick dissemination of documents between the two actions will ensure access by all parties to relevant materials and avoid unnecessary delays.[3]

<u>Google's Deposition Proposal Would Unfairly Prejudice MDL Plaintiffs</u>

Google's proposal for coordination of depositions for Google witnesses would significantly prejudice the MDL Plaintiffs' ability to develop the record in support of their claims. As noted above, the MDL Plaintiffs are substantially behind the Virginia Case in terms of document discovery and case development, *e.g.*, settling the pleadings. Google is nevertheless attempting to force the MDL Plaintiffs into a "use or lose" approach for depositions. Google

---

[2] Notably, this should include Meta, to the extent they have produced documents as a third party in the Virginia Case. The fact that Meta is also a defendant in the MDL should not afford them special treatment and act as a shield to the sharing of third-party discovery.

[3] The receiving party also should inform the third party that its documents will be subject to two separate protective orders. And, to the extent any third party may desire different protections than are called for by the respective protective orders, those issues can be resolved directly with the third parties. Alternatively, the third parties could elect between the two protective orders for the handling of their confidential information, which obligations would then be followed by all parties receiving those documents.



seeks to replace this Court's discovery schedule with the Virginia Case's schedule for at least 10 key Google witnesses (the number of party depositions of Google DOJ gets to take in the Virginia Case), truncating MDL Plaintiffs' ability to develop the record they need to prove their claims.

In furtherance of this "squeeze" strategy, Google is delaying its production of documents responsive to MDL Plaintiffs' requests for production.  On one hand, Google asserts in its Letter (at 6-7) that the MDL Plaintiffs have ample time to prepare for depositions in the Virginia Case.  On the other hand, Google does not intend to produce any documents responsive to Plaintiffs' Rule 34 requests (or the 800,000 documents already in DOJ's hands for years) until the end of May.  And it has become abundantly clear that Google will not produce documents responsive to MDL Plaintiffs' proposed search and additional custodians until at least this summer, if at all.

Nevertheless, Google expects MDL Plaintiffs to participate in depositions between July and September 2023, or be forced to repeatedly ask this Court to reopen depositions under a good cause standard.  But Google cannot expect the MDL Plaintiffs to adequately prepare for the depositions of Google witnesses based on an incomplete record lacking *both* 800,000 (still unproduced) DOJ documents and *any* documents responsive to our own specific search terms applied to both custodians and centrally stored documents.  Google's approach does not give the MDL Plaintiffs a fair opportunity to develop the discovery necessary to meaningfully participate in the impending depositions in the Virginia Case—neither to choose which witnesses we might wish to cross notice (or else lose the right to examine ourselves under Google's proposal) or to prepare for and engage in such an examination.  The MDL Plaintiffs should not be forced to depose the ten Google witnesses that DOJ notices on an incomplete or substantially delayed record.

Google's only other point (at 7) invokes its tired rhetoric that the MDL Plaintiffs' disagreements with its coordination proposal are "a problem of their own making."  That is plainly incorrect.  Discovery in this MDL did not start until November 2022. ECF No. 4 at ¶ 10.  Google contends that MDL Plaintiffs should have served their requests sooner.  But Google omits from its Letter a material part of the September 24, 2021, conference transcript where this Court made explicit that it "didn't give [the MDL Plaintiffs] permission to serve Rule 34 demand."  ECF No. 142 at 33:18-19.  Ultimately, Plaintiffs served their discovery requests on the same day as Google, within the schedule contemplated and applicable to the parties in this MDL.

Google tried and failed to consolidate the ad-tech actions in this Court.  Now, as consolation, Google seeks to use the Virginia Case's accelerated process to impede MDL Plaintiffs' discovery of the facts.  Hence, Google has proposed effectively to shorten the time for critical deposition discovery in this case by 9 months, to match when fact discovery closes in the Virginia Case.  But these MDL claims are too important to be hurriedly litigated (particularly when the MDL plaintiff groups themselves already have to coordinate their efforts within this MDL), as Google's preferred coordination order proposes.


