**Freshfields Bruckhaus Deringer US LLP**

<u>Via ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T +1 202 777 4500 (Switchboard)
   +1 202 777 4545 (Direct)
F +1 202 507 5945
E eric.mahr@freshfields.com
www.freshfields.com

May 15, 2023

**Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)**

Dear Judge Castel:

On behalf of Defendants Alphabet Inc., Google, LLC, and YouTube, LLC ("Google"), we write further to the Court's Order dated May 9, 2023 concerning coordination between this MDL and a case involving similar facts pending in the Eastern District of Virginia (the "Virginia Case").[1] *See* MDL Dkt. 543. As the Court has invited "[a]ny party wishing to propose an Order [to] do so by May 15, 2023 at 5 pm," *id.* at 2, Google respectfully requests that the Court enter the proposed Order Regarding Coordination of Discovery ("Coordination Order") attached hereto as Exhibit A. There is a conference scheduled at 2 pm tomorrow to address this issue.

In a joint motion filed in the Virginia Case on April 3, 2023, Google and the U.S. Department of Justice and its 17 co-plaintiff states (the "Virginia Plaintiffs") committed to meet and confer regarding "how to coordinate this action and the related actions now pending in the U.S. District Court for the Southern District of New York," "mak[e] good faith efforts to complete a meet and confer process with the parties in the MDL," and present their positions to this Court and the Virginia court by April 28, 2023. EDVA Dkt. 96 ¶ 5.[2] The meet and confer process began on April 14, 2023, when Google circulated an initial draft of a coordination order to Virginia Plaintiffs, Meta Platforms Inc. ("Meta"), and MDL Plaintiffs. On April 28, 2023, Meta proposed additional language to include in a coordination order, *see* MDL Dkt. 536, at 8; MDL Dkt. 536-4,

---

[1] *United States, et al. v. Google LLC*, No. 1:23-cv-00108 (E.D.Va.). Docket entries in the MDL are referred to as "MDL Dkt." and docket entries in the Virginia Case are referred to as "EDVA Dkt."

[2] Virginia Plaintiffs insisted on this agreement as a condition of stipulating to the Protective Order in the Virginia Case.

May 15, 2023
Page 2

but as of 4 pm today, MDL Plaintiffs have not offered any draft language to implement their positions.

On April 28, 2023, Google submitted a proposed coordination order to this Court and the Virginia court. MDL Dkt. 536, EDVA Dkt. 165. That proposed order reflected broad agreement between Google and the Virginia Plaintiffs, but three main areas of disagreement between them remained. On May 10, 2023, Magistrate Judge Anderson entered an Order addressing those areas of disagreement. *See* EVDA Dkt. 201 (attached hereto as Exhibit B).

Google and Virginia Plaintiffs then promptly met, conferred, and agreed on language that would implement Magistrate Judge Anderson's rulings and incorporate nearly all aspects of Meta's April 28 proposal. *See* MDL Dkt. 536-3, 536-4. That language is reflected in the Coordination Order attached hereto as Exhibit A.[3]

After reaching agreement with Virginia Plaintiffs, Google provided the Coordination Order to Meta and invited Meta to propose additional language to address any remaining concerns. On May 15, 2023, Meta explained that it could not support entry of the Coordination Order without language that (1) proposes a short timeline for Meta to receive Shared Discovery after the NBA stay is lifted; and (2) makes clear that Meta would not be precluded from re-deposing witnesses who are deposed while the NBA stay was in place, in the event the NBA stay is lifted. Meta did not suggest language that would address its concerns, and Google and Virginia Plaintiffs did not have enough time before 5 pm today to continue negotiations with Meta.

In short, Google has been attempting to present an agreed Coordination Order for over a month. Tremendous progress has been made in resolving disputes with Virginia Plaintiffs and narrowing issues with Meta. Further progress has been hampered by the lack of any concrete proposals from MDL Plaintiffs, and delaying entry of the Coordination Order would risk losing or diminishing the benefits of coordination, including more efficient discovery in this MDL and the Virginia Case and protecting non-parties.[4]

Respectfully submitted,

*/s/* Eric Mahr
Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP

---

[3] The only substantive provision from Meta's April 28 proposal that Google and Virginia Plaintiffs did not agree to include was the first sentence from footnote 1, which states that "[a]ll Shared Discovery will be shared with Meta no later than three (3) days after the NBA Stay is lifted." *See* MDL Dkt. 536-4, at 7 n.1. That sentence fails to specify which party or parties would be responsible for providing which Shared Discovery to Meta, and it does not provide enough time for any party to make the required productions.

[4] The Coordination Order would not take effect unless entered by this Court and the Virginia Court. *See* Ex. A ¶ 10.

May 15, 2023<br>Page 3

700 13th Street, NW  
10th Floor  
Washington, DC 20005  
Telephone: (202) 777-4545  
Email: eric.mahr@freshfields.com

Justina K. Sessions  
WILSON SONSINI GOODRICH & ROSATI  
Professional Corporation  
One Market Plaza  
Spear Tower, Suite 3300  
San Francisco, California 94105  
Telephone: (415) 947-2197  
Email: jsessions@wsgr.com

*Counsel for Defendant Google LLC*

CC: All Counsel of Record (via ECF)