

May 15, 2023

**<u>VIA ECF</u>**
Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
*No. 1:21-md-03010 (PKC)*

Dear Judge Castel:

I write on behalf of the MDL Plaintiffs pursuant to the Court's May 9, 2023, Order (ECF No. 543 at 2), allowing parties to propose an Order concerning discovery coordination between this MDL and *United States v. Google LLC*, No. 1:23-cv-00108 (E.D. Va.) (the "Virginia Case") in advance of the conference scheduled for May 16, 2023, at 2:00 p.m.  Attached as Exhibit A is MDL Plaintiffs' [Proposed] Pre-Trial Order No. 7 ("Proposed PTO 7").

MDL Plaintiffs' Proposed PTO 7 provides basic coordination of document discovery and depositions between this MDL and the Virginia Case, preserves this Court's schedule, does not interfere with the Virginia Case's schedule, and protects the parties' rights under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

<u>Sharing of Document Discovery</u>

Proposed PTO 7 requires parties to the MDL to exchange promptly between both actions documents produced or received in the respective actions.  Quick dissemination of documents between the two actions is essential to any coordination between the actions.  Without timely access to relevant documents, MDL Plaintiffs cannot meaningfully participate in any depositions during the pendency of fact discovery in the Virginia Case.  *See* MDL Plaintiffs' May 5, 2023 Letter, ECF No. 542 at 1-2 (the "MDL Plaintiffs' May 5 Letter") (outlining the substantial differences between the schedules and the status of document productions as between the two cases).

<u>Deposition Coordination</u>

Since this Court's May 9 Order, the Eastern District of Virginia ruled that MDL Plaintiffs must issue a cross-notice to ask any questions in a deposition noticed in the Virginia Case. Virginia Case, ECF No. 201 at 2-3.  Given that we will thus not be permitted to examine such witnesses, any use of such a deposition in the MDL should be governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence and not treated, as Google proposes, as though the deposition were taken in the MDL.  Google's proposal would prejudice the MDL Plaintiffs who would otherwise be forced either to issue a cross-notice for deposition despite not being in a reasonable position to choose whether to do so (and not being in a reasonable position



to engage in a meaningful examination) given the differing schedule and differing timing of document productions in this MDL (*see* MDL Plaintiffs' May 15 Letter at 3-4) or to have a transcript of the deposition used in this proceeding in a manner contrary to established rules governing depositions taken in other matters (*e.g.*, Fed. R. Evid. 804, Fed. R. Civ. P. 32).

Proposed PTO 7 instead applies those well-established Rules and would provide for deposition coordination that allows the parties in the MDL to develop their evidence in accordance with the MDL's schedule while not interfering with the Virginia Case. (Proposed PTO 7 at ¶ 3.) It further provides that MDL Plaintiffs shall be able to notice in the MDL the deposition of a current or former employee or 30(b)(6) designee of Google (a "Google Deposition") who was not previously deposed in the MDL either by notice, or cross notice of a deposition taken in the Virginia Case of such witness. (*Id.*) As explained in MDL Plaintiffs' May 5 Letter, Google should not be permitted to use the Virginia Case's accelerated schedule to prejudice MDL Plaintiffs' deposition discovery in the MDL whether by foreclosing MDL Plaintiffs' ability to depose witnesses also deposed in the other action or by permitting Google to use the transcript of such a deposition in a manner inconsistent with established Rules of Evidence and Procedure. ECF No. 542 at 3-4.

For nonparty depositions, Proposed PTO 7 seeks to reduce the burden on nonparties by requiring MDL Plaintiffs to participate in those depositions where certain pre-conditions are met. Those preconditions are designed to ensure substantial completion of production of documents both from the nonparty associated with the witness and from Google concerning the nonparty sufficiently in advance of the deposition that MDL Plaintiffs can choose whether to participate, and can prepare to participate, by cross-noticing the deposition in the Virginia Case. (Proposed PTO 7 at ¶ 3(e)(ii); *see* ECF No. 542 at 6.) If those pre-conditions are not met, then MDL Plaintiffs can notice in the MDL the deposition of such a witness during fact discovery in the MDL. This provision fairly balances the burdens on nonparties with MDL Plaintiffs' rights to develop evidence consistent with the Federal Rules and the MDL schedule.

For the above reasons and the reasons set forth in MDL Plaintiffs' May 5 letter, we respectfully request that the Court enter the Proposed PTO 7.

Respectfully submitted,

/s/ Philip Korologos
Philip Korologos

Copy to:   All Counsel via ECF
           Counsel for U.S.D.O.J in
             *United States v. Google* (E.D. Va.)
             via Electronic Mail