# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Civil Action No. 1:21-md-03010-PKC |

**[PROPOSED] PRE-TRIAL ORDER NO. 7**

1.  <u>Applicability</u>.  This Order governs discovery in *In Re Google Digital Advertising Antitrust Litig.*, 1:21-md-03010-PKC (S.D.N.Y.) (the "MDL"), in relation to *United States v. Google*, LLC, No. 1:23-cv-00108-LMB-JFA (E.D. Va.) (the "Virginia Case").

2.  <u>Sharing of Document Discovery</u>.  All documents, data, transcripts, and related privilege and redaction logs (including expert reports and related materials) produced or received in the Virginia Case will be produced promptly in the MDL.  All documents, data, transcripts, and related privilege and redaction logs (including expert reports and related materials) produced or received in the MDL will be produced promptly in the Virginia Case.  Documents, data, or transcripts so produced shall be governed by the Confidentiality Order governing the case where the documents, data, or transcripts are first produced.

3.  <u>Deposition Coordination</u>.[1]

    a.  The parties in the MDL shall provide a copy of any deposition notice served in the MDL to the parties in the Virginia Case within one business day.  Google

---

[1] These provisions shall not apply to restrict any MDL Plaintiff as to whom discovery is presently stayed from noticing and taking depositions and obtaining discovery once the stay is lifted.

1

shall provide a copy of any notice it serves or receives in the Virginia Case to all parties in the MDL within one business day.

      b.     If a party in the MDL wishes to cross-notice a deposition noticed either in the MDL or in the Virginia Case, it must do so within five business days after receiving the notice for that deposition.

      c.     A deposition taken in the MDL as a result of a notice of deposition, or as a result of a cross-notice of deposition first noticed in the Virginia Case, shall count against that party's deposition limit in the MDL.

      d.     Considering the different discovery schedules and status of document productions between the MDL and the Virginia Case and notwithstanding Paragraph 6.7 of Pre-Trial Order #5 (Doc. 394 at 3), the ability to compel a witness, who was previously deposed in the Virginia Case, to sit for a second deposition in the MDL will be handled as follows:

          i.     With respect to a "Google Deposition", *i.e.*, the deposition of a current or former employee of Google or of a Google designee under Rule 30(b)(6), MDL Plaintiffs shall be entitled in the MDL separately to depose the witness who was previously deposed in the Virginia Case, provided that MDL Plaintiffs did not previously cross-notice the deposition of such witness.

          ii.     With respect to nonparty depositions, the MDL Plaintiffs bear the burden of demonstrating good cause to depose a nonparty previously deposed in the Virginia Case if, 30 days prior to the date of the nonparty deposition in the Virginia Case, MDL Plaintiffs have been provided: (1) the documents from the nonparty associated with the witness sought to be deposed and from Google

3

concerning such nonparty; (2) a representation from the nonparty that its production is substantially complete; and (3) a representation from Google that Google's document production relevant to the nonparty is complete. Otherwise, MDL Plaintiffs shall have the right to depose the nonparty in the MDL separately from the deposition in the Virginia Case.

    e.       The right and ability to use in the MDL a deposition taken in the Virginia Case for which no MDL party issued a cross-notice shall be governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, including without limitation, Fed. R. Civ. P. 32 and Fed. R. Evid. 804.

IT IS HEREBY SO ORDERED this_____day of_____, 2023.