

June 2, 2023

<u>VIA ECF</u>
Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

<i>In re Google Digital Advertising Antitrust Litigation</i><br>
<i>No. 1:21-md-03010 (PKC)</i>

Dear Judge Castel:

  I write on behalf of Plaintiffs in the above-captioned action to update the Court on search terms and related discovery discussions with Google since the May 16, 2023, status conference. No conference is scheduled at this time.

  At the May 16th conference, the Court directed the parties to "get this done" and noted the incentives for both sides to reach agreement on search terms and custodians for Google's document production. 5/16/23 Hr'g Tr. at 28-30. To that end, the parties met for a full day in person on May 18th, for a half day via video conference on May 25th, and again for over an hour via video conference on June 1st. While the parties' negotiations have been very productive, significant work remains.

  The full-day meeting on May 18th focused on plaintiffs' proposed search terms and the related issues of custodians and centrally-stored documents. Plaintiffs addressed a subset of the disputed search terms they prioritized and proposed methods of narrowing the applicable strings for those searches. Plaintiffs committed to further narrow unresolved search terms while Google committed to provide hit counts for revised strings, including unique hit counts. Plaintiffs also solicited Google's view on whether a word or phrase appeared to be driving an inordinate number of hits.

  As to additional custodians, Plaintiffs collectively prioritized 19. Google agreed to add four of those 19 while also offering four from Plaintiffs' original list as well as nine whom Plaintiffs had not requested but who are custodians in the DOJ action. Google asserted Plaintiffs' remaining custodians were duplicative of others. Plaintiff requested Google provide information on corporate structure, such as organizational charts, to help evaluate Google's claim of redundancy. Although Google asserted that information about positions held by custodians and time frames for those positions exists, Google has not yet provided Plaintiffs such information.

  Google generally indicated at the May 18th session that it would include centrally-stored locations in its search for documents and agreed to provide in writing its specific position on such locations and how the searches of those locations would occur. Plaintiffs have not yet received that specific information. Yesterday, Google informed us that it



expects to provide that information on June 5th in advance of our next scheduled meet and confer on June 8th.

On May 19th, Plaintiffs provided 58 revised search terms to Google and confirmed their withdrawal of 29 others. Plaintiffs added two search terms as a result of breaking two existing search terms apart to isolate specific categories of documents. Plaintiffs did not revise 42 search terms, as 32 of them generated fewer than 15,000 non-unique hits, and Plaintiffs regard the remaining 10 terms as important and refrained from revising them before receiving unique hit counts.

At the parties' May 25th meeting, Google said it had been unable to provide gross and unique hit counts in advance of the session because of technical difficulties gathering such information. Google did, however, agree to 13 of Plaintiffs' priority search terms and provided non-unique hit counts for the remaining priority search terms. The parties continued their discussion of plaintiffs' priority search terms. Plaintiffs were not inclined to make further revisions without being able to evaluate Google's unique hit counts and the requested information concerning whether a word or phrase was responsible for an inordinate number of hits.

The parties on May 25th also again discussed custodians and centrally stored documents. Plaintiffs committed to provide additional information about why Plaintiffs' priority custodians were non-duplicative and/or otherwise appropriate to include, and we provided this information to Google on May 31st. Google had not disclosed locations or how it intends to search centrally stored documents but indicated that it expected to provide that information prior to a June 1st meet and confer.

As of the June 1st meeting, Google still had not provided unique hit counts, again citing technical reasons. Google also did not provide specifics regarding its plans to search centrally-stored documents. Google indicated it would provide both of these sets of information on June 5th and anticipated being able to provide its position on including defendant YouTube in its search strings at approximately the same time, or at least in advance of the next meet and confer. . The parties agreed to meet and confer again on June 8th.

                                        Respectfully,

                                        /s/ Philip Korologos

                                        Philip Korologos

Copy to:  All Counsel via ECF