

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
O: (415) 947-2000

JUSTINA K. SESSIONS
Email: jsessions@wsgr.com
Direct dial: (415) 947-2197

June 8, 2023

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Google"), we write further to the May 16, 2023 conference and in response to Plaintiffs' status report regarding search terms dated June 2, 2023, ECF No. 565. No conference is scheduled at this time.

Plaintiffs' Discovery Steering Committee is not doing its job.[1] At the first pre-trial conference on September 24, 2021, the Court stated its expectation that the Plaintiffs would need to "speak with approximately one voice on issues," Sept. 24, 2021 Tr. 33:2. In Pre-Trial Order No. 3, the Court directed the formation of a Discovery Steering Committee which was charged with drafting a common set of discovery requests. ECF No. 311. The Order provided that any Plaintiff could seek leave of the court to file supplemental, non-duplicative discovery requests. *Id*. Despite that instruction, Plaintiffs' 301 Requests for Production were far from "common" to all Plaintiffs.[2] All told, over 50 of the Requests were tailored to the specific interests of a particular subset of Plaintiffs, and Google preserved its objections accordingly.

---

[1] On Monday, the Judicial Panel on Multidistrict Litigation Ordered that the State Plaintiffs' case be remanded to the Eastern District of Texas. *In re Google Dig. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L), ECF No. 250. As a result, two of the five members of the Discovery Steering Committee charged with coordinating discovery on behalf of the broader Plaintiff group are no longer part of this MDL. State Plaintiffs have taken the position that, despite the remand, they should be able to participate in MDL discovery discussions and receive the benefit of MDL discovery, while at the same time seeking a March 2024 trial date in the Eastern District of Texas—months before MDL fact discovery ends on June 28, 2024. *Compare* ECF No. 394, ¶ 5, *with Texas v. Google*, No. 4:20-cv-00957-SDJ (E.D. Tex.), ECF No. 146. The Discovery Steering Committee was not coordinating effectively even before these recent developments.

[2] For example, Requests 284-293 expressly relate to documents concerning Individual Action Plaintiffs (including Daily Mail); Requests 294-297 relate to arbitration agreement issues specific to the Advertisers; Requests 213-220,

WILSON SONSINI

June 8, 2023
Page 2

The failure of the Discovery Steering Committee has now infected the negotiation of search terms and custodians. It is Plaintiffs' responsibility to negotiate among themselves, prioritize their search term and custodian requests, and present a common set of counterproposals to Google. Google also made this express request at the outset of negotiations. Instead, the broader Plaintiff group has presented their "priority" custodians and search terms while the Daily Mail has, separately, presented another set of "priority" search terms and custodians. And counsel to Plaintiffs in the *Inform* case recently told Google that it can soon expect to receive another *Inform*-specific set of "priority" custodians and search terms.

Notwithstanding Plaintiffs' failure to coordinate, Google has continued to negotiate in good faith. In its Discovery Proposal, Google proposed to apply 80 extremely broad strings across the files of 119 custodians covering a ten-year period, *see* ECF No. 550-1. Since then, Google has agreed to 23 additional search strings proposed by the Department of Justice in the parallel proceedings in the Eastern District of Virginia and told Plaintiffs in this MDL that they, too, would receive the benefit of those agreed search strings. Google has also agreed to three further tranches of searches proposed by Plaintiffs in this MDL—comprising an additional 92 individual search strings—bringing the total number of agreed search strings to nearly 200.

Google has already gone above and beyond to meet its discovery obligations. Last week, Google produced more than one million additional documents and approximately 80 terabytes of data in advance of the May 30 deadline for substantial completion of production. This production is in addition to the approximately 2.25 million documents Plaintiffs have had since March 7, 2022. Meanwhile, the review population continues to expand with every incremental custodian and search term. Indeed, Google is currently reviewing a substantial population of additional documents for further responsive material, applying nearly 200 search strings to a growing list of more than 130 custodians.

On May 18, Google agreed to conditionally add seven custodians proposed by Plaintiffs (and identified nine others that Google was adding in agreement with the Department of Justice in the Eastern District of Virginia). Last week, Plaintiffs designated *another* six custodians as "priority" custodians, with no explanation as to why they were not previously identified as such. If Google agrees to further custodians without conditions, we expect that Plaintiffs will respond by identifying further "priority" custodians. These sort of bait-and-switch tactics are inconsistent with the Court's guidance that the parties should not pursue "delay and volume for the sake of a lodestar," nor should they pursue discovery "based on ballooning numbers for the sake of ballooning numbers," May 16, 2023 Tr. at 29:13-21. As a result, we have requested that Plaintiffs coordinate among themselves to present Google with one custodian proposal on behalf of all remaining Plaintiffs. During a meet and confer today, Plaintiffs agreed to provide such a list.

As for search terms, at the meet and confer on May 18 Google proposed a practical solution to bring this negotiation to a close without the need for judicial intervention: Plaintiffs should coordinate among themselves to choose a limited number of additional search strings capped by

---

257, 268, and 278 concern the search ranking claim brought only by Daily Mail; and Requests 182-190 relate to Publishers' Search+ claim.

reference to search hit results.  Plaintiffs have objected to Google's practical proposal on the basis that different subsets of Plaintiffs have different interests, and that it is premature.

But Plaintiffs' objections prove Google's point.  It is neither efficient nor fair, nor in line with Your Honor's guidance, to require Google to continue to negotiate custodians and search terms with one set of Plaintiffs only to have separate sets of Plaintiffs—each with their different interests—then demand even more search terms and more custodians, all in service of supposedly common requests.  And there is nothing premature about Google's proposal in light of its agreement to run 92 of Plaintiffs' additional search strings (for a total of 195) following extensive negotiations.

On Monday, Google provided Plaintiffs with another round of revised search hits. Yesterday, Google requested that the Discovery Steering Committee prioritize Plaintiffs' requests and provide Google with their coordinated list of common search term requests[3] (subject to a limit of 100,000 additional documents post-de-duplication) so that this negotiation can be concluded.

Today, Plaintiffs indicated that they would provide another search term counterproposal. Google will consider that counterproposal, but at some point in the near future the parties will need to figure out a way to efficiently resolve any outstanding disputes.  Google expects that its allocation-based proposal will be the best way forward because Plaintiffs' proposal will require the Court to adjudicate the search strings that remain in dispute in light of the millions of documents that Google has already produced and is continuing to review.  Google's proposal, on the other hand, would allow Plaintiffs to select those search strings that they consider relevant (up to a limit).

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

---

[3] To the extent that any subset of Plaintiffs feels as though the Discovery Steering Committee has not appropriately addressed their interests, they may bring that issue to the Court's attention according to the procedure for non-common discovery requests that the Court articulated in Pre-Trial Order No. 3, ECF No. 311 ¶ 3.

WILSON SONSINI

June 8, 2023
Page 4

                    Eric Mahr
                    FRESHFIELDS BRUCKHAUS
                    DERINGER US LLP
                    700 13th Street, NW
                    10th Floor
                    Washington, DC 20005
                    Telephone: (202) 777-4545
                    Email: eric.mahr@freshfields.com

                    *Counsel for Defendants Google LLC,*
                    *Alphabet Inc., and YouTube, LLC*

cc: All Counsel of Record (via CM/ECF)