

<table>
</table>

| | |
|---|---|
| **Via ECF** | **Washington** |
| | 700 13th Street, NW |
| | 10th Floor |
| | Washington, DC 20005-3960 |
| The Honorable P. Kevin Castel | T +1 202 777 4500 (Switchboard) |
| United States District Judge |    +1 202 777 4545 (Direct) |
| Southern District of New York | F +1 202 507 5945 |
| 500 Pearl Street | E eric.mahr@freshfields.com |
| New York, NY 10007-1312 | www.freshfields.com |

June 12, 2023

Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

On behalf of Defendant Google LLC ("Google"), we write to respectfully request entry of an order that would stay transfer of State Plaintiffs' case to allow Google to seek appellate review of the Judicial Panel on Multidistrict Litigation's ("JPML's") June 5, 2023 Order remanding the above-captioned case to the Eastern District of Texas. *See* Exhibit A. Absent such an order, the Clerk may transfer the case as soon as <u>tomorrow morning</u>, which may deprive Google of judicial review of the JPML's decision. No conference is scheduled at this time.

On December 29, 2022, President Biden signed the State Antitrust Enforcement Venue Act ("Venue Act") into law as part of a consolidated appropriations bill. The Venue Act amended 28 U.S.C. § 1407(g) to exempt antitrust actions brought by state attorneys general from inclusion in multidistrict litigations. *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. GG, Title III, § 301, 136 Stat. 4459, 5970. As amended, section 1407(g) now reads: "Nothing in this section shall apply to any action in which the United States or a State is a complainant arising under the antitrust laws."

Nearly two months later, on February 27, 2023, State Plaintiffs filed a motion with the JPML seeking remand of this case to the Eastern District of Texas. *See* Dkt. 478. On June 5, 2023, the JPML granted the motion. *See* Exhibit A. Google respectfully disagrees with the JPML's decision and intends to petition the Second Circuit on or before June 20, 2023 for a writ of mandamus reversing the remand order, along with a motion to expedite review.

Under Local Civil Rule 83.1, the Clerk of this Court, "unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court." As a

June 12, 2023<br>Page 2

result, <u>this case could be transferred as soon as tomorrow morning</u>, Tuesday, June 13. If the case is transferred, the Second Circuit risks losing jurisdiction to grant a writ of mandamus reversing the JPML's order. *See In re Warrick*, 70 F.3d 736, 739-40 (2d Cir. 1995). To ensure that the Second Circuit retains jurisdiction to grant the forthcoming mandamus petition, earlier today, Google filed an emergency motion requesting that the JPML stay its remand order. *See* Exhibit B. In light of the short deadline and dramatic consequences, out of an abundance of caution, Google is also requesting that this Court enter an order directing the Clerk not to transfer this case before the Second Circuit rules on Google's mandamus petition.[1]

Although the procedural posture is fairly unusual, our request resembles one for a stay pending appeal. "The factors relevant in assessing a motion for a stay pending appeal are [1] the applicant's 'strong showing that he is likely to succeed on the merits,' [2] irreparable injury to the applicant in the absence of a stay, [3] substantial injury to the nonmoving party if a stay is issued, and [4] the public interest." *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). All of these factors weigh in favor of entry of the requested order.

To establish a likelihood of success, Google need not show a certainty of winning, or even that it is "more likely than not to succeed." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 37 (2d Cir. 2010). It may also satisfy that requirement if "serious" legal questions are involved and the balance of equities "heavily favors a stay." *Id*. Under either approach, a stay should issue here. As explained in more detail in the memorandum accompanying Google's stay motion filed with the JPML, Google's mandamus petition is likely to succeed – or at least raises serious legal questions – because the JPML erred in interpreting the Venue Act. Specifically, the JPML misread *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994), and other Supreme Court precedent to require retroactive application of *every* procedural change, rather than properly focusing on whether Congress clearly intended for an amendment to apply retroactively to undo procedures that have already been completed. *See* Exhibit B, Mem. at 5-9. Mandamus provides the only avenue for review of the JPML's order. *See* 28 U.S.C. § 1407(e) ("No proceedings for review of any order of the panel may be permitted except by extraordinary writ . . . ."); Exhibit B, Mem. at 10. And mandamus is generally available to reverse erroneous transfer decisions. *E.g.*, *SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 176 & n.5 (2d Cir. 2000); *see also* Exhibit B, Mem. at 10-11.

Google would suffer two types of irreparable injury if transfer of this case is not stayed. First, if the case is transferred to the Eastern District of Texas, Second Circuit precedent suggests that the appeals court will no longer consider itself to have jurisdiction to grant mandamus relief

---

[1] If the Court is not inclined to stay transfer for that long, Google requests that transfer be stayed until at least June 21, 2023 to permit Google to seek a stay from the Second Circuit.

reversing the remand order, and Google may lose the opportunity to seek this relief by mandamus altogether.  *See In re Warrick*, 70 F.3d 736, 739-40 (2d Cir. 1995).  *See* Exhibit B, Mem. at 11-13.  Second, absent a stay, Google would lose many of the efficiencies of participating in this MDL and be forced to litigate substantially overlapping issues both in this Court and in the Eastern District of Texas (as well as in the Eastern District of Virginia).  *See* Exhibit B, Mem. at 14.

State Plaintiffs, on the other hand, would not be injured by continuing to litigate their claims in this Court while the Second Circuit considers the mandamus petition.  *See* Exhibit B, Mem. at 15.  To the contrary, as long as they remain in the MDL, they will continue to enjoy the benefits of coordinated discovery.  *See* Dkt. 564 ¶ 1(s) (excluding State Plaintiffs from coordination when their case is not "part of the MDL (unless and until a further order directs otherwise)").

Finally, staying transfer would be in the public interest because it would avoid potentially duplicative litigation, thereby conserving judicial resources.  *See In re Gorsoan Ltd.*, 2020 WL 4194822, at *8 (S.D.N.Y. July 21, 2020) (granting motion to stay pending appeal and finding "that the public interest factor militates in favor of a stay" based on, *inter alia*, "the public interest in . . . preserving judicial resources by avoiding unnecessary proceedings while the appeal in this action is pending").  Indeed, the JPML previously identified the various benefits that would result from centralizing the related actions in this MDL, including the elimination of duplicative discovery and avoiding the risk of inconsistent judgments.  *See In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1375 (U.S. Jud. Pan. Mult. Lit. 2021); *see also* Exhibit B, Mem. at 15-16.

As the Clerk may transfer this case to the Eastern District of Texas as soon as tomorrow morning, Google appreciates the Court's consideration of this letter and respectfully requests entry of an order directing the Clerk not to transfer this case before the Second Circuit rules on Google's forthcoming mandamus petition.

One week after the Judicial Panel on Multidistrict Litigation issued an Order of remand, Google applies to the undersigned for a stay of that Order, to be issued by 5 p.m. today. Google states that it also has filed an emergency motion to the JPML for a stay and brings its application to this Court "out of an abundance of caution." Google's stay application is properly considered by the JPML and not this Court. Google points to no authority that gives this Court jurisdiction to sit in review of the JPML.  Its application is therefore DENIED.
SO ORDERED.
6-12-2023

*/s/ P. Kevin Castel*
P. Kevin Castel
United States District Judge

Respectfully submitted,

*/s/ Eric Mahr*
Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendant Google LLC*

CC: All Counsel of Record (via ECF)