# Freshfields Bruckhaus Deringer US LLP

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
  +1 650 461 8276 (Direct)
F +1 202 507 5945
E justina.sessions@freshfields.com
www.freshfields.com

July 18, 2023

    Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *Gannett Co., Inc. v. Google LLC*, No. 1:23-cv-05177 (PKC)

Dear Judge Castel:

    Google respectfully requests permission to file a motion to dismiss certain claims in the *Gannett Co., Inc. v. Google LLC* Complaint.[1]  Pursuant to Your Honor's Individual Practices, we note that there is no conference currently scheduled.

    Gannett filed a complaint on June 20, 2023.[2]  Gannett is represented by the same counsel as the Daily Mail, and Gannett's complaint closely tracks the Daily Mail's complaint, including copying 198 of its 275 paragraphs almost verbatim.  As a result, the Gannett complaint includes several allegations that the Court previously ruled did not state a claim when brought by the States, as well as claims that Google has moved to dismiss from amended private plaintiff complaints in this MDL.

    With two exceptions described below, Google does not believe there are any "distinctions that warrant a different ruling" between the federal antitrust claims in Gannett's complaint and the States' Third Amended Complaint, the Daily Mail complaint, the Publishers' complaint, and the Newspapers' complaint.  *See* Dkt. 562 ("The parties should proceed on the basis that the judge reading their brief is the author of the Opinion and Order of September 13, 2022 and should focus on any distinctions that warrant a different ruling in the case of Inform's SAC."). Google therefore asks to file a motion to dismiss Gannett's complaint that incorporates by

---

[1] Consistent with the stay of the state law claims ordered on November 18, 2022, ECF No. 392, ¶¶ 4-5, Google does not seek permission to move to dismiss Gannett's state law claims at this time but reserves all rights with respect to those claims.

[2] Earlier today, Gannett sent Google a letter contending that Google had failed to timely respond to the complaint. Google understood its deadline to respond to the complaint to be stayed pursuant to the Order dated September 24, 2021, Dkt. 129.

<div align="right">July 18, 2023<br>Page 2</div>

reference Google's arguments seeking dismissal of allegations relating to (i) encrypting user IDs (*see* States MTD Op. (Dkt. 308) at 40-44; Daily Mail MTD (Dkt. 454) at 6-9; Pubs. MTD (Dkt. 450) at 10-11); (ii) "bypassing" directly sold advertisements (*see* Newspaper MTD (Dkt. 452) at 11); (iii) Exchange Bidding (*see* States MTD Op. at 61-66, Daily Mail MTD at 3-6); (iv) Minimum Bid to Win (*see* Pubs. MTD at 4-7); and Accelerated Mobile Pages (*see* States MTD Op. at 70-72; Daily Mail MTD at 10-12; Newspaper MTD at 12).

Google requests permission to move to dismiss Gannett's claims regarding bypassing directly sold deals via Enhanced Dynamic Allocation and Line Item Caps as barred by the four-year statute of limitations. 15 U.S.C. § 15b. The Court previously ruled that the States adequately pleaded claims for injunctive relief regarding Enhanced Dynamic Allocation and line-item caps and declined to adjudicate the issue of laches on the pleadings. *See* States MTD Op. at 49, 80-87. Gannett, on the other hand, seeks damages. Compl. ¶ 296(e). Such claims must be brought within four years of when Gannett's claim accrued. 15 U.S.C. § 15b. Gannett's claims accrued long ago, and it cannot argue that the statute should be tolled. Gannett alleges that it knew of, and complained to Google about, Enhanced Dynamic Allocation in 2014, nine years before filing its complaint in 2023. *Id.* ¶ 154. Gannett allegedly "discovered" that Enhanced Dynamic Allocation affected Gannett's "sponsorship deals" five years ago, in 2018. *Id.* ¶ 155. With respect to line-item caps, Gannett alleges that Google began limiting the number of line items that publishers could create in the ad server in 2017. *Id.* ¶ 206.[3] These claims are barred by the statute of limitations because Gannett knew of–and indeed complained about–the challenged practices more than four years before it filed its complaint

<div style="margin-left:50%">

Respectfully submitted,

*/s/* Justina Sessions
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

</div>

CC: All Counsel of Record (via ECF)

---

[3] Google did not move to dismiss these allegations as time-barred from other private plaintiff complaints because those complaints were filed within four years of 2017 and/or did not allege the plaintiffs' knowledge of Enhanced Dynamic Allocation.