KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

July 24, 2023

*Via CM/ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC), related case: *Gannett Co., Inc. v. Google LLC*, No. 1:23-cv-05177 (PKC)

Dear Judge Castel:

    Undersigned counsel for plaintiff Gannett Co., Inc. write in response to Google's pre-motion letter (MDL ECF No. 585) seeking leave to move to dismiss part of Gannett's complaint. Pursuant to Your Honor's Individual Practices, Gannett notes that there is no conference currently scheduled in this matter.

    Google's proposed motion to dismiss should be denied as untimely. Alternatively, at most, its proposed motion should be deferred until the Court rules on other pending motions to dismiss. Google admits it intends to raise largely cookie-cutter defenses that are already fully briefed elsewhere, defenses that are meritless under a proper reading of this Court's prior rulings, and statute of limitations defenses that are premature in this posture. Gannett does not seek to further amend its complaint at present.[1]

---

[1] Under Your Honor's Individual Practices, a pre-motion letter "shall set forth in detail the legal and factual basis for the anticipated motion" so that the pre-motion letter and the response thereto may be "taken into account in deciding whether further leave to amend will be granted in the event the motion to dismiss is granted." Indiv. Pract. ¶¶ 3(A)(ii), (iv). Gannett therefore respectfully reserves the right to seek leave to amend its complaint, particularly if arguments are raised in any permitted motion that differ materially from those contained in Google's letter.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Honorable P. Kevin Castel
July 24, 2023
Page 2

      As an initial matter, the Court should deny Google leave to file a motion to dismiss because its pre-motion letter is untimely.  Gannett filed its complaint on June 20, 2023 and properly served both Google LLC and Alphabet Inc. on June 22, 2023.  *See* Executed Summons to Google LLC, ECF No. 14; Executed Summons to Alphabet Inc., ECF No. 15.  Google was required to serve its answer or otherwise respond to Gannett's complaint within 21 days of that service.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  As indicated by the docket text accompanying the executed summonses in this matter, Google's answer was due on July 13.  *See* Docket Text accompanying ECF Nos. 14, 15 ("[A]nswer due 7/13/2023").  Google failed to file an answer, a motion under Rule 12, or a pre-motion letter by that date.  Nor had Google sought or been granted any stay of the deadline to answer or otherwise respond to Gannett's complaint.

      Google acknowledges this issue in a footnote (at 1 n.2), but claims it "understood its deadline to respond to the complaint to be stayed pursuant to the Order dated September 24, 2021, Dkt. 129."  That cannot be.  The September 24 Order followed the very first MDL conference in this matter, and it stated that with the exception of the State Complaint, "defendants' deadline to answer or respond to all complaints is stayed."  Order ¶ 2, MDL ECF No. 129.  But the Court has since ordered Google to answer or respond to all complaints then pending.  *See* Pre-Trial Order No. 2 ¶ 4, ECF No. 309; Pre-Trial Order No. 4 ¶ 1, ECF No. 392.  The September 24 Order did not grant Google carte blanche to ignore its obligation under the Federal Rules to respond to new, duly served complaints filed against it.

      Even if the Court were to overlook Google's untimeliness, the Court should deny Google's request to file a motion to dismiss.  Google says (at 2) that it plans to seek dismissal of allegations relating to (i) encrypting user IDs; (ii) "bypassing" directly sold advertisements; (iii) Exchange Bidding; (iv) Minimum Bid to Win; and (v) Accelerated Mobile Pages.  It indicates (at 1-2) that it will simply "incorporate by reference" its prior arguments from its motions to dismiss other complaints.  Google's proposed cut-and-paste motion seeks to conflate the allegations in Gannett's complaint with different allegations filed by different plaintiffs.  Google states (at 1) that Gannett's complaint "closely tracks the Daily Mail's complaint."  Yet Google seeks largely to "incorporate by reference" arguments aimed at different allegations in the Publisher Class's amended complaint, the complaints filed by the so-called "Newspaper Plaintiffs," and at allegations in the States' Third Amended Complaint that were drafted without the guidance provided in your Honor's order denying Google's motion to dismiss that complaint.  For example, Google seeks to dismiss Gannett's allegations related to "Minimum Bid to Win" by incorporating its motion to dismiss the Publisher Class complaint.  But Google previously recognized that the Publisher Class's "Minimum Bid to Win" allegations differ substantially from those in the Daily Mail complaint, which Google says (at 1) Gannett's complaint "tracks."  *See* Ltr. from J. Thorne at 5, MDL ECF No. 377 (explaining how Publisher Class's allegations differ).  Indeed, on account of those differences, Google sought to dismiss the Publisher Class's "Minimum Bid to Win" allegations, but did not move to dismiss the Daily Mail's allegations related to the same Google program.  *See* Mem. in Opp'n at 17-18, ECF No. 488.  Google should

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Honorable P. Kevin Castel
July 24, 2023
Page 3

be required to respond to Gannett's allegations, not different allegations filed by different plaintiffs.

