UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION**

No. 1:21-md-3010 (PKC)

---

*This Document Relates To:*

---

**SUNNY SINGH, individually and on behalf of
all others similarly situated**

*Plaintiff*,

**- against -**

**GOOGLE LLC, ALPHABET INC. and
META PLATFORMS, INC.**

*Defendants.*

No. 1:23-cv-03651 (PKC)

---

**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS THE *SINGH* COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

BACKGROUND ....................................................................................................................... 1

LEGAL STANDARDS .............................................................................................................. 3

ARGUMENT ........................................................................................................................... 3

CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................... 3

*Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993) ........................................................... 3

*TradeComet.com LLC v. Google, Inc.*, 435 F. App'x 31 (2d Cir. 2011) ...................................... 3

**Rules**

Federal Rule of Civil Procedure 12(b)(3) .................................................................................. 1

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 1, 3

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Google LLC and Alphabet Inc. ("Google") move for an order dismissing in their entirety the federal antitrust claims (Counts I through III and V) in the Singh Putative Class Action Complaint, No. 1:23-cv-03651 (PKC), ECF No. 1 ("Compl."). Pursuant to Rule 12(b)(3) and 12(b)(6), Google also moves to dismiss all claims on the grounds that Plaintiff Singh is bound by a valid and enforceable arbitration agreement with Google. In the alternative, Google moves for an order compelling Plaintiff Singh to arbitrate his claims as he has already agreed to do. Consistent with the stay of the state law claims (Counts IV, VI, and VII) ordered on November 18, 2022, ECF No. 392, ¶¶ 4-5, Google does not move to dismiss those state law claims at this time except on grounds of arbitration and reserves all rights with respect to them.

## BACKGROUND[1]

On April 4, 2023, Plaintiff Singh filed a putative class action against Google and Meta Platforms, Inc. in the Central District of California, seeking relief in his individual capacity as well as on behalf of all other similarly situated advertisers. Compl. at 1. The case was transferred to this Court on May 1, 2023, and consolidated with the above-captioned multidistrict litigation. *See* No. 1:23-cv-03651, ECF No. 13.

Plaintiff Singh provides private tennis instruction in Southern California and uses Google to advertise on behalf of his business. Compl. ¶ 14. The complaint defines the putative class as individuals or entities who, "from January 1, 2016 to the present, placed a display ad on a website or mobile application operated by another entity via a transaction in which the impression was sold, brokered, exchanged or auctioned by Google." *Id.* ¶ 321.[2]

---

[1] For purposes of this motion to dismiss, Google assumes the truth of Plaintiff Singh's allegations. Google expects to contest many of those allegations in the future.

[2] This class is identical to the one proposed in the Consolidated Advertiser Class Action Complaint, ECF No. 399 ("AC").

Plaintiff Singh purchased display advertising inventory by "pa[ying] Google directly to broker the placement of display advertisements on third party websites and mobile apps." Compl. ¶ 14. Like other advertisers, when Singh signed up to use Google's advertising platforms, he expressly agreed to Google's Advertising Program Terms of Service ("Terms") to use Google's services. *See* Declaration of Courtney Shadd in Support of Defendants Google LLC and Alphabet Inc.'s Motion to Dismiss the *Singh* Complaint, dated August 31, 2023 ("Second Shadd Decl.") ¶ 13. These Terms provided notice to Singh that by not opting out of the arbitration provision within 30 days, Plaintiff Singh would be bound to arbitrate any disputes "that arise out of or relate in any way to" Google's advertising programs via arbitration rather than as jury trials or class actions. *Id*. ¶ 8 (citing Ex. A § 13(A)). He likewise agreed to "waiv[e] [his] rights to a trial by jury or to participate in a class or representative action." *Id.*, Ex. A § 13(A). The Terms also expressly applied to disputes arising with Google and its parent companies. *Id*., Ex. A § 13(A). Singh agreed to these Terms on September 12, 2017 and did not opt out of the dispute resolution agreement requiring arbitration. *Id*. ¶ 13.

Plaintiff Singh alleges that he and purported class members "paid anticompetitive overcharges as a result of [Google's] conduct." Compl. ¶¶ 352, 358. Despite asserting in conclusory fashion that the injunctive relief they seek will "benefit the public," *id*. ¶¶ 338, 387, Singh's allegations pertain only to a discrete set of individuals and entities who have paid to use Google's services. *Id*. ¶¶ 281, 321. These allegations are substantively identical to those in the Consolidated Advertiser Class Action Complaint, ECF No. 399 ("AC").

Because Plaintiff Singh's case is substantively identical to the AC, on July 21, 2023, the Parties entered into a Stipulation binding Singh to "[a]ny ruling by the Court on the pending motions to dismiss the [AC]" and allowing Google to seek leave to move for dismissal of Singh's

claims based on his "obligations to arbitrate claims." ECF No. 588-1.  On August 3, 2023, the

Court granted Google's request to file this motion and granted Google leave to incorporate "by

reference the arguments set forth in their motion to dismiss the [AC] including seeking to compel

arbitration of Singh's claim."  ECF No. 596.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A]n arbitration clause is merely a specialized type of forum selection clause."  *Roby v. Corp. of*

*Lloyd's*, 996 F.2d 1353, 1363 n.2 (2d Cir. 1993).  In determining whether to dismiss a claim based

on a forum-selection clause, the court must view all the facts in the light most favorable to the

party claiming that venue is proper, while "no disputed fact should be resolved against that party

until it has had an opportunity to be heard." *TradeComet.com LLC v. Google, Inc.*, 435 F. App'x

31, 33 (2d Cir. 2011).[3]

## ARGUMENT

The Court should dismiss Plaintiff Singh's federal antitrust claims because they are

substantively identical to those asserted in the AC.  Google incorporates by reference its

arguments set forth in its prior Memorandum of Law In Support Of its Motion to Dismiss

Advertiser Amended Complaint, ECF No. 447 ("MTD AC"), as it relates to Singh's federal

antitrust claims (Counts I through III and V).  To the extent that the Court grants Google's or

Meta's pending motions as to these claims, the parties have stipulated that any dismissal shall also

apply to Singh's claims.  ECF No. 588-1.

