# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

October 6, 2023

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

> **Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC);**
> ***Inform Inc. v. Google LLC*, et al. No. 1:23-cv-01530 (PKC)**

Dear Judge Castel:

We write as counsel to Plaintiff Inform Inc. in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC) (the "Inform Action"), a constituent case transferred from the Northern District of Georgia into the above-referenced MDL. Pursuant to Pre-Trial Order No. 3 (ECF No. 311), Inform respectfully seeks leave to serve a narrowly-focused supplemental discovery request in compliance with Rule 26 that is non-duplicative of the requests served by the Discovery Steering Committee. There is no conference currently scheduled before the Court.[1]

*Background*

The *Inform* case was transferred into the MDL on February 23, 2023, 1:23-cv-01530-PKC, ECF No. 67. At Defendants' request, discovery remained stayed. The stay of discovery was lifted on May 31, 2023, following Inform's filing of its' Second Amended Complaint (the "SAC") (ECF No. 535) and after the substantial completion date for discovery in the MDL. *Inform*'s ad tech case, was first filed against Google in November 25, 2019 and there is substantial overlap with the MDL Plaintiffs' allegations. Notably, however, there are allegations in the *Inform* matter that are not covered by the other MDL Plaintiffs' allegations, as respects which we respectfully believe we are entitled to discovery.

---

[1] Pursuant to 3B of Your Honor's Individual Practices concerning Discovery Disputes, Local Civ. Rule 37.2, and Fed. R. Civ. P. 37(a)(1), the undersigned certifies that the Plaintiff Inform has in good faith conferred or attempted to confer with counsel for Defendants Google, Alphabet and YouTube (collectively "Google") in advance of filing this letter.

Hon. P. Kevin Castel
October 6, 2023
Page 2

On July 13, 2023, the parties met and conferred concerning Inform Inc.'s specific case. Plaintiff Inform clearly conveyed that while its case substantially overlaps with the MDL cases, there are certain allegations of anticompetitive conduct and claims that are similar in kind and scope but as respects which there has yet been no discovery. Notably, while the same is true as to each of the MDL Plaintiffs groups' allegations, each of the other groups has had the opportunity to seek such discovery through the properly propounded requests in the MDL Plaintiffs' First Set of Requests for Production of Documents, served January 27, 2023.[2]

On August 8, 2023, Inform sent a follow up letter laying out case-specific issues including but not limited to: (1) search strings based upon the MDL Plaintiffs' First Request for Production of Documents and service of an anticipated supplemental Request for Production of Documents; (2) custodians specific to Inform; (3) the relevant time period for documents related to Inform; (4) the unilateral removal by Defendants of references to YouTube in their search term strings and Inform's request that YouTube be reincorporated into Defendants' document searches;[3] and (5) source code algorithms and data specific to Inform's allegations. Plaintiff Inform specifically requested that Defendants "let us know by close of business on Thursday August 10, 2023 whether you will accept service of our Second Set of RFPs or whether you intend to object to Inform's additional RFPs on the basis of your reading of PTO-3, so that we can short circuit the process and go directly to the Court." We have received no response from Defendants to our August 8, 2023 Letter. As such, the issues raised therein remain outstanding and subject to meeting and conferring between the parties. *See infra* n.4.

Since that time, and in light of the document production issues set forth in the Discovery Steering Committee's September 20, 2023 letter to this Court (ECF No. 631), Google has taken

---

[2] Indeed, in their responses to the MDL Plaintiffs' First Set of RFPs, Defendants took the position that "over 50 of the Requests were tailored to the specific interests of a particular subset of Plaintiffs, and Google objected accordingly." *See* June 7, 2023 Letter of Justina Sessions at 2 and n.1 (citing thirty-four specific RFPs applicable only to either the Publisher Class, the Advertiser Class or individual Plaintiff Daily Mail). However, without waiving its objections, Google has since agreed to certain search strings specific to one or more subsets of Plaintiffs.

[3] Defendants unilaterally removed from their DOJ search strings all references to Defendant YouTube, the world's largest online video and video advertising platform. *See* February 27, 2023 Letter of Justina Sessions at 2 n.3. Plaintiff Inform and MDL Plaintiffs have repeatedly objected to the exclusion of YouTube in the search terms. After the stay in this matter was lifted on May 31, 2023, Defendants maintained that "Google does not agree to add investigation search terms relating to YouTube." *See* June 7, 2023 Letter of Justina Sessions at 6.

