UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Google Digital Advertising Antitrust Litigation | Civil Action No. 21-MD-3010 (PKC) |

*This Document Relates to:*

| | |
|---|---|
| SUNNY SINGH, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> vs.<br><br>GOOGLE LLC, ALPHABET INC., and META PLATFORMS, INC.,<br><br>      Defendants. | Civil Action No. 1:23-cv-03651 (PKC) |

**PLAINTIFF SUNNY SINGH'S RESPONSE IN OPPOSITION TO DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S MOTION TO <u>DISMISS THE SINGH COMPLAINT</u>**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. ARGUMENT .............................................................................................................................. 1

    A. More Information Is Required to Determine the Reasonableness of Google's Notification Procedure for Binding Its Customers to Arbitrate. ............................ 1

    B. The Injunctive Relief That Singh Seeks Will Primarily Benefit the Public. .......... 2

III. CONCLUSION ........................................................................................................................... 5

# TABLE OF AUTHORITIES

*Blair v. Rent-A-Center, Inc.*,
   928 F.3d 819 (9th Cir. 2019) .................................................................................................. 5

*Braune v. Abbott Labs.*,
   895 F. Supp. 530 (E.D.N.Y. 1995) ......................................................................................... 3

*Cal. Crane School, Inc. v. Google LLC*,
   621 F. Supp. 3d 1024 (N.D. Cal. 2022) .................................................................................. 5

*Clayworth v. Pfizer, Inc.*,
   49 Cal. 4th 758 (2010) ........................................................................................................... 3

*Flagship Theatres of Palm Desert, LLC v. Century Theatres, Inc.*,
   55 Cal. App. 5th 381 (2020) .................................................................................................. 3

*Hiradate v. Ralphs Grocery Co.*,
   2022 WL 19299128 (C.D. Cal. Nov. 28, 2022)................................................................. 4, 5

*Hodges v. Comcast Cable Commnc'ns, LLC*,
   21 F.4th 535 (9th Cir. 2021) .................................................................................................. 5

*Hope v. Early Warning Servs. LLC*,
   2023 WL 5505020 (C.D. Cal. July 13, 2023) ........................................................................ 5

*Jeong v. Nexo Cap. Inc.*,
   2023 WL 2717255 (N.D. Cal. Mar. 29, 2023) ....................................................................... 5

*Maldonado v. Fast Auto Loans, Inc.*,
   60 Cal. App. 5th 710 (2021) .................................................................................................. 3

*McGill v. Citibank, N.A.*,
   2 Cal. 5th 945 (2017) ......................................................................................................... 2, 5

*Mejia v. DACM Inc.*,
   54 Cal. App. 5th 691 (2020) .................................................................................................. 3

*Meyer v. Uber Techs., Inc.*,
   868 F.3d 66 (2d Cir. 2017) .................................................................................................... 1

*Starke v. SquareTrade, Inc.*,
   913 F.3d 279 (2d Cir. 2019) .................................................................................................. 2

*Vaughn v. Tesla, Inc.*,
   87 Cal. App. 5th 208 (2023) .................................................................................................. 5

*Zachman v. Hudson Valley Fed. Credit Union*,
   49 F.4th 95 (2d Cir. 2022) ..................................................................................................... 2

**I.   PRELIMINARY STATEMENT**

The Court should deny Google's motion to dismiss Plaintiff Sunny Singh's claims (Doc. 626) for the reasons provided in the Advertisers' opposition to Google's motion to dismiss their Consolidated Complaint (Doc. 490). Google's request to arbitrate with Singh suffers from all the same deficiencies as its earlier motion. First, a declaration is no substitute for discovery on the specifics of Google's notification procedure. Second, Google's clause cannot remove Singh's California claims from this forum. Singh seeks to put an end to Google's monopoly in display advertising, relief that will benefit the public above all, by freeing up these important markets to competition. Yet Google's clause prohibits any relief extending beyond the claimant. As a result, the clause is contrary to California's *McGill* doctrine, which voids provisions like Google's that would shield the drafter from injunctive relief that mainly benefits the public.

