

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
T +1 650 461 8276 (Direct)
F +1 202 507 5945
justina.sessions@freshfields.com
www.freshfields.com

October 10, 2023

**Re:** *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *Inform Inc. v. Google LLC, et al.*, No. 1:23-cv-01530 (PKC)

Dear Judge Castel:

We write on behalf of Defendants Google LLC, Alphabet Inc., and YouTube LLC (collectively, "Google") in response to Plaintiff Inform Inc.'s letter seeking leave to serve unspecified supplemental discovery requests. ECF No. 636 (the "Unspecified Supplemental Requests"). Inform has not and cannot explain what discovery it seeks or why it needs it. Instead, Inform just wants more, unspecified (and thereby effectively limitless) discovery requests. The Court should deny Inform's premature and amorphous request because Inform has not adequately explained why its Unspecified Supplemental Requests are not addressed by Google's enormous productions to date, comprising millions of documents, 200 terabytes of data, and 80 gigabytes of source code. Google respectfully submits that the more efficient path forward is to address any supplemental discovery request after Google's fully-briefed motion to dismiss Inform's complaint has been resolved. If, at that time, Inform believes that it is entitled to additional discovery based on surviving claims, Inform should be required to submit specific proposed requests to the Court and articulate why the additional discovery it seeks is not duplicative of the massive amount of discovery already produced. No conference is scheduled.

In Pre-Trial Order No. 3, the Court directed the MDL Plaintiffs' Discovery Steering Committee to draft a common set of requests for production and interrogatories consistent with Local Civil Rule 33.3(a). ECF No. 311 at 1. In addition, "[c]ounsel for any plaintiff may apply to the Court for leave to serve a supplemental discovery request that complies with Rule 26 and is non-duplicative of the requests served by the Discovery Steering Committee." *Id.* at 2.

On January 27, 2023, MDL Plaintiffs served Google with 301 Requests for Production (Plaintiffs' "First RFPs"). In response, Google agreed to run more than 200 search strings across

the files of more than 150 custodians and, to date, has produced millions of documents, over 200 terabytes of data, and made available for inspection nearly 80 gigabytes of source code.[1]

Inform has been a beneficiary of Google's massive production efforts in two jurisdictions. In correspondence, MDL Plaintiffs have taken the position that the effect of lifting the discovery stay as to Inform "served to bring Inform within the scope of Plaintiffs' [First] RFPs."[2] Indeed, Inform concedes that there is "substantial overlap" between its claims and those of the other MDL Plaintiffs. ECF No. 636 at 1. Since the discovery stay has been lifted, Inform has actively participated in the ongoing search term and custodian negotiations that the Court has ordered be resolved by October 20, 2023. *See* ECF No. 634. As part of those negotiations, Google has agreed to over 100 search terms proposed by Plaintiffs, including some proposed by, and specific to, Inform.[3] Further, Inform would benefit from Google's proposal to resolve search term and custodian negotiations, consisting of Google reviewing 100,000 additional documents hitting on search terms of MDL Plaintiffs' choosing and running all agreed-upon search terms over custodial records of 10 additional individuals of MDL Plaintiffs' choosing.

Against that backdrop, Google anticipates that its discovery efforts to date comprise the vast majority, if not all, of the discovery to which Inform is entitled. Notwithstanding Google's voluminous productions and the MDL Plaintiff group's pending demand for yet more document searches, Inform now seeks leave to to serve another 20 Unspecified Supplemental Requests. The Court should deny that request for the reasons set forth below.

*First*, Inform's Unspecified Supplemental Requests reflect an attempt to expand discovery that goes beyond the scope of the Court's Order dated May 31, 2023. In lifting the discovery stay as to Inform, the Court stated that "[i]t does not readily appear that discovery related to the Inform claims would be materially different in kind and scope to that presented by other constituent actions in the MDL." ECF No. 562 at 1. That Order followed a May 16 conference at which the Court stated that: (1) if the stay were to be lifted, "at least it would not expand the universe of discovery in this MDL," H'rg Tr. 35:8-9, May 16, 2023, and (2) its inclination was to lift the stay only "in areas where there would not be an expansion of discovery," *id.* at 36:2-4. But Inform concedes that it is seeking discovery of matters "that are not covered by the other MDL Plaintiffs' allegations." ECF No. 636 at 1.

