UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING       21-md-3010 (PKC)
ANTITRUST LITIGATION

ORDER

-----------------------------------------------------------x

CASTEL, Senior District Judge:

       The Court has reviewed the October 20, 2023 submissions of the plaintiffs' Discovery Steering Committee and the Google defendants on the outstanding dispute concerning search terms and custodians. It seems that negotiations continued until midnight October 19, resulting in a massive breakdown and doomsday-like predictions.

       Discovery is taking place in the context of the prior production of over two million documents from the discovery conducted by the now-remanded State Plaintiffs. Google reports that its production to the MDL plaintiffs now has been in toto "approximately 6 million documents, approximately 200 terabytes of data, and made available for inspection approximately 80 gigabytes of source code."

       One might expect that the plaintiffs in this MDL would want to proceed to depositions with a goal of a securing swift and certain trial dates here or in the transferor forum. Instead, there seems to be a mindset on the part of the plaintiffs' Discovery Steering Committee of accommodating the demands of each and every plaintiff; while an accommodative approach in some contexts is desirable (and the Court does not seek to minimize the internal difficulties the Committee faces) here it runs the danger of producing unrestrained and unwieldy requests for production.

       A foundational stumbling block seems to be whether this is the one and only round of requests for production. The Google defendants claim that the plaintiffs view

their present requests as a first round to be followed by subsequent rounds of requests as events unfold.  The Google defendants want this round to be the final round as to search terms and custodians.  Neither side is quite right.  True, the Court would likely shut down further rounds of requests framed on the basis of whim, caprice, remote possibilities or the availability of excess lawyer capacity.  But if subsequent developments in the course of discovery (i.e., future productions or depositions) demonstrate that there are significant and relevant documents that were not captured by the prior rounds, then it is a different matter.

       A judicial ruling on custodians and search terms is an inexact and crude tool.  The parties appear to crave such a ruling.

       The Court will conduct a conference in Courtroom 11D on November 2, 2023 at 2 p.m.  Each side shall file in hard copy and email to Chambers in MS Word a proposed Order granting their requested relief and any other briefing it wishes the Court to consider by November 1 at 11 a.m.

       SO ORDERED.

                                                        _/s/ P. Kevin Castel_
                                                          P. Kevin Castel
                                         United States District Judge

Dated: New York, New York
       October 25, 2023