UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |

*This Order Relates To All Consolidated Cases*

**[PROPOSED] ORDER REGARDING GOOGLE SEARCH TERMS, CUSTODIANS, AND THE SCOPE OF SUBSEQUENT DOCUMENT DISCOVERY ON GOOGLE**

P. KEVIN CASTEL, District Judge:

The Court has reviewed the submissions filed by Plaintiffs (ECF Nos. 654, [__]) and Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively "Google") (ECF Nos. 653, [__]), and has considered the arguments made at the conference held on November 2, 2023 regarding search terms, custodians, and the scope of subsequent document discovery on Google.

Google has now produced to Plaintiffs, in total, over six million documents. Taking that into consideration, the Court hereby ORDERS that:

1. Plaintiffs may select from the ten disputed search terms identified in the Discovery Steering Committee's October 20, 2023 letter, ECF No. 654 at Attachment A, any search terms totaling up to 250,000 hits prior to deduplication.

2. Google will add as custodians (1) the three common custodians that Plaintiffs have requested, over which all agreed search terms will be run; (2) the four non-common Daily Mail custodians that Daily Mail has requested; (3) the five non-common Gannett custodians that Gannett requested; and (4) six of the non-common Inform custodians selected by Inform from the 10 identified in the Discovery Steering Committee's October 20, 2023 letter, ECF No. 654 at Attachment A. As to the 15 plaintiff-specific custodians, each of Daily Mail, Gannett, and Inform may select search terms totaling an additional

    50,000 hits post-deduplication, for a total of 150,000 hits.

3. The Discovery Steering Committee or any Plaintiff may seek additional search terms or custodians only if subsequent developments in the course of discovery (i.e., future productions or depositions) demonstrate that there are significant and relevant documents that were not captured by the prior rounds of discovery requests.

4. To the extent the Discovery Steering Committee or any Plaintiff seeks to serve additional RFPs, they must file draft RFPs on ECF that (1) do not overlap with other RFPs previously served in this MDL; (2) comply with Paragraph 3 of this Order; and (3) meet the proportionality and other requirements of Rule 26, with a letter explaining why the RFPs satisfy these three requirements. Within seven days, Google shall state the grounds for any objection to the service of the requests, without prejudice to its right to later assert specific objections permitted under the Federal Rules of Civil Procedure. The Court will then decide whether the Plaintiff(s) may serve the requests.

SO ORDERED.

Dated: New York, New York

    _____, 2023

 

_____
HONORABLE P. KEVIN CASTEL
United States District Judge
Southern District of New York