# Discovery Steering Committee
# In re Google Digital Advertising Antitrust Litigation

January 31, 2024

**VIA ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of MDL Plaintiffs, the Discovery Steering Committee respectfully requests that the Court enter an order compelling Google to produce all written discovery—including all interrogatories and responses thereto, all requests for production and responses thereto, all 30(b)(6) deposition notices and responses thereto, and all discovery-related correspondence—from *United States et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.) ("DOJ Action") within five business days of the Court's Order. The parties have met and conferred but are unable to resolve this dispute without the Court's intervention. No conference is scheduled at this time.

Despite being served with a valid RFP nearly four months ago, Google has refused to produce "written discovery" from the DOJ Action, including interrogatories, requests for production, and other discovery requests or notices, the parties' responses thereto, and discovery correspondence in response to or related to those requests or productions.

Google has articulated no legitimate basis for withholding these materials, which can be easily collected, are not privileged, do not need to be further reviewed—they were served upon opposing counsel, and are indisputably relevant. For instance, through exhibits used at depositions in the DOJ Action, MDL Plaintiffs have become aware of interrogatory responses provided both by Google, including identification of its most recent profit and loss statements, and by DOJ, including identification of documents used to calculate market share (many of which had not been cross-produced to MDL Plaintiffs), that are relevant to this case. Similarly, MDL Plaintiffs have received only a subset of the correspondence between Google and the DOJ, which is also relevant to Google's productions and discovery issues *in this case*.

When MDL Plaintiffs alerted Google of their intent to file this motion, it agreed to provide only Google's responses to interrogatories that had been propounded by DOJ. With respect to the other written discovery, including requests for production, interrogatories, 30(b)(6) deposition notices, and both parties' responses and objections and exchanged discovery correspondence relating thereto, MDL Plaintiffs cannot know what we do not have and thus are forced to file this motion.

I.    Background

On September 29, 2023, MDL Plaintiffs served their Second Set of Requests for Production on Google. RFP 302 requested, among other things, "unredacted copies of all . . . (3) written discovery, including without limitation the discovery requests, responses, and objections, and any production of Documents or information in response to those requests" in the DOJ Action.[1]  MDL Plaintiffs RFP 302 reads in full as follows:

> "To the extent not already produced to or publicly available to Plaintiffs, unredacted copies of all (1) pleadings; (2) filings, including without limitation all motions, memoranda or briefs in support or opposition to all motions, declarations in support or opposition to all motions, and any other exhibits, reports, or Documents filed in support or opposition to all motions; (3) written discovery, including without limitation the discovery requests, responses, and objections, and any production of Documents or information in response to those requests; (4) expert disclosures and reports, including all expert backup materials; and (5) transcripts of depositions, in the following litigation: *U.S. et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va. filed Jan. 24, 2023)." Plaintiffs' Second Set of Requests for Production of Documents to Defendants, No. 302 ("RFP 302").

On October 30, 2023, Google served its responses and objections on MDL Plaintiffs. Google did not object to the relevance of MDL Plaintiffs' requests for "written discovery," and raised boilerplate objections "to the extent" that the request conflicted with a laundry-list of rules, orders and privilege doctrines. *Id.*  Google agreed "to meet and confer regarding the scope of Google's own 'pleadings,' 'filings,' and 'written discovery' that Google is willing to produce." *Id.*  Google's specific response and objections to the relevant portion of MDL Plaintiffs' RFP No. 302 reads in full as follows:

> "Google objects to Request 302 to the extent it purports to impose discovery obligations inconsistent with, or not authorized under the governing Coordination Order in this case, ECF No. 564, and in *United States v. Google*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.), ECF No. 251, the relevant Local Rules in both cases, or the Federal Rules of Civil Procedure. Google further objects to this Request to the extent it seeks documents or information protected from disclosure by statute, rule, regulation, or judicial order. Google further objects to this Request to the extent it seeks documents or information that were prepared in anticipation of litigation, are subject to claims of privilege under the attorney-client privilege, constitute work product, or are otherwise privileged or protected from discovery. Google further objects to this Request as duplicative, in part, of other Requests, including but not limited to Request 300. Google incorporates its

---

[1] The parties have reached agreement as to certain subparts of this request and are in still in negotiations as to another. MDL Plaintiffs reserve all rights to raise, at a later date, disputes concerning portions of RFP 302 that are not before the Court.

