# Discovery Steering Committee
# In re Google Digital Advertising Antitrust Litigation

February 1, 2024

**VIA ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of MDL Plaintiffs, the Discovery Steering Committee respectfully requests that the Court enter an order compelling Google to produce all "DOC LINK" metadata it previously produced to the Department of Justice during the DOJ's pre-suit ad tech investigation and *United States et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.) ("DOJ Action") within five business days from the date of the Court's order. The parties have met and conferred but are unable to resolve this dispute without Court intervention. No conference is scheduled at this time.

Google produced roughly 2.9 million documents to MDL Plaintiffs that were previously produced to the DOJ ("DOJ Production"). As part of its productions to the DOJ, Google also produced to the DOJ, but not to MDL Plaintiffs, "DOC LINK" metadata that indicates whether documents are "linked"—*i.e.*, where document A includes a hyperlink to document B, document A's metadata shows the Bates number of document B (and vice versa). Without this metadata, it is difficult, if not impossible, to find the hyperlinked documents or determine whether Google even produced them. This metadata is doubly important because Google employees, in internal correspondence, often link to internal shared documents that may not have an identified custodian, as a substitute for traditional e-mail attachments. Key versions of design documents and launch documents, which detail the workings and teams for challenged manipulations, are routinely identified in emails with notations like, "the design document can be found [here](here)."

This Court's Order Regarding Discovery Procedure ("ESI Protocol") requires production of "DOC LINK" metadata. ECF 508 at 19, 23-24. Google nevertheless produced the DOJ Production to MDL Plaintiffs *without* "DOC LINK" metadata. MDL Plaintiffs first asked Google to explain the lack of any "DOC LINK" metadata in its productions in June 2023. Google did not respond. Nor did Google ever disclose that it had removed this available metadata from its re-productions to MDL Plaintiffs. MDL Plaintiffs learned that Google produced "DOC LINK" metadata to the DOJ based on the DOJ's use of this metadata during depositions in the DOJ Action. The DOJ used printouts of this metadata to establish that documents were "linked" to internal communications. MDL Plaintiffs—who were required to cross-notice a deposition or forfeit the right to later depose that witness—did not have access to

Hon. P. Kevin Castel
February 1, 2024
Page 2 of 5

this information for depositions in the DOJ Action.  Further, MDL Plaintiffs also recently discovered that Google produced the "DOC LINK" metadata to the DOJ *over three years ago*.

Despite further requests, Google has still not produced all "DOC LINK" metadata produced to the DOJ.  Since September 2023, Google has produced "DOC LINK" metadata for only 5 percent of the DOJ Production (and even less for documents produced in the pre-suit investigation), and it has repeatedly refused to indicate when (if ever) it will produce the remainder.  Google's continued delay hinders MDL Plaintiffs' ability to prepare for and use this information in depositions.  Accordingly, the Court should order Google to provide it promptly.

I. **Background**

On March 17, 2023, this Court entered the ESI Protocol.  ECF 508.  It requires the production of "DOC LINK" metadata, which is defined as "Metadata tying linked and linking documents, per Section J, below."  *Id.* at 19.  Section J provides: "the producing party shall conduct an automated search across all emails to be produced, where the producing party has access to a tool capable of performing such an automated search, to identify any emails that contain links to another document and will conduct a reasonable search for the document corresponding with each identified link."  *Id.* at 23-24.  It further provides: "A receiving party may also make reasonable and proportionate requests that the producing party conduct a reasonable search for relevant documents identified via hyperlinks. For each link identified by the receiving party, the producing party shall conduct a reasonable search for the document corresponding with the link."  *Id.* at 24.

On May 30, 2023, Google produced approximately 800,000 documents that had been previously produced to the DOJ.[1]  *See* Ltr. from J. Sessions to T. Maya (May 30, 2023).  Google had also earlier re-produced to MDL Plaintiffs approximately 2.25 million other documents it had produced to the DOJ during the DOJ's pre-suit investigation.  *See* ECF 550, at 1 (May 15, 2023 Letter from Justina Sessions to the Court).  None of these productions to MDL Plaintiffs contained "DOC LINK" metadata.

In a June 22, 2023, letter, MDL Plaintiffs raised Google's failure to produce any "DOC LINK" metadata and requested that Google "advise as to how Google identified links within its own collected set of documents, and why Google has not produced a 'DOC LINK' field in accordance with the ESI Order."  Ltr. from P. Korologos to R. McCallum (June 22, 2023), at 4.

---

[1] These documents were produced in response to MDL Plaintiffs' RFP No. 274(a).  MDL Plaintiffs' First Set of Requests for Production, of which RFP No. 274(a) was a part, also included an instruction (Instruction No. 8) that all documents should be produced with metadata. Neither the specifics of the RFP nor Google's responses and objections are addressed by this letter.  MDL Plaintiffs note that Google designated the entirety of its Responses and Objections to Plaintiffs' First Set of Requests of Production as "Highly Confidential," preventing excerpts from being filed except in compliance with the extensive procedures and sealing requirements set forth in the Modified Confidentiality Order ¶ 21 and other applicable rules and practices of the Court, which would further delay having this issue resolved.

Hon. P. Kevin Castel
February 1, 2024
Page 3 of 5

Google never explained how it identified links within its collected set of documents or why it had not produced "DOC LINK" metadata in accordance with the ESI Protocol.

