

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Washington**
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T +1 202-777-4500
E eric.mahr@freshfields.com
www.freshfields.com

February 6, 2024

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

We write on behalf of Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively, "Google") in response to Plaintiffs' Letter Motion to Compel DOC LINK metadata.  ECF No. 687.  Plaintiffs' Motion is moot and a waste of judicial resources because Google had already agreed to produce, and has produced, a metadata overlay which addresses the issues that are the subject of the instant Motion.  Despite being under no obligation to provide it, Google told Plaintiffs on January 12, 2024, that Google was in the process of preparing a DOC LINK metadata overlay and would provide it when ready.  Then, without any further inquiry, Plaintiffs filed the instant Motion on February 1.  Had they asked Google about the status of the overlay, Plaintiffs would have learned that they would receive it on February 2.  Plaintiffs' Motion also misrepresents the parties' respective obligations under the governing ESI Order, ECF No. 508, and makes a series of other false statements that we correct below.  No conference is scheduled.

Plaintiffs' various assertions that Google has not complied with the ESI Order as to DOC LINK metadata are all false.  Google was not required to provide the overlay in question because it relates to documents reproduced from the DOJ's pre-suit investigation and not documents produced in response to discovery requests in this case.  The ESI Order *only* applies "to Documents and ESI that is to be produced in the first instance" in this case, *id.* at 2, and does *not* apply to "Investigation Materials."  *Id.* at 2, n.1.  Moreover, as Plaintiffs know, Appendix J of the ESI Order only applies to "documents responsive to properly propounded requests issued pursuant to Fed. R. Civ. P. 34 or 45."  *Id.* at 23.  For those documents—which are not the subject of the instant Motion—the "producing party shall conduct an automated search across all emails to be produced … [and] will conduct a reasonable search for the document corresponding with each identified link."  *Id.* at 23-24.  Google fully complied with Appendix J by providing DOC LINK metadata on September 15, 2023, October 20, 2023, and November 9, 2023.  Plaintiffs do not contend otherwise.

February 6, 2024
Page 2

In any event, Plaintiffs' Motion is moot. Despite being under no obligation to do so, Google agreed to provide DOC LINK metadata for those documents that were carved out of the ESI Order. On February 2, 2024, Google provided Plaintiffs with an overlay containing the output of an automated script run across produced emails.[1] This addressed the issues raised by Plaintiffs in the instant Motion. Indeed, as requested by Plaintiffs, ECF No. 687 at 3, n.2, the overlay contains both LinkedAttachmentID and LinkedParentID metadata fields. Google ran the DOC LINK script over the same production volumes for which the DOJ received linked document metadata during its investigation, and also over all ad tech litigation productions.[2]

Plaintiffs' Motion contains a range of other false statements which we correct below.

*First*, Plaintiffs falsely state that "Google has repeatedly refused to to indicate when (if ever) it will produce" DOC LINK metadata. *Id.* at 2. Google told Plaintiffs on January 12, 2024 that it was in the process of preparing an overlay and would provide it when ready. Plaintiffs did not raise the issue at the meet and confers held on January 19 and January 26, and then filed their Motion on February 1. Had they met and conferred in good faith on this issue before filing their Motion, they would have learned that they would be receiving the overlay on February 2.

*Second*, Plaintiffs falsely state that "Google never explained how it identified links within its collected set of documents." *Id.* at 3. Google has provided those explanations on multiple occasions during protracted negotiations of the governing ESI Order. Google also briefed these issues and addressed them in oral argument. ECF No. 434 at 12-13; ECF No. 481 at 29:13-30:4.

*Third*, Plaintiffs falsely state that an "instruction" buried in Plaintiffs' Request for Production No. 274(a) somehow trumps the governing ESI Order. ECF No. 687 at 2, n.1. It does not, and Google told Plaintiffs as much in its timely served Responses and Objections.

\* \* \*

Plaintiffs filed their Motion prematurely and their request is now moot. Google has produced a metadata overlay that addresses the issues raised in Plaintiffs' Motion. Plaintiffs should withdraw their Motion or it should be denied as moot.[3]

---

[1] Each time linked document information is provided, the automated script is run anew because linked document metadata is not part and parcel of a document itself; there is no static linked document metadata field that always sits with a document. Rerunning the script ensures that the produced metadata accurately captures clawbacks and throwbacks.

[2] Due to clawbacks and throwbacks that have occurred since the overlays were provided during the investigation, there may be certain limited information provided in the DOJ investigation overlays not reflected in the overlay produced on February 2, but that information would relate to outdated iterations of a document production.

[3] Earlier today, Plaintiffs offered to withdraw their Motion on condition that Google represents that the overlay addresses all of their concerns. As described in this submission, the overlay that Google has provided differs in nuanced ways from the outdated overlay that Plaintiffs requested. We await Plaintiffs' review of the overlay and remain available to meet and confer.

Respectfully submitted,

*/s/* Eric Mahr
Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
Telephone: (202) 777-4500
Email: eric.mahr@freshfields.com

Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)