

BRADLEY D. JUSTUS
1901 L STREET NW
WASHINGTON, DC  20036
202.469.3532
BJUSTUS@AXINN.COM

February 6, 2024

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    <u>In re Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC)</u>

Dear Judge Castel:

      We write on behalf of Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively, "Google") in response to Plaintiffs' Motion to Compel concerning Request for Production 302. ECF No. 686. Plaintiffs' Motion is their latest salvo in a broader campaign to relitigate settled issues and blow up coordination across the three ad tech cases. In recent weeks, Plaintiffs and the now-remanded State Plaintiffs[1] have filed submissions in the Virginia Case[2] and the Texas Case seeking relief on each other's behalf. Although Plaintiffs' Motion purports to carve out "portions of RFP 302 that are not before the Court," *id.* at 2, n.1, Plaintiffs fail to mention that they have recently and unsuccessfully litigated other portions of RFP 302—notably, "(4) expert disclosures and reports"—before the Virginia Court. The reasoning underpinning Magistrate Judge Anderson's rejection of Plaintiffs' efforts to obtain that discovery and the attendant findings of prejudice to Google overlap with and are relevant to the relief sought by Plaintiffs here. A copy of the transcript of that argument is attached hereto as Exhibit A. In addition, Plaintiffs are sponsoring an effort in the Texas Case to undermine that recent ruling, and to establish a new "coordination" regime containing various provisions—previously rejected by this Court and by Magistrate Judge Anderson—intended to circumvent the discovery limits set by this Court. No conference is scheduled.

      The instant Motion is limited to one of five subcategories within RFP 302, which Plaintiffs served more than eight months after their initial round of 301 exhaustive discovery demands.[3] Although Plaintiffs now seek to compel production of "all interrogatories and responses thereto, all requests for production and responses thereto, all 30(b)(6) deposition notices and responses

---

[1] *Texas et al. v. Google LLC*, No. 4:20-cv-00957-SDJ (E.D. Tex.) (the "State Plaintiffs" in the "Texas Case").

[2] *United States, et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.) (the "Virginia Case").

[3] Google resolved subcategories "(1) pleadings" and "(2) filings" by pointing Plaintiffs to unredacted docket entries. Plaintiffs have litigated (and lost) their request for "(4) expert disclosures and reports" before Magistrate Judge Anderson. *See* Ex. A at 30:19-23. And Plaintiffs have all "(5) transcripts of depositions" as a result of coordinated discovery.

thereto, and all discovery-related correspondence," in the meet-and-confer process Plaintiffs pursued only "interrogatory responses" and "discovery correspondence." Google produced its own responses to the DOJ's interrogatories, but declined to produce the DOJ's responses to Google's interrogatories (or discovery correspondence more generally).

Plaintiffs' Motion should be denied because Plaintiffs have no legitimate need for further materials. Google has already produced its own interrogatory responses containing facts and contentions relating to *Google*. What Plaintiffs now seek is a shortcut to preparing their own case or a roadmap to discovery issues that they might relitigate. There is simply no legitimate reason that Plaintiffs need access to *the DOJ's* discovery demands or responses or the DOJ and Google's negotiation history. In denying Plaintiffs' recent motion seeking expert materials covered by RFP 302, Magistrate Judge Anderson observed that Plaintiffs can address any legitimate questions regarding the scope of discovery in the Virginia Case through informal coordination with the DOJ. Ex. A at 30:8-18. The DOJ confirmed that such informal coordination is already ongoing. *Id*. at 13:2-10.

Nothing more should be required of Google. Plaintiffs' Motion, if granted, will undoubtedly generate further fishing expeditions and unnecessary discovery disputes. This Court has previously cautioned Plaintiffs against "delay and volume for the sake of a lodestar," ECF No. 560 at 29:13-14, and has further cautioned that it will "be looking to see who's trying to blow up coordination." *Id*. at 30:12-15. As set forth below, Plaintiffs have ignored that guidance and will continue to do so unless and until reined in by the Court.

**Plaintiffs' Earlier Efforts to Access the DOJ's Work in the Name of "Efficiency" Were Rejected**

On January 19, 2024, Plaintiffs filed a motion in the Virginia Case seeking an order permitting them—and the State Plaintiffs who fought to leave this MDL—early access to the DOJ's expert reports to give Plaintiffs a head start on their own reports. EDVA ECF Nos. 510; 512; 513; Ex. A at 5:14-17 ("[F]or some reason, you, a non-party in this case, a party in the New York case, are coming in and asking for relief that would also apply to the Texas case.").[4]

Much like the instant Motion, Plaintiffs represented to Magistrate Judge Anderson that their effort to secure expert reports was to promote efficiency in fact discovery. But in fact they were seeking to game the staggered deadlines between coordinated cases to gain an unfair tactical advantage in this MDL. Ex. A at 6:17-21 (MDL PLAINTIFFS' COUNSEL: "This motion is not about our expert schedule. . . . THE COURT: Oh, it is. It is about the expert schedule. You want to see the experts' reports in our case before you have to do your experts reports in New York.").

