**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

February 7, 2024

**VIA ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of MDL Plaintiffs, the Discovery Steering Committee writes in reply to Google's response to Plaintiffs' letter motion to compel DOC LINK metadata previously produced to the U.S. Department of Justice, and in the alternative, for a conference. *See* ECF 687, ECF 688. No conference is currently scheduled.

Plaintiffs agree this dispute is moot in light of Google's tardy production of hyperlink metadata, which Google made the day after Plaintiffs filed their letter motion, and the letter motion should accordingly be dismissed. Plaintiffs submit this short reply to correct factual and legal misstatements in Google's response letter.

As Google's response letter notes, on February 2, 2024, Google finally produced an overlay for hyperlink metadata previously produced to the DOJ. The overlay applied to over 1.4 million documents—nearly *nine times* more documents than the number of documents from DOJ productions for which Google had previously produced the linked metadata to MDL Plaintiffs. This overlay came only *after* Plaintiffs filed their letter motion, *after* seven months of negotiations and correspondence from Plaintiffs directly requesting this information, over three years *after* Google first made some of this metadata available to the DOJ, and *after* the completion of more than a dozen Google depositions under the coordination order.

Google wrongly suggests that it was not "required" to produce metadata for prior DOJ productions pursuant to the ESI Order. *See* ECF 688 at 1. For starters, the ESI Order "does not alter or affect the applicability of the Federal Rules of Civil Procedure". ECF 508 at 2. By stripping out useful metadata that had previously been produced before re-producing documents to Plaintiffs, Google intentionally degraded its own production—a clear violation of the Federal Rules. *See* Fed. R. Civ. P. 34, advisory committee note (2006 Amend.) (explaining that parties should not produce documents in a "form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation"); *Zhulinska v. Niyazov Law Grp., P.C.*, 21-CV-1348 (CBA), 2021 WL 5281115, at *6 (E.D.N.Y. Nov. 12, 2021) ("documents stripped of searchable metadata do not comply with Rule 34(b)") (citing *In re Payment Card Interchange Fee & Merch. Disc.*, MD 05-1720(JG)(JO), 2007 WL 121426, at *4

Hon. P. Kevin Castel
February 7, 2024
Page 2 of 3

(E.D.N.Y. Jan. 12, 2007); *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 506, 510 (S.D.N.Y. 2013) (imposing sanction where emails were destroyed and other emails were produced with no metadata, making them of "significantly less evidentiary value").

Further, Google's contention puts form before substance. The hyperlink metadata is relevant and necessary for the interpretation of Google's documents, and Google collected, prepared, and produced it before reproducing any DOJ investigative documents to Plaintiffs—when this Court ordered "mirror copy" reproductions of the documents. *See* ECF 244 at 2. When Google reproduced 800,000 document last spring, that linked document metadata was also in its possession and it *withheld* it from those productions—in spite of representations that its delay in production stemmed from its compliance with the ESI Order (which requires the production of DOC LINK metadata). *See* ECF 528-3 at 2.

To correct the record, Plaintiffs also respectfully respond to Google's accusation that Plaintiffs' letter motion contains three "false statements". *First*, Plaintiffs correctly observed that Google never indicated when (if ever) it would produce DOC LINK metadata. ECF 687 at 2. In response, Google states it "told Plaintiffs on January 12, 2024 that it was in the process of preparing an overlay and would provide it when ready." ECF 688 at 2. That of course does not indicate *when* Google would produce an overlay or even whether the overlay would include any DOC LINK metadata previously produced to the DOJ. Given the months of assurances and repeated failure to actually produce this metadata, Google's January 12 statement lacked any definiteness that Plaintiffs could rely on given fast-approaching depositions this spring. Further, and contrary to the representation of Mr. Mahr—who did not attend the meet and confers on January 19 or January 26—Plaintiffs did raise the hyperlink metadata issue in conjunction with a more specific request under Section J of the ESI Order,[1] but Google was unable to provide an update as to the status of the overlay or the Section J responses. Only *after* Plaintiffs filed their letter motion did Google finally produce the long-promised metadata.

*Second*, as explained in the letter motion, in June 2023, Plaintiffs requested an explanation as to how Google identified links within its own collected set of documents, and why Google had not produced any "DOC LINK" metadata in accordance with the ESI Order. ECF 687 at 2. Plaintiffs correctly observed that Google did not provide the requested explanation in response to this June 2023 letter. *Id.* at 2-3. In its response, Google cites to passing statements about hyperlinks from January 2023 and February 2023 that do not answer the questions from Plaintiffs' subsequent June 2023 letter. ECF 688 at 2.

*Third*, Plaintiffs never took the position that their RFP instruction (Instruction No. 8), which requested that documents be produced with metadata, somehow trumps the ESI Order. Besides, Google now argues that the metadata requirements from the ESI Order do not apply to the re-production of documents produced to the DOJ. ECF 688 at 1. If true, then Google cannot use the ESI Order as a basis to evade its obligation to produce documents with metadata, as

---

[1] Plaintiffs note that Google received a request for identification of specific hyperlinks in 81 documents pursuant to Section J of the ESI Order on January 10, 2024. Google has not provided a response. In the parties' regularly scheduled meet-and-confer on February 2, 2024, Google attributed its delay in responding to those requests to its efforts to respond to DOJ requests for similar information that it received back on December 11, 2023.

Hon. P. Kevin Castel
February 7, 2024
Page 3 of 3

directed by Instruction No. 8.

*   *   *

      Following Google's production of the requested metadata, Plaintiffs agree their pending request for DOC LINK metadata is moot but reserve all rights to seek further hyperlink metadata as necessary, including pursuant to Section J of the ESI Order.

      Respectfully submitted,

*/s/Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*/s/Jordan Elias*
Jordan Elias
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
jelias@girardsharp.com

*/s/Serina M. Vash*
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copy to: All Counsel via ECF