# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** _____ *This Document Relates To:* *Inform Inc. v. Google, LLC, Alphabet Inc., and YouTube LLC* No. 1:23-cv-01530 (PKC) | Civil Action No. 21-md-3010 (PKC) |

<u>**INFORM INC.'s OBJECTIONS AND RESPONSES TO DEFENDANTS GOOGLE LLC, ALPHABET INC. AND YOUTUBE LLC'S FIRST SET OF INTERROGATORIES**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff Inform Inc., hereby objects and responds to Defendants Google LLC's First Set Of Interrogatories To Inform Inc.

These responses and objections are made solely for the purposes of this action.  Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statement(s) contained herein if such question(s) were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed at the time of trial.

These responses are made based upon reasonable and diligent investigation conducted to date, including information presently available to Plaintiff and contained in documents in its possession, custody, and control, and are made without prejudice to Plaintiff's right to produce

1

subsequently discovered facts, documents, or evidence. Plaintiff reserves the right to amend or supplement their responses and to raise any additional objections they may have in the future.

No admission of any nature whatsoever is to be implied or inferred in these responses. The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

## GENERAL OBJECTIONS

The following objections apply to each Interrogatory. To the extent that certain specific objections are cited in response to an individual Interrogatory, those specific objections are provided because they are applicable to that specific Interrogatory and are not a waiver of the objections applicable to information falling within the scope of such Interrogatory.

1.     Plaintiff objects to each Interrogatory to the extent they are overly broad, vague, unduly burdensome, seek information that is not relevant to any party's claim or defense, or seek to impose obligations or require actions beyond those required by the Federal Rules of Civil Procedure, the applicable local rules, or any Orders by this Court.

2.     Plaintiff objects to each Interrogatory to the extent Plaintiff has not yet received adequate discovery from Defendant. As a result, Plaintiff has not completed its investigation of the facts relating to this action and have not yet completed its preparation for trial. Accordingly, these responses are necessarily limited in nature, and reflect only that information known to Plaintiff at this time.

3.     Plaintiff objects to each Interrogatory to the extent it purports to require Plaintiff to produce documents that are in the public domain or otherwise available to Defendants as easily from other sources as from Plaintiff.

4.     Plaintiff objects to each Interrogatory to the extent it seeks information more appropriately obtained through other methods of discovery and or in the possession of Defendants.

5.     Plaintiff objects to each Interrogatory to the extent that it seeks information that is proprietary or confidential, constitutes trade secrets or other proprietary business information, or that is protected from discovery as attorney work product and attorney-client communication, information gathered or prepared in anticipation of litigation, the public interest privilege, law enforcement privilege, public official privilege, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information").

6.     Whenever in the responses Plaintiff employs the phrase "subject to and without waiving all objections," Plaintiff is responding to the Interrogatory as it may be narrowed by their general and specific objections and without waiver of any objection.

7.     Any response stating that Plaintiff will produce documents shall be deemed followed by the phrase "as are within Plaintiff's possession, custody, or control."

8.     Plaintiff objects to each Interrogatory to the extent that it implies the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these objections and responses, Plaintiff does not admit the factual or legal premise of any Interrogatory.

9.     Plaintiff objects to each Interrogatory to the extent it seeks information that is not within Plaintiff's possession, custody, or control, seek documents that do not already exist, or which purport to require a response by Plaintiff on behalf of an entity or individual other than Plaintiff. Plaintiff's responses may reference documents and/or information provided by other parties in this litigation. Plaintiff's reference to such documents is not intended to signify that Plaintiff maintains possession, custody, or control of these documents.  Plaintiff is only responding on behalf of Inform Inc. and no other person or entity.

10.     Plaintiff objects to each Interrogatory to the extent it prematurely seeks expert opinion(s).  All expert opinions will be disclosed on the dates set forth by the Court.

11.     Plaintiff reserves the right to supplement, revise, correct, or clarify its responses and objections at any time and/or in the event that additional information becomes available.

12.     Plaintiff objects to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that it seeks discovery that is not relevant to any party's claims or defenses.

13.     Plaintiff objects to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that they are overly burdensome and not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

14.     Plaintiff objects to these Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, because it seeks discovery that is not relevant to this litigation. As appropriate, Plaintiff will limit its Responses to information that relates to Plaintiff.

15.     Plaintiff objects to these Interrogatories to the extent that they include multiple subparts.  Plaintiff further objects to these Interrogatories on the grounds that they are individually and collectively overbroad and unduly burdensome and seek discovery that is not relevant to any party's claims or defenses and not proportional to the needs of the cases. To the extent that Plaintiff agrees to respond to these Interrogatories, Plaintiff is agreeing to produce only the information it identifies in its Response.

16.     Plaintiff objects to the Interrogatories, and to the Definitions and Instructions included with this set of Interrogatories, to the extent that it seeks information that: (a) is in Defendants'

4

possession, custody, or control; (b) is equally or more readily available from sources other than Plaintiff; (c) can be obtained from other sources that are more convenient, less burdensome, and/or less expensive than requiring Plaintiff to provide the information; (d) is not reasonably accessible to Plaintiff; and/or (e) is publicly available to Defendants. With regard to any Response that Plaintiff provides, Plaintiff's Response will be limited to relevant, responsive, and non-privileged information in its possession, custody, or control located after a reasonable search that is proportional to the needs of the case.

17.     Plaintiff objects to these Interrogatories to the extent that they contain terms that are not defined or terms that are defined in a vague, ambiguous, or unintelligible manner.

18.     Plaintiff objects to these Interrogatories to the extent that they contain terms that are defined differently in Plaintiff's Second Amended Compliant and or to the extent they contain terms that are defined differently or inconsistently with the known or accepted industry definition of any term or terms.

19.     Plaintiff objects to these Interrogatories, and to the Interrogatories' Definitions and Instructions, to the extent that any Interrogatory, Definition, or Instruction: (a) is unduly burdensome, oppressive, overbroad, ambiguous, confusing, or vague; (b) is duplicative or unreasonably cumulative of other discovery in this investigation; or (c) calls for Plaintiff to draw a legal conclusion in order to respond.

20.     Plaintiff objects to the Interrogatories that purport to require that Plaintiff provide discovery with regard to "any," "each," "every," "all," or similar all-encompassing wording, on the grounds that such Interrogatories are overly broad, unduly burdensome, seek discovery that is not relevant to any party's claims or defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding.

21.      Plaintiff objects to the Interrogatories to the extent that it seeks premature expert discovery or disclosure of expert opinions and go beyond the scope of permissible expert discovery under the Discovery Rules. Plaintiff will provide expert discovery and disclosures in compliance with the Discovery Rules but assumes no further obligation.

