# Exhibit C



**Via Email**

Serina M. Vash
Herman Jones LLP
153 Central Avenue # 131
Westfield, NJ 07090
svash@hermanjones.com

New York
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
F +1 646 521 5710
E jeanette.bayoumi@freshfields.com
www.freshfields.com

October 27, 2023

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Serina,

I write in response to Inform, Inc.'s ("Inform") deficient responses and objections to Google's First Set of Interrogatories. *First*, Inform asserts various invalid objections that provide no reason to limit or withhold responses. *Second*, the few responses Inform has provided are woefully insufficient: the only Interrogatory to which Inform has substantively responded is the one in which Inform identifies itself. Inform's other responses merely copy allegations from Inform's Complaint, provide insufficient promises to conduct a search for documents, or provide substantially incomplete information, and those types of responses do not meet Inform's obligations under Federal Rules of Civil Procedure 33 or 26. Finally, Inform has no excuse to refuse to respond to Google's Local Rule 33(a) Interrogatories, as Pre-Trial Order No. 5 clearly authorizes Google to serve these interrogatories.

Please supplement your responses **by November 6, 2023.** Google is available to meet and confer upon request.

### A.   Many of Inform's objections are baseless.

Federal Rule of Civil Procedure 33 requires that "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Inform's objections are nonspecific, often inappropriate or inexplicable, and in many cases appear to be copied across interrogatories without regard to applicability. *See Jacoby v. Hartford Life and Acc. Ins. Co.*, 254 F.R.D. 477, 478-79 (S.D.N.Y. 2009) (party's "boilerplate objections" to interrogatories that

"include[d] unsubstantiated claims of undue burden, overbreadth and lack of relevance" were overruled).

Among its general objections, Inform inappropriately invokes "law enforcement privilege," "public official privilege," and "public interest privilege" to object to Google's interrogatories. Given that Inform is neither a law enforcement agency nor a public official, these objections are facially invalid and wholly inappropriate. To the extent Inform contends otherwise, please explain the basis for asserting these privileges.

Inform also objects generally on the basis that it has not received sufficient discovery from Google to respond to interrogatories. This objection is both false and inapplicable. First, Inform has already received approximately 6 million documents produced by Google, far more discovery than a party would typically possess when responding to initial interrogatories. Inform does not need to have "completed its preparation for trial" to participate in discovery, notwithstanding its objection to this effect. Second, Inform fails to state why it would require *any* of Google's documents or data to respond to interrogatories regarding Inform's own business and practices regarding a lawsuit that it has initiated.

Inform additionally misconstrues various of Google's Interrogatories in order to justify its inappropriate "overbroad" or "burden" objections, such as to **Interrogatory Nos. 2, 3, 5, 6, 8, 9, 10, 11, 12, 16, 17, 18, 19, and 25**. For example, Interrogatory No. 10 asks for factors that may influence Inform's decision making. Yet Inform objects that it would have to review "every advertising transaction it entered into over a 10-year period" in order to respond to this straightforward question. That is obviously incorrect.

Additionally, Inform objects to **Interrogatory Nos. 13, 14, 17, and 20** as "premature". It is not premature to inquire as to the impact of Google's and other ad tech products on Inform's business and revenue, especially given that Inform filed a complaint claiming such an impact. Finally, courts have rejected the assertion that damage-related interrogatories should be reserved for expert discovery. *See In re Veeco Instruments, Inc. Sec. Litig.*, No. 05MD1695 CMGAY, 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007) ("Local Rule 33.3(a) provides in part that interrogatories directed to 'the computation of each category of damage alleged' are allowed at the commencement of discovery.").

Please withdraw these objections and answer the interrogatories.

## B.  Inform's interrogatory responses are deficient.

Inform has failed to provide good faith responses to ***any*** interrogatories. Instead, Inform's responses are almost uniformly incomplete or evasive.

In response to **Interrogatory Nos. 7, 12, 14, 16, 21, 22, 25**, Inform simply ignores the question at issue, providing no semblance of the information requested, and instead appears to restate broad, unsupported allegations from its Second Amended Complaint. For example, Inform's "response" to Interrogatory No. 12, which requests information about Inform's experience with various ad tech products and services, argues that "Defendants' secret anticompetitive programs and conduct carried out by, through, and in its multiple intertwining monopolies was largely hidden from Plaintiffs, enforcement agencies, publishers and advertisers alike," providing no support, examples, or meaningful response to the interrogatory itself. Instead, this "response," like its responses to Interrogatory Nos. 7, 14, 16, 21, 22, and 25, simply repeats Inform's allegation that Google is a monopoly without providing any actual response.

Further, in response to **Interrogatory Nos. 2-3, 5-6, 9, 12-22, and 24-25**, Inform offers an insufficient promise to conduct a reasonable search for documents. These responses are improper for several reasons. First, promises to search for documents fail to address the specific questions asked. Second, searching for and producing documents does not excuse Inform from answering the questions, even if it also has relevant documents. *See in re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (invoking Rule 33(d) improper where interrogatory asked party to state facts, not identify evidence). Third, Inform's Rule 33(d) response is plainly deficient. Rule 33(d) requires the responding party to "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Inform has specified no records whatsoever, and has not even stated when or if the unspecified records would be produced.

And finally, in its purported responses to **Interrogatory Nos. 4, 7, 8, 10, 11, and 23**, Inform did not even agree to conduct a search for documents or fails to provide a narrative or complete response. For the reasons provided above, Inform cannot refuse to answer these questions.

Inform must supplement its responses to these interrogatories and provide substantive answers.

### C. Inform's misunderstanding of Pre-Trial Order No. 5 cannot serve as a basis to evade Inform's obligation to respond to Google's Rule 33(a) Interrogatories.

Inform answered none of Google's Local Rule 33(a) Interrogatories, based on a spurious interpretation of PTO-5. PTO-5 expressly permits Google to serve two categories of interrogatories on each plaintiff: (1) a set of 25 questions and (2) a set of questions in compliance with Local Rule 33(a) interrogatories. *See* ECF No. 394 at ¶ 6.2 ("No interrogatories shall be served *except in compliance with Local Rule 33.3(a)* without first obtaining leave of Court, *except as follows: defendants may serve one set of interrogatories not to exceed 25 questions* on each named

October 27, 2023
Page 4

Plaintiff") (emphasis added).  Please withdraw your objections to Google's Local Rule 33(a) Interrogatories and answer these questions promptly.

\*\*\*

Please withdraw your improper objections and supplement your answers to Google's interrogatories **by November 6, 2023**.  If Inform continues to ignore its discovery obligations, Google will seek relief from the Court.

Kind regards,

/s/*Jeanette Bayoumi*
Jeanette Bayoumi