# Exhibit D

# Freshfields Bruckhaus Deringer US LLP

Via Email

Serina Vash
Herman Jones LLP
svash@hermanjones.com

Washington, D.C
700 13th Street, NW
10th Floor
Washington, DC 20005
T +1 202 777 4543
M +1 202 997 3708
E ben.zweifach@freshfields.com

November 27, 2023

Re:   *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC); *Inform, Inc. v. Google LLC, et. al*, No. 1:21-cv-01530 (PKC)

Dear Serina,

I write to follow up on our November 16, 2023 meet and confer to memorialize our discussion regarding Inform's Responses and Objections to Google's First Set of Requests for Production (RFPs) and First Set of Interrogatories (Rogs) and Inform's proposed Supplemental Requests for Production, as well as our understanding of the next steps following that discussion.

Inform's Responses and Objections to Google's First Set of RFPs and First Set of Interrogatories

Google and Inform discussed several individual RFPs at the meet and confer:

- **RFP No. 6** asks for "Documents or data sufficient to show Your 'output' by month, as 'output' is used in Your Complaint." Inform mistakenly believed that "output" referred to "news output," and thus was inapplicable to Inform. Google explained that Inform used the term "output" in paragraph 305 of its own complaint, and that the RFP referred to "output" as used in Inform's complaint. Given this explanation, Inform stated that it "imagines" that it would respond to the Request. Please confirm that Inform will produce documents responsive to RFP No. 6.

- In its response and objections to **RFP Nos. 71-73 and 78**, Inform refused to produce documents related to these Requests based on its assertions of privilege.[1] Google explained that it seeks non-privileged documents responsive to these Requests, e.g., documents relating to or referring to facts discovered in the ordinary course of business, or relating to investigations conducted without the involvement of counsel. Inform stated

---

[1] At the meet and confer, Inform clarified that its reference to the "trial preparation immunity doctrine" simply refers to attorney-client privilege and the work product doctrine.



it would produce documents relevant to its claims, but it would not produce privileged information. Please confirm that Inform will produce non-privileged documents responsive to these Requests.

- Inform lodged overbreadth and relevance objections to **RFP Nos. 74-76**. At the meet and confer, Google explained how Inform suing other companies could be relevant, particularly if it alleged other causes of Inform going out of business, for example. Google asked Inform if it would consider amending its responses and objections if Google cabined these requests by time period or subject matter. Inform stated that it would consider the proposal. Please confirm if Inform will produce documents responsive to these Requests subject to a narrowed scope.

- In its responses and objections to **RFP Nos. 35-37, 56, 63-67, and 72**, Inform did not agree to conduct a reasonable search, but instead pointed Google to publicly available documents (e.g., U.S. House report, foreign competition agencies' reports, news articles, white papers, and law review articles), "documents referenced in Inform Inc.'s Second Amended Complaint and its Rule 26 Initial Disclosures," and documents "already in Defendants' possession, custody, or control." At the meet and confer, Google explained that it is Inform's responsibility to point to, and provide, the specific documents that are the basis for its allegations. Inform stated that it would review its responses and objections to these specific Requests and consider whether it would supplement those responses and objections. Please confirm whether Inform will supplement.

The parties agreed that a combination of custodial searches and "go gets" might serve as the basis for Inform's responses to Google's RFPs. Inform stated that it would propose search terms and custodians to Google. Please confirm by what date Inform will provide those search terms and custodians.

Google also asked Inform to identify which RFPs it viewed as "go gets," and propose the types of documents (e.g., organizational charts) that Inform could produce in that regard. Please confirm that Inform will identify the RFPs for which it would propose to produce "go gets."

Inform specifically indicated that it may have data in its possession. Google asked that Inform make a proposal regarding what data it will produce. Please confirm that Inform will make such a proposal with respect to data.

As discussed during the meet and confer, Google thoroughly addressed Inform's deficient responses and objections to Google's First Set of Interrogatories in its October 27, 2023 letter. In that letter, Google had requested that Inform supplement its deficient responses and withdraw its baseless objections by November 6, 2023. Inform has not yet responded to Google's letter, but at the meet and confer, Inform committed to providing a letter response.  Please let us know when we can expect to receive that response.

Inform's Proposed Supplemental RFPs

**Freshfields Bruckhaus Deringer US LLP**

      The parties disagree whether the Court permitted Inform to formally serve its Supplemental RFPs on Google. Google considers the Supplemental RFPs sent by Inform on November 8, 2023, to have been informally tendered so as to facilitate negotiations on search terms and custodians. Google maintains that the process laid out by the Court in its October 18, 2023 Order, ECF No. 647, remains in place. Inform disagrees.

      Notwithstanding the parties' disagreement, the parties agreed to meet and confer with respect to search terms and custodians. Inform stated that it would propose search terms and custodians to Google. Google emphasized that this proposal should be reasonable and targeted, taking into account that Google has already produced nearly a million documents that hit on the terms "YouTube or "You Tube," and has produced documents from over a dozen custodians that worked for YouTube. Please provide us with those proposals.

      We are available to meet and confer.

Sincerely,

*/s/ Benjamin S. Zweifach*

Benjamin Zweifach