# Exhibit E

# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Candace N. Smith
csmith@hermanjones.com

December 4, 2023

**ELECTRONIC MAIL**

Jeanette Bayoumi
Freshfields Bruckhas Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
(212) 277-4000 (main)
Jeanette.bayoumi@freshfields.com

Re: *In re Google Digital Advertising Antitrust Litigation;* No. 1:21-md-03010 (PKC)
Inform, Inc.'s Responses to Defendants' First Set of Interrogatories

Dear Jeanette

This letter is in response to your correspondence of October 27, 2023 regarding Inform, Inc.'s ("Inform") responses to Defendants' First Set of Interrogatories, which was discussed at length during our November 16, 2023 meet and confer.

As an initial matter, Defendants have vacillated between arguing that Inform's case barely overlaps with the other MDL cases and that the discovery provided to plaintiffs in the MDL covers all of Inform's claims. Of course, the truth lies somewhere in the middle: while there is overlap that compelled the MDL Panel to transfer Inform's case here, there are numerous markets, allegations of anticompetitive conduct and claims that do not overlap with all of the other MDL Plaintiffs to which we are entitled to discovery. Though Defendants once again cite the quantity of documents as evidence that they have complied with their discovery obligations, as you are aware, those documents are not responsive either to many of the matters at issue in Inform's Complaint or to Inform's discovery properly propounded upon Defendants. The sheer quantity of documents that Defendants have produced in this multi-plaintiff litigation does not speak to the quality of their substance or to their responsiveness as to Inform. Moreover, the vast majority of those documents were initially missed and only recently produced. Of those, many have not been accessible, and *still* cannot be accessed. Our assertion that we have not received the discovery Inform needs is neither false nor inapplicable simply because Defendants have produced documents in *In re Google Digital Advertising Antitrust Litigation.*

Ms. Jeanette Bayoumi
December 4, 2023
Page 2

We take issue with your sweeping claim that Inform's Interrogatory Responses are incomplete or that Inform has invoked boilerplate privilege objections. The specific individual responses are extensive in detail. Moreover, and when appropriate, Inform has agreed to provide additional documents and information.

Your contention that Inform deliberately "misconstrues" many of the interrogatories is misplaced. By way of example and not limitation, Interrogatory No. 2 asks for "what your revenue was in each year, including all sources of that revenue and amount of revenue by each source, and including all Digital Advertising revenue by Format." Setting aside that, when Inform was operating, revenue information may not have been kept in the ordinary course of Inform's records in the particular manner that Defendants seek, this clearly is an extremely broad request, as it appears to seek transaction by transaction detail of any and all revenue Inform has ever generated. If the Defendants are seeking annual revenue, or something else, then those are different questions (which appear more appropriate for document requests). Inform cannot divine when Defendants are asking one question that they actually are seeking other information. In fact, had Inform taken a narrow approach to that interrogatory, it likely inevitably would have been chided for "misconstruing" the question in a too limited fashion, as it was as described below.

With regard to Interrogatory No. 10, which you specifically cite, Inform has listed the factors that generally inform its advertising selling decision. To get into granular detail, this once again would require overbroad transaction by transaction detail. Here, subject to its objections, Inform has provided exactly the type of response you claim Defendants are seeking. Nevertheless, Defendants have complained. Again, Inform answered Interrogatory No. 10, yet Defendants expect Inform to engage in guesswork as to what Defendants actually are looking for.

Based upon your objections, it is unclear whether Inform's discovery responses were reviewed in full. By way of example, we refer you to Inform's response to Interrogatory No. 3. You claim that "Inform offers an insufficient promise to conduct a reasonable search for documents." Inform states clearly that it shall do so. Inform has responded not only to the interrogatory (and the others cited in your letter), but also has committed to making a reasonable search. In addition, Inform has identified where further responsive information may be found. It appears that Defendants simply do not like Inform's answer to Interrogatory No. 3, not that it was unresponsive as is claimed. This is true for many of the complaints you have made about Inform's answers.

In that same regard, we refer you to Inform's response to one of the interrogatories that Defendants claim invoked an improper "prematurity" objection concerning damages, Interrogatory No. 13. Inform specifically objects to information that is the subject of expert testimony, which is, in fact, inappropriate at this time. Moreover, Inform explains the effect of Google's products, conduct and practices in the final paragraph of its response to Interrogatory No. 13. While Inform is willing to provide documents and information responsive to Defendants'

Ms. Jeanette Bayoumi
December 4, 2023
Page 3

Interrogatories – as it clearly did in response to Interrogatory No. 13 – Inform will not simply wave privileges or provide information to which Defendants are not entitled under applicable rules.

These are but a few examples where Defendants claims of insufficiency are belied by Inform's responses themselves. We also want to remind Defendants, however, that as they put Inform out of business, there are not teams of Inform employees with information at the ready. We are doing the best we can under the circumstances. Defendants' accusations to the contrary are meritless.

Rather than take your sweeping and unsupported claims individually, we iterate what was said during our November 16, 2023 meet and confer: Inform intends to provide documents and information responsive to your discovery requests to the extent they exist, that they are not privileged, and that they are reasonably proportionate to the needs of the case. This will be done as soon as is practicable.

During the meet and confer, we asked that Defendants' counsel provide us with search terms so that we may begin the process of providing documents to you. To date, we have not received those. Once we have agreed upon search terms and provided documents to you, we can revisit whatever outstanding issues remain, to the extent that there are any.

With regard to Defendants' "Rule 33.3" Interrogatories, we disagree with your reading of PTO-5. The Order states the following:

> No Interrogatories shall be served except in compliance with Local Rule 33.3(a) without first obtaining leave of Court, except as follows: defendants may serve one set of interrogatories not to exceed 25 questions on each named plaintiff,

The Court did not state that a Defendant could propound twenty-five interrogatories *and* also propound Local Rule 33.3 interrogatories. Rather, the Order plainly states that Defendants can ask twenty-five questions *in total* without leave, which Defendants did not obtain. Moreover, an overly expansive reading of Section 6.2 of PTO-5 also is not consistent with the Local Rules of the Southern District, which clearly take a conservative, limited approach to the use of interrogatories.

Even though we believe that your reading of the rules and the Court's Order simply is incorrect, in the spirit of cooperation, we are willing to supplement our responses to what Defendants have described as its "Local Rule 33.3(a) Interrogatories."

Ms. Jeanette Bayoumi
December 4, 2023
Page 4

       We look forward to receiving your search terms.

       Sincerely,

       */s/ Candace N. Smith*
       CANDACE N. SMITH
       HERMAN JONES LLP

CNS/cns