# Exhibit F

# Freshfields Bruckhaus Deringer US LLP

**Via Email**

Candace N. Smith
Herman Jones LLP
3424 Peachtree Road NE
Suite 1650
Atlanta, Georgia 30326
csmith@hermanjones.com

New York
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
F +1 646 521 5710
E jeanette.bayoumi@freshfields.com
www.freshfields.com

December 21, 2023

Re:     *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC)

Dear Candace,

I write to follow-up on Inform's deficient responses to Google's Interrogatories and in response to Inform's letter of December 4, 2023. As a preliminary matter, Google served its Interrogatories on August 23, 2023. Inform has had four months to provide adequate responses and has failed to do so. After multiple meet and confers, Inform has not agreed to cure any of these deficiencies, except with respect to the five Local Rule 33.3(a) interrogatories to which Inform has not yet responded. Please supplement your responses to all of Google's interrogatories **no later than January 5, 2024**. If Inform fails to respond completely to all of Google's interrogatories by this date, we are prepared to move to compel.

Your December 4 letter provides no valid justification for Inform's refusal to provide basic discovery in a timely manner, especially in light of my October 27 letter requesting supplementation and the Parties' November 16 and December 4 meet and confers. Indeed, it has been over four years since Inform first filed its complaint—Inform should be well prepared to meet its basic discovery obligations. But instead, your December 4 letter is replete with excuses, all of which highlight Inform's discovery deficiencies.

*First*, Inform's contention that it has not received sufficient discovery from Google to enable it to respond to interrogatories is nonsensical.[1] Not only is this objection false given the

---

[1] Inform's contention that the six million documents Google has produced to date are not relevant to Inform's complaint lacks any foundation and you have conceded the relevance of those documents during multiple meet and confers. Nevertheless, Google has been working in good faith to negotiate the scope of Inform's proposed supplemental RFPs and any related search terms and custodians.

significant amount of discovery Google has provided to Plaintiffs, but it is also inapplicable.[2] None of what Google has produced (or will produce) is relevant to Inform's ability to respond to Google's discovery requests. Inform should respond based on its own business and claims. We reiterate our request that Inform withdraw this objection and respond to interrogatories with information about Inform's own business and claims.

*Second*, the examples that Inform cites to bolster its assertion that it has provided sufficient individual responses are emblematic of Inform's discovery failures. Specifically, Inform points to its responses to Interrogatory Nos. 2, 3, 10, and 13, all of which are deficient.

**Interrogatory No. 2** requests Inform's annual revenue, including "all sources of that revenue and amount of revenue by each source, and including all Digital Advertising revenue by Format (e.g., video, banner)." Inform provides a non-response to this request, providing irrelevant background on Inform's business, including how many publishers at Inform's "peak" were part of Inform's "network." While Inform states that between 2010 and 2017 it "garnered a revenue of more than $180,000,000," Inform only provides an identical annual revenue approximation of $35,000,000 for *three* years—2014, 2015, and 2016—which adds up to $105,000,000 (far less than the $180,000,000 in revenue quoted for years 2010 through 2017). Inform fails to provide annual revenues for the other relevant years, nor does it provide a breakdown of "all sources of that revenue" or the "amount of revenue by each source," as requested in the Interrogatory.

Yet, despite this clear deficiency, your December 4 letter construes this request as requiring "transaction by transaction detail of any and all revenue Inform has ever generated." *See* Ltr. from C. Smith to J. Bayoumi (Dec. 4, 2023), at 2. This is facially untrue. Furthermore, your contention that "revenue information *may not have* been kept in the ordinary course of Inform's records in the particular manner that Defendants seek," *id.* (emphasis added), indicates that Inform has failed to make even the most cursory investigation into these requests. More importantly, Inform must respond to the Interrogatory with the information within its possession even if it is not maintained in exactly the manner in which Google sought it.

Next, Inform raises **Interrogatory No. 10**, which requests that Inform "[d]escribe in detail all factors that influence or influenced Your advertising selling decisions . . . ." Inform contends that a response to this Interrogatory "would require overbroad transaction by transaction detail" and that Inform has provided "exactly the type of response you claim Defendants are seeking." Ltr. from S. Vash to J. Bayoumi (Dec. 4, 2023), at 2. To be clear, apart from two paragraphs of objections, Inform's response to Interrogatory No. 10 in its entirety is "Factors include but are not limited to expressed customer preferences (such as e.g., target audience, cost, timing of campaign,

---

[2] Your contention that Google's document productions are not accessible is perplexing. Inform has never raised any issues about accessing Google's productions. As such, it is unclear what Inform is referring to. In any event,. Google is willing to offer reasonable assistance should that be needed.

creative opportunities, editorial stature) oftentimes in the form of contractual requirements." This response is plainly insufficient. It merely lists one factor expressly caveated as one that may or may not apply among others. Inform's contention that this is a sufficient interrogatory response is incorrect.

