# Exhibit J

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION<br><br>*This Document Relates To:*<br><br>*Inform Inc. v. Google, LLC, Alphabet Inc., and YouTube LLC*<br>No. 1:23-cv-01530 (PKC) | Civil Action No. 21-md-3010 (PKC) |

**INFORM INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS GOOGLE LLC, ALPHABET INC. AND YOUTUBE LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff Inform Inc., hereby submits its Supplemental Objections and Responses to Defendants Google LLC's First Set of Interrogatories to Inform Inc.

These responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statement(s) contained herein if such question(s) were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed at the time of trial.

These responses are made based upon reasonable and diligent investigation conducted to date, including information presently available to Plaintiff and contained in documents in its possession, custody, and control, and are made without prejudice to Plaintiff's right to produce

subsequently discovered facts, documents, or evidence.  Plaintiff reserves the right to amend or supplement their responses and to raise any additional objections they may have in the future.

No admission of any nature whatsoever is to be implied or inferred in these responses.  The fact that any of the Interrogatories herein may have been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by the Interrogatories, or that such answer constitutes evidence of any fact thus set forth or assumed.

Plaintiff incorporates its General Objections, Objections to Definitions and Instructions and statement of Non-Waiver set forth in its Objections and Responses to Defendants Google LLC and Alphabet Inc. and YouTube LLC's First Set of Interrogatories, served on September 29, 2023.

## SPECIFIC OBJECTIONS AND RESPONSES

### Local Rule 33.3(a) Interrogatories

**33.3(a) INTERROGATORY NO. 1:**

For each business or legal entity under Your control identified in response to Interrogatory No. 1, state whether You have possession, custody, and/or control over documents concerning the use of Display Advertising or Ad Tech Products by that business or legal entity.  If so, include in Your answer the locations, custodians, and general description of such documents.  If not, identify all person(s) with possession, custody, and/or control of such documents.

**RESPONSE TO 33.3(a) INTERROGATORY NO. 1**:

Plaintiff incorporates its General Objections as if fully set forth herein.  Please also see Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) for the existence, potential custodians, and general description of relevant documents within Plaintiff's possession, custody, and control.

Plaintiff has possession, custody, and/or control over hard copy and electronic documents concerning its use of Display Advertising or Ad Tech Products.  Inform's primary custodian is Greg Peters.  Responsive code documents, if any, were stored on Git Hub and/or Bit Bucket.

Responsive business records, communications, and other documents, if any, were stored in G-Suite. Responsive analytics data and reports, including related to Display Advertising and Ad Tech Products, if any, are or may be stored by or in Google Ad Manager and/or Google Analytics.

Plaintiff's investigation is ongoing, as is discovery in this matter, and Plaintiff reserves all rights to amend, modify, and/or supplement this response as appropriate if Plaintiff becomes aware of additional responsive information.

**33.3(a) INTERROGATORY NO. 2:**

Identify all persons with relevant knowledge concerning Your claims in Your Complaint.

**RESPONSE TO 33.3(a) INTERROGATORY NO. 2**:

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff identifies Greg Peters of Inform, Inc. Plaintiff also identifies Brittany Peters, Joan McPherson, Tim Ahart, formerly of Plaintiff. The aforementioned, as well as all other former employees of Plaintiff identified herein may be contacted through Herman Jones LLP. Please also see Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), Response I for the identities of additional persons with relevant knowledge concerning the claims in Plaintiff's Complaint. In addition to the persons identified in Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff identifies Shane Peros, Banks Baker, Daniel Silverna, who are all employees of one or more of the Defendants.

Plaintiff's investigation is ongoing, as is discovery in this matter, and Plaintiff reserves all rights to amend, modify, and/or supplement this response as appropriate if Plaintiff becomes aware of additional responsive information.

**33.3(a) INTERROGATORY NO. 3**:

Identify all persons with relevant knowledge concerning the use of Display Advertising or Ad Tech Products by each of Your businesses or legal entities.

