

Google's letter of February 9, 2024 (ECF 692) will be deemed a motion to compel.  Inform shall file its response by February 21, 2024.  Lead counsel for the parties are directed to meet and confer on the dispute on or before February 15, 2024 and confirm that they have done so filed with the Court on February 16, 2024.  SO ORDERED.

Dated: February 12, 2024

**Via ECF**

P. Kevin Castel
United States District Judge

Redwood City
855 Main Street
Redwood City, CA 94063
justina.sessions@freshfields.com
T +1 650-618-9250
E justina.sessions@freshfields.com
www.freshfields.com

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

February 9, 2024

**Re:  *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*Inform Inc. v. Google LLC, et al.*, No. 1:23:cv-01530 (PKC)**

Dear Judge Castel:

    I write as counsel to Defendants Google LLC, Alphabet Inc., and YouTube LLC (collectively, "Google") requesting permission to move for an order compelling Plaintiff Inform Inc. to provide adequate responses to Google's First Set of Interrogatories.  No conference is scheduled at this time.

    In the five months since Google propounded its First Set of Interrogatories, Inform has failed to substantively respond to almost any.  Inform now claims that it *cannot* respond to discovery because the company is no longer in business.  That, of course, is no excuse for a plaintiff that chose to bring a lawsuit.  If Inform desires to avoid its discovery obligations, then it should dismiss its Complaint.  Otherwise, it must respond to Google's Interrogatories.  Despite numerous meet and confers, Google has been unable to obtain meaningful responses to its Interrogatories, and the parties are at an impasse.

**I.      Relevant Background of the Discovery Dispute.**

    Upon its tardy entrance into the MDL on February 1, 2023,[1] Inform sought immediate access to Google's massive document and data productions, despite not yet having survived a pending motion to dismiss.  *See* ECF No. 525 at 4 (requesting that the Court "order [Google] to produce the documents to Inform and proceed with the Inform Action as a coordinated Action"); *see also* ECF No. 526.  But Inform's desire to participate in discovery was one-sided.

    The Court authorized Google to serve up to 25 interrogatories and five Local Rule 33.3(a) interrogatories on each named plaintiff.  ECF No. 394 at 2.  On August 23, 2023, Google

---

[1] Transfer Order, *In re Google Digital Advertising Antitrust Litigation*, MDL No. 3010, Dkt. No. 227 (J.P.M.L. Feb. 1, 2023).

February 9, 2024<br>Page 2

served Inform with its First Set of Interrogatories, which included 25 interrogatories and five Local Rule 33.3(a) Interrogatories. *See* Ex. A.  Inform's responses and objections were due on September 25, 2023.  *See* Fed. R. Civ. P. 33(b)(2).  Inform requested a one-week extension to September 29, to which Google agreed, *see* Ex. B, and Inform served responses and objections on September 29.  These responses were insufficient.  Where Inform purported to respond, those "responses" consisted of quotations or paraphrases from Inform's complaint or promises to look for documents. *See* Ex. A.  And Inform declined to respond at all the Local Rule 33.3(a) Interrogatories.

Over the course of the next three months, the parties exchanged letters and met and conferred several times.[2] *See* Exs. C, D, E, F, G, H, and I.  After Inform's extended delays, Google made a final request that Inform properly respond to its interrogatories by January 5, 2024.  No supplemental responses came.  Instead, in a follow up letter, Inform requested an extra week to supplement (until January 12), which Google obliged on the condition that Inform would in fact meaningfully supplement its responses.  But on January 12, Inform said it would *not* supplement its responses at all except for Google's L.R. 33.3(a) Interrogatories, which it claimed it would send by the end of the day.  Those few responses did not materialize until three weeks later, on February 1.  *See* Ex. J.  Thus after three and a half months of evasions and delays, the parties are at an impasse.

## II. The Court Should Compel Inform to Provide Adequate Responses to Google's Interrogatories.

Google's interrogatories seek relevant information that should be within Inform's possession.  Inform's responses are almost uniformly incomplete and evasive.  Inform ignores the question at issue, provides no semblance of the information requested, and parrots back vague allegations from its Second Amended Complaint.  *See* Inform's Second Amended Compl. ("SAC"), ECF No. 535.  The Court should require Inform to respond completely and in good faith.

### A. Inform cannot answer with hypothetical future document productions.

Inform's responses to Interrogatory Nos. 2, 3, 5, 6, 9, 12-22, and 24 each include or consist solely of a pledge to search for documents.  These non-responses are improper for two reasons.

