UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING            21-md-3010 (PKC)
ANTITRUST LITIGATION

                                                                 PRE-TRIAL ORDER NO. 7

-----------------------------------------------------------x

CASTEL, Senior District Judge:

        The Court has considered the submissions of the parties on various discovery disputes. (ECF 686, 687, 688, 689, 690.)

        The Court ORDERS as follows:

1. MDL Plaintiffs motion to compel DOC LINK metadata previously produced to the DOJ is, by MDL Plaintiffs' account, "moot in light of Google's tardy production of hyperlink metadata. . . ." (ECF 690.) The letter motion (ECF 687) will be terminated as moot.

2. MDL Plaintiffs move to compel "all interrogatories and responses thereto, all requests for production and responses thereto, all 30(b)(6) deposition notices and responses thereto, and all discovery related correspondence" exchanged in the Eastern District of Virginia Action, including DOJ discovery requests and responses ("E.D. Va. Written Discovery"). MDL Plaintiffs are correct that the materials are easily assembled and could contain information relevant to the cases that are part of this MDL. But discovery utilized in another lawsuit is ordinarily not discoverable in another action, absent (1) a stipulation between the

parties agreeing to such discovery;[1] or (2) a reason why the requests and responses are relevant to the underlying dispute, e.g., an insurance coverage dispute relating to the other action, an application for attorneys' fees, proof of notice of some fact. One such reason why the E.D. Va. Written Discovery might be discoverable in this action is that it is necessary and appropriate to the implementation of the Order Regarding Coordination of Discovery entered by this Court. (ECF 564.) But the carefully crafted Order addresses certain coordinated depositions and certain limited exchange of expert discovery but pointedly does not require the production of the E.D. Va. Written Discovery to the MDL Plaintiffs or vice versa. Knowing the areas of defendant's business activities in which the DOJ has the greatest interest or what can be gleaned about the DOJ's evolving theory of the case is not, itself, discoverable in this MDL. Nothing in the Court's prior Orders has restricted the MDL Plaintiffs' from utilizing existing discovery tools to obtain proportionate and proper discovery from Google about any business practice challenged in the Plaintiffs' Complaints. Letter motion (ECF 686) is denied.

The clerk is respectfully directed to terminate the motions. (ECF 686, 687.)

---

[1] Consensual agreements submitted to the Court to be entered as an Order often promote efficiency and frequently contain provisions beneficial to each side. For example, a party might agree to forgo pursuing certain discovery in exchange for the opposing party's production of discovery materials in another case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 12, 2024