# Discovery Steering Committee
# In re Google Digital Advertising Antitrust Litigation

February 29, 2024

**VIA ECF**

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

<em>In re Google Digital Advertising Antitrust Litigation</em><br>
No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of MDL Plaintiffs, the Discovery Steering Committee writes to notify Your Honor that on February 26, 2024, the district court presiding in *State of Texas, et al. v. Google LLC*, No. 4:20-CV-957-SDJ (E.D. Tex.) ("Texas Action"), entered an Order Regarding Coordination of Discovery ("Texas Coordination Order"), a copy of which is attached as **Exhibit A**. EDTX ECF 266. Consistent with past judicial practice, MDL Plaintiffs respectfully request that the Court enter this order. No conference is currently scheduled.

Since the Texas Action was remanded, the MDL Plaintiffs and Texas have jointly negotiated with Google with the goal of reaching an agreed-upon order governing the conduct of discovery in the two actions, similar to the jointly entered order ("DOJ Coordination Order") governing coordination of the MDL with *United States et al. v. Google LLC*, No. 1:23-cv-108-LMB-JFA (E.D. Va.) ("DOJ Action"). *See* ECF 564 at 15; EDVA ECF 251 at 15. The DOJ Coordination Order does not apply to Texas post-remand (ECF 564, ¶ 9), and all parties agree that an MDL-Texas coordination order is necessary because fact discovery in both cases remains ongoing. *See* ECF 394 (fact discovery closes June 28, 2024); EDTX ECF 194 (fact discovery in the Texas Action closes May 3, 2024). As such, an order coordinating the parties' remaining fact discovery work in the two jurisdictions will promote the just and efficient conduct of these related cases. *See* Manual for Complex Litigation, Fourth § 20.31.

The Coordination Order entered in the Texas Action parallels the coordination order entered last year by this Court and by the Magistrate Judge presiding in the DOJ Action. *See* ECF 564; EDVA ECF 251. Like that prior order, the Texas Coordination Order is jointly captioned and provides that it will not take effect in either jurisdiction until it is entered in both. Ex. A at 16 (¶ 10). MDL Plaintiffs respectfully submit that this Court should enter the order in the interests of judicial comity and to fix the parameters for shared discovery in the MDL and the Texas Action. Entering this order will thus ensure the prompt, coordinated progress of discovery in both jurisdictions.

Hon. P. Kevin Castel
February 29, 2024
Page 2 of 3

      Relevant to an issue addressed by this Court in its latest discovery ruling (ECF 694 ("PTO 7")), the Texas Coordination Order requires the parties to produce "Shared Discovery" across both cases. Ex. A at 7 (¶ 2). The order defines Shared Discovery to include, in part, "all documents, data, and written discovery (e.g., interrogatory responses) produced to a Party, or served on a Party, by or from another Party or third party during fact discovery in the Virginia Case, except that written discovery responses served by Virginia Plaintiffs need not be shared with MDL Plaintiffs". *Id.* at 5-6 (¶ 1(cc)). The Texas Coordination Order includes the final clause so that it remains consistent with PTO 7. An earlier version of the coordination order, entered by the Special Master in the Texas Action just minutes after this Court issued PTO 7, would have required the sharing of written discovery from the DOJ Action with the Texas Plaintiffs and the MDL Plaintiffs. Google objected to that order on the basis that it was entered without the benefit of considering this Court's PTO 7 ruling, which denied Plaintiffs' motion to compel written fact discovery materials from the DOJ Action in part because the *DOJ* Coordination Order "does not require the production of the E.D. Va. Written Discovery to the MDL Plaintiffs or vice versa." ECF 964 at 2.

      After hearing argument on Google's objection, the Texas district court returned the draft coordination order to the Special Master for further consideration. The Special Master then concluded in a new Report and Recommendation that written discovery from the DOJ Action was discoverable in the Texas Action, and accommodated PTO 7 by providing that "written discovery responses served by Virginia Plaintiffs in the Virginia Case need not be shared with the MDL Plaintiffs." Ex. A. at 5-6 (¶ 1(cc)).

      There is no conflict between the Texas Coordination Order and any ruling of this Court or the court in the DOJ Action. Google has agreed to provide MDL Plaintiffs with its written interrogatory responses from the DOJ Action. In addition, as the Special Master in the Texas Action noted in his most recent Report and Recommendation, "Google has not pointed to—and the Special Master is not otherwise aware of—any ruling from the Virginia Court prohibiting the sharing of Virginia Plaintiffs' written discovery in this Action or to the MDL Plaintiffs."[1] EDTX ECF 253 at 3. Google did not object to the Texas Coordination Order after the Special Master entered it, after which the district court approved it. In four rounds of briefing or argument before the Texas district court and Special Master, Google had a full opportunity to air any concerns about discovery sharing or any other coordination provisions. Any objection at this point to entry of the Texas Coordination Order by this Court would serve only to further inefficiency and delay.

---

[1] The U.S. Department of Justice has authorized MDL Plaintiffs to represent that it has no objection to the provision for the disclosure of Shared Discovery from the DOJ Action. Further, in its letter response to Plaintiffs' motion to compel written discovery materials from the DOJ, Google repeatedly suggested that Plaintiffs might obtain discovery materials, including written discovery, from the DOJ Action informally from the DOJ. *See* ECF 689 at 2-5. Yet, during the parties' February 23, 2024, meet and confer, Google indicated that it objects to any informal sharing of written fact discovery materials between the plaintiffs pursuing parallel claims in the three jurisdictions. Google would not state a specific ground for such objection.

Hon. P. Kevin Castel
February 29, 2024
Page 3 of 3

      As entry of the Texas Coordination Order will promote the orderly and efficient coordination of discovery between the Texas Action and the MDL during the closing months of fact discovery, Plaintiffs respectfully request that the Court enter this order.

                                            Respectfully submitted,

                                          /s/ *Jordan Elias*
                                          Jordan Elias
                                          **GIRARD SHARP LLP**
                                          601 California Street, Suite 1400
                                          San Francisco, CA 94108
                                          Telephone: 415-981-4800
                                          jelias@girardsharp.com

                                          /s/ *Philip Korologos*
                                          Philip Korologos
                                          **BOIES SCHILLER FLEXNER LLP**
                                            55 Hudson Yards
                                            New York, NY 10001
                                            Telephone: 212-446-2390
                                            pkorologos@bsfllp.com

                                          /s/ *Serina M. Vash*
                                          Serina M. Vash
                                          **HERMAN JONES LLP**
                                            153 Central Avenue #131
                                            Westfield, New Jersey 07090
                                            Telephone: 404-504-6516
                                            svash@hermanjones.com

                                          *MDL Plaintiffs' Discovery Steering Committee*

Copies to:  All Counsel via ECF