

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard
T +1 650 461 8276 (Direct)
F +1 202 507 5945
justina.sessions@freshfields.com
www.freshfields.com

March 6, 2024

**Re:**   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

We write in response to Plaintiffs' letter dated February 29, 2024, ECF No. 700, regarding the entry of an Order Regarding Coordination of Discovery ("Texas Coordination Order").  Google respectfully requests that the Court enter the Texas Coordination Order but takes this opportunity to correct two misstatements in Plaintiffs' letter.  No conference is currently scheduled.

*First*, Plaintiffs assert that they "negotiated with Google with the goal of reaching an agreed-upon order" that is "similar to" the coordination order previously entered by this Court.  That is false.  Before Judge Jordan, Texas and MDL Plaintiffs took the position that they "were excluded from negotiating" the Coordination Orders entered by this Court and the Virginia Court and emphasized that they "were not part of the negotiations."  EDTX ECF No. 215 at 1, 6; *see also* EDTX ECF No. 176 at 3.  On that basis, Texas and MDL Plaintiffs sought to unwind the existing Coordination Order and challenge various provisions that they had already litigated (unsuccessfully) before this Court and before Magistrate Judge Anderson.  Although the Texas court eventually rejected most of these efforts, MDL Plaintiffs' machinations portend future attempts to evade this Court's discovery limits.

To take but one example, MDL Plaintiffs demanded an additional 40 hours of deposition time to question witnesses despite not having noticed or cross-noticed depositions—without permission from this Court.[1]  Plaintiffs did so even though Magistrate Judge Anderson had rejected an identical proposal last year on the basis that "[t]he court has set limits on the number of depositions to be taken in this action, and plaintiffs' proposal would in essence undermine those limits."  EDVA ECF No. 201 at 2.  And Plaintiffs did so even though this Court has stated that parties are "going to have to persuade [the Court] why you need who you need when you're going

---

[1] During the parties' negotiations, Texas and MDL Plaintiffs initially insisted that a new Coordination Order entered by the Texas court should go into effect regardless of whether it was also entered by this Court.  *See* EDTX ECF No. 203-1 at 17 ("This Order shall come into effect in the States' Case as of the date signed by the U.S. District Court for the Eastern District of Texas.").

above the [deposition] limits" and that the parties are "going to get what you need and not anything more than you need." ECF No. 291 at 58:1-8.  Special Master Moran denied MDL Plaintiffs' request.[2]  Since then, Texas has asserted to Judge Jordan that "[c]oordination orders do not exist to dictate what the Eastern District of Texas must or must not do as per the rulings of a sitting judge in New York, even one on senior status, or, for that matter, a judge in Virginia."  Feb. 15, 2024 EDTX Hearing Tr. at 7:11-16.

*Second*, Plaintiffs assert that "Google repeatedly suggested that Plaintiffs might obtain discovery materials, including written discovery, from the DOJ Action informally from the DOJ," and then allegedly walked back that representation by refusing to provide "written fact discovery materials."  ECF No. 700 at 2 n.1.  That is also false.  Google did not renege on any offer.  Google told Plaintiffs and this Court that "Plaintiffs can address any legitimate questions regarding the scope of discovery in the Virginia Case through informal coordination with the DOJ."  ECF No. 689 at 2.  That was not an agreement that discovery materials themselves (or associated correspondence) should be shared, it was an observation that MDL Plaintiffs' purported concerns could be addressed through other means.  The issue is moot in any event because this Court has decided the issue and Special Master Moran also concluded that "discovery correspondence - from a different action - is not typically produced in litigation, and is not a traditional form or type of discovery."  EDTX ECF No. 230 at 7-8.

\*\*\*

Google respectfully requests that the Court enter the Texas Coordination Order in this MDL.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and Youtube LLC*

CC: All Counsel of Record (via ECF)

---

[2] *See* EDTX ECF No. 230 ("The States' proposal would permit MDL Plaintiffs to 'tag-along' on depositions noticed in this case, giving MDL Plaintiffs potentially up to 40 hours of deposition time without having to cross-notice the depositions and not have such depositions count against the limit in the MDL Action.").