**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

March 6, 2024

**VIA ECF**

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
No. 1:21-md-03010 (PKC)

Dear Judge Castel:

Google agrees that the Court should enter the Texas Coordination Order. ECF No. 706 ("Ltr."). Google's submission should have stopped there, but instead it launches into a false attack on MDL Plaintiffs. We feel compelled to correct the record in response to the baseless assertion that MDL Plaintiffs are engaged in "machinations [that] portend future attempts to evade this Court's discovery limits." *Id.* There is no conference scheduled at this time.

To briefly clarify the circumstances, the State of Texas proposed in its litigation that, even without issuing a cross notice, plaintiffs in either case could ask questions for one hour at a deposition noticed in the other case. *See* EDTX ECF No. 215-1 at p. 13 of 19. MDL Plaintiffs supported this "stub hour" proposal as a sensible and efficient measure to avoid gaps in testimony. The proposal would not, however, have allowed extra deposition time "without permission from this Court." Ltr. at 1. Instead, Texas's proposed coordination order, like the actual Order, would not have gone into effect "unless and until it has been entered in both the MDL and the Texas Case." EDTX ECF No. 215-1, at 18. Thus, had the Special Master agreed with the stub hour concept, MDL Plaintiffs would have presented it to this Court for approval.

As Google observes, Texas proposed during negotiations that the coordination order should "come into effect *in the States' Case*" once signed by the district court presiding in the Eastern District of Texas. Ltr. at 1 n.1. (emphasis added). That was not a proposal that MDL Plaintiffs could start taking additional depositions without permission from this Court. Hence the italicized language: "*in the States' Case*." Texas originally requested this language to ensure that coordination could proceed apace, as practicable, pending a further order on coordination from Your Honor. MDL Plaintiffs supported this provision as it did not conflict with this Court's prerogative to decide how many depositions MDL Plaintiffs can take. The need for both courts to approve the joint coordination order, while also individually controlling the course of discovery in each assigned action, was obvious to everyone negotiating the Texas Coordination Order. And Google's counsel never complained that the MDL Plaintiffs were somehow

scheming to violate this Court's orders. That accusation comes only today, in a letter signed by a lawyer who never was present for these negotiations and who did not sign Google's coordination filings in Texas. *See* EDTX ECF No. 214, 216, 240; *see also* ECF No. 660 at 2 n.1.

We thank the Court for its attention and respectfully request that it enter the Texas Coordination Order.

Respectfully,

/s/ *Jordan Elias*
Jordan Elias
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415-981-4800
jelias@girardsharp.com

/s/ *Philip Korologos*
Philip Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

/s/ *Serina M. Vash*
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copies to: All Counsel via ECF