CRAIG M. REISER
114 WEST 47TH STREET
NEW YORK, NY 10036
212.728.2218
CREISER@AXINN.COM

March 11, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-03010 (PKC)
*In re Google Digital Advertising Antitrust Litigation*, No. 21-cv-07001 (PKC)
*Singh v. Google LLC et al.*, No. 23-cv-03651 (PKC)
*Stellman v. Google LLC et al.,* No. 23-cv-01532 (PKC)
*In re Google Digital Publisher Litigation*, No. 21-cv-07034 (PKC)
*Associated Newspapers Ltd. v. Google LLC et al.*, No. 21-cv-03446 (PKC)
*Gannett Co. Inc. v. Google LLC et al.*, No. 23-cv-05177 (PKC)

Dear Judge Castel:

We represent Google LLC, Alphabet Inc., and YouTube LLC (together, "Google") in the above-referenced actions and write to clarify the next procedural steps following this Court's March 1, 2024 Opinion and Order (ECF No. 701) granting in part and denying in part Google's motions to dismiss (the "March 1 Order"). To avoid ambiguity around deadlines and to provide clarity about what claims remain in the case, Google respectfully requests that the Court enter an order: (i) directing Plaintiffs to promptly amend their complaints to conform to the March 1 Order; (ii) setting a schedule permitting Google to file letter motions seeking leave to move to dismiss Plaintiffs' remaining state law claims; and (iii) confirming that any applicable deadline to answer Plaintiffs' complaints will be deferred in the meantime. There is no conference scheduled at this time.

Following the Court's September 13, 2022 ruling on Google's motion to dismiss the States' Third Amended Complaint (the "TAC"), the Court entered an Order that ultimately culminated in the motions the Court has now resolved in its March 1 Order. *See* ECF No. 309 ("PTO 2"). To streamline subsequent motion practice based on the TAC motion to dismiss ruling, the Court set a framework by which Plaintiffs would conform their complaints to the Court's TAC motion to dismiss ruling and Google would have an opportunity to seek dismissal of the federal antitrust claims therein. Specifically:

- Class and individual Plaintiffs were permitted to file conforming amendments based on the TAC ruling and to request leave to file other types of amendments. PTO 2 ¶¶ 1-3.

- After Plaintiffs filed conforming amendments, Google was permitted to seek to dismiss the federal claims asserted therein. ECF No. 392 ("PTO 4") ¶ 3.

- In the meantime, the Court "continue[d] the stay of Google's time to answer, the time for any amendment . . . and any motion practice on the state law claims" in "any of the . . . Member Cases of [the] MDL." PTO 4 ¶¶ 4-5.

Accordingly, based on the procedure the Court directed, Google has not yet had the opportunity to seek to dismiss Plaintiffs' state law claims.

Just as the Court's September 2022 TAC ruling served as a bellwether for claims that this Court has now addressed in its March 1 Order, that March 1 Order impacts the ability of Plaintiffs to pursue the as-yet unchallenged state law claims they assert. First, to the extent Plaintiffs bring state law antitrust claims based on the same theories underlying the federal antitrust claims this Court dismissed, those claims should also be dismissed. Second, some Plaintiffs' state law antitrust claims as currently pleaded fail for specific state law reasons (e.g., certain claims may be cognizable under federal antitrust law but not under state law). Third, the Court's March 1 Order likewise impacts Plaintiffs' ability to bring state law claims for fraud and/or deceptive practices. For example, the Court dismissed Gannett's Section 2 claim that "Google leveraged its monopoly power in general search to coerce publishers into using AMP" on the basis that Google's alleged misrepresentation amounted to "little more than a sales pitch or boast." ECF No. 701 at 55. It is accordingly unclear whether Gannett (and Plaintiffs more broadly) could pursue—or even intend to pursue—state law fraud and/or deceptive practices claims based on Google's alleged misrepresentations with respect to AMP.

Seeking to clarify what claims Plaintiffs intend to press forward in light of this Court's March 1 Order, following that ruling, the undersigned counsel emailed Plaintiffs in the above-captioned cases to propose a path forward. *See* Ex. A (Mar. 6, 2024 V. Bosco email addressing all Plaintiffs other than Inform and Daily Mail); Ex. B (Mar. 6, 2024 C. Reiser email to Daily Mail).[1] Specifically, Google requested that Plaintiffs agree to a stipulation pursuant to which:

(1) Plaintiffs would file conforming amendments to their complaints clarifying the scope of their claims by Friday, March 15;

(2) With respect to any Plaintiffs pursuing state-law antitrust claims, Plaintiffs and Google would file a stipulation agreeing that state antitrust claims are deemed dismissed to the same extent as federal claims;

---

[1] Google also reached out to Inform with a similar proposal on March 11, 2024 and believes Inform should be subject to the same order requested herein. *See* March 7, 2024 Opinion and Order (ECF No. 709). In response, Inform took the position that "[t]here is no ambiguity or confusion about what claims remain in the case" and offered to meet and confer to the extent Google was seeking an extension of time to answer.

