

Philip C. Korologos<br>
pkorologos@bsfllp.com<br>
(t) 212 446-2390

March 12, 2024

**Via ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-cv-03010 (PKC)

*In re Google Digital Publisher Litigation*
Case No. 1:21-cv-07034 (PKC)

Dear Judge Castel:

      I write on behalf of the Publisher Class Plaintiffs in response to Google's letter to the Court of March 11, 2024.  This letter responds only with respect to the issues raised in Google's March 11 letter as they relate to the Publisher Class Plaintiffs' claims.  Google essentially asks the Court to adopt a schedule that would delay its answer, including enumeration of its affirmative defenses, to *any* allegations in any of the complaints subject to the Court's March 1, 2024, Opinion and Order ("Order") (ECF 701) until shortly before and potentially even after the close of fact discovery.  Not only will such a schedule generate delay and wasteful motion practice, but it will also cause Publisher Class Plaintiffs to suffer undue prejudice.  Accordingly, the Court should reject Google's proposal.  Instead, Publisher Class Plaintiffs respectfully submit that the Court should order Google to answer all surviving factual allegations and claims in the Publisher Class Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC") by March 29, 2024, and to file any further pre-motion letter seeking to dismiss state law claims by March 15, 2024.  No conference is scheduled at this time.

      First, Google suffers no undue prejudice in answering the factual allegations that survived the Order.  The Order was unambiguous about what claims and allegations remain in the Publisher case: Acts 14 and 16 were dismissed and all other acts and associated factual allegations remain.[1]  Google has identified no factual allegations—and Publishers are aware of none—that are unique to the state-law claims.[2]  Google has had the Publisher Class Plaintiffs' FAC for almost 15 months, since it was filed on December 5, 2022.  And it has not provided any

---

[1] Publisher Class Plaintiffs offered to stipulate as to the dismissal of these acts for purposes of our state-law antitrust claims.  *See* ECF 712-3 (I. Earnhardt response on behalf of Publisher Plaintiffs).  Google declined to respond to this proposal.

[2] The remaining state-law claims, Counts III and IV, are under California's Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq.*, an antitrust statute, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 1700 *et seq.*, an unfair competition statute.



substantive enumeration of its affirmative defenses, which is critical for Publisher Class Plaintiffs in preparing our expert reports.

By contrast, Publisher Class Plaintiffs will suffer substantial prejudice from Google's proposal. Discovery in this case closes in a little more than three-and-one-half months. ECF 394. The Court has made clear that it "*does not anticipate extending the date for completion of fact discovery.*" ECF 708 at 1. Google's proposal would initiate a new briefing schedule and defer any deadline for it to answer any of the plaintiffs' complaints until any motions to dismiss state-law claims are resolved. *See* ECF 712 at 1, 3-4. The Publisher Class Plaintiffs deserve to have an answer on the factual allegations in the FAC and enumeration of Google's affirmative defenses before fact discovery closes and during the time our expert reports are being prepared.

There is simply no need to waste time with a further amended complaint or for resetting the clock for Google to further delay answering the complaint or moving against the state claims. This is why Publisher Class Plaintiffs offered on March 8, 2024, to stipulate to the removal of the dismissed allegations as bases for our state-law antitrust claims and to permit Google an additional 14 days to answer the FAC, if it was willing to defer its opposition to the state-law claims to the summary judgment stage. *See* ECF 712-3. In the absence of such an agreement, Google would be required to timely submit its pre-motion letter or answer by March 15, 2024. Fed. R. Civ. P. 12(a)(4)(A).

Google's proposal will cause delay and waste and unduly prejudice Publisher Class Plaintiffs. In contrast, Publisher Class Plaintiffs offer an efficient process which will not prejudice either party. Publisher Class Plaintiffs therefore respectfully request that the Court order Google to: Answer all claims and allegations that survived a motion to dismiss by March 29, 2024; and either answer the state-law claims by March 29, 2024, or file a pre-motion letter to dismiss such claims by March 15, 2024. In the alternative, Publisher Class Plaintiffs respectfully request a conference to address these issues.

        Respectfully submitted,

        */s/ Philip C. Korologos*
        Philip C. Korologos