**Freshfields Bruckhaus Deringer US LLP**

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
  +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

March 15, 2024

Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *In re Google Digital Advertising Antitrust Litigation*, No. 21-cv-07001 (PKC); *Singh v. Google LLC et al.*, No. 23-cv-03651 (PKC); *Stellman v. Google LLC et al.*, No. 23-cv-01532 (PKC); *In re Google Digital Publisher Litigation*, No. 21-cv-07034 (PKC); *Inform Inc. v. Google LLC et al.*, No. 23-cv-01530 (PKC)

Dear Judge Castel:

Pursuant to Your Honor's March 14, 2024 Memo Endorsement and Order, ECF No. 714 (the "Order"), Defendants Google LLC, Alphabet Inc., and YouTube LLC (together, "Google") respectfully submit this pre-motion letter to request permission to move to dismiss the state law claims in (i) the Consolidated Advertiser Class Action Complaint (ECF No. 399 ("Adv. Compl."), Counts IV, VI, VII), (ii) Plaintiff Singh's Class Action Complaint (No. 23-cv-03651 (PKC), ECF No. 1 ("Singh Compl."), Counts IV, VI, VII), (iii) Plaintiff Stellman's Class Action Complaint (No. 23-cv-01532, ECF No. 1 ("Stellman Compl."), Counts I, II, III, IV, V), (iv) Publisher Plaintiffs' First Amended Consolidated Class Action Complaint (ECF No. 408 ("Pub. Compl."), Counts III, IV), and (v) Plaintiff Inform Inc.'s Second Amended Complaint (ECF No. 535 ("Inform Compl."), Counts VI, VII, and VIII) under Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.[1]  No conference is scheduled.

I. **Consolidated Advertiser Class Action Complaint**

Counts IV and VI assert that Google's Network Bidding Agreement with Facebook

---

[1] On March 8, 2024, counsel for Publisher Plaintiffs informed Google that Publisher Plaintiffs would not be amending their complaint (ECF No. 408).  On March 11, 2024, counsel for Plaintiff Inform informed Google that Inform would not be amending its complaint (ECF No. 535).

("NBA") and Google's agreements with its publisher customers, respectively, violate the Cartwright Act, *see* California Business and Professions Code § 16720, *et seq*. Your Honor has determined that the advertiser class allegations concerning both the NBA and Google's agreements with its publisher customers fail to state a federal antitrust claim. *See* ECF No. 701 at 15-21. Because California's Cartwright Act is generally construed in harmony with federal antitrust law, Counts IV and VI should therefore be dismissed. *Partee v. San Diego Chargers Football Co.*, 34 Cal.3d 378, 382 (1983) (en banc) ("The federal and California antitrust laws, having identical objectives, are harmonious with each other."); *Vinci v. Waste Mgmt., Inc.*, 36 Cal. App. 4th 1811, 1814 n.1 (Cal. Ct. App. 1995). To the extent that the advertiser class plaintiffs construe their Cartwright Act claim to cover Google's alleged monopolization, the Cartwright Act does not extend to prohibit any such unilateral conduct. *See, e.g.*, *Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 8 (2012); *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986), *modified on denial of reh'g*, 810 F.2d 1517 (9th Cir. 1987).[2]

Count VII asserts that Google engaged in unfair business practices that violate California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. Specifically, Count VII alleges that Google "engaged in unlawful, unfair or fraudulent business acts or practices" concerning (a) Reserve Price Optimization ("RPO"), (b) DRS, (c) Project Bernanke, (d) Projects Poirot and Elmo, and (e) UPR, violating the UCL. *See* Adv. Compl. ¶¶ 398-403. There are several reasons why the claims in Count VII should be dismissed. *First*, Your Honor has dismissed the advertiser class's claims based on Projects Poirot and Elmo for lack of antitrust standing, and that same logic applies to the state law claims. *See* ECF No. 701 at 11-13. *Second*, the Court has now ruled twice that RPO-related claims fail to plausibly allege anticompetitive conduct. ECF No. 308 at 57-61 (State Plaintiffs' Third Amended Complaint), ECF No. 701 at 17 (Consolidated Advertiser Class Action Complaint). A determination that the complaint fails to state a Sherman Act claim "necessarily implies that the conduct is not 'unfair' towards consumers" under the UCL. *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375 (2001). *Third*, many of the advertiser class's allegations have not been pled with the particularity required for a UCL claim. *See Park v. Welch Foods, Inc.*, 2013 WL 5405318, at *4 (N.D. Cal. Sept. 26, 2023) (applying Fed. R. Civ. P. 9(b)'s heightened pleading standard to plaintiffs' UCL claims). *Fourth*, even when the advertiser class complaint points to particular Google statements, it fails to make factual allegations "demonstrat[ing] with specificity why and how" there was any "actual falsity" in those statements as required by Rule 9(b), *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004), and/or it is clear that the statement occurred outside of the UCL's four-year limitations period, *see* Cal. Bus. & Prof. Code § 17208. And finally, Plaintiffs cannot obtain damages under the UCL, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003), and they cannot obtain injunctive relief because they have adequate remedies at law, *see Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311-13 (9th Cir. 2022) (barring equitable UCL claim in federal court where plaintiff had adequate legal remedy for alleged injury under an alternative claim).

