UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING            21-md-3010 (PKC)
ANTITRUST LITIGATION

                                             PRE-TRIAL ORDER NO. 9


-----------------------------------------------------------x
CASTEL, Senior District Judge:

   The MDL Plaintiffs, through the Discovery Steering Committee, seek to compel Google to fully respond to Plaintiffs Interrogatories Nos. 1-3 that "seek information on Google's internal file systems and the identification and descriptions of Google data fields and data analysis tools relevant to named Plaintiffs' data." (ECF 710 at 1.) Google opposes the application on various grounds, including that the interrogatories improperly seek so-called "discovery on discovery" without a proper foundation.

   Judge Liman of this Court has aptly noted that "[o]rdinarily and traditionally, counsel is not required 'to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request'." Haroun v. ThoughtWorks, Inc., 20-cv-0100 (LJL), 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (quoting Brown v. Barnes and Noble, Inc., 2019 WL 7168146, at *3 (S.D.N.Y. Dec. 23, 2019)). He also quotes Magistrate Judge Parker that "[w]hen the discovery sought is collateral to the relevant issues (i.e., discovery on discovery), the party seeking the discovery must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.'" Id. (quoting Winfield v. City of New York, 2018 WL 840085, at *3-4 (S.D.N.Y. Feb. 12, 2018)); see also 246 Sears Rd. Realty Corp. v. Exxon Mobil Corp., 09-cv-889 (NGG) (JMA), 2011 WL 13254283, at *4

(E.D.N.Y. Apr. 1, 2011) (disallowing discovery as a "meandering attempt to prove defendant's noncompliance with its discovery obligations.").

With these principles in mind, the Court begins with the first interrogatory:

> Interrogatory No. 1: Identify all servers, networks, storage devices, facilities (including cloud storage), and databases that You use or have used to store documents concerning Ad Tech Products by providing for each, its: (1) name, (2) location, (3) custodian, (4) a general description of the documents it stores or stored, and (5) for each database, also identify all dashboards, tables, and/or fields (including field descriptions) that are or were used in connection with such database.

Google supplemented its response to Interrogatory No. 1 on March 14, 2024. Plaintiffs understandably complain that the supplementation was only after they raised the inadequacy of the initial response with the Court. Plaintiffs further complain that Google's supplemented response provides merely a general list of sources of data and documents. This, according to Plaintiffs, is inadequate because "an appropriate response will permit Plaintiffs properly to assess the scope and completeness of produced data and analysis materials, particularly as to information relevant to Plaintiffs' damages and impact analyses." (ECF 722 at 2.) This is a candid acknowledgement that theirs is a collateral inquiry—an assessment of whether Google's production is adequate. They make no showing that would warrant the inquiry.[1]

Because Plaintiffs combines its discussion of Interrogatories No. 2 (data sources) and No. 3 (analysis tools) the Court will do so as well in its discussion.

> Interrogatory No. 2: Identify and describe each and every Google Data Source that collected, managed, or used Plaintiffs' data derived from Your Ad Tech Products or Your Ad Tech Auction Mechanics by providing separately for each: (1) its name; (2) a general description of the Google

---

[1] Interrogatory No. 1 goes beyond anything similar to the existence, custodian and description of relevant documents that is permitted by this Court's local rules. See Local Civil Rule 33.3(a).

2

>Data Source, including its (a) function, (b) contents, and (c) operation; (3) each and every field or protocol buffer available therein; (4) a description of each and every field or protocol buffer identified in (3); (5) an identification or description of any associated schema or schematic; and (6) the applicable data retention period or periods.
>
>Interrogatory No. 3: Identify each and every Analysis tool, including but not limited to RASTA and any dashboards, that Google used to conduct analysis on any of Plaintiffs' data sourced directly or indirectly from Your Ad Tech Products or Your Ad Tech Auction Mechanics, by providing for each: (1) its name; (2) a general description of the Analysis tool, (3) the sources of data used as inputs by the Analysis tool; (4) the parameters and specifications that may be selected for the Analysis tool to determine output; (5) a description of the outputs available from the Analysis tool; (6) an identification or description of any associated schema or schematic; and (7) the applicable retention period for any outputs available from the Analysis tool.

Similar to their position on Interrogatory No. 1, Plaintiffs asserts that the purpose of these interrogatories is "to allow Plaintiffs to assess the appropriateness of Google's data productions thus far." (ECF 722 at 2-3.) "A full inventory of available data fields is necessary to determine whether Google has withheld any relevant data fields." (Id.) Again, without a proper showing, this invasive discovery on a collateral issue is unwarranted. Plaintiffs also candidly state that supplemented answers "will inform what additional, targeted discovery, if any, may be necessary." This approach of "tell me what you've got regardless of its relevance, and I'll tell you what I want" is vastly overbroad and seeks material that is neither relevant nor proportional to the needs of the case.

CONCLUSION

MDL Plaintiffs' motion to compel further responses to Interrogatories Nos. 1-3 is DENIED. The Clerk is requested to terminate the Letter Motion. (ECF 710.)

3

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 20, 2024