KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

March 21, 2024

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *In re Google Digital Antitrust Litigation*, No. 1:21-md-03010 (PKC)
              [rel. 1:21-cv-3446; 1:23-cv-5177]

Dear Judge Castel:

      Plaintiffs Associated Newspapers, Ltd., Mail Media, Inc. (together, "Daily Mail"), and Gannett Co., Inc. write in opposition to Defendants Google LLC, and Alphabet Inc.'s ("Google") Letter Motion for leave to file additional motions to dismiss Daily Mail's and Gannett's state law claims. *See* MDL Dkt. No. 719. Pursuant to the Court's Individual Practices, Daily Mail and Gannett seek an opportunity to amend their state law claims in order to "obviate[]" or at the very least narrow the areas of dispute raised in Google's pre-motion letter. Individual Practices in Civil Cases § 3(A)(v). There is no conference scheduled at this time.

      This Court's pre-motion letter practice is designed to provide plaintiffs notice of any alleged defects in their complaints so that they can file their "strongest and best pleading" before any formal motion to dismiss. Hr'g Tr. at 11:4-10 (Sept. 24, 2021). Providing Daily Mail and Gannett the opportunity to amend is particularly appropriate here, where the factual record has developed significantly since Daily Mail first amended its complaint in December 2022 and Gannett filed its complaint in June 2023. Google has since produced more than 3 million documents, and on November 2, 2023, the Court ordered Google to produce additional documents from, among others, nine Daily Mail- and Gannett-specific custodians. MDL Dkt. No. 664. Daily Mail and Gannett sought discovery from those nine custodians in part because they are likely to have evidence relevant to their allegations that Google "made misrepresentations" to Daily Mail and Gannett. MDL Dkt. No. 660 at 8. Daily Mail and Gannett should be permitted to amend their complaints to add factual details in support of their state law claims.

      Alternatively, the Court should "defer[]" Google's motion to "a different juncture in the case," namely summary judgment. Individual Practices in Civil Cases § 3(A)(v). Under Google's own proposed briefing schedule, its motions to dismiss would not be fully briefed until

July 19, 2024, at the earliest – nearly a month after fact discovery closes. Google's proposed motions to dismiss offer no efficiencies – any opinion from the Court on Google's proposed motions will not impact fact discovery. And with opening and rebuttal expert reports due on August 12, 2024, and September 26, 2024, respectively, it is unlikely that Google's motion will impact expert discovery, either. Rather than spill unnecessary ink on these issues near the close of discovery, the Court should defer weighing in on state law claims until summary judgment.

## I.     Relevant Background

Neither Daily Mail nor Gannett have substantially amended their state law claims since filing their complaints. Daily Mail filed its original complaint on April 20, 2021. Following the Court's denial of Google's motion to dismiss the federal antitrust claims from the State Plaintiffs' third amended complaint, *see* MDL Dkt. No. 308, Daily Mail sought leave to amend certain of its allegations in light of the Court's opinion; Google did not oppose, *see* MDL Dkt. Nos. 318, 354. Instead, Google sought permission to move to dismiss certain allegations related to Daily Mail's federal antitrust claims and also to dismiss Daily Mail's state law claims. *See* MDL Dkt. No. 367. In its November 2022 pre-motion letter, Google put forward a single basis to dismiss each of Daily Mail's state law claims. Google asserted that Daily Mail's New York Unfair and Deceptive Acts and Practices Act claim failed because the deceptions Daily Mail identified were "mere puffery" and vaguely argued that Daily Mail's common law fraud allegations were "cursory." *Id*. at 11. Because the bases for Google's motion were "thin" and raised issues not suited for disposition on a motion to dismiss, Daily Mail did not seek leave to further amend its complaint. MDL Dkt. No. 377 at 3. The Court denied Google's request to move to dismiss Daily Mail's state law claims. *See* Pre-Trial Order No. 4, MDL Dkt. No. 392 ("PTO 4"). Instead, on November 18, 2022, the Court ordered MDL plaintiffs (including Daily Mail) to file their unopposed amended complaints by December 2, 2022, and stayed "any amendment . . . and any motion practice on" plaintiffs' state law claims. *Id.* ¶¶ 1, 4-5. The Court gave the parties the right to request that the Court dissolve the stay after February 26, 2023. *Id.* Google has not previously sought to dissolve the stay regarding Daily Mail's state law claims.

