

Philip C. Korologos
pkorologos@bsfllp.com
(t) 212 446-2390

March 21, 2024

**Via ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-md-03010 (PKC)

*In re Google Digital Publisher Litigation*
Case No. 1:21-cv-07034 (PKC)

Dear Judge Castel:

I write on behalf of the Publisher Class Plaintiffs in response to Google's letter motion to the Court of March 15, 2024, which sought leave to dismiss certain of Publishers' state law claims in Publisher Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC"). ECF 720. No conference is scheduled at this time.

For the avoidance of doubt, Publisher Plaintiffs observe at the outset that Google does not seek to dismiss the Count III claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17000 et seq., as to publishers using Google's ad network product, AdSense, except to the extent that claim is premised on conduct already dismissed in the federal antitrust claims. *See* ECF 720 at 4; *see infra*.

**Count III**

Google apparently neglected to read either Publishers Plaintiffs' email of March 8, 2024, responding to Google's scheduling proposal, or our letter to the Court of March 12, 2024. In both communications, Publisher Plaintiffs stated our amenability to stipulating to dismissal of state law claims to the extent they were based on conduct that the Court already determined was insufficient to support the federal antitrust claims, namely Search+ and "problematic code."[1] *See* ECF 712-3 at 2; ECF 713 at 1, n.1. Google never responded to these offers. Accordingly, Publisher Plaintiffs believe that this portion of Google's proposed motion can be resolved by stipulation of the parties, without the need to burden the Court with further briefing.

[1] Google's pre-motion letter mistakenly mentions Google's Network Bidding Agreement with Facebook as conduct that should be dismissed with respect to Publisher Plaintiffs' California Unfair Competition Law claim. ECF 720 at 4. Publisher Plaintiffs' FAC contains no allegations related to the Network Bidding Agreement. *See* ECF 408.





**Choice of Law for GAM Publishers**

Google seeks to dismiss, on choice of law grounds, state law claims for publishers using Google's Ad Exchange (which Google refers to as "Publishers using Google Ad Manager")[2] and *not* for publishers using only Google's ad network, AdSense. ECF 720 at 4. Google does not contest that California law properly applies to AdSense publishers.

As to Ad Exchange publishers, Google belatedly argues that these publishers' California claims should be dismissed because they purportedly "agreed to New York choice of law." ECF 720 at 4. The FAC alleges that Google's "Terms of Service explicitly state that California law will govern all disputes arising out of or relating to the terms, service-specific additional terms, or any related services, regardless of conflict of laws rules." ECF 408 ¶ 390.[3] Accepting this well-pleaded allegation as true, Google's conflicting factual claim must be rejected at this stage. *Cf. Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007) ("In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court is to accept as true all facts alleged in the complaint.").

Although Google's state-law argument is entirely based on agreements that purportedly specify New York law, these agreements were not produced or identified in Google's initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring that parties produce "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses"). Further, even though Publishers requested these agreements in January 2023 and again requested them earlier this week,[4] Google *still* has not produced them. Accordingly, Google should be barred from using these agreements in support of its motion to dismiss. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as

---

[2] Google Ad Manager is the hard-bundled product comprised of Google's Ad Server and Ad Exchange that Google coerced publishers to use to continue using either product. FAC ¶ 226; *see* FAC ¶ 368 (defining proposed class as users of Google's Ad Exchange).

[3] *See* Google Platform Services Terms and Conditions (web archived version, November 2, 2018), *available at*: https://web.archive.org/web/20231115080110/https:/www.google.com/google-ad-manager/platform/terms/ (contains California choice-of-law clause); *see also* Google Terms of Service, Google Privacy & Terms webpage (January 5, 2022), *available at*: https://policies.google.com/terms?hl=en-US#toc-problems (same); Google Terms of Service, Google Privacy & Terms webpage (March 31, 2020), *available at*: https://policies.google.com/terms/archive/20200331?hl=en-US (same); Google Terms of Service, Google Privacy & Terms webpage (October 25, 2017), *available at*: https://policies.google.com/terms/archive/20171025?hl=en-US (same).

[4] On March 19, 2024, Publisher Plaintiffs requested that Google produce these contracts, and the next day, Google agreed to produce them. As of the time of this filing, Google still has not produced these contracts.





required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion[.]").

And regardless of the contents of the contracts, there are mixed questions of fact and law that cannot properly be decided on a motion to dismiss concerning whether Google, by its conduct and public posting of its Google Ad Manager Terms of Service, chose to be bound by, or waived its objections to, California law for all claims concerning Google Ad Manager. And there may be factual questions as to the scope and applicability of the agreements that Google claims support its choice of law arguments. The proposed motion would be an inappropriate vehicle for resolving these questions. Leave to file the motion should not be granted as to this argument. *Bristol–Myers Squibb Co. v. Matrix Labs. Ltd.*, 655 Fed. Appx. 9, 13 (2d Cir. 2016) ("Numerous district courts in this Circuit have concluded that choice-of-law determinations are fact-intensive inquiries that would be premature to resolve at the motion-to-dismiss stage.") (collecting cases and concluding district court erred in granting motion to dismiss on choice-of-law grounds).

However, if the Court dismisses the California law claims as to Ad Exchange publishers or if it defers consideration of Google's choice of law arguments, Publisher Plaintiffs respectfully request leave to amend to plead or plead in the alternative claims under New York Law.[5]

**Count IV**

Google argues that Publisher Plaintiffs' claim under California Cartwright Act should be dismissed because the "Cartwright Act requires that there be a 'combination' or 'concerted action' by two or more independent entities" and thus "does not reach unilateral conduct". ECF 720 at 4. This position ignores California law and Publisher Plaintiffs' allegations.

