# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

March 21, 2024

VIA ECF

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

>   Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC);
>   *Inform Inc. v. Google LLC*, et al. No. 1:23-cv-01530 (PKC)

Dear Judge Castel:

Plaintiff Inform Inc. respectfully submits this letter in response to Defendants Google LLC, Alphabet Inc. and YouTube LLC's (hereinafter collectively "Google" or "Defendants") pre-motion letter of March 15, 2024 (the "Ltr. Req.")(ECF 719), seeking leave to file a motion to dismiss the state law claims set forth in Inform's Second Amended Complaint (the "SAC"), No. 1:21-md-3010, ECF No. 535. There is no conference currently scheduled before the Court.

Pursuant to Your Honor's Individual Practices 3.A.ii and iv, a pre-motion letter "shall set forth in detail the legal and factual basis for the anticipated motion" so that the pre-motion letter and the response thereto may be "taken into account in deciding whether further leave to amend will be granted in the event, the motion to dismiss is granted." Indiv. Pract. 3(A)(iv). Inform therefore respectfully seeks leave to amend the Second Amended Complaint.

## I.   Plaintiff Inform Seeks Leave To Amend Its State Law Claims

The Second Amended Complaint (SAC) sets forth three state law counts, as respects which Defendants here seek leave to file a motion to dismiss: Counts VI (common law tortious interference); Count VII (common law fraud); and Count VIII (a punitive damages claim under common law and O.C.G.A. § 51-12-5.1). Plaintiff Inform believes that it has properly plead tortious interference, common law fraud and a proper basis for seeking punitive damages. That said, the record has been substantially developed since Plaintiff first plead each of these claims, respectively, and allowing Inform to amend its state law claims to address the issues set forth in Defendants' March 15, 2024 pre-motion would serve the interest of justice.

Hon. P. Kevin Castel
March 21, 2024
Page 2

Thus, to the extent the Court were inclined to allow Google to file a motion to dismiss, Plaintiff respectfully requests that it first be permitted to amend its complaint to put its best case forward in light of a developed record with respect to those claims.[1]

## II.     Fed. R. Civ. P. 15(a)(2) Provides that Leave to Amend Should be Freely Given

Fed. R. Civ. P. 15(a)(2) provides that leave to amend should "be freely given when justice so requires."  The grant or denial of leave to amend a complaint is surely within this Court's sound discretion, but "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Klein v. PetroChina Co.*, 644 F. App'x 13, 15 (2d Cir. 2016); *see also Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").  The Supreme Court has emphasized that amendments should normally be permitted as consistent "with the spirit of the Federal Rules." *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the standard for granting leave to amend is met.  Although Plaintiff has been permitted to amend previously, only its federal law claims have been addressed by any court in any motion to dismiss.  Indeed, Inform's standing and federal claims were addressed by the 11th Circuit Court of Appeals, and most recently the federal allegations withstood Google's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) before this Court.  Plaintiff Inform has diligently pursued this case, demonstrated the validity of the case through motion practice and has pushed to move the case forward expeditiously.  Still its state law claims have not been tested. Permitting amendment will enable Plaintiff to put its best case forward.

The Inform case was first-filed in the Northern District of Georgia in November 2019.  As respects each of Plaintiff's state law claims, significantly more information has since come to light following the enforcement actions brought by the State of Texas, et al., the Department of Justice (DOJ), this Court's unsealing of previously sealed allegations of misconduct, and the only-recent substantial production of documents by Defendants.  The information gleaned through discovery

---

[1] Defendants incorrectly represent that "Plaintiff Inform informed Google that Inform would not be amending its complaint."  March 15, 2024 Ltr. at 1, n.1.  Rather, Google reached out with a proposed scheduling order and represented to Inform that: "We have already corresponded with the other MDL plaintiffs regarding a similar [scheduling] proposal and are filing a related letter with the Court at 5pm today.  As a result, please let us know promptly, and no later than 4pm ET this afternoon, if Inform is amenable to this proposal…."  March 11, 2024 Email from Sean Murray.  We replied: "Counsel: There is no ambiguity or confusion about what claims remain in the case. Google must both answer the SAC and provide the necessary discovery in short order.  We met with Google counsel at 10:30 this am and the issues below were not raised by you.  We are available to meet and confer with you to the extent you are seeking an extension of time."  March 11, 2024 Email from Serina Vash.  In its response, Plaintiff waived no rights nor made any representations that leave to amend would not be sought.

Hon. P. Kevin Castel
March 21, 2024
Page 3

substantially support Plaintiff's allegations; as respects which Plaintiff will happily amend, under seal as necessary. Indeed this case was first brought a year before the governments' cases; without the benefit of any government investigations or allegations, subpoenas or documents. Permitting Plaintiff Inform to amend as respects its state law claims is consistent with the spirit of the Federal Rules.

