

CRAIG M. REISER
114 WEST 47TH STREET
NEW YORK, NY
212.728.2218
CREISER@AXINN.COM

March 25, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
            *Gannett Co. Inc. v. Google LLC, et al.*, No. 1:23-cv-05177 (PKC)
            *Associated Newspapers Ltd. v. Google LLC, et al.*, No. 1:21-cv-03446 (PKC)

Dear Judge Castel:

      We represent Defendants Google LLC and Alphabet Inc. (collectively, "Google") and submit this reply in support of Google's pre-motion letter requesting leave to file motions to dismiss the Complaints filed by Daily Mail and Gannett.[1] Pursuant to Your Honor's Individual Practices, we note that there is no conference scheduled at this time.

      In recognition of the fact that Your Honor's March 1 Order narrowed the scope of the above-referenced actions, following that ruling, Google proposed to Daily Mail and Gannett that they and other plaintiffs file conforming amended complaints in accordance with the process the Court directed following other MDL dismissal rulings. *See* Ex. A. Daily Mail and Gannett both declined to do so, insisting instead that Google answer their Complaints. *See id*. Your Honor subsequently issued an Order directing that Google file pre-motion letters to dismiss state law claims and answer the remaining claims. *See* ECF No. 714. Google sought permission to move to dismiss Daily Mail's and Gannett's state law claims in accordance with that Order.

      Rather than attempt to defend their state law claims, Daily Mail and Gannett concede they are deficient and ask the Court to allow them to file amended complaints—despite the fact that Daily Mail has already amended its Complaint in December 2022 with the benefit of millions of documents and Gannett, represented by the same counsel, filed a copycat Complaint almost two years into this MDL with the benefit of even more documents. Daily Mail and Gannett do not explain what new allegations they could muster in support of their defective state law claims, asking that the Court either trust that they have more to say or let them proceed through summary judgment on claims they have not adequately alleged. This Court should not countenance this attempt by Daily Mail and Gannett to sneak their deficient pleadings past the

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Google's pre-motion letter. *See* ECF No. 719.

The Honorable P. Kevin Castel
March 25, 2024
Page 2

motion to dismiss stage. With discovery slated to close in a few short months, this is not the time to allow Daily Mail and Gannett to try to expand the scope of this case. Moreover, if Daily Mail and Gannett intended to seek leave to amend their Complaints, they should have engaged with Google's proposal on potential conforming amendments weeks ago.

As set forth below, any amendment by Daily Mail and Gannett would be futile, such amendment would be prejudicial to Google, and Daily Mail's and Gannett's opportunistic conduct of insisting that Google answer defective Complaints only to change their minds when Google sought leave to dismiss their state law claims evinces bad faith. Their request to amend would only serve to unnecessarily delay fact and expert discovery, and should be denied.

### I. Daily Mail and Gannett Have Not Substantiated Their Need to Amend By Identifying New Facts or Allegations, Suggesting Amendment Would Be Futile

Daily Mail acknowledges that it has already amended its Complaint. *See* ECF No. 728 at 2. Gannett is represented by the same counsel, and, as this Court recognized, made substantially similar allegations more than two years after Daily Mail first sued. *See* March 1 Order at 53. Both Daily Mail and Gannett filed their Complaints with the benefit of significant discovery. Indeed, by the time Daily Mail amended its Complaint in December 2022, Google had already produced over two million documents—and even more discovery was produced by the time Gannett sued six months later in June 2023.

Despite the trove of information available to them when Daily Mail amended its Complaint and Gannett commenced this action (and the additional discovery available to them when they declined to make conforming amendments to their Complaints two weeks ago), Daily Mail and Gannett claim that unspecified "new" evidence will allow them to plead their state law claims.[2] Tellingly, they nowhere explain what they could actually allege to support any such claim:

- Neither Daily Mail nor Gannett claims to have sufficiently alleged facts for their fraud claims, much less with particularity. They do not at all address what allegations they would—or even could—add to support their fraud claims.

- Gannett is likewise silent on the sufficiency of its unjust enrichment claim. It does not suggest or describe any allegations that it intends to add to allow it to surmount the fatal deficiencies Google identified.

