**Freshfields Bruckhaus Deringer US LLP**

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
  +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

March 25, 2024

**Re:** *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC); *In re Google Digital Publisher Litigation*, No. 21-cv-07034 (PKC); *Inform Inc. v. Google LLC et al.*, No. 23-cv-01530 (PKC)

Dear Judge Castel:

We represent Defendants Google LLC, Alphabet Inc., and YouTube LLC (together, "Google") and submit this reply to the letter filed by Plaintiff Inform Inc. ("Inform") responding to Google's pre-motion letter requesting leave to file a motion to dismiss Inform's Complaint and the letter filed by Publisher Plaintiffs responding in part to Google's pre-motion letter's motion practice schedule proposal.[1] *See* ECF Nos. 730, 731 (responding to ECF No. 720). Pursuant to Your Honor's Individual Practices, we note that there is no conference scheduled at this time.

Reply to Inform's Pre-Motion Letter Response (ECF No. 731)

Inform should not be allowed to amend its Complaint for a *third* time. In recognition of the fact that Your Honor's March 1 Order (ECF No. 701) narrowed the scope of the above-referenced actions, following that ruling, Google proposed to Inform that it file a conforming amended complaint in accordance with the process the Court has directed following other MDL dismissal rulings. *See* Ex. A (March 11, 2024 S. Murray email to S. Vash et al.). Inform declined to do so, insisting instead that Google answer its Complaint. *See* Ex. B (March 11, 2024 S. Vash email to S. Murray).[2] Your Honor subsequently issued an Order directing that

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Google's pre-motion letter. *See* ECF No. 720.

[2] In its response to Google's pre-motion letter, Inform claims that Google incorrectly stated in its pre-motion letter that "Plaintiff Inform informed Google that Inform would not be amending its complaint." *See* ECF No. 731 at 2

Google file pre-motion letters to dismiss state law claims and answer the remaining claims. *See* ECF No. 714. Google sought permission to move to dismiss Inform's state law claims in accordance with that Order.

Rather than attempt to defend its state law claims, Inform effectively concedes they are deficient and asks the Court to allow it to file yet another amended complaint—despite the fact that Inform has amended its complaint twice already, asserting additional state law claims with each amendment. Inform filed its initial complaint almost five years ago and filed its most recent Second Amended Complaint (ECF No. 535) not even a year ago in April 2023. Inform's Second Amended Complaint was filed with the benefit of motion to dismiss briefing on the previous iteration of Inform's state law claims[3] and with the benefit of the other private plaintiffs' amended complaints. Additionally, Inform's counsel has participated in this MDL (on behalf of other parties) since its inception.

Nor does Inform justify the proposed amendments to which it alludes. In an attempt to show additional allegations to support its defective state law claims, Inform bullets seven assertions which, as an initial matter, do not reflect the level of particularity that Rule 9 (and Georgia law) requires for Inform's Georgia common law fraud claim, let alone additionally satisfy Rule 12's plausibility standard for either its Georgia common law tortious interference or fraud claim. Tellingly, Inform does not explain why it could not have included these allegations in its Second Amended Complaint. *See* ECF No. 731 at 3. Inform provides no additional clarity as to how it would seek to amend its now-third complaint, including whether it would add new state law claims in a fourth complaint as it did on previous occasions.

This Court should not countenance Inform's most recent attempt to waste judicial resources. *See* N.D. Ga. Action, ECF No. 33 at 2-4 (dismissing Inform's first complaint as a shotgun pleading that "waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on appellate court dockets, and undermine[s] the public's respect for the courts"). Google has diligently pursued discovery from Inform based on the allegations in its Second Amended Complaint. With discovery slated to close on June 28, it would be unfair and unjust to allow Inform to amend yet again—especially without any firm indication of how it might even do so. Moreover, if Inform intended to seek leave to amend its Complaint, it should have agreed to Google's proposal and made conforming amendments weeks ago. Inform does not deserve what is effectively a *fourth* bite at the apple.

For the foregoing reasons and those additionally set forth in Google's letter responding to the pre-motion letter response filed by Plaintiffs Associated Newspapers, Ltd., Mail Media, Inc., and Gannett Co., Inc., *see* ECF No. 732, Inform's request to amend its complaint would prejudice Google, any amendment would be futile, and its prejudicial conduct of insisting that

---

n.1. Inform's semantic position is unavailing. As demonstrated in Exhibits A and B to this letter, Google proposed that Inform amend its complaint, and Inform expressly declined to do so.

[3] Google previously briefed a motion to dismiss Inform's Georgia common law tortious interference claim prior to Inform's most recent amended complaint, ECF No. 535, which adds a Georgia common law fraud claim and a request for punitive damages under Georgia law. *See Inform Inc. v. Google LLC et al.*, No. 1:19-cv-05362-JPB (N.D. Ga. Oct. 21, 2022) ("N.D. Ga. Action"), ECF No. 61-1.

Google answer a concededly defective complaint only to change its mind evinces bad faith. Inform's request to amend its complaint would only serve to unnecessarily delay fact and expert discovery and should be denied.

Reply to Publisher Plaintiffs' Pre-Motion Letter Response (ECF No. 730)

In its pre-motion letters, Google proposed a motion practice schedule allowing (i) Google to file motions to dismiss within 45 days of the Court's order; (ii) Plaintiffs 45 days to respond in opposition; and (iii) Google 30 days to reply to Plaintiffs' oppositions. ECF No. 719 at 7; ECF No. 720 at 6. This schedule reflects the time necessary to adequately brief motions to dismiss six complaints (treating Advertiser Plaintiffs' and Plaintiff Singh's respective complaints together pursuant to Google's stipulation with Plaintiff Singh). Publisher Plaintiffs responded with a competing proposal that would allow (i) Google to file a motion to dismiss Publisher Plaintiffs' state law claims 21 days following the Court's order; (ii) Publisher Plaintiffs 21 days to respond in opposition; and (iii) Google 14 days to reply to Publisher Plaintiffs' opposition. *See* ECF No. 730 at 5. No other plaintiff has adopted Publisher Plaintiffs' scheduling proposal.

To avoid further delay, Google is prepared to file motions to dismiss on an expedited schedule along the lines proposed by the Publisher Plaintiffs if the Court believes that to be necessary. If the Court does permit Inform or any other plaintiff to amend its Complaint, Google requests that the Court require such plaintiff to conform its allegations to the Court's March 1 Order and to stay Google's existing March 29, 2024 deadline to answer their existing complaint(s).

Sincerely,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP

114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC

CC: All Counsel of Record (via ECF)