# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

March 26, 2024

VIA ECF

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

> Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC);
> *Inform Inc. v. Google LLC*, et al. No. 1:23-cv-01530 (PKC)

Dear Judge Castel:

To clarify the record, Plaintiff Inform Inc. writes in response to Defendants Google LLC, Alphabet Inc. and YouTube LLC's (hereinafter collectively "Google" or "Defendants") March 25, 2024 Letter Reply. ECF No. 734. There is no conference currently scheduled before the Court.

First, Defendants inaccurately contend that "Inform effectively concedes the [state law claims] are deficient." Rather, Plaintiff's position is that it "believes that it has properly plead tortious interference, common law fraud and a proper basis for seeking punitive damages" but that "the record has been substantially developed since Plaintiff first plead each of these claims, respectively, and allowing Inform to amend its state law claims to address the issues set forth in Defendants' March 15, 2024 pre-motion would serve the interest of justice." ECF. No. 731 at 1. Where, as here, there is no undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party, amendment should be freely given under Fed. R. Civ. P. Rule 15(a)(2). *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see e.g., Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 106 (S.D.N.Y. 2010)(discussing and granting leave to amend where none of the reasons to deny leave to amend were present).

As set forth in the SAC, Google and YouTube made a series of misrepresentations to and withheld material information from Plaintiff Inform and the markets related to its products and services. Defendants misled the market and Plaintiff for many years; and its misbehavior, fraudulent misstatements and material omissions have only recently come to light through government investigations, unsealing of government complaints, and further through discovery. Since that time and with a developed record, Inform has not had a chance to amend its respective state law claims. In this very case, Defendants' alleged fraudulent concealment has been recognized as plausibly pled. *See e.g.*, ECF. No 701 at 59-60 ("many of Google's alleged auction-manipulation practices 'lacked transparency, occurred out of the public eye, and had effects that were not immediately obvious or well understood' . . . 'Google's rollout of EDA was opaque, and

Hon. P. Kevin Castel
March 26, 2024
Page 2

accompanied by misrepresentations about its intent and effects'"); *see also id.* at 61 ("the nature of EDA's implementation required some degree of secrecy, because no profit-minded publisher would voluntarily opt to sacrifice its lucrative direct sales for less-valuable programmatic advertising"); ECF No. 709 at 23-24 ("Inform describes how Google was deceptive and opaque in its implementation of EDA . . . and while Inform and others may have voiced questions and concerns about EDA there is no suggestion that Inform had knowledge about EDA's implementation sufficient to plausibly assert a Sherman Act violation.'").

Google now seeks to capitalize further on its own fraudulent concealment by claiming that Inform should have somehow known about Google's fraud much earlier than public disclosures. We submit that amendment is in the interests of justice and that Plaintiff Inform should "be afforded an opportunity to test [its] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Second, Plaintiff does not seek to add additional *claims*, but rather to respond to the specific purported deficiencies set forth in Defendants' March 15, 2024 Letter (ECF. No. 720) as respects the three state law counts in the SAC: common law tortious interference (Count VI); common law fraud (Count VII); and a punitive damages claim under common law and O.C.G.A. § 51-12-5.1 (Count VIII). Google concedes there is no prejudice stating they have pursued, received and even sought to compel discovery on the state law claims (at 2), while Google itself has yet to provide a single document, bit of data, or snippet of source code in response to Plaintiff Inform's specific and now-sustained allegations (ECF. No. 731 at 4). Google likewise concedes no undue delay, no bad faith, and no genuine issue with amendment (at 2), stating "If Inform intended to seek leave to amend its Complaint, it should have agreed to Google's proposal and made conforming amendments weeks ago." [1] The Court issued its Opinion and Order on March 7, 2024 (ECF. No. 709) just over two weeks ago.

Third, Plaintiff clarifies that at Google's insistence, discovery was stayed in this matter until after the SAC was filed and Defendants moved to dismiss. Inform received no discovery and could not look to complaints of other MDL Plaintiffs that had the benefit of discovery until the stay as respects Inform was lifted, only after the SAC was filed. Moreover, Google's own "ingestion-site issue" meant that the vast majority of discovery was not produced to the MDL Plaintiffs until between six months and a year after the SAC was filed.

Finally, Plaintiff objects to Google's request (at 3) that the Court reconsider the deadline it set for Google's time to answer Inform's federal claims as we seek only to amend the state law claims to address issues raised in Defendants' March 15, 2024 Letter.

---

[1] As pointed out by Plaintiff and confirmed by Defendants' filings, Google demanded an immediate response from Inform to a position it was about to put before the Court "at 5 pm today" and disingenuously made it appear that other MDL Plaintiffs had already agreed. *See* ECF No. 734-1.

Hon. P. Kevin Castel
March 26, 2024
Page 3

We thank the Court for its consideration of this matter.

                                            Respectfully submitted,

                                            /s/ *Serina M. Vash*

                                            SERINA M. VASH
                                            New York Bar No.: 2773448
                                            svash@hermanjones.com
                                            **HERMAN JONES LLP**
                                            153 Central Avenue, # 131
                                            Westfield, NJ 07090
                                            (404) 504-6516

                                            JOHN C. HERMAN (admitted *pro hac vice*)
                                            jherman@hermanjones.com
                                            **HERMAN JONES LLP**
                                            3424 Peachtree Road, N.E., Suite 1650
                                            Atlanta, GA 30326
                                            (404) 504-6555
                                            (404) 504-6501 (fax)

                                            Counsel for Plaintiff Inform Inc.