UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING                21-md-3010 (PKC)
ANTITRUST LITIGATION

                                                          PRE-TRIAL ORDER NO. 10

-----------------------------------------------------------x

CASTEL, Senior District Judge:

        Google seeks to set a schedule on its proposed motions to dismiss the state law claims identified in its letters of March 15, 2024.  (ECF 719, 720.)

        The Advertiser Class Plaintiffs state that they "expect to stipulate to dismissal of their antitrust claims under California law that parallel Sherman Act claims dismissed by the Court" but stand on their remaining claim of unfair competition.  (ECF 727.)

        Plaintiff Michael Stellman states that he "will stipulate to the withdrawal of his claims under non-California state laws" but will stand on his claims for relief brought under California law.  (ECF 727.)

        Daily Mail and Gannett state that they seek to amend their state law claims to obviate "or at the very least narrow the areas of dispute" raised in Google's pre-motion letter, as well as "to amend their complaints to add factual details in support of their state law claims" based on documents obtained in discovery.  (ECF 728.)  They request 60 days for amendment from the time that Google certifies that it has substantially completed its production.  (ECF 728.)

        The Publisher Plaintiffs state that they have communicated "our amenability to stipulating to dismissal of state law claims to the extent they were based on conduct that the Court already determined was insufficient to support the federal antitrust claims,

namely Search+ and 'problematic code.'" (ECF 730.) The Publisher Plaintiffs stand on their "Count III claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17000 et seq., as to publishers using Google's ad network product, AdSense, except to the extent that claim is premised on conduct already dismissed in the federal antitrust claims." (ECF 730.) The Publisher Plaintiffs further assert that "if the Court dismisses the California law claims as to Ad Exchange publishers or if it defers consideration of Google's choice of law arguments, Publisher Plaintiffs respectfully request leave to amend to plead or plead in the alternative claims under New York Law." (ECF 730.)

Inform "respectfully requests leave to amend its complaint to clarify and supplement their state law allegations and claims. . . ." (ECF 731.)

The Court rules as follows on the Pre-Motion letters of Google and the requests and objections of the plaintiffs:

1. By April 19, 2024, any plaintiff seeking to amend its state law claims shall file with the Court (a) a marked-to-show-changes version of the proposed amended pleading and (b) a letter stating the impact, if any, of the proposed amended pleading on discovery in this action and any other issue bearing upon the propriety of amending at this juncture. This applies to any state law amendment, including to conform a plaintiff's state law claims to the Court's rulings on the federal claims, to otherwise supplement or expand the allegations of its state law claims or, in the case of the Publisher Plaintiffs, to assert an alternative claim under New York law. Any proposed amendment to the pleadings not submitted by April 19, 2024 is deemed waived. Rule 16(b)(3)(A).

2

2. Any plaintiff seeking to negotiate a stipulation with Google regarding its existing pleading shall file that stipulation by April 19, 2024.

3. By May 3, 2024, Google shall file letters stating (a) any objections to a proposed amendment and (b) any additional grounds for dismissal of a state law claim not set forth in its prior Pre-Motion letters. (ECF 719, 720.) The Court does not presently intend to rule on any objection to an amendment on the grounds of futility but will address the sufficiency of a claim in a subsequent ruling.

4. Upon receipt and review of the foregoing, the Court will rule on the proposed amendments to pleadings.

5. Fact discovery is set to close on June 28, 2024. The Court sees no prejudice to any party by deferring briefing on any motion to dismiss directed to a state law claim until the summary judgment stage. This is without prejudice to Google's right to seek summary judgment dismissing a claim, including on the basis that it fails to state a claim for relief.

6. Any party who objects to the procedure outlined in paragraph 5 hereof shall state in full the basis for its objection by April 19, 2024, in the case of a plaintiff, and by May 3, 2024, in the case of Google.

The Clerk is requested to terminate Letter Motions. (ECF 719, 720.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 26, 2024