UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | No. 1:21-MD-3010 (PKC) |

### DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S
### ANSWER TO ADVERTISER PLAINTIFFS' COMPLAINT

Defendants Google LLC and Alphabet Inc. (together, "Google") answer the Complaint of Advertiser Class Plaintiffs ("Plaintiffs"), through undersigned counsel as set forth below. Google generally denies the legal claims asserted in Plaintiffs' December 2, 2022 Complaint, ECF No. 399 (the "Complaint"). Ad tech (the technology that powers digital advertising on publishers' sites) is an important part of a healthy web. Google's investments and innovations in this space help publishers fund their work, make it easy for large and small businesses to reach consumers, and support the proliferation of creative and diverse content. Google's products foster competition for the benefit of publishers, advertisers, and consumers.

Pursuant to the Court's March 14 order (ECF No. 714), Google understands that it is required to answer the federal law allegations that have survived a motion to dismiss. To the extent that Plaintiffs intend for any paragraph to support their state law claims, Google has sought leave to move to dismiss such claims, and the Court has instructed Plaintiffs to amend their pleading as to its state law claims, so Google does not answer with respect to those claims. *See* ECF Nos. 719, 720, 736. Thus, the following answer should not be considered a waiver of any grounds for dismissal of a state law claim.

## RESPONSE TO NUMBERED PARAGRAPHS

Except to the extent specifically admitted herein, Google denies each and every allegation contained in the Complaint, including all allegations contained in headings or otherwise not contained in one of the Complaint's 407 numbered paragraphs.  Google generally denies the legal claims asserted in the Complaint and responds to the Complaint's numbered paragraphs as follows.

1.      As to the third sentence of Paragraph 1, Google admits that publishers use a variety of products and services to help sell their display ad inventory; that advertisers use a variety of products and services to help purchase display ad inventory; and that ad servers, the marketplaces that match buyers and sellers, and ad buying tools are among the products that publishers use to help sell their display ad inventory and that advertisers use to purchase display inventory from, among other sources, ad exchanges.  Google denies the allegations in Paragraph 1 in all other respects.

2.      Google admits that it operates an ad exchange used by advertisers and publishers and that it offers tools that advertisers can use to purchase display advertising inventory.  As to the fourth sentence of Paragraph 2, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 2 in all other respects.

3.      As to the first sentence of Paragraph 3, Google admits that when a user visits a publisher's website, a series of interactions can occur that result in an ad being displayed to a user.  As to the second sentence of Paragraph 3, Google admits that a single display ad shown to a single user on a single occasion can be referred to as an impression.  Google admits the third sentence of Paragraph 3.  Google denies the allegations in Paragraph 3 in all other respects.

4.      Google denies the allegations in Paragraph 4 of the Complaint.

5.      As to the first and second sentences of Paragraph 5, Google admits that ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular impression.  As to the second sentence of Paragraph 5, Google admits that advertisers constitute demand for display-ad inventory.  As to the third sentence of Paragraph 5, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the fourth, fifth, and sixth sentences of Paragraph 5, Google admits that advertisers of all types and sizes use automated tools to bid on and purchase ad inventory; that advertisers use buying tools to achieve their advertising goals; and that advertiser buying tools may include or provide different features suitable to different users.  As to the seventh sentence, Google admits that certain ad servers and buying tools may, in certain circumstances, connect to ad exchanges.  Google denies the allegations in Paragraph 5 in all other respects.

6.      Google denies the allegations in Paragraph 6 of the Complaint.

7.      As to the first sentence of Paragraph 7, Google admits that Google Ad Manager's ad serving functionality is the successor to an ad server product, formerly called DoubleClick for Publishers, that Google acquired as part of its acquisition of DoubleClick, which was completed in 2008.  As to the fourth sentence of Paragraph 7, Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from  other channels, so as to maximize the publisher's revenue.   As to the fifth sentence of Paragraph 7, Google admits that Google Ad Manager implements a feature originally known as Enhanced Dynamic Allocation.  Google denies the

allegations in Paragraph 7 in all other respects.

8.     As to the first and second sentences of Paragraph 8, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the sixth sentence of Paragraph 8, Google admits that it retains a revenue share of 5-10% for transactions matched through Open Bidding as consideration for the value provided by Google's service.  Google denies the allegations in Paragraph 8 in all other respects.

9.     Google understands Paragraph 9 to have been dismissed as to Plaintiffs' claim related to the Network Bidding Agreement with Facebook.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 9 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 9 requires a response, Google denies the allegations in Paragraph 9 of the Complaint.

10.     As to the second sentence of Paragraph 10, Google admits the existence of an auction feature called Project Bernanke.  As to the third sentence of Paragraph 10, Google admits that its ad exchange supports a feature called Dynamic Revenue Share and that, if enabled by the publisher, Dynamic Revenue Share dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.  As to the fifth sentence of Paragraph 10, Google admits that Reserve Price Optimization is an optimization Google developed that could increase publisher revenues by adjusting price floors. Google admits to the existence of Unified Pricing Rules.  Google denies the allegations in Paragraph 10 in all other respects.

11.     As to the first sentence of Paragraph 11, Google lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 11 in all other respects.

12.     Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute federal subject matter jurisdiction.

13.     Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute that this case is properly before this Court at this time based on the the Judicial Panel on Multidistrict Litigation's decision of August 10, 2021, reported at 555 F. Supp. 3d 1372.

14.     As to the first and second sentences of Paragraph 14 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 14 in all other respects.

15.     Google denies the allegations in Paragraph 15 of the Complaint.

16.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that basis denies those allegations.

17.     Google denies the allegations in Paragraph 17 of the Complaint.

18.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that basis denies those allegations.

19.     Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 19.

20.     Google understands Paragraph 20 to have been dismissed as to Plaintiff Vitor Lindor's claims in this action.  ECF No. 511.  To the extent Paragraph 20 nonetheless still

requires an answer relevant to Plaintiffs' remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that basis denies those allegations.

21.     Google understands Paragraph 21 to have been dismissed as to Plaintiff Vitor Lindor's claims in this action.  ECF No. 511.  To the extent Paragraph 21 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that basis denies those allegations.

22.     Google understands Paragraph 22 to have been dismissed as to Plaintiff Vitor Lindor's claims in this action.  ECF No. 511.  To the extent Paragraph 22 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that basis denies those allegations.

23.     Google understands Paragraph 23 to have been dismissed as to Plaintiff Vitor Lindor's claims in this action.  ECF No. 511.  To the extent Paragraph 23 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that basis denies those allegations.

24.     Paragraph 24 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 24.

25.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that basis denies those allegations.

26.     Google denies the allegations in Paragraph 26 of the Complaint.

27.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and on that basis denies those allegations.

28.     Google denies the allegations of Paragraph 28 of the Complaint.

29.     Google understands Paragraph 29 to have been dismissed as to Plaintiff Raintree Medical and Chiropractic Center LLC's claims in this action.  ECF No. 512.  To the extent Paragraph 29 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and on that basis denies those allegations.

30.     Google understands Paragraph 30 to have been dismissed as to Plaintiff Raintree Medical and Chiropractic Center LLC's claims in this action.  ECF No. 512.  To the extent Paragraph 30 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and on that basis denies those allegations.

31.     Google understands Paragraph 31 to have been dismissed as to Plaintiff Rodrock Chiropractic PA's claims in this action.  ECF No. 512.  To the extent Paragraph 31 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and on that basis denies those allegations.

32.     Google understands Paragraph 32 to have been dismissed as to Plaintiff Rodrock Chiropractic PA's claims in this action.  ECF No. 512.  To the extent Paragraph 32 nonetheless still requires an answer relevant to Plaintiffs' remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and on that basis denies those allegations.

33.     Google admits it is a limited liability company organized and existing under the laws of the State of Delaware, and that it maintains a Mountain View, California business address.  Google denies the allegations in Paragraph 33 in all other respects.

