UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-MD-3010 (PKC)** |

*This Document Relates To:*

| | |
|---|---|
| **SUNNY SINGH,** <br><br>        *Plaintiff,* <br><br>    -against- <br><br> **GOOGLE LLC, ALPHABET INC., and META PLATFORMS, INC.,** <br><br>        *Defendants.* | **No. 1:23-cv-3651 (PKC)** |

**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S
ANSWER TO PLAINTIFF SINGH'S COMPLAINT**

Defendants Google LLC and Alphabet Inc. (together, "Google") answer the Complaint of Sunny Singh ("Plaintiff"), through undersigned counsel as set forth below.  Google generally denies the legal claims asserted in Plaintiff's April 4, 2023 Complaint, ECF No. 1 (the "Complaint").  Ad tech (the technology that powers digital advertising on publishers' sites) is an important part of a healthy web.  Google's investments and innovations in this space help publishers fund their work, make it easy for large and small businesses to reach consumers, and support the proliferation of creative and diverse content.  Google's products foster competition for the benefit of publishers, advertisers, and consumers.

Pursuant to the Court's March 14 order (ECF No. 714), Google understands that it is required to answer the federal law allegations that have survived a motion to dismiss.  To the extent that Plaintiff intends for any paragraph to support its state law claims, Google has sought leave to move to dismiss such claims, and the Court has instructed Plaintiff to amend its pleading as to its state law claims, so Google does not answer with respect to those claims.  *See* ECF Nos. 719, 720, 736.  Thus, the following answer should not be considered a waiver of any grounds for dismissal of a state law claim.

## RESPONSE TO NUMBERED PARAGRAPHS

Except to the extent specifically admitted herein, Google denies each and every allegation contained in the Complaint, including all allegations contained in headings or otherwise not contained in one of the Complaint's 389 numbered paragraphs. Google generally denies the legal claims asserted in the Complaint and responds to the Complaint's numbered paragraphs as follows.

1.      As to the third sentence of Paragraph 1, Google admits that publishers use a variety of products and services to help sell their display ad inventory; that advertisers use a variety of products and services to help purchase display ad inventory; and that ad servers, the marketplaces that match buyers and sellers, and ad buying tools are among the products that publishers use to help sell their display ad inventory and that advertisers use to purchase display inventory from, among other sources, ad exchanges.  Google denies the allegations in Paragraph 1 in all other respects.

2.      Google admits that it operates an ad exchange used by advertisers and publishers and that it offers tools that advertisers can use to purchase display advertising inventory.  As to

the fourth sentence of Paragraph 2, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 2 in all other respects.

3.      As to the first sentence of Paragraph 3, Google admits that when a user visits a publisher's website, a series of interactions can occur that result in an ad being displayed to a user.  As to the second sentence of Paragraph 3, Google admits that a single display ad shown to a single user on a single occasion can be referred to as an impression.  Google admits the third sentence of Paragraph 3.  Google denies the allegations in Paragraph 3 in all other respects.

4.      Google denies the allegations in Paragraph 4 of the Complaint.

5.      As to the first and second sentences of Paragraph 5, Google admits that ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular impression.   As to the second sentence of Paragraph 5, Google admits that advertisers constitute demand for display-ad inventory.  As to the third sentence of Paragraph 5, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the fourth, fifth, and sixth sentences of Paragraph 5, Google admits that advertisers of all types and sizes use automated tools to bid on and purchase ad inventory; that advertisers use buying tools to achieve their advertising goals; and that advertiser buying tools may include or provide different features suitable to different users.  As to the seventh sentence, Google admits that certain ad servers and buying tools may, in certain circumstances, connect to ad exchanges.   Google denies the allegations in Paragraph 5 in all other respects.

6.      Google denies the allegations in Paragraph 6 of the Complaint.

7.      As to the first sentence of Paragraph 7, Google admits that Google Ad Manager's

ad serving functionality is the successor to an ad server product, formerly called DoubleClick for Publishers, that Google acquired as part of its acquisition of DoubleClick, which was completed in 2008.   As to the fourth sentence of Paragraph 7, Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue.   As to the fifth sentence of Paragraph 7, Google admits that Google Ad Manager implements a feature originally known as Enhanced Dynamic Allocation.   Google denies the allegations in Paragraph 7 in all other respects.

8.      As to the first and second sentences of Paragraph 8, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   As to the sixth sentence of Paragraph 8, Google admits that it retains a revenue share of 5-10% for transactions matched through Open Bidding as consideration for the value provided by Google's service.   Google denies the allegations in Paragraph 8 in all other respects.

9.      Google understands Paragraph 9 to have been dismissed as to Plaintiff's claim related to the Network Bidding Agreement with Facebook.   ECF No. 701 at 17-21, 25.   To the extent Plaintiff relies on the allegations in Paragraph 9 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   To the extent Paragraph 9 requires a response, Google denies the allegations in Paragraph 9 of the Complaint.

10.      Google admits the existence of an auction feature called Project Bernanke.   As to the third sentence of Paragraph 10, Google admits that its ad exchange supports a feature called

Dynamic Revenue Share and that, if enabled by the publisher, Dynamic Revenue Share dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.  As to the fifth sentence of Paragraph 10, Google admits that Reserve Price Optimization is an optimization Google developed that could increase publisher revenues by adjusting price floors.  Google admits to the existence of Unified Pricing Rules.  Google denies the allegations in Paragraph 10 in all other respects.

11.    As to the first sentence of Paragraph 11, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 11 in all other respects.

12.    Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute federal subject matter jurisdiction.

13.    Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute that this case is properly before this Court at this time based on the the Judicial Panel on Multidistrict Litigation's decision of August 10, 2021, reported at 555 F. Supp. 3d 1372.

14.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and on that basis denies those allegations.

15.    Google admits it is a limited liability company organized and existing under the laws of the State of Delaware, and that it maintains a Mountain View, California business address. Google admits that it maintains an office in Los Angeles, California. Google denies the allegations in Paragraph 15 in all other respects.

16.     Google admits that Alphabet Inc. is incorporated and existing under the laws of the State of Delaware and that it maintains a Mountain View, California business address. Google admits that Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc. Google admits that Alphabet Inc. maintains an office in Los Angeles, California. Google denies the allegations in Paragraph 16 in all other respects.

17.     Google admits that the Complaint refers to Google LLC and Alphabet Inc. collectively as "Google."

18.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that basis denies those allegations.

19.     As to the first sentence of Paragraph 19, Google admits businesses can use advertising to promote their products, generate brand awareness, and increase sales.  As to the third sentence, Google admits that magazines, newspapers, and other publications are vehicles for businesses to advertise.  Google lacks knowledge or information to form a belief as to the truth or falsity of the rest of the allegations in Paragraph 19 and on that basis denies those allegations.

20.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that basis denies those allegations.

21.     The allegations in Paragraph 21 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that search engines at times sell advertisements that can be

delivered to users along with users' search query results, and that such advertisements may be delivered in response to a user's query.  Google denies the allegations in Paragraph 22 in all other respects.

23.     The allegations in Paragraph 23 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that search engines at times sell advertisements that can be delivered to users along with users' search query results, and that such advertisements may be delivered in response to a user's query.  Google admits that some search engines may sell some advertisements on a cost-per-click basis.  Google denies the allegations in Paragraph 23 in all other respects.

24.     The allegations in Paragraph 24 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first and second sentences of Paragraph 24, Google admits that a graphical ad displayed on a website that is viewed in an internet browser or displayed in an app, mobile application, or email service can be referred to as a display ad and that a display ad may contain images, text, or multimedia.   As to the third sentence of Paragraph 24, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 24 in all other respects.

25.     The allegations in Paragraph 25 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 of the Complaint are premised on Plaintiff's

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first and second sentences of Paragraph 26, Google admits that advertisers may know characteristics of a user to attempt to target ads to a user.  As to the third sentence of Paragraph 26, Google admits that the practice of showing ads to a user who showed interest in merchandise from a merchant's website but did not purchase it may be referred to as "remarketing."  Google denies the allegations in Paragraph 26 in all other respects.

