# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

April 17, 2024

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

        **Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC);**
        ***Inform Inc. v. Google LLC*, et al. No. 1:23-cv-01530 (PKC)**

Dear Judge Castel:

        We write as counsel to plaintiff Inform Inc. ("Inform") in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC) (the "Inform Action"), a constituent case transferred from the Northern District of Georgia into the above-referenced MDL, to respectfully request that the Court compel that (1) Google produce documents in response to Plaintiff's Supplemental Requests for Production of Documents ("SRFPs") and negotiated search strings, and (2) Google produce its source code related to the auction, serving, and functioning display of video advertisements as sought by Plaintiff's source code requests.

        In the alternative, Plaintiff Inform respectfully requests the Court schedule a conference to resolve the dispute. The parties have met and conferred nearly a dozen times over the past several months but are unable to resolve these disputes without Court intervention. In fact, despite Inform's repeated requests for Defendants to produce an agreed-upon subset of documents, Defendants have yet to produce a single document in response to any of Inform's proposed search strings or agreed-upon custodians. Furthermore, Defendants have refused to even answer whether or not the source code sought by Inform has already been made available for review. No conference is scheduled at this time.[1]

---

[1] Pursuant to 3B of Your Honor's Individual Practices concerning Discovery Disputes, Local Civ. Rule 37.2, and Fed. R. Civ. P. 37(a)(1), the undersigned certifies that the Plaintiff Inform has in good faith conferred or attempted to confer with counsel for Defendants Google, Alphabet and YouTube (collectively "Google") in an effort to resolve these disputes in advance of filing this letter.

I.      Legal Standard

"Parties are entitled to discovery of documents in the possession, custody or control of other parties, so long as they are relevant to any party's claim or defense" and, "[a]lthough not unlimited, relevance for purposes of discovery is an extremely broad concept." *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon*, 2018 WL 2215510, at *6 (S.D.N.Y. May 15, 2018) (internal quotation marks and citations omitted). "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Id*. at *7 (citation omitted). Furthermore, "circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015).

In an MDL, individual plaintiffs retain the right to seek the discovery necessary to litigate their specific cases. *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015) ("Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities."); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) ("[A] party's rights in one [MDL] case" cannot "be impinged to create efficiencies in the MDL generally.") Coordination in an MDL cannot "alter the substantive rights of the parties," *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 3382071, at *8 (S.D.N.Y. Aug. 3, 2017) (citation omitted), including the right to secure discovery to prove a claim or defense. Thus, the JPML repeatedly has encouraged that "common" and "case-specific" discovery proceed simultaneously as part of the centralized pretrial proceedings. *See* Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation (2023), Part II, § 112 (collecting cases).

II.     Plaintiff Requests the Court Order Google to Produce Documents
        Pursuant to Plaintiff's Proposed Search Terms of April 11, 2024

Inform served its SRFPs to Google on November 8, 2023.[2]  Initially, for all but two of the supplemental requests (19 of 21), Defendants objected to the RFP "as premature and untimely because it seeks the production of documents ostensibly related to Inform's unique claims for which Google has a Motion to Dismiss pending. *See* ECF Nos. 592-93 and 633."  Following the parties' meet and confer process, and in an effort to work collaboratively, Inform sent its first set of proposed search strings to Google on December 8, 2023 to facilitate negotiation and production. Over a month later, Google provided a response that refused to engage with Inform in a collaborative effort to determine reasonable search strings and refused to even provide Inform with

---

[2] Plaintiff has since provided Google with a chart that summarizes Plaintiff's November 8, 2023 SRFPs and Google's December 8, 2023 response to the same, demonstrating that Inform's requests are non-duplicative of prior MDL requests.  We do not attach the full set of SRFPs or the chart here, but will happily furnish either or both if it would aid in the Court's determination.

the hit counts resulting from any of its search strings until February 16, 2024—yet another month later.

