UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION

No. 1:21-md-03010 (PKC)

**STIPULATION AND [PROPOSED] ORDER REGARDING
ADVERTISERS' CONSOLIDATED AMENDED COMPLAINT AND
*SINGH v. GOOGLE LLC* PUTATIVE CLASS ACTION COMPLAINT**

Defendants Google LLC ("Google"), Alphabet Inc. ("Alphabet"), Meta Platforms Inc. ("Meta"), the Advertiser Plaintiffs (as defined below) and Plaintiff Sunny Singh ("Singh," and collectively with the other defined parties, the "Parties") stipulate and agree as follows:

WHEREAS, on November 18, 2022, the Court stayed any motion practice on all state law claims in this MDL under Pre-Trial Order No. 4, without prejudice to the right of any party to apply to the Court to dissolve the stay ninety days after entry of the order (Dkt. 392);

WHEREAS, on December 2, 2022, Hanson Law Office, Cliffy Care Landscaping, Inc. and Kinin, Inc.[1] (collectively, the "Advertiser Plaintiffs") filed a Consolidated Amended Complaint (the "Advertiser Plaintiffs' CAC," Dkt. No. 399) asserting, *inter*

---

[1] Vitor Lindo, Raintree Medical and Chiropractic Center, LLC and Rodrock Chiropractic PA were also named Advertiser Plaintiffs at the time of filing (Dkt. No. 399). These plaintiffs later voluntarily dismissed their claims against Defendants on March 17, 2023 (Dkt Nos. 509-10).

*alia*, claims against Google and Meta arising from the Network Bidding Agreement ("NBA") based on Section 1 of the Sherman Act, 15 U.S.C. § 1 (Count III) and the Cartwright Act, Cal. Bus. & Prof. Code § 16720 *et seq.* (Count IV);

WHEREAS, on February 3, 2023, Google, Alphabet and Meta filed motions to dismiss the federal claims in the Advertiser Plaintiffs' CAC (Dkt. Nos. 446 & 460);

WHEREAS, on April 4, 2023, Plaintiff Sunny Singh filed an action against Google, Alphabet and Meta in the Central District of California (the "*Singh* Complaint," *Singh v. Google LLC*, 23-cv-02539 (C.D. Cal.)), similarly asserting, *inter alia*, claims against Google and Meta arising from the NBA based on Section 1 of the Sherman Act, 15 U.S.C. § 1 (Count III) and the Cartwright Act, Cal. Bus. & Prof. Code § 16720 *et seq.* (Count IV);

WHEREAS, on May 1, 2023, the *Singh* action was transferred to the Southern District of New York and consolidated and coordinated with the MDL for pre-trial proceedings (*Singh v. Google LLC*, 23-cv-03651 (S.D.N.Y.));

WHEREAS, on September 8, 2023, Google, Alphabet, and Meta filed motions to dismiss the federal claims in the *Singh* Complaint (Dkt. Nos. 625 & 628);

WHEREAS, on March 1, 2024, the Court dismissed the Advertiser Plaintiffs' and Singh's federal antitrust claim arising from the NBA against Meta, Google and Alphabet based on Section 1 of the Sherman Act (Count III) (Dkt. No. 701);

WHEREAS, on March 1, 2024, the Court entered an order, based on the stipulation of the parties (*see* Dkt. No. 588-1), that any ruling by the Court on the pending motions to dismiss the Advertisers' CAC, except a ruling regarding issues of individual

named plaintiffs' obligations to arbitrate claims against Defendants Google and Alphabet, would be deemed to apply to the *Singh* Complaint (Dkt. No. 702);

NOW THEREFORE, the Parties, through their respective counsel, hereby stipulate and agree as follows:

1. The Parties agree to the dismissal of the Advertiser Plaintiffs' and Plaintiff Singh's antitrust claims under California law arising from the NBA, which are set forth in Count IV of the Advertisers' CAC and Count IV of the *Singh* Complaint;

2. With the dismissal of Count IV of the Advertisers' CAC and Count IV of the *Singh* Complaint by virtue of this stipulation, all claims asserted in each complaint against Meta will have been dismissed;

3. This stipulation is not and shall not be construed as an admission by any Party regarding the merits of any claim in this litigation, including claims arising from the NBA;

4. Notwithstanding this dismissal, the Parties reserve all rights of appeal relating to the Advertiser Plaintiffs' and Plaintiff Singh's claims arising from the NBA.

**IT IS SO STIPULATED AND ORDERED.**

Dated:  April 10, 2024

| | |
|---|---|
| /s/ Dena C. Sharp<br><br>Dena C. Sharp<br>Jordan Elias<br>Scott M. Grzenczyk<br>Mikaela M. Bock<br>GIRARD SHARP LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Tel: (415) 981-4800<br>dsharp@girardsharp.com<br>jelias@girardsharp.com<br>scottg@girardsharp.com<br>mbock@girardsharp.com<br><br>Tina Wolfson<br>Ted Maya<br>Henry Kelston<br>AHDOOT & WOLFSON, PC<br>2600 W Olive Avenue<br>Burbank, CA 91505<br>Tel: (888) 333-8996<br>twolfson@ahdootwolfson.com<br>tmaya@ahdootwolfson.com<br>hkelston@ahdootwolfson.com<br><br>Jonathan Rubin<br>MOGINRUBIN LLP<br>2101 L Street N.W. Suite 300<br>Washington, DC 20037<br>Tel: (202) 630-0616<br>jrubin@moginrubin.com<br><br>*Counsel for the putative Advertiser Class and Plaintiff Sunny Singh* | /s/ Justina K. Sessions<br><br>Justina K. Sessions<br>FRESHFIELDS BRUCKHAUS<br>DERINGER US LLP<br>855 Main Street<br>Redwood City, CA 94063<br>Tel: (650) 461-8276<br>justina.sessions@freshfields.com<br><br>Robert McCallum<br>FRESHFIELDS BRUCKHAUS<br>DERINGER US LLP<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 284-4910<br>rob.mccallum@freshfields.com<br><br>*Counsel for Defendants Google LLC and Alphabet Inc.*<br><br><br>/s/ Kevin J. Orsini<br><br>Kevin J. Orsini<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Tel: (212) 474-1000<br>korsini@cravath.com<br><br>*Counsel for Defendant Meta Platforms Inc.* |