

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 461 8276 (Direct)
F +1 202 507 5945
justina.sessions@freshfields.com
www.freshfields.com

April 23, 2024

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *Inform Inc. v. Google LLC, et al.*, No. 1:23-cv-01530 (PKC)

Dear Judge Castel:

We write in opposition to Inform's letter motion dated April 17, 2024, ECF No. 751, regarding search terms and source code in response to Inform's Supplemental Requests for Production of Documents concerning online video advertising. The Court should deny Inform's Motion.[1] After carving itself out of this Court's November 2, 2023 resolution of open search term issues, Inform has spun its wheels for five months with a series of ill-formed search term proposals that yield millions of hits. To responsibly bring these negotiations to an end, and at the request of Inform, Google made a proportionate and reasonable counterproposal, attached hereto as **Exhibit 1** ("Google's Proposal") that is based on, and hews closely to, one of Inform's proposals. As to source code, Inform has yet to inspect the 80 gigabytes of code that Google has already made available but continues to issue incomprehensible and unsupported demands for more. Inform should inspect the code Google has produced and then explain why any specific additional production is warranted. No conference is scheduled.

**The Court Should Adopt Google's Search Term Proposal.**

Google has produced over 6 million documents. Although Inform complains that it has no documents responsive to its Supplemental Requests (which purportedly relate to the unique issues in Inform's complaint), Google has produced over one million documents that reference YouTube, and Google has applied search terms to the files of over a dozen custodians who worked on YouTube, including its current and former chief executive officers.[2] Google has also produced more than 260,000 documents that refer to Flash, more than 160,000 that refer to video advertising, more than 110,000 that refer to HTML5, and more than 30,000 that refer to online video or OLV. Inform's demands for still more

---

[1] The authority cited by Inform as support for their right to individualized discovery in this MDL have nothing to do with discovery disputes, but rather discuss dispositive motion practice and appeals. *See, e.g., Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408, 410 (2015) (finding that a plaintiff had a right to appeal dismissal despite MDL consolidation). Indeed, where *Gelboim* does actually mention discovery, it states that the purpose of MDL consolidation is to "eliminate duplication in discovery ... reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Id.* at 410.

[2] Inform had the opportunity to cross-notice a deposition of the current CEO of YouTube in October 2023 and chose not to do so.

documents should be considered against this background.  Google negotiated search terms and custodians with all MDL Plaintiffs, including Inform, over the course of 2023.  Those protracted negotiations lasted eight months and culminated in Plaintiffs filing a motion to compel on November 1, 2023, which included custodians and search terms sought by specific groups of Plaintiffs.  ECF No. 660.  The Court granted Plaintiffs' motion, ECF No. 664, and Google has substantially completed production of the documents responsive to the Court's Order.

Inform opted out of the Court's November 2, 2023 Order and told the Court that it intended to negotiate separately with Google.  Nov. 2, 2023 Conference H'rg Tr. 15:10-14 ("THE COURT:  Inform is not content with the additional search terms and the additional custodians which I just said I was prepared to give them.  You want to do a whole different round.  We'll carve you out of this, and we'll take you in due course.").  Inform could have then added 10 custodians and over 100,000 search term hits prior to de-duplication.  Instead, Inform chose to drag out negotiations over five months with intransigence and backtracking on its own positions, only to file a motion to compel millions of document hits two months before the close of fact discovery.

As Inform concedes, the parties have met and conferred over a dozen times.  Google has repeatedly offered constructive suggestions to Inform to assist in streamlining its own search term proposal, including by providing five rounds of hit counts and suggested proximity modifiers.  But Inform refuses to listen, and in each round of negotiations it has failed to streamline its search terms, even going so far as to introduce a litany of new terms last month.

Custodians are not in dispute.  Google agreed to add all ten of the custodians proposed by Inform.  Google has already run the 200+ previously agreed search terms across the files of those ten new custodians.  Google anticipates substantially completing that review and production on Tuesday, April 30, 2024.

On top of this, Inform demands a slew of new search terms be run.  But Inform's various search term proposals are wildly disproportionate to the needs of this case.  Inform's early demands were projected to bring in almost 40 million hits (and that was after Inform proposed an earlier round of search terms that was so facially flawed and duplicative of past discovery that it did not make sense to even run hit counts):[3]

- Inform's February 1 proposal was projected to yield **38 million** hits;
- Inform's March 1 proposal was projected to yield **25 million** hits;
- Inform's March 27 proposal was projected to yield **9.7 million** hits; and
- Inform's April 9 proposal was projected to yield **5.9 million** hits.

The latest iteration of Inform's search terms—which it presented to Google on April April 11—still yields an untenable **4.7 million** hits.[4]  It is wildly disproportionate to demand

---

[3] All search term hit counts noted in this letter are prior to de-duplication.
[4] Inform's Exhibit A misstates its own April 11 proposal.  That proposal limited Strings 6, 9, and 24 to documents dated on or before January 1, 2021, as set forth in Inform's Exhibit A.  However, it also limited Strings 14-16, 26, and 27 to documents dated on or before October 21, 2021, which is not reflected in Inform's Exhibit A.

that Google review so many documents *on top of* the millions of documents it has already reviewed and produced, especially in the two months of fact discovery that remain.

