# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

April 24, 2024

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

        **Re:** *In re Google Digital Advertising Antitrust Litig.*, **No. 1:21-md-03010 (PKC);**
        *Inform Inc. v. Google LLC*, **et al. No. 1:23-cv-01530 (PKC)**

Dear Judge Castel:

    We write as counsel to plaintiff Inform Inc. ("Inform") in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC) (the "Inform Action"), to request that the Court order lead counsel for Defendants to meet and confer with Plaintiff and to correct the record as respects Defendants' April 23, 2024 Response in Opposition (ECF. No. 760 "Opp. Ltr.") to Inform's Letter Request to compel production of (1) documents that respond to Plaintiff's Supplemental Requests for Production of Documents ("SRFPs") and negotiated search strings, and (2) source code related to online video advertisements. No conference is scheduled at this time.[1]

    Plaintiff Inform has worked diligently during negotiations with Defendants to make an adequate proposal to Defendants.[2] Throughout December, January and into February, we asked

---

[1] Pursuant to 3B of Your Honor's Individual Practices concerning Discovery Disputes, Local Civ. Rule 37.2, and Fed. R. Civ. P. 37(a)(1), the undersigned certifies that the Plaintiff Inform has in good faith conferred or attempted to confer with counsel for Defendants Google, Alphabet and YouTube (collectively "Google") in an effort to resolve these disputes in advance of filing this letter. As stated herein, lead counsel for Defendants was never present.

[2] We do not here attempt to address the many statements in Defendants' April 23, 20024 Letter that require correction. By way of example only: (1) Google has already agreed to produce additional source code, they just won't say what or when (compare Opp. Ltr. at 6); (2) as we understand it, Google's "10 custodians and over 100,000 search term hits" offer was for *all* MDL Plaintiffs, addressing none of Inform's specific requests, and which the Court rejected (Opp. Ltr. at 2); (3) Google unwaveringly refused to search for YouTube documents in the MDL and removed references to YouTube from the Investigation Search Terms when those terms were run because "YouTube . . . is not at issue in these actions" (*see* February 27, 2023 Letter from Justina Sessions at 2, n.3.), holding firm on their position that "YouTube is irrelevant to the claims and defenses in the actions" (*see* April 27, 2023 Letter from Rob McCallum at 4)"; and (4) both Plaintiff Inform and the State of Texas AGs repeatedly reserved the right

that Defendants work with us and please give us their edits to our search terms. We were expressly told that Google "prefers not to" and that they wanted us to go back and try again. Repeatedly, we asked counsel to please *call us* to discuss terms rather than retreat back, run our edited terms for hit counts and come back a month later to tell us why our search strings didn't work. Each time we spoke, it was clear that Google had no intention of negotiating with us until the Court ruled on Defendants' pending motion to dismiss. It was also clear that there was never a decisionmaker for Google present or involved. Absent moving to compel back then, we could not force Google to engage or, sometimes, even to respond to us at all.[3]

On February 1, 2024, we sent a "final" omnibus letter, attached hereto for Chambers only as Exhibit A stating: "You are preventing us from preparing our case. . . .We propose two additional meet and confers in the next ten days and are prepared to go before the Court as respects any matter we cannot agree on. Our hope is to keep that list limited or to come to agreement in full forthwith." (February 1, 2024 Letter at 10-11).

In response, Defendants did two things. First, they scheduled the first of our two requested meet and confers for February 7, 2024. We met for 10 minutes that day (rather than the hour that our four attorneys had reserved) so that Google could tell us that the only person in their shop who could respond to our search terms was away for another week and that we should reschedule when he (Mr. Brandon) was available. Second, on February 9, 2024 *Google moved to compel* for Inform to file a *second supplement* to our interrogatory responses. (ECF. No. 692). Google neither told us that they intended to do so, nor used the remaining 50 minutes of our February 7, 2024 meet and confer to discuss or try to come to agreement before bringing the issue to the Court. Indeed, because Google did not raise it, we thought the issue had been resolved when we supplemented our interrogatories for the first time. Moreover, they failed in their letter motion to this Court (ECF. No. 692) to even mention to the Court the wasted meet and confer just 48 hours earlier.

On February 12, 2024, the Court ordered that "Lead counsel for the parties are directed to meet and confer on the dispute on or before February 15, 2024" and confirm that they have done so with the Court by February 16, 2024. (ECF. No. 693) Following the Court's Order, Ms. Sessions came to a meet and confer for the first (and then a second) time. The parties came to agreement and so informed the Court in a joint letter. (ECF. No. 695). Unfortunately, Ms. Sessions had attended none of the meet and confers with the MDL Plaintiffs originally and has attended none with Plaintiff Inform regarding its SRFP concerning OLV search terms and source

---

to depose YouTube's CEO, citing over and again both Google's refusal to produce YouTube documents to Plaintiff Inform and its failure to review millions of documents and produce relevant documents in a timely manner (Opp. Ltr. at 1 n. 2). Moreover, mega-monopolist Google's rote recitation that it produced some tiny portion of documents that refer to "video advertising" or "HTML5" or "online video" – without any context – is unavailing (Opp. Ltr. at 1).

[3] Indeed, Defendants have been so opaque and have so stonewalled that Plaintiff Inform intends to request that the Court permit a limited set of Interrogatories to narrow the disputed issues, including as stated in our Letter Motion (ECF. No. 751) to clarify the source code issues.

Hon. P. Kevin Castel
April 24, 2024
Page 3

code.

      Defendants' April 23, 2024 Response Letter is intended to wrongly paint Plaintiff Inform as unreasonable. The problem is not that "Inform refuses to listen" (Ltr. Opp. at 2), but rather that Defendants have never legitimately engaged. As such, we respectfully request that the Court order that Ms. Sessions (or other "lead counsel") meet with Plaintiff's lead counsel to resolve the dispute next week and certify the same to the Court by Friday, May 3, 2024. In the alternative, Plaintiff Inform respectfully requests (1) that the Court order Defendants to produce documents and code pursuant to Plaintiff's OLV search terms and source code as requested on April 17, 2024; or (2) that the Court schedule a conference to resolve the dispute and order counsel for Defendants who engaged in the negotiations with Plaintiff Inform to appear to address the Court.

      We thank the Court for its consideration of this matter.

      Respectfully submitted,

/s/ *Serina M. Vash*

SERINA M. VASH
New York Bar No.: 2773448
svash@hermanjones.com
**HERMAN JONES LLP**
153 Central Avenue, # 131
Westfield, NJ 07090
(404) 504-6516

JOHN C. HERMAN (admitted *pro hac vice*)
jherman@hermanjones.com
**HERMAN JONES LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6555
(404) 504-6501 (fax)

Counsel for Plaintiff Inform Inc.