

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
   +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

April 25, 2024

Re:   *In re Google Digital Advertising Antitrust Litigation,* No. 1:21-md-03010 (PKC)

Dear Judge Castel:

I write on behalf of Defendants Google LLC, Alphabet Inc., and YouTube, LLC in opposition to Plaintiffs' Letter Motion, ECF No. 755, in which they request 12 additional depositions beyond the 15-deposition limit previously permitted in Pre-Trial Order No. 5 ("PTO-5"). ECF No. 394. Plaintiffs have not met their burden to justify additional depositions. First, Plaintiffs have yet to exhaust their allocation of depositions—including the Rule 30(b)(6) deposition which they acknowledge they intend to take. As a result, Plaintiffs cannot establish that there are other deponents with incremental "unique knowledge" beyond the depositions that they have yet to take. Second, the scope of this case has narrowed significantly since the Court established a limit of 15 depositions per side. Parties have departed this MDL, and claims have been pruned or dismissed. Moreover, Plaintiffs have access to dozens of transcripts from the pre-suit investigation and coordinated discovery with the Virginia Case[1]—as well as certain transcripts from the *Search* trial.[2] Against that backdrop, and with multiple depositions still available to them, Plaintiffs have not shown that there are other deponents with incremental "unique knowledge" to warrant additional depositions. No conference is scheduled.

In Pre-Trial Order No. 2, the Court stated that it was "open to expanding the number of deponents above the presumptive limit in Rule 30(a)(2)(A)(1)." PTO-2, ECF No. 309 at 3. In PTO-5, the Court went above that "presumptive limit" by setting a deposition limit of 15 fact witnesses per side. PTO-5, ECF No. 394 at 3. The Court has stated that any requests for

---

[1] *United States v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.).
[2] *United States, et al., v. Google LLC*, No. 20-cv-03010 (D.D.C.).

additional depositions will require the requesting party "to persuade me why you need who you need when you're going above the limits." Hr'g Tr. (Apr. 19, 2022, 58:1-3), ECF No. 291. Plaintiffs have not even reached the deposition limit allocated to them in PTO-5 and, in any event, have failed to show that they are entitled to more.

In the 17 months that have elapsed since the Court entered PTO-5, the scope of this case has narrowed significantly:

- In November 2023, State Plaintiffs were remanded to the Eastern District of Texas. State Plaintiffs had occupied two of the five seats on the Discovery Steering Committee, and their Complaint served as the "bellwether" pleading for purposes of determining whether and to what extent discovery should proceed.

- By February 2024, all individual Newspaper Plaintiffs voluntarily dismissed their claims. *See* ECF No. 701 at 45 (citing ECF Nos. 671-674, 677-679, 699).

- On March 1, 2024, the Court issued an Opinion and Order dismissing several allegations advanced by Plaintiffs remaining in the MDL, including allegations related to Search, problematic code, and Accelerated Mobile Pages. ECF No. 701. The Court also confirmed that "[n]o plaintiff ha[d] plausibly stated a claim for relief premised upon on the terms of the [Network Bidding Agreement]." *Id*. at 3.

- On March 7, 2024, the Court issued a further Opinion and Order dismissing several of the claims advanced by Plaintiff Inform, including allegations related to the implementation of minimum bid to win, the encryption of user IDs, and leveraging of Search and Android. ECF No. 709.

As discovery draws towards a close, Plaintiffs have amassed an enormous amount of discovery. In addition to Google producing over 6 million documents, 200 terabytes of data, and making available for review more than 81 gigabytes of source code, Plaintiffs also have access to the following bank of deposition transcripts:

- 34 Google depositions taken by the Department of Justice in its pre-suit investigation;[3]

- 10 Google depositions taken by the DOJ during the period of coordinated discovery with the Virginia Case;

---

[3] These former and current Google employees are custodians in this MDL.

- 24 third-party depositions taken by parties to the Virginia Case during the period of coordinated discovery; and

- 7 trial transcripts from the *Search* case comprising testimony by Google employees who were also custodians in this case. (Plaintiffs demanded these transcripts as part of discovery in this MDL).

But that enormous pile of transcripts is purportedly not enough for Plaintiffs. Following remand of the State Plaintiffs' case, the remaining MDL Plaintiffs (via the State Plaintiffs) lobbied the Texas Court to endorse an attempted end run around this Court's 15-deposition limit. *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.), ECF No. 230 at 11 ("The States' proposal would permit MDL Plaintiffs to 'tag-along' on depositions noticed in this case, giving MDL Plaintiffs potentially up to 40 hours of deposition time without having to cross-notice the depositions and not having such depositions count against the limit in the MDL."). This Court has since denied entry of the proposed coordination order on the grounds that, "[w]ith 80% of the fact discovery period having passed . . . [n]ow is not the time to start cross-notices of depositions in the action in the Eastern District of Texas." Pre-Trial Order No. 8 ("PTO-8"), ECF No. 708 at 1.

Undeterred, Plaintiffs continue to pursue deposition transcripts from the Texas Case. Plaintiffs recently demanded that Google produce all transcripts of Google employees from the Texas Case regardless of relevance to the issues in dispute in this case. And on April 19, 2024, Magistrate Judge Anderson denied a request by the DOJ seeking depositions from the Texas Case on the basis that, among other things, additional depositions being available in Virginia may impact the MDL because of the Coordination Order.

> I'm concerned that the MDL Court has denied a similar request. And we are coordinating with the MDL Court, and for our Court to take a different position than the MDL Court, whether it could be used as a back door for the MDL Plaintiffs [to obtain Texas transcripts] or not, I think is an open issue . . . there may be the opportunity to share that information with the MDL Plaintiffs [which] would again be backdooring Judge Castel's denial of a request [for coordination with the Texas Case].

*United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.), Hr'g Tr. (Apr. 19, 2024, 22:2-12).

Against this backdrop, Plaintiffs' request for another 12 depositions is unwarranted. Plaintiffs have yet to even exhaust their allocation. This Court stated last year, "certainly any such application [for increasing the deposition limits] is going to be measured through the lens of

how opportunities for efficiencies and coordination have been utilized." Hr'g Tr. (May 16, 2023, 30:4-7 ), ECF No. 560.

Plaintiffs' conduct to date has not demonstrated efficiency or coordination. Critically, Plaintiffs acknowledge that they intend to serve Google with a Rule 30(b)(6) deposition notice but have yet to do so. ECF No. 755 at 1. But without having taken that testimony—or the testimony of the other fact witnesses available to them under their allocation—Plaintiffs cannot establish that additional depositions are needed. Put another way, Plaintiffs' various assertions that additional deposition candidates have "unique knowledge" are not credible when they have yet to exhaust the depositions they have available to them, including any Rule 30(b)(6) deposition. Nor have they established why they *need* this additional testimony when going above the limits.

Google, for its part, intends to abide by the deposition limits set by the Court even though—unlike Plaintiffs, who can and should be coordinating on depositions—Google faces claims from advertisers, publishers, and other private plaintiffs based on multiple fact patterns.

\* \* \*

The Court has stated that discovery in this case should be "winding down." PTO-8, ECF No. 708 at 1. Google agrees. Plaintiffs have not articulated good cause to expand the scope of discovery at this late stage of proceedings, and their request for additional depositions should be denied.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions

FRESHFIELDS BRUCKHAUS
DERINGER US LLP

855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

*Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)