

CRAIG M. REISER
114 WEST 47TH STREET
NEW YORK, NY
212.728.2218
CREISER@AXINN.COM

April 26, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
              *Gannett Co. Inc. v. Google LLC, et al.*, No. 1:23-cv-05177 (PKC)
              *Associated Newspapers Ltd. v. Google LLC, et al.*, No. 21-cv-03446 (PKC)

Dear Judge Castel:

      On behalf of Defendants Google LLC and Alphabet Inc. (collectively, "Google"), we write pursuant to Pre-Trial Order No. 10 (ECF No. 736) to set forth objections to (1) the proposed Amended Complaint ("AC") filed by Plaintiff Gannett Co., Inc. ("Gannett"), *see* ECF No. 757-3; and (2) the proposed Second Amended Complaint ("SAC") filed by Plaintiffs Associated Newspapers Ltd. and Mail Media, Inc. (together, "Daily Mail"), *see* ECF No. 757-1. Pursuant to Your Honor's Individual Practices, we note that there is no conference scheduled at this time.

      Neither Gannett nor Daily Mail should be permitted to file their proposed amended complaints. As explained in greater detail below, their proposed amendments do not cure their deficient state law claims, and accepting their invitation to defer consideration of the sufficiency of those claims would prejudice Google. First—and despite having over 6 million documents produced by Google along with voluminous other discovery—Gannett and Daily Mail fail to muster new allegations to cure the deficiencies identified in Google's pre-motion letter to dismiss Gannett's and Daily Mail's state law claims. *See* ECF No. 719. Second, contrary to Gannett's and Daily Mail's assertions, the proposed amended complaints would impact the scope of discovery because they attempt to inject back into the case conduct that the Court dismissed in its March 1 Opinion and Order, ECF No. 701 (the "March 1 Order").

      Accordingly, Google respectfully requests that the Court (1) deny Gannett's and Daily Mail's requests for leave to amend their complaints; and (2) dismiss Gannett's and Daily Mail's state law claims for the reasons set forth in Google's pre-motion letter to dismiss and reply in support of that pre-motion letter, *see* ECF Nos. 719 and 732.

April 26, 2024
Page 2

I.  **Gannett's and Daily Mail's Proposed
    Amendments Do Not Save Their Deficient State Law Claims**

In seeking permission to file proposed amended complaints, Gannett and Daily Mail represented that "the factual record ha[d] developed significantly" and that they should be permitted to advance facts from that record to put forth their "'strongest and best pleading[s]' before any formal motion to dismiss" their state law claims. ECF No. 728 at 1. Yet, despite having the benefit of "approximately 6.2 million" Google-produced documents, *id.* at 2, Gannett and Daily Mail have added only a handful of allegations to attempt to support their deficient state law claims. Gannett's proposed Amended Complaint adds only 9 new paragraphs, revises another 10, and specifically adds new references to only a handful of documents. Daily Mail's proposed Second Amended Complaint adds 13 new paragraphs, revises another 8, and specifically adds new references to only a handful of documents.

None of these new or modified allegations cure the many deficiencies Google identified in its pre-motion letter. For example, Google argued in its pre-motion letter that Gannett and Daily Mail fail to plead with particularity that they "reasonably relied" on alleged material misrepresentations by Google or that they "use[d] the means available to [them] to verify the truth of the information upon which they relied." ECF No. 719 at 4 (internal quotations and citation omitted). With respect to Dynamic Allocation, Gannett and Daily Mail now allege only that they "reasonably relied on [certain] assurances, which [they] had no reasonable means of verifying." AC ¶ 147; SAC ¶ 124. It is black letter law that these kinds of vague allegations do not and cannot suffice to state a claim—much less one that must be pleaded with particularity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim (internal quotations and citation omitted)).

Accordingly, each of the arguments identified in Google's pre-motion letter applies with just as much force to Gannett's and Daily Mail's proposed amended complaints as it did to their operative complaints. *See* ECF No. 719. This alone is a sufficient basis on which to deny Gannett and Daily Mail leave to make their proposed amendments and to dismiss Gannett's and Daily Mail's existing state law claims.

