**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

April 29, 2024

**Via ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of MDL Plaintiffs, we reply to Google's letter response of April 25, 2024 (ECF 764) to Plaintiffs' letter motion seeking leave to take the depositions of additional specified witnesses. No conference is scheduled at this time.

This multi-district litigation currently consists of two class actions and three individual actions. Were these cases litigated separately, the Plaintiffs would be entitled to at least 50 depositions under the Federal Rules. While a core set of conduct underlies this MDL and there is substantial overlap between the facts relevant to the cases being separately prosecuted by the U.S. Department of Justice and the State of Texas, each Plaintiff or Plaintiff group in this MDL must gather evidence specific to its respective case. The current limit of 15 depositions for all Plaintiffs does not afford Plaintiffs a fair opportunity to conduct deposition discovery related to the claims in question.

The multiple Plaintiffs groups (publishers, advertisers, and a competing online video advertising platform) collectively challenge more than a dozen anticompetitive acts across at least five distinct markets, and also assert claims of fraud or unfair competition for which the DOJ had no reason to develop evidence. Google's recent Answers also raise at least 20 defenses, many of which require factual development. Documents alone are often insufficient to understand and explain the various complex issues that run across the claims and defenses in this MDL. Additional deposition testimony is required.

Notably, Google declines to address any of the identified witnesses or explain why their testimony would be duplicative. Google ignores a full 16 paragraphs of analysis (and more) in support of the proposed deponents, including nearly 50 cited documents. Google's replacement refrain, that the MDL has been "narrowed significantly," reflects wishful thinking and says nothing about these witnesses. This Court's March 1, 2024, Order (ECF 701) dismissed some claims and removed the only other defendant, Meta, with which Google would have had to vie for depositions, but that Order, and this Court's March 26, 2024, Order (ECF 736) otherwise

Hon. P. Kevin Castel
April 29, 2024
Page 2 of 3

confirmed the broad scope of the antitrust conduct and state-law claims that remain in this case. Plaintiffs' claims have not "narrowed" in any manner that would make the requested depositions unnecessary.

Likewise irrelevant is Google's assertion that MDL Plaintiffs already received a "pile of [deposition] transcripts" mostly taken during the governmental investigation phase. Despite its alleged enormity, nowhere in the "pile" does Google identify a single duplicative deposition. It is thus undisputed that each deponent has unique and relevant knowledge—which establishes good cause for the requested depositions.

Plaintiffs have diligently worked to economize this case with available materials and through coordination. Google, meanwhile, has gamed "coordination" by withholding relevant materials to generate delay while cross-producing material where Google benefits. In the past week alone, Google took opposing positions on coordination between the DOJ and Texas cases, attempting to foreclose sharing transcripts from the Texas Action to the DOJ case in the EDVA while simultaneously seeking to inject voluminous non-party discovery from the DOJ case into the Texas Action. *See* U.S. Department of Justice Statement of Interest, *State of Texas v. Google LLC*, No. 21-cv-957 (SDJ) (E.D. Tex. April 26, 2024), ECF 430, at 1-2, 5-7 (attached as **Exhibit A**).[1]

As for Google's gamesmanship in the MDL, Google still refuses to provide transcripts from the Texas Action of depositions of its current and former employees, in response to Plaintiffs' properly propounded requests for production. Those transcripts—from what was to be the MDL bellwether case—unquestionably contain relevant testimony in the form of admissions by Google and its agents that the Federal Rules should permit Plaintiffs to use.[2] Google itself previously agreed that Plaintiffs can use similar deposition testimony from the EDVA case for any permissible use under the Federal Rules. *See* ECF 564 at 9-10 (¶ 3.f). Now, however, Google sees an opportunity to prejudice Plaintiffs' ability to prove our cases by artificially limiting Plaintiffs' ability here to take discovery while it has substantial opportunities to take discovery, using the same counsel, across three cases.

In sum, to give the MDL Plaintiffs a fair opportunity to properly develop our respective cases, Plaintiffs respectfully ask that the Court grant Plaintiffs' request for additional depositions. To the extent necessary, Plaintiffs respectfully request a conference to resolve this dispute.

---

[1] Google's invocation of EDVA Magistrate Judge Anderson's denial of DOJ's request, made nearly five months after the close of fact discovery, for transcripts of depositions taken in the Texas Action is a non sequitur. *See* ECF 47 at 3. Magistrate Judge Anderson's ruling has no bearing on the issue in this motion: whether the requested depositions would be unnecessary, duplicative, or disproportionate in this case.

[2] Having lost patience with Google's game-playing and delay, Plaintiffs gave notice of our intent on April 29, 2024, to subpoena the deposition transcripts from the State of Texas.

Hon. P. Kevin Castel
April 29, 2024
Page 3 of 3

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*/s/ Jordan Elias*
Jordan Elias
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
jelias@girardsharp.com

*/s/ Serina Vash*
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copies to:    All Counsel via ECF.