# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

April 30, 2024

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

      **Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC);**
      ***Inform Inc. v. Google LLC*, et al. No. 1:23-cv-01530 (PKC)**

Dear Judge Castel:

    Pursuant to Pre-Trial Order No. 5 (ECF No. 394) and the Court's Individual Practices, we write as counsel to plaintiff Inform, Inc. ("Inform") in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC), to request that the Court order a brief extension of time for Inform to serve its Request to Admit on Defendants for the purpose of authenticating documents. There is no conference scheduled at this time.

    The Court's Pre-Trial Order No. 5 sets a deadline of May 14, 2024[1] for Requests to Admit for the purpose of authenticating documents, which date we seek here to extend. Plaintiff Inform has not previously sought an extension of this deadline. Defendants have declined to move the Court jointly and have refused to consent to an extension of this deadline.

<u>Background Facts for Requested Extension</u>

    Inform, Inc., both a competitor and customer of Defendants, filed the first ad tech case against Google on November 25, 2019. The amount in controversy in this case exceeds $1 billion. The *Inform* case was transferred into the MDL on February 23, 2023, 1:23-cv-01530-PKC, ECF No. 67. Prior to transfer, counsel for Inform requested that Google agree to abide by the schedule provide for in the Court's pre-trial orders if the action was transferred by the JPML, but Google declined to do so on the grounds that it was seeking to avoid moving this case into the MDL.

    On March 3, 2023 and March 8, 2023, shortly after the *Inform* case was transferred to this Court by the JPML, we reached out to counsel for Google concerning access to the

---

[1] Or "45 days prior to the close of fact discovery [June 28, 2024]" *Id.* at ¶¶ 5 and 6.3.

Hon. P. Kevin Castel
April 30, 2024
Page 2

document productions provided to all Plaintiffs pursuant to this Court's orders dated September 24, 2021 and February 7, 2022 (ECF. No. 129, 244). Initially, our requests went unanswered by Google. On March 23, 2023, Plaintiff Inform requested a meet and confer with Google regarding the issue prior to filing a letter with the Court. Counsel for Google refused to meet and confer at that time. Google's refusal to provide the productions to Inform forced Inform to bring the matter before the Court on April 4, 2023. (ECF. No. 525, 559).

On April 10, 2023, counsel for Google represented that "Google's MDL document productions . . . are largely irrelevant to Inform" and that "Inform should not be given access to millions of Google documents merely because it has become part of this MDL." (ECF. No. 526).[2] At Defendants' request, prior to the filing of Inform's Second Amended Complaint (the "SAC"), discovery initially remained stayed. The stay of discovery was lifted on May 31, 2023 (ECF No. 562), following Inform's filing of the SAC.

The MDL Plaintiffs' First Set of Request for Production of Documents
and Inform's Supplemental Requests for Production of Documents

The MDL Plaintiffs' First Set of Request for Production of Documents were issued on January 27, 2023, prior to Inform being transferred into the MDL. As such, they did not cover certain markets, acquisitions and anticompetitive conduct set forth in Inform's SAC (now amended). After the stay in the Inform matter was lifted, we worked to negotiate search terms and custodians with Defendants for many months, but could not agree to Google's proposal to include Inform's unique requests, search terms and custodians in a woefully inadequate proposal, which proposal by Defendants was ultimately rejected by the Court. Plaintiff Inform prepared a supplemental set of document requests and vetted them with the Discovery Steering Committee.

On November 8, 2023 Plaintiff Inform served on Defendants a Supplemental Set of Requests for Production of Documents ("Supplemental RFPs" or "SRFPs"). Plaintiff Inform's Supplemental RFPs consisted of twenty-one requests tailored to the online video advertising market. Throughout the course of this litigation, Google – a trillion dollar company – that is accused of monopolizing more than half a dozen interrelated digital markets, has complained that our requests are disproportionate to the needs of the case. However, our twenty-one supplemental requests speak uniquely to the issues in the Inform matter: the OLV advertising market, flash to HTML-5 conversion, Chrome browser and video ad blocking, disabling, and pacing, as well as

---

[2] In their filing, Defendants stated "Inform invokes 'efficiency' to demand that Google immediately re-produce millions of likely irrelevant and unnecessary documents. Inform mischaracterizes Google as engaging in 'gamesmanship' and trying to thwart the efficiency of the MDL. ECF No. 525 at 3-4. But Google is only trying to avoid over 2 million of its documents (plus the additional documents Google is producing in response to Plaintiffs' litigation requests for production) gratuitously ending up in
the hands of a plaintiff whose case is unlikely to survive past Google's pending motion to dismiss.
And the majority of documents in these prior productions are unlikely to be relevant to Inform's
case even if it does survive." ECF No. 526 at 4.

