

Philip C. Korologos<br>
pkorologos@bsfllp.com<br>
(t) 212 446 2390

May 2, 2024

**Via ECF**
Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-md-03010 (PKC)

*In re Google Digital Publisher Antitrust Litigation*
Case No. 1:21-cv-07034 (PKC)

Dear Judge Castel:

  I write on behalf of the Publisher Class Plaintiffs ("Publishers") to seek leave, as contemplated by Pre-Trial Order No. 3 and Pre-Trial Order No. 5, to serve case-specific contention interrogatories related to Google's affirmative defenses asserted in Defendants' Answer in *In re Google Digital Publisher Antitrust Litigation*, No. 21-cv-7034 (PKC) (S.D.N.Y.) ("Publisher Action"). Google has indicated that it would object to service of any contention interrogatories absent leave of Court. No conference is scheduled in this action.

  Pre-Trial Order No. 3 ("PTO-3) provides for "a common set of Rule 34 requests and [a] common set of interrogatories consistent with Local Civil Rule 33.3(a)" to be drafted and served by the Discovery Steering Committee. ECF 311. It also provides that "any plaintiff may apply to the court for leave to serve a supplemental discovery request that complies with Rule 26 and is non-duplicative of the requests served by the Discovery Steering Committee." *Id.*

  Pre-Trial Order No. 5 ("PTO-5") further provides that "No Interrogatories shall be served except in compliance with Local Rule 33.3(a) without first obtaining leave of Court."

  Since those Pre-Trial Orders were issued, Google filed its Answer in the Publisher Action including twenty affirmative defenses. *See* ECF 740. Many of Google's purported defenses contain factual contentions, and Publisher Plaintiffs are entitled to ascertain during discovery the facts on which Google intends to rely to prove up these defenses as well as whether the documents or data Google intends to use to put forward these defenses are within its existing productions.

  For example, Google contends that its "conduct alleged by Plaintiffs in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects." *Id.* at 67 (Fifth Defense). Publisher Class Plaintiffs are entitled



Hon. P. Kevin Castel<br>
May 2, 2024<br>
Page 2 of 2

to a statement of the purported procompetitive benefits or other justifications that Google intends to put forward so that we may meet them with evidence.

These issues can be efficiently resolved by contention interrogatories requesting that Google identify the purported procompetitive benefits of its anticompetitive conduct and the factual bases for certain of its other defenses, including the documents that Google contends support its assertion.

As the Court recently noted, "80% percent of the fact discovery period ha[s] passed". ECF 708 at 2.  It is now approaching the "conclusion of discovery," and the time is now ripe for "interrogatories seeking the claims and defenses of the opposing party" of the kind contemplated by Local Civil Rule 33.3(c).  *See* L. Civ. R. 33.3(c) ("At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.").

Publisher Class Plaintiffs' proposed interrogatories comply with Rule 26 and are not duplicative of the common requests served by the Discovery Steering Committee.  *See* PTO-3.  Further, the proposed supplemental interrogatories comply with Local Civil Rule 33.3(b) because they seek succinct and definite statements or identification of documents which cannot be more efficiently achieved through depositions or requests for production.  *See* L. Civ. R. 33.3(b).

Accordingly, and pursuant to PTO-5, Publisher Plaintiffs respectfully request leave from the Court to serve the attached supplemental interrogatories (attached as **Exhibit A**) to seek discovery on certain of Google's defenses raised in the Publisher Action.  If necessary, Publishers respectfully request a conference to resolve the foregoing issues expeditiously.

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos

Copies to:     All Counsel (via ECF)