# EXHIBIT A

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-3010 (PKC) |

*This Document Relates to:*

| | |
|---|---|
| IN RE GOOGLE DIGITAL PUBLISHER LITIGATION | Case No. 1:21-cv-7034 (PKC) |

### NAMED PUBLISHER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS GOOGLE LLC, ALPHABET INC., AND YOUTUBE, LLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 of the United States District Court for the Southern District of New York, Plaintiffs in the above-captioned matter submit this first set of "Interrogatories" to Defendants Alphabet Inc., Google LLC, and YouTube, LLC (collectively, "Defendants").

In accordance with the definitions and instructions set forth further below, Defendants are directed to give written answers to these Interrogatories. Defendants' responses to these Interrogatories must be served on the undersigned counsel for the Plaintiffs within 30 days of service of these Interrogatories.

### INSTRUCTIONS AND DEFINITIONS

1. Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

2. Information requested in these Interrogatories shall include information within the knowledge or possession of any of Your agents, employees, attorneys, investigators or any other Persons, firms or entities directly or indirectly subject to Your control in any way whatsoever.

3. Each Interrogatory shall be answered in its entirety. If any Interrogatory or subsection thereof cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

4. If there is a claim of privilege as to any Communication concerning information requested by these Interrogatories, specify the privilege claimed, the Communication or answer to which that claim is made, the topic discussed in the Communication and the basis upon which the claim is asserted.

5. These Interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 33 of the Federal Rules of Civil Procedure.

6. Separate and complete responses (or, as the case may be, separate objections) are required for each Interrogatory or subpart thereof.

7. Unless otherwise instructed or clear from the context of the Interrogatory, these Interrogatories seek responsive information concerning the period from January 1, 2007 to Present. Plaintiffs reserve the right to expand the time frame of these and any future Interrogatories should the Court in this Action determine that the relevant time period for discovery exceeds the scope set forth herein.

## DEFINITIONS

The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") – including, but not

limited to, the definitions of "Concerning," "Documents," "Identify," "Person" – are hereby incorporated and apply to these Interrogatories. These definitions apply throughout these Interrogatories without regard to capitalization. Plaintiffs reserve the right to deliver and serve additional Interrogatories. In addition, as used in these Interrogatories, the words set forth below shall be defined as follows:

1. "Answer" or "Your Answer" means the Answer filed in *In re Google Digital Publisher Antitrust Litigation*, No. 21-cv-7034 (PKC), at ECF 158, and in *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-3010 (PKC) (S.D.N.Y.) at ECF 740.

2. "Ad Tech Products" shall mean any and all systems, platforms, and software, including predecessors and successors, used in the process of identifying, selecting, transmitting, and/or rendering Digital Advertising on a desktop or mobile device, as well as all systems and software, including predecessors and successors, that implement and/or effectuate an Ad Auction, including receiving, processing, and transmitting bid requests, bid responses, or related messages. The term includes publisher ad servers, advertiser ad servers, SSPs, DSPs, demand-side products, ad exchanges, and ad networks, and specifically includes Your products: Your publisher ad server (formerly called "DoubleClick for Publishers" or "DFP"); Your ad exchange (formerly called "DoubleClick Ad Exchange" or "AdX"), Google Ads (formerly called "Google AdWords" or "AdWords"), Display & Video 360 (DV360), DoubleClick Bid Manager (DBM) (formerly called "Invite Media" and also known as "Google Bid Manager"), Campaign Manager, DoubleClick Campaign Manager (DCM), Google Display Network (GDN), Google Ad Manager (GAM), DoubleClick Reserve and Exchange (DRX), Google AdSense (also known as "AdSense for Content" and "AFC"), DoubleClick for Advertisers (DFA), Google Analytics, Google AdMob, Search Ads 360 (SA360), Google Search Network,

and any other product or service, however named, that You provide, have provided, or will provide for the sale or intermediation of digital advertising, including all predecessors and successors of such Ad Tech Products.

3. "Publishers' First Amended Consolidated Complaint" means the Amended Complaint filed in *In re Google Digital Publisher Antitrust Litigation*, No. 21-cv-7034 (PKC) (S.D.N.Y.), at ECF 131, and in *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-3010 (PKC) (S.D.N.Y.) at ECF 408.

4. "You," "Your," "Alphabet," or "Google" shall mean Defendants Google LLC, Alphabet Inc., and YouTube, LLC and their past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures. The terms subsidiary, affiliate, and joint venture refer to any firm in which there is total or partial ownership of twenty-five percent or more or total or partial control between the company and any other person or entity.

