UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING            21-md-3010 (PKC)
ANTITRUST LITIGATION

                        PRE-TRIAL ORDER NO. 11

-----------------------------------------------------------------x

CASTEL, Senior District Judge.

        The Court has considered the parties' written submissions on the issue of additional depositions (ECF 755, 764, 768).

        Based upon the representations of plaintiffs concerning the unique knowledge of the witnesses and that the depositions can be completed without extending the existing cut off of fact discovery, plaintiffs' requests for leave, to the extent required under Pre-Trial Order No. 5, to depose the individuals identified in Attachment A to Plaintiffs' April 19 submission (ECF 755) as to Witnesses 1 through 13 is GRANTED.

        With regard to Witness No. 14, counsel states that "[o]nce their documents are produced and/or for prior custodians completed, Inform will be seeking to depose one or more of them [sic]." With regard to Witness No. 15, counsel refers to "[t]hese Witnesses" and does the same as to Witnesses No. 16. Thus, counsel seeks a blank check for an unknown number of witnesses shoe-horned into three slots for three witnesses. The request for these inadequately described witnesses is DENIED.

        Separately, Inform seeks to compel responses to its Supplemental Requests for Production of Documents and negotiated search strings and the source code relating to the auction, serving, and functioning display of video advertisements. (ECF 751.)[1] The Court has considered Google's response (ECF 760) and Inform's reply (ECF 761). Neither side has furnished the Court with that which it needs to hold an intelligent conversation on the subject and certainly not enough to adjudicate the dispute. By May 8, 2024, Inform shall

---

[1] The Court has been unable to locate Exhibit A to the April 17, 2024 letter (ECF 751) on the docket.

submit a proposed Order setting forth with particularity the relief that it seeks (ECF 751) and Google shall submit a proposed Order setting forth its counterproposal (ECF 760); each side may also submit their final arguments.[2]  As the Court has noted, "A judicial ruling on search terms and custodians is an inexact and crude tool."  (ECF 656.)  If the parties remain unable to resolve their differences, the Court will issue a ruling.

      Finally, Inform's application for an extension of time to serve its Requests to Admit is DENIED.  (ECF 770.)

      SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
       May 2, 2024

---

[2] Electronic copies of the proposed Orders in MS Word format shall also be submitted to Chambers.