# Isquith Law PLLC
### 103 East 84th Street
### New York, New York 10028
### 718-775-6478

May 2, 2024

**VIA ECF**
The Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Google Digital Advertising Antitrust Litigation,*
No. 1:21-md-03010 (PKC)

This document relates to: *SPX Total Body Fitness LLC v. Google LLC,* 1:21-cv-06870 (PKC); *SkinnySchool LLC et al. v. Google LLC,* 1:21-cv-07045 (PKC)

Dear Judge Castel:

Pursuant to this Court's Individual Practice 3A(i), plaintiffs SPX Total Body Fitness LLC ("SPX"), SkinnySchool LLC d/b/a Maria Marques Fitness ("SkinnySchool"), and Mint Rose Day Spa LLC ("Mint Rose" and, collectively with SPX and SkinnySchool, the "SPX Plaintiffs") respectfully file this pre-motion letter for this Court to set a schedule for SPX Plaintiffs' motion to modify or stay the effectiveness of the judgments and/or underlying orders pursuant to Fed. R. Civ. P. 60(b)(6) or stay the judgment or order pursuant to Fed. R. App. P. 8(a)(1)(A) (the "Motion"). The Motion relates to the orders and judgments issued by this Court dismissing SPX Plaintiffs' claims against Defendant Google LLC ("Google") (No. 1:21-md-03010, ECF Nos. 703, 705). Pursuant to Individual Practice 3(A)(vi), there is no conference scheduled at this time.

The purpose of the Motion is to render unnecessary for appeals in the SPX Plaintiffs' cases (the "SPX Cases"), isolated and apart from the other cases in this MDL where the same or similar issue exists, which is the viability of claims based on the Google's Network Bidding Agreements ("NBA").

The Motion will request the Court exercise its authority under the purposes and rules governing multi-district proceedings, as well as its inherent authority over its docket, to suspend or otherwise modify the judgements and orders in the SPX Cases. The current appeals in the SPX Cases on the NBA should be considered, along with the other cases in which this issue was raised in MDL.[1] This issue can be brought to the Second Circuit if and when it is appropriate at the conclusion of the MDL processes and at such time that consideration of the NBA is taken as a whole. The Second Circuit's review of all orders dismissing all claims related to the NBA should occur once and at the same time.

---

[1] On May 1, 2024, the Court so ordered a stipulation which in part stated, "Notwithstanding this dismissal, the Parties reserve all rights of appeal relating to the Advertiser Plaintiffs' and plaintiff Singh's claims arising from the NBA." (No. 1:21-md-03010, ECF No. 771.)

---

*[Handwritten annotation:]* The May 2 letter of the SPX and SkinnySchool plaintiffs is deemed a motion to stay. Meta and any other interested party who wishes to be heard shall respond by May 14 and SPX and Skinny School may reply by May 21.

SO ORDERED.
/s/ P. Kevin Castel
USDJ
5-3-24

**Isquith Law PLLC**

The Honorable P. Kevin Castel
May 2, 2024
Page 2

To do otherwise, and considering that this Court evaluated all the claims arising from the NBA in prior rulings, any decision by the Circuit in the SPX cases alone will have a disproportional weight on the MDL and the claims of the other parties regarding the NBA. Given the extraordinary complexity and volume of litigation across the country involving Google's digital advertising market, it makes sense to permit all appeals to be decided at the end of the case rather than proceed piecemeal at this time.

The SPX Plaintiffs, on behalf of a class of advertisers on Meta Platforms, Inc, ("Facebook") allege a violation of 15 U.S.C. § 1 based on the NBA to restrict competition in the display advertising market. As stated above, by order of September 13, 2023, this Court dismissed a section 1 claim brought in the States' Third Amended Complaint, declaring it a bellwether for the pleadings of other motions to dismiss in the MDL. (No. 1:21-md-03010, ECF No. 308.)

