

| | |
|---|---|
| **Via ECF** | Silicon Valley<br>855 Main Street<br>Redwood City, CA 94063<br>T +1 650 618 9250 (Switchboard)<br>   +1 650 461 8276 (Direct)<br>E justina.sessions@freshfields.com<br>www.freshfields.com |
| The Honorable P. Kevin Castel<br>United States District Judge<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10007-1312 | |

May 3, 2024

**Re:**  *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*Inform Inc. v. Google LLC, et al.*, No. 1:23-cv-01530 (PKC)

Dear Judge Castel:

      We write pursuant to Pre-Trial Order No. 10, ECF No. 736, to set forth objections to Inform's proposed Third Amended Complaint (the "TAC"), *see* ECF No. 758-2.  Inform's new state law allegations are neither conforming edits that effectuate the Court's Order on Google's motion to dismiss (Inform removed no allegations from its existing complaint), ECF No. 709, nor allegations that address the deficiencies identified in Google's pre-motion letter, ECF No. 720 at 5-6.[1]  Rather, they are an attempt to inject new subject matter into the case at the eleventh hour, even though Inform has sat on these allegations for many years, including when drafting each of its three prior complaints and its most recent discovery demands.  Contrary to Inform's representations to the Court, *see* ECF No. 758 at 1, the proposed amendments would prejudice Google and expand the scope of discovery, since Google has not learned about these allegations until now nor had an opportunity to conduct discovery on them.  As a result, the Court should deny Inform leave to amend.  There is no conference scheduled at this time.

      **Inform's Amendments Do Not Save Its Deficient State Law Claims.**

      Inform's latest proposed amendments are almost entirely tacked on in a new section related to alleged "Fraudulent Schemes."  *See* TAC ¶¶ 300-30.  They do not resolve the deficiencies identified in Google's pre-motion letter, ECF No. 720, which continue to apply with equal force.

---

[1] One addition, a new graphic in the introduction to the TAC, does not appear to relate to state law claims at all. TAC at 1.  Moreover, Inform incorporates by reference its new allegations into its federal antitrust claims, TAC ¶¶ 349, 357, 366, 374, 378.  These amendments should not be permitted because the Court invited proposed amendments only in connection with state law claims.  *See* ECF No. 736 ¶ 1.

May 3, 2024
Page 2

For example, Inform's proposed amendments regarding purportedly fraudulent schemes, TAC ¶¶ 300-30, 409-10, 412, 414, facially fall short of Rule 9(b)'s heightened pleading standard for fraud because, for each alleged misrepresentation, they fail to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Ladas v. Exe/is, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016) (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).  Instead, Inform provides only a laundry list of vague, conclusory allegations of fraud or misrepresentations.  *See, e.g.*, TAC ¶¶ 302, 303, 305, 306, 307, 308, 309, 310, 311, 312, 314, 315, 317, 318, 319, 320-21, 322, 323.[2]

Inform's tortious interference allegations fare no better.  The additions are limited to incorporations by reference of the deficient alleged "Fraudulent Schemes" section, s*ee* TAC ¶¶ 279, 404-05, and do not actually remedy the deficiencies identified by Google.[3]  For example, after Google identified that tortious interference with contract claims require allegations of an existing contractual relationship and that "[o]ther than vague references to 'customer contracts,' none have been pled," ECF No. 720 at 5 n.5, the best Inform could muster was another vague allegation that "Inform had contracts for $5 billion worth of premium publisher inventory" and more generalized references to "publisher and advertiser contracts," failing to allege any details, such as dates or counterparties.  TAC ¶¶ 303, 315, 326.

**The Court Should Exercise Its Discretion To Deny Inform Leave To Amend.**

"[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (citation omitted).  Inform's proposed amendments implicate all three considerations.

Delay:  While the TAC's lack of particularity makes it impossible to effectively assess the new allegations, the few details offered make clear that the relevant conduct occurred years before Inform filed its original complaint on November 25, 2019, and that Inform knew about the alleged conduct well before that date.  For example, Inform refers to complaints it lodged with Google, TAC ¶ 316, interactions between Inform and Google representatives, *id.* ¶ 322, and an email from Inform's client to Inform about Google's alleged conduct, *id.* ¶ 327.  Though allegations regarding dates are sparse, it appears that this alleged conduct occurred in or around the 2015-2017 timeframe.  *See id.* ¶¶ 327, 329.  Yet Inform's three previous complaints failed to plead this stale conduct, about which Inform clearly had knowledge, until now.  *See Krumme*, 143 F.3d at 88 (affirming denial of leave to amend where facts underlying amendment had been known to movant for many years).

