

CRAIG M. REISER
114 WEST 47TH STREET
NEW YORK, NY
212.728.2218
CREISER@AXINN.COM

May 7, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

      We represent Defendants Google LLC, Alphabet Inc., and YouTube LLC (collectively, "Google") and write to respectfully request permission to move for a protective order prohibiting the MDL Plaintiffs from subpoenaing the State of Texas for deposition testimony and related discovery taken in *State of Texas, et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.) (the "Texas Case"). There is no conference scheduled at this time.

      On April 26, 2024, representatives from the MDL Plaintiffs' Discovery Steering Committee notified Google that they intended to serve a Subpoena on the State of Texas seeking the production of deposition transcripts, deposition notices, and sealed filings from the Texas Case (the "Subpoena").[1] The requested documents include many materials that Google has designated pursuant to the Confidentiality Order in the Texas Case. *See* Ex. B (E.D. Tex. ECF No. 182 (the "Texas Confidentiality Order" or "Conf. Order")). Accordingly, on May 1, Google notified the MDL Plaintiffs and the Texas Plaintiffs of its objections to the Subpoena, including those under the Texas Confidentiality Order. *See* Ex. C at 3. Thereafter, on May 3, the State of Texas notified Google that it has no objection to complying with the Subpoena but will refrain from producing responsive Google documents until "Google [has] an opportunity to seek relief with Judge Castel" as contemplated by the Texas Confidentiality Order. *See id.* at 1.

      The Subpoena is improper for at least two reasons. First—and most blatantly—the Subpoena is the latest of a series of efforts by the MDL Plaintiffs to circumvent this Court's denial of coordination between this case and the Texas Case. *See* Pre-Trial Order No. 8, ECF No.

---

[1] The Subpoena is attached as Exhibit A.

May 7, 2024
Page 2

708 ("PTO 8"). Second, the Subpoena reflects an unwarranted attempt to obtain Google's confidential information from the Texas Case, in which the plaintiffs are advancing meaningfully different claims and theories than those being addressed in this Court.

This Court has inherent power to stop the MDL Plaintiffs from pursuing their Subpoena in contravention of its prior orders, and it should do so here. *See, e.g.*, *Mirra v. Jordan*, 2014 WL 2511020, at *4 & n.3 (S.D.N.Y. May 28, 2014) (explaining that the Court has inherent power to quash a subpoena that is "in direct violation of this Court's [prior] order"). Moreover, even though the Subpoena is directed at a non-party in this MDL, Google maintains a privacy interest in much of the requested material that allows it to seek relief from this Court. *See MG Freesites Ltd. v. Scorpast, LLC*, 2023 WL 2822272, at *2 (S.D.N.Y. Apr. 7, 2023) (explaining that a party's personal privacy right affords it standing to challenge a subpoena directed to a non-party). Finally, the Texas Confidentiality Order provides that if a party to the Texas Case (here, the State of Texas) is served with a subpoena from another court (here, this Court) requesting documents that have been designated as confidential in the Texas Case, the party whose confidential documents are being requested (here, Google's) may "seek[] a protective order" from "the court from which the subpoena . . . issued." Conf. Order ¶ 25 & n.11.

Accordingly—and as set forth in greater detail below—Google requests leave to move for a protective order prohibiting the MDL Plaintiffs from obtaining the documents they are improperly seeking through the Subpoena.[2]

### I. The Court Should Issue a Protective Order to Prohibit the MDL Plaintiffs From Defying This Court's Order Denying Coordination

The Subpoena reflects the latest in the MDL Plaintiffs' series of attempts to circumvent the denial of coordination with the Texas Case ordered in PTO 8, and should be prohibited for that reason alone. *See Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985) ("[A] federal court's interest in orderly, expeditious proceedings justifies any reasonable action taken by the court to secure compliance with its orders." (internal quotations and citations omitted)).

