# EXHIBIT E

## Freshfields Bruckhaus Deringer US LLP

<u>**Via Email**</u>

Philip Korologos
Boies Schiller Flexner
pkorologos@bsfllp.com

Jordan Elias
Girard Sharp LLP
jelias@girardsharp.com

Serina Vash
Herman Jones LLP
svash@hermanjones.com

**New York**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
T +1 212 284 4910
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

April 23, 2024

Re:     *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Counsel:

We write in response to your letter dated April 17, 2024, concerning Plaintiffs' request for the production of deposition transcripts and exhibits from *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.).  Your letter purports to respond to our March 29, 2024 letter, but fails to respond to our request that Plaintiffs "explain how they propose to use these deposition transcripts and exhibits."  Your letter also ignores our March 29 request that Plaintiffs explain how the proposed transcript sharing will result in "efficiencies" or "streamlining" as Plaintiffs have previously asserted.

As Plaintiffs know, Judge Castel recently denied the entry of a coordination order between the MDL and the Texas Case on the grounds that, among other things, discovery in the MDL is "winding down" and that "this is not the time to start cross-notices of depositions in the action in the Eastern District of Texas."  *See* Pre-Trial Order No. 8, ECF No. 708.  Moreover, Magistrate Judge Anderson recently denied a request by the DOJ to inject this same pool of transcripts from the Texas Case into the Virginia Case on the basis that, among other things, it might be "used as a back door for the MDL Plaintiffs" to obtain those transcripts and thus "be backdooring Judge Castel's denial of a request" for coordination with the Texas Case.[1]

We ask that Plaintiffs now respond to the questions we posed in our letter dated March 29, 2024.  If Plaintiffs are proposing that deposition transcripts from the Texas Case should be usable as though taken in this case, please confirm that these will count against Plaintiffs' deposition limit in this case or explain why the depositions should not count against the limit set

---

[1] *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.), Hr'g Tr. (Apr. 19, 2024, 22:2-12).

by Judge Castel in Pre-Trial Order No. 5.  ECF No. 394.

We note that Plaintiffs' request for as many as 40 transcripts from the Texas Case comes at the same time that Plaintiffs have sought permission to take an additional 16 depositions.  *See* ECF No. 755.  As a result, it appears that Plaintiffs are seeking a lopsided, asymmetric discovery advantage that only benefits Plaintiffs.  If Plaintiffs propose to use the transcripts from the Texas Case for some other, more limited purpose, please confirm the scope of your proposal and those limitations.

With respect to the other points made in your letter, Plaintiffs' description of the scope of permissible discovery under Federal Rule 26 omits the lead in qualification:  "Unless otherwise limited by court order."  Fed. R. Civ. P. 26(b)(1).  As noted above, the Court has ordered limits on depositions.  ECF No. 394.  And Judge Castel has stated that any requests for additional depositions will require the requesting party "to persuade me why you need who you need when you're going above the limits."  Hr'g Tr. (Apr. 19, 2022, 58:1-3), ECF No. 291.  Moreover, your various assertions that the MDL and the Texas Case are identical are based on arguments made before the Judicial Panel on Multidistrict Litigation three years ago.  But just last week, Magistrate Judge Anderson stated that "the Texas case is a much different case now that it's in Texas than it was in the MDL.  Obviously there are [some overlapping] issues, and, as Google has pointed out, there are some other claims that weren't [] involved in the MDL case, [] that are now part of the Texas case.  A bigger case, a lot more depositions involved, a completely different set of circumstances."[2]

Google remains willing to meet and confer on these issues.  But Plaintiffs must first confirm the scope of their proposal, including how they propose to use any deposition transcripts that Google agrees to produce, as well as the efficiencies to be gained through that sharing.

Sincerely,

*/s/ Robert J. McCallum*

Robert J. McCallum

---

[2] *United States, et al. v. Google LLC*, No. 1:23-cv-108 (E.D. Va.), Hr'g Tr. (April 19, 2024, 21:21-22:2).