# EXHIBIT F

# Discovery Steering Committee
## In re Google Digital Advertising Antitrust Litigation

April 17, 2024

**Via Email**

Robert McCallum
Freshfields Bruckhaus Deringer US LLP
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
rob.mccallum@freshfields.com

Re:     *In re Google Digital Advertising Antitrust Litigation*, Case No. 1:21-md-03010 (PKC)

Counsel:

      We write in response to your March 29, 2024, letter regarding MDL Plaintiffs' request for deposition transcripts and related materials from depositions of Google 30(b)(6) witnesses and current or former employees taken in *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.) ("Texas Action"). In its March 6, 2024, letter to Judge Castel (ECF No. 706), Google requested that the Court enter the *Texas* Coordination Order in the MDL (as Plaintiffs had also requested on February 29, 2024 (ECF No. 700)). The *Texas* Coordination Order, if entered in the MDL, would have permitted disclosure in the MDL of all deposition transcripts and exhibits in the Texas case. For present purposes, Plaintiffs are seeking only a subset of those deposition materials, specifically the transcripts of Google 30(b)(6) witnesses and current or former employees.

      Under Federal Rule of Civil Procedure 26(b), Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Plaintiffs' request for transcripts and related materials in the Texas Action imposes virtually no burden in light of MDL Plaintiffs' offer to obtain the transcripts and related materials directly from the court reporters. Given the very substantial overlap of facts and discovery in the MDL and the Texas actions, the requested deposition testimony in Texas is relevant to the MDL, and the Federal Rules require that Google produce these materials.

      Deposition testimony in the *Texas* case is relevant to claims the MDL. As Google told the JPML when it moved for centralization of these and other cases, "the cases arise from the same factual circumstances" and involve "the same core products, events, and issues." Case No. 3010 (J.M.P.L.), ECF No. 1-1, at 10, 12. The JPML agreed, ruling that the actions involve common questions of fact. *In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1375 (J.P.M.L. 2021).

      Given the close commonality of facts at issue in the cases, and Google's longstanding acknowledgment of such, Google's current claim that "it is unlikely that all deposition testimony

R. McCallum
April 17, 2024
Page 2 of 3

taken in the Texas case will be relevant and discoverable in this MDL" appears to be an effort to run out the clock on fact discovery in the MDL, rather than a reasoned position. Google's other purported objections to producing the requested transcripts set forth in its March 29, 2024, similarly lack merit.

Google's contention that the Texas Plaintiffs' discovery on their DTPA claims is not relevant to claims in the MDL and discoverable is belied the by the presence of similar claims in the MDL. In the Texas Action, Count VI of the States' Fourth Amended Complaint (ECF No. 541) alleges that Google's conduct—including Dynamic Allocation, Enhanced Dynamic Allocation, Project Bernanke, Dynamic Revenue Share, and Reserve Price Optimization—was false, deceptive and/or misleading and violated the Deceptive Trade Practices statutes of each of the 17 Plaintiff States and Commonwealths. In the MDL, Count VII of the Consolidated Advertiser Class Action Complaint and Count III of the Publisher Class's First Amended Complaint allege that Google violated California's UCL through unlawful, unfair, or fraudulent business acts or practices, including Dynamic Allocation, Enhanced Dynamic Allocation, Reserve Price Optimization, Dynamic Revenue Share, and Project Bernanke. Daily Mail's Amended Complaint (ECF No. 400) alleges that practices like Dynamic Allocation, Enhanced Dynamic Allocation, Dynamic Revenue Share, were deceptive and unlawful under New York General Business Law § 349 and constituted common-law fraud (Counts 5 and 6). Gannett's Complaint asserts state law claims for statutory fraud, common-law fraud and unjust enrichment (Counts 5-7).[1] In short, Google's contention that discovery related to Texas's DTPA claims is irrelevant to claims in the MDL is without foundation.

Google also misreads Pre-Trial Order No. 9 ("PTO-9"). ECF 725. PTO-9 applied only to Plaintiffs' Interrogatory Nos. 1-3 and held only that Plaintiffs' motion to compel responses had not made a sufficient showing to warrant the burden imposed those Interrogatories. *See id.* Plaintiffs seek transcripts that will have *already* been taken by counsel for the State of Texas. The burden on Google of this request is negligible, and it cannot rely on a strained reading of PTO-9 to avoid it. Further, Google has provided no basis to believe that *any specific* deposition taken by counsel for the State of Texas is on wholly collateral issues.

With regard to the "depositions of Google employees [] whose relevance remains unclear," the transcripts and exhibits must be produced absent the improbable scenario of the entire transcript and all of the exhibits being irrelevant to the MDL. Google's purported basis for withholding transcripts for former Google employees who may testify in a third-party capacity lacks coherence because most or all confidentiality designations for issues concerning Google are going to be made *by Google.* The Texas Confidentiality Order provides no impediment to Google's disclosure of information that it has designated as confidential or highly confidential: "Nothing in this Order: (a) limits a protected Person's use of disclosure of its own information designated as Highly Confidential information or Confidential Information". ECF 182 at 22. To the extent those former employee witnesses *themselves* or their current employers designate

---

[1] As Google is aware, *all* of these claims remain live and part of the MDL. ECF 736 ("deferring briefing on any motion to dismiss directed to a state law claim until the summary judgment stage").

R. McCallum
April 17, 2024
Page 3 of 3

certain testimony as confidential or highly confidential under the Texas Confidentiality Order, MDL Plaintiffs are willing to address those witnesses on a case-by-case basis.

      MDL Plaintiffs request that Google confirm whether it intends to stand on its purported objections by or at our regularly scheduled meet-and-confer on Friday, April 19, 2024.

      Sincerely,
      AHDOOT & WOLFSON, PC

on behalf of MDL Plaintiffs' Discovery Steering Committee

cc:    David Pearl and as indicated in transmittal email.