# HERMAN JONES LLP

ATLANTA · NEWARK · SEATTLE

Serina M. Vash
svash@hermanjones.com

May 8, 2024

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

>    Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC);
>    *Inform Inc. v. Google LLC*, et al. No. 1:23-cv-01530 (PKC)

Dear Judge Castel:

We write as counsel to plaintiff Inform Inc. ("Inform") in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC) (the "Inform Action"), a constituent case transferred from the Northern District of Georgia into the above-referenced MDL. Pursuant to Pre-Trial Order No. 3 (ECF No. 311) and in compliance with Rule 26, Inform respectfully seeks leave to serve a narrowly focused set of contention and data interrogatories, which are specific to the Inform Action and are non-duplicative of those previously served by the Discovery Steering Committee or other MDL Plaintiffs. There is no conference currently scheduled before the Court.

Inform's ad tech case was first filed against Defendants on November 25, 2019 and there is substantial overlap with the MDL Plaintiffs' allegations. Notably, however, there are allegations in the Inform matter that are not covered by the other MDL Plaintiffs' allegations—or their propounded interrogatories—and Plaintiff Inform continues to seek discovery related to those allegations. This includes those specifically alleged by Inform related to YouTube, online video advertising, and Google's anticompetitive actions directed toward Inform as a competing online video platform.

Respectfully, Inform seeks limited additional discovery in order to prepare its case. Specifically, Inform has prepared a focused set of case-specific contention and data interrogatories with the goal of narrowing the issues and focusing the remaining discovery. Plaintiff Inform has taken care to assure that these interrogatories are both directly relevant to Inform's claims (or Defendants' defenses) and proportional to the needs of its case "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

Hon. P. Kevin Castel
May 8, 2024
Page 2

whether the burden or expense of the proposed discovery outweighs its likely benefit." Federal Rule of Civil Procedure 26(b)(1).[1]

Plaintiff's Interrogatories seek information related to the defenses Defendants have asserted in their Answer (ECF No. 741), as well as auction mechanics and data related to Google's business dealings with, and ad auctions involving, Inform.  These are clearly relevant to Inform's claims and are in line with the scope of interrogatories and requests for production that Defendants have already served on Inform and moved to compel that Inform answer.

Accordingly, Plaintiff Inform respectfully requests that it be permitted to serve seven (7) interrogatories related to the specific issues involved in Inform's claims.  Plaintiff's case-specific interrogatories (attached hereto as Exhibit A) generally include contention interrogatories concerning the defenses which Defendants have asserted in their Answer; auction mechanics specific to video advertising and Flash-based ads; specific instance-level or event-level data of online video ad auctions of Inform inventory, where Inform was a participant but was adversely affected by Defendants' anticompetitive policies, algorithms, and activities; and identification of source code related to the relevant instances and auction mechanics.[2]  Plaintiff Inform respectfully reserves its right to seek additional discovery under Rule 26 at a later time if necessary, reasonable and proportionate to the needs of the case.

For the reasons set forth above and pursuant to Pre-Trial Order No. 3, Plaintiff Inform seeks leave of the Court to serve its case-specific interrogatories, which both comply with Rule 26 and are non-duplicative of those served by the Discovery Steering Committee or other Plaintiffs.

---

[1] Inform has previously "note[d] that Inform, Inc. was both a competitor and customer of Defendants, and that the amount in controversy in this case exceeds $1 billion." *See* ECF No. 636 (Inform's October 6, 2023 Letter to the Court) at 3.

[2] As Inform explained in its recent Discovery Letter (ECF No. 751), Google has repeatedly refused or been unable, without further investigation and review, to answer Inform's questions regarding whether or not it has produced all of the requested code related to online video advertisements, prompting the necessity for several of these interrogatories.  ECF No. 751 at 4-5.

Hon. P. Kevin Castel
May 8, 2024
Page 3

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ *Serina M. Vash*

SERINA M. VASH
New York Bar No.: 2773448
svash@hermanjones.com
**HERMAN JONES LLP**
153 Central Avenue, # 131
Westfield, NJ 07090
(404) 504-6516

JOHN C. HERMAN (admitted *pro hac vice*)
jherman@hermanjones.com
**HERMAN JONES LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6555
(404) 504-6501 (fax)

Counsel for Plaintiff Inform Inc.