# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION<br><br>*This Document Relates To:*<br><br>*Inform Inc. v. Google, LLC, Alphabet Inc., and YouTube LLC*<br>No. 1:23-cv-01530 (PKC) | Civil Action No. 21-md-3010 (PKC) |

**PLAINTIFF INFORM INC.'s CASE-SPECIFIC
CONTENTION AND DATA INTERROGATORIES TO DEFENDANTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 of the United States District Court for the Southern District of New York, Plaintiff Inform, Inc. ("Plaintiff" or "Inform") in the above-captioned matter submits this set of Case-specific Contention and Data Interrogatories to Defendants Alphabet Inc., Google LLC, and YouTube, LLC (collectively, "Defendants").

In accordance with the definitions and instructions set forth below, Defendants are directed to give written answers to these Interrogatories. Defendants' responses to these Interrogatories must be served on the undersigned counsel for the Plaintiff within 30 days of service of these Interrogatories.

**INSTRUCTIONS**

1.  Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

2. Information requested in these Interrogatories shall include information within the knowledge or possession of any of Your agents, employees, attorneys, investigators or any other Persons, firms or entities directly or indirectly subject to Your control in any way whatsoever.

3. Each Interrogatory shall be answered in its entirety. If any Interrogatory or subsection thereof cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

4. If there is a claim of privilege as to any communication concerning information requested by these Interrogatories, specify the privilege claimed, the communication or answer to which that claim is made, the topic discussed in the communication and the basis upon which the claim is asserted.

5. These Interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 33 of the Federal Rules of Civil Procedure.

6. Separate and complete responses (or, as the case may be, separate objections) are required for each Interrogatory or subpart thereof.

7. Unless otherwise instructed or clear from the context of the Interrogatory, these Interrogatories seek responsive information concerning the period from January 1, 2007 to Present. Plaintiff reserves the right to expand the time frame of these and any future Interrogatories should the Court in this Action determine that the relevant time period for discovery exceeds the scope set forth herein.

## DEFINITIONS

The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") – including, but not limited to, the definitions of "Concerning," "Documents," "Identify," "Person" – are hereby incorporated and

2

apply to these Interrogatories. These definitions apply throughout these Interrogatories without regard to capitalization. Plaintiff reserves the right to deliver and serve additional Interrogatories.

1. "Answer" or "Your Answer" means the Answer filed in *Inform Inc. v. Google LLC, et al.*, No. 1:23-cv-01530 (PKC), at ECF No. 93, and in *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-3010 (PKC) (S.D.N.Y.) at ECF No. 741.

2. "Ad Tech Auction Mechanics" shall mean any and all systems and software that implement, effectuate, or modify any Ad Auction rules, policies, preferences, settings, designs, projects, experiments, launches or features; this term includes, but is not limited to, Open Bidding (also known as "Exchange Bidding," "Jedi," "Jedi+," "Jedi++," or "Demand Syndication"), Open Auction, Dynamic Allocation, Enhanced Dynamic Allocation, Optimized Competition, Real-Time Bidding, OpenRTB, Unified Pricing Rules, First Look, Last Look, Reserve Price Optimization (also known as "Dynamic Floor" or "Optimized Pricing"), Dynamic Revenue Share (also known as "Average Revenue Share"), Project Bernanke, Project Poirot, Project Elmo, Project Marple, Project Ming, Project Magnolia, Project Petra, Skyray, and Minimum Bid to Win (also known as "Highest Other Bid").

3. "Ad Tech Products" shall mean any and all systems, platforms, and software, including predecessors and successors, used in the process of identifying, selecting, transmitting, and/or rendering Digital Advertising on a desktop or mobile device, as well as all systems and software, including predecessors and successors, that implement and/or effectuate an Ad Auction, including receiving, processing, and transmitting bid requests, bid responses, or related messages. The term includes publisher ad servers, advertiser ad servers, SSPs, DSPs, demand-side products, ad exchanges, and ad networks, and specifically includes Your products: Your publisher ad server (formerly called "DoubleClick for Publishers" or "DFP"); Your ad exchange (formerly called "DoubleClick Ad Exchange" or "AdX"), Google Ads (formerly called "Google AdWords" or

3

"AdWords"), Display & Video 360 (DV360), DoubleClick Bid Manager (DBM) (formerly called "Invite Media" and also known as "Google Bid Manager"), Campaign Manager, DoubleClick Campaign Manager (DCM), Google Display Network (GDN), Google Ad Manager (GAM), DoubleClick Reserve and Exchange (DRX), Google AdSense (also known as "AdSense for Content" and "AFC"), DoubleClick for Advertisers (DFA), Google Analytics, Google AdMob, Search Ads 360 (SA360), Google Search Network, YouTube, LLC and any other product or service, however named, that You provide, have provided, or will provide for the sale or intermediation of digital advertising, including all predecessors and successors of such Ad Tech Products.

4. "You," "Your," "Alphabet," or "Google" shall mean Defendants Google LLC, Alphabet Inc., and YouTube, LLC and their past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures. The terms subsidiary, affiliate, and joint venture refer to any firm in which there is total or partial ownership of twenty-five percent or more or total or partial control between the company and any other person or entity.

5. The terms "and," "or," "and/or," "concerning," "communication," "document," "identify," "person," "any," "all," and "each," are defined as set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York

6. Any reference to Your Ad Tech Products or to Your Ad Tech Auction Mechanics, individually or collectively, also shall include any successor or predecessor Ad Tech Products or Ad Tech Auction Mechanics having the same or similar functionality.

