

May 9, 2024

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

      Re:    *In re Google Digital Advertising Antitrust Litigation*, **21-md-3010 (PKC);**
             *In re Google Digital Advertising Antitrust Litigation*, **21-cv-7001 (PKC)**

Dear Judge Castel:

      We are interim co-lead counsel for the proposed advertiser class, including Advertiser Plaintiffs Hanson Law Office, Cliffy Care Landscaping, Inc., Kinin, Inc., Sunny Singh, and Michael Stellman.  No conference is currently scheduled.

      The Advertisers respectfully seek leave to serve Google with case-specific interrogatories under Pre-Trial Order No. 3, which permits a plaintiff to "apply . . . for leave to serve a supplemental discovery request that complies with Rule 26 and is non-duplicative of the requests served by the Discovery Steering Committee."  In addition, Pre-Trial Order No. 5 requires that a party request leave of Court before serving any interrogatories, except as permitted by Local Rule 33.3(a).  And under Local Rule 33.3(c), "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise."

      The Advertisers' proposed interrogatories (Exhibit A) consist of 13 contention interrogatories and two additional interrogatories, none of which duplicate the previously served, common interrogatories.  The contention interrogatories require Google to justify the facts underlying various affirmative defenses asserted in its Answer to the Advertisers' complaint (Doc. 739).  To the extent, for example, Google intends to defend based on an arbitration clause in its Google Ads' terms of service, Plaintiffs should be permitted to discover the pertinent contracts and contractual provisions (Seventeenth and Eighteen Defenses).  Similarly, Google should be required to state the pertinent facts that support its contention that Advertisers' claims fail for lack of a relevant product or geographic market, or because Google "never had . . . monopoly power in any properly defined relevant market for advertising services" (Second and Fourth Defenses).  Other defenses are so for afield as to make it ineffectual to even hazard a guess about what Google means: it claims that its paying advertiser customers have unclean hands, failed to mitigate their own damages, or are barred by an unknown waiver (Twelfth,

Hon. P. Kevin Castel
May 9, 2024
Page 2

Thirteenth, and Fourteenth Defenses). The remaining two Advertiser-specific interrogatories call for Google to disclose how many AdX auctions Advertisers won through bids on Google Ads, the average monthly price during the class period, and how many such auctions were affected by the key auction dynamics that survived Google's motion to dismiss.

Like the similar request from the Publisher Class Plaintiffs, which the Court recently granted (Doc. 779), the Advertisers' case-specific interrogatories are appropriately limited and targeted, and offered at an appropriate time under the relevant authorities. As such, the Advertisers respectfully request the Court approve these interrogatories for service.

Respectfully submitted,

/s/ *Dena C. Sharp*
Dena C. Sharp (*pro hac vice*)
Jordan Elias (*pro hac vice*)
Scott M. Grzenczyk (*pro hac vice*)
Mikaela Bock (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
scottg@girardsharp.com
mbock@girardsharp.com

Tina Wolfson (TW-1016)
Theodore W. Maya (*pro hac vice*)
Henry Kelston (HK-9026)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
hkelston@ahdootwolfson.com

*Interim Co-Lead Counsel for Advertiser Plaintiffs and the Proposed Advertiser Class*

Hon. P. Kevin Castel
May 9, 2024
Page 3

    Jonathan L. Rubin (*pro hac vice*)
    **MOGINRUBIN LLP**
    1615 M Street, NW, Third Floor Washington, D.C. 20036
    (202) 630-0616
    jrubin@moginrubin.com

    Daniel J. Mogin (*pro hac vice*)
    Jennifer M. Oliver (*pro hac vice*)
    Timothy Z. LaComb (*pro hac vice*)
    **MOGINRUBIN LLP**
    600 West Broadway, Suite 3300
    San Diego, CA 92101
    (619) 687-6611
    dmogin@moginrubin.com
    joliver@moginrubin.com
    tlacomb@moginrubin.com

    *Counsel for Plaintiffs Cliffy Care and Kinin*

    Archana Tamoshunas (AT-3935)
    **TAUS, CEBULASH & LANDAU, LLP**
    123 William Street, Suite 1900A
    New York, NY 10038
    Tel.: (212) 931-0704
    Fax: (212) 931-0703
    atamoshunas@tcllaw.com

    April D. Lambert (*pro hac vice*)
    John D. Radice (JR 9033)
    **RADICE LAW FIRM, PC**
    475 Wall Street
    Princeton, NJ 08540
    Tel: (646) 245-8502
    Fax: (609) 385-0745
    alambert@radicelawfirm.com
    jradice@radicelawfirm.com

    *Counsel for Plaintiff Hanson Law Office, as successor in-interest to Hanson Law Firm, PC*

    Richard F. Lombardo (*pro hac vice*)
    Peter F. Rottgers (*pro hac vice*)
    **SHAFFER LOMBARDO SHURIN**

Hon. P. Kevin Castel
May 9, 2024
Page 4

        2001 Wyandotte Street
        Kansas City, MO 64108
        (816) 931-0500
        rlombardo@sls-law.com
        prottgers@sls-law.com

        *Counsel for Plaintiff Cliffy Care*

        Jason S. Hartley (*pro hac vice* forthcoming)
        Jason M. Lindner (*pro hac vice* forthcoming)
        **HARTLEY LLP**
        101 W. Broadway, Ste 820
        San Diego, CA 92101
        (619) 400-5822
        hartley@hartleyllp.com
        lindner@hartleyllp.com

        *Counsel for Plaintiff Kinin*