EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 1:21-md-3010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 1:21-cv-7001 (PKC) |

**ADVERTISER CLASS PLAINTIFFS' FIRST SET OF CASE-SPECIFIC**
**INTERROGATORIES TO GOOGLE DEFENDANTS**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiffs Christopher Hanson d/b/a Hanson Law Office, successor-in-interest to Hanson Law Firm, PC, Cliffy Care Landscaping LLC, Kinin, Inc., Sunny Singh, and Michael Stellman (collectively, "Advertiser Class Plaintiffs") serve Defendants Google LLC and Alphabet Inc. ("Defendants") with this First Set of Case-Specific Interrogatories.

## DEFINITIONS

The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 for the Southern District of New York are hereby incorporated and apply to these interrogatories. The incorporated definitions apply without regard to capitalization of these terms in the interrogatories. Plaintiffs also incorporate all definitions from Plaintiffs' First Set of Requests for Production of Document to Defendants, served January 27, 2023. Plaintiffs reserve the right to serve additional interrogatories and/or requests for the production of documents and other materials.

1. "Ad Tech Products" means any and all systems, platforms, and software, including predecessors and successors, used in the process of identifying, selecting, transmitting, and/or rendering Digital Advertising on a desktop or mobile device, as well as all systems and software, including predecessors and successors, that implement and/or effectuate an Ad Auction including receiving, processing, and transmitting, Bid Requests, Bid Responses, or related messages. The term includes Publisher Ad Servers, Advertiser Ad Servers, SSPs, DSPs, Demand-Side Products, Ad Exchanges, and Ad Networks, and specifically includes Your products: Your Publisher Ad Server (formerly called "DoubleClick for Publishers" or "DFP"); Your Ad Exchange (formerly called "DoubleClick Ad Exchange" or "AdX"), Google Ads (formerly called "Google AdWords" or "AdWords"), Display & Video 360 (DV360),

DoubleClick Bid Manager (DBM) (also known as "Google Bid Manager"), Campaign Manager, DoubleClick Campaign Manager (DCM), Google Display Network (GDN), Google Ad Manager (GAM), DoubleClick for Publishers (DFP), Google AdSense (also known as "AdSense for Content" and "AFC"), DoubleClick for Advertisers (DFA), Google Analytics, Google AdMob, Search Ads 360 (SA360), Google Search Network, and any other product or service, however named, that You provide, have provided, or will provide for the sale or intermediation of Digital Advertising, including all predecessors and successors of such Ad Tech Products.

2. "Advertiser" means anyone who buys, bids, or otherwise attempts to buy Ad Inventory on a third-party webpage or mobile application to serve ads to Users who visit a third-party webpage or mobile application.

3. "Answer" or "Your Answer" means the Answer filed in *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-3010 (PKC) (S.D.N.Y.) (ECF No. 739), and No. 21-cv-7001 (PKC) (S.D.N.Y.) (ECF No. 202).

4. "Consolidated Advertiser Class Action Complaint" means the Amended Complaint filed in *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-3010 (PKC) (S.D.N.Y.) (ECF No. 399), and No. 21-cv-7001 (PKC) (S.D.N.Y.) (ECF No. 35).

5. "Digital Advertising" means advertising inventory filled by way of the internet, as opposed to out-of-home, broadcast television, or print, including but not limited to video Digital Advertising, display (desktop and mobile) Digital Advertising, search Digital Advertising, in-app Digital Advertising, native Digital Advertising, rich media Digital Advertising and any other advertising categorized as Digital Advertising by You in Your ordinary course of business.

6. "Publisher" means anyone who serves content on the internet that is monetized by selling Ad Inventory to Advertisers.

7. "You", "Your", or "Google" means Defendants Google LLC and Alphabet Inc. and their past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures.

8. The terms "and," "or," "and/or," "concerning," "communication," "document," "identify," "person," "any," "all," and "each" are defined as set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

## INSTRUCTIONS

1. Construe the terms defined above and the individual interrogatories broadly, to the fullest extent of their meaning.

2. Provide a complete answer to each interrogatory stated below.

3. Answer each interrogatory separately in writing.

4. In Your answer to each interrogatory, identify each document to which you refer or upon which you relied in preparing Your answer to that interrogatory.

