**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

May 10, 2024

**Via ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*In re Google Digital Advertising Antitrust Litigation*
Case No. 21-md-3010 (PKC)

Dear Judge Castel:

The Court should deny Google's request for a protective order (ECF 782) without any need for additional briefing. There is no conference scheduled with the Court.

The subpoena served by MDL Plaintiffs seeks transcripts of relevant depositions taken in the Texas Action. Google has these deposition transcripts and Plaintiffs do not. The testimony concerns the same legal theories, allegations, products, services, and several of the same witnesses as in the MDL. This testimony is plainly relevant for impeachment and party admissions, as recently recognized by the Special Master in Texas. Moreover, the subpoena neither implicates this Court's Pre-Trial Order No. 8 ("PTO-8") (ECF 708) nor affects its discovery schedule. In fact, Google lacks standing to challenge the subpoena because the Confidentiality Order (ECF 611-1; ECF 685) is effectively identical to the parallel confidentiality order in Texas (Def. Ex. B, ECF 782-2), a reality that obviates any privacy interest that could support standing.

Google's request is a transparent effort at delay that would deny Plaintiffs relevant discovery, to which Google and its counsel have access in the MDL, Texas, and Virginia actions. That informational asymmetry unfairly prejudices Plaintiffs across the full range of litigation strategies and trial decisions. Production of the transcripts puts the litigants on a more level playing field as the critical, final stage of pretrial discovery nears completion.

**Background**

Plaintiffs have consistently sought transcripts for depositions taken in the Texas Action because they are clearly relevant to the MDL. Following Texas's remand to the Eastern District of Texas, Google, Texas, and Plaintiffs negotiated the "Texas Coordination Order" to which all parties agreed and which provided that counsel could "disclose Transcripts and exhibits from depositions taken during the Coordinated Discovery Period" to one another. ECF 700-1 at ¶ 3(f). This Court declined to enter the Texas Coordination Order, stating that "Neither side has

addressed the impact of the proposed Order on this Court's pre-existing and generous schedule for the completion of fact discovery." ECF 708.

Seeing an opportunity to hamstring Plaintiffs, Google changed tack following the Court's denial, refusing to allow the Texas and MDL Plaintiffs to share transcripts with each other and refusing to produce transcripts from Texas in response to Plaintiffs' RFPs. Google initially asserted relevance objections and concerns about hypothetical issues regarding Google's former employees. *See* Letter from R. McCallum to Discovery Steering Committee (Mar. 29, 2024) (attached as Exhibit A). Google then raised an additional PTO-8 argument and a baseless threshold demand that Plaintiffs "explain how they propose to use these deposition transcripts and exhibits." *See* Letter from R. McCallum to Discovery Steering Committee (Apr. 23, 2024) (Def. Ex. E, ECF 782-5 at 1). Google's shifting rationales for withholding these transcripts underscored that further negotiations would only generate delay.

Because Google refused to produce the deposition transcripts, Plaintiffs subpoenaed Texas on April 26, 2024. The subpoena seeks all deposition notices served in the Texas Action; transcripts and exhibits "from all depositions of current Google employees, former Google employees, or witnesses designated by Google pursuant to Rule 30(b)(6)"; and unredacted "copies of all sealed filings made in the Texas Action . . . excluding sealed filings relating to discovery from non-parties or filings sealed because of the presence of materials which MDL Plaintiffs are prohibited from receiving by an order in the MDL Action or Texas Action." Def. Ex. A, ECF 782-1.

Texas confirmed that it "has no objection to complying with the subpoena." Def. Ex. B, ECF 782-3 at 2. Google then moved for a protective order. ECF 782. Since Google filed its letter-motion for a protective order, the Special Master in Texas ordered Google to produce promptly to Texas any transcripts from depositions taken in MDL, as they are "clearly relevant." *State of Texas v. Google LLC*, No. 4:20-CV-957-SDJ (E.D. Tex. May 9, 2024), ECF 476 at 3 (attached as Exhibit B). Additionally, Judge Jordan has highlighted the efficiencies of sharing discovery between the cases, explaining at a recent hearing that:

> "Ordinarily, the most forceful case can be made for access to use material as evidence in other litigation so that later litigants do not have to," quote, unquote, "'reinvent the wheel.' This conclusion flows from the key purpose of discovery -- to develop information for use in litigation. It builds on a long line of cases recognizing the propriety of access to the fruits of one litigation to facilitate the preparation of other cases." There are many cases that stand for this proposition in Texas, and across the country candidly.

