# Exhibit A

# Freshfields Bruckhaus Deringer US LLP

**New York**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
T +1 212 284 4910
F +1 646 521 5710
E rob.mccallum@freshfields.com
www.freshfields.com

**Via Email**

Philip Korologos
Boies Schiller Flexner
pkorologos@bsfllp.com

Jordan Elias
Girard Sharp LLP
jelias@girardsharp.com

Serina Vash
Herman Jones LLP
svash@hermanjones.com

March 29, 2024

Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Counsel:

We write regarding Plaintiffs' March 22, 2024 email, sent on behalf of the Discovery Steering Committee, concerning Plaintiffs' Requests for Production Nos. 277 and 307, which seek production of deposition transcripts from *State of Texas et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.). As discussed during a meet and confer earlier today, and for the reasons set forth below, Google cannot agree to a blanket production of all transcripts and exhibits for all (1) Google 30(b)(6) and 30(b)(1) witnesses, and (2) all current and former Google employees. But Google remains willing to consider requests for the transcripts and exhibits of particular Google deponents that Plaintiffs identify and that are relevant to the claims and defenses that remain in this MDL.

*First*, we think it is unlikely that all deposition testimony taken in the Texas case will be relevant and discoverable in this MDL. Among other things, plaintiffs in the Texas case are seeking depositions of collateral "discovery on discovery" that Judge Castel has ruled is not warranted in this MDL, Pre-Trial Order No. 9, ECF No. 725, and depositions of Google employees whose relevance remains unclear. Moreover, Plaintiffs in the Texas case are also seeking additional discovery on their DTPA claims and have asserted that this new discovery is separate from, and not duplicative of, discovery conducted in the MDL.

*Second*, Plaintiffs' proposal includes former Google employees who may be testifying in a third-party capacity. For example, a third-party witness may have previously worked at Google and thus be a former Google employee and also a third party. Given the absence of a coordination order and the separate protective orders to which Google is subject in the two cases,

Google cannot unilaterally agree to produce such transcripts and exhibits to Plaintiffs.

Google remains willing to meet and confer regarding the process by which it would produce relevant deposition transcripts and exhibits to Plaintiffs. To facilitate these discussions, Google requests that Plaintiffs explain how they propose to use these deposition transcripts and exhibits. We understand that Plaintiffs have indicated that transcript sharing might lead to "efficiencies" or "streamlining." We look forward to hearing your specific proposals as to how sharing of deposition transcripts might result in less discovery burden on Google in this case.

Sincerely,

*/s/ Robert J. McCallum*

Robert J. McCallum