# Exhibit B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § § § | |
| v. | § § § § | CIVIL NO. 4:20-CV-957-SDJ |
| GOOGLE LLC | § | |

### ORDER OF SPECIAL MASTER

By Order of the Court dated January 26, 2024 (Dkt. #213) the undersigned was appointed Special Master to address discovery issues and disputes between Plaintiff States ("States") and Defendant Google LLC ("Google").

As provided in the Court's Order Appointing Special Master, the Special Master is holding biweekly discovery hearings with the parties. (Dkt. #213 at 10); (*see also* Dkt. #227, #231). The parties are permitted to submit pending discovery disputes for resolution by the Special Master before the hearings. (Dkt. #227 at 1–2). On April 23, 2024, the parties submitted briefs regarding their discovery disputes, and on April 26, 2024 submitted responsive briefs. The Special Master conducted a remote hearing on May 2, 2024 (the "May 2 Hearing").

Before the May 2 Hearing, the parties were ordered to continue to meet and confer regarding their disputes and submit a joint report regarding any narrowing of issues. On May 1, 2024, the parties submitted their joint report, which advised of many additional matters the parties intended to raise at the following day's hearing. (Dkt. #455).

The Special Master previously issued an Order addressing the majority of

**ORDER OF SPECIAL MASTER – Page 1**

disputes heard on May 2, but reserved ruling on the production of MDL deposition transcripts. (Dkt. #469 at 3–4). This Order addresses that issue.

Having considered the parties' arguments, the Special Master **ORDERS** that Google shall produce the MDL transcripts from depositions that have already been taken no later than **May 13, 2024** and on a continuing basis thereafter as depositions are taken in the MDL, in no event more than **3 business days** after Google receives deposition transcripts.

1. **Production of MDL Deposition Transcripts**

In the parties' Joint Status Report (Dkt. #455), the States raise an issue with respect to the production of deposition transcripts from the MDL. (Dkt. #455 at 2). Google has declined to produce the MDL transcripts unless such depositions would count against the States' deposition limit, and views the request for the transcripts as an end-run around of that limit. (*Id.* at 2–3); (May 2 Hrg. Tr. at 39). Google additionally objects on the basis that the States are prospectively seeking the production of transcripts of depositions in the MDL that have not yet occurred. (*Id.* at 41). The Special Master agreed to Google's request that Google be permitted to submit additional briefing on the issue by May 7, 2024. (May 2 Hrg. Tr. at 44–45). Google's response brief argues (i) fact discovery is closed in this case, (ii) the States seek one-sided coordination, (iii) the States' request is an end-run around the deposition limit in this case, (iv) MDL transcripts are likely to be duplicative of the depositions taken in this case or not relevant to this case, and (v) the States' cited cases do not support their position. (Dkt. #474). None of these arguments is persuasive.

ORDER OF SPECIAL MASTER – Page 2

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Rule 26(b)(1) takes into account the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Local Rule CV-26(d) provides five considerations as to whether information is relevant:

(1) it includes information that would not support the disclosing parties' contentions;

(2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;

(3) it is information that is likely to have an influence on or affect the outcome of a claim or defense;

(4) it is information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and

(5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

The Special Master views MDL transcripts as clearly relevant and discoverable under Rule 26 and Local Rule CV-26(d). In this Court, it is incumbent upon Google to produce such transcripts even without a document request from the States. (Dkt. #194 at 4). Indeed, as Judge Jordan has guided the parties: "[T]he Court reminds [the parties] of their continuing obligation to disclose, without awaiting a discovery request . . . documents containing . . . information 'relevant to the claim or defense of any

