# Exhibit C

```
 1                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF TEXAS
 2                          SHERMAN DIVISION

 3     THE STATE OF TEXAS, et al,      §
                                       §
 4                  Plaintiffs,        §
                                       §
 5          vs.                        §      Case No.:
                                       §      4:20-cv-00957-SDJ
 6     GOOGLE, LLC,                    §
                                       §
 7                  Defendant.         §

 8
                             MOTION HEARING
 9                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE SEAN D. JORDAN
10                  UNITED STATES DISTRICT JUDGE

11             Monday, May 6, 2024; 10:04 a.m.
                          Plano, Texas
12

13     APPEARANCES OF COUNSEL:
       (Continued on page 2.)
14
       FOR THE PLAINTIFF STATES:
15
       W. Mark Lanier
16     THE LANIER LAW FIRM
       6810 FM 1960 West
17     P. O. Box 691448
       Houston, Texas 77269-1448
18
       Zeke DeRose, III
19     THE LANIER LAW FIRM, PC - Houston
       10940 W. Sam Houston Parkway N.
20     Suite 100
       Houston, Texas 77064
21

22          *********************************************

23                     GAYLE WEAR, RPR, CRR
                    Federal Official Court Reporter
24                       7940 Preston Road
                        Plano, Texas 75024
25               gayle_wear@txed.uscourts.gov
```

```
 1    FOR THE PLAINTIFF STATES:
      (Continued from page 1.)
 2
      James Lloyd
 3    Trevor Young
      STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL
 4    ANTITRUST DIVISION
      300 W. 15th Street
 5    Austin, Texas 78701

 6    James S. Renard
      NORTON ROSE FULBRIGHT
 7    2200 Ross Avenue
      Dallas, Texas 75201
 8

 9    FOR THE DEFENDANT:

10    Jamie Alan Aycock
      YETTER COLEMAN LLP
11    811 Main Street, Suite 4100
      Houston, Texas 77010
12

13    FOR MOVANT
      UNITED STATES OF AMERICA:
14
      Julia Tarver-Mason Wood
15    DOJ-Atr
      450 Fifth Street NW, Suite 1700
16    Washington, DC 20530

17

18    ALSO PRESENT:

      Attorney General Ken Paxton, State of Texas
19

20                          *    *    *

21

22

23

24

25
```

```
1    May 6, 2024                                      10:04 a.m.

2                          ---o0o---

3                    P R O C E E D I N G S

4                          ---o0o---

5         THE COURT:  Good morning.  Please be seated.

6         MS. WOOD:  Good morning, Your Honor.

7         THE COURT:  All right.  We are back on cause number

8    4:20-cv-957, State of Texas, et al versus Google, LLC.  And

9    we can start with appearances.  And let's go ahead and begin

10   with plaintiffs.

11        MR. LANIER:  Thank you, Your Honor.  And with

12   appreciation, for having been gone the last hearing, I was in

13   trial with one of your federal judiciary people in Helena,

14   Montana, and I would have much rather been here.

15            I've got with me this morning Zeke DeRose from my

16   office.  From the Attorney General's office we have Trevor

17   Young and we have James Lloyd.  But we also have present

18   today Attorney General Ken Paxton.  From Norton Rose

19   Fulbright, we have Jim Renard.  And then the DOJ is a

20   separate entity, so I will let Ms. Wood...

21        MS. WOOD:  Good morning, Your Honor.  Julia Wood

22   from the Department of Justice, here on behalf of the United

23   States and the state plaintiffs in the EDVA action.

24            Thank you very much, Your Honor.

25        THE COURT:  All right.  Thank you, ma'am.
```

1          And welcome to the Attorney General.

2          And, Google, you're outnumbered again.  Go ahead.

3          MR. AYCOCK:  Good morning, Your Honor.  Jamie

4   Aycock with Yetter Coleman, on behalf of Google.

5          And Mr. Yetter sends his regrets for not being able

6   to be here.  He's in pretrial --

7          THE COURT:  All right.  Well, thank you, counsel.

8          And we have just one item on the agenda today.  We

9   have a submission from the parties that is a Joint Motion For

10  an Order For Reproduction of Discovery.  And we have the

11  United States that weighed in on this.

12         And so I think perhaps a useful starting point may

13  be for counsel to get me up to date on where we are with

14  regard to this particular motion.  I did see the United

15  States' submission on Friday regarding the objections that

16  were made in the EDVA to the magistrate judge's decision, and

17  I believe that's been set for hearing.

18         But I'm happy to have comments from counsel on

19  where we are.  Mr. Lanier, you can begin.

