

CRAIG M. REISER
114 WEST 47TH STREET
NEW YORK, NY
212.728.2218
CREISER@AXINN.COM

May 13, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

    We write to submit this reply in support of Google's request that the Court enter a protective order prohibiting the MDL Plaintiffs from subpoenaing the State of Texas for deposition testimony and related discovery from the Texas Case.[1] There is no conference scheduled at this time.

    As Google demonstrated in its Opening Letter, this Court has the inherent power to prohibit the MDL Plaintiffs from trying to circumvent through their Subpoena this Court's denial of coordination between this case and the Texas Case. Allowing the MDL Plaintiffs to obtain the materials they seek would needlessly inject voluminous additional discovery from a different proceeding with different focuses on the eve of the fact discovery deadline. *See* Opening Letter at 2-4.

    The MDL Plaintiffs do not dispute that this Court has the inherent power to prohibit the MDL Plaintiffs from attempting to backdoor into this case irrelevant discovery in clear contravention of PTO 8. Nor do they dispute that the Texas Confidentiality Order permits Google to seek a protective order from this Court. The MDL Plaintiffs instead mount only three arguments: (1) that Google has taken inconsistent positions with respect to coordination between this case and the Texas Case; (2) that the discovery the MDL Plaintiffs seek from the Texas Case is relevant; and (3) that Google lacks standing to challenge the Subpoena. None of these arguments support the MDL Plaintiffs' effort to revive through their Subpoena the coordination with the Texas Case that both this Court and the Eastern District of Virginia (attempting to avoid de facto overruling PTO 8) have expressly denied.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Google's pre-motion letter. *See* MDL ECF No. 782 (the "Opening Letter"). The MDL Plaintiffs' opposition letter, MDL ECF No. 789, is referred to herein as the "Opposition" or "Opp."

May 13, 2024
Page 2

I. **Google's Position on the Texas Subpoena Is Consistent With This Court's Denial of Coordination in PTO 8**

The MDL Plaintiffs complain that Google's motion is inconsistent with its prior support for coordination between this action and the Texas Case. *See* Opp. at 2. Google supported coordination because it would have ensured that Google's witnesses would not be subjected to repeated depositions in this Court and in the Texas Case. Nevertheless, this Court considered all proposed aspects of coordination between this case and the Texas Case and denied the Proposed Coordination Order in its entirety—including the very provision identified by the MDL Plaintiffs that would have permitted counsel to "'disclose Transcripts and exhibits from depositions taken during the Coordinated Discovery Period' to one another." *Id.* at 1 (citing MDL ECF No. 700-1 ¶ 3(f)).

Since this Court declined to coordinate this case with the Texas Case, the MDL Plaintiffs have spent weeks trying to obtain the same materials that they would have been entitled to if the Court had agreed to coordination with the Texas Case—albeit, in a manner that would allow the MDL Plaintiffs to access those materials without any of the protections the Proposed Coordination Order would have afforded Google, such as a prohibition of duplicative depositions. *See* MDL ECF No. 700-1 ¶ 3(e). The MDL Plaintiffs do not seek the materials in their Subpoena to limit duplicative discovery in this case, by, for example, agreeing they may not depose Google witnesses who have already been deposed in the Texas Case. They simply want a windfall of more discovery from Google, without any corresponding right for Google to take more discovery from them.

As this Court recognized in PTO 8, "discovery in this MDL should be winding down." PTO 8 at 1. With fact discovery set to close in approximately seven weeks, now is not the time to inject further voluminous, one-sided discovery into this proceeding. If the MDL Plaintiffs feel that they need additional discovery of Google, they should seek it through the proper channels in this Court—just as they have previously done. *See* MDL ECF No. 777 at 1 (granting the MDL Plaintiffs leave to depose 9 additional witnesses in addition to their previously allotted 15 depositions).

II. **The Subpoena Seeks Substantial Amounts of Irrelevant Information**

Unable to claim their Subpoena seeks only relevant information or that the Texas Case's focus on state-law deceptive trade practice claims is relevant to the antitrust claims at the heart of this action, the MDL Plaintiffs rely on statements Google made years ago when the claims in this case and the Texas Case were similar. *See* Opp. at 3-4. But as Google demonstrated in its Opening Letter, since the Texas Case was remanded to the Eastern District of Texas, the claims and theories have diverged from the ones being litigated in this action—and much of what the subpoena seeks is wholly irrelevant to this case. Opening Letter at 3-5.

As one example, the Texas Court recently lifted the stay of discovery imposed by this Court related to the Network Bidding Agreement ("NBA") between Google and non-party Facebook. *See* Ex. A. (Texas Case ECF No. 327). Unlike in the Texas Case, no such discovery is proceeding in this Court, where the Court has dismissed all NBA-related claims. *See* MDL ECF

May 13, 2024
Page 3

No. 701 at 3 ("No plaintiff has plausibly stated a claim for relief premised upon the terms of the NBA."). As yet another example, the MDL Plaintiffs seek production of "all sealed filings made in the Texas [Case]" by the State of Texas or Google, but many of those filings concern topics like discovery-on-discovery, the proper scope of discovery from the Texas Plaintiffs, and disputes around Texas-specific written discovery. *See* MDL ECF No. 782-1 at 11-12. The MDL Plaintiffs have made no attempt to identify MDL-relevant docket entries, and, aside from being irrelevant, importing another case's discovery disputes into this case will only slow this litigation.

