# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-957-SDJ |
| | § | |
| GOOGLE LLC | § | |

**ORDER**

Before the Court is Plaintiff States' Motion to Lift Stay of Discovery Relating to the Network Bidding Agreement. (Dkt. #288). Having considered the motion, the parties' briefs, and the parties' arguments presented during the March 21, 2024, status conference, the Court concludes that the motion should be granted.

**I.**

This antitrust action was initially filed in this Court on December 16, 2020. The case was later transferred, on August 12, 2021, to the United States District Court for the Southern District of New York ("SDNY") by the Judicial Panel on Multidistrict Litigation ("JPML") for coordinated and consolidated pretrial proceedings in MDL 3010. When this case was active in the SDNY, Google moved to dismiss Plaintiff States' Sherman Act Section I claims premised on the Network Bidding Agreement ("NBA") between Google and non-party Facebook. Plaintiff States had alleged that the NBA "was one part of an 'unlawful agreement' by which Facebook substantially curtailed its use of a practice called header bidding[1] in return

---

[1] Plaintiff States alleged that header bidding, which "enabled publishers, including those that used Google's DFP ad server, to solicit live, competitive bids from multiple exchanges," was a competitive threat to Google. *In re Google Digit. Advert. Antitrust Litig.*, 627 F.Supp.3d 346, 371 (S.D.N.Y. 2022).

1

for Google giving Facebook a leg up in publishers' web display and developers' in-app ad auctions." *In re Google Digit. Advert. Antitrust Litig.*, 627 F.Supp.3d at 370. Finding that Plaintiff States failed to plausibly allege that the NBA constituted an "unlawful agreement" in violation of Section I, the SDNY court dismissed those claims. *Id.* at 370–77. The SDNY court did not consider whether the NBA violated various States' Deceptive Trade Practices Act ("DTPA") statutes—claims Plaintiff States have asserted since the inception of the case in 2020—as the court had previously "stayed the filing of any motions directed to the several state law claims" so that it could "focus on the federal antitrust claims." *Id.* at 359 n.1. Nor did the court address whether the NBA violated Section II of the Sherman Act.

The SDNY court subsequently issued a scheduling order which, among other things, stayed discovery relating to the NBA. (MDL Dkt. #394 ¶ 3). The SDNY court did not articulate a reason for precluding discovery—and particularly did not state that additional discovery relating to the NBA would not meet the proportionality test of Federal Rule of Civil Procedure 26(b)(1), or that such discovery would be unreasonably cumulative or otherwise barred by Rule 26(b)(2)(C). The stay has been in effect since November 2022.

It is now March 2024, and the case is once more before this Court.[2] Fact discovery is ongoing and scheduled to close on May 3, 2024. (Dkt. #194 at 2). Plaintiff States' DTPA claims are subject to dismissal motions but remain active. *See*

---

[2] The JPML remanded the case to this Court on June 5, 2023. Google sought mandamus relief from the JPML remand order in the United States Court of Appeals for the Second Circuit. On October 4, 2023, the Second Circuit denied Google's mandamus petition and the SDNY court transferred the case back to this Court shortly thereafter.

(Dkt. #224). Plaintiff States argue that the stay of discovery imposed by the SDNY court should be lifted because they have not obtained all discoverable information relating to the NBA and relevant to their active claims. (Dkt. #288). Google opposes the motion, claiming that Plaintiff States' Section II claims relating to the NBA have been dismissed, and that, to the extent the DTPA claims rely on the NBA, the NBA itself is sufficient. (Dkt. #301). The sole question before the Court is whether Plaintiff States are entitled to *any* further discovery concerning the NBA, rather than what particular limitations should be placed on such discovery. The Court finds that they are entitled to further discovery.

## II.

Under Federal Rule of Civil Procedure 26(b)(1), Plaintiff States are entitled to information "relevant" to their claims. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (cleaned up).

Google does not deny that Plaintiff States' DTPA claims remain active or that the NBA is relevant to such claims. Google nevertheless asserts that the stay should remain in effect, arguing that Plaintiff States' claims turn solely on the four corners of the NBA itself—which is already in Plaintiff States' possession.[3] The Court disagrees.

---

[3] Google also argues that the stay should remain in effect because the SDNY court dismissed the Section II claims premised on the NBA. This argument fails for two reasons. First, the NBA's relevance to the state-law claims is alone sufficient for the Court to lift the stay. Second, neither the SDNY court nor the parties in their stipulations dismissed the

3

Plaintiff States allege that Google engaged in deceptive and unfair practices in violation of various States' DTPA statutes by, among other things, entering the NBA with Facebook to curtail header bidding. At least some of the DTPA statutes invoked by Plaintiff States include scienter requirements that must be met to establish liability and/or as a prerequisite for certain remedies. By way of example, the various DTPA statutes before the Court include provisions that would require Plaintiff States to prove that Google knowingly or willfully engaged in allegedly unlawful conduct. *E.g.*, S.C. CODE ANN. § 39-5-110; TEX. BUS. & COM. CODE ANN. § 17.46(b)(24); LA. STAT. ANN. § 51:1409(A). Google has not demonstrated that the NBA itself is the only document relevant to Plaintiff States' DTPA claims, particularly given the referenced scienter requirements at issue. At a minimum, additional information about the NBA, such as the circumstances of its negotiation, drafting, and execution, may be relevant to the elements of proof Plaintiff States must meet to succeed on their DTPA claims and/or to obtain certain remedies requested in their current complaint. Moreover, evidence concerning how the parties operated under the NBA may be relevant to the intent and purpose of its provisions. Under the circumstances, Google has failed to identify a legitimate reason for the Court to maintain a complete stay of discovery that may be relevant to claims pending before this Court concerning the NBA.

---

Section II claims. Instead, those dismissals were limited to Section I. Thus, the Section II claims are active. And the NBA is relevant to these claims because it concerns Plaintiff States' allegations regarding Google's attempt to curb header bidding, which purportedly furthered its actual and attempted monopolization. (MDL Dkt. #541 ¶¶ 600(e), 605(e)).

Google also suggests that the stay should remain in effect because Plaintiff States have not timely made discovery requests concerning the NBA, that Plaintiff States have already received ample evidence on the NBA such that additional discovery would be unreasonably cumulative, and that Plaintiff States' pending requests fail to meet the proportionality requirements of Rule 26(b)(1). *See* (Dkt. #301 at 7) (explaining that Google has produced "[o]ver *half a million*" documents related to the NBA). These arguments may have merit, but they do not address the precise question before the Court, which is whether the stay put in place by the SDNY court should be lifted, i.e., will *any discovery* concerning the NBA be permitted.

* * * *

The SDNY court's discovery stay came at a different time in this litigation and during a period when that court, with good reason, was focused on addressing the viability of Plaintiff States' federal claims before taking up issues related to their state claims. But now the case is once more before this Court and is at a different stage. Fact discovery will conclude in May 2024 and trial is set for March 2025. Plaintiff States' DTPA claims are live, pending, and part of the discovery process. Discovery relating to the NBA agreement is relevant to those claims, as well as the claim made under Section II of the Sherman Act. *See supra* n.3. The stay will be lifted.

### III.

It is therefore **ORDERED** that Plaintiff States' Motion to Lift Stay of Discovery Relating to the Network Bidding Agreement, (Dkt. #288), is **GRANTED**. The stay of discovery relating to the NBA imposed by the SDNY court is hereby **LIFTED**.

**So ORDERED and SIGNED this 27th day of March, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE