

<div style="float:left">
**Via ECF**
</div>

<div style="float:right">
Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
  +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com
</div>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

May 14, 2024

**Re:** *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*SPX Total Body Fitness LLC v. Google LLC*, 1:21-cv-06870 (PKC);
*SkinnySchool LLC et al. v. Google LLC*, 1:21-cv-07045 (PKC)

Dear Judge Castel:

I write on behalf of Defendant Google LLC ("Google") in response to the May 2 Letter filed by Plaintiffs SPX Total Body Fitness LLC, SkinnySchool LLC d/b/a Maria Marques Fitness, and Mint Rose Day Spa LLC (collectively, the "SPX Plaintiffs"). ECF No. 772. The Court lacks jurisdiction to stay a Second Circuit appeal and should deny SPX Plaintiffs' motion, which should have been directed to the Second Circuit. The Court also lacks jurisdiction to grant SPX Plaintiffs' motion under Rule 60, which is without merit. No conference is scheduled.

On March 1, 2024, the Court dismissed SPX Plaintiffs' complaints, finding that they failed to allege antitrust standing and did not state a claim under Section 1 related to Google's Network Bidding Agreement. ECF No. 701. Judgment was entered on March 4, 2024. ECF Nos. 703 and 705. SPX Plaintiffs now seek to stay their own appeal of the Court's Judgment. This Court cannot stay SPX's appeal, and so the motion should be denied.

SPX's request for a stay should be denied because there are no proceedings in this Court that could be stayed. The Court dismissed SPX Plaintiffs' complaints in full and entered a judgment. As a result, "[t]here is nothing to stay in connection with the dismissal." *Yimby, Inc. v. Fedak*, 2017 WL 2693719, at *7 (S.D.N.Y. June 22, 2017). "Either the Second Circuit will affirm the Court's decision, and the case will remain dismissed with prejudice, or the Second Circuit will vacate and remand, and the case will be re-opened." *Id.*; *see also Ramsey v. Shinseki*, 364 F. App'x 432, 434 (10th Cir. 2010) (noting that there was "nothing to be stayed"

following dismissal). Unlike the cases cited in their letter, SPX Plaintiffs are not seeking a stay in this Court of ongoing proceedings while they pursue an interlocutory appeal. *Cf. Noel Pane v. Town of Greenburgh*, 2012 WL 12886971, at *3-4 (S.D.N.Y. Mar. 21, 2012) (staying proceedings in district court pending resolution of interlocutory appeal); *Plummer v. Quinn*, 2008 WL 383507, at *2 (S.D.N.Y. Feb. 12, 2008) (same).

SPX has already taken an appeal, which is pending. Their opening brief is currently due on May 28.[1] Any request to stay SPX's appeal must be directed to the Second Circuit, which has jurisdiction over the appeal.

SPX Plaintiffs separately ask this Court to suspend or modify its judgment pursuant to Rule 60(b). But this Court lacks jurisdiction to grant that motion. *See Pagovich v. Moskowitz*, 1994 WL 642886, at *1 (S.D.N.Y. Nov. 15, 1994) ("With regard to Rule 60(b) motions, the rule in this Circuit is that a district court may not consider and grant such a motion after a notice of appeal has been timely filed unless it obtains permission from the Court of Appeals for remand of the case and concomitant restoration of jurisdiction."). Accordingly, the Court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

SPX's motion does not raise a substantial issue. As the SPX Plaintiffs acknowledge, Rule 60(b) requires a showing of "extraordinary circumstances" to obtain relief. ECF No. 772 at 3 (citing *Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002)). SPX Plaintiffs have not cleared that bar. The Court dismissed their complaints on two independent grounds—failure to allege antitrust standing and failure to state a claim under Section 1. The first issue is specific to SPX Plaintiffs; the second is shared by only some plaintiffs, whose Section 1 claims based on the NBA were also dismissed. ECF No. 701 at 3-4. The fact that SPX chose to plead its own version of a claim that others also brought is not an extraordinary circumstance. It is a common occurrence and not a reason to delay final resolution of this matter.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions

---

[1] Plaintiffs have asked the Second Circuit to remove their case from that court's Expedited Appeals Calendar, which would extend the deadline for their opening brief. *See In Re: Google Dig. Advert. Antitrust Litig.*, No. 24-874 (2d. Cir. May 7, 2024), Dkt. No. 17.1; *In Re: Google Dig. Advert. Antitrust Litig.*, No. 24-875 (2d. Cir. May 7, 2024), Dkt. No. 18.1.

<div style="text-align:right">May 14, 2024<br>Page 3</div>

                FRESHFIELDS BRUCKHAUS
                DERINGER US LLP

                855 Main Street
                Redwood City, CA 94063
                Telephone: (650) 618-9250
                Fax: (650) 461-8276
                justina.sessions@freshfields.com

                *Counsel for Defendants Google LLC,*
                *Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)