# Freshfields Bruckhaus Deringer US LLP

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Silicon Valley**
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
   +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

May 14, 2024

**Re:**   *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC); *Inform Inc. v. Google LLC et al.*, No. 23-cv-01530 (PKC)

Dear Judge Castel,

      We represent Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively, "Google") and write in partial opposition to Plaintiff Inform's Motion for Leave to Serve Case-Specific Interrogatories (ECF No. 783). Inform's proposed interrogatories, found in Exhibit A to Inform's letter motion (ECF No. 783-1), arrive on top of the voluminous discovery Inform and the Discovery Steering Committee has already propounded and received, including discovery related to topics Inform claims are unique to its case.[1] Yet Inform refuses to examine the discovery Google has already provided. Consequently, Inform now seeks to serve several proposed interrogatories (namely, Nos. 1 and 4-7) that run afoul of this Court's Local Rules and Pre-Trial Order No. 3 (ECF No. 311). The Court should deny Inform's motion as to proposed Interrogatories 1 and 4-7.[2]

---

[1] Google has produced over 6 million documents. Although Inform complains that it has no documents or source code unique to its allegations, Google has produced over one million documents that reference YouTube, and Google has applied search terms to the files of over a dozen custodians who worked on YouTube, including its current and former chief executive officers. Google has also produced more than 260,000 documents that refer to Flash, more than 160,000 that refer to video advertising, more than 110,000 that refer to HTML5, and more than 30,000 that refer to online video or OLV. And the 80 gigabytes of source code include code relating to video and various Google products and features, such as EDA, of which Inform now demands the location. Notwithstanding these responsive productions to date, and as discussed in Section I, Google and Inform have agreed on an approach to search terms that will yield hundreds of thousands of additional documents for review. *See* ECF No. 785.

[2] Google does not oppose Inform's motion for leave to serve proposed Interrogatories 2 and 3, which are the type of contention interrogatories this Court has already approved for service. *See* ECF No. 779.

*First*, Local Rule 33.3(b) bars service of interrogatories that do not comply with Local Rule 33.3(a) except where the interrogatories "are a more practical method of obtaining the information sought than a request for production or a deposition" or are court-ordered. Inform's proposed interrogatories are not, as Inform represents, a "narrowly focused set of case-specific contention and data interrogatories." ECF No. 783 at 1. On the contrary, proposed Interrogatories 1 and 4-7 include expansive document-related requests for items like contracts and communications (whether or not previously produced) that are more properly addressed through Rule 34 requests for production ("RFPs"). Indeed, proposed Interrogatory 1 is duplicative of RFPs propounded by the Discovery Steering Committee ("MDL Common RFPs," *see* Exhibit A) and proposed Interrogatories 4-7 are almost entirely duplicative of Inform's Supplemental RFPs ("Supp. RFPs," *see* Exhibit B) and Supplemental Source Code Requests (*see* Exhibit C). Several additionally request a level of complex commentary that are inappropriate for interrogatories under Local Rule 33.3(b).

*Second*, Pre-Trial Order No. 3 prohibits plaintiffs in this action from propounding case-specific discovery except where such discovery "complies with Rule 26 and is non-duplicative of the requests served by the Discovery Steering Committee." ECF No. 311. Contravening this requirement, several of Inform's proposed interrogatories seek the same information as MDL Common RFPs, and specifically Requests for Source Code propounded by the Discovery Steering Committee (*see* Exhibit A, MDL Common RFPs 258-68). Proposed Interrogatories 1 and 4-7 also fail to satisfy Rule 26 because they are disproportionate to the needs of the case.

