# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION<br><br>***This Document Relates To:***<br><br>*Inform Inc. v. Google, LLC, Alphabet Inc., and YouTube LLC*<br>No. 1:23-cv-01530 (PKC) | Civil Action No. 21-md-3010 (PKC) |

### INFORM INC.'s OBJECTIONS AND SECOND SUPPLEMENTAL RESPONSES TO DEFENDANTS GOOGLE LLC, ALPHABET INC. AND YOUTUBE LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff Inform Inc. ("Plaintiff" or "Inform") hereby propounds its Second Supplemental Responses to Defendants' First Set Of Interrogatories To Inform Inc.

These responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statement(s) contained herein if such question(s) were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed at the time of trial.

These responses are made based upon reasonable and diligent investigation conducted to date, including information presently available to Plaintiff and contained in documents in its possession, custody, and control, and are made without prejudice to Plaintiff's right to produce

1

agreed to schedule a further meet and confer with regard to Interrogatory No. 9, as counsel for the parties did not appear to have discussed the same in their prior meeting with regard to these Interrogatories on February 14, 2024 and February 15, 2024. The parties have not yet scheduled the aforementioned meeting, and Plaintiff will further respond to Interrogatory No. 9 after the above-described meet and confer.

**INTERROGATORY NO. 10**

Describe in detail all factors that influence or influenced Your advertising selling decisions, including but not limited to factors influencing Your decisions to sell Display Advertising, Your objectives for selling Display Advertising, and all factors that influence Your decisions regarding number, size, and placement of advertising spaces.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiff incorporates its General Objections as if fully set forth herein. Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case in that requires Plaintiff to "describe in detail all factors that influenced" its advertising decisions over a 10-year period together with "all factors" that influenced its decision regarding number, size, and placement or advertising spaces of each advertisement sold by Plaintiff over a 10-year period. To answer this Interrogatory would force Plaintiff to review documents related to every advertising transaction it entered into over a 10-year period, and then interview all persons involved in those transactions, to identify each and every factor that influenced or otherwise affected the sale, pricing, and conditions of that advertising transaction which would impose an impossible hurdle on Plaintiff together with undue burden, unnecessary expense, harassment, or annoyance.

Plaintiff further objects to this Interrogatory on the grounds that the phrase "all factors that influence or influenced Your advertising selling decisions" is vague, ambiguous, and susceptible to varying interpretations and understandings. Plaintiff further objects to this Interrogatory because it is improper under Local Civil Rule 33.3, as it is not limited to "seeking names of witnesses with

23