

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Silicon Valley**
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
   +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

May 15, 2024

Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-cv-7001 (PKC)

Dear Judge Castel:

  We represent Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively, "Google") and write in opposition to Advertiser Plaintiffs' Motion for Leave to Serve Case-Specific Interrogatories (ECF No. 786). Advertiser Plaintiffs' proposed interrogatories, found in Exhibit A to Advertiser Plaintiffs' motion (ECF No. 786-1), arrive on top of the voluminous discovery already conducted in this case. They consist of 13 contention interrogatories (Nos. 1-13) and 2 additional interrogatories (Nos. 14-15). The Court should deny Advertiser Plaintiffs' motion as to proposed Interrogatories 14 and 15 because they do not comport with Local Rule 33.3(b) or Pre-Trial Order No. 3 (ECF No. 311).[1] The next conference in this action before this Court is scheduled for May 21, 2024.

  Advertiser Plaintiffs' proposed Interrogatories 14 and 15 embody expansive data-related requests that are not, contrary to Advertiser Plaintiffs' representation, "limited and targeted." ECF No. 786 at 2; *see also* ECF No. 786-1 at 6. These interrogatories, which include at least seven subparts, demand an accounting of *all* AdX web and in-app auctions won by advertisers bidding through Google Ads over a seven-year period and then an analysis of those billions of auctions to determine if they were "affected by" "(a) Dynamic Allocation; (b) Enhanced Dynamic Allocation; (c) Project Bernanke; (d) Dynamic Revenue Sharing; and (e) Reserve Price Optimization." These interrogatories are improper because they duplicate—and seek to expand upon—the extensive document and data requests already propounded by the Discovery Steering Committee ("MDL Common RFPs," *see* Exhibit A), are unduly burdensome and disproportionate to the needs of the case, and prematurely seek expert testimony.

---

[1] Google does not oppose Advertiser Plaintiffs' motion for leave to serve Proposed Interrogatories 1-13, which are the type of contention interrogatories this Court has already approved for service. *See* ECF No. 779.

Given the vast overbreadth and burdensome nature of these proposed interrogatories, Google respectfully requests that the Court deny Advertiser Plaintiffs' motion for leave to serve proposed Interrogatories 14 and 15.

## I. Advertiser Plaintiffs' Proposed Interrogatories Do Not Comply with Local Rule 33.3.

Local Rule 33.3(b) proscribes service of interrogatories that do not comply with Local Rule 33.3(a) unless the interrogatories "are a more practical method of obtaining the information sought than a request for production or a deposition" or if the interrogatories are ordered by the court. Proposed Interrogatories 14 and 15 do not satisfy this former requirement, and do not merit court order. The proposed interrogatories seek substantially the same information as already-propounded requests for production and data requests—Google's responses to which were heavily negotiated and took many months to fulfill. Advertiser Plaintiffs should not be permitted to demand a wholesale new data production via interrogatories. In particular:

**Proposed Interrogatory 14** asks Google to "[o]n a monthly basis from May 1, 2016 to the present, state (1) how many AdX auctions for (a) web and (b) in-app Digital Advertising were won by Advertisers bidding through Google Ads (formerly called "Google AdWords" or "AdWords"), and (2) the average price at which such (a) web and (b) in-app Digital Advertising was sold to such Advertisers." This is a data request dressed as an interrogatory that duplicates MDL Common RFP 243, which itself consists of over 40 subparts, and demands "[a]ll data concerning each display ad transaction processed by You through one or more stages of the Ad Tech Stack." Ex. A at 62-67. In particular, this RFP includes 243(k): "the amount paid by the Advertiser," 243(n): "Ad Exchange / Network used," 243(p): the "Ad Buying Tool used," and 243(v): "[m]etadata about the parameters of the auction." *Id.* Document requests are a more practical tool for Advertiser Plaintiffs' data inquiry. *See, e.g.*, *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010) (ruling that document requests are "a decidedly more practical method of obtaining the information" sought by document-related interrogatories).

**Proposed Interrogatory 15** asks Google to "[s]tate how many of the auctions identified in response to Interrogatory No. 14 were affected by: (a) Dynamic Allocation; (b) Enhanced Dynamic Allocation; (c) Project Bernanke; (d) Dynamic Revenue Sharing; and (e) Reserve Price Optimization." Like proposed Interrogatory 14, proposed Interrogatory 15 is actually a request for data that Local Rule 33.3(b) dictates should be sought through a document request. *See Trilegiant Corp.*, 272 F.R.D. at 367; *see also Erchonia Corp. v. Bissoon*, No. 07 Civ. 8689, 2011 WL 3904600, at *7 (S.D.N.Y. Aug. 26, 2011), *aff'd*, 458 F. App'x 58 (2d Cir. 2012) ("The Local Rules reflect a preference for other forms of discovery, such as depositions and document requests."). Indeed, Google has already made available millions of documents related to Dynamic Allocation, Enhanced Dynamic Allocation, Project Bernanke, Dynamic Revenue Sharing, and Reserve Price Optimization as well as source code related to these features.

Additionally, proposed Interrogatories 14 and 15 request the type of complex transactional information that has already been deemed improper under Local Rule 33.3(b). *See In re Weatherford Int'l Secs. Litig.*, No. 11 Civ. 1646(LAK)(JCF), 2013 WL 5788680, at *3-4 (S.D.N.Y. Oct. 28, 2013) (concluding that under Local Rule 33.3(b) defendant need not respond to an interrogatory seeking complex calculations related to five years of securities transactions that went "beyond . . . discrete transactions or amounts"). These proposed interrogatories request that Google review billions of ad tech transactions across a period of eight years in order to provide the analysis required to respond. That is improper.

