# EXHIBIT A

| | |
|---|---|
| **From:** | Maier, Eric J. |
| **To:** | Yung, Eva H. |
| **Cc:** | Reiser, Craig M.; Boisvert, Caroline P.; Henningson, Sven E. (Trip); Bird, Daniel G.; Thorne, John; Haws, Claire L.; Hirschboeck, Mark P. |
| **Subject:** | RE: In re: Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC) (S.D.N.Y.) |
| **Date:** | Thursday, May 16, 2024 4:43:59 PM |
| **Attachments:** | image001.png |

**Caution: External Email**

Eva,

We disagree that Daily Mail has changed its position on whether Rule 15 requires Google to file its answer by May 29. On March 21, we explained that Google's proposed motions to dismiss offered no discovery efficiencies and suggested that the Court should instead "rule on Daily Mail's and Gannett's state law claims [at] summary judgment, when it will have the benefit of a fuller factual record, and there is no risk of the Court ruling on Daily Mail's and Gannett's state law claims twice: once on a motion to dismiss and again at summary judgment." Dkt. 728 at 5. We repeated that position on April 19 and April 30. *See* Dkt. 757 at 2; Dkt. 769 at 2. In the ordinary course of litigation, answers are filed before motions for summary judgment. Nothing in Daily Mail's letters to the court suggested that Daily Mail consented to Google's withholding its answer to Daily Mail's state law claims until after the close of all discovery. Indeed, when Google requested that the Court reconsider the deadline for Google's answer to Daily Mail's federal antitrust claims, we objected on March 25 and noted that "Daily Mail and Gannett have conducted all discovery to date without Google's statement of its purported defenses to their claims, and Google should not be afforded any further delay." Dkt. 733 at 2.

While we do not believe that an extension of the 14-day deadline for Google's amended answer is warranted – indeed, your email below suggests that Google does not intend to plead any additional defenses and Google has previously stated that Daily Mail's amendments added "only a handful of allegations," Dkt. 766 at 2 – we are willing to consent to a one-week extension of Google's time to answer (i.e. until June 5). Daily Mail will not consent (and has never consented) to a schedule that permits Google to withhold its full responsive pleading until after all discovery has concluded.

To the extent that you are not willing to accept the offered extension and intend to file something with the court, we ask that you include this response with that filing.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or

the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, May 16, 2024 11:53 AM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Boisvert, Caroline P. <cboisvert@axinn.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Haws, Claire L. <chaws@axinn.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** [EXTERNAL] RE: In re: Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC) (S.D.N.Y.)

Counsel,

We are surprised at Daily Mail's sudden change in position, given that Daily Mail insisted on deferring until the summary judgment stage any challenge to the sufficiency of its state law claims.  The Answer that Google filed on March 29, see ECF No. 738, clearly identifies Google's existing defenses.  If Daily Mail insists that Google waste time responding to the state law claims that Daily Mail successfully persuaded Judge Castel to permit Daily Mail to file before Google has had any opportunity to challenge the sufficiency of those claims under Rules 8, 9, and 12, we will consider us to be at impasse and proceed accordingly.

If we do not hear that you are willing to negotiate an appropriate schedule by close of business today, we will raise Daily Mail's baseless about-face with the Court on Friday.

We reserve all rights.

Yours,

Eva


**Eva H. Yung**
*Associate*



Axinn, Veltrop & Harkrider LLP
114 West 47th Street
New York, New York 10036
Office 212.728.2235
Fax 212.728.2201
eyung@axinn.com
**Axinn.com**

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Wednesday, May 15, 2024 6:11 PM
**To:** Yung, Eva H. <eyung@axinn.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Boisvert, Caroline P. <cboisvert@axinn.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Haws, Claire L. <chaws@axinn.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>
**Subject:** RE: In re: Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC) (S.D.N.Y.)

**Caution: External Email**

Hi Eva,

Daily Mail does not agree that Google should be permitted to delay providing a full answer to Daily Mail's complaint.  In PTO 12, Judge Castel granted Daily Mail's request for leave to file its second amended complaint.  Because we filed Daily Mail's second amended complaint today, Google's answer is due May 29.  *See* Fed. R. Civ. P. 15(a)(3).  In PTO-10 and PTO-12 Judge Castel denied Google's request to file a motion to dismiss at this time, meaning that there is no pending motion that would otherwise stay Google's time to answer.  *See* Fed. R. Civ. P. 12(a)(4).  Daily Mail filed its complaint over three years ago and has been required to conduct all discovery to date without a full answer to its allegations and without a full accounting of Google's alleged defenses.  We see no reason why Google should be permitted to delay providing a complete responsive pleading.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Monday, May 13, 2024 4:19 PM
**To:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Hirschboeck, Mark P. <mhirschboeck@kellogghansen.com>; Maier, Eric J. <emaier@kellogghansen.com>

**Cc:** Reiser, Craig M. <creiser@axinn.com>; Boisvert, Caroline P. <cboisvert@axinn.com>; Yung, Eva H. <eyung@axinn.com>; Haws, Claire L. <chaws@axinn.com>
**Subject:** [EXTERNAL] In re: Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC) (S.D.N.Y.)

Counsel,

We assume you will be filing Daily Mail's Second Amended Complaint this week. In light of PTO 12, in which Judge Castel accepted plaintiffs' position that Google's challenge to the sufficiency of plaintiffs' state law claims under Rule 12 should be deferred until the summary judgment stage, we do not believe any further responsive pleading is or will be due at this time. For clarity of the record, we would like to propose a stipulation to the effect that the parties will negotiate a schedule for Google to file amended answers addressing plaintiffs' state law claims if one is necessary following Google's Rule 12 challenge to the sufficiency of state law claims. Please let us know as soon as possible whether this is acceptable so we can prepare a draft stipulation and order for your review.

Yours,

Eva

**Eva H. Yung**
*Associate*



Axinn, Veltrop & Harkrider LLP
114 West 47th Street
New York, New York 10036
Office 212.728.2235
Fax 212.728.2201
eyung@axinn.com
**Axinn.com**


*********************************************************************

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*