# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

May 17, 2024

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

      Re:    *In re Google Digital Advertising Antitrust Litig.*, **No. 1:21-md-03010 (PKC);**
               *Inform Inc. v. Google LLC*, **et al. No. 1:23-cv-01530 (PKC)**

      We write as counsel to plaintiff Inform Inc. ("Inform") in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC) (the "Inform Action"), a constituent case transferred from the Northern District of Georgia into the above-referenced MDL. Inform submits this in further support of its request, pursuant to Pre-Trial Order No. 3 (ECF No. 311) and in compliance with Rule 26, for leave to serve a narrowly focused set of contention and data interrogatories, which are specific to the Inform Action and are non-duplicative of those previously served by the Discovery Steering Committee or other Plaintiffs, and in response to Defendants' opposition to the same, submitted to the Court on May 15, 2024. We understand that the Court will take this issue up during the conference set for Tuesday, May 21, 2024.

      Inform is seeking limited discovery. Inform's seven (7) interrogatories are focused, case-specific contention and data interrogatories tailored to narrow the issues and focus the remaining discovery. In addition to being proportional, they are compliant with the applicable rules and similar to certain of the many interrogatories that Defendants (sometimes referred to herein as "Google") propounded, which they contended were similarly necessary and tailored to the needs of this case. Google itself served thirty-three (33) separate case specific interrogatories on Inform (*see* Exh. A hereto), which Inform has answered. Yet, Google objects to Inform being able to serve a similar – albeit a much smaller – set. Accordingly, Plaintiff Inform respectfully requests that it be permitted to serve seven (7) interrogatories related to the specific issues involved in Inform's claims, which both comply with Rules 26 and are non-duplicative of those served by the Discovery Steering Committee or other Plaintiffs.

      Inform does not dispute that Google has produced millions of documents in the MDL. The vast majority of these documents, however, were those that Google produced to the DOJ and then

Hon. P. Kevin Castel
May 17, 2024
Page 2

simply reproduced in the MDL.  Importantly for the pending request by Inform for case specific interrogatories, few, if any, of the aforementioned documents relate to the numerous Inform-case specific issues, including YouTube, the online video market, direct ads or any related source code. For example, of the 6 million documents Defendants reference, only one-tenth of one percent (0.1%) include even a passing reference to Inform or its related entity names.  Inform's own records show approximately 15,000 communications between Google and Inform.  However, it appears Google had previously produced *none* of the direct communications. In the last week or so, Google provided less than 150 communications.  Notably, this includes communications from the custodial files of the custodians chosen by Inform, who should have had the bulk of the 15,000 communications.  By contrast, Inform has produced over two hundred thousand documents to Defendants.

Defendants similarly attempt to preclude Inform from obtaining source code information through its proposed interrogatories.  Inform repeatedly has sought from Defendants – and now seeks to request through its proposed interrogatories – specific information concerning what is and is not contained in the source code made available by Defendants, namely: what portion, if any, relates to video ads, direct ads, and high traffic algorithms.[1]  Previously, Defendants suggested that what Inform is looking for may not be contained in the source code Defendants have made available to date, but they have not provided further detail.  As respects source code, Inform simply seeks to ask Defendants to set forth through their interrogatory responses what is available and where it is located.  This is a modest and reasonable request. Additionally, long ago, we requested an online video advertising event or log level data set *for Inform* that spans one week during which Inform was operating and communicating extensively with Google.  When Google refused our request, we informed them that we would seek this information through interrogatories, and that we would likewise seek source code information through the same.

Defendants assert that certain of Inform's proposed discovery is better sought through other means.  Illustrative of this, Defendants object to Proposed Interrogatory Number 1, which seeks Defendants' contract and other documents relating to Inform – a request Defendants similarly made of Inform through their interrogatories.  Defendants propounded *thirty-three* (33) interrogatories upon Inform, including ones which seek the same information Inform now requests, while Inform seeks a mere seven (7) from Defendants.  Now, Defendants attempt to preclude the very discovery that they contended was well within Rule 33.3 when they propounded similar questions upon Inform.  Moreover, if Defendants now contend that any of the interrogatories Inform seeks to propound are "duplicative" of the common RFPs propounded by the MDL Plaintiffs (*see* Def. Opp. Ltr., pp. 3-5), then once we are permitted to serve the interrogatories, Google can and should direct us to the Bates Numbers of the responsive documents.  Importantly,

---

[1] Our repeated verbal requests were memorialized at least on the following dates: August 8, 2023, December 16, 2023, February 1, 2024, March 1, 2024, March 14, 2024, April 3, 2024, April 4, 2024 and April 12, 2024.  We moved to compel production of source code on April 17, 2024.  (ECF. No.751 at 4-5).

Hon. P. Kevin Castel
May 17, 2024
Page 3


*none* of the Inform contracts or invoices has been produced.[2]  The one contract produced by Defendants is for a company with a similar name, which is not the Plaintiff.

Accordingly, Plaintiff Inform respectfully requests that it be permitted to serve its seven (7) interrogatories related to the specific issues involved in Inform's claims, which both comply with Rules 26 and are non-duplicative of those served by the Discovery Steering Committee or other Plaintiffs.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Serina M. Vash*

SERINA M. VASH
New York Bar No.: 2773448
svash@hermanjones.com
**HERMAN JONES LLP**
153 Central Avenue, # 131
Westfield, NJ 07090
(404) 504-6516

JOHN C. HERMAN (admitted *pro hac vice*)
jherman@hermanjones.com
**HERMAN JONES LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6555
(404) 504-6501 (fax)

Counsel for Plaintiff Inform Inc.

---

[2] We believe that the relevant RFPs remain largely unanswered with regard to Inform, as the information Inform now requests has yet to be provided.