KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 20, 2024

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
           [rel. No. 1:21-cv-3446; No. 1:23-cv-5177]

Dear Judge Castel:

      Plaintiffs Associated Newspapers, Ltd., Mail Media, Inc. (together, "Daily Mail"), and Gannett Co., Inc. write in response to Google's request to delay answering Daily Mail's and Gannett's amended complaints until after the close of all discovery. *See* MDL Dkt. No. 800. There is a conference in this MDL on May 21, 2024.

      The Court should confirm that Google must answer all allegations in Daily Mail's and Gannett's amended complaints. The Court recently granted Daily Mail and Gannett leave to file complaints amending their state law claims, Pre-Trial Order No. 12, MDL Dkt. No. 784 ("PTO 12"), which both Daily Mail and Gannett did on May 15, *see* MDL Dkt. Nos. 794, 795. Prior to filing those amended complaints, Google had not filed any answer to Daily Mail's or Gannett's state law claims. *See* MDL Dkt. No. 737 at 2 ("Google does not answer with respect to" Gannett's state law claims); MDL Dkt. No. 738 at 2 (same for Daily Mail). Under Rule 15, Google's answers to Daily Mail's and Gannett's amended complaints are due on May 29, 2024. *See* Fed. R. Civ. P. 15(a)(3) (requiring a response to an amended pleading within 14 days). There is no pending motion to dismiss that would otherwise stay Google's obligation to answer all Daily Mail and Gannett allegations. *See* Fed. R. Civ. P. 12(a)(4).

      Google should admit or deny the factual allegations related to Daily Mail's and Gannett's state law claims. Google's answer to those allegations will inform the remaining fact discovery in this case. For example, on May 2, the Court granted MDL Plaintiffs additional depositions including of several Daily Mail- and Gannett-specific witnesses. *See* Pre-Trial Order No. 11, MDL Dkt. No. 777. Those witnesses have knowledge of "Google's misrepresentations to publishers" that are the subject of Daily Mail's and Gannett's state law deceptive practices and fraud claims. MDL Dkt. No. 755 at 5. They include both Daily Mail's and Gannett's long-time "account lead[s]" who were the "mouthpiece[s] for Google's misrepresentations." *Id*. at 6.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
May 20, 2024
Page 2

Understanding which facts surrounding those misrepresentations Google admits or denies will help focus those depositions on the factual issues that are actually in dispute.

In its letter to the Court and its correspondence with Daily Mail and Gannett, Google wrongly suggests that Daily Mail and Gannett "expressly" sought to permit Google to defer filing its amended answers until after the close of all discovery. In response to Google's pre-motion letters seeking leave to move to dismiss their complaints, Daily Mail and Gannett suggested that the Court should instead "rule on Daily Mail's and Gannett's state law claims [at] summary judgment, when it will have the benefit of a fuller factual record, and there is no risk of the Court ruling on Daily Mail's and Gannett's state law claims twice: once on a motion to dismiss and again at summary judgment." MDL Dkt. No. 728 at 5; *see also* MDL Dkt. No. 757 at 2; MDL Dkt. No. 769 at 2. That position was not an invitation for Google to withhold its full responsive pleading until after the close of all discovery. Indeed, Daily Mail and Gannett previously stated that they "have conducted all discovery to date without Google's statement of its purported defenses to their claims, and Google should not be afforded any further delay." MDL Dkt. No. 733 at 2.

Google's letter identifies no prejudice from fully answering Daily Mail's and Gannett's complaints. Google retains the ability to assert that Daily Mail's and Gannett's complaints fail to state a claim. In granting Daily Mail and Gannett leave to file their amended complaints, the Court "defer[red]" but did not preclude "briefing on any motion to dismiss until the summary judgment stage." PTO 12 at 1. In an earlier order, the Court noted that, under this procedure, Google would retain its "right to seek summary judgment dismissing a claim, including on the basis that it fails to state a claim for relief." Pre-Trial Order No. 10 ¶ 5, MDL Dkt. No. 736 ("PTO 10"). And Google is free to assert the purported insufficiency of Daily Mail's and Gannett's complaints as an affirmative defense in its amended answers – indeed, in Google's answers to the federal antitrust claims in Daily Mail's and Gannett's complaints, that was Google's first defense. *See* MDL Dkt. No. 737 at 49; MDL Dkt. No. 738 at 46.

Drafting amended answers would not be a burden on Google. Google has asserted that Daily Mail's and Gannett's recent amendments added "only a handful of allegations," MDL Dkt. No. 766 at 2, and has indicated that "[t]he Answer[s] that Google filed on March 29 . . . clearly identif[y] Google's existing defenses," *see*, *e.g.*, MDL Dkt. No. 800-1, suggesting that Google does not plan to assert any additional defenses. Despite that minimal burden, Daily Mail and Gannett offered a reasonable extension of Google's deadline to answer, but Google rejected that offer. *See* MDL Dkt. Nos. 800-1, 800-2.

The Court invited Google to object to the procedure outlined in PTOs 10 and 12 – i.e., permitting amendment and deferring any ruling on the sufficiency of the amended complaints until summary judgment. PTO 10 ¶ 6. In response, Google did not address the Court's envisioned sequencing or suggest that it would prejudice Google, *see* MDL Dkt. No. 766 (arguing only that Daily Mail's and Gannett's proposed amendments were futile and would impact discovery). Having failed to object to the procedure the Court proposed and then

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
May 20, 2024
Page 3

adopted, Google should not now be permitted to relitigate PTOs 10 and 12.  The Court should confirm that Google is required to answer Daily Mail's and Gannett's complaints by May 29.  *See* Fed. R. Civ. P. 15(a)(3).

                Respectfully submitted,

                /s/ *John Thorne*
                John Thorne
                Daniel G. Bird
                Bethan R. Jones
                Christopher C. Goodnow
                Mark P. Hirschboeck
                Eliana Margo Pfeffer
                Eric J. Maier
                Sven E. Henningson
                Tiberius T. Davis
                KELLOGG, HANSEN, TODD, FIGEL
                  & FREDERICK, P.L.L.C.
                1615 M Street NW, Suite 400
                Washington, DC 20036
                Tel.:  (202) 326-7900
                Fax:  (202) 326-7999
                Email:  jthorne@kellogghansen.com
                       dbird@kellogghansen.com
                       bjones@kellogghansen.com
                       cgoodnow@kellogghansen.com
                       mhirschboeck@kellogghansen.com
                       epfeffer@kellogghansen.com
                       emaier@kellogghansen.com
                       shenningson@kellogghansen.com
                       tdavis@kellogghansen.com

                *Counsel for Associated Newspapers, Ltd., Mail Media, Inc., and Gannett Co., Inc.*

cc:   All Counsel of Record via ECF