# Discovery Steering Committee
## In re Google Digital Advertising Antitrust Litigation

May 20, 2024

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

<em>In re Google Digital Advertising Antitrust Litigation</em><br>
Case No. 1:21-md-03010 (PKC) (S.D.N.Y.)

Dear Judge Castel:

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Pre-Trial Order No. 5 ("PTO-5"), and the Court's Individual Practices, Plaintiffs respectfully request a 43-day extension of the deadline to file their opening expert reports, with the similar length of time applying to the expert discovery schedule. *See* ECF No. 394 ¶ 12; Individual Practices in Civil Cases ¶ 1.C.ii. A conference is scheduled before this Court at 2:00 p.m. on Tuesday, May 21, 2024. No party has previously requested an extension of the expert discovery dates or the schedule, and Google does not oppose this request.

Good cause supports this request. To complete their reports, which include class certification issues and substantial case-specific antitrust damages calculations not required in the DOJ and Texas cases, Plaintiffs' experts must analyze a considerable amount of data—over 750 terabytes produced by Google and over 1,300 terabytes of third-party data, over half of which has been produced or reproduced this spring. Additional data productions by Google are pending, including log-level data for individual plaintiffs Daily Mail and Gannett and supplemental aggregate data. Given the volume of data produced and the recency of its production, Plaintiffs' experts require additional time to analyze it and prepare their reports.

A proposed schedule is set forth below and a proposed Revised Case Management Plan and Scheduling Order is attached as Exhibit A. The proposed extension of expert discovery will not affect the current deadlines for fact discovery.

***There is good cause for an extension of expert discovery deadlines.***

Plaintiffs request this 43-day extension because additional time is needed to analyze the over 2,000 terabytes of Google and third-party data[1] produced in this litigation. This Court's

---

[1] Multiple third parties have produced transaction-level and aggregated data to Google and the U.S. Department of Justice, which Google has re-produced to Plaintiffs. So far, Google has re-

scheduling order envisaged that Plaintiffs and their experts would have over a year to review and analyze the data productions in this matter between the deadline for substantial completion on May 30, 2023, and the deadline for serving Plaintiffs' opening expert reports on August 12, 2024. Despite Plaintiffs' diligence in obtaining the requested data and the parties' joint efforts to move discovery forward, over 1,000 terabytes of Google and third-party data have been produced since the beginning of May with final productions still in process. This volume of data is both time-consuming for Google to collect and produce and time-consuming for MDL Plaintiffs and their experts to review and analyze thus necessitating additional time for expert reports.

No party would suffer prejudice from the extension, which Google does not oppose. The extension would impose no additional burden on any party. Further, the extension would have negligible impact on the cost of litigation because the necessary data analysis would still need to be performed by Plaintiffs' experts and because Plaintiffs, who bear expert costs in the first instance, have strong incentives to manage that analysis efficiently.

*Plaintiffs' Unopposed Proposed Schedule*

PTO-5 sets an expert discovery deadline of December 27, 2024. ECF No. 394 ¶¶ 5, 7. PTO-5 also provides interim expert discovery deadlines for service of expert reports and expert depositions. ECF No. 394 ¶ 7. Due dates for class certification and pre-motion summary judgment letters are keyed to the expert discovery deadline. The proposed 43-day extension would extend each of these deadlines by roughly 43 days. The current and proposed due dates are summarized in the chart below.

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| Plaintiffs' Opening Expert Reports | August 12, 2024 | September 24, 2024 |
| Defendants' Responsive Expert Reports | September 26, 2024 | November 8, 2024 |
| Plaintiffs' Rebuttal Expert Reports | November 11, 2024 | December 23, 2024 |
| Expert Discovery Cutoff | December 27, 2024 | February 7, 2025 |
| Pre-Motion Letter for Summary Judgment Motions | January 10, 2025 | February 21, 2025 |
| Class Certification Motion | January 27, 2025 | March 11, 2025 |
| Opposition to Class Certification | February 26, 2025 | April 9, 2025 |
| Class Certification Reply | March 18, 2025 | April 30, 2025 |

\*   \*   \*

---

produced over 1,300 terabytes of third-party data, including a 550-terabyte production on April 4, 2024, and a 683-terabyte production on May 17, 2024.

Hon. P. Kevin Castel
May 20, 2024
Page 3 of 3

      Accordingly, Plaintiffs respectively request that this Court grant this request for a 43-day expert discovery extension and enter the proposed Revised Case Management Plan and Scheduling Order set forth in Exhibit A.

      Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*/s/ Jordan Elias*
Jordan Elias
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
jelias@girardsharp.com

*/s/ Serina M. Vash*
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copies to:    All Counsel via ECF.