

CRAIG M. REISER
114 WEST 47TH STREET
NEW YORK, NY
212.728.2218
CREISER@AXINN.COM

May 28, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
      *Gannett Co., Inc. v. Google LLC, et al.*, No. 1:23-cv-05177 (PKC)
      *Associated Newspapers Ltd., et al. v. Google LLC, et al.*, No. 1:21-cv-03446 (PKC)

Dear Judge Castel:

On behalf of Defendants Google LLC and Alphabet Inc. (collectively, "Google"), we write to respectfully seek leave under Pre-Trial Order No. 5 (ECF No. 394) and Local Rule 33.3 to serve contention interrogatories related to allegations in: (i) the Amended Complaint of Gannett Co., Inc. ("Gannett") (No. 1:23-cv-05177 (PKC), ECF No. 50), and (ii) the Second Amended Complaint of Associated Newspapers Ltd. and Mail Media Inc. (together, "Daily Mail") (No. 21-cv-03446 (PKC), ECF No. 112). There is no conference scheduled at this time.

Under Local Rule 33.3(c), "at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise." Other than a single set of interrogatories that Google previously served in accordance with Pre-Trial Order No. 5, Your Honor has prohibited the parties from serving further interrogatories without first obtaining leave. *See* ECF No. 394 ¶ 6.2.

Now that fact discovery is set to close in approximately one month, and as contemplated by Local Rule 33.3(c), Google seeks Your Honor's permission to serve on each of Gannett and Daily Mail a set of interrogatories seeking the basis for allegations in their respective complaints, such as facts and evidence underlying those allegations, figures, and/or statistics alleged in the complaints—i.e., contention interrogatories similar to those the Publisher Plaintiffs were granted leave to propound and that Your Honor indicated Google would likely be permitted to serve. *See* Hr'g Tr. 25:13-16, ECF No. 806; *see also* ECF No. 779 (granting the Publisher Plaintiffs leave to serve contention interrogatories). These include interrogatories to understand Gannett's and Daily Mail's allegations regarding the proposed relevant markets, the use of various ad tech tools, and the basis for their claims that they suffered damages. It likewise includes Gannett's and Daily Mail's allegations as to whether Gannett's and Daily Mail's state law claims rely on the theories Your Honor dismissed under the federal antitrust laws—an issue on which Daily

May 28, 2024
Page 2

Mail has taken inconsistent and ambiguous positions over the course of several months.[1] The full proposed sets of contention interrogatories Google seeks to serve are in Exhibits A (for Gannett) and B (for Daily Mail) to this letter motion. In total, Google seeks to propound 13 interrogatories on Gannett and 11 interrogatories on Daily Mail:

**Daily Mail Interrogatories.**
- Consistent with this Court's statements at the May 21, 2024 hearing, Interrogatory Nos. 26-27 seek "explication [of] market definition" including "what market are you in, and who else is in that market." Hr'g Tr. 24:13-15, ECF No. 806.

- Given Daily Mail's inconsistent positions regarding whether the Search-related allegations this Court dismissed as to Daily Mail's federal claims underlie its state law claims, Interrogatory No. 28 asks Daily Mail to explain which of the theories the Court dismissed on March 1 underlie its state law claims. *See supra* note 1; *see also* Hr'g Tr. 21:16-22:7, ECF No. 806; *see also* ECF No. 766 at 3 (explaining Daily Mail's inconsistent positions).

- Interrogatory Nos. 29-31 and 34-36 ask Daily Mail to set forth the facts and evidence underlying specific allegations in Daily Mail's Second Amended Complaint.

- Interrogatory Nos. 32-33 request that Daily Mail set forth the facts and evidence required for Google to understand Daily Mail's causation and damages claims.[2]

**Gannett Interrogatories.**
- Interrogatory Nos. 26, 30-33, and 36-38 ask Gannett to set forth the facts and evidence underlying specific allegations in Gannett's Amended Complaint.

- Interrogatory Nos. 27-28 request that Gannett explain its proposed market definition, consistent with the similar Interrogatories to Daily Mail outlined above.

- Because Gannett and Daily Mail's complaints are substantially similar and the two plaintiffs are represented by the same counsel, Interrogatory No. 29 asks Gannett to identify which of the theories the Court dismissed on March 1 underlie its state law

---

[1] In making a document production on March 16, 2024, Daily Mail stated it was withholding documents it determined were relevant only to claims regarding Google Search that were dismissed by Your Honor. Despite repeated inquiries from Google since then, Daily Mail has refused to confirm it is no longer relying on Search in relation to its state law claims—and it only agreed to produce the withheld documents on May 17 to avoid motion practice. Moreover, contrary to its implicit representation in mid-March that Search is no longer relevant to its claims, Daily Mail submitted a proposed amended complaint that appears to contain Search-related allegations. *See* ECF No. 766 at 3 (explaining that Daily Mail's machinations on the Search-related documents have been prejudicial to Google).

