# EXHIBIT E

| | |
|---|---|
| **From:** | Maier, Eric J. |
| **To:** | Yung, Eva H. |
| **Cc:** | Boisvert, Caroline P.; Bird, Daniel G.; Davis, Tiberius T.; Henningson, Sven E. (Trip); Goodnow, Christopher C.; Thorne, John; Bitton, Daniel S.; Justus, Bradley; Boisvert, Caroline P.; Haws, Claire L.; Duffee, Nicholas D.M.; MURRAY, Sean; ZWEIFACH, Ben; BAYOUMI, Jeanette; BOSCO, Veronica; rob.mccallum@freshfields.com; Justina.Sessions@freshfields.com |
| **Subject:** | RE: In re: Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC) (S.D.N.Y.) - Contention Interrogatories to Gannett |
| **Date:** | Tuesday, May 28, 2024 12:55:57 PM |
| **Attachments:** | image001.png |
| | 2024 05 28 Gannett Interrogatories.pdf |

**Caution: External Email**

Eva,

Thank you for sharing your draft interrogatories.

Google already has served, and Gannett already has responded to 30 interrogatories, five more than are permitted under the Federal Rules or the Court's orders in this case.  The numbering of your proposed interrogatories is misleading, as it omits the five additional interrogatories Google served and to which Gannett responded that Google labeled "Local Rule 33.3(a) Interrogatories."  As we have elsewhere explained, the fact that those interrogatories sought information described in local rule 33.3(a) does not mean they are not subject to the limits on interrogatories in the Federal Rules and this Court's orders.  Gannett also has undertaken the significant burden of responding to Google's numerous requests to supplement those interrogatory responses.  Google now seeks to require Gannett to respond to 13 additional interrogatories, for a total of 43 interrogatories in this case.

Google's 13 newly proposed interrogatories are incredibly overbroad and unduly burdensome.  The majority seek, either explicitly or implicitly, identification of "all facts or evidence" supporting certain allegations.  Those interrogatories are improper.  *See, e.g.*, *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact—rather than, for example, certain principal or material facts, pieces of evidence, witnesses and legal applications—supporting the identified allegations, are overly broad and unduly burdensome.").  The interrogatories also fail to heed Judge Castel's recent instruction that contention interrogatories are proper only for "things that can't be obtained, unless there's an interrogatory."  5/21/24 Tr. at 24:19-20.  To take just one example, Google seeks "the facts and evidence on which" Gannett bases its allegation that "header bidding [is] a more favorable environment for publishers and rival exchanges."  *See* Proposed Interrogatory No. 36.  Gannett already has agreed to designate a witness to testify regarding "[t]he advantages and disadvantages of implementing Header Bidding."  *See* Ltr. from E. Maier to E. Yung, App'x A at 2 (May 27, 2024).  In light of that agreement, Google's interrogatory seeking the same information is unnecessary.

In order to avoid raising this dispute with the Court, Gannett is willing to agree to respond to four of Google's proposed interrogatories, if, and only if Google will agree to respond to the attached

proposed interrogatories from Gannett.  Specifically, Gannett will agree to respond to what Google calls Interrogatories 27-29 and 31, if Google will respond to Gannett's proposed interrogatories.  This proposal is more than reasonable.  With this compromise, Gannett will have responded to 34 interrogatories.  Thus far, Google has responded or objected to only 20 interrogatories in this case. If Google agrees to Gannett's offer, it will respond to 30 total interrogatories in this case, still four fewer than Gannett.  We are willing to meet and confer if that would be helpful.  Given the impending deadline, we are willing to meet and confer this afternoon or tomorrow morning.


All the best,


Eric


**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Thursday, May 23, 2024 6:03 PM
**To:** Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Maier, Eric J. <emaier@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>
**Cc:** Boisvert, Caroline P. <cboisvert@axinn.com>; Bitton, Daniel S. <dbitton@axinn.com>; Justus, Bradley <bjustus@axinn.com>; Boisvert, Caroline P. <cboisvert@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Yung, Eva H. <eyung@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BAYOUMI, Jeanette <Jeanette.Bayoumi@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; rob.mccallum@freshfields.com; Justina.Sessions@freshfields.com
**Subject:** [EXTERNAL] In re: Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC) (S.D.N.Y.) - Contention Interrogatories to Gannett


Counsel,

Google is preparing to serve the attached draft contention interrogatories on Gannett under Local Rule 33.3(c). In accordance with the Court's instruction from the May 21, 2024 Case Management Conference that parties should meet and confer on interrogatories prior to serving, please provide your availability for a meet-and-confer ideally tomorrow, but in all events by noon on Tuesday, May 28.  We will otherwise plan to file a motion seeking leave from the Court to serve on the evening of May 28.

Yours,

Eva

**Eva H. Yung**
*Associate*



Axinn, Veltrop & Harkrider LLP
114 West 47th Street
New York, New York 10036
Office 212.728.2235
Fax 212.728.2201
eyung@axinn.com
**Axinn.com**

********************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
********************************************************************

## Draft Gannett Interrogatories

**Interrogatory No. 1**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that the relief sought by Gannett would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

**Interrogatory No. 2**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, because the Gannett's alleged relevant markets are not legally cognizable relevant product or geographic markets.

**Interrogatory No. 3**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Google's conduct alleged by Gannett in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

**Interrogatory No. 4**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the applicable statutes of limitations
and/or by the doctrine of laches.

**Interrogatory No. 5**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the doctrine of waiver.

**Interrogatory No. 6**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Interrogatory No. 7**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that, to the extent Gannett seeks relief on behalf of parties other than natural persons who are direct purchasers, Gannett's claims are barred in whole or in part because Gannett lacks standing to do so.

**<u>Interrogatory No. 8</u>**

Identify the relevant market or market(s) in which you contend each of Your Ad Tech Products compete, including their respective successor or predecessor products.  Please provide Your approximate market shares, the respective market shares of Your competitors, and any changes to those shares over time.

**<u>Interrogatory No. 9</u>**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

**<u>Interrogatory No. 10</u>**

Identify all publishers that Google determined or believed lost revenue or otherwise would be disadvantaged by each form of Bernanke (e.g. Bernanke, Global Bernanke, Bell, Bell v.2, and Alchemist) or who contributed more to a Bernanke pool than they received in distributions.  *See*, *e.g.*, GOOG-AT-MDL-019669400, -403 (identifying a "winner/loser list . . . shared with AdX"). For each identified publisher, state the amount by which contributions to a Bernanke pool exceeded distributions to that publisher and the amount by which each publisher was disadvantaged by each form of Bernanke.