**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 29, 2024

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
               [rel. No. 1:21-cv-3446; No. 1:23-cv-5177]

Dear Judge Castel:

      Plaintiffs Associated Newspapers, Ltd., Mail Media, Inc. (together, "Daily Mail"), and Gannett Co., Inc. write in opposition to Google's request to serve Daily Mail and Gannett with additional interrogatories. Dkt. No. 807. The Court should deny that request in full. There is no conference scheduled at this time.

      Although Google's letter to the Court does not mention it, Google already has exceeded the 25-interrogatory limit provided by Federal Rule 33; it has served both Daily Mail and Gannett with, and received responses to, 30 interrogatories each. Google has not even mentioned – much less made – the "particularized showing" required in this District to further exceed the 25-interrogatory limit. Nor could it; Google's interrogatories fail to heed Local Rule 33.3(b)'s requirement and this Court's guidance that interrogatories should be used only when the information sought cannot be obtained through other forms of discovery. Google's proposed interrogatories are overbroad and unduly burdensome, purporting to require Daily Mail and Gannett to identify "all evidence" supporting certain allegations. Google's request should be denied.

      In the alternative, the Court should at most grant Google leave to serve only the four interrogatories it proposes that even arguably comply with the Local Rules and this Court's recent rulings.

**I.      The Court Should Deny Google's Request To Serve Daily Mail and Gannett with an Additional 11 and 13 Interrogatories, Respectively**

      The Court should deny Google's request to serve two dozen interrogatories in excess of the limits provided by the Federal Rules and this Court's orders. Federal Rule 33 limits parties

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
May 29, 2024
Page 2

to "no more than 25 written interrogatories, including all discrete subparts" absent a stipulation or court order. Fed. R. Civ. P. 33(a)(1). In this District, Local Rule 33.3 prescribes the sequence and topics of interrogatories served under Rule 33. *See Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 1642381, at *4 (S.D.N.Y. Apr. 26, 2011) (explaining that Local Rule 33.3 "establishes a sequence for discovery and establishes a presumptive preference for certain discovery tools"). For instance, at the outset of discovery, Local Rule 33.3(a) limits interrogatories to seeking basic information like the location of relevant documents or the identity of relevant witnesses. In Pre-Trial Order No. 5 ("PTO 5"), the Court permitted Google to seek information outside the confines of Local Rule 33.3(a) without a further order, but required Google to remain within the 25-interrogatory limit set by Federal Rule 33. *See* PTO 5 ¶ 6.2 (barring interrogatories "except in compliance with Local Rule 33.3(a) without first obtaining leave of Court, except as follows: defendants may serve one set of interrogatories *not to exceed 25 questions*" (emphasis added)), Dkt. No. 394.

Google already has exceeded the 25-interrogatory limit provided by Federal Rule 33 and reiterated in PTO 5. On January 27, 2023, Google served Daily Mail with 30 Interrogatories. *See* Ex. 1 (Jan. 27, 2023 interrogatories to Daily Mail). Google took the position that, contrary to the plain text of the Federal Rules and PTO 5, the Court had permitted Google to exceed the 25-interrogatory limit.[1] Daily Mail objected, but in order to avoid burdening the Court with a dispute, agreed to respond to all 30 of Google's interrogatories. Likewise, on August 23, 2023, Google served Gannett with 30 interrogatories, and despite Gannett's objection, it also agreed to respond to all of them. *See* Ex. 2 (Aug. 23, 2023 Interrogatories to Gannett). Both sets of interrogatories were exceedingly broad, seeking, for example, identification of every single "Direct Transaction" Daily Mail and Gannett "have sold to fill ad space on [their] websites" over the course of more than a decade, and further seeking identification of "communications with Google upon which" Daily Mail and Gannett "rely for any of" their claims. Ex. 2 at 14. Daily Mail and Gannett each responded to all 30 interrogatories and complied with Google's numerous requests to supplement those responses. Daily Mail's and Gannett's responses to those interrogatories, including their identification of documents responsive to those questions pursuant to Federal Rule 33(d), span hundreds of pages each.

