KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 29, 2024

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC) [rel. No. 1:21-cv-3446; No. 1:23-cv-5177]

Dear Judge Castel:

      Plaintiffs Associated Newspapers, Ltd., Mail Media, Inc. (together, "Daily Mail"), and Gannett Co., Inc. write to request leave to serve on Google the proposed interrogatories attached as Exhibit 1 and 2 to this letter. There is no conference scheduled at this time.

      In light of this Court's guidance at the May 21 hearing, Daily Mail and Gannett proposed their first and only set of ten, targeted case-specific interrogatories for Google's consideration on May 28. Daily Mail and Gannett did so in the context of meeting and conferring regarding Google's request to serve additional interrogatories (which would increase Google's total interrogatories served to 41 and 43 interrogatories for Daily Mail and Gannett, respectively). In reply, Google characterized Daily Mail and Gannett's request as "tit-for-tat discovery" and otherwise ignored Daily Mail's and Gannett's request to serve case-specific interrogatories. *See*, *e.g.*, Exs. 3 (Email from E. Yung to E. Maier (May 28, 2024)), 4 (Email from E. Yung to E. Maier (May 28, 2024)). Google recently indicated to the Court that it will oppose Daily Mail's and Gannett's proposed interrogatories. *See* Dkt. No. 807 at 3. Given Google's failure to engage constructively and the "imminent deadline [for] serving contention interrogatories," *see id.*, this Court should permit Daily Mail and Gannett to serve the ten targeted, case-specific interrogatories on Google. *See* Exs. 1 (Daily Mail), 2 (Gannett).

      The interrogatories proposed by Daily Mail and Gannett seek discovery on certain of Google's affirmative defenses and other important aspects of the case that are more efficiently addressed through interrogatories than other forms of discovery. These interrogatories fall into two categories. Interrogatory Nos. 1-7 and 9 seek the basis of a number of Google's affirmative defenses raised in its operative Answers to Daily Mail's and Gannett's Complaints. *See* Dkt. No. 737 (Answer to Gannett's Complaint); Dkt. No. 738 (Answer to Daily Mail's Complaint).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
May 29, 2024
Page 2

Interrogatory Nos. 8 and 10 seek the primary factual and legal bases for Google's contention regarding the definition of the markets in which its ad tech products compete and its share of and power in those markets. Both categories of interrogatories were explicitly endorsed by this Court during the May 21 hearing. *See* Hearing Tr. 11:9-10 (May 21, 2024) ("I would allow [the interrogatory] as to at least stating the legal and factual basis of the affirmative defense"); *id.* At 24:13-14 ("It's fair to require certain explication and that's true even with market definition").

      Daily Mail's and Gannett's proposed interrogatories are necessary for several reasons. *First*, fundamental fairness requires that Google identify the factual basis of its affirmative defenses that it has pleaded, without specificity, in its Answers. In response to both Daily Mail's and Gannett's complaints, Google asserted seventeen affirmative defenses. For all but one of these affirmative defenses, Google offered *no* factual support. *See* Dkt. No. 737 at 49-51; Dkt. No. 738 at 46-48. Google's bare-bones approach to its affirmative defenses prevents meaningful discovery and "fundamental fairness dictates, at a minimum, that [Google] be required to flesh out the contentions associated with [its] affirmative defense[s] in sufficient detail to allow [Daily Mail and Gannett] to conduct meaningful discovery concerning [them]." *Cornell Rsch. Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 67 (N.D.N.Y. 2003), *modified*, 2005 WL 5955715 (N.D.N.Y. Oct. 11, 2005).

      *Second*, interrogatory responses are the most efficient way of obtaining the information sought through Interrogatories Nos. 8 and 10. Interrogatory No. 8 is directed at what Google believes is "the relevant market or market(s)" in which Google contends its advertising technology products compete, along with their "approximate market shares, the respective market shares of [Google's] competitors, and any changes to those shares over time." Google asserts, without basis, that Daily Mail and Gannett have "fail[ed] to allege any legally cognizable relevant product or geographic market." Dkt. No. 737 at 49; Dkt. No. 738 at 46. Google should identify the markets in which its products belong. Interrogatory No. 10 similarly seeks the support to specific statements in Google's answer. Daily Mail's complaint alleges:

> In May 2015, Google launched "Global Bernanke." Google no longer restricted the Bernanke pool to a single publisher. Rather, as the name suggests, Global Bernanke skimmed revenue from *all* publishers' auctions and placed it into a "Global" pool to boost Google bids worldwide. Global Bernanke also permitted Google to rig third-price auctions based on the results of header bidding or temporary CPMs from direct deals.

