UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) |
| *This Document Relates To:* | |
| GANNETT CO., INC.<br><br>*Plaintiff*,<br><br>-against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>*Defendants*. | Case No. 1:23-cv-5177 (PKC) |

**GANNETT'S FIRST SET OF INTERROGATORIES
TO DEFENDANTS GOOGLE LLC AND ALPHABET INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 of the United States District Court for the Southern District of New York, Plaintiff Gannett Co., Inc. ("Gannett") in the above-captioned matter submits this First Set of Interrogatories to Defendants Google LLC and Alphabet Inc. (collectively, "Defendants").

In accordance with the definitions and instructions set forth below, Defendants are directed to give written answers to these Interrogatories. Defendants' responses to these Interrogatories must be served on the undersigned counsel for Gannett within thirty (30) days of service of these Interrogatories.

1

**INSTRUCTIONS AND DEFINITIONS**

1. Each paragraph should herein be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

2. Information requested in these Interrogatories shall include information within the knowledge or possession of any of Your agents, employees, attorneys, investigators or any other Persons, firms or entities directly or indirectly subject to Your control in any way whatsoever.

3. Each Interrogatory shall be answered in its entirety. If any Interrogatory or subsection thereof cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

4. If there is a claim of privilege as to any Communication concerning information requested by these Interrogatories, specify the privilege claimed, the Communication or answer to which that claim is made, the topic discussed in the Communication and the basis upon which the claim is asserted.

5. These Interrogatories are continuing in nature and require supplemental or additional responses in accordance with Rule 33 of the Federal Rules of Civil Procedure.

6. Separate and complete responses (or, as the case may be, separate objections) are required for each Interrogatory or subpart thereof.

7. Unless otherwise instructed or clear from the context of the Interrogatory, these Interrogatories seek responsive information concerning the period from January 1, 2010 to Present. Gannett reserves the right to expand the time frame of these and any future Interrogatories should the Court in this Action determine that the relevant time period for discovery exceeds the scope set forth herein.

8. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 26.3 of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York ("Local Rules") – including, but not limited to, the definitions of "Concerning," "Documents," "Identify," "Person" – are hereby incorporated and apply to these Interrogatories. These definitions apply throughout these Interrogatories without regard to capitalization. Gannett reserves the right to deliver and serve additional Interrogatories. In addition, as used in these Interrogatories, the words set forth below shall be defined as follows:

    a.    "Ad Tech Products" shall mean any and all systems, platforms, and software, including predecessors and successors, used in the process of identifying, selecting, transmitting, and/or rendering Digital Advertising on a desktop or mobile device, as well as all systems and software, including predecessors and successors, that implement and/or effectuate an Ad Auction, including receiving, processing, and transmitting bid requests, bid responses, or related messages. The term includes publisher ad servers, advertiser ad servers, SSPs, DSPs, demand-side products, ad exchanges, and ad networks, and specifically includes Your products: Your publisher ad server (formerly called "DoubleClick for Publishers" or "DFP"); Your ad exchange (formerly called "DoubleClick Ad Exchange" or "AdX"), Google Ads (formerly called "Google AdWords" or "AdWords"), Display & Video 360 (DV360), DoubleClick Bid Manager (DBM) (also known as "Google Bid Manager"), Campaign Manager, DoubleClick Campaign Manager (DCM), Google Display Network (GDN), Google Ad Manager (GAM), DoubleClick for Publishers (DFP), Google AdSense (also known as "AdSense for Content" and "AFC"), DoubleClick for Advertisers (DFA), Google Analytics, Google AdMob, Search Ads 360 (SA360), Google Search Network, and any other

product or service, however named, that You provide, have provided, or will provide for the sale or intermediation of digital advertising, including all predecessors and successors of such Ad Tech Products.

b.  "You," "Your," "Alphabet," or "Google" shall mean Defendants Google LLC and Alphabet Inc. and their past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures.  The terms subsidiary, affiliate, and joint venture refer to any firm in which there is total or partial ownership of twenty-five percent or more or total or partial control between the company and any other person or entity.

9. To bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, or neuter pronoun does not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any and all; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense and vice versa; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in these Interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that the relief sought by Gannett would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

**INTERROGATORY NO. 2:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, because the Gannett's alleged relevant markets are not legally cognizable relevant product or geographic markets.

**INTERROGATORY NO. 3:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Google's conduct alleged by Gannett in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

**INTERROGATORY NO. 4:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

**INTERROGATORY NO. 5:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the doctrine of waiver.

**INTERROGATORY NO. 6:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the doctrine of unclean hands.

**INTERROGATORY NO. 7:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that, to the extent Gannett seeks relief on behalf of parties other than natural persons who are direct purchasers, Gannett's claims are barred in whole or in part because Gannett lacks standing to do so.

**INTERROGATORY NO. 8:**

Identify the relevant market or market(s) in which you contend each of Your Ad Tech Products compete, including their respective successor or predecessor products.  Please provide Your approximate market shares, the respective market shares of Your competitors, and any changes to those shares over time.

**INTERROGATORY NO. 9:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

**INTERROGATORY NO. 10:**

Identify all publishers that Google determined or believed lost revenue or otherwise would be disadvantaged by each form of Bernanke (e.g., Bernanke, Global Bernanke, Bell, Bell v.2, and Alchemist) or who contributed more to a Bernanke pool than they received in distributions.  *See, e.g.*, GOOG-AT-MDL-019669400, -403.  For each identified publisher, state

the amount by which contributions to a Bernanke pool exceeded distributions to that publisher and the amount by which each publisher was disadvantaged by each form of Bernanke.

Dated: May 29, 2024        /s/ *John Thorne*
John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
Sven E. Henningson
Tiberius T. Davis
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
           dbird@kellogghansen.com
           bjones@kellogghansen.com
           cgoodnow@kellogghansen.com
           mhirschboeck@kellogghansen.com
           epfeffer@kellogghansen.com
           emaier@kellogghansen.com
           shenningson@kellogghansen.com
           tdavis@kellogghansen.com

*Counsel for Gannett Co., Inc.*