KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

June 4, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

    I represent Plaintiffs Associated Newspapers Limited and Mail Media Inc. (together, "Daily Mail") and Gannett Co, Inc., and I write in response to Google's motion to take seven additional depositions beyond those permitted by Pre-Trial Order No. 5. *See* Dkt. No. 810. There is no conference scheduled at this time.

    **Daily Mail**

    Daily Mail takes no position on Google's request to attempt to secure the "voluntary participation" in a deposition by the "Daily Mail Witness" (Martin Clarke) referenced in its Letter Motion. Dkt. No. 810 at 4. As Daily Mail explained to Google both in its meet and confers and in correspondence, Mr. Clarke left Daily Mail two and a half years ago and is no longer in the company's control.

    Any extension of the fact discovery period for the purpose of taking Mr. Clarke's deposition is unwarranted. Google states (at 5) that it does not "wish to delay discovery," but it filed its motion for seven additional depositions 30 days before the close of fact discovery. As of this filing, only 24 days remain for fact discovery and the parties are slated to take and defend 27 depositions over those three and half weeks. Google has not justified its delay in proposing to depose Mr. Clarke. Google has taken the position for months that Mr. Clarke possesses unique, relevant knowledge. Google proposed Mr. Clarke as a document custodian in November 2023, and moved to compel his addition as a custodian on March 11, 2024. As of March 15, 2024, Google possessed over 1,000 custodial documents from Mr. Clarke. When the Court ordered

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. P. Kevin Castel
June 4, 2024
Page 2

Daily Mail to add Mr. Clarke as a document custodian on March 21, 2024, it recognized "[t]he likelihood" that Mr. Clarke possesses "a significant quantity of non-duplicative materials . . . [was] low." Dkt. No. 729 at 1-2. Daily Mail diligently collected, reviewed and produced Mr. Clarke's documents following that order.[1] The Court was correct – Daily Mail's diligent search and review did not result in the production of a significant quantity of non-duplicative information. Because Google has long known of its interest in Mr. Clarke and has long been in possession of many of his documents, Google could have moved for leave to take his deposition many months ago. Any request to take Mr. Clarke's deposition after the June 28, 2024, fact discovery cutoff would be unjustified.[2]

### Gannett

Google also seeks to depose three former Gannett employees whom Gannett does not control in addition to Google's already noticed 30(b)(6) deposition and two depositions of current Gannett employees. Google's request for three additional Gannett depositions is impractical in the remainder of the fact discovery period, particularly given each witness's existing commitments. Google informed Gannett of its intent to move for leave to notice these three additional depositions on May 23. But Google has known about each of these potential deponents for months. All three of Google's proposed additional deponents were on Google's list of proposed custodians on October 26, 2023. Google has provided no justification for its substantial delay in seeking these three additional depositions.

Despite Google's assertion (at 2) that it has "recently received voluminous productions," Google's letter motion demonstrates that the timing of Gannett's document productions does not justify Google's belated request. Google has for months possessed all but one of the produced documents it cites to support its request to depose the three former Gannett employees.[3] Google

---

[1] By contrast, although the Court ordered Google to produce documents from numerous additional custodians on November 2, 2023, Google still has not completed those productions. And despite numerous requests from plaintiffs, Google has not identified a date by which it will do so.

[2] Daily Mail takes Google at its word (at 5) that it does not intend to begin the Hague Convention procedures to secure Mr. Clarke's involuntary participation in a deposition. For the avoidance of doubt, Daily Mail would oppose commencing Hague Convention procedures at this late date. Had Google wished to do so, it should started the process far earlier. *See Yukos Cap. S.A.R.L. v. Feldman*, 2016 WL 3545947, at *1 (S.D.N.Y. June 21, 2016) (Kaplan J.) (denying motion to extend discovery schedule to obtain deposition using the Hague procedures because "defendants fail[ed] to seek such relief far earlier in this litigation").

[3] For Witness 1 Google cites two documents it has had since December 2023 (GANNETT_GOOG_0015510 and GANNETT_GOOG_0015531), and one document it received in mid-April of this year (GANNETT_GOOG_1611346). In support of its request to

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. P. Kevin Castel
June 4, 2024
Page 3

cited all but one of the produced documents referenced above in a January 29, 2024, letter regarding its request to add those individuals as custodians, illustrating that Google has long known of its justifications for seeking their testimony.

