| | |
|---|---|
| **From:** | Maier, Eric J. |
| **To:** | Yung, Eva H. |
| **Cc:** | Reiser, Craig M.; Haws, Claire L.; Sherrerd, Devon L.; Davis, Tiberius T.; Goodnow, Christopher C.; Bird, Daniel G.; Thorne, John; Henningson, Sven E. (Trip); Duffee, Nicholas D.M.; MURRAY, Sean; Jeanette; ZWEIFACH, Ben; BOSCO, Veronica; MCCALLUM, Robert; SYRMOS, Alexia; Boisvert, Caroline P. |
| **Subject:** | RE: Gannett v. Google - Additional Gannett Depositions |
| **Date:** | Tuesday, June 4, 2024 4:16:00 PM |
| **Attachments:** | image001.png |

Hi Eva,

Your letter motion for additional depositions belies the notion that the timing of Gannett's productions justified Google's delayed requests. Google's justifications for adding the three deponents in its letter motion are identical to the justifications Google provided when it explained its rationale for proposing each as a custodian in a January 29, 2024 letter. In support of its request to depose [redacted] Google cites only the same four documents it cited in that January letter. For [redacted] Google cites the same two documents it cited in its January letter and adds only one document. For [redacted] Google's motion cites *no* produced documents, but cites two articles published over two years ago and a third article from four years ago.

Given that Google's justification for its interest in each of these deponents has been known to it for months, its substantial delay in seeking leave to depose these individuals is unjustified. That is especially true in light of the 27 depositions remaining over the next 23 days – it is unreasonable to add three full seven-hour depositions to an already full calendar. None of the additional deponents are in Gannett's control and they are under no obligation to appear for depositions in this case. In an effort to compromise, however, Gannett is willing to consent to depositions of both [redacted] and [redacted] on June 28 for a total of no more than 7 hours combined. As for your concern about the location of the depositions, [redacted] and [redacted] can travel to Washington, D.C. for their depositions.

Finally, given the timing of Google's request, it was not feasible to talk with Google's proposed deponents before yesterday, and Gannett made its proposal promptly after those discussions. To the extent Google complains that Gannett's offer of compromise was made at the "eleventh hour," it is only because Google's request for additional depositions comes at the eleventh hour of the fact discovery period.

Having answered your questions, please let us know by 6:00pm whether Google will agree to Gannett's suggested compromise. If Google does agree, we will note that agreement in our filing this evening.

All the best,

Eric


**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Yung, Eva H. <eyung@axinn.com>
**Sent:** Tuesday, June 4, 2024 1:53 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Sherrerd, Devon L. <dsherrerd@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; Jeanette <Jeanette.Bayoumi@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; SYRMOS, Alexia <Alexia.Syrmos@freshfields.com>; Boisvert, Caroline P. <cboisvert@axinn.com>; Yung, Eva H. <eyung@axinn.com>
**Subject:** [EXTERNAL] RE: Gannett v. Google - Additional Gannett Depositions

Counsel,

We write in response to Gannett's June 3, 2024 correspondence regarding the depositions of ████████████ and ████████████ whose depositions Google requested leave to notice in its May 29 letter motion to the Court. ECF No. 810.

As an initial matter, we disagree with Gannett's assertion that Google somehow "delayed" seeking leave to notice these additional depositions. Gannett did not agree to ████████ as a custodian until February 14. See Feb. 14 E. Maier Letter to E. Yung at 6. Similarly, Gannett did not agree to ████████ as a custodian until March 7. See Mar. 7 S. Henningson Letter to E. Yung at 6. Google did not receive any custodial documents for either of these individuals until April 16, and Gannett produced documents for both as recently as May 19—a mere 10 days before Google moved for leave to depose ████████ ████████████. Moreover, as Gannett has acknowledged, Gannett has not agreed to produce any of ████████ custodial documents, meaning that Google must make its deposition decisions based on careful review of produced documents from all other Gannett custodians, for which Gannett did not make any meaningful productions until April 16. Nevertheless, Gannett still refused to consent to ████████████ deposition. Far from "delay," Google has instead taken the time needed to review Gannett's delayed productions to make sure any depositions noticed would be necessary to Google's defense of the case.

In order to respond, there are two issues we need to address.

