**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GOOGLE ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| ASSOCIATED NEWSPAPERS LTD. and MAIL MEDIA, INC.<br><br>                                    *Plaintiffs*,<br><br>     -against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>                                    *Defendants*. | Case No. 1:21-cv-03446 (PKC) |

**DEFENDANTS GOOGLE LLC'S AND ALPHABET INC.'S**
**ANSWER TO DAILY MAIL'S SECOND AMENDED COMPLAINT**

## RESPONSE TO NUMBERED PARAGRAPHS

Defendants Google LLC and Alphabet Inc. (together, "Google") answer the Second Amended Complaint of Associated Newspapers Ltd. and Mail Media, Inc. (together, "Daily Mail"), through its undersigned counsel, as set forth below. Google generally denies the legal claims asserted in Daily Mail's Second Amended Complaint (the "Complaint"). Ad tech (the technology that powers digital advertising on publishers' sites) is an important part of a healthy web. Google's investments and innovations in this space help publishers fund their work, make it easy for large and small businesses to reach consumers, and supports the proliferation of creative and diverse content. Google's products foster competition for the benefit of publishers, advertisers, and consumers.

The section headings in the Complaint do not require a response. To the extent that the section headings contain allegations requiring a response, Google denies all such allegations.

1.      Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 and on that basis denies those allegations.

2.      Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and on that basis denies those allegations.

3.      Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and on that basis denies those allegations.

4.      To the extent the allegations in Paragraph 4 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Otherwise, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and on that basis denies those allegations.

5.      Google denies the allegations in Paragraph 5 of the Complaint.

6.      Google admits that it offers tools that publishers use to sell their ad inventory, including an ad exchange. Google denies the allegations in Paragraph 6 in all other respects.

7.      Google denies the allegations in Paragraph 7 of the Complaint.

8.      As to the first sentence of Paragraph 8 of the Complaint, Google admits that a number of its employees concerned with display advertising work in New York City. To the extent the allegations in Paragraph 8 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the third sentence of Paragraph 8 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies that this action serves the local interest, New York's economic health, or the publishing business and further denies the allegations in Paragraph 8 in all other respects.

9.      Google admits the existence of the proceedings referenced in Paragraph 9, but denies the characterizations of such proceedings. To the extent the allegations in Paragraph 9 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 9 in all other respects.

10.     Google admits that Daily Mail purports to bring this action for compensation and injunctive relief. Google denies the allegations in Paragraph 10 in all other respects and denies that this action serves to restore competition or is in the interest of news content readers.

11.     As to the third sentence of Paragraph 11 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

therein and on that basis denies those allegations. Google admits the allegations in Paragraph 11 in all other respects.

12.     As to the third sentence of Paragraph 12 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google otherwise admits the remaining allegations in Paragraph 12 of the Complaint.

13.     Google admits it is a limited liability company organized and existing under the laws of the State of Delaware, and that it maintains a Mountain View, California business address; that it is a technology company that provides numerous internet-related products, including online advertising technologies; and that it maintains an office in New York City. Google denies the allegations in Paragraph 13 in all other respects.

14.     Google admits it is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company that is incorporated and existing under the laws of the State of Delaware and maintains a Mountain View, California business address; that Alphabet Inc. was incorporated in 2015; and that Alphabet Inc. and Google have the same Chief Executive Officer. Google denies the allegations in Paragraph 14 in all other respects.

15.     Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google does not dispute federal subject matter jurisdiction.

16.     Google admits that Daily Mail's Complaint seeks to assert various claims under federal and state laws, but denies that Daily Mail has adequately stated a claim under any of those laws and denies that Google has violated any of those laws. To the extent the remaining

allegations in Paragraph 16 do not amount to legal conclusions for which no response is required, Google denies the allegations in Paragraph 16 in all other respects.

17.     Google does not dispute—for purposes of this action only—the personal jurisdiction of this Court and admits that it is engaged in business in this District. Google denies the allegations in Paragraph 17 in all other respects.

18.     Google admits that venue is proper in the Southern District of New York for purposes of this particular action under Sections 4 and 12 of the Clayton Act, 15 U.S.C §§ 15 and 22 and 28 U.S.C. § 1391. Google admits that a number of its employees concerned with display advertising work in New York City, and that certain third parties involved with display advertising are also headquartered in New York City. As to the second sentence of Paragraph 18 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 18 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 18 in all other respects.

19.     Google admits that it is engaged in interstate trade and commerce.

20.     Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google denies the allegations in Paragraph 20.

21.     As to the first sentence of Paragraph 21 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google admits that online news content allows readers an additional way to access news in different formats. Google denies the allegations in Paragraph 21 in all other respects.

22.     As to the first sentence of Paragraph 22 of the Complaint, Google admits that the internet provided new ways to advertise, including display advertising. Google denies the allegations in Paragraph 22 in all other respects, including the definition of "display ads."

23.     As to the first sentence of Paragraph 23 of the Complaint, Google admits that some publishers can earn revenue from selling display ads on their webpages. As to the second sentence of Paragraph 23 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 23 in all other respects.

24.     As to the first and second sentences of Paragraph 24 of the Complaint, Google admits that publishers can sell their inventory to advertisers both directly and indirectly; that "direct" sales are those in which a publisher sells its ad inventory directly to advertisers; and that such direct sales can include sales through the publisher's internal sales team. As to the third sentence of Paragraph 24 of the Complaint, Google further admits that indirect sales can occur through "ad exchanges." As to the fifth and sixth sentences of Paragraph 24 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences. Google denies the allegations in Paragraph 24 in all other respects.

25.     As to the first sentence of Paragraph 25 of the Complaint, Google admits that publishers can sell advertising either directly or indirectly. As to the second through fourth sentences of Paragraph 25, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 25 in all other respects.

26.     Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies those allegations.

27.     Google admits that publishers use a variety of products and services to help sell their display ad inventory, and that advertisers use a variety of products and services to help purchase display ad inventory. Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies those allegations.

28.     As to the first sentence of Paragraph 28 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies those allegations. As to the second and third sentences of Paragraph 28 of the Complaint, Google admits that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression; and that ad servers may receive browser cookies. Google denies the allegations in Paragraph 28 in all other respects.

29.     Google denies the allegations in Paragraph 29 of the Complaint.

30.     As to the first and third sentences of Paragraph 30 of the Complaint, Google admits that advertisers may use demand-side platforms ("DSPs"); and that, depending on a user's settings, user IDs may be involved in bids for display inventory. Google denies the allegations in Paragraph 30 in all other respects.

