**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GOOGLE ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| GANNETT CO., INC. *Plaintiff,* -against- GOOGLE LLC and ALPHABET INC., *Defendants.* | Case No. 1:23-cv-5177 (PKC) |

**DEFENDANTS GOOGLE LLC'S AND**
**ALPHABET INC.'S ANSWER TO GANNETT'S AMENDED COMPLAINT**

## RESPONSE TO NUMBERED PARAGRAPHS

Defendants Google LLC and Alphabet Inc. (together, "Google") answer the Amended Complaint of Gannett Co., Inc. ("Gannett"), through its undersigned counsel, as set forth below. Google generally denies the legal claims asserted in Gannett's May 15, 2024 Amended Complaint, ECF No. 795 (the "Complaint"). Ad tech (the technology that powers digital advertising on publishers' sites) is an important part of a healthy web. Google's investments and innovations in this space help publishers fund their work, make it easy for large and small businesses to reach consumers, and supports the proliferation of creative and diverse content. Google's products foster competition for the benefit of publishers, advertisers, and consumers.

The section headings in the Complaint do not require a response. To the extent that the section headings contain allegations requiring a response, Google denies all such allegations.

1.      As to the first sentence of Paragraph 1 of the Complaint, Google admits that Gannett Co., Inc. owns USA TODAY and various local properties in the United States and the United Kingdom. Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 and on that basis denies those allegations.

2.      Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and on that basis denies those allegations.

3.      Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and on that basis denies those allegations.

4.      As to the first sentence of Paragraph 4 of the Complaint, Google admits that digital advertising is a means for news and other publications to earn revenue. Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 and on that basis denies those allegations.

5.      Google denies the allegations in Paragraph 5 of the Complaint.

6.      As to the second and third sentences in Paragraph 6 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 6 in all other respects.

7.      Google denies the allegations in Paragraph 7 of the Complaint.

8.      Google denies the allegations in Paragraph 8 of the Complaint.

9.      As to the first sentence of Paragraph 9 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. As to the second sentence of Paragraph 9 of the Complaint, Google admits that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression. As to the third sentence of Paragraph 9 of the Complaint, Google admits that it offers ad tech products such as DFP. Google denies the allegations in Paragraph 9 in all other respects.

10.     Google denies the allegations in Paragraph 10 of the Complaint.

11.     Google denies the allegations in Paragraph 11 of the Complaint.

12.     Google denies the allegations in Paragraph 12 of the Complaint.

13.     Google denies the allegations in Paragraph 13 of the Complaint.

14.     Google denies the allegations in Paragraph 14 of the Complaint.

15.     Google denies the allegations in Paragraph 15 of the Complaint.

16.     Google admits the existence of the proceedings referenced in Paragraph 16, but denies the characterizations of such proceedings. Google denies the allegations in Paragraph 16 of the Complaint.

a.  Google admits the existence of the proceedings referenced in Paragraph 16a, but denies the characterizations of such proceedings.  To the extent the allegations in Paragraph 16a characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 16a in all other respects.

b.  Google admits the existence of the proceedings referenced in Paragraph 16b, but denies the characterizations of such proceedings.  To the extent the allegations in Paragraph 16b characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 16b in all other respects.

c.  Google admits the existence of the proceedings referenced in Paragraph 16c, but denies the characterizations of such proceedings.  To the extent the allegations in Paragraph 16c characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 16c in all other respects.

d.  Google admits the existence of the proceedings referenced in Paragraph 16d, but denies the characterizations of such proceedings.  To the extent the allegations in Paragraph 16d characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 16d in all other respects.

e.  Google admits the existence of the proceedings referenced in Paragraph 16e, but denies the characterizations of such proceedings.  To the extent the allegations in Paragraph 16e characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 16e in all other respects.

f.  Google admits the existence of the proceedings referenced in Paragraph 16f, but denies the characterizations of such proceedings.  To the extent the allegations in Paragraph 16f characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 16f in all other respects.

g.  Google admits the existence of the proceedings referenced in Paragraph 16g, but denies the characterizations of such proceedings.  To the extent the allegations in Paragraph 16g characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 16g in all other respects.

17.     Google admits that Gannett purports to bring this action for compensation and injunctive relief.  Google denies the allegations in Paragraph 17 in all other respects and denies that this action serves to restore competition or is in the interest of news content readers.

5

18.     As to the second sentence of Paragraph 18 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google otherwise admits the remaining allegations in Paragraph 18 of the Complaint.

19.     Google admits it is a limited liability company organized and existing under the laws of the State of Delaware, and that it maintains a Mountain View, California business address; that it is a technology company that provides numerous internet-related products, including online advertising technologies; and that it maintains an office in New York City. Google denies the allegations in Paragraph 19 in all other respects.

20.     Google admits it is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company that is incorporated and existing under the laws of the State of Delaware and maintains a Mountain View, California business address; that Alphabet Inc. was incorporated in 2015; and that Alphabet Inc. and Google have the same Chief Executive Officer.  Google denies the allegations in Paragraph 20 in all other respects.

21.     Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google does not dispute federal subject matter jurisdiction.

22.     Google admits that Gannett's Complaint seeks to assert various claims under federal and state laws, but denies that Gannett has adequately stated a claim under any of those laws and denies that Google has violated any of those laws. To the extent the remaining allegations in Paragraph 22 do not amount to legal conclusions for which no response is required, Google denies the allegations in Paragraph 22 in all other respects.

23.     Google does not dispute—for purposes of this action only—the personal jurisdiction of this Court and admits that it is engaged in business in this District. Google denies the allegations in Paragraph 23 in all other respects.

24.     Google admits that venue is proper in the Southern District of New York for purposes of this particular action under Sections 4 and 12 of the Clayton Act, 15 U.S.C §§ 15 and 22 and 28 U.S.C. § 1391. Google admits that a number of its employees concerned with display advertising work in New York City and that Google maintains an office in New York City. Google denies the allegations in Paragraph 24 in all other respects.

25.     Google admits that it is engaged in interstate trade and commerce.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 26.

27.     As to the first three sentences in Paragraph 27 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 27 in all other respects.

28.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and on that basis denies those allegations.

29.     As to the first and second sentences of Paragraph 29 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations.  Google admits that online news content allows readers an additional way to access news in different formats.  Google denies the allegations in Paragraph 29 in all other respects.

30.     As to the first sentence of Paragraph 30 of the Complaint, Google admits that the internet provided new ways to advertise, including display advertising. Google denies the allegations in Paragraph 30 in all other respects, including the definition of "display ads."

31.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and on that basis denies those allegations.

