# Discovery Steering Committee
# In re Google Digital Advertising Antitrust Litigation

June 14, 2024

**<u>Via ECF</u>**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*In re Google Digital Advertising Antitrust Litigation*
Case No. 21-md-3010 (PKC) (S.D.N.Y.)

Dear Judge Castel:

      We write on behalf of the MDL Plaintiffs Discovery Steering Committee in the above-captioned litigation.  MDL Plaintiffs respectfully request that the Court order Defendant Google LLC to designate witnesses for a Rule 30(b)(6) Deposition on 29 common topics and 9 topics specific to Plaintiff Inform, Inc.  *See* Ex. A.  Plaintiffs' 30(b)(6) notice is targeted to core issues in this case:  market definition and power (topic 1); Google's monopoly profits and financial accounting issues relevant to damages topics (2-7); Google's defenses (topic 8); tying (topics 9-11); auction manipulation (topics 18-29); and Google's monopolization of ad-tech tools for small publishers (topics 12-17).  The notice is also substantially narrower than what Google has served on Plaintiffs.  Collectively, Google has served four 30(b)(6) notices on Plaintiffs—one as recently as June 14, 2024—covering 91 topics.  Yet Google repeatedly has declined even to designate witnesses on almost all of Plaintiffs' proposed topics.  Google also has insisted that Plaintiffs accept no more than 10 hours of 30(b)(6) deposition testimony.  The Court should overrule Google's objections and order it to sit for an ordinary-course 30(b)(6) deposition, as the Federal Rules contemplate.  No conference is scheduled at this time.

      **I.**    **Background**

      On May 10, 2024, MDL Plaintiffs served their Rule 30(b)(6) notice after notifying Google and the Court of its intention to do so.  *See* ECF No. 755 at 1 ("Plaintiffs . . . also intend to issue a 30(b)(6) notice . . . .").  Google declined to respond for two weeks, despite MDL Plaintiffs' repeated requests during that time for Google's responses and objections.  Eventually, on May 29, the parties met and conferred, but Google was unprepared to designate a witness on any of the noticed topics, to object to the topics, or to propose narrowed topics.  Nonetheless, in a show of good faith, MDL Plaintiffs narrowed the 30(b)(6) notice on May 31.  MDL Plaintiffs again requested that Google provide written responses and objections.  *See* Ex. B.

      Google did not serve written responses and objections until June 7 after multiple requests by Plaintiffs that it do so. *See* Ex. C (Attachment 1).[1] It sent a follow-up letter on June 12. *See* Ex. D (Attachment 2).[2] Together, Google's letters demanded that MDL Plaintiffs accept 10 hours of deposition testimony across all topics, regardless of the number of company designees. Further, while Google agreed to designate two employees for six topics (5 common and 1 for Inform), *see id.* at 1-2, it refused to designate a witness for any other topic. Instead, Google offered to provide written answers to questions "previously posed by MDL Plaintiffs to [two Google witnesses] on buy- and sell-side topics and for which they did not know the answer." *Id.* at 1. Google asserted there were 10 unanswered questions. *Id.* at 3.

      On June 13, MDL Plaintiffs rejected Google's proposal[3] and served a final, narrowed 30(b)(6) notice. MDL Plaintiffs told Google that it would seek relief from the Court today unless Google agreed to designate witnesses on the identified topics. Google once again failed to designate any witnesses for the vast majority of topics.

## II.    Argument

      The Court should order Google to designate witnesses to testify on the noticed topics. "There is a discernable preference in the case law of this Circuit to allow a litigant the opportunity to bind a corporate entity through Rule 30(b)(6) testimony." *In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Porftfolio*, 2021 WL 3829991, at *15 (S.D.N.Y. Aug. 27, 2021) (citation omitted). This case is no different. MDL Plaintiffs have issued a proportionate and narrow 30(b)(6) notice that focuses on core issues in the case. *See supra*. Like any plaintiff in ordinary civil litigation against a company, MDL Plaintiffs are entitled to Google's deposition testimony on these important topics. *See Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation *must* produce someone familiar with that subject") (emphasis added).

      The same is true of the nine 30(b)(6) topics proposed by Plaintiff Inform. Google has served a 30(b)(6) notice on Inform seeking testimony on twenty-six topics. By contrast, Inform seeks testimony only nine topics from Google. Inform is uniquely situated, as it is both a competitor and customer of Google and YouTube, and it has pleaded claims concerning the online video advertising market, working with Google on both programmatic and direct ads sales, servicing clients on the buy side and the sell side, and managing engineering and technical

---

[1] Google designated its objections, presented in letter form, as Highly Confidential. In accord with past practice in this litigation, Plaintiffs provide that letter in a courtesy copy to chambers as an attachment. *See* ECF 755 at 2; ECF 717 at 2; ECF 710 at 2; ECF 654 at 4 & n.3; ECF 660.

[2] Google's second letter was likewise designated as Highly Confidential and is submitted through the same procedure.

[3] Simultaneously, Plaintiffs accepted Google's offer to designate a witness as to the 5 common topics (Topics 12-16 in the attached notice), limiting the proposed examination to 3.5 hours. At the time of filing, however, Google has not provided a date, time, or location for the deposition.

Hon. P. Kevin Castel
June 7, 2024
Page 3 of 5

delivery as respects DFP and Inform's own fleet of ad technology and video players. For these reasons, the notice seeks testimony (either separately or as an extension of time) on topics narrowly tailored and specific to Inform's particular issues.

