# Exhibit B

**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

May 31, 2024

**VIA ECF**

Constance Forkner
Freshfields Bruckhaus Deringer LLP
700 13th Street, NW, 10th floor
Washington, DC
cforkner@freshfields.com

David Pearl
Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
dpearl@axinn.com

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-md-03010 (PKC) (S.D.N.Y.)

Dear Connie and David:

We write regarding the parties' meet-and-confer on May 29, 2024, to discuss MDL Plaintiffs' Rule 30(b)(6) notice of deposition ("Notice") served on Google on May 10, 2024.

Plaintiffs served the Notice on Google on May 10, 2024, after providing Google *and the Court* ample notice of our intent to do so. *See* ECF 755 at 1 ("Plaintiffs . . . also intend to issue a 30(b)(6) notice . . . ."). Google failed to respond to multiple requests to discuss the Notice from Plaintiffs for two full weeks and still has not served responses and objections.[1] Finally, on Friday, May 24—only after the Court directed Google to provide dates for noticed depositions—Google requested to meet and confer. *See* Hr'g Tr. at 40:12-16 (May 21, 2024). Google did not propose an agenda or identify which topics it wished to discuss. Nonetheless, Plaintiffs promptly scheduled the meet-and-confer, which took place on May 29, 2024.

During our meet-and-confer, Google was unprepared to designate a witness on *any* of Plaintiffs' topics, to object to Plaintiffs' identified topics, or to propose narrowed topics. Instead, Google objected generally to the number of topics and raised complaints about "duplication"

---

[1] Plaintiffs raised the issue of 30(b)(6) scheduling via email on May 15, *see* Email from I. Earnhardt to D. Pearl (May 15, 2024), included 30(b)(6) scheduling in the Agenda for the parties' meet-and-confer of May 17 (which Google counsel cancelled at the last minute), *see* Email from W. Noss to R. McCallum (May 17, 2024), and raised the issue in other scheduling communications between the parties. Google declined to discuss scheduling or negotiation of the scope of the Notice.

C. Forkner & D. Pearl
May 31, 2024
Page 2 of 4

with testimony in 30(b)(6) depositions in which Plaintiffs did not participate, 30(b)(1) depositions which have not been taken, and contention interrogatories that it has not yet answered as to *any* plaintiff in this action.[2] Google offered no indication how many topics, if any, it would deem acceptable. And it insisted that Plaintiffs narrow the number of topics from the outset to certain "priorities," before Google would agree to lodge any objections on a topic-by-topic basis. At the end of the meet-and-confer, Google further suggested that it would consider putting up a witness only for topics that plaintiffs could indicate are "priorities."[3]

Further, Plaintiffs specifically requested during our May 29 meet-and-confer that Google be able to provide updates on its position on the Notice during the parties' regularly scheduled meet-and-confer on May 31. But Google was unable to provide any update as to whether it would designate a witness for any topic, whether it would serve written objections, or when Plaintiffs could expect a response from Google.

Plaintiffs are under no obligation to proceed as Google proposes. The Notice is reasonable and proportional to the needs of the case, which includes multiple plaintiffs, markets, and over a dozen anti-competitive acts that have been sustained by the Court. It is Google's burden either to designate a witness for, or specifically object to, each topic. Nonetheless, in the

---

[2] Additionally, the Coordination Order (ECF 564) provides no basis for Google to object to designating witnesses for the topics in the Notice. That order, which Google negotiated largely without the MDL Plaintiffs, provides only that:

> "Any *witness* appearing at a Google Deposition . . . taken during the Coordinated Discovery Period cannot be compelled to sit for as second deposition in any Coordinated Case (including a Rule 30(b)(6) deposition of the same entity on substantially similar topics), absent good cause. . ."

ECF 564 at 9 (¶3.e) (emphasis added). The Federal Rules are clear that Google, not Plaintiffs, gets to designate Google's 30(b)(6) witnesses. *See* Fed. R. Civ. P. 30(b)(6) ("The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf"). Google is not under an obligation to designate the same witness that it may have for similar 30(b)(6) topics in the E.D. Va. case, but the Coordination Order does not excuse Google from designating a witness at all.

