# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

June 14, 2024

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street., Courtroom 11D
New York, New York 10007

>   **Re:** *In re Google Digital Advertising Antitrust Litig.*, **No. 1:21-md-03010 (PKC);**
>   *Inform Inc. v. Google LLC*, **et al. No. 1:23-cv-01530 (PKC)**

Dear Judge Castel:

We write as counsel to plaintiff Inform Inc. ("Inform" or "Plaintiff") in connection with *Inform Inc. v. Google LLC*, No. 1:23-cv-01530 (PKC) (the "Inform Action"), to respectfully request that the Court compel Google to produce: (1) direct communications between Inform and Google—as none have been produced to date; and (2) Inform-specific, transaction-level data sought by Inform's May 24, 2024 Rule 34 requests, which Inform was permitted to serve on Defendants with permission of the Court at the hearing which took place on May 21, 2024. Additionally, pursuant to Pre-Trial Order No. 5 ("PTO-5"), ECF 394 ¶ 6.5, Plaintiff respectfully renews its April 19, 2024 request seeking leave to allow Inform to take the depositions of one additional Google witnesses who was directly involved with Inform. Plaintiff is prepared to take this deposition prior to the scheduled close of fact discovery on June 28, 2024. In the alternative, Plaintiff Inform respectfully requests the Court schedule a conference to resolve these disputes. No conference is scheduled at this time.[1]

I. <u>Legal Standard</u>

"Parties are entitled to discovery of documents in the possession, custody or control of other parties, so long as they are relevant to any party's claim or defense" and, "[a]lthough not unlimited, relevance for purposes of discovery is an extremely broad concept." *Blackrock*

---

[1] The parties regularly conduct near-weekly meet and confer calls regarding discovery issues, including those discussed herein, but remain unable to resolve these disputes without Court intervention. Pursuant to 3B of Your Honor's Individual Practices concerning Discovery Disputes, Local Civ. Rule 37.2, and Fed. R. Civ. P. 37(a)(1), the undersigned certifies that the Plaintiff Inform has in good faith conferred or attempted to confer with counsel for Defendants Google, Alphabet and YouTube (collectively "Google") in an effort to resolve these disputes in advance of filing this letter.

Hon. P. Kevin Castel
June 14, 2024
Page 2

*Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon*, 2018 WL 2215510, at *6 (S.D.N.Y. May 15, 2018) (internal quotation marks and citations omitted). "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Id*. at *7 (citation omitted). Furthermore, "circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015).

II.   Plaintiff Requests the Court Order Google to Produce Missing Documents

During the Court's May 21, 2024 hearing, Inform raised the fact that Google had failed to produce *any* direct communications between Google and Inform.[2] At that time, counsel for Google represented to the Court that Inform's concern was "premature" and that Google would be producing additional relevant documents to Inform, intimating that the communications would be forthcoming.[3] Now, after nearly a month and several additional productions by Google, these communications still have not been produced. Specifically, Inform has been unable to locate even *a single email that was exchanged directly between Google and Inform* from any of the productions that Google identified as relevant to Inform.[4] Likewise, there appear to be little to no meeting requests or other direct communications.

Inform is aware that thousands of such emails exist—having itself produced thousands of such communications between the parties—and has repeatedly raised this issue with Google's counsel, requesting an explanation for this massive omission.[5] Inform has received none. In a June 12, 2024 letter, Google's counsel merely states that it is "looking into" the issue. Then today, June 14, 2024, Defendants indicated that "there are a number of possible explanations for such discrepancy," without explaining what in fact happened here. Given the very late stage of discovery—and the fact that Inform has already been required to participate in numerous depositions without the benefit of these most basic of documents—this response is troubling.[6]

For these reasons, Inform seeks an order from the Court to compel Google to immediately produce all communications between Google and Inform—or if it cannot do so, to provide a fulsome explanation by a document custodian explaining why it cannot do so.

---

[2] Transcript of May 21, 2024 Hearing ("5.21.24 Transcript") at 5:2-6:12.
[3] *Id*. at 7:23-8:16.
[4] Google's counsel has represented that this includes Defendants' Production Nos. 164, 188, 235, 237, 239, 241, 284, 295 and 296.
[5] Following the May 21, 2024 hearing, Inform has raised this issue in letters on May 31, 2024 and June 12, 2024 as well as numerous meet and confer calls.
[6] Google's June 14, 2024 from Benjamin Zweifach failed to offer any meaningfully different response that their prior positions with regard to the discovery issues referenced herein.

III. Plaintiff Requests the Court Order Google to Produce
Documents and Data Pursuant to Plaintiff's Second Supplemental
Set of Requests for Production of Documents of May 24, 2024

On May 8, 2024, Inform sought to serve case-specific interrogatories upon Google. In the Court's May 21, 2024 hearing, the Court directed Google to respond to most of Inform's interrogatories. For two interrogatories that concerned a specific subset of event or log-level transaction data, the Court instead allowed Inform to make two additional Rule 34 requests to Google to which Google was directed to respond within fourteen (14) days of service. 5.21.24 Transcript at 14:19-22. During this same hearing, Google's counsel represented to the Court that the substance of these Requests was duplicative of prior data requests received, and that Google had properly responded to those prior requests by providing "similar samples of [transactional log level sample data] to the MDL plaintiffs as a group." *Id*. at 13:2-14:7. The Court recognized this representation by Google, stating "Okay. If that's your position, then the plaintiff is protected in the sense that you have made a representation that you have produced them. And if you have, you have. If you haven't, you have a problem." *Id*. at 14:13-16.

