

| | |
|---|---|
| **Via ECF** | Silicon Valley |
| | 855 Main Street |
| The Honorable P. Kevin Castel | Redwood City, CA 94063 |
| United States District Judge | T +1 650 461 8276 (Direct) |
| Southern District of New York | F +1 202 507 5945 |
| 500 Pearl Street | justina.sessions@freshfields.com |
| New York, NY 10007-1312 | www.freshfields.com |

June 19, 2024

**Re:** *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC)

Dear Judge Castel:

We write to oppose Plaintiffs' Letter Motion to Compel Google to designate persons to testify pursuant to Rule 30(b)(6), ECF No. 832, and to request permission to move for a Protective Order with respect to Plaintiffs' Amended Notice of Deposition Pursuant to Rule 30(b)(6). There are less than two weeks left in the fact discovery period. Rather than work toward narrowing their overbroad Rule 30(b)(6) Notice to Google, Plaintiffs chose to instead issue an "Amended" Rule 30(b)(6) Notice consisting of nearly 200 discrete parts.[1] Plaintiffs have ignored not just Google's good-faith efforts to negotiate, including an offer to designate witnesses on certain of Plaintiffs' Topics, but also the Court's guidance that discovery in this case should be "winding down." ECF No. 708 at 1. The Court should deny Plaintiffs' Motion and issue a Protective Order relieving Google of any obligation to designate a witness to testify in response to Plaintiffs' Amended Notice. A discovery conference is scheduled for June 20, 2024 at 4:00pm ET. ECF No. 834.

### I. Relevant Background of the Discovery Dispute

Plaintiffs have an enormous volume of discovery at their disposal. Over the course of this litigation, Google has produced to Plaintiffs over six and a half million documents from over 180 custodians, hundreds of terabytes of data, and access to over 80 gigabytes of source code. Google has already committed to making 24 current or former employees available for depositions, and Plaintiffs have also served nearly 60 interrogatories (on top of receiving responses to 17 interrogatories propounded by plaintiffs in the Virginia Case).[2] In addition,

---

[1] ECF No. 832-1 (the "Amended Notice").
[2] The Virginia Case refers to *United States et al. v. Google LLC*, No. 1:23-cv-00108 (LMB/JFA) (E.D. Va.). Plaintiffs have also served nine sets of Requests for Admission with over 10,000 requests (not including discrete parts) for information beyond document authenticity. Google has filed a separate motion seeking the Court's protection from these disproportionate written discovery requests. *See* ECF No. 835.

Plaintiffs have the extensive record from the Department of Justice's pre-suit investigation, including testimony from 30 Google employees.[3] On top of that, Plaintiffs also have the benefit of discovery taken during the coordinated discovery period in the Virginia Case, including eleven Rule 30(b)(1) depositions of nine Google employees[4] and five Rule 30(b)(6) depositions.

Notwithstanding the wealth of information already available to Plaintiffs, on April 19, 2024, Plaintiffs sought leave to take 12 additional depositions, ECF No. 755, and, per the Court's Order, ECF No. 777, have since noticed the nine additional depositions the Court granted. Plaintiffs' request for these depositions was based on the witnesses' allegedly "unique knowledge," as well as Google's defenses, which Plaintiffs claimed required "factual development to oppose." ECF No. 755 at 1, 8. Just eight days after receiving permission to depose these additional witnesses with allegedly "unique" knowledge (ECF No. 777), Plaintiffs served an 85-Topic Rule 30(b)(6) Notice on May 10, 2024. *See* Ex. A (the "Initial Notice"). The Initial Notice covered every aspect of Plaintiffs' claims and, notably, numerous Topics overlapped with Plaintiffs' justification for seeking additional depositions. *Compare* ECF No. 755 at 3 (requesting deposition of Witness No. 4, who allegedly "has unique knowledge of the market dynamics relating to header bidding" and Google's responses to Header Bidding), *with* Initial Notice Topics 53-58 (requesting extensive testimony related to Header Bidding).

