


Philip C. Korologos
pkorologos@bsfllp.com
212 446 2390

June 20, 2024

**Via ECF**
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*In re Google Digital Advertising Antitrust Litigation*
Case No. 21-md-3010 (PKC) (S.D.N.Y.)

*In re Google Digital Publisher Antitrust Litigation*
Case No. 21-cv-7034 (PKC) (S.D.N.Y.)

Dear Judge Castel:

The Publisher Class Plaintiffs ("Publisher Plaintiffs") oppose Google's letter motion for a protective order (ECF 835) regarding Publisher Plaintiffs' Requests for Admission ("RFAs") and respectfully requests an order pursuant to Rule 36(a)(6) requiring Defendant Google to answer our Fifth Fact RFAs (the "Fact RFAs") served May 18, 2024. ECF 835-9. Google served lengthy objections refusing to answer any of the Fact RFAs. The Court should also deny Google's motion for protective order with respect to Publisher Plaintiffs' RFAs served in Sets One through Four concerning admissibility and authenticity of certain documents and order that Google answer those RFAs. A conference is currently scheduled for June 20 at 4 p.m. ET.

## I. Background

On May 18, 2024, Publisher Plaintiffs served 203 Fact RFAs pursuant to Rule 36(a)(1)(A). ECF No. 835-9. The Fact RFAs ask Google to admit or deny basic factual propositions relevant to Publisher Plaintiffs' claims. On June 12, counsel for all MDL plaintiffs and Google met and conferred regarding the various MDL plaintiffs' separately propounded Fact RFAs. Google did not confer in good faith, instead saying it would object unless all plaintiffs served a single set of 40 Fact RFAs. And Google provided no guarantee that it would answer such RFAs. This take-it-or-leave-it offer was not proportional to a case of this size, and the MDL plaintiffs collectively rejected it. On June 17, Google served Publisher Plaintiffs with lengthy objections to the Fact RFAs. Ex. A. Google refused to answer any of our Fact RFAs.

Independently, between May 8 and May 14, 2024, Publisher Plaintiffs served four sets of RFAs concerning the authenticity and admissibility of certain documents produced or authored by Google (the "Admissibility RFAs") pursuant to Federal Rule of Civil Procedure 36(a)(1)(B). ECF 835-5, 835-6, 835-7, 835-8. The Admissibility RFAs ask Google to admit or deny the authenticity of 809 Google-produced or Google-written documents. Approximately 695 of the Admissibility RFAs concern business records like launch documents, communications documents, and design documents for the auction manipulations at issue and for those documents Publisher Plaintiffs seek admissions that the document referenced is a business record for purposes of hearsay exception FRE 803(6). The Admissibility RFAs for those 695 documents





are structured to minimize burden—if Google admits that the document was authentic and satisfies the requirements for the business records exception, the sub-requests for admission on the various elements of FRE 803(6) exception are moot. *See, e.g.*, ECF 835-5 at 5 (Request 1). For the remaining 114 documents, the Admissibility RFAs request admissions only on the authenticity of the document and that it was authored by a Google employee or agent.

Google has not yet responded to any of the Admissibility RFAs as the parties are actively negotiating a joint stipulation as to authenticity of documents produced in this litigation. Google has indicated that it will not stipulate that any documents satisfy the business records exception (FRE 803(6)) to the hearsay rule. The negotiations have resulted in Publisher Plaintiffs granting extensions to respond to the Admissibility RFAs; the current deadline is June 21.

## II. Argument

**Non-authentication RFAs are permitted.** The Federal Rules expressly contemplate and permit the use of Fact RFAs. Fed. R. Civ. P. 36(a)(1)(A). Contrary to Google's position, Pre-Trial Orders 3 and 5 do not alter that. ECF No. 311 & 394.

Indeed, Pre-Trial Order No. 3 does not address Rule 36 RFAs in any way, and Pre-Trial Order No. 5 expressly states that the "parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York" and it narrowly addresses the timing only for those RFAs that are "for the purpose of authenticating documents." *See also* Pre-Trial Order No. 5 at ¶ 6.2 (expressly limiting the use of all forms of Interrogatories other than as set forth by the order—"No Interrogatories shall be served except . . ."). Publisher Plaintiffs' RFAs comply with the Court's Pre-Trial Orders and the Federal and Local Rules.

