# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 21-MD-3010 (PKC)** |

*This Document Relates To:*

| | |
|---|---|
| **IN RE GOOGLE DIGITAL PUBLISHER LITIGATION** | **No. 21-CV-7034 (PKC)** |

**GOOGLE LLC, ALPHABET INC., AND YOUTUBE, LLC'S
RESPONSES AND OBJECTIONS TO PUBLISHER PLAINTIFFS' FIFTH SET OF
<u>REQUESTS FOR ADMISSIONS</u>**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively "Google"), by their undersigned counsel, hereby respond to Publisher Plaintiffs' Fifth Set of Requests for Admission as follows.

These Responses and Objections are based on the information currently available to Google and are provided subject to, without intending to waive, and expressly preserving, Google's right at any time to revise, correct, supplement, or clarify any of the responses and objections herein.

In providing these Objections, Google does not waive, and expressly preserves, all defenses and claims. Google provides these Objections without waiving or intending to waive: (a) any objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories; (b)

1

the right to object on any ground at any time in response to a demand for further responses to the Requests for Admission; (c) the right to revise, amend, supplement, or clarify any of the objections set forth herein; or (d) the right to move the Court for a protective order with respect to the Interrogatories.

## OBJECTIONS TO INSTRUCTIONS

1.      Google objects to each of Plaintiffs' Instructions to the extent that they seek to impose obligations beyond those required by the Federal Rules, this Court's Local Rules, or any applicable order, including but not limited to Pre-Trial Order Nos. 3 and 5 (ECF Nos. 311 & 394).

2.      Google objects to Instruction 5 as vague and ambiguous as to the meaning of "Present." Google further objects to the seventeen-year timeframe in Instruction 7 as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Google will interpret the relevant time period for the purposes of responding to these Interrogatories as the ten-year time period from January 1, 2013 to March 27, 2023.

3.      Google objects to Instruction 6 because it seeks to impose obligations regarding the production and handling of ESI that are governed by the ESI Order (ECF No. 508) negotiated by the parties and entered by the Court, including by purporting to impose privilege log obligations.  The negotiated and court-ordered ESI Order is the appropriate vehicle for addressing such obligations, not unilaterally imposed instructions to the Interrogatories.

## OBJECTIONS TO DEFINITIONS

To the extent that Google does not object to a defined term or responds to Interrogatories containing a defined term, regardless of whether Google has objected to that definition, Google's response should not be taken as a concession or agreement by Google that the defined term is

factually accurate or legally sufficient for any evidentiary purposes.  To the extent Google objects to any of Plaintiffs' defined terms below, Google incorporates by reference those objections wherever such definition is used in the Interrogatories.

1.      Google objects to Definition 1, "You", "Your", "Alphabet", or "Google," to the extent it defines "subsidiary," "affiliate," and "joint venture" to refer to "any firm in which there is total or partial ownership of twenty-five percent or more or total or partial control between the company and any other Person or entity." Google will construe "subsidiary," "affiliate," and "joint venture" to refer to firms over whose documents Google has possession, custody, or control.

## GENERAL OBJECTIONS

1.      Google objects to the Requests for Admission to the extent they do not comport with the Federal Rules, this Court's Local Rules, or applicable orders of this Court, including Pre-Trial Order Nos. 3 or 5 (ECF Nos. 311 & 394).

2.      Google objects to the Requests for Admission because they are vague, ambiguous, voluminous, overbroad, unduly burdensome, and duplicative of previously propounded discovery, including interrogatories and requests for production of documents.

3.      Google objects to the Requests for Admission to the extent they call for information that is already in the possession of or equally available to Plaintiffs or their counsel, including, but not limited to, documents previously produced to Plaintiffs and documents available from government agencies, regulatory bodies, court filings, commercial industry sources, or documents available in the public domain.

4.      Google's investigation of Plaintiffs' claims is ongoing.  These responses are being made after reasonable inquiry into the relevant facts and are based only upon the information and

documentation that is presently known to Google.  Google's responses should not be construed to prejudice its right to conduct further investigation in these Actions, or to limit its use of any additional evidence that may be developed.  Google reserves the right to assert additional objections, and to supplement its responses and objections as appropriate, particularly if any additional information regarding the Interrogatories or the underlying claims at issue is provided.

### RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Google does business with online publishers throughout the United States.

**Response to Request for Admission No. 1:**

Google objects to this Request as vague and ambiguous as to the terms "does business" and "online publisher."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request as vague and ambiguous as to the expression "throughout the United States."  Google will interpret this expression as "in the United States."  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 2:**

The large number of online visitors to the Internet makes it an attractive forum for advertisers.

**Response to Request for Admission No. 2:**

Google objects to this Request as vague and ambiguous as to the terms "large number," "online visitors," and "attractive forum."  Google will interpret these terms consistent with their general business understanding.  Google further objects to the term "the Internet" as vague, ambiguous, and nonsensical.  Google further objects to the capitalized term "Internet" as vague and ambiguous to the extent such term purports to be defined.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 3:**

Before the Internet, companies wanting to advertise did so largely through billboards, newspapers, magazines, radio, and television.

**Response to Request for Admission No. 3:**

Google objects to the term "the Internet" as vague, ambiguous, and nonsensical.  Google further objects to the capitalized term "Internet" as vague and ambiguous to the extent such term

purports to be defined.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 4:**

The Internet allowed for more specific targeting of advertising to consumers, traits, interests, and demographics.

**Response to Request for Admission No. 4:**

Google objects to this Request as vague and ambiguous as to the terms "targeting," "allowed for," "consumers," "traits," "interests," and "demographics."  Google further objects to the term "the Internet" as vague, ambiguous, and nonsensical.  Google further objects to the capitalized term "Internet" as vague and ambiguous to the extent such term purports to be defined.  Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 5:**

The Internet made it possible to target advertising with increasing specificity to specific
consumers who are more likely to interact with the ads.

**Response to Request for Admission No. 5:**

Google objects to this Request as vague and ambiguous as to the terms "possible,"

"target," "specificity," "consumers," "interact," and "ads," and as to the expression "target

advertising with increasing specificity."  Google will interpret these terms and expression

consistent with their general business understanding.  Google objects to the term "the Internet"

as vague, ambiguous, and nonsensical.  Google further objects to the capitalized term "Internet"

as vague and ambiguous to the extent such term purports to be defined.  Google further objects to

this Request to the extent that it is cumulative and duplicative of existing discovery, admissions

made in Google's Answer or any answers in related cases, or public records. Google further

objects to this Request as unduly burdensome and disproportionate to the needs of this case,

particularly given the voluminous discovery already produced in this action, the needless and

undue delay of propounding this Request.  Google further objects to this Request as inconsistent

with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or

some discrete portion(s) thereof, can be derived from documents that Google has produced or

will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the

same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 6:**

The Internet made it possible to increasingly target advertising to specific consumers who are more likely to buy the advertised products or services.

**Response to Request for Admission No. 6:**

Google objects to this Request as vague and ambiguous as to the terms "possible," "target," and "consumers," and as to the expression "target advertising."  Google will interpret these terms and expression consistent with their general business understanding.  Google objects to the term "the Internet" as vague, ambiguous, and nonsensical.  Google further objects to the capitalized term "Internet" as vague and ambiguous to the extent such term purports to be defined.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 7:**

Search ads are only served to users after they have inputted a search query correlated with products, services, or information related to the ad.

**Response to Request for Admission No. 7:**

Google objects to this Request as vague and ambiguous as to the terms "[s]earch ads," "users," "inputted," "search query," "correlated," and "ad."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent it relates to Plaintiffs' dismissed claims related to Google's search advertising business.  *See* ECF Nos. 701, 773.  Google further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information concerning products other than Google Ads (solely as used for the purchase of display advertising, not search ad inventory), Display & Video 360, Campaign Manager, AdSense for Content (but not, for the avoidance of doubt, AdSense for Search), AdMob, and Google Ad Manager.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 8:**

Google has been the largest provider of online search advertising since at least 2005.

**Response to Request for Admission No. 8:**

Google objects to this Request as vague and ambiguous as to the terms "provider" and "online search advertising."   Google further objects to this Request on the basis that it is irrelevant to the claims at issue in this case.  Google further objects to this Request to the extent it relates to Plaintiffs' dismissed claims related to Google's search advertising business.  *See* ECF Nos. 701, 773.  Google further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information concerning products other than Google Ads (solely as used for the purchase of display advertising, not search ad inventory), Display & Video 360, Campaign Manager, AdSense for Content (but not, for the avoidance of doubt, AdSense for Search), AdMob, and Google Ad Manager.  Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 9:**

Google's revenue from online search advertising in 2020 exceeded $44.5 billion.

