

**Freshfields Bruckhaus Deringer US LLP**

<u>**Via ECF**</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Silicon Valley**
855 Main Street
Redwood City, CA 94063
T +1 650 461 8276 (Direct)
F +1 202 507 5945
justina.sessions@freshfields.com
www.freshfields.com

June 24, 2024

**Re:** *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC)

Dear Judge Castel:

We write regarding Your Honor's June 20 order directing the parties to meet and confer regarding Plaintiffs' Rule 30(b)(6) Notice to Google and update the Court by end of day June 24, 2024. Google remains willing to designate a corporate witness on reasonable and proportionate non-duplicative topics described with reasonable particularity. Plaintiffs' amended notice falls far short of that standard and instead seeks to revisit expansive topics that are already covered by the massive discovery record in this case or are otherwise inappropriate as Rule 30(b)(6) topics in calling for Google to compile data or documents. Given that we are less than five days away from the close of more than a year and half of discovery, Google respectfully requests that the Court enter an order limiting Google's Rule 30(b)(6) testimony to Google's proposal described below and submitted to chambers as Appendix A. No conference is scheduled at this time.

**Background on Negotiations**

During the June 20 hearing, the Court directed the parties to continue negotiating Plaintiffs' Rule 30(b)(6) Notice to Google. The Court noted that 30(b)(6) topics should be "proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity," which is a standard that "requires the noticing party to describe the relevant subject areas with painstaking specificity." Tr.[1] at 3:17-22. Google agreed that it was willing to consider a reasonable set of additional discrete questions to which Plaintiffs have been unable to obtain answers thus far and Plaintiffs agreed to narrow their notice, stating that "[w]e have a regularly scheduled call with Google every Friday at 10 a.m. If we can't get it done between now and 10 a.m., we'll make sure that it's on the schedule for 10 a.m. tomorrow." *See* Tr. at 19:4-7. Google showed up to the Friday meet and confer ready and prepared to discuss a

---

[1] "Tr." shall refer to the transcript of the June 20, 2024 hearing in front of the Honorable Kevin P. Castel.

narrowed proposal from Plaintiffs,[2] but was unable to do so because Plaintiffs had none.  Instead, Plaintiffs attempted to place the burden on Google by asking Google to provide additional details about the Topics for which it would be willing to put forth a deponent.  Plaintiffs ultimately sent Google a revised Rule 30(b)(6) notice shortly after 10 PM on Friday, June 21 (the "Friday Notice") (attached as Ex. A).

Although Plaintiffs' Friday Notice went "in the right direction"[3] by putting forth a lesser *number* of Topics (21 Topics with over 90 discrete parts as compared to the previously propounded 38 Topics consisting of nearly 200 discrete parts), the Topics that remained reflected minimal edits and still suffered from the same defects described in our June 19 filing (ECF No. 837) and the June 20 hearing with the Court.  *Compare, e.g.*, Friday Notice Topic 20 ("Google's internal policies, procedures, or practices related to the usage of data it collects from customers of its Ad Tech Products, including: [four subparts]") *with* ECF No. 832-1 Topic 34 (same exact Topic).

The parties met and conferred again on Sunday, June 23.  In the interest of reaching a compromise, Google indicated that, in addition to the witness it previously offered (and whose deposition is scheduled), Google is willing to designate one witness knowledgeable about Google's buy-side products and one witness knowledgeable about Google's sell-side products, to sit for a deposition of no longer than 4 hours each (8 hours total) if Plaintiffs provide legitimate, narrow, non-duplicative, specific topics described with reasonable specificity related to DA and EDA (Friday Notice Topic 12), sell-side DRS (Friday Notice Topic 13), RPO (Friday Notice Topic 14), Poirot and Elmo (Friday Notice Topic 15), Bernanke (Friday Notice Topic 17), as well as a witness to speak on the Flash to HTML5 transition.[4]  Google made an offer that would allow Plaintiffs to specify their additional topics of interest in response to Plaintiffs' complaint that Google's prior offer was incomplete.  In response to that proposal, Plaintiffs again attempted to shift the burden on Google to provide additional detail on what reasonable specificity means.

