

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
   +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

June 28, 2024

**Re:**   *In re Google Digital Advertising Antitrust Litigation*, 21-md-03010 (PKC); *In re Google Digital Advertising Antitrust Litigation*, No. 21-cv-07001 (PKC)

Dear Judge Castel:

We write on behalf of Defendants Google LLC and Alphabet Inc. (together, "Google") to respectfully move pursuant to Federal Rules of Civil Procedure 30 and 37 for this Court to compel Plaintiff Cliffy Care Landscaping LLC ("Cliffy Care") to produce a witness for deposition testimony by 14 days following the close of fact discovery pursuant to Pre-Trial Order No. 14, or in the alternative, to produce the witness identified in Cliffy Care's Rule 26 disclosures for deposition testimony by August 30, 2024.  No conference is scheduled at this time.

Google was granted leave to depose Cliffy Care in Pre-Trial Order No. 14.  *See* ECF No. 825, and Cliffy Care's counsel consented to a Rule 30(b)(6) deposition.  Cliffy Care is refusing to comply with the Court's order.

Cliffy Care has listed only one person on its Rule 26 disclosures, and appears to be a one-person business operation.  Counsel informed Google that this person is currently unable to sit for a deposition because of health issues.  In an attempt to accommodate the witness's situation, Google offered to postpone the deposition to a date later this summer, but if the witness was still unable to sit for deposition then Cliffy Care would dismiss its case.  Plaintiffs rejected that proposal and instead suggested that they might find an alternative witness several months from now.  If there is an alternative witness, that person should sit for a deposition now, during fact discovery.  And if there is *not* any other capable witness, then the plaintiff must sit for deposition.

As the Court already recognized and ordered, Google is entitled to depose the corporate

entity suing it. The Court should either compel Cliffy Care to comply with the Court's prior order and designate a corporate representative to sit for a Rule 30(b)(6) deposition by July 12, 2024, or make the individual identified in Cliffy Care's disclosures available for deposition by August 30, 2024 as Google has already proposed. In the event that Cliffy Care refuses to provide deposition testimony, Google will move to dismiss Cliffy Care's claims.

**BACKGROUND**

On May 23, 2024, Google corresponded with counsel for Cliffy Care, seeking consent to Google's intended Rule 30(b)(1) deposition of a Cliffy Care employee in connection with Google's prospective motion for additional depositions in this action. During a May 28 Meet and Confer, counsel for Advertisers informed Google that the employee was in poor health and would be unable to sit for a live, oral deposition. Counsel also represented that the employee, the only individual disclosed by Cliffy Care in its Rule 26 initial disclosures as having knowledge of Cliffy Care's claims in this action, may not be able to testify at trial. Sensitive to the employee's situation, Google asked if Cliffy Care would instead be amenable to a Rule 30(b)(6) deposition, and would provide an alternate witness as a corporate designee. Counsel confirmed that a Rule 30(b)(6) deposition was acceptable, but represented—for the first of several times—that Cliffy Care would not be able to put forth an alternate witness.

On May 29, Google filed a motion seeking leave to depose additional witnesses, including a Rule 30(b)(6) Deposition of Cliffy Care, *see* ECF No. 810 at 4, noting Cliffy Care's consent. The Court granted Google's motion to additionally depose Cliffy Care on June 11, *see* ECF No. 825, and Google served Cliffy Care with a Rule 30(b)(6) Notice on June 14. Cliffy Care did not object to any of the topics in the Notice.

Conscious of the Court's directive in Pre-Trial Order No. 14 to complete depositions no later than July 12, Google again sought Cliffy Care's position on designating an employee to sit for a Rule 30(b)(6) deposition. In response, counsel for Cliffy Care stated that the employee could only provide written answers in response to written questions, and that if Google felt prejudiced by the written testimony it received, Cliffy Care would be "willing to meet and confer regarding in person testimony at a later date."

Google responded on June 12 that, while it was willing to accommodate the impaired employee's condition in any reasonable way it could, including conducting the deposition remotely and taking as many breaks as the employee required, written answers were an inadequate substitute for live questioning and live, unscripted answers. Cliffy Care's counsel responded on June 12 with the argument that Pre-Trial Order No. 5 permitted written testimony provided in response to written questions in lieu of oral deposition.

Google still made efforts to seek an alternate corporate designee, and Cliffy Care repeatedly represented that the impaired employee was the only designee capable of testifying as to Cliffy Care's claims. And on several occasions, Cliffy Care also indicated that the impaired employee might be able to provide oral testimony at some time in the future beyond July 12. Based on this representation, Google offered another compromise on June 21:

- The parties would file a joint motion to the Court seeking permission for the employee to

sit for a deposition on or before August 30, 2024, in order to provide the employee with time to recuperate and become capable of providing oral testimony.
- If the employee did *not* become capable of sitting for a deposition by August 30, 2024, Cliffy Care would voluntarily dismiss its claims.
- If the deposition occurred, it would be treated as though it had been taken during the permissible fact discovery period.

Only after Google offered this compromise, on June 24, did Cliffy Care propose that the joint motion state that Cliffy Care would inform Google by August 1 whether the impaired employee would be able to sit for a deposition, and if he still could not, then Cliffy Care would make *another witness* available on or before August 30, 2024. Despite weeks of negotiations and lost time for the parties to timely complete discovery, this was the first time Cliffy Care disclosed that somebody else could possibly be designated for a Rule 30(b)(6) deposition. Google responded that if somebody else *could* in fact testify, then Cliffy Care must designate that witness to be deposed on or before July 12. Cliffy Care refused, insisting that it was only concerned with the impaired employee's health. But Google has never insisted that the impaired employee be Cliffy Care's corporate designee. All Google wants (and is entitled to have, since Cliffy Care sued it) is someone who can answer questions on behalf of the plaintiff, in time for Google to make use of that discovery.

