

July 5, 2024

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

      Re:    *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

      We write on behalf of Plaintiff Cliffy Care Landscaping, Inc. ("Cliffy Care") to oppose Defendants Google LLC and Alphabet Inc.'s (together, "Google") motion to compel Cliffy Care to produce a witness under Rule 30(b)(6) for oral deposition by July 12, 2024 or, in the alternative, to produce the witness identified in Cliffy Care's Rule 26 disclosures for deposition testimony under Rule 30(b)(1) by August 30, 2024.

      The witness identified in Cliffy Care's initial disclosures—the sole proprietor of the family-run business Cliffy Care—had a series of strokes that affected his ability to communicate. During the meet and confer process Google refused to accommodate his medical condition, e.g. by accepting written testimony or by allowing for a temporary stay of the deposition, at which point either the sole proprietor (if well enough) or another corporate representative would testify. Instead, Google has sought to place Cliffy Care in an untenable position for no good reason. Google insists Cliffy Care must either prepare an alternative representative to testify by July 12, 2024 (which is unreasonable at this point) *or* agree to dismiss its actions if the sole proprietor cannot testify by August 30 (which is also unreasonable, given that an alternative representative could be prepared by that date). There is no basis for forcing Cliffy Care to gamble the viability of its claim based on the unknown health prognosis of its sole proprietor when reasonable alternatives exist.

      Therefore, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Pre-Trial Order No. 14 and the Court's Individual Practices, Advertisers respectfully request that the Court allow either the production of the witness who was identified in Cliffy Care's Rule 26 disclosures or a corporate designee by August 30, 2024. There is no conference currently scheduled before the Court.

Hon. P. Kevin Castel
July 5, 2024
Page 2

*Background*

On May 23, 2024, Google wrote to Advertisers seeking consent to depose two additional witnesses beyond the 15 allotted by Pre Trial Order No. 5. Dkt. No. 394. Advertisers consented to the requested depositions of Kinin, Inc. and Cliffy Care, but asked that Google meet and confer regarding Cliffy Care's Deposition. *See* Dkt. No. 810.

On May 28, 2024, Advertisers informed Google that the witness identified in Cliffy Care's initial disclosures—the sole proprietor of the family run business Cliffy Care—had a serious medical condition that was impacting his ability to communicate. Advertisers elaborated that while the sole proprietor was improving, it was unlikely that he would be able to provide oral testimony prior to the close of fact discovery due to his medical condition.

Advertisers proposed that Google accommodate the sole proprietor's medical condition by noticing a deposition by written questions, as permitted under Pre Trial Order No. 5, and allowing the deponent to provide written answers rather than oral. Advertisers also offered to produce the individual for an oral deposition at a later date if Google felt it was prejudiced by a lack of oral testimony and the individual's health had sufficiently improved. Google refused Advertisers' request for this accommodation.

On June 14, 2024, Google served a Rule 30(b)(6) deposition notice on Cliffy Care. Cliffy Care's sole proprietor is the person most knowledgeable to testify as to the topics noticed. As Google points out, that individual is the only individual listed on Cliffy Care's initial disclosures. After the service of the Rule 30(b)(6) notice, Advertisers sought to determine if there was another individual who could potentially serve as a corporate representative. Advertisers learned that during the sole proprietor's illness another family member had stepped in and become knowledgeable regarding Cliffy Care's digital advertising and that that individual could testify to many of the topics in the 30(b)(6) notice and be prepared to testify on others (though likely not as thoroughly as the sole proprietor himself).

Subsequently, Advertisers received permission from Cliffy Care's sole proprietor to provide Google and the Court with additional information relating to his medical condition. Specifically, Advertisers informed Google that Cliffy Care's sole proprietor had suffered a series of strokes. While his health has improved dramatically since his last stroke—and he has resumed running many aspects of his business—his speech is still impacted, and he cannot provide oral deposition testimony. On June 21, 2024, Advertisers communicated this information to Google and again offered to produce Cliffy Care's proprietor for deposition via written questions and written responses. Google again refused, and rather than attempt to accommodate Cliffy Care's sole proprietor's health in good faith, Google presented Advertisers with an ultimatum—either produce Cliffy Care's sole proprietor for oral deposition by August 30 or dismiss Cliffy Care's claims. While Advertisers remain hopeful that the proprietor will be able to provide oral testimony by August 30 that cannot be guaranteed. So, Advertisers offered to produce Cliffy Care's

Hon. P. Kevin Castel
July 5, 2024
Page 3

proprietor for deposition by written question and written response by July 12, 2024 *and* agreed to produce either Cliffy Care's proprietor or a different corporate representative by August 30, 2024. Google again refused and moved to compel either oral testimony from Cliffy Care's proprietor by August 30, 2024, or corporate representative by July 12, 2024.

*The Court Should Permit Cliffy Care to Produce Either its Sole Proprietor or a Corporate Representative by August 30, 2024.*

Good cause exists to support Advertisers' request to set an August 30, 2024, deadline for the oral deposition of either Cliffy Care's proprietor or a corporate representative.

Advertisers presented Google with numerous compromises in an attempt to provide it with testimony prior to July 12, 2024 including providing written responses to deposition questions and testimony from a corporate representative. With July 12, 2024 approaching, and taking into account Cliffy Care's proprietor's impacted speech, Advertisers would no longer be able to prepare written responses to written deposition questions by July 12, 2024. And Google's proposed accommodations "including conducting the deposition remotely and taking as many breaks as the employee required" would not mitigate Cliffy Care's proprietor's impacted speech. *See, e.g.*, *Doolittle v. Bloomberg L.P.*, No. 22-CV-09136 (JLR), 2024 WL 1994668, at *2 (S.D.N.Y. May 6, 2024).

