# Freshfields Bruckhaus Deringer US LLP

**Silicon Valley**
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
 +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

August 8, 2024

Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

I write in opposition to MDL Plaintiffs' letter motion dated August 2, 2024, which seeks to reopen fact discovery for an additional deposition or, alternatively, to preclude Google from relying on a declaration made available for all parties' experts to consider in formulating their opinions. ECF No. 864. As set forth below, the Court should deny these requests. MDL Plaintiffs should not receive an extra deposition where they knew the witness's identity and role for well over a year, but used their allotted depositions—including additional depositions the Court permitted them to take—on other witnesses. And because MDL Plaintiffs received the declaration *before* Google was required to produce it, they were not prejudiced by its production, and Google should not be precluded from using it. No conference is scheduled.

**MDL Plaintiffs Have Not Shown Good Cause To Depose the Witness**

MDL Plaintiffs' letter is not their first request for additional depositions. In Pre-Trial Order No. 5, the Court set a deposition limit of 15 fact witnesses per side. ECF No. 394, ¶ 6.5. As the Court explained, any request to raise this cap would require the requesting party to "persuade [the Court] why you need who you need." Hr'g Tr. (Apr. 19, 2022, 58:1-3), ECF No. 291. Before they had even exhausted their deposition allocation, MDL Plaintiffs sought leave to take additional depositions, proposing to depose 16 Google employees whom they described as "carefully selected . . . to ensure coverage of key issues and conduct in their respective cases." ECF No. 755 at 9. The Court ultimately authorized MDL Plaintiffs to take 13 of those depositions. ECF No. 777 at 1.[1]

---

[1] Plaintiff Inform Inc. subsequently received leave to depose an additional witness. Hr'g Tr. (June 20, 2024, 36:8-13), ECF No. 842.

Although fact discovery has now been over for more than a month, MDL Plaintiffs seek yet another deposition, arguing that they should receive this deposition because Google (i) supplemented its initial disclosures near the end of fact discovery to identify the witness at issue; and (ii) produced a declaration from that witness on July 11, 2024.  ECF No. 864 at 1-2.  Neither ground provides good cause to allow MDL Plaintiffs to take this witness's deposition.  *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause to modify a scheduling order); ECF No. 394, ¶ 6.5 ("A party may seek leave of Court to depose additional witnesses by . . . describing the matters on which they have unique knowledge . . . .").[2]

In considering an application to reopen discovery, the Court must consider whether there has already been an "adequate opportunity for discovery."  *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989).  Not only do MDL Plaintiffs have significant written discovery and deposition testimony in this case,[3] but they also have ample discovery available from the witness at issue, who the MDL Plaintiffs acknowledge has been a document custodian for well over a year.  Specifically, on April 2, 2023, MDL Plaintiffs first requested that Google add the witness as a custodian in the case.  Plaintiffs elaborated on that request on May 10, 2023, describing the witness as a "[k]ey engineer for many projects at issue, including . . . limits on active line items [and] ad serving generally" and recognizing that the witness "[c]urrently acts as Director of Engineering for all of Google Ad Manager (since 2020)."  Google agreed to add the witness as a custodian on May 18, 2023, and produced over 80,000 of his documents before the end of 2023.  That number amounted to nearly 95 percent of the 84,509 documents ultimately produced from this witness's custodial files during fact discovery.  On May 1, 2024, Google produced a declaration from the same witness, which addressed issues including the encryption of user IDs.  *See* Ex. A (GOOG-AT-MDL-C-000016753), ¶¶ 19-22.[4]

Particularly against that backdrop, MDL Plaintiffs' argument that they had "no 'meaningful opportunity to investigate' the [witness] and his declared knowledge of user IDs" rings hollow.  ECF No. 864 at 2 (quoting *Chan v. Big Geyser*, 2018 WL 5118636, at *1 (S.D.N.Y. Oct. 22, 2018)).  MDL Plaintiffs knew of this witness, requested production of his documents, and received those documents—including a declaration discussing user IDs—all before the close of fact discovery in this case.  MDL Plaintiffs nevertheless elected not to seek this witness's deposition, allocating their original depositions to other witnesses and electing not to include him among the 16 additional witnesses they later sought leave to depose.  Any missed opportunity to depose the witness was a result of MDL Plaintiffs' own choices, and the Court need not "reopen discovery now simply because Plaintiff made a strategic decision during the discovery process[.]"  *Abdelal v. Kelly*, 2018 WL 3812443, at *2 (S.D.N.Y. Aug. 10, 2018) (denying motion to reopen discovery for additional deposition).

