**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

August 9, 2024

**Via ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*In re Google Digital Advertising Antitrust Litigation*
Case No. 21-md-3010 (PKC) (S.D.N.Y.)

Dear Judge Castel:

  We write on behalf of MDL Plaintiffs in reply to Google's letter of August 8, 2024. *See* ECF 865 ("Ltr."). The Court should permit a deposition of Google's untimely declarant or preclude Google's use of the declaration. Google offers no persuasive reason otherwise.

  *First*, Google misstates the legal standard. MDL Plaintiffs do not "seek[] to reopen fact discovery," Ltr. 1, and thus do not need to show "good cause," *id.* at 2. Rather, Google twice violated Rule 26: it did not timely produce "all documents . . . [it] may use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1)(A)(ii), or "supplement . . . its . . . response[s]" to Plaintiffs' "request[s] for production," *id.* 26(e). When a party violates Rules 26(a) and (e), sanctions are "automatic absent a determination of either substantial justification or harmlessness." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (cleaned up) (citing Fed. R. Civ. P. 37(c)(1)); *see also Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, 2016 WL 11271874, at *39 (S.D.N.Y. Nov. 4, 2016) (ordering depositions as Rule 37 sanction for untimely document production). Google, as "the dilatory party," bears "the burden to prove substantial justification or harmlessness." *Id.* Google does not recognize its burden, much less meet it.

  *Second*, Google disclaims its violation of Rule 26 because "[t]he July 11 declaration did not even exist until it was signed on July 11," after the close of fact discovery. Ltr. 4, n.6. That argument "is too cute by half." *Irish v. Tropical Emerald LLC*, 2021 WL 1827115, at *5, n.4 (E.D.N.Y. May 6, 2021) (rejecting Defendants' argument "that they could not have produced the documents before October 2020 because that is when Fordyce and Hersch created them"). The declaration purports to describe user ID hashing over 14 years. *See* ECF 864, Attachment A ("Decl.") ¶¶ 1, 6. Google thus "had it within [its] power to collect all the evidence required" to mount a defense of ID hashing "before the close of discovery," "but [it] did not do so." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (excluding untimely affidavit). Google *still* has not explained why it failed to produce the declaration before the close of fact discovery. Google may not disregard a court-ordered deadline and then lament compliance was impossible.

*Third*, Google argues that MDL Plaintiffs already should have deposed the untimely declarant because he was one of more than 150 document custodians. *See* Ltr. 2, 4. But, as Google recognizes, MDL Plaintiffs could not have deposed each custodian. Plaintiffs had to prioritize—and a sworn, made-for-litigation declaration is a compelling reason to depose a Google employee. Google's cited caselaw proves the point. In *Preuss v. Kolmar Lab'ys, Inc.*, 970 F. Supp. 2d 171 (S.D.N.Y. 2013), the Court permitted the plaintiffs to depose three untimely declarants, even though the plaintiffs "were well aware of [the declarants'] identities and the scope of their knowledge." *Id.* at 177.[1] The Court also ordered the defendants to pay the costs of the depositions and the attorneys' fees for the motion practice. *See id.* Google's discovery failure is serious: "he was a custodian" is not a plausible or permissible defense.

*Fourth*, Google observes that the declarant submitted a different declaration 11 months ago in a different case concerning consumer privacy, not antitrust, claims. *See* Ltr. 2 & ECF 865-1 ("Def. Ex. A"). That declaration mentions but does not describe user ID hashing, *compare* Def. Ex. A ¶ 19, *with* Decl. ¶¶ 2-6; and it says nothing about Google's defenses for the practice, *compare* Def. Ex. A ¶¶ 19-22, *with* Decl. ¶¶ 7-9. Google evidently agrees that the second declaration does not repeat the first; hence its decision to prepare and produce it.

*Fifth*, Google argues its eve-of-deadline amended disclosures do not warrant a deposition because producing "more than 80,000 documents from [the declarant's] files" already satisfied its disclosure obligation. Ltr. 3. That Google "provided documents" from the declarant, however, "misses the critical point": MDL Plaintiffs' "knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [Google] informed [MDL Plaintiffs] that it might call the witness in support of its claims or defenses." *Pal v. New York Univ.*, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008); *see also*, *e.g.*, *Alfano v. Nat'l Geographic Channel*, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) (Rule 26(a)(1) requires disclosure "not merely that a person is a potential source of information, but that the party may call upon him to provide it").[2] MDL Plaintiffs had less basis to pick the untimely declarant from more than 150 employees as a potential witness—including on ID hashing—before Google belatedly identified him and untimely produced his declaration.

*Sixth*, Google contends it could have withheld the untimely declaration for several more months until it submitted its rebuttal expert reports. Ltr. 3. The decision to accord MDL

---

[1] Google's other cases are inapposite. In *Abdelal v. Kelly*, 2018 WL 3812442, at *2 (S.D.N.Y. Aug. 10, 2018), the plaintiff requested a deposition after a former NYPD employee published a memoir. *See id.* at *1-2. In *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506 (2d Cir. 1989), the plaintiffs required "further discovery" to prove "a written agreement that would satisfy the statute of frauds." *Id.* at 512.

