

CRAIG M. REISER
114 WEST 47TH STREET
NEW YORK, NY
212.728.2218
CREISER@AXINN.COM

August 16, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:  *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
          *Gannett Co. Inc. v. Google LLC, et al.*, No. 1:23-cv-05177 (PKC)
          *Associated Newspapers Ltd., et al. v. Google LLC, et al.*, No. 21-cv-03446 (PKC)

Dear Judge Castel:

    We represent Defendants Google LLC and Alphabet Inc. (collectively, "Google") and write pursuant to Paragraph 19 of the Modified Confidentiality Order (ECF No. 685) (the "Order"). There is no conference scheduled at this time.

    Throughout this litigation, Plaintiff Gannett Co., Inc. ("Gannett") and Plaintiffs Associated Newspapers Ltd. and Mail Media, Inc. (together, "Daily Mail") have broadly designated certain materials as Highly Confidential, including discovery correspondence and their Initial Disclosures. As a result, the three Google in-house counsel ("I-HC") supervising this litigation cannot access such materials, *see* ECF No. 685 ¶¶ 14; 19, which inhibits outside counsel's ability to advise Google and I-HC's ability to do their jobs. To remedy this issue, Google nearly two months ago followed the procedure in the Order for designating I-HC to view Highly Confidential information by providing to Gannett and Daily Mail a description of the three I-HC's "primary job duties and responsibilities in sufficient detail to determine if each . . . is involved in Competitive Decision-Making."[1] ECF No. 685 ¶ 19. Gannett and Daily Mail responded to that simple request with overbroad questions requesting information far beyond what the Order requires. Despite Google's efforts to accommodate Gannett and Daily Mail by providing additional information, they have persisted in obstructing Google's straightforward and routine litigation request to designate Google's I-HC for nearly two months.

    Accordingly, while Google hoped and expected that this issue would not result in a dispute requiring the Court's intervention, Google now requests the Court's leave to file a motion seeking permission to disclose certain materials designated as Highly Confidential by

---

[1] The Order expressly provides that "Competitive Decision-Making" does "not include legal advice provided in connection with litigation, potential litigation, or regulatory matters" or "work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters." ECF No. 685 ¶ 1(c).

August 16, 2024
Page 2

Gannett and Daily Mail to the three I-HC managing the above-captioned litigation.

I.   Background

On June 27, 2024, Google sought Gannett's and Daily Mail's consent to disclose to the three I-HC materials necessary to supervise this litigation throughout expert discovery and summary judgment that is set to begin in the near term, including: (a) discovery correspondence from Gannett and Daily Mail; (b) Gannett's and Daily Mail's Initial Disclosures and Interrogatory Responses; (c) Gannett's and Daily Mail's privilege logs; and (d) transcripts of the testimony of Gannett and Daily Mail witnesses. Consistent with the requirements of the Order, Google sent both Gannett and Daily Mail letters with the necessary information to support its request to share these materials with the I-HC.[2] *See* ECF No. 685 ¶ 19. During a July 12 meet-and-confer, Gannett and Daily Mail indicated that they had several questions regarding the job duties of the three I-HC Google identified in its June 27 letters.[3] A week later, and without regard to the Order's requirements, both Gannett and Daily Mail sent identical sets of 23 questions (i.e., a total of 46 total questions) regarding I-HC's roles and responsibilities.[4]

While Google's June 27 disclosure satisfied everything the Order requires, Google attempted to accommodate Gannett and Daily Mail by providing additional information on August 2.[5] At the same time, Google also more specifically identified the materials it intended to share.[6] Nevertheless, Gannett and Daily Mail still refuse to allow Google's three I-HC to receive the requested information, supplying excuses such as the fact that Gannett and Daily Mail will soon provide confidentiality designations of depositions, several of which were designated Highly Confidential in their entirety during the deposition; and that Google's request may somehow circumvent the Coordination Order in both the MDL and the Virginia action.

