# Discovery Steering Committee
## In re Google Digital Advertising Antitrust Litigation

August 2, 2024

**Via ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Plaintiffs may conduct a 3.5 hour deposition of the witness described in the letter of August 2, 2024 (ECF 864) provided it is conducted on or before September 13, 2024.
> SO ORDERED.
> Dated: 8/19/2024
>
> *P. Kevin Castel*
> P. Kevin Castel
> United States District Judge

*In re Google Digital Advertising Antitrust Litigation*
Case No. 21-md-3010 (PKC) (S.D.N.Y.)

Dear Judge Castel:

    We write on behalf of MDL Plaintiffs in the above-captioned litigation. On July 11, 2024, thirteen days after the close of fact discovery, Google produced a declaration from a Google employee defending Google's hashing of user IDs.[1] *See* ECF 701 at 43-44 (denying Google's motion to dismiss claims related to user ID encryption). On June 27, the day before fact discovery closed, Google amended its Initial Disclosures to identify the declarant as "likely to have discoverable information" regarding "Google Ad Manager." In response to Google's belated disclosure and untimely declaration, MDL Plaintiffs requested that Google make the declarant available for a 3.5-hour deposition. Google refused, offering to make the witness available for a two-hour deposition only if "if Google includes [the declarant] on its trial witness list." Google's counterproposal ignores the fact that it is likely to use the declaration in its expert reports and at summary judgment. MDL Plaintiffs thus seek leave of Court to take the declarant's deposition before August 31, which would afford Plaintiffs' experts an opportunity to review the deposition transcript before opening expert reports are due on September 13. *See* ECF 858. There is no conference scheduled at this time.

    The Court should permit MDL Plaintiffs to take a 3.5-hour deposition of Google's late-breaking declarant. "Courts may reopen discovery for depositions concerning documents that were produced after the close of fact discovery." *Ciaramella v. Zucker*, 2021 WL 4206779, at *1 (S.D.N.Y. Aug. 10, 2021) (collecting cases); *see Schiller v. City of New York*, 2007 WL 735010, at *4 (S.D.N.Y. Mar. 12, 2007) (ordering depositions at Defendants' expense). For example, in *Ciaramella*, Judge Cave ordered depositions of two employees with "apparent involvement . . . in the draft or deliberations concerning relevant provisions of [the document] at issue in th[e] case." 2021 WL 2406779, at *1. Similarly, in *Chan v. Big Geyser*, 2018 WL 5118636, (S.D.N.Y.

---

[1] Google has designated the declaration "Highly Confidential" under the Confidentiality Order. *See* ECF 685. Accordingly, and in keeping with prior practice in this MDL, MDL Plaintiffs have submitted the declaration to Chambers as an attachment to a courtesy copy of this letter via email. *See* Attachment A.

Hon. P. Kevin Castel
August 2, 2024
Page 2 of 4

Oct. 22, 2018), Judge Netburn ordered a declarant's deposition when his declaration was produced, and he was disclosed, only "[o]n the evening of the final day of fact discovery." *Id.* at *1. That belated production and disclosure "did not provide . . . a meaningful opportunity to investigate a witness that had information in support of [the disclosing party's] claims." *Id.*

      A deposition here is likewise appropriate. MDL Plaintiffs seek to depose an eleventh-hour fact witness with an untimely declaration, upon whom Google evidently will rely during expert discovery. The declarant presumably had some "involvement . . . in the draft or deliberations concerning" his declaration. *Ciaramella*, 2021 WL 2406779, at *1. Moreover, earlier in the litigation, MDL Plaintiffs had no "meaningful opportunity to investigate" the declarant and his declared knowledge of user IDs. *Chan*, 2018 WL 5118636 at *1. That he was one of more than 150 document custodians is no substitute for proper disclosure and timely production of his declaration. *See, e.g., Lebada v. New York City Dep't of Educ.*, 2016 WL 626059, at *5 (S.D.N.Y. Feb. 8, 2016) ("a party's mere knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [the disclosing party] informed [the opposing party] that it might call the witness" (cleaned up)); *cf. Chan*, 2018 WL 5118636, at *2 ("As many courts in this Circuit have noted, the mere mention of a name in a deposition or interrogatory is generally insufficient to satisfy Rule 26's disclosure requirements"). And given this case's deposition limits, MDL Plaintiffs could not possibly have deposed each and every employee designated by Google as a document custodian.

