KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

August 22, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

      Re:    *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC)
             [rel. No. 1:21-cv-3446; No. 1:23-cv-5177]

Dear Judge Castel:

      I write on behalf of Associated Newspapers, Ltd., and Mail Media Inc. (together "Daily Mail") and Gannett Co. Inc. in opposition to Google's letter (ECF No. 868) seeking leave to file a motion for an exception under Paragraph 19 of the Modified Confidentiality Order (ECF No. 685). No conference is scheduled at this time.

      Google seeks to disclose highly confidential, commercially sensitive information to three in-house counsel who have the potential to cause additional harm to Gannett, Daily Mail, and their employees. Google's outside counsel explained that Google's in-house counsel needed access to Daily Mail and Gannett's "privilege logs," "written discovery correspondence," "initial disclosures," "interrogatory responses," and deposition transcripts of Daily Mail and Gannett's witnesses, in order to effectively supervise outside counsel.

      After discussions with Google, Daily Mail and Gannett proposed a compromise that would allow Google's in-house counsel to review the outside counsel's draft work product, such as discovery correspondence and draft summary judgment papers, notwithstanding that such work product may contain references to and quotes from highly confidential information. *See* Ex. 1, Email from J. Thorne to C. Reiser (Aug. 16, 2024). Google rejected that proposal.

      The confidentiality orders in this case and in the related EDVA and EDTX cases were specifically modified to limit Google's in-house counsel access to highly confidential information because Google's commercial counterparties including Daily Mail, Gannett, and

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
August 22, 2024
Page 2

many third parties expressed concern that Google's in-house counsel would have difficulty in their roles as counselors to the Google business in not revealing, perhaps inadvertently, information that would provide Google's business unfair competitive advantage or even a motive to retaliate.[1]  The Modified Confidentiality Order provides that, for an in-house counsel to have access to highly confidential information, Google must (1) describe in-house counsel's role in sufficient detail to show whether he or she is involved in competitive decision-making and (2) demonstrate a particularized need for access to the highly confidential information that outweighs the risk of harm to the designating party.  *See* ECF No. 685 ¶ 19.

Google has failed to make the required showings.  Publicly available information indicates that the proposed in-house counsel act as "partner[s] in initiatives that influence all aspects of the business and work with Googlers from all over the company."  Discovery documents produced by Google show that the proposed in-house counsel are involved in contract negotiations and communications with newspapers regarding ad-tech business issues.

In addition, the particularized need that Google has asserted warrants making an exception to the confidentiality order — allowing in-house counsel to supervise Google's outside counsel — is inconsistent with the scope of disclosures Google is seeking.  For example, it is not apparent why supervision of Google's outside counsel would require three in-house counsel to review all of Daily Mail's and Gannett's privilege logs.  Because Google's request does not meet the requirements established in the Modified Confidentiality Order, the Court should deny Google's request for leave to file a motion.

### A. Google's Designated In-House Counsel Advise on Commercial Matters

It is Google's burden to "describe[ ] each Designated In-House Counsel's primary job duties and responsibilities in sufficient detail to determine if each Designated In-House Counsel is involved in Competitive Decision-Making." ECF No. 685 ¶ 19.

Google's letters making this request asserted that "none of the three DI-HC are involved in advising or making competitive decisions because all three individuals' *primary* responsibilities deal with litigations and regulatory investigations."  Google Ex. E, Ltr. from E. Yung to E. Maier at 1-2 (Aug. 2, 2024) (emphasis added); *see also* Google Exs. A & B, Ltrs. from C. Boisvert to E. Maier (June 27, 2024).  The Modified Confidentiality Order, though, requires "sufficient detail to determine if each Designated In-House Counsel is involved in

---

[1] *See* Consent Motion for Entry of a Modified Confidentiality Order (Aug. 31, 2023), ECF No. 611; Modified Confidentiality Order (Jan. 18, 2024), ECF No. 685; Consent Motion for Entry of a Modified Protective Order, *United States v. Google LLC*, No. 1:23-cv-108 (E.D. Va. May 10, 2023), ECF No. 202; Modified Protective Order, *United States v. Google LLC*, No. 1:23-cv-108 (E.D. Va. May 11, 2023), ECF No. 203 (containing the same designated in-house counsel procedure as in this case); Confidentiality Order, *Texas v. Google LLC*, No. 4:20-cv-957 (E.D. Tex. Dec. 13, 2023), ECF No. 182 (same).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
August 22, 2024
Page 3

Competitive Decision-Making." ECF No. 865 ¶ 19. Having a "primary" litigation role is insufficient because it does not exclude counsel's also being involved in competitive decision-making.

Publicly available sources suggest that Google's in-house counsel have a business role that goes beyond litigation and regulatory work handled by Google's outside counsel. For example, Ms. Mara Boundy's title is "Senior Counsel." A job posting for a Senior Counsel position listed on Google's website states that individuals with that title:

- "partner in initiatives that influence all aspects of the business and work with Googlers from all over the company";

- "[a]dvise executives, business teams, and cross-functional partners on a broad range of legal matters . . . including commercial agreements";

- "[p]rovide timely and comprehensive legal support to internal and external stakeholders on a wide range of issues including . . . product related issues, and commercial agreements"; and

- "[a]nticipate and assess legal risks, developing creative and effective strategies to mitigate or eliminate potential issues."[2]

Each of those responsibilities may involve competitive decision making and render disclosure of Highly Confidential Information inappropriate.

