

CRAIG M. REISER
114 WEST 47TH STREET
NEW YORK, NY
212.728.2218
CREISER@AXINN.COM

August 23, 2024

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
           *Gannett Co. Inc. v. Google LLC, et al.*, No. 1:23-cv-05177 (PKC)
           *Associated Newspapers Ltd., et al. v. Google LLC, et al.*, No. 1:21-cv-03446 (PKC)

Dear Judge Castel:

      We represent Google and write in reply to Gannett and Daily Mail's letter opposing Google's request to disclose certain Highly Confidential materials to the three I-HC managing the above-captioned litigation. *See* ECF No. 872.[1] There is no conference scheduled at this time.

      As Google demonstrated in the Opening Letter, to perform their job of overseeing this litigation that is heading into the expert discovery and summary judgment phases, the three I-HC need access to the Gannett and Daily Mail materials that Google has—in full accordance with the procedure outlined in the Order—sought to share with them. Gannett and Daily Mail's opposition underscores why Google had no choice but to seek this Court's intervention. Without citation to case law or any explanation as to how disclosure of discovery materials to the I-HC could conceivably harm them, Gannett and Daily Mail continue to ignore what Google has expressly told them and this Court: ***the I-HC do not engage in Competitive Decision-Making because their role is limited to providing "legal advice provided . . . in connection with litigation, potential litigation, or regulatory matters."*** Order ¶ 1(c).[2] That is all that is required under the Order.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Google's opening letter. *See* ECF No. 868 (the "Opening Letter").

[2] *See, e.g.*, Opening Letter at 4 (describing representations Google made to Gannett and Daily Mail that the three I-HC engage in activities excluded from the Order's definition of Competitive Decision-Making); Exhibit A at 2 (representing to Gannett that the three I-HC are "not involved in advising on or making competitive business decisions"); Exhibit B at 2 (representing the same to Daily Mail); Exhibit E at 2 (representing to Gannett and Daily Mail that any advice the three I-HC provide to Google employees on the specific topics they identified would be excluded from the Order's definition of Competitive Decision-Making).

August 23, 2024
Page 2

Gannett and Daily Mail nevertheless speculate that the I-HC's access to basic discovery documents like their Initial Disclosures and Interrogatory Responses may somehow lead the I-HC to violate court orders by sharing information with others at Google and encouraging them to retaliate against current ad tech clients who are engaged in active litigation with Google. In so doing, they go so far as to claim it is not that important for the I-HC to see these materials now that discovery is closed, ignoring that access to discovery is all the more critical with expert discovery commencing in earnest and summary judgment briefing just around the corner.

The reality—as Google demonstrated in its Opening Letter—is that the I-HC do need access to the litany of materials Gannett and Daily Mail have designated as Highly Confidential. This is a highly complex litigation and the three I-HC play a critical role overseeing and managing it. Gannett and Daily Mail's suggestion that the I-HC's access to critical discovery should be limited to snippets of information cited in draft work product is no solution at all. Indeed, without the broader context provided by the underlying documents, the I-HC will be unable to exercise their responsibility of evaluating the issues and arguments holistically in tandem with outside counsel. Moreover, as Google also demonstrated in its Opening Letter, it has provided more information than the Order requires to demonstrate the I-HC's particularized need for that information. Gannett and Daily Mail's contrary claim is based on a fundamental misunderstanding of the Order and unsupported speculation that—contrary to what Google has repeatedly represented and the plain terms of the Order—the I-HC may be involved in Competitive Decision-Making. As Google explained in its Opening Letter, Google took numerous steps to try to allay Gannett and Daily Mail's purported concerns, but they have persisted in their objections and therefore delayed the three I-HC's ability to have the materials they need to do their jobs. Opening Letter at 2, 3-4.

The Court should deny Gannett and Daily Mail's attempt to deprive the I-HC of the information they need to participate in the defense of the claims in the above-captioned litigation.

## I. Gannett and Daily Mail Misread the Order's Requirements

As explained in the Opening Letter, the Order requires Google to describe the Highly Confidential materials it seeks to disclose; provide the full name, city and state of residence of each in-house counsel; and describe each in-house counsel's "primary job duties and responsibilities in sufficient detail" to determine whether each in-house counsel is involved in Competitive Decision-Making. Order ¶ 19. Google satisfied these requirements. *See* Opening Letter, Exhibit A (providing the required information to Gannett on June 27, 2024); Exhibit B (providing the same to Daily Mail).

