**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

August 30, 2024

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl St
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-md-03010 (PKC) (S.D.N.Y.)

Dear Judge Castel:

    We write on behalf MDL Plaintiffs in the above-captioned litigation. Plaintiffs respectfully request a 21-day extension of the deadline to file their opening expert reports, a 32-day extension of Google's time for response, a 7-day extension of rebuttal report deadlines, and corresponding extensions of the expert discovery schedule and motion deadlines that were set forth in this Court's order of July 10, 2024. ECF 858; *see also* ECF No. 394 ¶ 12; Individual Practices in Civil Cases ¶ 1.C.ii. This Court has previously granted a request to extend expert discovery deadlines. ECF 858. The parties have mutually agreed to these proposed schedule modifications. Google does not oppose this request and intends to state its positions regarding the proposed modifications in a separate filing on or before September 5, 2024. Plaintiffs understand Google's basis for the extension of deadlines for responsive reports to be based on the number of reports being served by the Plaintiffs in the various constituent actions in the MDL—fourteen anticipated spread across the 4 separate groups. No conference is scheduled at this time.

    Good cause supports extensions of the deadlines for Plaintiffs' opening and rebuttal reports.

### *Opening Report Extension*

    *First*, Plaintiffs' experts have been required to analyze voluminous data productions made at the end of fact discovery. On June 28, 2024, the last day of fact discovery, Google produced nearly 14 terabytes of compressed[1] structured data to MDL Plaintiffs. Analyzing this volume of data imposes real and material challenges for Plaintiffs and their experts. For instance, some large databases can take as much as two days to process before any analysis can be completed. And each iterative analysis or manipulation of the data thereafter can take many

---

[1] Once decompressed, compressed data can expand by several multiples, depending on the underlying file types and characteristics of the dataset.

Hon. P. Kevin Castel
August 30, 2024
Page 2

hours of computing time. In other words, analysis of recently produced data productions can proceed only so quickly given the volume of data involved.

Further, on June 28, 2024, Google re-produced substantial structured data from third-party Microsoft.[2] The Microsoft dataset contained more than 166 million rows of data that replaced data Microsoft had produced to MDL Plaintiffs pursuant to MDL Plaintiffs' subpoena in February 2024. Google had received this data in the Eastern District of Virginia Action on September 7, 2023. Analysis of this large volume of late-produced data, particularly in conjunction with the other voluminous third-party data productions is also time- and resource-intensive.

**Second**, document productions by Google and depositions of Google witnesses have continued after the close of fact discovery, necessitating additional time for analysis and review. Since June 28, and as recently as August 30, Google has responded to linked-document requests made by Plaintiffs before the close of fact discovery for the purposes of expert analysis, including by making new document productions. Google has also re-produced multiple sets of third-party documents since the close of fact discovery, including on August 16, 2024, a production made by Facebook, Inc., to the DOJ in 2020, which includes Facebook advertising data that Plaintiffs' experts must process and analyze in connection with their reports.

Further, Plaintiffs have had to integrate and analyze testimony from multiple witnesses, including 30(b)(6) designees on key buy- and sell-side issues, whose depositions were taken on July 10 and 12. Rule 30(b)(6) designees for Inform-specific topics were made available for depositions even later. And, as the Court is aware, Plaintiffs will soon depose a Google witness whose declaration Google produced on July 11. *See* ECF 869.

**Finally**, the parties continue to meet and confer regarding various issues that bear on Plaintiffs' expert reports, including Google's RFA responses and certain amended RFA responses served August 30, outstanding source code and linked document requests, and data labeling and exchange procedures. Given these outstanding issues and the parties' efforts to resolve them cooperatively, a limited additional extension of time for service of opening expert reports is warranted to permit Plaintiffs to incorporate such documents or responses into their expert analyses.

For the reasons set forth above, an extension of time to serve opening expert reports is warranted.

***Rebuttal Report Extension***

If the Court adopts the extensions proposed for service of opening and responsive reports, good cause would also support extension of rebuttal report deadlines. Absent a corresponding extension, rebuttal reports would be due on January 10, shortly after New Years, Christmas, and Hannukah. Certain of Plaintiffs' experts and attorneys have family commitments over the

---

[2] Microsoft is the owner of Xandr, an ad exchange, and is the successor-in-interest to AppNexus.

holidays.  A modest, 7-day extension will accommodate family and personal schedules during the holidays while causing minimal disruption to the overall schedule in this litigation.

*   *   *

For the reasons set forth above, the requested extensions are warranted.  Granting this request would have a relatively minor impact on the overall progress of the action, extending the expert discovery schedule and certain motion deadlines by approximately two months.

The unopposed proposed schedule is set forth below, and a proposed amended case management order is attached as Exhibit A.

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| Plaintiffs' Opening Expert Reports | September 13, 2024 | October 4, 2024 |
| Defendants' Responsive Expert Reports | October 21, 2024 | December 13, 2024 |
| Plaintiffs' Rebuttal Expert Reports | November 18, 2024 | January 17, 2025 |
| Expert Discovery Cutoff | December 30, 2024 | February 28, 2025 |
| Pre-Motion Letter for Summary Judgment Motions and Class Certification Motions | January 10, 2025 | March 14, 2025 |

Respectfully submitted,

/s/ *Philip Korologos*
Philip Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*/s/ Scott Grzenczyk*
Scott Grzenczyk
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415.981.4800
scottg@girardsharp.com

Hon. P. Kevin Castel
August 30, 2024
Page 4

                                                */s/ Serina M. Vash*
                                                Serina M. Vash
                                                **HERMAN JONES LLP**
                                                153 Central Avenue #131
                                                Westfield, New Jersey 07090
                                                Telephone: 404-504-6516
                                                svash@hermanjones.com

                                                *MDL Plaintiffs' Discovery Steering Committee*

Copies to:      All Counsel via ECF.