UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING         21-md-3010 (PKC)
ANTITRUST LITIGATION

ORDER

THIS ORDER APPLIES TO:
<u>Gannett Co Inc. v. Google LLC</u>, 23-cv-5177 and
<u>Associated Newspapers Ltd. v. Google LLC</u>, 21-cv-3446

-------------------------------------------------------------x

CASTEL, Senior District Judge:

  Google seeks an Order permitting it to disclose to three of its in-house attorneys certain materials pertaining to plaintiffs Gannett Co, Inc., Associated Newspapers Ltd. and Mail Media, Inc. (collectively, the "Newspapers") that have been designated "Highly Confidential." (ECF 868.) The Newspapers have filed a response letter and Google has filed a reply. (ECF 872, 873.)

  Google states that it has unsuccessfully sought the Newspapers' consent to disclose certain Highly Confidential information to three in-house attorneys in order for those attorneys to adequately supervise expert discovery and the preparation of summary judgment papers. (ECF 868 at 2.) These materials are limited to discovery correspondence between outside counsel to Google and the Newspapers, the Newspapers' initial disclosures and interrogatory responses, the Newspapers' privilege logs and transcripts of testimony taken from specified Newspaper witnesses. (ECF 868 at 2.)

  Pursuant to the Modified Confidentiality Order ("the MCO"), which was entered by the Court on January 17, 2024, information deemed "Highly Confidential" may be disclosed prior to trial with the consent of the designating party or through a motion to

the Court. (See ECF 685 ¶ 19.) Under the MCO, a party seeking to disclose Highly Confidential information to designated in-house counsel must describe with particularity the information that it seeks to disclose; the name and residence of each designated in-house counsel; and each designated in-house counsel's primary job duties "in sufficient detail to determine if each Designated In-House Counsel is involved in Competitive Decision-Making."[1] (Id.) The parties must meet and confer within seven days in an attempt to resolve any disagreement, and, if no agreement is reached, may bring an application to the Court. (Id.)

On June 27, 2024, Google sent its written request for the Newspapers' consent to disclose Highly Confidential information to three in-house attorneys. (ECF 868 at 2 & Exs. A, B.) The requests identified the categories of information it sought to disclose and the names, places of residence and job titles of the three in-house Google attorneys. (ECF 868 at Exs. A, B.) As to each of the three attorneys, Google stated that they manage and advise on litigation, regulatory investigations or litigation risk. (Id.) It stated that each attorney "is not involved in advising on or making competitive business decisions." (Id.)

At a July 12, 2024 meet-and-confer session, the Newspapers stated that they had several questions about the job duties of the three attorneys, and, a week later, sent to Google twenty-three questions about the in-house attorneys' responsibilities.[2] (Id. & Ex. C, D.) Google provided the Newspapers with further information on August 2, 2024,

---

[1] The MCO defines "Competitive Decision-Making" as "the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, product, service development or design, product, or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding or enforcement of intellectual property." (MCO Def. (A)(1)(c).)

[2] Questions include inquiries as to which Google executives and "business teams" the in-house attorneys advised on commercial agreements and which "internal stakeholders" they advised on "product related issues," among other topics. (ECF 868 Exs. C, D.)

stating in part that none of the three in-house attorneys had advised Google employees on ad-tech products other than in connection with litigation, and that their in-house roles were limited to litigation and regulatory matters. (Id. & Ex. E.) Google states that the Newspapers "still refuse" to allow Google's three in-house attorneys to access the requested information. (Id.)

In response, the Newspapers quote from a "Google Career" job posting that describes the role of an in-house attorney as a "partner in initiatives that influence all aspects of the business and work with Googlers from all over the company," including advising on "commercial agreements" and "product related issues." (ECF 872 at 3.) This generic language included in a public job posting unrelated to the attorneys at issue does not demonstrate or even imply that the three attorneys are involved in "Competitive Decision-Making" as defined in the MCO. The Newspapers also state, without elaboration, that one of the three in-house attorneys was "regularly included" in discussions about contract negotiations and has been "involved in" communications with newspapers about ad tech. (ECF 872 at 3.) These vague descriptions also do not suggest a role in "Competitive Decision-Making." By contrast, Google has expressly stated that the three attorneys work in litigation, regulatory investigations or litigation risk, and are "not involved in advising on or making competitive business decisions." (ECF 868 at Exs. A, B.)

The Newspapers also urge that Google has not demonstrated a particularized need that outweighs the risks of harm arising from disclosure. But Google has adequately articulated that input from in-house counsel is needed to supervise expert discovery and the preparation of summary judgment motions. As Judge Engelmayer recently observed in a different proceeding, "in a case as complex as this one, with 'highly technical matters' at

3

issue, it is all the more important that 'in-house counsel . . . have access' to all relevant discovery material in order 'to adequately defend the company.'" Jane St. Grp., LLC v. Millennium Mgmt. LLC, 2024 WL 2833114, at *2 (S.D.N.Y. June 3, 2024) (quoting FJC Guide § 6.5.5). "As many courts in and outside this District have held, the fact that in-house counsel is not involved in competitive decision-making significantly limits the likelihood of inadvertent disclosure of sensitive material." Id.

Google's motion is GRANTED, and it may disclose the materials designated as "Highly Confidential" and listed in Exhibits A and B to its letter of August 16 to the three in-house attorneys named therein. The Clerk is respectfully directed to terminate the motion. (21 MD 3010, ECF 868; 23 Civ. 5177, ECF 67; 21 Civ. 3446, ECF 129.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 3, 2024