**Freshfields Bruckhaus Deringer US LLP**

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
   +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

September 4, 2024

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

     We write on behalf of Defendants Google LLC, Alphabet Inc., and YouTube, LLC (together, "Google") to describe Google's position concerning Plaintiffs' request to extend the deadlines established by the Court's order of July 10, 2024. ECF No. 875; *see also* ECF No. 858. Google does not oppose Plaintiffs' request, but we write separately to explain why good cause exists to extend the time for Google to respond to the ***fourteen*** expert reports that Plaintiffs intend to serve. We also supplement Plaintiffs' description of how fact discovery has proceeded. No conference is scheduled at this time.

*Background*

     On November 21, 2022, this Court entered Pre-Trial Order No. 5 ("PTO-5") setting out fact and expert discovery deadlines in this case. ECF No. 394. Under PTO-5, Plaintiffs' expert reports would have been due on August 12, 2024 (21 months after entry of PTO-5 and 45 days after the close of fact discovery on June 28, 2024), and Google's responsive reports would have been due 45 days later. *Id.* ¶ 7. However, on May 20, 2024, Plaintiffs requested a 43-day extension of the deadline to serve their opening expert reports, along with equal extensions for other deadlines. ECF No. 804. That request maintained a 45-day period for Google to prepare its responsive expert reports, and Google did not oppose it.

     The Court granted Plaintiffs' request in part and entered an Amended Case Management Plan and Scheduling Order. ECF No. 858. That Order extended Plaintiffs' time to serve their opening expert reports by 32 days (77 days after the close of fact discovery) but reduced Google's time to prepare its responsive expert reports from 45 days to 38 days.

     When Plaintiffs recently approached Google about their intention to request a further 21-day extension for their opening expert reports (to 98 days after the close of fact discovery), Google inquired how many reports Plaintiffs intended to serve. On Friday, August 30, 2024, Plaintiffs revealed for the first time that they intended to serve fourteen opening expert reports. Based on experience in similar cases pending in the Eastern District of Virginia and the Eastern

District of Texas,[1] Google estimates that Plaintiffs' opening expert reports in this case could exceed 3400 pages.[2]

**Good Cause Exists to Extend the Period for Google's Response**

Google should receive sufficient time to respond to Plaintiffs' opening expert reports because "[e]xpert testimony is probably indispensable, or, at least, important to the determination of the issues in any complex antitrust action." *Nat'l Bancard Corp. v. Visa, U.S.A., Inc.*, 112 F.R.D. 62, 68 (S.D. Fla. 1986); *see also Laumann v. Nat'l Hockey League*, 105 F. Supp. 3d 384, 407 (S.D.N.Y. 2015) ("To make out a plausible antitrust claim—much less to convince a trier-of-fact that illegal conduct occurred—it is often necessary to retain an expert."); *Binotti v. Duke Univ.*, 2021 WL 5366877, at *5 (M.D.N.C. Aug. 30, 2021) (recognizing "the critical role expert economic analysis plays in class action antitrust litigation, where experts establish class-wide impact and measure damages"); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 2019 WL 4746744, at *8 (E.D. Mich. Sept. 30, 2019) ("Courts have recognized that the assistance of qualified experts is necessary and a costly expense in antitrust litigation."); *Castro v. Sanofi Pasteur Inc.*, 2017 WL 4776626, at *5 (D.N.J. Oct. 23, 2017) ("Proving damages in antitrust cases is difficult and depends on extensive expert testimony.").

Google anticipates that Plaintiffs' reports will be detailed, include highly technical analyses, and collectively address a wide range of issues, including (i) definition of at least 5 alleged relevant product markets[3]; (ii) definition of at least 2 alleged relevant geographic markets[4]; (iii) market power in at least those 10 alleged markets; (iv) competitive effects of at

---

[1] *See United States, et al. v. Google LLC*, No. 1:23-cv-108-LMB (E.D. Va.) (the "Virginia Case"); *State of Texas, et al. v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.) (the "Texas Case").

[2] In the Virginia Case, plaintiffs served 6 opening expert reports totaling 1701 pages (including appendices), for an average of 283 pages per report. In the Texas Case, plaintiffs served 6 opening expert reports totaling 1289 pages (including appendices), for an average of 215 pages per report. Assuming that Plaintiffs' reports in this case average 249 pages each (the midpoint of the Virginia and Texas averages), their 14 reports would total 3486 pages.

[3] The Publisher Class's complaint alleges the following relevant product markets: (1) publisher ad servers; (2) ad exchanges; (3) ad networks; (4) ad buying tools for large advertisers; and (5) ad buying tools for small advertisers. Publisher Class First Am. Compl. ¶¶ 112, 125, ECF No. 408. Other complaints include similar allegations, and Inform's complaint also alleges additional markets for online video advertising, web browsers, and licensable mobile device operating systems. *See* Inform Third Am. Compl. ¶ 107, ECF No. 797.

[4] The Publisher Class alleges two alternative relevant geographic markets: (1) the United States; and (2) English-speaking countries of the United States, Canada, the United Kingdom, and Australia. Publisher Class First Am. Compl. ¶ 121, ECF No. 408. Inform also alleges an alternative worldwide web browser market. Inform Third Am. Compl. ¶ 136, ECF No. 797.

least 14 different types of conduct in some or all of those 10 alleged markets[5]; (v) certification of multiple classes to bring claims under federal antitrust law and various state laws; and (vi) damages on behalf of at least 4 separate plaintiff groups. These issues are all critically important to how this case will proceed.

