# Freshfields Bruckhaus Deringer US LLP

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
 +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

September 4, 2024

Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *Michael Stellman v. Google LLC and Alphabet, Inc.*, 1:23-cv-01532 (PKC)

Dear Judge Castel:

On behalf of Defendants Google LLC and Alphabet Inc. ("Google"), we submit this letter seeking permission to file a renewed motion to compel arbitration and stay proceedings with respect to the Advertiser Plaintiffs Kinin, Inc., Cliffy Care Landscaping LLC, and Michael Stellman.[1] Google requests leave to file its motion pursuant to Section 3 of the Federal Arbitration Act and without prejudice to a later motion for summary judgment on the merits, should this Court deny its motion to compel arbitration. There is no conference scheduled at this time.

Google previously moved to compel arbitration as to Kinin, Inc. and Cliffy Care Landscaping, two of the three remaining named plaintiffs in the Consolidated Advertiser Class Action Complaint, ECF No. 399. *See* ECF No. 447 at 25 n.7 (asking the Court to consider its Motion to Dismiss as a Motion to Compel Arbitration, in the alternative). In its Opposition, Advertisers did not dispute that Kinin and Cliffy Care Landscaping agreed to Google's Terms of Service and the arbitration agreement therein without opting out. *See* ECF No. 490 at 24. Advertisers instead argued that Google's motion was not ripe and sought discovery to "develop[]... the facts underlying the potential arbitrability of [Advertisers'] claims[.]" *Id.*

In its Opinion and Order dated March 1, 2024, the Court ruled that "Google's motion to dismiss, or, alternatively, to compel arbitration [as to Kinin, Inc. and Cliffy Care Landscaping

---

[1] Advertiser Plaintiff Michael Stellman filed a separate lawsuit from the other two named advertisers, *Michael Stellman v. Google LLC and Alphabet, Inc.*, 1:23-cv-01532 (PKC), ECF No. 1. Google noted its intention to enforce Mr. Stellman's arbitration agreement, while acknowledging the Court's prior ruling that arbitration issues could not be resolved at the Rule 12 stage. ECF No. 720 at 2 n.2.

LLC] is premature at this juncture, and requires a more developed factual record as to the advertisers' purported consents to arbitrate." ECF No. 701 at 3.  In finding the motion premature, the Court noted that Google's motion "turn[ed] largely on the testimonial declaration of Courtney Shadd," the statements of which went "beyond the materials properly considered on a Rule 12(b)(6) motion, which is limited to the contents of the complaint, any documents that are annexed to the complaint or integral to the allegations contained therein, or matters of which a court may take judicial notice." *Id*. at 23.  The Court found that "[a] more developed factual record is required to adjudicate any plaintiff's consent to arbitration." *Id*. at 25.

The factual record is now significantly "more developed," and, as such, the adjudication of plaintiffs' consent to arbitration is ripe.  ECF No. 701 at 25.  *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (in deciding motions to compel arbitration, courts consider "all relevant, admissible evidence submitted by the parties").  Among other evidence, the record now includes deposition testimony, written discovery admissions, and the Google Ads customer account records of Kinin, Cliffy Care Landscaping, and Michael Stellman.  These records reflect that the three plaintiffs accepted Google's Terms of Service, including an agreement to arbitrate all disputes between Google and the Advertiser, on the following dates:

- The Google Ads account associated with Kinin, Inc. accepted Google's Terms of Service on September 19, 2017.  Both Kinin, Inc.'s Google Ads Account Home Page and its Customer Change History confirm the date of acceptance.

- The Google Ads account associated with Cliffy Care Landscaping LLC accepted Google's Terms of Service on November 20, 2019. Both Cliffy Care's Google Ads Account Home Page and its Customer Change History confirm the date of acceptance.

- The Google Ads account associated with Michael Stellman accepted Google's Terms of Service on September 14, 2017. Both Michael Stellman's Google Ads Account Home Page and his Customer Change History confirm the date of acceptance.

Google has also produced a declaration signed by Armete Mobin, a legal specialist on the Ads legal team at Google LLC.  The Mobin Declaration attests to the process by which a Google Ads advertiser receives notice of Google's Terms of Service, is alerted to the Dispute Resolution Agreement contained therein, accepts the Terms of Service, and is provided with an opportunity to opt out of the Dispute Resolution Agreement.  As the Mobin Declaration states and the customer records reflect, none of the three named Advertiser Plaintiffs opted out of the arbitration agreement.  No Advertiser Plaintiff has produced any evidence suggesting that they opted out of the arbitration requirement, and there is none.

September 4, 2024
Page 3

The factual record regarding plaintiffs' consent to arbitration is complete, the issue is straightforward, and a ruling would streamline the case, avoid needless costs, and promote efficiency. Resolution of the arbitration question could significantly narrow and streamline the issues that remain in the putative advertiser class's case, including issues related to class certification (e.g., whether the putative class includes persons that agreed to arbitrate and whether individualized issues with respect to arbitration predominate) and the merits (e.g., the claims and relief that the sole remaining named plaintiff has standing to pursue).

Google's motion would also petition the Court to stay proceedings in the MDL as to Advertisers Kinin, Inc., Cliffy Care Landscaping LLC, and Michael Stellman if it grants Google's motion to compel arbitration. Section 3 of the Federal Arbitration Act (FAA) states that, when a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until [the] arbitration" has concluded. 9 U.S.C. § 3; *see also Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) (when court finds that a dispute is subject to arbitration, it shall grant a stay of proceedings).

Google therefore respectfully seeks the Court's permission to file a renewed motion to compel arbitration and stay proceedings as to Advertiser Plaintiffs Kinin, Inc., Cliffy Care Landscaping LLC, and Michael Stellman. Google proposes the following briefing schedule: motion due September 27, 2024, opposition due October 18, 2024, and reply due October 28, 2024.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

CC: All Counsel of Record (via ECF)