

601 California Street, Suite 1400  2600 West Olive Avenue, Suite 500
San Francisco, CA 94108  Burbank, CA 91505
(415) 981-4800  (310) 474-9111

September 10, 2024

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Google Digital Advertising Antitrust Litig.*, No. 21-md-3010 (PKC)

Dear Judge Castel:

We write in response to Google LLC and Alphabet Inc. ("Google's") letter seeking permission to file a renewed motion to compel arbitration and stay proceedings as to Advertiser Plaintiffs Kinin, Inc., Cliffy Care Landscaping LLC, and Michael Stellman.[1] There is no conference currently scheduled before the Court.

Google has twice before asked this Court to dismiss Advertiser Plaintiffs' claims on arbitration grounds (or in the alternative, to compel arbitration). ECF Nos. 447 and 626. Google now seeks a third bite at the apple, asserting that its renewed motion will rely on the declaration of Armete Mobin, which was produced at the close of fact discovery.

Google characterizes the Mobin Declaration as "attest[ing] to the process by which a Google Ads advertiser receives notice of Google's Terms of Service, is alerted to the Dispute Resolution Agreement contained therein, accepts the Terms of Service, and is provided with an opportunity to opt out of the Dispute Resolution Agreement." But as in Google's prior motions, the Mobin Declaration merely "makes broad factual averments about Google's implementation and enforcement of the Program Terms." ECF No. 701 at 25. It does not "explain how Google's records are maintained and indexed." *Id.* 23-24.

In opposition to both prior arbitration motions, Advertiser Plaintiffs asserted that California's *McGill* rule voids any arbitration clause in the Terms of Service because the injunctive relief

---

[1] Google has not requested leave to file a renewed motion to compel arbitration as to Plaintiff Hanson, whose claims will undisputedly remain in this Court.

Hon. P. Kevin Castel
September 10, 2024
Page 2

Advertiser Plaintiffs seek will primarily benefit the public. Nothing in the Mobin Declaration or produced in discovery challenges this conclusion.

Advertiser Plaintiffs do not oppose the Court granting Google's request to file a renewed attempt to compel arbitration, but note that this third attempt should be its last. *See Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993) ("Waiver will be inferred when a party engages in protracted litigation that results in prejudice to the opposing party."). Advertiser Plaintiffs also reserve the right to request further discovery pending their review of the evidence filed in support of Google's motion, particularly given the fact that the primary evidence Google relies on (the Mobin declaration) was submitted at the close of fact discovery, after Plaintiffs had pursued arbitration-related discovery for well over a year.

Respectfully,

| | |
|---|---|
| /s/ *Dena C. Sharp* | /s/ *Tina Wolfson* |
| Dena C. Sharp | Tina Wolfson |
| GIRARD SHARP LLP | AHDOOT & WOLFSON, P.C. |
| 601 California Street, Suite 1400 | 2600 West Olive Ave., Suite 500 |
| San Francisco, CA 94108 | Burbank, California 91505 |
| Tel: (415) 981-4800 | Tel.: (310) 474-9111 |
| Fax: (415) 981-4846 | Fax: (310) 474-8585 |
| dsharp@girardsharp.com | twolfson@ahdootwolfson.com |

*Interim Co-Lead Counsel for Advertiser
Plaintiffs and the Proposed Advertiser Class*

cc: *All Counsel of Record (via ECF)*