**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

December 22, 2024

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
No. 1:21-md-03010 (PKC) (S.D.N.Y.)

Dear Judge Castel:

We write on behalf MDL Plaintiffs to request orders (1) extending the deadlines for expert discovery and other case deadlines by 30 days and (2) compelling Google to produce the expert reports from the Eastern District of Virginia and Eastern District of Texas.  On December 13, 2024, Google served over 4000 pages of reports and 339 terabytes of backup materials for 10 expert witnesses, at least 5 of whom provided opinions in the EDVA and Texas cases.  In some constituent cases in the MDL, Google more than doubled the number of experts and opening reports that were used by Plaintiffs.  The parties conferred by email, and Google opposes Plaintiffs' requested extension as well as the production of expert reports from Texas and Virginia.  *See* Email from A. Ewalt to I. Earnhardt (Dec. 19, 2024) (attached as Ex. A).  No conference is scheduled at this time.

**I.    Good cause supports a 30-day extension of expert discovery and existing case deadlines.**

Good cause supports extending expert discovery and other case deadlines by 30 days. Such an extension is warranted to rebut Google's numerous and voluminous expert reports, will promote efficiency, improve the presentation of the issues, and will not prejudice any party.

*First*, the number and volume of Google's expert reports warrants an extension of time for Plaintiffs to respond.  Google's 11 expert reports (across 10 experts) total over 4000 pages. Google also served 339 terabytes of backup data.  That volume of data took several days just to *download*; it will take substantially longer to organize and analyze.  And Google's reports do not have a 1:1 relationship to the reports served by Plaintiffs.  For instance, the Publisher class served 4 opening expert reports, and Google served 9 reports from 8 experts that it has stated may testify in the Publishers' case and which Publishers must analyze for rebuttal.  *See* Ex. A. Likewise, Daily Mail and Gannett's 4 opening reports were met with 7 reports from 6 experts. Advertisers received 7 reports from six experts in response to the 3 served by Advertisers.  *Id.* Inform received 7 reports from seven experts in response to the 3 served by Inform.  *Id.* Further, Plaintiffs are seeking discovery of back-up materials from Google's experts that should have

The Honorable P. Kevin Castel
December 22, 2024
Page 2 of 7

been, but were not, produced—including very basic information like the specific dates on which Google's survey expert, Dr. Itamar Simonson, conducted his surveys.

MDL Plaintiffs' proposed extension is proportional to the extension Google previously sought and obtained (with MDL Plaintiffs' consent) for its own expert reports. Plaintiffs agreed to a 32-day extension for Google to respond to Plaintiffs' 14 expert reports. *See* ECF 880; ECF 877 at 2-4 (Google arguing good cause for an extension based on the number and complexity of Plaintiffs' reports); ECF 875. The same logic articulated by Google in arguing for its previous 32-day extension applies with equal force here. *See* ECF 877 at 2-4. And contrary to Google's suggestion that this case is on the eve of summary judgment (Ex. A), the pre-motion letter process for summary judgment contemplated in Pre-Trial Order No. 5 (ECF 394) allows the Court to tailor the summary judgment briefing schedule to the needs of the case.

*Second*, Google's principal economic experts—Mark Israel, Paul Milgrom, Judith Chevalier, and Itamar Simonson—are the exact same experts that Google used in the EDVA and Texas cases to respond to related claims and arguments, meaning that its experts have not been preparing responsive reports for 70 days but rather for *nearly a year*. Google's failure to agree to MDL Plaintiffs' request for additional time to respond to voluminous reports that Google has been honing for a year through two full rounds of expert discovery in two other cases (and trial in one of those cases) is clearly an attempt to prejudice Plaintiffs. By contrast, Google has identified no prejudice that it suffers from an extension. *See* Ex. A.

