```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW
YORK
-----------------------------------------------------------------x
```

IN RE: GOOGLE DIGITAL ADVERTISING                    21-md-3010 (PKC)
ANTITRUST LITIGATION

PRETRIAL ORDER NO. 16

```
-----------------------------------------------------------------x
```
CASTEL, Senior District Judge.

The Court has received plaintiffs' letter-motion to extend the deadlines for expert discovery and to compel the production of expert reports produced in related litigations, Google's letter in response and plaintiffs' reply letter.  (ECF 896, 897, 898.)

The Court rules as follows:

1. Plaintiffs' motion to extend existing deadlines will be granted with modification. On December 13, 2024, Google served plaintiffs with eleven expert reports totaling more than 4,000 pages, as well as 339 terabytes of supporting data.  (ECF 896 at 1.)  Plaintiffs report that the volume of data required "several days" to download.  (Id.)  They note that for each plaintiff group (Publishers, Daily Mail/Gannett, Advertisers and Inform) the number of Google expert reports exceeds those served by plaintiffs.  (Id.)

"A schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed. R. Civ. P.  Given the complexities of this case, the volume of expert materials served by Google and the timeliness of plaintiffs' motion, the Court concludes that there is good cause to modify the schedule as proposed by plaintiffs.

In opposition, Google urges that it would be prejudiced by the extension because trial in the Texas Action is scheduled to commence on March 31, 2025, which is the same date as the cut-off for expert discovery under plaintiffs' proposed revised schedule.  (ECF 897 at 4.)

Google states that the March 31 cut-off date would impede its experts' ability to adequately prepare for trial in the Texas Action. In response, plaintiffs state that any potential date conflicts "can almost certain [sic] be resolved cooperatively." (ECF 898 at 2.) Plaintiffs also state that Google's experts have had ample time to prepare for trial in the Texas Action and have already testified at trial in the E.D. Va. Action.

To lessen potential tension with the commencement of trial in the Texas Action, the Court will modify plaintiffs' proposed schedule to set the close of expert discovery for March 24, 2025.

2. Plaintiffs' motion to compel the production of expert reports in the Texas Action and the E.D. Va. Action will be granted.

Paragraph 7 of the Order Regarding Coordination of Discovery states:

> Expert Discovery shall not be shared between the Coordinated Cases pending further order. At least ninety (90) days before Google's expert reports are due in the MDL, the parties shall meet and confer over whether there are circumstances in which Expert Discovery may or should be shared between the Coordinated Cases. Google shall notify Virginia Plaintiffs at least twenty-four (24) hours in advance of serving an expert report in the MDL if Google serves such report before the due date in the MDL.

(ECF 564.) Plaintiffs report that the parties met and conferred "multiple times" before "Google finally made clear" on December 19 that it would not produce expert reports from the Texas and E.D. Va. Actions. (ECF 896 at 4.)

Plaintiffs urge that they should have access to the full texts of the expert reports in the related actions in order to evaluate the methods and data used by Google experts and identify potential inconsistencies between the opinions of Google's experts in this case and those offered by experts in the Texas and E.D. Va. proceedings. Plaintiffs further note that their own experts have already submitted their opening reports and Google has submitted its responsive reports in

2

this case, which would preclude them from "freeriding" or taking a tactical "sneak peek" at expert reports in the related cases. (ECF 898 at 3.)

Over Google's objections, on April 24, 2024, the Special Master overseeing discovery in the Texas Action granted the States' motion to compel production of expert reports in the E.D. Va. Action, concluding that Google would not be unfairly prejudiced by the production and that Google would have a full and fair opportunity to rebut the States' expert reports. (See ECF 896-3.)

In the E.D. Va. Action, on January 26, 2024, Magistrate Judge Anderson denied a motion brought by Gannett and Daily Mail to obtain the DOJ's expert reports in that case. (See 1/26/24 Tr., ECF 896-6.) Gannett and Daily Mail are non-parties to the E.D. Va. Action, and before Magistrate Judge Anderson, they argued that access to the DOJ's reports "are an efficient way" to access "the fact discovery analysis that will aid the additional similar fact discovery analysis that's going on in our case." (Id. at 9.) In opposition, Google argued that disclosing the DOJ expert reports would permit the plaintiffs in this action to prepare a "superset of expert reports" that incorporated the views of the DOJ's experts and "reissue them with their own spin on it, right." (Id. at 15, 18.) Magistrate Judge Anderson described the motion as "a somewhat close call" but concluded that Gannett and Daily Mail had not shown good cause premised on "want[ing] someone to lead you the way in doing what you need to do on an independent basis and preparing your expert reports and coming up with your opinions . . . ." (Id. at 29-30.)

The timing and posture of plaintiffs' current application is different from the application in the E.D. Va. Action, which was brought by non-parties to that case while fact discovery in this case was ongoing. Fact discovery in this case is now closed and plaintiffs have served their initial expert reports, obviating Google's earlier concern that prematurely obtaining

3

the expert reports in the E.D. Va. Action could lead to a "superset" of expert opinions here. The DOJ's claims have now been tried in the E.D. Va. and a decision is sub judice. Moreover, the motion in the E.D. Va. sought to access the DOJ's expert reports in order to guide plaintiffs' fact and expert discovery in this case, whereas plaintiffs now seek Google's expert reports in the related litigations to conduct a comparative analysis of the methods used by Google's experts in this case. Google points to the risk that plaintiffs' rebuttal reports could now incorporate "irrelevant" facts and claims from the Texas and E.D. Va. Actions. (ECF 897 at 7.) At this stage in the litigation, plaintiffs would do so at their peril.

Plaintiffs' motion to compel production of the expert reports and underlying data in the Texas and E.D. Va. Actions will be granted.

Plaintiffs' motion will denied to the extent that it proposes modification to the text of the Coordination Order. (See ECF 896-7.) Paragraph 7 of the Coordination Order already contemplated the sharing of expert materials contingent on a meet-and-confer requirement and further Order of the Court.

CONCLUSION

Plaintiffs' motion to extend modify the schedule is GRANTED. The amended deadlines are as follows:

| Event | Current Due Date | Revised Due Date |
|---|---|---|
| Plaintiffs' Rebuttal Expert Reports | January 17, 2025 | February 18, 2025 |
| Expert Discovery Cutoff | February 28, 2025 | March 24, 2025 |
| Pre-Motion Letter for Summary Judgment Motions | March 14, 2025 | April 14, 2025 |
| Class Certification Motion Due | March 14, 2025 | April 14, 2024 |

Plaintiffs' motion to compel production of expert reports in the Texas Action and the E.D. Va. Action is GRANTED. Within five business days of this Order, Google shall produce (1) all expert reports, errata, and backup materials from the United States v. Google LLC, No. 23-cv-0108-LMB-JFA (E.D. Va.); and (2) all expert reports, errata, and backup materials related to antitrust liability issues from State of Texas v. Google LLC, No. 20-cv-0957-SDJ (E.D. Tex.), except it may redact any specifically identifiable confidential information obtained from non-parties that were not produced in the MDL and, to avoid doubt, the foregoing redactions may not include redaction of data that originated with a non-party but has been aggregated with data of any other person.

The Clerk is respectfully directed to terminate the motion. (ECF 896.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      January 3, 2025