

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *In re Google Digital Advertising Antitrust Litigation*
       Case No. 1:21-md-3010-PKC

Dear Judge Castel:

Advertiser Plaintiffs respectfully submit this pre-motion letter for permission to file a motion requesting an order granting Advertiser Plaintiffs leave to submit supplemental reports from two of their experts: Dr. Douglas Zona and Dr. Hal Singer. The proposed reports would be submitted once the Court has resolved issues related to how the Court's January 24, 2025, Opinion and Order compelling two Advertiser Plaintiffs to arbitration (the "Arbitration Order") will impact the scope of the proposed Advertiser class. Resolving this issue now (*i.e.* whether Advertiser Plaintiffs may submit supplemental reports in the future at all) will clarify a critical issue moving forward in this case and avoid potential wasted judicial and party resources.

## Relevant Background

On October 4, 2024, Advertiser Plaintiffs submitted their opening expert reports, including from Dr. Zona and Dr. Singer, both of whom estimated damages to Google Ads users. Two weeks later, on October 18, 2024, Google filed its renewed motion to compel arbitration. The Court entered the Arbitration Order on January 24, 2025, only a few weeks before the February 18, 2025, deadline for expert reply reports.

The Arbitration Order compelled two of the three named Advertiser Plaintiffs—Michael Stellman and Cliffy Care Landscaping LLP—to arbitration, but did not address how arbitration would impact the scope of the proposed class or absent class members. Advertiser Plaintiffs understand that Google intends to oppose the inclusion of Google Ads users subject to arbitration in any class that Advertiser Plaintiffs may seek to certify.[1] Precisely how the Arbitration Order might impact absent class members is currently unknown, however, and subject to future litigation. For example, at this time it remains unclear whether a Google Ads user that opted out

---

[1] Even if the Court were to certify a class that included such Google Ads users, Google presumably would move for summary judgment as to the claims of the absent class member subject to arbitration.

Hon. P. Kevin Castel
March 13, 2025
Page 2

of arbitration for one version of the terms of service but not another would be subject to arbitration for all, none, or part of their claims.

Shortly after the Court entered the Arbitration Order, Advertiser Plaintiffs met and conferred about the timing of Advertiser Plaintiffs' anticipated supplemental reports conforming (*i.e.* reducing) their damages estimates to fit a class that excludes advertisers subject to arbitration. The supplemental reports would not employ any new methodologies; rather they would apply the experts' existing methodologies to a narrower class. Advertiser Plaintiffs explained that, given the timing of the Court's order, it was not feasible for them to perform such calculations before the February 18 reply report deadline. Google advised that, in any event, it would oppose including such analyses in Advertiser Plaintiff's reply reports and that Advertiser Plaintiffs should have calculated damages for a class that excludes Google Ads users subject to arbitration in their opening reports—even though at that time the Court had not compelled *any* advertisers to arbitration and Google had not even filed its renewed motion to compel arbitration.

Google has since taken the position that Advertiser Plaintiffs *can never* submit supplemental reports to modify their damages calculations once the class has been narrowed. Instead, Google has urged Advertiser Plaintiffs to dismiss their case due, in part, to its opposition to Plaintiffs' supplementation of expert reports. In Google's view, because Advertiser Plaintiffs cannot supplement their expert reports, at trial they will lack a classwide damages estimate for a narrowed class. Thus, Advertiser Plaintiffs' ability to supplement their expert reports, based on Google's position, presents a potentially dispositive issue in this case that should be resolved now.

**The Relief Requested**

Advertisers Plaintiffs request leave to brief whether Advertiser Plaintiffs will be permitted to submit supplemental expert reports conformed to the scope of the class when it becomes appropriate to do so. Specifically, Advertiser Plaintiffs request that they be permitted to submit supplement reports from Dr. Zona and Dr. Singer—limited to updating their damages calculations—once the scope of the Advertiser class, in light of the Arbitration Order, has been determined. Advertiser Plaintiffs seek this relief now to avoid a delay in resolving a potentially dispositive issue—an issue that, according to Google, may lead to dismissal of Advertiser Plaintiffs' case because they will lack a damage estimate for a narrower class. Google's position that it is too late, under any circumstances, for Advertiser Plaintiffs to supplement their expert reports necessitates resolution of this issue now, instead of later. If the issue of supplemental expert reports is as dispositive to this case as Google suggests it is, and could potentially terminate this litigation, the resolution of this issue now saves considerable judicial and party resources.

