**Discovery Steering Committee**
**In re Google Digital Advertising Antitrust Litigation**

May 30, 2025

**VIA ECF**
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

*In re Google Digital Advertising Antitrust Litigation*
Case No. 1:21-md-03010 (PKC)

Dear Judge Castel:

On behalf of MDL Plaintiffs, we request leave to file motions under Federal Rule of Civil Procedure 37(e) seeking an adverse inference against Google based on its spoliation of relevant evidence and systematic misuse of attorney-client privilege. Google's misconduct involves:
- its deliberate scheme to encourage its employees to use instant messaging software (Google Chat) set automatically to delete messages even for employees subject to litigation holds;
- its failures to ensure relevant individuals complied with litigation holds; and
- its policy to mislabel sensitive business communications as "privileged and confidential" to attempt to shield them from discovery.

Multiple courts have found Google's litigation misconduct to be sanctionable, and this Court should as well. No conference is scheduled at this time.

**I.  Google's Intentional Spoliation**

Google encourages an "instant messaging culture" in which its employees "rely pretty heavily on chat history for day-to-day work," often using Google Chat "interchangeably with email." Ex. 1, GOOG-AT-MDL-019569563 at -563. Google Chat contains a "history" function that preserves messages for a specified length of time. However, when that function is turned off, chats are automatically deleted after 24 hours.

On September 16, 2008, Kent Walker, then Google's General Counsel and now Alphabet's President of Global Affairs and chief legal officer, sent a company-wide memo announcing that under Google's new corporate policy, the "history" function would be turned off by default. As a result, all chats were automatically deleted after 24 hours. Walker's memo

Hon. P. Kevin Castel
May 30, 2025
Page 2 of 10

stated: "To help avoid inadvertent retention of instant messages, we have decided to make 'off the record' the Google corporate default setting." *Id.*[1]

Walker's memo explicitly stated Google's motivations for the change: because "Google continues to be in the midst of several significant legal and regulatory matters" and will "keep facing these kinds of challenges," Google employees should "write carefully and thoughtfully" "about hot topics," because "anything you write can become subject to review in legal discovery" and "inevitably creates problems in litigation." *Id.* In last year's related government action in the Eastern District of Virginia ("EDVA Case"), Judge Brinkema characterized the "Walker memo" as an "incredible smoking gun[]" evidencing Google's attempts "to hide relevant information going back to 2008." Ex. 2, Hr'g Tr. at 15:9-20, *United States v. Google LLC*, No. 23-cv-108 (E.D. Va. Aug. 27, 2024), ECF 1279. Judge Brinkema also noted: "There are a whole bunch of problems with how Google approached the preservation of evidence in this case." *Id.*

Google's duty to take "reasonable steps to preserve" documents, Fed. R. Civ. P. 37(e), arose no later than February 2019, when the United Kingdom and others began to investigate Google's ad tech monopoly. "The duty to preserve attaches at the time that litigation is reasonably anticipated. Although this commonly occurs at the time a complaint is filed, it can also arise earlier." *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 289 (S.D.N.Y. 2009) (citations omitted); *Gerlich v. U.S. Dept. of Justice*, 711 F.3d 161, 171 (D.C. Cir. 2013) (duty to preserve "triggered . . . by a reasonably foreseeable Department [of Justice] investigation").

Google has acknowledged that at least as early as December 2019, it had a duty to preserve chats and chat history regarding ad tech "because of active and ongoing government investigations that could ripen into litigation." Ex. 3, Google Memo. in Opp. to Mot. to Compel at 10, *United States v. Google LLC*, No. 23-cv-108-LMB (E.D. Va. June 2, 2023), ECF 245. Indeed, Google has stated that it had become "very concerned" and had initiated several projects to develop and evaluate potential remedies that "would never have been undertaken if [Google] did not anticipate litigation." *Id.* at 10-11 (alteration in original). And setting aside the government investigations, Google's duty to preserve chats and chat history regarding ad tech indisputably arose when Inform, Inc. (whose case was consolidated in this MDL) filed suit on

---

[1] Although the new default setting could be overridden, Walker's memo discouraged employees from preserving chats and placed the burden of doing so on employees, even if they were subject to a litigation hold order. *Id.* Subsequent internal communications confirm that Google changed the default setting expressly to prevent the discovery of chats in litigation. Ex. 4, GOOG-AT-MDL-008029558 at -558 ("Chats with *history off* are not retained, nor discoverable, and only exist for 24 hours. This can't be changed"); Ex. 5, GOOG-DOJ-05446651 at -657 ("The assumption is that users often turn History off to discuss sensitive topics"); *id.* at -663 ("whenever History is Off . . . there's a higher likelihood that sensitive information is being discussed").

