# Exhibit 15

**\*FILED UNDER SEAL\***

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

The State of Texas, et al.,

                    Plaintiffs,

v.                                                        Case No. 4:20-cv-00957-SDJ

Google LLC,                                    Hon. Sean D. Jordan

                    Defendant.


## PLAINTIFF STATES' REPLY IN SUPPORT OF MOTION FOR SPOLIATION SANCTIONS

**\*FILED UNDER SEAL\***

<u>**TABLE OF CONTENTS**</u>

I.     UNDISPUTED FACTS .................................................................................................... 1

II.    ARGUMENT ................................................................................................................... 2

    A.    The States established that Google violated Fed. R. Civ. P. 37(e) by deleting Chats.......................................................................................................... 2

        1)    Google's duty to preserve Chats was triggered multiple times ................ 2

        2)    Google deleted relevant Chats essential to the States' claims. ................. 4

        3)    Google didn't take reasonable steps to preserve Chats............................. 5

        4)    The deleted Chats cannot be restored or replaced. ................................... 6

    B.    Google's spoliation of Chats was intentional and in bad faith. ........................... 7

    C.    The States' Motion was timely; Google did not disclose its policies and practices. ............................................................................................................... 7

*FILED UNDER SEAL*

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ala. Aircraft Indus., Inc. v. Boeing Co.*, 2017 WL 930597 ............................................................ 3

*Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772 (N.D. Tex. 2011)...................................... 2, 4

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 769 F. Supp. 2d 269 (S.D.N.Y. 2011).................................................................................................................................... 3

*Coastal Bridge Co. v. Heatec, Inc.*, 833 F. App'x 565 (5th Cir. 2020) ........................................... 3

*DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839 (N.D. Ill. 2021) ........ 5, 6

*Edwards v. Junior State of Am. Found.*, No. 4:19-CV-140-SDJ, 2021 WL 1600282 (E.D. Tex. Apr. 23, 2021)............................................................................................................................. 2

*In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 6:11-MD-2299, 2014 WL 2872299 (W.D. La. June 23, 2014) .......................................................................................................................... 3

*In re Enron Corp. Sec., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942 (S.D. Tex. 2010) ...... 3, 5

*In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981 (N.D. Cal. 2023)........................ 6, 7

*LendingTree, LLC v. Zillow, Inc.*, 2014 WL 1309305 (W.D.N.C. Mar. 31, 2014)........................... 3

*Lou v. Lopinto*, No. CV 21-80, 2022 WL 16685539 (E.D. La. Nov. 2, 2022)................................. 7

*Mahnke v. Washington Metro. Area Transit Auth.*, 821 F. Supp. 2d 125 (D.D.C. 2011) ............... 4

*Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300 (D. Del. 2013) ........................................ 7

*Owens v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 695 F. Supp. 3d 750 (M.D. La. 2023)................................................................................................................ 5, 7

*Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 621 F. Supp. 2d 1173 (D. Utah 2009).............. 3

*Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284 (S.D.N.Y. 2009) ......................... 7

**\*FILED UNDER SEAL\***

*Stevenson v. Union Pac. R. Co.*, 354 F.3d 739 (8th Cir. 2004) ........................................................ 4

*Swofford v. Eslinger*, 671 F. Supp. 2d 1274 (M.D. Fla. 2009) ........................................................ 6

*U.S. v. Google LLC*; ---F. Supp.---, 2024 WL 3647498 (D.D.C. Aug. 5, 2024) ........................ 6, 7

*Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) .................................................. 5

**Rules and Statutes**

FED. R. CIV. P. 37 ........................................................................................................................5

