# FRESHFIELDS

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Silicon Valley
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
  +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

June 11, 2025

**Re:**   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

I write on behalf of Defendants Google LLC, Alphabet Inc., and YouTube LLC (together, "Google") to respectfully seek leave to file under seal unredacted versions of certain exhibits attached to its letter response in opposition to Plaintiffs' letter motion for leave to file motions for an adverse inference (ECF No. 1004), filed contemporaneously herewith. There is no conference currently scheduled before the Court.

Exhibit Nos. 2 and 3 are letters exchanged during the investigation of Google by the Texas Attorney General which contain names of Google employees. Exhibit Nos. 7, 9, and 17 are excerpts of transcripts from depositions of Google witnesses. Exhibit No. 11 is a Chat conversation among Google employees. In deference to the First Amendment interests at issue, Google has endeavored to narrowly tailor the proposed redactions in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). These exhibits contain the names and personal information of Google employees who are not high-level executives.

Google respectfully submits that these details are not necessary for the public to understand and evaluate the disputes raised by Plaintiffs' pre-motion letter, which focuses on Google's preservation of Chat messages and privilege assertions, not the specific individuals involved in Google's business. As the Court previously recognized, "the names [and] job titles . . . of . . . Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." ECF No. 147 at 9. This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See, e.g.*, *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction of this information is warranted").

      Pursuant to Your Honor's individual practices, Google is filing these exhibits under seal with highlighting reflecting its proposed redactions through the Court's ECF system. Google is also filing versions of these exhibits publicly on the docket with redactions applied.

      Respectfully submitted,

*/s/ Justina K. Sessions*

Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr
Andrew J. Ewalt
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com
      andrew.ewalt@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, New York 10111
Telephone: (212) 728-2200
Email: creiser@axinn.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)