UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | No. 1:21-md-3010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL PUBLISHER ANTITRUST LITIGATION** | No. 1:21-cv-07034 (PKC) |
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | No. 1:21-cv-07001 (PKC) |
| **ASSOCIATED NEWSPAPERS LTD. v. GOOGLE LLC** | No. 1:21-cv-03446 (PKC) |
| **GANNETT CO., INC. v. GOOGLE LLC** | No. 1:23-cv-05177 (PKC) |
| **INFORM INC. v. GOOGLE LLC** | No. 1:23-cv-01530 (PKC) |

# DECLARATION OF ALI AMINI IN SUPPORT OF GOOGLE'S OMNIBUS RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL CONCERNING CLASS CERTIFICATION AND COLLATERAL ESTOPPEL

I, Ali Nasiri Amini, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Vice President of Engineering and Data Science at Google LLC. I have been employed by Google since July 2009. Based on my work at Google, I have personal knowledge of the company's practices and procedures for maintaining the confidentiality of strategic, technical, and business information.

2. I submit this declaration in support of Google's Omnibus Response to Plaintiffs' Motions to Seal Concerning Class Certification and Collateral Estoppel in *In re Google Digital Advertising Antitrust Litigation*, Case No. 21-MD-3010 (PKC) (S.D.N.Y.).

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify competently hereto.

4. Google follows a strict practice that requires confidential treatment of its product and customer data; internal strategic business plans; non-public financial information; and internal business analyses of customer spending, revenue, pricing, industry conditions, and opportunities. In my experience and to the best of my knowledge, in order to protect itself from competitive harm, Google takes significant precautions to ensure that this information is not made public, and does not disclose documents or information of this nature outside of the

company, with the exception of certain documents that Google shares with partners or fiduciaries, subject to further confidentiality requirements.

5. Among other things, the disclosure of these materials could reveal highly sensitive non-public technical and business information, significantly harm Google's relationships and ability to conduct business with counterparties and prospective counterparties, and/or place Google at a disadvantage with competitors, who could use Google's confidential technical specifications or analyses to their advantage. These materials therefore have economic value from not being generally known to Google's competitors, counterparties, or the general public.

6. To the best of my knowledge, the following information that is the subject of Google's Motion to Seal is highly sensitive and confidential, and it derives from confidential materials Google produced in discovery or in response to civil investigative demands. Google has compelling reasons to seal this confidential information to, among other things, avoid competitive harm to both Google and third parties and prevent competitors and potential business partners from using the information against Google in future negotiations.

7. I have reviewed the materials identified below, and I believe that sealing and/or redaction of those exhibits is necessary to protect Google's trade secrets and proprietary information.

<u>**Specific Information to Redact**</u>

8. I have reviewed in whole, or the relevant portions containing Google's information of, the following materials, along with Google's proposed redactions: (1) **Exhibit 40 to the Joint Declaration of Dena Sharp and Tina Wolfson in Support of Advertiser Class Plaintiffs' Reply in Support of Motion for Class Certification and Opposition to**

**Defendants' Motion to Exclude Expert Testimony** ("Sharp-Wolfson Declaration") and (2) **Exhibit 10 to the Declaration of Eric J. Maier in Support of Plaintiffs Daily Mail and Gannett's Reply Memorandum of Law in Support of Their Motion for Partial Summary Judgment** ("Maier Declaration"). Google's proposed redactions encompass information in or derived from datasets Google produced during this litigation concerning revenue, fees, and impressions flowing through or concerning Google's products, including with regard to specific advertisers, publishers, or ad tech companies. Disclosing such granular data publicly would provide Google's competitors detailed customer data, which could harm Google's customers as well as its competitive position in the marketplace. For this reason, Google strictly maintains the confidentiality of these datasets.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on the 13 day of August, 2025, in Menlo park, ca.

*Ali Amini*

3