UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                              21-md-3010 (PKC)

                                                                  ORDER

-----------------------------------------------------------

CASTEL, District Judge:

    In reviewing the pending summary judgment motions on issue preclusion, Google argues that differences in the market definitions (product and geographic) between the various plaintiffs' pleadings and those utilized in the findings of fact and conclusions of law in the Eastern District of Virginia action (the "E.D. Va. Action") foreclose the application of issue preclusion on any or virtually any issue actually and necessarily decided in the E.D. Va. Action.

    The proposed Publishers' Class has asserted that an amendment to the pleadings conforming to the findings and conclusions in the E.D. Va. Action, would, if leave were granted by the Court, render many of Google's arguments moot. (21 cv 7034, ECF 224 at 13; ECF 243 at 19). Google states that it would object to any such amendment. (21 cv 7034, ECF 240 at 48-49.)

    Gannett and Daily Mail note that its response to Google's Interrogatory 13 placed Google on notice that the "anticipate[d] the geographic scope of the relevant markets will be either the United States or worldwide less China." (ECF 1092 at 10.) They further note that the testimony of their witnesses at the trial of the E.D. Va. Action informed Judge Brinkema's definition of certain product markets. (Id.)

    Rule 15, Fed. R. Civ. P., recognizes that the need for an amendment may arise during or after the trial of an action, including to conform to the proof. None of the actions in this MDL have proceeded to that juncture. Rule 1, Fed. R. Civ. P., counsels that the Federal

Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Any summary judgment movant who wishes to amend its pleading to conform to the rulings in the E.D. Va. may file such a motion by August 28, 2025, annexing a marked-to-show-changes version of the proposed amendment. Among the issues to be addressed in briefing is the prejudice <u>vel non</u> to Google. The parties should also address whether and how the proposed amendments affect the pending summary judgment motions.

Because the existing briefing anticipates the issue of pleading amendments, accelerated briefing is appropriate. Any response by Google will be due by September 8, 2025, and any reply by plaintiffs by September 15, 2025.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 14, 2025