**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- ) | | |
| IN RE: GOOGLE DIGITAL ADVERTISING ) | 1:21-md-03010 (PKC) | |
| ANTITRUST LITIGATION ) | | |
| ) | | |
| ------------------------------------------------------- ) | | |
| ) | | |
| THIS DOCUMENT RELATES TO: ) | | |
| ) | | |
| INFORM INC., ) | 1:23-cv-01530 (PKC) | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| GOOGLE LLC; ) | | |
| ALPHABET INC.; and ) | | |
| YOUTUBE, LLC, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| ------------------------------------------------------- ) | | |

## PLAINTIFF INFORM'S RESPONSE TO GOOGLE'S MOTION TO SEAL DOCUMENTS AND INFORMATION FILED IN SUPPORT OF ITS OPPOSITION TO INFORM'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 4 and 5 of this Court's Individual Practices and paragraph 21 of the Modified Confidentiality Order, ECF No. 685 at 25, Plaintiff Inform Inc. ("Inform") files this Response to Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Google") Motion to Seal Google's Memorandum of Law in Opposition to Plaintiffs' Motions for Collateral Estoppel and Partial Summary Judgment, Declaration of Eva H. Yung, Exhibits to the Declaration of Eva H. Yung and Exhibits to the Declaration of Eric J. Maier, ECF No. 1073 (July 18, 2025) (hereinafter "Google's Motion to Seal").  In support of this Response, Plaintiff submits the Declaration of Gregory A. Peters, former Chief Executive Officer of Plaintiff Inform Inc.

## I.      INTRODUCTION

Plaintiff Inform submits this Response seeking this Court's permission to maintain under seal certain material contained in the filings of Defendant Google to prevent the disclosure of specific sensitive non-public information. Specifically, we seek to keep under seal narrowly tailored non-public information set forth in Exhibit 1 and Exhibit 9[1] of the Declaration of Eva H. Yung in support of Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Memorandum of Law in Opposition to Plaintiffs' Motions for Collateral Estoppel and Partial Summary Judgment (hereinafter the "Yung Decl."). The proposed redactions in Exhibits 1 and Exhibit 9 of Google's Motion to Seal directly discusses Inform Inc.'s non-public financial information, customer and business relationships, other financial and sensitive business information, and proprietary technical information not publicly available and contain names of third parties who are not part of this lawsuit.  These documents, with requested redactions, are contemporaneously filed herewith.

For the reasons set forth below, we respectfully submit that the Court should order that narrowly tailored redactions should be applied to the publicly filed versions of the documents implicated by Google's Sealing Motion.

---

[1] Attached hereto as Exhibits A and B, respectively.

## II.    LEGAL STANDARD

To determine whether sealing is appropriate, courts in the Second Circuit apply a three-step test to: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016).

While there is a presumption of public access to judicial documents,[2] the presumption may be overcome if "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.  Courts must weigh "this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch*, 435 F.3d at 119).  "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (internal quotation marks omitted).

## III.    ARGUMENT

### A.    <u>Plaintiff Has Proposed Narrowly Tailored Redactions to Financial Information and Competitively Sensitive Business Information</u>

Defendant Google seeks to file two Exhibits as respects which Inform files this Response. First, Google submits as Exhibit 1 nine pages of the Report of Jeffrey T. Prince, Ph.D. dated December 13, 2024.  Dr. Prince's report contains sensitive financial and business information, internal company assessments, non-public financial records, acquisition purchase prices, company valuation, and conclusions and opinions of Inform's valuation expert concerning the valuation of

---

[2] "[D]ocuments submitted to a court for its consideration in a summary judgment motion are - as a matter of law - judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121.

Inform at various points in time and respects damages calculation.  This sensitive information, is appropriately kept under seal.  *See e.g., Craig v. Am. Tuna, Inc.*, No. 22-cv-473-RSH-MSB, 2023 U.S. Dist. LEXIS 234767, at *4 (S.D. Cal. Dec. 13, 2023) (sealing expert valuation information concerning financial, business and methodology).  Indeed, where a judicial document, such as an affidavit or expert report, contains sensitive financial and commercial information, courts frequently permit redactions to prevent competitive harm.  *See, e.g., Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer).  As set forth in the accompanying Declaration of Gregory A. Peters, the underlying documents are comprised of sensitive financial and technical information produced during this litigation concerning costs, expenses, fees, revenue, and impressions and technical information concerning Plaintiff Inform, its customers and third parties with which Plaintiff conducted business, which Inform kept and keeps confidential.  Declaration of Gregory A. Peters at 2-3.  Here, care was taken to ensure that information available publicly is not included in the redactions.

