UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: GOOGLE DIGITAL ADVERTISING ) 1:21-md-03010 (PKC)
ANTITRUST LITIGATION )
)

---

THIS DOCUMENT RELATES TO: )
)
INFORM INC., )
)
            Plaintiff, )
)
vs. ) 1:23-cv-01530 (PKC)
)
GOOGLE LLC; )
ALPHABET INC.; and )
YOUTUBE, LLC, )
)
           Defendants. )
)

---

**DECLARATION OF GREGORY A. PETERS IN SUPPORT OF
PLAINTIFF INFORM INC.'S RESPONSE TO GOOGLE'S MOTION TO SEAL
DOCUMENTS AND INFORMATION FILED IN SUPPORT OF ITS OPPOSITION
TO INFORM'S MOTION FOR SUMMARY JUDGMENT**

I, Gregory A. Peters, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the co-founder of and was employed by Plaintiff Inform Inc. (formerly known as "News Distribution Network, Inc." or NDN") from November 2007 through the present, and serve as the Chief Executive Officer of the company. I have personal knowledge of the company's practices and procedures for maintaining the confidentiality of financial, strategic, technical and business information.

2. I submit this Declaration in support of Plaintiff Informs' Response to Google's Motion to Seal Google's Memorandum of Law in Opposition to Plaintiffs' Motions for Collateral Estoppel and Partial Summary Judgment, Case No. 21-MD-3010 (PKC)(SDNY).

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Inform's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Inform. If called upon as a witness in this action, I could and would testify competently hereto.

4. Inform followed a strict practice that closely guarded and required confidential treatment of its financial information, customer data and client lists; product design, development, and implementation; internal strategic business plans; non-public financial information; and internal business accounts of customer data, spending, revenue, pricing, industry environment, and prospective business opportunities. This includes the design, implementation and workings of our proprietary video players and product offerings, the businesses that we worked with, the clients that we served, and our assessments of products in the market. In my experience and to the best of my knowledge, in order to protect from competitive harm, Inform took specific and significant precautions to ensure that this information was not made public, and does not and did not disclose

documents or information of this nature outside of the company, except as required to carry out the functions of the company, on behalf of its clients, and subject to further confidentiality requirements and confidentiality agreements.

5. The disclosure of these materials could reveal highly sensitive non-public financial, proprietary and protected information and innovation, and technical and business information; could significantly harm third-party, Inform, and Inform stakeholders intellectual property, relationships and ability to conduct business with counterparties and prospective counterparties; and/or place them at a disadvantage with competitors, who could use Inform's confidential technical specifications or analyses to their advantage. These materials therefore continue to have economic value to third parties, Inform, and/or related parties and should be kept from being generally known to competitors, counterparties, or the general public.

6. To the best of my knowledge, the information that is the subject of Inform's Motion to Seal is highly sensitive and confidential, and it derives from confidential materials that Inform produced in discovery. Inform has compelling reasons to seal this confidential information to, among other things, avoid competitive harm to Inform and/or third parties, avoid disclosure of confidential agreements between Inform and third parties, and prevent competitors and potential business partners from using the information against third parties, Inform, and/or related parties in future negotiations.

7. I have reviewed the Inform-produced financial and other materials identified in the Exhibits below, and I believe that sealing and/or redaction of the exhibits is necessary to protect Inform's proprietary information.

**Specific Information to Redact**

8.  I have reviewed the underlying documentation, that is the Inform Bates-Stamped documents cited in Exhibit 1, as respects which redaction and sealing is sought. The sealing of information and redactions proposed are comprised of sensitive financial and technical information produced during this litigation concerning costs, expenses, fees, revenue, and impressions and technical information concerning Plaintiff Inform, its customers and third parties with which Plaintiff conducted business.

9.  Additionally, it is my understanding that Defendant Google has filed under seal Exhibit 1 and Exhibit 9 (sealed portions of Expert Reports and testimony provided in this case). While, I am not at liberty to review those materials because they are marked "Highly Confidential", to the extent they derive from or are based upon private, sensitive, and competitive business and financial information of Inform, I believe that sealing and/or redaction of these materials is likewise necessary.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: August 15, 2025
Ponte Vedra Beach, Florida

_/s/ Gregory A. Peters_
Gregory A. Peters