# KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

September 3, 2025

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-07194-PKC

Dear Judge Castel:

      We represent Plaintiffs Dotdash Meredith Inc. a/k/a People Inc. and Meredith Operations Corporation (together, "People Inc.") in the above-captioned individual action, which the Court today consolidated with the *Google Digital Advertising Antitrust Litigation* MDL. We are also counsel to Plaintiffs Associated Newspapers, Ltd. and Mail Media, Inc. (together, "Daily Mail"), and Gannett Co., Inc., which have been litigants in the MDL since 2021 and 2023, respectively. We write to request that the Court direct People Inc. and Defendants Google LLC and Alphabet Inc. (together, "Google") to submit a joint proposal regarding fact discovery, consistent with the Court's Civil Case Management Plan and Scheduling Order, by next Thursday, September 11, 2025. There is no conference scheduled at this time.

      People Inc. challenges the same anticompetitive acts alleged by Daily Mail and Gannett, in a complaint that closely tracks the complaints filed in those cases.[1] People Inc. has conformed its complaint to the Court's bellwether motion to dismiss ruling on the Texas Third Amended Complaint, *see In re Google Digital Advertising Antitrust Litigation,* 627 F. Supp. 3d 346 (S.D.N.Y. 2022)[2]; its rulings on the motions to dismiss Daily Mail's and Gannett's individual

---

[1] *Compare*, *e.g.*, People Inc. Compl. Table of Contents at i-iii, Dkt. No. 1, *with* Gannett First Am. Compl. Table of Contents at i-iii, MDL Dkt. No. 795 (identifying the same anticompetitive conduct, with the exception of "Google Hashes User IDs," and the section titled "Google Manipulates DFP to Artificially Deflate Bids from Rival Exchanges," identifying Google's line item capping as anticompetitive).

[2] *See*, *e.g.*, People Inc. Compl. ¶ 226, Dkt. No. 1 ("As this Court has recognized, Google substantially has increased barriers to entry in the market for publisher ad servers, in large part by tying AdX to DFP. *In re Google Digit. Advert. Antitrust Litig.*, 627 F. Supp. 3d at 368-69 (concluding that State plaintiffs had plausibly alleged 'anticompetitive effects in both markets'

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
September 3, 2025
Page 2

complaints, *see* 721 F. Supp. 3d 230; and Judge Brinkema's ruling in the Eastern District of Virginia, *see United States v. Google LLC*, 778 F. Supp. 3d 797 (E.D. Va. 2025).[3]

We anticipate that the parties can complete fact discovery no later than the default deadline provided by the Court's model Civil Case Management Plan and Scheduling Order. *See* Case Management Plan and Scheduling Order ¶ 5. We also respectfully submit that discovery should proceed now, even as Google answers or seeks leave to file a motion to dismiss.

Yesterday, People Inc. served the Complaint on both defendants. *See* Dkt. Nos. 10, 11. We also contacted counsel for Google and requested to meet and confer today regarding a fact discovery schedule. We proposed that fact discovery could be completed by December 4. Google declined to meet and confer, stating that "it would be premature to meet and confer [today, September 3] over a schedule for fact discovery." Ex. A, Email, A. Ewalt to S. Henningson (Sept. 2, 2025).

Accordingly, People Inc. respectfully requests that the Court order the parties to submit proposed fact discovery schedules, consistent with the Court's Civil Case Management Plan and Scheduling Order, by next Thursday, September 11.

---

for ad servers and ad exchanges by identifying how 'Google restricted the ability of publishers using a non-Google ad server to trade through AdX, only allowing publishers that license Google's ad server to receive live, competitive bids from AdX')."); ¶ 232 (collecting citations in 627 F. Supp. 3d 346 and *In re Google Digit. Advert. Antitrust Litig.*, 721 F. Supp. 3d 230 (S.D.N.Y. 2024) which sustained ad-exchange claims relating to Dynamic Allocation, Enhanced Dynamic Allocation, Dynamic Revenue Share, Redaction of Auction Data, Poirot, Unified Pricing Rules, and Minimum Bid to Win).

[3] For example, the People Inc. complaint conforms to Judge Brinkema's "worldwide" geographic market, including the exceptions she identified for "countries where the operation of ad tech companies is substantially restricted by government censorship of the Internet (e.g., China) or U.S. economic sanctions (e.g., Iran)." *Compare* People Inc. Compl. ¶ 83, Dkt. No. 1 *with* 778 F. Supp. 3d at 847 & n.26.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
September 3, 2025
Page 3

                                         Respectfully submitted,

                                         /s/ *Eliana Margo Pfeffer*
                                         John Thorne
                                         Daniel G. Bird
                                         Bethan R. Jones
                                         Christopher C. Goodnow
                                         Mark P. Hirschboeck
                                         Eliana Margo Pfeffer (N.Y. Bar. No. 5591789)
                                         Eric J. Maier
                                         Sven E. Henningson
                                         KELLOGG, HANSEN, TODD, FIGEL
                                           & FREDERICK, P.L.L.C.
                                         1615 M Street, N.W., Suite 400
                                         Washington, DC 20036
                                         Tel.: (202) 326-7900
                                         Fax: (202) 326-7999
                                         Email: jthorne@kellogghansen.com
                                                    dbird@kellogghansen.com
                                                    bjones@kellogghansen.com
                                                    cgoodnow@kellogghansen.com
                                                    mhirschboeck@kellogghansen.com
                                                    epfeffer@kellogghansen.com
                                                    emaier@kellogghansen.com
                                                    shenningson@kellogghansen.com

                                         *Counsel for Dotdash Meredith Inc. a/k/a People Inc. and Meredith Operations Corp.*

cc: All Counsel of Record via ECF