UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-MD-3010 (PKC)** |

### DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S ANSWER TO ADVERTISER PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Google LLC and Alphabet Inc. (together, "Google") answer the First Amended Complaint of Advertiser Class Plaintiffs ("Plaintiffs"), through undersigned counsel as set forth below. Google generally denies the legal claims asserted in Plaintiffs' September 29, 2025 Complaint, ECF No. 1198 (the "Complaint"). Ad tech (the technology that powers digital advertising on publishers' sites) is an important part of a healthy web. Google's investments and innovations in this space help publishers fund their work, make it easy for large and small businesses to reach consumers, and support the proliferation of creative and diverse content. Google's products foster competition for the benefit of publishers, advertisers, and consumers.

### RESPONSE TO NUMBERED PARAGRAPHS

Except to the extent specifically admitted herein, Google denies each and every allegation contained in the Complaint, including all allegations contained in headings or otherwise not contained in one of the Complaint's 397 numbered paragraphs. Google generally denies the legal claims asserted in the Complaint and responds to the Complaint's numbered paragraphs as follows.

1.     As to the third sentence of Paragraph 1, Google admits that publishers use a

variety of products and services to help sell their display ad inventory; that advertisers use a variety of products and services to help purchase display ad inventory; and that ad servers, the marketplaces that match buyers and sellers, and ad buying tools are among the products that publishers use to help sell their display ad inventory and that advertisers use to purchase display inventory from, among other sources, ad exchanges.  Google denies the allegations in Paragraph 1 in all other respects.

2.      Google admits that it operates an ad exchange used by advertisers and publishers and that it offers tools that advertisers can use to purchase display advertising inventory.  As to the fourth sentence of Paragraph 2, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 2 in all other respects.

3.      As to the first sentence of Paragraph 3, Google admits that when a user visits a publisher's website, a series of interactions can occur that result in an ad being displayed to a user.  As to the second sentence of Paragraph 3, Google admits that a single display ad shown to a single user on a single occasion can be referred to as an impression.  Google admits the third sentence of Paragraph 3.  Google denies the allegations in Paragraph 3 in all other respects.

4.      Google denies the allegations in Paragraph 4 of the Complaint.

5.      As to the first and second sentences of Paragraph 5, Google admits that ad servers generally are responsible for selecting, in accordance with the publisher's preferences, the ads or ad providers for a particular impression.  As to the second sentence of Paragraph 5, Google admits that advertisers constitute demand for display-ad inventory.  As to the third sentence of Paragraph 5, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the fourth, fifth, and

sixth sentences of Paragraph 5, Google admits that advertisers of all types and sizes use automated tools to bid on and purchase ad inventory; that advertisers use buying tools to achieve their advertising goals; and that advertiser buying tools may include or provide different features suitable to different users.  As to the seventh sentence, Google admits that certain ad servers and buying tools may, in certain circumstances, connect to ad exchanges.  Google denies the allegations in Paragraph 5 in all other respects.

6.      Google denies the allegations in Paragraph 6 of the Complaint.

7.      As to the first sentence of Paragraph 7, Google admits that Google Ad Manager's ad serving functionality is the successor to an ad server product, formerly called DoubleClick for Publishers, that Google acquired as part of its acquisition of DoubleClick, which was completed in 2008.  As to the fourth sentence of Paragraph 7, Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from  other channels, so as to maximize the publisher's revenue.  As to the fifth sentence of Paragraph 7, Google admits that Google Ad Manager implements a feature originally known as Enhanced Dynamic Allocation.  Google denies the allegations in  Paragraph 7 in all other respects.

8.      As to the first and second sentences of Paragraph 8, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the sixth sentence of Paragraph 8, Google admits that it retains a revenue share of 5-10% for transactions matched through Open Bidding as consideration for the value provided by Google's service.  Google denies the allegations in Paragraph 8 in all other respects.

9.      Google understands Paragraph 9 to have been dismissed as to Plaintiffs' claim related to the Network Bidding Agreement with Facebook.  ECF No. 701 at 17-21; ECF No. 771.  To the extent Paragraph 9 requires a response, Google denies the allegations in Paragraph 9 of the Complaint.

10.      As to the second sentence of Paragraph 10, Google admits the existence of an auction feature called Project Bernanke.  As to the third sentence of Paragraph 10, Google admits that its ad exchange supports a feature called Dynamic Revenue Share and that, if enabled by the publisher, Dynamic Revenue Share dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.  As to the fifth sentence of Paragraph 10, Google admits that Reserve Price Optimization is an optimization Google developed that could increase publisher revenues by adjusting price floors.  Google admits to the existence of Unified Pricing Rules.  Google denies the allegations in Paragraph 10 in all other respects.

11.      As to the first sentence of Paragraph 11, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 11 in all other respects.

12.      Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute federal subject matter jurisdiction.

13.      Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google does not dispute that this case is properly before this Court at this time based on the the Judicial Panel on Multidistrict Litigation's decision of August 10, 2021, reported at 555 F. Supp. 3d 1372.

14.    As to the first and second sentences of Paragraph 14 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 14 in all other respects.

15.    Google denies the allegations in Paragraph 15 of the Complaint.

16.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that basis denies those allegations.

17.    Google denies the allegations in Paragraph 17 of the Complaint.

18.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that basis denies those allegations.

19.    Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 19.

20.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that basis denies those allegations.  Google further denies that Cliffy Care Landscaping is a proper plaintiff, as it has been compelled to arbitrate its claims against Google.  ECF No. 903.

21.    Google denies the allegations in Paragraph 21 of the Complaint.

22.    Google admits it is a limited liability company organized and existing under the laws of the State of Delaware, and that it maintains a Mountain View, California business address.  Google denies the allegations in Paragraph 22 in all other respects.

23.    Google admits that Alphabet Inc. is incorporated and existing under the laws of the State of Delaware and that it maintains a Mountain View, California business address. Google admits that Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of

Alphabet Inc.  Google denies the allegations in Paragraph 23 in all other respects.

24.    Google admits that the Complaint refers to Google LLC and Alphabet Inc. collectively as "Google."

25.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that basis denies those allegations.

26.    As to the first sentence of Paragraph 26, Google admits businesses can use advertising to promote their products, generate brand awareness, and increase sales.  As to the third sentence, Google admits that magazines, newspapers, and other publications are vehicles for businesses to advertise.  Google lacks knowledge or information to form a belief as to the truth or falsity of the rest of the allegations in Paragraph 26 and on that basis denies those allegations.

27.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and on that basis denies those allegations.

28.    The allegations in Paragraph 28 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies Paragraph 28 of the Complaint.

29.    The allegations in Paragraph 29 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that search engines at times sell advertisements that can be delivered to users along with users' search query results, and that such advertisements may be delivered in response to a user's query.  Google denies the allegations in Paragraph 29 in all other respects.

30.    The allegations in Paragraph 30 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that search engines at times sell advertisements that can be delivered to users along with users' search query results, and that such advertisements may be delivered in response to a user's query.  Google admits that some search engines may sell some advertisements on a cost-per-click basis.  Google denies the allegations in Paragraph 30 in all other respects.

31.     The allegations in Paragraph 31 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first and second sentences of Paragraph 31, Google admits that a graphical ad displayed on a website that is viewed in an internet browser or displayed in an app, mobile application, or email service can be referred to as a display ad and that a display ad may contain images, text, or multimedia.   As to the third sentence of Paragraph 31, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 31 in all other respects.

32.     The allegations in Paragraph 32 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first and second sentences of Paragraph 33, Google admits that advertisers may know characteristics of a user to attempt to target ads to a user.  As to the third sentence of Paragraph 33, Google admits that the practice of showing ads to a user who showed

interest in merchandise from a merchant's website but did not purchase it may be referred to as "remarketing." Google denies the allegations in Paragraph 33 in all other respects.

34.     Google admits that an owner of a website can be referred to as a publisher. Google admits that some online ads are bought and sold in fractions of a second using sophisticated tools, some of which could be supplied by third parties. Google admits that real-time bidding is a process by which digital advertising inventory can be bought and sold. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the final sentence of Paragraph 34 and on that basis denies those allegations. Google denies the allegations in Paragraph 34 in all other respects.

