


November 10, 2025

<u>**VIA ECF**</u>
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>   *In re: Google Digital Advertising Antitrust Litig.*, No. 21-md-3010 (PKC)
>   This Letter Relates to *In re: Google Digital Advertising Antitrust Litig.*, 21-cv-7001 (PKC)

Dear Judge Castel:

We write on behalf of the Advertiser Class Plaintiffs ("Advertisers") to seek leave to file a summary judgment motion under Federal Rule of Civil Procedure 56 concerning a single issue set forth below. No conference is currently scheduled.

**I.  THE REFUSAL TO DEAL DOCTRINE DOES NOT APPLY TO BERNANKE.**

Although Google's affirmative defenses do not expressly refer to the refusal to deal doctrine, its Fifth Affirmative Defense refers to Google's conduct being justified by "legitimate business interests and []bona fide competitive activity." ECF 1214 at 72. But throughout this litigation and in the Department of Justice case, Google has broadly asserted that plaintiffs' claims are barred because there is no duty to deal with rivals. *See, e.g.*, ECF 1079 at 31 ("Advertisers Are Not Entitled To Partial Summary Judgment On The Refusal To Deal Doctrine"); *United States v. Google LLC*, 778 F. Supp. 3d 797, 865 (E.D. Va. 2025) (describing the refusal-to-deal doctrine as "[o]ne of the primary legal defenses that Google has raised in this litigation"). And in the context of the collateral estoppel briefing, Google asserted that the refusal to deal doctrine barred essentially all of the claims asserted by every plaintiff group.

To the extent Google intends to argue that the refusal to deal doctrine bars Advertisers' assertion that Project Bernanke was an anticompetitive component of Google's monopolistic scheme, the Court should grant summary judgment against Google on that defense. In rejecting this defense in the EDVA Action, Judge Brinkema held that courts have declined to apply it to "anticompetitive restraints that a monopolist places on its customers, as opposed to its competitors." 778 F. Supp. 3d at 867. And in its collateral estoppel order, this Court rejected Google's arguments that Judge Brinkema's analysis was inconsistent with the governing law in the Second Circuit. ECF 1043 at 8. Advertisers recognize that neither the EDVA Action nor this Court's collateral estoppel order specifically addressed the application

of the refusal to deal doctrine to Project Bernanke. But the same rationales for rejecting application of the doctrine apply across the board to Google's conduct, including Project Bernanke.

As this Court recognized, Judge Brinkema's holding that "'*Trinko* does not apply to . . . anticompetitive restraints that a monopolist places on its customers, as opposed to its competitors' is consistent with Supreme Court and Second Circuit precedent." ECF 1043 at 8 (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 463 n.8 (1992); *United States v. Live Nation Ent., Inc.*, 2025 WL 835961, at *2 (S.D.N.Y. Mar. 14, 2025)). Like the restraints addressed by Judge Brinkema and this Court, Project Bernanke involves restraints imposed on Google's customers, not a refusal to deal with rivals. Under Project Bernanke, Google Ads submitted two bids into AdX and then manipulated the amount of those bids as a means of increasing the number of bids Google won on AdX, increasing AdX market share, and raising prices paid by Advertisers. The manipulation thus involved the placement of ads by Google's customers. It does not involve any dealings with, let alone refusals to deal with, competitors. As such, the refusal to deal doctrine is inapplicable and, to the extent Google intends to argue that doctrine applies to Project Bernanke, summary judgment should be entered against Google on that issue.

## II.  ADVERTISERS RESERVE THEIR RIGHT TO FILE SUPPLEMENTAL SUMMARY JUDGMENT MOTIONS BASED ON THE COURT'S CLASS CERTIFICATION RULING.

While the Court entered collateral estoppel orders in favor of other plaintiffs on the issue of whether UPR was anticompetitive, it declined to do so with respect to Advertisers based on the Court's determination that Plaintiff Hanson lacks individual standing to assert claims involving UPR. ECF 1219 at 20-21. Advertisers therefore understand that they should refrain from briefing UPR-specific issues at this time. Advertisers' proposed class includes Google Ads users that were subject to UPR, however. If the Court certifies Advertisers' proposed class—including Google Ads users that were impacted by the UPR portion of Google monopolistic scheme—Advertisers respectfully request that they be given leave to file an additional and short summary judgment motion focused on the application of collateral estoppel to UPR, which would largely cross-references the prior arguments made in Advertisers' collateral estoppel motion.

## III.  CONCLUSION AND BRIEFING SCHEDULE.

For the foregoing reasons, Advertisers respectfully request that the Court grant them leave to file a summary judgment motion on the above issue, the resolution of which will streamline the issues for the Court to address before trial and for the jury to address at trial.

Advertisers propose that the Court adopt the following schedule for summary judgment briefing: opening briefs due on December 16, 2025, oppositions due on January 30, 2026, and reply briefs due on March 2, 2026. The Court should adopt the same schedule for Plaintiffs' adverse inference motions. If granted, the adverse inferences would preclude the entry of summary judgment in Google's favor on issues related to the adverse inferences and should therefore be decided at the same time as the summary judgment motions. Advertisers propose to limit any adverse inference motion at this time to issues relevant to the matters on which Google seeks summary judgment, while reserving the right to file adverse inference motions on other matters prior to trial.

We appreciate the Court's time and consideration of these issues.

                                          Respectfully submitted,

                                          */s/ Dena C. Sharp*
                                          Dena C. Sharp (pro hac vice)
                                          Scott Grzenczyk (pro hac vice)
                                          Mikaela Bock (pro hac vice)
                                          Isabel Velez (pro hac vice)
                                          **GIRARD SHARP LLP**
                                          601 California Street, Suite 1400
                                          San Francisco, CA 94108
                                          Tel: (415) 981-4800
                                          Fax: (415) 981-4846
                                          dsharp@girardsharp.com
                                          scottg@girardsharp.com
                                          mbock@girardsharp.com
                                          ivelez@girardsharp.com

                                          Tina Wolfson (TW-1016)
                                          Theodore W. Maya (pro hac vice)
                                          Bradley K. King (BK-1971)
                                          **AHDOOT & WOLFSON, PC**
                                          2600 West Olive Ave., Suite 500
                                          Burbank, California 91505
                                          Tel.: (310) 474-9111
                                          Fax: (310) 474-8585
                                          twolfson@ahdootwolfson.com
                                          tmaya@ahdootwolfson.com
                                          bking@ahdootwolfson.com

                                          *Interim Co-Lead Counsel for Advertiser*
                                          *Plaintiffs and the Proposed Advertiser Class*