# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) |
| *This Document Relates To:* | |
| GANNETT CO., INC.<br><br>*Plaintiff*,<br><br>-against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>*Defendants*. | Case No. 1:23-cv-5177 (PKC) |

### GANNETT'S FIRST SET OF INTERROGATORIES
### TO DEFENDANTS GOOGLE LLC AND ALPHABET INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 33.3 of the United States District Court for the Southern District of New York, and Pre-Trial Order No. 13, Dkt. No. 813, Plaintiff Gannett Co., Inc. ("Gannett") in the above-captioned matter submits this First Set of Interrogatories to Defendants Google LLC and Alphabet Inc. (collectively, "Defendants").

In accordance with the definitions and instructions set forth below, Defendants are directed to give written answers to these Interrogatories. Defendants' responses to these Interrogatories must be served on the undersigned counsel for Gannett by June 28, 2024.

1

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Google's conduct alleged by Gannett in the Complaint was lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitutes bona fide competitive activity, the benefits of which significantly outweigh any alleged anticompetitive effects.

**INTERROGATORY NO. 2:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

**INTERROGATORY NO. 3:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the doctrine of waiver.

**INTERROGATORY NO. 4:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the doctrine of unclean hands.

**INTERROGATORY NO. 5:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that, to the extent Gannett seeks relief on behalf of parties other than natural persons who are direct purchasers, Gannett's claims are barred in whole or in part because Gannett lacks standing to do so.

**INTERROGATORY NO. 6:**

Identify the relevant market or market(s) in which you contend each of Your Ad Tech Products compete, including their respective successor or predecessor products. Please provide Your approximate market shares, the respective market shares of Your competitors, and any changes to those shares over time.

| | |
|---|---|
| Dated: June 5, 2024 | /s/ *John Thorne* |
| | John Thorne |
| | Daniel G. Bird |
| | Bethan R. Jones |
| | Christopher C. Goodnow |
| | Mark P. Hirschboeck |
| | Eliana Margo Pfeffer |
| | Eric J. Maier |
| | Sven E. Henningson |
| | Tiberius T. Davis |
| | KELLOGG, HANSEN, TODD, FIGEL |
| |   & FREDERICK, P.L.L.C. |
| | 1615 M Street NW |
| | Suite 400 |
| | Washington, DC 20036 |
| | Tel.: (202) 326-7900 |
| | Fax: (202) 326-7999 |
| | Email: jthorne@kellogghansen.com |
| |        dbird@kellogghansen.com |
| |        bjones@kellogghansen.com |
| |        cgoodnow@kellogghansen.com |
| |        mhirschboeck@kellogghansen.com |
| |        epfeffer@kellogghansen.com |
| |        emaier@kellogghansen.com |
| |        shenningson@kellogghansen.com |
| |        tdavis@kellogghansen.com |
| | |
| | *Counsel for Gannett Co., Inc.* |