# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) |

*This Document Relates To*:

| | |
|---|---|
| GANNETT CO., INC.<br><br>         *Plaintiff*,<br><br> -against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>         *Defendants*. | Case No. 1:23-cv-05177 (PKC) |

**GOOGLE LLC AND ALPHABET INC.'S RESPONSES AND
OBJECTIONS TO GANNETT'S FIRST SET OF INTERROGATORIES**

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendants Google LLC and Alphabet Inc. (together "Google"), by their undersigned counsel, hereby respond to Gannett's First Set of Interrogatories to Defendants Google LLC and Alphabet Inc. as follows.

  These Responses and Objections are based on the information currently available to Google and are provided subject to, without intending to waive, and expressly preserving, Google's right at any time to revise, correct, supplement, or clarify any of the responses and objections herein.

GANNETT_GOOG_1757287

GANNETT_GOOG_1757319

GANNETT_GOOG_1778386

Complaint for Damages and Injunctive Relief, *Gannett Co., Inc. v. Google LLC et al.*, No. 1:23-cv-05177-PKC (S.D.N.Y.), ECF No. 1

Amended Complaint for Damages and Injunctive Relief, *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010-PKC (S.D.N.Y.), ECF No. 795

Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories to Gannett

Plaintiff's Supplemental Responses and Objections to Defendants' First Set of Interrogatories to Gannett

Plaintiff's Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories to Gannett

**Interrogatory No. 4:**

Identify the material and/or primary facts and evidence in support of and the legal basis for your defense that Gannett's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Response to Interrogatory No. 4:**

Google objects to Interrogatory 4 as vague and ambiguous as it fails to define the terms "material," "primary," and "evidence."

Google further objects to Interrogatory 4 as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent that it requires Google, in a production of over 6 million documents, to identify all of the "evidence" supporting the Fifteenth Defense in Google's Answer to Gannett's Amended Complaint when much of this evidence is equally accessible and apparent to Gannett because it is publicly available or otherwise in Gannett's possession, custody, or control.

11

Google further objects to Interrogatory 4 as including multiple discrete subparts while purporting to be a single interrogatory.

Google further objects to Interrogatory 4 to the extent it purports to require, or can be interpreted as purporting to require, Google to draw legal conclusions, or to the extent it assumes disputed issues or is phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

Google further objects to Interrogatory 4 as premature to the extent that it requires Google to disclose facts concerning matters within Gannett's knowledge, possession, custody, or control and before Google has had the opportunity to complete discovery of Gannett.

Subject to and without waiving any of Google's objections, Google responds that during the relevant time period, Gannett engaged, or sought to engage, in conduct that was either similar to the alleged conduct underlying its claims against Google, or was otherwise inequitable and/or improper. Discovery is ongoing, but based on discovery to date, there are numerous examples of documents supporting Google's defense that Gannett's claims are barred, in whole or in part, by the doctrine of unclean hands. Google refers Gannett to the following non-exhaustive list of documents sufficient to show support for this defense:

GANNETT_GOOG_0321812

GANNETT_GOOG_0043625

GANNETT_GOOG_0183231

GANNETT_GOOG_0345929

GANNETT_GOOG_0247783

30(b)(6) Deposition of Gannett Co., Inc. (Jeff Burkett) 289:10-300:6, June 21, 2024

| | |
|---|---|
| Dated: June 28, 2024 | /s/*Craig M. Reiser* |
| | Craig M. Reiser |
| | Daniel Bitton |
| | Denise L. Plunkett |
| | Eva H. Yung |
| | Claire L. Haws |
| | AXINN, VELTROP & HARKRIDER LLP |
| | 114 West 47th Street |
| | New York, New York 10036 |
| | Telephone: (212) 728-2200 |
| | Fax: (212) 728-2201 |
| | creiser@axinn.com |
| | dbitton@axinn.com |
| | dplunkett@axinn.com |
| | eyung@axinn.com |
| | chaws@axinn.com |
| | |
| | Bradley Justus (pro hac vice) |
| | AXINN, VELTROP & HARKRIDER LLP |
| | 1901 L Street NW |
| | Washington, DC 20036 |
| | Telephone: (202) 912-4700 |
| | Fax: (202) 912-4701 |
| | bjustus@axinn.com |
| | |
| | Caroline P. Boisvert (pro hac vice) |
| | AXINN, VELTROP & HARKRIDER LLP |
| | 90 State House Square |
| | Hartford, Connecticut 60103 |
| | Telephone: (860) 275-8100 |
| | Fax: (860) 275-8101 |
| | cboisvert@axinn.com |
| | |
| | ***Counsel for Defendants Google LLC and Alphabet, Inc.*** |