# HERMAN JONES LLP
ATLANTA · NEWARK · SEATTLE

Serina Vash
svash@hermanjones.com

December 12, 2025

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

>**Re:** *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC);
>*Inform Inc. v. Google LLC*, et al. No. 1:23-cv-01530 (PKC)

Dear Judge Castel:

Pursuant to Pre-Trial Order No. 19, dated November 19, 2025 [ECF 1248] and on behalf of Plaintiff Inform in *In Re Google Digital Advertising Litigation*, No. 1:21-cv-03010, we submit the following letter "tailoring or withdrawing anticompetitive acts, allegations or claims." ECF 1248 at ¶1. It is now settled that Google engaged in anticompetitive conduct to monopolize the markets for publisher ad servers and ad exchanges. *See* MDL Dkt. 1219. In addition to the conduct already determined to be anticompetitive by the EDVA and this Court, Google engaged in additional anticompetitive conduct that harmed competition, competitors and customers, including causing Inform substantial harm.

Inform respectfully clarifies that it does not intend to pursue allegations that the following Google conduct, standing alone, constitutes an independent anticompetitive act or conduct:

> (a) Allegations related to Google's acquisitions of other companies as set forth in Inform's Fourth Amended Complaint, and which Google flatly admits to in its Answer (ECF 1215);
>
> (b) Allegations of Google's conduct related to header bidding;
>
> (c) Allegations of Google's conduct related to uniform pricing rules;
>
> (d) Allegations of Google's conduct related to its Alchemist program; and
>
> (e) Allegations of Google's conduct related to its Elmo program.

To the extent that evidence of the aforementioned conduct is introduced, if at all, it will be insofar as it demonstrates and evidences: specific intent to monopolize one or more of the relevant markets; Google's breadth and reach in the respective markets; evidence of controlling prices or excluding competition; Google's overall pattern of anticompetitive behavior, or is otherwise relevant to other issues remaining for trial. Inform reserves the right to introduce evidence of the above for, *inter alia*, one or more of the reasons set forth above or any other permissible reason under the Federal Rules of Evidence.

Inform is further tailoring its case by clarifying here that it considers certain anticompetitive conduct alleged in its Fourth Amended Complaint—including that Google's bypassing of direct ad campaigns on high news days and its manipulation of pacing to undermine competitors[1]—to be part and parcel of Google's anticompetitive actions related to the carrying out, process and impact of its Enhanced Dynamic Allocation ("EDA") and/or Dynamic Allocation ("DA") algorithms. Therefore, Inform intends to present evidence related to these activities as part of its overall theory that Google harmed Inform and the market by its collective auction manipulation conduct,[2] including through EDA and/or DA.

Inform does not agree with Google's reading of the Court's collateral estoppel order and its position concerning the scope, extent and reach of Google's anticompetitive conduct as respects the ad server and ad exchange markets.[3] Finally, we note that the Court has already dismissed Inform's Count II (Sherman Act § 2 Monopoly Leveraging Claim) and Inform's allegations concerning Google's use of encryption of user IDs and implementation of "Minimum Bid to Win." *See* ECF 709. Therefore, Inform reiterates that it does not intend to present evidence in furtherance of a separate count of monopoly leveraging or as to conduct that has been expressly dismissed (i.e., user encryption and Minimum Bid to Win).

---

[1] *See* Fourth Amended Complaint at VIII(A)(2)(f)-(g)(ECF 1195).
[2] *See e.g.*, *Dial Corp. v. News Corp.*, 165 F. Supp. 3d 25 (S.D.N.Y. 2016) (noting that "whether some, all, or none of [Defendant's] conduct is anticompetitive is precisely the question of fact that a jury will decide" and recognizing that a jury could find Defendant's "actions taken as a whole to be a violation of Section Two of the Sherman Act").
[3] Inform does not agree with Google as respects the scope of certain orders. (ECF 1226). To the extent that Google's reading is inconsistent with or reaches beyond this Court's motion to dismiss opinions (ECF. 308, 709), the EDVA Opinion (*United States v. Google LLC*, 2025 WL 1132012 (E.D. Va. Apr.17, 2025)), and/or this Court's opinion on collateral estoppel (ECF 1219); Inform's allegations remain live and at issue.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ *Serina M. Vash*

SERINA M. VASH
New York Bar No.: 2773448
svash@hermanjones.com
**HERMAN JONES LLP**
153 Central Avenue, 131
Westfield, NJ 07090
(404) 504-6516

JOHN C. HERMAN (admitted *pro hac vice*)
jherman@hermanjones.com
**HERMAN JONES LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
(404) 504-6555

*Counsel for Plaintiff Inform Inc.*