# FRESHFIELDS

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Silicon Valley**
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
  +1 650 461 8276 (Direct)
E justina.sessions@freshfields.com
www.freshfields.com

December 19, 2025

**Re:** *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*Dotdash Meredith Inc. v. Google LLC,* No. 1:25-cv-07194 (PKC);
*Insider, Inc. v. Google LLC*, No. 1:25-cv-07409 (PKC);
*The Slate Group LLC v. Google LLC*, No. 1:25-cv-07697 (PKC);
*CMI Marketing, Inc. v. Google LLC and Alphabet Inc.*, No. 1:25-cv-08630 (PKC)

Dear Judge Castel

Pursuant to Your Honor's orders of October 9 and November 13, 2025, ECF No. 1209 ¶ 7; ECF No. 1241 ¶ 8, Defendants Google LLC and Alphabet Inc. (together, "Google") respectfully request that the Court enter the proposed order attached hereto as Exhibit A, which would establish a schedule for expert discovery in the above-captioned cases (the "Publisher Plaintiffs' cases"). Specifically, Google proposes that: (1) Publisher Plaintiffs serve opening expert reports within 45 days after the close of fact discovery in the Competitor Plaintiffs' cases[1]; (2) Google serve responsive expert reports within 90 days after the service of Publisher Plaintiffs' expert reports; (3) Publisher Plaintiffs serve any rebuttal expert reports within 60 days after the service of Google's reports; and (4) depositions of experts in these cases be completed within 60 days following service of rebuttal reports. Unlike Publisher Plaintiffs' proposal, Google's proposal would permit for efficient coordination across all of the cases proceeding in this Court (including the Publisher Plaintiffs' cases and the Competitor Plaintiffs' cases), more readily accommodate any future adjustments to the schedule, and provide sufficient time for expert discovery. There is a Case Management Conference scheduled for February 18, 2026 in the *People*, *Insider*, and *Slate* actions, *see* ECF 1209 ¶ 12, but there is no conference currently scheduled in the *CMI Marketing Inc.* ("*Raptive*") action.

---

[1] The "Competitor Plaintiffs" are the plaintiffs in *OpenX Technologies, Inc. v. Google LLC*, No. 1:25-cv-01282 (E.D. Va.); *PubMatic, Inc. v. Google LLC*, No. 1:25-cv-01482 (E.D. Va.); *Magnite, Inc. v. Google LLC*, No. 1:25-cv-01541 (E.D. Va.); *Equativ SAS v. Google LLC*, No. 1:25-cv-01755 (E.D. Va.); and *Index Exchange Inc. v. Google LLC*, No. 1:25-cv-10477 (S.D.N.Y.).

**Background**

On September 30, 2025, Google and three of the Publisher Plaintiffs filed a proposed case management order containing some agreed-upon provisions and competing provisions on other issues. *See* ECF No. 1199. One of the parties' main disagreements centered around whether fact discovery in the Publisher Plaintiffs' cases should be deferred until after the Judicial Panel on Multidistrict Litigation ("JPML") decided whether to transfer the Competitor Plaintiffs' cases. *See* ECF No. 1201 at 3-4. Google proposed for fact discovery to begin in all cases after the JPML ruled and for expert discovery to commence after fact discovery closed. *See* ECF No. 1199 ¶¶ 3, 6, 10. The Court adopted a modified version of Publisher Plaintiffs' approach, starting fact discovery immediately in the Publisher Plaintiffs' cases and requiring the parties to submit a proposed schedule for expert discovery after the JPML was expected to rule. *See* ECF No. 1209.[2]

All of the Competitor Cases will now proceed in this Court. On December 15, 2025, the JPML transferred the *OpenX*, *PubMatic*, and *Magnite* cases here. ECF No. 1280. On December 17, Index Exchange voluntarily dismissed its case pending in Virginia and filed a new complaint in this Court. *See Index Exchange Inc. v. Google LLC*, No. 1:25-cv-10477 (S.D.N.Y.). On December 18, after Equativ withdrew its opposition to transfer, the JPML transferred its case here as well. *In re Google Digital Advertising Antitrust Litig.*, MDL No. 3010 (J.P.M.L. Dec.18, 2025), ECF No. 358.

Beginning in November and continuing through the first two weeks of December, Google repeatedly requested that Publisher Plaintiffs share their proposed schedule for expert discovery so that the parties could meet and confer. *See* Ex. B. When doing so, Google referred back to its September proposal, under which expert discovery would not begin until fact discovery concluded in the Competitor Plaintiffs' cases. *See* Ex. B; *see also* ECF No. 1199 ¶ 10. Publisher Plaintiffs did not engage until December 16, when they finally proposed a schedule after meeting and conferring. *See* Ex. C at 3. On December 18, Google explained that it would maintain the same position that it had held since September: Publisher Plaintiffs should serve their opening expert reports 45 days after the close of fact discovery in the Competitor Cases, Google should have 90 days after the service of plaintiffs' reports to serve its responsive expert reports, Publisher Plaintiffs could serve rebuttal expert reports up to 60 days later, and expert depositions should be completed within 60 days of service of rebuttal reports. *Id.* at 1-2. This afternoon, Publisher Plaintiffs confirmed that they would propose to the Court that they would serve their opening expert reports on April 13, that Google would serve its opposition reports on June 18, that they would serve their reply reports on August 3, and that expert depositions would conclude by September 14. *Id.* at 1.

