KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

December 19, 2025

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC) [rel. 1:25-cv-07194 (PKC); 1:25-cv-07409 (PKC); 1:25-cv-07697 (PKC); 1:25-cv-08630 (PKC)]

Dear Judge Castel:

      Pursuant to the Court's order, *see* Dkt. Nos. 1209, 1241, we write on behalf of Dotdash Meredith Inc. a/k/a People Inc. and Meredith Operations Corporation (together, "People Inc."), Insider, Inc., Slate Group LLC, and CMI Marketing, Inc. ("Premium Publishers") to propose an expert discovery schedule in the above-captioned cases. The next case management conference is scheduled for February 18, 2026.

      Premium Publishers respectfully propose the following expert discovery schedule:

| Event | Date |
|---|---|
| Plaintiffs' Opening Expert Reports | April 13, 2026 |
| Defendants' Responsive Expert Reports | June 18, 2026 |
| Plaintiffs' Rebuttal Expert Reports | August 3, 2026 |
| Expert Discovery Cutoff | September 14, 2026 |

      This schedule is similar to, but meaningfully shorter than, the expert discovery schedule previously used in this MDL. Premium Publishers propose 66 days for opening and responsive reports.[1] The Court previously ordered 98 days and 71 days, respectively, including all extensions. *See* Dkt No. 394; Dkt. No. 880. Premium Publishers also propose 46 days for rebuttal reports; the Court previously ordered 67 days. Finally, Premium Publishers propose 42

---

[1] Premium Publishers respectfully request 66 days for opening reports to accommodate the Passover holiday, which concludes on April 9, 2026.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
December 19, 2025
Page 2

days for depositions after rebuttal reports are submitted; the Court previously ordered 58 days. *See* Dkt. No. 899; Dkt. No. 926.

The above proposal is readily achievable by all parties. Premium Publishers intend to rely on one shared set of experts, likely numbering 5 or 6 experts. Further, most of those experts filed reports on behalf of Daily Mail and Gannett during the prior round of expert discovery. Likewise, Google informed Premium Publishers yesterday that it "currently anticipates serving 5-6 expert reports in your clients' cases and that Google currently anticipates using some of the same experts as it did in the Daily Mail and Gannett cases." Ex. A at 1. Accordingly, the parties are prepared to proceed on the schedule proposed above.

Google's proposed schedule, by contrast, introduces months of delay and needless complication. Although Google previously asked the Court to start expert discovery "after the close of fact discovery" in Premium Publishers' cases, Dkt. No. 1201, Google informed Premium Publishers yesterday that it now proposes to start expert discovery only "after the end of fact discovery in the *competitor cases*," Ex. A at 1 (emphasis added), i.e., the cases transferred to this court by the JPML a few days ago, *see* Dkt. No. 1280. Thus, under Google's proposal, Premium Publishers would complete fact discovery in roughly four months, only to achieve nothing else for many months until other cases complete their separate fact discovery. Those other cases, moreover, have not proposed fact discovery schedules to the Court, and Premium Plaintiffs do not know what motions practice Google intends to pursue – much less whether Google will oppose discovery in the competitor cases while those motions are pending.

The Court already rejected Google's request to delay fact discovery for the competitor cases, *see* Dkt. No. 1209, and it likewise should reject their request to delay expert discovery, too. Each competitor case intends to pursue fact and expert discovery that are substantially different from the discovery pursued by publishers in the MDL. For example, one exchange competitor, OpenX, told the JPML: "OpenX has different discovery needs than those of the MDL plaintiffs." JPML Dkt. No.[2] 303-1 at 11. Other competitors have said much the same. *See* JPML Dkt. No. 322-1 at 18 ("additional discovery Magnite might seek would not be related to the common factual questions in the MDL"); *id.* ("the Ad Exchange Plaintiffs will have extensive but entirely separate discovery needs"); JPML Dkt. No. 323-1 at 13 ("the focus of discovery in PubMatic's case will differ materially from the focus of discovery in the publishers' cases"). Waiting for these cases will take months – maybe even a year or more – with little efficiency to be gained from the delay.

Even apart from its severely delayed start date, Google's proposed schedule is overlength and one-sided. It proposes 90 days to file responsive reports – twice the 45 days it would allot Premium Publishers for their opening reports – because Premium Publishers supposedly "have had many months or years to develop affirmative arguments." Ex. A at 1. But, as the Court is

---

[2] "JPML Dkt. No." refers to documents filed in *In re Google Digital Advertising Antitrust Litigation*, No. 3010 (J.P.M.L).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
December 19, 2025
Page 3

aware, Google has litigated these ad tech cases for years, recycling its expert work across cases. *See*, *e.g.*, Dkt. No. 1190 at 4 ("Google has used the same expert, Dr. Mark Israel, in both this MDL and the E.D. Va. Action"). Premium Publishers do not have a head start. Prior practice, moreover, cuts decisively against Google's proposed schedule. Previously, the Court set the same time period for opening reports and responsive reports, *see* Dkt. No. 394, and then extended the deadlines so that Plaintiffs had 98 days for opening reports and Google had 71 days for responsive reports, *see supra* p. 1. The Court never has ordered a double-length period for Google. Further, the Court previously set 58 days for depositions – two days fewer than what Google requests now – when there were 26 disclosed experts. *See* Dkt. No. 905. Now, there are substantially fewer experts, and 42 days is ample time to take those depositions.

   Premium Publishers respectfully request that the Court enter their proposed schedule above, which is consistent with prior practice and the efficient fact discovery schedule already entered by the Court.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
December 19, 2025
Page 4

                                Respectfully submitted,

/s/ *John Thorne*
John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Daniel S. Severson
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
Sven E. Henningson
Jonathan I. Liebman
Jared Stehle
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
       dbird@kellogghansen.com
       bjones@kellogghansen.com
       cgoodnow@kellogghansen.com
       dseverson@kellogghansen.com
       mhirschboeck@kellogghansen.com
       epfeffer@kellogghansen.com
       emaier@kellogghansen.com
       shenningson@kellogghansen.com
       jliebman@kellogghansen.com
       jstehle@kellogghansen.com

*Counsel for Counsel for Dotdash Meredith Inc., Meredith Operations Corporation, Insider, Inc., Slate Group LLC, and CMI Marketing, Inc.*

cc:   All Counsel of Record via ECF