# Exhibit A

| | |
|---|---|
| **From:** | BOSCO, Veronica <Veronica.Bosco@freshfields.com> |
| **Sent:** | Thursday, December 18, 2025 5:14 PM |
| **To:** | Goodnow, Christopher C.; Maier, Eric J.; Thorne, John; Bird, Daniel G. |
| **Cc:** | EWALT, Andrew (AJE); SESSIONS, Justina (JKS); HENDERSON, Andrew; creiser; Bradley Justus; Ali Vissichelli |
| **Subject:** | [EXTERNAL] RE: In re Google Digital Advertising Antitrust Litigation - Expert Discovery Schedule |

Chris,

Based on the representations in your email, we can confirm that Google currently anticipates serving 5-6 expert reports in your clients' cases and that Google currently anticipates using some of the same experts as it did in the Daily Mail and Gannett cases. Please note that the number of experts and the identity of those experts may change, depending on how fact discovery progresses, the expert reports that plaintiffs serve, and/or other factors.

Google does not agree to the schedule proposed by plaintiffs for several reasons.

First, as we have consistently maintained, expert discovery in your clients' cases should be coordinated with expert discovery in the cases that Google's competitors originally filed in EDVA but that have now been transferred to or refiled in SDNY. See ECF No. 1199 ¶ 10; see also ECF No. 1280. Although the Court declined to align the schedules for fact and expert discovery while the competitor cases were pending in EDVA, its decision to require the parties to submit proposed schedules for expert discovery tomorrow— soon after the JPML was expected to rule—recognized that it might be appropriate to align expert discovery schedules across all cases after the JPML ruled.  See ECF No. 1209 ¶ 7. On December 4, I explained that Google's position on the expert discovery had not changed—that is, that the schedule that Google "proposed to the Court on 9/30 (ECF 1199 ¶ 10) is an appropriate schedule."  Despite my request that plaintiffs share their position in advance of our meet and confer on December 16, plaintiffs did not provide their position until after the meet and confer.  Having now considered that position, Google continues to believe that it would be more efficient for expert discovery in your clients' cases to be coordinated with expert discovery in the competitor cases, especially now that it is clear that all cases will be proceeding in the same court. Aligning the expert discovery schedules across cases will allow the parties' experts to formulate their opinions with the benefit of discovery assembled not only in your clients' cases, but also in the competitor cases. Even greater efficiencies could be achieved if fact discovery is coordinated across the cases. To permit coordination, Google believes that expert discovery should not commence until after the end of fact discovery in the competitor cases.

Second, regardless of when expert discovery begins, the scheduling order should specify the number of days between each event, rather than specify the exact dates for certain events. As your email recognizes in proposing a "60/60/45/40 schedule," phrasing deadlines in terms of the number of days between events makes crystal clear how much time should be allotted to each phase of expert discovery. It also results in greater flexibility because the expert discovery schedule would not need to be amended if antecedent deadlines are adjusted.

Third, Google should receive more than 60 days to respond to plaintiffs' expert reports. Because plaintiffs' counsel and their experts have had many months or years to develop affirmative arguments based on the voluminous discovery record, it would be unfair to limit Google to only 60 days to formulate its responses. The unfairness would multiply if Google were responding not only to your experts, but also to the competitor plaintiffs' experts during the same period.

Fourth, Google cannot agree to a schedule that includes only 40 days for expert depositions. The first two weeks after service of rebuttal reports likely will be devoted to analyzing those reports. Moreover, the parties currently anticipate deposing a total of 10-12 experts in your clients' cases alone, and it would unnecessarily compress the schedule to squeeze even those depositions into a 3-4 week period.

1

Scheduling would become even more difficult if expert depositions in the competitor cases were to take place during the same period.

Fifth, any scheduling order should recognize that unforeseen circumstances may arise and that the scheduling order may need to be amended.

To address each of these issues, Google proposes the following:

1. Plaintiffs will serve any opening expert reports within 45 days of the close of fact discovery in the competitor cases.
2. Defendants will serve any responsive expert reports by 90 days after the deadline for service of Plaintiffs' opening expert reports.
3. Plaintiffs will serve any rebuttal expert reports by 60 days after the deadline for service of Defendant's responsive expert reports.
4. All expert discovery shall be completed by 60 days after the deadline for service of Plaintiffs' rebuttal reports.
5. The parties may request amendment to the schedule for good cause.

We are available to meet and confer about these issues.

Best,
Veronica

---

**From:** Goodnow, Christopher C. <cgoodnow@kellogghansen.com>
**Sent:** Tuesday, December 16, 2025 10:32 AM
**To:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>; Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; creiser <creiser@axinn.com>; Bradley Justus <bjustus@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** RE: In re Google Digital Advertising Antitrust Litigation - Expert Discovery Schedule

Veronica:

As we just discussed on the meet and confer, the Premium Publishers will share the same experts in their cases and plan to rely on 5-6 of them. The current plan is that most of those experts will be the same as the experts used in Daily Mail's and Gannett's cases. Please let us know how many experts Google currently expects to use and whether Google intends to rely on the same set of experts as it did in Daily Mail's and Gannett's cases. That could impact the schedule we'll propose to the Court.

