UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING                    21-md-3010 (PKC)
ANTITRUST LITIGATION

                                                     THIS ORDER APPLIES TO:

                                                     Rumble Canada Inc. v. Google
                                                     LLC, et al., 24 Civ. 9904 (PKC)

------------------------------------------------------------x
CASTEL, Senior District Judge:

        On May 9, 2025, Google LLC outlined the basis for a proposed motion to dismiss the Second Amended Complaint of Rumble Canada Inc. ("Rumble"). (ECF 987.) This triggered Rumble's obligation under the Court's Individual Practices to state unambiguously whether it wished to amend before the motion went forward. Individual Practices ¶ 3(A)(iv). Rumble did not do so. It required an Order from this Court to obtain Rumble's compliance. (Order of June 6, 2025; ECF 1008.) Belatedly on June 12, Rumble revealed that it did not wish to amend in view of the position of Google. (ECF 1013.) It took Google to task for pointing out that Rumble's market definition was different than that adopted by Judge Brinkema in the Eastern District of Virginia action ("E.D. Va. Action.") (". . . Google cites favorably to Judge Brinkema's Opinion in an attempt to advance fact-based arguments regarding market definition that are inappropriate for a motion to dismiss."). (ECF 1013 at 1.)

        Without so much as an acknowledgement or a mea culpa, Rumble sought leave to amend its complaint and file a motion for summary judgment five and one-half months after Google's motion to dismiss was filed. (ECF 1334.) It patted itself on the back for doing so on January 12, 2026 – and prior to a ruling on the then-pending motion

dismiss – "to maximize judicial efficiency and resources."  (Id.)  Rumble did not explain the supposed efficiency of briefing a partial summary judgment motion – an exercise that would take weeks if not months – while Google's motion to dismiss remained pending.

The day after Rumble's letter was filed, the Court issued its 21-page Opinion and Order granting in part and denying in part Google's motion to dismiss and granting Rumble leave to file a Third Amended Complaint amending its geographic market definition.  (ECF 1336.)

The Court's Opinion and Order did not address so much of Rumble's plan for "maximiz[ing] judicial efficiency" by having plaintiff's partial summary judgment motion filed during the pendency of the motion to dismiss.  That portion of the request was mooted by the issuance of the Court's decision on the motion to dismiss.

Rumble's January 21 letter now also seeks to file amendments to its complaint beyond those previously authorized by the Court.  (ECF 1341.)  It does so without reference to this Court's Scheduling Order of June 13, 2025 that limited the time for further amendments by Rumble:

> Under Rule 16(b)(3)(A), the Court "must limit the time to join other parties [and] amend the pleadings. . . ."  Pursuant to that authority, the Court sets July 1, 2025 as the date for the parties to this constituent action to move to amend the pleadings or join additional parties.  If no motion to amend or join parties is made by that date, then Google may proceed with its motion. . . .

(ECF 1016.)

The time set by the Court for further amendments has passed.  The grant of leave to amend to alter geographic market definitions in a marked-to-show changes pleading submitted to the Court on January 12, 2026 is not a general license for further amendments beyond those permitted by the Court.  The Court will not foreclose the filing

2

of a motion to amend within 21 days of this Order, but Rumble will be required to address the "good cause," requirement of a motion to amend made after the deadline for such motions has passed.[1]  Google's time to answer the Second or Third Amended Complaint is extended until 14 days after the Court rules on any motion to further amend.

With regard to a proposed partial summary judgment motion based upon issue preclusion, the Court will direct Rumble and Google to meet and confer on a stipulation to be submitted to the Court within 21 days of this Order, providing that if the Court adheres to its Opinion and Order of October 27, 2025, then issue preclusion would apply to certain specified claims or issues alleged in Rumble's Complaint.  Based upon the stipulation (and if otherwise appropriate) the Court may then issue an order granting partial preclusion, which will preserve the parties' appellate rights.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 22, 2026

---

[1] The grant of a motion to dismiss for failure to state a claim operates as an adjudication on the merits unless otherwise specified.