KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

January 26, 2026

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
             [rel. *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-07194 (PKC);
             *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409 (PKC); and
             *Slate Group LLC v. Google LLC*, No. 1:25-cv-07697 (PKC)]

Dear Judge Castel:

      We write on behalf of Plaintiffs Dotdash Meredith Inc. a/k/a People Inc. and Meredith Operations Corporation (together, "People Inc."), Insider, Inc., and Slate Group LLC ("Premium Publishers"), regarding Google's request to extend the period for fact discovery in the above-captioned cases. *See* MDL Dkt. No. 1367 ("Ltr."). Google's request should be denied.[1] The next case management conference is scheduled for February 18, 2026.

      Premium Publishers are prepared to finish fact discovery on February 6, 2026, as the Court ordered nearly four months ago. *See* MDL Dkt. No. 1209 ¶ 5. They substantially completed document productions last month and anticipate making one final production before the close of fact discovery. Premium Publishers did not issue third-party subpoenas.

      Regarding depositions, Premium Publishers are likewise prepared to meet the Court's deadline. Google did not issue any deposition notices until January 16 after 10:00 p.m. ET – only ten days ago and late on a Friday evening before a holiday weekend. Nonetheless, Premium Publishers have provided dates for all 11 noticed depositions – each on or before February 6. Premium Publishers accepted eight dates that Google noticed. For the remaining three, Premium

---

[1] Google's request does not comply with the Court's Individual Practices. Among other things, Google did not provide "the reasons given by the adversary for declining to consent," § 1(C)(iv), despite Premium Publishers providing those by email prior to Google's filing, and at the time Google requested, *see* Ex. A (Email from S. Salem to J. Thorne, et al.(Jan. 23, 2026)). Nor did Google "attach a proposed Revised Case Management Plan and Scheduling Order." Individual Practices § 1(C)(vi).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
January 26, 2026
Page 2

Publishers proposed dates that were two, four, and six days different from the noticed dates. Google has accepted one alternative date and has not responded regarding the other two. The witnesses – both present and former employees – already have changed their schedules to sit for deposition on short notice, and at considerable personal and professional expense.

      Google provides no good cause to extend the fact discovery schedule. *See* MDL Dkt. 1209 ¶ 13 ("This Scheduling Order . . . may not be modified or the dates herein extended, except by further Order of this Court for good cause shown."). Google has offered dates only for four of the nine depositions noticed by Premium Publishers – three depositions fewer than the Court authorized. *See* MDL Dkt. 1209 ¶ 6.4. Google has identified only three witnesses that are available on or before February 6. A fourth is available on February 12, and Google has offered no information regarding the rest (other than what it stated in its letter). If Google cannot make its witnesses available before the close of fact discovery, Premium Publishers are willing to find an accommodation, including seeking leave of Court to take the noticed depositions out of time. But that is not a reason to extend the fact discovery schedule.

      Google also complains that it wants to "space out its depositions of plaintiffs to a more humane schedule." Ltr. 2. But Google is getting the deposition schedule it asked for – Premium Publishers accepted 8 of the 11 dates noticed by Google, with minimally different proposed alternatives for the remainder. That Google regrets its decision to stack its depositions at the close of fact discovery is not good cause for an extension.

      Google next raises concerns regarding document productions, which it never discussed with Premium Publishers before filing. These are likewise not a basis to extend fact discovery. Google served its third-party subpoenas on Christmas Eve, January 5, and January 7 – more than two months after discovery opened. Those subpoenas largely copied and pasted from prior subpoenas Google served in the MDL, changing only the date for certain data requests. Google never has explained why it delayed in issuing the subpoenas, nor has it provided any information why the third parties cannot comply by February 6. Further, Google never has indicated which third parties are unprepared to produce by February 6, what they intend to produce, or when those productions would be forthcoming. To date, Premium Publishers have not received a single third-party document. When Google states it "is still waiting for some third-parties to complete their productions," Ltr. 2, it is unclear which third parties are in issue, if not all of them.

      Google's reason to delay its final data production is likewise insubstantial. Google will produce its data pursuant to the Court's confidentiality order, *see* MDL Dkt. No. 1209 ¶ 8, and can designate that data "Highly Confidential" if disclosure "publicly or to a Party[] is likely to cause [it] material and significant competitive or commercial harm," MDL Dkt. No. 685 ¶ 1(h). In four years of fact discovery in the MDL, Google never has invoked a public earnings call as an excuse to delay a production. At a minimum, Google should have raised this issue with

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
January 26, 2026
Page 3

Premium Publishers when it arose so the parties could have discussed an accommodation.[2] Instead, Google said nothing until its filing at the last possible moment. *See* MDL Dkt. 1209 ¶ 13 (requests for extensions "shall be made no less than fourteen (14) days prior to the expiration of the date sought to be extended").

      Google also suggests its proposed extension is modest because it will not "serve new requests for documents, interrogatories, or requests for admission." Ltr. 2. But Google does not promise it will decline to serve additional deposition notices – despite telling Premium Publishers an hour before filing that "[w]e are . . . not requesting an extension to serve additional deposition notices." Ex. A at 1. It is unclear whether Google's omission from its letter to the Court was intentional; in all events, the Court should not permit Google to serve new deposition notices under any discovery schedule. Having failed even to schedule most depositions noticed by Premium Publishers, the time for Google to notice additional depositions has passed.

      Finally, Google raises the possibility of coordinating the above-captioned actions with five other publisher cases recently filed by plaintiffs represented by undersigned counsel. *See* Ltr. 3. Premium Publishers respectfully submit there are opportunities for coordination. In particular, undersigned counsel have proposed a coordinated expert discovery schedule. Last week, Google promised to respond with a written counterproposal (though it has not yet done so). *See* Ex. A at 2. The parties' discussions on coordinated expert discovery, however, are ongoing, and are not a reason to extend fact discovery in these cases.

*   *   *

      Premium Publishers are prepared to complete fact discovery by February 6, as the Court ordered last October. If Google cannot make its witnesses available for deposition prior to the deadline, Premium Publishers will work with Google to set an alternative schedule and seek the Court's leave to take any such depositions out of time. Google offers no good cause to extend the discovery schedule outright.

---

[2] Alphabet Inc. announced the date for its quarterly conference call on January 8. *See* Alphabet Press Release, *Alphabet Announces Date of Fourth Quarter and Fiscal Year 2025 Financial Results Conference Call*, https://abc.xyz/investor/news/news-details/2026/Alphabet-Announces-Date-of-Fourth-Quarter-and-Fiscal-Year-2025-Financial-Results-Conference-Call-2026-_PQVrgzUKX/default.aspx.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
January 26, 2026
Page 4

                                                Respectfully submitted,

                                                /s/ *John Thorne*
                                                John Thorne
Daniel G. Bird
Bethan R. Jones
Christopher C. Goodnow
Mark P. Hirschboeck
Eliana Margo Pfeffer
Eric J. Maier
Sven E. Henningson
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
        dbird@kellogghansen.com
        bjones@kellogghansen.com
        cgoodnow@kellogghansen.com
        mhirschboeck@kellogghansen.com
        epfeffer@kellogghansen.com
        emaier@kellogghansen.com
        shenningson@kellogghansen.com

*Counsel for Dotdash Meredith Inc., Meredith Operations Corporation, Insider, Inc., and The Slate Group LLC*

cc: All Counsel of Record via ECF