**WIGGIN AND DANA**

Wiggin and Dana LLP
437 Madison Avenue
35th Floor
New York, New York 10022
www.wiggin.com

Benjamin H. Diessel
203.498.4304
203.782.2889 fax
bdiessel@wiggin.com

VIA ECF

February 20, 2026

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)
      *In re Google Digital Publisher Antitrust Litigation*, No. 1:21-cv-07034 (PKC)
      *Inform Inc. v. Google LLC et al.*, No. 1:23-cv-01530 (PKC)
      *Associated Newspapers Ltd. et al. v. Google LLC et al.*, No. 1:21-cv-03446 (PKC)
      *Gannett Co., Inc. v. Google LLC et al.*, No. 1:23-cv-05177 (PKC)

Dear Judge Castel:

I write on behalf of non-party OpenX Technologies, Inc. ("OpenX").[1] Pursuant to Rule 5 of this Court's Individual Practices and Paragraph 21 of the Modified Confidentiality Order (ECF No. 685) OpenX respectfully submits this letter motion to seal certain confidential OpenX information contained within the summary judgment motion in the above-captioned actions (ECF No. 1352) filed by Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively, "Google"). On January 23, 2026, Google moved to provisionally seal certain citations and references to non-party confidential information, including OpenX's confidential information, contained in expert reports filed as exhibits to Google's motion for summary judgment. (ECF No. 1344.) OpenX requests that the Court maintain sealing over a subset of that information, including: (1) figures and references within Google's expert reports that are based on OpenX's confidential documents or data; and (2) excerpts of former OpenX CEO John Gentry's deposition testimony regarding OpenX's internal auction practices and pricing information. The information OpenX seeks to keep under seal was provided by OpenX to the parties pursuant to the Protective Order in this case and designated Highly Confidential. OpenX has conferred with Google, and Google takes no position with respect to this Motion.

*Legal Standard*

Courts must balance "the weight of the presumption" of public access against any "countervailing factors" when considering requests to seal or redact "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Countervailing factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

---

[1] OpenX has brought a related action against Google (No. 25-cv-10817), which was consolidated with this MDL. However, OpenX is not a party to the above-captioned actions in which Google filed its summary judgment motion.

When considering a Motion to Seal, the "privacy interests of innocent third parties . . . should weigh heavily." *Id.* at 1050 (citation omitted). This Court has previously recognized that the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 147 at 3-4 (quoting *Lugosch*, 435 F.3d at 121). Sealing is warranted when it is necessary to ensure "the protection of competitively sensitive business information," *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-CV-11386 (VSB) (KHP), 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023) (citing *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015)), because "[c]ommercial competitors seeking an advantage over rivals" might abuse the public disclosure of such information, *Amodeo*, 71 F.3d at 1051.

*Argument*

OpenX seeks to keep sealed portions of the expert reports Google filed in connection with its summary judgment motion based on OpenX's confidential documents or data, and certain excerpts of former OpenX CEO John Gentry's deposition testimony relating to OpenX's internal auction practices and pricing information. The references from ECF No. 1355, 1362 and 1364 that contain OpenX's competitively sensitive business information are listed below:

| Docket Number(s) | Pincite | Description of Confidential Information |
|---|---|---|
| **References to OpenX Documents or Data** | | |
| ECF No. 1355-5; ECF No. 1362-5 | p. 412 | Figure 79 to Israel Expert Report, which includes OpenX's average ad exchange fees from 2020-2022 |
| ECF No. 1355-5; ECF No. 1362-5 | ¶ 603 | Discussion of OpenX's take rate in comparison to AdX |
| ECF No. 1355-5; ECF No. 1362-5 | p. 635 & n.1524 | Discussion of OpenX's average fees based on data provided at OPENX-AGG-LIT-00000001.001 and in the Deposition of John Gentry (OpenX), October 26, 2023, GENTRY_TR_00000001, p. 86:15-16) |
| ECF No. 1355-5; ECF No. 1362-5 | p. 686 | Figure 146 to Israel Expert Report, which includes OpenX's U.S indirect open web non-video display gross revenue from 2019-2022 |
| ECF No. 1355-5; ECF No. 1362-5 | p. 691 | Table 18 to Israel Expert Report, which includes OpenX's estimated market share in the market for open web display advertising based on OpenX's data production |

| | | |
|---|---|---|
| ECF No. 1364-2 | p. 212 | Figure 28 to Sibley Expert Report, which includes OpenX's estimated global market share for open display by number of impressions from 2019-2023 |
| ECF No. 1364-2 | p. 213 | Figure 29 to Sibley Expert Report, which includes OpenX's total number of impressions globally for open display from 2019-2023 |
| **Excerpts of J. Gentry Deposition Testimony** | | |
| ECF Nos. 1355-6 - 1355-7; ECF Nos. 1362-6 - 1362-7 | p. 405 & n.1145; p. 422 & n.1215 | Deposition of J. Gentry (EDVA) (Oct. 26, 2023) at 228:1-228:17 (detailing OpenX's internal auction practices) |
| ECF Nos. 1355-6 - 1355-7; ECF Nos. 1362-6 - 1362-7 | p. 463 & n.1327; p. 467 & n.1343 | Deposition of J. Gentry (EDVA) (Oct. 26, 2023), at 63:17-64:3 (discussing OpenX's take rate) |
| ECF No. 1355-5; ECF No. 1362-5 | ¶ 757 | Deposition of John Gentry (OpenX), October 26, 2023, GENTRY_TR_00000001, p. 64:1-2 (discussing OpenX's fee structure) |

OpenX seeks to keep this information under seal because it could suffer substantial economic harm if the information were disclosed to the public and its competitors. This harm outweighs the presumption of the public's traditional access to judicial records, especially given OpenX's status as a nonparty to the publisher actions that only produced materials to the parties pursuant to subpoenas issued by the Plaintiffs and Defendants in this case. OpenX only seeks to keep under seal specific portions of the filing in order to protect OpenX's confidential information without unduly limiting the public's right to access factual and legal arguments being made by the parties in this case.

The information that OpenX seeks to keep under seal was provided to the parties in this case and designated "Highly Confidential" pursuant to the Protective Order in this case (ECF No. 685). At no time since OpenX made its productions to the parties have the parties objected to OpenX's designation of this information as Highly Confidential, as permitted by the Protective Order. The information that OpenX seeks to keep under seal includes OpenX's take rate and revenue share information as well as outputs created by the parties' experts that are based on highly confidential data that OpenX produced to the parties. OpenX does not make its internal, highly confidential pricing information or data available to the public or its competitors. OpenX considers the information contained in these passages its trade secrets and actively works to ensure that information does not become "public knowledge or of a general knowledge" to its competitors and customers. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475

(1974). If the information that OpenX seeks to keep under seal were released to the public, OpenX's competitors could take advantage of the information to convince customers to switch away from OpenX's products, and customers would be able to use the information to extract more favorable commercial terms from OpenX.

***

For each of the reasons stated above, OpenX respectfully requests that this Court maintain the current confidentiality protections for the specific OpenX confidential information identified herein.

Respectfully submitted,

*/s/Benjamin H. Diessel*_____

Benjamin H. Diessel
Nathan E. Denning
Colleen M. Kozikowski
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
Telephone: (212) 551-2600
Facsimile: (212) 551-2888
bdiessel@wiggin.com
ndenning@wiggin.com
ckozikowski@wiggin.com

Yonatan Even
Lauren M. Rosenberg
Jonathan D. Mooney
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
yeven@cravath.com
lrosenberg@cravath.com
jmooney@cravath.com

*Counsel for OpenX Technologies, Inc.*