Honorable P. Kevin Castel
May 5, 2023
Page 5 of 8

    Moreover, Google's proposal is not the system envisioned by the Federal Rules or Congress. Coordination under Google's terms would take advantage of DOJ's right not to have its antitrust action transferred as part of an MDL under 28 U.S.C. § 1407(g) and subvert the purpose of the statute. Congress recognized that keeping DOJ's cases separate from related MDLs "may occasionally burden defendants because they may have to answer similar questions posed by both the Government and by private parties." Mem. Op., EDVA Action, Dkt. 60, at 9 (quoting legislative history of § 1407(g)). In recognition of that principle, and to prevent prejudice to the MDL Plaintiffs, the Court should reject Google's coordination proposal.

<u>Coordination Should Include the Right to Question in All Depositions</u>

    While reserving for itself the right to always question witnesses, Google's proposal also would preclude MDL Plaintiffs from asking any questions at depositions in the Virginia Case absent a cross-notice and a showing of good cause to reopen the deposition. Google's proposal to bar the questioning of witnesses does not advance coordination and runs roughshod over the Federal Rules and this Court's existing discovery schedule. In stark contrast, the DOJ's proposal advances all parties' interests in developing a complete factual record.

    DOJ's proposal allows non-noticing parties (in either action) one hour to question witnesses. Allowing an hour for non-noticing parties (in either action) to question witnesses best advances the coordination of discovery and the truth-seeking function of litigation. One hour provides time to ask reasonable follow-up and clarifying questions while the witness is present and without converting the deposition into a two-day affair. This procedure also alleviates some of the imbalance created by document discovery being at different stages in the two litigations.

    Google's complaint that the Court's deposition limits do not contemplate allowing non-noticing parties a limited time to question witnesses misses the point. While the Court has set an initial limit of 15 depositions <u>per side</u> in the MDL, the Court recognized each side's ability to seek leave from the Court for additional depositions. Given there are over five different plaintiff groups in the MDL, which have different theories of relief, different damages and different procedural predicates (*e.g.*, class/non-class), it is not feasible that 15 depositions per side will be sufficient in the MDL.[4] By allowing an hour for non-noticing parties to question witnesses, the Court will avoid unnecessary motion practice about re-opening depositions.

    Google further complains that allowing non-noticing parties an hour to question witnesses would cause unfairness because it would be forced to share time with others. But the solution to this problem is not to forbid non-noticing parties from asking questions. Revisiting the time allocation makes more sense.

---

[4] In the Virginia Case, the parties were granted 10 party depositions and 20 non-party depositions. Virginia Case, ECF No. 94 at ¶7, ECF No. 87 at 3.



Honorable P. Kevin Castel
May 5, 2023
Page 6 of 8

Deposing Witnesses Previously Deposed in the Virginia Case

As noted above, Google proposes that the MDL Plaintiffs be prohibited, absent good cause, from deposing a witness deposed in the Virginia Case where Plaintiffs have not cross-noticed the deposition. Where MDL Plaintiffs are prepared to cross-notice a witness, we agree that such an approach makes sense as the deposition will have been taken in our case and thus should count as the witness having given their deposition for this action, with good cause needed to re-depose such person.

The MDL Plaintiffs, however, are not prepared to cross-notice or question all witnesses in the Virginia case or even to be able to choose which witnesses to cross-notice. Google's deposition protocol would enable Google to suppress evidence that the MDL Plaintiffs could otherwise establish from such witnesses through questioning after proper examination of documents under this Court's schedule for the MDL. A significant understanding of the documents—which the MDL Plaintiffs will not have for weeks or months—is necessary to both choosing witnesses to notice and preparing questions for those witnesses.