Google's motion to dismiss collage would likewise be inefficient. Google's prior arguments regarding even those allegations that do appear in Gannett's complaint are meritless—the anticompetitive nature of its conduct is clear under a proper reading of this Court's order denying Google's motion to dismiss the State Plaintiffs' Third Amended Complaint, which Gannett took into close account when drafting its complaint. But additionally, it would be wasteful for Google to file a motion that simply repeats prior arguments. Gannett respectfully suggests that it would be better for the Court first to resolve the other, fully briefed motions to dismiss, which would likely obviate (or at least significantly streamline) further briefing and amendment in Gannett's case. Indeed, the Court's ruling on pending motions to dismiss could inform Gannett's decision to amend—and the shape that amendment will take.

Separately, Google seeks (at 2) to dismiss "claims regarding bypassing directly sold deals via Enhanced Dynamic Allocation and Line Item Caps as barred by the four-year statute of limitations." But the "statute of limitations is ordinarily an affirmative defense that must be raised in the answer." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). It may only be decided "on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* That standard is not satisfied here.

Google assumes that, because Gannett had some awareness of some aspects of Google's bad conduct, Gannett's claims immediately accrued and the statute of limitations ran without interruption ever since. That is incorrect.

First, as the Court recognized in its order denying Google's motion to dismiss the State Plaintiffs' Third Amended Complaint, Google's alleged conduct generally "lacked transparency, occurred out of the public eye, and had effects that were not immediately obvious or well understood." Order at 84, MDL ECF No. 308. As to Enhanced Dynamic Allocation in particular, "Google's rollout of EDA was opaque, and accompanied by misrepresentations about its intent and effects. . . . As described in the Complaint, publishers would have quickly been aware that EDA existed, but not . . . have been able to readily observe its anticompetitive effects or purpose." *Id.* at 85-86. Here, similarly, it is "not apparent from the face of the Complaint" that Gannett "must have been aware of Google's purportedly unlawful conduct" and that the claims therefore accrued when Google asserts. *Id.* at 85 (internal quotation omitted). Indeed, as Gannett's complaint alleges (and Google's letter ignores), after Gannett complained about EDA in 2014, "Google initially denied there was a problem [with EDA], then later claimed to have fixed the problem[.]" Gannett Compl. ¶ 154; *see also id.* at ¶ 279 ("Google made false representations about [practices including EDA], and so induced Gannett and others to enable them or trust they were operating appropriately.").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Honorable P. Kevin Castel
July 24, 2023
Page 4

Second, Google's statute of limitations defense is subject to a number of other exceptions, including *American Pipe* tolling, *see In re WorldCom Securities Litigation*, 496 F.3d 245, 254-56 (2d Cir. 2007), fraudulent concealment, *see Atlantic City Electric Company v. General Electric Company*, 312 F.2d 236, 241 (2d Cir. 1962), and the continuing violation doctrine, *see Berkey Photo, Inc. v. Eastman Kodak Company*, 603 F.2d 263, 295 (2d Cir. 1979). Some of these require fact-intensive inquiries that cannot be resolved on a motion to dismiss. As a result, Google's suggestion that entire claims can be resolved in this posture is incorrect.

For all these reasons, a motion to dismiss is untimely and futile, and Google's request for leave to file should be denied.

Respectfully submitted,

Date: July 24, 2023

/s/ *John Thorne*
John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
Sven E. Henningson
KELLOGG, HANSEN, TODD, FIGEL
 & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
 dbird@kellogghansen.com
 bjones@kellogghansen.com
 cgoodnow@kellogghansen.com
 mhirschboeck@kellogghansen.com
 epfeffer@kellogghansen.com
 emaier@kellogghansen.com
 shenningson@kellogghansen.com

*Counsel for Gannett Co., Inc.*

cc: All Counsel of Record (via CM/ECF)