---

[3] Google incorporates by reference in its entirety the legal standards section of its prior Memorandum of Law in Support of its Motion to Dismiss the AC, ECF No. 447, at 4-5.

The Court should also dismiss Plaintiff Singh's Complaint because he agreed to arbitrate all of his claims. Google incorporates by reference its arguments as to the five named Advertisers' obligations to arbitrate pursuant to the Terms, *see* MTD AC at 24-30, and summarizes those arguments as they apply to Singh below.

*First*, the Court may consider the Second Shadd Declaration and Google's 2017 Terms, evidencing Singh's agreement to arbitrate because the Terms embody the contract between Singh and Google. *See* MTD AC at 25. Singh and the named Plaintiffs in the AC allege that they "paid Google directly to broker the placement of . . . display advertisements on third-party websites[.]" *Compare* AC ¶¶ 14, 20, *with* Compl. ¶ 14; *see also id.* ¶ 147 (alleging that Plaintiff "relied on display advertising brokered by Google").

*Second*, Plaintiff Singh agreed to a valid and enforceable arbitration agreement in Google's Terms. *See* MTD AC at 27. Singh, like five of six named Plaintiffs in the AC, "agree[d] to arbitrate all disputes and claims . . . that arise out of or relate in any way to" Google's advertising programs. *Compare* Shadd Decl., ECF No. 448 ¶ 8 ("Shadd Decl.") (citing Terms), *with* Second Shadd Decl. ¶ 8 (citing Ex. A § 13(A)). Plaintiff Singh should be held to that agreement.

*Third*, Google's Terms are not unconscionable because, among other reasons, advertisers can opt out of arbitration. MTD AC at 27. Google's Terms allow advertisers to opt out of the arbitration provision within 30 days, and provide a mechanism for doing so. *See* Second Shadd Decl. ¶ 9 (citing *id.* Ex. A § 13(F)). Plaintiff Singh, like five of the six named Plaintiffs in the AC, did not avail himself of this opportunity. *Compare* Shadd Decl. ¶¶ 15-20, *with* Second Shadd Decl. ¶ 13.

*Fourth*, Plaintiff Singh's claims fall squarely within the arbitration agreement's scope. *See* MTD AC at 28 (arguing enforceability of Google's Terms). The sole injury that Singh and

the other Advertiser Plaintiffs allegedly suffered—alleged overcharges on use of advertising services—flowed from their use of Google's advertising programs.  *Compare* AC ¶¶ 14-32, 355, 362, 370, 376, 387, 389, 390, *with* Compl. ¶¶ 14, 337, 344, 358, 369, 370-72.  Singh agreed to arbitrate those claims.  *See* Second Shadd Decl. ¶ 13.

*Fifth*, no exception or exclusion applies to California-law injunctive-relief claims, as Plaintiff Singh does not seek public injunctive relief.  MTD AC at 29.  Like the named Plaintiffs in the AC, Singh seeks relief for a discrete set of individuals and entities who have paid to use Google's services.  *See* Compl. ¶¶ 281, 321; *compare* AC ¶¶ 370, 376, *with* Compl. ¶¶ 352, 358. Conclusory allegations about harm to American citizens, *compare* AC ¶¶ 319-20, *with* Compl. ¶¶ 301-02, and tacked-on claims seeking injunctive relief to "benefit the public," *compare* AC ¶¶ 356, 405, *with* Compl. ¶¶ 338, 387, cannot transform these claims into requests for public relief.

*Sixth,* Plaintiff Singh must also arbitrate with Alphabet.  MTD AC at 30.  Like five of the six named Plaintiffs in the AC, Singh's arbitration agreement expressly applies to claims brought against "Google" as well as "Google parent companies[.]"  *Compare* Shadd Decl. ¶ 8 (citing Terms), *with* Second Shadd Decl. ¶ 8 (citing Ex. A § 13(A)).  Further, Singh's Complaint, like the AC, refers to Google LLC and Alphabet Inc. collectively as "Google" and makes no attempt to differentiate between their functions.  *Compare* AC ¶ 35, *with* Compl. ¶ 17.

## CONCLUSION

Google respectfully requests that this Court dismiss Plaintiff Singh's Complaint in its entirety.  In the alternative, Google moves for an order compelling Plaintiff Singh to arbitrate his claims as he has already agreed to do.

Dated: September 8, 2023

/s/ Justina Sessions
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

Eric Mahr
Robert J. McCallum
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
eric.mahr@freshfields.com
rob.mccallum@freshfields.com

Daniel Bitton
Denise L. Plunkett
Craig M. Reiser
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
dbitton@axinn.com
dplunkett@axinn.com
creiser@axinn.com
eyung@axinn.com
chaws@axinn.com

Bradley Justus (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (*pro hac vice* pending)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 06103

Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants Google LLC and*
*Alphabet, Inc.*