Hon. P. Kevin Castel
October 6, 2023
Page 3

the position that, given its document production deficiency, it is not efficient to continue custodian or search term negotiations specific to MDL Plaintiffs at this time.[4]

*Plaintiff Inform Respectfully Requests Leave to Serve Supplemental Discovery Requests on Defendants Google, LLC, Alphabet Inc., and YouTube LLC*

Respectfully, Inform seeks limited additional discovery in order to prepare its case. Inform has prepared a focused set of Supplemental Requests for Production of Documents, which has been vetted by the Discovery Steering Committee. The Discovery Steering Committee reviewed and approved our RFPs and determined that they are non-duplicative.

As set forth in our August 8, 2023 Letter to Defendants, Plaintiff Inform took care to assure that the supplemental requests are both directly relevant to Inform's claims (or defendants' anticipated defenses) and proportional to the needs of its case "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Federal Rule of Civil Procedure 26(b)(1). Plaintiff also "note[d] that Inform, Inc. was both a competitor and customer of Defendants, and that the amount in controversy in this case exceeds $1 billion." *Id*. at 2.

Although not having responded to our August 8, 2023 letter, Defendants served upon Inform a First Set of Requests for Production of Documents and a First Set of Interrogatories, which Plaintiff Inform responded to on September 29, 2023. Defendants' requests are comprised of thirty (30) Interrogatories and ninety-three (93) Requests for Production of Documents to Plaintiff Inform. Included therein are some two-dozen requests specific to the allegations in Inform's SAC, not served on the other MDL Plaintiffs, that overlap with the discovery sought by Plaintiff Inform from Defendants through this supplemental request.

Notably, Defendants have requested from Inform documents and data concerning video advertising that competes with Defendant YouTube. Both Defendants' and the MDL Plaintiffs' First Sets of Requests for Production of Documents cover documents concerning YouTube based at least on Defendants' own definition of "display advertising" and the definition of the same in

---

[4] The MDL Plaintiffs' proposals to resolve the remaining search term and custodian disputes respecting MDL Plaintiffs' First Set of RFPs likewise remain outstanding. Pursuant to this Court's September 26, 2023 Order (ECF No. 634), the parties are to meet and confer on the open issues described relating to search terms and custodians and submit the resolution—or the outstanding issues in dispute—to this Court by October 20, 2023.

the operative complaints.[5]  Additionally, this information is plainly relevant to the claims in Inform's SAC, in which YouTube is both a named Defendant and active tortfeasor, as well as a direct competitor of Plaintiff Inform and one of the Ad Tech products through which Defendants carried out the anticompetitive conduct at issue in this case.

Accordingly, Plaintiff Inform respectfully requests that it be permitted to commensurately serve twenty (20) supplemental requests for production of documents and data addressed to the specific issues in Plaintiff's SAC.  Plaintiff's supplemental requests will generally include but not be limited to requests concerning specific markets (including relevant acquisitions and corporate organization); as well as the anticompetitive acts alleged in Plaintiff's SAC specific to video advertising and video ad players; bypassing of direct ad campaigns; tying, manipulation, technological blocking, and disabling of video advertising and video ad players;  throttling and manipulating pacing of video advertising and systematic interference with video advertising competitors; unilateral setting and altering of technological standards and denial of interoperability; and attendant relevant financial information, source code and algorithms.  Plaintiff Inform respectfully reserves its right to seek additional discovery under Rule 26 at a later time if necessary, reasonable and proportionate to the needs of the case.

*Conclusion*

For the reasons set forth above and pursuant to Pre-Trial Order No. 3, Plaintiff Inform seeks leave of the Court to serve supplemental discovery requests, which both comply with Rule 26 and are non-duplicative of the requests served by the Discovery Steering Committee.

We thank the Court for its consideration of this matter.

---

[5] In Instruction No. 46 of Defendants' *First Set of Requests for Production of Documents to Inform Inc.*, Defendants define that "[t]he terms 'Display Advertisement' or 'Display Advertising' shall mean Online Advertising other than Search Advertising, and shall include Native, banner, in-app or *Video advertising*, whether social or non-social." (emphasis supplied).

Hon. P. Kevin Castel
October 6, 2023
Page 5

                      Respectfully submitted,

                      /s/ *Serina M. Vash*
                      SERINA M. VASH
                      New York Bar No.: 2773448
                      svash@hermanjones.com
                      **HERMAN JONES LLP**
                      153 Central Avenue, # 131
                      Westfield, NJ 07090
                      (404) 504-6516

                      JOHN C. HERMAN (admitted *pro hac vice*)
                      jherman@hermanjones.com
                      **HERMAN JONES LLP**
                      3424 Peachtree Road, N.E., Suite 1650
                      Atlanta, GA 30326
                      (404) 504-6555
                      (404) 504-6501 (fax)

                      *Counsel for Plaintiff Inform Inc.*