**II.   ARGUMENT**

**A.   More Information Is Required to Determine the Reasonableness of Google's Notification Procedure for Binding Its Customers to Arbitrate.**

On January 27, 2023, Plaintiffs served requests for documents relating to arbitration agreements Google contends it formed with Advertisers. Discovery on such issues is necessary because "the enforceability of a web-based agreement is clearly a fact-intensive inquiry." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 76 (2d Cir. 2017). Yet Google has not substantively responded, let alone produced documents sufficient to determine whether it adequately notified Singh that continuing to use Google Ads would waive his right to a class action jury trial. According to Google's declarant, customers were advised "to review and accept the modified Terms" through a "blog post," "email," and an "alert that advertisers could see." Doc. 627, ¶ 4. The declarant says these notices included a "link that, when clicked, directed the advertiser to a webpage." *Id.*, ¶ 6. Left unsaid are where the link was located in relation to the arbitration disclosures, whether certain terms were bolded or otherwise prominently displayed, and what

1

other information appeared in proximity. *See Starke v. SquareTrade, Inc.*, 913 F.3d 279, 293 (2d Cir. 2019) (finding evidence of "clear and conspicuous" notice missing).

The record is also devoid of documents evidencing Singh's acceptance of Google's arbitration agreement. Google's declarant merely asserts that Singh did not opt out of "the September 2017 Terms." Doc. 627, ¶ 13. Moreover, there is no description, much less documentary evidence, concerning *later* versions of Google's Terms or whether Singh chose to opt out of any of them.[1] The Court therefore cannot conclude as a matter of law that Singh agreed to arbitrate, including at these later times. Even the basic matter of how Google would have recorded Singh's purported acceptance or opt out remains unclear. During the parties' meet and confers, Google identified several sources of data, including customer change history data in its possession, which may record such acceptances and opt outs. But, despite Plaintiffs' requests, Google has refused to produce this data and has not even given an inventory of the types of data it maintains on each Plaintiff. While the parties continue to meet and confer, these issues going to formation remain unresolved. Google should not be allowed to withhold pertinent facts at the same time it is asking the Court to adjudicate them. *See, e.g.*, *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 103 (2d Cir. 2022) (remanding for further analysis of formation and calling for more "evidence of how the [electronic] Agreement was presented").

### B.  The Injunctive Relief That Singh Seeks Will Primarily Benefit the Public.

Google's arbitration clause cannot be enforced as to the California claims because the provision would impermissibly shield Google from the public injunctive relief that Singh requests. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). Under Google's clause, an arbitrator may enjoin its conduct "only to the extent necessary to provide relief warranted by that [claiming] party's individual claim without affecting other Google users or other customers or

---

[1] Google admits that it updated its Terms of Service in April 2018 and November 2019. *See* Doc. 448, ¶¶ 11-12.

advertisers." Doc. 627-1 at p. 7 of 8. This provision contravenes *McGill* because Singh seeks injunctive relief that would mainly benefit the public at large. *See Mejia v. DACM Inc.*, 54 Cal. App. 5th 691, 702-03 (2020) (affirming denial of arbitration motion in unfair competition case because the clause would have precluded an award affecting "anyone other than a named party"); *Maldonado v. Fast Auto Loans, Inc.*, 60 Cal. App. 5th 710, 721-22 (2021) (declining to limit *McGill* to false advertising claims and holding that "[i]t is enough that the requested relief has the purpose and effect of protecting the public from Lender's ongoing harm.").[2]

Google incorrectly argues that Singh "does not seek public injunctive relief." Doc. 626 at 5. To the contrary, his California claims *expressly* seek relief for the public. Doc. 1, ¶¶ 338, 387 (injunction restoring competition in the relevant markets will have the "primary purpose and effect of . . . benefit[ing] the public from the lower prices and greater innovation that will prevail in competitive digital advertising markets in the absence of Google's monopoly"). Singh's injunctive relief request conforms with the "main purpose" of California's antitrust laws: "to protect *the public* from monopolies and restraints of trade." *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 783 (2010) (emphasis added) (citations and internal quotations omitted); *see also Flagship Theatres of Palm Desert, LLC v. Century Theatres, Inc.*, 55 Cal. App. 5th 381, 416 (2020).