*Second*, Google has moved to dismiss every one of Inform's federal-law claims "that are not covered by the other MDL Plaintiffs' allegations." *See* ECF Nos. 592-93 and 633 (highlighting Inform's failure to allege: (1) the requisite factors to determine monopoly power in the alleged online video advertising market; (2) that Google's transition from Flash to HTML5 constituted anticompetitive conduct; (3) anticompetitive conduct as to Inform's claims regarding interoperability and encrypted user IDs; (4) tying claims; (5) leveraging claims; and (5) auction

---

[1] The Discovery Steering propounded its Second Requests for Production of Documents (the "Second RFPs") on September 29, 2023, consisting of five requests, and Inform will benefit from any response by Google to those requests as well.

[2] June 13, 2023 email from W. Noss to R. McCallum and E. Brandon.

[3] For example, Google has agreed to the following search string: inform.com OR *newsinc.com OR (zenithmedia-na.com AND (Inform OR NDN OR "News Distribution Network")).

claims). That motion is fully briefed and the Court's ruling could dispose of or narrow Inform's claims—including the claims that are the subject of the Unspecified Supplemental Requests. *See* ECF No 636 at 4. It would be inefficient and highly prejudicial to Google to expand the scope of discovery to sweep in Inform's unique claims, which have been dismissed twice already.

*Third*, Inform's request is premature because Inform does not assert that it has reviewed any, let alone all, of the vast amount of discovery that Google has already produced, nor does it point to any deficiency in that discovery. Although Inform asserts that the Unspecified Supplemental Requests will be "non-duplicative," as best Google can ascertain, they relate to Inform's YouTube-related allegations. *See* ECF 636 at 3-4. Of the millions of documents that Google has already produced, over half a million hit on the terms "YouTube" or "You Tube." And the more than 150 agreed-upon custodians include more than a dozen individuals who work or worked at YouTube, including the current and previous CEOs of YouTube. Inform has not articulated what material it believes is missing from the documents and data that Google has already produced and Inform should be required to do so before being permitted to serve supplemental discovery requests.

*Fourth*, Inform's request is procedurally infirm because Inform has chosen not to supply the Court (or Google) with a copy of the specific requests that it proposes to serve. Without seeing Inform's specific proposals, neither the Court nor Google can properly assess "whether the supplemental discovery requests comply with Rule 26 or are non-duplicative of the requests served by the Discovery Steering Committee" as required by Pre-Trial Order No. 3, ECF No. 311 at 2, or the extent to which they call for discovery that is "materially different in kind and scope to that presented by other constituent actions in the MDL," per the Court's Order lifting the stay, ECF No. 562 at 1.[4]

*Fifth*, Inform's Unspecified Supplemental Requests are an end-run around the Court's Order that Google and all MDL Plaintiffs resolve all outstanding custodian and search term negotiations by October 20, 2023. ECF No. 634. MDL Plaintiffs have requested additional custodians and search strings that are relevant to Inform. Yet despite not knowing what may result from those negotiations, Inform has told Google in separate correspondence that it will seek the addition of a further 62 Inform-specific custodians and another round of search terms—in addition to whatever agreement is reached with the broader MDL Plaintiff group.[5] By making their request for supplemental discovery now, Inform is trying to skirt the limitations of Google's agreement with the broader MDL Plaintiff group to get yet more discovery.

\* \* \*

---

[4] In an analogous context, plaintiffs seeking leave to amend their complaint are required to provide the Court with a copy of any proposed amendments so that the Court can properly assess whether those amendments are warranted. *See Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) ("In order to satisfy the prerequisite of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought.")*; see also* Fed. R. Civ. P. 7(b) (requiring that motions "state with particularity the grounds therefore, and shall set forth the relief or order sought.").

[5] Inform contends that Google never responded to its August 8 letter. But Google responded to Inform and the other MDL Plaintiffs regarding search terms and custodians on September 14, 2023.

October 10, 2023<br>Page 4

Google respectfully requests that the Court deny Inform's request for leave to serve additional discovery. The more efficient path is to wait until the Court has ruled on Google's motion to dismiss Inform's complaint, which is fully briefed, and the parties have resolved their ongoing negotiations regarding custodians and search terms. To the extent that there remain any allegations specific to Inform on which additional discovery is necessary, Inform would have the opportunity to propose supplemental requests at that time. Google respectfully submits that any such supplemental requests should be accompanied by a draft of the proposed requests and an explanation as to why the discovery sought is not adequately covered by the millions of documents and hundreds of terabytes of data that Google has already produced.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and Youtube LLC*

CC: All Counsel of Record (via ECF)