   Response to Request 300.  Google further objects to Request 302 as vague and ambiguous because the phrase '[t]o the extent not already produced' is not defined.  Google will interpret '[t]o the extent not already produced' to mean not already produced in the Actions.

   "With respect to '(1) pleadings,' '(2) filings,' and '(3) written discovery,' subject to and without waiving any of Google's objections, Google agrees to meet and confer regarding the scope of Google's own 'pleadings,' 'filings,' and 'written discovery' that Google is willing to produce.'"  Google LLC, Alphabet Inc., and YouTube, LLC's Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents, No. 302.

  The parties have met and conferred for over two months.  MDL Plaintiffs clarified that written discovery includes interrogatories, document requests and other written discovery requests or notices, and responses thereto, and discovery correspondence—all documents of the kind ordinarily retained and organized by counsel in the ordinary course of business.  As examples, MDL Plaintiffs identified certain relevant interrogatories that both Google and DOJ used as deposition exhibits in the DOJ Action and certain one-off discovery correspondence from the DOJ Action related to Google's production failures in the coordinated cases.

  Rather than defending its refusal to produce these documents, Google introduced wasteful and unnecessary delay through unnecessary negotiations about "scope".  Initially, Google asked if MDL Plaintiffs would be willing to identify which interrogatory responses or letters we wanted Google to produce, rather than the more efficient course of Google simply producing all of the documents.  MDL Plaintiffs, not knowing the universe of responsive documents, rejected Google's approach as inefficient and unworkable.[2]  MDL Plaintiffs reiterated that Google should produce a complete set of written discovery, including interrogatory responses and discovery letters, as the straightforward and simple solution.  Google said it would consider this approach but then failed to provide any clarity as to its position.

  In the parties' January 19 meet-and-confer, Google changed tack and indicated that it now objected to producing the requested written discovery given the potential for a coordination order in *The State of Texas, et al. v. Google LLC*, No. 4:20-CV-957-SDJ (E.D. Tex.) ("Texas Action").[3]  *See* Texas Action ECF 194 at 5 (ordering the parties "to confer and make a joint proposal concerning a potential coordinated discovery order").  Although RFP 302 was served in September 2023, before Texas' departure from the MDL, Google now asserted that production of interrogatory responses and discovery letters from the EDVA action should be a bargaining chip in negotiations with MDL Plaintiffs and Texas over coordination in the Eastern District of

---

[2] RFP 302 also requested unredacted versions of filings in the DOJ Action.  In contrast to written discovery, MDL Plaintiffs had access to the public docket for the DOJ Action, such that MDL Plaintiffs could—and did—identify the specific redacted filings for Google to produce.

[3] The coordination order proposed by the State of Texas and Google on January 26, 2024, with input from MDL Plaintiffs, in the Eastern District of Texas does not resolve the parties' dispute over RFP 302 and written discovery from the DOJ Action.

Texas. Plaintiffs rejected this course-change as what it was—a transparent attempt to manufacture further delay. That Google never intended to negotiate in good faith is confirmed by its recent coordination proposal in the Texas Action that would reject cross-production of written discovery on any terms.

Later that day, having been alerted that MDL Plaintiffs intended to file this motion, Google conceded its position was indefensible: It agreed to produce its own interrogatory responses. But it continued to refuse to produce any other written discovery served in the DOJ Action. Google took a week to produce its own interrogatory responses, on January 26, 2024—nearly four months after being served with the underlying RFP.

The parties are at impasse regarding the remaining written discovery sought by RFP 302. MDL Plaintiffs respectfully seek the Court's intervention to resolve this dispute swiftly.