In August 2023, MDL Plaintiffs learned that Google had already produced "DOC LINK" metadata to the DOJ. In depositions in the CID investigation and in the DOJ Action, certain exhibits used by the DOJ contained printouts of metadata for those documents. *See, e.g.*, 10/20/2020 C.L. CID Dep. Tr. at 199:4-10 (stating on the record that Exhibit 2, GOOG-DOJ-04004392, is linked to Exhibit 1 according to the metadata); 8/11/2023 A.P. Dep. Tr., Exhibit 1 (showing a printout of linked document metadata for GOOG-DOJ-05277697).[2] In a September 29, 2023, letter, MDL Plaintiffs questioned why Google had "produced to MDL Plaintiffs documents bearing the same Bates labels as these exhibits *but has not produced any linked document metadata* for those documents, even though at least some of that metadata was available *over three years ago*." Ltr. from Discovery Steering Committee to R. McCallum (Sept. 29, 2023), at 5.

Over three months of meet-and-confers, Google has not asserted any objection to re-producing the requested metadata but has repeatedly been unable to provide any update on the status of such a production despite repeated requests from MDL Plaintiffs. Since September 2023, Google has produced "DOC LINK" metadata for approximately 155,000 documents (only about five percent) of the 2.9 million documents produced to the DOJ. While MDL Plaintiffs do not know the total volume of missing "DOC LINK" metadata, it likely corresponds to hundreds of thousands of documents: nearly 24 percent of documents produced this fall to MDL Plaintiffs (bearing Bates labels beginning GOOG-AT-MDL-) include "DOC LINK" metadata. In light of Google's months-long delay, Court intervention is required to compel the timely re-production.

**II.     Argument**

"Metadata is not addressed directly in the Federal Rules of Civil Procedure but is subject to the general rules of discovery." *Aguilar v. Immigration & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 355 (S.D.N.Y. 2008). "Metadata thus is discoverable if it is relevant to the claim or defense of any party and is not privileged." *Id.* "[T]he burden rests with the party objecting to the production of metadata or ESI to show undue hardship or expense." *Susquehanna Commercial Fin., Inc. v. Vascular Res., Inc.*, 1:09-CV-2012, 2010 WL 4973317, at *13 (M.D. Pa. Dec. 1, 2010).

MDL Plaintiffs respectfully request that this Court issue an order requiring production of all "DOC LINK" metadata previously produced to the DOJ for three reasons. *First*, Google is required to produce this metadata pursuant to the ESI Protocol, ECF 508 at 19, 23-24, and to comply with its document production obligations, RFP 274(a) & Instruction No. 8. This metadata is relevant and necessary for the accurate interpretation of relevant documents in

---

[2] In these documents and in other documents with "DOC LINK" metadata that Plaintiffs have subsequently received, "DOC LINK" metadata is reflected through two fields: "LinkedParentID" and "LinkedAttachmentID". For the avoidance of doubt, these are the metadata fields MDL Plaintiffs seek.

Hon. P. Kevin Castel
February 1, 2024
Page 4 of 5

Google's productions. *See Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, 2:11-CV-3471 KJM AC, 2017 WL 445722, at *12 (E.D. Cal. Feb. 2, 2017) (ordering defendant to produce all ESI with all metadata attached); *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 108 (E.D. Pa. 2010) ("[T]he Court finds that Plaintiffs are entitled to have documents produced in native format with their associated metadata.").

*Second*, this "DOC LINK" metadata has already been produced to the DOJ; thus, there is no burden in re-producing it. *See* ECF 244 at 2 ("Because the document production was a mirror copy of prior productions that already existed in an electronic format, it could be accomplished without significant difficulty or expense."). Google will not be required to re-produce *any* documents previously produced to the DOJ; it can produce an "overlay" file that includes the missing metadata, as it has done for later production sets. *See* Ltr. from E. Yung to Discovery Steering Committee (Nov. 9, 2023) (noting production of partial metadata overlay); *see also* The Sedona Conference Glossary: eDiscovery and Digital Information Management, at 347 (5th ed. 2020) (explaining that an overlay file is a "type of text-delimited load file used to add, modify, or remove information from existing records in a database.").

*Third*, by making it easier to understand and use Google's document productions, access to this metadata will facilitate efficiency in deposition preparation and presentation of the evidence. *See Aguilar*, 255 F.R.D. at 362 (granting in part motion to compel production of metadata where "metadata could potentially have some relevance and increase the utility of the documents"). Conversely, Google's failure to produce this metadata imposes additional burdens on both MDL Plaintiffs and Google. Without this metadata, MDL Plaintiffs are forced to expend wasteful document review time in attempts to identify linked documents in preparation for depositions. And without it, MDL Plaintiffs must make specific requests for missing hyperlinks in key documents, triggering a requirement under the ESI Protocol for Google to "conduct a reasonable search for the document[s] corresponding with the link[s]." ECF 508 at 24. Production of the metadata at issue can be expected to help obviate or minimize these serial requests.

In view of the foregoing, the Court should order Google to produce all "DOC LINK" metadata produced to the DOJ within five business days of the Court's order. In the alternative, MDL Plaintiffs respectfully request that the Court hold a conference to discuss these issues to have them resolved promptly.

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

Hon. P. Kevin Castel
February 1, 2024
Page 5 of 5

*/s/ Jordan Elias*
Jordan Elias
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
jelias@girardsharp.com

*/s/ Serina M. Vash*
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copy: All Counsel via ECF