Magistrate Judge Anderson denied Plaintiffs' motion on the grounds that even permitting the DOJ to share its own expert reports with Plaintiffs would cause prejudice to Google. *Id.* at 29:21-30:1. In finding that prejudice, the court agreed with Google that Plaintiffs "are likely to just adopt everything that's been done here [in the Virginia Case] and give their own spin on it." *Id*. at 25:14-20.

---

[4] The coordination order entered by this Court provides that "Expert Discovery shall not be shared . . . pending further order." ECF No. 564 ¶ 7.

Undeterred, twelve hours after Magistrate Judge Anderson denied Plaintiffs' motion, State Plaintiffs filed a proposed coordination order in the Texas Case that would *require* the sharing of expert reports (including *Google's* reports) across the Texas Case and this MDL.  EDTX ECF No. 215 at 10.  Plaintiffs concede that they had "input" into the filing in the Texas Case, ECF No. 686 at 3, n.3, which seeks to relitigate the ruling they received from Magistrate Judge Anderson earlier in the day.  But "input" is an understatement:  Plaintiffs are in fact *driving* the effort in Texas to reopen and relitigate the terms of the prior coordination orders entered by this Court and by Magistrate Judge Anderson.[5]

Under the new "coordination" proposal that Plaintiffs are sponsoring in Texas, *see* ECF No. 686 at 3, n.3, Plaintiffs seek to leverage the scheduling order in the Texas Case—which permits 40 depositions per side—to undermine this Court's scheduling orders and the limitations on discovery set forth in Pre-Trial Order No. 5.  ECF No. 394; EDTX ECF No. 214.  If granted, Plaintiffs' proposal in the Texas Case would provide them upwards of 40 extra hours of deposition time—or the equivalent of almost six additional depositions on top of the 15 depositions that this Court's scheduling order permits.  ECF No. 394 ¶ 6.5.  Magistrate Judge Anderson rejected an identical proposal last year on the basis that "[t]he court has set limits on the number of depositions to be taken in this action, and plaintiffs' proposal would in essence undermine those limits." EDVA ECF No. 201 at 2.  And this Court has stated that Plaintiffs "are going to have to persuade [the Court] why you need who you need when you're going above the [deposition] limits."  ECF No. 291 at 57:18-58:8.[6]

**The Court Should Deny Plaintiffs' Motion to Compel Production of Discovery Requests and The DOJ's Discovery Responses**

Against that backdrop, Plaintiffs' instant Motion reflects their latest attempt to get "whatever the plaintiffs can get out of Virginia" without regard to meaningful coordination.  ECF No. 560 at 11:21-12:23.  Plaintiffs continue to ignore Magistrate Judge Anderson's guidance that coordination orders are "intended to coordinate" discovery between cases but "not consolidate the discovery" across cases.  EDVA ECF No. 201 at 2.  Plaintiffs instead continue to demand total consolidation of all discovery and discovery-related material across cases, and are now expanding that campaign to include the Texas Case.

Plaintiffs couch their Motion as one that will "promote efficiency and coordination."  ECF No. 686 at 5.  But it is difficult to seriously credit the notion that providing Plaintiffs with a library of discovery demands and meet-and-confer correspondence will *actually* encourage "MDL Plaintiffs *not* to re-open or re-litigate issues that may have been fully resolved" in the Virginia Case.  *Id.*  Plaintiffs have explicitly told Google that they view it as their "right" and "entitlement" to reopen and relitigate any discovery issues regardless of any resolutions reached with the DOJ.

---

[5] Plaintiffs participated in and led many of the meet- and-confers and sought to relitigate provisions specific to the MDL.  And some of State Plaintiffs' proposed "concessions" were contingent on Google's agreement to Plaintiffs' demands.

[6] Plaintiffs are also proposing to double the time that they get on the record in depositions where Plaintiffs and MDL Defendant Meta are the only parties that notice or cross-notice a Google deposition.  Plaintiffs already argued for a similar provision in this Court.  *See* ECF No. 542 at 7.

If that is true, then there is no reason to see discovery correspondence at all, as it would be irrelevant.

As a result, Google respectfully submits that the Court can and should limit the "extent of discovery" in light of the "cumulative or duplicative" nature of their requests which "can be obtained from some other source that is more convenient," and where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" Fed. R. Civ. P. 26(b)(2)(C).[7]

**The DOJ's Interrogatory Responses**. Google has already produced its own responses to interrogatories propounded by the DOJ, and Plaintiffs now seek the DOJ's responses to Google's interrogatories. But Plaintiffs are not entitled to them for the same reasons that Magistrate Judge Anderson has explained that they are not entitled to the DOJ's expert reports, *i.e.*, because they reflect the DOJ's computation of damages and other information prepared by its experts. Ex. A at 25:16-20 ("So why don't we make them do their own work, honestly, and come up with their own opinions independent of what the DOJ experts do?"); *id.* at 26:25-27:2 ("And why is it that you think I need to give [Plaintiffs] a head start on your expert's reports when they already have six more months to do it?").