22.      Plaintiff's investigation and discovery are ongoing as to all matters referred to in these Objections and Responses to Defendants' Interrogatories. Plaintiff's Responses are based upon information that has been collected and reviewed to date for the purpose of responding to these Interrogatories, and they are not prepared from the personal knowledge of any single individual. Plaintiff reserves the right to amend and supplement these Responses and any amended responses as discovery and this litigation proceed.

23.      Plaintiff objects to these Interrogatories in that the number of Interrogatories served on Plaintiff (both in total and when counting their independent and discrete subparts) exceeds the permissible number of Interrogatories under Pre-Trial Order No. 5 Scheduling Order (ECF No. 394) and Rule 33 of the Federal Rules Civil Procedure.

24.      To the extent they can be answered, responding to many of these Interrogatories requires reference and review of historical business, financial, and transactional data, information, and documents.  As such, Plaintiff states that 30 days is not a reasonable amount of time to fully respond to all Interrogatories, particularly given the level of detail sought by this voluminous discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to the Definitions and Instructions to the extent they are inconsistent with or seek to impose obligations or burdens not contained within the Federal Rules of Civil Procedure, specifically Rules 26 and 34 thereof; the Local Rules; and/or any other applicable law,

agreement, rule, statute, or court order. These Objections to Definitions and Instructions are incorporated into each Specific Response below as if fully repeated therein.

2.      Plaintiff objects to the Definitions and Instructions as overbroad and unduly burdensome to the extent they require anything more than a reasonable search for responsive information and documents within their possession, custody or control.

3.      Plaintiff objects to these Interrogatories to the extent that they contain terms that are defined differently in Plaintiff's Second Amended Complaint and or to the extent they contain terms that are defined differently or inconsistently with the known or accepted industry definition of any term or terms.

4.      Plaintiff objects to the Definition of "Plaintiff," "You" and "Your" to the extent it purports to bring within the scope of the Interrogatories any entity not listed in the response to Interrogatory No. 1 below, and to the extent it purports to bring within the scope of the Interrogatories information that is protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or doctrine.

## NON-WAIVER

1.      Plaintiff's responses are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

2.      If Plaintiff, in response to any Interrogatory, inadvertently produces information that is or could be the subject of objections stated herein, such information is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information produced or withheld.

3.      Plaintiff's failure to object to a specific Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional grounds.

4.      Plaintiff's response herein based upon information they been reasonably able to gather at the time of making these responses.  Plaintiff reserves its right to amend and/or to supplement its objections and responses to the Interrogatories, consistent with further investigation and discovery.

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1

Identify and describe each business or legal entity under Your control or each entity for which You are seeking damages, including the dates of operation, its purpose or line of business, all locations in which You conducted business and associated time periods for each.

## RESPONSE TO INTERROGATORY NO. 1

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff Inform Inc. ("Inform") Inform is a Delaware corporation with a principal place of business that was located at 3445 Peachtree Road NE, Suite 1000, Atlanta, GA, 30326.  Inform was formerly known as News Distribution Network, Inc. ("NDN").  Inform was an online video platform ("OLV") company that provided a platform of services to online publishers, content creators, and online advertisers.

## INTERROGATORY NO. 2

State what Your revenue was in each year, including all sources of that revenue and amount of revenue by each source, and including all Digital Advertising revenue by Format (e.g., video, banner).

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that is not created, kept, tracked, or maintained by Plaintiff in the ordinary course of business and would require Plaintiff to reformat, reconfigure, or independently generate over ten years' worth of detailed financial data to satisfy the parameters set

forth in this Interrogatory.  Under the Federal Rules of Civil Procedure, Plaintiff is not required to create documents or information that are not within its possession, custody, or control or kept in the ordinary course of business.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive.

Inform further objects to this Interrogatory on the grounds that the terms "all sources" and "Format" are vague, ambiguous, unclear, and fail to identify the information sought with reasonable particularity.   Additionally, Plaintiff notes that this Interrogatory uses the term "Digital Advertising," which is not a defined term and is also not used in Defendants' First Set of Requests for Production.  Plaintiff believes this was a typographical error and that Google meant "Display Advertising;" and Plaintiff will construe "Digital Advertising" to mean "Display Advertising" as defined in Definition No. 44.  However, for the avoidance of doubt, Plaintiff objects to this Interrogatory to the extent that it purports to seek information about revenues sources other than Display Advertising and to the extent any other revenue source or sources (other than Display Advertising) are not relevant to any party's claims or defenses in this case.

Subject to and without waiver of the foregoing objections:

Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would

reasonably expect to find documents or information responsive to this Request, including historical financial statements.  If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

With the evolution of online video streaming in or around 2005, there was growing demand from publishers for video content to enhance and augment their online text content and thus a growing opportunity for brands to present video advertisements to consumers. Early on, Inform recognized that by embedding video content and video advertising into a publisher's articles, Inform could create a better user experience and help monetize website space for online publishers.

Using the Inform platform in the context of a newspaper, magazine, radio, or television website, a typical story-level web page will likely include instream video (within the text of the article near the headline), outstream video (within the text of the article outside of the user's initial view), and right rail video (outside of the text of the article).

The video content played in these spaces are video clips, usually one to three minutes in length, that relate to the publisher's story or article. And Inform established an extensive library of premium video content that could either be manually selected by the publisher to match the substantive text content or automatically selected for them by Inform's proprietary content matching technology. Each substantive video clip that plays on a web page presents an opportunity for a brand, product or service (e.g., Chase Marriott, Farmers Insurance, Verizon) to present the user with a video advertisement.

At its peak, Inform had an inventory of ad space from a network of approximately 5,000 publishers, largely comprised of professional local and national news publishers, such as the San Francisco Chronicle, Investor's Business Daily, the Los Angeles Times and The Hill. This aggregated digital audience allowed Inform to work with a brand (or the advertising agency

10

representing a brand) to optimize the placement of its ads and to reach that brand's specific target demographic.

Inform also provided the infrastructure, including the video player, allowing it to manage the technical delivery of both the video for the content creator and the creative from the advertiser. This video experience is powered by Inform's end-to-end online video platform that provides a full suite of capabilities, including video ingestion and encoding, content management, and robust targeting capabilities utilizing Inform's proprietary data. Thus, like Google, Inform's infrastructure allowed it to collect third-party data regarding users, dramatically increasing Inform's ability to target specific demographics and driving a significant portion of the value of the ad to brands.

Inform's platform was extremely valuable to publishers, content creators, and advertisers. Between 2010 and 2017, Inform garnered revenue of more than $180,000,000. In each of 2014, 2015 and 2016, Inform had annual revenue of approximately $35,000,000. In 2015, Inform was ranked as the No. 1 Online News & Information Property by comScore based, in part, on its 27 million unique monthly viewers and 230 million videos viewed each month. *See also* Plaintiff's Response to Interrogatory No. 24.