Inform next cites to **Interrogatory No. 3,** which requests that Inform identify websites that Inform "partnered with for the purposes of buying or selling digital advertising, maintain, maintained, control, controlled, own, or owned" and the time period these websites operated. In response, Inform failed to identify *even a single website*, much less address the substance required of the interrogatory. Interrogatory No. 3 further requests that Inform identify "employees or agents involved in selling advertising space offered on such website." Inform also failed to identify even a single individual in its response, and instead directed Google to its initial disclosures "for identities of persons involved in selling advertising space offered"—information not responsive to this Interrogatory. Given Inform's abject failure to provide even the most rudimentary response, and your apparent contention that Inform is somehow unable to name any of the websites with which it partnered (although that partnership is referenced in your complaint), the rote statement (copied in many of Inform's responses) that Inform will conduct a search for documents and produce them "[i]f documents do in fact exist" is unavailing and unproductive. This response, like Inform's responses generally, does not come close to meeting Inform's obligations under Federal Rule of Civil Procedure 33(d).

Inform last cites **Interrogatory No. 13**, which requests that Inform identify the effects of "Dynamic Allocation, Enhanced Dynamic Allocation, Project Bernanke, Dynamic Revenue Share, and Minimum Bid To Win on Your revenue, CPM, impressions, and clicks." Inform responded that "[t]he effects of Google's products and conduct and the aforementioned practices on Plaintiff's business was to stifle Inform's business, interfere with Inform's clients and contracts, force Inform out of the market, and destroying the enterprise value of the Company." This response reflects Inform's propensity to restate unsupported allegations from its complaint as if these could be sufficient interrogatory responses, while ignoring the substance of the interrogatories entirely. Nowhere in its response does Inform address the specific programs mentioned, nor does Inform discuss its revenue, CPM, impressions, or clicks. Your contention in your December 4 letter that restating allegations from Inform's complaint and drawing improper legal conclusions means that this response "explains the effect of Google's products, conduct and practices" on Inform is illogical.

These are only a few examples—and apparently, the best examples Inform can point to—exemplifying Inform's improper objections and deficient responses with respect to Google's First Set of Interrogatories. Inform must supplement its interrogatory responses with responsive detail as required by the Federal Rules.

December 21, 2023
Page 4

*Third*, Inform failed to address its wholly improper general objections to Google's Interrogatories, which include inappropriate grounds such as "law enforcement privilege," "public official privilege," and "public interest privilege." These objections are invalid and should be withdrawn.

*Fourth*, while Inform has repeatedly noted—during the November 16 meet and confer, the December 4 meet and confer, your December 4 letter, and via email on December 8—that it will provide documents and information responsive to Google's discovery requests "to the extent they exist" and "as soon as practicable," it has not produced a single document nor provided any timeline as to when Google can expect to receive this information. Inform cannot avoid its obligation to respond to interrogatories by pointing to future, hypothetical, document productions. Inform must now respond substantively to the interrogatories.

*Fifth*, while Inform agreed both in its December 4 letter and during the December 4 meet and confer to provide responses to the Local Rule 33.3(a) Interrogatories, Inform has yet to do so. In fact, on December 8—the day by when Inform promised to provide these responses—Inform notified Google via email that it was "endeavoring to provide responses," but was facing "logistical difficulties posed understanding that Inform is no longer operational." Email from S. Vash to J. Bayoumi (Dec. 8, 2023).[3] That email further said that Inform "anticipates a further written response next week." *Id*. As of the date of this letter, and nearly two weeks since that email, Google has yet to receive any response, let alone responses to its Rule 33.3(a) interrogatories. Inform has already had four months to adequately respond to Google's Interrogatories, which is ample time to overcome any so-called "logistical difficulties." Moreover, you have failed to explain or define what professed "logistical difficulties" exist that are supposedly preventing Inform from responding. Hiding behind such vague blanket statements is improper. And these unspecified "logistical difficulties" do not excuse Inform from providing, at a minimum, basic information that should have been collected and preserved as part of any pre-suit investigation.

*Finally*, while Inform protests in its December 4 letter that "[Defendants]. . . put Inform out of business" and as such "there are not teams of Inform employees with information at the ready," Inform must still provide discovery on its claims. Inform has chosen to file a lawsuit and must comply with its discovery obligations. Indeed, it has been four years since Inform filed its first complaint. If Inform is unable or unwilling to provide evidence that would substantiate the assertions in its own complaint, Inform should dismiss its lawsuit.

*** 

---

[3] As previewed during the December 4 meet and confer, Google provided Inform with proposed search terms and custodians for Google's First Set of Requests for Production via email on December 8.

December 21, 2023
Page 5

Google reiterates that Inform's Responses and Objections to Google's First Set of Interrogatories are deficient. We ask again that you withdraw your improper objections and supplement your answers to Google's interrogatories **by January 5, 2024**. If Inform continues to ignore its discovery obligations and fails to meaningfully engage in discovery, Google is prepared to seek relief from the Court.

Kind regards,

/s/*Jeanette Bayoumi*

Jeanette Bayoumi