**RESPONSE TO 33.3(a) INTERROGATORY NO. 3**:

Plaintiff incorporates its General Objections as if fully set forth herein. Please also see Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), Response I, and Plaintiff's Response to 33(a) Interrogatory No. 2 above for the identities of persons with relevant knowledge concerning the use of Display Advertising or Ad Tech Products by Plaintiff. Plaintiff's investigation is ongoing, as is discovery in this matter, and Plaintiff reserves all rights to amend, modify, and/or supplement this response as appropriate if Plaintiff becomes aware of additional responsive information.

**33.3(a) INTERROGATORY NO. 4:**

For each category of monetary relief that You seek in Your Complaint, provide a computation of the amount of each category of monetary relief sought for each count.

**OBJECTION TO 33.3(a) INTERROGATORY NO. 4**:

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as premature as it seeks information concerning Plaintiff's damages which will be the subject of expert discovery and opinions. Plaintiff also objects to this Interrogatory in that it impermissibly seeks the premature disclosure of expert testimony and information or requires Plaintiff to disclose analyses, opinions, or theories that will be the subject of expert testimony. Plaintiff reserves the right during the further course of these proceedings to rely upon, reference or put into evidence additional expert information, testimony, or reports. Plaintiff will comply with the Federal Rules of Civil Procedure, the local rules, and any applicable Court Order regarding the designation of expert witnesses and opinions. Plaintiff further objects to this Interrogatory on the grounds that a computation of the amount of those damages is premature, as the amount of Plaintiff's damages is highly dependent on information to be obtained in fact discovery.

Subject to and without waiver of the foregoing objections, Plaintiff states as follows:

Plaintiff seeks monetary damages, in an amount to be determined at trial, caused by the Defendants' unlawful conduct described in Inform's Second Amended Complaint and any subsequent operative complaint by Plaintiff. Plaintiff also seeks pre- and post-judgment interest; punitive damages; restitution; and litigation expenses, including but not limited to attorneys' fees and costs, to the extent permitted by law. Under O.C.G.A. § 51-12-5.1(f) there is no limit to the amount which may be awarded as punitive damages against Defendant Google and Defendant YouTube, both of which were active tortfeasors.

Plaintiff also responds that at the appropriate time, as determined by the applicable rules and any orders of the Court, Plaintiff anticipates that it will produce testimony from one or more experts that will contain information responsive to this Interrogatory. That expert testimony is expressly incorporated herein, including all attachments and any supplement thereto.

Plaintiff's investigation is ongoing, as is discovery in this matter, and Plaintiff reserves all rights to amend, modify, and/or supplement this response as appropriate if Plaintiff becomes aware of additional responsive information.

**33.3(a) INTERROGATORY NO. 5:**

With respect to each harm or injury for which You seek relief in this Action, identify each person with knowledge of that harm or injury.

**OBJECTIONS AND RESPONSE TO 33.3(a) INTERROGATORY NO. 5:**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff objects to this Request as premature to the extent it seeks the identification of consultants, advisors, and experts before the expert disclosure deadline. Insofar as this Interrogatory seeks to ascertain the identify of Plaintiff's experts, consultants, and/or advisors who have been retained or utilized to date solely as an advisor or consultant, such is not discoverable pursuant to Fed. R. Civ. P. 26(b)(4)(D). Subject to and without waiver of the foregoing objections, Plaintiff states as follows:

Please see Plaintiff's responses to Interrogatories Nos. 2 and 3 above. Please also see Plaintiff's employees and representatives and Defendants' employees identified in Plaintiff's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1). .

Plaintiff's investigation is ongoing, as is discovery in this matter, and Plaintiff reserves all rights to amend, modify, and/or supplement this response as appropriate if Plaintiff becomes aware of additional responsive information.

**DATED**: February 1, 2024

    Respectfully Submitted,

    **Inform Inc.,** *Plaintiff,*

    */s/ Serina M. Vash*
    Serina M. Vash
    (*NYSBN 2273448*)
    John C. Herman
    *(Admitted Pro Hac Vice)*
    **HERMAN JONES LLP**
    153 Central Avenue, #131
    Westfield, NJ 07090
    Telephone: (404) 504-6516
    Fax: (404) 504-6501
    jherman@hermanjones.com
    svash@hermanjones.com