First, Inform is required to state the requested facts in response to Google's interrogatories, rather than point vaguely to unspecified documents (even if such documents existed or had been produced).  For example, Interrogatory No. 12 asks Inform to describe whether it used or considered five of the Google product features Inform challenges in its complaint.  Inform recites a litany of objections and then provides a paragraph that says nothing about whether Inform used any feature in question.  Instead, Inform relays the non-sequitur complaint "Defendants' secret anticompetitive programs" were both "largely hidden from Plaintiffs" and also "not entirely hidden."  Ex. A at 24.  Inform also promises to look for

---

[2] The parties met and conferred on November 6, 2023, December 4, 2023, and January 19, 2024.

documents that may or may not exist.  *Id.*.  But a future promise to search for and possibly produce documents does not excuse Inform from answering the interrogatories, even if it also has relevant documents.  The interrogatories require Inform to provide basic facts relating to its business and ad tech use, not to identify the evidence supporting Inform's contentions, and thus should be answered.  *See e.g.*, *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (determining that invoking Rule 33(d) is improper where interrogatory asked party to state facts rather than identify evidence).

Second, Inform's (unstated) reliance on Rule 33(d) is plainly deficient.  Rule 33(d) requires the responding party to "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d).  Inform has not specified any records at all in any response, and does not even state whether it has any records that might bear on the question.

**B. Inform must respond to Interrogatories requesting basic facts about its business.**

Interrogatory Nos. 1, 3, 9, 10, 15, and 24 ask for basic facts about Inform's business, including facts such as legal entities under the Inform umbrella and dates of operation, the websites that Inform supposedly partnered with, how Inform made money from ad sales, and whether Inform sold in-app advertising inventory.  These interrogatories are all relevant to the claims at issue because Inform alleges that it suffered antitrust injury as a result of the way Google designed its products and was "put out of business" by Google's conduct related to digital advertising.  SAC ¶¶ 317-18;  *see Ohanian et al. v. Apple*, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022) ("facts and circumstances of [plaintiff's] use of [defendant's and other competitor services], are indisputably relevant to his claims").

Inform refuses to answer even these most basic questions.  For example, Interrogatory No. 3 asks Inform to identify its partner websites and the years of operation for each.  Ex. A at 11.  In its complaint, Inform alleges that it "owned the ad inventory for each of these 14,000 properties."  SAC ¶ 58.  This interrogatory should not be difficult to answer:  it requests the most basic information about Inform's business and is crucial to enabling further inquiry, such as exploring the factual basis for Inform's allegations and any identifying needed third party discovery.  In response, however, Inform refused to identify a single partner entity or website, much less provide the substantive information requested.  *See* Ex. A at 11-12.  Inform also inappropriately points to its initial disclosures as a substitute for providing a response, but Inform's initial disclosures do not identify partner websites.  Ex. A at 12.

As a further example, Interrogatory No. 9 asks Inform to identify any direct transactions that it entered into to fill ad space on these partner websites.  In its complaint, Inform alleges that it made direct ad sales.  *See, e.g.*, SAC ¶¶ 10 ("Inform's direct ads"); 12 ("Inform's lucrative and guaranteed direct ads"); 13 ("Inform's direct ad contracts were sabotaged").  Clearly, the information needed to respond to these interrogatories is fully within Inform's possession and should have been marshalled before Inform filed its third attempt at a complaint.  Inform, however, refuses to answer and instead said "if documents do in fact exist, documents responsive

to this Interrogatory will be produced." Ex. A at 21. This non-answer is improper for the reasons provided above. The Court should order Inform to provide complete answers to these specific and straightforward questions.

### C. Inform must respond to Interrogatories related to Inform's revenue and the impact of digital advertising on its revenue.

Interrogatory Nos. 2 and 8 ask for basic information about Inform's revenues and the supposed impact that the alleged conduct had on Inform's business. Ex. A at 8, 19. Inform fails to adequately respond to either of these interrogatories.