(3) Within 15 days following agreement on a stipulation or conforming amendments (whichever is later), Google would be permitted to file letter briefs seeking to dismiss Plaintiffs' state-law claims; and

(4) Google's deadline to answer each of Plaintiffs' complaints would be 30 days from the latest of (1) or (2) or, if Google requests leave to move to dismiss state-law claims, 30 days from resolution of such request or subsequent motion.

Google requested a response to this proposal by Friday, March 8. Publisher Plaintiffs were the only Plaintiffs to respond by that date, taking the position that "an amended complaint is not needed to clarify the scope of the remaining claims" and that Publisher Plaintiffs would agree to an extension of Google's supposed deadline to answer under Federal Rule of Civil Procedure 12(a)(4)(A) "only if Google will not file a further letter brief seeking to dismiss any portion of the complaint."[2] Ex. C (Mar. 8, 2024 I. Earnhardt response on behalf of Publisher Plaintiffs). And on March 11, Daily Mail and Gannett declined Google's proposal, asserting that Google's answers to Gannett and Daily Mail's complaints are due on March 15, Google does not need more time to answer, and that there remains no ambiguity or confusion as to what must be answered. Ex. D (Mar. 11, 2024 E. Maier response on behalf of Gannett and Daily Mail).

Plaintiffs' responses—and, in particular, their position that Google faces a deadline to answer a complaint that contains claims it has yet to have the opportunity to challenge—underscores the need for clarity on next steps following this Court's March 1 Order. Indeed, contrary to the positions of certain Plaintiffs that that there is a live deadline to respond to complaints under Rule 12(a)(4)(A), the Court previously stayed Google's deadline to "answer or respond to all complaints," ECF 129 ¶ 2, and the Court later "continue[d] the stay of Google's time to answer" . . . "any state law claim in any of the other Member Cases of this MDL." ECF No. 392 ("PTO 4") ¶¶ 4-5. Nothing in this Court's Orders suggests that this stay would automatically lift after a ruling on a motion to dismiss federal law claims. *Compare* ECF 129 ¶ 3 (staying general discovery but "anticipat[ing] that general discovery will commence following a decision on the anticipated motion to dismiss in the Texas v. Google matter").[3]

Second—and more fundamentally—Google should not be required to answer Plaintiffs' complaints unless and until it has had the opportunity to move to dismiss Plaintiffs' state law claims. Accordingly, Google respectfully requests that the Court enter an order (1) directing Plaintiffs to file narrowed amended complaints conformed to the March 1 Order; (2) setting a schedule allowing Google to file letter briefs seeking to dismiss Plaintiffs' remaining state law claims as alleged in the conformed amended complaints; and (3) confirming that Google's deadline to answer the complaints in the above-captioned cases will not run until 30 days have elapsed from the latest of either (a) the filing of Plaintiffs' conformed amended complaints, or

---

[2] Publisher Plaintiffs also stated that they are "amenable to a stipulation regarding . . . state-law antitrust claims to the extent they are based on allegations regarding the anti-competitive acts dismissed by the Court."

[3] Furthermore, and to the extent the March 1 Order does in fact trigger a deadline to answer, it is unreasonable for the Plaintiffs to insist that Google answer more than a thousand paragraphs across five complaints before March 15—whether Google agrees to forego a challenge to the legal sufficiency of state law claims Google has never been able to test (as the Publisher Plaintiffs have proposed) or otherwise.

(b) if Google requests leave to dismiss state law claims, the resolution of such motions to dismiss.[4]

Respectfully submitted,

/s/ Craig M. Reiser
Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

/s/ Justina K. Sessions
Justina K. Sessions**
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC

**Except as to *Associated Newspapers Ltd. v. Google LLC*, No. 21-cv-03446 (PKC)

CC: All Counsel of Record (via ECF)

[4] Moreover, Google has not yet even had occasion under PTO 4 to file a motion to dismiss in connection with the *Stellman* complaint, which only alleges advertiser-related state law claims. *See* Class Action Complaint, *Stellman v. Google LLC et al.*, No. 23-cv-01532 (S.D.N.Y.) ("*Stellman* action"), ECF No. 1. The *Stellman* action was transferred to and consolidated in the MDL in February 2023, after the operative consolidated advertiser complaint had been filed. *See Stellman* action, ECF No. 23 and associated docket entries. Google's proposal would align motion practice on the *Stellman* action with the rest of the state law claims remaining in this MDL.