---

[2] Google contends that all advertiser plaintiffs other than Hanson (including Singh and Stellman) must arbitrate their claims. Google does not intend to waive its right to arbitration. However, Google understands the Court's prior ruling on this issue to require Google to move for summary judgment on the issue of arbitration, rather than move under Rule 12.

## II.     Singh Class Action Complaint

Based on the parties' stipulation that the Court's conclusions as to the advertiser class complaint also govern the claims of the Singh class, the foregoing arguments apply equally to Plaintiff Singh's Class Action Complaint.

## III.    Stellman Class Action Complaint

Plaintiff Michael Stellman's class action complaint is solely premised on Google's conduct related to RPO. *See* Stellman Compl. ¶¶ 1-4.  Stellman acknowledges that its "action was filed precisely because the MDL court rejected the states' antitrust claims premised on Google's RPO-related conduct, in order to preserve advertisers' claims based on that same conduct [] in the event that the MDL Court did not allow such claims to proceed on behalf of advertisers in the MDL."  *In re Google Digital Advertising Antitrust Litig.*, No. 3010 (J.P.M.L. Oct. 26, 2022), ECF No. 218-1 at 5-6.  Stellman's Complaint fails to revive RPO-related claims and should be dismissed in its entirety.

Count I asserts that Google engaged in unfair business practices that violate California's UCL, Cal. Bus. & Prof. Code § 17200, *et seq*. Specifically, Count I alleges that Google's unfair practices concerning RPO violated the UCL.  *See* Stellman Compl. ¶ 102.  Again, the Court has now ruled twice that RPO-related claims fail to plausibly allege anticompetitive conduct.  ECF No. 308 at 57-61; ECF No. 701 at 17.  And again, because all federal antitrust claims related to RPO have been dismissed, Stellman's parallel allegations premised on state law should be dismissed as well.  *See Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375 (2001).  Moreover, Stellman's allegations have not been pled with the particularity required for a UCL claim, and certain statements appear to have occurred outside the UCL's four-year limitations period.  *See supra* § I.  Nor has Stellman pleaded entitlement to damages or equitable relief under the UCL.  *Id*.

Count II asserts that Google engaged in fraud under California law by intentionally concealing the nature of the AdX platform and misrepresenting that its "digital search and display advertising platforms operated as a second-price auction."  Stellman Compl. ¶¶ 120-21.  Count IV makes the same assertion in the alternative "based on individual state law," without identifying which state law this purportedly violated and how.  *Id.* at ¶¶ 137-49.  Stellman's Counts II and IV should be dismissed for failure to fulfill the heightened pleading requirement under Federal Rule of Civil Procedure 9(b) and for failing to state a claim under Rule 12(b)(6).  Fed. R. Civ. P. 9(b) ("in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

Count III asserts, in the alternative, that Google's conduct violates multiple states' consumer protection acts.  *See* Stellman Compl. ¶ 133.  Stellman makes no attempt to explain how Google violated any of the 31 cited state statutes.  *See id.* ¶ 134 (only alleging that "[t]he unfair and deceptive practices engaged by Google described above, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the above enumerated statutes").  Such vague and conclusory statements are insufficient to state a claim under Rule 12(b)(6).

Because Counts III and IV seek to bring claims under laws outside of California, these Counts should also be dismissed as Stellman and advertisers in the putative class agreed that California law will govern their disputes.  Prior to using Google Ads, advertisers are required to agree to Google's Terms of Service ("ToS"), which explicitly state that all disputes arising out of or relating to the ToS will be governed by California law.

Count V asserts that Google engaged in unjust enrichment because Stellman and the putative class members paid Google inflated prices for digital search and display advertising as a result of Google's misrepresentations about RPO.  *Id.* ¶ 151.  Stellman's allegations are conclusory and fail to state a claim for unjust enrichment.  For example, Stellman does not explain why it would be inequitable for Google to retain its allegedly unjustly received benefits.  *See Mattel, Inc. v. AnimeFun Store*, 2021 WL 765766, at *7 (S.D.N.Y. Feb. 26, 2021) (citing *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp. 2d 519, 544 (S.D.N.Y. 2012)); *In re Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 330 (E.D.N.Y. 2005).