Gannett filed its complaint on June 20, 2023. *See* Dkt. No. 1, No. 1:23-cv-5177 ("Gannett Compl."). Google did not seek to dissolve the stay on motion practice related to state law claims. Instead, Google sought leave to dismiss only Gannett's federal antitrust claims. *See* MDL Dkt. No. 585 at 1 n.1. Prior to its pending pre-motion letter, Google had never articulated any defense to Gannett's state law claims.[1]

The factual record in this case has developed substantially since Daily Mail filed its amended complaint in December 2022 and Gannett filed its lawsuit in June 2023. Google produced the majority of its approximately 6.2 million documents well after Daily Mail filed its operative complaint. In fact, nearly half of all Google-produced documents were turned over to plaintiffs after Gannett filed its complaint in June 2023. That is primarily because it was not

---

[1] Google has not answered any allegations in Gannett's or Daily Mail's complaints.

until September 2023 that Google admitted it had neglected to search approximately 16 million documents for potential production. *See* MDL Dkt. No. 631 at 4 n.2. Owing to coordinated discovery with the Department of Justice's suit in the Eastern District of Virginia, MDL Plaintiffs also have received transcripts of or conducted depositions of Google witnesses, all of which took place after Gannett filed its suit. And the factual record in this case continues to grow – on November 2, 2023, the Court ordered Google to add four Daily Mail-specific custodians and five Gannett-specific custodians and to run a subset of all search terms over their files. *See* MDL Dkt. No. 664. As Daily Mail and Gannett said when moving to compel that discovery, those custodians frequently interacted with Daily Mail and Gannett and thus are particularly likely to have information related to the misrepresentations Google communicated to Daily Mail and Gannett. *See* MDL Dkt. No. 660 at 8.

Following numerous requests from MDL Plaintiffs that Google identify a date by which it would finish productions pursuant to the November 2 Order, Google stated that it would complete those productions by "mid-March." At a meet and confer on Friday, March 15, Google announced that its productions would be delayed. Google now says that it will not complete those productions until March 29. Since the Court's November 2 Order, Google has produced fewer than 100 documents for 6 of the 9 Daily Mail- and Gannett-specific custodians.

**II.     Daily Mail and Gannett Should Be Granted Leave To Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend "when justice so requires." This standard is "'liberal' and 'permissive.'" *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quotation marks and citations omitted). So long as the "facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although Daily Mail and Gannett disagree with Google's assertions that their operative complaints are deficient, pursuant to this Court's procedure, Daily Mail and Gannett seek an opportunity to amend to "obviate," or at the very least narrow, the issues in dispute prior to the filing of any motion to dismiss their state law claims. For example, Google for the first time in its pre-motion letter argues (at 2) that "Gannett and Daily Mail fail to allege a nexus to New York for their New York statutory claims." That argument fails under Google's own logic. Gannett, for instance, already alleges that its Google Ad Manager contract includes a New York choice of law provision. *See* Gannett Compl. ¶ 274. In its letter seeking leave to dismiss the publisher class complaint, Google relies on similar New York choice of law provisions to assert that publishers cannot assert California law claims. *See* MDL Dkt. No. 720 at 4. But even if Google had not already conceded that New York law should apply to publishers with New York

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
March 21, 2024
Page 4

choice of law provisions in their contracts, Daily Mail and Gannett can amend their complaints to further specify the nexus between Google's deceptions and New York.  For example, Daily Mail can add allegations explaining how a major portion of its ad tech operations are directed out of "its U.S. headquarters in New York City."  MDL Dkt. No. 400 ¶ 1.  Gannett could allege additional detail regarding the "more than a dozen New York-based publications" Gannett operates.  Gannett Compl. ¶ 277.  And both Daily Mail and Gannett can allege additional detail establishing that "Google employees based or working in New York . . . planned, enforced, and crafted misleading communications and advertisements about each of the anticompetitive and deceptive acts alleged" in their complaints.  *Id.* ¶ 275.  Now that Google has provided at least some description of what it asserts are the deficiencies in Daily Mail's complaint – and certainly more than it did in its November 2022 pre-motion letter – and for the first time identified what it asserts are pleading deficiencies in Gannett's complaint, Daily Mail and Gannett should be afforded the opportunity to address those issues through amendment.