California courts have long recognized that under the Cartwright Act, "even the plaintiff may be considered part of the conspiracy or combination to satisfy the agreement requirement if their participation was the product of coercion." Kathleen Foote and John F. Cove, Jr.,

---

[5] Such New York law claims would arise from the same conduct for the purposes of relation back under Federal Rule of Civil Procedure 15(c)(1)(B). Additionally, the applicability of cross-jurisdictional tolling for New York law claims is well-established, including for antitrust claims. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 WL 6243526, at *145 (S.D.N.Y. Oct. 20, 2015) (applying cross-jurisdictional tolling to New York law claims reasoning that "a general borrowing rule (N.Y. C.P.L.R. 202 (Consol.2008)) protects New York from burdensome litigation, and New York has applied cross-jurisdictionally the statute (N.Y.C.P.L.R.205(a)) that generally extends time after an individual suit is dismissed"), *rev'd and remanded in other part sub nom. Berkshire Bank v. Lloyds Banking Grp. plc*, 2022 WL 569819 (2d Cir. Feb. 25, 2022); *see also Sapirstein-Stone-Weiss Found. v. Merkin*, 950 F. Supp. 2d 621, 625–26 (S.D.N.Y. 2013) ("New York courts have, in the interest of avoiding 'court congestion, wasted paperwork and expense,' long embraced the principles of *American Pipe*.") (citation omitted); Fed. R. Civ. P. 15(c)(1)(A).





California Antitrust and Unfair Competition Law § 6.02 (2023).[6] Publisher Plaintiffs have premised their Cartwright Act claim on just that "combination" through our allegation of the Act 1 – 4 Ties. *See* FAC ¶ 417 ("Google tied its AdX Ad Exchange to its DFP Ad Server, and its DFP Ad Server to its AdX Ad Exchange (Act 1 and Act 2), thereby coercing publishers to enter contracts to license each of these products."); ¶ 418 ("Google tied its GDN Ad Network to its DFP and AdSense Ad Servers, and its DFP and AdSense Ad Servers to its GDN Ad Network (Act 3 and Act 4), thereby coercing publishers to enter contracts to license each of these products."); *see also* ¶ 415. On their own and in combination with other anti-competitive conduct alleged in the FAC, the ties adversely affected competition in the Ad Server, Ad Exchange, and Ad Network markets, *e.g.*, FAC ¶¶ 240-247, satisfying the Cartwright Act requirements that the conduct "substantially lessen competition or tend to create a monopoly". Cal. Bus. & Prof. Code § 16727.[7]

Further, California courts have recognized that the Cartwright Act encompasses single-firm monopolization conduct like that alleged here. *See Microsoft I-V Cases*, Class Certification Order, slip. op., J.C.C.P. No. 4106 (Cal. Super. Ct. S.F. Cty. Aug. 29, 2000) (certifying classes under Cartwright Act and Unfair Competition Law in suit against Microsoft for monopolization conduct, including product bundling and other exclusionary conduct, on grounds that Microsoft's conduct "if proven, violates the Cartwright Act, which prohibits combinations or conspiracies in restraint of trade"); *Tucker v. Apple Computer, Inc.*, 493 F. Supp. 2d 1090, 1102 (N.D. Cal. 2006) (declining to dismiss Cartwright Act claim based on monopolization theory).

This Court has already denied Google's motions to dismiss allegations concerning the conduct on which the Cartwright Act claim is based. *See* ECF 308 16-20; 34-78; ECF 701 at 32-44. Google's proposed motion to dismiss Publisher Plaintiffs' Cartwright Act claim would waste time and judicial resources.

* * *

For the foregoing reasons, granting leave to commence a new briefing cycle to dismiss the state law claims in the FAC will not narrow the issues in the case and is not in the interest of judicial economy.

---

[6] *See, e.g.*, *MacManus v. A. E. Realty Partners*, 195 Cal. App. 3d 1106, 1112 (1987); *In re Natural Gas Antitrust Cases*, Nos. 4221, 4224, 4226, 4228, 2002 WL 31570296, at *2 (Cal. Super. Ct. San Diego Oct. 16, 2002) (overruling demurrer because, among other things, the complaint contained allegations that "certain Plaintiffs are coerced innocent parties who may be considered part of the combination").

[7] Google's two cited cases on this issue are not to the contrary. *Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, concerned activities of two companies prior to a *lawful* merger and entailed no allegations of coercion of other parties to participate in a combination in restraint of trade, which are present here. 204 Cal. App. 4th 1 (2012). Likewise, in *Dimidowich v. Bell & Howell*, the plaintiff failed to show he or any others were coerced into participation in the defendant's combination or conspiracy and "on appeal, [plaintiff's] monopoly arguments challenge[d] only unilateral conduct by [defendant]". 803 F.2d 1473, 1478 (1986).





However, if the Court does grant leave to move to dismiss the state law claims, Publisher Plaintiffs request the following briefing schedule to expeditiously resolve the motions: Google's motion to dismiss shall be due 21 days following an order permitting its motion; Publisher Plaintiffs' opposition shall be due 21 days after service of Google's motion; and Google's reply, if any, shall be due 14 days thereafter.

Additionally, if the Court dismisses any portion of the FAC based upon, or postpones disposition of, Google's choice of law arguments, Publisher Plaintiffs respectfully request leave to amend to plead or plead in the alternative claims under New York law.

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos

Copies to: All Counsel (via ECF)