Discovery demonstrates that Inform (formerly NDN) was on Google's radar as a target and details Google's knowledge of Inform's clients and efforts to take away customers of Inform's video ad player. Moreover, as the case has progressed, Defendants have demanded and compelled discovery from Inform on its state law claims. Indeed, in their First Set of Interrogatories, Interrogatory No. 25 requested a more definite statement as respects allegations of fraud. On September 29, 2023, Plaintiff supplemented the allegations in the SAC, stating in part:

- The fraudulent acts, practices, and/or statements by Defendants began and continued over a course of many years and were hidden and masked by *inter alia*, Google's lack of transparency, secret auction manipulations and projects, purposeful loss and scrubbing of Plaintiffs' data, and lies;
- Defendants' fraud included devaluing and degrading Plaintiff's direct ad sales and generating billions of fake CPM calculations, calculated and set by Defendants but not revealed to Plaintiff, which were then submitted into Defendants' manipulated auctions and falsely represented that the highest CPM would win;
- Defendants' falsely represented the workings of Dynamic Allocation and Enhanced Dynamic Allocation, including that these programs would increase yield when in fact they were designed to devalue and steal away direct ad sales and the customers behind such direct sales and to force more transactions into Defendants' monopoly programmatic sales and manipulated auctions;
- Defendants falsely told Plaintiff that its ad campaigns were scheduled to deliver when they were not and did not;
- Defendants interfered with Plaintiffs collection of its own data and then routinely provided Plaintiff data with significant data blocks missing or containing false and inaccurate information, falsely claiming it had properly provided all data.
- Defendants made false statements to hide and did not reveal the numerous ways they were manipulating the ad auctions including but not limited to through Project Bernanke and its Bell version . . . Dynamic Revenue Share, Last Look, Dynamic Allocation and Enhanced Dynamic Allocation.
- While falsely and manipulatively under-pacing Plaintiffs direct ad sales and rendering them ineligible to compete in auctions on high news days, Defendants defrauded Plaintiff, purposefully interfered with its publisher and advertiser contracts and fraudulently made it appear that Plaintiff could not perform.

Hon. P. Kevin Castel
March 21, 2024
Page 4

### III. Defendants' Prior Failure to Move to Dismiss Tortious Interference, Common Law Fraud and Punitive Damages Claims (Counts VI, VII and VIII)

In its May 26, 2023 pre-motion letter to this Court, Plaintiff specifically noted that unlike its Motions to Dismiss various other MDL cases, Defendants did not seek to move to dismiss Plaintiff's claims for common law tortious interference, fraud, and punitive damages. At that time, Inform submitted that to the extent this Court determined any state law claim was inadequately pleaded, Inform would seek to amend its complaint to rectify any perceived deficiency, particularly in light of Defendants' having taken no position on Plaintiff's state law claims. We seek here to do so in response to Defendants' pre-motion letter and in advance of potentially protracted motion practice.

### IV. Defendants Will Not Be Prejudiced By Permitting Amendment

Defendants would suffer no prejudice by allowing Inform opportunity to amend its state law claims. Until two weeks ago, Defendants leaned on the fact that there had been no decision on its motion to dismiss Inform's case to effectively stall and thwart meaningful case-specific discovery. To date, Defendants have not settled search terms, have not produced Inform-specific data, and have not identified nor made available source code specific to Inform's case.

On February 1, 2024, Plaintiff sent Defendants a letter seeking to finalize terms and bring negotiations to a close, offering two final meet and confers in ten days before seeking redress from this Court. On February 7, 2024, just hours after the first meet and confer and without notice or discussion, Defendants moved this Court to compel Plaintiff to supplement its interrogatory responses a second time, including to supplement Interrogatory No. 25, which Plaintiffs are undertaking to do. Respectfully, Plaintiff is prepared to amend its complaint to provide a more particularized statement as to Defendants' state law claims including for more definite statements regarding Plaintiff's state law fraud allegations.

### V. Conclusion

Accordingly, Plaintiff respectfully requests leave to amend its complaint to clarify and supplement their state law allegations and claims, which would avoid the time-intensive process associated with a formal motion to dismiss.

We thank the Court for its consideration of this matter.

Hon. P. Kevin Castel
March 21, 2024
Page 5

        Respectfully submitted,

        /s/ *Serina M. Vash*

        SERINA M. VASH
        New York Bar No.: 2773448
        svash@hermanjones.com
        **HERMAN JONES LLP**
        153 Central Avenue, # 131
        Westfield, NJ 07090
        (404) 504-6516

        JOHN C. HERMAN (admitted *pro hac vice*)
        jherman@hermanjones.com
        **HERMAN JONES LLP**
        3424 Peachtree Road, N.E., Suite 1650
        Atlanta, GA 30326
        (404) 504-6555
        (404) 504-6501 (fax)

        Counsel for Plaintiff Inform Inc.