---

[2] Despite having the burden to plead their state law claims (and, in the case of their fraud claims, to do so with particularity), Daily Mail and Gannett try to blame Google for not earlier seeking to dismiss their state law claims. But Google filed its pre-motion letter in accordance with the schedule this Court set. Moreover, as Daily Mail and Gannett acknowledge, any effort to seek an earlier dismissal would have been "disruptive to the Court's schedule" while Your Honor was considering Google's motion to dismiss Daily Mail's and Gannett's federal law claims. *See* ECF No. 728 at 2, 5. Indeed, as this Your Honor's March 1 Order demonstrates, the ruling on the federal law claims impacts Daily Mail's and Gannett's ability to bring their state law claims.

The Honorable P. Kevin Castel
March 25, 2024
Page 3

- Daily Mail and Gannett only address—in part—their deceptive practices claims and only to say that they "can add allegations" showing the required New York nexus, without saying whether they actually intend to do so or what those allegations are, let alone whether the bases for such allegations actually exist. *See* ECF No. 728 at 3-4. But even if Daily Mail and Gannett could plausibly allege a New York nexus, which they have not demonstrated they can, that would not help them surmount the other deficiencies Google identified. For instance, they do not acknowledge—much less address—how this Court's March 1 Order has already held that certain of Google's alleged statements are nothing more than mere puffery, *see* March 1 Order at 55, nor do they detail what allegations they plan to add in their place.

In requesting leave to amend at this late juncture, it is Daily Mail's and Gannett's obligation to "[a]t the very least . . . provide some indication of the substance of the contemplated amendment in order to allow the Court to apply the standards governing Rule 15(a)." *St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*, 745 F. Supp. 2d 303, 316 (S.D.N.Y. 2010). Their promise that there is yet more evidence that will allow them to "further expound upon particular factual elements of those allegations already pleaded in an effort to provide greater clarity and specificity for [their] causes of action" is insufficient. *United States v. CDM Smith, Inc.*, 2018 WL 11217206, at *1 (S.D.N.Y. Jan. 31, 2018).

Having failed to provide any indication as to how they might fix their deficient state law claims, Daily Mail and Gannett should not be afforded the do-over they now seek.

## II. Allowing Daily Mail and Gannett to Amend Would Prejudice Google

Allowing Daily Mail and Gannett to amend now to *add* allegations—rather than to merely conform them to this Court's March 1 Order—would prejudice Google. Fact discovery is slated to close on June 28, 2024, and expert discovery concludes at the end of the year. Despite characterizing their request as "seek[ing] an opportunity to amend to . . . narrow the issues in dispute," Daily Mail's and Gannett's response letter focuses only on unspecified allegations that Daily Mail and Gannett intend to add to their Complaints. ECF No. 728 at 1; *id.* at 4 (discussing "add[ing] allegations" and "alleg[ing] additional detail"). But because Daily Mail and Gannett have failed to elaborate on what facts they intend to add to support their deficient state law claims, Google will be forced to defend itself with no way of knowing whether or how any amendment would ultimately impact the scope of fact and expert discovery. *See Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 161 ("Factors relevant to a showing of prejudice include whether the assertion of new claims would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay the resolution of the dispute." (internal quotations and citation omitted)). Moreover, the addition of new allegations at this juncture jeopardizes the parties' ability to complete fact discovery on the existing schedule. *Id.*

Beyond potentially impacting the parties' ability to timely complete fact discovery, amendment by Daily Mail and Gannett threatens to impact the scope of expert discovery. *See*

The Honorable P. Kevin Castel
March 25, 2024
Page 4

*Millgard Corp. v. E.E. Cruz/Nab/Frontier-Kemper*, 2002 WL 31812710, at *6 (S.D.N.Y. Dec. 12, 2002) (denying motion for leave to amend because amendment would require "further fact and expert discovery," which would be prejudicial when taken together with the plaintiff's delay in moving to amend). Google should not be forced to hire experts to opine as to claims that, years into this MDL, Daily Mail and Gannett have never stated.