34.     Google admits that Alphabet Inc. is incorporated and existing under the laws of the State of Delaware and that it maintains a Mountain View, California business address. Google admits that Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc.  Google denies the allegations in Paragraph 34 in all other respects.

35.     Google admits that the Complaint refers to Google LLC and Alphabet Inc. collectively as "Google."

36.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and on that basis denies those allegations.

37.     As to the first sentence of Paragraph 37, Google admits businesses can use advertising to promote their products, generate brand awareness, and increase sales.  As to the third sentence, Google admits that magazines, newspapers, and other publications are vehicles for businesses to advertise.  Google lacks knowledge or information to form a belief as to the truth or falsity of the rest of the allegations in Paragraph 37 and on that basis denies those allegations.

38.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and on that basis denies those allegations.

39.     The allegations in Paragraph 39 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies Paragraph 39 of the Complaint.

40.     The allegations in Paragraph 40 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that search engines at times sell advertisements that can be delivered to users along with users' search query results, and that such advertisements may be delivered in response to a user's query.  Google denies the allegations in Paragraph 40 in all other respects.

41.     The allegations in Paragraph 41 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that search engines at times sell advertisements that can be delivered to users along with users' search query results, and that such advertisements may be delivered in response to a user's query.  Google admits that some search engines may sell some advertisements on a cost-per-click basis.  Google denies the allegations in Paragraph 41 in all other respects.

42.     The allegations in Paragraph 42 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first and second sentences of Paragraph 42, Google admits that a graphical ad displayed on a website that is viewed in an internet browser or displayed in an app, mobile application, or email service can be referred to as a display ad and that a display ad may contain images, text, or multimedia.   As to the third sentence of Paragraph 42, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 42 in all other respects.

43.     The allegations in Paragraph 43 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google denies Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first and second sentences of Paragraph 44, Google admits that advertisers may know characteristics of a user to attempt to target ads to a user.  As to the third sentence of Paragraph 44, Google admits that the practice of showing ads to a user who showed interest in merchandise from a merchant's website but did not purchase it may be referred to as "remarketing."  Google denies the allegations in Paragraph 44 in all other respects.

45.     Google admits that an owner of a website can be referred to as a publisher.  Google admits that some online ads are bought and sold in fractions of a second using sophisticated tools, some of which could be supplied by third parties.  Google admits that real-time bidding is a process by which digital advertising inventory can be bought and sold.  Google lacks knowledge  or information sufficient to form a belief as to the truth or falsity of the allegations in the final sentence of Paragraph 45 and on that basis denies those allegations.  Google denies the allegations in Paragraph 45 in all other respects.

46.     The allegations in Paragraph 46 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 46, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations of Paragraph 46 in all other respects.

47.     As to the first sentence of Paragraph 47, Google admits that it owns tools used by advertisers and publishers to buy and sell online ad inventory and that it supplies display advertising on Google owned and operated properties.  As to the second sentence of Paragraph

47, Google admits it owns and operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX."  As to the fourth sentence of Paragraph 47, Google admits that ad exchanges match buyers and sellers of display ads on an impression-by-impression basis. Google denies the allegations in Paragraph 47 in all other respects.

48.     Google denies the allegations in Paragraph 48.

49.     As to the first sentence of Paragraph 49, Google admits that advertisers and media agencies running advertising campaigns make up part of the demand for online ad inventory.  As to the second sentence of Paragraph 49, Google admits that advertisers of all types and sizes use automated tools, including demand-side platforms, to bid on and purchase ad inventory, including inventory sold on ad exchanges and ad networks; and that advertisers use buying tools to achieve their advertising goals.  Google denies the allegations in Paragraph 49 in all other respects.

50.     Google admits that publishers use a variety of products and services to help sell their display ad inventory and that ad servers and in-app mediation services are among the products that publishers use to help sell their display ad inventory.  Google denies the allegations in Paragraph 50 in all other respects

51.     Google admits that ad-buying tools, including demand-side platforms, can, in some circumstances, connect to ad exchanges.  Google further admits that ad exchanges auction some publishers' display inventory submitted in certain circumstances by an ad network or a supply-side platform to some end-advertisers, including in certain circumstances through intermediaries such as demand-side platforms or trading desks, on an impression-by-impression basis.  Google denies the allegations in Paragraph 51 in all other respects.

52.     Google admits that ad-buying tools can, in some circumstances, connect to ad

exchanges.  Google admits that ad exchanges can hold auctions in which various demand sources bid on impressions.  Google admits that the Meta Audience Network was previously called the Facebook Audience Network.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52 and on that basis denies those allegations.

53.     As to the first sentence of Paragraph 53, Google admits that ad servers, supply-side platforms, ad exchanges, ad-buying tools, in-app mediation services, and ad networks are some of the services offered in the digital advertising industry.  Google denies the allegations in Paragraph 53 in all other respects.

54.     The allegations in Paragraph 54 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  Paragraph 54 also purports to show products used by advertisers in this case, the alleged relevant antitrust markets for each type of product, and the current name of Google's product in each such market, to which no response is required.  To the extent a response to Paragraph 54 is deemed necessary, Google admits that advertisers can buy web display and in-app advertisements, among other ads, through Google Ads and Display & Video 360, and that it operates an ad exchange which previously was known as DoubleClick Ad Exchange or "AdX."  Google denies the allegations contained in Paragraph 54 in all other respects.

55.     The allegations in Paragraph 55 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 55 of the Complaint.

56.     The allegations in Paragraph 56 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad servers is a relevant antitrust market.  As to the second sentence of Paragraph 56, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the third sentence of Paragraph 56, Google admits that Google Ads allows advertisers' ads to appear in the geographic locations they select, including different countries.  As to the fourth sentence of Paragraph 56, Google admits that it tracks revenue earned in the United States.  Google denies the allegations in Paragraph 56 in all other respects.

57.    The allegations in Paragraph 57 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 57, Google admits that ad exchanges auction some publishers' display inventory submitted in certain circumstances by an ad network or a supply-side platform to some end-advertisers, including in certain circumstances through intermediaries such as demand-side platforms or trading desks, on an impression-by-impression basis and in real time.  Google denies the allegations in Paragraph 57 in all other respects.

58.    The allegations in Paragraph 58 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that ad exchanges match buyers and sellers of display ads on an impression-by-impression basis in real time, typically through an auction mechanism.  Google admits that ad exchanges generally do not bear inventory risk.  As to the the first, fourth, and fifth sentences of Paragraph 58, except as admitted above, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 58 in all other respects.

59.     The allegations in Paragraph 59 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence, second sentence, and portions of the third sentence of Paragraph 59.  Google admits that exchanges allow for the purchase of individual impressions.  Google denies the allegations in Paragraph 59 in all other respects.

60.     The allegations in Paragraph 60 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 60 of the Complaint

61.     The allegations in Paragraph 61 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 61 of the Complaint.

62.     The allegations in Paragraph 62 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that buying or selling inventory directly may involve a sales team or automated sales interface; that publishers and advertisers may (but need not) rely on internal staff to manage their relationships; and that the expected value of inventory can be a factor that publishers consider in determining an ad sales strategy.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third, fourth, fifth and sixth sentences of Paragraph 62 and on that basis denies those allegations. Google denies the allegations in Paragraph 62 in all other respects.

63.     The allegations in Paragraph 63 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, and to the extent the allegations in Paragraph 63 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations  in Paragraph 63 in all other respects.

64.    The allegations in Paragraph 64 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 64.

65.    The allegations in Paragraph 65 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 65.

66.    The allegations in Paragraph 66 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 66 and on that basis denies those allegations.

67.    The allegations in Paragraph 67 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 67 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 67 in all other respects.

68.    The allegations in Paragraph 68 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second, third, fourth, fifth, and sixth sentences of Paragraph 68,

Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 68 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 68 in all other respects.