27.     Google admits that an owner of a website can be referred to as a publisher. Google admits that some online ads are bought and sold in fractions of a second using sophisticated tools, some of which could be supplied by third parties.  Google admits that real-time bidding is a process by which digital advertising inventory can be bought and sold. Google lacks knowledge  or information sufficient to form a belief as to the truth or falsity of the allegations in the final sentence of Paragraph 27 and on that basis denies those allegations. Google denies the allegations in Paragraph 27 in all other respects.

28.     The allegations in Paragraph 28 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 28, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations of Paragraph 28 in all other respects.

29.     As to the first sentence of Paragraph 29, Google admits that it owns tools used by advertisers and publishers to buy and sell online ad inventory and that it supplies display advertising on Google owned and operated properties.  As to the second sentence of Paragraph 29, Google admits it owns and operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX."  As to the fourth sentence of Paragraph 29, Google admits

that ad exchanges match buyers and sellers of display ads on an impression-by-impression basis. Google denies the allegations in Paragraph 29 in all other respects.

30.   Google denies the allegations in Paragraph 30.

31.   As to the first sentence of Paragraph 31, Google admits that advertisers and media agencies running advertising campaigns make up part of the demand for online ad inventory.  As to the second sentence of Paragraph 31, Google admits that advertisers of all types and sizes use automated tools, including demand-side platforms, to bid on and purchase ad inventory, including inventory sold on ad exchanges and ad networks; and that advertisers use buying tools to achieve their advertising goals.  Google denies the allegations in Paragraph 31 in all other respects.

32.   Google admits that publishers use a variety of products and services to help sell their display ad inventory and that ad servers and in-app mediation services are among the products that publishers use to help sell their display ad inventory.  Google denies the allegations in Paragraph 32 in all other respects

33.   Google admits that ad-buying tools, including demand-side platforms, can, in some circumstances, connect to ad exchanges.  Google further admits that ad exchanges auction some publishers' display inventory submitted in certain circumstances by an ad network or a supply-side platform to some end-advertisers, including in certain circumstances through intermediaries such as demand-side platforms or trading desks, on an impression-by-impression basis.  Google denies the allegations in Paragraph 33 in all other respects.

34.   Google admits that ad-buying tools can, in some circumstances, connect to ad exchanges.  Google admits that ad exchanges can hold auctions in which various demand sources bid on impressions.  Google admits that the Meta Audience Network was previously called the

Facebook Audience Network.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 and on that basis denies those allegations.

35.    As to the first sentence of Paragraph 35, Google admits that ad servers, supply-side platforms, ad exchanges, ad-buying tools, in-app mediation services, and ad networks are some of the services offered in the digital advertising industry.  Google denies the allegations in Paragraph 35 in all other respects.

36.    The allegations in Paragraph 36 are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  Paragraph 36 also purports to show products used by advertisers in this case, the alleged relevant antitrust markets for each type of product, and the current name of Google's product in each such market, to which no response is required.  To the extent a response to Paragraph 36 is deemed necessary, Google admits that advertisers can buy web display and in-app advertisements, among other ads, through Google Ads and Display & Video 360, and that it operates an ad exchange which previously was known as DoubleClick Ad Exchange or "AdX."  Google denies the allegations contained in Paragraph 36 in all other respects.

37.    The allegations in Paragraph 37 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 37 of the Complaint.

38.    The allegations in Paragraph 38 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad servers is a relevant antitrust market.  As to the second sentence

of Paragraph 38, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the third sentence of Paragraph 38, Google admits that Google Ads allows advertisers' ads to appear in the geographic locations they select, including different countries.  As to the fourth sentence of Paragraph 38, Google admits that it tracks revenue earned in the United States.  Google denies the allegations in Paragraph 56 in all other respects.

39.     The allegations in Paragraph 39 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 39, Google admits that ad exchanges auction some publishers' display inventory submitted in certain circumstances by an ad network or a supply-side platform to some end-advertisers, including in certain circumstances through intermediaries such as demand-side platforms or trading desks, on an impression-by-impression basis and in real time.  Google denies the allegations in Paragraph 39 in all other respects.

40.     The allegations in Paragraph 40 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that ad exchanges match buyers and sellers of display ads on an impression-by-impression basis in real time, typically through an auction mechanism.  Google admits that ad exchanges generally do not bear inventory risk.  As to the the first, fourth, and fifth sentences of Paragraph 40, except as admitted above, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 40 in all other respects.

41.     The allegations in Paragraph 41 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence, second sentence, and portions of the third sentence of Paragraph 41.  Google admits that exchanges allow for the purchase of individual impressions.  Google denies the allegations in Paragraph 41 in all other respects.

42.    The allegations in Paragraph 42 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 42 of the Complaint

43.    The allegations in Paragraph 43 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 43 of the Complaint.

44.    The allegations in Paragraph 44 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that buying or selling inventory directly may involve a sales team or automated sales interface; that publishers and advertisers may (but need not) rely on internal staff to manage their relationships; and that the expected value of inventory can be a factor that publishers consider in determining an ad sales strategy.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third, fourth, fifth and sixth sentences of Paragraph 44 and on that basis denies those allegations. Google denies the allegations in Paragraph 44 in all other respects.

45.    The allegations in Paragraph 45 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 45 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and

denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 45 in all other respects.

46.     The allegations in Paragraph 46 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48 and on that basis denies those allegations.

49.     The allegations in Paragraph 49 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 49 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 49 in all other respects.

50.     The allegations in Paragraph 50 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second, third, fourth, fifth, and sixth sentences of Paragraph 50, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the

allegations in Paragraph 50 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 50 in all other respects.

51.     The allegations in Paragraph 51 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges is a relevant antitrust market.  As to the fourth sentence of Paragraph 51, Google admits that increasing viewable ad impressions may lead to higher revenue potential for publishers and that targeting advertising to find the right customers could help increase advertisers' return on investment.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and on that basis denies those allegations.  Google denies the allegations in Paragraph 51  in all other respects.

52.     The allegations in Paragraph 52 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first and third sentence of Paragraph 52, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the second sentence of Paragraph 52, Google admits that laws and regulations concerning competition, user privacy, and deceptive trade practices can vary from country to country.  Google denies the allegations in Paragraph 52 in all other respects.

53.     The allegations in Paragraph 53 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 53 and on that basis denies those allegations. Google denies the allegations in Paragraph 53 in all other respects.

54.     The allegations in Paragraph 54 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, to the extent the allegations in Paragraph 54 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 54 in all other respects.

55.     The allegations in Paragraph 55 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and on that basis denies those allegations. Google denies the allegations in Paragraph 55 in all other respects.

56.     The allegations in Paragraph 56 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies allegations in Paragraph 56.

57.     The allegations in Paragraph 57 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits it operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX."  Google admits that it offers an ad buying tool called Google Ads.  Google denies the allegations in Paragraph 57 in all other respects.

58.     The allegations in Paragraph 58 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, and to the extent the allegations in Paragraph 58 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 58 in all other respects.

59.     The allegations in Paragraph 59 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and on that basis denies those allegations. Google otherwise denies the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 60 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 60 in all other respects.

61.     The allegations in Paragraph 61 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits, on information and belief, the existence of an article containing the quoted language, to which article Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 61 characterize or describe documents or other sources, Google notes that such sources speak for themselves and

denies any characterization or description that is inconsistent therewith.  As to the third and fourth sentences of Paragraph 61 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 61 in all other respects.

62.     The allegations in Paragraph 62 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits, on information and belief, the existence of a news article containing the quoted language, to which news article Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 62 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 62 in all other respects.

63.     As to the second sentence of Paragraph 63 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 63 in all other respects.

64.     The allegations in Paragraph 64 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that the European Commission conducted an investigation involving Google ad tech, but denies Plaintiff's characterization of the investigation.  As to the second sentence of Paragraph 64, Google admits that the features previously available in DoubleClick for Publishers and AdX are available through Google Ad Manager.  To the extent the allegations in Paragraph 64 characterize or describe documents or other sources, Google

notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in 64 in all other respects.