During that time, Google sent Inform back three times to revise and redraft, refusing each time to make their own suggested edits; and wasting valuable time during meet and confers rather than going through the terms productively with us. Inform worked diligently in an effort to accommodate Defendants' requests to narrow its search strings, ultimately making at least six proposals regarding search strings for documents—each further reducing the number of resulting document hit counts. In fact, based on the hit counts provided by Google, Inform's most recent proposals have reduced the resulting document hit counts by over 75% since prior revisions.[3]

Despite Inform's repeated requests for Google to provide proposed search strings of its own,[4] Google refused to do so. Then, as the end of fact discovery loomed without any response to Inform's specific requests – Google threatened to scrap four months of work by Inform and start over, which we strongly objected to as a delay tactic.[5] Finally, on March 18, 2024, Google did make a proposal. Instead of making any genuine effort to compromise, its March 18, 2024 terms largely avoided substantive edits to the strings and instead relied on date-limiting all search strings. Inform has continued to try to negotiate to no avail.

In short, Inform has attempted to engage in a reasonable, iterative process for the development of search strings to identify documents responsive to its SRFPs for nearly five months. Google has repeatedly short-circuited the process by largely refusing to offer any specific suggestions for revision of the terms despite it being in a much better position to do so as sole owner and possessor of the documents. And, when it chose to offer suggestions, they consisted of excessive, across-the-board date restrictions and very limited proximity modifiers, which essentially hamstring the effectiveness of the searches.

---

[3] Although Google's long, laborious letters paint Inform's proposed terms as pulling in an unreasonable number of "new" document hits, this is not accurate. Google's overinflated claims are admittedly prior to any deduplication of the documents, which has previously yielded nearly a 70% reduction in documents actually produced, and Google also ignores the substantial key gains that might result from additional substantive revisions and/or date restrictions were it to actually engage in a collaborative process.

[4] Rather than engage cooperatively, Google wasted much time drafting minimal "feedback" that does not relieve it of the obligation to provide responsive documents in a timely manner. "A responding party has no right to demand a requesting party actively assist the responding party with evaluating and selecting the procedures, methodologies, and technologies for meeting the responding party's preservation and production obligations. . . [A] responding party cannot unilaterally demand the requesting party submit proposed search terms and a list of custodians against which to run the search terms, or use the requesting party's reluctance to provide search terms as a shield to defend its own inadequate search terms." The Sedona Principles, Third Edition, 19 SEDONA CONF. J., at 124.

[5] Notably this has happened numerous times throughout this case, wasting time and effort on, *inter alia*, the ESI Order and the MDL search terms.

Importantly, at every turn, Inform has tried to avoid seeking this Court's intervention. As a result, the parties were able to come to an agreement on custodians, time frame for those custodians and a majority of Inform's requested search strings.[6] Despite reaching an understanding on the majority of the search strings—those which did not result in the highest hit counts—Defendants still refuse to produce a single document in response to Inform's SRFPs. Inform has repeatedly requested that Google produce the document results for search strings which yield relatively minimal numbers of documents.[7] Though Google has agreed on these strings themselves, Google refuses to produce documents unless Inform capitulates to all of Defendants' unilateral demands as to the remaining disputed search strings.

Now, even further into the discovery period without a single document from Google in response to its SRFPs, Inform is left with no choice but to seek this Court's assistance.[8] Accordingly, Inform seeks an order from the Court to compel Google to immediately produce the documents that result from Inform's most recent proposed search strings of April 11, 2024 (attached hereto for Chambers as Ex. A).

III.  Plaintiff Requests the Court Order Google to Produce
      Source Code Relevant to Its Online Video Advertising Claims

As with its delay concerning search strings, Google has likewise refused to provide any clear response to Inform's reasonable requests with regard to Google's source code.[9] Inform's position is simple. Inform believes that it should not be required to engage in a dedicated expert review of the source code that Google has already produced without knowing whether it even includes the requested code relevant to Inform's case—specifically all of the requested code related to online video advertisements.