After Inform proved itself unable or unwilling to negotiate on reasonable terms, and after Inform asked multiple times that Google make its *own* proposal, Google propounded that Proposal in March, attached hereto as **Exhibit 1**.[5]  In summary, Google's Proposal:

- Includes 14 search strings exactly as drafted by Inform on March 1, and another four that Inform added during subsequent meet and confers;

- Reduces the breadth of certain proximity modifiers, and incorporates new proximity modifiers in five search strings (which Google has long explained is one of the most effective ways of ensuring that search terms are reasonably targeted at the relevant subject matter);

- Includes a date cutoff of the filing of Inform's initial complaint.  The Court has already determined that Inform "cannot obtain injunctive relief" because "Inform repeatedly alleges that it is no longer in business," ECF No. 709 at 25.  Inform has refused to tell Google when it went out of business and so the date of the Complaint is the nearest ascertainable date.

- Removes references to Android and mobile operating systems in three search strings because the Court dismissed Inform's monopoly leveraging claim related to Android.  *Id.* at 17-18;

- Removes two strings that each projected to sweep in over 10 million additional documents; and

- Modified one string to ensure that it tracks the structure of the DOJ investigation search string on which it was based.

Google's Proposal made no other changes.  A redline reflecting Google's Proposal against Inform's March 1 Proposal is attached as **Exhibit 2**.

Rather than focusing on open issues, Inform followed up with a March 27 Proposal that *broadened* the issues in dispute and ignored Google's Proposal.  *See* **Exhibit 3** (April 5 Letter detailing the flaws in the March 27 Proposal and the ways in which it was a step backwards).  For example, 14 strings in Inform's March 27 Proposal were *broader* than their corresponding strings in Inform's own March 1 Proposal, Inform backtracked on many search strings on which the parties were previously in agreement, and Inform injected brand new topics for the first time.

In order to responsibly bring these negotiations to an end, Google requests that the Court adopt Google's Proposal.  It yields a projected total of around 350,000 additional hits, prior to de-duplication.[6]  That is more than reasonable and proportionate, and is nearly equal to the amount of additional non-common search term hits that all other private plaintiffs in

---

[5] Inform's complaints that Google "refused" to supply its own proposal until March are meritless since the parties initially agreed to each provide their own proposed search terms for their own respective RFPs.
[6] The terms in Google's Proposal are projected to yield about 290,000 additional documents prior to de-duplication.  Then, to resolve the issues that remained outstanding following Google's Proposal, Google remains willing to negotiate additional search terms for a projected total of about 60,000 additional documents.

this MDL *combined* received based on the Court's November 2, 2023 Order. *See* ECF No. 664.[7]

### The Court Should Deny Plaintiffs' Requests For Additional Source Code.

Inform's inchoate demands for more source code should be denied because Inform has not shown that production of any additional source code would be necessary or proportionate. Google made available 80 gigabytes of source code in July 2023. Nearly ten months later, Inform has yet to even inspect that code and now, ignorant to the content of the enormous amount of source code that Google has made available for inspection, presses for more. Rather than look at the code that Google has made available, Inform has asked Google to make representations as to what the code contains that might be relevant to Inform's Supplemental Requests. And rather than reviewing that code, Inform is threatening to issue interrogatories regarding the content of the code. Inform should do its own work for the case it brought by inspecting the code and then tell Google what else, if anything, it thinks it needs.

The governing Confidentiality Order contemplates production of source code only when it "becomes necessary in these Actions." ECF No. 297, App. C ¶ 8. Google's source code contains sensitive proprietary information and trade secrets, and it is therefore **Inform's burden** to demonstrate that production of additional source code is relevant and necessary.[8] Inform therefore has it backwards: Inform wants Google to review its own production of source code and then represent to Inform whether more is necessary to meet Inform's vague requests. But as set forth below, Google does not understand many of Inform's requests while others are extremely broad and unsupported by any showing that source code production is necessary.

Inform has demanded eight categories of source code. The majority of them (Requests 1-4 and 8) appear to be duplicative of other Requests to which Google has already responded. Indeed, Google has produced source code relating to the selection and delivery of ads, including the code for Enhanced Dynamic Allocation. If Inform contends otherwise then it should inspect the code that has been available for over eight months and then explain why the Supplemental Requests are non-duplicative.

Inform's remaining categories (Requests 5-7) are vague and overbroad. And more importantly, Inform has failed to explain why a production of source code is necessary on any of these topics.