II.  **Allowing Gannett and Daily Mail to Proceed on
     Their Deficient State Law Claims Would Prejudice Google**

In addition, Gannett's and Daily Mail's proposed amendments would prejudice Google by muddying the bounds of discovery to be completed in the remaining two months before the fact discovery deadline.

This Court's March 1 Order dismissed Gannett's federal law claims predicated on Exchange Bidding, the encryption of user IDs, AMP/leveraging Search, and line-item capping, *see* ECF No. 701 at 53-62; and dismissed Daily Mail's federal law claims predicated on Exchange Bidding, the encryption of user IDs, AMP/leveraging Search, and alleged changes to Google's Search algorithm, *see id.* at 45-52. But Gannett's and Daily Mail's existing complaints incorporate by reference all the conduct of which they complain into both their federal and state

April 26, 2024
Page 3

law claims. To clarify the scope of Gannett's and Daily Mail's claims following this Court's March 1 Order dismissing significant portions of their federal law claims, Google accordingly invited Gannett and Daily Mail to conform their complaints to the Court's ruling. They declined to do so, claiming without elaboration that there was no "ambiguity or confusion" about what conduct remains in the case. *See* ECF No. 712-4 at 5-6, 2.

The history since that point demonstrates otherwise. In making a document production on March 16, for example, Daily Mail unilaterally withheld "documents [Daily Mail] determined to be relevant only to its claims regarding Google [S]earch that were dismissed by Judge Castel." Ex. A at 1. After Google twice asked Daily Mail to clarify its position and identify which specific allegations it is no longer relying on in support of its state law claims—once on March 19, *see* Ex B at 1, and again by letter on March 26, *see* Ex. C at 2—Daily Mail responded on April 5 by stating that "[i]t would be inefficient and potentially confusing to comment on which numbered paragraphs" Daily Mail had treated as dismissed in light of its forthcoming proposed amended complaint.[1] Accordingly, and given that Gannett's and Daily Mail's claims have closely mirrored one another in the past, Google proceeded to take discovery of Gannett and Daily Mail with the understanding that their proposed amended complaints would soon clarify (and, indeed, narrow) the scope of the case in accordance with this Court's March 1 Order.[2]

Not so. Far from modifying their complaints to acknowledge that this Court considered and rejected many of Gannett's and Daily Mail's legal theories, Gannett and Daily Mail have left in every allegation from their operative complaints that has already been dismissed as to Gannett's and Daily Mail's federal claims—including those related to Search, for which Daily Mail over a month ago refused to produce relevant documents on the basis of this Court's March 1 Order. *See* SAC ¶ 278.b (Daily Mail identifying an alleged misrepresentation regarding "monetization on AMP pages" (i.e., Search-related conduct) as underlying Daily Mail's New York Unlawful Deceptive Acts or Practices ("NY UDAP") claim). All of those allegations that Gannett and Daily Mail have retained in their proposed amended complaints are incorporated by reference into their state law claims. *See* AC ¶¶ 279, 293, 298 (incorporating by reference all foregoing allegations into Gannett's NY UDAP, common law fraud, and unjust enrichment claims); SAC ¶¶ 270, 283 (incorporating by reference all foregoing allegations into Daily Mail's NY UDAP and common law fraud claims). To add to this confusion, the few revisions Gannett and Daily Mail did make to their complaints propose specific amendments to their state law claims that address some—but certainly not all—of the conduct described throughout their complaints. *See, e.g.*, AC ¶ 287 (Gannett adding allegations related to Dynamic Revenue Share and Project Bernanke to its NY UDAP claim); SAC ¶ 278 (Daily Mail adding allegations related to Enhanced Dynamic Allocation, AMP, Dynamic Revenue Share, Project Bernanke, and Unified Pricing Rules to its NY UDAP claim).