Hon. P. Kevin Castel
April 30, 2024
Page 3

competition between YouTube and Inform. Our requests were targeted, have been tailored to be proportionate to the needs of Inform's case, and are specifically non-duplicative of documents already produced.

It has always been Inform's position there is some overlap with MDL Plaintiffs' later-filed allegations, but that we are also entitled to discovery specific to our allegations. To date, as detailed below, we have still received no discovery (documents, data or source code) specific to our allegations and Google flatly refused to agree to our custodians until March 2024, before which time Google had expressly refused to conduct any custodial searches.

Inform's Request for an Extension to File Requests to Admit Should be Granted

On Monday, April 29, 2024 Inform requested that Google consent to an extension of time for Requests to Admit based on the parties completion of their document productions. On April 30, 2024, Google's counsel refused, stating that "Inform already possesses the vast majority of relevant documents" and also claiming that Defendants would be producing some additional documents today for 10 custodians it agreed to only a few weeks ago. Its statement regarding Inform's possession of the majority of relevant documents is outright wrong and its reference to documents that will purportedly be produced today is misleading and irrelevant at best.

First, Defendants' statement that "Inform already possesses the vast majority of relevant documents" is simply untrue. Defendants' hyperbole merely rehashes the same inaccurate claim that its prior productions to other MDL Plaintiffs from *before* Inform was even included in the MDL somehow contain the majority of docs relevant to Inform's case. This is both unreasonable and belied by Defendants prior representations to this Court. As stated, in its first attempts to keep discovery from Plaintiff Inform, counsel for Defendants represented to this Court that: "Google's MDL document productions . . . are largely irrelevant to Inform" and that "Inform should not be given access to millions of Google documents merely because it has become part of this MDL." (ECF. No. 526 at 4).

Moreover, as of the time of this writing, Google has not yet produced documents in response to Inform's non-duplicative Supplemental Requests for Production or for Inform's custodians, which seek the *most relevant documents* to its case against Defendants from the *most relevant custodians*. Inform is entitled to discovery in its own case, and Google now seeks to use its unilateral determination of what is relevant to hamstring Inform's authentication of documents. We simply cannot yet know which documents are and will be most important to our case.

This same unreasonable position is notably the subject of Inform's recently filed Discovery Letter seeking to compel the production of documents and source code from Google. *See* ECF No. 751. As discussed therein, Inform has made substantial efforts to tailor its specific, non-duplicative document requests and proposed search terms to seek relevant discovery for its

Hon. P. Kevin Castel
April 30, 2024
Page 4

case, but Google has continued to refuse to meaningfully engage in the process. Instead, and despite expressly agreeing to produce additional OLV documents and source code, Google continues to unreasonably maintain before the Court that it should not be required to search for and produce responsive documents merely because it has already produced a large number of documents; documents that Google has argued "are largely irrelevant to Inform." (ECF. No. 526 at 4).

Second, Defendants have previously confirmed that documents it intends to produce today will only be those for search terms previously agreed-upon by the entire MDL Plaintiffs group, not the critical YouTube, direct ad sale, and OLV terms proposed by Inform. Notably, Plaintiff Inform's case involves the Online Video (OLV) Advertising Market and YouTube as a defendant and as a competitor of Inform. Prior to this Court's ruling on the motion to dismiss, Defendants refused to turn over documents concerning YouTube and in fact *removed* relevant terms from the original search terms. In updating its document production for the MDL Plaintiffs, Google removed all references to YouTube from the Investigation Search Terms stating that "YouTube . . . is not at issue in these actions." *See* February 27, 2023 Letter from Justina Sessions at 2, n.3.[3]