5. To bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, or neuter pronoun does not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any and all; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense and vice versa; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms

should be given their broadest meaning regardless of whether they are capitalized in these Interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all the purported procompetitive benefits or justifications that You contend support the Fifth Defense in Your Answer including your contentions as to how such purported benefits outweigh any alleged anticompetitive effects of the conduct alleged in the Publishers' First Amended Consolidated Complaint.

**INTERROGATORY NO. 2:**

Identify by document identification number all documents that you contend support the Thirteenth Affirmative Defense in Your Answer.

**INTERROGATORY NO. 3:**

Identify by document identification number all documents that you contend support the Fourteenth Affirmative Defense in Your Answer.

**INTERROGATORY NO. 4:**

Identify by document identification number all contracts, and for each such contract identify by paragraph number, section identifier, or page number, the specific provisions of such contracts, that you contend support the Seventeenth Affirmative Defense in Your Answer.

**INTERROGATORY NO. 5:**

Identify by document identification number all contracts, and for each such contract identify by paragraph number, section identifier, or page number, the specific provisions of such contracts, that you contend support the Eighteenth Affirmative Defense in Your Answer.

**INTERROGATORY NO. 6:**

Identify the relevant market or market(s) in which you contend each of Your Ad Tech Products compete, including, the products marketed as DoubleClick for Publishers ("DFP"), AdX, Google Ad Manager ("GAM"), AdSense, AdMob, Google Display Network ("GDN"), Google Search Network, Google Ads, Display & Video 360 ("DV360") or their respective successor or predecessor products.

**INTERROGATORY NO. 7:**

Identify by document identification number all documents that you contend support your response to Interrogatory No. 5 above.

**INTERROGATORY NO. 8:**

Identify the dates on which Google started, and if applicable, ended each of the Acts numbered 5 – 13 and 14 in Publishers' First Amended Consolidated Complaint.

DATED:    May 2, 2024

/s/ *Philip C. Korologos*

David Boies
dboies@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

*Lead Counsel for the Publisher Class*

Philip C. Korologos
pkorologos@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300

Mark C. Mao
mmao@bsfllp.com
Sean P. Rodriguez
srodriguez@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820

Sabria A. McElroy
smcelroy@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 377-4216

George A. Zelcs
gzelcs@koreintillery.com
Randall P. Ewing
rewing@koreintillery.com
Marc A. Wallenstein
mwallenstein@koreintillery.com
Ryan A. Cortazar
rcortazar@koreintillery.com
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Fax: (312) 641-9751

Christopher M. Burke
cburke@koreintillery.com
Walter W. Noss
wnoss@koreintillery.com
Yifan (Kate) Lv
klv@koreintillery.com
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA  92101
Telephone: (619) 625-5621
Fax: (314) 241-3525

Stephen M. Tillery
stillery@koreintillery.com
Michael E. Klenov
mklenov@koreintillery.com
Carol L. O'Keefe
cokeefe@koreintillery.com
**KOREIN TILLERY LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Fax: (314) 241-3525

Eric L. Cramer
ecramer@bm.net
Michael C. Dell'Angelo
mdellangelo@bm.net
Caitlin G. Coslett
ccoslett@bm.net
Patrick F. Madden
pmadden@bm.net
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

Robert E. Litan
rlitan@bm.net
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Telephone: (202) 559-9745

*Interim Co-Lead Counsel for the Publisher Class*

## CERTIFICATE OF SERVICE

I, Philip C. Korologos, hereby certify that on May 2, 2024, I caused the foregoing Named Publisher Plaintiffs' First Set of Interrogatories to Defendants to be served, via email on counsel for Defendants:

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Eric Mahr
Justina Sessions
Julie Elmer
Andrew J. Ewalt
Jan Rybnicek
Lauren Kaplin
Robert J. McCallum
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-4500
eric.mahr@freshfields.com
julie.elmer@freshfields.com
andrew.ewalt@freshfields.com
jan.rybnicek@freshfields.com
lauren.kaplin@freshfields.com
rob.mccallum@freshfields.com
justina.sessions@freshfields.com

**AXINN VELTROP & HARKRIDER LLP**
John Harkrider
Daniel Bitton
Bradley Justus
David Pearl
114 West 47th Street
New York, NY 10036
(212) 728-2200
jharkrider@axinn.com
dbitton@axinn.com
bjustus@axinn.com
dpearl@axinn.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

                                                    /s/ *Philip C. Korologos*