The SPX Plaintiffs' amended complaints are against Google only. On March 1, 2024, this Court issued its order dismissing the SPX Plaintiffs' complaints based on the NBA. The Court also dismissed all other claims in the MDL alleging claims related to the NBA (No. 1:21-cv-06870, ECF No. 100; No. 1:21-cv-07045, ECF No. 64). In doing so, the Court held, among other conclusions, that "No plaintiff has plausibly stated a claim for relief premised upon on the terms of the NBA." ECF No. 701 at 2.

The SPX Plaintiffs timely filed notices of appeal on April 3, 2024 (No. 1:21-cv-06870, ECF No. 103; No. 1:21-cv-07045, ECF No. 68).

Pursuant to Fed. R. Civ. P. 60(b)(6), and Fed. R. App. P. 8(a) (1) (A), the SPX Plaintiffs request that they be permitted to file a motion to suspend or modify the judgment or order in the SPX cases so that any appeal be timely when appeals of the other NBA claims are ripe. Presently, the NBA claim in the SPX cases are the only ones that are not interlocutory. Rule 60 provides: "On motion and just terms, the court may relieve a party . . . from a final judgment for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Appellate Rule 8 states that "[a] party must ordinarily move first in the district court for the . . . relief" requested. Fed. R. App. P. 8(a)(1). Such a motion is timely. See Fed. R. Civ. P. 60(c)(1) (setting a deadline for a "reasonable time" after entry of judgment for motions under Rule 60(b)(6)); see generally Fed. R. App. P. 8 (setting no deadline for Rule 8 motions). The district court retains jurisdiction to consider a stay of judgment pending appeal under Rule 60(b)(6) and Fed. R. App. P. 8. See *Pagovich v. Moskowitz*, No. 93 CIV.3195 (CSH), 1994 WL 642886, at *4 (S.D.N.Y. Nov. 15, 1994) (citing *Rakovich v. Wade*, 834 F.2d 673, 673–74 (7th Cir. 1987)).

Pursuant to this Court's Individual Practices 3(A)(ii) and 3(A)(v), the SPX Plaintiffs respectfully state that the grounds for the Motion are as follows: (1) Only a stay of the judgment and/or other step which in effect withdraws it until the conclusion of the MDL will avoid

**Isquith Law PLLC**

The Honorable P. Kevin Castel
May 2, 2024
Page 3

immediate and independent appeal of the NBA issue which is present and permeates nearly all of the other actions comprising this MDL which has national significance; (2) judicial economy, the disfavoring of piecemeal appeals, and this Court's inherent authority to manage its docket all favor imposition a suspension or modification of the SPX Plaintiffs' judgment and/or order; (3) neither amendments to the pleadings or consent to the relief sought will obviate the need for the Motion, and there is no juncture of the case to which the Motion may be deferred; and (4) the SPX Plaintiffs satisfy the requirements of Fed. R. Civ. P. 60 and Fed. App. Rule 8; There are multiple tracks of litigation proceeding involving overlapping issues related to Google's conduct in the digital advertising market. Judicial economy favors waiting until the end of these cases to allow appeals to streamline potential issues, prevent unnecessary appeals, and encourage efficiency.

A "district court has the inherent authority to stay an action, when there is a reason to do so." *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 492 F. Supp. 3d 222, 227 (S.D.N.Y. 2020). Courts consider five factors in deciding whether to exercise that authority: "(1) the private interests of the [parties] in proceeding expeditiously with the civil ligation as balanced against the prejudice to the [parties] if delayed; (2) the private interests of and burden on the [party seeking a stay]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Jiminez v. Credit One Bank, N.A.*, 377 F. Supp. 3d 324, 336 (S.D.N.Y. 2019) (internal quotation marks and citation omitted).