Prejudice:  Google will be prejudiced if Inform is permitted to add these allegations so close to the end of fact discovery because, while Inform has already been attempting to take discovery based on the allegations, Google will be unable to adequately take discovery on them

---

[2] Inform also half-heartedly sprinkles conclusory allegations throughout its fraud count.  *See, e.g.*, *id.* ¶¶ 409 (adding "knowingly" without further support), 410 (adding "deliberately" without further support).  Such additions fail to even satisfy Rule 12, let alone Rule 9(b)'s heightened standard.

[3] Similarly, Inform adds no specific allegations in support of its demand for punitive damages, merely incorporating by reference Inform's other additions.  TAC ¶ 415.

without altering the case schedule.  Inform's representation that the TAC "will neither impact the scope of discovery nor will the filing of the TAC cause these proceedings to be delayed," ECF No. 758 at 1, is demonstrably false:

- The Associated Press was not mentioned in the Second Amended Complaint.  ECF No. 535 ("SAC").  But on March 27, 2024, Inform added to its proposed search terms, without explanation, a reference to the Associated Press, then issued a subpoena to the Associated Press on April 18.  The next day, Inform added the Associated Press to its proposed Third Amended Complaint.  TAC ¶ 324.

- Since December 2023, Inform has demanded search terms related to "farmers" even though, prior to Inform's amendments, TAC ¶¶ 316, 327-28, Farmers Insurance was only mentioned among lists of several non-substantive examples of Inform's customers, SAC ¶¶ 48, 51.  When Google asked Inform to explain the relevance so Google could assess Inform's search terms proposal, Inform obliquely stated that it was relevant to Inform's tortious interference claims but refused to elaborate as to why on the basis that Inform need not divulge its strategy.  Only now has Inform finally revealed its previously secret theory that Google tried to "sabotage" Inform's relationship with Farmers Insurance, TAC ¶ 327, by adding it to the case in a late-breaking proposed amendment.  Google will need to take additional discovery of Inform, and potentially additional third-party discovery, if this allegation is added.

- Also in December, Inform requested source code related to "violations of TrueView policy," which is mentioned for the first time in the TAC, ¶ 321.  In support of that request, Inform cited to paragraphs of the SAC that said nothing of TrueView and instead concerned "Unilateral Setting and Altering of Technological Standards and Denial of Interoperability."  SAC ¶¶ 262-66.  Presumably, Inform's justification as to the necessity of this source code has now shifted to its proposed additions to the TAC.  In any event, Google would need to take additional discovery of Inform if this allegation is added.

This is a twofold expansion of discovery: Inform is already trying to expand the scope of discovery based on its putative amendments, and Google will need to respond in kind if they are allowed.  Such expansion of discovery so late in the game warrants denial of leave to amend. *See In re Wireless Tel. Servs. Antitrust Litig.*, No. 02 Civ. 2637 DLC, 2004 WL 2244502, at *6–7 (S.D.N.Y. Oct. 6, 2004) (denying leave to amend under Federal Rule 15(a) where the amendment was brought over two years after filing of the action and "virtually at the close of discovery" because "[t]o permit the plaintiffs to change and expand the focus [of] their case at this stage in the litigation demands too much of the defendants"); *Millgard Corp. v. E.E. Cruz/Nab/Frontier-Kemper*, 2002 WL 31812710, at *6 (S.D.N.Y. Dec. 12, 2002) (denying leave to amend because it would require "further fact and expert discovery," which would be prejudicial when taken together with delay in moving to amend).

Bad Faith:  As Google has previously argued, Inform's "prejudicial conduct of insisting that Google answer a concededly defective complaint only to change its mind evinces bad faith." ECF No. 734 at 2-3.  That's doubly true now that it has become clear that Inform had these allegations in mind as the basis for discovery it has been seeking for many months but hid this from Google until the last possible moment.  *See Windsor Card Shops, Inc. v. Hallmark Cards, Inc.*, 957 F. Supp. 562, 571 n.12 (D.N.J. 1997) (denying motion for leave to amend where

"plaintiffs had knowledge of [the] potential claim when the governing complaint was filed" and noting that "[m]odern pleading doctrine and efficient case management prohibits parties from holding back claims for strategic reasons"); *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 636–37 (2d Cir. 1967) (upholding denial of leave to amend based on bad faith when "[t]he new information alleged in the complaint was within plaintiff's knowledge" prior to motion to dismiss stage, and plaintiff delayed filing an amended complaint in order to ascertain how plaintiff would fare).

The Court should exercise its discretion and reject Inform's attempts to broaden the scope of its claims and the related discovery at this late stage.

\* \* \*

For these reasons, and those set forth in Google's pre-motion letter and reply seeking leave to file a motion to dismiss Inform's state law claims, ECF Nos. 720, 734, Google requests that the Court deny Inform's request for leave to amend its complaint for a third time.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and Youtube LLC*

CC: All Counsel of Record (via ECF)