On March 6, 2024, the Court denied coordination between this case and the Texas Case, acknowledging that "discovery in this MDL should be winding down." PTO 8. Since then, the MDL Plaintiffs have nevertheless repeatedly attempted to backdoor discovery from the Texas Case into this proceeding:

---

[2] Google requests leave to move for a protective order rather than to file a motion to quash because moving for a protective order is the procedure specifically contemplated by the Texas Confidentiality Order. *See* Ex. B (Conf. Order.) ¶ 25. Nonetheless, "[t]he same standards apply where a party challenges a non-party subpoena through a motion for a protective order as opposed to a motion to quash." *N'Diaye v. Metro. Life Ins. Co.*, 2018 WL 2316335, at *4 (S.D.N.Y. May 8, 2018). Accordingly—and for the reasons further detailed herein—Google in the alternative requests leave to file a motion to quash the Subpoena.

May 7, 2024
Page 3

- Since March 14, the MDL Plaintiffs have sought deposition transcripts from the Texas Case. *See* Ex. D at 4. Despite multiple requests from Google, MDL Plaintiffs steadfastly refused to "explain how they propose to use these deposition transcripts and exhibits," Ex. E at 1-2, until a meet-and-confer this past Friday, May 3. During that meet-and-confer, Plaintiffs stated they intended to use these deposition materials as if this Court had entered the proposed coordination order that it in fact rejected in PTO 8, but without any of the corresponding protections for Google contained therein.

- On April 26, the MDL Plaintiffs issued the Subpoena.

Relatedly, on April 12, Plaintiffs in *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.) (the "Virginia Case") moved to amend the existing Coordination Order between this MDL and the Virginia Case to extend to the Texas Case. *See* E.D. Va. ECF No. 550. Magistrate Judge Anderson denied that request on April 19, expressing concern that this would backdoor the transcripts into this MDL despite this Court's denial of coordination. *See* Virginia Case Hr'g Tr. (April 19, 2024, 22:10-13).[3]

Despite obtaining leave to depose 9 additional Google witnesses in addition to their previously allotted 15, *see* ECF No. 777 at 1, the MDL Plaintiffs have acknowledged that the Subpoena reflects an attempt to get "admissions by Google and its agents" beyond the depositions they have been permitted by this Court. *See* ECF No. 768 at 2 & n.2. Especially in light of the additional depositions of Google this Court permitted the MDL Plaintiffs to take, the MDL Plaintiffs should have no further need for deposition transcripts and related documents from the Texas Case. Allowing the MDL Plaintiffs to obtain these documents would not only create an information asymmetry, allowing them access to yet more discovery of Google without any corresponding right for Google to obtain more discovery of the MDL Plaintiffs, but it would also needlessly inject more discovery into this proceeding on the eve of the fact discovery deadline. And much of the requested discovery has limited relevance to this proceeding: the Texas Case has increasingly focused on state-law deceptive trade practice claims since remand, and the MDL Plaintiffs' assertions about how this case and the Texas Case are identical are based on arguments made before the Judicial Panel on Multidistrict Litigation years ago. *See* Ex. F at 1.

"Courts have inherent power to enforce their orders," including "equal power to punish for a disobedience of [an] order." *See Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 344 (S.D.N.Y. 2012). The Court should exercise that authority by preventing the MDL Plaintiffs from relying on the State of Texas as a proxy through which they can obtain discovery in

---

[3] The Virginia Plaintiffs have since filed objections to Magistrate Judge Anderson's order. If Your Honor wishes to review those materials, Google will submit to the Court a copy of the full hearing transcript, along with the objections the Virginia Plaintiffs have since filed.

May 7, 2024
Page 4

violation of this Court's Order denying coordination.[4] *See Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 192 (2d Cir. 2010) (affirming ruling prohibiting compliance with third-party subpoena based on the Court's inherent power to enforce its orders where the issuing party and the subpoena recipient "both understood that issuing a subpoena was a necessary ploy for achieving" distribution of confidential materials in violation of a protective order). For these reasons, Google respectfully requests that the Court issue a protective order with respect to the Subpoena in its entirety.