7. To bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, or neuter pronoun does not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any and all; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense and vice versa; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in these Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify any and all contracts, invoices, billing or account statements, or order documents associated with Inform Inc. (formerly "News Distribution Network" or "NDN") as a customer of any Google product or service, and provide any and all associated:

a. Google billing, account, customer and contract numbers or IDs associated with Inform;

b. invoices where Inform paid for advertising auction data or ad server data from Google, and identify any reports or other data provided by Google in exchange for each payment; and

c. Payment or revenue share totals made by or between Inform and Google by type of service, contract, or order type.

### INTERROGATORY NO. 2

State in detail the factual and legal bases for each Defense or Affirmative Defense asserted in Your Answer, including all the purported procompetitive benefits or justifications as respects the Fifth Defense in Your Answer, and identify by document identification number all documents that you contend support each respective Defense asserted. For each contract or other agreement identified, identify by paragraph number, section identifier, or page number, the specific provisions

of such contracts supporting each respective Defense asserted.

**INTERROGATORY NO. 3**

Identify the relevant market or market(s) in which you contend each of Your Ad Tech Products related to YouTube or any of Your video advertisement products or services compete, including their respective successor or predecessor products. Please provide Your approximate market shares, the respective market shares of Your competitors, and any changes to those shares over time.

**INTERROGATORY NO. 4**

Identify each communication that Google had with any third party in which Inform was discussed, including but not limited to any potential acquisition of Inform, Inform's provision of services, Inform's video players, technical and other business capabilities, business dealings, or otherwise, and describe the nature of the communication, the purpose of the communication, the individuals involved, and any documents embodying or related to these communications.

**INTERROGATORY NO. 5**

Identify each instance involving a Google-implemented auction for Inform ad inventory (1) where an Inform direct (or pre-sold or reserved) video advertisement was available but was not displayed; or (2) where the winner of the auction did not place the highest gross dollar value bid. Please provide all data and transactional details associated with each instance, including but not limited to:

a. As applicable, an explanation of: (1) why the Inform direct (or pre-sold or reserved) video advertisement was available but was not displayed; and (2) why Inform did not win the auction, including how all calculations of values relevant to determining the winner of the associated auction was made (e.g., all bids, CPM, eCPM, Ad Rank, Quality Score, etc.);

6

b.  Whether and how each instance was affected by any Ad Auction Mechanics. Please identify (1) the relevant name(s) (i.e. EDA, Bell, Elmo, Bernanke, DRS, Last Look etc.); (2) where all associated code is located, including any file, function, or module names and line numbers; and (3) whether that code has been produced; and

c.  Whether and how the instances were affected by any of Google's policies, practices, or Ad Auction Mechanics related to the display of Flash video advertisements.

**INTERROGATORY NO. 6**

Identify each instance where an Inform video advertisement or campaign was disabled, paused, muted, throttled, paced below another ad or campaign, or otherwise restricted or limited. Please provide all data and transactional details associated with each instance, including but not limited to:

a.  An explanation of why the Inform video advertisement or campaign was disabled, paused, muted, throttled, paced below another ad or campaign, or otherwise restricted or limited;

b.  Whether and how each instance was affected by any Ad Auction Mechanics. Please identify (1) the relevant name(s) (i.e. EDA, Bell, Elmo, Bernanke, DRS, Last Look, etc.); (2) where all associated code is located, including any file, function, or module names and line numbers; and (3) whether that code has been produced;

c.  Whether and how Google's Chrome Browser operated to or was involved in disabling, pausing, muting, throttling, pacing below another ad or campaign, or otherwise restricting or limiting; and

d.  Whether and how video ads served and displayed on YouTube were treated differently from video ads served and displayed on Inform sites and sites other than YouTube, including but not limited to (1) what ad server is used for YouTube and (2) whether and how Chrome

7

Browser settings or functionality differs for YouTube.

**INTERROGATORY NO. 7**

Explain Google's policies, practices, and Ad Auction Mechanics related to the serving and display of Flash video advertisements January 1, 2012 forward including:

a. Whether and how the originator of the advertisement being a customer or user of any Google product or services, including but not limited to any Google Ad Tech Product, affected the display or non-display and/or functioning of the Flash video ad;

b. How the determination of whether a Flash video was automatically paused, muted, disabled, etc. is made;

c. Whether and how video ads displayed on YouTube were treated differently from those served on sites other than YouTube;

d. Any code associated with the policies, practices, and Ad Auction Mechanics involved related to the display of Flash video advertisements, where all associated code is located, including any file, function, or module names and line numbers, and whether that code has been produced;

e. How and when Google stopped bidding on Flash ads on each of its Ad Tech Products; and

f. How all of the above changed over time.

DATED:  May 8, 2024.

**Inform Inc.,** *Plaintiff,*

*/s/ John. C. Herman*
John C. Herman
*(Admitted Pro Hac Vice)*
**HERMAN JONES LLP**
3424 Peachtree Road N.E., Suite 1650
Atlanta, Georgia 30326
Telephone: (404) 504-6500
Fax: (404) 504-6501
jherman@hermanjones.com

Serina M. Vash
(*NYSBN 2273448*)
**HERMAN JONES LLP**
153 Central Avenue, #131
Westfield, NJ 07090
Telephone: (404) 504-6516
Fax: (404) 504-6501
svash@hermanjones.com

## CERTIFICATE OF SERVICE

I, Serina M. Vash, hereby certify that on May 8, 2024, I caused the foregoing Plaintiff's Case-specific Contention and Data Interrogatories to Defendants to be served, via email, to all counsel of record in this litigation currently receiving ECF notice from the Court.

*/s/ Serina M. Vash*
Serina M. Vash
(*NYSBN 2273448*)
**HERMAN JONES LLP**
153 Central Avenue, #131
Westfield, NJ 07090
Telephone: (404) 504-6516
Fax: (404) 504-6501
svash@hermanjones.com

*Counsel for Inform Inc.*