5. If You lack personal knowledge sufficient to respond fully to an interrogatory, make appropriate inquiries to obtain the information needed to so respond.

6. If You cannot answer any interrogatory completely, answer to the fullest extent practicable or provide a reasonable estimate or estimates.

7. If You assert a timely objection to any portion of an interrogatory, or any definition or instruction incorporated therein, state the grounds for objecting with particularity.

8. If You refuse to answer an interrogatory, in whole or part, for any reason, including but not limited to any claim of privilege, clearly describe the asserted privilege or grounds for refusing to answer.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all documents (by document identification number) and facts that You contend support the Second Defense in Your Answer.

### INTERROGATORY NO. 2

Identify the relevant market or market(s) in which You contend each of Your Ad Tech Products competes, including in relation to AdX and Google Ads or their respective successor or predecessor products.

### INTERROGATORY NO. 3

Identify all documents (by document identification number) and facts that You contend support Your response to Interrogatory No. 2.

### INTERROGATORY NO. 4

Identify each product that You contend exists in a relevant market or market(s) identified in response to Interrogatory No. 2 and, for each such product, state whether You contend that the product is a functional and/or economic substitute for one of Your Ad Tech Products and, if so, identify Your Ad Tech Product for which the product is a functional and/or economic substitute.

### INTERROGATORY NO. 5

Identify all documents (by document identification number) and facts that You contend support Your response to Interrogatory No. 4.

### INTERROGATORY NO. 6

Identify all documents (by document identification number) and facts that You contend support the Fourth Defense in Your Answer.

**INTERROGATORY NO. 7**

Identify all the purported procompetitive benefits or justification that You contend support the Fifth Defense in Your Answer, including Your contentions as to how such purported procompetitive benefits or justification outweigh the alleged anticompetitive effects of the conduct described in the Consolidated Advertiser Class Action Complaint.

**INTERROGATORY NO. 8**

Identify all documents (by document identification number) and facts that You contend support Your response to Interrogatory No. 7.

**INTERROGATORY NO. 9**

Identify all documents (by document identification number) and facts that You contend support the Twelfth Defense in Your Answer.

**INTERROGATORY NO. 10**

Identify all documents (by document identification number) and facts that You contend support the Thirteenth Defense in Your Answer.

**INTERROGATORY NO. 11**

Identify all documents (by document identification number) and facts that You contend support the Fourteenth Defense in Your Answer.

**INTERROGATORY NO. 12**

Identify, by document identification number, all contracts and the specific provisions of such contracts, including as identified by paragraph number, section identifier, and/or page number, that You contend support the Seventeenth Defense in Your Answer.

**INTERROGATORY NO. 13**

Identify, by document identification number, all contracts and the specific provisions of such contracts, including as identified by paragraph number, section identifier, and/or page number, that You contend support the Eighteenth Defense in Your Answer.

**INTERROGATORY NO. 14**

On a monthly basis from May 1, 2016 to the present, state (1) how many AdX auctions for (a) web and (b) in-app Digital Advertising were won by Advertisers bidding through Google Ads (formerly called "Google AdWords" or "AdWords"), and (2) the average price at which such (a) web and (b) in-app Digital Advertising was sold to such Advertisers.

**INTERROGATORY NO. 15**

State how many of the auctions identified in response to Interrogatory No. 14 were affected by: (a) Dynamic Allocation; (b) Enhanced Dynamic Allocation; (c) Project Bernanke; (d) Dynamic Revenue Sharing; and (e) Reserve Price Optimization.

DATED: _____, 2024

/s/ *Dena C. Sharp*
Dena C. Sharp (pro hac vice)
Jordan Elias (pro hac vice)
Scott M. Grzenczyk (pro hac vice)
Mikaela Bock (pro hac vice)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
scottg@girardsharp.com
mbock@girardsharp.com

/s/ *Tina Wolfson*
Tina Wolfson (TW-1016)
Theodore W. Maya (pro hac vice)
Henry Kelston (HK-9026)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
hkelston@ahdootwolfson.com

*Interim Co-Lead Counsel for Advertiser Class Plaintiffs*