*State of Texas v. Google LLC*, No. 20-cv-957-SDJ (E.D. Tex.), May 6, 2024, Hr'g Tr. at 11 (quoting 8A Charls Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2044.1 (3d ed.)) (attached as Exhibit C).

### The subpoena does not violate PTO-8.

This Court did not conclude in PTO-8—or in any other order—that deposition testimony taken in the Texas Action is beyond the scope of discovery in the MDL. Instead, this Court expressed concern for the effect of the Texas Coordination "Order on this Court's pre-existing and generous schedule for the completion of fact discovery" and indicated that it was "not the time to start cross-notices of depositions in the action in the Eastern District of Texas." ECF 708 at 1. The subpoena requests transcripts of relevant depositions that will have already been taken by counsel for Texas at the time of production. Plaintiffs did not participate in those depositions, and production of the transcripts will not affect the discovery schedule in this MDL. Fact discovery in Texas closes on May 24, 2024. EDTX ECF 457 at 9.

The cases Google cites do not support a protective order or its assertion that Plaintiffs have "violated" PTO-8. In *Mirra v. Jordan*, 2014 WL 2511020 (S.D.N.Y. May 28, 2014), the defendant issued 121 subpoenas without notice to plaintiff, in violation of Rule 45, after which the court entered an order enjoining defendant from "issuing any other noncompliant subpoenas." *Id.* at *1. The defendant then issued two more subpoenas without permission. *Id.* at *2, *4. PTO-8 does not impose such a prohibition, and MDL Plaintiffs have not disobeyed it, let alone twice.

Similarly, Magistrate Judge Anderson's April 19, 2024, Order in the Eastern District of Virginia is inapposite and does not dictate the meaning of PTO-8. Nearly five months after the close of fact discovery, weeks from summary judgment briefing, and four months from trial, DOJ filed a motion seeking to add the Texas discovery record, including deposition transcripts and exhibits, to its case. *See* EDVA ECF 551. Magistrate Judge Anderson denied that request (a ruling DOJ has since appeal to the District Judge); the Magistrate Judge noted in part that DOJ could have raised the request months earlier. By contrast, fact discovery in the MDL *remains open*, summary judgment is not scheduled until next year, and no trial dates are set. PTO-8 is no barrier to Plaintiffs' request.

### The subpoenaed documents are highly relevant to MDL Plaintiffs' claims.

Google's assertion that "the requested discovery has limited relevance to this proceeding" is specious. ECF 782 at 3. Google successfully persuaded the Judicial Panel on Multidistrict Litigation that these cases—including the Texas case—should be consolidated because they concern "the same alleged practices involving Google's ad tech products and services" and "present the same core claims." *In re: Google Digital Advertising Antitrust Litigation*, MDL No. 3010 (J.P.M.L. Apr. 30, 2021), ECF 1 at 2. Google likewise acknowledged "the central truth that these cases are all about Google's alleged dominance and purported anticompetitive activity in so-called display advertising technology." *In re: Google Digital Advertising Antitrust Litigation*, MDL No. 3010 (J.P.M.L. June 2, 2021), ECF 89 at 1.

Following transfer, this Court treated the Texas complaint as a benchmark for the substantially similar claims of other Plaintiffs in the MDL. *See* ECF 701 at 2-4. The Court's

Hon. P. Kevin Castel
May 10, 2024
Page 4 of 6

bellwether Opinion on the Texas complaint (ECF 308) has guided these cases, informing all MDL Plaintiffs' various complaints and amendments.  *See* ECF 309, 311.  Like Texas, the Advertisers, the Publishers, Daily Mail, Gannett, and Inform each advance unfair competition, fraud, or other tort claims comparable to the DTPA claims brought by Texas and premised on overlapping conduct.  *Compare* ECF 541 (Texas complaint alleging state DTPA claims), *with* ECF 400 (Advertiser Class complaint alleging California Unfair Competition Law claim), ECF 408 (Publisher Class complaint alleging similar same), ECF 400 (Daily Mail complaint alleging common-law fraud and N.Y. G.B.L. § 349 claims), No. 1:23-cv-05177-PKC (S.D.N.Y.), ECF 1 (Gannett complaint alleging these same claims, along with unjust enrichment), *and* ECF 535, 751 (Inform complaints alleging common-law fraud, Georgia statutory fraud under Georgia Code § 51-6-1, and tortious interference).[1]