**ORDER OF SPECIAL MASTER – Page 3**

party.'" (*Id*.). And just three days ago Judge Jordan reiterated that "allowing the sharing of discovery among related cases is an efficient and effective means of avoiding duplicative and costly discovery and avoiding unnecessary delay in adjudicating cases." (May 6 Status Conference Tr. at 11). Moreover, case law from this District further bolsters the Special Master's conclusion. *See, e.g., Moser v. Navistar Inter. Corp.*, No. 4:17-cv-598, 2018 WL 3613996, at *3 (E.D. Tex. July 28, 2018); *Retractable Tech., Inc. v. Becton*, No. 2:08-cv-16, 2011 WL 13134891, at *5 (E.D. Tex. Aug. 4, 2011), *rev'd on other grounds* (ordering production of transcripts and exhibits from related cases).[1] Further, Google's obligation to supplement its production with relevant documents does not end with the close of fact discovery. *See* Fed. R. Civ. P. 26(e), *Wapp Tech Ltd. P'ship v. Seattle SpinCo, Inc.*, No. 4:18-CV-469, 2021 WL 391302, at *3 (E.D. Tex. Feb. 4, 2021) ("Although indisputably after the close of fact discovery, this is not dispositive. Defendants identified Sunset reasonably quickly after learning previously unknown information . . . . Given the context, this was sufficient."), *Woods v. Google, Inc.*, No. C11-01263-EJD (HRL), 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014) ("The Court can definitively state that the Rule 26(e) duty to supplement or correct incomplete or incorrect responses does, in fact, extend beyond the discovery cutoff date."). Google's arguments provide no reason to deviate from this law.

The Special Master further notes that the rationale for the production of expert reports and other discovery from the Virginia Action applies with equal force here,

---

[1] While Google attempts to distinguish *Moser* and *Retractable Tech.*, in both cases relevant transcripts were ordered to be produced. Google has not cited any case in which a Court denied the production of relevant transcripts.

**ORDER OF SPECIAL MASTER – Page 4**

including Google's acknowledgement that these are "the same case, under the same legal theories, with the same allegations, concerning the same Google products and services, at the same time." (*See* Dkt. #418 at 3–4) (quoting Virginia Action, Mar. 10, 2023 Tr. at 9). If anything, MDL transcripts are arguably more relevant to this case than Virginia Action transcripts are, as the States were previously parties to the MDL and both this case and the MDL share the same operative Amended Complaint. (*See* Dkt. #166-1 at 43) (parties' stipulation that Fourth Amended Complaint in MDL part of record on remand).

The Special Master does not find Google's argument that MDL transcripts should be counted towards the 40-deposition limit to be well taken. In fact, Google currently seeks to use deposition testimony taken in the Virginia Action in this action. (*See* Dkt. #402-1 ¶¶ 2, 4) (proposed order including reproduction of Virginia Action transcripts "can be used in this case as if they were produced by the EDVA Non-Party in this case before the close of fact discovery in this case"). Also, as Google notes in its brief, the States have access to:

> (a) 32 Google depositions taken by the DOJ in its pre-suit investigation;
> (b) 5 Google depositions taken by the DOJ during the period of coordinated discovery with the Virginia case . . . (c) 24 third-party depositions taken by parties to the Virginia case during the period of coordinated discovery . . . and (d) 7 trial transcripts from the *Search* case comprising testimony by Google employees who are custodians in this case . . . .

(Dkt. #474 at 1–2). This sharing and production of depositions actually supports the States' request for continued production of deposition transcripts, rather than undermines the discovery request. Again, Google has not taken the position that the use of depositions taken in the Virginia Action or *Search* should be counted towards

**ORDER OF SPECIAL MASTER – Page 5**

the deposition limits in this case, and there is no persuasive reason why MDL transcripts should be treated differently. It appears that Google is attempting to do precisely what it accuses the States of doing—that is, "use coordination provisions that suit only them as a sword while disavowing others as a shield." (*Id.* at 4). In any event, the transcripts are fact discovery in this case and are not depositions taken in this case. Thus they do not count against the deposition limits.

Further, the Special Master does not view the request for production of MDL transcripts as "one-sided coordination" by the States. There is no Coordination Order in effect. Thus, the law that governs in the absence of such a Coordination Order applies here. That settled law—including Federal Rule 26, Local Rule 26, the Scheduling Order in this action, and this Court's consistent orders by Judges Jordan, Mazzant, Gilstrap and Folsom—plainly requires that relevant depositions be produced. Indeed, the obligation is to produce without a discovery request, much less a motion to compel or discovery dispute.

The Special Master **ORDERS** that Google shall produce the MDL transcripts from depositions that have already been taken no later than **May 13, 2024** and on a continuing basis thereafter as depositions are taken in the MDL, in no event more than **3 business days** after Google receives deposition transcripts.

Signed this 9th day of May, 2024.

_____
David T. Moran
**Special Master**
TXBN: 14419400
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6051
E-mail: dmoran@jw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Special Master was filed electronically in compliance with Local Rule CV-5(a) on this 9th day of May, 2024. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

David T. Moran