20         MR. LANIER:  Thank you.  Thank you, Your Honor.

21         And it's a pleasure to be back in front of you.  We

22  appreciate the time and attention not only you, but Special

23  Master David Moran and his able cohorts have worked very hard

24  to get us here.  The parties have taken an extreme number of

25  depositions in an extremely short time, as many as six and

1    seven in a day.  And so it has been a lot of hard work by

2    both parties.

3            One of the concerns that prompted this from us, if

4    I could reduce this to a single sentence, it's that there is

5    a concern that we have an unfair playing field.  And by that

6    I mean, this is a three-front war that is being waged, and

7    Google has the same lawyers in all three fronts.  Google

8    knows what's happening in the MDL, and they're up on all that

9    discovery and the experts.  Google knows what's happening in

10   the Eastern District of Virginia; they are totally up on all

11   that.  Google knows what's happening in our case.

12           Our concern is we would like to make sure that we

13   get the expert reports that have been ordered by Special

14   Master Moran.  We think we're entitled to those.  We put

15   those arguments in front of you.  You don't need me to

16   reiterate anything that you already know.  You come in with

17   your homework done.

18           But I will say this.  To the extent we can get

19   those, and we should get those, the reciprocity issue, going

20   back to the Eastern District of Virginia, is important, even

21   to us, because while that judge in the Eastern District of

22   Virginia regulates the docket over there, you regulate this

23   docket.  You're not bound by a magistrate in Virginia.

24   You're not bound by a magistrate in Texas.  You're not bound

25   by anybody.  You run your court as the Article III Judge you

1    are.

2          And to the extent we believe we're hearing

3    inconsistent answers about documents and about positions in

4    the depositions we're taking, that have also been taken in

5    the Eastern District of Virginia, it's quite difficult for us

6    to be unable to flesh out those differences for impeachment

7    purposes because of limitations on sharing.  And so what we

8    would like to do -- there are no limitations on sharing

9    within Google when they all have the same counsel.  We just

10   want a level playing field.  And that's our status.

11          THE COURT:  All right.  Thank you, Mr. Lanier.

12          So Mr. Aycock, do you want to speak on Google's

13   behalf of where we are?

14          MR. AYCOCK:  Yes, Your Honor.  So I just remind the

15   Court this is a joint motion.  The parties actually agree

16   here that the documents that we're seeking reproduction of,

17   they are relevant to this lawsuit.  And so I agree with

18   Mr. Lanier, his comments, about the Virginia court regulating

19   its docket.

20          What's before this Court is whether the documents

21   that we're seeking reproduction of are -- should be within

22   the scope of discovery in this case.  And so I just emphasize

23   that it's this Court that determines the scope of discovery

24   in this case, and it's the Virginia court that determines the

25   scope of discovery in its case.

1        This issue that's been raised about Google somehow

2    taking inconsistent positions, we don't think that's the case

3    in any way, and, in fact, that issue was raised before the

4    magistrate; that is before the Virginia court.  I'm happy to

5    get into those, the details of that if that's where we need

6    to go.  But what I would just emphasize is what's before the

7    Court today is simply whether these materials should be

8    produced in this case.

9        And so what should be before the Court, then, is,

10   is there -- if we produce those documents, is that going to

11   violate the protective order in the Virginia case, or is that

12   going to create an issue for the third parties whose

13   confidential information is at issue.  And we think it's

14   clear there is no violation of the Virginia protective order.

15   In fact, the protective order contemplates that those

16   documents would be produced in other matters.

17       And then in terms of any concerns about third

18   parties' confidential information, those would be addressed

19   first, but the vast majority of third parties have actually

20   already consented.  We are at the point where we have 115

21   consents.  Only eleven parties have not fully consented at

22   this point; one of those is Meta that has agreed to a

23   narrowing; and one of those is Zulily, which is bankrupt, and

24   so it's just difficult to get consent.  But the vast majority

25   have actually already agreed.  And there is a process in the

1   proposed order by which any party that has a concern can

2   raise an objection.