Based on differences between the litigations, and respect for this Court's previous denial of coordination, Magistrate Judge Anderson in Virginia recently denied coordination with the Texas Case. *See* Opening Letter at 5 (quoting the transcript of the hearing before Magistrate Judge Anderson). In particular, Judge Anderson was concerned that granting coordination between the Virginia Case and the Texas case would provide "the opportunity to share that information with the MDL [P]laintiffs [and . . .] be backdooring Judge Castel's denial of a request."[2] April 18, 2024 Hearing Transcript, Virginia Case ECF No. 559 at 22:10-13. The converse is also true: enforcing the Subpoena raises the risk that discovery from the Texas Case seeps into the Virginia Case in contravention of Judge Anderson's order denying coordination.[3]

### III.  Google Has Standing to Challenge the Subpoena

While there is no dispute that this Court has the inherent power to enforce its prior orders, to hear any challenge to the Subpoena issued in this Court, and to enter a protective order where appropriate, *see, e.g.*, Opp. at 1, 5, the MDL Plaintiffs contend that the existence of similar confidentiality orders in both the Texas Case and in this MDL somehow eliminates Google's standing. *See* Opp. at 4-5. Not only is the MDL Plaintiffs' proposed requirement for standing supported only by a lone citation to an inapposite case and irrelevant to Google's request that this Court ensure compliance with PTO 8 under its inherent powers,[4] it is also incorrect: courts in this District regularly find parties have standing where their confidential or business information is involved. *See, e.g.*, *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt.*

---

[2] Although the Virginia Plaintiffs have since filed objections to Judge Anderson's order, *see* Opening Letter at 3 n.3, they must meet the high bar of demonstrating that the order is "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a).

[3] Correspondingly, the MDL Plaintiffs' reliance on Texas Special Master's May 9, 2024 order allowing the production of MDL deposition transcripts in the Texas Case, *see* Opp. at 2, 4, cannot justify their end-run around PTO 8. Unlike this Court and the Virginia Court, the Texas Court has never entered an order denying coordination. Moreover, the Texas Court has taken a consistently broader approach to discovery, allowing, for example, 40 depositions per side. *See also* Texas Local Rule of Civil Procedure CV-26(d) (providing specific considerations for evaluating Federal Rule of Civil Procedure 26's relevance requirements that are inapplicable in this Court).

[4] The sole case the MDL Plaintiffs rely on for their proposed standing requirement, *see* Opp. at 4, is inapposite because the question was whether the defendants in that case could challenge a non-party subpoena not to protect their personal privacy interests, but rather to protect the privacy interests of other non-parties. *See United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016). Moreover, the confidentiality orders there were all in the same case, governing materials to be produced in the same case, and were consented to by the relevant parties. *See id*. It does not address Google's privacy concerns here, where the MDL Plaintiffs are demanding the sharing of Google materials by and to parties Google has not consented to, in separate cases involving separate claims, governed by separate orders before separate courts.

May 13, 2024
Page 4

*Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (explaining that non-subpoenaed party has standing "to challenge the subpoena to protect its privacy interest"); *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (finding that non-subpoenaed party has standing to object to a subpoena for its financial records and quashing the subpoena).

      Nor have courts in this District found the presence of confidentiality orders to be the determining factor when granting a motion for a protective order; courts must still balance the party's privacy interests against the relevance of the information sought. *See, e.g.*, *Solow v. Conseco, Inc.*, 2008 WL 190340, at *5 n. 5 (S.D.N.Y. Jan. 18, 2008) ("Protective Order or not, the Court will not require the production of confidential documents . . . that have no relevance to this case."). As described above, the Subpoena seeks large amounts of irrelevant information. *See supra* at 2-3. The MDL Plaintiffs do not and cannot link their Subpoena to any specific claim in this MDL, instead seeking "all sealed filings" made by the State of Texas or Google and "all deposition transcripts and associated documents" from Google depositions in the Texas Case. *See supra* at 3. Google therefore has legitimate privacy interests in not sharing this swath of irrelevant information in another case with the MDL Plaintiffs.

      Two courts—including this one—have already declined to coordinate discovery with the Texas Case. This Court should issue a protective order to prevent this attempted end-run around those rulings, whether by exercising its inherent power to enforce PTO 8 and prevent the MDL Plaintiffs from using the Subpoena to flout the decisions in this case and in the Virginia Case or by issuing a protective order as contemplated by the Texas Confidentiality Order.

*  *  *

      For all of these reasons, Google respectfully requests the entry of a protective order preventing enforcement of the Subpoena, or, in the alternative, the entry of an order quashing the Subpoena. *See* Opening Letter at 1 & n. 2.

Respectfully submitted,

/s/ Craig M. Reiser
Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

/s/ Justina K. Sessions
Justina K. Sessions**
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250

May 13, 2024
Page 5

          Email: justina.sessions@freshfields.com

          Counsel for Defendants Google LLC,
          Alphabet Inc., and YouTube LLC

          **Except as to *Associated Newspapers Ltd.*
          *v. Google LLC*, No. 21-cv-03446 (PKC)

CC: All Counsel of Record (via ECF)