Because Inform fails to comply with either Local Rule 33.3(b) or Pre-Trial Order No. 3 (ECF No. 311), Google respectfully requests that the Court deny Inform's motion for leave to serve proposed Interrogatories 1 and 4-7.[3]

**I.   Proposed Interrogatories 1 and 4-7 Fail to Comply with Local Rule 33.3.**

Local Rule 33.3(b) proscribes service of interrogatories that do not comply with Local Rule 33.3(a) unless the interrogatories "are a more practical method of obtaining the information sought than a request for production or a deposition" or if the interrogatories are ordered by the court. Inform's proposed Interrogatories 1 and 4-7 do not satisfy this former requirement, and do not merit court order. Indeed, these proposed interrogatories seek substantially the same information as already-propounded MDL Common RFPs and Inform's previous Supplemental RFPs and Requests for Source Code, over which the parties are concluding negotiations. *See* Joint Letter, ECF No. 785 ("As to search terms, the parties have reached agreement on an approach that the parties anticipate will resolve all issues. As to source code, the parties are working cooperatively to address the issues raised in Inform's motion to compel."). Specifically:

---

[3] Inform seeks leave to serve these additional "case-specific" interrogatories pursuant to Pre-Trial Order No. 3, which requires that any additional discovery requests must be non-duplicative of the Discovery Steering Committee's common MDL requests. Although Inform's requests must abide by Pre-Trial Order 3, Inform is also required to seek leave pursuant to Pre-Trial Order No. 5 to serve non-Local Rule 33.3(a) interrogatories. ECF No. 394 (stating that "[n]o interrogatories shall be served except in compliance with Local Rule 33.3(a)"). Because Inform's interrogatories do not comply with Local Rule 33.3(a), this Court should alternatively deny Inform's motion because Inform has not sought leave under Pre-Trial Order No. 5.

**Proposed Interrogatory 1** asks Google to "[i]dentify any and all contracts, invoices, billing or account statements, or order documents associated with Inform Inc. (formerly "News Distribution Network" or "NDN") as a customer of any Google product or service." ECF No. 783-1 at 5. As an initial matter, document requests are a more practical tool for such an inquiry. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (ruling that document requests are "a decidedly more practical method of obtaining the information" sought by document-related interrogatories). Notwithstanding the issue of practicality, proposed Interrogatory 1 is duplicative of MDL Common RFP No. 272, which requests "[d]ocuments sufficient to show all forms of Your contracts with customers concerning Your Ad Tech Products," and MDL Common RFP No. 286, which requests "[a]ll documents and communications concerning Your contractual relationships relating to Ad Tech Products with Daily Mail and/or any Direct Action Plaintiff [including Inform] since January 1, 2013 . . ." Ex. A at 74, 78.

**Proposed Interrogatory 4** asks Google to identify communications that Google has had with third parties in which Inform was discussed. ECF No. 783-1 at 6. Inform has already requested this information through its Supp. RFP 20, which seeks "[a]ll documents that refer, reflect, or relate to Plaintiff Inform since November 8, 2007." Ex. B at 12.

**Proposed Interrogatory 5** asks about the instances and circumstances under which direct Inform ads were not displayed due to auction mechanics or source code. ECF No. 783-1 at 6-7. In addition to being partially duplicative of source code already provided to all MDL Plaintiffs, this proposed interrogatory is subsumed entirely by Inform Supp. RFPs 6 (which asks for all documents regarding the placement or alleged "bypassing" of direct ads) and 16 (requesting source code that would lead to such bypassing). *See* Ex. B at 7, 10-11. Inform's Supp. Source Code Request No. 6, in particular, requests an "algorithm affecting whether an advertisement was not serviced despite its status in an auction." Ex. C at 2.

**Proposed Interrogatory 6** includes 4 subparts, but asks about instances "where an Inform video advertisement or campaign was disabled, paused, muted, throttled, paced below another ad or campaign, or otherwise restricted or limited." ECF No. 783-1 at 7-8. Inform Supp. RFPs 6(c), 7, and 8 request documents that reflect or demonstrate this type of interference with video functionality, as do Inform's Supp. Source Code Requests 5-7. *See* Ex. B at 7-8; Ex. C at 2.

**Proposed Interrogatory 7** asks about "Google's policies, practices, and Ad Auction Mechanics related to the serving and display of Flash video advertisements." ECF No. 783-1 at 8. Inform's Supp. RFPs 6-9 already request the same information and Supp. RFP 16 requests source code relating to the serving of Flash ads. *See* Ex. B at 7-8, 10-11.