Google's voluminous production of documents, data, source code, and deponents is more than sufficient to provide the information that Advertiser Plaintiffs require.

## II. Advertiser Plaintiffs' Proposed Interrogatories Do Not Comply with Pre-Trial Order 3.

Not only are Advertiser Plaintiffs' proposed Interrogatories 14 and 15 improper under this Court's Local Rule 33.3, but they also violate Pre-Trial Order No. 3. Pre-Trial Order No. 3 prohibits plaintiffs in this action from propounding case-specific discovery, but provides that parties may seek leave to serve supplemental discovery that must "compl[y] with Rule 26 and is non-duplicative of the requests served by the Discovery Steering Committee." ECF No. 311. Advertiser Plaintiffs' proposed Interrogatories 14 and 15 do not comply. Proposed Interrogatory 14 is duplicative of MDL Common RFPs and *both* proposed interrogatories are non-compliant with Rule 26(b)(1).

### A. Proposed Interrogatory 14 is Duplicative of MDL Common RFPs.

As discussed in Section I above, proposed Interrogatory 14, which seeks the number of auctions won and resultant the average price paid by advertisers bidding through Google Ads from billions of transactions over an eight year period, is duplicative of MDL Common RFP 243. As described, MDL Common RFP 243 requested data for "the amount paid by the Advertiser" (243(k)), "Ad Exchange / Network used" (243(n)), the "Ad Buying Tool used" (243(p)), and "[m]etadata about the parameters of the auction" (243(v)). Ex. A at 62-67. Additionally, Google has already produced voluminous data regarding ad impressions won by advertisers using Google Ads and the price paid by those advertisers.

### B. Proposed Interrogatories 14 and 15 Do Not Comply with Rule 26(b)(1)'s Proportionality Requirement.

Proposed Interrogatories 14 and 15 also violate Pre-Trial Order No. 3 because they are disproportionate to the needs of the case and range well beyond the limitations of Fed. R. Civ. P. 26(b)(1).

As an initial matter, Google has already produced over 6 million documents in this action, as well as hundreds of terabytes of data. Numerous of these documents and data provide the information Advertiser Plaintiffs now seek through proposed Interrogatories 14 and 15. This is unsurprising given that, as discussed in the sections above, proposed Interrogatory 14 is duplicative of MDL Common RFP 243.

Additionally, despite that Advertiser Plaintiffs described their proposed interrogatories as "limited and targeted," proposed Interrogatories 14 and 15 are actually excessively expansive and unduly burdensome. Specifically:

- **Proposed Interrogatory 14** ostensibly seeks Google to perform an unduly burdensome manual review and analysis of billions of auctions and associated data over the past eight years in order to provide information that is already available to Advertiser Plaintiffs through Google's existing data productions. To the extent Advertiser Plaintiffs claim this proposed interrogatory does not require a manual review, it then improperly seeks premature expert opinion.

- **Proposed Interrogatory 15**, yet broader, seeks an even more complex analysis of those billions of auctions and associated data. Google generally does not maintain monthly aggregate data concerning the number of AdX auctions "affected by" Dynamic Allocation; Enhanced Dynamic Allocation; Project Bernanke; Dynamic Revenue Sharing; and Reserve Price Optimization. This means that the only potential way to respond to Interrogatory 15 would be through a new compilation and review of log-level data to first identify whether such information is available at the transaction level and then assess whether one or more of the features "affected" each transaction. Given the engineering complexity involved, such an endeavor might not ultimately be successful, but would, in any event, take multiple months or more of custom engineering work.

Finally, Google has been producing data to Plaintiffs for more than a year; indeed, it produced monthly aggregate data of the sort Advertiser Plaintiffs seek with proposed Interrogatory 14 on May 30, 2023. Moreover, Google has been meeting and conferring with Plaintiffs—including Advertiser Plaintiffs—on a weekly basis to discuss, among other things, Plaintiffs' data requests, for over a year. In other words, Advertiser Plaintiffs have had relevant Google data in-hand and regular opportunity to make follow-up requests for a very long time, but inexplicably waited until this late stage of discovery to improperly make these new data requests via interrogatory. These duplicative data-related interrogatories seeking information requiring extensive manual review and analysis are the types of demands that are routinely found to be disproportionate to the needs of the case. *See, e.g.*, *Connected Insured Telephone, Inc. v. Qwest Long Distance, Inc.*, No. 3-10-CV-1897-D, 2011 WL 4736292, at *4 (N.D. Tex. Oct. 6, 2011) (interrogatory requiring "review of millions of [call detail records] on an individual basis" did not comply with Rule 26(b)(1)); *O'Sullivan v. Hartford Life & Accident Ins. Co.*, No. 18-1250-JTM-GEB, 2019 WL 2208149, at *6 (D. Kan. May 22, 2019) (denying motion to

compel interrogatories for statistical information requiring manual review of files in light of undue burden and relevant data already produced).

\*    \*    \*

Given the enormous discovery already provided in this case, and the duplicative, impractical, and disproportionate nature of the proposed interrogatories being challenged, Google respectfully requests that the Court deny Advertiser Plaintiffs' motion for leave to serve proposed Interrogatories 14 and 15.

Respectfully submitted,

/s/ Justina K. Sessions
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2218
Email: creiser@axinn.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC*

CC: All Counsel of Record (via ECF)