[2] As originally shared with Daily Mail, Interrogatory No. 33 read: "Identify all facts or evidence You allege shows that You were harmed by Google's alleged conduct, and the extent to which You were harmed by the alleged conduct." To further clarify the scope of the interrogatories, it has now been revised to read: "Identify all facts or evidence You allege shows that You were harmed by Google's alleged conduct, the extent to which You were harmed by the alleged conduct, *and the countries in which You allege You were harmed by Google's alleged conduct*." (Emphasis added).

May 28, 2024
Page 3

claims.

- <u>Interrogatory Nos. 34-35</u> ask Gannett to set forth the facts and evidence required for Google to understand Gannett's causation and damages claims.[3]

These interrogatories comply with Local Rule 33.3(b), seeking information which Google has yet to uncover in discovery and that cannot be more efficiently achieved through depositions or requests for production. Indeed, the Court has recently granted the Publisher Plaintiffs' requests to serve similar contention interrogatories seeking contentions or identification of documents, including on topics similar to Google's proposed contention interrogatories such as the relevant markets. *See* ECF No. 779, 776, and 776-1.

In advance of making this application, Google sent its proposed interrogatories to counsel for Gannett and Daily Mail to confer regarding Gannett's and Daily Mail's willingness to respond to the above-referenced contention interrogatories. Ex. C (Gannett), D (Daily Mail). On May 24, the parties briefly discussed Google's proposed interrogatories during a meet-and-confer concerning other issues. During that discussion, counsel for Gannett and Daily Mail stated that they intended to respond with their clients' positions in writing. Earlier this afternoon, Gannett and Daily Mail informed Google that they do not consent to Google's proposed interrogatories, but would be willing to consider responding to 4 interrogatories each if—and only if—Google agrees to respond to 10 interrogatories to be served by Gannett and 10 interrogatories to be served by Daily Mail. *See* Ex. E (Gannett), F (Daily Mail).[4] Because Gannett and Daily Mail did not share these lists of proposed interrogatories until this afternoon, Google is still evaluating them, but they appear to be the kind of "du[el]ling interrogatories" that Your Honor warned the parties against at the May 21 hearing. *See* Hr'g Tr. 24:16-18, ECF No. 806. Gannett's and Daily Mail's discovery obligations do not and should not turn on what additional discovery Google is or is not willing to provide. *See Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, *3 (S.D.N.Y. Feb. 10, 2014) ("Each party's [discovery] obligation is independent."). Google's proposed interrogatories are limited in scope and focused on issues that Google has to this point been unable to develop through other discovery; accordingly, it should be permitted leave to serve them.

---

[3] As originally shared with Gannett, Interrogatory No. 35 read: "Identify all facts or evidence You allege shows that You were harmed by Google's alleged conduct, and the extent to which You were harmed by the alleged conduct." To further clarify the scope of the interrogatories, it has now been revised to read: "Identify all facts or evidence You allege shows that You were harmed by Google's alleged conduct, the extent to which You were harmed by the alleged conduct, *and the countries in which You allege You were harmed by Google's alleged conduct.*" (Emphasis added).

[4] The four interrogatories are Interrogatory Nos. 26-28 and 30 for Daily Mail, and Interrogatory Nos. 27-29 and 31 for Gannett. Gannett's and Daily Mail's arguments about Google having served more interrogatories on them underscores that Gannett's and Daily Mail's proposed interrogatories are an effort to extract tit-for-tat discovery. As a factual matter, moreover, those arguments do not account for the fact that Gannett and Daily Mail have substantially more discovery of Google than Google has of them—including by way of interrogatories this Court has (or will) grant leave for other MDL plaintiffs to serve. *See* ECF No. 779 (granting the Publisher Plaintiffs leave to serve contention interrogatories); Minute Entry (May 21, 2024) (granting in part Inform's motion to serve interrogatories and observing Google did not oppose Interrogatories Nos. 1-13 proposed by Advertiser Plaintiffs).

May 28, 2024
Page 4

      For the foregoing reasons, and in view of the imminent deadline to serve contention interrogatories, Google respectfully requests leave from the Court to serve the contention interrogatories attached hereto as Exhibits A and B. These interrogatories are the same as those Google proposed to counsel for Gannett and Daily Mail, except that Google made certain non-substantive edits and made the minor modifications identified in notes 2 and 3 above.

      Respectfully submitted,

/s/ Craig M. Reiser
Craig M. Reiser
Daniel Bitton
Denise L. Plunkett
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
creiser@axinn.com
dbitton@axinn.com
dplunkett@axinn.com
eyung@axinn.com
chaws@axinn.com

Bradley Justus (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 60103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants Google LLC and Alphabet, Inc.*

CC: All Counsel of Record (via ECF)