Google now seeks more. After close of business on May 23 (the Thursday preceding a holiday weekend) Google notified Daily Mail and Gannett that it intended to serve 11 and 13 additional interrogatories, respectively. The following day, at separate meet and confers to

---

[1] Google divided the 30 interrogatories into two groups, one labeled simply "Interrogatories" and the other labeled "Local Rule 33.3(a) Interrogatories." As Daily Mail explained at the time, Local Rule 33.3 does not alter the 25-interrogatory limit, but concerns only the content and sequencing of the interrogatories authorized by Federal Rule 33. For this reason, the numbering of Google's proposed interrogatories (Dkt. Nos. 807-1 and 807-2) is misleading – they omit from their count the five so-called "Local Rule 33.3(a) Interrogatories" Google served on Daily Mail and Gannett and to which Daily Mail and Gannett already responded.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
May 29, 2024
Page 3

discuss other issues, Daily Mail and Gannett explained that they were still evaluating Google's interrogatories with their clients, but indicated that it was improper for Google to seek to require them to respond to 41 and 43 interrogatories, respectively. Daily Mail and Gannett nevertheless stated that they may be willing to compromise: they would answer certain of Google's interrogatories if Google were willing to agree to a mutual exchange by answering interrogatories served by Daily Mail and Gannett. The following business day, on May 28, Daily Mail and Gannett each proposed that mutual exchange. Specifically, Daily Mail and Gannett stated that they would agree to answer four of Google's interrogatories (bringing their totals to 34 interrogatory responses each) if Google would agree to answer ten case-specific interrogatories each from Daily Mail and Gannett.[2] Prior to that proposal, neither Daily Mail nor Gannett had sought any case-specific interrogatories. Daily Mail and Gannett offered to meet and confer regarding their proposals, but Google declined to do so, declared impasse, and 19 minutes later filed the instant letter motion.

Having already exceeded the 25-interrogatory limit, Google must make "a 'particularized showing' articulating the necessity of propounding further interrogatories." *Yong Biao Ji v. Aily Foot Relax Station Inc.*, 2021 WL 1930362, at *5 (S.D.N.Y. May 12, 2021); *see also Gonzalez v. United States*, 2023 WL 3455059, *4-5 (E.D.N.Y. May 15, 2023) ("The party seeking leave to serve more than 25 interrogatories 'must set forth a 'particularized showing' to exceed the limit." (citation omitted)). To require Daily Mail and Gannett to answer yet more interrogatories in excess of the limit, Google must "demonstrat[e] that the information could not be sought elsewhere" and that "the benefits of" its proposed interrogatories "would outweigh any burden" on Daily Mail and Gannett. *Gonzalez*, 2023 WL 3455059 at *4. Likewise, this Court last week cautioned that contention interrogatories are proper only for "things that can't be obtained, unless there's an interrogatory." Tr. at 24:19-20 (May 21, 2024); *see also* Local Rule 33.3(b)(1) (prohibiting interrogatories unless they are a "more practical method of obtaining the information sought than a request for production or a deposition").

Google's letter does not even mention the applicable standard for exceeding the interrogatory limit, let alone meet it. Instead, Google's letter merely describes the content of its proposed interrogatories and asserts (at 3) that the interrogatories seek discovery that "cannot be more efficiently achieved through depositions or requests for production." Google does not say why other discovery mechanisms are insufficient. And for good reason – the information Google seeks could just as easily be obtained through deposition testimony. To take one example, Google seeks "the facts and evidence on which" Daily Mail and Gannett base their allegations that "header bidding [is] a more favorable environment for publishers and rival

---

[2] Google derides (at 3 n.4) this offer as "tit-for-tat discovery." Daily Mail's and Gannett's offer to allow Google to exceed the interrogatory limit yet again, in exchange for permitting Daily Mail and Gannett to serve their first and only sets of case-specific interrogatories, was an attempt at compromise, not gamesmanship. Last week, the Court encouraged the parties to reach negotiated resolutions to disputes regarding interrogatories. *See* Tr. 24:19-20 (May 21, 2024).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
May 29, 2024
Page 4

exchanges." *See* Proposed Daily Mail Interrogatory No. 34; Proposed Gannett Interrogatory No. 36. Both Daily Mail and Gannett already have agreed to designate a corporate witness to testify regarding "[t]he advantages and disadvantages of implementing Header Bidding." *See* Ex. 3, App'x A at 2 (Ltr. from E. Maier to E. Yung (May 24, 2024)); Ex. 4, App'x A at 2 (Ltr. from E. Maier to E. Yung (May 27, 2024)). Likewise Google seeks the facts and evidence supporting Gannett's allegation that Google's DSP is the "primary source of low-quality advertising" and "improper (or even malicious) advertisements." Proposed Gannett Interrogatory No. 33. But Gannett has agreed to designate a corporate witness to testify regarding "Gannett's general experience with spam, fraud, malware, domain spoofing, and inappropriate ads." Ex. 4, App'x A at 3. Because Google has failed to make any showing regarding the necessity of its proposed interrogatories, much less a "particularized showing," the Court should deny Google's request.