Dkt. No. 400 ¶ 135. In response, Google has denied that publishers lost revenue or were otherwise disadvantaged by different forms of Bernanke: "As to the first sentence of Paragraph 135, Google admits that Global Bernanke was launched in 2015. Google denies the allegations in Paragraph 135 in all other respects." Dkt. No. 738 ¶ 135. Google's own documents, though,

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
May 29, 2024
Page 3

demonstrate that denial is implausible. *See* GOOG-AT-MDL-019669400, -403.[1]  Google should provide the basis for its statements that contradict its own documents.

*Third*, the interrogatories proposed by Daily Mail and Gannett are identical to, or similar in kind to, the interrogatories this Court has already permitted other plaintiffs to serve on Google in accordance with Pre-Trial Order No. 5.  The Court granted the Publisher Class's and Inform's motions to serve multiple interrogatories requiring Google to "identify by document identification number all documents [Google] contends[s] support" or "the legal and factual basis" for certain affirmative defenses.[2]  The Court also granted plaintiff-specific interrogatories regarding market definition.[3]  The same result should obtain here.

*Finally*, each of the interrogatories proposed by Daily Mail and Gannett complies with the guidance the Court provided at the May 21 hearing.  Although this Court expressed skepticism regarding the usefulness of contention interrogatories, generally, it acknowledged that certain categories were appropriate.  Among these categories were those "stating the legal and factual basis of [an] affirmative defense" and others seeking "certain explication" including pertaining to "market definition." Hearing Tr. 11:9-10; 24:13-14 (May 21, 2024).  Daily Mail and Gannett's interrogatories are directed at these categories and narrowly tailored to uncover evidence on issues for which Daily Mail and Gannett are "in the dark and [ ] entitled to know" Google's positions.  *See id.* at 24:21-23 (clarifying "that's going to be the kind of interrogatory that I'm likely to allow").

Daily Mail's and Gannett's proposed interrogatories constitute the first and only set of case-specific interrogatories they have sought.  The Discovery Steering Committee has thus far served only 20 interrogatories.  To the extent Daily Mail's and Gannett's proposed interrogatories exceed by five the 25-interrogatory limit in Federal Rule 33, Daily Mail and

---

[1] Google has marked this document Highly Confidential.  If it would aid the Court, Daily Mail and Gannett can provide a copy to chambers.

[2] *See* Dkt. No. 778 (granting service of eight publisher class-specific interrogatories); Dkt. No. 776-1 (including multiple interrogatories seeking identification "by document identification number" either "all documents" or "all contracts" that Google contends support certain defenses); 5/21/24 Hearing Tr. 11:8-23 (granting Inform leave to seek the "legal and factual basis" of numerous Google defenses).

[3] *See* Dkt. No. 778; (granting publisher class interrogatories); Dkt. No. 776-1 at 7 ("Identify the relevant market or market(s) in which you contend each of Your Ad Tech Products compete, including, the products marketed as DoubleClick for Publishers ('DFP'), AdX, Google Ad Manager ('GAM'), AdSense, AdMob, Google Display Network ('GDN'), Google Search Network, Google Ads, Display & Video 360 ('DV360') or their respective successor or predecessor products"); Hearing Tr. 10:18-20; 11:8-23 (May 21, 2024) (granting Inform leave to seek Google's contentions regarding market definition).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
May 29, 2024
Page 4

Gannett have above made the "particularized showing" that these additional interrogatories are necessary. *Gonzalez v. United States*, 2023 WL 3455059, at *4 (S.D.N.Y. May 15, 2023) (explaining that the "particularized showing" standard is met when a party "demonstrat[es] that the information could not be sought elsewhere"). Moreover, in light of the fact that Google has yet to disclose the factual basis for any of the affirmative defenses targeted by Daily Mail's and Gannett's interrogatories, the "benefits of the interrogatories would outweigh any burden [on Google]." *Id.* The Court should grant Daily Mail and Gannett leave to serve their proposed case-specific interrogatories.

Respectfully submitted,

/s/ *John Thorne*
John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
Sven E. Henningson
Tiberius T. Davis
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
            dbird@kellogghansen.com
            bjones@kellogghansen.com
            cgoodnow@kellogghansen.com
            mhirschboeck@kellogghansen.com
            epfeffer@kellogghansen.com
            emaier@kellogghansen.com
            shenningson@kellogghansen.com
            tdavis@kellogghansen.com

*Counsel for Associated Newspapers, Ltd., Mail Media, Inc., and Gannett Co., Inc.*

cc:   All Counsel of Record via ECF