As for Witness 3, Google cites only press releases and news articles that have been available publicly for years – despite the fact that Gannett produced over 2,000 of Witness 3's custodial documents in this litigation. Google's failure to support its request for Witness 3 with produced documents owes in part to the fact that, starting in October 2023, Google pursued and then withdrew its request that Gannett include her as a document custodian. Google has not explained why it withdrew its request to include Witness 3 as a custodian many months ago, but now, with just weeks remaining in fact discovery, it requires her deposition testimony. Because Google cites no recently discovered justification for taking the three proposed Gannett depositions, Google "had a prior opportunity in discovery to obtain the information sought" and did not do so. *See In re Weatherford Int'l Sec. Litig.*, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013).

Google's substantial delay in seeking leave is doubly unjustifiable in light of the impending fact discovery cutoff. First, each of the witnesses Google seeks to depose have substantial professional and personal obligations that render scheduling their depositions exceedingly difficult. *See* Email from E. Maier to E. Yung (June 4, 2024), attached as Ex. 1.[4] Second, the difficulty of scheduling these additional depositions is compounded by the already-scheduled depositions in this case. The parties are set to take and defend 27 depositions – including three Gannett depositions – over the remaining 24 days of fact discovery.

In order to reach a compromise, Gannett offered to make both Witness 1 and Witness 2 available for depositions on June 28 for a total of seven hours. Gannett proposed that Google depose each for 3.5 hours, back-to-back, though Google may propose any division of the seven hours it prefers. This compromise is more than reasonable in light of the cumulative nature of these depositions: Google already has obtained or will receive from Gannett, hundreds of thousands of produced documents, dozens of interrogatory responses, and Gannett's 30(b)(6) and individual depositions. Gannett's compromise is also the most efficient path forward – it will minimize the scheduling problems caused by Google's delay in seeking these depositions and will allow Google to obtain testimony from two additional witnesses (bringing its total to 5

---

take the deposition of Witness 2, Google cites two documents it has had since December 2023 (GANNETT_GOOG_0016585 and GANNETT_GOOG_0037152) and two documents it has had since January 2024 (GANNETT_GOOG_0048978 and GANNETT_GOOG_0056544).

[4] Gannett provides with this letter a redacted copy of the referenced correspondence. Upon the Court's request, Gannett can provide an unredacted copy to chambers.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. P. Kevin Castel
June 4, 2024
Page 4

depositions of Gannett witnesses). Gannett asked that Google provide its position on this compromise today, but it has not done so. *See* Ex. 1.

It is impractical and unnecessary to depose Witness 3. As Gannett explained to Google months ago, during her time at Gannett, Witness 3 was in a "senior position" and had only limited involvement in digital advertising. *See* Ltr. from S. Henningson to E. Yung at 14 (Feb. 14, 2024) (available to the Court upon request). The likelihood that she possesses and unique, relevant information is thus low. Moreover, scheduling Witness 3's deposition prior to the fact discovery cutoff likely is not feasible. Witness 3 has hired her own counsel in this regard and has represented that she cannot reasonably be available for a deposition prior to June 28. She has informed us that she currently is scheduling new appointments for September 2024. Gannett sees no reason to extend the fact discovery for the purpose of taking Witness 3's deposition.

Because the "additional" Gannett "depositions would be unreasonably cumulative or duplicative," Google has "had a prior opportunity in discovery to obtain the information sought," and the "burden or expense of additional depositions would outweigh any likely benefit," this Court should adopt Gannett's compromise proposal, i.e., permit two depositions of Witness 1 and Witness 2 for a combined total of no more than 7 hours on June 28. *See Weatherford*, 2013 WL 5762923, at *2.

\* \* \*

Daily Mail takes no position regarding Google's attempt to secure the voluntary participation of Mr. Clarke in a deposition but believes any request to extend the fact discovery deadline for purposes of taking his deposition is unwarranted. If the Court sees fit to grant Google additional depositions, the Court should permit Google to take depositions of Witness 1 and Witness 2 not to exceed seven hours combined on June 28.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. P. Kevin Castel
June 4, 2024
Page 5

                                      Respectfully submitted,

/s/ *John Thorne*
John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
Sven E. Henningson
Tiberius T. Davis
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW
Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
       dbird@kellogghansen.com
       bjones@kellogghansen.com
       cgoodnow@kellogghansen.com
       mhirschboeck@kellogghansen.com
       epfeffer@kellogghansen.com
       emaier@kellogghansen.com
       shenningson@kellogghansen.com
       tdavis@kellogghansen.com

*Counsel for Associated Newspapers, Ltd., Mail Media, Inc., and Gannett Co., Inc.*

cc:   All Counsel of Record (via ECF)