First, we have questions as to Gannett's proposed timing limitations. In particular, Gannett proposes limiting ████████ and ████████ depositions to 3.5 hours each, a limitation that has not applied to any 30(b)(1) depositions in this case. We would like to understand

Gannett's basis for asserting such a limitation, including under what circumstances Gannett believes it reasonable to limit the length of any given witness's deposition. We note in this regard that on April 19, your firm sought on behalf of Gannett and Daily Mail to depose two Google witnesses despite the fact that over 16,000 documents were produced from their files over three months ago and that Gannett and Daily Mail did not propose any limitation as to timing for those depositions.

Second, Gannett has proposed depositions of all of its witnesses over the course of a single week, despite them being located on opposite coasts:

- June 21 for Gannett's 30(b)(6) deposition in Washington, D.C.;
- June 27 for ███████████ deposition in Washington, D.C;
- June 28 for the deposition of ███████████ in Washington, D.C., and the depositions of ███████████ and ███████████ ostensibly in ███████████ where they appear to be located currently.

While we are of course willing to work with Gannett on scheduling for depositions on dates, times, and locations convenient to the witnesses and counsel, we cannot respond to Gannett by 3 p.m. on its proposed dates given our need to determine Google's ability to take the depositions on the proposed dates.

In representing Google's position on Gannett's proposal, please include an appropriately redacted version of this email with your filing so the Court understands that we disagree with Gannett's suggestion of delay; that Gannett has refused to consent to one Gannett witness, and unilaterally suggested that Google agree to less than full-day depositions of the remaining two Gannett witnesses even though Gannett did not similarly agree to less than full-day depositions for Google witnesses that Gannett's counsel has noticed; and that Google's inability to respond to Gannett's proposal is occasioned by Gannett's eleventh-hour proposal and demand for a response by 3 p.m. ET.

We reserve all rights.

Yours,

Eva

**Eva H. Yung**
*Associate*



Axinn, Veltrop & Harkrider LLP
114 West 47th Street
New York, New York 10036
Office 212.728.2235
Fax 212.728.2201
eyung@axinn.com
**Axinn.com**

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Monday, June 3, 2024 9:09 PM
**To:** Boisvert, Caroline P. <cboisvert@axinn.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Sherrerd, Devon L. <dsherrerd@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Yung, Eva H. <eyung@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; Jeanette <Jeanette.Bayoumi@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; SYRMOS, Alexia <Alexia.Syrmos@freshfields.com>
**Subject:** RE: Gannett v. Google - Additional Gannett Depositions

**Caution: External Email**

Hi Caroline,

I write to follow up regarding Google's request to take three depositions of former Gannett employees – ███████ and ███████ – in addition to Google's noticed 30(b)(6) deposition and its noticed depositions of current Gannett employees ███████ and ███████.

Google informed us of its intent to move for leave to notice these three additional depositions on May 23. As we noted during our May 24 meet and confer, Google has known about each of these potential deponents for months. All three of Google's proposed additional deponents were on Google's list of proposed custodians on October 26, 2023. Google has provided no justification for its substantial delay in seeking these three additional depositions.

Google's substantial delay in seeking leave is doubly unjustifiable in light of the impending fact discovery cutoff. Gannett has reached out to each of the additional individuals Google seeks to depose and has determined that each has substantial professional and personal obligations that render scheduling their depositions exceedingly difficult. ███████ has a family vacation to Europe planned for much of the middle of June. ███████ daughter is graduating from high school this month, and is hosting his family to celebrate. ███████ is the president and CEO of a major U.S. non-profit and has numerous obligations as part of that role over the next month. The difficulty scheduling these additional depositions is compounded by the already-scheduled depositions in this case. The parties are set to take and defend 28 depositions over the remaining 24 days of fact discovery.

In order to reach a compromise, Gannett is willing to make both ███████ and ███████

available for depositions on June 28 for a total of seven hours. We propose that Google depose each for 3.5 hours, back-to-back, but Google may propose any division of the seven hours it prefers. This compromise is more than reasonable in light of the significant discovery Google already has obtained or will receive from Gannett, including the hundreds of thousands of produced documents, the dozens of interrogatory responses, and Gannett's 30(b)(6) and individual depositions. This is also the most efficient path forward – it will minimize the scheduling problems caused by Google's delay in seeking these depositions and will allow Google to obtain testimony from two additional witnesses (bringing its total to 5 depositions of Gannett witnesses).