31.     Google admits that ad exchanges may collect bids and select and submit the winning bid to publisher ad servers; that bids may represent the price for a thousand impressions; and that publishers can make money from ads in a variety of ways. Google denies the allegations in Paragraph 31 in all other respects.

32.    Google admits that ad servers may make decisions, based on publisher inputs, on what ad to serve, including whether to serve a house ad. Google denies the allegations in Paragraph 32 in all other respects.

33.    Google admits that ad servers, ad exchanges, and DSPs may charge fees to publishers and advertisers for various services offered and that the method of calculating fees may vary among providers. Google denies the allegations in Paragraph 33 in all other respects.

34.    Google denies the allegations in Paragraph 34 of the Complaint. Figure 1 purports to show the interactions among advertisers, publishers, and ad tech products, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 1 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 1 in Paragraph 34.

35.    As to the second, third, and fourth sentences of Paragraph 35 of the Complaint, Google admits that it has offered ad tech products such as DFP, AdX, Google Ads, and DV360. Google denies the allegations in Paragraph 35 in all other respects.

36.    Google admits that Daily Mail and other publishers have used DFP, AdX, or both. Google denies the allegations in Paragraph 36 in all other respects.

37.    As to the second through fourth sentences of Paragraph 37 of the Complaint, Google admits that it acquired ad server and ad exchange products as part of its 2008 acquisition of DoubleClick; that DV360 is the successor to an ad tech product it acquired; and that Google also acquired AdMob and Adometry. Google denies the allegations in Paragraph 37 in all other respects.

38.    As to the first and second sentences of Paragraph 38 of the Complaint, Google admits that it retains a percentage of the clearing price of transactions on its ad exchange and in

some cases charges a fee for the use of its ad server, each of which varies based on a number of factors, including customer and transaction type. As to the third sentence of Paragraph 38 of the Complaint, Google admits that it charges a fee for certain DSP services. Google denies the allegations in Paragraph 38 in all other respects.

39.     Google admits the allegations in the first sentence of Paragraph 39 of the Complaint. Google denies the allegations in Paragraph 39 in all other respects.

40.     Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in Paragraph 40 of the Complaint.

41.     To the extent the allegations in Paragraph 41 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 41 of the Complaint.

42.     Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue. Google admits that publishers could configure an estimated or contracted CPM for any other non-guaranteed demand source, including exchanges or networks, and that many publishers use and used an exchange's historical performance when determining the expected value to configure for that exchange for a particular ad impression. Google denies the allegations in Paragraph 42 in all other respects.

43.     As to the first through third sentences of Paragraph 43 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences. As to the fifth sentence of Paragraph 43 of the

Complaint, Google admits that some publishers set value CPMs in DFP based on a demand

source's historical performance. Google denies the allegations in Paragraph 43 in all other

respects.

44.     To the extent the allegations in Paragraph 44 characterize or describe documents

or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in

Paragraph 44 in all other respects.

45.     As to the first and second sentences of Paragraph 45 of the Complaint, Google

admits that publishers can implement header bidding and that header bidding can enable bid

requests to multiple exchanges and other demand sources. As to the sixth sentence of Paragraph

45 of the Complaint, Google admits that Exchange Bidding was later renamed Open Bidding;

and that it designed Exchange Bidding to solve many of the problems associated with header

bidding. As to the third through fourth sentences of Paragraph 45 of the Complaint, Google lacks

knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis,

denies the allegations in those sentences. As to the fifth sentence of Paragraph 45 of the

Complaint, Google admits that some firms offer a server-side form of header bidding, in which

certain auction functionality occurs on an external server. Google denies the allegations in

Paragraph 45 in all other respects.

46.     As to the first and second sentences of Paragraph 46 of the Complaint, Google

lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that

basis, denies the allegations in those sentences. To the extent the allegations in Paragraph 46

characterize or describe documents or other sources, Google notes that such sources speak for

themselves and denies any characterization or description that is inconsistent therewith.

47.     As to the fourth sentence in Paragraph 47 of the Complaint, Google admits that some non-Google parties have used "Last Look" to refer to the way some publisher configurations call AdX after calling header bidding. Google denies the allegations in Paragraph 47 in all other respects.

48.     As to the first sentence of Paragraph 48 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in that sentence. Google denies the allegations in Paragraph 48 in all other respects.

49.     To the extent the allegations in Paragraph 49 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 49 in all other respects.

50.     As to the first sentence of Paragraph 50 of the Complaint, Google admits that it shares data relating to the price an auction participant would have had to bid to win a particular auction with bidders that submitted bids to Google Ad Manager for a given auction (including but not limited to exchanges in Google's Open Bidding program), at the conclusion of such auction. Google denies the allegations in Paragraph 50 in all other respects.

51.     Google denies the allegations in Paragraph 51 of the Complaint.

52.     Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Complaint, and on that basis, denies the allegations in those sentences.

53.     As to the third sentence of Paragraph 53 of the Complaint, Google admits that its ad exchange supported a feature called Dynamic Revenue Share ("DRS") and that, if enabled by

the publisher, DRS dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors. As to the fifth sentence of Paragraph 53 of the Complaint, Google admits that Project Bernanke uses data about historical bids through Google Ads (comparable to data maintained by other buying tools) to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools (or go unfilled). Google denies the allegations in Paragraph 53 in all other respects.

54.     Google denies the allegations in Paragraph 54 of the Complaint.

55.     The first sentence of Paragraph 55 is a legal conclusion to which no response is required. As to the second sentence of Paragraph 55 of the Complaint, Google admits that publisher ad servers are inventory management systems that publishers use to manage their online display advertising inventory, including but not limited inventory on desktops, mobile websites, mobile applications, and other digital devices. As to the third sentence of Paragraph 55 of the Complaint, Google also admits that publisher ad servers provide the listed features, to varying degrees and in varying ways. Google denies the allegations in Paragraph 55 in all other respects.

56.     As to the first sentence of Paragraph 56 of the Complaint, Google admits that many publishers use one ad server at a time to manage their web display inventory, but otherwise lacks knowledge sufficient to form a belief as to the truth or falsity of whether "most" publishers do so, and on that basis, denies the remaining allegations in this sentence. Google denies the allegations in Paragraph 56 in all other respects.

57.     Google admits that ad servers generally offer different functionalities than ad exchanges, ad networks, or ad buying tools, even if they are frequently integrated with such other

tools. As to the last sentence of Paragraph 57 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 57 in all other respects.

58.     Google denies the allegations in Paragraph 58 of the Complaint.

59.     To the extent the allegations in Paragraph 59 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 59 in all other respects.

60.     As to the second sentence of Paragraph 60 the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of what is "viable" for Daily Mail, and on that basis, denies the allegations in that sentence. Google denies the allegations in Paragraph 60 in all other respects.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad servers are a relevant antitrust market. Google denies the allegations in Paragraph 61 in all other respects.