32.     As to the first and second sentences of Paragraph 32 of the Complaint, Google admits that publishers can sell their inventory to advertisers both directly and indirectly; that "direct" sales are those in which a publisher sells its ad inventory directly to advertisers; and that such direct sales can include sales through the publisher's internal sales team.  As to the third sentence of Paragraph 32 of the Complaint, Google further admits that indirect sales can occur through "ad exchanges."  As to the fifth and sixth sentences of Paragraph 32 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations.  Google denies the allegations in Paragraph 32 in all other respects.

33.     As to the first sentence of Paragraph 33 of the Complaint, Google admits that indirect sales do not require prior negotiation between publishers and advertisers. As to the second sentence of Paragraph 33 of the Complaint, Google admits that publishers can sell advertising indirectly using ad exchanges or other tools. As to the third through fifth sentences, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 33 in all other respects.

34.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and on that basis denies those allegations.

35.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and on that basis denies those allegations.

36.     Google admits that publishers use a variety of products and services to help their display ad inventory, and that advertisers use a variety of products and services to help purchase display ad inventory.  Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies those allegations.

37.     As to the first sentence of Paragraph 37 of the Complaint, Google admits that some publishers sell their advertising inventory using "ad networks." Google denies the allegations in Paragraph 37 in all other respects.

38.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and on that basis denies those allegations.

39.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and on that basis denies those allegations.

40.     Google admits that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression; and that ad servers may receive browser cookies.  Google denies the allegations in Paragraph 40 in all other respects.

41.     Google denies the allegations in Paragraph 41 of the Complaint.

42.     As to the first and third sentences of Paragraph 42 of the Complaint, Google admits that advertisers may use demand-side platforms ("DSPs"); and that, depending on a user's settings, user IDs may be involved in bids for display inventory.  Google denies the allegations in Paragraph 42 in all other respects.

43.     Google admits that ad exchanges may collect bids and select and submit the winning bid to publisher ad servers; that bids may represent the price for a thousand impressions;

and that publishers can make money from ads in a variety of ways.  Google denies the allegations in Paragraph 43 in all other respects.

44.     Google admits that ad servers may make decisions, based on publisher inputs, on what ad to serve, including whether to serve a house ad. Google denies the allegations in Paragraph 44 in all other respects.

45.     Google admits that ad servers, ad exchanges, and DSPs may charge fees to publishers and advertisers for various services offered and that the method of calculating fees may vary among providers. Google admits that billing and payments may occur based on impressions, clicks, or other results. Google denies the allegations in Paragraph 45 in all other respects.

46.     Google denies the allegations in Paragraph 46 of the Complaint.  Figure 1 purports to show the interactions among advertisers, publishers, and ad tech products, to which no response is required; to the extent a response is deemed necessary, Google denies that Figure 1 presents a fair, accurate, and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 1 in Paragraph 46.

47.     As to the second and third sentences of Paragraph 47 of the Complaint, Google admits that it has offered ad tech products such as DFP.  Google denies the allegations in Paragraph 47 in all other respects.

48.     Google admits that it has offered ad tech products such as AdX, Google Ads, and DV360. Google denies the allegations in Paragraph 48 in all other respects.

49.     Google admits that Gannett and other publishers have used DFP, AdX, or both. As to the third and fourth sentences of Paragraph 49 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on

that basis denies those allegations. Google denies the allegations in Paragraph 49 in all other respects.

50.     As to the second through fourth sentences of Paragraph 50 of the Complaint, Google admits that it acquired ad server and ad exchange products as part of its 2008 acquisition of DoubleClick; and that Google also acquired AdMeld, AdMob, and Adometry.  Google denies the allegations in Paragraph 50 in all other respects.

51.     As to the first and second sentences of Paragraph 51 of the Complaint, Google admits that it retains a percentage of the clearing price of transactions on its ad exchange and in some cases charges a fee for the use of its ad server, each of which varies based on a number of factors, including customer and transaction type.  As to the third sentence of Paragraph 51 of the Complaint, Google admits that it charges a fee for certain DSP services.  Google denies the allegations in Paragraph 51 in all other respects.

52.     As to the first sentence in Paragraph 52 of the Complaint, Google admits that AdX generally earns a revenue share only when an impression is transacted through it. Google denies the allegations in Paragraph 52 in all other respects.

53.     Google admits the allegations in the first sentence of Paragraph 53 of the Complaint. Google denies the allegations in Paragraph 53 in all other respects.

54.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in Paragraph 54 of the Complaint.

55.     To the extent the allegations in Paragraph 55 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 55 of the Complaint in all other respects.

56.     Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue.  Google admits that publishers could configure an estimated or contracted CPM for any other non-guaranteed demand source, including exchanges or networks, and that many publishers use and used an exchange's historical performance when determining the expected value to configure for that exchange for a particular ad impression.  Google denies the allegations in Paragraph 56 in all other respects.

57.     As to the first through third sentences of Paragraph 57 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences.  As to the fifth sentence of Paragraph 57 of the Complaint, Google admits that some publishers set value CPMs in DFP based on a demand source's historical performance. Google denies the allegations in Paragraph 57 in all other respects.

58.     To the extent the allegations in Paragraph 58 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 58 in all other respects.

59.     As to the first and second sentences of Paragraph 59 of the Complaint, Google admits that publishers can implement header bidding and that header bidding can enable bid requests to multiple exchanges and other demand sources.  As to the third through fourth

sentences of Paragraph 59 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences. Google denies the allegations in Paragraph 59 in all other respects.

60.     As to the first sentence of Paragraph 60 of the Complaint, Google admits that some firms offer a server-side form of header bidding, in which certain auction functionality occurs on an external server.  As to the second sentence of Paragraph 60 of the Complaint, Google admits that Exchange Bidding was later renamed Open Bidding; and that it designed Exchange Bidding to solve many of the problems associated with header bidding. Google denies the allegations in Paragraph 60 in all other respects.

61.     As to the first and second sentences of Paragraph 61 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences.  To the extent the allegations in Paragraph 61 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

62.     As to the fourth sentence in Paragraph 62 of the Complaint, Google admits that some non-Google parties have used "Last Look" to refer to the way some publisher configurations call AdX after calling header bidding.  Google denies the allegations in Paragraph 62 in all other respects.

63.     As to the first sentence of Paragraph 63 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in that sentence.  Google denies the allegations in Paragraph 63 in all other respects.

64.     To the extent the allegations in Paragraph 64 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 64 in all other respects.

65.     As to the first sentence of Paragraph 65 of the Complaint, Google admits that it shares data relating to the price an auction participant would have had to bid to win a particular auction with bidders that submitted bids to Google Ad Manager for a given auction (including but not limited to exchanges in Google's Open Bidding program), at the conclusion of such auction.  Google denies the allegations in Paragraph 65 in all other respects.