Google's objections are meritless. Its primary complaint is that MDL Plaintiffs already deposed two Google employees regarding a subset of the issues in the notice. *See* Ex. D. at 1-2. But those Google employees were 30(b)(1) witnesses not under the obligation to "testify about information known or reasonably available *to the organization*." Fed. R. Civ. P. 30(b)(6) (emphasis added). And that complaint is inapplicable for many topics in the notice. For example, neither Google witness testified regarding market definition, Google's monopoly profits, or its defenses. Google does not argue otherwise, *see* Ex. D. at 1, yet it refuses to designate a witness on any of these topics.

Regardless, 30(b)(1) testimony is not a substitute for 30(b)(6) testimony. "It is well settled that a witness appearing pursuant to a Rule 30(b)(6) notice has a unique status" because "his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002) (citation omitted). That is why "courts within this Circuit permit Rule 30(b)(6) depositions even when the anticipated testimony would 'essentially duplicate information which has already been stated in an individual deposition.'" *Evenstar*, 2021 WL 3829991, at *15 (S.D.N.Y. Aug. 27, 2021) (quoting *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010)); *see also Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, 2018 WL 4558405, at *3-4 (E.D.N.Y. Sept. 21, 2018) (same); *Cipriani v. Dick's Sporting Goods, Inc.*, 2012 WL 5869818, at *2 (D.Conn. Nov. 19, 2012) (same). Rule 30(b)(1) does not erase a properly noticed deposition under Rule 30(b)(6).

Next, Google contends that 30(b)(6) deposition testimony is duplicative because Plaintiffs have served interrogatories on similar topics, *see* Ex. D at 6-7, 11-16, or unnecessary because Google rather would "answer . . . questions in writing in the first instance," Ex. D at 1. But these, too, are not valid bases to avoid a 30(b)(6) deposition. Google has refused to answer Plaintiffs' authorized interrogatories asking it to identify, among other things, the procompetitive justifications generally asserted in its Answers to Plaintiffs' Complaints. Moreover, "a party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered." *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, 2013 WL 1286078, at *5 (S.D.N.Y. Mar. 28, 2013) (citation omitted). "When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and any underlying factual qualifiers of those documents." *Id.* (citation omitted). The same logic applies with even greater force to Google's bizarre proposal to offer only written testimony in response to cherry-picked deposition questions it now wishes to answer.

Further, there is limited burden on Google in preparing for a 30(b)(6) deposition. During the parties' meet and confers, Google repeatedly stated that it had prepared witnesses on similar topics in the Texas Action. Indeed, Google even once proposed that in lieu of providing 30(b)(6) deposition testimony on most of the noticed topics, Google would provide MDL Plaintiffs with

portions of the 30(b)(6) testimony from the Texas Action. Google thus understands "with reasonable particularity the matters for examination" described in Plaintiffs' notice, Fed. R. Civ. P. 30(b)(6), and is ready to proceed with a 30(b)(6) deposition in this case before the close of fact discovery in two weeks. Any delay in scheduling these depositions falls squarely with Google, which took nearly a month to respond to MDL Plaintiffs' 30(b)(6) notice, and which has issued two 30(b)(6) notices of its own after May 10, 2024.

Finally, Google's proposal of a 10-hour total time limit is unsupported by the Federal Rules and is not proportionate to the needs of the case. Rule 30(d)(1) sets a presumptive seven-hour limit for depositions, including "for *each* person designated under Rule 30(b)(6)." Fed. R. Civ. P. 30(d)(1), advisory committee note – 2000 amendment (emphasis added); *see Winfield v. City of New York*, 2018 WL 840085, at *9 (S.D.N.Y. Feb. 12, 2018) ("The Court recognizes that courts typically permit seven hours per designated Rule 30(b)(6) witness."). In the ordinary course, Plaintiffs would be entitled to 7 hours for each person designated by Google pursuant to Rule 30(b)(6). In view of the abbreviated time for fact discovery remaining and to mitigate the burden on Google, Plaintiffs will agree to a 21-hour aggregate cap on the time for 30(b)(6) testimony across the 29 common topics and Google's designees for those topics, to be allocated by Plaintiffs. That limit is proportional to the needs of a case of this size.

### III. Conclusion

To ensure that the parties can complete the depositions in response to MDL Plaintiffs' 30(b)(6) notice within the current fact discovery period, MDL Plaintiffs request that Google be ordered promptly to designate the individuals that will testify on the issues set forth in the 30(b)(6) notice and identify the dates on which they are available for deposition.

Respectfully submitted,

*/s/ Philip Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

Hon. P. Kevin Castel
June 7, 2024
Page 5 of 5

        */s/ Scott Grzenczyk*
        Scott Grzenczyk (signing in place of Discovery Steering Committee member Jordan Elias of Girard Sharp LLP)
        **GIRARD SHARP LLP**
        601 California Street, Suite 1400
        San Francisco, CA 94108
        Telephone: 415.981.4800
        scottg@girardsharp.com

        */s/ Serina M Vash*
        Serina M. Vash
        **HERMAN JONES LLP**
        153 Central Avenue #131
        Westfield, New Jersey 07090
        Telephone: 404-504-6516
        svash@hermanjones.com

        *MDL Plaintiffs' Discovery Steering Committee*

| | |
|---|---|
| Copies, without Attachments 1 & 2, to: | All counsel via ECF. |
| Copies, with Attachments 1 & 2, to: | Counsel for the parties as indicated in transmittal email to Chambers. |