[3] We note that counsel for Google sought clarification on the relevancy of relationship between the XPP-M dataset and DVAA P&Ls. In its data transmittal letter dated July 6, 2023, Google notified Plaintiffs that "the data contained in the XP, XPP-D, XPP-M, and XBridge DV360 datasets are sourced from Google's Finance Team." Letter from D. Pearl to W. Noss and M. Mao (July 6, 2023). To accurately conduct damages analyses, Plaintiffs' experts need to understand how Google's Finance Team used the information contained in the XPP-M dataset to generate the P&Ls and need to understand the sources of various differences between the two data sets.

C. Forkner & D. Pearl
May 31, 2024
Page 3 of 4

interest of expediency and in a show of good faith, Plaintiffs are willing to narrow the Notice by withdrawing the following common topics:[4] 3; 6.a-b, d; 23.a-c, i; and 27.

At this juncture, Plaintiff Inform is willing to narrow the Notice by withdrawing topics 5 and 8 and is willing to meet and confer on Monday June 3 to potentially further narrow the Inform-specific topics, which also include topics 4, 18, 19, 23.g-h, and 60-85. As indicated below, Inform would also be willing to accept written responses for certain of these topics. Inform otherwise reserves all rights to pursue such topics after Google appropriately discharges its discovery obligations by producing documents in response to Inform's document requests.

Google may not run out the clock on its obligations.[5]  Google must identify a witness for each remaining topic (both common and Inform topics) in the Notice.  To the extent Google objects to any remaining topic, please state Google's objections in writing.  If Google declines to identify the relevant witnesses or serve its written objections by **5pm on Tuesday, June 4**, Plaintiffs may seek relief from the Court.  By then, nearly a full month will have passed since Plaintiffs served the Notice, and the parties cannot afford further delay given the approaching close of fact discovery.

Finally, Google asked whether Plaintiffs would consider accepting prior Rule 30(b)(1) deposition testimony as 30(b)(6) testimony on certain topics, and written submissions in lieu of deposition testimony on other topics.  Google did not identify for which topics, if any, it proposes to designate prior testimony nor did Google identify the purportedly relevant 30(b)(1) testimony.  Neither did Google come prepared to discuss which topics might be susceptible to a written response.  Nevertheless, Plaintiffs would be willing to accept written responses for the following topics and sub-topics: 41, 42.c, 43.e, 45.d.i-iii, 47.c, 48.c, 49.c, 52.e, 57, 60, 61, and 80-83.

If Google would like Plaintiffs to consider its proposal, it must identify which excerpts of 30(b)(1) deposition testimony it seeks to designate as 30(b)(6) testimony, and on which topics. Google must do so by **June 4**.  As to written responses in lieu of deposition testimony, Google would need to identify the relevant topics from those identified above by **June 4**, and, upon agreement of the parties on the propriety of written responses, serve verified responses by **June 20**.

\*   \*   \*

---

[4] For the avoidance of doubt, "common topics" are those not designated in the Notice or in this letter as Inform-specific topics.

[5] Any complaint by Google about the timing of the notice is undermined by its own issuance of extensive 30(b)(6) notices to various plaintiffs late in the case on April 17 (Gannett, Daily Mail) and May 17 (Inform) and its filing of a letter-motion on May 29 for leave to take a half dozen additional depositions of plaintiffs.  See ECF 810.

C. Forkner & D. Pearl
May 31, 2024
Page 4 of 4

    We look forward to Google's prompt response.

                                              Respectfully,

                                              */s/ Philip C. Korologos*
                                              Philip C. Korologos
                                              **BOIES SCHILLER FLEXNER LLP**
                                              55 Hudson Yards
                                              New York, NY 10001
                                              Telephone: 212-446-2390
                                              pkorologos@bsfllp.com

                                              */s/ Jordan Elias*
                                              Jordan Elias
                                              **GIRARD SHARP LLP**
                                              601 California Street, Suite 1400
                                              San Francisco, CA 94108
                                              Telephone: 415.981.4800
                                              jelias@girardsharp.com

                                              */s/ Serina M. Vash*
                                              Serina M. Vash
                                              **HERMAN JONES LLP**
                                              153 Central Avenue #131
                                              Westfield, New Jersey 07090
                                              Telephone: 404-504-6516
                                              svash@hermanjones.com

                                              *MDL Plaintiffs' Discovery Steering Committee*

Copies to:       As indicated in transmittal email.