Inform served those Requests on Defendants on May 24, 2024 and Google's responses and objections were served on June 7. However, Google's Responses and Objections contradicted its clear representations to the Court. Google heavily relied on burdensome objections in its Response despite its representations,[7] and in a follow up letter on June 12, 2024, Google's counsel again made the same objections, stating:

> "In Google's June 7, 2024 Responses and Objections to Inform's Second Supplemental Requests for Production of Documents and on our June 10 meet and confer, we explained that the transaction level data sought by Inform is not kept in the ordinary course of business and would be unduly burdensome and disproportionate to the needs of the case, particularly at this late stage of discovery."[8]

In the same letter, Google again pointed Inform to the "four datasets" to which it also had previously referred Inform and which it represented to the Court as being a sufficient response at the May 21 hearing. *See* 5.21.24 Transcript at 13:15-14:7.

---

[7] 5.21.24 Transcript at 15:2-7 ("THE COURT: Yes, but the responses and objections you're representing to me, I don't want to find out I got snookered here. You're going to say in your response we object because we've produced this already. Not we object, it's burdensome. We haven't advanced the ball and I've wasted my time.").

[8] Letter from B. Zweifach, dated June 6, 2024, at 3.

Hon. P. Kevin Castel
June 14, 2024
Page 4

Despite these representations, the data sought by Inform's specific data Requests cannot be found in the four data sets referenced by Google.[9] Indeed, even Google's own description of the data sets makes it clear that, at best, each data set only includes *aggregate* data, not instance-level data, nor does it include the vast majority of the transaction details sought by Inform's Requests and relevant to Inform's allegations (e.g., data concerning Inform related to bids and other auction value calculations, and data related to any throttling, video pausing, disabling, restrictions, etc. applied by Google).[10] Google does not claim otherwise, but instead argues the burdensomeness of making any additional responsive data production.

Finally, Inform is aware that such data exists related to Inform's transactions because Inform formerly paid Google to collect event-level and log-level data that it now seeks. Even knowing this, Google continues to claim that the data sought is not kept in the ordinary course of business. Inform has been requesting event/transaction level data related to the relevant auctions since at least August 2023. This is not a recent request, and any burden due to the late stage of discovery is one that is solely of Google's making.[11] Accordingly, Inform seeks an order from the Court to compel Google to produce the data sought by Inform's Requests—or if it cannot do so, to explain why it cannot.

IV.   Plaintiff Renews Its Request that the Court Allow the Deposition of One Google Witness Previously Identified and Directly Involved with Plaintiff Inform

Pre-Trial Order No. 5 provides that the parties "shall be permitted to take up to 15 fact witness depositions per side" and that "[a] party may seek leave of Court to depose additional witnesses by identifying the particular witnesses by name (or Rule 30(b)(6) categories), describing the matters on which they have unique knowledge; and identifying the actions to which the particular witness pertains." ECF No. 394 at ¶ 6.5.

On April 19, 2024, the MDL Plaintiffs sought leave to take additional witnesses beyond the 15 set forth in PTO 5. ECF No. 755. At that time, we informed the Court that:

> "[The MDL Plaintiffs] have deposed or noticed 10 fact witnesses and also intend to issue a 30(b)(6) notice, which will bring the number of fact-witness depositions used by Plaintiffs to 11. Plaintiffs do not seek an extension of the fact discovery cutoff to accomplish these depositions. Plaintiffs seek leave now to notice the

---

[9] Specifically, those data sets produced on July 6, 2023.

[10] Google's accompanying production letter states that the sets only include data such as impression, clicks, and/or revenue data "***for each month***…" as well as "***fields sufficient to determine those monthly aggregates*** for each unique combination of" other various other data points which do not even cover the majority of data sought by Inform's Requests. *See* July 6, 2023 Production Letter.

[11] *See, e.g.*, letters from S. Vash dated August 8, 2023, February 1, 2024; March 1, 2024, and March 14, 2024; and from J. Herman dated December 16, 2023, as well as numerous emails and meet and confer conversations.

>below-identified depositions, before noticing the remaining unallocated four fact-witness depositions, so as to ascertain the final number of depositions before allocating the remaining notices."

*Id*. at 1. This request was made in part at the behest of Plaintiff Inform, who had not yet received any case-specific documents and could not be left in a position where all 15 depositions had been noticed before it received custodial and case-specific documents. In the Court's Pre-Trial Order No. 11 (ECF No. 777) issued May 2, 2024, the Court granted the MDL Plaintiffs requests with respect to the first thirteen (13) witnesses. However, Your Honor denied requests to depose the 14th through 16th witnesses described therein—which were witnesses sought to be deposed by Inform—because the witnesses had not yet been certainly identified.[12] ECF No. 777 at 1.