The parties met and conferred about the Initial Notice on May 29, 2024. In response to Google's request that Plaintiffs identify the Topics in the Initial Notice for which they actually need Rule 30(b)(6) testimony, Plaintiffs identified 61 of the 85 Topics as "priorities" and refused to withdraw any particular Topic. During that conference, Google also identified issues with the Topics, including that they were so broad and vague that it was not practicable for Google to prepare a corporate witness or witnesses to testify as to any and all matters encompassed within them. Plaintiffs were unwilling to narrow the scope of any particular Topics until *after* Google agreed to designate witnesses to testify on them. To date, Plaintiffs' only "justification" for the sweeping nature of the Topics at this late stage of discovery was an unfounded, vague assertion that unspecified Google witnesses have been "evasive" during their depositions. This is, of course, no justification at all, particularly given that Plaintiffs had yet to take the majority of their noticed depositions at the time they issued the Initial Notice or at the time of the meet and confer.[5]

Google responded to Plaintiffs' priority Topics, agreeing to designate a witness or witnesses on certain Topics and explaining the overbreadth of others. ECF No. 832-3 (June 7, 2024 Letter from C. Forkner to Discovery Steering Committee (the "June 7 Response")). Google agreed to designate a witness or witnesses on Topics relevant to Plaintiffs' claims that had not been the subject of prior testimony, including certain AdSense Topics and an Inform-specific Topic. *See id.* at 4.[6] Google also agreed to designate a witness or witnesses to testify regarding questions previously posed by MDL Plaintiffs to two Google employees in this litigation regarding the design and operation of the product features at issue and for which they

---

[3] Two separate Google employees were each deposed on two separate occasions.
[4] A Google employee and a former Google employee were each deposed on two separate occasions.
[5] Plaintiffs raised their "justification" for the first time during this meet and confer.
[6] Google subsequently provided names of the corporate designees on certain AdSense Topics and an Inform-specific Topic in a June 12 letter.

did not know the answer. *Id.* at 3-4. Plaintiffs were on notice that Google designated these two employees to cover these technical topics in the Virginia Case.[7] Armed with this knowledge, Plaintiffs also chose to issue Rule 30(b)(1) notices to these employees—who have now sat for a combined total of six depositions across this MDL, the Virginia Case, and the DOJ's pre-suit investigation (all of which Plaintiffs have access to).

Despite indicating that they would negotiate in good faith with Google, the only follow-up that Google received to its June 7 Response and June 12 letter was an Amended Notice served on June 13 setting forth nearly 200 discrete parts spread across 38 overbroad Topics and a cover email demanding that Google agree to designate witnesses for the Amended Topics in less than 24 hours. Plaintiffs did not attempt to address the concerns raised in Google's June 7 Response.[8] In fact, many of the Topics in the Amended Notice were simply cut and pasted from Plaintiffs' Initial Notice.[9] And virtually all of the Topics suffer from the same fundamental flaws that plagued Plaintiffs' Initial Notice—they are simultaneously so overbroad that it is not practicable for Google to prepare a corporate witness or witnesses to testify as to any and all matters encompassed within them or are essentially requests for data or expert opinion testimony rather than appropriate topics for information reasonably available to a corporate representative.[10]

While the Amended Notice taken in its entirety is duplicative, unduly burdensome, and disproportionate to the needs of the case, Google has not categorically refused to provide discovery in response to the Amended Notice. As previously noted, Google made a reasonable proposal and identified witnesses to testify regarding certain Topics and questions that had not been the subject of prior testimony: namely, that it would designate witnesses to address certain product design and operation-related Topics as well as Topics relating to AdSense and Inform for a total of 10 hours to be divided by the Plaintiffs as they see fit, so long as no one witness sits for more than seven hours. However, by demanding that Google prepare corporate designees on the entirety of their Amended Notice, Plaintiffs are at the eleventh hour seeking discovery in the most burdensome manner possible.[11] Accordingly, Google seeks relief from this Court in the form of a Protective Order quashing Plaintiffs' Amended Notice.