**The Fact RFAs served by Publisher Plaintiffs are proportional to the needs of the case, and Google's other objections are baseless.** Google's letter motion, similar to its prior mantra, points to the volume of documents and data produced and the number of depositions taken, a subset of which will certainly be used at summary judgment and trial. But RFAs are something different—they allow for narrowing of facts in dispute to allow the parties to focus on truly contested issues in the litigation. Publisher Plaintiffs' narrowly tailored 203 Fact RFAs are intended to do just that. Google is not being asked to conduct *new* discovery, it is simply being asked to admit basic *facts* so that they do not need to be litigated in time-consuming summary judgment briefing or through evidence at trial. Admitting or denying the Fact RFAs poses significantly less burden on Google than the burden that would otherwise be imposed on Publisher Plaintiffs and on the Court (and the jury) by leaving these issues until later in the case.

Under Fed. R. Civ. P. 36, a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." The Federal Rules make clear what responses are appropriate in the face of Fact RFAs: admit, deny, "state in detail why the answering party cannot truthfully admit or deny it," or "assert lack of knowledge or information for failing to admit or deny." Fed. R. Civ. P. 36(a)(4). The answering party can even qualify their answer or deny only part of a matter, provided there is a factual basis





to do so. *Id.* But answering parties cannot wholly refuse to provide any answer whatsoever. *Herrera v. Scully*, 143 F.R.D. 545, 549-50 (S.D.N.Y. 1992); *see also Levy v. Young Adult Inst., Inc.*, 2016 WL 3637109, at *2 (S.D.N.Y. June 29, 2016) ("The Federal Rules envision a gradual winnowing of issues throughout the course of a litigation so that by the time a case goes to trial only the most important issues remain.").

The Fact RFAs are not, as Google objected for *every* Fact RFA served, "cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records." Ex. A. To the extent that Google claims in its letter to have already addressed certain RFAs in its Answer, Google could simply have admitted or denied those requests in a consistent matter—its not having done so is telling. Indeed, Google's Answer did ***not***, in fact, explicitly admit or deny several of the RFAs Google cites in its letter. *See, e.g.*, Ex. A at Requests 20, 151, 156, 160, 178.

Further, the other sources Google points to—document discovery, interrogatory answers in other cases, and public records—cannot provide the basis for deeming a fact admitted or denied at trial. Facts contained within documents produced during discovery do not carry the same effect as a fact that is admitted under Rule 36. *See* Richard L. Marcus, Federal Practice & Procedure § 2253 (3d ed. 2024) ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.").

Rule 36 Fact RFAs benefit the Court, the jury, and the parties by reducing the facts in dispute at trial and other stages of the case. "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment; *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) ("the purpose of Rule 36 is to expedite trial by removing uncontested issues"); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1468 n.10 (S.D.N.Y. 1983) ("Though Rule 36 has not been resorted to as much as some of the other discovery rules, it is a valuable time saver when properly used.") (quoting Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure (1970)). Such a narrowing of the issues is especially important in jury trials. *Life Music, Inc. v. Broad. Music, Inc.*, 31 F.R.D. 3, 5 (S.D.N.Y. 1962) ("The importance of defining the issues cannot be overemphasized. . . . The pleadings cannot be relied upon to frame the issues with sufficient particularity to make the protracted case triable, figuratively speaking, especially where the trial is to be before a jury.").

Without proper responses to the Fact RFAs from Google, Publisher Plaintiffs would be forced to prove at trial the facts contained in the 203 Fact RFAs, unnecessarily burdening the Court, the jury, and the Publisher Plaintiffs. *See U.S. v. Vayner*, 769 F.3d 125, 129-30 (2d Cir. 2014); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42-43 (S.D.N.Y. 1997) ("requests for admission can save litigants valuable time and substantial money, which would otherwise have to be spent unnecessarily . . . to prove certain facts at trial . . . when such facts are not contested.") (quoting 7 James W. Moore, et al., Moore's Federal Practice § 36.02, at 36-8 to 36-9 (3d ed. 1997)). *Sahu v. Union Carbide Corp.*, cited by Google, is inapposite. There, the court had already ruled on summary judgment, and the Second Circuit





directed the trial court to conduct "relatively limited further proceedings" in order to resolve the outstanding issues. 262 F.R.D. 308, 317 (S.D.N.Y. 2009).