**Response to Request for Admission No. 9:**

Google objects to this Request as vague and ambiguous as to the terms "revenue" and "online search advertising."  Google further objects to this Request on the basis that it is irrelevant to the claims at issue in this case.  Google further objects to this Request to the extent it relates to Plaintiffs' dismissed claims related to Google's search advertising business.  *See* ECF Nos. 701, 773.  Google further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information concerning products other than Google Ads (solely as used for the purchase of display advertising, not search ad inventory), Display & Video 360, Campaign Manager, AdSense for Content (but not, for the avoidance of doubt, AdSense for Search), AdMob, and Google Ad Manager.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 10:**

Google made more than 90% of the sales of online search advertising in the United States in 2020.

**Response to Request for Admission No. 10:**

Google objects to this Request as vague and ambiguous as to the terms "sales" and "online search advertising."  Google further objects to this Request on the basis that it is irrelevant to the claims at issue in this case.  Google further objects to this Request to the extent it relates to Plaintiffs' dismissed claims related to Google's search advertising business.  *See* ECF Nos. 701, 773.  Google further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information concerning products other than Google Ads (solely as used for the purchase of display advertising, not search ad inventory), Display & Video 360, Campaign Manager, AdSense for Content (but not, for the avoidance of doubt, AdSense for Search), AdMob, and Google Ad Manager.  Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 11:**

Cost Per Mille, also known as CPM, is a measurement unit for display advertising pricing in which the price is expressed as the amount an advertiser pays per 1000 ad impressions.

**Response to Request for Admission No. 11:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 12:**

Cost Per Click, also known as CPC, is a measurement unit for display advertising pricing in which the price is expressed as the amount an advertiser pays each time a user clicks on an ad.

**Response to Request for Admission No. 12:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

13

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 13:**

Click Through Rate, also known as CTR, is the number of clicks divided by the  number of impressions.

**Response to Request for Admission No. 13:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 14:**

Predicted Click Through Rate, also known as pCTR, is a measure of the  probability that a specific ad will be clicked when placed in a specific impression.

**Response to Request for Admission No. 14:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or

public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 15:**

Cost Per Day, also known as CPD, is the amount an advertiser is charged daily by a sponsorship campaign, where a certain proportion of a publisher's inventory is guaranteed.

**Response to Request for Admission No. 15:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 16:**

Cost per Action, also known as CPA, is a measurement unit for display advertising

pricing in which the price is expressed as the amount the advertiser pays if an action, such as a product purchase or a registration for a service, results from a user's exposure to the display advertising.

**Response to Request for Admission No. 16:**

Google objects to this Request as vague and ambiguous as to the term "action." Google will interpret this term consistent with its general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as undly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 17:**

Programmatic advertising refers to the automated process through which publishers sell space on their websites for the display of advertising to website users as opposed to through direct sales.

**Response to Request for Admission No. 17:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as undly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 18:**

Exchange Bidding, also known internally as Exchange Bidding with Dynamic Allocation
(EBDA), Project Jedi, or Demand Syndication, is an auction process developed by Google in
2016 that enables third-party Ad Exchanges to submit real time bids to publishers who  use
Google's Ad Server.

**Response to Request for Admission No. 18:**

Google objects to this Request as vague and ambiguous as to the terms "Exchange

Bidding," "Exchange Bidding with Dynamic Allocation," "Project Jedi," "Demand

Syndication," "auction process," "Ad Exchanges," "real time bids," and "Ad Server."  Google

will interpret these terms consistent with their general business understanding.  Google further

objects to the capitalized terms "Ad Exchanges" and "Ad Server" as vague and ambiguous to the

extent such terms purport to be defined.  Google further objects to this Request to the extent that

it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or

any answers in related cases, or public records. Google further objects to this Request as unduly

burdensome and disproportionate to the needs of this case, particularly given the voluminous

discovery already produced in this action, the needless and undue delay of propounding this

Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and

Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof,

can be derived from documents that Google has produced or will produce to Plaintiffs, the

burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 19:**

In September 2019, Google renamed Exchange Bidding as Open Bidding.

**Response to Request for Admission No. 19:**

Google objects to this Request as vague and ambiguous as to the term "renamed." Google will interpret this term consistent with its general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 20:**

Google's acquisition of DoubleClick was announced in 2007 and the acquisition was completed in 2008.

**Response to Request for Admission No. 20:**

Google objects to this Request as vague and ambiguous as to the terms "DoubleClick" and "completed." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request as irrelevant to the claims at issue in this case to the extent it seeks admission as to the date Google announced its acquisition of

DoubleClick.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 21:**

Prior to the acquisition of DoubleClick, the internal code name at Google for its contemplated acquisition of DoubleClick was "Project Liberty".

**Response to Request for Admission No. 21:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 22:**

Through the DoubleClick acquisition, Google acquired the product known as DART for Publishers, later re-named DoubleClick for Publishers ("DFP").

**Response to Request for Admission No. 22:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 23:**

Through the DoubleClick acquisition, Google acquired the product known as DART for Advertisers, later re-named DoubleClick for Advertisers.

**Response to Request for Admission No. 23:**

Google objects to this Request as vague and ambiguous as to the terms "acquired," "product, and "re-named." Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 24:**

Prior to the DoubleClick acquisition, Google did not operate an Ad Exchange.

**Response to Request for Admission No. 24:**

Google objects to this Request as vague and ambiguous as to the expression "Prior to the

DoubleClick acquisition."  Google will interpret this to mean prior to the 2008 completion of

Google's acquisition of DoubleClick.    Google further objects to this Request as vague and

ambiguous as to the terms "operate" and "Ad Exchange."  Google will interpret these terms

consistent with their general business understanding.  Google further objects to the capitalized

term "Ad Exchange" as vague and ambiguous to the extent such term purports to be defined.

Google objects to this Request to the extent that it is cumulative and duplicative of existing

discovery, admissions made in Google's Answer or any answers in related cases, or public

records. Google further objects to this Request as unduly burdensome and disproportionate to the

needs of this case, particularly given the voluminous discovery already produced in this action,

the needless and undue delay of propounding this Request.  Google further objects to this

Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the

answer to this Request, or some discrete portion(s) thereof, can be derived from documents that

Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the

answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 25:**

Through the DoubleClick acquisition, Google acquired the product known as DoubleClick Advertising Exchange, which would later form the basis of the Google Ad Exchange also known as "AdX."

**Response to Request for Admission No. 25:**

Google objects to this Request as vague and ambiguous as to the terms "acquired" and "form the basis of."  Google will interpret these terms consistent with their general business understanding.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 26:**

DoubleClick for Publishers is a publisher ad-serving technology.

**Response to Request for Admission No. 26:**

Google objects to this Request as vague and ambiguous as to the term "publisher ad-serving technology."  Google will interpret this term consistent with its general business

understanding.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 27:**

The DoubleClick products acquired by Google in 2007 formed the basis of Google's display ad tech offerings from 2007 through at least 2012.

**Response to Request for Admission No. 27:**

Google objects to this Request as vague and ambiguous as to the terms "products," "acquired," "formed the basis," and "display ad tech offerings."   Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to

Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 28:**

In 2010, Google acquired Invite Media, whose technology formed the basis for  the product known as DoubleClick Bid Manager or DBM.

**Response to Request for Admission No. 28:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 29:**

DoubleClick Bid Manager was later rebranded as DV360.

**Response to Request for Admission No. 29:**

Google objects to this Request as vague and ambiguous as to the term "rebranded." Google will interpret this term consistent with its general business understanding.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this

case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 30:**

Google acquired AdMeld, a provider of yield management products and services to publishers, in 2011.

**Response to Request for Admission No. 30:**

Google objects to this Request as vague and ambiguous as to the terms "yield management products" and "services to publishers."  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 31:**

Google acquired AdMob, a provider of mobile advertising products and services, in 2009.

**Response to Request for Admission No. 31:**

Google objects to this Request as vague and ambiguous as to the terms "mobile advertising products" and "mobile advertising… services."  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 32:**

The difference between search advertising and display advertising is described as follows in a February 2021 Google presentation to advertisers: "Search answers demand whereas Display generates demand." GOOG-DOJ-AT-00330626 at -663.

**Response to Request for Admission No. 32:**

Google objects to this Request as vague and ambiguous as to the terms "search advertising" and "display advertising."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent it relates to Plaintiffs' dismissed claims related to Google's search advertising business.  *See* ECF Nos. 701,

773.     Google further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks information concerning products other than Google Ads (solely as used for the purchase of display advertising, not search ad inventory), Display & Video 360, Campaign Manager, AdSense for Content (but not, for the avoidance of doubt, AdSense for Search), AdMob, and Google Ad Manager.  Google further objects to this request to the extent it quotes, characterizes, or describes documents or other sources, as such sources speak for themselves and Google objects to any characterization or description that is inconsistent therewith.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 33:**

One function of an Ad Server is identifying the availability of impressions for sale.

**Response to Request for Admission No. 33:**

Google objects to this Request as vague and ambiguous as to the terms "function," "Ad Server," and "availability."  Google further objects to the capitalized term "Ad Server" as vague and ambiguous to the extent such term purports to be defined.  Google objects to this Request to

the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 34:**

One function of an Ad Server is making one or more impressions available for sale to one or more sources of demand when a user loads a publisher's webpage.