**Plaintiffs' Proposal**

On the afternoon of June 24 Plaintiffs sent another revised 30(b)(6) notice, ECF No. 840-1 ("Revised Notice").  The latest Revised Notice still contains 18 Topics consisting of more than 85 discrete subparts.[5]  The Revised Notice suffers from the same flaws as its predecessors: it fails to identify non-duplicative topics described with reasonable particularity (*i.e.*, "painstaking specificity") and does not account for the Court's direction that "a Rule 30(b)(6) deposition should not be a memory contest of topics better suited to a written response or a supplemental document production.  The Court should strike . . . topics that would result in a witness merely

---

[2] Plaintiffs seemed to confirm as much via email on Thursday night, stating "MDL Plaintiffs will be prepared to discuss this issue and expect that Google will be as well."   June 20, 2024 Email from I. Earnhardt to Walter Noss, R. McCallum, et al.

[3] *See* Tr. at 18:22 (noting that  Plaintiffs' continuing to lessen the number of Topics was "going in the right direction").

[4] This was in addition to the already agreed 3.5 hour deposition regarding the pricing of AdSense, functions Google makes available to publisher customers using AdSense, market share calculations (if any) and competitive intelligence or company tracking for AdSense.

[5] This count reflects Plaintiff Inform's offer to withdraw two topics late Monday evening.

testifying to information readily available through document production." *See, e.g.*, Tr. at 3:21-22, 4:1-6. It also demands duplicative testimony, in contravention of Pre-Trial Order 5. *See* ECF No. 394 ¶ 6.7 ("Duplicative questioning of witnesses is not permitted").

By way of example, many parts of Revised Notice Topics 1, 3, and 4 would require Google witnesses to study and remember definitions for fields within various datasets or otherwise memorize information about the underlying data in various data sets. *See, e.g.*, Topic 1(j) ("How the underlying data of the DVAA P&Ls, such as the 'Revenue Detail' tab in GOOG-AT-MDL-009643893 and similar documents, relates to the DVAA P&Ls"). Plaintiffs footnote that they are willing to accept written responses on definitions in lieu of corporate testimony, but Plaintiffs have had ample time to seek such discovery. Plaintiffs should not be allowed to use their Rule 30(b)(6) Notice as backdoor interrogatories, particularly since they already have access to extensive Rule 30(b)(6) testimony regarding Google's accounting practices related to the ad tech business.[6]

Other Topics are contention topics or otherwise seek legal theories. *See, e.g.*, Revised Notice Topic 5 (seeking testimony on "the factual basis for [Google's] contentions that [its] conduct was 'justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity,'" and that "'the benefits of' such conduct 'significantly outweigh any alleged anticompetitive effects,' . . . including identification of documents or categories of documents that you intend to rely on to support this contention."). Such topics are inappropriate for a 30(b)(6). *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("In a nutshell . . . 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means.").

It is Plaintiffs' obligation in the first instance to identify the Topics on which it seeks corporate testimony with "reasonable particularity." F.R.C.P. 30(b)(6); *see also N. Shore Window & Door, Inc. v. Andersen Corp.*, 2022 WL 16788807, at *1 (E.D.N.Y. Sept. 14, 2022) (The court may strike Rule 30(b)(6) notices, for example, when the topics "are so overly broad as to make it impossible for the responding party to prepare its witness."), Tr. at 3:17-25. But Plaintiffs made no meaningful effort to narrow the Topics in the Revised Notice. Instead, they tried to shift the burden onto Google to revise the Topics. It is not Google's job to do that. Nor is it the Court's. Plaintiffs are best positioned to know what specific non-duplicative questions they have that still remain unanswered after receiving over six and a half million documents from over 180 custodians, hundreds of terabytes of data, access to over 80 gigabytes of source code, and deposition testimony from 24 current or former employees in this litigation, in addition to deposition transcripts from the Department of Justice's pre-suit investigation and the coordinated Virginia case. Indeed, Google's proposal attempted to identify areas that were not already covered by this significant discovery, but was met with Plaintiffs' unspecified objections that Google's proposal was incomplete. Without further specific direction from Plaintiffs, Google is unable to properly prepare a witness to speak on Topics that are non-duplicative.