**ARGUMENT**

Google is entitled to depose *some* representative of the named plaintiff Cliffy Care orally via live question-and-answer testimony under both the Federal Rules of Civil Procedure and this Court's Pre-Trial Order No. 5. The Court should order Cliffy Care to either produce a 30(b)(6) designee to sit for a live deposition on or before July 12, or else produce the one employee on their Rule 26 disclosures on or before August 30 for a live deposition.

Cliffy Care's position that Pre-Trial Order No. 5 entitles Cliffy Care to deposition by written questions *and written answers* is baseless. The Federal Rules provide parties with two methods of conducting depositions: first, through oral examination (Rule 30); and second, through written questions (Rule 31). While both Rules provide for examination by written questions, *see* Fed. R. Civ. P. 30(c)(3) & 31, neither contemplates written responses. Rule 31 depositions upon written questions are to "proceed in the manner provided in Rule 30(c), (e), and (f)," (i.e., with the witness answering questions), and Rule 31 requires the officer to "take the deponent's testimony in response to the [written] questions." *See Dallas Buyers Club, LLC v. Doe-70.181.229.254*, 2016 WL 3854547, at *1 (S.D. Cal. July 15, 2016). ("Rule 31 requires the party taking the deposition to deliver the written questions to a deposition officer…. The deposition then proceeds in a manner similar to oral depositions…. The deponent is put under oath, and then the deposition officer 'must ask the deponent [the written] questions and record the answers verbatim.'").

Pre-Trial Order No. 5 ¶ 6.6 follows Rules 30 and 31 by *permitting* the parties to conduct depositions by, among other methods, "written questions." It does not alter the rule that the answers to questions, whether written or oral, must be made orally. The posing of written questions with written answers is known by a different name: interrogatories. Indeed, Cliffy Care's aim to trade oral testimony for written discovery here amounts to the service of unusually

long interrogatories, which this Court recently dismissed as "rarely… the key to anything." May 21, 2024 Hr'g Tr. at 23:20-21.

Cliffy Care's offer of a non-deposition aside, Google should not be forced to proceed via written questions (even if given oral answers). "Written questions are rarely an adequate substitute for oral depositions. . . because it is difficult to pose follow-up questions. . . .Accordingly, depositions upon written questions are disfavored." *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397 (S.D.N.Y.2006); *see also Fid. Int'l Currency Advisor a Fund, LLC v. United States*, 2007 WL 9412764, at *3 (D. Mass. May 23, 2007) ("Depositions by written questions under Rule 31 are rarely, if ever, used in modern litigation under any circumstances. That is surely no accident."). A Rule 31 deposition would deprive Google the opportunity to ask follow-up questions in the only deposition of this named plaintiff.

Cliffy Care cannot avoid its discovery obligations by claiming there is no available 30(b)(6) designee. It is well settled that corporate designees need not have personal knowledge; in order to provide a corporate designee familiar with the noticed topics, Rule 30(b)(6) requires the corporation to prepare its designee to give knowledgeable answers. *Bush v. Element Fin. Corp.*, 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016).

In this case, Google's Rule 30(b)(6) notice and the Court's Pre-Trial Order No. 14 require Cliffy Care to produce a corporate designee to sit for deposition by or on July 12. Google is not requiring—and has made clear that it does not require—Cliffy Care to designate the impaired employee to sit for this oral deposition. However, this does not absolve Cliffy Care of its duty to provide a corporate designee to provide testimony on its behalf, and Cliffy Care has suggested that it *could* find such a person. It just does not want to do so now.

For a month, Cliffy Care represented to Google that Cliffy Care's only possible witness could not sit for an oral examination. Google took Cliffy Care at its word and proposed several accommodations, including a joint motion for this Court to allow a deposition two months after the end of fact discovery. Only now, with the clock running out on fact discovery, has Cliffy Care indicated that there may be another possible corporate designee to testify on Cliffy Care's behalf at some point in the future, but is refusing to make that person available for a 30(b)(6) deposition.

This is not how discovery works under the Federal Rules of Civil Procedure or this Court's Pre-Trial Orders. If other possible corporate representatives exist, Rule 30(b)(6) and this Court's Pre-Trial Orders obligate Cliffy Care to designate them for oral deposition testimony in the timeframe set out by this Court. Google will not submit to a Hobson's Choice between either receiving glorified interrogatory responses or hoping that Cliffy Care chooses to actually produce a deponent months down the road.

Google has a right to take the deposition of a named plaintiff seeking to represent a putative class of allegedly harmed individuals pursuing significant but unwarranted legal and equitable relief, including treble damages and injunctive relief.

**CONCLUSION**

Google therefore respectfully moves this Court to compel Cliffy Care to produce a witness by July 12 for a Rule 30(b)(6) deposition, or, alternatively, to produce the witness identified in Cliffy Care's Rule 26 disclosures for deposition testimony by August 30, 2024.

Sincerely,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

CC: All Counsel of Record (via ECF)

**Federal Rule of Civil Procedure 37(a)(1) Certification**

  I hereby certify that Defendants Google LLC and Alphabet Inc. have in good faith conferred with Plaintiff Cliffy Care Landscaping LLC and that the parties have reached an impasse as to this issue.

            Sincerely,

            */s/ Justina K. Sessions*