Nor would Advertisers be able to prepare an alternative corporate representative to testify by July 12, 2024. While the proposed alternative corporate representative is knowledgeable regarding Cliffy Care's digital advertising and could testify to many of the topics in the 30(b)(6) notice, she will need to be prepared to testify to others. Cliffy Care's proprietor will need to take an active role in that preparation, and his impacted speech necessitates additional preparation time. There is also the possibility that Cliffy Care's proprietor himself will be sufficiently recovered to offer oral testimony by August 30, 2024.

Given the situation, the most sensible path forward is to postpone the Cliffy Care 30(b)(6) deposition to accommodate a witness's medical needs, which is routine. *See Doolittle*, 2024 WL 1994668, at *2 (granting a temporary stay of a deposition to account for a witness's health); *Goris v. Metal-Tech Controls Corp.*, No. 17-cv-01565 (NGG) (SJB), 2019 WL 13233426, at *2 (E.D.N.Y. Apr. 12, 2019) (holding a deposition would pose an undue burden for a witness who has had a stroke); *Campos v. Webb County*, 288 F.R.D. 134, 138 (S.D. Tex. 2012) (granting a temporary stay of the plaintiff's deposition); *Medlin v. Andrew*, 113 F.R.D. 650, 654 (M.D.N.C. 1987) (same).

No party will be prejudiced by the production of a Cliffy Care witness by August 30, 2024. This is evidenced by the fact that Google already agreed to take Cliffy Care's proprietor's deposition by August 30, and it has asserted it "is entitled to depose *some* representative" and that "All Google wants . . . is someone who can answer questions on behalf of the plaintiff, in time for Google to make use of that discovery." Dkt. No. 852 (emphasis original). Google has not identified

Hon. P. Kevin Castel
July 5, 2024
Page 4

any "use" it would make of the discovery before the end of August; Google's expert reports are due well after that. Nor has Google identified any reason why there would be a problem with deposing an alternative 30(b)(6) designee by August 30 when there would apparently be no problem taking the deposition of Cliffy Care's proprietor in that timeframe. Advertisers' proposal of a deposition of either Cliffy Care's proprietor or a corporate representative by August 30, 2024 allows for exactly the relief Google is requesting while also accommodating Cliffy Care's sole proprietor's medical needs.

Accordingly, Advertisers respectively request that this Court deny Google's request for a deposition of a corporate representative by July 12, 2024 or Cliffy Care's proprietor by August 30, 2024 and grant Advertisers' request for a deposition of either Cliffy Care's proprietor or a corporate representative by August 30, 2024.

Respectfully submitted,

/s/ *Dena C. Sharp*
Dena C. Sharp (*pro hac vice*)
Jordan Elias (*pro hac vice*)
Scott M. Grzenczyk (*pro hac vice*)
Mikaela Bock (*pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dsharp@girardsharp.com
jelias@girardsharp.com
scottg@girardsharp.com
mbock@girardsharp.com

Tina Wolfson (TW-1016)
Theodore W. Maya (*pro hac vice*)
Bradley K. King (BK-1971)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, California 91505
Tel.: (310) 474-9111
Fax: (310) 474-8585
twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
bking@ahdootwolfson.com

*Interim Co-Lead Counsel for Advertiser
Plaintiffs and the Proposed Advertiser Class*

Jonathan L. Rubin (pro hac vice)
**MOGINRUBIN LLP**
2101 L Street, NW, Third Floor
Washington, D.C. 20037
(202) 630-0616
jrubin@moginrubin.com

Daniel J. Mogin (pro hac vice)
Timothy Z. LaComb (pro hac vice)
**MOGINRUBIN LLP**
4225 Executive Square, Suite 600
La Jolla, CA 92037
(619) 687-6611
dmogin@moginrubin.com
tlacomb@moginrubin.com

*Counsel for Plaintiffs Cliffy Care and Kinin*

Archana Tamoshunas (AT-3935)
**TAUS, CEBULASH & LANDAU, LLP**
123 William Street, Suite 1900A
New York, NY 10038
Tel.: (212) 931-0704
Fax: (212) 931-0703
atamoshunas@tcllaw.com

April D. Lambert (*pro hac vice*)
John D. Radice (JR 9033)
**RADICE LAW FIRM, PC**
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
alambert@radicelawfirm.com
jradice@radicelawfirm.com

*Counsel for Plaintiff Hanson Law Office, as
 successor in-interest to Hanson Law Firm, PC*

Hon. P. Kevin Castel
July 5, 2024
Page 6

        Richard F. Lombardo (*pro hac vice*)
        Peter F. Rottgers (*pro hac vice*)
        **SHAFFER LOMBARDO SHURIN**
        2001 Wyandotte Street
        Kansas City, MO 64108
        (816) 931-0500
        rlombardo@sls-law.com
        prottgers@sls-law.com

        *Counsel for Plaintiff Cliffy Care*

        Jason S. Hartley (*pro hac vice* forthcoming)
        Jason M. Lindner (*pro hac vice* forthcoming)
        **HARTLEY LLP**
        101 W. Broadway, Ste 820
        San Diego, CA 92101
        (619) 400-5822
        hartley@hartleyllp.com
        lindner@hartleyllp.com

        *Counsel for Plaintiff Kinin*