---

[2] MDL Plaintiffs do not even attempt to show that the witness has any unique knowledge about the topic in which they are interested.

[3] In all, MDL Plaintiffs have taken 24 Rule 30(b)(1) depositions of Google witnesses, plus testimony from five witnesses under Rule 30(b)(6).  That testimony is on top of deposition transcripts of Google witnesses in MDL Plaintiffs' possession from the Department of Justice's pre-suit investigation and the period of coordinated discovery with the Virginia Case, *United States et al. v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va.).  MDL Plaintiffs also have access to 22 third-party depositions from the Virginia Case, 7 trial transcripts from the *Search* case, *United States et al. v. Google LLC*, No. 20-cv-03010 (D.D.C.), over 6 million Google documents, over 750 terabytes of Google data, and over 71 gigabytes of Google source code.

[4] The witness's name has been redacted in this exhibit for public filing.  The exhibit otherwise appears as it was produced to MDL Plaintiffs.

Google's supplementation of its initial disclosures does not justify reopening discovery because, as discussed above, Plaintiffs were well aware of this witness for over a year. Like several of MDL Plaintiffs, Google supplemented its initial disclosures during the last week of fact discovery.[5] Google did so because it concluded that it might use the witness's testimony to support its defenses in this litigation. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). But it was under no obligation to do so: Supplementing a party's initial disclosures is "only necessary when the omitted or after-acquired information has not otherwise been made known to the other parties during the discovery process." *BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 323 (S.D.N.Y. 2013) (denying motion to exclude declarations submitted with motion for summary judgment). Unlike the cases cited in MDL Plaintiffs' letter, the record here indicates that they "had th[is] witness's name[] and role[]" and "could have easily deposed them if [they] chose to." *Id.* at 324; *cf. Chan*, 2018 WL 5118636, at *2 (granting motion for deposition where there was "no evidence that Defendants had actual knowledge of [witness's] relevance to the case"); *Lebada v. New York City Dep't of Educ.*, 2016 WL 626059, at *5 (S.D.N.Y. Feb. 8, 2016) (granting motion to preclude where party had "no opportunity to conduct discovery" related to witnesses). Indeed, they received more than 80,000 documents from his files before the close of fact discovery, the majority of which were produced before the end of 2023.

MDL Plaintiffs also complain that Google produced a second declaration from the witness on July 11, 2024—less than two weeks after the close of fact discovery, within the limited period during which the Court had authorized some depositions to take place (ECF No. 843 at 7), two months before their expert reports are due, and more than three months before Google's expert reports are due. ECF No. 864 at 1-2. But expert witnesses routinely rely on information received directly from company employees, and parties are under no obligation to produce that material during fact discovery. *See, e.g.*, *Redcell Corp. v. A. J. Trucco, Inc.*, 2022 WL 3704148, at *12 (S.D.N.Y. Aug. 26, 2022) (denying motion to exclude report of expert who interviewed three company personnel and typed notes from those interviews "directly into his reports"). Indeed, the Stipulation and Order Regarding Expert Discovery sets forth a detailed, negotiated procedure for producing materials on which testifying experts rely in their reports *after* those reports are served. *See* ECF No. 428, ¶ 4.1; *see also id.* ¶ 5.1.3 (recognizing that notes of certain interviews must be produced). If a Google expert were to rely upon the second declaration, then Google would have been obligated to produce it after serving that expert's report. Instead, Google produced that declaration promptly after it was executed on July 11, 2024—well before any obligation to produce it may (or may not) arise. That early production gives MDL Plaintiffs' experts the *same access* to this information as Google's experts and ample opportunity to consider it in formulating their opinions before the deadline for their reports. *See* ECF No. 858. Having received this declaration before they had any entitlement to it, MDL Plaintiffs have failed to establish good cause for allowing a deposition of the witness, and they cannot show any prejudice from receiving information before they had a claim to it.