[2] Google cites *BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280 (S.D.N.Y. 2013), but there, the plaintiff "d[id] not dispute" that it "had ample notice of the [undisclosed] witnesses," and it rejected the Court's invitation to "ask to depose them now." *Id.* at 324. The plaintiff "[did] not ma[k]e such a request," opting instead to insist on outright exclusion. *Id.*

Plaintiffs' early access was, in Google's view, an act of grace. *See id*. But that routine turns civil discovery on its head. "Based on the design of the Federal Rules of Civil Procedure, there is an apparent presumption that data for an expert report should be gathered during fact discovery." *White v. Cnty. of Suffolk*, 2024 WL 2274450, at *6 (E.D.N.Y. May 20, 2024) (cleaned up). "It would make little sense to have separate cutoff dates for fact and expert discovery if discovery of any information which might form the basis for expert opinions could be deferred to the 'expert discovery' phase; that phase, which is usually much shorter than the fact discovery phase, would then turn out to be more extensive, and it would be very difficult to determine when discovery was really concluded." *Finjan, LLC v. Qualys Inc.*, 2020 WL 6581836, at *2 (N.D. Cal. Nov. 10, 2020) (citation omitted). Simply put, a party may not manufacture new facts for expert discovery. *See Pearlman v. Cablevision Sys. Corp.*, 2015 WL 8481879, at *12 (E.D.N.Y. Dec. 8, 2015) ("The fact that Orszag, Cablevision's damages expert, allegedly relied upon the Supplemental Document production does not excuse Cablevision's obligation to timely produce those documents").[3]

*Seventh*, Google asserts there is no difference between untimely production of the July 11 declaration and typing notes from a conversation with the declarant into any expert report. *See* Ltr. 3. That is incorrect. Google chose a sworn declaration rather than truncated interview notes because affidavits are more authoritative, more precise, and easier for an expert to use. Further, by using a declaration and avoiding an interview, Google can evade *any* deposition testing of the declaration's substance. At least with an interview, MDL Plaintiffs could probe what the expert discussed and learned from the conversation. Having made its decision to draft an affidavit, with the benefits that entails, Google cannot shirk the resulting consequences.

*Eighth*, Google claims that MDL Plaintiffs will suffer no prejudice if the Court declines to order a deposition or exclude the declaration. *See* Ltr. 4. But, again, parties "suffer[] real prejudice . . . in losing the opportunity to depose witnesses regarding belatedly produced documents." *Scantibodies*, 2016 WL 11271874, at *38; *see also* ECF 864 at 3, n.2 (collecting cases). As things currently stand, Google proposes to introduce new facts from a witness with no adversarial presentation. In its defense, Google repeats that MDL Plaintiffs should have deposed the untimely declarant earlier, *see* Ltr. 4, ignores that it, too, made a "belated production of ordinary-course documents that are responsive to Rule 34 document requests," *id.*, and identifies meaningless factual distinctions between this case and others, *see id*. Whether a party belatedly introduces new facts to "recalculate . . . damages," *id.*, or to feed an expert a new defense, the legal remedy is the same: a deposition of the declarant or exclusion of his declaration.

*Finally*, Google proposes that a deposition, if ordered, should be limited to two hours of questioning about Google's hashing of user IDs. Ltr. 4-5 (quotation marks omitted). But Google

---

[3] The Court in *Pearlman* observed that the plaintiff would have an opportunity to depose the expert on the "Supplemental Document production" – which included information for damages calculations about the defendant's "costs and other industry information about programming costs", 2015 WL 8481879, at *12 – and so did not order an additional deposition, *see id*. at *13. Likewise here, Plaintiffs seek a deposition of the person best positioned to speak to the late-breaking declaration: the declarant himself.

offers no basis to truncate an already shortened deposition yet more, as the additional burden on Google or the deponent from 90 minutes of questioning is *de minimis*. Further, a subject-matter limitation would be inefficient, generating unnecessary disputes about scope, and inequitable. Since filing, Plaintiffs have become aware that Google produced, without comment, at 8:00pm EDT on June 28, 2024, a *second* fact declaration from the declarant captioned for this case related to AdSense and bid data transfer files. *See* GOOG-AT-MDL-C-000073682. Given the breadth of topics on which Google apparently intends to offer the declarant during expert discovery and beyond, a subject-matter limitation would be unfairly prejudicial to Plaintiffs. The Court can moderate any burden on Google by controlling the time of the deposition, as MDL Plaintiffs already have proposed.

\* \* \*

For the foregoing reasons, and for the reasons stated in our prior letter, *see* ECF 864, the Court should grant leave to depose Google's declarant before August 31, 2024. If the Court declines MDL Plaintiffs' request to take a deposition, it should preclude Google's use of the declaration.

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*/s/ Scott Grzenczyk*
Scott Grzenczyk (signing in place of Discovery Steering Committee member Jordan Elias of Girard Sharp LLP)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
scottg@girardsharp.com

Hon. P. Kevin Castel
August 9, 2024
Page 5 of 5

                                                            */s/ Serina M. Vash*
                                                            Serina M. Vash
                                                            **HERMAN JONES LLP**
                                                            153 Central Avenue #131
                                                            Westfield, New Jersey 07090
                                                            Telephone: 404-504-6516
                                                            svash@hermanjones.com

                                                            *MDL Plaintiffs' Discovery Steering Committee*

Copies to:       All Counsel via ECF.