II.  The Court Should Permit Disclosure of
     the Requested Materials To Google's Three I-HC

Pursuant to Paragraph 19 of the Order, the Court may permit the disclosure of specified Highly Confidential information to designated I-HC "[i]f the Court finds that the Designated In-House Counsel has a particularized need for access to the Highly Confidential Information that

---

[2] *See* Ex. A (June 27, 2024 Letter from C. Boisvert to Gannett Counsel); Ex. B (June 27, 2024 Letter from C. Boisvert to Daily Mail Counsel). Because the Order requires that a request to designate I-HC to include personal information about the I-HC, such as their names and the cities and States of their residence, *see* ECF No. 685 ¶ 19, Google has submitted the Exhibits containing this information (Exhibits A, B, C, and D) directly to Chambers, copying counsel of record, instead of filing such Exhibits on the public docket. Google has likewise submitted Exhibit E directly to Chambers because it identifies the names of Daily Mail's and Gannett's witnesses.

[3] Although the Order requires that the parties meet-and-confer within seven days of such notice, Google accommodated Gannett's and Daily Mail's scheduling concerns and the intervening holiday such that the parties did not meet and confer until July 12.

[4] *See* Ex. C (July 19, 2024 Letter from E. Maier to C. Boisvert re Daily Mail); Ex. D (July 19, 2024 Letter from E. Maier to C. Boisvert re Gannett).

[5] *See* Ex. E *(*August 2, 2024 Letter from E. Yung to Daily Mail and Gannett Counsel).

[6] *Id.*, Appendix A.

outweighs the risk of harm to the Designating Party or the public interest." ECF No. 685 ¶ 19. As set forth below, this standard is readily met here.

### A. Disclosure Of Highly Confidential Information Is Necessary For Google's I-HC To Oversee The Litigation

Google's three I-HC have a particularized need for access to the materials requested in Google's June 27 and August 2 letters to oversee this litigation and engage in strategic decision-making with respect to this matter. *See, e.g.*, *Jane St. Grp., LLC v. Millennium Mgmt. LLC*, 2024 WL 2833114, at *2 (S.D.N.Y. June 3, 2024) (ordering designation of two in-house counsel to review discovery materials and noting that "in a case as complex as this one, with 'highly technical matters' at issue, it is all the more important that 'in-house counsel . . . have access' to all relevant discovery material in order 'to adequately defend the company'"). Because Gannett's and Daily Mail's approach to designating various materials as Highly Confidential has limited Google's ability to share information with I-HC, Google's June 27 and August 2 letters specifically listed every discovery item Google seeks to disclose.[7] And in response to Gannett's and Daily Mail's expressed concerns about allowing I-HC unfettered access to information designated as Highly Confidential, Google further agreed to seek separate consent for disclosures of forthcoming discovery materials that may be designated Highly Confidential, such as expert reports that are due to be served next month and any further discovery correspondence that Gannett and Daily Mail may designate as Highly Confidential.[8]

Google's request to designate three I-HC to receive the specified Highly Confidential materials from Gannett and Daily Mail is necessary to allow those three I-HC to advise on strategic questions that may arise over the course of the case, including what witnesses Daily Mail and Gannett believe are relevant and how Daily Mail and Gannett witnesses are characterizing their relationships with Google and Google's ad tech products.[9] Moreover, without access to the specified Highly Confidential materials, I-HC cannot advise on how Google's outside counsel should respond to the positions which Gannett and Daily Mail have taken—or evaluate briefing and discovery correspondence that relies on information that Gannett and Daily Mail have designated as Highly Confidential.