      Google has offered no justification for its eleventh-hour disclosure and untimely production—because there is none. More than 18 months ago, MDL Plaintiffs served document requests for "[a]ll Documents concerning the implementation of Your practice to encrypt User IDs that DFP assigns to Publishers' Users." Request for Production No. 59; *see also* Request for Production Nos. 60-64, 172, 175. Five months ago, the Court sustained allegations regarding ID hashing. *See* ECF 701 at 43-44. Consequently, Google had ample time to create a record on this topic. Indeed, on other issues, Google has produced declarations from other employees, *see* GOOG-AT-MDL-008842383, GOOG-AT-MDL-008842393, and MDL Plaintiffs have deposed those employees. MDL Plaintiffs would have done the same here had Google complied with the discovery schedule and timely produced its third such declaration and identified the declarant as a potential witness for Google in its initial disclosures. Because Google elected not to do so, the Court should permit MDL Plaintiffs to take the declarant's deposition now.

      Alternatively, if the Court is not inclined to order a deposition, it should preclude Google from using the untimely declaration under Federal Rule 37(c)(1). Courts in this District and Circuit regularly exclude untimely fact declarations after considering: "(i) the party's explanation for its failure to disclose, (ii) the importance of the evidence, (iii) the prejudice suffered by the opposing party, and (iv) the possibility of a continuance." *E.g., 523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 638 (S.D.N.Y. 2014) (excluding untimely declaration). First, Google has offered no justification for its delay. *See Irish v. Tropical Emerald LLC*, 2021 WL 5899048, at *5 (E.D.N.Y. Dec. 14, 2021). Second, the information in the declaration was evidently not "important" enough for Google to produce it during the 18 months of fact discovery—and it would not matter even if it were of critical importance to Google. *See, e.g., Reed Const. Data Inc. v. McGraw-Hill Companies, Inc.*, 2014 WL 2560591, at *4 (S.D.N.Y. June

6, 2014) (collecting cases; excluding declarations "even if [they] were critically important for sustaining Reed's claims"). Third, as to prejudice, "[p]ermitting the . . . Declaration to be considered at summary judgment" or during expert discovery, without a prior deposition, "is patently improper and unfair." *Irish*, 2021 WL 5899048, at *5. Parties "suffer[] real prejudice . . . in losing the opportunity to depose witnesses regarding belatedly produced documents." *Scantibodies Lab'y, Inc. v. Church & Dwight Co.*, 2016 WL 11271874, at *38 (S.D.N.Y. Nov. 4, 2016).[2] Finally, if the Court concludes that no deposition is appropriate, it already has rejected the possibility of a "continuance."

* * *

For the foregoing reasons, MDL Plaintiffs respectfully request that the Court grant leave to depose Google's declarant before August 31, 2024. If the Court declines the Plaintiffs' request to take a deposition, it should preclude Google's use of the declaration.

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*/s/ Scott Grzenczyk*
Scott Grzenczyk (signing in place of Discovery Steering Committee member Jordan Elias of Girard Sharp LLP)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
scottg@girardsharp.com

---

[2] *See also, e.g., Irish*, 2021 WL 5899048, at *5 (same; collecting cases); *Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 726 F. Supp. 2d 339, 349 (S.D.N.Y. 2010) (same); *523 IP LLC*, 48 F. Supp. 3d at 638 (S.D.N.Y. 2014) (same).

Hon. P. Kevin Castel
August 2, 2024
Page 4 of 4

        */s/ Serina M. Vash*
        Serina M. Vash
        **HERMAN JONES LLP**
        153 Central Avenue #131
        Westfield, New Jersey 07090
        Telephone: 404-504-6516
        svash@hermanjones.com

        *MDL Plaintiffs' Discovery Steering Committee*

| | |
|---|---|
| Copies w/o Attachment A: | All counsel via ECF. |
| Copies w/ Attachment A: | Chambers and counsel for the parties as indicated in transmittal email. |