Google's internal documents confirm that these in-house counsel are involved in a wide variety of commercial-facing matters, beyond supervising litigation. For example, Ms. Boundy has been regularly included in discussions pertaining to ongoing contract negotiations. *See* GOOG-AT-MDL-007236024; GOOG-AT-MDL-010401293; GOOG-AT-MDL-017283986. She also is involved in preparing internal and external communications with newspapers regarding advertising technology. *See*, *e.g.*, GOOG-AT-MDL-006106282; GOOG-AT-MDL-007299173.

Daily Mail and Gannett sought clarity from Google regarding the scope of the proposed designated in-house counsels' commercial-facing activities. In response, however, Google provided evasive and incomplete answers. For example, we asked whether these in-house counsel "provided counseling to any Google employee regarding communications with [Daily Mail or Gannett] or with Google's other publisher clients?" *See*, *e.g.*, Google Ex. C, Ltr. from E. Maier to C. Boisvert at 3 (July 19, 2024). Google offered no response. Similarly, we asked whether these in-house counsel "provided counseling to any Google employee related to

---

[2] *Senior Counsel, Litigation*, Google Careers, https://www.google.com/about/careers/applications/jobs/results/80992208215253702-senior-counsel-legal (last accessed July 19, 2024).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
August 22, 2024
Page 4

Google's participation in the Google Publisher Council." *See*, *e.g.*, Google Ex. C, Ltr. from E. Maier to C. Boisvert at 3 (July 19, 2024). Executives at Daily Mail and Gannett were kicked off the Publisher Council by Google. Google responded, "none of the three DI-HC have advised any Google employee regarding communications with Google's publisher clients or Google's participation in Google's 'Publisher Council' *outside of providing legal advice in connection with overseeing this and other related litigations and investigations*." Google Ex. E, Ltr. from E. Yung to E. Maier at 2 (Aug. 2, 2024) (emphasis added). Google's inability to simply answer "no" suggests these in-house counsel were involved in that action.

### B. Google's In-House Counsel Have No Particularized Need To Review Highly Confidential Information

Even if Google had provided sufficient disclosures — which it has not — it must further show a "*particularized need* for access to the Highly Confidential Information that *outweighs* the risk of harm" of disclosure. ECF No. 865 ¶ 19. Google has not done so.

In the meet and confer discussions, Google's outside counsel represented that the three in-house counsel need access in order to supervise outside counsel. In its letter, Google asserts more broadly that the in-house counsel need access to "oversee this litigation and engage in strategic decision-making" and "to advise [business clients, presumably] on strategic questions that may arise over the course of the case." ECF No. 868 at 3. But overseeing outside counsel and advising clients on strategic litigation choices does not require reading hundreds of pages of privilege logs or full deposition transcripts of Daily Mail and Gannett witnesses. Three years after these complaints were filed, and with fact discovery now completed, it does not make sense that in-house counsel suddenly need discovery correspondence in order to supervise outside counsel or make strategic decisions.

### C. Google's Need Could Have Been Addressed by More Limited Disclosures

To be clear, Google is seeking to disclose *all* privilege logs, deposition transcripts, interrogatory responses, initial disclosures, and Highly Confidential-designated correspondence.[3] Google rejected Daily Mail and Gannett's suggestion that Google identify materials with greater particularity. *See* Google Ex. E, Ltr. from E. Yung to E. Maier at 3 (Aug. 2, 2024) (e.g., rejecting the identification of particular portions of deposition transcripts to show to the proposed in-house counsel).

If in-house counsel needed greater access to highly confidential information in order to supervise outside counsel, that could have been addressed, as we proposed, by allowing the in-

---

[3] Google's motion notably seeks a *broader* disclosure than that it requested in its August 1 letter. Accordingly, if this Court were inclined to grant Google's request, the Court should grant access to the list of documents contained in Google's Exhibit E rather than the unbounded access contemplated by Google's Exhibits A and Exhibit B.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
August 22, 2024
Page 5

house counsel to read drafts of outside counsel work product.  *See* Ex. 1, Email from J. Thorne to C. Reiser (Aug. 16, 2024).  Google rejected that proposal.

    The Court should deny Google's request.

Respectfully submitted,

/s/ *John Thorne*
John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
Sven E. Henningson
Tiberius T. Davis
KELLOGG, HANSEN, TODD, FIGEL
 & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.:  (202) 326-7900
Fax:  (202) 326-7999
Email:  jthorne@kellogghansen.com
    dbird@kellogghansen.com
    bjones@kellogghansen.com
    cgoodnow@kellogghansen.com
    mhirschboeck@kellogghansen.com
    epfeffer@kellogghansen.com
    emaier@kellogghansen.com
    shenningson@kellogghansen.com
    tdavis@kellogghansen.com

*Counsel for Associated Newspapers, Ltd., Mail Media, Inc., and Gannett Co., Inc.*

cc:   All Counsel of Record via ECF