Seeking to impute additional terms into the Order that it does not contain, Gannett and Daily Mail suggest that the Order was entered based on their concern that Google's in-house lawyers' access to confidential information might lead Google to "retaliate" against them. ECF No. 872 at 1-2. In addition to being speculative, Gannett and Daily Mail misstate the history: the Order was modified at the request of non-parties to the litigation to address concerns about "the disclosure of confidential information produced by non-parties to in-house attorneys" involved in the litigation generally, Order ¶ 3, and also grandfathered in *Gannett*'s in-house counsel, who has

August 23, 2024
Page 3

the access Google now seeks for the three I-HC. *Id*. ¶ 14(d). Moreover, as noted above, the Order does not require Google to provide details about the three I-HC's roles beyond their "*primary* job duties and responsibilities." *Id*. ¶ 19(3) (emphasis added). Google fully complied with the Order's actual requirements.

### II.  Google's I-HC Are Not Involved in Competitive Decision-Making

Even though Google has clearly and unequivocally represented that the three I-HC are not involved in Competitive Decision-Making,[3] Gannett and Daily Mail assert that all three I-HC actually are involved in Competitive Decision-Making. They claim this follows from a job description they found on the Internet for a title held by *one* of those three I-HC because, as they interpret it, the responsibilities of employees with that title "*may* involve competitive decision making." ECF No. 872 at 3 (emphasis added). They also claim this speculation is supported by documents they located involving that same I-HC—but, again, not the other two. *Id*.

Gannett and Daily Mail's speculation is baseless and irrelevant to Google's compliance with the Order. Generic job descriptions posted on the Internet often do not closely reflect an individual's actual role. And none of the documents cited show the I-HC in question "making a business decision or resolving a non-legal question" or taking any action deemed to be Competitive Decision-Making by the Order—Gannett and Daily Mail do not and cannot claim otherwise.

### III. Google's I-HC Have Particularized Need to Review the Materials Google Has Identified

Offering nothing to refute the case law demonstrating that "adequately defend[ing] the company" constitutes a particularized need for in-house counsel to review Highly Confidential information, *see* Opening Letter at 3 (citing *Jane St. Grp., LLC v. Millennium Mgmt. LLC*, 2024 WL 2833114, at *2 (S.D.N.Y. June 3, 2024)), Gannett and Daily Mail instead assert that there is no need for any disclosures at this juncture because "fact discovery [is] now completed," ECF No. 872 at 4. But expert discovery and summary judgment are on the horizon. For the I-HC to supervise outside counsel on litigation strategy, they need access to the documents that are to be cited in, for example, expert reports and summary judgment briefing—including, among other materials not discussed in Gannett and Daily Mail's opposition, Interrogatory Responses and deposition transcripts.

Contrary to what Gannett and Daily Mail proposed at the eleventh hour of the lengthy meet-and-confer that precipitated this letter motion, the three I-HC cannot do their jobs of overseeing this litigation if they are only allowed to see outside counsel's work product because this limitation would preclude them from having the full context needed to actively participate in Google's defense. For example, without access to deposition transcripts, the I-HC cannot offer substantive suggestions about what arguments Google should advance based on the testimony given—or even evaluate quoted testimony in context. This is true even as to the privilege logs Google has sought to share with the I-HC because Google is actively meeting and conferring

---

[3] *See supra* note 2.

August 23, 2024
Page 4

with Gannett and Daily Mail with respect to various baseless privilege claims they have made. The I-HC cannot fully understand—much less offer strategic advice—on this issue without being able to review the underlying logs themselves.

* * *

      For all of these reasons, and in addition to the reasons detailed in the Opening Letter, Google respectfully requests leave to move to disclose the materials listed in Exhibits A and B of the Opening Letter to the three I-HC identified in those Exhibits.

      Respectfully submitted,

      /s/ Craig M. Reiser
      Craig M. Reiser
      AXINN, VELTROP & HARKRIDER LLP
      114 West 47th Street
      New York, New York 10036
      Telephone: (212) 728-2218
      Email: creiser@axinn.com

      *Counsel for Defendants Google LLC and Alphabet Inc.*

Copies: All Counsel of Record (via ECF)