Plaintiffs have had years to develop their arguments before serving their fourteen opening expert reports, including at least 77 days after the close of fact discovery (98 days, if the schedule is extended). With those reports likely to equal or exceed 3400 pages, Google and its experts will need several days to analyze them, to say nothing of the time required to assess Plaintiffs' experts' data analyses.[6] Only after understanding the opinions offered by Plaintiffs' experts will Google's experts be able to formulate opinions directly addressing them.[7] And Google may well need to retain additional experts to prepare responsive reports on issues that could not be anticipated in advance. Under the current schedule, Google will have to complete all of that work within only 38 days after receiving Plaintiffs' opening expert reports.

PTO-5 initially provided for parity between the parties: Plaintiffs had 45 days after the close of fact discovery to serve their expert reports, and Google had 45 days to serve responsive reports. ECF No. 394 ¶ 7. Under the current schedule, however, Plaintiffs will receive at least 77 days (perhaps 98 days) after the close of fact discovery for their opening reports. Google is not asking for equal time, but it needs more than the 38 days under the existing schedule to have a fair opportunity to respond. The very large number of Plaintiffs' reports provides good cause for allowing Google 70 days to respond to likely thousands of pages from Plaintiffs' experts.

The parallel Virginia and Texas Cases – unforeseen when PTO-5 was entered – provide additional good cause for allowing 70 days for Google's responsive expert reports. Under Plaintiffs' proposed schedule, Google would receive Plaintiffs' expert reports on October 4, and its responsive reports would be due on December 13. That period overlaps with trial in the

---

[5] The Publisher Class's complaint alleges sixteen discrete "Acts," fourteen of which remain at issue. Publisher Class First Am. Compl. at Tables 1-3, ECF No. 408; Opinion and Order at 37-43, ECF No. 701 (dismissing claims concerning Google's monitoring of "problematic code" and Search+). Other complaints include additional, unique claims. *See, e.g.*, Assoc. Newspapers Second Am. Compl. ¶¶ 154-64, ECF No. 794 (claim concerning Viewable CPMs); Inform Third Am. Compl. ¶¶ 178-83, 241-66, 274-81, ECF No. 797 (claims concerning tying of ad buying tools to YouTube inventory, Flash-to-HTML5 conversion, and tortious interference); Stellman Compl. ¶¶ 104, *Stellman v. Google LLC*, No. 1-23-cv-01532-PKC (S.D.N.Y.), ECF No. 1 (claim concerning RPO deception).

[6] Plaintiffs explain that "some large databases can take as much as two days to process before any analysis can be completed." ECF No. 875, at 1.

[7] While Google's experts have had the opportunity to consider Plaintiffs' *allegations*, Plaintiffs will not reveal the *specifics* of their arguments or the *evidence* on which they intend to rely to support them until their opening expert reports are served. Moreover, Plaintiffs' allegations in this matter implicate issues (including class certification, certain alleged markets, and certain types of alleged conduct) that were not the subject of expert (or fact) discovery in the Virginia Case or the Texas Case.

September 4, 2024
Page 4

Virginia Case, which is scheduled to run from September 9 through October 18. *See* Virginia Case, ECF No. 547. It also overlaps with expert discovery in the Texas Case, where expert depositions will take place between September 10 and November 1. *See* Texas Case, ECF No. 609. Under the current schedule, the overlap would be even more severe, as Google would receive Plaintiffs' opening expert reports on September 13 and have to serve responsive reports on October 21, a period that overlaps entirely with expert depositions in the Texas Case and almost entirely with the trial scheduled for the Virginia Case. *See* ECF No. 858. Because some of Google's experts offering opinions in one or both of those cases may also offer opinions in this case, and because those experts cannot be writing reports for this case at the same time they are testifying in the Virginia Case or sitting for depositions in the Texas Case (or preparing to give such testimony), the parallel proceedings provide further good cause to permit Google 70 days to serve responsive expert reports.[8]

### *Plaintiffs Paint an Incomplete Picture of Fact Discovery*

While Google does not oppose the 21-day extension Plaintiffs seek for their opening expert reports, their characterizations of developments since the close of fact discovery are incomplete. *See* ECF No. 875, at 1-2. For instance, Plaintiffs highlight a June 28 re-production of Microsoft materials without revealing that Google contacted them on May 3 to confirm which Microsoft materials they had received and they did not respond for nearly six weeks. Plaintiffs also point to an August 30 production of linked documents without explaining that those 27 documents were the final tranche in rolling productions of 190 linked documents that Plaintiffs requested only in late June. And they note an August 16 re-production of Facebook materials without recognizing that Google provided those materials the same day that it received them from Facebook.

\*      \*      \*

Google does not oppose Plaintiffs' scheduling proposal. For the reasons set forth herein, and consistent with that proposal, Google respectfully requests that the Court amend the current schedule to allow Google 70 days to respond to Plaintiffs' opening expert reports.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions\*\*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

---

[8] The proposed 70-day period for Google's responsive reports (October 4 to December 13) also includes the week of Thanksgiving.

September 4, 2024<br>
Page 5

<u>/s/ Craig M. Reiser</u><br>
Craig M. Reiser<br>
AXINN, VELTROP & HARKRIDER LLP<br>
114 West 47th Street<br>
New York, New York 10036<br>
Telephone: (212) 728-2218<br>
Email: creiser@axinn.com

Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC

** Except as to *Associated Newspapers Ltd. v. Google LLC*, No. 21-cv-03446 (PKC)

CC: All Counsel of Record (via ECF)