*Third*, an extension will enhance the efficiency of the proceeding and improve the presentation of the facts. For example, the court in the Eastern District of Virginia has suggested that it may issue an opinion on liability as soon as this month or January 2025. That ruling— whatever it is—will no doubt need to be accounted for by the parties, their experts, and the Court. *See* 5/16/2023 Hr'g Tr. at 29:7-11 (this Court noting possibilities associated with a liability ruling in EDVA). The requested 30-day extension would help to permit reasonable consideration of any ruling by the EDVA court in expert discovery and subsequent briefing.

An extension also will permit more orderly and efficient expert depositions. Between the four plaintiff groups and Google, there are at least 24 experts. Scheduling that many expert depositions will be a complex task, particularly considering that there are only 29 business days between the current due date of Plaintiffs' rebuttal reports and the current close of expert discovery.[1] *See* ECF 880. An extension would help to limit the likelihood that expert depositions would need to be taken after the currently scheduled close of expert discovery.

---

[1] For the avoidance of doubt, no order of this Court precludes deposing any experts before Plaintiffs' experts have submitted their rebuttal reports, but as a practical matter, some (if not most) depositions are likely to come after those reports are served. *See* Pre-Trial Order No. 3, ECF 311; Pre-Trial Order No. 5, ECF 394; Stipulation and Order Regarding Expert Discovery, ECF 428.

The Honorable P. Kevin Castel
December 22, 2024
Page 3 of 7

In short, a 30-day extension of expert discovery, along with a commensurate extension of other deadlines in the case, is warranted. The proposed revised schedule is set forth below, and a proposed amended case scheduling order is attached as Exhibit B.

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| Plaintiffs' Rebuttal Expert Reports | January 17, 2025 | February 18, 2025 |
| Expert Discovery Cutoff | February 28, 2025 | March 31, 2025 |
| Pre-Motion Letter for Summary Judgment Motions and Class Certification Motions | March 14, 2025 | April 14, 2025 |

**II.    Google should be ordered to produce its expert reports from EDVA and Texas.**

At least four of Google's economic experts have offered opinions and testimony in the parallel proceedings in EDVA and Texas.  The Texas case was previously part of this MDL, and Google itself has repeatedly noted the similarity of the issues in the DOJ case.  *See, e.g.*, ECF 441 at 1 (Google stating "The [EDVA] complaint asserts the same theories as those at issue in this MDL (including monopolization under Section 2 and tying) and seeks largely the same relief (including injunctive and structural remedies)."); EDVA ECF 44-2 at 1 (Google arguing that the EDVA case "adds nothing of substance to those earlier-filed cases" consolidated in the MDL).  Given the admitted similarities in the antitrust claims, the opinions of Google's experts in those proceedings are plainly relevant for impeachment of Google's experts here.  And the expert reports of plaintiffs in those proceedings are necessary to fully understand the positions taken by Google's experts in those cases.  Google has refused to produce the expert reports from those proceedings—even for the exact same experts it is using here on related issues—and should now be compelled to do so.

**A.  Background**

The Coordination Order deferred disclosure of expert discovery from the EDVA case in the MDL "pending further order" and required that, "At least ninety (90) days before Google's expert reports are due in the MDL the Parties shall meet and confer over whether there are circumstances in which Expert Discovery may or should be shared between the Coordinated Cases."  ECF 564 at 14.  Although there is no coordination order between the MDL and the case in the Eastern District of Texas, the protective orders in the two cases are aligned and Google has been ordered to produce, and has produced, all expert reports from the MDL and Eastern District of Virginia in the Texas case.  *See* EDTX ECF 418 (attached as Ex. C).

Over a year ago, in an abundance of caution and to preserve their rights, MDL Plaintiffs served RFPs requesting the expert reports from the parallel proceedings in EDVA and Texas. *See* RFP No. 302, Plaintiffs' Second Set of Request for Production to Google (Sept. 29, 2023); RFP No. 308, Plaintiffs' Second Set of Requests for Production to Google (Jan. 11, 2024). Google did not assert that the requests sought irrelevant material; nor did it contend that production would impose an undue burden.  Instead, Google objected principally on the grounds

The Honorable P. Kevin Castel
December 22, 2024
Page 4 of 7

that the requests were premature and untimely under the Coordination Order.[2]  The parties met and conferred multiple times, with Google refusing to articulate any circumstances under which expert discovery from either case may or should be shared.  On December 19, Google finally made clear its position that it would not produce expert reports from either case in the MDL.  *See* Ex. A.