Advertiser Plaintiffs' request is well founded. Under Rule 26(e), parties must supplement or correct their disclosures or responses if the party learns that the disclosure or response at issue is incomplete or incorrect, due to new information. Fed. R. Civ. P. 26. In the context of expert reports, the duty to supplement arises if the expert subsequently learns of information that was previously unknown or unavailable, and that new information renders the information previously

Hon. P. Kevin Castel
March 13, 2025
Page 3

provided in the initial expert report inaccurate or misleading because it was incomplete. *Cedar Petrochems., Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011); *Sandata Techs., Inc. v. Infocrossing, Inc.*, No. 05 CIV. 09546LMMTHK, 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007).

District courts in the Second Circuit have approved of supplementation of expert reports in a wide range of circumstances, including supplementation required following entry of a summary judgement ruling (*Lassen v. Hoyt Livery, Inc.*, No. 13-CV-1529 (VAB), 2016 WL 7165716, at *4 (D. Conn. Dec. 8, 2016)), issuance of an opinion foreclosing plaintiff's damages theory (*Anthem, Inc. v. Express Scripts, Inc.*, 660 F. Supp. 3d 169, 185 (S.D.N.Y. 2023)), and the availability of new information changing the damages calculation (*Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009)).

The narrowing of the scope of the class due to arbitration-related issues will give rise to Advertiser Plaintiffs' Rule 26(e) duty and right to file supplemental expert reports to account for the change in the composition of the class. Advertiser Plaintiffs did not know that the scope of the class would change—or still do not know exactly how it will change—at the time their experts drafted initial expert reports, especially because the Court had denied Google's first motion to compel arbitration on March 1, 2024. *See* EFC 701. Thus, the Court's Arbitration Order and any later orders narrowing the class constitute new information that was previously unknown to Advertiser Plaintiffs when they submitted their opening expert reports.

Finally, Advertisers Plaintiffs will supplement expert reports in a permissible manner. Advertiser Plaintiffs' proposed supplemental reports will apply the same regression models presented by Advertisers' experts in the initial expert reports based on updated data that reflects the accurate scope of the class to calculate damages for class members that have not been compelled to arbitration. *See Sitts v. Dairy Farmers of Am., Inc.*, No. 2:16-CV-00287, 2020 WL 3467993, at *3 (D. Vt. June 24, 2020) (supplemental report that used the same regression methodology used in initial report was permitted). Advertisers' experts will not assert new theories of damages, but will simply update (*i.e.*, reduce) their previous damages calculations using the same methodology used in their initial reports. *Washington v. Kellwood Co.*, No. 05-CV-10034 (SN), 2016 WL 3920348, at *19 (S.D.N.Y. July 15, 2016) (permitting experts to update their conclusions in a way consistent with the methods used in their initial expert report).

*   *   *   *   *

For the foregoing reasons, Advertiser Plaintiffs respectfully request permission to file a motion for leave to submit supplemental expert reports from Dr. Zona and Dr. Singer, with supplementation to occur once the scope of the proposed Advertiser class has been determined.

Dated: March 13, 2025                              Respectfully submitted,

                                                   */s/ Dena C. Sharp*
                                                   Dena C. Sharp (pro hac vice)

Hon. P. Kevin Castel
March 13, 2025
Page 4

        Jordan Elias (pro hac vice)
        Scott Grzenczyk (pro hac vice)
        Mikaela Bock (pro hac vice)
        **GIRARD SHARP LLP**
        601 California Street, Suite 1400
        San Francisco, CA 94108
        Tel: (415) 981-4800
        Fax: (415) 981-4846
        dsharp@girardsharp.com
        jelias@girardsharp.com
        scottg@girardsharp.com
        mbock@girardsharp.com

        Tina Wolfson (TW-1016)
        Theodore W. Maya (pro hac vice)
        Bradley K. King (BK-1971)
        **AHDOOT & WOLFSON, PC**
        2600 West Olive Ave., Suite 500
        Burbank, California 91505
        Tel.: (310) 474-9111
        Fax: (310) 474-8585
        twolfson@ahdootwolfson.com
        tmaya@ahdootwolfson.com
        bking@ahdootwolfson.com

        *Interim Co-Lead Counsel for Advertiser*
        *Plaintiffs and the Proposed Advertiser Class*