Hon. P. Kevin Castel
May 30, 2025
Page 3 of 10

November 25, 2019.  *See* Complaint, *Inform Inc. v. Google, et al.*, No. 1:19-cv-05362-JPB (N.D. Ga. Nov. 25, 2019), ECF 1.

  Once Google anticipated litigation, it was required to preserve chats and chat history. "[T]he preservation obligation is not limited simply to avoiding affirmative acts of destruction. Since computer systems generally have automatic deletion features that periodically purge electronic documents such as e-mail, it is necessary for a party facing litigation to take active steps to halt that process."  *Convolve, Inc. v. Compaq Comput. Corp.*, 223 F.R.D. 162, 175-76 (S.D.N.Y. 2004).

  Google willfully defied its obligations and continued to delete chats and chat history automatically.  Indeed, on multiple occasions Google revised its chat retention policies after its duty to preserve attached while maintaining automatic deletion for "off the record" chats, even for employees subject to litigation holds.  For example, Google's October 2021 revisions to its chat-retention policies specifically noted: "Turning history 'on' or 'off' applies only to messages sent after that change.  For example, if you send or receive messages while history is 'off' and then you turn it 'on,' the pre-existing messages will only be retained for 24 hours." Ex. 6, GOOG-AT-MDL-009709522 at -522.[2]

  By placing the onus of document preservation on its employees and not taking reasonable steps to preserve those documents, Google violated Rule 37(e).  *See VOOM HD Holdings LLC v. EchoStar Satellite L.L.C.*, 93 A.D.3d 33, 44 (1st Dep't 2012) ("EchoStar's reliance on its employees to preserve evidence 'does not meet the standard for a litigation hold.'").[3]  As set forth in *Zubulake v. UBS Warburg LLC*, "it is *not* sufficient to notify all employees of a litigation hold and expect that the party will then retain and produce all relevant information.  Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched."  229 F.R.D. 422, 432 (S.D.N.Y. 2004) (emphasis in original).

---

[2] Google employees routinely derided Google's automatic deletion policy, considering it to be "inconvenient," "at odds with external messaging," "genuinely impact[ing] productivity," and "ungoogley."  Ex. 7, GOOG-DOJ-01270484 at -486.  For example, any Chat sent on a Saturday is deleted by Monday, regardless of whether the recipient actually viewed the message.  Ex. 8, GOOG-DOJ-07515462 at -462 ("Going to try and summarize the discussion I had over chat Monday afternoon . . . which sadly has been lost to the Pit Of Chat-History-Off-By-Default").  The only plausible explanation for adopting such a retention policy is that Google desired to avoid discovery.  Ex. 9, GOOG-AT-MDL-008029131 ("I keep turning history off unintentionally[.] . . . I believe that's behavior we implemented to temporarily work around compliance issues").

[3] "EchoStar continued to permanently delete employee e-mails for up to four months after the commencement of the action, relying on employees to determine which documents were relevant in response to litigation, and to preserve those e-mails by moving them to separate folders." *Id.* at 40.

Hon. P. Kevin Castel
May 30, 2025
Page 4 of 10

Google never monitored the conduct of its employees to ensure their compliance with litigation hold orders or disabled auto-deletion policies with respect to its employees who were subject to those orders. Several Google employees testified that they never turned on chat history or received any instruction to do so, even when subject to a litigation hold:

- Ex. 10, Neal Mohan Dep. Tr. (Oct. 30, 2023) at 114:15-115:2 ("I probably went with whatever the default was").
- Ex. 11, Jonathan Bellack Dep. Tr. (Nov. 16, 2023) at 353:2-17 ("Q. At any point from 2008 to 2018 . . . did you change your Google chat's default to history on?" A. "No.").
- Ex. 12, Brad Bender Dep. Tr. (June 19, 2024) at 213:2-11 ("I would have left it at whatever the default was" and "I don't recall" "receiving instructions on when to toggle that on so as to save chats").
- Ex. 13, ████████ Dep. Tr. (June 13, 2024) at 54:2-55:16 ("I don't recall a specific training on that, no").