*FILED UNDER SEAL*

**TABLE OF EXHIBITS**

| Appendices | Description |
|---|---|
| A | Exemplar Chat Conversations |
| B | Summary of State Plaintiffs' Litigation Hold and Retention Policies |

| Exhibit No. | Description |
|---|---|
| 1 | Email Conversation Produced by Google, dated 11/7/2014 (GOOG-NE-073 85056) |
| 2 | Chat Conversation and Attachments Produced by Google, dated 03/14/2019 (Ex. 2A: GOOG-AT-MDL-B-004290158, Ex. 2B: GOOG-AT-MDL-B-0042 90161, Ex. 2C: GOOG-AT-MDL-B-004290164) |
| 3 | Chat Conversation Produced by Google, dated 05/24/2018 (GOOG-DOJ-AT -02226370) |
| 4 | Internal Document Produced by Google, dated 11/30/2020 (GOOG-AT-MD L-016925554) |
| 5 | Internal Document Produced by Google, dated 06/02/2020 (GOOG-DOJ-AT -01509153) |
| 6 | Internal Document Produced by Google, dated 12/15/2020 (GOOG-AT-MD L-016488832) |
| 7 | Internal Document Produced by Google, dated 07/29/2021 (GOOG-DOJ-AT -02261785) |
| 8 | Internal Document Produced by Google, dated 10/31/2022 (GOOG-AT-MD L-019097789) |
| 9 | Internal Document Produced by Google, dated 06/09/23 (GOOG-AT-MDL-0 12697365) |
| 10 | When to "Reasonably Anticipate" a Government Investigation, by published in American Bar Association, Criminal Litigation, Volume 11, Number 3, Sp |

**\*FILED UNDER SEAL\***

| Exhibit No. | Description |
|---|---|
|  | ring 2011 (chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.wiggin.com/wp-content/uploads/2019/09/21020_when-to-reasonably-anticipate-a-goverment-investigation-l-aba-l-criminal-litigation-l-hoff-shonka.pdf) (last visited Jan. 13, 2025) |
| 11 | Testimony of Kent Walker, November 16, 2023, *In re Google Play Store Antitrust Lit*, No. 21-md-02981-JD (N.D. Cal.). |
| 12 | Alphabet Inc's Form 10-Q, for the quarterly period ended Sept. 30, 2024 (chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://abc.xyz/assets/94/93/52071fba4229a93331939f9bc31c/goog-10-q-q3-2024.pdf) (last visited Jan. 13, 2025) |
| 13 | Excerpt from Deposition of Jacob Hochstetler, Dec. 16, 2024 |

The Court should sanction Google for intentionally deleting millions of relevant Chat messages over more than a decade in blatant violation of its duty to preserve. To save itself, Google repeats arguments the Court has already heard: that (1) it had no obligation to preserve Chats while enforcers investigated its ad tech business; (2) none of the millions of deleted Chats were relevant; and (3) the Court should turn a blind eye because the States took too long to uncover Google's spoliation. All are unpersuasive, fail to address or concede Google's refusal to engage in appropriate Chat preservation, and ignore the magnitude of its conduct in favor of pointing at the clock, the States, anything besides Google to avoid culpability. The Court should not allow it.

## I.    UNDISPUTED FACTS

Google does not contest the most critical facts in the States' motion. It does not dispute that employees routinely use Chat to "communicate and collaborate," that every Chat message can be History "On" or "Off" (changing how the Chat is retained), that the default Chat History setting was "Off" until 2023, and that Chats are deleted unless both: (1) History is set to "On" *and* (2) a litigation hold is implemented. Dkt. 757 at 2-3; *see* Dkt. 693 at 7-8, Dkt. 693-1, -2.

Google also does not dispute it was aware of and involved in multiple ad tech investigations and litigation from government enforcers from 2006-2019, and that it withheld relevant, responsive documents based on privilege from as far back as 1999. *See* Dkt. 693 at 6, 10-11. Google's Chief Legal Counsel sent a company-wide "smoking gun" memorandum explaining why Google was changing the default Chat History to "Off": to reduce the number of preserved documents that could be produced in litigation, which has since been described as a "very clever approach to try to hide relevant information." *See* Dkt. 693 at 2-3; *see* Dkt. 693-16 at 8. Its Communicate with Care training instructed employees to move important conversations "off the record," and it did not audit employees' Chat usage or compliance with litigation holds. *See* Dkt.