**B.    Testimony Concerning Sensitive and Proprietary Technical and Business Information Should Be Sealed**

Second, Google submits as Exhibit 9 sixteen pages of the testimony of Inform's 30(b)(6) witness.  The redacted portions of Exhibit 9, filed herewith, speak to Plaintiff's design and implementation of Inform's proprietary video ad players, how its proprietary and innovative products functioned, and relationships and contracts with other ad tech providers and Inform's assessments of those providers.  Courts in this District recognize that "the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a [party's] competitive position or reveal a trade secret." *JMG Improvements, Inc. v. Arch Specialty Insurance Co.*, 20 Civ. 2882, 2021 U.S. Dist. LEXIS 144354, at *7-8 (S.D.N.Y. July 26, 2021) (sealing excerpts of an insurance claim manual); *see also Rowe v. Google LLC*, 19 Civ. 8655, 2022 U.S. Dist. LEXIS 173468, at *3-4 (S.D.N.Y. Sept. 26, 2022) ("the risk of competitive harm outweighed the public right of access" where the redacted

- 4 -

information comprised of "strategic business initiatives" and client identities were "unnecessary to adjudicate" summary judgment arguments). Competitively sensitive information will be protected against public disclosure if such disclosure would cause significant and irreparable competitive injury. *See, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth*., 347 F. App'x 615, 617 (2d Cir. 2009) (finding presumption of public access was overcome when disclosure would subject a party to "financial harm" and redaction of financial data satisfied narrow tailoring).

Indeed, courts in this District "routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information." *Head Sport GmbH v. Up Town Sport, Inc*., No. 23-cv-10172 (LAK) (RFT), 2024 U.S. Dist. LEXIS 16534, at *3-4 (S.D.N.Y. Jan. 26, 2024)(granting motion to keep financial information under seal); *see also, e.g*., *PDV Sweeny, Inc. v. ConocoPhillips Co*., No. 14-5183, 2014 U.S. Dist. LEXIS 142034, 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal with respect to documents containing sensitive commercial information); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp*., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing confidential information, including policies and sales); *Playtex Prods., LLC v. Munchkin, Inc*., No. 14-1308, 2016 U.S. Dist. LEXIS 42261, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning, *inter alia*, financial information). This is particularly so where, as here, "there is no benefit to the public from disclosure of the Confidential Information sought to be sealed." *Head Sport GmbH,* 2024 U.S. Dist. LEXIS 16534, at *7.

Moreover, courts in this district recognize that excerpts from 30(b)(6) witnesses testifying on behalf of the party company concerning internal business practices and strategies that would reveal sensitive and proprietary information or trade secrets may appropriately remain under seal. *See e.g*., *Athena Art Fin. Corp. v. Humidity*, No. 20-CV-04669 (GBD) (VF), 2024 U.S. Dist. LEXIS 53317, at *4 (S.D.N.Y. Mar. 20, 2024) (sealing excerpts from the deposition transcripts of party's 30(b)(6) witness). The redactions to Inform's 30(b)(6) witness's testimony are narrowly tailored to cover sensitive and proprietary information.

**C.**     <u>**Privacy Interests Favor of Sealing Personal Information of Employees**</u>

This Court has recognized that the "right of access is not absolute" and has approved redaction of the "names [and] job titles . . . of . . . Google employees" as having "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these … employees outweigh[] the strong presumption of public access." (ECF No. 147 at 9); *see also United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("privacy interests of innocent third parties . . . should weigh heavily in the court's balancing equation").  Accordingly, we request that the names of both Plaintiff Inform, Inc. and Google employees be redacted from Exhibits 1 and 9 as requested.

**IV.**     **CONCLUSION**

In light of the foregoing, Plaintiff Inform respectfully submits that the proposed redactions to Exhibits 1 and 9 of the Yung Declaration are narrowly tailored and sealing is warranted in accordance with paragraphs four and five of Your Honor's Individual Rules and Practices, applicable local rules, and applicable laws.

Respectfully submitted, this 15th day of August, 2025.

HERMAN JONES LLP

/s/ *Serina M. Vash*

——————————————————————

Serina M. Vash
(NYS Bar No. 2773448)
John C. Herman
  (Georgia Bar No. 348370)
HERMAN JONES LLP
3424 Peachtree Road, N.E., Suite 1650
Atlanta, Georgia 30326
Telephone:  (404) 504-6500
Facsimile:  (404) 504-6501
jherman@hermanjones.com
svash@hermanjones.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 15, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

By:  /s/ *Serina M. Vash*

_____

Serina M. Vash
(NYS Bar No. 2773448)