35.     The allegations in Paragraph 35 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, as to the second sentence of Paragraph 35, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations of Paragraph 35 in all other respects.

36.     As to the first sentence of Paragraph 36, Google admits that it owns tools used by advertisers and publishers to buy and sell online ad inventory and that it supplies display advertising on Google owned and operated properties. As to the second sentence of Paragraph 36, Google admits it owns and operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX." As to the fourth sentence of Paragraph 36, Google admits that ad exchanges match buyers and sellers of display ads on an impression-by-impression basis. Google denies the allegations in Paragraph 36 in all other respects.

37.     Google denies the allegations in Paragraph 37.

38.     As to the first sentence of Paragraph 38, Google admits that advertisers and media

agencies running advertising campaigns make up part of the demand for online ad inventory. As to the second sentence of Paragraph 38, Google admits that advertisers of all types and sizes use automated tools, including demand-side platforms, to bid on and purchase ad inventory, including inventory sold on ad exchanges and ad networks; and that advertisers use buying tools to achieve their advertising goals. Google denies the allegations in Paragraph 38 in all other respects.

39.     Google admits that publishers use a variety of products and services to help sell their display ad inventory and that ad servers and in-app mediation services are among the products that publishers use to help sell their display ad inventory. Google denies the allegations in Paragraph 39 in all other respects

40.     Google admits that ad-buying tools, including demand-side platforms, can, in some circumstances, connect to ad exchanges. Google further admits that ad exchanges auction some publishers' display inventory submitted in certain circumstances by an ad network or a supply-side platform to some end-advertisers, including in certain circumstances through intermediaries such as demand-side platforms or trading desks, on an impression-by-impression basis. Google denies the allegations in Paragraph 40 in all other respects.

41.     Google admits that ad-buying tools can, in some circumstances, connect to ad exchanges. Google admits that ad exchanges can hold auctions in which various demand sources bid on impressions. Google admits that the Meta Audience Network was previously called the Facebook Audience Network. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41 and on that basis denies those allegations.

42.     As to the first sentence of Paragraph 42, Google admits that ad servers,

supply-side platforms, ad exchanges, ad-buying tools, in-app mediation services, and ad networks are some of the services offered in the digital advertising industry. Google denies the allegations in Paragraph 42 in all other respects.

43. The allegations in Paragraph 43 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. Paragraph 43 also purports to show products used by advertisers in this case, the alleged relevant antitrust markets for each type of product, and the current name of Google's product in each such market, to which no response is required. To the extent a response to Paragraph 43 is deemed necessary, Google admits that advertisers can buy web display and in-app advertisements, among other ads, through Google Ads and Display & Video 360, and that it operates an ad exchange which previously was known as DoubleClick Ad Exchange or "AdX." Google denies the allegations contained in Paragraph 43 in all other respects.

44. The allegations in Paragraph 44 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google denies the allegations in Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, as to the second sentence of Paragraph 45, Google admits that ad exchanges auction some publishers' display inventory submitted in certain circumstances by an ad network or a supply-side platform to some end-advertisers, including in certain circumstances through intermediaries such as demand-side platforms or trading desks, on an impression-by-impression basis and in real time. Google denies the allegations in Paragraph 45 in all other respects.

46. The allegations in Paragraph 46 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that ad exchanges match buyers and sellers of display ads on an impression-by-impression basis in real time, typically through an auction mechanism.  Google admits that ad exchanges generally do not bear inventory risk.  As to the the first, fourth, and fifth sentences of Paragraph 46, except as admitted above, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 46 in all other respects.

47.    The allegations in Paragraph 47 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence, second sentence, and portions of the third sentence of Paragraph 47.  Google admits that exchanges allow for the purchase of individual impressions.  Google denies the allegations in Paragraph 47 in all other respects.

48.    The allegations in Paragraph 48 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 48 of the Complaint

49.    The allegations in Paragraph 49 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 49 of the Complaint.

50.    The allegations in Paragraph 50 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that buying or selling inventory directly may involve a sales team or automated sales interface; that publishers and advertisers may (but need not) rely on

internal staff to manage their relationships; and that the expected value of inventory can be a factor that publishers consider in determining an ad sales strategy. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third, fourth, fifth and sixth sentences of Paragraph 50 and on that basis denies those allegations. Google denies the allegations in Paragraph 50 in all other respects.

51.    The allegations in Paragraph 51 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, and to the extent the allegations in Paragraph 51 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 51 in all other respects.

52.    The allegations in Paragraph 52 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google denies the allegations in Paragraph 52.

53.    The allegations in Paragraph 53 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google denies the allegations in Paragraph 53.

54.    The allegations in Paragraph 54 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54 and on that basis denies those allegations.

55.    The allegations in Paragraph 55 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a

response is required, and to the extent the allegations in Paragraph 55 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 55 in all other respects.

56.     The allegations in Paragraph 56 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second, third, fourth, fifth, and sixth sentences of Paragraph 56, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 56 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 56 in all other respects.

57.     The allegations in Paragraph 57 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares in the United States, but denies that ad exchanges is a relevant antitrust market.  Google denies the allegations in Paragraph 57 in all other respects.

58.     The allegations in Paragraph 58 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that some ad tech products work internationally and that advertisers and publishers may target audiences outside of their particular country, but denies the allegations in Paragraph 58 in all other respects.

59.     The allegations in Paragraph 59 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that ad exchanges is a relevant antitrust market. As to the fourth sentence of Paragraph 59, Google admits that increasing viewable ad impressions may lead to higher revenue potential for publishers and that targeting advertising to find the right customers could help increase advertisers' return on investment. Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and on that basis denies those allegations. Google denies the allegations in Paragraph 59 in all other respects.

60.    The allegations in Paragraph 60 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, as to the first and third sentence of Paragraph 60, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. As to the second sentence of Paragraph 60, Google admits that laws and regulations concerning competition, user privacy, and deceptive trade practices can vary from country to country. Google denies the allegations in Paragraph 60 in all other respects.

61.    The allegations in Paragraph 61 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and on that basis denies those allegations. Google denies the allegations in Paragraph 61 in all other respects.

62.    The allegations in Paragraph 62 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a

response is required, to the extent the allegations in Paragraph 62 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 62 in all other respects.

63.    The allegations in Paragraph 63 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and on that basis denies those allegations. Google denies the allegations in Paragraph 63 in all other respects.

64.    The allegations in Paragraph 64 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 64.

65.    The allegations in Paragraph 65 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits it operates an ad exchange, which previously was known as DoubleClick Ad Exchange or "AdX."  Google admits that it offers an ad buying tool called Google Ads.  Google denies the allegations in Paragraph 65 in all other respects.

66.    The allegations in Paragraph 66 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 66 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 66 in all other respects.

67.    The allegations in Paragraph 67 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 and on that basis denies those allegations. Google otherwise denies the allegations in Paragraph 67.

68.    The allegations in Paragraph 68 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 68 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 68 in all other respects.

69.    The allegations in Paragraph 69 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits, on information and belief, the existence of an article containing the quoted language, to which article Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 69 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  As to the third and fourth sentences of Paragraph 69 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 69 in all other respects.

70.    The allegations in Paragraph 70 of the Complaint are premised on Plaintiffs'
proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a
response is required, Google admits, on information and belief, the existence of a news article
containing the quoted language, to which news article Google refers the Court for a complete and
accurate statement of its contents.  To the extent the allegations in Paragraph 70 characterize or
describe documents or other sources, Google notes that such sources speak for themselves and
denies any characterization or description that is inconsistent therewith.  Google denies the
allegations in Paragraph 70 in all other respects.

71.    The allegations in Paragraph 71 are premised on Plaintiffs' proposed market
definition, a legal conclusion not subject to admission or denial.  To the extent a response is
required, as to the second sentence of Paragraph 71 of the Complaint, Google lacks knowledge
or information sufficient to form a belief as to the truth or falsity of the allegations and on that
basis denies those allegations.  Google denies the allegations in Paragraph 71 in all other
respects.