**Expert Discovery Should Be Coordinated Across All Cases in the MDL**

Now that the Competitor Cases have been transferred (or refiled) here, this Court should coordinate Publisher Plaintiffs' cases and Competitor Plaintiffs' cases to achieve the maximum

---

[2] That order covered only the *People*, *Insider*, and *Slate* cases because the *Raptive* case was not filed until October 17, 2025. On November 13, 2025, the Court entered a substantially similar order in the *Raptive* case, with the main difference being that fact discovery in that case was permitted to continue until February 27, 2026, while fact discovery will close in the other Publisher Plaintiff cases on February 6, 2026. *Compare* ECF No. 1241 ¶ 6, *with* ECF No. 1209 ¶ 5.

efficiencies. Indeed, the JPML recognized that all of the cases "share common factual issues" and determined that there was a "continued need . . . to coordinate proceedings," including to "avoid inconsistent rulings." ECF No. 1280 at 3.

Although fact discovery is already underway in Publisher Plaintiffs' cases, coordination with the Competitor Plaintiffs' cases will promote efficiency. For example, Google needs discovery of the Competitor Plaintiffs both to defend their cases and to defend itself in the Publisher Plaintiffs' cases. It would be inefficient to proceed with third-party discovery of Competitor Plaintiffs in one set of cases while proceeding with party discovery of them in other cases at the same time. As another example, after fact discovery begins in their cases, Competitor Plaintiffs might try to depose the very same Google employees that Publisher Plaintiffs depose during the current fact discovery period. But if discovery were coordinated, both plaintiff groups would need to discuss which depositions to take and how to question the witnesses efficiently and without duplication.

The only way to achieve the benefits of coordinated discovery would be to defer expert discovery in the Publisher Plaintiffs' cases until fact discovery has closed in the Competitor Plaintiffs' cases. Otherwise, at least some (and potentially most, or all) expert reports in the Publisher Plaintiffs' cases would have to be served before fact discovery concludes in the Competitor Plaintiffs' cases. That would result in the experts in the Publisher Plaintiffs' cases having to render opinions based on a less complete record than the experts in the Competitor Plaintiffs' cases. Such disparities could complicate resolution of any summary judgment motions and force the Court to evaluate similar arguments multiple times due to differences in the record across cases. Providing for coordination now would avoid all of these problems.

Google recognizes that establishing procedures to maximize the benefits of coordinated discovery will require careful consideration—and the involvement of Competitor Plaintiffs, which were not even parties to this MDL a week ago. But in fashioning an expert discovery schedule for the Publisher Plaintiffs' cases now, the Court need not resolve every issue; it would only need to create the space for coordination to occur. Google's proposal would do just that by deferring expert discovery until fact discovery closes in Competitor Plaintiffs' cases. Publisher Plaintiffs' proposal, on the other hand, would foreclose coordination and deny the benefits that the JPML sought to promote through transfer of the Competitor Plaintiffs' cases to this Court.

**The Scheduling Order Should Include Event-Based Deadlines**

Regardless of whether the Court elects to begin expert discovery in Publisher Plaintiffs' cases after the close of fact discovery in those cases (as Publisher Plaintiffs propose) or after the close of fact discovery in the Competitor Plaintiffs' cases (as Google proposes), the Court will need to decide whether to craft a scheduling order with deadlines pegged to specific dates ("date-based deadlines") or deadlines described by reference to certain events ("event-based deadlines"). Publisher Plaintiffs have proposed date-based deadlines (such as "April 13"), while Google proposes event-based deadlines (such as "45 days after the close of fact discovery").

Event-based deadlines have two advantages over date-based deadlines. *First*, event-based deadlines make crystal clear how much time the Court considers appropriate for each stage of

expert discovery, while date-based deadlines require calculations to be performed. *Second*, event-based deadlines adjust automatically with other changes to the schedule. For instance, if the close of fact discovery triggers service of plaintiffs' reports 45 days later, then any adjustments to the fact-discovery cutoff would also affect the expert discovery schedule, without the Court needing to perform any additional calculations or amend any other orders. By contrast, date-based deadlines would require recalculation of every subsequent deadline if adjustments to earlier deadlines are made. These twin benefits weigh in favor of event-based deadlines for expert discovery, similar to the event-based deadlines that the Court established during the first phase of this MDL. *See* ECF No. 394 ¶ 7.