As we also discussed, for now, the Premium Publishers propose a 60/60/45/40 schedule (roughly) for expert discovery. See the below table that compares our proposed dates to yours. We propose a 45-day turnaround for reply reports on the expectation that Google will disclose a substantially overlapping set of experts as in Daily Mail's and Gannett's cases.

| Event | Premium Publishers' Date | Google Date |
|-------|--------------------------|-------------|
| Opening Reports | April 9 | March 23 |
| Opposition Reports | June 10 | June 22 |
| Reply Reports | July 24 | August 21 |
| Depositions conclude | August 31 | October 20 |

Finally, we agree that the parties should file separate letters with the Court on Friday if we cannot reach agreement this week.

Please let us know Google's position.  We're around this week to meet and confer again if necessary or helpful.

Regards,
Chris

**Christopher C. Goodnow**
Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C.
1615 M Street, N.W. | Suite 400 | Washington, DC 20036 | (202) 326-7907

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

---

**From:** BOSCO, Veronica <Veronica.Bosco@freshfields.com>
**Sent:** Monday, December 8, 2025 8:21 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; creiser <creiser@axinn.com>; Bradley Justus <bjustus@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** [EXTERNAL] RE: In re Google Digital Advertising Antitrust Litigation - Expert Discovery Schedule

Hi Eric,

We wanted to follow up on the below. Despite not having heard anything from plaintiffs regarding their position on an appropriate schedule for expert discovery, we are still making our best efforts to comply with the Court's order for the parties to meet and confer ahead of next week's deadline. To that end, we would still like to meet and confer even if plaintiffs refuse to provide their position in writing ahead of any such meet and confer.

During the meet and confer, we would like to discuss the following points:
1. Do People, Business Insider, Slate, and Raptive plan to use all of the same experts in all of their cases?
2. On how many experts do plaintiffs plan to rely in each of their cases?
3. When will plaintiffs propose a schedule for expert discovery?

If, after meeting and conferring, the parties are unable to agree on a schedule for expert discovery, we would propose that plaintiffs and Google each file a letter with the Court describing that side's position and attaching a proposed order.

We are available to meet and confer on December 9 from 4-5:30 PM ET, December 10 from 9-11 AM ET or 4-5 PM ET, December 11 from 9-11:30 AM ET, or December 12 from 1-4 PM ET.  Please let us know if plaintiffs will agree to meet and confer at any of these times, or if you plan to propose alternative times.

Best,
Veronica

---

**From:** BOSCO, Veronica
**Sent:** Thursday, December 4, 2025 3:09 PM
**To:** Maier, Eric J. <emaier@kellogghansen.com>; Thorne, John <jthorne@kellogghansen.com>; Bird, Daniel G. <dbird@kellogghansen.com>; Goodnow, Christopher C. <cgoodnow@kellogghansen.com>
**Cc:** EWALT, Andrew (AJE) <Andrew.Ewalt@freshfields.com>; SESSIONS, Justina (JKS) <Justina.Sessions@freshfields.com>; HENDERSON, Andrew <Andrew.Henderson@freshfields.com>; Reiser, Craig M.

<creiser@axinn.com>; Bradley Justus <bjustus@axinn.com>; Ali Vissichelli <avissichelli@axinn.com>
**Subject:** In re Google Digital Advertising Antitrust Litigation - Expert Discovery Schedule

Hi Eric,

We wanted to circle back with you regarding plaintiffs' position on an expert discovery schedule in advance of the Court's 12/19 deadline to submit a joint proposed schedule. As previously discussed, we believe that the position we proposed to the Court on 9/30 (ECF 1199 ¶ 10) is an appropriate schedule.

Will you be able to provide plaintiffs' position by the end of this week? If not, please let us know when we can expect plaintiffs' position. We think it will be fruitful to have it before any meet & confer and remain available to meet & confer.

Best,
Veronica

**Veronica M. Bosco**
Senior Associate

**Freshfields US LLP**
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
**T** +1 646-440-1863 | **M** +1 929-266-7982

This email (and any attachments) is confidential and may well also be legally privileged. If you have received it in error, please notify the sender immediately (by telephone or by email) and delete all copies of this email (and any attachments) from your system. Do not copy it, use it for any purpose or disclose its contents to any other person.

Freshfields US LLP is a limited liability partnership organized under the laws of the State of New York. For further regulatory information please see this Legal Notice.

For information about how Freshfields processes personal data please refer to this Privacy notice. For further information about Freshfields, please refer to our website at www.freshfields.com.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields US LLP or any associated firms or entities.