Instead, any coordination order should permit the MDL Plaintiffs to depose, in the MDL, any Google witness not previously deposed pursuant to a notice issued in the MDL (including a cross-notice issued in this MDL following a notice by DOJ in the Virginia Case). With respect to such a deposition, MDL Plaintiffs commit not to ask duplicative questions beyond those needed to establish a foundation upon which to ask new questions. In short, MDL Plaintiffs should not be prohibited from separately deposing Google witnesses noticed in the Virginia Case. *See, e.g.*, *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-07789-LGS (S.D.N.Y.), ECF No. 1251 at 8 (" In light of the timing of their receipt of discovery in their action, the *Allianz* plaintiffs do not bear the burden of demonstrating good cause with respect to any deposition taken in another Action prior to December 31, 2019. For such depositions, the burden shall instead be on the party opposing the deposition to demonstrate that the deposition would be unreasonably cumulative or duplicative under the standards of the Federal Rules of Civil Procedure.")

Third-Party Depositions

The MDL Plaintiffs agree that coordination where possible will help reduce the burdens on third parties. To achieve this goal, the MDL Plaintiffs need both a fair opportunity to determine whether to cross-notice third-party witnesses and to prepare for the deposition. This starts with allowing the MDL Plaintiffs to participate in the meet and confers with third parties both for determining the scope of the third-party's document and data productions and for determining the witness(es) to be produced for deposition. In fact, the MDL Plaintiffs wrote to Google to informing them that MDL Plaintiffs intended to subpoena the same third parties and requested to participate in the meets and confers those third parties have with Google. Contrary to its claimed reasoning behind its proposal, Google rejected this reasonable request that would clearly advance coordination on third-party discovery.



The MDL Plaintiffs would be ready to participate in a third party's deposition within 30 days of receiving both the third party's documents and a representation from the third party that its production is substantially complete. The MDL Plaintiffs would be ready to decide whether to cross-notice a third party noticed for deposition within 21 days of the documents and representation. MDL Plaintiffs' approach in this regard will ensure a timely opportunity to review documents and make a meaningful decision while seeking to coordinate with an action that is substantially ahead of them.

Time Allocation for Google Depositions

Regarding time allocation for Google Depositions, the MDL Plaintiffs agree with DOJ's proposal with two exceptions. To the extent that DOJ, Meta, and MDL Plaintiffs all notice the same Google Deposition, MDL Plaintiffs propose that each party should have five hours to examine the witnesses. Where both MDL Plaintiffs and Meta notice a Google Deposition, then the MDL Plaintiffs and Meta should each have 6 hours to examine the witness and one hour should be available for non-noticing parties to examine the witness.

Use of Discovery Produced After Fact Discovery Closes

MDL Plaintiffs take no position on how fact discovery produced in the MDL after the close of fact discovery in the Virginia Action is used in the Virginia Action, MDL Plaintiffs note, however, that Google argues its position will "advance the truth-seeking function of litigation." ECF No. 536. Google's statement contrasts with its transparent efforts to bar questioning of witnesses and force MDL Plaintiffs into depositions without adequate documents.

Expert Discovery

Google defers for a later date whether expert discovery in the Virginia Case should be shared in the MDL Action. Like its conduct in the ad-tech stack, Google's proposal tilts the field in its favor. Google proposes a meet and confer 90 days before Google's reports are due—not 90 days before the MDL Plaintiffs' reports are due. The obvious intent of such a proposal is to deprive the MDL Plaintiffs of access to expert discovery in the Virginia Case, to which Google will already have access. That would essentially allow Google a free option as to whether to use that discovery or not and take inconsistent positions across actions. But discovery is based on fairness, not advantaging only one party. The expert discovery in the Virginia Case promises to be relevant to the MDL Plaintiffs claims and should be produced as it occurs.



## CONCLUSION

For the foregoing reasons, the Court should reject Google's proposed coordination order. Plaintiffs are prepared to negotiate with Google and DOJ specific language of a coordination order consistent with the above positions and to conclude such negotiations within one week.

Respectfully,

/s/ Philip Korologos
Philip Korologos

Copy to:  All Counsel via ECF