Ordinary citizens are the ones who use the online platforms that remain subject to Google's restraints, and who would primarily benefit from the innovations in advertising that free competition would permit. Advertising "allows consumers to learn of the range of competitors in a market, their prices, and the nature of the products and services offered. When advertising effectiveness is reduced, competition between products and services is reduced, and consumers are harmed." Singh Compl., ¶ 301. Eliminating Google's ad-tech monopolies also

---

[2] In applying state law, "[g]reat weight is given to lower state court decisions, with decisions of intermediate state appellate courts . . . particularly persuasive." *Braune v. Abbott Labs.*, 895 F. Supp. 530, 542 (E.D.N.Y. 1995) (internal quotation marks and citation omitted).

would lower prices of goods and services purchased online, benefiting a very broad set of consumers, to the extent advertisers freed of Google's monopoly pricing reduce their own prices. *Id*., ¶¶ 301-02. These allegations are plausible, not "[c]onclusory." Doc. 626 at 5.

Members of Congress further expressed concern that local media outlets that "provide immense value to their communities" have been shuttered or face a continuing crisis as a result of Google's monopolization, with a "profoundly negative effect on American democracy and civic life."[3] The urgent public interest is underscored by the lawsuits brought by the United States and nearly every State to terminate Google's control of digital advertising. The enforcers in the DOJ action observed that "digital advertising sustains the modern internet" and gives "the public . . . unprecedented access to ideas, artistic expression, news, commerce, and services."[4] As such, Google's monopolization "hurts all of us"—including because "as publishers make less money from advertisements" they "have fewer resources to create content for internet users," and "fewer publishers are able to offer internet content without subscriptions [or] paywalls[.]"[5]

Contrary to Google's legal argument, the fact that Singh sues on behalf of a discrete class of advertisers does not prevent him from also seeking a public injunction. Google's argument "mistakenly impl[ies] that class actions and public injunctions are mutually exclusive. But of course that is not the case, as several cases seeking public injunctive relief are brought as class actions." *Hiradate v. Ralphs Grocery Co.*, 2022 WL 19299128, at *7 (C.D. Cal. Nov. 28, 2022) (internal citations omitted). The California doctrine asks whether the injunction would have the "primary" purpose and effect of benefiting the public, *or* the "primary" purpose and effect of "redressing or preventing injury . . . to a group of individuals similarly situated to the plaintiff."

---

[3] Subcommittee on Antitrust, Commercial, and Administrative Law of the Committee on the Judicial of the House of Representatives, "Investigation of Competition in Digital Markets" at 44-58 (Oct. 6, 2020).

[4] Plaintiffs' Opposition to Google's Motion to Dismiss at 1, *United States, et al. v. Google LLC*, 1:23-CV-00108, Doc. 101 (E.D. Va. filed Apr. 10, 2023); Compl., ¶ 1, *United States, et al. v. Google LLC*, 1:23-CV-00108, Doc. 1 (E.D. Va. filed Jan. 24, 2023).

[5] Compl., ¶¶ 9, 265, *United States, et al. v. Google LLC*, 1:23-CV-00108, Doc. 1 (E.D. Va. filed Jan. 24, 2023).

*McGill*, 2 Cal. 5th at 955. Logically, public injunctive relief can benefit a subgroup of the public (*i.e.*, a class) at the same time that it *primarily* benefits the public as a whole. Doc. 490 at 28 n.7.