### II.     Standard

Parties are entitled to discovery of documents in the possession, custody or control of other parties, so long as they are relevant to any party's claim or defense" and, "[a]lthough not unlimited, relevance for purposes of discovery is an extremely broad concept." *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon*, 2018 WL 2215510, at *6 (S.D.N.Y. May 15, 2018) (internal quotation marks and citations omitted). "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Id.* at *7 (citation omitted). Furthermore, "circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015).

### III.    Argument

The interrogatory responses of both parties and the discovery correspondence in the DOJ action are relevant and within Google's control, and the burden of producing them is *de minimis*. As Google has provided no valid basis to withhold these materials, they should be produced.

#### A. The Requested Materials Are Relevant, Proportional, and Promote Efficiency in the Litigation

Google has never contested the relevance of written discovery from the DOJ Action, and the burden of producing the requested written discovery is minimal.

Written discovery propounded by either party in the DOJ Action is relevant to the parties' claims and defenses in this case. That is why *Google* sought to coordinate discovery between the DOJ Action and the MDL. *See* ECF 441 (Google stating "The complaint asserts the same theories as those at issue in this MDL (including monopolization under Section 2 and tying) and seeks largely the same relief (including injunctive and structural remedies)."); ECF 536 (Google stating that it "sought transfer of the Virginia Case to this Court so that discovery could be most

efficiently coordinated and to avoid the risk of inconsistent rulings presented by substantially similar cases being litigated in two different courts.").

Relevant information is not limited to Google's responses to discovery propounded by DOJ. For example, a corrected supplemental interrogatory response by DOJ to Google's third set of interrogatories provides information concerning Google's market share for publisher ad servers. Interrogatories and discovery requests propounded by Google provide strong indications of its likely defenses in the DOJ Action *and* this action, and DOJ's responses also identify key factual issues. For example, in reviewing DOJ's responses to a Google interrogatory regarding calculations of publisher ad server market share that was used as a deposition exhibit, MDL Plaintiffs identified dozens of third-party data files from the DOJ Action—to which Google *has* access—that Google has not yet re-produced in the MDL. And others of Google's responses and objections—to requests for documents and 30(b)(6) deposition notices, which it has not agreed to produce—may also contain factual or definitional admissions by Google relevant to MDL Plaintiffs' cases, but MDL Plaintiffs have no way of ascertaining that.

Discovery correspondence is often essential to understand the materials produced or the parameters under which depositions were taken. For instance, Google has used discovery correspondence in the MDL in attempting to clarify the scope of its productions and the fields in its data productions. *E.g.*, Letter from D. Pearl to W. Noss (Aug. 25, 2023) (discussing fields in Google's data productions); Letter from M. Evans-Aziz to Discovery Steering Committee (June 28, 2023) (describing Google's centrally stored document systems). Moreover, the correspondence between Google and DOJ in the Virginia Case is central to understanding the scope of the documents produced by Google in this MDL case since Google has expressly decided that it would simply re-produce its DOJ production as part of its MDL production here. E.g., ECF 632 (Google noting that, "Consistent with the Coordination Order entered by this Court, ECF No. 564, Plaintiffs in this MDL have received the benefit of the voluminous discovery negotiated with the Department of Justice and Produced by Google in the Eastern District of Virginia.").

Likewise, the correspondence between Google and the DOJ negotiating the scope of the noticed topics for the 30(b)(6) depositions taken in the DOJ Action is essential for MDL Plaintiffs to understand the scope of testimony in the transcripts we have received and in determining the scope of potential additional 30(b)(6) depositions of Google.

Further, correspondence about discovery disputes, like a December 7, 2023, letter from DOJ to Google—which MDL Plaintiffs received from DOJ—highlights deficiencies in Google's productions and privilege logs to DOJ (and the MDL Plaintiffs). Disclosure of all such discovery correspondence will promote efficiency and coordination, including by permitting the MDL Plaintiffs *not* to re-open or re-litigate issues that may have been fully resolved in the DOJ Action.