Plaintiffs may be curious to see the DOJ's interpretation of various documents and data to which Plaintiffs already have access, and to piggy-back off the DOJ's work. But Plaintiffs have their "own independent duty to look at the documents and find the documents" themselves. Ex. A at 26:3-5. If they have questions about how the DOJ decided to put together its case, there is nothing stopping Plaintiffs from informally coordinating with the DOJ, as they have been doing.

Plaintiffs also seek to justify their Motion on the basis that they have identified "dozens of third-party data files" that "Google has not yet re-produced in the MDL." ECF No. 686 at 5. But Plaintiffs admitted to Google that they actually failed to ask for these files.[8] Plaintiffs subsequently requested those documents and Google has agreed to produce them.

**Requests for Production**. Plaintiffs do not need a library of Requests for Production propounded in the Virginia Case. They have already served over 300 of their own, which they represented were "comprehensive" and covered "all aspects of the case." ECF No. 371 at 8. Providing Plaintiffs with a library of the requests that the DOJ decided to serve will inevitably encourage Plaintiffs to pursue any that they did not initially consider to be relevant or a priority.

---

[7] Neither of Plaintiffs' out-of-circuit cases suggest that further discovery is required in light of the procedural posture of this case and the massive amount of discovery that Plaintiffs already have. In *Watchfire Signs LLC v. Catalyst Outdoor Advert. LLC*, the Central District of Illinois ordered production of materials from another case because it was relevant to the plaintiffs' veil-piercing claims. No. 21-CV-2128, 2022 WL 18539346 (C.D. Ill. July 28, 2022). And *Iguana, LLC v. Lanham* involved a motion for sanctions for failure to produce documents that the defendant had already agreed to produce. No. 7:08-CV-9 CDL, 2011 WL 5154062, at *7 (M.D. Ga. Oct. 28, 2011).

[8] Further, certain third-parties objected to Google sharing such files with Plaintiffs absent a Modified Confidentiality Order. The Court granted Google's consent motion for a Modified Confidentiality Order on January 18, 2024. ECF No. 685.

Plaintiffs' demand for these materials rings hollow in light of their recent concession that Google produced *too many* documents. Indeed, Plaintiffs have conceded that they are having trouble getting through the 6 million documents that they requested and that Google has already produced. Ex. A at 28:6-10 (lamenting to Magistrate Judge Anderson that "6 million . . . [is] not a benefit. A more focused set of documents would be a benefit . . . ."); *see also id.* at 7:21-22 (complaining about the sheer "volume of materials" produced by Google). Federal Rule 26(b)(2)(C) requires the Court to limit discovery in these circumstances. This Court has previously stated that it will be "vigilant to make sure that discovery . . . is not based on ballooning numbers for the sake of ballooning numbers to say, Well, I have eight million -- 12 million documents." ECF No. 560 at 29:16-21.

**Discovery Correspondence**. Plaintiffs concede that they already have a subset of correspondence, ECF No. 686 at 5, which we understand to be that which the DOJ considers relevant to "common discovery issues" between the cases. Although Google does not know what comprises that subset (because Plaintiffs will not tell us), we presume that what they do not have is what the DOJ does not consider as related to "common discovery issues."

Plaintiffs have already demonstrated that providing them additional discovery correspondence would result in additional, unproductive discovery disputes. With respect to one example that they cite—a December 7, 2023 letter that Plaintiffs say "highlights deficiencies in Google's productions and privilege logs"—Google previously addressed all of the purported "deficiencies" raised by the DOJ and the DOJ dropped them. *Id.* But Plaintiffs are now parroting the DOJ's initial positions, without having done any research of their own.[9] Providing them with more will not "secure the just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1.

**Deposition Notices**. Plaintiffs seek all 30(b)(6) deposition notices and responses thereto. But Plaintiffs already have access to the transcripts of all Google depositions (including the 30(b)(6) depositions) and 23 third-party depositions taken during the coordinated discovery period. Moreover, Plaintiffs have also had access to transcripts of 34 Google ad tech depositions taken by the DOJ during its pre-suit investigation. Whatever questions Plaintiffs may have regarding the "parameters under which depositions were taken" or the "scope of testimony" in those depositions, ECF No. 686 at 5, can easily be addressed by reviewing the deposition transcripts or through informal coordination with the DOJ.

\* \* \*

Plaintiffs' repetitious requests for even more discovery and data will never end unless the Court reins them in. Plaintiffs' Motion should be denied.

Respectfully submitted,

---

[9] *See, e.g.*, Dec. 22, 2023 Letter from Discovery Steering Committee to E. Mahr, et al. (citing Dec. 7, 2023 Letter from M. Freeman, DOJ, to J. Elmer, et al.) ("[W]e share the U.S. Department of Justice's concern that some custodians, including individuals already deposed, have unusually high and unexplained levels of withholding and redaction for privilege.").

*/s/* Bradley Justus
Bradley Justus (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Daniel Bitton
Denise L. Plunkett
Craig M. Reiser
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
dbitton@axinn.com
dplunkett@axinn.com
creiser@axinn.com
eyung@axinn.com
chaws@axinn.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)