### INTERROGATORY NO. 3

Identify all websites You partnered with for the purposes of buying or selling digital advertising, maintain, maintained, control, controlled, own, or owned and, for each, identify the time period during which each website has operated, and the identity of all of Your employees or agents involved in selling advertising space offered on such website.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location

and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production). Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and vague to the extent it requires Plaintiff to identify "all" employees or agents who may have been "involved" in the selling of advertising space offered on its website over a ten-year period. Plaintiff also objects to the term "partnered with" as undefined, vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Inform and Google are competitors in the online video advertising market, offering a platform connecting publishers with advertisers and competing for both sides' business. Inform had a national web presence that boasted thousands of properties, or websites, with billions of dollars' worth of signed contract value. Please *see* Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) for the identities of persons involved in selling advertising space offered. Plaintiff reserves the right to supplement or amend this response as discovery is still ongoing.

Additionally, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to this Interrogatory. If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

## INTERROGATORY NO. 4

Identify each of Your Google digital advertising accounts including, for each: the date the account was opened; the dates during which the accounts were in use; any account IDs associated with the account, including Google customer IDs; which business entity or entities has owned the account (and associated time period); and which individual(s) has used or accessed the account on behalf of You (and associated time period).

**<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4</u>**:

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and vague to the extent it requires Plaintiff to identify every single individual who has ever "used or accessed" Plaintiff's account on Plaintiff's behalf over a ten-year period.  Plaintiff further objects to this Interrogatory to the extent it seeks information already in Defendants' possession, custody, and control and is equally available to Defendants, specifically information relating to contracts and agreements to which one or more Defendants is a party.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records). Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff responds as follows: Plaintiff has/had the following Google accounts:

- DoubleClick/DoubleClick for Publishers/DFP
- AdX Ad Exchange
- Google Ad Manager (GAM)
- Google Analytics
- Plaintiff had at least the following Account Id and Billing Id Numbers: Account ID: 6416049
- Billing ID: 8875-7470-5063

Plaintiff further objects to this Interrogatory to the extent that Defendants internally assigned to Plaintiff one or more account, identification, control, code or other number (including but not limited to universal account id numbers, property codes and/or network id numbers), as respects which Defendants have access and Plaintiff is yet unaware.  For additional information responsive to this Interrogatory, Plaintiff refers Defendants to agreements, contracts, terms and conditions, account info and invoices for these and any other accounts that are and which should already be in Google's possession, custody, or control.

**INTERROGATORY NO. 5**:

Identify Your communications with Google upon which You rely for any of Your claims, including identifying the dates of such communications, the relevant individuals from You and Google who participated in the communications, the subject matter of such communications, and all documents related thereto.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as vague, ambiguous, and overly broad insofar as the term "rely" is susceptible to multiple interpretations.

Plaintiff also objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information which would be more practicably obtained through other forms of discovery (e.g., document production).  This Interrogatory is substantially duplicative of Requests for Production Nos. 34(b) ("[A]ll communications from or with Google"), 59 ("All documents and communications relating to Your contracts and negotiations with, and evaluations of, the participants

(and their products) in the "ad tech stack" (including Ad Servers, DSPs, SSPs, Ad Exchanges, and Ad Networks)"), and 67 ("Without regard to any time period, all documents and communications that You relied upon for Your Complaint allegations"), for which Plaintiff has agreed to conduct a reasonable search and produce resulting responsive, non-privileged documents and communications, if any, subject to the limitations and objections stated in their Responses and Objections to Google's First Set of Requests for Production.

Plaintiff objects to this Interrogatory as unduly burdensome because answering the interrogatory would require them to review and analyze an unreasonably large number of documents to identify potentially responsive communications and because such efforts would be substantially duplicative of their efforts to identify responsive documents for the aforementioned Requests for Production. Plaintiff further objects to this Interrogatory because it seeks information that is already in the possession, custody, or control of Defendants, and is thus obtainable by Defendants from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' own records).

Subject to the foregoing objections, Plaintiff is also in the process of conducting a reasonable and proportional search and/or inquiry for documents and information which may be responsive to this Interrogatory in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Request. If documents or information do in fact exist, Plaintiff will supplement this Interrogatory and/or produce and/or make available for inspection those documents provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control. Plaintiff reserves the right to supplement or amend this answer based upon its continued review of documents and information as discovery is still ongoing.

**<u>INTERROGATORY NO. 6</u>**

Identify all contracts for Your Google digital advertising accounts that You entered into, including, but not limited to, all contracts for Google Ad Tech products and services, including all DoubleClick for Publishers/Google Ad Manager contracts, and all terms of service including all revised or updated terms of service, and including, for each contract, identifying the date on which You entered into the contract, identifying the person who accepted the contract on Your behalf, and identifying all of Your communications relating to the contract.

**<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6</u>**:

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff specifically objects to this Interrogatory to the extent it seeks information already in Google's possession, custody, and control and is equally available to Google, specifically including information about terms of service, dates, and signatories to contracts and agreements to which Google is a party.

Plaintiff also objects to this Interrogatory as facially overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires Plaintiff to identify every single communication "relating" to a contract that occurred over a ten-year period.   To answer this Interrogatory would force Plaintiff to identify and then review every document in its possession, custody, or control related to any communication made by any of its employees over a 10-year period to determine whether that communication relates to one of the aforementioned contracts, and then interview all persons who were involved in any way with the aforementioned contracts on Plaintiff's behalf to determine whether they ever had a communication relating to the aforementioned contract, which would impose an impossible hurdle on Plaintiff together with undue burden, unnecessary expense, harassment, or annoyance.

Plaintiff also objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical

method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production). This Interrogatory is substantially duplicative of Requests for Production Nos. 32 ("All contracts with Ad Tech Providers, including documents and communications relating to the negotiations of the contracts"), 34(a) ("[A]ll Your contracts with Google") and 59 ("Your contracts [. . .] with [. . .] the participants (and their products) in the 'ad tech stack' (including Ad Servers, DSPs, SSPs, Ad Exchanges, and Ad Networks)."), for which Plaintiff has agreed to conduct a reasonable search and produce resulting responsive, nonprivileged documents, if any, subject to the limitations and objections stated in their Responses and Objections to Google's First Set of Requests for Production.

Plaintiff further objects to this Interrogatory because information relating to contracts and terms of service between Plaintiff and Defendants is already in the possession, custody, or control of Defendants, and is thus obtainable by Defendants from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' own records).