For example, Interrogatory No. 2 asks for Inform's annual revenue over time, including "all sources of that revenue and amount of revenue by each source, and including all Digital Advertising revenue by Format (e.g., video, banner)." Ex. A at 8. Inform provides a non-response to this request, giving irrelevant background on Inform's business, including how many publishers at Inform's "peak" were part of Inform's "network." Ex. A at 10-11. While Inform states that between 2010 and 2017 it "garnered a revenue of more than $180,000,000," Inform only provides an identical annual revenue approximation of $35,000,000 for three years—2014, 2015, and 2016—which adds up to $105,000,000 (far less than the $180,000,000 in revenue quoted for years 2010 through 2017). Ex. A at 11. Inform also fails to provide any breakdown of "all sources of that revenue" or the "amount of revenue by each source," as requested in the interrogatory. Ex. A at 8. Instead, Inform avers that "revenue information may not have been kept in the ordinary course of Inform's records in the particular manner that Defendants seek." Ex. E at 2. This hedged response indicates that Inform failed to make even the most cursory investigation into these requests. Moreover, whatever precise or distinct *manner* of revenue record retention Inform is claiming does not excuse Inform's obligation to respond to Interrogatory No. 2 with the information within its possession. *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009) (a party must "respond to [an] interrogatory based on the information presently available to it.").

### D. Inform must respond to Interrogatories seeking facts regarding Inform's use of the products and services at issue.

Interrogatory Nos. 4, 6, 7, 11-13, 16-19 ask for facts regarding Inform's use of Google's and other ad tech products. Google needs to understand the products and services that Inform used (and that it did not use) for many reasons, including to test Inform's allegations that it was affected or harmed by the conduct alleged and that Inform lacked alternatives to Google's products.

For example, Interrogatory No. 7 asks Inform to identify every ad tech provider and ad tech product that Inform used. This information is potentially relevant to many issues, including Inform's claims of relevant markets (e.g., substitution), Inform's claims that Google has market power in any alleged market, Inform's claims that it lacked alternatives to Google, and Inform's claims that it was coerced to use Google's products. Inform's answer comprises a non-responsive narrative largely copied from the complaint that does not mention a single ad

tech product or provider, and a promise to search for documents. Interrogatory No. 12 (described in section II(A) above), is another example. Google needs to know whether Inform even enabled the product features at issue so that Google can test Inform's assertions that the features caused harm. Inform can and should provide this information.

### E. Inform must respond to Interrogatories seeking the facts underpinning Inform's allegations.

Interrogatory Nos. 5, 14, 21, 22, 23, 25 ask for the facts underlying some of Inform's allegations, many of which were only added in Inform's third attempt at a complaint. *See* Ex. A at 14, 26, 35-39, 42-45. For example, Interrogatory No. 14 asks for the facts underlying Inform's allegation that Google's ad server "stalled the pacing of Inform's guaranteed line items and jumped over contracted [sic] for direct ad sales." SAC ¶ 236; *see also* Ex. A at 26. It asks Inform to identify any direct contracts that went unfulfilled and contracts that were "jumped over." Ex. A at 26. In response, Inform dodges the question and repeats only the unspecific allegation from its complaint, with a few more adjectives. Ex. A at 26-28 ("Inform's advertising inventory was regularly throttled against its instructions unilaterally by Defendants, including through the clandestine use of their so-called Enhanced Dynamic Allocation"). This is plainly inadequate. *See, e.g.*, *Ohanian*, 2022 WL 576314, at *2 (compelling response to interrogatories requesting "information relating to the harm or injury [Plaintiff] alleges").

Similarly, Inform must answer interrogatories asking it to identify the communications or transactions upon which Inform's allegations are based. In the SAC, Inform alleges that "Inform repeatedly reached out to the Google Team with its concerns. And Google would respond dishonestly or deceptively in an attempt to cover up its illegal behavior." SAC ¶ 201. Interrogatory No. 5 asks Inform to identify these alleged communications, among others. Ex. A at 14. But Inform's Interrogatory responses do not describe a single instance in which Inform "reached out" or any response from Google. *See* Ex. A at 15 (merely noting that Inform is "in the process of conducting a reasonable and proportional search and/or inquiry for documents"). These "responses" are improper. *See Ohanian*, 2022 WL 576314, at *2 (compelling response to interrogatories "which request that [Plaintiff] identify all documents and communications" relied upon during the transaction at issue).

### F. Inform must substantively respond to Google's Local Rule 33.3(a) Interrogatory No. 4.

Inform's February 1, 2024 response to Google's Local Rule 33.3(a) Interrogatory No. 4 is deficient as well as four months late. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."). *See* Ex J. Google's Local Rule 33.3(a) Interrogatory No. 4 asks for "each category of monetary relief that [Inform] seek[s] in [its] Complaint" and a "computation of the amount of each category of monetary relief sought for each count." Ex. J at 4. Inform has not sufficiently responded, but instead simply parrots the complaint's prayer for relief: "Plaintiff seeks monetary damages, in an amount to be determined at trial" as well as "pre- and post-judgment interest; punitive damages; restitution; and litigation expenses." *Id*. at 5. Inform asserts that it will

provide a further response at an "appropriate time." *Id*. But *now is* the appropriate time. *See e.g.*, *In re Veeco Instruments, Inc. Sec. Litig.*, 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007) ("Local Rule 33.3(a) provides in part that interrogatories directed to 'the computation of each category of damage alleged' are allowed at the commencement of discovery."). Inform has had over five months to respond (and tellingly, has had years to gather this basic information since filing its first complaint in 2019), and this Court should now compel it to do so.