### IV.     Publisher Class First Amended Consolidated Class Action Complaint

Count III asserts that Google has violated California's UCL by engaging in the same conduct Publishers claim violated federal antitrust law.  *See* Pub. Compl. ¶¶ 408-12.  Your Honor has determined that the Publishers' First Amended Complaint fails to state federal antitrust claims in any market based on Google's Network Bidding Agreement with Facebook, Google's "policing" of code, or Search+.  *See* ECF No. 701 at 37-43.  Because California's unfair competition laws are generally construed in harmony with federal antitrust law,[3] Count III should be dismissed to the extent that it is based on allegations that Your Honor already has held insufficient to state federal antitrust claims.  *See also Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375 (2001).

Counts III and IV assert violations of California's unfair competition law and Cartwright Act, respectively.  These claims should be dismissed as to Publishers using Google Ad Manager ("GAM").  These Publishers agreed to New York choice of law and, therefore, California law-based Counts III and IV should be dismissed for GAM Publishers.

Count IV should also be dismissed as to Publishers' tying claims, as California's Cartwright Act does not reach unilateral conduct.  California's Cartwright Act requires that there be a "combination" or "concerted action" by two or more independent entities.[4]  Here, Publishers do not identify another independent entity.  Publishers instead allege violations of the Cartwright Act in connection with Google tying its own products, unilaterally or as a single firm.  These claims should be dismissed as they are based on law that does not cover such conduct.

---

[3] California courts interpret California antitrust law in harmony with federal law in the relevant respects here.  *See Partee v. San Diego Chargers Football Co.*, 34 Cal.3d 378, 382 (1983) (en banc) ("The federal and California antitrust laws, having identical objectives, are harmonious with each other."); *Vinci v. Waste Mgmt., Inc.*, 36 Cal. App. 4th 1811, 1814 n.1 (Cal. Ct. App. 1995).

[4] *See, e.g.*, *Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 8 (2012) ("The Cartwright Act bans combinations, but single firm monopolization is not cognizable under the Cartwright Act."); *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986), *modified on denial of reh'g*, 810 F.2d 1517 (9th Cir. 1987).

V.  **Inform Complaint**

Count VI asserts tortious interference under Georgia common law. *See* Inform Compl. ¶¶ 1, 372-77. Inform fails to adequately state that claim for multiple reasons. *See Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1340 (11th Cir. 2004) (To state a claim for tortious interference of business relations under Georgia law, a plaintiff must plead facts to establish that the defendant, "(1) acting improperly and without privilege (2) and acting purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff (4) for which the plaintiff suffered some financial injury.").[5]

*First*, Inform has failed to plausibly allege that Google tortiously caused a third party to discontinue a business relationship with Inform. Inform's vague assertions that "Inform eventually lost" a customer relationship, and Google "disrupted [Inform's] customer relationships and future business," are not sufficient to state a claim. Inform Compl. ¶¶ 275, 375; *see, e.g.*, *Riley v. Hannibal*, 2017 WL 5235673, at *6 (N.D. Ga. June 29, 2017). *Second*, Inform has not adequately alleged that Google acted improperly and without privilege. Improper conduct "generally involve[s] predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil suits, and unwarranted criminal prosecutions." *Disaster Servs., Inc. v. ERC P'ship*, 228 Ga. App. 739, 741 (1997); *see also Kirkland v. Tamplin*, 285 Ga. App. 241, 243 (2007). Inform fails to plausibly allege that Google engaged in any such wrongful conduct. And *lastly*, the complaint fails to plausibly allege that Google acted purposely and with malice with the intent to injure.[6] *See Sommers Co. v. Moore*, 275 Ga. App. 604, 606 (2005) ("fair competition is always legal" (citation omitted)).

Count VII asserts that Google engaged in fraud in violation of Georgia common law by making a "series of misrepresentations and material omissions to Plaintiff Inform related to how its DFP and AdX services operated with the intent to mislead Inform and with the intent for Inform to rely on the misstatements and omissions to Inform detriment." Inform Compl. ¶¶ 1, 378-82. This claim should be dismissed for failure to fulfill the heightened pleading requirement under Federal Rule of Civil Procedure 9(b) and for failure to state a claim under Rule 12(b)(6). Fed. R. Civ. P. 9(b), 12(b)(6). To adequately state a claim for fraud under Rule 9(b), the party alleging fraud must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016). Inform's complaint fails to satisfy any of these requirements. It does not specifically identify *any* fraudulent statements, let alone speakers, where and when the statements were made, or why said statements were fraudulent.