Permitting Daily Mail and Gannett the opportunity to amend is particularly appropriate here, because the factual record has developed significantly since they filed their operative complaints.  Daily Mail and Gannett are thus well-positioned to file their "strongest and best pleading" in order to avoid the typical "tennis match of rulings on motions followed by amendments followed by further motions and further rulings, etc." Hr'g Tr. at 11:4-10 (Sept. 24, 2021).  Courts in this District regularly permit parties to amend their complaints using evidence uncovered during discovery.  *See, e.g., Sjunde AP-Fonden v. Gen. Elec. Co.*, 341 F.R.D. 542, 551 (S.D.N.Y. 2022) (Furman, J.) (permitting plaintiffs to file sixth amended complaint because "Plaintiffs could not have successfully filed their proposed amendment before receiving the documents they received during fact discovery," and when documents relied on for the amendment "were produced less than five months ago"); *Am. Med. Assoc. v. United Healthcare Corp.*, 2006 WL 3833440, at *4 (Dec. 29, 2006) (McKenna, J.) (permitting amendment despite two and a half year period from filing of previous complaint because the proposed amendment relied on information "acquired during . . . discovery").  In accordance with this Court's procedure, Daily Mail and Gannett likewise seek an opportunity to put forward their "strongest and best pleading" by amending their state law claims using evidence uncovered in discovery to date and in Google's forthcoming productions from Daily Mail- and Gannett-specific custodians.

Google would not be prejudiced by allowing Daily Mail and Gannett an opportunity to amend their state law claims.  Google proposes a leisurely 120-day briefing schedule for its motions to dismiss that would have those motions fully briefed on July 19, 2024, at the earliest, after the close of fact discovery.  Given that Google does not intend for its motions to impact fact discovery, even if its motions are successful, Google will not avoid any fact discovery on Daily Mail's and Gannett's state law claims.  Permitting amendment thus would not "require [Google] to expend significant additional resources to conduct discovery" compared to what Google otherwise would need to expend.  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also Contrera v. Langer*, 314 F. Supp. 3d 562, 575-76 (S.D.N.Y. 2018) (Gorenstein, M.J.) (finding no prejudice when "there [was] no suggestion that any discovery already performed . . .

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
March 21, 2024
Page 5

would need to be redone" and "it appear[ed] that the additional discovery engendered by the amendment would have been conducted in the same manner had the claims been asserted initially"). Nor will permitting amendment delay or complicate these proceedings. Whether or not the Court permits amendment, under Google's proposed schedule, any Google motion to dismiss Daily Mail's and Gannett's state law claims will be fully briefed at the same procedural moment – in the middle of expert discovery. And it is possible to complete all amendment and motion practice within Google's 120-day proposal, if the Court would prefer that timeline. *See infra* page 6.

      Google likewise cannot show that Daily Mail and Gannett request this opportunity to amend in "bad faith." *Pasternack*, 863 F.3d at 174. There has not been a procedural opportunity to pursue amendment during the pendency of Google's motions to dismiss parts of Daily Mail's and Gannett's federal antitrust claims. On November 18, 2022, the Court stayed any "amendment" to plaintiffs' state law claims and set a schedule for Google to file motions to dismiss all plaintiffs' federal antitrust claims. *See* PTO 4 ¶¶ 4-5. That stay has been in place since then. Although the Court permitted parties to request dissolution of the stay after February 26, 2023, Daily Mail and Gannett did not seek to amend their state law claims – it would have been disruptive to the Court's schedule to seek amendment of Daily Mail's and Gannett's complaints while the Court analyzed Google's motions to dismiss parts of their operative pleadings.