### III. Daily Mail and Gannett Acted in Bad Faith by Declining Google's Request That They File Conforming Amendments Only to Now Seek the Opportunity to Amend

Daily Mail and Gannett argue that they have not acted in bad faith because there has been no procedural opportunity for them to pursue amendment of their state law claims. ECF No. 728 at 5. But at minimum, Google offered them such an opportunity when Google proposed that Daily Mail and Gannett conform their Complaints to the March 1 Order. In response, Daily Mail and Gannett made no mention of any intent to amend their Complaints—whether to narrow their allegations in accordance with the March 1 Order or otherwise. *See* Ex. A. Instead, Daily Mail and Gannett maintained that "Google's answers to Gannett's and Daily Mail's complaints are due." *Id.* Daily Mail's and Gannett's sudden desire to amend after Google's pre-motion letter suggests a bad faith "strategic goal[] . . . insufficient to justify this pleading game." *Windsor Card Shops, Inc. v. Hallmark Cards, Inc.*, 957 F. Supp. 562, 571 n.12 (D.N.J. 1997) (denying motion for leave to amend when movant delayed adding a claim until it became apparent that movant would not be able to avoid liability); *see also Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 636–37 (2d Cir.1967) (upholding denial of leave to amend based on bad faith when "[t]he new information alleged in the complaint was within plaintiff's knowledge" prior to motion to dismiss stage, and plaintiff delayed filing an amended complaint in order to ascertain how plaintiff would fare).

Daily Mail's and Gannett's proposal that the Court require Google to expend resources defending deficient claims through summary judgment demonstrates their gamesmanship. There is simply no basis to allow Daily Mail and Gannett to continue to prosecute claims that do not exist. Contrary to their sole statement in support of this extraordinary request, Google's defenses do not raise "fact-intensive questions," ECF No. 728 at 5, but instead raise fundamental issues apparent on the face of the Complaints—especially when read together with the Court's March 1 Order. For example, Daily Mail and Gannett argue that whether a practice is materially misleading is a question of fact, but do not engage with Your Honor's holding that certain alleged misrepresentations they relied on in support of their federal law claims amount to "little more than a sales pitch or boast." March 1 Order at 55. As Daily Mail's and Gannett's claims are insufficiently pleaded—and as they have said nothing to defend their claims, other than point to hypothetical facts they may find and add later—they can and should be dismissed now.

* * *

Google requested leave to file two separate motions to dismiss: one to dismiss Counts V and VI of Daily Mail's Complaint and another to dismiss Counts V, VI, and VII of Gannett's Complaint. Daily Mail's and Gannett's failure to mount any opposition to the legal arguments and authorities in Google's pre-motion letter underscores that they have not alleged their state law claims—and their failure to identify any new facts they could assert demonstrates that their

The Honorable P. Kevin Castel
March 25, 2024
Page 5

request to amend would only serve to delay proceedings and set Daily Mail and Gannett on a different track than other plaintiffs in this MDL. To avoid further delay, Google is prepared to file motions to dismiss on an expedited schedule along the lines proposed by the Publisher Plaintiffs if the Court believes that to be necessary.[3] If the Court does permit Daily Mail and Gannett to amend their Complaints, Google requests that the Court require Daily Mail and Gannett to conform their allegations to the Court's March 1 Order and to stay Google's existing March 29, 2024 deadline to answer their existing Complaints.

Respectfully submitted,

/s/ Craig M. Reiser
Craig M. Reiser
Daniel Bitton
Denise L. Plunkett
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
creiser@axinn.com
dbitton@axinn.com
dplunkett@axinn.com
eyung@axinn.com
chaws@axinn.com

Bradley Justus (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 60103
Telephone: (860) 275-8100

---

[3] The Publisher Plaintiffs proposed that Google's motions be due 21 days following an order permitting the motions; that plaintiffs' oppositions be due 21 days after service of Google's motions; and that Google's replies, if any, be due 14 days after service of plaintiffs' oppositions. *See* ECF No. 730 at 5.

The Honorable P. Kevin Castel
March 25, 2024
Page 6

                                                Fax: (860) 275-8101
                                                cboisvert@axinn.com

CC: All Counsel of Record (via ECF)