69.     The allegations in Paragraph 69 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges is a relevant antitrust market.  As to the fourth sentence of Paragraph 69, Google admits that increasing viewable ad impressions may lead to higher revenue potential for publishers and that targeting advertising to find the right customers could help increase advertisers' return on investment.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 and on that basis denies those allegations.  Google denies the allegations in Paragraph 69 in all other respects.

70.     The allegations in Paragraph 70 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first and third sentence of Paragraph 70, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the second sentence of Paragraph 70, Google admits that laws and regulations concerning competition, user privacy, and deceptive trade practices can vary from country to country.  Google denies the allegations in Paragraph 70 in all other respects.

71.     The allegations in Paragraph 71 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 and on that basis denies those allegations. Google denies the allegations in Paragraph 71 in all other respects.

72.     The allegations in Paragraph 72 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, to the extent the allegations in Paragraph 72 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 72 in all other respects.

73.     The allegations in Paragraph 73 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 and on that basis denies those allegations. Google denies the allegations in Paragraph 73 in all other respects.

74.     The allegations in Paragraph 74 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies allegations in Paragraph 74.

75.     The allegations in Paragraph 75 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits it operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX."  Google admits that it offers an ad buying tool called Google Ads.  Google denies the allegations in Paragraph 75 in all other respects.

76.     The allegations in Paragraph 76 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 76 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 76 in all other respects.

77.     The allegations in Paragraph 77 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 and on that basis denies those allegations.  Google otherwise denies the allegations in Paragraph 77

78.     The allegations in Paragraph 78 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 78 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 78 in all other respects.

79.     The allegations in Paragraph 79 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits, on information and belief, the existence of an article containing the quoted language, to which article Google refers the Court for a complete and

accurate statement of its contents.  To the extent the allegations in Paragraph 79 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the third and fourth sentences of Paragraph 79 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 79 in all other respects.

80.     The allegations in Paragraph 80 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits, on information and belief, the existence of a news article containing the quoted language, to which news article Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 80 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 80 in all other respects.

81.     The allegations in Paragraph 81 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 81 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   Google denies the allegations in Paragraph 81 in all other respects.

82.     The allegations in Paragraph 82 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that the European Commission conducted an investigation

involving Google ad tech, but denies Plaintiffs' characterization of the investigation.  As to the second sentence of Paragraph 82, Google admits that the features previously available in DoubleClick for Publishers and AdX are available through Google Ad Manager.  To the extent the allegations in Paragraph 82 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in 82 in all other respects.

83.  The allegations in Paragraph 83 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that Magnite, Xandr, and Index Exchange, among many others, all operate ad exchanges with which Google competes.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first (except as admitted above), second, third, fourth, fifth, seventh, and eighth sentences of Paragraph 83 and on that basis denies those allegations.  Google denies the allegations in Paragraph 83 in all other respects.

84.  The allegations in Paragraph 84 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 84 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 84 in all other respects.

85.  The allegations in Paragraph 85 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 86, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the third, fourth, and fifth sentences of Paragraph 86, Google admits, on information and belief, the existence of an article containing the quoted language, to which  article Google refers the Court for a complete and accurate statement of its contents.  As to the eighth, ninth, tenth, eleventh, and twelfth sentences of Paragraph 86, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the thirteenth sentence of Paragraph 86, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 86 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 86 in all other respects.

87.     The allegations in Paragraph 87 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the fourth sentence of Paragraph 87, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the fifth sentence of Paragraph 87, Google

admits, on information and belief, the existence of an article containing the quoted language, to which article Google refers the Court for a complete and accurate statement of its contents.  As to the sixth sentence of Paragraph 87, Google admits, on information and belief, to the existence of articles containing the quoted language, to which articles Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 87 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 87 in all other respects.

88.     The allegations in Paragraph 88 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 88 of the Complaint.

89.     The allegations in Paragraph 89 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that generally speaking an ad exchange is more attractive to advertisers as more publishers use it, and more attractive to publishers as more advertisers use it.  Google denies the allegations in Paragraph 89 in all other respects.

90.     The allegations in Paragraph 90 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that ad-buying tools can, in some circumstances, connect to ad exchanges.  Google denies the allegations in Paragraph 90 in all other respects.

91.     The allegations in Paragraph 91 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 91, Google admits the existence of a document

containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 91 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 91 in all other respects.

92.     The allegations in Paragraph 92 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that advertisers can buy web display and in-app advertisements, among other ads, through Google Ads and Display & Video 360.  Google denies the allegations in Paragraph 92 in all other respects.

93.     The allegations in Paragraph 93 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required,  Google admits that it may be appropriate to assess market shares within the United States, but denies that buying tools for small advertisers is a relevant antitrust market.  As to the second sentence of Paragraph 93, Google further admits that advertisers of all types and sizes use automated tools to bid on and purchase ad inventory, including ad inventory trading on ad exchanges and ad networks.  Google denies the allegations in Paragraph 93 in all other respects.

94.     The allegations in Paragraph 94 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different buying tools provide different types of interfaces; that advertisers of all types and sizes use automated buying tools to bid on and purchase ad inventory, including inventory sold on ad exchanges and ad networks; and that

advertisers use buying tools to achieve their advertising goals.  Google denies the allegations in Paragraph 94 in all other respects.

95.     The allegations in Paragraph 95 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 95, Google admits that advertisers of all types of sizes use buying tools to bid on and purchase ad inventory, including inventory sold on ad networks.  Google denies the allegations in  Paragraph 95 in all other respects.

96.     The allegations in Paragraph 96 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 96, Google admits that Google Ads has no minimum monthly spend requirement.  Google denies the allegations in Paragraph 96 in all other respects.

97.     The allegations in Paragraph 97 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 97, Google admits that Google Ads has no minimum monthly spend requirement, but lacks knowledge or information to form a belief as to the truth or falsity of the allegations regarding the minimum spend requirements of other advertising buying tools and and on that basis denies those allegations.  As to the third sentence of Paragraph 97, Google admits that lawyers, real estate agents, photographers, plumbers, builders, doctors, barber shops, start-ups, and car dealerships can use automated buying tools to bid on and purchase ad inventory.  Google denies the remainder of Paragraph 97.

98.     The allegations in Paragraph 98 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is

required, Google admits the existence of a document in the first sentence containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the second sentence of Paragraph 98, Google admits to the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 98 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 98 in all other respects.

99.    The allegations in Paragraph 99 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different buying tools have different features and requirements suitable to different users and that buying tools charge different prices, in part due to differences in their features.  As to the third sentence of Paragraph 99, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 99 in all other respects.

100.    The allegations in Paragraph 100 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 100 of the Complaint.

101.    The allegations in Paragraph 101 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 101, Google admits that it offers ad buying tools that are suitable for advertisers of all sizes and that advertisers of all sizes may purchase advertisements through Google Ads.  As to the third sentence of Paragraph 101, Google

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 101 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies Paragraph 101 in all other respects.

102. The allegations in Paragraph 102 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, as to the second and third sentences of Paragraph 102, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 102 in all other respects.

103. The allegations in Paragraph 103 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that online publishers can sell advertising either directly or indirectly. To the extent the allegations in Paragraph 103 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and on that basis denies those allegations. Google denies Paragraph 103 in all other respects.

104. The allegations in Paragraph 104 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, and to the extent the allegations in Paragraph 104 characterize or describe

documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies Paragraph 104 in all other respects.

105.    The allegations in Paragraph 105 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first, second, third, fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 105 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 105 in all other respects.

106.    The allegations in Paragraph 106 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 106, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies Paragraph 106 in all other respects.

107.    The allegations in Paragraph 107 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 107 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 107 in all other respects.

108.    The allegations in Paragraph 108 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 108 and on that basis denies those allegations.

109.    The allegations in Paragraph 109 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second and third sentences of Paragraph 109, Google admits that it offers an ad buying tool known as Display & Video 360 that is used by advertisers of all sizes and that advertisers of all sizes may purchase advertisements through Google Ads.  To the extent the allegations in Paragraph 109 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies Paragraph 109 in all other respects.