65.     The allegations in Paragraph 65 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that Magnite, Xandr, and Index Exchange, among many others, all operate ad exchanges with which Google competes.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first (except as admitted above), second, third, fourth, fifth, seventh, and eighth sentences of Paragraph 65 and on that basis denies those allegations.  Google denies the allegations in Paragraph 65 in all other respects.

66.     The allegations in Paragraph 66 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 66 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 66 in all other respects.

67.     The allegations in Paragraph 67 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, as to the second sentence of Paragraph 68, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the third, fourth, and fifth sentences of Paragraph 68, Google admits, on information and belief, the existence of an article containing the quoted language, to which  article Google refers the Court for a complete and accurate statement of its contents.  As to the eighth, ninth, tenth, eleventh, and twelfth sentences of Paragraph 68, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the thirteenth sentence of Paragraph 68, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 68 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 68 in all other respects.

68. 69.    The allegations in Paragraph 69 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the fourth sentence of Paragraph 69, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the fifth sentence of Paragraph 69, Google admits, on information and belief, the existence of an article containing the quoted language, to which article Google refers the Court for a complete and accurate statement of its contents.  As to the sixth sentence of Paragraph 69, Google admits, on information and belief, to the existence of articles containing the quoted language, to which articles Google refers the Court for a

complete and accurate statement of their contents.  To the extent the allegations in Paragraph 69 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 69 in all other respects.

70.     The allegations in Paragraph 70 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 70 of the Complaint.

71.     The allegations in Paragraph 71 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that generally speaking an ad exchange is more attractive to advertisers as more publishers use it, and more attractive to publishers as more advertisers use it.  Google denies the allegations in Paragraph 71 in all other respects.

72.     The allegations in Paragraph 72 are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that ad-buying tools can, in some circumstances, connect to ad exchanges.  Google denies the allegations in Paragraph 72 in all other respects.

73.     The allegations in Paragraph 73 are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 73, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 73 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the

allegations in Paragraph 73 in all other respects.

74.     The allegations in Paragraph 74 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that advertisers can buy web display and in-app advertisements, among other ads, through Google Ads and Display & Video 360.  Google denies the allegations in Paragraph 74 in all other respects.

75.     The allegations in Paragraph 75 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required,  Google admits that it may be appropriate to assess market shares within the United States, but denies that buying tools for small advertisers is a relevant antitrust market.  As to the second sentence of Paragraph 75, Google further admits that advertisers of all types and sizes use automated tools to bid on and purchase ad inventory, including ad inventory trading on ad exchanges and ad networks.  Google denies the allegations in Paragraph 75 in all other respects.

76.     The allegations in Paragraph 76 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different buying tools provide different types of interfaces; that advertisers of all types and sizes use automated buying tools to bid on and purchase ad inventory, including inventory sold on ad exchanges and ad networks; and that advertisers use buying tools to achieve their advertising goals.  Google denies the allegations in Paragraph 76 in all other respects.

77.     The allegations in Paragraph 77 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, as to the second sentence of Paragraph 77, Google admits that advertisers of all types of sizes use buying tools to bid on and purchase ad inventory, including inventory sold on ad networks.  Google denies the allegations in  Paragraph 77 in all other respects.

78.    The allegations in Paragraph 78 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 79, Google admits that Google Ads has no minimum monthly spend requirement.  Google denies the allegations in Paragraph 96 in all other respects.

79.    The allegations in Paragraph 79 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 79, Google admits that Google Ads has no minimum monthly spend requirement, but lacks knowledge or information to form a belief as to the truth or falsity of the allegations regarding the minimum spend requirements of other advertising buying tools and and on that basis denies those allegations.  As to the third sentence of Paragraph 79, Google admits that lawyers, real estate agents, photographers, plumbers, builders, doctors, barber shops, start-ups, and car dealerships can use automated buying tools to bid on and purchase ad inventory.  Google denies the remainder of Paragraph 79.

80.    The allegations in Paragraph 80 are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document in the first sentence containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the second sentence of Paragraph 80, Google admits to the existence of a document containing the quoted language, to which document Google refers the Court for a

complete and accurate statement of its contents.  To the extent the allegations in Paragraph 80 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 80 in all other respects.

81.     The allegations in Paragraph 81 are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different buying tools have different features and requirements suitable to different users and that buying tools charge different prices, in part due to differences in their features.   As to the third sentence of Paragraph 81, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 81 in all other respects.

82.     The allegations in Paragraph 82 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 82 of the Complaint.

83.     The allegations in Paragraph 83 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 83, Google admits that it offers ad buying tools that are suitable for advertisers of all sizes and that advertisers of all sizes may purchase advertisements through Google Ads.  As to the third sentence of Paragraph 83, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  To the extent the allegations in Paragraph 83 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google

denies Paragraph 83 in all other respects.

84.     The allegations in Paragraph 84 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second and third sentences of Paragraph 84, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 84 in all other respects.

85.     The allegations in Paragraph 85 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that online publishers can sell advertising either directly or indirectly.  To the extent the allegations in Paragraph 85 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 and on that basis denies those allegations.  Google denies Paragraph 85 in all other respects.

86.     The allegations in Paragraph 86 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 86 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies Paragraph 86 in all other respects.

87.     The allegations in Paragraph 87 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, as to the first, second, third, fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 87 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 87 in all other respects.

88.    The allegations in Paragraph 88 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 88, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies Paragraph 88 in all other respects.

89.    The allegations in Paragraph 89 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 89 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 89 in all other respects.

90.    The allegations in Paragraph 90 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 and on that basis denies those allegations.

91.    The allegations in Paragraph 91 of are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second and third sentences of Paragraph 91, Google admits that it offers an ad buying tool known as Display & Video 360 that is used by advertisers of all sizes and that

advertisers of all sizes may purchase advertisements through Google Ads.  To the extent the allegations in Paragraph 91 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies Paragraph 91 in all other respects.

92.     The allegations in Paragraph 92 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that buying tools for small advertisers is a relevant antitrust market.  As to the fourth sentence of Paragraph 92, Google admits that ad viewability may lead to higher revenue potential for publishers and that targeting advertising to find the right customers could help increase advertisers' return on investment.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 and on that basis denies those allegations.  Google denies the allegations in Paragraph 92 in all other respects.

93.     The allegations in Paragraph 93 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that laws and regulations concerning competition, user privacy, and deceptive trade practices can vary from country to country.  Google denies the allegations in Paragraph 93 in all other respects.

94.     The allegations in Paragraph 94 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 and on that basis denies those allegations.

95.     The allegations in Paragraph 95 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 95 of the Complaint.

96.     The allegations in Paragraph 96 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 96 of the Complaint.

97.     The allegations in Paragraph 97 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 and on that basis denies those allegations. Google denies Paragraph 97 in all other respects.

98.     The allegations in Paragraph 98 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 98 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 98 in all other respects.

99.     The allegations in Paragraph 99 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 99 and on that

basis denies those allegations.  As to the third sentence of Paragraph 99, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 99 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 99 in all other respects.

100.    The allegations in Paragraph 100 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that "FAN" is an acronym used to refer to Facebook's ad network, Facebook Audience Network, and that the Meta Audience Network was previously called the Facebook Audience Network.  Google admits that Facebook Audience Network is one of Google's major competitors across multiple types of products and services.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second (except as admitted above), and third sentences of Paragraph 100.  To the extent the allegations in Paragraph 100 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 100 in all other respects.

101.    The allegations in Paragraph 101 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that Display Network campaigns are designed to show ads in apps by default if the placement (the destination for an ad) matches the targeting  set for a campaign.  Google otherwise lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in Paragraph 101 and on that basis denies those allegations. Google denies the allegations in Paragraph 101 in all other respects.

102.    The allegations in Paragraph 102 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 102 of the Complaint.

103.    The allegations in Paragraph 103 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of documents containing the quoted language, to   which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 103 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 103 of the Complaint in all other respects.