To that end, early in the process, Inform specifically asked Google whether the source code it has made available to date includes the relevant code related to online video advertisements. Inform has now requested that Google provide this basic, clarifying information in at least six letters since August 2023. Instead of answering, Google's responses to date have effectively been

---

[6] As respects time frame, the parties have agreed that search terms will be run on 10 specifically identified custodians from January 1, 2012, and on 18 custodians from January 1, 2009. However, no documents have yet been forthcoming with respect to the Inform-specific custodians.

[7] For example, several of the most recently limited search strings yield less than a hundred document hits.

[8] Without any case-specific documents, Inform has been seriously hampered in the effort to identify the most important deponents and prepare for upcoming depositions with the other MDL Plaintiffs.

[9] Although Inform began seeking production and review of requested source code with Google in mid-2023, Inform also made specific, enumerated requests for source code relevant to its case in a December 16, 2023 letter to Google (the "Requests" attached hereto for Chambers as Ex. B), and reiterated the same again on February 1, 2024, March 1, 2024 and March 14, 2024.

Hon. P. Kevin Castel
April 17, 2024
Page 5

to insist that Inform should have its own expert go review the code in order to determine what Google has made available.

In a more recent April 5, 2024 letter, rather than seeking this information from its client, Google's counsel instead responded that they performed a "simple keyword search" of the code to determine that some code related to video had been produced. Google should—and in all likelihood does—know exactly what code it has made available and whether it includes all relevant code related to online video advertisements sought by Inform. Its responses are simply not reasonable.[10]

Additionally, before this Court denied Google's motion to dismiss as respects claims involving the online video advertising market, Google refused to produce any additional source code related to Inform's claims. Now, they are maintaining both that our expert should let them know what's missing from what has been produced and that they need some clarification of our requests. It is Plaintiff's understanding that as respects the source code produced thus far – Google identified and produced what it believed was relevant to the DOJ and MDL actions and claims. It is simply refusing to do so here. They know what they are willing and are not willing to produce – they are simply not doing it. Accordingly, Inform now seeks an order from the Court compelling Google to produce all source code related to the auction, serving, and functioning display of online video advertisements, as sought by Plaintiff's Requests and relevant to Plaintiff's claims.

Google should be able to provide a straightforward answer to Inform's requests. If the relevant source code for OLV advertising is already included, Inform will send its expert to review. Google should be required to confirm that the relevant OLV advertising code is produced prior to review by Inform's expert in order to avoid a waste of valuable time and resources by both parties.

IV.     Conclusion

As outlined above, Inform herein respectfully requests that the Court compel that (1) Google immediately produce the documents resulting from Inform's most recent proposed search strings of April 11, 2024, which were negotiated to identify documents responsive to Plaintiff's Supplemental Requests for Production of Documents, and (2) Google produce its source code related to the auction, serving, and functional display of online video advertisements, as sought by Plaintiff's Requests and relevant to Plaintiff's claims.

---

[10] In fact, due to the opaque nature of Google's responses, Inform intends to shortly serve additional interrogatories to Google in yet another attempt to clarify the source code issues.

Hon. P. Kevin Castel
April 17, 2024
Page 6

    We thank the Court for its consideration of this matter.

        Respectfully submitted,

        /s/ *Serina M. Vash*

        SERINA M. VASH
        New York Bar No.: 2773448
        svash@hermanjones.com
        **HERMAN JONES LLP**
        153 Central Avenue, # 131
        Westfield, NJ 07090
        (404) 504-6516

        JOHN C. HERMAN (admitted *pro hac vice*)
        jherman@hermanjones.com
        **HERMAN JONES LLP**
        3424 Peachtree Road, N.E., Suite 1650
        Atlanta, GA 30326
        (404) 504-6555
        (404) 504-6501 (fax)

        Counsel for Plaintiff Inform Inc.