Request No. 5 asks for "Algorithms used to implement or detect violations of TrueView Policy." But TrueView Policy was not mentioned *anywhere* in Inform's Second Amended complaint, its First Amended Complaint, or its original complaint. And when Google asked Inform to at least confirm that this request's scope was cabined to video advertisements (first in its April 5 Letter and then repeatedly in an April 9 Meet and Confer), Inform refused to do so. Two days *after* filing this motion Inform added allegations that

---

[7] The Court ordered Google to run nine additional search strings, five of which were unique to particular private plaintiffs. Those non-common search strings yielded approximately 369,000 hits.
[8] "Where documents sought in discovery contain trade secrets, they may be discoverable" only once the requesting "party demonstrates that disclosure of the confidential information is relevant and necessary." *Millennium Health, LLC v. Gerlach*, 2015 WL 9257444, at *2 (S.D.N.Y. Dec. 18, 2015) (citation omitted).

specifically mention TrueView in its proposed Third Amended Complaint.[9] Yet Inform represented to the Court that the proposed Third Amended Complaint "will neither impact the scope of discovery nor will the filing of the TAC cause these proceedings to be delayed." ECF No. 758. Moreover, these new TrueView allegations do not require the production of source code. Inform alleges that Google "selectively enforced" a "TrueView policy" against Inform. ECF No. 758-1 ¶¶ 320-321. Inform never explains why production of source code used to "implement" or "detect violations" is necessary, proportional, or relevant to the case.

Request No. 6 asks for a "Viewability algorithm affecting whether an advertisement was not serviced despite its status in an auction." It is unclear to Google what Inform means by an algorithm that affects "whether an advertisement was not serviced despite its status in an auction," and the paragraphs in the Second Amended Complaint cited by Inform do not provide any more clarity. And when Google requested that Inform confirm that the term "advertisement" here was limited to video advertisements, Inform refused to do so.

Request No. 7 is wildly overbroad because it seeks "Algorithms implementing the serving or playing of video ads in a Chrome Browser or on YouTube and any related settings, including size of player, autostart, audibility, 'intelligent pausing' of video ads for OLV ad platforms." As Google has explained repeatedly to Inform, this source code demand as drafted would include essentially all code for YouTube. Google has repeatedly asked Inform which aspects of this request it is most interested in, and even suggested that the parties at least *begin* negotiations by limiting the request to the four items that Inform has non-exhaustively listed, i.e. "size of player, autostart, audibility, and 'intelligent pausing.'" Yet even that request would be overbroad and disproportionate to the needs of Inform's video allegations, which focus on how the deprecation of Adobe Flash advertisements specifically impacted video functionality.[10] Inform has not clarified why source code is relevant to these allegations, let alone necessary to produce. Inform has refused to engage in productive discussion over the scope or meaning of this request, most recently in the April 9 Meet and Confer, when in response to Google's requests for clarification, Inform stated, "we're done."

**Inform's Remaining Contentions Lack Merit**.

We take this opportunity to correct a few of the misstatements and mischaracterizations in Inform's Motion.

*First*, Inform complains that "Google refuses to produce documents unless Inform capitulates to all of Defendants' unilateral demands as to the remaining disputed search strings." Inform Ltr. at 4. Not so. As a baseline, Google offered to commence review of an estimated 290,000 additional documents (pre-deduplication) that gave Inform most of what it asked for, while also offering to negotiate 60,000 additional document hits to meet Inform's remaining demands. Inform declined to limit itself to a finite number of documents while also insisting that Google run Inform's own proposal. Google cannot agree to a floor of 290,000 documents based on Google's Proposal when Inform won't agree to a ceiling and insists on seeking millions of additional documents based on a different set of search terms.

---

[9] Inform repeatedly assured Google during the meet and confer process that it had everything it needed to comprehend its source code requests and that "everything was in the complaint." Inform's recent amendments belie those representations.

[10] *See* December 16, 2023 Inform Letter, ECF No. 751, Ex. B (citing paragraphs 262-266 of Inform's Second Amended Complaint as the basis for Requests 5-6, and paragraphs 241-254, 255-261 of the Second Amended Complaint as the basis for Request 7).

*Second*, Inform leans on de-duplication to minimize the burden imposed on Google, baselessly assuming that there may be a de-duplication rate of nearly 70%. See Inform Ltr. at 3 n.3. Google is unsure of the source of that figure, but we would expect to see a lower de-duplication rate. For example, when the Court ordered Google to run additional search strings on November 2, 2023, the documents identified by those strings had a de-duplication rate of 53%. In any event, even using Inform's assumed 70% de-duplication rate, Inform's proposal would require Google to review over 1.4 million more documents, which would still be disproportionate.

\* \* \*

Inform's motion should be denied. The Court should adopt Google's Proposal for purposes of determining the search terms to be used in connection with responding to Inform's Supplemental Requests. The court should also deny Inform's demands for additional source code, especially since Inform has not inspected the massive volume of code that Google has already produced.[11]

        Respectfully submitted,

        */s/ Justina K. Sessions*
        Justina K. Sessions
        FRESHFIELDS BRUCKHAUS
        DERINGER US LLP
        855 Main Street
        Redwood City, CA 94063
        Telephone: 650-618-9250
        Email: justina.sessions@freshfields.com

        *Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)

---

[11] It appears that Inform may finally be prepared to send its expert to review the produced code. Just today, Inform disclosed to Google its source code expert "who will review Google's source code which has and will be made available in this litigation."