---

[1] Because Daily Mail has designated the entirety of its April 5, 2024 letter as Highly Confidential, Google has not included Daily Mail's April 5 letter as an exhibit, and Google has limited its discussion of the letter to the characterization of the legal arguments Daily Mail makes therein. Google will promptly submit this letter to the Court upon request.

[2] For example, Google did not object to Daily Mail's refusal to produce Search-related documents based on Daily Mail's representation that it was treating Search-related claims as dismissed.

April 26, 2024
Page 4

      To productively complete discovery by the June 28 deadline, Google needs to understand where to focus its efforts in the remaining two months. Contrary to Gannett's and Daily Mail's suggestion that *Google*'s compliance with its discovery obligations is the only thing standing in the way of meeting that deadline, *see* ECF No.757 at 2, Gannett and Daily Mail have many discovery obligations that they have yet to meet.[3] Google has already been forced to seek this Court's intervention once to obtain compliance with those obligations. *See* ECF No. 729. Especially in this light, the suggestion in Gannett's and Daily Mail's proposed amended complaints that Gannett and Daily Mail are pursuing the broadest possible set of conduct under the auspices of their state law claims is highly prejudicial—especially after their counsel refused to clarify the scope of Daily Mail's claims in the meet-and-confer process and suggested, contrary to their proposed amendments, that they were no longer relying on theories this Court has dismissed from their federal law claims. Gannett and Daily Mail should not be allowed to withhold from Google documents on claims they determined are no longer in their cases and then reassert those very same claims against Google.

      As Gannett's and Daily Mail's gamesmanship in discovery demonstrates, this Court's guidance as to what conduct remains in the case is needed to set the bounds of discovery for the remaining two months—and, as Google demonstrated in its reply in support of its pre-motion letter to dismiss, the expert discovery that will follow thereafter. *See* ECF No. 732 at 3-4 (citing *Millgard Corp. v. E.E. Cruz/Nab/Frontier-Kemper*, 2002 WL 31812710, at *6 (S.D.N.Y. Dec. 12, 2002) for the proposition that leave to amend should be denied where amendment would require "further fact and expert discovery").

* * *

      For all of these reasons, Google respectfully requests that the Court deny Gannett's and Daily Mail's requests for leave to amend their complaints; and dismiss the state law claims in Gannett's and Daily Mail's operative complaints for the reasons set forth in Google's pre-motion letter and reply. *See* ECF Nos. 719, 732.

                                            Respectfully submitted,

                                            /s/ Craig M. Reiser
                                            Craig M. Reiser
                                            Daniel Bitton
                                            Denise L. Plunkett
                                            Eva H. Yung
                                            Claire L. Haws
                                            AXINN, VELTROP & HARKRIDER LLP

---

[3] For example, despite agreeing to produce documents from the custodial files of two custodians nearly three months ago and being ordered to produce documents from the custodial files of another two custodians approximately a month ago, Daily Mail has yet to provide a date for substantial completion of production of documents from those custodians' files. Similarly, Gannett agreed to make rolling productions of documents and to substantially complete its production of go-get documents by March 31, but it did not make a single production between February and April 16—i.e., more than two weeks *after* the agreed-upon deadline for substantial completion—and has yet to substantially complete productions as to at least one custodian or provide a date certain by which it will do so.

April 26, 2024
Page 5

        114 West 47th Street
        New York, New York 10036
        Telephone: (212) 728-2200
        Fax: (212) 728-2201
        creiser@axinn.com
        dbitton@axinn.com
        dplunkett@axinn.com
        eyung@axinn.com
        chaws@axinn.com

        Bradley Justus (*pro hac vice*)
        AXINN, VELTROP & HARKRIDER LLP
        1901 L Street NW
        Washington, DC 20036
        Telephone: (202) 912-4700
        Fax: (202) 912-4701
        bjustus@axinn.com

        Caroline P. Boisvert (*pro hac vice*)
        AXINN, VELTROP & HARKRIDER LLP
        90 State House Square
        Hartford, Connecticut 60103
        Telephone: (860) 275-8100
        Fax: (860) 275-8101
        cboisvert@axinn.com

CC: All Counsel of Record (via ECF)