It wasn't until March 14, 2024, following this Court's decision on Google's motion to dismiss, that Google confirmed that it would produce documents for the additional ten (10) custodians for Inform and that Google would produce documents related to YouTube "in connection with the search terms currently being negotiated." *See* March 14, 2024 Letter from Benjamin Zweifach at 2. Although Defendants have acknowledged that YouTube documents and related OLV search terms should now be run and turned over, they have not done so. None of the documents produced in response to the MDL's requests included searches for the removed YouTube and related OLV search terms. And, it is our understanding that none of the documents Google is purporting to turn over for our custodians will include searches for the removed YouTube and related OLV search terms.

Moreover, as this set of MDL Plaintiffs terms was only to be run on a limited set of 10 custodians agreed upon by the parties, Inform does not believe that these documents will contain anywhere close to the "majority" of relevant documents. Since Google has refused to provide any indication of the size of the production, Inform does not know whether it would even be feasible to review and identify any relevant documents contained therein in sufficient time to seek

---

[3] On March 28, 2023, the MDL Plaintiffs requested that Google "[r]un Investigative Terms from which YouTube was removed as originally drafted and run." On April 27, 2023, Defendants again took the position that "Google will not 'disclose the references to 'YouTube' that Google removed from the Investigative Search Terms, because YouTube is irrelevant to the claims and defenses in the actions." On August 8, 2023, Plaintiff Inform again requested that "the references to YouTube. . . be reincorporated into the relevant search strings and that documents responsive to those search strings as updated be produced from all custodian files." We received no response and thus included the request as our SRFP 21 on November 8, 2023.

Hon. P. Kevin Castel
April 30, 2024
Page 5

authentication via Requests to Admit without an extension. Indeed, Google's productions have been plagued with issues. Once documents are produced, they are hardly yet reviewable by plaintiffs - sometimes for many weeks.

Third, counsel for Defendants has clearly taken and maintained the position that Inform is a "different" discovery track than the rest of the MDL Plaintiffs and that we would not be receiving documents at the same time and on the same schedule as the rest of the MDL Plaintiffs. (*See* March 1, 2024 Letter of Serina M. Vash at 4); *see also* ECF. No. 526 ("[Inform counsel's] recognition that current negotiations regarding common ad tech discovery requests do not encompass the discovery Inform would take supports *Google's point: Inform is not like the other ad tech cases and need not proceed on the same discovery track*")(emphasis supplied). The discovery period for Inform has been many months and markedly shorter, opening only after initial substantial completion of discovery in the MDL, further supporting Inform's reasonable request for extension as to all documents.

Conclusion

We cannot yet know what documents will be most important to our case. From the beginning of this matter, Google has delayed, has not timely produced documents to Inform (which remain outstanding), and has ensured that Inform is not on the same discovery track as the rest of the MDL plaintiffs. We have repeatedly asserted to Defendants (and in our motion to compel) that Plaintiff Inform has been hampered in preparing for coordinated depositions with the rest of the MDL Plaintiffs. And, nearly all of the Google deponents thus far have flatly refused to authenticate *their own documents*. Without the requested extension of this deadline as respects all documents, Inform will be severely prejudiced.

Accordingly, Plaintiff Inform respectfully requests that the Court grant an extension of sixty (60) days following the certified completion of all document production by Defendants to Inform, for Inform to serve its Requests to Admit.

Hon. P. Kevin Castel
April 30, 2024
Page 6

    We thank the Court for its consideration of this matter.

        Respectfully submitted,

        /s/ *Serina M. Vash*

        SERINA M. VASH
        New York Bar No.: 2773448
        svash@hermanjones.com
        **HERMAN JONES LLP**
        153 Central Avenue, # 131
        Westfield, NJ 07090
        (404) 504-6516

        JOHN C. HERMAN (admitted *pro hac vice*)
        jherman@hermanjones.com
        **HERMAN JONES LLP**
        3424 Peachtree Road, N.E., Suite 1650
        Atlanta, GA 30326
        (404) 504-6555
        (404) 504-6501 (fax)

        Counsel for Plaintiff Inform Inc.