The SPX Plaintiffs also satisfy the requirements pursuant to Fed. R. Civ. P. 60(b)(6) for a suspension or modification of the judgment and/or the order to stay the need to appeal currently. Under Rule 60(b)(6), a "catchall" provision, "the moving party must show 'extraordinary circumstances' to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 59 (2d Cir. 2002) (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir.2001). Those requirements are satisfied. Efficiency as well as the impact on the cases in this MDL, weighs heavily on permitting appeals to be made and decided when ripe at the conclusion of the MDL process. Given the extraordinary complexity and volume of litigation involving Google's digital advertising market, permitting all appeals to be decided at the end of the case rather than immediately and in a fragmentary manner.

Under Rule 8, which governs stay motions on appeal, courts consider: "whether '(1) the applicant will be irreparably injured absent a stay; (2) issuance of the stay will substantially injure the other parties interested in the proceeding; (3) the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; and (4) the stay is in the public interest.'" Noel Pane v. Town of Greenburgh, No. 07 Civ. 3216 (LMS), 2012 WL 12886971, at *3 (S.D.N.Y. Mar. 21, 2012) (alteration in original) (quoting Plummer v. Quinn, No. 07 Civ. 6154, 2008 WL 383507, at *1 (S.D.N.Y. Feb. 12, 2008) (citing In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007))). The necessary likelihood of success on the merits of the appeal "will vary according to the court's assessment of the other [stay] factors." Id. (alteration in original) (internal

**Isquith Law PLLC**

The Honorable P. Kevin Castel
May 2, 2024
Page 4

quotation marks omitted). Google will not be prejudiced by a stay. Whether a Section 1 claim based on the NBA may be validly alleged in this instance is subject to some dispute, as at least one other court has allowed such claims to proceed. *See Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD, 2022 WL 17477101 (N.D. Cal. Dec. 6, 2022). The public interest also strongly favors suspension or a stay of the judgment. The public interest strongly disfavors piecemeal appeals. *Accord In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 178 (2d Cir. 2008).

Based on this Court's Individual Practice 3(A)(ii), the SPX Plaintiffs propose the following schedule for the motion: The SPX Plaintiffs will file a motion and memorandum consistent with this Court's Individual Practice 3(D) within ten (10) business days of the entry of a briefing schedule. Any response by Google shall be filed within fourteen (14) days of filing of the motion, and any reply brief by the SPX Plaintiffs shall be filed within seven (7) days of filing of the response, consistent with Local Civil Rule 6.1(b).

SPX Plaintiffs do not believe that oral argument on the motion is necessary, and defer to the Court's determination of an alternate briefing schedule.

Respectfully submitted,

*/s/ Fred T. Isquith Sr.*
Fred T. Isquith, Sr. (FI 6482)
**ISQUITH LAW PLLC**
103 East 84th Street
New York, NY 10028
Tel: (718) 775-6478
Isquithlaw@gmail.com

Robert S. Schachter (RS 7243)
Jessica Hermes (JH 9075)
**ZWERLING, SCHACHTER &**
**ZWERLING, LLP**
41 Madison Avenue
New York, NY 10010
Tel: (212) 223-3900
rschachter@zsz.com
jhermes@zsz.com

**Isquith Law PLLC**

The Honorable P. Kevin Castel
May 2, 2024
Page 5

        Heidi Silton (admitted *pro hac vice*)
        Kate M. Baxter-Kauf (admitted *pro hac vice*)
        Maureen Kane Berg (admitted *pro hac vice*)
        **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
        100 Washington Avenue S., Suite 2200
        Minneapolis, MN 55401-2159
        Tel: (612) 596-4092
        hmsilton@locklaw.com
        kmbaxter-kauf@locklaw.com
        mkberg@locklaw.com

        Richard Vita
        **VITA LAW OFFICES, P.C.**
        100 State Street, Suite 900
        Boston, MA 02109
        Tel: (617) 426-6566
        rjv@vitalaw.com
        *Attorneys for Plaintiffs SPX Total Body Fitness LLC, d/b/a The Studio Empower, SkinnySchool LLC d/b/a/ Maria Marques Fitness, and Mint Rose Day Spa LLC*