II.     **The Court Should Issue a Protective Order
        to Protect Google's Confidential Information**

Under Federal Rule of Civil Procedure 26(c) (and the Texas Confidentiality Order), a protective order is further warranted as to (at least) the subpoenaed documents that Google has designated Confidential or Highly Confidential in the Texas Case.

A party like Google "with a real interest in the [subpoenaed] documents has standing to raise objections to their production" under the Federal Rules, and a "commercial stake in the documents at issue . . . constitutes such an interest." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 830624, at *1 (S.D.N.Y. Mar. 9, 2011) (citing cases).

Here, the documents at issue include transcripts of depositions of Google employees, many of which discuss Google's non-public, proprietary information. For example—and consistent with the widely recognized principle that confidentiality "orders serve essential functions in civil adjudications, including the protection of the parties' privacy and property rights," *Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 343-44 (S.D.N.Y. 2012)—the Texas Confidentiality Order protects "information . . . that constitute[s] a trade secret or other non-public confidential financial, technical, research, sales, marketing, development, or commercial information . . . that has not been published or otherwise made publicly available." Conf. Order ¶ 1(b). This protection covers (1) all deposition transcripts, which are automatically considered "Highly Confidential" for 45 days, and thereafter will likely be designated as "Highly Confidential" or "Confidential," *id.* ¶ 7; and (2) any deposition testimony that "summarize[s] . . . or reveal[s]" Google's confidential information, *id.* ¶ 1(h). Accordingly, the Texas Confidentiality Order affords Google "an opportunity to try to protect its confidentiality interests in the court . . . from which the subpoena issued." *Id.* ¶ 24(c) n. 10

Google's interest in ensuring that its confidential information from the Texas Case is not disclosed beyond the confines of that proceeding is not outweighed by any purported relevance

---

[4] The State of Texas's compliance with the Subpoena would also conflict with the Texas Confidentiality Order, which provides that "nothing in [it] should be construed as authorizing or encouraging [State Plaintiffs] in this Action to disobey a lawful directive from another court." Conf. Order ¶ 25.

of the documents sought by the Subpoena. *See MG Freesites*, 2023 WL 2822272, at *3 (explaining that the Court must weigh "the relevance or probative value of the documents being sought against the privacy interests . . . asserted"). Since remand, the Texas Plaintiffs have focused on state deceptive trade practice act claims with little relevance to the antitrust claims at the heart of this case. *See supra* at 3. Indeed, as Magistrate Judge Anderson recently recognized, "the Texas case is a much different case now that it's in Texas than it was in the MDL. Obviously there are [some overlapping] issues, and, as Google has pointed out, there are some other claims that weren't [] involved in the MDL case, [] that are now part of the Texas case. A bigger case, a lot more depositions involved, a completely different set of circumstances." Virginia Case Hr'g Tr. (April 19, 2024, 21:21-22:2). Indeed, this Court has previously denied the production of materials from a related action, recognizing that "discovery utilized in another lawsuit is ordinarily not discoverable in another action" absent some specific relevance to the underlying dispute. ECF No. 694 at 1-2. "Knowing the areas of defendant's business activities in which [the State of Texas] has the greatest interest or what can be gleaned about [the State of Texas's] evolving theory of the case is not, itself, discoverable in this MDL." *Id.* at 2.

* * *

For all of these reasons, Google respectfully requests permission to move for a protective order preventing enforcement of the Subpoena, or, in the alternative, to move to quash the Subpoena. *See supra* note 2. If the Court grants leave for Google to file this motion, Google proposes that it be allowed to file the motion within 14 days of the Court's order, that the MDL Plaintiffs respond 7 days later, and that Google reply 7 days after that.

Respectfully submitted,

/s/ Craig M. Reiser
Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

/s/ Justina K. Sessions
Justina K. Sessions**
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

May 7, 2024
Page 6

                                                        Counsel for Defendants Google LLC,
Alphabet Inc., and YouTube LLC

\*\*Except as to *Associated Newspapers Ltd. v. Google LLC*, No. 21-cv-03446 (PKC)

CC: All Counsel of Record (via ECF)