Not surprisingly then, the Special Master in Texas found that MDL deposition transcripts are "clearly relevant" to the Texas Action and ordered them produced.  Ex. B at 3.  The Special Master noted that Google previously argued to the court in the Eastern District of Virginia that the MDL, Texas, and DOJ actions are "the same case, under the same legal theories, with the same allegations, concerning the same Google products and services, at the same time."  *Id*. at 5 (quoting, *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va.), Mar. 3, 2023, Hr'g Tr. at 9, ECF 59).

Like the Texas court, this Court should hold Google to its prior representations regarding the similarities between the MDL, Texas, and DOJ cases—representations made when it sought ease and efficiency for itself, touted the need for consistency, and stressed the ills of conflicting court rulings.  *See* Manual for Complex Litigation § 20.14 (4th ed. 2004) (in related civil cases, "Relevant discovery already completed should ordinarily be made available to litigants in the other cases.").

**Google lacks standing to challenge the subpoena.**

While Google invoked a "privacy interest in much of the requested material" (ECF 782 at 2), the existence of the Confidentiality Order in this case (ECF 611-1; *see* ECF 685) obviates any supposed "privacy" interest.  *See United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) ("[D]efendants have consented to the entry of three confidentiality orders, all designed to protect the precise interest they now cite as the basis of their standing [to quash a subpoena] . . . . Defendants do not contend that these orders are inadequate in any way . . . . Defendants therefore lack standing to quash the . . . subpoenas.").

Neither *MG Freesites Ltd. v. Scorpast, LLC*, 2023 WL 2822272 (S.D.N.Y. Apr. 7, 2023) nor *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 830624, at *1 (S.D.N.Y. Mar. 9, 2011) establishes Google's standing to challenge the Subpoena.  *See* ECF 782 at 2, 4.  Neither of those cases considered the impact of a confidentiality order that will squarely protect the

---

[1] As recently as the parties' May 10, 2024, meet and confer, Google represented that it intended to produce at least some portion of the DTPA document discovery in the MDL and that its attorneys were working to "narrow areas of dispute".

Hon. P. Kevin Castel
May 10, 2024
Page 5 of 6

confidentiality of the documents produced by Texas.  *See* ECF 611-1 at 4 (¶ 1(*l*)) (defining protected "Litigation Materials" to include materials produced by a non-party).

Tellingly, Google has identified no material difference between the Confidentiality Order in the MDL and the parallel order in Texas.  *See* ECF 782.  That is because there is none that creates a privacy concern sufficient to confer standing.  *Compare* Def. Ex. B, ECF 782-2 (Texas Confidentiality Order) *with* ECF 611-1 (MDL Confidentiality Order).

Because the Confidentiality Order adequately protects the subpoenaed documents, Google lacks any privacy right that might give it standing to challenge the subpoena.  *See Ortiz*, 169 F. Supp. 3d at 545 ("A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right.") (citation omitted).  Google therefore lacks standing to seek a protective order or to quash the subpoena.

**Conclusion**

The similarities between the MDL and Texas cases, and the substantial discovery that Google has amassed across all three cases—where it is represented by the same counsel—confers substantial advantages upon Google in selecting and preparing its witnesses for trial and makes other litigation strategy decisions.  After having availed itself of the efficiencies of the MDL process and the resources of this Court, Google's bid to deny Plaintiffs these relevant transcripts is aimed *solely* at maintaining its unfair informational advantages, not any legitimate interest under the Federal Rules or any genuine need for protection.  Google's request for a protective order lacks merit and should be denied.

Although the Court deemed Google's letter a motion for a protective order (Pre-Trial Order No. 12 (ECF 784)), if the Court prefers further briefing, it should be done expeditiously given the June 28, 2024, fact discovery deadline.  Five days after the Court's order Google should file its motion. MDL Plaintiffs would oppose in five days, and Google can reply in three.  To the extent necessary to resolve these issues promptly, Plaintiffs respectfully seek a conference.

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

Hon. P. Kevin Castel
May 10, 2024
Page 6 of 6

/s/ *Jordan Elias*
Jordan Elias
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
jelias@girardsharp.com

/s/ *Serina Vash*
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copies to:   All counsel via ECF.