3          So we think that's all that's before this Court,

4   and we think you should grant the motion.

5          THE COURT:  All right.  Thank you, counsel.

6          Is there something you wanted to say, Ms. Woods?

7          MS. WOOD:  Yes, Your Honor.  I will be brief.  I

8   promise.

9          First, we thank the Court very much for the

10  opportunity to be heard on this issue.  I want to make our

11  position on behalf of the United States and the State

12  Plaintiffs in the EDVA action very clear.  We have no

13  opposition to coordination of documents and discovery between

14  this case and the EDVA action.  What we do oppose, however,

15  is one-sided gamesmanship where one party is seeking to take

16  the benefits of that coordinated discovery without providing

17  the reciprocal benefit to the other side.  That's what we

18  oppose.  So how does that leave Your Honor?

19          I understand you're on a very tight timetable here,

20  as we are in the Eastern District of Virginia, and we don't

21  want to slow that down.  We don't want to impede things.  Our

22  number one goal in filing the material we filed with you was,

23  first, to make the Court aware of what was happening because

24  I do think we're in a situation where there's been the

25  ability to present different positions to different courts

1    and leave different impressions about what's going on, and we

2    wanted to stop that by making all courts aware what was

3    happening in each of the relevant jurisdictions.

4          But we don't have an objection to providing all

5    discovery -- not even just third-party discovery -- all

6    discovery from the EDVA action.  We would not oppose it being

7    reproduced here, provided that this Court, which has

8    jurisdiction of its own protective order, carves out a

9    provision in that protective order to provide the ability of

10   the plaintiffs in the EDVA action to obtain deposition

11   transcripts.  That would leave for the Court of Virginia to

12   decide how and whether those deposition transcripts could be

13   used at trial.

14         But it is this Court's protective order that

15   prevents us from obtaining the deposition transcripts in the

16   first place.  And if we obtain them, and the Court in the

17   Eastern District of Virginia does not allow us to use them

18   for impeachment purposes, then we will be on a level playing

19   field with Google.

20         However, where we are now is they definitely get

21   the transcripts.  It's unclear how or whether they'll use

22   them.  And we believe this Court has within its sole

23   jurisdiction a construction of its own protective order to at

24   the very least allow the plaintiffs in the EDVA action,

25   including the United States, to obtain those deposition

1    transcripts that are occurring here.  That is a restriction

2    that's contained in the protective order in this action, and

3    Your Honor has the power and the authority to modify that.

4           THE COURT:  All right.  Thank you, Ms. Wood.

5           MS. WOOD:  Thank you.

6           THE COURT:  Let me visit with you all about what

7    about this order I find I guess a little bit puzzling.  I

8    only say "puzzling" because I am wondering about the scope of

9    the order and its provisions, and I think you all will admit

10   it's an order that looks somewhat unusual in how it's

11   structured; and those go hand in hand.

12          And when I read the order and look at what's being

13   requested, my thoughts go back to first principles of

14   discovery for this case, for any case.  So I think we work

15   backward from the fact that under Rule 26, for example, any

16   items that -- I use this by way of example -- that Google

17   wants to use and Google may want to put into evidence at

18   trial or before trial, those should be items that would be

19   part of their initial disclosures.  Plainly, under Rule 26,

20   that is contemplated.

21          So to the extent that Google wants to use materials

22   that are gathered in the EDVA action or otherwise, and it

23   wants to use them as evidence in this case, then those are

24   part of initial disclosures which, you know, the parties have

25   an obligation to supplement.

1          Second, as to the States, if the States have made

2    requests for the production of materials that have been

3    produced in other litigation that are relevant under Rule 26,

4    then I would need to know the reason why those should not be

5    produced.  And speaking to first principle, I would note as a

6    threshold matter that allowing the sharing of discovery among

7    related cases is an efficient and an effective means of

8    avoiding duplicative and costly discovery and avoiding

9    unnecessary delay in adjudicating cases.