**Proposed Interrogatories 4-7** also request detailed explanations and descriptions that are inappropriate for written discovery under Local Rule 33.3(b). In particular, these proposed interrogatories request that Google:

- "Describe the nature" and "the purpose of" any third party communications about Inform, proposed Interrog. 4;

- "[P]rovide all data and transactional details associated with each instance" of certain auction events related to Inform ad inventory available for purchase, including "an explanation" of those auction events, "[w]hether and how each" of those events "was affected by any Ad Auction Mechanics," and "[w]hether and how" the events "were affected by any of Google's policies, practices, or Ad Auction Mechanics related to the display of Flash video advertisements," proposed Interrog. 5;

- "[P]rovide all data and transactional details associated with each instance" where Inform video ads were allegedly disabled, including "[a]n explanation of why" Inform video ads were allegedly disabled, "[w]hether and how each" of those instances "was affected by any Ad Auction Mechanics," "[w]hether and how Google's Chrome Browser" was involved, and "[w]hether and how video ads served and displayed on YouTube were treated differently from" those on other sites, proposed Interrog. 6; and

- "Explain Google's policies, practices and Ad Auction Mechanics related to the serving and display of Flash video advertisements," including, among other sought descriptions, "[h]ow the determination of whether a Flash video was automatically paused, muted or disabled, etc. is made," "[h]ow and when Google stopped bidding on Flash ads on each each of its Ad Tech Products," and "[h]ow all of the above changed over time," proposed Interrog. 7.

Interrogatories seeking long narrative responses are exactly the type Local Rule 33.3(b) prohibits. *See Mitre Sports Int'l Ltd. v. Home Box Office, Inc.*, 304 F.R.D. 369, 375-77 (S.D.N.Y. 2015) (interrogatories seeking information concerning "where, when and how" defendant acquired certain items and "what efforts, if any" defendant took to ensure they were not counterfeit were improper under Local Rule 33.3(b)); *E*Trade Fin. Corp. v. Deutsche Bank, AG*, No. 05 Civ. 902(RWS), 2006 WL 3267267, at *1-2 (S.D.N.Y. Nov. 13, 2006) (ruling that interrogatories that seek "long narrative explanations of underlying assumptions and methodologies" did not comply with Local Rule 33.3(b)).

Consequently, this Court should deny Inform's motion for leave to serve proposed Interrogatories 1 and 4-7.

### II. Proposed Interrogatories 1 and 4-7 also Run Afoul of Pre-Trial Order 3.

Not only are Inform's proposed Interrogatories 1 and 4-7 improper under this Court's Local Rule 33.3, but they also violate Pre-Trial Order No. 3. Pre-Trial Order No. 3 prohibits plaintiffs in this action from propounding case-specific discovery, but provides that parties may seek leave to serve supplemental discovery that "complies with Rule 26 and is non-duplicative of the requests served by the Discovery Steering Committee." ECF No. 311. Inform's proposed Interrogatories 1 and 4-7 do not comply with this directive because they are duplicative of MDL Common RFPs and because they are non-compliant with Rule 26(b)(1).

#### A. Proposed Interrogatories 1 and 5-7 are Duplicative of MDL Common RFPs.

As discussed in Section I above, **proposed Interrogatory 1** asks Google to "[i]dentify any and all contracts, invoices, billing or account statements, or order documents associated with

Inform Inc. (formerly "News Distribution Network" or "NDN") as a customer of any Google product or service," and is duplicative of MDL Common RFP Nos. 272 & 286.

**Proposed Interrogatories 5 and 7** ask in part about source code that has already been requested and, in some cases, produced. *See, e.g.*, Ex. A at 69-70 (MDL Common RFP 258 seeking "[d]ocuments sufficient to identify the Source Code and Algorithms used by Your Ad Tech Products in digital ad sales and auctions" and MDL Common RFP 260 seeking "[a] clone of each Source Code Repository concerning: a. Each of Your past, present, and proposed Ad Tech Products and Ad Tech Auction Mechanics. . .") **Proposed Interrogatory 5** asks about auction mechanics, including source code associated with Google features and products such as "EDA, Bell, Elmo, Bernanke, DRS, Last Look etc.," and "where all associated code is located, including any file, function, or module names and line numbers; and . . . whether that code has been produced," while **proposed Interrogatory 7** requests "code associated with . . . video advertisements, where all associated code is located, including any file, function, or module names and line numbers, and whether that code has been produced."