Even if Google had met its burden of making a particularized demonstration that its proposed interrogatories are necessary – it has not – the Court should deny Google leave to serve them because they are overbroad and unduly burdensome. The majority seek, either explicitly or implicitly, identification of "all facts or evidence" supporting certain allegations. Those interrogatories are improper. The "primary purpose of contention interrogatories . . . is to narrow the issues for trial." *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012). Interrogatories seeking every fact and every piece of evidence to support a party's contention "are not likely to narrow the issues, and will almost inevitably produce . . . a mass of data that contains incidental, secondary, and perhaps irrelevant and trivial details." *Id.* (internal citations and quotation marks omitted). For that reason, courts in this Circuit "generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and every piece of evidence a party may wish to offer concerning a given issue at trial." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 6290584, at *3 (S.D.N.Y. Oct. 27, 2020) (citation omitted); *see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact—rather than, for example, certain principal or material facts, pieces of evidence, witnesses and legal applications—supporting the identified allegations, are overly broad and unduly burdensome."). Given that both Daily Mail and Gannett have already undertaken the burden of responding to 30 interrogatories, each, the enormous burden associated with identifying each and every fact and piece of evidence supportive of various allegations is not proportional to the needs of this case, and will not narrow the issues for trial. Nor should Daily Mail and Gannett be required to undertake that burdensome exercise in the final month of discovery, when both sides are taking and defending multiple depositions. The Court should deny Google's request to serve impermissibly broad and burdensome interrogatories with only one month remaining for fact discovery.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
May 29, 2024
Page 5

## II. Alternatively, the Court Should Grant Google Leave To Serve only Four Interrogatories

Because both Daily Mail and Gannett already have responded to 30 interrogatories each, permitting Google to serve 11 and 13 additional interrogatories is improper, especially in light of Google's failure to make any showing that the additional interrogatories are warranted. But if the Court is not inclined to deny Google's request in full, it should limit Google to the four proposed interrogatories that even arguably comply with the Court's guidance that interrogatories be limited to seeking information that "can't be obtained, unless there's an interrogatory." Tr. at 24:19-20 (May 21, 2024). Those interrogatories are Google's interrogatories seeking Daily Mail's and Gannett's contentions regarding the relevant markets in this case, Proposed Daily Mail Interrogatory Nos. 26-27; Proposed Gannett Interrogatory Nos. 27-28, regarding how the Court's rulings on certain federal antitrust claims impact Daily Mail's and Gannett's state law deceptive practices and fraud claims, Proposed Daily Mail Interrogatory No. 28; Proposed Gannett Interrogatory No. 29, and regarding certain provisions in Google's contracts with Daily Mail and Gannett, Proposed Daily Mail Interrogatory No. 30; Proposed Gannett Interrogatory No. 31.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
May 29, 2024
Page 6

                                        Respectfully submitted,

                                        /s/ *John Thorne*
                                        John Thorne
                                        Daniel G. Bird
                                        Bethan R. Jones
                                        Christopher C. Goodnow
                                        Mark P. Hirschboeck
                                        Eliana Margo Pfeffer
                                        Eric J. Maier
                                        Sven E. Henningson
                                        Tiberius T. Davis
                                        KELLOGG, HANSEN, TODD, FIGEL
                                          & FREDERICK, P.L.L.C.
                                        1615 M Street NW, Suite 400
                                        Washington, DC 20036
                                        Tel.:  (202) 326-7900
                                        Fax:  (202) 326-7999
                                        Email:  jthorne@kellogghansen.com
                                                     dbird@kellogghansen.com
                                                     bjones@kellogghansen.com
                                                     cgoodnow@kellogghansen.com
                                                     mhirschboeck@kellogghansen.com
                                                     epfeffer@kellogghansen.com
                                                     emaier@kellogghansen.com
                                                     shenningson@kellogghansen.com
                                                     tdavis@kellogghansen.com

                                        *Counsel for Associated Newspapers, Ltd., Mail Media, Inc., and Gannett Co., Inc.*

cc:   All Counsel of Record via ECF