Gannett does not consent to Google's motion for leave to depose ▬▬▬▬ As Gannett explained months ago, during her time at Gannett, ▬▬▬▬ was in a "senior position" and had only limited involvement in digital advertising. *See* Ltr. from S. Henningson to E. Yung at 14 (Feb. 14, 2024). For that reason, we explained that ▬▬▬▬ is unlikely to possess any unique information regarding the conduct at issue in this case. *Id.* Indeed, although Google initially sought ▬▬▬▬ as a document custodian, it withdrew that request. Moreover, we understand that scheduling ▬▬▬▬ deposition prior to the fact discovery cutoff likely is not feasible. ▬▬▬▬ has hired her own counsel in this regard, but we understand that she cannot reasonably be available for a deposition prior to June 28. For the avoidance of doubt, Gannett would oppose any motion to extend the fact discovery deadline for the purpose of taking ▬▬▬▬ deposition.

Please confirm by tomorrow at 3:00pm whether this compromise is acceptable. If it is, we will note the parties' agreement in our response to your motion for leave for additional depositions due tomorrow.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Boisvert, Caroline P. <cboisvert@axinn.com>
**Sent:** Tuesday, May 28, 2024 8:03 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Sherrerd, Devon L. <dsherrerd@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Henningson, Sven E. (Trip)

<shenningson@kellogghansen.com>; Yung, Eva H. <eyung@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; Jeanette <Jeanette.Bayoumi@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; SYRMOS, Alexia <Alexia.Syrmos@freshfields.com>
**Subject:** [EXTERNAL] RE: Gannett v. Google - Additional Gannett Depositions

Eric,

We will get back to you on the proposed dates. As for the additional deponents, does your statement that Gannett is working on contacting them mean that Gannett does not object to our noticing their depositions? As we noted during our meet-and-confer on Friday, we intend to file our letter request for additional depositions with the Court tomorrow (Wednesday, May 29). Accordingly, please let us know your final position on these deponents—including whether you will be representing each of them—as soon as possible, and in all events before noon ET tomorrow.

Best,
Caroline


### Caroline P. Boisvert
*Associate*



Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Office 860.275.8129
Fax 860.275.8101
cboisvert@axinn.com
**Axinn.com**

Pronouns | She, Her, Hers

---

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Tuesday, May 28, 2024 5:37 PM
**To:** Boisvert, Caroline P. <cboisvert@axinn.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Sherrerd, Devon L. <dsherrerd@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Yung, Eva H. <eyung@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; Jeanette <Jeanette.Bayoumi@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; SYRMOS, Alexia <Alexia.Syrmos@freshfields.com>

**Subject:** RE: Gannett v. Google - Additional Gannett Depositions

**Caution: External Email**

Caroline,

I wanted to provide you an update on deposition scheduling for Gannett:

- ▇▇▇▇▇ is available for a deposition on **June 27** in **Washington, DC.**
- ▇▇▇▇▇ is available for a deposition on **June 28** in **Washington, DC.**
- Gannett is willing to designate a witness on the 30(b)(6) topics proposed in my May 27, 2024 letter. We propose that the 30(b)(6) deposition take place on **June 21** in **Washington, DC.**

As for the additional deponents Google proposed on May 23, Gannett is still working on contacting those former employees. We will follow up with an update as soon as we are able.

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Boisvert, Caroline P. <cboisvert@axinn.com>
**Sent:** Friday, May 24, 2024 11:16 AM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Sherrerd, Devon L. <dsherrerd@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Yung, Eva H. <eyung@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; Jeanette <Jeanette.Bayoumi@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; SYRMOS, Alexia <Alexia.Syrmos@freshfields.com>
**Subject:** [EXTERNAL] RE: Gannett v. Google - Additional Gannett Depositions

Eric,

In order to make our 12:30pm meet-and-confer as productive as possible, we would like to come to agreement on as many deposition dates as possible. To that end, we propose the following dates for each of the depositions we have noticed or intend to move the Court to notice:

- ▅▅▅▅▅▅▅ June 13 (different from originally noticed date of June 24)
- ▅▅▅▅▅▅▅▅▅▅▅▅ June 14
- ▅▅▅▅▅▅▅▅ June 19
- ▅▅▅▅▅▅▅▅ June 20
- ▅▅▅▅▅▅▅▅ June 21
- Gannett 30(b)(6): Given Gannett's failure to send us the letter outlining its position in response to our April 17, 2024 notice, we would like for this to be in the last week of the fact discovery period. Please select a date from the following: June 22-24 or June 26-27.