62.     As to the fourth sentence of Paragraph 62 of the Complaint, Google admits that since 2008, some ad server providers have stopped offering ad server services. Google denies the allegations in Paragraph 62 in all other respects.

63.     To the extent the allegations in Paragraph 63 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 63 of the Complaint.

64.     Google denies the allegations in Paragraph 64 of the Complaint.

65.     As to the second and third sentences of Paragraph 65 of the Complaint, Google admits that there may be some costs in replacing one publisher ad server with another for the same webpage, depending in part on a publisher's existing configuration. As to the remainder of the third sentence in Paragraph 65 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 65 in all other respects.

66.     Google denies the allegations in Paragraph 66 of the Complaint.

67.     Paragraph 67 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that advertisers can purchase publishers' ad inventory using various ad tech products.  Google denies the allegations in Paragraph 67 in all other respects.

68.     As to the third and fifth sentences of Paragraph 68 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations about how "most" large advertisers buy inventory and Daily Mail's own inventory sales, and on that basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 68 in all other respects.

69.     As to the second sentence of Paragraph 69 of the Complaint, Google admits that buying or selling inventory directly may involve a sales team or automated sales interfaces; and that publishers and advertisers may (but need not) rely on internal staff to manage their relationships.  As to the third and fourth sentences of Paragraph 69 of the Complaint, Google

lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 69 in all other respects.

70.     To the extent the allegations in Paragraph 70 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 70 in all other respects.

71.     Paragraph 71 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges are a relevant antitrust market. Google otherwise denies the allegations in Paragraph 71 of the Complaint.

72.     Google denies the allegations in Paragraph 72 of the Complaint.

73.     As to the third and fourth sentences of Paragraph 73 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations and on that basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 73 in all other respects.

74.     To the extent the allegations in Paragraph 74 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 74 of the Complaint.

75.     Google denies the allegations in Paragraph 75 of the Complaint.

76.     Google denies the allegations in Paragraph 76 of the Complaint.

77.     Google understands Paragraph 77 to have been dismissed as to Daily Mail's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 48-52. Paragraph 77 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google admits that search engines and other sites allow users to find responsive information by entering queries. Google denies the allegations in Paragraph 77 in all other respects.

78.     Google understands Paragraph 78 to have been dismissed as to Daily Mail's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 48-52.  To the extent Paragraph 78 nonetheless still requires an answer relevant to Daily Mail's remaining claims, Google admits that consumers use search engines and other sites to perform searches. Google denies the allegations in Paragraph 78 in all other respects.

79.     Google understands Paragraph 79 to have been dismissed as to Daily Mail's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 48-52.  To the extent Paragraph 79 nonetheless still requires an answer relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 79 of the Complaint.

80.     Google understands Paragraph 80 to have been dismissed as to Daily Mail's Section 2 claim related to leveraging Google's search business.  ECF No.701 at 48-52. Paragraph 80 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google admits that Google.com can be accessed by users in the United States but also notes that it can be accessed by users outside the United States, and further admits that a user's location is one variable that may affect the search results a user is provided, depending on the user's search and user settings. Google otherwise denies the allegations in Paragraph 80 of the Complaint.

81.     Google understands Paragraph 81 to have been dismissed as to Daily Mail's Section 2 related to leveraging Google's search business.  ECF No. 701 at 48-52.  To the extent Paragraph 81 nonetheless still requires an answer relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 81 of the Complaint.

82.     Google understands Paragraph 82 to have been dismissed as to Daily Mail's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 48-52.  To the extent Paragraph 82 nonetheless still requires an answer relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 82 of the Complaint.

83.     Google understands Paragraph 83 to have been dismissed as to Daily Mail's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 48-52.  To the extent Paragraph 83 nonetheless still requires an answer relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 83 of the Complaint.

84.     Google understands Paragraph 84 to have been dismissed as to Daily Mail's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 48-52.  To the extent Paragraph 84 nonetheless still requires an answer relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 84 of the Complaint.

85.     As to the first sentence of Paragraph 85 of the Complaint, Google admits that publishers can use ad servers to auction off ad space.  Google denies the allegations in Paragraph 85 in all other respects.

86.     Google denies the allegations in Paragraph 86 of the Complaint.

87.     Google denies the allegations in Paragraph 87 of the Complaint.

88.     As to the second and third sentences of Paragraph 88 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that

basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 88 in all other respects.

89.     Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in Paragraph 89 of the Complaint.

90.     Google understands Paragraph 90 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative.  ECF No. 701 at 46-48.  To the extent Paragraph 90 nonetheless still requires an answer relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 90 of the Complaint.  To the extent the allegations in Paragraph 90 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

91.     As to the first sentence of Paragraph 91 of the Complaint, Google admits that it acquired DoubleClick in 2008.  Google denies the allegations in Paragraph 91 in all other respects.

92.     Google understands the first sentence of Paragraph 92 of the Complaint to have been dismissed as to Daily Mail's Section 2 claim related to leveraging Google's search business. ECF No. 701 at 48-52.  To the extent Paragraph 92 nonetheless still requires an answer relevant to Daily Mail's remaining claims, Google responds as follows:  As to the third sentence of Paragraph 92 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations. Google denies the allegations in Paragraph 92 in all other respects.

93.     As to the first sentence of Paragraph 93 of the Complaint, Google admits the service previously known as AdWords is now known as Google Ads. As to the second sentence

of Paragraph 93 of the Complaint, Google admits that Google Ads buys on non-Google exchanges. As to the third and fourth sentences of Paragraph 93 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations about what DSPs advertisers and businesses use, and on that basis, denies the allegations in those sentences. Google denies the allegations in Paragraph 93 in all other respects.

94.      Google denies the allegations in Paragraph 94 of the Complaint.

95.      As to the fourth sentence of Paragraph 95 of the Complaint, Google admits that AdX generally earns a revenue share only when an impression is transacted through it.  Google denies the allegations in Paragraph 95 in all other respects.

96.      As to the second sentence of Paragraph 96 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in that sentence.  Google denies the allegations in Paragraph 96 in all other respects.

97.      As to the second and fourth sentences of Paragraph 97 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 96 in all other respects.

98.      Google denies the allegations in Paragraph 98 of the Complaint.

99.      As to the first sentence of Paragraph 99 of the Complaint, Google admits that the features previously available in DFP and AdX are available through Google Ad Manager. Google denies the allegations in Paragraph 99 in all other respects.