66.     Google denies the allegations in Paragraph 66 of the Complaint.

67.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Complaint, and on that basis, denies the allegations in those sentences.

68.     As to the third sentence of Paragraph 68 of the Complaint, Google admits that its ad exchange supported a feature called Dynamic Revenue Share ("DRS") and that, if enabled by the publisher, DRS dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.  As to the fifth sentence of Paragraph 68 of the Complaint, Google admits that Project Bernanke uses data about historical bids through Google Ads (comparable to data maintained by other buying tools) to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools (or go unfilled).  Google denies the allegations in Paragraph 68 in all other respects.

69.     Google denies the allegations in Paragraph 69 of the Complaint.

70.     The first sentence of Paragraph 70 is a legal conclusion to which no response is required. As to the second sentence of Paragraph 70 of the Complaint, Google admits that publisher ad servers are inventory management systems that publishers use to manage their online display advertising inventory, including but not limited inventory on desktops, mobile websites, mobile applications, and other digital devices.  As to the third sentence of Paragraph 70 of the Complaint, Google also admits that publisher ad servers provide the listed features, to varying degrees and in varying ways. Google denies the allegations in Paragraph 70 in all other respects.

71.     As to the first sentence of Paragraph 71 of the Complaint, Google admits that many publishers use one ad server at a time to manage their web display inventory, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether "most" publishers do so, and on that basis, denies the remaining allegations in this sentence. Google denies the allegations in Paragraph 71 in all other respects.

72.     Google admits that ad servers generally offer different functionalities than ad exchanges, ad networks, or ad buying tools, even if they are frequently integrated with such other tools.  As to the last sentence of Paragraph 72 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 72 in all other respects.

73.     Google denies the allegations in Paragraph 73 of the Complaint.

74.     To the extent the allegations in Paragraph 74 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 74 in all other respects.

75.     As to the second sentence of Paragraph 75 the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of what is "viable" for Gannett, and on that basis, denies the allegations in that sentence.  Google denies the allegations in Paragraph 75 in all other respects.

76.     Paragraph 76 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that a it may be appropriate to assess market shares within the United States, but denies that ad servers are a relevant antitrust market. Google denies the allegations in Paragraph 76 in all other respects.

77.     As to the fourth sentence of Paragraph 77 of the Complaint, Google admits that since 2008, some ad server providers have stopped offering ad server services.  Google denies the allegations in Paragraph 77 in all other respects.

78.     To the extent the allegations in Paragraph 78 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 78 of the Complaint.

79.     Google denies the allegations in Paragraph 79 of the Complaint.

80.     As to the second and third sentences of Paragraph 80 of the Complaint, Google admits that there may be some costs in replacing one publisher ad server with another for the same webpage, depending in part on a publisher's existing configuration. As to the remainder of the third sentence in Paragraph 80 of the Complaint, Google lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 80 in all other respects.

81.     Google denies the allegations in Paragraph 81 of the Complaint.

82.     Paragraph 82 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that advertisers can purchase publishers' ad inventory using various ad tech products.  Google denies the allegations in Paragraph 82 in all other respects.

83.     As to the third and fifth sentences of Paragraph 83 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about how "most" large advertisers buy inventory and Gannett's own inventory sales, and on that basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 83 in all other respects.

84.     As to the second sentence of Paragraph 84 of the Complaint, Google admits that buying or selling inventory directly may involve a sales team or automated sales interfaces; and that publishers and advertisers may (but need not) rely on internal staff to manage their relationships.  As to the third sentence of Paragraph 84 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 84 in all other respects.

85.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 and on that basis denies those allegations.

86.     To the extent the allegations in Paragraph 86 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 86 in all other respects.

87.     Paragraph 87 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges are a relevant antitrust market. Google otherwise denies the allegations in Paragraph 87 of the Complaint.

88.     Google denies the allegations in Paragraph 88 of the Complaint.

89.     As to the third sentence of Paragraph 89 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis, denies those allegations.  Google denies the allegations in Paragraph 89 in all other respects.

90.     Google denies the allegations in Paragraph 90 of the Complaint.

91.     To the extent the allegations in Paragraph 91 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 91 of the Complaint.

92.     Google denies the allegations in Paragraph 92 of the Complaint.

93.     Google denies the allegations in Paragraph 93 of the Complaint.

94.     Google understands Paragraph 94 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55.  Paragraph 94 also contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Google admits that search engines and other sites allow users to find responsive

information by entering queries.  Google denies the allegations in Paragraph 94 in all other respects.

95.     Google understands Paragraph 95 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55.  To the extent Paragraph 95 nonetheless still requires an answer relevant to Gannett's remaining claims, Google admits that consumers use search engines and other sites to perform queries. Google denies the allegations in Paragraph 95 in all other respects.

96.     Google understands Paragraph 96 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55. To the extent Paragraph 96 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 96 of the Complaint.

97.     Google understands Paragraph 97 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55. To the extent Paragraph 97 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 97 of the Complaint.

98.     Google understands Paragraph 98 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55. To the extent Paragraph 98 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 98 of the Complaint.

99.     Google understands Paragraph 99 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55. To the extent Paragraph 99 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 99 of the Complaint.

100.     Google understands Paragraph 100 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55. To the extent Paragraph 100 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 100 of the Complaint.

101.     Google understands Paragraph 101 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55. To the extent Paragraph 101 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 101 of the Complaint.

102.     As to the first sentence of Paragraph 102 of the Complaint, Google admits that publishers can use ad servers to auction off ad space.  Google denies the allegations in Paragraph 102 in all other respects.

103.     Google denies the allegations in Paragraph 103 of the Complaint.

104.     Google denies the allegations in Paragraph 104 of the Complaint.

105.     As to the second and third sentences of Paragraph 105 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 105 in all other respects.

106.     Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in Paragraph 106 of the Complaint.

107.     Google understands Paragraph 107 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market .  ECF No. 701 at 53-54.  To the extent Paragraph 107 nonetheless still requires an answer relevant to Gannett's remaining claims,

Google denies the allegations in Paragraph 107 of the Complaint.  To the extent the allegations in Paragraph 107 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

108.    As to the first sentence of Paragraph 108 of the Complaint, Google admits that it acquired DoubleClick in 2008.  Google denies the allegations in Paragraph 108 in all other respects.

109.    Google understands Paragraph 109 to have been dismissed as to Gannett's Section 2 claim related to leveraging Google's search business.  ECF No. 701 at 55. To the extent Paragraph 109 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 109 in all other respects.  As to the third sentence of Paragraph 109 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in that sentence.