As the Court is aware, Google only began producing case-specific documents to Inform several weeks ago. Moreover, Google has produced more than half of the new documents which it identifies as being Inform-specific only within the past two weeks. These recently produced documents have made it clear that Witness No. 1 has unique knowledge and is the best situated among the other identified witnesses to be deposed:

>**Witness No. 1** is the custodian of numerous alarming documents pertaining to Inform and its allegations, including Google strategy documents targeting Inform's business and Inform's customers as well as communications related to Google's auction manipulations. Documents found in Google's more recent productions from the past two weeks have further cemented the need for Witness No. 1's deposition. Indeed, newly produced documents demonstrate how Witness 1—a Director of Partnerships with Google who Inform to Google—was lauded for bringing this key strategic video partner to Google. Witness 1 was also responsible for distributing Inform's publisher list and a false list of prices to all of Google's demand-side buyers, letting the proverbial genie out of the bottle. Additionally, Witness 1 worked with Inform/NDN on a daily basis responded to complaints, and made representations to Inform/NDN regarding Google's products and services. Witness No. 1 made materially false statements to Inform while strategizing whether to buy Inform or to build competing technology for YouTube. He had significant communications with Inform and was instrumental in cultivating the Inform/Google relationship.

Inform promptly sought the deposition of Witness No. 1 on May 31, 2024 after reviewing these documents, which request Google said it would consider. Inform then followed up

---

[12] At the time, Plaintiff Inform sought a reasonable number of witness "slots" and endeavored to name possible witnesses for those slots to the best of its ability without yet having received any custodial or case-specific documents requested. The hope was to keep the request narrow and to inform the Court that, without the custodial documents and direct communications, Inform could not yet know which among the witnesses it would request.

Hon. P. Kevin Castel
June 14, 2024
Page 6

regarding that request three times. Google's counsel finally responded that Google refused to agree to a deposition of Witness No. 1.[13] Google's strategic refusal to meaningfully respond to Inform's request for *two weeks* ensured that any deposition notice by Inform would be within 30 days of the close of fact discovery.

In its letter *today*, Google stated: "If Inform wanted to depose [Name of Witness 1], it should have specifically requested to depose him in its April 19, 2024 letter motion to the Court. It declined the opportunity to do so."[14] That, however, is inaccurate. As Google is aware, the witness Inform seeks to depose *was* identified in Attachment A of MDL Plaintiffs' April 19, 2024 request to the Court seeking additional depositions.[15] Coupled with the custodial documents from Witness 1 just produced, *today's revelation* that no direct communications exist in Google's files underscores the need to depose this additional Inform-specific witness.

Had Google not delayed in producing the case-specific documents related to Inform's allegations, had it not strategically refused to answer Inform's inquiries about additional depositions for two weeks, and had it informed us sooner that *no direct communications* were going to be produced, Inform would have renewed its April 19th request sooner. Although more than a dozen depositions are scheduled for the remaining two weeks of discovery, Inform stands ready to depose Witness No. 1 before the end of fact discovery should the Court so permit.[16]

V.      Conclusion

As set for herein, Inform respectfully requests that the Court order that (1) Google produce—or explain why it cannot—direct communications between Inform and Google; and (2) Google produce the data sought by Inform's Plaintiff's Second Supplemental Set of Requests for Production of Documents dated May 24, 2024. Inform also (3) respectfully renews its April 19, 2024 request to depose one additional witness, Witness No. 1.

We thank the Court for its consideration of this matter.

---

[13] To protect the privacy of the potential witness, this letter brief identifies the witness as Witness 1. Defendants are aware of the witness' name and his role is set forth for the Court below.
[14] See June 14, 2024 Letter from Benjamin. Zweifach
[15] Witness No. 1 was first identified in Inform's initial disclosures on July 14, 2023 along with sixty (60) other individuals associated with Google. He was identified again along with sixty-one (61) others as a custodian from which Inform sought relevant documents in an August 8, 2023 letter to Google's counsel.
[16] Notably, Google itself provided recent notice to depose additional witnesses and has scheduled depositions *outside* of the fact discovery cut-off date set by the Court.

Hon. P. Kevin Castel
June 14, 2024
Page 7

      Respectfully submitted,

      /s/ *Serina M. Vash*

      SERINA M. VASH
      New York Bar No.: 2773448
      svash@hermanjones.com
      **HERMAN JONES LLP**
      153 Central Avenue, # 131
      Westfield, NJ 07090
      (404) 504-6516

      JOHN C. HERMAN (admitted *pro hac vice*)
      jherman@hermanjones.com
      **HERMAN JONES LLP**
      3424 Peachtree Road, N.E., Suite 1650
      Atlanta, GA 30326
      (404) 504-6555
      (404) 504-6501 (fax)

      Counsel for Plaintiff Inform Inc.