## II. The Court Should Grant Google a Protective Order

The Court should grant Google a Protective Order as to Plaintiffs' Amended Rule 30(b)(6) Notice. As set forth in detail in Google's June 7 Response, Plaintiffs' Initial Notice does not comport with the Federal Rules of Civil Procedure, nor does Plaintiffs' Amended

---

[7] Pursuant to the Court's Coordination Order, Plaintiffs are precluded from seeking testimony on some of the same or substantially similar topics "absent good cause." ECF No. 564.

[8] It was not until Plaintiffs' filed their letter with the Court on June 14, 2024, that Google learned that Plaintiffs seek three full days of testimony in response to the Amended Notice. *See* ECF No. 832 at 4 ("Plaintiffs will agree to a 21-hour aggregate cap on the time for 30(b)(6) testimony[.]").

[9] *Compare, e.g.*, Amended Topic 3, *with* Initial Notice Topic 17; Amended Notice Topic 12, *with* Initial Notice Topic 34; Amended Notice Topic 21, *with* Initial Notice Topic 45(a-c).

[10] *See e.g.*, Amended Notice Topics 1-5.

[11] *See, e.g.*, *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005) (noting the court's power to order that a 30(b)(6) deposition, "which by its nature can be time-consuming and inefficient, be productive, and not simply an excuse to seek information that is already known").

Notice.  The 38 Topics in the Amended Notice, including their sub-parts, are not proportional to the needs of the case, are unduly burdensome and/or duplicative, and are not described with "reasonable particularity."  Among other fundamental flaws, the Amended Notice completely disregards the extensive discovery record already available to Plaintiffs.  Accordingly, the Court should grant Google a Protective Order quashing Plaintiffs' Amended Rule 30(b)(6) Notice.  *See* Fed. R. Civ. P. 26(c)(1); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (holding courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required").

### A. Plaintiffs' Amended Notice Seeks Testimony Duplicative of the Voluminous Discovery Record in this Litigation.

A Rule 30(b)(6) notice should not be used as a vehicle to retread discovery already provided.  *See, e.g.*, *Palmer v. Big Lots Stores, Inc.*, 2014 WL 3895698, at *1 (E.D. Va. Aug. 8, 2014) (quashing certain deposition topics because they are "covered" by interrogatories and requests for production).  But this is precisely what the vast majority of Plaintiffs' Amended Notice seeks.

By way of example, 21 of the 29 "common topics" seek information on various Google ad tech products and features and the ad tech optimizations at issue in Plaintiffs' complaints.  *See, e.g.*, Amended Notice Topics 9-29.  Plaintiffs have or will have examined witnesses on all of these Topics by the close of discovery in this case.[12]  Yet Plaintiffs' Amended Notice seeks to retread such basic ground as how each and every optimization "operates" and its "decision" to "implement" or "use" the optimizations.  *See* Amended Notice Topics 19, 20, 22, 23, 24, 27.

Plaintiffs do not dispute that during the course of the year-and-a-half long discovery period they have amassed a wealth of evidence on these and other Topics in the form of documents, testimony, and interrogatory responses.  Instead, they claim that "30(b)(1) testimony is not a substitute for 30(b)(6) testimony," and incorrectly assert that Google has "refused to answer" Plaintiffs' interrogatories[13] or that it is entitled to subject Google to the burden of a 30(b)(6) deposition regardless.  ECF No. 832 at 3.  Not so.

---

[12] As part of negotiations preceding Plaintiffs' Motion, Google had agreed to designate a witness to testify regarding the pricing of AdSense, functions Google makes available to publisher customers using AdSense, market share calculations (if any) and competitive intelligence or company tracking for AdSense.  This would address six of the 21 "common" Topics (Topics 12-17) regarding ad tech products and features and the ad tech optimizations, and addresses information Plaintiffs have thus far not developed during discovery.