Google's "offer" of 40 Fact RFAs for *all MDL plaintiffs* was facially inadequate. Notably, such "admissions are usable only against the party who made them and only in the action in which they were made. In multiparty litigation, therefore, requests may have to be directed to each party in each related action." Manual for Complex Litigation § 11.472 (4th ed. 2023) (emphasis added); *see also T. Rowe Price Small-Cap Fund*, 174 F.R.D. at 42 ("Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact.").

Further, Rule 36 places no limit on the number of RFAs a party may issue. "The sheer number of RFAs does not support issuance of a protective order in this case," which "will turn in part on circumstantial evidence." *Sec. & Exch. Comm'n v. Rayat*, 2022 WL 1606953, at *2 (S.D.N.Y. May 19, 2022) (collecting cases where this Court found hundreds of RFAs was not excessive).[1] In a case of this magnitude, 40 Fact RFAs is simply not proportional to the needs of the case. Considering the number of markets, the breadth of the conduct alleged, and the substantial potential damages involved, Publisher Plaintiffs' 203 Fact RFAs are reasonable and proportional.

Finally, Google cannot complain of the timing of Publisher Plaintiffs' service of the Fact RFAs. Publisher Plaintiffs served the 203 Fact RFAs on May 18, 2024—41 days before the close of fact discovery. Google has ample time to respond to the Fact RFAs within the fact discovery deadline. Moreover, requests for admission naturally should come near the close of fact discovery to allow the identification of the facts that should be admitted so as to narrow the issues in dispute.

Google's remaining objections to the Fact RFAs are baseless. Google asserts that four of the 203 Fact RFAs are "irrelevant." However, by failing to raise that objection for the remaining 199 Fact RFAs, Google concedes their relevance and thus the value of resolving the facts addressed therein before trial. But Google cannot reasonably argue that any of the Fact RFAs are irrelevant to the case. For example, Google argues that whether "Google's acquisition of DoubleClick was announced in 2007 and the acquisition was completed in 2008" is "irrelevant to the claims at issue in this case to the extent that it seeks admission as to the date Google announced its acquisition of DoubleClick." Ex. A at Request 20. However, this issue is plainly relevant to the Publisher Plaintiffs' claims alleging that "Google has grown through strategic acquisitions to yield products, manpower, and patent portfolios that directly and indirectly feed its online advertising business revenue." ECF No. 408 ¶ 93.

Google also asserts that several terms are vague, ambiguous, or improperly undefined. However, Google's objections are without merit. Google objects to dozens of terms with a plain and ordinary meaning as "vague and ambiguous." Ex. A. But a canvass of the objected-to terms

[1] Tellingly, Google fails to cite a single case from this District granting a protective order based on the number of RFAs served.





belies the speciousness of this objection: "possible" (Ex. A at Requests 5, 6); "renamed" (*Id.* at Requests 19, 23); "provider" and "provide" (*Id.* at Requests 8, 194, 202-03).[2] Terms with plain and ordinary meanings should be interpreted as such. *Compagnie Francaise d'Assurance Pour le Com. Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 43 (S.D.N.Y. 1984).

Google similarly objects to terms that it uses repeatedly in its public filings, such as Alphabet Inc.'s Form 10-K for the fiscal year ended December 31, 2022, including: "the Internet" (Ex. A at Requests 2-6); "revenue" (*Id.* at Requests 9, 38, 76, 189); "spend" (*Id.* at Requests 149-50, 188, 191-92); and "launched" (*Id.* at Requests 151, 156, 160, 171, 175, 178, 185, 195).[3] Google's use of these terms demonstrates a clear understanding of their meaning.

Finally, Google objects to certain capitalized terms as requiring definition, but the terms' meaning is easily understood between the parties as having been detailed in the Amended Complaint, including: "Ad Server" (Ex. A at Requests 18, 33, 35-39, 41, 179; ECF No. 408 ¶¶ 113-15); "DoubleClick" (Ex. A at Request 20; ECF No. 408 ¶ 12); and "Ad Exchanges" (Ex. A at RFAs 42, 144-46, 148, 184, 190, 192; ECF No. 408 ¶¶ 116-18).[4] Google cannot reasonably