**Response to Request for Admission No. 34:**

Google objects to this Request as vague and ambiguous as to the terms "function," "Ad Server," "available," "user," "webpage," and "demand."   Google further objects to the capitalized term "Ad Server" as vague and ambiguous to the extent such term purports to be defined.  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that

Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 35:**

When an Ad Server makes impressions available for sale to more than one source of demand, one function of the Ad Server is selecting the winning demand source for each impression.

**Response to Request for Admission No. 35:**

Google objects to this Request as vague and ambiguous as to the terms "Ad Server," "source of demand," and "demand source." Google further objects to the capitalized term "Ad Server" as vague and ambiguous to the extent such term purports to be defined. Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 36:**

One function of an Ad Server is serving the ad from the winning demand source to the user.

**Response to Request for Admission No. 36:**

Google objects to this Request as vague and ambiguous as to the terms "Ad Server," "ad," "function," "demand source," and "user."   Google further objects to the capitalized term "Ad Server" as vague and ambiguous to the extent such term purports to be defined.  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 37:**

One function of an Ad Server is to optimize revenues publishers earn for their display ad inventory.

**Response to Request for Admission No. 37:**

Google objects to this Request as vague and ambiguous as to the terms "Ad Server," "function" and "optimize."  Google further objects to the capitalized term "Ad Server" as vague and ambiguous to the extent such term purports to be defined.  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as

unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 38:**

One function of an Ad Server is to provide reporting to publishers regarding, among other things, information including revenues and other data related to the ad impressions sold on the publishers' websites.

**Response to Request for Admission No. 38:**

Google objects to this Request as vague and ambiguous as to the terms "Ad Server," "publishers," "revenues," "other data," "function," and "reporting."  Google will interpret these terms consistent with their general business understanding.  Google further objects to the capitalized term "Ad Server" as vague and ambiguous to the extent such term purports to be defined.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 39:**

Ad Servers are tools for the benefit of publishers seeking to sell their display ad inventory.

**Response to Request for Admission No. 39:**

Google objects to this Request as vague and ambiguous as to the terms "Ad Servers," "seeking," "benefit," "publishers," "tools," and "display ad inventory." Google further objects to the capitalized term "Ad Server" as vague and ambiguous to the extent such term purports to be defined. Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 40:**

Ad Buying Tools are software products that advertisers, including ad agencies, use to purchase digital advertising.

**Response to Request for Admission No. 40:**

Google objects to this Request as vague and ambiguous as to the terms "Ad Buying Tools," "software products," "advertisers," "ad agencies," "use," and "digital advertising." Google will interpret these terms consistent with their general business understanding. Google further objects to the capitalized term "Ad Buying Tools" as vague and ambiguous to the extent such term purports to be defined.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 41:**

Publisher Ad Servers are products that provide the means for managing a publisher's ad inventory space and for determining which advertisements should be displayed on the publisher's website.

**Response to Request for Admission No. 41:**

Google objects to this Request as vague and ambiguous as to the terms "Ad Servers," "products," "managing," "ad inventory space," and "determining."  Google will interpret this term consistent with its general business understanding. Google further objects to the capitalized term "Ad Servers" as vague and ambiguous to the extent such term purports to be defined.

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 42:**

Advertisers must use Ad Buying Tools to bid for impressions on Ad Exchanges.

**Response to Request for Admission No. 42:**

Google objects to this Request as vague and ambiguous as to the terms "must," "Ad Exchanges," and "Ad Buying Tools."   Google will interpret these terms consistent with their general business understanding.   Google further objects to the capitalized terms "Ad Buying Tools" and "Ad Exchanges" as vague and ambiguous to the extent such term purports to be defined. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 43:**

Advertisers must use Ad Buying Tools to bid for impressions on Ad Networks.

**Response to Request for Admission No. 43:**

Google objects to this Request as vague and ambiguous as to the terms "must," "use," "Ad Buying Tools," and "Ad Networks."  Google will interpret these terms consistent with their general business understanding.  Google further objects to the capitalized term "Ad Buying Tools" and "Ad Networks" as vague and ambiguous to the extent such term purports to be defined.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 44:**

Ad Exchanges are products used by publishers to auction display ad inventory.

**Response to Request for Admission No. 44:**

Google objects to this Request as vague and ambiguous as to the terms "publishers" and "display ad inventory."  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 45:**

Google Display Network, also known as GDN, is Google's Ad Network, which buys ad impressions from publishers on behalf of advertisers who use Google Ads (formerly  known as AdWords).

**Response to Request for Admission No. 45:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 46:**

Google Ads, formerly known as AdWords, is one of Google's Ad Buying Tools.

**Response to Request for Admission No. 46:**

Google objects to this Request to the extent that it is cumulative and duplicative of

existing discovery, admissions made in Google's Answer or any answers in related cases, or

public records.  Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 47:**

Google routes the bids of its advertiser clients that use Google Ads to the Google
Display Network.

**Response to Request for Admission No. 47:**

Google objects to this Request as vague and ambiguous as to the terms "routes" and "advertiser clients."   Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 48:**

Google's AdSense tool identifies the availability of impressions for sale on a participating publisher's page.

**Response to Request for Admission No. 48:**

Google objects to this Request as vague and ambiguous as to the terms "availability of impressions" and "participating publisher."   Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this

Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and

Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof,

can be derived from documents that Google has produced or will produce to Plaintiffs, the

burden of deriving or ascertaining the answer is substantially the same for both parties and

Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 49:**

Google's AdSense tool makes one or more impressions on a participating  publishers' page available for sale only to advertisers using GDN, DBM, and or the services of  AdX Buyers.

**Response to Request for Admission No. 49:**

Google objects to this Request as vague and ambiguous as to the terms "participating

publishers" and "services of" AdX Buyers.  Google will interpret these terms consistent with

their general business understanding. Google objects to this Request to the extent that it is

cumulative and duplicative of existing discovery, admissions made in Google's Answer or any

answers in related cases, or public records. Google further objects to this Request as unduly

burdensome and disproportionate to the needs of this case, particularly given the voluminous

discovery already produced in this action, the needless and undue delay of propounding this

Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and

Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof,

can be derived from documents that Google has produced or will produce to Plaintiffs, the

burden of deriving or ascertaining the answer is substantially the same for both parties and

Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 50:**

Google's AdSense tool provides reporting to publishers on the ad impressions  filled, including reporting the number of impressions, the number of clicks, and the revenues generated.

**Response to Request for Admission No. 50:**

Google objects to this Request as vague and ambiguous as to the term "reporting." Google will interpret the term consistent with its general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 51:**

Google's AdSense tool serves ads to participating publishers' users.

**Response to Request for Admission No. 51:**

Google objects to this Request as vague and ambiguous as to the terms "participating publishers" and "users."  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 52:**

There are two channels of display advertising: owned-and-operated platforms and open display advertising.

**Response to Request for Admission No. 52:**

Google objects to this Request as vague and ambiguous as to the terms "channels," "display advertising," "owned-and-operated platforms" and "open display advertising."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 53:**

An owned-and-operated display advertising channel sells its own advertising inventory.

**Response to Request for Admission No. 53:**

Google objects to this Request as vague and ambiguous as to the terms "owned-and-operated display advertising" and "channel." Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 54:**

Examples of owned-and-operated channels are the ad impressions available on a  social media platform (such as Facebook) or an e-commerce retailer (such as Amazon), which  are sold directly to advertisers.

**Response to Request for Admission No. 54:**

Google objects to this Request as vague and ambiguous as to the terms "owned-and-operated channels," "social media platform," and "e-commerce retailer." Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 55:**

Ad Networks are generally utilized by smaller publishers and smaller advertisers than those that utilize Ad Exchanges.

**Response to Request for Admission No. 55:**

Google objects to this Request as vague and ambiguous as to the terms "smaller publishers" and "smaller advertisers." Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google

43

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 56:**

High monthly impression requirements prevent small-size and medium-size  publishers
from selling impressions through Google's AdX product.

**Response to Request for Admission No. 56:**

Google objects to this Request as vague and ambiguous as to the terms "[h]igh monthly

impression requirements," "small-size… publishers," and "medium-size publishers."  Google

will interpret these terms consistent with their general business understanding.  Google further

objects to this Request to the extent it purports to require, or can be interpreted as purporting to

require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is

phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise

improper.  Google further objects to this Request because it prematurely and improperly seeks

expert opinion.  Google objects to this Request to the extent that it is cumulative and duplicative

of existing discovery, admissions made in Google's Answer or any answers in related cases, or

public records.  Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 57:**

Google refers to the types of customers that license Ad Buying Tools for large advertisers as "large buyers" such as "agencies", "trading desks", and "large advertisers".