---

[6] *See* GOOG-AT-MDL-C-000045895.

**Google's Proposal**

Notwithstanding Plaintiffs' continued failure to meaningfully narrow the Topics on which they seek 30(b)(6) testimony, Google offers the following proposal to reasonably address Plaintiffs Rule 30(b)(6) notice.

- As previously agreed, Google will designate a witness to testify regarding the pricing of AdSense, functions Google makes available to publisher customers using AdSense, market share calculations (if any), and competitive intelligence or company tracking for AdSense for up to 3.5 hours.

- Google will designate a buy- and sell-side designee to testify regarding both: (1) the questions identified below that were previously posed to knowledgeable deponents;[7] and (2) ten additional technical buy- or sell-side questions previously posed by Plaintiffs in this litigation, but not yet answered. Plaintiffs must identify these ten additional questions (including transcript citations) no later than Wednesday, June 26, 2024.

  - Buy-Side Witness Dep. 100:9-20.
  - Buy-Side Witness Dep. 112:19-115:8.
  - Buy-Side Witness Dep. 147:14-17.
  - Buy-Side Witness Dep. 153:5-12.
  - Buy-Side Witness Dep. 181:7-22.
  - Buy-Side Witness Dep. 215:25-216:12.
  - Sell-Side Witness Dep. 164:14-17.
  - Sell-Side Witness Dep. 229:14-21.
  - Sell-Side Witness Dep. 234:9-14.
  - Sell-Side Witness Dep. 281:24-282:15.

  The buy- and sell-side designees will be available to sit for a deposition of no longer than 4 hours each (8 hours total).[8]

- As previously offered, Google remains willing to designate a witness to testify regarding the migration from Adobe Flash to HTML5 on Google Chrome, including the reasons and internal justifications for the migration, the step-by-step process of the migration, the public disclosures regarding the migration, and the alleged impact of that migration on other Google products, such as YouTube, as well as its effect on other participants in the alleged on-line-video advertising market. The designee on these topics will be available to sit for up to 2.5 hours.

Given the extensive discovery record in this case, Google respectfully requests that the Court enter an order limiting Google's Rule 30(b)(6) testimony to Google's proposal described

---

[7] Google has redacted the names of the proposed witnesses to protect their privacy and to conform with past practice in this MDL, and will separately provide the Court with a list of their names in Appendix A.

[8] Plaintiff Inform asked whether video ads would be covered by this offer. To the extent relevant, the buy- and sell-side witnesses will be prepared to discuss bidding on or serving of video advertising as performed by the products and services at issue in this case.

above and not engage in an Sisyphean effort to rewrite Plaintiffs' overbroad and ill-formed notice.  Consistent with the Court's order, a Word version of Google's proposal has been emailed to chambers as Appendix A.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com

Daniel Bitton
Denise L. Plunkett
Craig M. Reiser
Eva H. Yung
Claire L. Haws
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, New York 10036
Telephone: (212) 728-2200
Fax: (212) 728-2201
dbitton@axinn.com
dplunkett@axinn.com
creiser@axinn.com
eyung@axinn.com
chaws@axinn.com

Bradley Justus (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP

1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com

Caroline P. Boisvert (pro hac vice)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 275-8100
Fax: (860) 275-8101
cboisvert@axinn.com

*Counsel for Defendants Google LLC and
Alphabet Inc.*

CC: All Counsel of Record (via ECF)