MDL Plaintiffs have also not shown good cause to take a deposition of up to 3.5 hours on any topic of their choosing. The primary basis for their motion is the July 11 declaration about "Google's hashing of user IDs." ECF No. 864 at 1. Accordingly, if the Court believes that Google's early production of this declaration justifies a deposition, then the deposition should be

---

[5] Plaintiff Inform, Inc. served supplemental initial disclosures on June 27, 2024, the same day as Google. Publisher Class Plaintiffs supplemented their initial disclosures on June 28—the final day of fact discovery.

limited to that single topic, and MDL Plaintiffs should be able to complete questioning on that topic in far less than 3.5 hours.

**There Is No Basis To Preclude Google From Using the Witness's Declaration**

Recognizing that the Court may not be "inclined to order a deposition," MDL Plaintiffs request as an alternative that Google be precluded under Rule 37(c)(1) from using the July 11 declaration at all. ECF No. 864 at 2-3. But that rule applies only in situations where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). MDL Plaintiffs have not explained why Google was required to provide the July 11 declaration any sooner, so their request for preclusion fails at the outset. Further, even if Rule 37 applies, MDL Plaintiffs recognize that preclusion requires a showing of prejudice, ECF No. 864 at 2-3, and they cannot make that showing because they were "well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial" and well before their expert reports are due. *Preuss v. Kolmar Lab'ys, Inc.*, 970 F. Supp. 2d 171, 177 (S.D.N.Y. 2013) (quoting *Fleet Cap. Corp. v. Yamaha Motor Corp., U.S.A.*, 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002)).

The authorities cited in MDL Plaintiffs' letter are inapplicable. This case does not involve belated production of ordinary-course documents that are responsive to Rule 34 document requests.[6] *Cf. Ciaramella v. Zucker*, 2021 WL 4206779, at *1 (S.D.N.Y. Aug 10, 2021) (reopening discovery after production of "additional relevant and responsive documents"); *Scantibodies Lab'y, Inc. v. Church & Dwight Co., Inc.*, 2016 WL 11271874, at *38 (S.D.N.Y. Nov. 4, 2016) (same); *Schiller v. City of New York*, 2007 WL 735010, at *4 (S.D.N.Y. Mar. 12, 2007) (same); *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 633, 637-38 (S.D.N.Y. 2014) (precluding declaration where documents attached to declaration were "not produced until after the close of expert discovery or not produced at all"). Nor does it involve attempts to reintroduce evidence previously excluded from the litigation, *e.g.*, *Reed Const. Data Inc. v. McGraw-Hill Co., Inc.*, 2014 WL 2560591, at *1, *4-5 (S.D.N.Y. June 6, 2014); to contradict a declarant's prior deposition, *e.g.*, *Irish v. Tropical Emerald LLC*, 2021 WL 5899048, at *3-5 (E.D.N.Y. Dec. 14, 2021); or to recalculate a party's prior disclosures of damages, *e.g.*, *Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 726 F. Supp. 2d 339, 349 (S.D.N.Y. 2010). Unlike the parties in those cases, MDL Plaintiffs have failed to show that this is the "rare situation[]" where preclusion is warranted. *BanxCorp*, 978 F. Supp. 2d at 324 (citation omitted).

\* \* \*

In an effort to avoid burdening the Court with this dispute, Google offered MDL Plaintiffs the opportunity to depose the witness for up to two hours limited to the topic described in the July 11 declaration, if he is ultimately listed among Google's witnesses for trial. Ex. B at 1-2.[7] Plaintiffs declined. Although the Court should deny MDL Plaintiffs' motion for the reasons described above, if the Court decides otherwise and concludes that such deposition should occur before Google produces its trial witness list, Google respectfully requests that any deposition of the witness be confined to two hours and that MDL Plaintiffs be limited to

---

[6] The July 11 declaration did not even exist until it was signed on July 11, and Google produced it that same day.

[7] This exhibit refers to highly confidential deposition testimony that has been redacted for public filing as it is not relevant to the dispute before the Court. The witness's name has also been redacted in this exhibit.

August 8, 2024
Page 5

questioning the witness about "Google's hashing of user IDs," the only topic discussed in their motion. *See* ECF No. 864 at 1.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC,*
*Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)