### B. There Is No Risk Of Harm To Gannett, Daily Mail, Or The Public

The Order requires that Google "describe[] each Designated In-House Counsel's primary job duties and responsibilities in sufficient detail to determine if each Designated In-House Counsel is involved in Competitive Decision-Making." ECF No. 685 ¶ 19. Google did so in its initial June 27 letters, including by stating that none of the three I-HC advise on or make competitive business decisions.[10] Nonetheless, Gannett and Daily Mail asked a litany of specific questions that not only extend far beyond what the Order requires, but also encroach on

---

[7] *See* Ex. A at 1; Ex. B at 1; Ex. E, Appendix A.

[8] *See* Ex. E at 3.

[9] *Id.*

[10] *See* Ex. A at 2; Ex. B at 2.

August 16, 2024
Page 4

privilege. In particular, Gannett and Daily Mail inquired into what business initiatives each of the I-HC have "partner[ed] in" at Google, which Google executives the I-HC have advised regarding commercial agreements, and on which specific commercial agreements each I-HC has provided advice.[11]

In response to Gannett's and Daily Mail's concerns, Google's August 2 letter represented that all of Google's I-HC advise solely on issues related to litigation and regulatory matters—i.e., that they are engaged in the kinds of activities that are specifically excluded from the Order's definition of "Competitive Decision-Making." *See supra* note 1. For example, Google explained that none of the three I-HC have advised any Google employee on commercial agreements involving Google's ad tech products other than in connection with this and other litigations and investigations.[12]

In response to Gannett's and Daily Mail's expressed concern that "Google's request may circumvent the Coordination Order in both the MDL and the Eastern District of Virginia,"[13] Google emphasized that, of course, none of the I-HC will use any information disclosed pursuant to the Order in a way that violates the Coordination Order. ECF No. 564.

In addition, Google has repeatedly explained to Gannett and Daily Mail that none of the three I-HC "has a part in the type of competitive decision-making that would involve the potential use of confidential information." *Travel Leaders Grp. Holdings, LLC v. Thomas*, 2024 WL 2058436, at *1 (S.D.N.Y. May 8, 2024) (stating that by examining "whether in-house counsel is involved in 'competitive decision-making,'" courts "test[] the risk of inadvertent disclosure of confidential information" (quoting *Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, 1994 WL 177795 (S.D.N.Y. May 5, 1994))). Nor can Gannett and Daily Mail credibly show a risk of inadvertent disclosure of Highly Confidential materials to Google employees not entitled to the materials under the Order, given that Google only seeks to disclose the materials to the proposed I-HC, all of whom are lawyers who are bound by the Order; overseeing this litigation; and have no involvement in Competitive Decision-Making as that term is defined in the Order. *Cf. Sullivan Mktg.*, 1994 WL 177795, at *3 (finding a risk of inadvertent disclosure due to in-house counsel's "specific involvement in competitive decisions," including regular involvement in strategy meetings).

\* \* \*

It has now been some seven weeks since Google first requested to have its three I-HC designated to receive a subset of relevant discovery materials designated by Gannett and Daily Mail as Highly Confidential. There is a particularized need for Google's three I-HC to receive these materials to oversee this fast-moving litigation, and no further wait is necessary given that no conceivable competitive harm would result from the disclosures Google seeks to make to I-HC overseeing this litigation. For all of these reasons, Google respectfully requests leave to

---

[11] *See* Ex. C at 3–5; Ex. D at 3–5.

[12] *See* Ex. E at 2.

[13] *See* Ex. C at 2; Ex. D at 2.

August 16, 2024
Page 5

move to disclose the materials listed in Exhibits A and B to the three I-HC identified in those Exhibits.

    Respectfully submitted,

    /s/ Craig M. Reiser
    Craig M. Reiser
    AXINN, VELTROP & HARKRIDER LLP
    114 West 47th Street
    New York, New York 10036
    Telephone: (212) 728-2218
    Email: creiser@axinn.com

    *Counsel for Defendants Google LLC and Alphabet Inc.*

Copies w/o Exhibits A-E: All Counsel of Record (via ECF).

Copies w/ Exhibits A-E: Chambers and counsel for the parties as indicated in transmittal email.