In January 2024, MDL Plaintiffs Daily Mail and Gannett filed a motion for further coordination in the Eastern District of Virginia to permit, but not require, the parties in EDVA to disclose their own expert materials to MDL Plaintiffs.[3]  EDVA ECF 509, 509-1, 510.  Google opposed the motion, arguing that because MDL Plaintiffs had not yet served their own expert reports, access to expert discovery materials from EDVA would create "an unfair tactical advantage" in giving MDL Plaintiffs a "sneak peak" at Google's arguments.  EDVA ECF 512 at 2.  Magistrate Judge Anderson denied the motion, focusing on the timing of the request and reasoning that Google would be prejudiced by early disclosure of expert discovery from EDVA.  *See* 1/26/2024 Hr'g Tr. at 29-30, *United States v. Google LLC*, No. 23-cv-108-LMB-JFA (E.D. Va. Jan. 26, 2024) (attached as Ex. F).  In so ruling, Magistrate Judge Anderson characterized the question as a "close call" and did not rule on the question of whether EDVA expert discovery may or should be shared with the MDL at some point after the service of Plaintiffs' opening reports.  *See id.*

In April 2024, the special master overseeing discovery in the Texas case ordered Google to produce the expert reports from the EDVA and MDL cases.  Ex. C at 5.  It reasoned that the reports were relevant and therefore discoverable.  *Id.*  The special master also roundly dismissed any claim of prejudice to Google in disclosing EDVA or MDL reports to the *Texas* plaintiffs:

> "[A]ny asserted prejudice to Google from allowing the States equal access to expert reports from the Virginia Action is outweighed by the prejudice to the States of Google alone having access to the same relevant expert reports. The Special Master views the efficiency gain and truth-seeking function to be significant and consistent with the text and goal of Fed. R. Civ. P. 1 of securing 'the just, speedy, and inexpensive determination of every action and proceeding.'
>
> In the briefing, and at the April 18 Hearing, Google argues that the States would get a 'sneak peek' of Google's arguments and incorporate that analysis into the States' opening expert reports in this case.   In response,  the  States  state  they  seek  to  vet

_____

[2] The full text of the requests and Google's objections to Plaintiffs' RFPs are attached to Exhibits D and E to this letter-motion.

[3] The U.S. Department of Justice authorized MDL Plaintiffs to represent that it had no objection to sharing its reports with the MDL Plaintiffs.

The Honorable P. Kevin Castel
December 22, 2024
Page 5 of 7

> inconsistencies in Google's Rule 30(b)(6) and other fact witness testimony in this case." *Id.* at 6 (internal record citations omitted).

Since then, redacted excerpts of both Google's and DOJ's expert reports in EDVA have been filed publicly on that docket in that case in conjunction with *Daubert* and pre-trial briefing, and three of Google experts Chevalier, Israel, and Milgrom have testified at trial in that case regarding certain of their opinions. Expert discovery in the Texas case has concluded and the parties are in the midst of summary judgment briefing.

### B. The materials are relevant and should be produced.

Google has never contended that the opinions of its experts in the EDVA and Texas cases are irrelevant to the issues in this case. *See* Ex. D at 10-11; Ex. E at 8-9; *see also* Ex. A. To the contrary, it has repeatedly argued that the antitrust issues in these cases are related. *See supra* at 3. If its experts in those cases, who are offering testimony on behalf of Google, are taking positions inconsistent with those taken by its experts and fact witnesses here, MDL Plaintiffs are entitled to know that. And the plaintiffs' expert reports in those cases provide necessary context for any positions taken by Google's experts in those cases.