Google has acknowledged that when it surveyed nine employees to determine whether they had preserved chats and chat history when discussing topics covered by a litigation hold order, eight (or 89%) acknowledged that they did not regularly do so. Ex. 14, Letter from E. Mahr to J. Tarver Wood (Nov. 8, 2023) at 3. "In effect, Google adopted a 'don't ask, don't tell' policy for Chat preservation, at the expense of its preservation duties." *In re Google Play Store Antitrust Litig.* ("*Google Play I*"), 664 F. Supp. 3d 981, 993 (N.D. Cal. 2023).

In February 2023, Google ceased its automatic deletion of chats for employees covered by litigation hold orders. But from at least as early as November 2019 and continuing to February 2023, Google failed to take the reasonable steps necessary to satisfy its duty to preserve the chats and chat history of its employees. For more than three years, Google had reasonably anticipated litigation, and was a defendant in multiple class actions and government enforcement actions. Yet it continued to automatically delete sensitive chats even for personnel subject to litigation holds. As a result, years of relevant chats are lost forever. Indeed, in the parallel litigation pending in the Eastern District of Texas, the States' expert concluded (and Google did not contest) that fully *87% of chats* in the available logs were sent with the chat history toggled to "Off." Ex. 15, States' Reply in Support of Motion for Spoliation Sanctions at 2, *State of Texas v. Google LLC*, No. 4:20-cv-00957-SDJ (E.D. Tex. Jan. 21, 2025), ECF 778.

## II.     MDL Plaintiffs Will Demonstrate That An Adverse Inference Is Warranted

Google and its employees have engaged in conduct that was intended to and did result in the spoliation of chats and chat history that the MDL Plaintiffs would have used in this litigation. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

The Court may impose an adverse inference on a party if it finds "that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Google's misconduct merits imposing an adverse inference. Google "did not

Hon. P. Kevin Castel
May 30, 2025
Page 5 of 10

intentionally take any steps to preserve" this large swath of highly relevant evidence, demonstrating its intent to deprive the MDL Plaintiffs of that information. *Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 582 (S.D.N.Y. 2017). Google's intent to deprive "can be inferred" because it "significantly failed in its obligation to preserve and collect documents." *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 175 (S.D.N.Y. 2022).

There is ample direct evidence of Google's intent to spoliate evidence. For example, Google employees avoided discussing certain subjects on email, including Google's practices with respect to various ad tech products and competition concerns related thereto. Had those subjects been discussed in emails, those documents would have been preserved. Instead, by conducting those discussions in chats, those communications were automatically deleted by default and lost forever. Examples of Google employees deliberately avoiding communicating in media that would be retained and ultimately be discoverable include:

- "Let's not talk about markets and market share via email." Ex. 16, GOOG-DOJ-01849929 at -929.
- "We should avoid any suggestion that our intent is to directly impact header bidding, when a publisher uses on our stack. We should assume that every document (and email) we generate will likely be seen by regulators." Ex. 17, GOOG-AT-MDL-008991249 at -249.
- "Btw, this is also sensitive from a competition perspective so one should be careful about notes :)". Ex. 18, GOOG-DOJ-AT-00597161 at -161.

When discussing Google's ad tech business on chat, Google employees turned off chat history, pressured others to do so, and created separate chat rooms purposely excluding individuals subject to litigation hold orders. Google employees, including several who were deposed in this case, led Google's efforts to spoliate relevant evidence. Google's conduct demonstrates the intentional deletion of chats and chat history regarding ad tech and the conduct directly at issue in this case. At a minimum, that conduct precludes summary judgment in Google's favor. *See Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998) (Cabranes, J.) ("[T]he intentional destruction of relevant evidence by the opposing party may push a claim that might not otherwise survive summary judgment over the line. In the absence of such a result, as noted above, the purposes of the adverse inference are eviscerated."). And the Court should "instruct the jury that it may or must presume the information [likely contained within the spoliated chat messages] was unfavorable to" Google. Fed. R. Civ. P. 37(e)(2)(B).

Representative examples of Google's misconduct with respect to chats and chat history are summarized below. The MDL Plaintiffs will submit additional evidence of Google's wrongdoing should the Court grant their request for leave to move for an adverse inference.