**\*FILED UNDER SEAL\***

693 at 3. It left key preservation decisions to lay employees, slowly placed them on holds over the course of five years, and did not remove their ability to turn History "Off" until 2023, even though it could have years earlier. Dkt. 693 at 2, n.28; Dkt. 693-23; *see* Ex. 1. Most damning, its employees were abusing History "Off" or being confused by the History setting (*see* Dkt. 693-3, -5, -6, -8 ¶¶ 9, 11, 13-15; *see* Dkt. 693-40, -41, App'x. A, Ex. 2A-C) at the same time that Google reassured the States that it was taking "reasonable and appropriate steps" to ensure compliance with holds. Dkt. 545-5 at 5. And it does not contest Professor Hochstetler's conclusion that 87% of Chats in the available Chat logs were sent with History "Off" (Dkt. 693-8 at 4) or contravene Mr. Grande's conclusions that it violated e-Discovery standards. *See* Dkt. 693-40, -41.

## II.   ARGUMENT

The Court and the Special Master have found that "Google had an obligation to preserve relevant [Chats] . . . and that its retention policies fell short of its duty," that it "anticipated litigation concerning . . . ad tech . . . far before 2019," that "relevant Chats were not preserved" and that the States have made a preliminary showing of spoliation. Dkt. 558 at 6-11 (citing Dkt. 428 at 6).

### A.   The States established that Google violated Fed. R. Civ. P. 37(e) by deleting Chats.

The States' motion established Rule 37(e)'s four predicate elements : Google (i) had an obligation to preserve Chats; (ii) deleted Chats; (iii) didn't take reasonable steps to preserve them; and (iv) they can't be restored or replaced. *See Edwards v. Junior State of Am. Found.*, No. 4:19-CV-140-SDJ, 2021 WL 1600282, at \*7 (E.D. Tex. Apr. 23, 2021) (Jordan, J.).

#### 1)   Google's duty to preserve Chats was triggered multiple times

Google owes the Court a duty to preserve. *See, e.g.*, *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011).[1] The trigger is when it reasonably anticipated investigations

---

[1] Contrary to Google's out-of-circuit caselaw, Fifth Circuit courts hold the duty to preserve is "owed to the *court*, not to the . . . potential adversary[.]" *See, e.g.*, *Ashton*, 772 F. Supp. 2d at 800.

or litigations.  *See Coastal Bridge Co. v. Heatec, Inc*., 833 F. App'x 565, 574 (5th Cir. 2020).[2]

Google *admits* its duty arose no later than 2019 (Dkt. 757 at 8), and its document production,[3] privilege log, and the Special Master acknowledge it arose much earlier.  Dkt. 558 at 6.  Google's privilege log reflects ad tech-related work-product from 2006-2019.  Dkt. 757 at 10; Dkt. 693-24-28, -40-41; Dkt. 558 at 6; *see, e.g., LendingTree, LLC v. Zillow, Inc*., 2014 WL 1309305, at *6 (W.D.N.C. Mar. 31, 2014) (finding the date a party anticipated litigation based on when it asserted work-product privilege).[4]  Google's work-product assertions about ongoing ad tech investigations and litigations shows it knew that its duty had been triggered.  *See Ala. Aircraft Indus., Inc. v. Boeing Co*., 2017 WL 930597 at *9-10. Google argues that it can assert privilege to an ad tech documents without triggering a duty to preserve.  Dkt. 757 at 10.  But work-product need not be directed at a specific adversary in a specific litigation to trigger a duty to preserve.  *See In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 6:11-MD-2299, 2014 WL 2872299, at *21-22 (W.D. La. June 23, 2014).  This is even truer for repeat, sophisticated litigants like Google who know that certain conduct is likely to trigger investigations; those actors are held to higher standards.  *See, e.g., Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd*., 769 F. Supp. 2d 269, 289 (S.D.N.Y. 2011).  Google was aware that its ad tech misconduct would and did spark continuous, overlapping investigations and litigation (particularly after the DoubleClick

---

[2] It would not be unique to find that party's duty can arise before a CID is served.  *See Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc*., 621 F. Supp. 2d 1173, 1190-91 (D. Utah 2009) (finding duty was triggered five to six years before the complaint was filed because party was aware of disputes between similarly situated industry actors over the same issues); *see In re Enron Corp. Sec., Derivative & ERISA Litig*., 762 F. Supp. 2d 942, 964-65 (S.D. Tex. 2010).