72.    The allegations in Paragraph 72 of the Complaint are premised on Plaintiffs'
proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a
response is required, Google admits that the European Commission conducted an investigation
involving Google ad tech, but denies Plaintiffs' characterization of the investigation.  As to the
second sentence of Paragraph 72, Google admits that the features previously available in
DoubleClick for Publishers and AdX are available through Google Ad Manager.  To the extent
the allegations in Paragraph 72 characterize or describe documents or other sources, Google
notes that such sources speak for themselves and denies any characterization or description that
is inconsistent therewith.  Google denies the allegations in 72 in all other respects.

73.     The allegations in Paragraph 73 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that Magnite, Xandr, and Index Exchange, among many others, all operate ad exchanges with which Google competes.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first (except as admitted above), second, third, fourth, fifth, seventh, eighth, tenth, and eleventh sentences of Paragraph 73 and on that basis denies those allegations.  Google denies the allegations in Paragraph 73 in all other respects.

74.     The allegations in Paragraph 74 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 74 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 74 in all other respects.

75.     The allegations in Paragraph 75 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 76, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis

denies those allegations.  As to the third, fourth, and fifth sentences of Paragraph 76, Google admits, on information and belief, the existence of an article containing the quoted language, to which  article Google refers the Court for a complete and accurate statement of its contents.  As to the eighth, ninth, tenth, eleventh, and twelfth sentences of Paragraph 76, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the thirteenth sentence of Paragraph 76, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 76 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 76 in all other respects.

77.    The allegations in Paragraph 77 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the fourth sentence of Paragraph 77, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the fifth sentence of Paragraph 77, Google admits, on information and belief, the existence of an article containing the quoted language, to which article Google refers the Court for a complete and accurate statement of its contents.  As to the sixth sentence of Paragraph 77, Google admits, on information and belief, to the existence of articles containing the quoted language, to which articles Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 77 characterize or describe documents or other sources, Google notes that such sources speak for

themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 77 in all other respects.

78.    The allegations in Paragraph 78 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 78 of the Complaint.

79.    The allegations in Paragraph 79 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that generally speaking an ad exchange is more attractive to advertisers as more publishers use it, and more attractive to publishers as more advertisers use it. Google denies the allegations in Paragraph 79 in all other respects.

80.    The allegations in Paragraph 80 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that ad-buying tools can, in some circumstances, connect to ad exchanges.  Google denies the allegations in Paragraph 80 in all other respects.

81.    The allegations in Paragraph 81 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 81, Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 81 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 81 in all other respects.

82.    The allegations in Paragraph 82 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that advertisers can buy web display and in-app advertisements, among other ads, through Google Ads and Display & Video 360.  Google denies the allegations in Paragraph 82 in all other respects.

83.     The allegations in Paragraph 83 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required,  Google admits that it may be appropriate to assess market shares within the United States, but denies that buying tools for small advertisers is a relevant antitrust market.  As to the second sentence of Paragraph 83, Google further admits that advertisers of all types and sizes use automated tools to bid on and purchase ad inventory, including ad inventory trading on ad exchanges and ad networks.  Google denies the allegations in Paragraph 83 in all other respects.

84.     The allegations in Paragraph 84 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different buying tools provide different types of interfaces; that advertisers of all types and sizes use automated buying tools to bid on and purchase ad inventory, including inventory sold on ad exchanges and ad networks; and that advertisers use buying tools to achieve their advertising goals.  Google denies the allegations in Paragraph 84 in all other respects.

85.     The allegations in Paragraph 85 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 85, Google admits that advertisers of all types of sizes use buying tools to bid on and purchase ad inventory, including inventory sold

on ad networks.  Google denies the allegations in  Paragraph 85 in all other respects.

86.    The allegations in Paragraph 86 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 86, Google admits that Google Ads has no minimum monthly spend requirement.  Google denies the allegations in Paragraph 86 in all other respects.

87.    The allegations in Paragraph 87 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 87, Google admits that Google Ads has no minimum monthly spend requirement, but lacks knowledge or information to form a belief as to the truth or falsity of the allegations regarding the minimum spend requirements of other advertising buying tools and and on that basis denies those allegations.  As to the third sentence of Paragraph 87, Google admits that lawyers, real estate agents, photographers, plumbers, builders, doctors, barber shops, start-ups, and car dealerships can use automated buying tools to bid on and purchase ad inventory.  Google denies the remainder of Paragraph 87.

88.    The allegations in Paragraph 88 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of a document in the first sentence containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  As to the second sentence of Paragraph 88, Google admits to the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 88 characterize or describe documents or other sources, Google notes that such sources speak for

themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 88 in all other respects.

89.    The allegations in Paragraph 89 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that different buying tools have different features and requirements suitable to different users and that buying tools charge different prices, in part due to differences in their features.  As to the third sentence of Paragraph 89, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 89 in all other respects.

90.    The allegations in Paragraph 90 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 90 of the Complaint.

91.    The allegations in Paragraph 91 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 91, Google admits that it offers ad buying tools that are suitable for advertisers of all sizes and that advertisers of all sizes may purchase advertisements through Google Ads.  As to the third sentence of Paragraph 91, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  To the extent the allegations in Paragraph 91 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies Paragraph 91 in all other respects.

92.    The allegations in Paragraph 92 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, as to the second and third sentences of Paragraph 92, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 92 in all other respects.

93. The allegations in Paragraph 93 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that online publishers can sell advertising either directly or indirectly. To the extent the allegations in Paragraph 93 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 and on that basis denies those allegations. Google denies Paragraph 93 in all other respects.

94. The allegations in Paragraph 94 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, and to the extent the allegations in Paragraph 94 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies Paragraph 94 in all other respects.

95. The allegations in Paragraph 95 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, as to the first, second, third, fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 95 of the Complaint, Google lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 95 in all other respects.

96.     The allegations in Paragraph 96 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second sentence of Paragraph 96, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies Paragraph 96 in all other respects.

97.     The allegations in Paragraph 97 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 97 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 97 in all other respects.

98.     The allegations in Paragraph 98 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and on that basis denies those allegations.

99.     The allegations in Paragraph 99 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the second and third sentences of Paragraph 99, Google admits that it offers an ad buying tool known as Display & Video 360 that is used by advertisers of all sizes and that advertisers of all sizes may purchase advertisements through Google Ads.  To the extent the allegations in Paragraph 99 characterize or describe documents or other sources, Google notes

that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies Paragraph 99 in all other respects.

100.     The allegations in Paragraph 100 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that it may be appropriate to assess market shares within the United States, but denies that buying tools for small advertisers is a relevant antitrust market.  As to the fourth sentence of Paragraph 100, Google admits that ad viewability may lead to higher revenue potential for publishers and that targeting advertising to find the right customers could help increase advertisers' return on investment.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 and on that basis denies those allegations.  Google denies the allegations in Paragraph 100 in all other respects.

101.     The allegations in Paragraph 101 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that laws and regulations concerning competition, user privacy, and deceptive trade practices can vary from country to country.  Google denies the allegations in Paragraph 101 in all other respects.

102.     The allegations in Paragraph 102 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 and on that basis denies those allegations.

103.     The allegations in Paragraph 103 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google denies the allegations in Paragraph 103 of the Complaint.

104.    The allegations in Paragraph 104 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 104 of the Complaint.

105.    The allegations in Paragraph 105 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and on that basis denies those allegations.  Google denies Paragraph 105 in all other respects.

106.    The allegations in Paragraph 106 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 106 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 106 in all other respects.

107.    The allegations in Paragraph 107 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 107 and on that basis denies those allegations.  As to the third sentence of Paragraph 107, Google admits the existence of a document containing the quoted language, to which document Google refers the

Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 107 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 107 in all other respects.

108.    The allegations in Paragraph 108 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that "FAN" is an acronym used to refer to Facebook's ad network, Facebook Audience Network, and that the Meta Audience Network was previously called the Facebook Audience Network.  Google admits that Facebook Audience Network is one of Google's major competitors across multiple types of products and services.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second (except as admitted above), and third sentences of Paragraph 108. To the extent the allegations in Paragraph 108 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 108 in all other respects.