**Google's Proposed Deadlines Should Be Adopted**

In addition to choosing between date-based and event-based deadlines, the Court will have to establish the deadlines themselves.

*Publisher Plaintiffs' Opening Reports*. Google proposes that Publisher Plaintiffs serve their opening expert reports 45 days after the close of fact discovery in the Competitor Cases. Ex. A ¶ 1. Publisher Plaintiffs have proposed a deadline of April 13, which is 66 days after fact discovery closes in the *People*, *Insider*, and *Slate* cases (and 45 days after fact discovery closes in the *Raptive* case). *See* Ex. C at 1. In light of the years that Publisher Plaintiffs' counsel have been litigating in this MDL, they should be able to serve opening expert reports 45 days after the close of fact discovery in their cases. And if the Court adopts Google's proposal to defer expert discovery until after fact discovery closes in the Competitor Plaintiffs' cases, Publisher Plaintiffs would have even more time to prepare their opening reports.

*Google's Responsive Reports*. Google proposes to have 90 days to serve responsive expert reports following the deadline for service of opening expert reports, Ex. A ¶ 2, while Publisher Plaintiffs would require Google to serve responsive reports on June 18, just 66 days after they propose to serve their opening reports, Ex. C at 1. Publisher Plaintiffs have indicated that they plan to rely on 5-6 experts and expect that "most" of their experts "will be the same as the experts used in Daily Mail's and Gannett's cases." *Id.* at 3. In those earlier cases, Daily Mail and Gannett served opening reports from 4 experts totaling close to 1500 pages. Since rebuttal reports were served in February 2025, those experts have retained their access to a massive discovery record and have had ample time to refine their prior analyses and develop new ones. Publisher Plaintiffs also retain the flexibility to offer reports from additional, new experts in these cases. And if expert discovery is coordinated across the Publisher Plaintiff and Competitor Plaintiff cases, Google likely will need to respond to an entirely separate slate of expert opinions (and possibly multiple slates, depending on whether Competitor Plaintiffs choose to share experts among themselves) during the same period. During the first phase of the MDL, Google was permitted to serve its responsive expert reports 63 days after receiving 14 opening reports (totalling over 2700 pages) from 4 plaintiff groups. As there could be as many as 6 different sets of reports during this next phase of expert discovery, and Publisher Plaintiffs' experts now have had years to prepare their opinions, Google should be allowed 90 days to respond.

*Publisher Plaintiffs' Rebuttal Reports*. Consistent with its long-standing position, Google's proposal would allow Publisher Plaintiffs to serve rebuttal expert reports 60 days after

receiving Google's responsive reports. Ex. A ¶ 3. Publisher Plaintiffs have proposed to serve their rebuttal reports on August 3 (i.e., 46 days after they propose Google serve its responsive reports). *See* Ex. C at 1. Google does not oppose an order requiring Publisher Plaintiffs to serve their rebuttal reports 46 days after they receive Google's responsive reports.

*Depositions*. Google proposes a 60-day period for expert depositions, Ex. A ¶ 4, and Publisher Plaintiffs have proposed for those depositions to be completed by September 14 (i.e., 42 days after they propose to serve their rebuttal reports), Ex. C at 1. After accounting for the one to two weeks that the parties will likely need to analyze rebuttal reports before they will be prepared to conduct depositions, Publisher Plaintiffs' proposal would leave the parties with only a few weeks to conduct the 10-12 expert depositions that they currently plan. If discovery is coordinated across the Publisher Plaintiff and Competitor Plaintiff cases, double that number of depositions (or more) may be needed. In the first phase of the MDL, depositions of 38 experts took place over 59 days, and the Court should similarly allow 60 days for expert depositions in this next phase.

*Modification of Deadlines*. Although Google's proposal takes into account experience from the first phase of the MDL and the limited information that it has received from Publisher Plaintiffs about their plans for expert discovery, Publisher Plaintiffs' plans may change. Further, Competitor Plaintiffs and Google have not yet discussed expert discovery (though discussions of fact discovery are already underway). And unforeseen developments could also up-end the parties' (and the Court's) expectations. In recognition of these uncertainties, Google proposes that any order should include a provision allowing for modification of the expert discovery schedule for good cause. *See* Ex. A ¶ 5.

\*   \*   \*

For all of these reasons, Google respectfully requests that the Court enter its proposed order establishing a schedule for expert discovery. *See* Ex. A.

Sincerely,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (415) 400-2204
Email: justina.sessions@freshfields.com

Eric Mahr
Andrew J. Ewalt
FRESHFIELDS US LLP
700 13th Street NW, 10th Floor

Washington, DC 20005
Telephone: (202) 777-4500
Fax: (202) 777-4555
eric.mahr@freshfields.com
andrew.ewalt@freshfields.com

Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, New York 10111
Telephone: (212) 728-2200
Email: creiser@axinn.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

CC: All Counsel of Record (via ECF)