The majority decision of a divided Ninth Circuit panel, however, declined to follow the California authorities, limiting *McGill* to "injunctive relief that aims to restrain future violations of law for the benefit of the general public as a whole, rather than a discrete subset of similarly situated persons, and that does so without requiring consideration of the individual claims of non-parties." *Hodges v. Comcast Cable Commnc'ns, LLC*, 21 F.4th 535, 548 (9th Cir. 2021). Unsurprisingly, the California Court of Appeal concluded that Judge Berzon's dissent in *Hodges* "is more consistent with *McGill*" and noted that it was not bound by the majority opinion. *Vaughn v. Tesla, Inc.*, 87 Cal. App. 5th 208, 231 n.16 (2023). Nor is this Court bound by the majority in *Hodges*, or by district court cases relying on that opinion, *e.g.*, *Cal. Crane School, Inc. v. Google LLC*, 621 F. Supp. 3d 1024 (N.D. Cal. 2022).[6] California district courts continue to apply *McGill* to deny motions to compel arbitration of class claims based on unfair business practices. *See, e.g.*, *Jeong v. Nexo Cap. Inc.*, 2023 WL 2717255, at *8 (N.D. Cal. Mar. 29, 2023) (citing *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019)). In this case, the Advertisers' request for injunctive relief is not "limited to or solely for the benefit of the putative class," *Hiradate*, 2022 WL 19299128, at *7, and "therefore constitutes public injunctive relief by seeking to enjoin Defendant from future violations of California's Unfair Competition Law." *Hope v. Early Warning Servs. LLC*, 2023 WL 5505020, at *9 (C.D. Cal. July 13, 2023).

### III.     CONCLUSION

For these reasons and those set forth in the Advertisers' incorporated opposition (Doc. 490), the Court should deny Google's motion to dismiss in its entirety.

---

[6] Advertisers' state-law request for a public injunction to end Google's anticompetitive single-firm conduct is based on its violations of the Unfair Competition Law. In contrast, the plaintiff in *California Crane School* did not bring a UCL claim, an omission the court found significant for purposes of *McGill*. 621 F. Supp. 3d at 1032.

Dated: October 6, 2023          Respectfully submitted,

/s/ *Dena C. Sharp*
Dena C. Sharp (*pro hac vice*)
Jordan Elias (*pro hac vice*)
Scott M. Grzenczyk (*pro hac vice*)
Mikaela Bock (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
scottg@girardsharp.com
mbock@girardsharp.com

Tina Wolfson (TW-1016)
Theodore W. Maya (*pro hac vice*)
Bradley K. King (BK-1971)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com

*Interim Co-Lead Counsel for Advertiser Plaintiffs and the Proposed Advertiser Class*

Jonathan L. Rubin (*pro hac vice*)
**MOGINRUBIN LLP**
1615 M Street, NW, Third Floor
Washington, D.C. 20036
(202) 630-0616
jrubin@moginrubin.com

Daniel J. Mogin (*pro hac vice*)
Timothy Z. LaComb (*pro hac vice*)
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
tlacomb@moginrubin.com

6

*Counsel for Plaintiffs Cliffy Care and Kinin*

Archana Tamoshunas (AT-3935)
**TAUS, CEBULASH & LANDAU, LLP**
123 William Street, Suite 1900A
New York, NY 10038
Tel.: (212) 931-0704
Fax: (212) 931-0703
atamoshunas@tcllaw.com

April D. Lambert (*pro hac vice*)
John D. Radice (JR 9033)
**RADICE LAW FIRM, PC**
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
alambert@radicelawfirm.com
jradice@radicelawfirm.com

*Counsel for Plaintiff Hanson Law Office, as successor in-interest to Hanson Law Firm, PC*

Richard F. Lombardo (*pro hac vice*)
Peter F. Rottgers (*pro hac vice*)
**SHAFFER LOMBARDO SHURIN**
2001 Wyandotte Street
Kansas City, MO 64108
(816) 931-0500
rlombardo@sls-law.com
prottgers@sls-law.com

*Counsel for Plaintiff Cliffy Care*

Jason S. Hartley (*pro hac vice* forthcoming)
Jason M. Lindner (*pro hac vice* forthcoming)
**HARTLEY LLP**
101 W. Broadway, Ste 820
San Diego, CA 92101
(619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Counsel for Plaintiff Kinin*

7