The request for full sets of interrogatory responses and discovery correspondence is proportionate. MDL Plaintiffs have no way of knowing what we have and what we lack, and Google should not be allowed to narrowly parse relevance when the burden of production is so

Hon. P. Kevin Castel
January 31, 2024
Page 6 of 7

low.  The burden of collection, review, and production is *de minimis*: The collection of these materials from law-firm file management systems can be accomplished by competent paralegals in short order.  And given the coordination of discovery and protective orders between the cases and the fact that these materials were served to opposing counsel, there is no need for extensive attorney review of the requested materials prior to production.

All written discovery from the DOJ Action is relevant, in Google's possession, and proportional—and it should be produced.  *See, e.g.*, *Watchfire Signs LLC v. Catalyst Outdoor Advert. LLC*, No. 21-CV-2128, 2022 WL 18539346, at *4 (C.D. Ill. July 28, 2022) (ordering defendants to produce "all pleadings, written discovery responses, document productions, and deposition transcripts" in a related case where "The parties have significant overlap, and the core facts of both complaints are nearly identical."); *Iguana, LLC v. Lanham*, No. 7:08-CV-9 CDL, 2011 WL 5154062, at *7 (M.D. Ga. Oct. 28, 2011) (ordering a party to produce "all of the written discovery requests and responses for the [related] litigation, and non-privileged correspondence related to the [related] litigation").

**B.  Google Has No Valid Basis to Withhold the Requested Materials**

Google has advanced no valid basis for withholding a full set of both parties' interrogatory responses and discovery correspondence in the DOJ Action and should be compelled to produce the requested documents.

Earlier this month, Google indicated it would negotiate its obligation to respond to MDL Plaintiffs' validly served RFP for materials from the DOJ Action only in the context of the Texas coordination order.  In truth, Google never intended to negotiate; it eventually rejected producing written discovery on any terms.  Regardless, RFP 302 was served in September 2023, before Texas left the MDL and during the coordinated discovery period with the DOJ Action (*see* MDL Coordination Order, ECF No. 564, at 2), and coordination between the MDL and the Texas Action is immaterial to compliance with MDL Plaintiffs' request for interrogatory responses and discovery correspondence in the *DOJ Action*.  In addition, far from prohibiting RFP 302, the MDL Coordination Order does not address written discovery, such as interrogatory responses and discovery letters.  Instead, the MDL Coordination Order provides:

> "Shared Discovery.  Notwithstanding the Protective Orders, Counsel may disclose Shared Discovery to any other Counsel, provided that Shared Discovery may not be disclosed to either (i) any Counsel representing an MDL Plaintiff as to which discovery has been stayed or has not begun; or (ii) Counsel representing Meta while the NBA Stay is in effect."  *Id.* at 7.

Under the MDL Coordination Order, "'Shared Discovery' means documents and data produced during fact discovery in a Coordinate Case and does not include Expert Discovery." *Id*. at 6.  Google asserted during the January 19 meet-and-confer that "Shared Discovery" means documents produced with a Bates number and does not include written discovery, such as the interrogatory responses and discovery dispute letters sought by RFP 302.  But the MDL Coordination Order is silent on the production of written discovery and does not support

Hon. P. Kevin Castel
January 31, 2024
Page 7 of 7

Google's position. Federal Rule of Civil Procedure 26 thus controls: because the requested written discovery is relevant and proportional, it is discoverable and should be produced. Fed. R. Civ. P. 26(b)(1).

Google's other amorphous, evolving contentions regarding the materials at issue—described variously above—do not justify any further delay in producing the requested materials.

*** 

For the foregoing reasons, MDL Plaintiffs respectfully request that the Court order Google to produce all written discovery—including all interrogatories and responses thereto, all requests for production and responses thereto, all 30(b)(6) deposition notices and responses thereto, and all discovery-related correspondence—from the DOJ Action within five business days. In the alternative, MDL Plaintiffs respectfully request that the Court hold a conference to discuss these issues to have them resolved promptly.

Respectfully submitted,

*/s/Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*/s/Jordan Elias*
Jordan Elias
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
jelias@girardsharp.com

*/s/Serina M. Vash*
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copy to:  All Counsel via ECF