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory. If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

**<u>INTERROGATORY NO. 7</u>**

Identify each Ad Tech Provider and Ad Tech Product You used (whether from Google, any other Ad Tech Provider, or developed in-house), including the associated time period in which You used each Ad Tech Provider and Ad Tech Product, and the amount in fees paid monthly to

each Ad Tech Provider by Ad Tech Product used.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7**:

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent Plaintiff does not maintain "the amount in fees paid monthly to each Ad Tech Provider by Ad Tech Product used" in the ordinary course of business and would therefore be required to reformat, reconfigure, or independently generate over ten years' worth of detailed financial and sales data to satisfy the parameters set forth in this Interrogatory.  Under the Federal Rules of Civil Procedure, Plaintiff is not required to create documents or information that are not within its possession, custody, or control or kept in the ordinary course of business.

Plaintiff also objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production).  This Interrogatory is substantially duplicative of Requests for Production Nos. 1(e), 5, 13, 28, 29, 30, 31, 32, 33, and 56, which seek information on the "[a]d Tech Products" and or "[a]d Tech Provider[s]" that Plaintiff utilized and the fees associated with such utilization, and for which Plaintiff has agreed to conduct a reasonable search and produce resulting responsive, nonprivileged documents, if any, subject to the limitations and objections stated in their Responses and Objections to Google's First Set of Requests for Production.

Plaintiff further objects to this Interrogatory to the extent it seeks information relating to confidential and proprietary business or financial information, or the disclosure of information that

might violate the confidentiality and privacy rights of third parties.

Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Plaintiff was constantly trying to find a solution to increase yield, constantly looking for better, simpler and less expensive solutions than offered by Defendants.  Plaintiff and its clients were forced to use Defendants' ad tech products due to illegal ties and other anticompetitive conduct that made it impossible to freely choose based upon true product or service value and offering.  Additionally, Defendants' software development kits (SDKs) embedded Google code into Plaintiffs' products creating a substantial barrier to exiting use of Defendants' products.  Additionally, many of the ad tech products and services in the market when Plaintiff began operating were put out of business, upon information and belief by Defendants' anticompetitive conduct, drastically restricting competition for such products and Plaintiffs' options as a customer thereof.  In addition to the Google products listed in Response to Interrogatory No. 4, Plaintiff considered using, briefly used and/or attempted to use at least the following: Freewheel; Auditude (acquired by Adobe); 24/7 Real Media; Spotx, LKQD; Adap.tv (acquired by AOL); Rubicon; and Akami.  Unfortunately, none of these services could compete with Google's illegal monopolies and Plaintiff was forced to use Google services.

### INTERROGATORY NO. 8

Identify for each year the amount of advertising revenue You received, including by Digital Advertising and print advertising, and identifying revenue generated in connection with Your use of Google's Ad Tech tools to fill ad space on Your websites, and identifying revenue generated in connection with Your use of any other Ad Tech tools from other Ad Tech Providers besides Google.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:

Plaintiff incorporates its response as if fully restated verbatim herein to Interrogatory No.2.

### INTERROGATORY NO. 9

Identify all Direct Transactions You have sold to fill ad space on Your websites, including

the customers, dates, prices (including by CPM or other basis) at which You sold the advertising, the terms of such sale, all advertising Campaigns and individual advertisements You ran or continue to run as a result of these Direct Transactions, including the dates associated with each; and the revenue You received from these Direct Transactions.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it asks Plaintiff it requires to identify and provide detailed information concerning each, every, and "all" Direct Transactions sold by Plaintiff over a 10-year period and could involve literally billions of transactions.  Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information that is not created, kept, tracked, or maintained by Plaintiff in the ordinary course business and therefore would require Plaintiff to reformat, reconfigure, or independently generate over ten years' worth of detailed financial and sales data to satisfy the parameters set forth in this Interrogatory. Under the Federal Rules of Civil Procedure, Plaintiff is not required to acquire or create documents or information that are not within Plaintiff's possession, custody, or control or kept in the ordinary course of business.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records). Further, Google should already be in

possession, custody, or control of responsive information relating to any Direct Transaction placed by and/or through a Google product.

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory.  If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

### INTERROGATORY NO. 10

Describe in detail all factors that influence or influenced Your advertising selling decisions, including but not limited to factors influencing Your decisions to sell Display Advertising, Your objectives for selling Display Advertising, and all factors that influence Your decisions regarding number, size, and placement of advertising spaces.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case in that requires Plaintiff to "describe in detail all factors that influenced" its advertising decisions over a 10-year period together with "all factors" that influenced its decision regarding number, size, and placement or advertising spaces of each advertisement sold by Plaintiff over a 10-year period. To answer this Interrogatory would force Plaintiff to review documents related to every advertising transaction it entered into over a 10-year period, and then interview all persons involved in those transactions, to identify each and every factor that influenced or otherwise affected the sale, pricing, and conditions of that advertising transaction which would impose an impossible hurdle on Plaintiff together with undue burden, unnecessary expense, harassment, or annoyance.

Plaintiff further objects to this Interrogatory on the grounds that the phrase "all factors that influence or influenced Your advertising selling decisions" is vague, ambiguous, and susceptible to varying interpretations and understandings.  Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition."  This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive.  This Interrogatory is substantially duplicative of Request for Production No. 26 ("All documents and communications relating to Your decision process on the allocation of Your advertising Inventory, including Your objectives when deciding the allocation; all evaluations of potential factors, characteristics, parameters, or variables…when deciding the allocation; and evaluations of how allocating inventories to one channel of sales can affect allocation of Inventory to and performance of advertising sales through another channel of sales"), for which Plaintiff has agreed to conduct a reasonable search and produce resulting responsive, non-privileged documents and communications, if any, subject to the limitations and objections stated in their Responses and Objections to Google's First Set of Requests for Production.  Plaintiff further objects to this Interrogatory to the extent it seeks information relating to confidential and proprietary business or financial information, or the disclosure of information that might violate the confidentiality and privacy rights of third parties.

Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff responds as follows: Factors include but are not limited to expressed customer preferences (such as *e.g.*, target audience, cost, timing of campaign, creative opportunities, editorial stature)

oftentimes in the form of contractual requirements.

## INTERROGATORY NO. 11

Describe in detail all factors that influence or influenced Your choice of Ad Tech Products, including Your decision to use Google Ad Tech Products vs. Ad Tech Products of any other Ad Tech Provider, including Ad Tech Products developed in-house, to sell advertising spaces on Your website(s), and any other products or technology that You chose or considered choosing instead of Ad Tech Products to sell advertising spaces.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11

Plaintiff incorporates its General Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference as if fully restated verbatim herein its responses to Interrogatories Numbers 7,  12 and 25.

## INTERROGATORY NO. 12

For the time period January 1, 2010 to present, describe Your use or consideration of each of Dynamic Allocation, Enhanced Dynamic Allocation, Project Bernanke, Dynamic Revenue Share, and Minimum Bid  To Win, including the associated timeframe in which each of these design Features were in use by You.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case in that requires Plaintiff to describe its use and consideration of multiple unique and different products and/or systems over a 10-year period.  Plaintiff further objects to this Interrogatory insofar as the terms "use" or "consideration" are vague, ambiguous, and susceptible to varying interpretations and understandings.  Plaintiff further objects to the use of the term "design Features" to describe secret, manipulated and anticompetitive conduct by Defendants.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the

existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records).