III.     **Inform's Objections to Google's Interrogatories are Facially Invalid, Inaccurate, and Inapplicable.**

Inform's objections are boilerplate and in many instances nonsensical. For instance, Inform's general objections on the grounds of "law enforcement privilege," "public official privilege," and "public interest privilege," Ex. A at 3, are facially invalid and wholly inappropriate given that Inform is neither a law enforcement agency nor a public official. *See In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) (describing the limit of law enforcement privilege to protecting undercover operations and "law enforcement techniques"); *Gurniak v. Emilsen*, 995 F. Supp. 2d 262, 268 (S.D.N.Y. 2014) (public interest privilege involves communications and complaints regarding the "conduct of public officials"). Inform also objects that it has not received sufficient discovery *from Google* to enable it to respond to interrogatories *about its own business*. Ex. A at 2. Inform obviously does not need discovery from Google to answer questions about its own business and the factual basis for claims in its complaint.

Inform's objections to specific interrogatories are also largely inapplicable. For example, Inform objects to numerous interrogatories as "premature." Ex. A at 25, 26, 31, 34 (Interrogatory Nos. 13, 14, 17, and 20). But Interrogatories seeking information regarding the alleged impact of Google's products on Inform's business and its purported loss of revenue as a result of Google's alleged conduct, *see* SAC at ¶¶ 317-18, are exactly the type permitted at this stage of litigation. *See e.g.*, *In re Veeco Instruments, Inc. Sec. Litig.*, 2007 WL 274800, at *2. Inform also appears to have used irrelevant boilerplate objections without regard to applicability, frequently repeating its rote objection that the interrogatories are "overly broad, unduly burdensome, and vague" or disproportionate across almost every interrogatory. Ex. A at 4-5, 8, 12, 13, 16, 18, 20, 21, 23, 27, 29, 30, 32, 34, 43 (Interrogatory Nos. 3-7, 9-10, 12-14, 16-19). Courts reject these types of blanket objections. *See e.g.*, *Jacoby v. Hartford Life and Acc. Ins. Co.*, 254 F.R.D. 477, 478-79 (S.D.N.Y. 2009) (describing "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevance" as a "paradigm of discovery abuse."); *see also Shannon v. New York City Transit Auth.*, 2001 WL 286727, at *1 (S.D.N.Y. Mar. 22, 2001) (A party "cannot evade its discovery responsibility by simply intoning [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad.") (quoting *Compagnie Francaise D'Assurance v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

Inform has refused multiple opportunities to retract its baseless objections. Exs. E, G and I. It cannot hide behind the excuse of being "out of business" any time it wants to evade its obligation to respond. It still must make a diligent, reasonable effort to reply in good faith. *See Williams v. Acxiom Corp.*, 2017 WL 945017, at *2 (D.N.J. Mar. 10, 2017) ("Although a

responding party generally is not required to conduct extensive research to answer an interrogatory, it must make a reasonable effort to respond.") (internal citations omitted); *see also Munoz v. Coastal Cap. Processing, LLC*, 2021 WL 5136269, at *1 (W.D.N.Y. Nov. 4, 2021) (sanctions appropriate where allegedly "out of business" defendant refused to comply with discovery orders). Inform, however, has refused to make even a minimal effort to respond. If Inform is capable of continuing to litigate, it can and must comply with its discovery obligations.

* * *

Inform has declined every opportunity to supplement its responses and withdraw its inappropriate objections. The Court should compel Inform to provide supplemental responses to Google's First Set of Interrogatories.

Respectfully submitted,

*/s/* Justina K. Sessions
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)

### Federal Rule of Civil Procedure 37(a)(1) Certification

I hereby certify that Defendants Google LLC, Alphabet Inc., and YouTube LLC have in good faith conferred with Inform Inc. and that the parties have reached an impasse.

/s/ Justina K. Sessions  
Justina K. Sessions  
FRESHFIELDS BRUCKHAUS  
DERINGER US LLP  
855 Main Street  
Redwood City, CA 94063  
Telephone: (650) 618-9250  
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*