---

[5] To the extent Inform tries to plead tortious interference with contract, it must allege an existing contractual relationship. *Athens Int'l, Inc. v. Venture Capital Props, Inc.*, 230 Ga. App. 286, 287 (1998). Other than vague references to "customer contracts," none have been pled. *See, e.g.*, Inform Compl. ¶ 373.

[6] While Inform's complaint is fatally ambiguous, to the extent Inform's tortious interference claim is based on conduct (other than EDA) that occurred before November 25, 2015, it should also be dismissed as time barred. *See* Ga. Code Ann. § 9-3-31 (four-year statute of limitations); *Long v. A.L. Williams & Assocs., Inc.*, 172 Ga. App. 564, 565 (1984) (noting statute of limitations for tortious interference claim).

However, even if the complaint had satisfied Rule 9(b)'s heightened pleading requirement, it fails to plausibly state a claim for Georgia common law fraud under Rule 12(b)(6). To state a claim for common law fraud under Georgia law, a plaintiff must adequately allege "(1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." *City Dodge, Inc. v. Gardner*, 232 Ga. 766, 769 n.1 (1974). Again, not only does the complaint fail to allege a specific fraudulent statement, it also fails to plausibly allege the requisite scienter, intention to induce Inform to act in reliance on the (lack of) fraudulent statement, justifiable reliance, or damage stemming from the fraudulent statement.[7]

For all of these reasons, Google respectfully requests permission to file a motion to dismiss the state law claims in (i) the Adv. Compl. (Counts IV, VI, VII), (ii) Singh Compl. (Counts IV, VI, VII), (iii) Stellman Compl. (Counts I, II, III, IV, V), (iv) Pub. Compl. (Counts III, IV), and (v) Inform Compl. (Counts VI, VII, VIII) under Federal Rules of Civil Procedure 12(b)(6) and 12(f).[8] If the Court grants leave to file any motion, Google proposes that it be allowed to file the motion within 45 days of the Court's order, that Plaintiffs respond 45 days later, and that Google reply 30 days after that.

---

[7] While Inform's complaint is fatally ambiguous, to the extent Inform's fraud claim is based on conduct (other than EDA) that occurred before November 25, 2015, it should also be dismissed as time barred. *See* Ga. Code Ann. § 9-3-31 (four-year statute of limitations); *Anthony v. Am. Gen. Fin. Servs., Inc.*, 287 Ga. 448, 461 (2010) (applying statute of limitations to fraud claim).

[8] Google also requests permission under Rule 12(f) of the Federal Rules of Civil Procedure to move to strike the inappropriate punitive damages that Plaintiff Inform demands in Count VIII of its complaint in connection with its state law claims. *See Doe v. Indyke*, 457 F. Supp. 3d 278, 284 (S.D.N.Y. 2020) ("[A]mple authority permits striking [under Rule 12(f)] prayers for punitive damages where such relief is unavailable as a matter of law."). Count VIII seeks punitive damages under common law and Georgia statute O.C.G.A. § 51-12-5.1. Punitive damages under Georgia law are codified at O.C.G.A. § 51-12-5.1, which sets a demanding bar for relief. Punitive damages are only awarded under the statute "in such tort actions in which it is proven by clear and convincing evidence that the defendant's action showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A § 51-12-5.1(b). Moreover, punitive damages under O.C.G.A. § 51-12-5.1 are improper where alleged damages are pecuniary and redressable in nature. *See WMH, Inc. v. Thomas*, 260 Ga. 654, 656 (1990). Putting aside that Inform's complaint fails to plausibly allege common law tortious interference or fraud, the complaint fails to plausibly allege the type of intentional conduct entitling it to relief under O.C.G.A. § 51-12-5.1. *See Coker v. Culter*, 208 Ga. App. 651, 652 (1993) (Georgia law requires culpable conduct greater than gross negligence to support a punitive damage award); Inform Compl. ¶¶ 384-86. Moreover, Inform alleges that it only suffers the type of pecuniary damages O.C.G.A. § 51-12-5.1 was not meant to address, precluding Inform from seeking punitive damages here as a matter of law. Inform Compl. ¶¶ 376, 382; *see also C.Q. v. Estate of Rockefeller*, 2021 WL 4942802, at *10 (S.D.N.Y. Oct. 21, 2021) (granting motion to strike where plaintiff was not entitled to statutory punitive damages as a matter of law).

Sincerely,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC

CC: All Counsel of Record (via ECF)