**III.**    **Alternatively, the Court Should Defer Ruling on State Law Claims Until Summary Judgment**

      If the Court is not inclined to permit Daily Mail and Gannett to amend their complaints, it should defer ruling on their state law claims until summary judgment. Google's proposed schedule would have its motions fully briefed on July 19, 2024, at the very earliest, meaning any opinion on those motions would not impact fact discovery. And with opening expert reports due less than a month later on August 12 and rebuttal reports due on September 26, it is unlikely that any order on Google's proposed motions would impact expert discovery. Because there are no discovery efficiencies to be gained through Google's proposed motions to dismiss, the Court should wait to rule on Daily Mail's and Gannett's state law claims until summary judgment, when it will have the benefit of a fuller factual record, and there is no risk of the Court ruling on Daily Mail's and Gannett's state law claims twice: once on a motion to dismiss and again at summary judgment.

      Deferring ruling on Daily Mail's and Gannett's state law claims is especially appropriate here, because a number of Google's purported defenses raise fact-intensive questions not suited for disposition on a motion to dismiss. For example, Google asserts (at 3) that "Gannett failed to allege materially misleading practices" to support its deceptive practices claim. But whether a practice is materially misleading is "usually a question of fact" not suited for a motion to dismiss. *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013); *see also Buonasera*

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
March 21, 2024
Page 6

*v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 566 (S.D.N.Y. 2016) ("Courts have generally held that" whether an act "is misleading in a material way" is a question that "cannot be resolved on a motion to dismiss"). The Court should wait to rule on the factual questions Google raises until Google finishes making a production of key evidence it has delayed for many months, and the parties have had the opportunity to present the Court with the relevant evidence in summary judgment filings.

\*   \*   \*

The Court should deny Google's request to file motions to dismiss Daily Mail's and Gannett's state law claims in their currently operative complaints. Instead, the Court should permit Daily Mail and Gannett to amend their complaints, or, alternatively, defer ruling on Daily Mail's and Gannett's state law claims until summary judgment. If the Court is inclined to allow Daily Mail and Gannett to amend, the Court should allow 60 days for amendment (as the Court did for the State Plaintiffs' state law claims, *see* MDL Dkt. No. 495) from the time Google certifies it is substantially complete with productions pursuant to the Court's November 2 Order. The Court should then follow Google's proposed schedule: 45 days for Google to move to dismiss the state law claims, 45 days for Daily Mail and Gannett to respond, and 30 days for Google to reply.

If the Court would prefer to complete all amendments and motion to dismiss briefing within the 120-day schedule Google proposes, the Court could allow Daily Mail and Gannett to amend within 30 days of Google's certifying that it has substantially completed productions pursuant to the November 2 Order. Following those amendments, the Court could give Google 35 days for its motions, 35 days for plaintiffs' opposition briefs, and 20 days for Google's reply. If the Court instead determines that it is appropriate to defer ruling on state law claims until summary judgment, the Court should retain the summary judgment schedule already contemplated in its Scheduling Order, with pre-summary judgment motion letters due by January 10, 2025. *See* MDL Dkt. No. 394.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
March 21, 2024
Page 7

                                  Respectfully submitted,

                                  /s/ *John Thorne*
                                  John Thorne
                                  Daniel G. Bird
                                  Bethan R. Jones
                                  Christopher C. Goodnow
                                  Mark P. Hirschboeck
                                  Eliana Margo Pfeffer
                                  Eric J. Maier
                                  Sven E. Henningson
                                  Tiberius T. Davis
                                  KELLOGG, HANSEN, TODD, FIGEL
                                    & FREDERICK, P.L.L.C.
                                  1615 M Street NW
                                  Suite 400
                                  Washington, DC 20036
                                  Tel.:  (202) 326-7900
                                  Fax:  (202) 326-7999
                                  Email:  jthorne@kellogghansen.com
                                             dbird@kellogghansen.com
                                             bjones@kellogghansen.com
                                             cgoodnow@kellogghansen.com
                                             mhirschboeck@kellogghansen.com
                                             epfeffer@kellogghansen.com
                                             emaier@kellogghansen.com
                                             shenningson@kellogghansen.com
                                             tdavis@kellogghansen.com

                                *Counsel for Associated Newspapers, Ltd., Mail Media, Inc., and Gannett Co., Inc.*

cc:   All Counsel of Record via ECF