110.    The allegations in Paragraph 110 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that buying tools for small advertisers is a relevant antitrust market.  As to the fourth sentence of Paragraph 110, Google admits that ad viewability may lead to higher revenue potential for publishers and that targeting advertising to find the right customers could help increase advertisers' return on investment.   Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 and on that basis denies those allegations.  Google denies the allegations in Paragraph 110 in all other respects.

111.    The allegations in Paragraph 111 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that laws and regulations concerning competition, user privacy, and deceptive trade practices can vary from country to country.  Google denies the

allegations in Paragraph 111 in all other respects.

112.    The allegations in Paragraph 112 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 and on that basis denies those allegations.

113.    The allegations in Paragraph 113 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 113 of the Complaint.

114.    The allegations in Paragraph 114 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 114 of the Complaint.

115.    The allegations in Paragraph 115 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 and on that basis denies those allegations. Google denies Paragraph 115 in all other respects.

116.    The allegations in Paragraph 116 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 116 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in

Paragraph 116 in all other respects.

117.    The allegations in Paragraph 117 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 117 and on that basis denies those allegations.   As to the third sentence of Paragraph 117, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 117 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 117 in all other respects.

118.    The allegations in Paragraph 118 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that "FAN" is an acronym used to refer to Facebook's ad network, Facebook Audience Network, and that the Meta Audience Network was previously called the Facebook Audience Network.  Google admits that Facebook Audience Network is one of Google's major competitors across multiple types of products and services.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second (except as admitted above), and third sentences of Paragraph 118. To the extent the allegations in Paragraph 118 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 118 in all other respects.

119.    The allegations in Paragraph 119 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that Display Network campaigns are designed to show ads in apps by default if the placement (the destination for an ad) matches the targeting  set for a campaign.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 and on that basis denies those allegations. Google denies the allegations in Paragraph 119 in all other respects.

120.    The allegations in Paragraph 120 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 120 of the Complaint.

121.    The allegations in Paragraph 121 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of documents containing the quoted language, to  which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 121 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 121 of the Complaint in all other respects.

122.    The allegations in Paragraph 122 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that customers using Google Ads can purchase multiple different formats of advertising.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph

122 and on that basis denies those allegations.  Google denies the allegations in Paragraph 122 in all other respects.

123.    The allegations in Paragraph 123 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 123.

124.    The allegations in Paragraph 124 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that buying tools provide varying types of measurement functionality to assess audience reach.  Google denies the allegations in Paragraph 124 in all other respects.

125.    Google understands Paragraph 125 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 125 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent a response is required, Google denies the allegations in Paragraph 125 of the Complaint.

126.    Google understands Paragraph 126 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 126 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 126 requires a response, Google denies the allegations in Paragraph 126 of the Complaint.

127.    Google understands Paragraph 127 to have been dismissed as to Plaintiffs' federal

antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 127 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 127 requires a response, Google denies the allegations in Paragraph 127 of the Complaint.

128.    Google understands Paragraph 128 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 128 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 128 requires a response, Google denies the allegations in Paragraph 128 of the Complaint.

129.    Google understands Paragraph 129 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 129 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 129 requires a response, Google denies the allegations in Paragraph 129 of the Complaint.

130.    Google understands Paragraph 130 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 130 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 130 requires a response, Google denies the allegations in Paragraph 130 of the Complaint.

131.    Google understands Paragraph 131 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 131 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 131 requires a response, Google denies the allegations in Paragraph 131 of the Complaint.

132.    Google understands Paragraph 132 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 132 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 132 requires a response, Google denies the allegations in Paragraph 132 of the Complaint.

133.    Google understands Paragraph 133 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 133 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 133 requires a response, Google denies the allegations in Paragraph 133 of the Complaint.

134.    Google understands Paragraph 134 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 134 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 134 requires a response, Google denies the

allegations in Paragraph 134 of the Complaint.

135.    Google understands Paragraph 135 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 135 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 135 requires a response, Google denies the allegations in Paragraph 135 of the Complaint.

136.    Google understands Paragraph 136 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 136 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 136 requires a response, Google denies the allegations in Paragraph 136 of the Complaint.

137.    Google understands Paragraph 137 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 137 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 137 requires a response, Google denies the allegations in Paragraph 137 of the Complaint.

138.    Google understands Paragraph 138 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 136 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended

pleading.  *See* ECF No. 736.  To the extent a response is required, Google denies the allegations in Paragraph 138 of the Complaint.

139.    Google understands Paragraph 139 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 139 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 139 requires a response, Google denies the allegations in Paragraph 139 of the Complaint.

140.    Google understands Paragraph 140 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 140 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 140 requires a response, Google denies the allegations in Paragraph 140 of the Complaint.

141.    Google understands Paragraph 141 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 141 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 141 requires a response, Google denies the allegations in Paragraph 141 of the Complaint.

142.    Google understands Paragraph 142 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 142 in support of their state law claims,

Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 142 requires a response, Google denies the allegations in Paragraph 142 of the Complaint.

143.   Google understands Paragraph 143 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 143 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 143 requires a response, Google denies the allegations in Paragraph 143 of the Complaint.

144.   Google understands Paragraph 144 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 144 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent a response is required, Google denies the allegations in Paragraph 144 of the Complaint.

145.   Google understands Paragraph 145 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 145 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 145 requires a response, Google denies the allegations in Paragraph 145 of the Complaint.

146.   The allegations in Paragraph 146 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google admits that its display advertising services can help facilitate the placement of advertising on websites and in mobile apps owned and operated by third-party entities, among other things.  Google admits that advertisers use Google's services to access potential customers on websites and mobile apps, among other things.  Google denies the allegations in Paragraph 146 of the Complaint in all other respects.

147.   The allegations in Paragraph 147 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 147 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 147 in all other respects.

148.   The allegations in Paragraph 148 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 148 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 148 in all other respects.

149.   The allegations in Paragraph 149 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "Meta sells its supply of inventory for advertising on its owned-and-operated social-media platforms as a first party through a self-contained and closed-ended system separate from the ad tech stack in which MAN offers services to place web

and in-app open-display ads" and on that basis denies those allegations.  Google denies the allegations in Paragraph 149 in all other respects

150.    The allegations in Paragraph 150 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 150 and on that basis denies those allegations.  Google denies the allegations in Paragraph 150 in all other respects.

151.    The allegations in Paragraph 151 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in  the third and fourth sentences of Paragraph 151 and on that basis denies those allegations.  Google admits that "it is theoretically possible for an advertiser to connect directly with a publisher to negotiate the placement of advertisements onto the publisher's supply of advertising space."  Google denies the allegations in Paragraph 151 in all other respects.

152.    The allegations in Paragraph 152 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 and on that basis denies those allegations. Google denies the allegations in Paragraph 152 in all other respects.

153.    The allegations in Paragraph 153 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in the second sentence of Paragraph 153 and on that basis denies those allegations.  Google denies the allegations in Paragraph 153 in all other respects.

154.   The allegations in Paragraph 154 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that impressions without associated cookies or alternative means of understanding what may be relevant to users can have  lower value in some instances. Google denies the allegations in Paragraph 154 in all other aspects

155.   The allegations in Paragraph 155 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155 and on that basis denies those allegations. Google denies the allegations in Paragraph 155 in all other aspects

156.   The allegations in Paragraph 156 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that publishers can sell their inventory to advertisers both directly and indirectly and that "direct" sales are those in which a publisher sells its ad inventory directly to advertisers, including through manual media buying, programmatic direct buying, and private auctions.  Google denies the allegations in Paragraph 156 in all other respects.

157.   The allegations in Paragraph 157 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 157 and on that basis denies those allegations.Google denies the allegations in Paragraph 157 in all other

respects.

158.     The allegations in Paragraph 158 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the third, fourth, and fifth sentences of Paragraph 158 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  To the extent the allegations in Paragraph 158 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 158 in all other respects

159.     The allegations in Paragraph 159 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that the internet altered the way people consume content and expanded the opportunities for companies to advertise.  Google denies the allegations in Paragraph 159 in all other respects.