104.    The allegations in Paragraph 104 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that customers using Google Ads can purchase multiple different formats of advertising.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 104 and on that basis denies those allegations.  Google denies the allegations in Paragraph 104 in all other respects.

105.    The allegations in Paragraph 105 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that buying tools provide varying types of measurement functionality to assess audience reach.  Google denies the allegations in Paragraph 106 in all other respects.

107.    Google understands Paragraph 107 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 107 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent a response is required, Google denies the allegations in Paragraph 107 of the Complaint.

108.    Google understands Paragraph 108 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 108 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 126 requires a response, Google denies the allegations in Paragraph 108 of the Complaint.

109.    Google understands Paragraph 109 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 109 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 109 requires a response, Google denies the allegations in Paragraph 109 of the Complaint.

110.    Google understands Paragraph 110 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25.  To the extent Plaintiff relies on the allegations in Paragraph 110 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 110 requires a response, Google denies the allegations in Paragraph 110 of the Complaint.

111.    Google understands Paragraph 111 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25.  To the extent Plaintiff relies on the allegations in Paragraph 111 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 111 requires a response, Google denies the allegations in Paragraph 111 of the Complaint.

112.    Google understands Paragraph 112 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25.  To the extent Plaintiff relies on the allegations in Paragraph 112 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 112 requires a response, Google denies the allegations in Paragraph 112 of the Complaint.

113.    Google understands Paragraph 113 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25.  To the extent Plaintiff relies on the allegations in Paragraph 113 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 113 requires a response, Google denies the

allegations in Paragraph 113 of the Complaint.

114.     Google understands Paragraph 114 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 114 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 114 requires a response, Google denies the allegations in Paragraph 114 of the Complaint.

115.     Google understands Paragraph 115 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 115 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 115 requires a response, Google denies the allegations in Paragraph 115 of the Complaint.

116.     Google understands Paragraph 116 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 116 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 134 requires a response, Google denies the allegations in Paragraph 116 of the Complaint.

117.     Google understands Paragraph 117 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 117 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended

pleading.  *See* ECF No. 736.  To the extent Paragraph 117 requires a response, Google denies the allegations in Paragraph 117 of the Complaint.

117.    Google understands Paragraph 118 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 118 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 118 requires a response, Google denies the allegations in Paragraph 118 of the Complaint.

119.    Google understands Paragraph 119 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 119 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 119 requires a response, Google denies the allegations in Paragraph 119 of the Complaint.

120.    Google understands Paragraph 120 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 120 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent a response is required, Google denies the allegations in Paragraph 120 of the Complaint.

121.    Google understands Paragraph 121 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 121 in support of their state law

claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 121 requires a response, Google denies the allegations in Paragraph 121 of the Complaint.

122. Google understands Paragraph 122 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 122 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 122 requires a response, Google denies the allegations in Paragraph 122 of the Complaint.

123. Google understands Paragraph 123 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 123 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 123 requires a response, Google denies the allegations in Paragraph 123 of the Complaint.

124. Google understands Paragraph 124 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 124 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 124 requires a response, Google denies the allegations in Paragraph 124 of the Complaint.

125. Google understands Paragraph 125 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13, 25.

To the extent Plaintiff relies on the allegations in Paragraph 125 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 125 requires a response, Google denies the allegations in Paragraph 125 of the Complaint.

126.    Google understands Paragraph 126 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 126 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent a response is required, Google denies the allegations in Paragraph 126 of the Complaint.

127.    Google understands Paragraph 127 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 127 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 127 requires a response, Google denies the allegations in Paragraph 127 of the Complaint.

128.    The allegations in Paragraph 128 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that its display advertising services can help facilitate the placement of advertising on websites and in mobile apps owned and operated by third-party entities, among other things.  Google admits that advertisers use Google's services to access potential customers on websites and mobile apps, among other things.  Google denies the allegations in Paragraph 128 of the Complaint in all other respects.

129.    The allegations in Paragraph 129 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 129 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 129 in all other respects.

130.    The allegations in Paragraph 130 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 130 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 130 in all other respects.

131.    The allegations in Paragraph 131 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "Meta sells its supply of inventory for advertising on its owned-and-operated social-media platforms as a first party through a self-contained and closed-ended system separate from the ad tech stack in which MAN offers services to place web and in-app open-display ads" and on that basis denies those allegations.  Google denies the allegations in Paragraph 131 in all other respects

132.    The allegations in Paragraph 132 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in the third sentence of Paragraph 132 and on that basis denies those allegations.  Google denies the allegations in Paragraph 132 in all other respects.

133.    The allegations in Paragraph 133 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in  the third and fourth sentences of Paragraph 133 and on that basis denies those allegations.  Google admits that "it is theoretically possible for an advertiser to connect directly with a publisher to negotiate the placement of advertisements onto the publisher's supply of advertising space."  Google denies the allegations in Paragraph 133 in all other respects.

134.    The allegations in Paragraph 134 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 and on that basis denies those allegations. Google denies the allegations in Paragraph 134 in all other respects.

135.    The allegations in Paragraph 135 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 135 and on that basis denies those allegations.  Google denies the allegations in Paragraph 135 in all other respects.

136.    The allegations in Paragraph 136 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that impressions without associated cookies or alternative

means of understanding what may be relevant to users can have  lower value in some instances. Google denies the allegations in Paragraph 136 in all other aspects

137.    The allegations in Paragraph 137 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137 and on that basis denies those allegations. Google denies the allegations in Paragraph 137 in all other aspects

138.    The allegations in Paragraph 138 are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that publishers can sell their inventory to advertisers both directly and indirectly and that "direct" sales are those in which a publisher sells its ad inventory directly to advertisers, including through manual media buying, programmatic direct buying, and private auctions.  Google denies the allegations in Paragraph 138 in all other respects.

139.    The allegations in Paragraph 139 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 139 and on that basis denies those allegations.Google denies the allegations in Paragraph 139 in all other respects.

140.    The allegations in Paragraph 140 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the third, fourth, and fifth sentences of Paragraph 140 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations and on that basis denies those allegations.  To the extent the allegations in Paragraph 140 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 140 in all other respects

141.   The allegations in Paragraph 141 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that the internet altered the way people consume content and expanded the opportunities for companies to advertise.   Google denies the allegations in Paragraph 141 in all other respects.

142.   The allegations in Paragraph 142 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 142 of the Complaint.

143.   The allegations in Paragraph 143 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 133 of the Complaint.

144.   The allegations in Paragraph 144 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 144 of the Complaint.

145.   The allegations in Paragraph 145 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 145 of the Complaint.

146.   The allegations in Paragraph 146 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, as to the first sentence of Paragraph 146, Google admits the existence of documents containing the quoted language, to which documents Google refer the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 146 in all other respects.

147.    The allegations in Paragraph 147 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 147 of the Complaint.

148.    To the extent the allegations in Paragraph 148 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 148 in all other respects.

149.    Google denies the allegations in Paragraph 149 of the Complaint.

150.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 150 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 150 of the Complaint in all other respects.

151.    To the extent the allegations in Paragraph 151 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 151 in all other respects.

152.    Google admits the existence of a document containing the quoted language, to

which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 152 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 152 of the Complaint in all other respects.

153.    Google admits that it acquired DoubleClick in 2008.  Google admits that it acquired Invite Media in 2010.  Google admits that Display & Video 360 is derived in part from its acquisition of Invite Media and was formerly known as DoubleClick Bid Manager.  Google admits that it acquired AdMob in 2009.  Google admits that, in 2011, it acquired Admeld Inc. Google admits it acquired Adometry in 2014.  Google denies the allegations in Paragraph 153 in all other respects.

154.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154 and on that basis denies those allegations.  Google denies the allegations in Paragraph 154 in all other respects.

155.    Google denies the allegations in Paragraph 155 of the Complaint.

156.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 156 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 156 in all other respects.

157.    Google denies the allegations in Paragraph 157 of the Complaint.

158.    As to the third and fourth sentence of Paragraph 158 of the Complaint, Google

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 158 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 158 in all other respects.