10          There's many, many cases that stand for this

11    proposition.  It's a proposition that's also in *Wright &*

12    *Miller*.  I'm going to quote you from *Wright & Miller*.  *Wright*

13    *& Miller* says one key consideration having to do with

14    potential modification of the protective order is that,

15    "Ordinarily, the most forceful case can be made for access to

16    use material as evidence in other litigation so that later

17    litigants do not have to," quote, unquote, "'reinvent the

18    wheel.'  This conclusion flows from the key purpose of

19    discovery -- to develop information for use in litigation.

20    It builds on a long line of cases recognizing the propriety

21    of access to the fruits of one litigation to facilitate the

22    preparation of other cases."

23          There are many cases that stand for this

24    proposition in Texas, and across the country candidly.

25          So I look at this request, which is very

1    specifically worded, and I think why aren't are the parties

2    simply asking for something that I think is more in line with

3    first principles under the rules, that is to say, if you need

4    such an order.  And that would be such an order that would

5    require that documents from related litigation that are

6    otherwise relevant and non-privileged should be produced

7    according to Rule 26 with regard to initial disclosures, with

8    regard to any other rules of discovery such as requests for

9    production and interrogatories that are properly made.

10           Second, that if you're asking for that order and

11   the Court is ordering that that happen, that that be subject

12   to the provisions of protective orders in otherwise related

13   litigation, if there are protective orders in those other

14   jurisdictions that must be complied with, then that's

15   recognized.  And that is something that's contained in, by

16   the way, the proposed order, and that makes sense to me.

17           We need to abide by the protective orders entered

18   in that related litigation as well as the protective order in

19   this litigation.  And I note that we have a very robust

20   confidentiality order, we have a robust document on discovery

21   procedures, in this case, which I think touches on this

22   issue.  I don't know if you all went back and read it, but it

23   does touch on this issue.  We have a specific protocol for

24   expert discovery.

25           So my view of this for the parties is that I would

1    prefer to see you come back to this Court, and come back as

2    quick as you would like, but with an order that -- a proposed

3    order, if you feel you need it, that applies what I consider

4    to be basic principles of discovery under Rule 26, under case

5    law interpreting Rule 26 for decades.  And if there's a

6    reason why -- if there's a reason why, or authority, that

7    would counsel otherwise that there is something about this

8    litigation, there is something about this case or other cases

9    that counsels that the Court should not follow those

10   principles of discovery, I'm happy to hear about it.  I

11   haven't seen it in the filings that have been made.

12          And I appreciate the United States' position about

13   difficulties, from their perspective, of an unfairness

14   regarding the distribution of discovery materials across

15   these litigations.  But as you all have agreed upon today, my

16   responsibility in this court, in this case, is to apply the

17   federal rules of discovery, and that is what I'm going to do.

18          So I'm happy to hear from any of you if you have a

19   concern about what I have suggested to you or if you

20   otherwise think there are reasons that the principles I've

21   articulated may not apply exactly in this case.  But what I'm

22   suggesting to you is that you make an amended filing and that

23   that amended filing follow the rule, follow the precedent

24   that's interpreted the rule.

25          And the last point I would make is that I agree

1    with what counsel has said about the protective order at

2    issue in the EDVA and the coordination order there.  The

3    protective order there, in the first place, only has to do

4    with confidential and highly confidential information; it

5    says nothing about other information that's otherwise

6    relevant and collected.  That's number one.

7            Number two, what that order says, in paragraphs 25

8    through 27, about confidential and highly confidential

9    information is, as counsel have noted, that when there is a

10   court order or a subpoena that calls for information that is

11   protected under that order as confidential or highly

12   confidential, then the processes contemplated by that order

13   should be implemented.

14           I think those processes, again, are addressed in

15   the protocol I have in front of me.  But I want to be clear

16   that the Eastern District's order is something that the

17   parties appear to have paid close attention to, and I think

18   any order from this Court would play close attention to.  But

19   I'm not going to over read that order, and I don't read that

20   order to apply, in the first instance, to nonconfidential or

21   highly confidential information, nor do I read it as some

22   blanket restriction on the use of such materials in other

23   litigation.  Rather, it is meant to provide a protection for

24   nonparties should they be concerned about the use of material

25   collected from them in a related action or it can be used in

1    this action.