As Google explained in its Opposition to Inform's recent letter motion to compel discovery (ECF No. 760), Google made available 80 gigabytes of source code to MDL Plaintiffs in July 2023. Nearly ten months later, Inform has still not inspected *any* of that source code, including code on EDA, Project Bell, Project Elmo, Project Bernanke, DRS, and Last Look. Rather than review the code that Google has made available, Inform has asked Google to make representations as to what the code contains.

Conducting Inform's own review is not Google's burden. The governing Confidentiality Order contemplates production of source code only when it "becomes necessary in these Actions." ECF No. 685, App. B ¶ 8. Google's source code contains sensitive proprietary information and trade secrets, and it is therefore Inform's burden to demonstrate that production of additional source code is relevant and necessary. "Where documents sought in discovery contain trade secrets, they may be discoverable" only once the requesting "party demonstrates that disclosure of the confidential information is relevant and necessary." *Millennium Health, LLC v. Gerlach*, No. 15-CV-7235 (WHP) (JLC), 2015 WL 9257444, at *2 (S.D.N.Y. Dec. 18, 2015) (citation omitted).

Yet Inform claims in its letter motion that these interrogatories were necessitated by Google's alleged refusal to "answer Inform's questions regarding whether or not it has produced all of the requested code related to online video advertisements." ECF No. 783 at 2 n.2. Google is not obligated to sift through the enormous volume of productions to do Inform's job for it. *See, e.g.*, *Morgan v. City of New York*, No. 00 CIV. 9172(LMM)(DF), 2002 WL 1808233, at *4 (S.D.N.Y. Aug. 6, 2002) (concluding that where enormous volume of discovery was "available for plaintiffs to inspect," "[g]iven the sheer volume of the document requests, I refuse to require the defendants to do more than they have done to indicate which request each document was submitted in response to."). Moreover, Inform already knows that source code related to EDA, Bell, Elmo, Bernanke, DRS, Last Look is contained in the 80 gigabytes it refuses to inspect.

### B. Proposed Interrogatories 1 and 4-7 Do Not Comply with Rule 26(b)(1) Proportionality

Finally, proposed Interrogatories 1 and 4-7 also violate Pre-Trial Order No. 3 because they are disproportionate to the needs of the case.

*First*, Google has already produced over 6 millions documents in this action, numerous of which provide the information Inform now seeks through proposed Interrogatories 1 and 4-7. This is unsurprising given that, as discussed in the sections above, these proposed interrogatories are duplicative of Inform's Supp. RFPs and Supp. Requests for Source Code, and the MDL Common RFPs.

*Second*, contrary to Inform's description of its proposed Interrogatories as a "narrowly focused set of case-specific contention and data interrogatories with the goal of narrowing the issues and focusing the remaining discovery," each of proposed Interrogatories 1, 4, 5, 6, and 7 are excessively expansive and unduly burdensome. Moreover, the breadth of these interrogatories are an end run around the search-term negotiations the parties are concluding. *See* ECF No. 785.

- **Proposed Interrogatory 1** seeks "any and all contracts, invoices, billing or account statements, or order documents associated with Inform Inc. (formerly "News Distribution Network" or "NDN") as a customer of any Google product or service." ECF No. 783-1 at 5 (emphasis added). Inform does not even attempt to limit this interrogatory to identities of documents that have already been produced in this action (or that will be produced in response to the latest tranche of search terms), nor does it limit it to relevant subject matter. Indeed, proposed Interrogatory 1 ostensibly seeks to *expand* remaining discovery, not focus it.