In order to complete these depositions before the close of fact discovery, we are willing to conduct depositions on weekends if necessary. Please also be prepared to identify whether you represent the former Gannett employees on this list (namely ▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅ and ▅▅▅▅▅▅▅▅▅▅▅▅▅▅) and at least a tentative location for each deposition, as that may impact scheduling.

Best,
Caroline


**Caroline P. Boisvert**
*Associate*



Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Office 860.275.8129
Fax 860.275.8101
cboisvert@axinn.com
**Axinn.com**

Pronouns | She, Her, Hers

---

**From:** Boisvert, Caroline P. <cboisvert@axinn.com>
**Sent:** Thursday, May 23, 2024 11:49 AM
**To:** Maier, Eric J. <emaier@kellogghansen.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Sherrerd, Devon L. <dsherrerd@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>; Goodnow,

Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Yung, Eva H. <eyung@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; Jeanette <Jeanette.Bayoumi@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; SYRMOS, Alexia <Alexia.Syrmos@freshfields.com>
**Subject:** RE: Gannett v. Google - Additional Gannett Depositions

Eric,

We are available to meet-and-confer tomorrow from 12:30-1pm ET. I will circulate an invite.

During our negotiations over custodians, we explained in detail our bases for believing that each of the requested witnesses possesses non-cumulative, unique information. *See, e.g.*, Jan. 29, 2024 Letter from E. Yung to E. Maier; Feb. 26, 2024 Letter from E. Yung to E. Maier. We accordingly refer you to our prior correspondence and the documents cited therein.

Moreover, given that we have yet to hear the 30(b)(6) topics for which Gannett is willing to produce a witness, it is premature for Gannett to take the position that any of these witnesses would be duplicative of a Gannett 30(b)(6).

Best,
Caroline


### Caroline P. Boisvert
*Associate*



Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Office 860.275.8129
Fax 860.275.8101
cboisvert@axinn.com
**Axinn.com**

Pronouns | She, Her, Hers

---

**From:** Maier, Eric J. <emaier@kellogghansen.com>
**Sent:** Thursday, May 23, 2024 9:46 AM
**To:** Boisvert, Caroline P. <cboisvert@axinn.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Sherrerd, Devon L. <dsherrerd@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>; Goodnow,

Christopher C. <cgoodnow@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Yung, Eva H. <eyung@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; Jeanette <Jeanette.Bayoumi@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; SYRMOS, Alexia <Alexia.Syrmos@freshfields.com>
**Subject:** RE: Gannett v. Google - Additional Gannett Depositions

**Caution: External Email**

Caroline,

We would like to meet and confer with you about your request. We are not available before noon tomorrow, but we have availability tomorrow between 12:30 and 1:30, and again after 4:00. In the meantime, can you please describe your justifications for these three additional depositions in light of the fact that Google already has noticed Gannett's 30(b)(6) deposition and depositions of both ████████ nd ████████?

All the best,

Eric

**Eric J. Maier**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7923

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

**From:** Boisvert, Caroline P. <cboisvert@axinn.com>
**Sent:** Thursday, May 23, 2024 9:19 AM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; Henningson, Sven E. (Trip) <shenningson@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>; Davis, Tiberius T. <tdavis@kellogghansen.com>; Sherrerd, Devon L. <dsherrerd@kellogghansen.com>
**Cc:** Reiser, Craig M. <creiser@axinn.com>; Haws, Claire L. <chaws@axinn.com>; Yung, Eva H. <eyung@axinn.com>; Duffee, Nicholas D.M. <nduffee@axinn.com>; MURRAY, Sean <Sean.Murray@freshfields.com>; Jeanette <Jeanette.Bayoumi@freshfields.com>; ZWEIFACH, Ben <Ben.Zweifach@freshfields.com>; BOSCO, Veronica <Veronica.Bosco@freshfields.com>; MCCALLUM, Robert <rob.mccallum@freshfields.com>; SYRMOS, Alexia

<Alexia.Syrmos@freshfields.com>

**Subject:** [EXTERNAL] Gannett v. Google - Additional Gannett Depositions

Counsel,

We intend to move before the Court to request additional depositions of the below individuals. Please let us know if you consent to our request before we file, and in any event, by noon ET on Friday, May 24. We would also be happy to meet-and-confer on the issue before then at your convenience.

- ███
- ███
- ███

Best,
Caroline

**Caroline P. Boisvert**
*Associate*



Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Office 860.275.8129
Fax 860.275.8101
cboisvert@axinn.com
**Axinn.com**

Pronouns | She, Her, Hers

*******************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*******************************************************************
*******************************************************************
Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this

information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*