100.      As to the first sentence of Paragraph 100 of the Complaint, Google admits that Google Ad Manager offers ad exchange and ad serving functionality separately.  Google admits

the allegations in the fifth sentence of Paragraph 100 of the Complaint. As to the third and fourth

sentences of Paragraph 100 of the Complaint, Google lacks knowledge sufficient to form a belief

as to the truth or falsity of the allegations, and on that basis, denies the allegations in those

sentences. Google denies the allegations in Paragraph 100 in all other respects.

101.     Google denies the allegations in Paragraph 101 of the Complaint.

102.     Google denies the allegations in Paragraph 102 of the Complaint.

103.     As to the first sentence of Paragraph 103 of the Complaint, Google admits that

publishers can use header bidding to sell their ad inventory, including via ad exchanges. To the

extent the allegations in Paragraph 103 characterize or describe documents or other sources,

Google notes that such sources speak for themselves and denies any characterization or

description that is inconsistent therewith. Google denies the allegations in Paragraph 103 in all

other respects.

104.     Google denies the allegations in Paragraph 104 of the Complaint.

105.     Google denies the allegations in Paragraph 105 of the Complaint.

106.     As to the second sentence of Paragraph 106 of the Complaint, Google admits that

it retains a percentage of the clearing price of transactions on its ad exchange that varies based on

a number of factors including publisher and transaction type.  Google denies the allegations in

Paragraph 106 in all other respects.

107.     Google denies the allegations in Paragraph 107 of the Complaint.

108.     To the extent the allegations in Paragraph 108 characterize or describe documents

or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  As to the third and fourth sentences

of Paragraph 108,  Google lacks knowledge sufficient to form a belief as to the truth or falsity of

the allegations, and on that basis, denies the allegations. Google denies the allegations in Paragraph 108 in all other respects.

109.     Google understands Paragraph 109 to have been dismissed as to Daily Mail's Section 2 claim related to the encryption of user IDs. ECF No. 701 at 48. To the extent Paragraph 109 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 109 of the Complaint. To the extent the allegations in Paragraph 109 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

110.     Google understands Paragraph 110 to have been dismissed as to Daily Mail's Section 2 claim related to the encryption of user IDs. ECF No. 701 at 48. To the extent Paragraph 110 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 110 of the Complaint. To the extent the allegations in Paragraph 110 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

111.     Google understands Paragraph 111 to have been dismissed as to Daily Mail's Section 2 claim related to the encryption of user IDs. ECF No. 701 at 48. To the extent Paragraph 111 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with impressions to ensure user privacy. To the extent the allegations in Paragraph 111 characterize or describe documents or other sources, Google notes that such sources speak for

themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 111 of the Complaint in all other respects.

112.    Google understands Paragraph 112 to have been dismissed as to Daily Mail's Section 2 claim related to the encryption of user IDs. ECF No. 701 at 48. To the extent Paragraph 112 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: Google admits advertisers, publishers, and ad-tech tools can use identifiers (including hashed identifiers) for a number of purposes, including targeting ads, frequency capping, and tracking the effectiveness of campaigns. To the extent the allegations in Paragraph 112 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 112 of the Complaint in all other respects.

113.    Google understands Paragraph 113 to have been dismissed as to Daily Mail's Section 2 claim related to the encryption of user IDs. ECF No. 701 at 48. To the extent Paragraph 113 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: Google admits that encrypting user IDs enhances user privacy. To the extent the allegations in Paragraph 113 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 113 in all other respects.

114.    Google understands Paragraph 114 to have been dismissed as to Daily Mail's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 48. To the extent Paragraph 114 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 114 of the Complaint.

115.    Google admits that there are many ad exchanges and that ad exchanges may vary how they conduct their auctions, including whether the auction is a first-price or second-price auction and how the clearing price is determined in a second price auction. Google denies the allegations in Paragraph 115 in all other respects.

116.    As to the second sentence of Paragraph 116 of the Complaint, Google admits that some exchanges, including Google's ad exchange, currently operate first-price auctions. Google further admits that in first-price auctions, the winning bidder pays the price of its bid. Google denies the allegations in Paragraph 116 in all other respects.

117.    Google denies the allegations in Paragraph 117 of the Complaint.

118.    Google denies the allegations in Paragraph 118 of the Complaint.

119.    Google admits that it retains a percentage of the clearing price of transactions on its ad exchange that varies based on a number of factors including publisher and transaction type; and that its ad exchange moved to a first-price auction in 2019.  Google denies the allegations in Paragraph 119 in all other respects.

120.    Google denies the allegations in Paragraph 120 of the Complaint.

121.    Google denies the allegations in Paragraph 121 of the Complaint.

122.    To the extent the allegations in Paragraph 122 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 122 of the Complaint.

123.    Google denies the allegations in Paragraph 123 of the Complaint.

124.    To the extent the allegations in Paragraph 124 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  As to the third and fourth sentences of Paragraph 124, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences. Paragraph 124 also contains legal conclusions to which no response is required. Google denies the allegations in Paragraph 124 in all other respects.

125.    To the extent the allegations in Paragraph 125 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 125 in all other respects, including the characterization of "Last Look."

126.    Google admits with Enhanced Dynamic Allocation, Google's ad server calculated what is known as a temporary CPM for a guaranteed deal and that the temporary CPM could set the floor price in AdX; that AdX buyers would submit real-time bids to try to beat the AdX floor price; and that Google introduced a feature called "Optimized Competition," which could affect the temporary CPM for certain DFP line items.  Google denies the allegations in Paragraph 126 in all other respects.

127.    As to the second sentence of Paragraph 127 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in that sentence.  Google denies the allegations in Paragraph 127 in all other respects.

128.    Google denies the allegations in Paragraph 128 of the Complaint.

129.    To the extent the allegations in Paragraph 129 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 129 in all other respects.

130.    To the extent the allegations in Paragraph 130 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 130 in all other respects.

131.    As to the first sentence of Paragraph 131 of the Complaint, Google lacks knowledge sufficient to form a belief as to the truth or falsity of Daily Mail's alleged reliance on Google statements and its ability to "shut off" any Google ad tech feature, and on that basis, denies the allegations in that sentence.  Google denies the allegations in Paragraph 131 in all other respects.

132.    As to the third sentence of Paragraph 132 of the Complaint, Google admits that before 2019, Google's ad exchange ran a second-price auction.  As to the last sentence of Paragraph 132 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies those allegations. Google otherwise denies the allegations in Paragraph 132 of the Complaint in all other respects.

133.    Google denies the allegations in Paragraph 133 of the Complaint.

134.    Google denies the allegations in Paragraph 134 of the Complaint.

135.    Google admits that an auction feature known as Project Bernanke uses data about historical bids through Google Ads to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.  To the extent the allegations in Paragraph 135 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 135 in all other respects.