110.    As to the first sentence of Paragraph 110 of the Complaint, Google admits the service previously known as AdWords is now known as Google Ads. As to the second sentence of Paragraph 110 of the Complaint, Google admits that Google Ads buys on non-Google exchanges. As to the third and fourth sentences of Paragraph 110 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about what DSPs advertisers and businesses use, and on that basis, denies the allegations in those sentences. Google denies the allegations in Paragraph 110 in all other respects.

111.    As to the first two sentences of Paragraph 111 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

therein and on that basis denies those allegations. Google denies the allegations in Paragraph 111 in all other respects.

112.    Google denies the allegations in Paragraph 112 of the Complaint.

113.    As to the fourth sentence of Paragraph 113 of the Complaint, Google admits that AdX generally earns a revenue share only when an impression is transacted through it.  Google denies the allegations in Paragraph 113 in all other respects.

114.    As to the second sentence of Paragraph 114 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in that sentence.  Google denies the allegations in Paragraph 114 in all other respects.

115.    As to the second sentence of Paragraph 115 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 115 in all other respects.

116.    Google denies the allegations in Paragraph 116 of the Complaint.

117.    As to the first and third sentences of Paragraph 117 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences.  Google denies the allegations in Paragraph 117 in all other respects.

118.    Google denies the allegations in Paragraph 118 of the Complaint.

119.    Google denies the allegations in Paragraph 119 of the Complaint.

120.     As to the first sentence of Paragraph 120 of the Complaint, Google admits that the features previously available in DFP and AdX are available through Google Ad Manager. Google denies the allegations in Paragraph 120 in all other respects.

121.     As to the first sentence of Paragraph 121 of the Complaint, Google admits that Google Ad Manager offers ad exchange and ad serving functionality separately.  Google admits the allegations in the fifth sentence of Paragraph 121 of the Complaint. As to the third and fourth sentences of Paragraph 121 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in those sentences. Google denies the allegations in Paragraph 121 in all other respects.

122.     Google denies the allegations in Paragraph 122 of the Complaint.

123.     Google denies the allegations in Paragraph 123 of the Complaint.

124.     As to the first sentence of Paragraph 124 of the Complaint, Google admits that publishers can use header bidding to sell their ad inventory, including via ad exchanges. To the extent the allegations in Paragraph 124 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 124 in all other respects.

125.     Google denies the allegations in Paragraph 125 of the Complaint.

126.     Google denies the allegations in Paragraph 126 of the Complaint.

127.     As to the second sentence of Paragraph 127 of the Complaint, Google admits that it retains a percentage of the clearing price of transactions on its ad exchange that varies based on

a number of factors including publisher and transaction type.  Google denies the allegations in Paragraph 127 in all other respects.

128.    Google denies the allegations in Paragraph 128 of the Complaint.

129.    To the extent the allegations in Paragraph 129 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the third and fourth sentences of Paragraph 129,  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations. Google denies the allegations in Paragraph 129 in all other respects.

130.    As for the first sentence of Paragraph 130, Google lacks knowledge or information sufficient to form a belief as to the truth of such allegations in Paragraph 130 and on that basis denies those allegations. To the extent the allegations in Paragraph 130 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 130 in all other respects.

131.    To the extent Paragraph 131 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 131 of the Complaint. To the extent the allegations in Paragraph 131 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

132.    Google understands Paragraph 132 to have been dismissed as to Gannett's Section 2 claim related to encryption of user IDs. ECF No. 701 at 54. To the extent Paragraph 132 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the

allegations in Paragraph 132 of the Complaint.  To the extent the allegations in Paragraph 132 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

133.   Google understands Paragraph 133 to have been dismissed as to Gannett's Section 2 claim related to encryption of user IDs. ECF No. 701 at 54. To the extent Paragraph 133 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 133 in all other respects.

134.   Google understands Paragraph 134 to have been dismissed as to Gannett's Section 2 claim related to encryption of user IDs. ECF No. 701 at 54. To the extent Paragraph 134 nonetheless still requires an answer as relevant to Gannnett's remaining claims, Google responds as follows: Google admits advertisers, publishers, and ad-tech tools can use identifiers (including hashed identifiers) for a number of purposes, including targeting ads, frequency capping, and tracking the effectiveness of campaigns. To the extent the allegations in Paragraph 134 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the first and fourth sentences of Paragraph 134 suggest any impact on Gannett, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 134 in all other respects.

135.   Google understands Paragraph 135 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market . ECF No. 701 at 54. To the extent

Paragraph 135 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google responds as follows: Google admits that encrypting user IDs enhances user privacy. To the extent the allegations in Paragraph 135 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 135 in all other respects.

136.     Google understands Paragraph 136 to have been dismissed as to Gannett's Section 2 claim related to encrypting user IDs. ECF No. 701 at 54. To the extent Paragraph 136 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 136 of the Complaint.

137.     Google understands Paragraph 137 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 54. To the extent Paragraph 137 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 137 of the Complaint.

138.     Google admits that there are many ad exchanges and that ad exchanges may vary how they conduct their auctions, including whether the auction is a first-price or second-price auction and how the clearing price is determined in a second price auction. Google denies the allegations in Paragraph 138 in all other respects.

139.     As to the second sentence of Paragraph 139 of the Complaint, Google admits that some exchanges, including Google's ad exchange, currently operate first-price auctions. Google further admits that in first-price auctions, the winning bidder pays the price of its bid. Google denies the allegations in Paragraph 139 in all other respects.

140.     Google denies the allegations in Paragraph 140 of the Complaint.

141.    Google denies the allegations in Paragraph 141 of the Complaint.

142.    Google admits that it retains a percentage of the clearing price of transactions on its ad exchange that varies based on a number of factors including publisher and transaction type; and that its ad exchange moved to a first-price auction in 2019.  Google denies the allegations in Paragraph 142 in all other respects.

143.    Google denies the allegations in Paragraph 143 of the Complaint.

144.    Google denies the allegations in Paragraph 144 of the Complaint.

145.    To the extent the allegations in Paragraph 145 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 145 of the Complaint.

146.    Google denies the allegations in Paragraph 146 of the Complaint.

147.    To the extent the allegations in Paragraph 147 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 147 in all other respects.

148.    To the extent the allegations in Paragraph 148 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 148 in all other respects, including the characterization of "Last Look."

149.    Google admits with Enhanced Dynamic Allocation, Google's ad server calculated what is known as a temporary CPM for a guaranteed deal and that the temporary CPM could set the floor price in AdX; that AdX buyers would submit real-time bids to try to beat the AdX floor

price; and that Google introduced a feature called "Optimized Competition," which could affect the temporary CPM for certain DFP line items.  Google denies the allegations in Paragraph 149 in all other respects.