[13] Specifically, Plaintiffs' claim that Google "refused to answer" Plaintiffs' interrogatories seeking information underlying Google's defenses like "procompetitive justifications" elides over the fact that Google *has* answered Plaintiffs' interrogatories, but has objected to many on the basis that, among other grounds, those demanding information like Google's "procompetitive justifications" are prematurely seeking Google's expert opinions.  Since serving Google with a request for production for, *inter alia*, Virginia Case expert reports in October 2023 (RFP 302), MDL Plaintiffs have repeatedly sought an improper preview of Google's expert opinions.  *See, e.g.*, E.D. Va. ECF Nos. 510 (seeking relief in E.D. Va. for production of Google's Virginia Case expert reports), 515 (denying motion); E.D. Va. Hr'g Tr. (Jan. 26, 2024) at 6:17-21 (" . . . This motion is not about our expert schedule.  This is because -- THE COURT:  Oh, it is.  It is about the expert schedule.  You want to see the experts' reports in our case before you have to do your expert reports in New York.").

"Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 – deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Baker v. Saint-Gobain Performance Plastics Corp.*, 2023 WL 4763745, at *3 (N.D.N.Y. July 26, 2023) (internal citations omitted). Given the magnitude of the discovery record in this case, which includes discovery from a coordinated case and pre-suit investigations, the Amended Notice does not comport with Rule 26 because it is unduly burdensome and duplicative. Thus, "it would be inappropriate to essentially start over on these topics utilizing a Rule 30(b)(6) notice." *Id.* at *3 (denying request for 30(b)(6) testimony and noting that a "Rule 30(b)(6) deposition is not to be used to re-ask all of the questions a party has previously explored with multiple witnesses" (internal citations omitted)). For the same reasons, duplicating information already provided to Plaintiffs in interrogatory responses is similarly unwarranted. *See, e.g.*, *Banks v. Off. of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 19 (D.D.C. 2004) (ordering plaintiff to re-draft 30(b)(6) topics to ensure that they are "meaningful exercises in ascertaining information that has not been previously discovered or [is] necessary").

### B. Plaintiffs' Topics Lack "Reasonable Particularity" and Are Otherwise Inappropriate for 30(b)(6) Testimony.

Putting aside the cumulative and duplicative nature of Plaintiffs' Amended Notice, it also: (1) fails to satisfy Rule 30's requirement that the noticing party "describe with particularity the matters for examination;" (2) seeks testimony on topics not appropriate for oral examination; and (3) seeks testimony that is more appropriately the topic of expert discovery or regarding legal conclusions within the purview of the Court.

*First*, many of the Topics in the Amended Notice are so vague, ambiguous, and broad that it is impossible for Google to identify witnesses to properly prepare for and respond to the Topics. *See Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *4 (S.D.N.Y. Aug. 28, 2008) ("[A]n overly broad Fed.R.Civ.P. 30(b)(6) 'notice subjects the noticed party to an impossible task,' because, where it is not possible to 'identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.'") (internal citations omitted). For example, Plaintiffs seek information on how various data sets "relate[] to" other data sets, without any explanation of what that term means, and how that "relationship changes over time," rendering the Topic vague and overbroad. *See, e.g.*, Amended Notice, Topic 4(c) (seeking information on "[h]ow the data or information contained within the XPP-M dataset relates to or is used to develop, construct or populate the DVAA P&Ls over time and how the relationship changes over time"); *see also* Topics 2(a) (seeking information on "[h]ow different versions of DVAA P&Ls relate to each other and change over time"), 5(c) (seeking information on "[h]ow the data contained within the XPP-M data relates to or differs from the data provided in the AdX/Open Bidding data and how the relationship changes over time"). Other Topics broadly seek information about "any" preferences, functions, analysis, changes, policy, practice, or standard, *see, e.g.,* Topics 13, 14, 17, 18, 32, and "all" decisions, *see, e.g.*, Topic 18. And others seek information on the "effects" or "impacts" of various optimizations on unspecified "metrics." *See, e.g.,* Topics 19, 20, 22. Further still, some Topics request information on "general features" or "general distinctions." Topics 6(b)-(c), 26. Such concepts are so impossibly vague that Google could not practically prepare a witness or witnesses to cover them.