---

[2] Other purportedly "vague and ambiguous" terms include: "correlated" (Ex. A at Request 7); "provider" and "provide" (*Id.* at Requests 8, 194, 202-03); "renamed" (*Id.* at Requests 19, 23); "rebranded (*Id.* at Request 29); "function" (*Id.* at Requests 33, 34, 36-38); "available" and "availability" (*Id.* at Request 33); "seeking" (*Id.* at Request 39); "use" (*Id.* at Requests 40, 43); "must" (*Id.* at Requests 42, 43); "reporting" (*Id.* at Request 50); "unique" (*Id.* at Request 59); "participate" (*Id.* at Request 63); "accessing" (*Id.* at Request 70); "taking" (*Id.*); "interacted" (*Id.* at Request 91); "equaled" (*Id.* at Request 125); "effect" (*Id.* at Requests 149-50, 189); "ability" (*Id.* at Request 154); "allowed" (*Id.* at Request 174); "recognized" (*Id.* at Request 189); "protect" (*Id.* at Request 193); "unified" (*Id.* at Request 195); and "segments" (*Id.* at Request 201).

[3] Other objected-to terms used by Google in its own filings include: "consumer" (Ex. A at Request 4); "ads" (*Id.* at Requests 5, 36); "search ads" (*Id.* at Request 7); "input[]" (*Id.* at Requests 7, 200); "sales" (*Id.* at Request 10); "acquired" (*Id.* at Requests 23, 25, 27); "product" (*Id.* at Requests 23, 27, 41); "demand" (*Id.* at Requests 34, 189); "user" (*Id.* at Requests 34, 36, 51); "benefit" (*Id.* at Request 39); "advertiser" (*Id.* at Request 40); "software products" (*Id.*); "social media platform" (*Id.* at Request 54); "marketing" (*Id.* at Request 64); "significant" (*Id.* at Request 85); "algorithm" (*Id.* at Requests 104, 200); "licensed" (*Id.* at Request 107); "impact" (*Id.* at Request 153); "automatically" (*Id.* at Request 154); "feature" (*Id.* at Request 179); and "data" (*Id.* at Request 202).

[4] Such objected-to terms include: "Exchange Bidding" (Ex. A at Request 18; ECF 408 ¶ 26); "search advertising" and "display advertising" (Ex. A at Requests 32, 52; ECF 408 ¶¶ 67-73); "publishers" (Ex. A at Requests 38-39, 44; ECF 408 ¶ 1); "Ad Buying Tools" (Ex. A at Requests 40, 42, 43; ECF 408 ¶¶ 125-47); "digital advertising" (Ex. A at Request 40; ECF 408 ¶¶ 62-73); "Ad Networks" (Ex. A at Requests 43, 144-46, 148; ECF 408 ¶¶ 119-20); "open display advertising" and "owned-and-operated platforms" (Ex. A at Request 52; ECF 408 ¶ 111); "large advertiser" and "small advertiser" (Ex. A at Requests 57-60; ECF 408 ¶¶ 127-47); "AdX" (Ex. A at Request 107; ECF 408 ¶¶ 226-30); "third-party ad servers" (Ex. A at Request 115; ECF 408 ¶ 228); "Header Bidding" (Ex. A at Requests 117-19, 181, 184, 187, 193; ECF 408 ¶¶ 296-309,





contend that it is unaware of what Publisher Plaintiffs are referring to with such terms given those terms being directly at issue in this case and the detailed descriptions of those terms in, among other places, the Amended Complaint.

The Court should overrule Google's attempt to avoid providing *any* admissions of fact in this litigation, no matter how basic, and order Google pursuant to Rule 36(a)(6) to answer the Fact RFAs.

**The Admissibility RFAs are proportional and are not premature.** "Rule 36(a)(1)(B) specifically contemplates the use of requests for admission to establish the authenticity or genuineness of a document." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2021 WL 5336970, at *3 (S.D.N.Y. Oct. 21, 2021). Like any other type of RFAs, Rule 36 does not set the time in which parties may issue RFAs, and the Court's Pre-Trial Order No. 5 only requires that RFAs concerning the authenticity of documents be served "no later than 45 days prior to the close of fact discovery." ECF 394 ¶ 6.3.

Google argues that Publisher Plaintiffs' Admissibility RFAs are premature "because admissibility may be addressed by the parties in a trial stipulation." ECF No. 835 at 6. Google's point demonstrates why the Court should deny the request for a protective order as to Publisher Plaintiffs' Admissibility RFAs. First, had Plaintiffs waited to final pre-trial order negotiations, Google would surely have said that pursuant to Pre-Trial Order No. 5, Plaintiffs should have requested admissions at least 45 days prior to the close of fact discovery. Second, the parties are actively negotiating an authenticity stipulation and exchanged a draft stipulation on authenticity as recently as yesterday, June 19, 2024; Google's motion for a protective order threatens to derail those discussions. Third, the admissibility prerequisites sought to be established by the Admissibility RFAs served by Publisher Plaintiffs will simplify what are likely to be protracted and hard-fought negotiations over a trial stipulation by removing a subset of the documents that may be in contention.