**Response to Request for Admission No. 57:**

Google objects to this Request as vague and ambiguous as to the term "large advertiser." Google will interpret the term consistent with its general business understanding. To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 58:**

Ad Buying Tools for small advertisers, with low or no minimum monthly spending requirements, serve customers otherwise priced out of the more sophisticated Ad Buying Tools for large advertisers.

**Response to Request for Admission No. 58:**

Google objects to this Request as vague and ambiguous as to the terms "small advertisers," "low… monthly spending requirements" and "sophisticated."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 59:**

Google's internal sales training materials recognize that the set of customers served  by Ad Buying Tools for small advertisers (such as Google Ads) are unique and distinct from the  set of customers served by Google's Ad Buying Tools for large advertisers (such as DBM or DV360).

**Response to Request for Admission No. 59:**

Google objects to this Request as vague and ambiguous as to the terms "small advertisers," "unique," "distinct" and "large advertisers."   Google will interpret these terms consistent with their general business understanding. To the extent this Request quotes,

characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 60:**

Since at least 2012, DoubleClick Bid Manager ("DBM"), later rebranded as  DV360, has been Google's principal Ad Buying Tool for large advertisers.

**Response to Request for Admission No. 60:**

Google objects to this Request as vague and ambiguous as to the terms "principal" and "large advertiser."  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 61:**

By the second quarter of 2018, Google internal documents stated that its Ad  Server products had a 99% tag penetration among large publishers. GOOG-TEX-01166094.

**Response to Request for Admission No. 61:**

Google objects to this Request as vague and ambiguous as to the terms "tag penetration" and "large publishers."  Google will interpret these terms consistent with their general business understanding.  To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 62:**

The following companies stopped marketing Publisher Ad Servers in the years  after Google acquired DoubleClick and its Publisher Ad Server product, which would be  marketed by Google as DoubleClick for Publishers: WPP, Microsoft, ValueClick, Yahoo!,   Verizon (previously AOL), and OpenX.

**Response to Request for Admission No. 62:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 63:**

OpenX and OAS were competitors of Google in the marketing of publisher ad servers, but no longer participate in that business.

**Response to Request for Admission No. 63:**

Google objects to this Request as vague and ambiguous as to the terms "marketing of publisher ad servers" and "participate"  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation,

argumentative, prejudicial, or otherwise improper.  Google objects to this Request to the extent

that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer

or any answers in related cases, or public records. Google further objects to this Request as

unduly burdensome and disproportionate to the needs of this case, particularly given the

voluminous discovery already produced in this action, the needless and undue delay of

propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial

Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete

portion(s) thereof, can be derived from documents that Google has produced or will produce to

Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both

parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 64:**

The following companies stopped marketing alternatives to AdSense for small and medium-sized publishers since 2010: Verizon (and/or its predecessor AOL), Yahoo!, and Microsoft.

**Response to Request for Admission No. 64:**

Google objects to this Request as vague and ambiguous as to the terms "marketing,"

"alternatives," "small…publishers" and "medium-sized publishers."  Google will interpret these

terms consistent with their general business understanding. Google objects to this Request to the

extent that it is cumulative and duplicative of existing discovery, admissions made in Google's

Answer or any answers in related cases, or public records. Google further objects to this Request

as unduly burdensome and disproportionate to the needs of this case, particularly given the

voluminous discovery already produced in this action, the needless and undue delay of

propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial

Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete

portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 65:**

Between 2009 and 2015, Google marketed DoubleClick for Publishers and AdX as separate products.

**Response to Request for Admission No. 65:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 66:**

Beginning no later than August 2012, publishers could get access to real time, per query bidding on Google's Ad Exchange, AdX, only if they used Google's DFP.

**Response to Request for Admission No. 66:**

Google objects to this Request as vague and ambiguous as to the terms "real time" and "per query bidding." Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative

of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 67:**

Starting in 2014, Google merged its internal operations for DFP and AdX, under the internal name DRX.

**Response to Request for Admission No. 67:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 68:**

In 2018, Google announced that the products previously marketed separately as DFP and AdX would be marketed as a single product, Google Ad Manager or GAM.

**Response to Request for Admission No. 68:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 69:**

By in or about 2017, Google began asking publishers to sign a unified contract for DFP and AdX.

**Response to Request for Admission No. 69:**

Google objects to this Request as vague and ambiguous as to the term "unified contract." Google will interpret the term consistent with its general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless

and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 70:**

Google Ads prevents advertisers from accessing and taking data provided by  Google Ads for use in another Ad Buying Tool.

**Response to Request for Admission No. 70:**

Google objects to this Request as vague and ambiguous as to the terms "accessing" and "taking."  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 71:**

From 2009 (when Google introduced AdX) to 2018 (when Google combined DFP and AdX into a single product), Google required publishers to use Google's Ad Server products in order to receive live, competitive bids from Google's Ad Exchange.

**Response to Request for Admission No. 71:**

Google objects to this Request as vague and ambiguous as to the terms "live… bids" and "competitive bids."  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 72:**

From 2009 to 2018, Google marketed its Ad Server and Ad Exchange products separately.

**Response to Request for Admission No. 72:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 73:**

From 2009 to 2018, Google marketed to large publishers eligible for Ad  Exchange participation an Ad Server, which was known as DoubleClick for Publishers (or DFP).

**Response to Request for Admission No. 73:**

Google objects to this Request as vague and ambiguous as to the terms "marketed" and "large publishers."  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 74:**

From 2009 to 2018, Google marketed to large publishers eligible for Ad  Exchange participation an Ad Exchange (known as AdX).

**Response to Request for Admission No. 74:**

Google objects to this Request as vague and ambiguous as to the terms "marketed" and "large publishers." Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 75:**

From 2009 to 2018, AdX was the only Ad Exchange where publishers could access live, competitive bids from advertisers that used Google's Ad Buying Tool known as Google Ads.

**Response to Request for Admission No. 75:**

Google objects to this Request as vague and ambiguous as to the terms "live… bids" and "competitive bids." Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 76:**

According to a study by Google in 2013, receiving static bids from AdX instead of live, competitive bids could decrease publishers' revenues by a factor of 20% to 40%.

**Response to Request for Admission No. 76:**

Google objects to this Request as vague and ambiguous as to the terms "static bids," "live… bids," "competitive bids," and "revenues."  Google will interpret these terms consistent with their general business understanding.  To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 77:**

As the term is used at Google, "yield optimization" means obtaining the highest return for the publisher's ad impressions.

**Response to Request for Admission No. 77:**

Google objects to this Request as vague and ambiguous as to the term "yield optimization." Google will interpret the term consistent with its general business understanding. To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No.78 :**

Google's Ad Server encrypts the user identifiers ("User IDs") that the DFP Ad Server assigned to publishers' users.

**Response to Request for Admission No. 78:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.   Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 79:**

Prior to its purchase by Google, DoubleClick shared with publishers the User ID  that it assigned to users.

**Response to Request for Admission No. 79:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 80:**

During the Federal Trade Commission's consideration of Google's acquisition of DoubleClick, Google assured the FTC that Google was committed to the then-operative approach of DoubleClick that the "data respecting users and competitive intermediaries collected by DoubleClick on behalf of its customers currently belongs to the publishers, not DoubleClick."

**Response to Request for Admission No. 80:**

To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 81:**

In a statement concerning Google's acquisition of DoubleClick, the Federal Trade Commission said, "the customer and competitor information that DoubleClick collects currently belongs to publishers, not DoubleClick."

**Response to Request for Admission No. 81:**

To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 82:**

In 2007, David Drummond of Google testified to the U.S. Congress concerning  the DoubleClick acquisition, and in discussing the "data that is collected in the process of advertising" (which necessarily includes User IDs), Mr. Drummond testified that Google had "no ownership of the data that comes with that that is collected in the process of the advertising."

**Response to Request for Admission No. 82:**

To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous

discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 83:**

In 2007, David Drummond of Google testified to the U.S. Congress concerning  the DoubleClick acquisition, and in discussing the "data that is collected in the process of advertising" (which necessarily includes User IDs), Mr. Drummond testified: "That data is owned by the customers, publishers and advertisers, and DoubleClick and Google cannot do anything with it."

**Response to Request for Admission No. 83:**

To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 84:**

Publishers ordinarily use only one Ad Server product to sell programmatic display advertising.

**Response to Request for Admission No. 84:**

Google objects to this Request as vague and ambiguous as to the terms "ordinarily" and "programmatic display advertising."   Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 85:**

Google is unaware of any significant number of publishers who use more than  one Ad Server product to sell programmatic display advertising.

**Response to Request for Admission No. 85:**

Google objects to this Request as vague and ambiguous as to the terms "significant" and "programmatic display advertising." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 86:**

After Google acquired DoubleClick in 2009, Google began encrypting the User IDs that the DFP Ad Server assigned to publishers' users.

**Response to Request for Admission No. 86:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 87:**

From 2009 to 2015, AdX was the only Ad Exchange where publishers could  access live, competitive bids from Google Display Network (also known as GDN).