Google's previous arguments regarding the Coordination Order and discovery sequencing, and Magistrate Judge Anderson's ruling based on those arguments, are no longer relevant at this stage in the case. Plaintiffs have served their opening reports, and Google has already served its responsive expert reports in this case, so MDL Plaintiffs no longer could get a "sneak peek"—Google's principal complaint before Magistrate Judge Anderson.[4] *See* EDVA ECF 512. And Magistrate Judge Anderson himself has ordered piecemeal, partial excerpts of the EDVA expert reports to be filed publicly on the docket in EDVA. Access to the complete reports from that proceeding will only enhance the accuracy and efficiency of Plaintiffs' comparison of the positions taken by Google's experts in that case and in this one. Google has not—and cannot—identify any prejudice it suffers in the disclosure of expert reports from EDVA and Texas. By contrast, Plaintiffs suffer substantial prejudice in being denied material that is potentially directly relevant to impeachment of Google's experts here.

Plaintiffs' experts should have access to the full expert reports from the EDVA and Texas cases while preparing rebuttal reports because those expert reports—and any inconsistencies with the ones Google has served in the MDL—are probative of key issues in MDL Plaintiffs' rebuttal reports: the methods and data employed by Googles experts. And as Google appears to acknowledge (*see* Ex. A), expert discovery from the EDVA and Texas cases will require time for MDL Plaintiffs and their experts to digest. Delaying the turnover of expert discovery from those

---

[4] The reasoning of the principal case relied upon by Google in opposing Daily Mail and Gannett's motion for further coordination in EDVA, *Natixis Financial Products LLC v. Bank of America*, 2016 WL 7165981 (S.D.N.Y. Dec. 7, 2016), is inapplicable here. *See* EDVA ECF 512 at 6. There, the plaintiffs sought advance copies of expert reports from related cases *before* they had even begun to prepare their own. 2016 WL 7165981, at *4.

The Honorable P. Kevin Castel
December 22, 2024
Page 6 of 7

cases until just before depositions or trial examinations of Google's experts would result in sandbagging by Google and prejudice to Plaintiffs.  And because MDL Plaintiffs' experts have already put forward their opening opinions, access to the EDVA and Texas plaintiffs' reports would not generate unfair advantage but simply put Plaintiffs on equal footing with Google (whose experts have been able to tailor their reports to preemptively respond to rebuttal points raised in those other cases) and enhance their ability to conduct the litigation efficiently.

Google's new, contrived argument that they are apparently protecting Plaintiffs from themselves by saving them the effort of reviewing its voluminous expert reports from the EDVA and Texas proceedings is specious.  *See* Ex. A.  The opportunity to identify inconsistencies in the opinions of Google's experts and fact witnesses across the EDVA and Texas cases—particularly when it has used the exact same experts in those cases—is a baseline matter of fairness and furthers the truth-seeking function of these proceedings.  Further, Plaintiffs have collectively assumed enormous risk by investing tens of millions of dollars in expert work costs in this litigation.  In that light, any assertion that Plaintiffs lack strong incentives to work efficiently and to control the costs associated with the analysis of expert reports from EDVA and Texas strains credulity.

In sum, the current stage of the proceedings warrants the "further order" contemplated by the Coordination Order (ECF 564 at 14) and Google has no basis to continue withholding expert reports from EDVA and Texas.  The Court should enter the proposed order attached as Exhibit G modifying the Coordination order and compelling Google to produce the EDVA and Texas expert reports.

*       *       *

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed order attached as Exhibit B extending current case deadlines by 30 days and the proposed order attached as Exhibit G modifying the Coordination Order and compelling Google to produce the expert reports from the EDVA and Texas cases.  To the extent the Court deems it necessary, Plaintiffs respectfully request a conference or further briefing to resolve the foregoing issues promptly.

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

The Honorable P. Kevin Castel
December 22, 2024
Page 7 of 7

/s/ Scott Grzenczyk
Scott Grzenczyk
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415-981-4800
scottg@girardsharp.com

/s/ Serina M. Vash
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copies to:        All counsel via ECF.