- 4/4/16: "omg have you heard about the adx thing the lowering of floors I'm sick just thinking about it"; "?"; "you really haven't heard of this? It's confidential so maybe best not to do this over chat"; "no if its confidential it is chat no?"; "it is chat?"; "as in this is

Hon. P. Kevin Castel
May 30, 2025
Page 6 of 10

- OTR"; "What's OTR? 😊"; "off the record"; "oh" [end of Chat] (Ex. 19, GOOG-AT-MDL-B-004376995 at -997-98).
- 8/13/20: "also, maybe start an off the record ping[4] thread with Duke, you, me about this and lets the 3 of us get on the same page about what, if anything, we (sell-side) should do about it"; "k kicking off now" [end of Chat] (Ex. 20, GOOG-AT-MDL-B-004008622 at -624).
- 9/16/20: "Should i send an email to Duke & Naomi right now on this [. . .] or too sensitive for email so keep on ping?"; "start a ping with history turned off duke, naomi, alex, me"; "k" [end of Chat] (Ex. 21, GOOG-DOJ-AT-01828942 at -942-43).
- 10/29/20: "do you know if our pings are privileged / discoverable?"; "we should turn history off" [end of Chat] (Ex. 22, GOOG-AT-MDL-014680318 at -320).
- 6/11/21: "Please keep history off on this legally sensitive chat room" (Ex. 23, GOOG-AT-MDL-010777654 at -656).
- 11/10/21: "ok for me to keep history on here? need to keep some info for memory purposes 😊"; "unfortunately, I'm not supportive of turning history on. The discussion that started this thread gets into legal and potentially competitive territory, which I'd like to be conscientious of having under privilege. So that you're aware, when history is on, it's discoverable. Sometimes that's totally fine but I'd like to stick to the default of history off. Thanks" [end of Chat] (Ex. 24, GOOG-AT-MDL-010366478).
- 2/10/23: "why cannot i turn off history for your chats?"; "😊 new special awesome feature of chatting w/ me"; "you serious?"; "its always on the record yes"; "lol"; "i have no control over it"; "wtf"; "blame the DOJ"; "also on emails?"; "emails, docs, chat, probably the toilet paper i wipe my …"; "maybe you wanna tell ppl?"; "i mean its ok all we ever talk about is how to do the best thing for end users and build a great, fair, diverse ecosystem filled with strong competition PLUS save kittens" (Ex. 25, GOOG-AT-MDL-008588679 at -680-82).

Moreover, because spoliation typically involves the destruction of evidence that might prove malicious intent, "circumstantial evidence may be accorded equal weight with direct evidence, and standing alone may be sufficient to support even a determination that requires proof beyond a reasonable doubt." *CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 500 (S.D.N.Y. 2016) (citation omitted). Google's intent to deprive is laid bare by its decision to automatically delete chats so that they would not be preserved for litigation and to not change that policy in the face of litigation holds, as well as its choice to shift its duty to preserve such evidence onto employees (many of whom were apparently never instructed to preserve their chats, and who in all events frequently failed to do so). Google manifestly failed to satisfy its duty to preserve relevant evidence.

Multiple courts have found that Google's willful destruction of Chat messages amounts to sanctionable misconduct. In *In re Google Play Store Antitrust Litig.*, No. 21-md-02981-JD (N.D. Cal.) ("*Google Play*"), Judge Donato—presented with much of the same evidence MDL Plaintiffs intend to introduce here—determined that "a permissive adverse inference jury

---

[4] "Ping" refers to a Chat message.

Hon. P. Kevin Castel
May 30, 2025
Page 7 of 10

instruction is a reasonable and proportionate remedy to Google's intentional failure to preserve relevant evidence." Ex. 26, Pretrial Order for *Epic* and *Match* Trial at 3, *In re Google Play Store Litig.*, No. 21-md-029810-JD (N.D. Cal. Oct. 20, 2023), ECF 700. And in the DOJ's case challenging Google's online search monopoly, Judge Mehta also found that "Google's failure to preserve chat massages might" well "warrant" sanctions. *United States v. Google LLC*, 747 F. Supp. 3d 1, 187 (D.D.C. 2024) ("*Google Search*"). And in her post-trial opinion in the DOJ's case in the Eastern District of Virginia challenging Google's ad tech monopolies, Judge Brinkema likewise observed that Google's "systemic disregard of the evidentiary rules regarding spoliation of evidence . . . may well be sanctionable." *United States v. Google LLC*, 2025 WL 1132012, at *47-48 (E.D. Va. Apr. 17, 2025) ("EDVA Op.").