[3] If Google's duty arose in 2019, then its email production would mirror its Chats; tiny, then spiking in 2019.  Yet Google produced *millions* of emails from before 2019.  *See* Dkt. 693-8 at 7.

[4] *See* Commentary on Legal Holds, 2d Ed., 20 Sed. Conf. J. at 374 n. 64. ("[O]rganizations should be cognizant . . . that the labeling of information as attorney work product . . . is tantamount to admitting a preservation obligation existed at the time the information was created . . .").

investigation). The Court should weigh that factor heavily and find that Google's duty was triggered long before Google's requested date of 2019. *See, e.g.*, Dkt. 600 at 13-14, Dkt. 693-24-28, -40-41; *see also Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 747 (8th Cir. 2004).[5]

### 2) Google deleted relevant Chats essential to the States' claims.

Google does not dispute that it deleted Chat messages sent with History "Off" or before a litigation hold is implemented; it only disputes the number and whether those Chats were relevant. Dkt. 757 at 3, 10-12 . The States presented evidence that Google's custodians sent about 4 million History "Off" Chats every year (all deleted after 24 hours) and that Google did not timely implement timely litigation holds (deleting History "On" Chats). Dkt. 693-8 at ¶ 15, -23).[6]

That just leaves relevance. The deleted Chats are relevant if a reasonable trier of fact could conclude that they would have supported the States' claims. *See Ashton*, 772 F. Supp. 2d at 801. Google argues (citing no evidence) that *none* of the millions of deleted Chats were relevant. Dkt. 757 at 10-12. Yet Google's employees admitted to using Chat daily to discuss ad tech business and to abusing History "Off," it didn't implement timely litigation holds for those employees (*see* Dkt. 693-23), and the States have presented ample evidence of relevant Chats and employees' History "Off" abuses. Dkt. 693-1-5, -40, -41; Ex. 3 at 117. That evidence also shows, contrary to Google's assertion, that relevant conduct occurred from 2019-2023. *See, e.g.*, Ex. 4-9. Taken as a whole, the evidence establishes that relevant Chats were either sent with History "Off" or by custodians not on litigation holds—or both—and deleted.[7]

---

[5] *See also* Ex. 10 at 2 ("A company and its counsel should consider whether conduct at issue is typically the type of conduct that triggers a government investigation.).

[6] The States object to Dkt. 757-33; expert reports are inadmissible hearsay; and should be stricken. *See, e.g.*, *Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011).

[7] Google admitted as much when it averred that ~6.3% of the Chats it collected were responsive (and thus relevant) to this case. Dkt. 757 at 15. Professor Hochstetler averred that Google's custodians sent (and Google then deleted) 4 million History "Off" Chat messages every year. By Google's own math, it admits to deleting 252,000 relevant, responsive Chat messages *every year*.

**\*FILED UNDER SEAL\***

### 3)  Google didn't take reasonable steps to preserve Chats.

Google's preservation obligation, "heightened in the age of electronic discovery," required

it to take affirmative action to identify and preserve *all* sources of relevant information.  *See DR*

*Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 929 (N.D. Ill. 2021); *see also*

*Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).[8]  To determine if Google

took reasonable steps to preserve Chats, the Court can consider Google's knowledge of the Chat

deletion policies and practices, how it protected against deletion, whether it intervened in usual

deletion practices, its litigation sophistication, and its resources.  *See* FED. R. CIV. P. 37(e) advisory

committee's note to 2015 amendment, Subdivision (e); *see also Owens v. Bd. of Supervisors of*

*Louisiana State Univ. & Agric. & Mech. Coll.*, 695 F. Supp. 3d 750, 756 (M.D. La. 2023).