109.    The allegations in Paragraph 109 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that Display Network campaigns are designed to show ads in apps by default if the placement (the destination for an ad) matches the targeting  set for a campaign.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 and on that basis denies those allegations. Google denies the allegations in Paragraph 109 in all other respects.

110.    The allegations in Paragraph 110 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits the existence of documents containing the quoted language, to  which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 111 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 111 of the Complaint in all other respects.

112.    The allegations in Paragraph 112 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that customers using Google Ads can purchase multiple different formats of advertising.  Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 112 and on that basis denies those allegations.  Google denies the allegations in Paragraph 112 in all other respects.

113.    The allegations in Paragraph 113 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, Google admits that buying tools provide varying types of measurement functionality to assess audience reach. Google denies the allegations in Paragraph 114 in all other respects.

115. Google understands Paragraph 115 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13. To the extent a response is required, Google denies the allegations in Paragraph 115 of the Complaint.

116. Google understands Paragraph 116 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13. To the extent Paragraph 116 requires a response, Google denies the allegations in Paragraph 116 of the Complaint.

117. Google understands Paragraph 117 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13. To the extent Paragraph 117 requires a response, Google denies the allegations in Paragraph 117 of the Complaint.

118. Google understands Paragraph 118 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13. To the extent Paragraph 118 requires a response, Google denies the allegations in Paragraph 118 of the Complaint.

119. Google understands Paragraph 119 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers. ECF No. 701 at 11-13. To the extent Paragraph 119 requires a response, Google denies the allegations in Paragraph 119 of the Complaint.

120.    Google understands Paragraph 120 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 120 requires a response, Google denies the allegations in Paragraph 120 of the Complaint.

121.    Google understands Paragraph 121 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 121 requires a response, Google denies the allegations in Paragraph 121 of the Complaint.

122.    Google understands Paragraph 122 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 122 requires a response, Google denies the allegations in Paragraph 122 of the Complaint.

123.    Google understands Paragraph 123 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 123 requires a response, Google denies the allegations in Paragraph 123 of the Complaint.

124.    Google understands Paragraph 124 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 124 requires a response, Google denies the allegations in Paragraph 124 of the Complaint.

125.    Google understands Paragraph 125 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 125 requires a response, Google denies the allegations in Paragraph 125 of

the Complaint.

126.    Google understands Paragraph 126 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 126 requires a response, Google denies the allegations in Paragraph 126 of the Complaint.

127.    Google understands Paragraph 127 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 127 requires a response, Google denies the allegations in Paragraph 127 of the Complaint.

128.    Google understands Paragraph 128 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent a response is required, Google denies the allegations in Paragraph 128 of the Complaint.

129.    Google understands Paragraph 129 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 129 requires a response, Google denies the allegations in Paragraph 129 of the Complaint.

130.    Google understands Paragraph 130 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 130 requires a response, Google denies the allegations in Paragraph 130 of the Complaint.

131.    Google understands Paragraph 131 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To

the extent Paragraph 131 requires a response, Google denies the allegations in Paragraph 131 of the Complaint.

132.    Google understands Paragraph 132 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 132 requires a response, Google denies the allegations in Paragraph 132 of the Complaint.

133.    Google understands Paragraph 133 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 133 requires a response, Google denies the allegations in Paragraph 133 of the Complaint.

134.    Google understands Paragraph 134 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent a response is required, Google denies the allegations in Paragraph 134 of the Complaint.

135.    Google understands Paragraph 135 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 135 requires a response, Google denies the allegations in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that its display advertising services can help facilitate the placement of advertising on websites and in mobile apps owned and operated by third-party entities, among other things.  Google admits that advertisers use Google's services to access

potential customers on websites and mobile apps, among other things.    Google denies the allegations in Paragraph 136 of the Complaint in all other respects.

137.    The allegations in Paragraph 137 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 137 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 137 in all other respects.

138.    The allegations in Paragraph 138 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, and to the extent the allegations in Paragraph 138 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 138 in all other respects.

139.    The allegations in Paragraph 139 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "Meta sells its supply of inventory for advertising on its owned-and-operated social-media platforms as a first party through a self-contained and closed-ended system separate from the ad tech stack in which MAN offers services to place web and in-app open-display ads" and on that basis denies those allegations.  Google denies the allegations in Paragraph 139 in all other respects

140.    The allegations in Paragraph 140 of the Complaint are premised on Plaintiffs'

-34-

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 140 and on that basis denies those allegations.  Google denies the allegations in Paragraph 140 in all other respects.

141.    The allegations in Paragraph 141 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in  the third and fourth sentences of Paragraph 141 and on that basis denies those allegations.  Google admits that "it is theoretically possible for an advertiser to connect directly with a publisher to negotiate the placement of advertisements onto the publisher's supply of advertising space."  Google denies the allegations in Paragraph 141 in all other respects.

142.    The allegations in Paragraph 142 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142 and on that basis denies those allegations. Google denies the allegations in Paragraph 142 in all other respects.

143.    The allegations in Paragraph 143 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 143 and on that basis denies those allegations.  Google denies the allegations in Paragraph 143 in all other respects.

144.    The allegations in Paragraph 144 of the Complaint are premised on Plaintiffs'

proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that impressions without associated cookies or alternative means of understanding what may be relevant to users can have  lower value in some instances. Google denies the allegations in Paragraph 144 in all other aspects

145.    The allegations in Paragraph 145 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 and on that basis denies those allegations. Google denies the allegations in Paragraph 145 in all other aspects

146.    The allegations in Paragraph 146 are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that publishers can sell their inventory to advertisers both directly and indirectly and that "direct" sales are those in which a publisher sells its ad inventory directly to advertisers, including through manual media buying, programmatic direct buying, and private auctions.  Google denies the allegations in Paragraph 146 in all other respects.

147.    The allegations in Paragraph 147 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 147 and on that basis denies those allegations.Google denies the allegations in Paragraph 147 in all other respects.

148.    The allegations in Paragraph 148 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a

response is required, as to the third, fourth, and fifth sentences of Paragraph 148 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  To the extent the allegations in Paragraph 148 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 148 in all other respects

149.    The allegations in Paragraph 149 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that the internet altered the way people consume content and expanded the opportunities for companies to advertise.   Google denies the allegations in Paragraph 149 in all other respects.

150.    The allegations in Paragraph 150 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 150 of the Complaint.

151.    The allegations in Paragraph 151 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 151 of the Complaint.

152.    The allegations in Paragraph 152 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 152 of the Complaint.

153.    The allegations in Paragraph 153 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 153 of the Complaint.

154.    The allegations in Paragraph 154 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, as to the first sentence of Paragraph 154, Google admits the existence of documents containing the quoted language, to which documents Google refer the Court for a complete and accurate statement of its contents.  Google denies the allegations in Paragraph 154 in all other respects.

155.    The allegations in Paragraph 155 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in Paragraph 155 of the Complaint.

156.    To the extent the allegations in Paragraph 156 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 156 in all other respects.

157.    Google denies the allegations in Paragraph 157 of the Complaint.

158.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 158 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 158 of the Complaint in all other respects.

159.    To the extent the allegations in Paragraph 159 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in

Paragraph 159 in all other respects.

160.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 160 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 160 of the Complaint in all other respects.

161.    Google admits that it acquired DoubleClick in 2008.  Google admits that it acquired Invite Media in 2010.  Google admits that Display & Video 360 is derived in part from its acquisition of Invite Media and was formerly known as DoubleClick Bid Manager.  Google admits that it acquired AdMob in 2009.  Google admits that, in 2011, it acquired Admeld Inc. Google admits it acquired Adometry in 2014.  Google denies the allegations in Paragraph 161 in all other respects.

162.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 and on that basis denies those allegations.  Google denies the allegations in Paragraph 162 in all other respects.

163.    Google denies the allegations in Paragraph 163 of the Complaint.

164.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 164 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 164 in all other respects.

165.    Google denies the allegations in Paragraph 165 of the Complaint.

166.    As to the third and fourth sentence of Paragraph 166 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  To the extent the allegations in Paragraph 166 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 166 in all other respects.

167.    As to the first sentence of Paragraph 167 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google admits that the value of different ad inventory can differ and will depend  on a variety of factors including the audience.  Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 167 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 167 in all other respects.