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Defendants' secret anticompetitive programs and conduct carried out by, through, and in its multiple intertwining monopolies was largely hidden from Plaintiffs, enforcement agencies, publishers and advertisers alike.   Some of Defendants' conduct, such as Dynamic Allocation and Enhanced Dynamic Allocation, while not entirely hidden and/or entirely secret was manipulated, misrepresented and falsely presented to Plaintiff, enforcement agencies, publishers and advertisers alike. *See also* Plaintiff's Response to Interrogatories No. 7 and No. 25.

Additionally, subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to this Interrogatory, including historical financial statements.  If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

## INTERROGATORY NO. 13

For the time period January 1, 2010 to present, describe the effects, if any, of each of Dynamic Allocation, Enhanced Dynamic Allocation, Project Bernanke, Dynamic Revenue Share, and Minimum Bid To Win on Your revenue, CPM, impressions, and clicks.

**OBJECTIONS TO INTERROGATORY NO. 13**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as premature as it seeks information concerning Plaintiff's damages which will be the subject of expert discovery and opinions. Plaintiff also objects to this Interrogatory in that it impermissibly seeks the premature disclosure of expert testimony and information or requires Plaintiff to disclose analyses, opinions, or theories that will be the subject of expert testimony.  Plaintiff reserves the right during the further course of these proceedings to rely upon, reference or put into evidence additional expert information, testimony, or reports. Plaintiff will comply with the Federal Rules of Civil Procedure, the local rules, and any applicable Court Order regarding the designation of expert witnesses and opinions.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records).

Plaintiff further objects to this Interrogatory on the ground that it is premature to the extent it purports to seek Plaintiff's claims and contentions regarding "the effects" of various Google programs on Plaintiff's "revenue, CPM, impressions, and clicks." Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including because it purports to seek

information regarding any "effects" of multiple separate Google programs on Plaintiff's "revenue, CPM, impressions, and clicks" for a period of more than 13 years.  Plaintiff further objects to this Interrogatory to the extent that it seeks information within the possession, custody, and control of Google, or that is otherwise equally available to Google.  Plaintiff further objects to this Interrogatory on the grounds that the term "effects" is vague, ambiguous, unclear, and fails to identify the information sought with reasonable particularity.

Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff responds as follows: The effects of Google's products and conduct and the aforementioned practices on Plaintiff's business was to stifle Inform's business, interfere with Inform's clients and contracts, force Inform out of the market, and destroying the enterprise value of the  Company, the precise value of which is and will be the proper subject of expert testimony and opinions. Additionally, subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to this Request, including historical financial statements.  If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

## INTERROGATORY NO. 14

Identify any direct contracts that went unfulfilled as a results of Enhanced Dynamic allocation and any "contracted for direct ad sales" that were jumped over as alleged in Paragraph 236 of Your Complaint.

## RESPONSE TO INTERROGATORY NO. 14

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff further objects to this Interrogatory on the ground that it is premature to the extent it purports to seek

Plaintiff's claims and contentions regarding "any 'contracted for direct ad sales' that were jumped over" whether and that went "unfulfilled." Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that the term "unfulfilled" is vague, ambiguous, unclear, and fails to identify the information sought with reasonable particularity.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production or deposition) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records).

Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Inform's advertising inventory was regularly throttled against its instructions unilaterally by Defendants, including through the clandestine use of their so-called Enhanced Dynamic Allocation. In fact, Defendants misrepresented how this program worked in an effort to trick Inform into using this feature and even secretly employed this feature against Inform's stated instructions and without Inform's knowledge in order to throttle and frustrate Inform's sales of direct, and more lucrative, advertisements.

Wielding unprecedented monopoly power, Google used its position as the dominant provider of ad tech tools to, among other things:

- Throttle Inform's ability to place advertisements for its customers to make it appear as if

27

Inform could not perform and diminish Inform's market share;

- Manipulate the ad auction to displace Inform's lucrative and guaranteed direct ads with cheap programmatic ads and to create unfair and undisclosed preferences for its own advertisements in the automated matchmaking process to win auctions on Google's AdX ad exchange; and

- Technologically disable Inform's video players to stop them from displaying advertisements in a certain format while permitting advertisements to be displayed on its subsidiary, YouTube.

The result of all this: Inform's lucrative direct ad sales were displaced by cheap programmatic ads; Inform's video player didn't work; Inform's video advertisements were often not seen, heard or served; Inform's direct ad contracts were sabotaged; Inform could not bill its clients or access its own valuable data; and Inform falsely appeared to be unable to perform. The damages to Plaintiff will be the subject of expert testimony.

Additionally, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to this Interrogatory. If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

**INTERROGATORY NO. 15**

Identify any in-app advertising Inventory that You sell, including the time period in which You have sold such Inventory.

**RESPONSE TO INTERROGATORY NO. 15**.

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining

the information sought than a request for production or a deposition."  This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production or depositions).

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory.  If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

## INTERROGATORY NO. 16

Describe the settings in Your Google Ad Manager accounts over time, including any changes that You have made from the default settings including enabling or disabling certain Features, the associated time period in which You made these changes, and Your reasons for doing so.

## OBJECTIONS  AND RESPONSE TO INTERROGATORY NO. 16

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case in that requires in that it requires Plaintiff to identify every single change ever made to its Google Ad Manager account over a 10-year period together with the reason for that change. Plaintiff further objects to this Interrogatory to the extent it seeks information already in Google's possession, custody, and control and is equally available to Google as it seeks detailed information concerning changes to Google products, software, and systems.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the

existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records).

Subject to and without waiving the foregoing objections and Plaintiff's General Objections, Plaintiff responds as follows:  At times, Google changed settings against directions of Plaintiff and/or without Plaintiff's knowledge.   Plaintiff directs Google to the information and data Google maintains, keeps, and stores relating to Plaintiff's Google Ad Manager account which is already in Defendants' possession, custody, or control.   Additionally, subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory.   If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.  *See also* Responses to Interrogatories Nos. 13, 14, and 25.