160.     The allegations in Paragraph 160 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 160 of the Complaint.

161.     The allegations in Paragraph 161 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 161 of the Complaint.

162.     The allegations in Paragraph 162 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 162 of the Complaint.

163.    The allegations in Paragraph 163 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 163 of the Complaint.

164.    The allegations in Paragraph 164 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first sentence of Paragraph 164, Google admits the existence of documents containing the quoted language, to which documents Google refer the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 164 in all other respects.

165.    The allegations in Paragraph 165 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 165 of the Complaint.

166.    To the extent the allegations in Paragraph 166 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 166 in all other respects.

167.    Google denies the allegations in Paragraph 167 of the Complaint.

168.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 168 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 168 of the Complaint in all other respects.

169.    To the extent the allegations in Paragraph 169 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 169 in all other respects.

170.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 170 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 170 of the Complaint in all other respects.

171.    Google admits that it acquired DoubleClick in 2008.  Google admits that it acquired Invite Media in 2010.  Google admits that Display & Video 360 is derived in part from its acquisition of Invite Media and was formerly known as DoubleClick Bid Manager.  Google admits that it acquired AdMob in 2009.  Google admits that, in 2011, it acquired Admeld Inc. Google admits it acquired Adometry in 2014.  Google denies the allegations in Paragraph 171 in all other respects.

172.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 and on that basis denies those allegations.  Google denies the allegations in Paragraph 172 in all other respects.

173.    Google denies the allegations in Paragraph 173 of the Complaint.

174.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 174 characterize or describe documents or other

sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 174 in all other respects.

175.    Google denies the allegations in Paragraph 175 of the Complaint.

176.    As to the third and fourth sentence of Paragraph 176 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  To the extent the allegations in Paragraph 176 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 176 in all other respects.

177.    As to the first sentence of Paragraph 177 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google admits that the value of different ad inventory can differ and will depend  on a variety of factors including the audience.  Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 177 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 177 in all other respects.

178.    Google denies the allegations in Paragraph 178 of the Complaint.

179.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 179 and on that basis denies those allegations.  Google denies the allegations in Paragraph 179 in all other respects.

180.    As to the second sentence of Paragraph 180 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 180 in all other respects.

181.    Google denies the allegations in Paragraph 181 of the Complaint.

182.    Google denies the allegations in Paragraph 182 of the Complaint.

183.    Google admits that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression; that ad servers may receive browser cookies and that, depending on a user's settings, such cookies may subsequently be correlated with a profile; that browser cookies can be used to limit the number of times a user is shown a particular ad to avoid oversaturating the user; that cookies can be used as part of the process of measuring ad campaigns' effectiveness; and that some ad campaign billing models, such as cost-per-conversion, charge advertisers based on a specified user action.  Google denies the allegations in Paragraph 183 in all other respects.

184.    Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 184 in all other respects.

185.    As to the third sentence of Paragraph 185, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the second sentence of Paragraph 185, Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 185 in all other respects.

186.    As to the second sentence of Paragraph 186 and the allegation in the first sentence of Paragraph 186 that "advertisers almost always use a single DSP for a given advertising campaign," Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and on that basis denies those allegations.  Google denies the allegations in Paragraph 186 in all other respects.

187.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187 and on that basis denies those allegations.  Google denies the allegations in Paragraph 187 in all other respects.

188.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 188 and on that basis denies those allegations.  Google denies the allegations in Paragraph 188 in all other respects.

189.    As to the third sentence of Paragraph 189 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 189 in all other respects.

190.    Google denies the allegations in Paragraph 190 of the Complaint.

191.    To the extent the allegations in Paragraph 191 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 191 in all other respects.

192.    Google denies the allegations in Paragraph 192 of the Complaint.

193.    The allegations in Paragraph 193 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google admits that it provides its advertiser customers with varying types of  information with which they can assess audience reach and ad performance in order to compare  Google Ads with its competitors.  Google denies the allegations in Paragraph 193 in all other  respects.

194.    To the extent the allegations in Paragraph 194 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 194 in all other respects.

195.    Google admits the existence of a document containing the report in the second sentence of Paragraph 195, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 195 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the last sentence of Paragraph 195, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations of Paragraph 195 in all other respects.

196.    As to the first sentence of Paragraph 196 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 196.

197.    To the extent the allegations in Paragraph 197 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 197 in all other respects.

198.    To the extent the allegations in Paragraph 198 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 198 in all other respects.

199.    To the extent the allegations in Paragraph 199 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 181 in all other respects.

200.    Google denies the allegations in Paragraph 200 of the Complaint.

201.    The allegations in Paragraph 201 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from  other channels, so as to maximize the publisher's revenue.  Google denies the allegations in  Paragraph 201 in all other respects.

202.    Google admits that there is an industry practice known as "waterfalling."  Google denies the allegations in Paragraph 202 in all other respects.

203.    Google admits that DoubleClick for Publishers operated as programmed by the publisher and admits that there is an industry practice known as "waterfalling" and that "waterfalling" involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google denies the allegations in Paragraph 203 in all other respects.

204.    Google admits that there is an industry practice known as "waterfalling" and that

"waterfalling" involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 204 and on that basis denies those allegations.  Google denies the allegations in Paragraph 204 in all other respects.

205.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 205 and on that basis denies those allegations.  Google denies the allegations in Paragraph 205 in all other respects.

206.    Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue.  Google denies the allegations in Paragraph 206 in all other respects.

207.    Google denies the allegations in Paragraph 207 of the Complaint.

208.    Google denies the allegations in Paragraph 208 of the Complaint.

209.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation.  Google denies the allegations in Paragraph 209 in all other aspects.

210.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand in Google Ad Manager to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee).  Google denies the allegations in Paragraph 210 in all other aspects.

211.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand in Google Ad Manager to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee).   Google denies the allegations in Paragraph 211 in all other aspects.

212.    Google denies the allegations in Paragraph 212 of the Complaint.

213.    Google denies the allegations in Paragraph 213 of the Complaint.

214.    The allegations in Paragraph 214 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.   To the extent a response is required, Google admits to the existence of an auction feature called Project Bernanke.   Google denies the allegations in Paragraph 214 in all other respects.

215.    Google admits that, prior to late 2019, AdX operated as a second-price auction. Google further admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor.   To the extent the allegations in Paragraph 215 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 215 and on that basis denies those allegations.Google denies the allegations in Paragraph 215 in all other respects.

216.    Google denies the allegations in Paragraph 216 of the Complaint.

217.    Google admits that, prior to late 2019, AdX operated as a second-price auction.

Google further admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor. Google denies the allegations in Paragraph 217 in all other respects.

218.    Google admits to the existence of an auction feature called Project Bernanke. Google admits that Bernanke uses data about historical bids through Google Ads to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.  Google denies the allegations in Paragraph 218 in all other respects.

219.    Google admits that Project Bernanke uses data about historical bids through Google Ads (comparable to data maintained by other buying tools) to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.   Google admits that the Bernanke program has increased Google Ads' win rate within Google's ad exchange.  Google denies the allegations in Paragraph 219 in all other respects.

220.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 220 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google admits that the Bernanke program has increased Google Ads' win rate within Google's ad exchange.  Google denies the allegations in Paragraph 220 of the Complaint.

221.    Google denies the allegations in Paragraph 221 of the Complaint.

222.    Google denies the allegations in Paragraph 222 of the Complaint.

223.     Google admits that an auction feature known as Global Bernanke changed Google Ads' bidding behavior to seek a given overall average margin across all AdX publishers, while allowing variation between publishers, in an effort to win more impressions for its advertiser customers.  Google denies the allegations in Paragraph 223 in all other respects.

224.     Google admits the existence of a program called "Bell."  Google denies the allegations in Paragraph 224 in all other respects.