159.   As to the first sentence of Paragraph 159 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google admits that the value of different ad inventory can differ and will depend on a variety of factors including the audience. Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 159 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 159 in all other respects.

160.   Google denies the allegations in Paragraph 160 of the Complaint.

161.   Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 and on that basis denies those allegations. Google denies the allegations in Paragraph 161 in all other respects.

162.   As to the second sentence of Paragraph 162 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 162 in all other respects.

163.   Google denies the allegations in Paragraph 163 of the Complaint.

164.    Google denies the allegations in Paragraph 164 of the Complaint.

165.    Google admits that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression; that ad servers may receive browser cookies and that, depending on a user's settings, such cookies may subsequently be correlated with a profile; that browser cookies can be used to limit the number of times a user is shown a particular ad to avoid oversaturating the user; that cookies can be used as part of the process of measuring ad campaigns' effectiveness; and that some ad campaign billing models, such as cost-per-conversion, charge advertisers based on a specified user action.  Google denies the allegations in Paragraph 165 in all other respects.

166.    Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 166 in all other respects.

167.    As to the third sentence of Paragraph 167, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.   As to the second sentence of Paragraph 167, Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 167 in all other respects.

168.    As to the second sentence of Paragraph 168 and the allegation in the first sentence of Paragraph 186 that "advertisers almost always use a single DSP for a given advertising campaign," Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and on that basis denies those allegations.   Google denies the allegations in Paragraph 168 in all other respects.

169.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 and on that basis denies those allegations.  Google denies the allegations in Paragraph 169 in all other respects.

170.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170 and on that basis denies those allegations.  Google denies the allegations in Paragraph 170 in all other respects.

171.    As to the third sentence of Paragraph 171 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 171 in all other respects.

172.    Google denies the allegations in Paragraph 172 of the Complaint.

173.    To the extent the allegations in Paragraph 173 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 173 in all other respects.

174.    Google denies the allegations in Paragraph 174 of the Complaint.

175.    The allegations in Paragraph 175 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it provides its advertiser customers with varying types of   information with which they can assess audience reach and ad performance in order to compare  Google Ads with its competitors.  Google denies the allegations in Paragraph 175 in all other  respects.

176.    To the extent the allegations in Paragraph 176 characterize or describe documents

or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 176 in all other respects.

177.    Google admits the existence of a document containing the report in the second sentence of Paragraph 177, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 177 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the last sentence of Paragraph 177, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations of Paragraph 177 in all other respects.

178.    As to the first sentence of Paragraph 178 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 179 in all other respects.

180.    To the extent the allegations in Paragraph 180 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 180 in all other respects.

181.    To the extent the allegations in Paragraph 181 characterize or describe documents

or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 181 in all other respects.

182.    Google understands Paragraph 182 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Paragraph 182 nonetheless still requires an answer relevant to Plaintiff's remaining claims, Google denies the allegations in Paragraph 182 of the Complaint.

183.    The allegations in Paragraph 183 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from  other channels, so as to maximize the publisher's revenue.  Google denies the allegations in  Paragraph 183 in all other respects.

184.    Google admits that there is an industry practice known as "waterfalling."  Google denies the allegations in Paragraph 184 in all other respects.

185.    Google admits that DoubleClick for Publishers operated as programmed by the publisher and admits that there is an industry practice known as "waterfalling" and that "waterfalling" involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google denies the allegations in Paragraph 185 in all other respects.

186.    Google admits that there is an industry practice known as "waterfalling" and that "waterfalling" involves sequentially offering inventory to multiple exchanges, networks, or other sources of  demand.  Google otherwise lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 186 and on that basis denies those allegations.  Google denies the allegations in Paragraph 186 in all other respects.

187.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187 and on that basis denies those allegations.  Google denies the allegations in Paragraph 187 in all other respects.

188.    Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue.  Google denies the allegations in Paragraph 188 in all other respects.

189.    Google denies the allegations in Paragraph 189 of the Complaint.

190.    Google denies the allegations in Paragraph 190 of the Complaint.

191.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation.  Google denies the allegations in Paragraph 191 in all other aspects.

192.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand in Google Ad Manager to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee).  Google denies the allegations in Paragraph 192 in all other aspects.

193.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand in Google Ad Manager to

compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee).  Google denies the allegations in Paragraph 193 in all other aspects.

194.    Google denies the allegations in Paragraph 194 of the Complaint.

195.    Google denies the allegations in Paragraph 195 of the Complaint.

196.    The allegations in Paragraph 196 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits to the existence of an auction feature called Project Bernanke.  Google denies the allegations in Paragraph 196 in all other respects.

197.    Google admits that, prior to late 2019, AdX operated as a second-price auction. Google further admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor.  To the extent the allegations in Paragraph 197 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 197 and on that basis denies those allegations.Google denies the allegations in Paragraph 197 in all other respects.

198.    Google denies the allegations in Paragraph 198 of the Complaint.

199.    Google admits that, prior to late 2019, AdX operated as a second-price auction. Google further admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor.

Google denies the allegations in Paragraph 199 in all other respects.

200.   Google admits to the existence of an auction feature called Project Bernanke. Google admits that Bernanke uses data about historical bids through Google Ads to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.  Google denies the allegations in Paragraph 200 in all other respects.

201.   Google admits that Project Bernanke uses data about historical bids through Google Ads (comparable to data maintained by other buying tools) to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.  Google admits that the Bernanke program has increased Google Ads' win rate within Google's ad exchange.  Google denies the allegations in Paragraph 201 in all other respects.

202.   Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 202 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google admits that the Bernanke program has increased Google Ads' win rate within Google's ad exchange.  Google denies the allegations in Paragraph 202 of the Complaint.

203.   Google denies the allegations in Paragraph 203 of the Complaint.

204.   Google denies the allegations in Paragraph 204 of the Complaint.

205.   Google admits that an auction feature known as Global Bernanke changed Google Ads' bidding behavior to seek a given overall average margin across all AdX publishers, while

allowing variation between publishers, in an effort to win more impressions for its advertiser customers.  Google denies the allegations in Paragraph 205 in all other respects.

206.    Google admits the existence of a program called "Bell."   Google denies the allegations in Paragraph 206 in all other respects.

207.    Google admits that Project Bernanke is intended to increase  advertisers' win rates in Google's ad exchange and that, like other aspects of buying tools' (both Google's and rivals') determination of bids for particular impressions, the details of Project Bernanke's operations are not disclosed to publishers, although publishers do have transparency into the final bids submitted by Google Ads and other buying tools/demand-side platforms.   Google denies the allegations in Paragraph 207 in all other respects.

208.    Google denies the allegations in Paragraph 208.

209.    Google denies the allegations in Paragraph 209.

210.    Google denies the allegations in Paragraph 210.

211.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share and that, if enabled by the publisher, Dynamic Revenue Share dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.   Google denies the allegations in Paragraph 211 in all other respects.

212.    Google denies the allegations in Paragraph 212.

213.    Google denies the allegations in Paragraph 213.

214.    Google denies the allegations in Paragraph 214.

215.    Google denies the allegations in Paragraph 215.

216.    Google admits the existence of a document containing the quoted language, to

which document Google refers the Court for a complete and accurate statement of their contents. Google denies the allegations in Paragraph 216 in all other respects.

217.    Google denies the allegations in Paragraph 217.

218.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of their contents. To the extent the allegations in Paragraph 218 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 218 in all other respects.

219.    Google denies the allegations in Paragraph 219.

220.    To the extent the allegations in Paragraph 220 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 220 in all other respects.

221.    Google understands Paragraph 221 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 221 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 221 requires a response, Google denies the allegations in Paragraph 221 of the Complaint.

222.    Google understands Paragraph 222 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 222 in support of their state law claims,

Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 222 requires a response, Google denies the allegations in Paragraph 222 of the Complaint.

223. Google understands Paragraph 223 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization. ECF No. 701 at 17, 25. To the extent Plaintiff relies on the allegations in Paragraph 223 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 223 requires a response, Google denies the allegations in Paragraph 223 of the Complaint.