2          Likewise, I don't see anything in the coordination

3    order, which, by the way, was put into place at the time that

4    this case was part of the MDL, is no longer part of the

5    MDL -- as you all are very well aware, we are under no

6    coordination order at this time.  There is no coordination

7    order between this litigation and any of the other cases

8    regarding these issues.  So that brings me back to the

9    principle I stated before.  My job is to apply the federal

10   rules, and that's what we're going to do.

11         Any comments you want to make on that, Mr. Lanier?

12         MR. LANIER:  Yes, please.  A, understood.  B, we

13   will file an amended order, either agreed to or separately.

14   C, we know that today is the deadline under the rules for

15   Google to object to the special master's order granting

16   production of the expert reports from the Eastern District of

17   Virginia.  It's still unclear to us whether or not there will

18   be an objection.

19         And, obviously, because of our time situation, with

20   you having espoused the rules that you have and gone back to

21   basic principles, we will be pressing that matter forward,

22   depending upon whether or not Google is going to make that

23   objection today.  And our hope is is that we will, pursuant

24   to what you've just said, wind up getting, and getting

25   expeditiously, those things that we have a right to.

1           So thank you.  And we will file an amended order.

2           THE COURT:  All right.  Mr. Aycock?

3           MR. AYCOCK:  Your Honor, I am not prepared to

4    address whether we are objecting to the exhibit reports --

5    the expert reports, but I believe that we are not filing an

6    objection.  I just want to make sure that I understand the

7    guidance from the Court, though --

8           THE COURT:  Sure.

9           MR. AYCOCK:  -- the proposed order, as we talked

10   with the plaintiffs.  So my understanding is that Your Honor

11   is emphasizing the fact that we don't include in the proposed

12   order that agreement that the materials that we're seeking

13   reproduction of are relevant and not otherwise privileged.

14           Is that really the critical issue that Your Honor

15   is pointing us to?

16           THE COURT:  Well, what I'm pointing you to is that

17   I think that whatever you propose should track what the rules

18   require and what the rules have interpreted they require.

19   And I spared you all some quotes from a number of different

20   cases that basically say that, you know, the sharing of

21   discovery among related cases is well-recognized and makes

22   good sense.

23           So again, my thought on this is if there is a

24   reason to treat this case or these different litigations in

25   another way, I haven't seen it articulated, and I would

1   consider it if you wanted to bring it forward to me.  But

2   what I'm saying, to answer your question precisely, is I

3   think what you're submitting is something that tracks the

4   rules rather than being focused on, you know, X particular

5   document or group of documents; right?

6           What we're talking about is discovery, however it's

7   been collected, whatever it looks like, that is in related

8   litigation, if it would fall under Rule 26, if it would not

9   otherwise be problematic.  For example, there are cases where

10  something would not have been discoverable in related

11  litigation or something like that, or where there's a thought

12  where you need to modify the protective order in a related

13  litigation for some reason, that's indeed the section of

14  *Wright & Miller* that I was looking at, is where you're

15  requesting a modification of a protective order in another

16  district, right, in related litigation.

17          And what *Wright & Miller* is talking about is a very

18  good reason to do that, to modify that protective order, is

19  so that you can fulfill this principle of litigation, which

20  goes back to rule one; right?  This goes back to rule one,

21  that we try to move forward litigation as efficiently as we

22  can and not to do duplicative discovery, not to have

23  plaintiffs across different jurisdictions reinventing the

24  wheel.

25          So what I'm suggesting is you put it in those broad

1  terms subject to, for example, the provisions of the

2  protective order, which you have in there.  I mean, those

3  provisions I think, you know, generally look fine.  And now

4  the government has something -- the United States Government

5  has something it would like to see added.  And I will leave

6  it to the parties to visit about that and present it to me if

7  that's what you want to do, or if you -- or if the parties

8  don't agree.  The United States is here because it wanted to

9  give its expression of interest.  So I'll leave it to you all

10  what you're willing to agree to and if the United States, you

11  know, wants to submit something in that regard.