- **Proposed Interrogatory 4** is equally broad, seeking "each communication that Google had with any third party in which Inform was discussed, including but not limited to any potential acquisition of Inform, Inform's provision of services, Inform's video players, technical and other business capabilities, business dealing, or otherwise." *Id.* at 6 (emphasis added). Proposed Interrogatory 4 does not stop there. For each of these communications, Inform also requests Google to "describe the nature of the communication, the purpose of the communication, the individuals involved, and any documents embodying or related to these communications." *Id.* (emphasis added). Putting aside the immense burden of providing this range of information, it is unnecessarily cumulative as it would most likely be found on the face of such documents that have been or are being produced to Inform.

- **Proposed Interrogatory 5** broadly seeks information about the mechanics of how Inform ad inventory was sold through Google auctions. Namely, it asks Google to "[i]dentify each instance involving a Google-implemented auction for Inform ad inventory (1) where an Inform direct (or pre-sold or reserved) video advertisement was available but was not displayed; or (2) where the winner of the auction did not place the highest gross dollar value bid." *Id.* at 7. It then broadly

requests "all data and transactional details associated with each instance," including for three subparts that seek further detailed explanations, such as "[w]hether and how the instances were affected by any of Google's policies, practices, or Ad Auction Mechanics related to the display of Flash video advertisements." *Id.* at 6-7 (emphasis added). The unnecessary and undue breadth of this proposed Interrogatory is illustrated by the fact that some of the information it seeks is already disclosed in transactional data files Google has produced. Additionally, proposed Interrogatory 5 improperly seeks premature expert opinion, such as seeking "how each instance was affected by any Ad Auction Mechanics." *Id.* at 7.

- **Proposed Interrogatory 6** likewise broadly seeks information about how Google interacted with Inform as a publisher, requesting "each instance where an Inform video advertisement or campaign was disabled, paused, muted, throttled, paced below another ad or campaign, or otherwise restricted or limited." *Id.* at 7. As with proposed Interrogatory 5, proposed Interrogatory 6 goes on to broadly seek "all data and transactional details associated with each instance," but outdoes its counterpart with four subparts seeking further explanations, such as "[w]hether and how video ads served and displayed on YouTube were treated differently from video ads served and displayed on Inform sites and sites other than YouTube." *Id.* at 7-8 (emphasis added). In addition to being overbroad and unduly burdensome, proposed Interrogatory 6 also improperly seeks premature expert opinion, such as seeking "how each instance was affected by any Ad Auction Mechanics." *Id.* at 7.

- **Proposed Interrogatory 7**, with its six subparts, broadly asks Google to "[e]xplain [its] policies, practices, and Ad Auction Mechanics related to the serving and display of Flash video advertisements" over the course of 12 years, including a subpart that broadly seeks "[h]ow all of the above changed over time." *Id.* at 8. As explained above, this overbroad and unduly burdensome interrogatory is exactly the type prohibited by Local Rule 33.3. *See E*Trade Fin. Corp. v. Deutsche Bank, AG*, 2006 WL 3267267, at *1-2.

Inform is aware of the acute burden imposed by such interrogatories. For instance, in response to an interrogatory Google propounded requesting Inform to "[d]escribe in detail all factors that influence or influenced Your advertising selling decisions," Inform objected on the basis of Rule 26 proportionality, arguing that describing "its advertising decisions over a 10-year period . . . would force Plaintiff to review documents related to every advertising transaction it entered into over a 10-year period, and then interview all persons involved in those transactions, to identify each and every factor that influenced or otherwise affected the sale, pricing, and conditions of that advertising transaction which would impose an impossible hurdle on Plaintiff together with undue burden, unnecessary expense, harassment, or annoyance." *See* Exhibit D, Inform's 2d Supp. Resps. to Def.'s 1st Interrogs. at 23.

Given the enormous volume of discovery already provided to Inform (some of which it has admitted it has yet to review) and the duplicative and impractical nature of its proposed

interrogatories, Google respectfully requests that the Court deny Inform's motion for leave to serve proposed Interrogatories 1 and 4-7.

Sincerely,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC*

CC: All Counsel of Record (via ECF)