136.    As to the first and third sentences of Paragraph 136, Google admits the existence of a project named Bernanke. Google otherwise denies the allegations in Paragraph 136 of the Complaint in all other respects.

137.    As to the first sentence of Paragraph 137, Google admits that Global Bernanke was launched in 2015. Google denies the allegations in Paragraph 137 in all other respects.

138.    To the extent the allegations in Paragraph 138 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 138 in all other respects.

139.    To the extent the allegations in Paragraph 139 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the third sentence of Paragraph 139, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations. Google denies the allegations in Paragraph 139 in all other respects.

140.    To the extent the allegations in Paragraph 140 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 140 in all other respects.

141.    Google admits that a feature known as Project Bernanke uses data about its own historical bids and the results of those bids to optimize its future bidding and win additional

impressions.  To the extent the allegations in Paragraph 141 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 141 in all other respects.

142.    Google denies the allegations in Paragraph 142 of the Complaint.

143.    As to the first, second, and third sentences of Paragraph 143, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and on that basis denies those allegations. As to the rest of Paragraph 143, to the extent the allegations characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 143 in all other respects.

144.    As to the second sentence of Paragraph 144, Google admits that it supported a feature called Dynamic Revenue Share that allowed it to dynamically adjust the revenue share retained by Google. Google denies the allegations in Paragraph 144 in all other respects.

145.    Google denies the allegations in Paragraph 145 of the Complaint.

146.    Google denies the allegations in Paragraph 146 of the Complaint.

147.    Google denies the allegations in Paragraph 147 of the Complaint.

148.    Google denies the allegations in Paragraph 148 of the Complaint.

149.    As to the first sentence of Paragraph 149, Google admits that a version of Dynamic Revenue Share was marketed in 2016. To the extent the allegations in Paragraph 149 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations describe conduct by Daily Mail, Google lacks knowledge or information

sufficient to form a belief as to the truth of such allegations in Paragraph 149 and on that basis denies those allegations. Google denies the allegations in Paragraph 149 in all other respects.

150.    To the extent the allegations in Paragraph 150 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 150 in all other respects.

151.    As to the second sentence of Paragraph 151, Google admits that it supported a feature called Dynamic Revenue Share that allowed it to dynamically adjust the revenue share retained by Google. To the extent the allegations in Paragraph 151 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 151 in all other respects.

152.    As to the last sentence in Paragraph 152, Google lacks knowledge sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 152 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 152 in all other respects.

153.    As to the second and third sentences in Paragraph 153, Google lacks knowledge sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 153 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 153 in all other respects.

154.    Google admits that in October 2017, DFP started using the new mobile app impression counting method for Ad Exchange creatives filled through DFP, select Ad Manager creative formats, and Open Bidding. Google also admits that under the introduced method, Google counts mobile app impressions when one or more pixels of the ad creative is visible on a device's screen. Google denies the allegations in Paragraph 154 in all other respects.

155.    To the extent the allegations in Paragraph 155 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the second and third sentences of Paragraph 155 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 155 in all other respects.

156.    To the extent the allegations in Paragraph 156 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and on that basis denies those allegations in all other respects.

157.    Google denies the allegations in Paragraph 157 of the Complaint.

158.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and on that basis denies those allegations.

159.    To the extent the allegations in Paragraph 159 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 159 in all other respects.

160.    To the extent the allegations in Paragraph 160 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations characterize the actions of Daily Mail, Google lacks knowledge or information sufficient as to the truth of those allegations in Paragraph 160 and on that basis denies those allegations. Google denies the allegations in Paragraph 160 in all other respects.

161.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and on that basis denies those allegations.

162.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and on that basis denies those allegations.

163.    Google admits that it is not possible to apply a multiplier to bids received from AdX Buyers within the Ad Manager user interface. To the extent the allegations in Paragraph 163 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 163 in all other respects.

164.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and on that basis denies those allegations.

165.    Google understands Paragraph 165 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 165 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google admits that Exchange Bidding was later renamed Open Bidding; that it formally

launched Open Bidding in April 2018; and that Exchange Bidding permits non-Google exchanges to bid into auctions in Google Ad Manager. Google denies the allegations in Paragraph 165 in all other respects.

166.     Google understands Paragraph 166 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 166 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google notes that to the extent the allegations in Paragraph 166 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the third sentence in Paragraph 166, Google lacks knowledge sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 166 in all other respects.

167.     Google understands Paragraph 167 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 167 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google notes that as to the first sentence of Paragraph 167, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 167 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 167 in all other respects.

168.     Google understands Paragraph 168 to have been dismissed as to Daily Mail's Section 2 claim related to Google's Exchange Bidding initiative. ECF No. 701 at 48. To the

extent Paragraph 168 nonetheless still requires an answer as relevant to Daily Mail's remaining claims and to the extent the allegations in Paragraph 168 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 168 in all other respects.

169.    Google understands Paragraph 169 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 169 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 169.

170.    Google understands Paragraph 170 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 170 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, and to the extent the allegations in Paragraph 170 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the third sentence in Paragraph 170, Google lacks knowledge sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 170 in all other respects.

171.    Google understands Paragraph 171 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 171 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google notes that to the extent the allegations in Paragraph 171 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the fifth sentence in Paragraph

171, Google lacks knowledge sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 171 in all other respects.

172.     Google understands Paragraph 172 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 172 nonetheless still requires an answer as relevant to Daily Mail's remaining claims and to the extent the allegations in Paragraph 172 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 172 in all other respects.

173.     Google understands Paragraph 173 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 173 nonetheless still requires an answer as relevant to Daily Mail's remaining claims and to the extent the allegations in Paragraph 173 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 173 in all other respects.

174.     As to the first sentence of Paragraph 174 of the Complaint, Google admits that with the transition to a Unified First Price Auction, Google began providing minimum-bid-to-win data to bidders in Google's exchange.  Google denies the allegations in Paragraph 174 in all other respects.

175.     Google admits that DSPs may bid on multiple impressions from the same publisher in a given day. Google also admits that minimum-bid-to-win data  can be used by

DSPs and other buyers to optimize their bids in subsequent auctions. Google denies the allegations in Paragraph 175 in all other respects.

176.     Google denies the allegations in Paragraph 176 of the Complaint.

177.     To the extent the allegations in Paragraph 177 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 177 in all other respects.

178.     Google understands Paragraph 178 to have been dismissed as to Daily Mail's Section 2 claim related to Google's exchange bidding initiative. ECF No. 701 at 48. To the extent Paragraph 178 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 178 of the Complaint.