150.    Google denies the allegations in Paragraph 150 of the Complaint.

151.    Google denies the allegations in Paragraph 151 of the Complaint.

152.    Google denies the allegations in Paragraph 152 of the Complaint.

153.    To the extent the allegations in Paragraph 153 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 153 in all other respects.

154.    To the extent the allegations in Paragraph 154 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 154 in all other respects.

155.    As to the first sentence of Paragraph 155 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of Gannett's alleged reliance on Google statements. To the extent the allegations in Paragraph 155 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 155 in all other respects.

156.    To the extent the allegations in Paragraph 156 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 156 in all other respects.

157.    To the extent the allegations in Paragraph 157 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 157 in all other respects.

158.    To the extent the allegations in Paragraph 158 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the second and fourth sentences characterize actions taken by or information known to Gannett, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and on that basis denies them. Google denies the allegations in Paragraph 158 in all other respects.

159.    As to the first sentence of Paragraph 159 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of Gannett's ability to "shut off" any Google ad tech feature, and on that basis, denies the allegations in that sentence. Google denies the allegations in Paragraph 159 in all other respects.

160.    As to the third sentence of Paragraph 160 of the Complaint, Google admits that before 2019, Google's ad exchange ran a second-price auction. To the extent the allegations in Paragraph 160 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google otherwise denies the allegations in Paragraph 160 of in all other respects.

161.     As to the first sentence of Paragraph 161 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations.  As to the third sentence in Paragraph 161 of the Complaint, Google admits the existence of a project named Bernanke. Google denies the allegations in Paragraph 161 in all other respects.

162.     Google denies the allegations in Paragraph 162 of the Complaint.

163.     Google denies the allegations in Paragraph 163 of the Complaint.

164.     Google denies the allegations in Paragraph 164 of the Complaint.

165.     Google admits that an auction feature known as Project Bernanke uses data about historical bids through Google Ads to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.  To the extent the allegations in Paragraph 165 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 165 in all other respects.

166.     Google admits the existence of a project named Bernanke. Google denies the allegations in Paragraph 166 in all other respects.

167.     Google denies the allegations in Paragraph 167 of the Complaint

168.     As to the first sentence of Paragraph 168, Google admits that Global Bernanke was launched in 2015. Google denies the allegations in Paragraph 168 in all other respects.

169.     To the extent the allegations in Paragraph 169 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 169 of the Complaint in all other respects.

170.    To the extent the allegations in Paragraph 170 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the third sentence of Paragraph 170, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations. Google denies the allegations in Paragraph 170 in all other respects.

171.    Google denies the allegations in Paragraph 171 of the Complaint.

172.    Google denies the allegations in Paragraph 172 of the Complaint.

173.    Google admits that a feature known as Project Bernanke uses data about its own historical bids and the results of those bids to optimize its future bidding and win additional impressions.  To the extent the allegations in Paragraph 173 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 173 in all other respects.

174.    As to the rest of Paragraph 174, to the extent the allegations characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 174 in all other respects.

175.    As to the second sentence of Paragraph 175, Google admits that it supported a feature called Dynamic Revenue Share that allowed it to dynamically adjust the revenue share retained by Google. Google denies the allegations in Paragraph 175 in all other respects.

176.     Google denies the allegations in Paragraph 176 of the Complaint.

177.     To the extent the allegations in Paragraph 177 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 177 in all other respects.

178.     Google denies the allegations in Paragraph 178 of the Complaint.

179.     Google denies the allegations in Paragraph 179 of the Complaint.

180.     Google admits that a version of Dynamic Revenue Share was marketed in 2016. Google denies the allegations in Paragraph 180 in all other respects.

181.     To the extent the allegations in Paragraph 181 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations describe conduct by Gannett, Google lacks knowledge or information sufficient to form a belief as to the truth of such allegations in Paragraph 181 and on that basis denies those allegations. Google otherwise denies the allegations in Paragraph 181 of the Complaint in all other respects.

182.     To the extent the allegations in Paragraph 182 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google otherwise denies the allegations in Paragraph 182 of the Complaint.

183.     As to the last sentence in Paragraph 183, Google lacks knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 183 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 183 in all other respects.

184.     As to the second and third sentences in Paragraph 184, Google lacks knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis denies those allegations. To the extent the allegations in Paragraph 184 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 184 in all other respects.

185.     Google understands Paragraph 185 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market . ECF No. 701 at 53-54. To the extent Paragraph 185 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google admits that Exchange Bidding was later renamed Open Bidding; that it formally launched Open Bidding in April 2018; and that Exchange Bidding permits non-Google exchanges to bid into auctions in Google Ad Manager. Google denies the allegations in Paragraph 185 in all other respects.

186.     Google understands Paragraph 186 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 53-54. To the extent Paragraph 186 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 186.

187.     Google understands Paragraph 187 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 53-54. To the extent Paragraph 187 nonetheless still requires an answer as relevant to Gannett's remaining claims and to the extent the allegations in Paragraph 187 characterize or describe documents or

other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 187 in all other respects.

188.     Google understands Paragraph 188 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 53-54. To the extent Paragraph 188 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 188.

189.     Google understands Paragraph 189 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 53-54. To the extent Paragraph 189 nonetheless still requires an answer as relevant to Gannett's remaining claims, and to the extent the allegations in Paragraph 189 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 189 in all other respects.

190.     Google understands Paragraph 190 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 53-54. To the extent Paragraph 190 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google responds as follows: To the extent the allegations in Paragraph 190 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the allegations in the fourth sentence of Paragraph 190, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 190 in all other respects.

191.    Google understands Paragraph 191 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 53-54. To the extent Paragraph 191 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google responds as follows: To the extent the allegations in Paragraph 191 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 191 characterize actions taken by Gannett, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 191 in all other respects.

192.    Google understands Paragraph 192 to have been dismissed as to Gannett's Section 2 claim related to monopolization of the ad exchange market. ECF No. 701 at 53-54. To the extent Paragraph 192 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google responds as follows: To the extent the allegations in Paragraph 192 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 192 characterize actions taken by Gannett, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 192 in all other respects.

193.    Google understands Paragraph 193 to have been dismissed as to Gannett's Section 2 claim related to  monopolization of the ad exchange market. ECF No. 701 at 53-54. To the extent Paragraph 193 nonetheless still requires an answer as relevant to Gannett's remaining

claims, Google responds as follows: To the extent the allegations in Paragraph 193 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 193 characterize actions taken by Gannett, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 193 in all other respects.