*Second*, certain Topics in the Amended Notice are inappropriate or inefficient for oral testimony, such as Topics that would require the deponent to catalog and memorize voluminous information. It is both impossible and inefficient for Google to prepare witnesses to testify regarding such topics. *See, e.g.*, *Equal Emp. Opportunity Comm'n v. Am. Int'l Grp., Inc.*, 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994) ("Rule 30(b)(6) is not designed to be a memory contest. It is not reasonable to expect any individual to remember every fact . . . "); *see also Beverley v. New York City Health & Hosps. Corp.*, 2024 WL 2125402, at *8 (S.D.N.Y. May 13, 2024) (finding 30(b)(6) topics overbroad where they "require memorizing an unrealistic amount of information"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 1430537, at *3 (S.D.N.Y. Mar. 24, 2020) ("[T]he Court does not expect [a non-expert] 30(b)(6) witness to go line-by-line through [] data, nor will he or she be expected to testify as a statistical expert on such data.").

For example, several Topics seek information about the underlying data in various data sets and Google's operating costs "over time." *See, e.g.*, Topic 2(i) ("Information in the underlying data of the DVAA P&Ls, such as the 'Revenue Detail' tab in GOOG-AT-MDL-009643893 and similar documents, and how that relates to the DVAA P&Ls"); *see also* Topics 11, 23(d)). Other Topics would require Google witnesses to study and remember definitions for fields within various datasets. *See* Topic 2(b) ("[t]he definition(s) of each product group, and identification of the reporting units or products of each product group"); *see also* Topics 2(c)-(f), 4(b), 4(e)-(g)), 5(a) and (b), 23(j). Further still, some Topics seek information on Google's "methodology," (Topic 2(g)); "technical implementation," (Topic 9); "data inputs" into "algorithms," (Topic 20(a)), and the "design and implementation of algorithms," (Topic 36).

*Third*, certain Topics inappropriately seek expert analysis or conclusions of law. For example, Topic 1 seeks testimony on Google's market share and "[p]roducts and services that [Google] consider[s] or considered to be substitutes for, or reasonably interchangeable with, [Google's] products and/or services in these markets." Testimony on the relevant market in this litigation, Google's market share in those markets, its competitors' "shares of those markets," and the interchangeability of certain products and services are matters requiring expert testimony and seeking legal conclusions. Likewise, Topic 8 inappropriately seeks testimony on "the factual basis of [Google's] contention that [its] conduct was 'justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide activity,' and that 'the benefits of which significantly outweigh any alleged anticompetitive effects,' . . . including identification of documents or categories of documents that you intend to rely on to support this contention." None of these are appropriate for 30(b)(6) testimony. *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("In a nutshell . . . 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means."); *King Pharms., Inc. v. Eon Labs, Inc.*, 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008) (holding that it was improper to require a Rule 30(b)(6) witness to testify regarding the reasons for a party's contentions)); *Burlington Sch. Dist. v. Monsanto Co.*, 2024 WL 2237827, at *2 (D. Vt. May 17, 2024) (ordering that a 30(b)(6) witness need not be prepared to testify as to expert topics because "in testifying as to matters within [a company's] corporate knowledge . . ., [a Rule 30(b)(6) deponent] *cannot* make

comments that would otherwise require expert qualifications" (internal citations omitted) (emphasis added)).

### III.    Conclusion

Given the improper nature of Plaintiffs' Amended Notice and the extent to which Plaintiffs' Amended Notice attempts to retread other discovery that Plaintiffs have sought and obtained in this case and in the Virginia Case, Google's proposal to designate witnesses to address certain product design and operation-related Topics as well as Topics relating to AdSense and Inform is proportional to the needs of the case and balances Plaintiffs' request for corporate testimony on certain topics with Google's goal of avoiding duplicative, burdensome, and unnecessary discovery in this late stage of fact discovery.  Because Plaintiffs did not accept that reasonable offer and instead demanded Google designate witnesses for nearly 200 discrete parts spread across 38 overbroad Topics, Google requests that the Court issue a Protective Order relieving Google of any obligation to designate a witness to testify in response to Plaintiffs' Amended Rule 30(b)(6) Notice.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton
Denise L. Plunkett
Craig M. Reiser
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street

New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
dbitton@axinn.com
dplunkett@axinn.com
creiser@axinn.com
eyung@axinn.com
chaws@axinn.com

Bradley Justus (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

CC: All Counsel of Record (via ECF)