Publisher Plaintiffs' authentication and Admissibility RFAs concern a discrete set of roughly 800 documents with the potential to be introduced at trial, cited at summary judgment,

---

343-52); "waterfall system" (Ex. A at Requests 117-19; ECF 408 ¶¶ 257-68); "DFP Ad Server" (Ex. A at Requests 120-21, 164-65; ECF 408 ¶¶ 203, 205); "Google's publisher Ad Server" (Ex. A at Request 122; ECF 408 ¶¶ 34, 88); "Dynamic Revenue Share" and "DRS" (Ex. A at Requests 151, 153, 159, 162-68; ECF 408 ¶¶ 286-95); "AdX reserve price" (Ex. A at Request 152; ECF 408 ¶¶ 254-59); "auction clearing price" (Ex. A at Requests 155, 158; ECF 408 ¶ 259); "Google's Ad Exchange" (Ex. A at Request 162; ECF 408 ¶ 34); "Project Bernanke" (Ex. A at Requests 171-74; ECF 408 ¶¶ 277-85); "win rate" (Ex. A at Request 172; ECF 408 ¶ 281); "line items" (Ex. A at Requests 179-81; ECF 408 ¶¶ 296-309); "data fields" (Ex. A at Requests 182-84; ECF 408 ¶¶ 310-11); "Project Poirot" (Ex. A at Requests 185-89; ECF 408 ¶¶ 315-18); "Project Elmo" (Ex. A at Requests 190-93; ECF 408 ¶¶ 319-23); "DV360" (Ex. A at Requests 191-92; ECF 408 ¶ 105); "minimum bid to win" (Ex. A at Request 194; ECF 408 ¶¶ 343-52); "first-price auction" (Ex. A at Request 195; ECF 408 ¶ 278); and "last look" (Ex. A at Request 199; ECF 408 ¶ 292).





*see* Fed. R. Civ. P. 56(c), or relied upon by experts. Publisher Plaintiffs have conferred with Google in a good faith attempt to agree on a process by which Publisher Plaintiffs could establish basic prerequisites to admissibility for these documents, but *Google* abandoned those negotiations after MDL plaintiffs expressed concerns about forgoing the up or down certainty of a limited number of RFAs on admissibility issues for a protracted negotiated stipulation process concerning even the most basic of business records.

Finally, *Siani v. SUNY Farmingdale et al.* is inapposite. There, the court held that the RFAs were served far too early and thus improperly attempted to replace ordinary discovery devices. 2009 WL 3254924, at *1 (E.D.N.Y. Oct. 7, 2009). Here, fact discovery is set to close in nine days, and Publisher Plaintiffs presented Google with a limited set of documents to authenticate. It cannot be said that Publisher Plaintiffs' Admissibility RFAs are intended to "discover" new evidence. Rather, Publisher Plaintiffs' Fact RFAs are only seeking to confirm the authenticity and status as business records of relevant documents and thereby reduce trial time.

A protective order is unwarranted as to Publisher Plaintiffs' Admissibility RFAs. Publisher Plaintiffs also respectfully request that the Court order that Google answer the Admissibility RFAs. Because of the continuing negotiations on a stipulation relating to authenticity, such an order could at this time be limited to requiring answers on the requests related to FRE 803(6); we believe, however, that a deadline should be set for June 28 as the date by which any stipulation must be concluded as to authenticity, the absence of which should result in Google being ordered to also answer the authenticity and authorship requests in the Admissibility RFAs for all 809 documents.

## III. Conclusion

For the foregoing reasons, Publisher Plaintiffs respectfully request that Google's request for a protective order be denied as to all RFAs served by the Publisher Plaintiffs and that the Court order prompt answers to the Admissibility RFAs. Publisher Plaintiffs also respectfully request that Google's objections to the Fact RFAs be overruled and that it be ordered to answer the Fact RFAs.

Respectfully submitted,

*/s/ Philip C. Korologos*

Philip C. Korologos
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*Lead Counsel for the Publisher Class*

Copies to: All counsel via ECF.