**Response to Request for Admission No. 87:**

Google objects to this Request as vague and ambiguous as to the terms "live… bids" and "competitive bids."  Google will interpret these terms consistent with their general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 88:**

From 2009 to 2015, GDN would only buy inventory that was offered through a Google-owned exchange or platform.

**Response to Request for Admission No. 88:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 89:**

Until 2015, GDN bought inventory only from Google's AdSense or Google's Ad Exchange.

**Response to Request for Admission No. 89:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 90:**

In 2015 GDN began buying inventory from non-Google exchanges only for  advertisers making targeted "remarketing" advertisements.

**Response to Request for Admission No. 90:**

Google objects to this Request as vague and ambiguous as to the term "remarketing." Google will interpret the term consistent with its general business understanding. To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 91:**

"Remarketing" or "retargeting" refers to when advertisers target specific users  that have already interacted with an advertiser's ad or website.

**Response to Request for Admission No. 91:**

Google objects to this Request as vague and ambiguous as to the term "interacted." Google will interpret the term consistent with its general business understanding. To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 92:**

Remarketing only represents a small percentage of the total demand available  through Google Display Network, at times as little as 5% by revenue.

**Response to Request for Admission No. 92:**

Google objects to this Request as vague and ambiguous as to the terms "small percentage" and "total demand available."  Google will interpret these terms consistent with their

general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion.   To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 93:**

When GDN buys inventory through AdX, it targets a 15% take rate.

**Response to Request for Admission No. 93:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request to the extent it purports to require, or can

be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request as undature burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 94:**

When GDN buys inventory from third-party exchanges, it targets a take rate from  32% to 50%.

**Response to Request for Admission No. 94:**

Google objects to this request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this

Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 95:**

Until 2015, Google Display Network only purchased impressions that publishers  made available through AdSense or AdX.

**Response to Request for Admission No. 95:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 96:**

Starting in or about 2009, and continuing to 2015, Google Demand Network did  not buy impressions from Ad Exchanges other than Google's Ad Exchange.

**Response to Request for Admission No. 96:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 97:**

As late as February 2015, Google considered AWBid, its bidding tool that allowed the Google Display Network to purchase impressions from third-party exchanges, to be "experimental."

**Response to Request for Admission No. 97:**

To the extent this Request quotes, characterizes, or describes documents or other sources, Google notes that such sources speak for themselves and objects to any characterization or description that is inconsistent therewith. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and

Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 98:**

Publishers desire the ability to offer the same impression for sale in a manner that allows multiple sources of advertiser demand to submit bids concurrently.

**Response to Request for Admission No. 98:**

Google objects to this request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.  Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 99:**

Google marketed AdSense and the Google Display Network as separate products.

**Response to Request for Admission No. 99:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 100:**

Publishers could not sell an impression through AdSense without soliciting a bid from the Google Display Network.

**Response to Request for Admission No. 101:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 101:**

From 2007 until at least November 2023, Google charged a margin of at least  32% for selling impressions through AdSense.

**Response to Request for Admission No. 102:**

Google objects to this request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 102:**

When an advertiser purchased an impression from an AdSense publisher through DV360, Google charged an additional margin (above the standard 32% charged to publishers for using AdSense) associated with the advertiser's use of DV360.

**Response to Request for Admission No. 103:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or

public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 103:**

Authorized Buyers are demand-side platforms and ad networks that took their own margins on advertiser bids before submitting them for auctions for impressions through AdX and AdSense.

**Response to Request for Admission No. 103:**

Google objects to this Request as vague and ambiguous as to the term "took their own margins." Google will interpret the term consistent with its general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the

answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 104:**

Google operated a function known as "predicted click through rate" or pCTR,  which was an algorithm that predicted the likelihood that a user would click a particular ad.

**Response to Request for Admission No. 104:**

Google objects to this Request as vague and ambiguous as to the term "algorithm." Google will interpret the term consistent with its general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 105:**

Google's pCTR function relied on inputs from advertisers using Google Ads as well as DoubleClick cookie data from the websites of publishers that used DFP and AdSense.

**Response to Request for Admission No. 105:**

Google objects to this Request as vague and ambiguous as to the term "DoubleClick cookie data."  Google will interpret the term consistent with its general business understanding. Google objects to this Request to the extent that it is cumulative and duplicative of existing

discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 106:**

Google never offered Authorized Buyers access to the pCTR function.

**Response to Request for Admission No. 106:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 107:**

Beginning in 2018, Google ceased allowing publishers to sell impressions via  AdX unless they licensed Google's Ad Server through GAM.

**Response to Request for Admission No. 107:**

Google objects to this Request as vague and ambiguous as to the terms "licensed" and

"AdX." Google will interpret these terms consistent with their general business understanding.

Google further objects to this Request to the extent that it is cumulative and duplicative of

existing discovery, admissions made in Google's Answer or any answers in related cases, or

public records. Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 108:**

After Google began requiring publishers to purchase both Google's Ad Exchange  and Google's Ad Server as one product, publishers could only use AdX when they use DFP.

**Response to Request for Admission No. 108:**

Google objects to this Request to the extent that it is cumulative and duplicative of

existing discovery, admissions made in Google's Answer or any answers in related cases, or

public records. Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 109:**

     In January 2018, Google created a template e-mail to publishers that stated: "In  order to
continue using AdX and DFP, you will need to sign a new combined contract that  includes terms
for both products. This will replace your current individual AdX and DFP  contracts."

**Response to Request for Admission No. 109:**

     Google objects to this Request as vague and ambiguous as to the term "template e-mail."

Google will interpret the term consistent with their general business understanding.   Google

further objects to this Request to the extent that it is cumulative and duplicative of existing

discovery, admissions made in Google's Answer or any answers in related cases, or public

records. Google further objects to this Request as unduly burdensome and disproportionate to the

needs of this case, particularly given the voluminous discovery already produced in this action,

the needless and undue delay of propounding this Request.   Google further objects to this

Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the

answer to this Request, or some discrete portion(s) thereof, can be derived from documents that

Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the

answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to

Google.

**Request for Admission No. 110:**

By the end of February 2018, Google no longer offered publishers standalone  AdX contracts.

**Response to Request for Admission No. 110:**

Google objects to this Request as vague and ambiguous as to the term "standalone AdX contracts." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 111:**

By the end of May 2018, Google terminated any AdX-only accounts that had not  signed a new GAM or DRX contract.

**Response to Request for Admission No. 111:**

Google objects to this Request as vague and ambiguous as to the terms "AdX-only accounts" and "GAM or DRX contract." Google will interpret the terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any

answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 112:**

Before 2018, Google did not require publishers to license both DFP and AdX in  order to use Google's Open Bidding service.

**Response to Request for Admission No. 112:**

Google objects to this Request as vague and ambiguous as to the term "Google's Open Bidding service." Google will interpret the term consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 113:**

After 2018, Google required publishers to license both DFP and AdX in order to use Google's Open Bidding service.

**Response to Request for Admission No. 113:**

Google objects to this Request as vague and ambiguous as to the term "Google's Open Bidding service." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 114:**

After June 2018, if a publisher wanted to receive live, competitive bids from a multi-exchange/network auction in which AdX participates, Google required that publisher to use GAM.

**Response to Request for Admission No. 114:**

Google objects to this Request as vague and ambiguous as to the terms "live, competitive bids" and "multi-exchange/network auction." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any

answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 115:**

In or around 2018, Google began submitting bids for inventory available through third-party ad servers through a program known as Demand Product or Project Yavin.

**Response to Request for Admission No. 115:**

Google objects to this Request as vague and ambiguous as to the term "third-party ad servers." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 116:**

Google invited only a limited number of whitelisted publishers to sell through Demand Product.

**Response to Request for Admission No. 116:**

Google objects to this Request as vague and ambiguous as to the term "whitelisted publishers." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 117:**

Prior to the adoption of Header Bidding, in Google's waterfall system, only AdX  was able to submit real-time bids.

**Response to Request for Admission No. 117:**

Google objects to this Request as vague and ambiguous as to the terms "Header Bidding" and "waterfall system." Google will interpret the terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related

cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 118:**

Prior to the adoption of Header Bidding, Google's waterfall system routinely used historical average bid prices for third-party exchange bids.

**Response to Request for Admission No. 118:**

Google objects to this Request as vague and ambiguous as to the terms "Header Bidding" and "waterfall system." Google will interpret the terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 119:**

Prior to the adoption of Header Bidding, in Google's waterfall system, Google's  ad server did not request real time bids from third-party Ad Exchanges.

**Response to Request for Admission No. 119:**

Google objects to this Request as vague and ambiguous as to the terms "Header Bidding," "third-party Ad Exchanges," and "waterfall system." Google will interpret the terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 120:**

When it acquired DoubleClick, publishers using the DFP Ad Server offered their inventory to demand sources in a "waterfall" process, whereby the DFP Ad Server offered inventory to demand sources one-by-one in order of priority.