### III. Google's Systematic Abuse of Privilege Also Supports An Adverse Inference

MDL Plaintiffs will also seek discovery sanctions based on Google's systematic abuse of privilege through its so-called "Communicate with Care" policy. As Judge Donato described in his order sanctioning Google for failing to preserve Chat messages, "the 'Communicate with Care' training gave specific instructions to Google employees about strategies for seeking to make their emails and other communications 'protected by the attorney-client privilege.'" *Google Play I*, 664 F. Supp. 3d at 985. Through this program, "Google trained its employees to add its in-house lawyers" to emails "dealing with a sensitive issue" in order to shield "faux privileged materials" from discovery. *Google Search*, 747 F. Supp. at 186 (noting that "Google employees assiduously followed that advice"). Some Google in-house counsel adopted a pithy name for the "Communicate-with-Care" policy: "fake privilege." *In re Google Play Store Antitrust Litig.* ("*Google Play II*"), 2024 WL 3302068, at *14 (N.D. Cal. July 3, 2024).

The discovery record in this case is replete with Google's abuse of privilege. Google personnel repeatedly admonished each other to mark communications as "legally privileged" and be "mindful of how we communicate," given that Google was "under scrutiny" and that its non-Chat communications would "likely be reviewed by outside folks." Ex. 27, GOOG-AT-MDL-019651589 at -589-90 (admonishing employees to avoid the use of the word "circumvention" with respect to UPR); *see also* Ex. 28, GOOG-DOJ-AT-01132905 at -905 (adding a "PRIVILEGED and CONFIDENTIAL" header and reminding employees to "communicate with care" and "avoid any suggestion that our intent is to directly impact header bidding. . . . We should assume that every document (and email) we generate will likely be seen by regulators").

This practice went to the very top: Google CEO Sundar Pichai testified in *Google Play* that he "marked e-mails privileged, not because [he was] seeking legal advice but just to indicate that they were confidential." Ex. 29, Trial Tr. (Vol. 7) at 1321:17-24, 1323:5-17, *In re Google Play Store Litig.*, No. 21-md-02981-JD (N.D. Cal. Dec. 6, 2023), ECF 840; *cf. Google Play I*, 664 F. Supp. 3d at 993 (noting the "intentionality manifested at every level within Google to hide the ball with respect to Chat"). And Google has repeatedly attempted to leverage its pretextual privilege claims to resist production: In the *Google Search* case, Google "withheld tens of thousands records on the grounds of privilege, which ultimately were re-reviewed, deemed not privileged, and produced" after DOJ moved to compel. *Google Search*, 747 F. Supp. 3d at 186. Likewise, in the EDVA Case, Google was forced to retract privilege designations of

Hon. P. Kevin Castel
May 30, 2025
Page 8 of 10

"Communicate-with-Care" documents after DOJ moved for *in camera* review. *See* Ex. 2, Hr'g Tr. at 26:4-12, *United States v. Google LLC*, No. 23-cv-108-LMB (E.D. Va. Aug. 27, 2024), ECF 1279; *see also id.* at 25:14-18 (Google belatedly produced 40,000 "deprivileged" documents).

As with Google's spoliation of Chat evidence, multiple courts have condemned Google for (in Judge Donato's words) its "frankly astonishing abuse of the attorney-client privilege designation to suppress discovery." *Google Play II*, 2024 WL 3302068, at *14. Judge Mehta remarked that "the court is taken aback by the lengths to which Google goes to avoid creating a paper trail for regulators and litigants." *Google Search*, 747 F. Supp. at 187. And Judge Brinkema held that Google's "misuse of the attorney-client privilege may well be sanctionable," based on the myriad examples where "Google executives and employees," including chief legal officer Kent Walker, "routinely labeled emails as attorney-client privileged even though the emails clearly did not involve privileged communications." EDVA Op., 2025 WL 1132012, at *47-48; *see also* Ex. 2, Hr'g Tr. at 27:17-25, *United States v. Google LLC*, No. 23-cv-108-LMB (E.D. Va. Aug. 27, 2024), ECF 1279 (labeling Google's practice of "[s]lapping on" counsel to "routine email messages" "a clear abuse of the privilege," and stating that "the Communicate-with-Care policy . . . is not the way in which a responsible corporate entity should function").