Google has near-unlimited resources;[9] federal law and industry standards require it to use

a portion of them to comply with its preservation duties, which it did when it forced History "On"

in 2023.  *See* FED. R. CIV. P. 37(e); Dkt. 693-40-41; Dkt. 757 at n.32.[10]  Yet it didn't do much else

beyond issuing untimely litigation holds, and now it argues that other steps were too expensive or

burdensome.  *See* Dkt. 757 at n.19.  Google's lack of action, juxtaposed against its resources and

the deletion of millions of Chats, was entirely unreasonable.[11]  It is "carved in stone" (Ex. 11 at

14) that Google could have, *inter alia*, (1) changed the default Chat History setting;[12] (2) removed

---

[8] Google's argument that it merely continued its flawed prior policy "will not excuse the obligation
to preserve" and is an admission did not affirmatively act as required by federal law.  *See* Dkt. 757
at 2.  *See In re Enron*, 762 F. Supp. 2d at 965.

[9] *See* Ex. 12 (Google had >$90 Billion in Cash and liquid Marketable Securities in Sept. 2024).

[10] That change likely took only a few weeks and is an admission that Google's prior Chat
preservation was inadequate.  Ex. 13 (Excerpt Dep. of J. Hochstetler) at 268:8-269:2.

[11] Google offers irrelevant arguments about the States' preservation policies (Dkt. 757 at 13, at n.
21), ignoring that each State had a web of policies and statutes in place to ensure that documents
were preserved regardless of whether litigation holds were implemented, and that no State
automatically deleted documents.  *See* App'x B.

[12] *See DR Distributors*, 513 F. Supp. 3d at 931, 979 (finding litigants must "reasonably investigate

*FILED UNDER SEAL*

employees' ability to change the History setting;[13] (3) stopped training employees to use History "Off" for sensitive conversations; (4) issued timely litigation holds[14] that included sufficient information to be able to identify relevant Chats;[15] (5) developed ways to audit employees[16] to determine if they were complying with instructions (Dkt. 693 at 3; Ex. 11 at 14)[17] and (6) implemented a system that didn't confuse employees or could be abused.  *See* Dkt. 693-40-41.

### 4)  The deleted Chats cannot be restored or replaced.

There is also no dispute that deleted Chats cannot be restored or recovered.  *See* Dkt. 693-10 at 90:2-9.  The only question is whether the deleted Chats are replaceable.  The answer is no; contrary to Google's argument, neither emails nor testimony can recreate or replace instant messaging communications.  *See* Dkt. 693-40-41.  Chats are a unique, preferred medium reflecting unguarded, authentic communications.  Dkt. 693 at 4 n.7.[18]  The potential for similar conversations

---

[13] *U.S. v. Google LLC*; ---F. Supp.---, 2024 WL 3647498, at *134 (D.D.C. Aug. 5, 2024) ("Any company that puts the onus on its employees to . . . preserve . . . evidence does so at its own peril.")

[14] Google initially only placed 23 employees on litigation hold, barely 11% of the total (202) it eventually placed on hold.  *See* Dkt. 693-23, -2 at 5.

[15] Google's holds used bland, generic legal phrases and terms that made it difficult for employees to ascertain what was relevant to the hold.  Dkt. 693-13; *see DR Distributors*, 513 F. Supp. 3d at 930 (to be sufficient, the litigation hold "must contain enough information to adequately inform its intended recipient of its discovery obligations"); *see also In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981, 993 (N.D. Cal. 2023) (noting "[t]he obvious danger of [employees] not really knowing the issues in this litigation, and not preserving [the] communications.")

[16] *See Swofford v. Eslinger*, 671 F. Supp. 2d 1274, 1281 (M.D. Fla. 2009) (cleaned up) ("It is not sufficient to notify employees of a litigation hold and expect that the employee will then retain and produce all relevant information. Counsel must take affirmative steps to monitor compliance . . ."