168.    Google denies the allegations in Paragraph 168 of the Complaint.

169.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 and on that basis denies those allegations.  Google denies the allegations in Paragraph 169 in all other respects.

170.    As to the second sentence of Paragraph 170 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 170 in all

other respects.

171.    Google denies the allegations in Paragraph 171 of the Complaint.

172.    Google denies the allegations in Paragraph 172 of the Complaint.

173.    Google admits that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression; that ad servers may receive browser cookies and that, depending on a user's settings, such cookies may subsequently be correlated with a profile; that browser cookies can be used to limit the number of times a user is shown a particular ad to avoid oversaturating the user; that cookies can be used as part of the process of measuring ad campaigns' effectiveness; and that some ad campaign billing models, such as cost-per-conversion, charge advertisers based on a specified user action.  Google denies the allegations in Paragraph 173 in all other respects.

174.    Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 174 in all other respects.

175.    As to the third sentence of Paragraph 175, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  As to the second sentence of Paragraph 175, Google admits that it hashes or encrypts the identifiers it shares with third parties in connection with publishers' impressions to ensure user privacy.  Google denies the allegations in Paragraph 175 in all other respects.

176.    As to the second sentence of Paragraph 176 and the allegation in the first sentence of Paragraph 176 that "advertisers almost always use a single DSP for a given advertising campaign," Google lacks knowledge or information sufficient to form a belief as to the truth or

falsity of those allegations, and on that basis denies those allegations. Google denies the allegations in Paragraph 176 in all other respects.

177.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 and on that basis denies those allegations. Google denies the allegations in Paragraph 177 in all other respects.

178.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178 and on that basis denies those allegations. Google denies the allegations in Paragraph 178 in all other respects.

179.    As to the third sentence of Paragraph 179 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 179 in all other respects.

180.    Google denies the allegations in Paragraph 180 of the Complaint.

181.    To the extent the allegations in Paragraph 181 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 181 in all other respects.

182.    Google denies the allegations in Paragraph 182 of the Complaint.

183.    The allegations in Paragraph 183 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits that it provides its advertiser customers with varying types of  information with which they can assess audience reach and ad performance in order to compare  Google Ads with its competitors. Google denies the allegations in Paragraph 183 in all

other respects.

184. To the extent the allegations in Paragraph 184 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 184 in all other respects.

185. Google admits the existence of a document containing the report in the second sentence of Paragraph 185, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 185 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. As to the last sentence of Paragraph 185, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations of Paragraph 185 in all other respects.

186. As to the first sentence of Paragraph 186 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 186.

187. To the extent the allegations in Paragraph 187 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 187 in all other respects.

188. To the extent the allegations in Paragraph 188 quote, characterize, or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in

Paragraph 188 in all other respects.

189.    To the extent the allegations in Paragraph 189 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 189 in all other respects.

190.    Google denies the allegations in Paragraph 190 of the Complaint.

191.    The allegations in Paragraph 191 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from  other channels, so as to maximize the publisher's revenue.  Google denies the allegations in  Paragraph 191 in all other respects.

192.    Google admits that there is an industry practice known as "waterfalling."  Google denies the allegations in Paragraph 192 in all other respects.

193.    Google admits that DoubleClick for Publishers operated as programmed by the publisher and admits that there is an industry practice known as "waterfalling" and that "waterfalling" involves sequentially offering inventory to multiple exchanges, networks, or other sources of demand.  Google denies the allegations in Paragraph 193 in all other respects.

194.    Google admits that there is an industry practice known as "waterfalling" and that "waterfalling" involves sequentially offering inventory to multiple exchanges, networks, or other sources of  demand.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 194 and on that basis denies those

allegations.  Google denies the allegations in Paragraph 194 in all other respects.

195.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 195 and on that basis denies those allegations.  Google denies the allegations in Paragraph 195 in all other respects.

196.    Google admits that its publisher ad server originally known as DoubleClick for Publishers included a feature known as "dynamic allocation" that was designed to compare real time bids received through Google's ad exchange with a publisher's estimate of its yield from other channels, so as to maximize the publisher's revenue.  Google denies the allegations in Paragraph 196 in all other respects.

197.    Google denies the allegations in Paragraph 197 of the Complaint.

198.    Google denies the allegations in Paragraph 198 of the Complaint.

199.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation.  Google denies the allegations in Paragraph 199 in all other aspects.

200.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand in Google Ad Manager to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee).  Google denies the allegations in Paragraph 200 in all other aspects.

201.    Google admits that Google Ad Manager included a feature originally known as Enhanced Dynamic Allocation that permits non-guaranteed demand in Google Ad Manager to compete simultaneously with guaranteed line items in Google Ad Manager when the revenue to

be derived from the non-guaranteed option was higher than the opportunity cost of not serving the guaranteed line item (without risking the fulfillment of the guarantee). Google denies the allegations in Paragraph 201 in all other aspects.

202.    Google denies the allegations in Paragraph 202 of the Complaint.

203.    Google denies the allegations in Paragraph 203 of the Complaint.

204.    The allegations in Paragraph 204 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial. To the extent a response is required, Google admits to the existence of an auction feature called Project Bernanke. Google denies the allegations in Paragraph 204 in all other respects.

205.    Google admits that, prior to late 2019, AdX operated as a second-price auction. Google further admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor. To the extent the allegations in Paragraph 205 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 205 and on that basis denies those allegations.Google denies the allegations in Paragraph 205 in all other respects.

206.    Google denies the allegations in Paragraph 206 of the Complaint.

207.    Google admits that, prior to late 2019, AdX operated as a second-price auction. Google further admits that in a second-price auction the bidder with the highest price above the price floor wins and pays an amount equal to either the second-highest bid or the price floor. Google denies the allegations in Paragraph 207 in all other respects.

208.    Google admits to the existence of an auction feature called Project Bernanke. Google admits that Bernanke uses data about historical bids through Google Ads to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.  Google denies the allegations in Paragraph 208 in all other respects.

209.    Google admits that Project Bernanke uses data about historical bids through Google Ads (comparable to data maintained by other buying tools) to adjust Google Ads' bids on certain auctions to increase its likelihood of winning impressions that would otherwise be won by other buying tools or go unfilled.   Google admits that the Bernanke program has increased Google Ads' win rate within Google's ad exchange.  Google denies the allegations in Paragraph 209 in all other respects.

210.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 210 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.   Google admits that the Bernanke program has increased Google Ads' win rate within Google's ad exchange.  Google denies the allegations in Paragraph 210 of the Complaint.

211.    Google denies the allegations in Paragraph 211 of the Complaint.

212.    Google denies the allegations in Paragraph 212 of the Complaint.

213.    Google admits that an auction feature known as Global Bernanke changed Google Ads' bidding behavior to seek a given overall average margin across all AdX publishers, while allowing variation between publishers, in an effort to win more impressions for its advertiser

customers.  Google denies the allegations in Paragraph 213 in all other respects.

214.    Google admits the existence of a program called "Bell."  Google denies the allegations in Paragraph 214 in all other respects.

215.    Google admits that Project Bernanke is intended to increase  advertisers' win rates in Google's ad exchange and that, like other aspects of buying tools' (both Google's and rivals') determination of bids for particular impressions, the details of Project Bernanke's operations are not disclosed to publishers, although publishers do have transparency into the final bids submitted by Google Ads and other buying tools/demand-side platforms.  Google denies the allegations in Paragraph 215 in all other respects.

216.    Google denies the allegations in Paragraph 216.

217.    Google denies the allegations in Paragraph 217.

218.    Google denies the allegations in Paragraph 218.

219.    Google admits that its ad exchange supported a feature called Dynamic Revenue Share and that, if enabled by the publisher, Dynamic Revenue Share dynamically adjusts the revenue share retained by Google's ad exchange for particular impressions to allow more bids to clear applicable price floors.  Google denies the allegations in Paragraph 219 in all other respects.

220.    Google denies the allegations in Paragraph 220.

221.    Google denies the allegations in Paragraph 221.

222.    Google denies the allegations in Paragraph 222.

223.    Google denies the allegations in Paragraph 223.

224.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of their contents.