## INTERROGATORY NO. 17

Identify any differential price floors You set for Inventory available on more than one Ad Exchange for different demand sources before Unified Pricing Rules, including the time period in which these differential price floors were in effect, and the reasons for setting such differential price floors.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs

of the case, including because it purports to seek information regarding "any differential price floors" Plaintiff "set" for a period of over 10 years, and to the extent it seeks information that is not created, kept, tracked, or maintained by Plaintiff in the ordinary course business and would therefore require Plaintiff to reformat, reconfigure, or independently generate over ten years' worth of detailed financial and sales data to satisfy the parameters set forth in this Interrogatory. Under the Federal Rules of Civil Procedure, Plaintiff is not required to create documents or information that are not within its possession, custody, or control or kept in the ordinary course of business.  Plaintiff further objects to this Interrogatory on the ground that it is premature to the extent it purports to seek Plaintiff's claims and contentions regarding its "reasons for setting . . . differential price floors." Plaintiff further objects to this Interrogatory to the extent that it seeks information within the possession, custody, and control of Defendants, or that is otherwise equally available to Defendants. Plaintiff further objects to this Interrogatory on the grounds that the term "demand sources" is vague, ambiguous, unclear, and fails to identify the information sought with reasonable particularity.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records).

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably

expect to find documents or information responsive to such Request. If documents do in fact exist, documents responsive to this Request will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

**INTERROGATORY NO. 18**

Identify the number of line items You used prior to Google capping Line Items, including identifying any changes to the number of Line Items You used over time.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case, including because it purports to seek information regarding "any changes to the number of Line Items" Plaintiff "used" for a period of over 10 years, and to the extent it seeks information that is not created, kept, tracked, or maintained by Plaintiff in the ordinary course business and therefore would require Plaintiff to reformat, reconfigure, or independently generate over ten years' worth of detailed sales and transactional data to satisfy the parameters set forth in this Interrogatory. Under the Federal Rules of Civil Procedure, Plaintiff is not required to create documents or information that are not within its possession, custody, or control or kept in the ordinary course of business.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms

of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records). Plaintiff further objects to this Interrogatory to the extent that it seeks information within the possession, custody, and control of Defendants, or that is otherwise equally available to Defendants.

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Request. If documents do in fact exist, documents responsive to this Request will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

**INTERROGATORY NO. 19**

Without regard to any time period, identify whether You ever enabled Header Bidding and, if so, describe the kind(s) of Header Bidding You enabled and the time period in which You enabled each kind of Header Bidding.

**RESPONSE TO INTERROGATORY NO. 19**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records).

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including because it purports to seek information regarding any instance in which Plaintiff "enabled Header Bidding" "[w]ithout regard to any time period." Plaintiff further objects to this Interrogatory to the extent that it seeks information within the possession, custody, and control of Defendants, or that is otherwise equally available to Defendants. Plaintiff further objects to this Interrogatory on the grounds that the term "kind of Header Bidding" is vague, ambiguous, unclear, and fails to identify the information sought with reasonable particularity.

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory. If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

**INTERROGATORY NO. 20**

Without regard to any time period, describe Header Bidding's impact on Your business including impact, if any, on Your revenue or CPM from Display Advertising.

**OBJECTION TO INTERROGATORY NO. 20**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as premature as it seeks information concerning Plaintiff's damages which will be the subject of expert discovery and opinions. Plaintiff also objects to this Interrogatory in that it impermissibly seeks the premature disclosure of expert testimony and information or requires Plaintiff to disclose analyses, opinions, or theories that will be the subject

of expert testimony.  Plaintiff reserves the right during the further course of these proceedings to rely upon, reference or put into evidence additional expert information, testimony, or reports. Plaintiff will comply with the Federal Rules of Civil Procedure, the local rules, and any applicable Court Order regarding the designation of expert witnesses and opinions.

Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practically obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory.  If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

## INTERROGATORY NO. 21

Identify all communications in which You asked to purchase DFP separately from AdX including, for each: the date of such communication; the form of the communication; the content of the communication the individual(s) who participated in the communication on behalf of You; the individual(s) who participated in the communication on behalf of Google; and all documents related thereto.

**RESPONSE TO INTERROGATORY NO. 21**

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition."  This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document production) and/or from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' records).

This Interrogatory is substantially duplicative of Request for Production No. 48 ("All documents and communications relating to Your use of AdX without DFP and of DFP without AdX"), for which Plaintiff has agreed to conduct a reasonable search and produce resulting responsive, non-privileged documents, if any, subject to the limitations and objections stated in their Responses and Objections to Google's First Set of Requests for Production.  Plaintiff further objects to this Interrogatory because it seeks information that is already in the possession, custody, or control of Defendant.

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory.  If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody,

or control.

As a result of Google's market dominance, competitors such as Inform have no choice but to use Google's intermediation services.  In addition to Inform's own video player technology, Inform relied on both Google's DFP ad server and Chrome Browser.  In order to reach the vast majority of the potential market, Inform's video player is, and must be, integrated with Google's DFP ad server through a software development kit (or SDK), which was integrated into each of Inform's video players and acted as the gatekeeper that determined whether an ad was delivered. Inform used the Google DFP ad server to function as the delivery method for both display and online video advertisements.  Notably, other ad servers did not require this integration.

Google controlled a 90% monopoly market of the ad server market.  Google's monopolistic practices, including its improperly tying of AdX and DFP, forced Inform and publishers to use its advertising technology.  This monopolistic situation opened the door for Google to control ad delivery, data, economics.  Once Google DFP's SDK was integrated into each of Inform's video players, it was next to impossible to switch to another ad server, creating an effective barrier to exit.  Likewise, the web browser which enabled users to reach the website, is the key without which a video advertisement will not function properly, if at all.  The ad server and the web browser worked together to assure that an ad is properly placed (ad server) and functions as designed (browser), that is it plays and can be seen and heard.  Through inter alia, Google's unlawful tying of DFP and AdX and its anticompetitive default placement of Chrome (both detailed below), Inform is essentially forced to use and be compatible with these Google products.

While the Google ad server delivers Informs' advertisements, Google DFP's algorithms and decision-logic are responsible for the delivery pattern, frequency and pace at which Inform's creatives are served.  Google's ad server tracks the impressions, click through rate, completion

rates and other delivery metrics for Inform's billing.  Additionally, Google DFP's algorithms forecast the fill rate and choose whether to fill additional inventory with one of Inform's direct ads or one of Google's own less expensive programmatic ads, for which Google garners a supracompetitive profit.  Additionally, Google has little or no customer service function, like all monopolies.  Requesting changes or trying to negotiate with a monopolist like Google is a futile endeavor.  Any suggested changes to contracts or the way the business operated were routinely ignored or summarily rejected.  *See also* Plaintiff's Response to Interrogatory No. 22.

## INTERROGATORY NO. 22

Identify all communications in which You asked to purchase AdSense or DFP separately from Google Display Network including for each: the date of such communication; the form of the communication; the content of the communication; the individual(s) who participated in the communication on behalf of You; the individual(s) who participated in the communication on behalf of Google; and all documents related thereto.

## RESPONSE TO INTERROGATORY NO. 22

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition."  This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document productions or depositions).