225.     Google admits that Project Bernanke is intended to increase advertisers' win rates in Google's ad exchange and that, like other aspects of buying tools' (both Google's and rivals') determination of bids for particular impressions, the details of Project Bernanke's operations are not disclosed to publishers, although publishers do have transparency into the final bids submitted by Google Ads and other buying tools/demand-side platforms.  Google denies the allegations in Paragraph 225 in all other respects.

226.     Google denies the allegations in Paragraph 226.

227.     Google denies the allegations in Paragraph 227.

228.     Google denies the allegations in Paragraph 228.

229.     Google admits that its ad exchange supported a feature called Dynamic Revenue Share and that, if enabled by the publisher, Dynamic Revenue Share dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.  Google denies the allegations in Paragraph 229 in all other respects.

230.     Google denies the allegations in Paragraph 230.

231.     Google denies the allegations in Paragraph 231.

232.     Google denies the allegations in Paragraph 232.

233.     Google denies the allegations in Paragraph 233.

234.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 234 in all other respects.

235.     Google denies the allegations in Paragraph 235.

236.     Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of their contents. To the extent the allegations in Paragraph 236 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 236 in all other respects.

237.     Google denies the allegations in Paragraph 237.

238.     To the extent the allegations in Paragraph 238 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 238 in all other respects.

239.     Google understands Paragraph 239 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 239 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 239 requires a response, Google denies the allegations in Paragraph 239 of the Complaint.

240.     Google understands Paragraph 240 to have been dismissed as to Plaintiffs' federal

antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 240 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 240 requires a response, Google denies the allegations in Paragraph 240 of the Complaint.

241.    Google understands Paragraph 241 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 241 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 241 requires a response, Google denies the allegations in Paragraph 241 of the Complaint.

242.    Google understands Paragraph 242 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 242 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 241 requires a response, Google denies the allegations in Paragraph 242 of the Complaint.

243.    Google understands Paragraph 243 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 243 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 243 requires a response, Google denies the allegations in Paragraph 243 of the Complaint.

244.     Google understands Paragraph 244 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 244 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 244 requires a response, Google denies the allegations in Paragraph 244 of the Complaint.

245.     Google understands Paragraph 245 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 245 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 245 requires a response, Google denies the allegations in Paragraph 245 of the Complaint.

246.     Google understands Paragraph 246 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 246 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 246 requires a response, Google denies the allegations in Paragraph 246 of the Complaint.

247.     Google understands Paragraph 247 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 247 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 247 requires a response, Google denies the

allegations in Paragraph 247 of the Complaint.

248.    Google understands Paragraph 248 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 248 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 248 requires a response, Google denies the allegations in Paragraph 248 of the Complaint.

249.    Google understands Paragraph 249 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 249 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 249 requires a response, Google denies the allegations in Paragraph 249 of the Complaint.

250.    Google understands Paragraph 250 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 250 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 250 requires a response, Google denies the allegations in Paragraph 250 of the Complaint.

251.    Google understands Paragraph 251 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 251 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended

pleading.  *See* ECF No. 736.  To the extent Paragraph 251 requires a response, Google denies the allegations in Paragraph 251 of the Complaint.

252.    Google understands Paragraph 252 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 252 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 252 requires a response, Google denies the allegations in Paragraph 252 of the Complaint.

253.    Google understands Paragraph 253 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Plaintiffs' rely on the allegations in Paragraph 253 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 253 requires a response, Google denies the allegations in Paragraph 253 of the Complaint.

254.    Google admits that Unified Pricing Rules were introduced in 2019 and denies the allegations in Paragraph 254 of the Complaint.

255.    Google admits that, before its introduction of Unified Pricing Rules, publishers could set different price floors for different buyers.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations of Paragraph 255 in all other respects.

256.    As to the first, third, fourth, fifth, sixth, and seventh sentences of Paragraph 256, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google admits that, before its introduction

of Unified Pricing Rules, publishers could set different price floors for different buyers. Google denies the allegations in Paragraph 256 in all other respects.

257. Google admits to the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 257 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 257 in all other respects.

258. Google admits that as a result of its pricing rules system, Unified Pricing, publishers can no longer set different price floors for different exchanges or buyers. Google denies the allegations in Paragraph 258 in all other respects.

259. Google denies the allegations in Paragraph 259 of the Complaint.

260. Google understands Paragraph 260 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers and Sherman Act Section 1 claim as to Google's Unified Pricing Rules and line-item caps. ECF No. 701 at 11-13, 15-17. To the extent Plaintiffs' rely on the allegations in Paragraph 260 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 260 requires a response, Google denies the allegations in Paragraph 260 of the Complaint.

261. Google understands Paragraph 261 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers and Google's Reserve Price Optimization, and as to Plaintiffs' Sherman Act Section 1 claim as to Google's Unified Pricing Rules and line-item caps. ECF No. 701 at 11-13, 15-17. To the extent Plaintiffs' rely on the

allegations in Paragraph 261 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 261 requires a response, Google denies the allegations in Paragraph 261 of the Complaint.

262.    As to the second, third, and fourth sentences of Paragraph 262, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 262 in all other respects.

263.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents. To the extent the allegations in Paragraph 263 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 263 in all other respects.

264.    Google understands Paragraph 264 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers and Sherman Act Section 1 claim as to Google's Unified Pricing Rules and line-item caps. ECF No. 701 at 11-13, 15-17. To the extent Plaintiffs' rely on the allegations in Paragraph 264 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 264 requires a response, as to the second, third, and fourth sentences of Paragraph 264, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 264 in all other respects.

265.     Google denies the allegations in Paragraph 265 of the Complaint.

266.     Google denies the allegations in Paragraph 266 of the Complaint.

267.     Google understands Paragraph 267 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers and Google's Reserve Price Optimization.   ECF No. 701 at 11-13, 17.   To the extent Plaintiffs' rely on the allegations in Paragraph 267 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   To the extent Paragraph 267 requires a response, Google denies the allegations in Paragraph 267 of the Complaint.

268.     Google understands Paragraph 268 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.   ECF No. 701 at 11-13.   To the extent Plaintiffs' rely on the allegations in Paragraph 268 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   To the extent Paragraph 268 requires a response, Google denies the allegations in Paragraph 268 of the Complaint.

269.     Google understands Paragraph 269 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.   ECF No. 701 at 11-13.   To the extent Plaintiffs' rely on the allegations in Paragraph 269 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   To the extent Paragraph 269 requires a response, Google denies the allegations in Paragraph 269 of the Complaint.

270.     Google understands Paragraph 270 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.   ECF No. 701 at 11-13.   To the extent Plaintiffs' rely on the allegations in Paragraph 270 in support of their state law claims,

Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 270 requires a response, Google denies the allegations in Paragraph 270 of the Complaint.

271.    Google understands Paragraph 271 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 271 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 271 requires a response, Google denies the allegations in Paragraph 271 of the Complaint.

272.    Google understands Paragraph 272 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 272 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 272 requires a response, Google denies the allegations in Paragraph 272 of the Complaint.

273.    Google understands Paragraph 273 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Plaintiffs' rely on the allegations in Paragraph 273 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 273 requires a response, Google denies the allegations in Paragraph 273 of the Complaint.

274.    Google understands Paragraph 274 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To

the extent Plaintiffs' rely on the allegations in Paragraph 274 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 274 requires a response, Google denies the allegations in Paragraph 274 of the Complaint.

275. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 275 and on that basis denies those allegations. Google denies the allegations in Paragraph 275 in all other respects.

276. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentence of Paragraph 276 and on that basis denies those allegations. Google denies the allegations in Paragraph 276 in all other respects.

277. Google denies the allegations in Paragraph 277 of the Complaint.

278. Google denies the allegations in Paragraph 278 of the Complaint.

279. Google admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server; that it has received requests from time to time from publishers to increase the number of permitted line items to enable them  to better implement their preferred header bidding scheme. Google lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 279. Google denies the allegations in Paragraph 279 in all other respects.