224. Google understands Paragraph 224 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization. ECF No. 701 at 17. To the extent Plaintiff relies on the allegations in Paragraph 224 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 241 requires a response, Google denies the allegations in Paragraph 224 of the Complaint.

225. Google understands Paragraph 225 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization. ECF No. 701 at 17, 25. To the extent Plaintiff relies on the allegations in Paragraph 225 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 225 requires a response, Google denies the allegations in Paragraph 225 of the Complaint.

226. Google understands Paragraph 226 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization. ECF No. 701 at 17, 25. To the

extent Plaintiff relies on the allegations in Paragraph 226 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 226 requires a response, Google denies the allegations in Paragraph 226 of the Complaint.

227. Google understands Paragraph 227 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization. ECF No. 701 at 17, 25. To the extent Plaintiff relies on the allegations in Paragraph 227 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 227 requires a response, Google denies the allegations in Paragraph 227 of the Complaint.

228. Google understands Paragraph 228 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization. ECF No. 701 at 17, 25. To the extent Plaintiff relies on the allegations in Paragraph 228 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 228 requires a response, Google denies the allegations in Paragraph 228 of the Complaint.

229. Google understands Paragraph 229 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization. ECF No. 701 at 17, 25. To the extent Plaintiff relies on the allegations in Paragraph 229 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 229 requires a response, Google denies the allegations in Paragraph 229 of the Complaint.

230. Google understands Paragraph 230 to have been dismissed as to Plaintiff's federal

antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 230 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 230 requires a response, Google denies the allegations in Paragraph 230 of the Complaint.

231.    Google understands Paragraph 231 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 231 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 231 requires a response, Google denies the allegations in Paragraph 231 of the Complaint.

232.    Google understands Paragraph 232 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 232 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 232 requires a response, Google denies the allegations in Paragraph 232 of the Complaint.

233.    Google understands Paragraph 233 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 233 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 233 requires a response, Google denies the allegations in Paragraph 233 of the Complaint.

234.    Google understands Paragraph 234 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 234 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 234 requires a response, Google denies the allegations in Paragraph 234 of the Complaint.

235.    Google understands Paragraph 235 to have been dismissed as to Plaintiff's federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 235 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 235 requires a response, Google denies the allegations in Paragraph 235 of the Complaint.

236.    Google admits that Unified Pricing Rules were introduced in 2019 and denies the allegations in Paragraph 236 of the Complaint.

237.    Google admits that, before its introduction of Unified Pricing Rules, publishers could set different price floors for different buyers.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations of Paragraph 237 in all other respects.

238.    As to the first, third, fourth, fifth, sixth, and seventh sentences of Paragraph 238, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google admits that, before its introduction of Unified Pricing Rules, publishers could set different price floors for different buyers.  Google denies the allegations in Paragraph 238 in all other respects.

239.    Google admits to the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 239 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 239 in all other respects.

240.    Google admits that as a result of its pricing rules system, Unified Pricing, publishers can no longer set different price floors for different exchanges or buyers.  Google denies the allegations in Paragraph 240 in all other respects.

241.    Google denies the allegations in Paragraph 241 of the Complaint.

242.    Google denies the allegations in Paragraph 242 of the Complaint.

243.    Google understands Paragraph 243 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers and Google's Reserve Price Optimization, and as to Plaintiff's Sherman Act Section 1 claim as to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 11-13, 15-17, 25.  To the extent Plaintiffs' rely on the allegations in Paragraph 261 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 243 requires a response, Google denies the allegations in Paragraph 243 of the Complaint.

244.    As to the second, third, and fourth sentences of Paragraph 244, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 244 in all other respects.

245.     Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 245 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 245 in all other respects.

246.     As to the second, third, and fourth sentences of Paragraph 246, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 246 in all other respects.

247.     Google denies the allegations in Paragraph 247 of the Complaint.

248.     Google denies the allegations in Paragraph 248 of the Complaint.

249.     Google understands Paragraph 249 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers and Google's Reserve Price Optimization.  ECF No. 701 at 11-13, 17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 249 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 249 requires a response, Google denies the allegations in Paragraph 249 of the Complaint.

250.     Google understands Paragraph 250 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25.  To the extent Plaintiff relies on the allegations in Paragraph 250 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 250 requires a response, Google denies the

allegations in Paragraph 250 of the Complaint.

251.    Google understands Paragraph 251 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 251 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 251 requires a response, Google denies the allegations in Paragraph 251 of the Complaint.

252.    Google understands Paragraph 252 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 252 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 252 requires a response, Google denies the allegations in Paragraph 252 of the Complaint.

253.    Google understands Paragraph 253 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 253 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 253 requires a response, Google denies the allegations in Paragraph 253 of the Complaint.

254.    Google understands Paragraph 254 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 254 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended

pleading.  *See* ECF No. 736.  To the extent Paragraph 254 requires a response, Google denies the allegations in Paragraph 254 of the Complaint.

255.    Google understands Paragraph 255 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 255 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 255 requires a response, Google denies the allegations in Paragraph 255 of the Complaint.

256.    Google understands Paragraph 256 to have been dismissed as to Plaintiff's federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13, 25. To the extent Plaintiff relies on the allegations in Paragraph 256 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 256 requires a response, Google denies the allegations in Paragraph 256 of the Complaint.

257.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 257 and on that basis denies those allegations.  Google denies the allegations in Paragraph 257 in all other respects.

258.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentence of Paragraph 258 and on that basis denies those allegations.  Google denies the allegations in Paragraph 258 in all other respects.

259.    Google denies the allegations in Paragraph 259 of the Complaint.

260.    Google denies the allegations in Paragraph 260 of the Complaint.

261.    Google admits that since well before header bidding became popular, it has

limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server; that it has received requests from time to time from publishers to increase the number of permitted line items to enable them  to better implement their preferred header bidding scheme.  Google lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 261.  Google denies the allegations in Paragraph 261 in all other respects.

262.    Google denies the allegations in Paragraph 262 of the Complaint.

263.    Google admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server; that it has received requests from time to time from publishers to increase the number of permitted line items to enable them to better implement their preferred header bidding scheme, and has at times addressed the requests.  Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 263 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 263 in all other respects.

264.    Google denies the allegations in Paragraph 264 of the Complaint.

265.    Google admits that, beginning in 2016, it introduced a feature then known as "Exchange Bidding in Dynamic Allocation" that permitted multiple exchanges to participate in auctions within Google's services and that it had a project codenamed "Jedi." Google further admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server.  Google

further admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 265 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 265 in all other respects.

266.    As to the second and fourth sentences of Paragraph 266 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 266 in all other respects

267.    Google understands Paragraph 267 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Unified Pricing Rules and line-item caps, and as to its Network Bidding Agreement with Meta. ECF No. 701 at 15-21, 25. To the extent Plaintiff relies on the allegations in Paragraph 267 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 267 requires a response, Google denies the allegations in Paragraph 267 of the Complaint.

268.    Google understands Paragraph 268 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta. ECF No. 701 at 17-21. To the extent Plaintiff relies on the allegations in Paragraph 268 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading. *See* ECF No. 736. To the extent Paragraph 268 requires a response, Google denies the allegations in Paragraph 268 of the Complaint.

269.    Google understands Paragraph 269 to have been dismissed as to Plaintiff's

Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21, 25. To the extent Plaintiff relies on the allegations in Paragraph 269 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 269 requires a response, Google denies the allegations in Paragraph 269 of the Complaint.

270.   Google understands Paragraph 270 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21, 25.  To the extent Plaintiff relies on the allegations in Paragraph 270 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 270 requires a response, Google denies the allegations in Paragraph 270 of the Complaint.

271.   Google understands Paragraph 271 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21, 25.  To the extent Plaintiff relies on the allegations in Paragraph 271 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 271 requires a response, Google denies the allegations in Paragraph 271 of the Complaint.

272.   Google understands Paragraph 272 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21, 25.  To the extent Plaintiff relies on the allegations in Paragraph 272 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 272 requires a response, Google denies the allegations in Paragraph 272 of the Complaint.