12       But for my purposes, what I think should be

13  submitted is this type of order that tracks the rules.  And,

14  look, I understand that it will be somewhat unusual because

15  you're essentially asking the Court for an order that says

16  follow the rules; right?  That's what you're doing.  That's

17  what I -- I understand that, but I am willing to look at an

18  order that says follow the rules and the interpretive case

19  law.  And, you know, again, if there's case law going the

20  other way, I'm happy to look at it if somebody wants to

21  present it, I haven't seen it.

22       And so again I'd say we're going to follow the

23  federal rules, that's what I expect the order to present and

24  the Court to confirm by order.  And I understand the purpose

25  here, right, because that is where you're tracking back to

1    the protective order in the EDVA and you're asking for an

2    order that says this is how we're going to proceed, and

3    that's why I'm willing to consider this order and because I

4    think it is then helpful for this Court and it's helpful for

5    other courts.

6              But, look, as you mentioned at the beginning of

7    this hearing, we're winding down the clock in this case.  The

8    fact discovery period has ended.  The Court has allowed some

9    additional specific discrete items of discovery to occur past

10   that deadline.  We're into the expert phase.

11             I'm well aware that in the EDVA, discovery closed a

12   while ago.  That case is getting ready for trial in

13   September.  And, to my understanding, the MDL discovery

14   period is winding down.  I think it's meant to end in June.

15             So I think, you know, in all of these litigations,

16   you know, I think we're at a point where, you know, the

17   collection and distribution of information that's needed by

18   the parties is something that everyone ought to be focused

19   on.  And so that's the reason I'm telling you I'd like to see

20   this amended proposal rather than the current one.

21             MR. AYCOCK:  Thank you, Your Honor.

22             THE COURT:  Does that make sense?

23             MS. WOOD:  Your Honor, just briefly?

24             THE COURT:  Yes.  Go ahead.

25             MS. WOOD:  So thank you for that.  I understand

1    Your Honor's instruction.  And I just wanted to clarify the

2    role of the United States in that regard because I think we

3    do want to be a part of those discussions, again to ensure

4    that the spirit of the coordination that has always applied,

5    including when this case was part of the MDL, which is that

6    there would be a give and a take, and that both of those take

7    place to provide an efficient finding of truth across all

8    three cases.  I think that is absolutely consistent with the

9    rules and the cases that Your Honor has referred to.  And so

10   I do look forward to the opportunity to negotiate an order

11   that the United States feels serves its interests as well.

12             Thank you very much, Your Honor.

13             THE COURT:  All right.

14             The last thing I want to note to the parties is

15   that we've, you know, made limited exceptions on discovery

16   that had to do with certain depositions that I think just

17   could not be taken prior to the deadline, including

18   depositions that are still under dispute, by the way.  And so

19   to the extent that this process, in putting this protocol in

20   place or this order in place and what comes from it, has any

21   kind of ripple effect on being able to complete other

22   discovery, you can let me know that.

23             Is there anything else we need to discuss today,

24   Mr. Lanier?

25             MR. LANIER:  Not from plaintiffs, Your Honor.

1    Thank you.

2              THE COURT:  Mr. Aycock, anything from Google?

3              MR. AYCOCK:  Nothing else from Google.  Thank you,

4    Your Honor.

5              THE COURT:  All right.  So my hope is you will get

6    that amended proposal to the Court sooner rather than later.

7              MR. LANIER:  Your Honor, if we can't get it to you

8    today, it will be to you by 10:00 tomorrow morning.

9              THE COURT:  All right.  Thank you, counsel.

10             We'll stand in recess.

11                     (Adjourned at 10:32 a.m.)

12                          *    *    *

13

14

15

16

17

18

19

20

21

22

23

24

25

1        CERTIFICATE OF OFFICIAL REPORTER

2

3

4        I, Gayle Wear, Federal Official Court Reporter, in

5   and for the United States District Court for the Eastern

6   District of Texas, do hereby certify that pursuant to Section

7   753, Title 28 United States Code, that the foregoing is a

8   true and correct transcript of the stenographically reported

9   proceedings held in the above-entitled matter and that the

10  transcript page format is in conformance with the regulations

11  of the Judicial Conference of the United States.

12

13              Dated 8th day of May 2024.

14

15

16              /s/ Gayle Wear
                GAYLE WEAR, RPR, CRR
17              FEDERAL OFFICIAL COURT REPORTER

18

19

20

21

22

23

24

25