179.     As to the last sentence of Paragraph 179, Google admits the existence of projects named Poirot and Elmo. To the extent the allegations in Paragraph 179 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 179 in all other respects.

180.     Google admits that Poirot was designed to help DV360 advertisers win impressions for the lowest price possible.  Google denies the allegations in Paragraph 180 in all other respects.

181.     To the extent the allegations in Paragraph 181 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 181 in all other respects.

182.     Google denies the allegations in Paragraph 182 of the Complaint.

183.     To the extent the allegations in Paragraph 183 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 183 in all other respects.

184.     To the extent the allegations in Paragraph 184 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 184 in all other respects.

185.     Google denies the allegations in Paragraph 185 of the Complaint.

186.     As to the first sentence of Paragraph 186, Google admits that it has historically provided publishers with the ability to access information about ad auctions on their properties. As to the second sentence of Paragraph 186, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 186 in all other respects.

187.     As to the first sentence of Paragraph 187, Google admits that Google's transition to a Unified First Price Auction in AdX resulted in some changes to data fields available to publishers.  Google denies the allegations in Paragraph 187 in all other respects.

188.     Google denies the allegations in Paragraph 188 of the Complaint.

189.     Google denies the allegations in Paragraph 189 of the Complaint.

190.     Google denies the allegations in Paragraph 190 of the Complaint.

191.    As to the second sentence of Paragraph 191, Google admits that publishers can input line items in DFP and that those line items can correspond to dollar values. Google otherwise denies the allegations in Paragraph 191 in all other respects.

192.    As to the first sentence of Paragraph 192, Google admits that since well before header bidding became popular, DoubleClick for Publishers (and now Google Ad Manager) has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server. As to the second sentence of Paragraph 192, Google admits that it has received requests from time to time from publishers to increase the number of permitted line items to enable them to better implement their preferred header bidding scheme. To the extent the allegations in Paragraph 192 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 192 in all other respects.

193.    As to the first sentence of Paragraph 193, Google admits that since well before header bidding became popular, DoubleClick for Publishers (and now Google Ad Manager) has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server. To the extent the allegations in Paragraph 193 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 193 in all other respects.

194.    As to the third sentence of Paragraph 194, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 194 in all other respects.

195.    Google denies the allegations in Paragraph 195 of the Complaint.

196.     Google admits that prior to Google's transition to a Unified First Price Auction for Google Ad Manager (AdX), publishers could set price floors that applied only to specific exchanges or buyers.  Google denies the allegations in Paragraph 196 in all other respects.

197.     Google denies the allegations in Paragraph 197 of the Complaint.

198.     With respect to allegations in Paragraph 198 related to Daily Mail's actions, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and on that basis denies those allegations. Google denies the allegations in Paragraph 198 in all other respects.

199.     Google admits that a floor price can be too high or too low, and that publishers can consider a range of factors in setting an appropriate floor price for a given buyer or impression. As to sentences two through four of Paragraph 199 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 199 in all other respects.

200.     Google denies the allegations in Paragraph 200 of the Complaint.

201.     Google admits that, as a result of a simplification of Google Ad Manager's pricing rules functionality released in 2019, publishers are able to configure different floor prices for various advertisers, brands, ad formats, or ad slots, but that any such rules apply uniformly to all demand sources participating in Ad Manager's unified auction, including ad exchanges, networks, DSPs, or other buying tools. Google further admits that, as a result of the unified pricing rules, publishers can no longer set different floors for different buyers in Google Ad Manager's unified auction, including exchanges participating via Open Bidding, when bidding on the same inventory on behalf of the same advertiser; that a publisher can no longer use

Google Ad Manager to set different price floors for two bidders in the same auction if they are bidding on behalf of the same advertiser and that it refers to the 2019 revision of Google Ad Manager's pricing rules system as Unified Pricing Rules. Google denies the allegations in Paragraph 201 in all other respects.

202.     As to the third sentence of Paragraph 202, Google admits that the U.K. Competition & Markets Authority conducted an investigation into digital markets but denies Daily Mail's characterization of the investigation.  Google denies the allegations in Paragraph 202 in all other respects.

203.     Google denies the allegations in Paragraph 203.  Figure 2 purports to describe the share of Daily Mail impressions won across Google and non-Google exchanges, to which no response is required.  Figure 3 purports to show average CPMs over time with and without AdX integration, to which no response is required.  To the extent a response to either Figure is deemed necessary, Google denies that Figures 2 and 3 present a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figures 2 and 3 in Paragraph 203. Google denies the allegations in Paragraph 203 in all other respects.

204.     Google denies the allegations in Paragraph 204 of the Complaint.

205.     To the extent the allegations in Paragraph 205 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 205 in all other respects.

206.     Google denies the allegations in Paragraph 206 of the Complaint.

207.     To the extent the allegations in Paragraph 207 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 207 in all other respects.

208.     Google denies the allegations in Paragraph 208 of the Complaint.

209.     Google understands Paragraph 209 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 209 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 209 of the Complaint.

210.     Google understands Paragraph 210 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 210 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: As to the first sentence of Paragraph 210, Google admits that users access news and other content on mobile devices.  As to the second, third, and fourth sentences of Paragraph 210, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in those sentences and on that basis denies those allegations. Google denies the allegations in Paragraph 210 in all other respects.

211.     Google understands Paragraph 211 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 211 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google admits that Google's search results may display links in a "Top stories" section. Google also admits that on mobile devices, the Top Stories section is displayed in a carousel for mobile users that may be above other search results. Google denies the allegations in Paragraph 211 in all other respects.

212.     Google understands Paragraph 212 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 212 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google admits that at one point, only AMP-compliant articles were eligible for inclusion in the Top stories carousel on Google Search's mobile results pages.  Google admits that it registered ampproject.org; that the lead project developer and decision maker was a Google employee through 2018; and that control of the project has transitioned to the OpenJS Foundation. Google denies the allegations in Paragraph 212 in all other respects.

213.     Google understands Paragraph 213 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 213 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 213 of the Complaint.

214.     Google understands Paragraph 214 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 214 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: As to the first sentence of Paragraph 214, Google admits that AMP pages are not compatible with every type of header bidding implementation. As to the remaining allegations in Paragraph 214, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 214 and on that basis denies those allegations.

215.     Google understands Paragraph 215 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 215 nonetheless still requires an answer as relevant to Daily Mail's remaining

claims, Google lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations in Paragraph 215.

216.    Google understands Paragraph 216 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 208 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: As to the first sentence of Paragraph 208, Google admits that in 2018, AMP deprecated Delayed Fetch (including remote.html) and introduced Fast Fetch (including Real Time Config). As to the third sentence of Paragraph 208, Google admits that Google's Exchange Bidding was made generally available in 2018. Google denies the allegations in Paragraph 208 in all other respects.