194.     To the extent the allegations in Paragraph 194 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 194 in all other respects.

195.     To the extent the allegations in Paragraph 195 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 195 in all other respects.

196.     As to the first sentence of Paragraph 196 of the Complaint, Google admits that with the transition to a Unified First Price Auction, Google began providing minimum-bid-to-win data to bidders in Google's exchange.  Google denies the allegations in Paragraph 196 in all other respects.

197.     Google admits that DSPs may bid on multiple impressions from the same publisher in a given day. Google also admits that minimum-bid-to-win data  can be used by DSPs and other buyers to optimize their bids in subsequent auctions. Google denies the allegations in Paragraph 197 in all other respects.

198.    To the extent the allegations in Paragraph 198 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 198 in all other respects.

199.    Google denies the allegations in Paragraph 199 of the Complaint.

200.    As to the last sentence of Paragraph 200, Google admits the existence of projects named Poirot and Elmo. To the extent the allegations in Paragraph 200 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 200 in all other respects.

201.    Google admits that Poirot was designed to help DV360 advertisers win impressions for the lowest price possible.  Google denies the allegations in Paragraph 201 of the Complaint in all other respects.

202.    To the extent the allegations in Paragraph 202 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 202 in all other respects.

203.    To the extent the allegations in Paragraph 203 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 203 in all other respects.

204.    To the extent the allegations in Paragraph 204 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 204 in all other respects.

205.    Google denies the allegations in Paragraph 205 of the Complaint.

206.    As to the first sentence of Paragraph 206, Google admits that it has historically provided publishers with the ability to access information about ad auctions on their properties. As to the second sentence of Paragraph 206, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 206 in all other respects.

207.    As to the first sentence of Paragraph 207, Google admits that Google's transition to a Unified First Price Auction in AdX resulted in some changes to data fields available to publishers.  Google denies the allegations in Paragraph 207 in all other respects.

208.    Google denies the allegations in Paragraph 208 of the Complaint.

209.    Google denies the allegations in Paragraph 209 of the Complaint.

210.    Google understands Paragraph 210 to have been dismissed as to Gannett's Section 2 claim related to line-item capping. ECF No. 701 at 61-62.  To the extent Paragraph 210 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in paragraph 210 of the Complaint.

211.    Google understands Paragraph 211 to have been dismissed as to Gannett's Section 2 claim related to line-item capping. ECF No. 701 at 61-62. To the extent Paragraph 211 nonetheless still requires an answer relevant to Gannett's remaining claims, Google responds as follows: As to the second sentence of Paragraph 211, Google admits that publishers can input line items in DFP and that those line items can correspond to dollar values. Google otherwise denies the allegations in Paragraph 211 in all other respects.

212.    Google understands Paragraph 212 to have been dismissed as to Gannett's Section 2 claim related to line-item capping. ECF No. 701 at 61-62. To the extent Paragraph 212 nonetheless still requires an answer relevant to Gannett's remaining claims, Google responds as follows: As to the first sentence of Paragraph 212, Google admits that since well before header bidding became popular, DoubleClick for Publishers (and now Google Ad Manager) has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server.  To the extent the allegations in Paragraph 212 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 212 in all other respects.

213.    Google understands Paragraph 213 to have been dismissed as to Gannett's Section 2 claim related to line-item capping. ECF No. 701 at 61-62. To the extent Paragraph 213 nonetheless still requires an answer relevant to Gannett's remaining claims, Google responds as follows: As to the first sentence of Paragraph 213, Google admits that since well before header bidding became popular, DoubleClick for Publishers (and now Google Ad Manager) has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server. To the extent the allegations in Paragraph 213 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 213 in all other respects.

214.    Google understands Paragraph 214 to have been dismissed as to Gannett's Section 2 claim related to line-item capping. ECF No. 701 at 61-62. To the extent Paragraph 214

nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 214 of the Complaint.

215.    Google understands Paragraph 215 to have been dismissed as to Gannett's Section 2 claim related to line-item capping. ECF No. 701 at 61-62. To the extent Paragraph 215 nonetheless still requires an answer relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 215 of the Complaint.

216.    Google admits that prior to Google's transition to a Unified First Price Auction for Google Ad Manager (AdX), publishers could set price floors that applied only to specific exchanges or buyers. Google denies the allegations in Paragraph 216 in all other respects.

217.    Google denies the allegations in Paragraph 217 of the Complaint.

218.    Google admits that a floor price can be too high or too low, and that publishers can consider a range of factors in setting an appropriate floor price for a given buyer or impression. As to sentences two through five of Paragraph 218 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 218 in all other respects.

219.    As to the fourth and fifth sentences of Paragraph 219 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations in those sentences. Google otherwise denies the allegations in Paragraph 219 of the Complaint.

220.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 220 and on that basis denies those allegations.

221.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 221 and on that basis denies those allegations.

222.    As to the sixth and seventh sentences of Paragraph 222 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein and on that basis denies those allegations. Google denies the allegations in Paragraph 222 in all other respects.

223.    Google admits that, as a result of a simplification of Google Ad Manager's pricing rules functionality released in 2019, publishers are able to configure different floor prices for various advertisers, brands, ad formats, or ad slots, but that any such rules apply uniformly to all demand sources participating in Ad Manager's unified auction, including ad exchanges, networks, DSPs, or other buying tools. Google further admits that, as a result of the unified pricing rules, publishers can no longer set different floors for different buyers in Google Ad Manager's unified auction, including exchanges participating via Open Bidding, when bidding on the same inventory on behalf of the same advertiser; that a publisher can no longer use Google Ad Manager to set different price floors for two bidders in the same auction if they are bidding on behalf of the same advertiser and that it refers to the 2019 revision of Google Ad Manager's pricing rules system as Unified Pricing Rules. Google denies the allegations in Paragraph 223 in all other respects.

224.    As to the third sentence of Paragraph 224, Google admits that the U.K. Competition & Markets Authority conducted an investigation into digital markets but denies Gannett's characterization of the investigation.  Google denies the allegations in Paragraph 224 in all other respects.

225.     As to the second sentence of Paragraph 225 of the Complaint, Google denies that Google Ads is a source of low quality advertising. As to the remaining allegations in Paragraph 225, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 225 and on that basis denies those allegations.

226.     To the extent the allegations in Paragraph 226 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 226 in all other respects.

227.     Google denies the allegations in Paragraph 227 of the Complaint.

228.     Google denies the allegations in Paragraph 228 of the Complaint.

229.     Google understands Paragraph 229 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 229 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 229 of the Complaint.