**Response to Request for Admission No. 120:**

Google objects to this Request as vague and ambiguous as to the terms "'waterfall' process" and "DFP Ad Server." Google will interpret the terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in

related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 121:**

The DFP Ad Server uses "line items" as a way for publishers to represent and  prioritize various sources of advertising demand.

**Response to Request for Admission No. 121:**

Google objects to this Request as vague and ambiguous as to the terms "DFP Ad Server" and "line items." Google will interpret the terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 122:**

Beginning in 2007, and continuing until at least 2019, Google's publisher Ad Server began using a system called "Dynamic Allocation".

**Response to Request for Admission No. 122:**

Google objects to this Request as vague and ambiguous as to the term "Google's publisher Ad Server." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 123:**

Under Dynamic Allocation, the publisher Ad Server sent AdX the highest remnant line-item price to serve as the floor or reserve price in the AdX auction.

**Response to Request for Admission No. 123:**

Google objects to this Request as vague and ambiguous as to the term "remnant line-item price." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or

public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 124:**

Under Dynamic Allocation, if Google's AdX auction price beat the highest line item price, then AdX won the auction and placed the ad.

**Response to Request for Admission No. 124:**

Google objects to this Request as vague and ambiguous as to the term "remnant line-item price." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 125:**

Under Dynamic Allocation, if Google's AdX auction price equaled the highest line item price, then AdX won the auction and placed the ad.

**Response to Request for Admission No. 125:**

Google objects to this Request as vague and ambiguous as to the terms "equaled" and "remnant line-item price." Google will interpret the terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 126:**

Under Dynamic Allocation, other Ad Exchanges and Ad Networks were only permitted to run auctions among their advertisers if Google's AdX failed to match the reserve price.

**Response to Request for Admission No. 126:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 127:**

Under Dynamic Allocation, other Ad Exchanges and Ad Networks were only permitted
to run auctions among their advertisers if Google's AdX failed to exceed the reserve price by at
least $0.01.

**Response to Request for Admission No. 127:**

Google objects to this Request to the extent that it is cumulative and duplicative of

existing discovery, admissions made in Google's Answer or any answers in related cases, or

public records.  Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 128:**

Under Enhanced Dynamic Allocation, Google extended Dynamic Allocation to
reservation line items.

**Response to Request for Admission No. 128:**

Google objects to this Request as vague and ambiguous as to the term "reservation line items." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 129:**

Under Enhanced Dynamic Allocation, Google used the historic bid distribution of AdX bids for the publisher and the pacing of the reservation to calculate an "opportunity cost" for the reservation line item, also known as the EDA price.

**Response to Request for Admission No. 129:**

Google objects to this Request as vague and ambiguous as to the terms "historic bid distribution," "pacing of the reservation," "opportunity cost," and "reservation line item." Google will interpret the terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the

needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 130:**

Under Enhanced Dynamic Allocation, the publisher Ad Server sent the EDA price  to serve as a floor in the AdX auction.

**Response to Request for Admission No. 130:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 131:**

Under Enhanced Dynamic Allocation, if the EDA price was the highest floor in  the ad server, and if Google's AdX auction beat the EDA price, then AdX won the auction and  placed the ad.

**Response to Request for Admission No. 131:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 132:**

Under Enhanced Dynamic Allocation, if the EDA price was the highest floor in the ad server, and if Google's AdX auction was equal to the EDA price, then AdX won the auction and placed the ad.

**Response to Request for Admission No. 132:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 133:**

Under Enhanced Dynamic Allocation, the price of the reservation line item played no role in determining the EDA price.

**Response to Request for Admission No. 133:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 134:**

Under Enhanced Dynamic Allocation, the highest remnant line item price was also allowed to compete for the reservation line item, but was only allowed to win on a probabilistic basis even if the highest remnant line item price was higher than the EDA price.

**Response to Request for Admission No. 134:**

Google objects to this Request as vague and ambiguous as to the terms "highest remnant line item price," "reservation line item," and "probabilistic basis." Google will interpret the terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in

Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 135:**

When Dynamic Allocation was first implemented, it provided an advantage to AdX by allowing AdX to submit a real time bid with knowledge of the highest remnant line item  price.

**Response to Request for Admission No. 135:**

Google objects to this Request as vague and ambiguous as to the term "highest remnant line item price." Google will interpret the term consistent with their general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and

Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 136:**

When Dynamic Allocation was first implemented, it provided an advantage to  AdX by allowing AdX to submit a real time bid while remnant line item prices from third party exchanges generally took the form of historical average bid prices

**Response to Request for Admission No. 136:**

Google objects to this Request as vague and ambiguous as to the terms "remnant line item prices" and "third-party exchanges." Google will interpret the term consistent with their general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to

Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 137:**

No other ad exchanges could use Dynamic Allocation or Enhanced Dynamic Allocation with DFP.

**Response to Request for Admission No. 137:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 138:**

Google automatically enrolled publishers that used Google's DFP Ad Server in Enhanced Dynamic Allocation.

**Response to Request for Admission No. 138:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 139:**

A user of Google Ad Manager could not turn off Enhanced Dynamic Allocation.

**Response to Request for Admission No. 139:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 140:**

Header Bidding is a set of practices and software tools introduced in or about 2014 that permits access to real-time demand from multiple ad exchanges.

**Response to Request for Admission No. 140:**

Google objects to this Request as vague and ambiguous as to the terms "practices" and "software tools." Google will interpret the term consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 141:**

Through at least the third quarter of 2019, Dynamic Allocation or Enhanced  Dynamic Allocation provided the highest remnant line-item price from the Ad Server, which  could reflect the winning bid from the Header Bidding first price auction as the floor for the AdX  second price auction.

**Response to Request for Admission No. 141:**

Google objects to this Request as vague and ambiguous as to the term "highest remnant line-item prices." Google will interpret the term consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 142:**

DFP's waterfall auction was not a real time auction among multiple ad exchanges because DFP did not solicit real time bids from non-Google exchanges.

**Response to Request for Admission No. 142:**

Google objects to this Request as vague and ambiguous as to the terms "waterfall auction." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 143:**

The DFP ad server allowed publishers to set a price floor that could serve as the minimum price at which an ad impression could be sold.

**Response to Request for Admission No. 143:**

Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 144:**

Google's unified pricing rules (also known as "UPR") required publishers to set the same price floor for all Ad Exchanges and Ad Networks bidding on a given impression.

**Response to Request for Admission No. 144:**

Google objects to this Request as vague and ambiguous as to the terms "Unified Pricing Rules," "Ad Exchanges," and "Ad Networks." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous

discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 145:**

Before Google's UPR came into effect, publishers had the capability to set  different price floors for different Ad Exchanges and Ad Networks.

**Response to Request for Admission No. 145:**

Google objects to this Request as vague and ambiguous as to the terms "UPR," "Ad Exchange," and "Ad Network." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 146:**

A result of UPR was that a seller could no longer set a price floor that was specific to a particular ad exchange or Ad Network.

**Response to Request for Admission No. 146:**

Google objects to this Request as vague and ambiguous as to the terms "UPR," "ad exchange," and "Ad Network." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 147:**

Before UPR, publishers could set a different price floor for each buyer in AdX  from the GAM interface.

**Response to Request for Admission No. 147:**

Google objects to this Request as vague and ambiguous as to the term "UPR." Google will interpret the term consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google

further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 148:**

After UPR a publisher could not set different price floors for different ad exchanges or ad networks.

**Response to Request for Admission No. 148:**

Google objects to this Request as vague and ambiguous as to the terms "UPR," "ad exchanges," and "ad networks." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 149:**

Google's internal documents show that UPR had the effect of increasing spend on AdX.

**Response to Request for Admission No. 149:**

Google objects to this Request as vague and ambiguous as to the terms "internal documents," "UPR," "effect," and "spend."  Google will interpret the terms consistent with their general business understanding.  Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 150:**

Google's internal documents show that UPR had the effect of decreasing spend on third-party exchanges.

**Response to Request for Admission No. 150:**

Google objects to this Request as vague and ambiguous as to the terms "internal documents," "UPR," "effect," "spend" and "exchanges."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this

Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 151:**

Sell-side Dynamic Revenue Share ("DRS") was launched in general availability in August 2015.

**Response to Request for Admission No. 151:**

Google objects to this Request as vague and ambiguous as to the terms "Dynamic Revenue Share," "launched," and "general availability."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to

Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 152:**

DRS v1 adjusted Google's share of AdX revenue downward so that the net bid (i.e., the bid submitted by the buyer minus the AdX revenue share) would be able to clear the AdX reserve price.

**Response to Request for Admission No. 152:**

Google objects to this Request as vague and ambiguous as to the terms "DRS v1" and "AdX reserve price." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 153:**

The impact of DRS was that more auctions were won by AdX.

**Response to Request for Admission No. 153:**

Google objects to this Request as vague and ambiguous as to the terms "impact," and "DRS." Google will interpret the terms consistent with their general business understanding.

Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 154:**

Publishers were automatically enrolled in DRS v1 with no ability to opt-out.

**Response to Request for Admission No. 154:**

Google objects to this Request as vague and ambiguous as to the terms "automatically," "enrolled," "DRS v1," "ability," and "opt-out." Google will interpret the terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous

discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 155:**

When an auction cleared the reserve price because of the operation of DRS v1,  the auction clearing price was equal to the price of the winning bid.

**Response to Request for Admission No. 155:**

Google objects to this Request as vague and ambiguous as to the terms "DRS v1" and "auction clearing price." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 156:**

DRS v2 was launched in December 2016.

**Response to Request for Admission No. 156:**

Google objects to this Request as vague and ambiguous as to the terms "DRS v2" and "launched."   Google   will   interpret   these   terms   consistent   with   their   general   business understanding.   Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 157:**

In DRS v2, the minimum revenue share applied was 0% and the maximum  revenue share applied was 40%, but the objective was to keep the average revenue share at 20%  over queries.

**Response to Request for Admission No. 157:**

Google objects to this Request as vague and ambiguous as to the term "DRS v2." Google will   interpret   the   term   consistent   with   their   general   business   understanding.   Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this

case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 158:**

When an auction cleared the reserve price because of the operation of DRS v2,  the auction clearing price was equal to the price of the winning bid.

**Response to Request for Admission No. 158:**

Google objects to this Request as vague and ambiguous as to the terms "DRS v2" and "auction clearing price." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 159:**

Google told publishers that opting-out of DRS "reduces AdX yield."

**Response to Request for Admission No. 159:**

Google objects to this Request as vague and ambiguous as to the term "DRS." Google will interpret the term consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 160:**

"Truthful DRS" or tDRS was launched in July 2018.

**Response to Request for Admission No. 160:**

Google objects to this Request as vague and ambiguous as to the terms "tDRS" and "launched."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 161:**

tDRS adjusted AdX's revenue share before sending bid requests to AdX Buyers.

**Response to Request for Admission No. 161:**

Google objects to this Request as vague and ambiguous as to the terms "tDRS" and "AdX Buyers."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 162:**

DRS dynamically adjusted Google's Ad Exchange take rate on an impression-by impression basis to maximize the proportion of impressions Google's Ad Exchange would win.

**Response to Request for Admission No. 162:**

Google objects to this Request as vague and ambiguous as to the terms "DRS" and "Google's Ad Exchange." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 163:**

All versions of DRS applied when the AdX auction reserve price was set by the EDA price calculated by Google.

**Response to Request for Admission No. 163:**

Google objects to this Request as vague and ambiguous as to the terms "DRS," "auction reserve price," and "EDA price." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the

cost of doing so to Google.

**Request for Admission No. 164:**

All versions of DRS applied when the AdX auction reserve price was set by the  remnant line-item price from the DFP Ad Server.

**Response to Request for Admission No. 164:**

Google objects to this Request as vague and ambiguous as to the terms "DRS," "auction

reserve price," "remnant line-item price," and "DFP Ad Server." Google will interpret these

terms consistent with their general business understanding.  Google further objects to this

Request to the extent that it is cumulative and duplicative of existing discovery, admissions made

in Google's Answer or any answers in related cases, or public records. Google further objects to

this Request as unduly burdensome and disproportionate to the needs of this case, particularly

given the voluminous discovery already produced in this action, the needless and undue delay of

propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial

Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete

portion(s) thereof, can be derived from documents that Google has produced or will produce to

Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both

parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 165:**

All versions of DRS applied when the  AdX auction reserve price was set by a  header bidding bid price from the DFP Ad Server.

**Response to Request for Admission No. 165:**

Google objects to this Request as vague and ambiguous as to the terms "DRS," "auction reserve price," "header bidding bid price," and "DFP Ad Server." Google will interpret these terms consistent with their general business understanding.   Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 166:**

All versions of DRS resulted in AdX winning impressions that might have otherwise been won by third party exchanges.

**Response to Request for Admission No. 166:**

Google objects to this Request as vague and ambiguous as to the terms "DRS" and "third party exchanges." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it

is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 167:**

All versions of DRS resulted in the shifting of some impressions from third party exchanges to AdX.

**Response to Request for Admission No. 167:**

Google objects to this Request as vague and ambiguous as to the terms "DRS" and "shifting." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.  Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this

Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and

Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof,

can be derived from documents that Google has produced or will produce to Plaintiffs, the

burden of deriving or ascertaining the answer is substantially the same for both parties and

Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 168:**

More than 90% of publishers using AdX had DRS enabled.

**Response to Request for Admission No. 168:**

Google objects to this Request as vague and ambiguous as to the term "DRS." Google

will interpret the term consistent with their general business understanding.  Google further

objects to this Request to the extent it purports to require, or can be interpreted as purporting to

require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is

phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise

improper. Google further objects to this Request because it prematurely and improperly seeks

expert opinion.  Google further objects to this Request to the extent that it is cumulative and

duplicative of existing discovery, admissions made in Google's Answer or any answers in related

cases, or public records.  Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already

produced in this action, the needless and undue delay of propounding this Request.  Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No.

5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 169:**

From 2008 to 2019, GDN submitted two bids into AdX auctions for each impression that it bid on.

**Response to Request for Admission No. 169:**

Google objects to this Request as vague and ambiguous as to the phrases "GDN submitted two bids" and "it bid on."  Google will interpret the phrases consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 170:**

No non-Google AdX buyer was able to submit two bids for the same impression  in AdX.

**Response to Request for Admission No. 170:**

Google objects to this Request as vague and ambiguous as to the term "non-Google AdX buyer." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of

existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.  Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 171:**

Project Bernanke launched in November 2013.

**Response to Request for Admission No. 171:**

Google objects to this Request as vague and ambiguous as to the terms "Project Bernanke" and "launched."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or

ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 172:**

Project Bernanke increased the win rate for GDN on AdX.

**Response to Request for Admission No. 172:**

Google objects to this Request as vague and ambiguous as to the terms "Project Bernanke" and "win rate." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request because it prematurely and improperly seeks expert opinion. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 173:**

Project Bernanke increased the amount of impressions won through the AdX auction.

**Response to Request for Admission No. 173:**

Google objects to this Request as vague and ambiguous as to the terms "Project Bernanke," "won through," and "AdX auction." Google will interpret these terms consistent

with their general business understanding.  Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.  Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 174:**

Project Bell was an iteration of Project Bernanke which allowed GDN to alter its revenue share on a global basis across all AdX publishers.

**Response to Request for Admission No. 174:**

Google objects to this Request as vague and ambiguous as to the terms "Project Bell," "iteration," "Project Bernanke," "allowed," "alter," "revenue share," and "AdX publishers." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the

needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 175:**

Project Bell launched in August 2015.

**Response to Request for Admission No. 175:**

Google objects to this Request as vague and ambiguous as to the terms "Project Bell" and "launched."   Google will interpret these terms consistent with their general business understanding.   Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 176:**

Project Bell was named for Alexander Graham Bell, as a reference to GDN wanting publishers to give them the "first call."

**Response to Request for Admission No. 176:**

Google objects to this Request as vague and ambiguous as to the terms "Project Bell" and "first call." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 177:**

Project Bell v. 2 was an iteration of Project Bell which reduced bids for "mediating" or "multi-calling" publishers.

**Response to Request for Admission No. 177:**

Google objects to this Request as vague and ambiguous as to the terms "Project Bell v. 2," "Project Bell," "iteration," "mediating," and "multi-calling." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made

in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 178:**

Project Bell v. 2 launched in October 2016.

**Response to Request for Admission No. 178:**

Google objects to this Request as vague and ambiguous as to the terms "Project Bell v. 2" and "launched." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 179:**

Line items are a feature in Google's Ad Server.

**Response to Request for Admission No. 179:**

Google objects to this Request as vague and ambiguous as to the terms "line items," "feature," and "Ad Server." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 180:**

Google imposed limits on the number of line items that a publisher could use in  Google's Ad Server.

**Response to Request for Admission No. 180:**

Google objects to this Request as vague and ambiguous as to the terms "line items" and "Google's Ad Server." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 181:**

In order to use Header Bidding, publishers set up multiple line items in Google's Ad Server.

**Response to Request for Admission No. 181:**

Google objects to this Request as vague and ambiguous as to the terms "line items," "Google's Ad Server," and "Header Bidding." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 182:**

Before 2018, Google's DFP Ad Server provided auction records containing the data fields called Key Part and TimeUsee2.

**Response to Request for Admission No. 182:**

Google objects to this Request as vague and ambiguous as to the term "data fields." Google will interpret this term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 183:**

In or about 2018, Google began redacting the data fields Key Part and TimeUsee2 in the records available to publishers.

**Response to Request for Admission No. 183:**

Google objects to this Request as vague and ambiguous as to the term "data fields." Google will interpret this term consistent with their general business understanding.   Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public

records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 184:**

The redaction of the data fields Key Part and TimeUsee2 was at least partially motivated by Google's desire to thwart publishers from evaluating the performance of third-party Ad Exchanges in Header Bidding.