Google's contempt for its discovery obligations merits sanctions, as the court ordered in *Google Play* and as the courts in *Google Search* and the EDVA Case held would be warranted. Notably in *Google Play*, where the matter went to a jury, an adverse instruction was given; both *Google Search* and the EDVA Case proceeded as bench trials. Indeed, in each of the latter cases, the court only held back because an adverse inference would have been superfluous given the liability finding. *See* EDVA Op., 2025 WL 1132012, at *48 (declining to "adopt an adverse inference or otherwise sanction Google for spoliation at this juncture" because Google had already been found liable based on the available trial evidence); *Google Search*, 747 F. Supp. 3d at 187 (sanctions would not "move the needle on the court's assessment of Google's liability," but warning that "[t]he court's decision not to sanction Google should not be understood as condoning Google's failure to preserve chat evidence."). As Judge Mehta remarked, "Google avoided sanctions in this case. It may not be so lucky in the next one." *Google Search*, 747 F. Supp. 3d at 187.

This case is the "next one." Indeed, the only reason that the courts in *Google Search* and EDVA Case exercised forbearance is not applicable here, because there is not yet a liability finding. If the jury decides liability, it should be given an adverse inference instruction due to Google's spoliation and abuse of privilege. At a minimum, Google should be denied summary judgment on the same grounds. *See Kronisch*, 150 F.3d at 128 (reversing summary judgment to defendant based on evidence of spoliation); *Buskey v. Bos. Mkt. Corp.*, 2006 WL 2527826, at *9 (E.D.N.Y. Aug. 14, 2006) ("denial of summary judgment is a warranted sanction" for "spoliation of evidence"). This should be particularly true as to issues where Google asserts that Plaintiffs lack evidence on issues that may have been touched by its spoliation. *See, e.g.*, ECF 949, 950, 951, 952.

Hon. P. Kevin Castel
May 30, 2025
Page 9 of 10

What is more, public reports reveal that Google has been "unfazed" by its serial judicial rebukes, recently awarding a record $30 million payday to chief legal officer Walker – the architect of Google's "Communicate-with-Care" program and the author of its policy to automatically destroy Google Chat history. *See* Ex. 30, Greg Andrews, *Unfazed by Losing Antitrust Suits, Alphabet Makes Kent Walker First US GC to Break $30M Pay Barrier*, LAW.COM (Apr. 28, 2025), https://www.law.com/corpcounsel/2025/04/28/unfazed-by-losing-antitrust-suits-alphabet-makes-kent-walker-first-us-gc-to-break-30m-pay-barrier/. Google's hubris and pattern of discovery misconduct should not be met with leniency.

\*   \*   \*

MDL Plaintiffs respectfully request leave to move for an adverse inference. As the foregoing demonstrates, the motion would be meritorious and raise significant issues that require resolution by the Court. This motion is also timely: discovery closed on September 13, 2024 (*see* Order of August 19, 2024) and expert discovery closed on April 18, 2025 (*see* Order of March 14, 2025). That discovery provided the information necessary to litigate Google's spoliation and abuse of privilege, and the appropriate remedies therefor.

Because MDL Plaintiffs' request for an adverse inference may bear on issues in Google's proposed summary judgment motions, MDL Plaintiffs request that motions for an adverse inference be due July 1, with Defendants' opposition due August 15, and reply briefs due September 15, 2025. Because each Plaintiff group is entitled to a separate trial under 28 U.S.C. § 1407 and may be responding to separate summary judgment motions by Google, MDL Plaintiffs also request that each Plaintiff group be permitted to submit a separate motion, which will ensure that any relief requested therein will be tailored to the respective movants. To the extent necessary to resolve the foregoing issues, Plaintiffs respectfully request a conference.

Hon. P. Kevin Castel
May 30, 2025
Page 10 of 10

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-446-2390
pkorologos@bsfllp.com

*/s/ Scott Grzenczyk*
Scott Grzenczyk
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415-981-4800
scottg@girardsharp.com

*/s/ Serina M. Vash*
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue #131
Westfield, New Jersey 07090
Telephone: 404-504-6516
svash@hermanjones.com

*MDL Plaintiffs' Discovery Steering Committee*

Copies to:    All counsel via ECF.