[17] Google now argues it did audit compliance by sending one-way litigation hold reminder notices, Dkt. 757 at 4, despite its corporate representative admitting that Google had "no way to" audit. Dkt. 693-10 at 121:5-15.  Sending reminders is not a "formal examination of . . . compliance with some other set of standards."  *See* "Audit," Black's Law Dictionary (12th ed. 2024); *see also In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d at 993 ("Google aggravated the situation by intentionally deciding not to check up on employee decisions . . . In effect, Google adopted a 'don't ask, don't tell' policy for Chat preservation, at the expense of its preservation duties.")

[18] *See In re Pradaxa Prods. Liab. Litig.*, 2013 WL 6486921, at *18 (S.D. Ill Dec. 9, 2013) (noting

in email is not sufficient to replace deleted Chats, and even if some were cumulative, the States' ability to present their case would still be impacted. *Owens*, 695 F. Supp. 3d at 756-57.

**B. Google's spoliation of Chats was intentional and in bad faith.**

Direct evidence of an intent to spoliate rarely exists, but here the Court has the Walker memo explaining Google's intentions. Further, the Court can determine whether Google's deletion of Chats was intentional based on circumstantial evidence, witness credibility, and other factors. *See Lou v. Lopinto*, No. CV 21-80, 2022 WL 16685539, at *7 (E.D. La. Nov. 2, 2022). There is both direct *and* circumstantial evidence of Google's intent here; from Google's internal communications (Dkt. 693-7), its "don't ask, don't tell" policies, its Communicate with Care trainings,[19] its "wink and a nod" to employees to abuse History "Off,"[20,21] its failure to implement holds,[22] its decision to design and develop Chat in a way that allows Chats to be deleted, and other actions establish the deletion of Chats was intentional and amounts to bad faith. These acts over more than a decade reveal that Google intended to impede fact-finders by deleting Chats. *See Micron Tech., Inc. v. Rambus Inc*., 917 F. Supp. 2d 300, 318 (D. Del. 2013).[23]

**C. The States' Motion was timely; Google did not disclose its policies and practices.**

Google's argument that the States waited too long to file a motion was already rejected by

---

that "texting has become the preferred means of communication.").

[19] *Google LLC*; 2024 WL 3647498, at *134 (finding Google "trained its employees, rather effectively, not to create 'bad' evidence.").

[20] Google encouraged its employees to use Chats to discuss sensitive topics because Google was "constantly in the public eye . . . and the courthouse" and "often ha[s] to produce employee communications as evidence." Dkt. 540-5 at 3 (ellipses in original).

[21] *In re Google Play Store Antitrust Lit.* 664 F.Supp.3d at 987 (finding employees who received litigation holds were left largely on their own and were "unable or unwilling" to follow the instructions, and "sometimes disregarded the instructions all together.")

[22] *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) (A party's "failure to implement a litigation hold is, by itself, considered grossly negligent behavior.")

[23] Finding that preservation policies "executed with the intention to impede the fact-finding efforts of Micron or other potential defendants," can indicate "bad faith" even if the policyholder's "duty to preserve did not arise until after it first adopted its document retention policy[.]"

the Court's and the Special Master's prior orders,[24] ignores the facts of this case, and would reward

bad actors for hiding their behavior as long as possible.  Its argument also implies that the States

were fully informed about its conduct at in 2020.  They were not.  Google had represented that

custodians were turning History "On" for relevant topics, that it was "taking reasonable and

appropriate steps to ensure its custodians' compliance,"[25,26] and that certain employees were under

litigation hold.  *See* Dkt. 545-5 at 5.  None were accurate.  *See* Dkt. 693-23.[27]

      The States could not divine Google's malfeasance in 2020.  But once it was partially

revealed in 2023, the States engaged in a consistent campaign[28] that led to filing the Motion months

before trial, while dispositive motions were pending and Chat expert discovery was still ongoing.

Google's complaint that fact discovery closed in May 2024 ignores the obvious; Chat discovery

has simply been on a different schedule.  *See* Dkt. 653.  Indeed, just three days prior to this reply,

Google moved to exclude both of the States' Chat experts.  In its opposition, Google asked the

Court to delay ruling on this Motion until those motions are resolved.  *See* Dkt. 757 at n.14.  But

it cannot argue both that the States' motion is too late and that the Court should delay resolution

for *months*.  Regardless, there is no waiver; the Motion is timely and should be granted.