Google denies the allegations in Paragraph 224 in all other respects.

225.    Google denies the allegations in Paragraph 225.

226.    Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of their contents. To the extent the allegations in Paragraph 226 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 226 in all other respects.

227.    Google denies the allegations in Paragraph 227.

228.    To the extent the allegations in Paragraph 228 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 228 in all other respects.

229.    Google understands Paragraph 229 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17. To the extent Paragraph 229 requires a response, Google denies the allegations in Paragraph 229 of the Complaint.

230.    Google understands Paragraph 230 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 230 requires a response, Google denies the allegations in Paragraph 230 of the Complaint.

231.    Google understands Paragraph 231 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.   To the

extent Paragraph 231 requires a response, Google denies the allegations in Paragraph 231 of the Complaint.

232.     Google understands Paragraph 232 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.   To the extent Paragraph 232 requires a response, Google denies the allegations in Paragraph 232 of the Complaint.

233.     Google understands Paragraph 233 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 233 requires a response, Google denies the allegations in Paragraph 233 of the Complaint.

234.     Google understands Paragraph 234 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 234 requires a response, Google denies the allegations in Paragraph 234 of the Complaint.

235.     Google understands Paragraph 235 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 235 requires a response, Google denies the allegations in Paragraph 235 of the Complaint.

236.     Google understands Paragraph 236 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 236 requires a response, Google denies the allegations in Paragraph 236 of the Complaint.

237.     Google understands Paragraph 237 to have been dismissed as to Plaintiffs' federal

antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 237 requires a response, Google denies the allegations in Paragraph 237 of the Complaint.

238.    Google understands Paragraph 238 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 238requires a response, Google denies the allegations in Paragraph 238 of the Complaint.

239.    Google understands Paragraph 239 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 239 requires a response, Google denies the allegations in Paragraph 239 of the Complaint.

240.    Google understands Paragraph 240 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 240 requires a response, Google denies the allegations in Paragraph 240 of the Complaint.

241.    Google understands Paragraph 241 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 241 requires a response, Google denies the allegations in Paragraph 241 of the Complaint.

242.    Google understands Paragraph 242 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 242 requires a response, Google denies the allegations in Paragraph 242 of the Complaint.

243.    Google understands Paragraph 243 to have been dismissed as to Plaintiffs' federal antitrust claims related to Google's Reserve Price Optimization.  ECF No. 701 at 17.  To the extent Paragraph 243 requires a response, Google denies the allegations in Paragraph 243 of the Complaint.

244.    Google admits that Unified Pricing Rules were introduced in 2019 and denies the allegations in Paragraph 244 of the Complaint.

245.    Google admits that, before its introduction of Unified Pricing Rules, publishers could set different price floors for different buyers.  Google otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations of Paragraph 245 in all other respects.

246.    As to the first, third, fourth, fifth, sixth, and seventh sentences of Paragraph 246, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google admits that, before its introduction of Unified Pricing Rules, publishers  could set different price floors for different buyers.  Google denies the allegations in Paragraph 246 in all other respects.

247.    Google admits to the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents. To the extent the allegations in Paragraph 247 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 247 in all other respects.

248.    Google admits that as a result of its pricing rules system, Unified Pricing, publishers can no longer set different price floors for different exchanges or buyers.  Google

denies the allegations in Paragraph 248 in all other respects.

249.    Google denies the allegations in Paragraph 249 of the Complaint.

250.    Google understands Paragraph 250 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers and Sherman Act Section 1 claim as to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 11-13, 15-17. To the extent Paragraph 250 requires a response, Google denies the allegations in Paragraph 250 of the Complaint.

251.    Google understands Paragraph 251 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers and Google's Reserve Price Optimization, and as to Plaintiffs' Sherman Act Section 1 claim as to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 11-13, 15-17.  To the extent Paragraph 251 requires a response, Google denies the allegations in Paragraph 251 of the Complaint.

252.    As to the second, third, and fourth sentences of Paragraph 252, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 252 in all other respects.

253.    Google admits the existence of documents containing the quoted language, to which documents Google refers the Court for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 253 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 253 in all other respects.

254.    Google understands Paragraph 254 to have been dismissed as to Plaintiffs' federal

antitrust claims related to ad-buying tools used by large advertisers and Sherman Act Section 1 claim as to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 11-13, 15-17.  To the extent Paragraph 254 requires a response, as to the second, third, and fourth sentences of Paragraph 254, Google lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 254 in all other respects.

255.    Google denies the allegations in Paragraph 255 of the Complaint.

256.    Google denies the allegations in Paragraph 256 of the Complaint.

257.    Google understands Paragraph 257 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers and Google's Reserve Price Optimization.  ECF No. 701 at 11-13, 17.  To the extent Paragraph 257 requires a response, Google denies the allegations in Paragraph 257 of the Complaint.

258.    Google understands Paragraph 258 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 258 requires a response, Google denies the allegations in Paragraph 258 of the Complaint.

259.    Google understands Paragraph 259 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 259 requires a response, Google denies the allegations in Paragraph 259 of the Complaint.

260.    Google understands Paragraph 260 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 260 requires a response, Google denies the allegations in Paragraph 260 of

the Complaint.

261.    Google understands Paragraph 261 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 261 requires a response, Google denies the allegations in Paragraph 261 of the Complaint.

262.    Google understands Paragraph 262 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 262 requires a response, Google denies the allegations in Paragraph 262 of the Complaint.

263.    Google understands Paragraph 263 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 263 requires a response, Google denies the allegations in Paragraph 263 of the Complaint.

264.    Google understands Paragraph 264 to have been dismissed as to Plaintiffs' federal antitrust claims related to ad-buying tools used by large advertisers.  ECF No. 701 at 11-13.  To the extent Paragraph 264 requires a response, Google denies the allegations in Paragraph 264 of the Complaint.

265.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 265 and on that basis denies those allegations.  Google denies the allegations in Paragraph 265 in all other respects.

266.    Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentence of Paragraph 266 and on that basis denies those allegations.  Google denies the allegations in Paragraph 266 in all other respects.

267.    Google denies the allegations in Paragraph 267 of the Complaint.

268.    Google denies the allegations in Paragraph 268 of the Complaint.

269.    Google admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server; that it has received requests from time to time from publishers to increase the number of permitted line items to enable them to better implement their preferred header bidding scheme.  Google lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 269.  Google denies the allegations in Paragraph 269 in all other respects.

270.    Google denies the allegations in Paragraph 270 of the Complaint.

271.    Google admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server; that it has received requests from time to time from publishers to increase the number of permitted line items to enable them to better implement their preferred header bidding scheme, and has at times addressed the requests.  Google admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 271 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 271 in all other respects.

272.    Google denies the allegations in Paragraph 272 of the Complaint.

273.    Google admits that, beginning in 2016, it introduced a feature then known as "Exchange Bidding in Dynamic Allocation" that permitted multiple exchanges to participate in

auctions within Google's services and that it had a project codenamed "Jedi."  Google further admits that since well before header bidding became popular, it has limited the total number of line items that a publisher can create to ensure the efficient operation of the ad server.  Google further admits the existence of a document containing the quoted language, to which document Google refers the Court for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 273 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 273 in all other respects.

274.    As to the second and fourth sentences of Paragraph 274 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations.  Google denies the allegations in Paragraph 274 in all other respects

275.    Google understands Paragraph 275 to have been dismissed as to Plaintiffs' Sherman Act Section 1 claims as to Google's Unified Pricing Rules and line-item caps, and as to its Network Bidding Agreement with Meta.  ECF No. 701 at 15-21.  To the extent Paragraph 275 requires a response, Google denies the allegations in Paragraph 275 of the Complaint.

276.    Google understands Paragraph 276 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 276 requires a response, Google denies the allegations in Paragraph 276 of the Complaint.

277.    Google understands Paragraph 277 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 277 requires a

response, Google denies the allegations in Paragraph 277 of the Complaint.

278.    Google understands Paragraph 278 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 278 requires a response, Google denies the allegations in Paragraph 278 of the Complaint.

279.    Google understands Paragraph 279 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 279 requires a response, Google denies the allegations in Paragraph 279 of the Complaint.