This Interrogatory is substantially duplicative of Request for Production No. 49 ("All documents and communications relating to Your use of Google Display Network without AdSense or DFP and Your use of AdSense or DFP without Google Display Network."), for which Plaintiff has

agreed to conduct a reasonable search and produce resulting responsive, non-privileged documents, if any, subject to the limitations and objections stated in their Responses and Objections to Google's First Set of Requests for Production.   Plaintiff further objects to this Interrogatory because it seeks information that is already in the possession, custody, or control of Defendants.

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory.   If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

Additionally, Google has little or no customer service function, like all monopolies.   Requesting changes or trying to negotiate with a monopolist like Google is a futile endeavor.   Any suggested changes to contracts or the way the business operated were routinely ignored or summarily rejected.   *See also* Plaintiff's Response to Interrogatory No. 21.

## INTERROGATORY NO. 23

Describe in detail the diligence, if any, You exercised in investigating the claims You assert in this case prior to commencing the Action including any steps You took to discover the facts alleged in the Complaint.

## OBJECTION TO INTERROGATORY NO. 23

Plaintiff incorporates its General Objections as if fully set forth herein.   Plaintiff specifically objects to this Interrogatory in that it seeks information protected by the attorney-client privilege or work product doctrine or any other applicable privilege, protection, or immunity in that investigation of Plaintiff's claims was done in anticipation of litigation, pursuant to the directive and advice of counsel, and/or in connection with this lawsuit.   Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with

knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents."

## INTERROGATORY NO. 24

Describe Your business model regarding digital advertising sales, including fees, commission or take rate charged on advertising You facilitated and how that commission was charged, including when the commission was charged and which parties to the relevant transaction(s) were charged.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24

Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff further objects to this Interrogatory on the grounds that the term "business model" is vague, ambiguous, unclear, and fails to identify the information sought with reasonable particularity.  Plaintiff objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g., document productions or depositions).

Subject to and without waiver of the foregoing objections, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory.  If documents do in fact exist, documents responsive to this Interrogatory, including contracts that describe the business model regarding digital advertising sales and monetization of the same, will be produced and/or made available for

inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

With the evolution of online video streaming in or around 2005, there was growing demand from publishers for video content to enhance and augment their online text content and thus a growing opportunity for brands to present video advertisements to consumers. Early on, Inform recognized that by embedding video content and video advertising into a publisher's articles, Inform could create a better user experience and help monetize website space for online publishers.

Using the Inform platform in the context of a newspaper, magazine, radio, or television website, a typical story-level web page will likely include instream video (within the text of the article near the headline), outstream video (within the text of the article outside of the user's initial view), and right rail video (outside of the text of the article).

The video content played in these spaces are video clips, usually one to three minutes in length, that relate to the publisher's story or article. And Inform established an extensive library of premium video content that could either be manually selected by the publisher to match the substantive text content or automatically selected for them by Inform's proprietary content matching technology. Each substantive video clip that plays on a web page presents an opportunity for a brand, product or service (e.g., Chase Marriott, Farmers Insurance, Verizon) to present the user with a video advertisement.

At its peak, Inform had an inventory of ad space from a network of approximately 5,000 publishers, largely comprised of professional local and national news publishers, such as the San Francisco Chronicle, Investor's Business Daily, the Los Angeles Times and The Hill. This aggregated digital audience allowed Inform to work with a brand (or the advertising agency representing a brand) to optimize the placement of its ads and to reach that brand's specific target demographic.

Inform also provided the infrastructure, including the video player, allowing it to manage the technical delivery of both the video for the content creator and the creative from the advertiser. This video experience is powered by Inform's end-to-end online video platform that provides a full suite of capabilities, including video ingestion and encoding, content management, and robust targeting capabilities utilizing Inform's proprietary data. Thus, like Google, Inform's infrastructure allowed it to collect third-party data regarding users, dramatically increasing Inform's ability to target specific demographics and driving a significant portion of the value of the ad to brands.

Inform's platform was extremely valuable to publishers, content creators, and advertisers. Between 2010 and 2017, Inform garnered revenue of more than $180,000,000. In each of 2014, 2015 and 2016, Inform had annual revenue of approximately $35,000,000. In 2015, Inform was ranked as the No. 1 Online News & Information Property by comScore based, in part, on its 27 million unique monthly viewers and 230 million videos viewed each month. *See also* Plaintiff's Response to Interrogatory No. 2.

## INTERROGATORY NO. 25

Identify with particularity each and every act, practice, or statement by Google that you allege to have been fraudulent. As part of Your response, identify all documents on which You relied to respond to this Interrogatory.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff objects to Interrogatory No. 25 because it violates Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents," and is not a "more practical method of obtaining the information sought than a request for production or a deposition." This Interrogatory seeks information that would be more practicably obtained through other forms of discovery (e.g.,

document productions or depositions).

Plaintiff objects to this Interrogatory as unduly burdensome because answering the interrogatory would require them to review and analyze an unreasonably large number of documents to identify potentially responsive communications and because such efforts would be substantially duplicative of their efforts to identify responsive documents for the aforementioned Requests for Production. Plaintiff further objects to this Interrogatory because it seeks information that is already in the possession, custody, or control of Defendants, and is thus obtainable by Defendants from some other source that is more convenient, less burdensome, and/or less expensive (e.g., Defendants' own records).

Subject to and without waiver of the foregoing objections, and in addition to the acts set forth in Plaintiff's Second Amended Complaint, Plaintiff states as follows: The acts, practices, and/or statements by Defendants that Plaintiff alleges to have been fraudulent began and continued over a course of many years and were hidden and masked by *inter alia*, Google's lack of transparency, secret auction manipulations and projects, purposeful loss and scrubbing of Plaintiffs' data, and flat out lies. Defendants falsely told Plaintiff that in order for their ad server to function, Plaintiff was required to provide to Defendants all of its client information including their specific client contact information; which proprietary client information Defendants then used to target and steal away Plaintiff's customers for Defendants' separate competing video products and services that were being developed. Defendants' fraud included devaluing and degrading Plaintiff's direct ad sales and generating billions of fake and false CPM calculations, calculated and set by Defendants but not revealed to Plaintiff, which were then submitted into Defendants' manipulated auctions and falsely represented that the highest CPM would win. Defendants' falsely represented the workings of Dynamic Allocation and Enhanced Dynamic Allocation, including but not limited to that these programs would increase yield when in fact they were designed to devalue and steal away direct ad

sales and the customers behind such direct sales and to force more transactions into Defendants' monopoly programmatic sales and manipulated auctions.