280. Google denies the allegations in Paragraph 280 of the Complaint.

281. Google admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server; that it has received requests from time to time from publishers to increase the

number of permitted line items to enable them to better implement their preferred header bidding scheme, and has at times addressed the requests.  Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 281 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 281 in all other respects.

282.    Google denies the allegations in Paragraph 282 of the Complaint.

283.    Google admits that, beginning in 2016, it introduced a feature then known as "Exchange Bidding in Dynamic Allocation" that permitted multiple exchanges to participate in auctions within Google's services and that it had a project codenamed "Jedi." Google further admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server.  Google further admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 283 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 283 in all other respects.

284.    As to the second and fourth sentences of Paragraph 284 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 284 in all other respects

285.    Google understands Paragraph 285 to have been dismissed as to Plaintiffs'

Sherman Act Section 1 claims as to Google's Unified Pricing Rules and line-item caps, and as to its Network Bidding Agreement with Meta.  ECF No. 701 at 15-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 285 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 285 requires a response, Google denies the allegations in Paragraph 285 of the Complaint.

286.   Google understands Paragraph 286 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 286 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 286 requires a response, Google denies the allegations in Paragraph 286 of the Complaint.

287.   Google understands Paragraph 287 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21 .To the extent Plaintiffs' rely on the allegations in Paragraph 287 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 287 requires a response, Google denies the allegations in Paragraph 287 of the Complaint.

288.   Google understands Paragraph 288 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 288 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 288 requires a response, Google

denies the allegations in Paragraph 288 of the Complaint.

289.    Google understands Paragraph 289 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 289 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 289 requires a response, Google denies the allegations in Paragraph 289 of the Complaint.

290.    Google understands Paragraph 290 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 290 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 290 requires a response, Google denies the allegations in Paragraph 290 of the Complaint.

291.    Google understands Paragraph 291 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 291 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 291 requires a response, Google denies the allegations in Paragraph 291 of the Complaint.

292.    Google understands Paragraph 292 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 292 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed

amended pleading.  *See* ECF No. 736.  To the extent Paragraph 292 requires a response, Google denies the allegations in Paragraph 292 of the Complaint.

293.    Google understands Paragraph 293 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 293 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 293 requires a response, Google denies the allegations in Paragraph 293 of the Complaint.

294.    Google understands Paragraph 294 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21.  To the extent Plaintiffs' rely on the allegations in Paragraph 294 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 294 requires a response, Google denies the allegations in Paragraph 294 of the Complaint.

295.    Google understands Paragraph 295 to have been dismissed as to Plaintiffs Section 1 claim related to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 15-17.  To the extent Plaintiffs' rely on the allegations in Paragraph 295 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 295 requires a response, Google denies the allegations in Paragraph 295 of the Complaint.

296.    Google understands Paragraph 296 to have been dismissed as to Plaintiffs Section 1 claim related to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 15-17.  To the extent Plaintiffs' rely on the allegations in Paragraph 296 in support of their state law claims,

Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 296 requires a response, Google denies the allegations in Paragraph 296 of the Complaint.

297.   Google denies the allegations in Paragraph 297 of the Complaint.

298.   Google admits that it is engaged in interstate trade and commerce.  Google denies the allegations in Paragraph 298 in all other respects.

299.   Google denies the allegations in Paragraph 299 of the Complaint.

300.   Google denies the allegations in Paragraph 300 of the Complaint.

301.   Google denies the allegations in Paragraph 301 of the Complaint.

302.   Google denies the allegations in Paragraph 302 of the Complaint.

303.   To the extent the allegations in Paragraph 303 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 303 in all other respects.

304.   To the extent the allegations in Paragraph 304 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 304 in all other respects.

305.   To the extent the allegations in Paragraph 305 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 305 in all other respects.

306.   Google denies the allegations in Paragraph 306 of the Complaint.

307.    Google denies the allegations in Paragraph 307 of the Complaint.

308.    To the extent the allegations in Paragraph 308 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 308 in all other respects.

309.    Google denies the allegations in Paragraph 309 of the Complaint.

310.    The allegations in Paragraph 310 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, to the extent the allegations in Paragraph 310 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google admits that Google's revenue share varies across transaction types and customers, and that there may be some customers for whom it did not decline in 2017.  As to the second, fourth, and sixth sentence of Paragraph 310 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 310 in all other respects.

311.    Google denies the allegations in Paragraph 311 of the Complaint.

312.    As to the third sentence of Paragraph 312 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 312 in all other respects.

313.    As to the third sentence of Paragraph 313 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

and on that basis denies those allegations.  Google denies the allegations in Paragraph 313 in all other respects.

314.    Google denies the allegations in Paragraph 314 of the Complaint.

315.    Google denies the allegations in Paragraph 315 of the Complaint.

316.    To the extent the allegations in Paragraph 316 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 316 in all other respects.

317.    As to the second sentence of Paragraph 317 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 317 in all other respects.

318.    Google admits that advertisers benefit from having competitive options for ad-buying tools.  Google denies the allegations in Paragraph 318 in all other respects.

319.    Google admits that advertising can promote competition in some sectors.  Google denies the allegations in Paragraph 319 in all other respects.

320.    Google admits that ad buying tools are among the products that advertisers use to purchase display inventory.  Google also admits that advertising can promote competition in some sectors.  Google denies the allegations in Paragraph 320 in all other respects.

321.    Paragraph 321 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that the advertiser plaintiffs initiated suit on May 27, 2020.  Google denies the allegations in Paragraph 321 in all other respects.

322.    Google denies the allegations in Paragraph 322 of the Complaint.

323.     Paragraph 323 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 323.

324.     Paragraph 324 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 324.

325.     Paragraph 325 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 325.

326.     Paragraph 326 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 326.

327.     Paragraph 327 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 327.

328.     Google denies the allegations in Paragraph 328 of the Complaint.

329.     Google denies the allegations in Paragraph 329 of the Complaint.

330.     To the extent the allegations in Paragraph 330 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 330 in all other respects.

331.     To the extent the allegations in Paragraph 331 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 331 in all other respects.

332.     As to the first sentence of Paragraph 332 of the Complaint, Google admits that the French Competition Authority fined the company following an investigation into the advertising technology sector as well as after complaints from three publishers.  To the extent the allegations

in Paragraph 332 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 332 in all other respects.

333.   As to the second sentence of Paragraph 333, Google admits that the European Commission conducted an investigation involving Google but denies Plaintiffs' characterization of the investigation.   To the extent the allegations in Paragraph 333 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 333 in all other respects.

334.   To the extent the allegations in Paragraph 334 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 334 of the Complaint.

335.   Paragraph 335 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 335.

336.   Paragraph 336 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 336.

337.   Paragraph 337 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 337.

338.   Paragraph 338 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 338.

339.   Google admits that Plaintiffs purport to bring a class action.  Google denies Paragraph 339 in all other respects.

340.     Paragraph 340 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 340.

341.     Paragraph 341 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 341.

342.     Paragraph 342 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 342.

343.     Paragraph 343 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 343.

344.     Paragraph 344 contains legal conclusions to which no response is required; to the extent a response is deemed necessary, Google admits that Plaintiffs are represented by counsel. Google denies Paragraph 344 in all other respects.

345.     Paragraph 344 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 345 of the Complaint.

346.     Paragraph 346 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 346 in all other respects.

347.     Paragraph 347 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 347 in all other respects.

348.     Paragraph 348 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 348 in all other respects.

349.     Paragraph 349 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 349 in all other respects.

350.     Google restates its response to every allegation set forth above as if stated herein.

351.   Google admits that Plaintiffs purport to assert a claim under the Section 2 of the Sherman Act, but denies the Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

352.   The allegations in Paragraph 352 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges or ad-buying tools are relevant antitrust markets. Google denies the allegations in Paragraph 352 in all other respects.