273.     Google understands Paragraph 273 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21, 25.  To the extent Plaintiff relies on the allegations in Paragraph 273 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 273 requires a response, Google denies the allegations in Paragraph 273 of the Complaint.

274.     Google understands Paragraph 274 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21, 25.  To the extent Plaintiff relies on the allegations in Paragraph 274 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 274 requires a response, Google denies the allegations in Paragraph 274 of the Complaint.

275.     Google understands Paragraph 275 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21, 25.  To the extent Plaintiff relies on the allegations in Paragraph 275 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 275 requires a response, Google denies the allegations in Paragraph 275 of the Complaint.

276.     Google understands Paragraph 276 to have been dismissed as to Plaintiff's Sherman Act Section 1 claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21, 25.  To the extent Plaintiff relies on the allegations in Paragraph 276 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 276 requires a

response, Google denies the allegations in Paragraph 276 of the Complaint.

277.    Google understands Paragraph 277 to have been dismissed as to Plaintiff's Section 1 claim related to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 15-17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 277 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 277 requires a response, Google denies the allegations in Paragraph 277 of the Complaint.

278.    Google understands Paragraph 278 to have been dismissed as to Plaintiff's Section 1 claim related to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 15-17, 25.  To the extent Plaintiff relies on the allegations in Paragraph 278 in support of their state law claims, Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  To the extent Paragraph 278 requires a response, Google denies the allegations in Paragraph 278 of the Complaint.

279.    Google denies the allegations in Paragraph 279 of the Complaint.

280.    Google admits that it is engaged in interstate trade and commerce.  Google denies the allegations in Paragraph 280 in all other respects.

281.    Google denies the allegations in Paragraph 281 of the Complaint.

282.    Google denies the allegations in Paragraph 282 of the Complaint.

283.    Google denies the allegations in Paragraph 283 of the Complaint.

284.    Google denies the allegations in Paragraph 284 of the Complaint.

285.    To the extent the allegations in Paragraph 285 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in

Paragraph 285 in all other respects.

286.    To the extent the allegations in Paragraph 286 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 286 in all other respects.

287.    To the extent the allegations in Paragraph 287 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 287 in all other respects.

288.    Google denies the allegations in Paragraph 288 of the Complaint.

289.    Google denies the allegations in Paragraph 289 of the Complaint.

290.    To the extent the allegations in Paragraph 290 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 290 in all other respects.

291.    Google denies the allegations in Paragraph 291 of the Complaint.

292.    The allegations in Paragraph 292 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, to the extent the allegations in Paragraph 292 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google admits that Google's revenue share varies across transaction types and customers, and that there may be some customers for whom it did not decline in 2017.  As to the second, fourth, and sixth sentence of

Paragraph 292 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 292 in all other respects.

293.    Google denies the allegations in Paragraph 293 of the Complaint.

294.    As to the third sentence of Paragraph 294 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 294 in all other respects.

295.    As to the third sentence of Paragraph 295 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 295 in all other respects.

296.    Google denies the allegations in Paragraph 296 of the Complaint.

297.    To the extent Paragraph 297 nonetheless still requires an answer relevant to Plaintiff's remaining claims, Google denies the allegations in Paragraph 297 of the Complaint.

298.    To the extent the allegations in Paragraph 298 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 298 in all other respects.

299.    As to the second sentence of Paragraph 299 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 299 in all other respects.

300.     Google admits that advertisers benefit from having competitive options for ad-buying tools.  Google denies the allegations in Paragraph 300 in all other respects.

301.     Google admits that advertising can promote competition in some sectors.  Google denies the allegations in Paragraph 301 in all other respects.

302.     Google admits that ad buying tools are among the products that advertisers use to purchase display inventory.  Google also admits that advertising can promote competition in some sectors.  Google denies the allegations in Paragraph 302 in all other respects.

303.     Paragraph 303 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that Plaintiff initiated suit on May 27, 2020.  Google denies the allegations in Paragraph 303 in all other respects.

304.     Google denies the allegations in Paragraph 304 of the Complaint.

305.     Paragraph 305 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 305.

306.     Paragraph 306 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 306.

307.     Paragraph 307 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 307.

308.     Paragraph 308 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 308.

309.     Paragraph 309 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 309.

310.     Google denies the allegations in Paragraph 310 of the Complaint.

311.     Google denies the allegations in Paragraph 311 of the Complaint.

312.     To the extent the allegations in Paragraph 312 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 312 in all other respects.

313.     To the extent the allegations in Paragraph 313 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 313 in all other respects.

314.     As to the first sentence of Paragraph 314 of the Complaint, Google admits that the French Competition Authority fined the company following an investigation into the advertising technology sector as well as after complaints from three publishers.  To the extent the allegations in Paragraph 314 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 314 in all other respects.

315.     As to the second sentence of Paragraph 315, Google admits that the European Commission conducted an investigation involving Google but denies Plaintiff's characterization of the investigation.  To the extent the allegations in Paragraph 315 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 315 in all other respects.

316.     To the extent the allegations in Paragraph 316 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in

Paragraph 316 of the Complaint.

317.    Paragraph 317 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 317.

318.    Paragraph 318 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 318.

319.    Paragraph 319 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 319.

320.    Paragraph 320 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 320.

321.    Google admits that Plaintiff's purport to bring a class action.  Google denies Paragraph 321 in all other respects.

322.    Paragraph 322 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 322.

323.    Paragraph 323 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 323.

324.    Paragraph 324 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 324.

325.    Paragraph 325 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 325.

326.    Paragraph 326 contains legal conclusions to which no response is required; to the extent a response is deemed necessary, Google admits that Plaintiff is represented by counsel. Google denies Paragraph 326 in all other respects.

327.    Paragraph 327 contains legal conclusions to which no response is required.  To

the extent a response is deemed necessary, Google denies the allegations in Paragraph 327 of the Complaint.

328.    Paragraph 328 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 328 in all other respects.

329.    Paragraph 329 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 329 in all other respects.

330.    Paragraph 330 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 330 in all other respects.

331.    Paragraph 331 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 331 in all other respects.

332.    Google restates its response to every allegation set forth above as if stated herein.

333.    Google admits that Plaintiff purports to assert a claim under the Section 2 of the Sherman Act, but denies the Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

334.    The allegations in Paragraph 334 of the Complaint are premised on Plaintiff's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges or ad-buying tools are relevant antitrust markets. Google denies the allegations in Paragraph 334 in all other respects.

335.    Google denies the allegations in Paragraph 335 of the Complaint.

336.    Google denies the allegations in Paragraph 336 of the Complaint.

337.    Google denies the allegations in Paragraph 337 of the Complaint.

338.    Google denies the allegations in Paragraph 338 of the Complaint.

339.     Google denies the allegations in Paragraph 339 of the Complaint.

340.     Google restates its response to every allegation set forth above as if stated herein.

341.     Google admits that Plaintiff's purport to assert a claim under the Section 2 of the Sherman Act, but denies the Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

342.     Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges or ad-buying tools are relevant antitrust markets. Google denies the allegations in Paragraph 342 in all other respects.

343.     Google denies the allegations in Paragraph 343 of the Complaint.

344.     Google denies the allegations in Paragraph 344 of the Complaint.

345.     Google denies the allegations in Paragraph 345 of the Complaint.

346.     Google denies the allegations in Paragraph 346 of the Complaint.

347.     Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21, 25.  To the extent Paragraph 347 requires a response, Google denies the allegations in Paragraph 347 of the Complaint.

348.     Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21, 25.  To the extent Paragraph 348 requires a response, Google denies the allegations in Paragraph 348 of the Complaint.

349.     Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21, 25.  To the extent Paragraph 349 requires a response, Google denies the allegations in Paragraph 349 of the Complaint.

350.     Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21, 25.  To the extent Paragraph 350 requires a response, Google denies the allegations in Paragraph

350 of the Complaint.

351.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21, 25.  To the extent Paragraph 351 requires a response, Google denies the allegations in Paragraph 351 of the Complaint.

352.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21, 25.  To the extent Paragraph 352 requires a response, Google denies the allegations in Paragraph 352 of the Complaint.