217.    Google understands Paragraph 217 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 217 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 217 of the Complaint.

218.    Google understands Paragraph 218 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 218 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: As to the first sentence of Paragraph 218, Google admits that AMP pages are not compatible with every type of header bidding implementation and that AMP limits the number of parallel callouts allowed per-slot within Real Time Config. Google denies the allegations in Paragraph 218 in all other respects.

219.    Google understands Paragraph 219 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the

extent Paragraph 219 nonetheless still requires an answer as relevant to Daily Mail's remaining claims and to the extent the allegations in Paragraph 219 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google otherwise denies the allegations in Paragraph 219 of the Complaint.

220.     Google understands Paragraph 220 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 220 nonetheless still requires an answer as relevant to Daily Mail's remaining claims Google responds as follows: Google admits that AMP pages may have faster page load times than non-AMP pages. With respect to the fourth sentence, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations. Google denies the remaining allegations in Paragraph 220 in all other respects.

221.     Google understands Paragraph 221 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 221 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: As to the first sentence of Paragraph 221, Google admits that it periodically modifies the Google Search algorithm. Google denies the allegations in Paragraph 221 in all other respects.

222.     Google understands Paragraph 222 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 222 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: As to the second sentence of Paragraph 222, Google lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 222 in all other respects.

223.    Google understands Paragraph 223 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 223 requires an answer as relevant to Daily Mail's remaining claims and to the extent the allegations in Paragraph 223 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 223 in all other respects.

224.    Google understands Paragraph 224 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 224 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: As to the first sentence of Paragraph 224, Google admits that it updated its Search algorithm on June 3, 2019. As to the second, third, and fourth sentences of Paragraph 224, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 224 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 224 in all other respects.

225.    Google understands Paragraph 225 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 225 nonetheless still requires an answer as relevant to Daily Mail's remaining

claims, Google responds as follows: Figure 2 of Paragraph 17---not to be confused with Figure 2 previously mentioned in Paragraph 203---purports to describe traffic data from Google over a period of time in 2019, to which no response is required.  To the extent a response to Figure 2 is deemed necessary, Google denies that Figure 2 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 2 in Paragraph 225. Google denies the allegations in Paragraph 225 in all other respects.

226.    Google understands Paragraph 226 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 226 nonetheless still requires an answer as relevant to Daily Mail's remaining claims and to the extent the allegations in Paragraph 226 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the second sentence of Paragraph 226, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 226 in all other respects.

227.    Google understands Paragraph 227 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 227 nonetheless still requires an answer as relevant to Daily Mail's remaining claims and to the extent the allegations in Paragraph 227 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 227 in all other respects.

228.     Google understands Paragraph 228 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 228 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 228 of the Complaint.

229.     Google understands Paragraph 229 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 229 nonetheless still requires an answer as relevant to Daily Mail's remaining claims and to the extent the allegations in Paragraph 229 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 229 in all other respects.

230.     Google understands Paragraph 230 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 230 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 230.

231.     Google understands Paragraph 231 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 231 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: Figure 4 purports to describe the share of Daily Mail impressions won across Google and non-Google exchanges, to which no response is required. Figure 5 purports to show CPM prices on Google Ads and DV360 over a time period between 2019 and 2020, to which no response is required.  To the extent a response to either Figure is deemed necessary, Google denies that Figures 4 and 5 present a fair, accurate, and complete

description of the matters described therein and, on that basis, denies the allegations contained in Figures 4 and 5 in Paragraph 231. Google denies the allegations in Paragraph 231 in all other respects.

232.    Google understands Paragraph 232 to have been dismissed as to Daily Mail's Section 2 claims related to monopolization of the ad exchange market and Google leveraging its search business. ECF No. 701 at 47-52. To the extent Paragraph 232 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google responds as follows: As to the fourth sentence of Paragraph 232 of the Complaint, Google admits that, beginning in 2016, it introduced a feature then known as "Exchange Bidding," which was made generally available in 2018. To the extent Paragraph 232 describes conduct by Daily Mail, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 232 and on that basis denies those allegations. Google denies the allegations in Paragraph 232 in all other respects.

233.    Google understands Paragraph 233 to have been dismissed as to Daily Mail's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 233 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, and to the extent the allegations in Paragraph 233 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 233 in all other respects.

234.    Google denies the allegations in Paragraph 234 of the Complaint.

235.    Google denies the allegations in Paragraph 235 of the Complaint.

236.    Google denies the allegations in Paragraph 236 of the Complaint

237.     As to the second and fourth sentences of Paragraph 237 of the Complaint, Google admits that public sources suggest that OpenX closed its ad server in or around 2019. As to the fifth sentence of Paragraph 237 of the Complaint, Google admits that public sources suggest that Xandr was acquired by Microsoft in June 2022. Google denies the allegations in Paragraph 237 in all other respects.

238.     Google denies the allegations in Paragraph 238 of the Complaint.

239.     Google denies the allegations in Paragraph 239 of the Complaint.

240.     Google denies the allegations in Paragraph 240 of the Complaint.

241.     Google denies the allegations in Paragraph 241 of the Complaint.

242.     Google understands the second sentence of Paragraph 242 to have been dismissed as to Daily Mail's Section 2 claims related to Google leveraging its search business. ECF No. 701 at 48-52. To the extent Paragraph 242 nonetheless still requires an answer as relevant to Daily Mail's remaining claims, Google denies the allegations in Paragraph 242 in all other respects.