230.     Google understands Paragraph 230 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55.  To the extent Paragraph 230 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google responds as follows: as to the first sentence of Paragraph 230, Google admits that users access news and other content on mobile devices.  As to the second, third, and fourth sentences of Paragraph 230, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in those sentences and on that basis denies those allegations. Google denies the allegations in Paragraph 230 in all other respects.

231.     Google understands Paragraph 231 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 231 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google admits that Google's search results may display links in a "Top stories" section when Google detects that a query is news related. Google also admits that on mobile devices, the Top Stories section is displayed in a carousel for mobile users that may be above other search results. Google denies the allegations in Paragraph 231 in all other respects.

232.     Google understands Paragraph 232 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 232 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google admits that at one point, only AMP-compliant articles were eligible for inclusion in the Top stories carousel on Google Search's result page.  Google admits that it registered ampproject.org; that the lead project developer and decision maker was a Google employee through 2018; and that control of the project has transitioned to the OpenJS Foundation.  Google denies the allegations in Paragraph 232 in all other respects.

233.     Google understands Paragraph 233 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 233 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 233 of the Complaint.

234.     Google understands Paragraph 234 to have been dismissed as to Gannett's Section 2 claim related to leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 234 nonetheless still requires an answer as relevant to Gannett's remaining claims and to the extent the allegations in Paragraph 234 characterize or describe documents or other sources, Google

notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 234 in all other respects.

235.    Google understands Paragraph 235 to have been dismissed as to Gannett's Section 2 claim related to leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 235 nonetheless still requires an answer as relevant to Gannett's remaining claims and to the extent the allegations in Paragraph 235 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 235 in all other respects.

236.    Google understands Paragraph 236 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 236 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google responds as follows: As to the first sentence of Paragraph 236, Google admits that AMP pages are not compatible with every type of header bidding implementation. As to the remaining allegations in Paragraph 236, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 236 and on that basis denies those allegations.

237.    Google understands Paragraph 237 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 237 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis, denies the allegations in Paragraph 237.

238.    Google understands Paragraph 238 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 53-54. To the extent

Paragraph 238 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google responds as follows: As to the first sentence of Paragraph 238, Google admits that in 2018, AMP deprecated Delayed Fetch (including remote.html) and introduced Fast Fetch (including Real Time Config). As to the third sentence of Paragraph 238, Google admits that Google's Exchange Bidding was made generally available in 2018. Google denies the allegations in Paragraph 238 in all other respects.

238.    Google understands Paragraph 239 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 53-54. To the extent Paragraph 239 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 239 of the Complaint.

240.    Google understands Paragraph 240 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 240 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google responds as follows: As to the first sentence of Paragraph 240, Google admits that AMP pages are not compatible with every type of header bidding implementation and that AMP limits the number of parallel callouts allowed per-slot within Real Time Config. Google denies the allegations in Paragraph 240 in all other respects.

241.    Google understands Paragraph 241 to have been dismissed as to Gannett's Section 2 claim related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 241 nonetheless still requires an answer as relevant to Gannett's remaining claims Google responds as follows: Google admits that AMP pages may have faster page load times than non-AMP pages. With respect to the fourth sentence, Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies

the allegations in the fourth sentence. Google denies the allegations in Paragraph 241 in all other respects.

242.    Google denies the allegations in Paragraph 242 of the Complaint.

243.    Google denies the allegations in Paragraph 243 of the Complaint.

244.    Google denies the allegations in Paragraph 244 of the Complaint.

245.    As to the second and fourth sentences of Paragraph 245 of the Complaint, Google admits that public sources suggest that OpenX closed its ad server in or around 2019. As to the fifth sentence of Paragraph 245 of the Complaint, Google admits that public sources suggest that Xandr was acquired by Microsoft in June 2022. Google denies the allegations in Paragraph 245 in all other respects.

246.    Google denies the allegations in Paragraph 246 of the Complaint.

247.    Google denies the allegations in Paragraph 247 of the Complaint.

248.    Google denies the allegations in Paragraph 248 of the Complaint.

249.    Google denies the allegations in Paragraph 249 of the Complaint.

250.    Google understands the third sentence of Paragraph 250 to have been dismissed as to Gannett's Section 2 claims related to Google leveraging its search business. ECF No. 701 at 55. To the extent Paragraph 250 nonetheless still requires an answer as relevant to Gannett's remaining claims, Google denies the allegations in Paragraph 250 in all other respects.

251.    Google denies the allegations in Paragraph 251 of the Complaint.

252.    Google denies the allegations in Paragraph 252 of the Complaint.

253.    Google denies the allegations in Paragraph 253 of the Complaint.

254.    Google denies the allegations in Paragraph 254 of the Complaint.

255.    Google denies the allegations in Paragraph 255 of the Complaint.

256.    Google denies the allegations in Paragraph 256 of the Complaint.

257.    Google denies the allegations in Paragraph 257 of the Complaint.

258.    Google restates its response to every allegation set forth above as if stated herein.

259.    Google denies the allegations in Paragraph 259 of the Complaint.

260.    Google denies the allegations in Paragraph 260 of the Complaint.

261.    Google denies the allegations in Paragraph 261 of the Complaint.

262.    Google denies the allegations in Paragraph 262 of the Complaint.

263.    Google restates its response to every allegation set forth above as if stated herein.

264.    Google denies the allegations in Paragraph 264 of the Complaint.

265.    Google denies the allegations in Paragraph 265 of the Complaint.

266.    Google denies the allegations in Paragraph 266 of the Complaint.

267.    Google restates its response to every allegation set forth above as if stated herein.

268.    Google denies the allegations in Paragraph 268 of the Complaint.

269.    Google denies the allegations in Paragraph 269 of the Complaint.

270.    Google denies the allegations in Paragraph 270 of the Complaint.

271.    Google denies the allegations in Paragraph 271 of the Complaint.

272.    Google restates its response to every allegation set forth above as if stated herein.

273.    Google denies the allegations in Paragraph 273 of the Complaint.

274.    Google denies the allegations in Paragraph 274 of the Complaint.

275.    Google denies the allegations in Paragraph 275 of the Complaint.

276.    Google denies the allegations in Paragraph 276 of the Complaint.

277.    Google denies the allegations in Paragraph 277 of the Complaint.

278.    Google denies the allegations in Paragraph 278 of the Complaint.

279.    Google denies the allegations in Paragraph 279 of the Complaint.

280.    Google denies the allegations in Paragraph 280 of the Complaint.

281.    Google denies the allegations in Paragraph 281 of the Complaint.

282.    Google denies the allegations in Paragraph 282 of the Complaint.

283.    Google denies the allegations in Paragraph 283 of the Complaint.

284.    Google lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 and on that basis denies those allegations. Google denies the allegations in Paragraph 284 in all other respects.