**Response to Request for Admission No. 184:**

Google objects to this Request as vague and ambiguous as to the terms "data fields," "thwart," "Ad Exchanges," and "Header Bidding." Google will interpret these terms consistent with their general business understanding.   Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.   Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent

with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 185:**

Project Poirot launched in 2017.

**Response to Request for Admission No. 185:**

Google objects to this Request as vague and ambiguous as to the terms "Project Poirot" and "launched."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 186:**

One goal of Project Poirot was to decrease spend on exchanges that deviate from second pricing.

**Response to Request for Admission No. 186:**

Google objects to this Request as vague and ambiguous as to the terms "Project Poirot" and "second pricing." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 187:**

One goal of Project Poirot was to "to combat the effects of Header Bidding".

**Response to Request for Admission No. 187:**

Google objects to this Request as vague and ambiguous as to the terms "Project Poirot," "combat," and "Header Bidding." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google

further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 188:**

The impact of Project Poirot was to decrease spend on third-party exchanges and increase spend on AdX.

**Response to Request for Admission No. 188:**

Google objects to this Request as vague and ambiguous as to the terms "impact," "Project Poirot," "spend," and "exchanges."  Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request because it prematurely and improperly seeks expert opinion.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 189:**

In or about May 2019, Google recognized that Project Poirot increased AdX revenue by as much as 20 percent because of its effects shifting demand from other exchanges.

**Response to Request for Admission No. 189:**

Google objects to this Request as vague and ambiguous as to the terms "recognized," "Project Poirot," "revenue," "effects," "shifting," "demand," and "exchanges." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 190:**

Google devised Project Elmo to help DV360 identify when it saw the same bid  request across multiple Ad Exchanges.

**Response to Request for Admission No. 190:**

Google objects to this Request as vague and ambiguous as to the terms "Project Elmo" and "Ad Exchanges." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 191:**

The impact of Project Elmo was to decrease DV360 spend on certain third-party exchanges, including Pubmatic.

**Response to Request for Admission No. 191:**

Google objects to this Request as vague and ambiguous as to the terms "Project Elmo," "DV360," "spend," "exchanges," and "Pubmatic." Google will interpret these terms consistent with their general business understanding. Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion. Google further objects

to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 192:**

By March 2018, Project Elmo had increased DV360 spend on Google's Ad Exchange by at least 7.8%.

**Response to Request for Admission No. 192:**

Google objects to this Request as vague and ambiguous as to the terms "Project Elmo," "DV360," "spend," and "Ad Exchange." Google will interpret these terms consistent with their general business understanding.   Google further objects to the capitalized term "Ad Exchange" as vague and ambiguous to the extent such term purports to be defined.   Google further objects to this Request to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper. Google further objects to this Request because it prematurely and improperly seeks expert opinion.   Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records.   Google   further   objects   to   this   Request   as   unduly   burdensome   and

disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 193:**

Project Elmo was designed to "protec[t] against Header Bidding".

**Response to Request for Admission No. 193:**

Google objects to this Request as vague and ambiguous as to the terms "Project Elmo," "protect," and "Header Bidding." Google will interpret these terms consistent with their general business understanding.  Google further objects to this request to the extent it quotes, characterizes, or describes documents or other sources, as such sources speak for themselves and Google objects to any characterization or description that is inconsistent therewith.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the

answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 194:**

In 2019, Google started to provide a field known as "minimum bid to win" to Authorized Buyers and Open Bidders that submit a valid bid into the auction.

**Response to Request for Admission No. 194:**

Google objects to this Request as vague and ambiguous as to the terms "minimum bid to win," "Authorized Buyers," "provide," and "Open Bidders." Google will interpret these terms consistent with their general business understanding.   Google further objects to the capitalized terms "Authorized Buyers" and "Open Bidders" as vague and ambiguous to the extent such terms purport to be defined.   Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.   Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.   Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 195:**

In 2019, Google launched its unified, first-price auction.

**Response to Request for Admission No. 195:**

Google objects to this Request as vague and ambiguous as to the terms "launched," "unified" and "first-price auction."  Google will interpret these terms consistent with their general business understanding.  Google objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 196:**

The "minimum bid to win" field informs buyers the minimum value they would  have had to bid to win that auction.

**Response to Request for Admission No. 196:**

Google objects to this Request as vague and ambiguous as to the term "'minimum bid to win' field." Google will interpret the term consistent with their general business understanding. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and

disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 197:**

The rationale for sharing the "minimum bid to win" field was to assist bidders in  training their bidding models in a first-price auction.

**Response to Request for Admission No. 197:**

Google objects to this Request as vague and ambiguous as to the terms "'minimum bid to win' field" and "bidding models." Google will interpret these terms consistent with their general business understanding.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 198:**

Smart Bidding was a bidding algorithm developed by Google.

**Response to Request for Admission No. 198:**

Google objects to this Request as vague and ambiguous as to the terms "Smart Bidding" and "bidding algorithm." Google will interpret these terms consistent with their general business understanding. Google further objects to the capitalized term "Smart Bidding" as vague and ambiguous to the extent such term purports to be defined. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 199:**

Google developed Smart Bidding, in part, to "[m]itigate the downsides of losing  last look".

**Response to Request for Admission No. 199:**

Google objects to this Request as vague and ambiguous as to the terms "Smart Bidding" and "last look." Google will interpret these terms consistent with their general business understanding. Google further objects to the capitalized term "Smart Bidding" as vague and ambiguous to the extent such term purports to be defined. Google further objects to this Request

to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 200:**

Smart Bidding used "minimum bid to win" data as one of the inputs in its algorithm.

**Response to Request for Admission No. 200:**

Google objects to this Request as vague and ambiguous as to the terms "Smart Bidding," "'minimum bid to win' data," "inputs," and "algorithm." Google will interpret these terms consistent with their general business understanding. Google further objects to the capitalized term "Smart Bidding" as vague and ambiguous to the extent such term purports to be defined. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from

documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 201:**

Google Audiences are made up of segments, or groups of people with specific interests, intents, and demographic information, as estimated by Google.

**Response to Request for Admission No. 201:**

Google objects to this Request as vague and ambiguous as to the terms "Google Audiences," "segments," "groups of people," "specific interests," "intents," "demographic information," and "estimated." Google will interpret these terms consistent with their general business understanding. Google further objects to the capitalized term "Google Audiences" as vague and ambiguous to the extent such term purports to be defined. Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request. Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5. Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 202:**

Until at least 2020, Google provided GDN advertisers bidding on AdX with Google Audience data but did not provide Google Audience data to GDN advertisers bidding on third party exchanges through AwBid.

**Response to Request for Admission No. 202:**

Google objects to this Request as vague and ambiguous as to the terms "GDN advertisers," "Google Audience," "provided," "provide," "data," "exchanges," and "through AwBid."  Google will interpret these terms consistent with their general business understanding. Google further objects to the capitalized term "Google Audience" as vague and ambiguous to the extent such term purports to be defined.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

**Request for Admission No. 203:**

Until at least 2020, Google provided DBM/DV360 advertisers bidding on AdX with Google Audience data but did not provide Google Audience data to DBM/DV360 advertisers bidding on third party exchanges.

**Response to Request for Admission No. 203:**

Google objects to this Request as vague and ambiguous as to the terms "DBM/DV360," "DBM/DV360 advertisers," "provided," "provide," "data," and "exchanges."  Google will interpret these terms consistent with their general business understanding.  Google further objects to the capitalized term "Google Audience" as vague and ambiguous to the extent such

term purports to be defined.  Google further objects to this Request to the extent that it is cumulative and duplicative of existing discovery, admissions made in Google's Answer or any answers in related cases, or public records. Google further objects to this Request as unduly burdensome and disproportionate to the needs of this case, particularly given the voluminous discovery already produced in this action, the needless and undue delay of propounding this Request.  Google further objects to this Request as inconsistent with Pre-Trial Order No. 3 and Pre-Trial Order No. 5.  Because the answer to this Request, or some discrete portion(s) thereof, can be derived from documents that Google has produced or will produce to Plaintiffs, the burden of deriving or ascertaining the answer is substantially the same for both parties and Plaintiffs cannot shift the cost of doing so to Google.

Dated: June 17, 2024                                    Respectfully Submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Eric Mahr
Robert J. McCallum
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com
rob.mccallum@freshfields.com

Daniel Bitton
Denise L. Plunkett
Craig M. Reiser
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
dbitton@axinn.com
dplunkett@axinn.com
creiser@axinn.com
eyung@axinn.com
chaws@axinn.com

Bradley Justus (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants Google LLC,*
*Alphabet Inc., and YouTube, LLC*

148

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true copy of the foregoing instrument was served on

counsel for Plaintiffs via email on June 17, 2024.

*/s/ Sean Murray*
Sean Murray
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