---

[24] The Special Master and the Court have already found that "the principal question here is less one of transparency than one of compliance . . .". Dkt. 428 at 8; Dkt. 452 at 1.

[25] The 2020 letters did not obviate Google's preservation obligations either; "..the burden remains on Google to [identify] *all* relevant custodians and *all* responsive materials…"  Dkt. 757-2.

[26] Google also didn't mention the exact mechanisms for History "Off" (specifically, that those messages could *never* be retained), that it trained employees to Chat with History "Off," or that employees under a litigation hold could still send History "Off" messages.

[27] Google employees' reported hold dates have shifted dramatically over time.  *See* Dkt. 693-23.

[28] The States served Chat discovery in the MDL, raised the issue at the November 2023 post-remand hearing, and served additional requests in early 2024.  *See* Dkt. 173 at 15:9-11; *see generally* Dkt. 361.  Despite Google's opposition at every turn, the States took a Chat deposition in May 2024 (Dkt. 452 at 1), moved for Chat discovery in June (Dkt. 540), received Chat productions in July and August, served a Chat expert report in October (Dkt. 638), and deposed Chat experts in December (*see* Dkt. 653).

**\*FILED UNDER SEAL\***

Respectfully submitted,

DATED: January 13, 2025

/s/ W. Mark Lanier
W. Mark Lanier
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.Derose@LanierLawFirm.com
Jonathan P. Wilkerson
Jonathan.Wilkerson@LanierLawFirm.com
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, TX 77064
(713) 659-5200

**THE LANIER LAW FIRM, PLLC**

*Counsel for Texas, Idaho, Louisiana (The Lanier
Law Firm only), Indiana, Mississippi, North
Dakota, South Carolina, and South Dakota
Submitted on behalf of all Plaintiff States*

Respectfully submitted,

/s/ Ashley Keller
Ashley Keller
ack@kellerpostman.com
Kiran N. Bhat
kiran.bhat@kellerpostman.com
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, Florida 33134
(833) 633-0118

Zina Bash (Bar No. 24067505)
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(512) 690-0990

/s/ Noah S. Heinz
Noah S. Heinz
noah.heinz@kellerpostman.com
1101 Connecticut Ave., N.W., Suite 1100
Washington, DC 20036
(202) 918-1123
**KELLER POSTMAN LLC**

**\*FILED UNDER SEAL\***

**NORTON ROSE FULBRIGHT US LLP**
Joseph M. Graham, Jr.
joseph.graham@nortonrosefulbright.com
Geraldine Young
geraldine.young@nortonrosefulbright.com
1550 Lamar Street, Suite 2000
Houston, Texas 77010
(713) 651-5151

*/s/ Marc B. Collier*
Marc.Collier@nortonrosefulbright.com
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
(512) 474-5201

FOR PLAINTIFF STATE OF TEXAS

KEN PAXTON
Attorney General

*/s/ James R. Llloyd*
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
James R. Lloyd, Deputy Attorney General for Civil Litigation
James.Lloyd@oag.texas.gov

**STATE OF TEXAS, OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF ALASKA:

TREG TAYLOR
ATTORNEY GENERAL


By: /s/ Jeff Pickett
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL


By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF FLORIDA:

ASHLEY MOODY, Attorney General

<u>/s/ Lee Istrail</u>
LEE ISTRAIL, Assistant Attorney General
FL Bar No. 119216

LIZABETH A. BRADY, Director, Antitrust Division
R. SCOTT PALMER, Special Counsel and Chief of Complex Enforcement
ANDREW BUTLER, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General

Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Deputy Attorney General

Consumer Protection Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

*/s/ Jesse J. Moore*
Jesse J. Moore
Deputy Attorney General – Consumer Litigation
302 W. Washington St.
IGCS - 5th Floor
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: jesse.moore@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