280.    Google understands Paragraph 280 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 280 requires a response, Google denies the allegations in Paragraph 280 of the Complaint.

281.    Google understands Paragraph 281 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 281 requires a response, Google denies the allegations in Paragraph 281 of the Complaint.

282.    Google understands Paragraph 282 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 282 requires a response, Google denies the allegations in Paragraph 282 of the Complaint.

283.    Google understands Paragraph 283 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with

Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 283 requires a response, Google denies the allegations in Paragraph 283 of the Complaint.

284.    Google understands Paragraph 284 to have been dismissed as to Plaintiffs' Sherman Act Section 1 and state law claims as to Google's Network Bidding Agreement with Meta.  ECF No. 701 at 17-21; ECF No. 771 at 3.  To the extent Paragraph 284 requires a response, Google denies the allegations in Paragraph 284 of the Complaint.

285.    Google understands Paragraph 285 to have been dismissed as to Plaintiffs Section 1 claim related to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 15-17.  To the extent Paragraph 285 requires a response, Google denies the allegations in Paragraph 285 of the Complaint.

286.    Google understands Paragraph 286 to have been dismissed as to Plaintiffs Section 1 claim related to Google's Unified Pricing Rules and line-item caps.  ECF No. 701 at 15-17.  To the extent Paragraph 286 requires a response, Google denies the allegations in Paragraph 286 of the Complaint.

287.    Google denies the allegations in Paragraph 287 of the Complaint.

288.    Google admits that it is engaged in interstate trade and commerce.  Google denies the allegations in Paragraph 288 in all other respects.

289.    Google denies the allegations in Paragraph 289 of the Complaint.

290.    Google denies the allegations in Paragraph 290 of the Complaint.

291.    Google denies the allegations in Paragraph 291 of the Complaint.

292.    Google denies the allegations in Paragraph 292 of the Complaint.

293.    To the extent the allegations in Paragraph 293 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any

characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 293 in all other respects.

294.    To the extent the allegations in Paragraph 294 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 294 in all other respects.

295.    To the extent the allegations in Paragraph 295 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 295 in all other respects.

296.    Google denies the allegations in Paragraph 296 of the Complaint.

297.    Google denies the allegations in Paragraph 297 of the Complaint.

298.    To the extent the allegations in Paragraph 298 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 298 in all other respects.

299.    Google denies the allegations in Paragraph 299 of the Complaint.

300.    The allegations in Paragraph 300 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, to the extent the allegations in Paragraph 300 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google admits that Google's revenue share varies across transaction types and customers, and that there may be some

customers for whom it did not decline in 2017. As to the second, fourth, and sixth sentence of Paragraph 300 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 300 in all other respects.

301.    Google denies the allegations in Paragraph 301 of the Complaint.

302.    As to the third sentence of Paragraph 302 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 302 in all other respects.

303.    As to the third sentence of Paragraph 303 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 303 in all other respects.

304.    Google denies the allegations in Paragraph 304 of the Complaint.

305.    Google denies the allegations in Paragraph 305 of the Complaint.

306.    To the extent the allegations in Paragraph 306 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Google denies the allegations in Paragraph 306 in all other respects.

307.    As to the second sentence of Paragraph 307 of the Complaint, Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies those allegations. Google denies the allegations in Paragraph 307 in all other respects.

308.    Google admits that advertisers benefit from having competitive options for ad-buying tools.  Google denies the allegations in Paragraph 308 in all other respects.

309.    Google admits that advertising can promote competition in some sectors.  Google denies the allegations in Paragraph 309 in all other respects.

310.    Google admits that ad buying tools are among the products that advertisers use to purchase display inventory.  Google also admits that advertising can promote competition in some sectors.  Google denies the allegations in Paragraph 310 in all other respects.

311.    Paragraph 311 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google admits that the advertiser plaintiffs initiated suit on May 27, 2020.  Google denies the allegations in Paragraph 311 in all other respects.

312.    Google denies the allegations in Paragraph 312 of the Complaint.

313.    Paragraph 313 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 313.

314.    Paragraph 314 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 314.

315.    Paragraph 315 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 315.

316.    Paragraph 316 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 316.

317.    Paragraph 317 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 317.

318.    Google denies the allegations in Paragraph 318 of the Complaint.

319.    Google denies the allegations in Paragraph 319 of the Complaint.

320.    To the extent the allegations in Paragraph 320 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 320 in all other respects.

321.    To the extent the allegations in Paragraph 321 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 321 in all other respects.

322.    As to the first sentence of Paragraph 322 of the Complaint, Google admits that the French Competition Authority fined the company following an investigation into the advertising technology sector as well as after complaints from three publishers.  To the extent the allegations in Paragraph 322 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 322 in all other respects.

323.    As to the second sentence of Paragraph 323, Google admits that the European Commission conducted an investigation involving Google but denies Plaintiffs' characterization of the investigation.  To the extent the allegations in Paragraph 323 quote, characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in Paragraph 323 in all other respects.

324.    To the extent the allegations in Paragraph 324 characterize or describe documents or other sources, Google notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  Google denies the allegations in

Paragraph 324 of the Complaint.

325.    Paragraph 325 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 325.

326.    Paragraph 326 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 326.

327.    Paragraph 327 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 327.

328.    Paragraph 328 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 328.

329.    Google admits that Plaintiffs purport to bring a class action.  Google denies Paragraph 329 in all other respects.

330.    Paragraph 330 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 330.

331.    Paragraph 331 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 331.

332.    Paragraph 332 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 332.

333.    Paragraph 333 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 333.

334.    Paragraph 334 contains legal conclusions to which no response is required; to the extent a response is deemed necessary, Google admits that Plaintiffs are represented by counsel. Google denies Paragraph 334 in all other respects.

335.    Paragraph 335 contains legal conclusions to which no response is required.  To

the extent a response is deemed necessary, Google denies the allegations in Paragraph 335 of the Complaint.

336.    Paragraph 336 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 336 in all other respects.

337.    Paragraph 337 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 337 in all other respects.

338.    Paragraph 338 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 338 in all other respects.

339.    Paragraph 339 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies Paragraph 339 in all other respects.

340.    Google restates its response to every allegation set forth above as if stated herein.

341.    Google admits that Plaintiffs purport to assert a claim under the Section 2 of the Sherman Act, but denies the Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

342.    The allegations in Paragraph 342 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies that ad exchanges or ad-buying tools are relevant antitrust markets.  Google denies the allegations in Paragraph 342 in all other respects.

343.    Google denies the allegations in Paragraph 343 of the Complaint.

344.    Google denies the allegations in Paragraph 344 of the Complaint.

345.    Google denies the allegations in Paragraph 345 of the Complaint.

346.    Google denies the allegations in Paragraph 346 of the Complaint.

347.    Google denies the allegations in Paragraph 347 of the Complaint.

348.    Google restates its response to every allegation set forth above as if stated herein.

349.    Google admits that Plaintiffs purport to assert a claim under the Section 2 of the Sherman Act, but denies the Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

350.    The allegations in Paragraph 350 of the Complaint are premised on Plaintiffs' proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies that ad exchanges or ad-buying tools are relevant antitrust markets.  Google denies the allegations in Paragraph 350 in all other respects.

351.    Google denies the allegations in Paragraph 351 of the Complaint.

352.    Google denies the allegations in Paragraph 352 of the Complaint.

353.    Google denies the allegations in Paragraph 353 of the Complaint.

354.    Google denies the allegations in Paragraph 354 of the Complaint.

355.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 355 requires a response, Google restates its response to every allegation set forth above as if stated herein.

356.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 356 requires a response, Google denies the allegations in Paragraph 356 of the Complaint.

357.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 357 requires a response, Google denies the allegations in Paragraph 357 of the Complaint.

358.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21. To the extent Paragraph 358 requires a response, Google denies the allegations in Paragraph 358

of the Complaint.

359.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21.  To the extent Paragraph 359 requires a response, Google denies the allegations in Paragraph 359 of the Complaint.

360.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21.  To the extent Paragraph 360 requires a response, Google denies the allegations in Paragraph 360 of the Complaint.