Defendants falsely misrepresented that there was/were a bug(s) in the system; falsely told Plaintiff that its ad campaigns were scheduled to deliver when they were not and did not; falsely told Plaintiff that implementation and/or continued use of Defendants' products and services would fix and/or ameliorate issues, bugs and/or delivery problems. Defendants policed Plaintiffs' innovative products and services, and created policies to stymie Plaintiffs' and other competitors' innovation, and then falsely and manipulatively claimed Plaintiff "policy violations," unapproved ad experiences, that Plaintiff's innovations were not approved ad behavior, forbidden player execution, and other purported policy violations. Defendants falsely and purposefully flagged line items as malware in order to shut down their ad server for several days at a time to keep Plaintiffs' ads from serving. Additionally, Defendants interfered with Plaintiffs collection of its own data and then routinely provided Plaintiff data that had significant data blocks missing or that contained false and inaccurate information, falsely claiming and maintaining it had properly provided all data. Defendants made false statements to hide and did not reveal the numerous ways they were manipulating the ad auctions including but not limited to through Project Bernanke and its Bell version, Minimum Bid to Win, Dynamic Revenue Share, Last Look, Dynamic Allocation and Enhanced Dynamic Allocation. While falsely and manipulatively under-pacing Plaintiffs direct ad sales and rendering them ineligible to compete in auctions on high news days, Defendants defrauded Plaintiff, purposefully interfered with its publisher and advertiser contracts and fraudulently made it appear that Plaintiff could not perform. Defendants secretly exempted themselves (including YouTube) and their products and services from restrictive rules, regulations and policies concerning video players, ad experiences, and functionality and other anticompetitive conduct that they falsely, manipulatively and selectively enforced to shut down rival video players, stymie innovative ad

experiences and thwart competition on the merits.

Additionally, Plaintiff will conduct a reasonable and proportional search and/or inquiry to ascertain whether responsive documents exist in those locations and from those sources in which it would reasonably expect to find documents or information responsive to such Interrogatory.  If documents do in fact exist, documents responsive to this Interrogatory will be produced and/or made available for inspection provided they are not privileged (or otherwise protected from disclosure) and are within Plaintiff's possession, custody, or control.

**Interrogatories Labeled by Defendants as "Local Rule 33.3(a) Interrogatories"**

### INTERROGATORY NO. 26
### (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 1):

For each business or legal entity under Your control identified in response to Interrogatory No. 1, state whether You have possession, custody, and/or control over documents concerning the use of Display Advertising or Ad Tech Products by that business or legal entity. If so, include in Your answer the locations, custodians, and general description of such documents. If not, identify all person(s) with possession, custody, and/or control of such documents.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 26
### (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 1):

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to these "Local Rule 33.3(a) Interrogatories" Nos. 1 to 5 as being improper under Pre-Trial Order No. 5 (MDL Doc. No. 394), which permits Defendants to serve only "one set of interrogatories not to exceed 25 questions on each named plaintiff." Defendants have served 30 Interrogatories on Plaintiff in violation of that Order, and Plaintiff is not required to respond beyond the first 25 Interrogatories. Plaintiff further specifically objects to this Interrogatory to the extent that it is cumulative and seeks documents and/or information requested in any of the Interrogatories set forth above or its First Set of Request for Production.

### INTERROGATORY NO. 27
### (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 2):

Identify all persons with relevant knowledge concerning Your claims in Your Complaint.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 27
### (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 2):

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to these "Local Rule 33.3(a) Interrogatories" Nos. 1 to 5 as being improper under Pre-Trial Order No. 5 (MDL Doc. No. 394), which permits Defendants to serve only "one set of interrogatories not to exceed 25 questions

on each named plaintiff." Defendants have served 30 Interrogatories on Plaintiff in violation of that Order, and Plaintiff is not required to respond beyond the first 25 Interrogatories. Plaintiff further specifically objects to this Interrogatory to the extent that it is cumulative and seeks documents and/or information requested in any of the Interrogatories set forth above or its First Set of Request for Production.

### INTERROGATORY NO. 28 (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 3):

Identify all persons with relevant knowledge concerning the use of Display Advertising or Ad Tech Products by each of Your businesses or legal entities.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 28 (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 3):

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically  objects to these "Local Rule 33.3(a) Interrogatories" Nos. 1 to 5 as being improper under Pre-Trial Order No. 5 (MDL Doc. No. 394), which permits Defendants to serve only "one set of interrogatories not to exceed 25 questions on each named plaintiff." Defendants have served 30 Interrogatories on Plaintiff in violation of that Order, and Plaintiff is not required to respond beyond the first 25 Interrogatories. Plaintiff further specifically objects to this Interrogatory to the extent that it is cumulative and seeks documents and/or information requested in any of the Interrogatories set forth above or its First Set of Request for Production

### INTERROGATORY NO. 29 (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 4):

For each category of monetary relief that You seek in Your Complaint, provide a computation of the amount of each category of monetary relief sought for each count.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 29 (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 4):

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff incorporates

its General Objections as if fully set forth herein.  Plaintiff specifically  objects to these "Local Rule 33.3(a) Interrogatories" Nos. 1 to 5 as being improper under Pre-Trial Order No. 5 (MDL Doc. No. 394), which permits Defendants to serve only "one set of interrogatories not to exceed 25 questions on each named plaintiff."  Defendants have served 30 Interrogatories on Plaintiff in violation of that Order, and Plaintiff is not required to respond beyond the first 25 Interrogatories.  Plaintiff further specifically objects to this Interrogatory to the extent that it is cumulative and seeks documents and/or information requested in any of the Interrogatories set forth above or its First Set of Request for Production.

### INTERROGATORY NO. 30
### (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 5):

With respect to each harm or injury for which You seek relief in this Action, identify each person with knowledge of that harm or injury.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 30
### (LABELED BY DEFENDANTS AS 33.3(a) INTERROGATORY NO. 5):

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff incorporates its General Objections as if fully set forth herein.  Plaintiff specifically  objects to these "Local Rule 33.3(a) Interrogatories" Nos. 1 to 5 as being improper under Pre-Trial Order No. 5 (MDL Doc. No. 394), which permits Defendants to serve only "one set of interrogatories not to exceed 25 questions on each named plaintiff."  Defendants have served 30 Interrogatories on Plaintiff in violation of that Order, and Plaintiff is not required to respond beyond the first 25 Interrogatories.  Plaintiff further specifically objects to this Interrogatory to the extent that it is cumulative and seeks documents and/or information requested in any of the Interrogatories set forth above or its First Set of Request for Production.

**DATED**: September 29, 2023

Respectfully Submitted,

**Inform Inc., *Plaintiff,***

*/s/ Serina M. Vash*
Serina M. Vash
(*NYSBN 2273448*)
John C. Herman
*(Admitted Pro Hac Vice)*
**HERMAN JONES LLP**
153 Central Avenue, #131
Westfield, NJ 07090
Telephone: (404) 504-6516
Fax: (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com