353.   Google denies the allegations in Paragraph 353 of the Complaint.

354.   Google denies the allegations in Paragraph 354 of the Complaint.

355.   Google denies the allegations in Paragraph 355 of the Complaint.

356.   Google denies the allegations in Paragraph 356 of the Complaint.

357.   Google denies the allegations in Paragraph 357 of the Complaint.

358.   Google restates its response to every allegation set forth above as if stated herein.

359.   Google admits that Plaintiffs purport to assert a claim under the Section 2 of the Sherman Act, but denies the Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

360.   The allegations in Paragraph 360 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges or ad-buying tools are relevant antitrust markets. Google denies the allegations in Paragraph 360 in all other respects.

361.   Google denies the allegations in Paragraph 361 of the Complaint.

362.    Google denies the allegations in Paragraph 362 of the Complaint.

363.    Google denies the allegations in Paragraph 363 of the Complaint.

364.    Google denies the allegations in Paragraph 364 of the Complaint.

365.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 365 requires a response, Google denies the allegations in Paragraph 365 of the Complaint.

366.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 366 requires a response, Google denies the allegations in Paragraph 366 of the Complaint.

367.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 367 requires a response, Google denies the allegations in Paragraph 367 of the Complaint.

368.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 368 requires a response, Google denies the allegations in Paragraph 368 of the Complaint.

369.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 369 requires a response, Google denies the allegations in Paragraph 369 of the Complaint.

370.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 370 requires a response, Google denies the allegations in Paragraph 370 of the Complaint.

371.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 371 requires a response, Google denies the allegations in Paragraph 371.

372.     Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 372 requires a response, Google denies Plaintiffs are entitled to the relief sought in Paragraph 372 of the Complaint.

373.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 373 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

374.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 374 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

375.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 375 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

376.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 376 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

377.     Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies Plaintiffs are entitled to the relief sought in Paragraph 377 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

378.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 378 requires a response, Google denies the allegations in Paragraph 378 of the Complaint.

379.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 379 requires a response, Google denies the allegations in Paragraph 379 of the Complaint.

380.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 380 requires a response, Google denies the allegations in Paragraph 380 of the Complaint.

381.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 381 requires a response, Google denies the allegations in Paragraph 381 of the Complaint.

382.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 382 requires a response, Google denies the allegations in Paragraph 382 of the Complaint.

383.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 383 requires a response, Google denies the allegations in Paragraph 383 of the Complaint.

384.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 384 requires a response, Google denies the allegations in Paragraph 384 of the Complaint.

385.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 385 requires a response, Google denies the allegations in Paragraph 385

of the Complaint.

386.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 386 requires a response, Google denies the allegations in Paragraph 386 of the Complaint.

387.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 387 requires a response, Google denies the allegations in Paragraph 387 of the Complaint.

388.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 388 requires a response, Google denies the allegations in Paragraph 388 of the Complaint.

389.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 389 requires a response, Google denies the allegations in Paragraph 389 of the Complaint.

390.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 390 requires a response, Google denies the allegations in Paragraph 390 of the Complaint.

391.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 391 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Six.  ECF No. 727 at 1.

392.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 392 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal

of Count Six.  ECF No. 727 at 1.

393.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 393 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Six.  ECF No. 727 at 1.

394.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 394 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Six.  ECF No. 727 at 1.

395.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 395 of the Complaint.

396.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 396 of the Complaint.

397.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 397 of the Complaint.

398.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 398 of the Complaint.

399.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in

Paragraph 399 of the Complaint.

400.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 400 of the Complaint.

401.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 401 of the Complaint.

402.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 402 of the Complaint.

403.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 403 of the Complaint.

404.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 404 of the Complaint.

405.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 405 of the Complaint.

406.    Paragraph 406 sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 406 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

407.    No response is required to Plaintiffs' Jury Demand.

## ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint.  By designating these defenses, Google does not intend to suggest either that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' prima facie case against Google—or that Google bears the burden of proof as to such matters.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege any legally cognizable relevant product or geographic market.

### Fourth Defense

Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

### Fifth Defense

Google's conduct alleged by Plaintiffs in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

### Sixth Defense

The Plaintiffs' claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

### Seventh Defense

The Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege a cognizable antitrust injury.

### Eighth Defense

The Plaintiffs are not entitled to injunctive relief on conduct that occurred solely in the past.

### Ninth Defense

To the extent that Plaintiffs seek recovery of civil penalties, those civil penalties are limited by the applicable state statutes, the due process clause of the U.S. and applicable state Constitutions and, in addition, they must have a reasonable relation to the actual harm established.

### Tenth Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

### Eleventh Defense

Plaintiffs' alleged damages were not legally caused by Google.

### Twelfth Defense

Plaintiffs have failed to mitigate any alleged damages.

### Thirteenth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifteenth Defense

Plaintiffs' claims are barred because Plaintiffs did not suffer any legally cognizable injury or damages as a result of Google's conduct.

### Sixteenth Defense

To the extent Plaintiffs seek relief on behalf of parties other than natural persons who are direct purchasers, Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to do so.

### Seventeenth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' contractual agreements with Google include a provision which provides that disputes will be resolved through arbitration.

### Eighteenth Defense

Plaintiffs' claims are barred, in whole or in part, because they were relinquished by Plaintiffs through contract with Google.

### Nineteenth Defense

To the extent defenses to Plaintiffs' state law claims are required at this juncture, Plaintiffs' state law claims fail for myriad reasons, including those set forth in Google's

pre-motion letter. *See* ECF No. 720. For example, Plaintiffs' deceptive trade practices and fraud claims are barred, in whole or in part, for failure to allege with particularity the circumstances constituting fraud or mistake and because Plaintiffs have not and cannot establish a false, misleading, or deceptive act or practice.

### Twentieth Defense

Plaintiffs' claims are barred, in whole or in part, because they are subsumed within the parens patriae claims asserted in the case captioned *The State of Texas, et al. v. Google, LLC* that is pending in the U.S. District Court for the Eastern District of Texas under docket number 4:20-cv-00957-SDJ.


Google reserves the right to supplement its Answer and affirmative and additional defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.


### DEMAND FOR JURY TRIAL

In accordance with the Federal Rule of Civil Procedure 38(b), Google demands a trial by jury on all issues so triable.


### PRAYER FOR RELIEF

WHEREFORE, Google prays for relief as follows:

    (a) That the Complaint against Google be dismissed in its entirety, with prejudice;

    (b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

(c) That the Court award such other and further relief to Google as the Court deems just and proper.

Dated: March 29, 2024                    Respectfully Submitted,


                                         */s/ Justina Sessions*
                                         Justina K. Sessions
                                         FRESHFIELDS BRUCKHAUS
                                         DERINGER US LLP
                                         855 Main Street
                                         Redwood City, CA 94063
                                         Telephone: (650) 618-9250
                                         Fax: (650) 461-8276
                                         justina.sessions@freshfields.com

                                         Eric Mahr
                                         Robert J. McCallum
                                         FRESHFIELDS BRUCKHAUS
                                         DERINGER US LLP
                                         700 13th Street NW, 10th Floor
                                         Washington, DC 20005
                                         Telephone: (202) 777-4500
                                         Fax: (202) 777-4555
                                         eric.mahr@freshfields.com
                                         rob.mccallum@freshfields.com


                                         Daniel Bitton
                                         Denise L. Plunkett
                                         Craig M. Reiser
                                         Eva H. Yung
                                         Claire L. Haws
                                         AXINN, VELTROP & HARKRIDER LLP
                                         114 West 47th Street
                                         New York, New York 10036
                                         Telephone: (212) 728-2200
                                         Fax: (212) 728-2201
                                         dbitton@axinn.com
                                         dplunkett@axinn.com
                                         creiser@axinn.com
                                         eyung@axinn.com
                                         chaws@axinn.com


                                         Bradley Justus (*pro hac vice*)
                                         AXINN, VELTROP & HARKRIDER LLP
                                         1901 L Street NW
                                         Washington, DC 20036
                                         Telephone: (202) 912-4700
                                         Fax: (202) 912-4701

bjustus@axinn.com

Caroline P. Boisvert (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants Google LLC and
Alphabet Inc.*