353.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21, 25.  To the extent Paragraph 353 requires a response, Google denies the allegations in Paragraph 353.

354.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21, 25.  To the extent Paragraph 354 requires a response, Google denies Plaintiff is entitled to the relief sought in Paragraph 354 of the Complaint.

355.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 355 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

356.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 356 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

357.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in

Paragraph 357 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

358.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 358 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

359.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies Plaintiff is entitled to the relief sought in Paragraph 359 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Four.  ECF No. 727 at 1.

360.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17, 25.  To the extent Paragraph 360 requires a response, Google denies the allegations in Paragraph 360 of the Complaint.

361.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17, 25.  To the extent Paragraph 361 requires a response, Google denies the allegations in Paragraph 361 of the Complaint.

362.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17, 25.  To the extent Paragraph 362 requires a response, Google denies the allegations in Paragraph 362 of the Complaint.

363.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17, 25.  To the extent Paragraph 363 requires a response, Google denies the allegations in Paragraph 363 of the Complaint.

364.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17,

25. To the extent Paragraph 364 requires a response, Google denies the allegations in Paragraph 364 of the Complaint.

365.    Google understands Count Five to have been dismissed. ECF No. 701 at 15-17, 25. To the extent Paragraph 365 requires a response, Google denies the allegations in Paragraph 365 of the Complaint.

366.    Google understands Count Five to have been dismissed. ECF No. 701 at 15-17, 25. To the extent Paragraph 366 requires a response, Google denies the allegations in Paragraph 366 of the Complaint.

367.    Google understands Count Five to have been dismissed. ECF No. 701 at 15-17, 25. To the extent Paragraph 367 requires a response, Google denies the allegations in Paragraph 367 of the Complaint.

368.    Google understands Count Five to have been dismissed. ECF No. 701 at 15-17, 25. To the extent Paragraph 368 requires a response, Google denies the allegations in Paragraph 368 of the Complaint.

369.    Google understands Count Five to have been dismissed. ECF No. 701 at 15-17, 25. To the extent Paragraph 369 requires a response, Google denies the allegations in Paragraph 369 of the Complaint.

370.    Google understands Count Five to have been dismissed. ECF No. 701 at 15-17, 25. To the extent Paragraph 370 requires a response, Google denies the allegations in Paragraph 370 of the Complaint.

371.    Google understands Count Five to have been dismissed. ECF No. 701 at 15-17, 25. To the extent Paragraph 371 requires a response, Google denies the allegations in Paragraph 371 of the Complaint.

372.   Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17, 25.  To the extent Paragraph 372 requires a response, Google denies the allegations in Paragraph 372 of the Complaint.

373.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 373 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Six.  ECF No. 727 at 1.

374.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 374 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Six.  ECF No. 727 at 1.

375.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 375 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Six.  ECF No. 727 at 1.

376.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 376 of the Complaint.  Google understands Plaintiff expects to stipulate to dismissal of Count Six.  ECF No. 727 at 1.

377.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 377 of the Complaint.

378.   Google defers answering in anticipation of the Court's ruling on any proposed

amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 378 of the Complaint.

379.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 379 of the Complaint.

380.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 380 of the Complaint.

381.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 381 of the Complaint.

382.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 382 of the Complaint.

383.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 383 of the Complaint.

384.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 384 of the Complaint.

385.    Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.  *See* ECF No. 736.  In the alternative, Google denies the allegations in Paragraph 385 of the Complaint.

386.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 386 of the Complaint.

387.   Google defers answering in anticipation of the Court's ruling on any proposed amended pleading.   *See* ECF No. 736.   In the alternative, Google denies the allegations in Paragraph 387 of the Complaint.

388.   Paragraph 388 sets forth the relief sought by Plaintiff, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 388 and denies that Plaintiff is entitled to any of the remedies or relief sought in the Complaint.

389.   No response is required to Plaintiff's Jury Demand.

**ADDITIONAL DEFENSES**

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint.   By designating these defenses, Google does not intend to suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiff's prima facie case against Google—or that Google bears the burden of proof as to such matters.   Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**First Defense**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

The relief sought by Plaintiff would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege any legally cognizable relevant product or geographic market.

**Fourth Defense**

Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

**Fifth Defense**

Google's conduct alleged by Plaintiff in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

**Seventh Defense**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege a cognizable antitrust injury.

**Eighth Defense**

Plaintiff is not entitled to injunctive relief on conduct that occurred solely in the past.

## Ninth Defense

To the extent that Plaintiff seeks recovery of civil penalties, those civil penalties are limited by the applicable state statutes, the due process clause of the U.S. and applicable state Constitutions and, in addition, they must have a reasonable relation to the actual harm established.

## Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

## Eleventh Defense

Plaintiff's alleged damages were not legally caused by Google.

## Twelfth Defense

Plaintiff has failed to mitigate any alleged damages.

## Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Fifteenth Defense

Plaintiff's claims are barred because Plaintiff did not suffer any legally cognizable injury or damages as a result of Google's conduct.

## Sixteenth Defense

To the extent Plaintiff seeks relief on behalf of parties other than natural persons who are direct purchasers, Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to do so.

**Seventeenth Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's contractual agreements with Google include a provision which provides that disputes will be resolved through arbitration.

**Eighteenth Defense**

Plaintiff's claims are barred, in whole or in part, because they were relinquished by Plaintiff through contract with Google.

**Nineteenth Defense**

To the extent defenses to Plaintiff's state law claims are required at this juncture, Plaintiff's state law claims fail for myriad reasons, including those set forth in Google's pre-motion letter. *See* ECF No. 720. For example, Plaintiff's deceptive trade practices and fraud claims are barred, in whole or in part, for failure to allege with particularity the circumstances constituting fraud or mistake and because Plaintiff has not and cannot establish a false, misleading, or deceptive act or practice.

**Twentieth Defense**

Plaintiff's claims are barred, in whole or in part, because they are subsumed within the parens patriae claims asserted in the case captioned *The State of Texas, et al. v. Google, LLC* that is pending in the U.S. District Court for the Eastern District of Texas under docket number 4:20-cv-00957-SDJ.


Google reserves the right to supplement its Answer and affirmative and additional defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

## DEMAND FOR JURY TRIAL

In accordance with the Federal Rule of Civil Procedure 38(b), Google demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for relief as follows:

(a) That the Complaint against Google be dismissed in its entirety, with prejudice;

(b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

(c) That the Court award such other and further relief to Google as the Court deems just and proper.

Dated: March 29, 2024                        Respectfully Submitted,


                                             */s/ Justina Sessions*
                                             Justina K. Sessions
                                             FRESHFIELDS BRUCKHAUS
                                             DERINGER US LLP
                                             855 Main Street
                                             Redwood City, CA 94063
                                             Telephone: (650) 618-9250
                                             Fax: (650) 461-8276
                                             justina.sessions@freshfields.com

                                             Eric Mahr
                                             Robert J. McCallum
                                             FRESHFIELDS BRUCKHAUS
                                             DERINGER US LLP
                                             700 13th Street NW, 10th Floor
                                             Washington, DC 20005
                                             Telephone: (202) 777-4500
                                             Fax: (202) 777-4555
                                             eric.mahr@freshfields.com
                                             rob.mccallum@freshfields.com

                                             Daniel Bitton
                                             Denise L. Plunkett
                                             Craig M. Reiser
                                             Eva H. Yung
                                             Claire L. Haws
                                             AXINN, VELTROP & HARKRIDER LLP
                                             114 West 47th Street
                                             New York, New York 10036
                                             Telephone: (212) 728-2200
                                             Fax: (212) 728-2201
                                             dbitton@axinn.com
                                             dplunkett@axinn.com
                                             creiser@axinn.com
                                             eyung@axinn.com
                                             chaws@axinn.com

                                             Bradley Justus (*pro hac vice*)
                                             AXINN, VELTROP & HARKRIDER LLP
                                             1901 L Street NW
                                             Washington, DC 20036

Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants Google LLC and
Alphabet Inc.*