243.     Google denies the allegations in Paragraph 243 of the Complaint.

244.     Google denies the allegations in Paragraph 244 of the Complaint.

245.     Google denies the allegations in Paragraph 245 of the Complaint.

246.     Google denies the allegations in Paragraph 246 of the Complaint.

247.     Google denies the allegations in Paragraph 247 of the Complaint.

248.     Google denies the allegation in Paragraph 248 of the Complaint.

249.     Google restates its response to every allegation set forth above as if stated herein.

250.     Google denies the allegations in Paragraph 250 of the Complaint.

251.     Google denies the allegations in Paragraph 251 of the Complaint.

252.   Google denies the allegations in Paragraph 252 of the Complaint.

253.   Google denies the allegations in Paragraph 253 of the Complaint.

254.   Google restates its response to every allegation set forth above as if stated herein.

255.   Google denies the allegations in Paragraph 255 of the Complaint.

256.   Google denies the allegations in Paragraph 256 of the Complaint.

257.   Google denies the allegations in Paragraph 257 of the Complaint.

258.   Google restates its response to every allegation set forth above as if stated herein.

259.   Google denies the allegations in Paragraph 259 of the Complaint.

260.   Google denies the allegations in Paragraph 260 of the Complaint.

261.   Google denies the allegations in Paragraph 261 of the Complaint.

262.   Google denies the allegations in Paragraph 262 of the Complaint.

263.   Google restates its response to every allegation set forth above as if stated herein.

264.   Google denies the allegations in Paragraph 264 of the Complaint.

265.   Google denies the allegations in Paragraph 265 of the Complaint.

266.   Google denies the allegations in Paragraph 266 of the Complaint.

267.   Google denies the allegations in Paragraph 267 of the Complaint.

268.   Google denies the allegations in Paragraph 268 of the Complaint.

269.   Google denies the allegations in Paragraph 269 of the Complaint.

270.   Google restates its response to every allegation set forth above as if stated herein.

271.   As to the first sentence of Paragraph 271, Google admits that it maintains an office in New York City; and that a number of its employees concerned with display advertising work in New York City. As to the second sentence of Paragraph 271, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 related

to the location of Daily Mail's U.S. headquarters and on that basis denies those allegations. Google denies the allegations in Paragraph 271 in all other respects.

272.    To the extent the allegations in Paragraph 272 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 272 in all other respects.

273.    Google denies the allegations in Paragraph 273 of the Complaint.

274.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 and on that basis denies those allegations. Google denies the allegations in Paragraph 274 in all other respects.

275.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275 and on that basis denies those allegations. Google denies the allegations in Paragraph 275 in all other respects.

276.    Paragraph 276 contains legal conclusions to which no response is required. As to the third sentence, Google admits the existence of a project named Bernanke. Google denies the allegations in Paragraph 276 in all other respects.

277.    As to the last sentence of Paragraph 277, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 277 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 277 in all other respects.

278.     To the extent the allegations in Paragraph 278 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 278 in all other respects.

      a.   To the extent the allegations in Paragraph 278a characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 278a in all other respects.

      b.   To the extent the allegations in Paragraph 278b characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 278b in all other respects.

      c.   To the extent the allegations in Paragraph 278c characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 278c in all other respects.

      d.   To the extent the allegations in Paragraph 278d characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the second and third sentences of Paragraph 278d, Google

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 278d in all other respects.

e.  To the extent the allegations in Paragraph 278e characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 278e in all other respects.

f.  To the extent the allegations in Paragraph 278f characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 278f in all other respects.

g.  To the extent the allegations in Paragraph 278g characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 278g in all other respects.

279.  Paragraph 279 of the Complaint is blank.

280.  Google denies the allegations in Paragraph 280 of the Complaint.

281.  Google denies the allegations in Paragraph 281 of the Complaint.

282.  Google denies the allegations in Paragraph 282 of the Complaint.

283.  Google denies the allegations in Paragraph 283 of the Complaint.

284.    Google denies the allegations in Paragraph 284 of the Complaint.

285.    Google denies the allegations in Paragraph 285 of the Complaint.

286.    Google denies the allegations in Paragraph 286 of the Complaint.

287.    Google denies the allegations in Paragraph 287 of the Complaint.

288.    Paragraph 288 sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 288 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

289.    Paragraph 289 sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 289 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

      a.    Paragraph 289a sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 289a and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

      b.    Paragraph 289b sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 289b and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

      c.    Paragraph 289c sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google

denies the allegations contained in Paragraph 289c and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

d.  Paragraph 289d sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 289d and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

e.  Paragraph 289e sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 289e and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

f.  Paragraph 289f sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 289f and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

g.  Paragraph 289g sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 289g and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

h.  Paragraph 289h sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 289h and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

290.    To the extent a response is required to a jury demand, Google admits that the Daily Mail demands a trial by jury of all issues properly triable to a jury in this case, but otherwise denies the remaining allegations in Paragraph 290 of the Complaint.

## GOOGLE'S DEFENSES TO THE SECOND AMENDED COMPLAINT

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint. Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### FIRST DEFENSE

Daily Mail's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The relief sought by Daily Mail would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

### THIRD DEFENSE

Daily Mail's claims are barred, in whole or in part, because the Complaint fails to allege any legally cognizable relevant product or geographic market.

### FOURTH DEFENSE

Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

## FIFTH DEFENSE

Google's conduct alleged by Daily Mail in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

## SIXTH DEFENSE

Daily Mail's claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

## SEVENTH DEFENSE

Daily Mail's claims are barred, in whole or in part, because the Complaint fails to allege a cognizable antitrust injury.

## EIGHTH DEFENSE

Daily Mail's deceptive trade practices and common-law fraud claims are barred, in whole or in part, for failure to allege with particularity the circumstances constituting fraud or mistake and because Daily Mail has not and cannot establish a false, misleading, or deceptive act or practice.

## NINTH DEFENSE

Daily Mail's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

## TENTH DEFENSE

Daily Mail is not entitled to injunctive relief on conduct that occurred solely in the past.

### ELEVENTH DEFENSE

To the extent that Daily Mail seeks recovery of civil penalties, those civil penalties are limited by the applicable state statutes, the due process clause of the U.S. and applicable state Constitutions and, in addition, they must have a reasonable relation to the actual harm established.

### TWELFTH DEFENSE

Daily Mail's alleged damages were not legally caused by Google.

### THIRTEENTH DEFENSE

Daily Mail has failed to mitigate any alleged damages.

### FOURTEENTH DEFENSE

Daily Mail's claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTEENTH DEFENSE

Daily Mail's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH DEFENSE

Daily Mail's claims are barred because Daily Mail did not suffer any legally cognizable injury or damages as a result of Google's conduct.

### SEVENTEENTH DEFENSE

To the extent Daily Mail seeks relief on behalf of parties other than natural persons who are direct purchasers, Daily Mail's claims are barred in whole or in part because Daily Mail lacks standing to do so.

Google reserves the right to supplement its Answer and affirmative and additional defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for relief as follows:

a)  That the Complaint against Google be dismissed in its entirety, with prejudice;

b)  That Google be awarded its attorneys' fees and costs and expenses of the suit; and

c)  That the Court award such other and further relief to Google as the Court deems
just and proper.

Dated: June 11, 2024                    Respectfully submitted,

/s/ Craig M. Reiser
Craig M. Reiser
Daniel Bitton
Denise L. Plunkett
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
creiser@axinn.com
dbitton@axinn.com
dplunkett@axinn.com
eyung@axinn.com
chaws@axinn.com

Bradley Justus (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com
Caroline P. Boisvert (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 60103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants*
*Google LLC and Alphabet Inc.*