285.    Google denies the allegations in Paragraph 285 of the Complaint.

286.    Google denies the allegations in Paragraph 286 of the Complaint.

287.    Google denies the allegations in Paragraph 287 of the Complaint.

   a.   Google denies the allegations in Paragraph 287a of the Complaint.

   b.   Google denies the allegations in Paragraph 287b of the Complaint.

   c.   Google denies the allegations in Paragraph 287c of the Complaint.

   d.   Google denies the allegations in Paragraph 287d of the Complaint.

   e.   Google denies the allegations in Paragraph 287e of the Complaint.

   f.   Google denies the allegations in Paragraph 287f of the Complaint.

   g.   To the extent the allegations in Paragraph 287g characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the second and third sentences of Paragraph 287g, Google lacks knowledge or information sufficient to form a belief as to the truth of the

allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 287g in all other respects.

h. To the extent the allegations in Paragraph 287h characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 287h in all other respects.

i. To the extent the allegations in Paragraph 287i characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 287i in all other respects.

288. Google denies the allegations in Paragraph 288 of the Complaint.

289. Google denies the allegations in Paragraph 289 of the Complaint.

290. Google denies the allegations in Paragraph 290 of the Complaint.

291. Google denies the allegations in Paragraph 291 of the Complaint.

292. Google denies the allegations in Paragraph 292 of the Complaint.

293. Google denies the allegations in Paragraph 293 of the Complaint.

294. Google denies the allegations in Paragraph 294 of the Complaint.

295. Google denies the allegations in Paragraph 295 of the Complaint.

296. Google denies the allegations in Paragraph 296 of the Complaint.

297. Google denies the allegations in Paragraph 297 of the Complaint.

298. Google denies the allegations in Paragraph 298 of the Complaint.

299.     Google denies the allegations in Paragraph 299 of the Complaint.

300.     The first and second sentences of Paragraph 300 contain legal conclusions to which no response is required. To the extent the third sentence in Paragraph 300 characterizes or describes documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google otherwise denies the allegations in Paragraph 300 of in all other respects.

301.     Google denies the allegations in Paragraph 301 of the Complaint.

302.     Google denies the allegations in Paragraph 302 of the Complaint.

303.     Paragraph 303 sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 303 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

304.     Paragraph 304 sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 304 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

     a.     Paragraph 304a sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 304a and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

     b.     Paragraph 304b sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google

denies the allegations contained in Paragraph 304b and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

c.   Paragraph 304c sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 304c and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

d.   Paragraph 304d sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 304d and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

e.   Paragraph 304e sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 304e and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

f.   Paragraph 304f sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 304f and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

g.   Paragraph 304g sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 304g and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

h.   Paragraph 304h sets forth the relief sought by the Plaintiffs, to which no

response is required; to the extent a response is deemed necessary, Google

denies the allegations contained in Paragraph 304h and denies that Plaintiffs

are entitled to any of the remedies or relief sought in the Complaint.

305.   To the extent a response is required to a jury demand, Google admits that the

Gannett demands a trial by jury of all issues properly triable to a jury in this case, but otherwise

denies the remaining allegations in Paragraph 305 of the Complaint.

## GOOGLE'S DEFENSES TO THE COMPLAINT

Without assuming any burden that it would not otherwise bear, Google asserts the

following defenses to the Complaint. By designating these defenses, Google does not intend to

suggest either that Gannett does not bear the burden of proof as to such matters or that such

matters are not elements of Gannett's prima facie case against Google—or that Google bears the

burden of proof as to such matters. Further, Google reserves all affirmative defenses under

Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that

may now exist or in the future be available based on discovery and further factual investigation

in this case.

## FIRST DEFENSE

Gannett's claims are barred, in whole or in part, because the Complaint fails to

state a claim upon which relief can be granted.

## SECOND DEFENSE

The relief sought by Gannett would be contrary to the public interest, harm consumers

and businesses, and is otherwise inequitable, impractical, and unworkable.

## THIRD DEFENSE

Gannett's claims are barred, in whole or in part, because the Complaint fails to

allege any legally cognizable relevant product or geographic market.

## FOURTH DEFENSE

Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

## FIFTH DEFENSE

Google's conduct alleged by Gannett in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

## SIXTH DEFENSE

Gannett's claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

## SEVENTH DEFENSE

Gannett's claims are barred, in whole or in part, because the Complaint fails to allege a cognizable antitrust injury.

## EIGHTH DEFENSE

Gannett's deceptive trade practices and common-law fraud claims are barred, in whole or in part, for failure to allege with particularity the circumstances constituting fraud or mistake and because Gannett has not and cannot establish a false, misleading, or deceptive act or practice.

## NINTH DEFENSE

Gannett's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

## TENTH DEFENSE

Gannett is not entitled to injunctive relief on conduct that occurred solely in the

past.

## ELEVENTH DEFENSE

To the extent that Gannett seeks recovery of civil penalties, those civil penalties are limited by the applicable state statutes, the due process clause of the U.S. and applicable state Constitutions and, in addition, they must have a reasonable relation to the actual harm established.

## TWELFTH DEFENSE

Gannett's alleged damages were not legally caused by Google.

## THIRTEENTH DEFENSE

Gannett has failed to mitigate any alleged damages.

## FOURTEENTH DEFENSE

Gannett's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTEENTH DEFENSE

Gannett's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

Gannett's claims are barred because Gannett did not suffer any legally cognizable injury or damages as a result of Google's conduct.

## SEVENTEENTH DEFENSE

To the extent Gannett seeks relief on behalf of parties other than natural persons who are direct purchasers, Gannett's claims are barred in whole or in part because Gannett lacks standing to do so.

Google reserves the right to supplement its Answer and affirmative and additional

defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

## DEMAND FOR JURY TRIAL

In accordance with the Federal Rule of Civil Procedure 38(b), Google demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for relief as follows:

    i.    A judgment dismissing Gannett's Complaint against Google with prejudice;

    ii.    Google be awarded its attorneys' fees and costs and expenses of the suit; and

    iii.    Such other and further relief to Google as the Court deems just and proper.

Dated: June 11, 2024

Respectfully submitted,

/s/ Craig M. Reiser
_____

Craig M. Reiser
Daniel Bitton
Denise L. Plunkett
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
creiser@axinn.com
dbitton@axinn.com
dplunkett@axinn.com
eyung@axinn.com
chaws@axinn.com

Bradley Justus (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 60103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Eric Mahr
Robert J. McCallum
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com
rob.mccallum@freshfields.com

*Counsel for Defendants
Google LLC and Alphabet Inc.*