RUSSELL COLEMAN
Attorney General

*/s/ Philip R. Heleringer*
Christian J. Lewis, Commissioner of the Office of Consumer Protection
christian.lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
philip.heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
jonathan.farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Plaintiff Commonwealth of Kentucky*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF LOUISIANA:

By: */s/ Patrick Voelker*
Liz Murrill, Attorney General
Michael Dupree, Assistant Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
(225) 326-6400
voelkerp@ag.louisiana.gov

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH:  (504) 648-0180
FX:  (504) 649-0181
EM:  jdugan@dugan-lawfirm.com
        tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:  (504) 833-5600
FX:  (504) 833-8080
EM:   jmw@chehardy.com

*Attorneys for Plaintiff State of Louisiana*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:  */s/ Garrett S. Mascagni*
      Garrett S. Mascagni
      Special Assistant Attorney General
      Consumer Protection Division
      Mississippi Attorney General's Office
      Post Office Box 220
      Jackson, Mississippi 39205
      Telephone: 601-359-4223
      Fax: 601-359-4231
      Garrett.Mascagni@ago.ms.gov

      *Attorney for Plaintiff State of Mississippi*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

*/s/ Michael Schwalbert*
Michael.Schwalbert@ago.mo.gov
Missouri Attorney General's
Office
815 Olive St.
Suite 200
St. Louis, MO 63101
Tel: 314-340-7888

*Attorneys for Plaintiff State of Missouri*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General

*/s/ Anna Schneider*
Anna Schneider
Montana Attorney General's Office
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894 Anna.Schneider@mt.gov

*/s/ Charles J. Cooper*
Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
Brian W. Barnes
bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Badorine*_____
Michelle C. Badorine, Senior Deputy
Attorney General
MNewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100

*Attorneys for Plaintiff State of Nevada*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF NORTH DAKOTA:

       **STATE OF NORTH DAKOTA**
       Drew H. Wrigley
       Attorney General


By:     */s/ Elin S. Alm*
       Elin S. Alm, ND ID 05924
       Assistant Attorneys General
       Consumer Protection & Antitrust Division
       Office of Attorney General of North Dakota
       1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
       (701) 328-5570
       (701) 328-5568 (fax)
       ealm@nd.gov

       *Attorneys for Plaintiff State of North Dakota*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*

Domingo Emanuelli-Hernández Attorney General

Thaizza Rodríguez Pagán Assistant Attorney General PR Bar No. 17177

P.O. Box 9020192

San Juan, Puerto Rico 00902-0192

Tel: (787) 721-2900, ext. 1201, 1204

trodriguez@justicia.pr.gov

Kyle G. Bates

HAUSFELD LLP

600 Montgomery Street, Suite 3200

San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General

<u>/s/ *Mary Frances Jowers*</u>
Mary Frances Jowers
Assistant Deputy Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-5855
Email: mjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464
Phone: 843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
Email: jdugan@dugan-lawfirm.com

*Attorneys for Plaintiff State of South Carolina*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

**\*FILED UNDER SEAL\***

FOR PLAINTIFF STATE OF UTAH:

Derek E. Brown
Utah Attorney General

*/s/ Matthew Michaloski*
Matthew Michaloski
Marie W.L. Martin
Assistant Attorney General
160 East 300 South, 5th Floor
P.O. Box 140811
Salt Lake City, UT 84114
mmichaloski@agutah.gov
Telephone: (801) 440-9825

*Attorneys for Plaintiff State of Utah and*
*as counsel for the Utah Division of Consumer Protection*

**\*FILED UNDER SEAL\***

## CERTIFICATE OF SERVICE AND SEALING

I certify that, on January 13, 2025, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

I also certify that, on January 13, 2025, a motion to seal the foregoing document and its exhibits was filed separately and before the filing of this document under seal, per Local Rule CV-5(a)(7)(B). This sealed filing will be promptly served by email on counsel of record for all parties in this case and will be publicly filed in redacted form per Local Rule CV-5(a)(7)(E).

> */s/ Marc B. Collier*
> Marc B. Collier