361.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21.  To the extent Paragraph 361 requires a response, Google denies the allegations in Paragraph 361 of the Complaint.

362.    Google understands Count Three to have been dismissed.  ECF No. 701 at 17-21.  To the extent Paragraph 362 requires a response, Google denies Plaintiffs are entitled to the relief sought in Paragraph 362 of the Complaint.

363.    Google understands Count Four to have been dismissed.  ECF No. 771 at 3.  To the extent Paragraph 363 requires a response, Google restates its response to every allegation set forth above as if stated herein.

364.    Google understands Count Four to have been dismissed.  ECF No. 771 at 3.  To the extent Paragraph 364 requires a response, Google denies the allegations in Paragraph 364 of the Complaint.

365.    Google understands Count Four to have been dismissed.  ECF No. 771 at 3.  To the extent Paragraph 365 requires a response, Google denies the allegations in Paragraph 365 of the Complaint.

366.    Google understands Count Four to have been dismissed.  ECF No. 771 at 3.  To

the extent Paragraph 366 requires a response, Google denies the allegations in Paragraph 366 of the Complaint.

367.    Google understands Count Four to have been dismissed.  ECF No. 771 at 3.  To the extent Paragraph 367 requires a response, Google denies Plaintiffs are entitled to the relief sought in Paragraph 367 of the Complaint.

368.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 368 requires a response, Google restates its response to every allegation set forth above as if stated herein.

369.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 369 requires a response, Google denies the allegations in Paragraph 369 of the Complaint.

370.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 370 requires a response, Google denies the allegations in Paragraph 370 of the Complaint.

371.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 371 requires a response, Google denies the allegations in Paragraph 371 of the Complaint.

372.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 372 requires a response, Google denies the allegations in Paragraph 372 of the Complaint.

373.    Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 373 requires a response, Google denies the allegations in Paragraph 373 of the Complaint.

374.     Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 374 requires a response, Google denies the allegations in Paragraph 374 of the Complaint.

375.     Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 375 requires a response, Google denies the allegations in Paragraph 374 of the Complaint.

376.     Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 376 requires a response, Google denies the allegations in Paragraph 376 of the Complaint.

377.     Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 377 requires a response, Google denies the allegations in Paragraph 377 of the Complaint.

378.     Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 378 requires a response, Google denies the allegations in Paragraph 378 of the Complaint.

379.     Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 379 requires a response, Google denies the allegations in Paragraph 379 of the Complaint.

380.     Google understands Count Five to have been dismissed.  ECF No. 701 at 15-17. To the extent Paragraph 380 requires a response, Google denies the allegations in Paragraph 380 of the Complaint.

381.     Google understands Count Six to have been dismissed.  ECF No. 775.  To the extent Paragraph 381 requires a response, Google restates its response to every allegation set

forth above as if stated herein.

382.    Google understands Count Six to have been dismissed.  ECF No. 775.  To the extent Paragraph 382 requires a response, Google denies the allegations in Paragraph 382 of the Complaint.

383.    Google understands Count Six to have been dismissed.  ECF No. 775.  To the extent Paragraph 383 requires a response, Google denies the allegations in Paragraph 383 of the Complaint.

384.    Google understands Count Six to have been dismissed.  ECF No. 775.  To the extent Paragraph 384 requires a response,Google denies the allegations in Paragraph 384 of the Complaint.  Google understands Plaintiffs expect to stipulate to dismissal of Count Six.  ECF No. 727 at 1.

385.    Google restates its response to every allegation set forth above as if stated herein.

386.    Google admits that Plaintiffs purport to assert a claim under California's Unfair Competition Law ("UCL"), but denies the Plaintiffs are entitled to any of the remedies or relief sought in the Complaint..

387.    Paragraph 387 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Google denies the allegations in Paragraph 387 of the Complaint.

388.    Google denies the allegations in Paragraph 388 of the Complaint.

389.    Google denies the allegations in Paragraph 389 of the Complaint.

390.    Google denies the allegations in Paragraph 390 of the Complaint.

391.    Google denies the allegations in Paragraph 391 of the Complaint.

392.    Google denies the allegations in Paragraph 392 of the Complaint.

393.    Google denies the allegations in Paragraph 393 of the Complaint.

394.    Google denies the allegations in Paragraph 394 of the Complaint.

395.    Google denies Plaintiffs are entitled to the relief sought in Paragraph 395 of the Complaint. Google denies the allegations in Paragraph 395 of the Complaint in all other respects.

396.    Paragraph 396 sets forth the relief sought by the Plaintiffs, to which no response is required; to the extent a response is deemed necessary, Google denies the allegations contained in Paragraph 396 and denies that Plaintiffs are entitled to any of the remedies or relief sought in the Complaint.

397.    No response is required to Plaintiffs' Jury Demand.

## ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the Complaint.  By designating these defenses, Google does not intend to suggest either that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' prima facie case against Google—or that Google bears the burden of proof as to such matters.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any additional defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

**Third Defense**

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege any legally cognizable relevant product or geographic market.

**Fourth Defense**

Google has never had, and is unlikely to obtain, monopoly power in any properly defined relevant market for advertising services.

**Fifth Defense**

Google's conduct alleged by Plaintiffs in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

**Sixth Defense**

The Plaintiffs' claims are barred, in whole or in part, for failure to allege any plausible harm to competition or consumers.

**Seventh Defense**

The Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege a cognizable antitrust injury.

**Eighth Defense**

The Plaintiffs are not entitled to injunctive relief on conduct that occurred solely in the past.

**Ninth Defense**

To the extent that Plaintiffs seek recovery of civil penalties, those civil penalties are limited by the applicable state statutes, the due process clause of the U.S. and applicable state Constitutions and, in addition, they must have a reasonable relation to the actual harm established.

**Tenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

**Eleventh Defense**

Plaintiffs' alleged damages were not legally caused by Google.

**Twelfth Defense**

Plaintiffs have failed to mitigate any alleged damages.

**Thirteenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**Fourteenth Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**Fifteenth Defense**

Plaintiffs' claims are barred because Plaintiffs did not suffer any legally cognizable injury or damages as a result of Google's conduct.

**Sixteenth Defense**

To the extent Plaintiffs seek relief on behalf of parties other than natural persons who are direct purchasers, Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to do so.

**Seventeenth Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' contractual agreements with Google include a provision which provides that disputes will be resolved through arbitration.

**Eighteenth Defense**

Plaintiffs' claims are barred, in whole or in part, because they were relinquished by Plaintiffs through contract with Google.

**Nineteenth Defense**

To the extent defenses to Plaintiffs' state law claims are required at this juncture, Plaintiffs' state law claims fail for myriad reasons, including those set forth in Google's pre-motion letter. *See* ECF No. 720. For example, Plaintiffs' deceptive trade practices and fraud claims are barred, in whole or in part, for failure to allege with particularity the circumstances constituting fraud or mistake and because Plaintiffs have not and cannot establish a false, misleading, or deceptive act or practice.

**Twentieth Defense**

Plaintiffs' claims are barred, in whole or in part, because they are subsumed within the parens patriae claims asserted in the case captioned *The State of Texas, et al. v. Google, LLC* that is pending in the U.S. District Court for the Eastern District of Texas under docket number 4:20-cv-00957-SDJ.


Google reserves the right to supplement its Answer and affirmative and additional defenses with other defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

**DEMAND FOR JURY TRIAL**

In accordance with the Federal Rule of Civil Procedure 38(b), Google demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays for relief as follows:

(a) That the Complaint against Google be dismissed in its entirety, with prejudice;

(b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

(c) That the Court award such other and further relief to Google as the Court deems just and proper.

Dated: October 13, 2025

Respectfully Submitted,

*/s/ Justina Sessions*
Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Fax: (650) 461-8276
justina.sessions@freshfields.com

Eric Mahr
Andrew J. Ewalt
FRESHFIELDSUS LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, New York 10111
Telephone: (212) 728-2200
Email: creiser@axinn.com

Daniel S. Bitton
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
Telephone: (415) 490-2000
Email: dbitton@axinn.com

Bradley Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Email: bjustus@axinn.com

*Counsel for Defendants Google LLC and Alphabet Inc.*