**Law Offices of Charles B. Molster, III PLLC**
1901 Pennsylvania Avenue, N.W., Suite 610
Washington, D.C. 20006
(703) 346 1505
cmolster@molsterlaw.com

February 19, 2026

Via ECF

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Google Digital Advertising Antitrust Litigation*, Case No. 1:21md03010(PKC)

Dear Judge Castel:

I represent non-party Yieldmo, Inc. ("Yieldmo"), and write to respectfully request the continued sealing of Yieldmo's confidential and competitively sensitive information contained in filings made by Google LLC, Alphabet Inc., and YouTube LLC (collectively, "Google") beyond February 20, 2026. On February 10, 2026, counsel for Google notified Yieldmo that Google's summary judgment filings contained Yieldmo's confidential information, making this motion timely under the Modified Confidentiality Order in this action (ECF No. 685). A copy of that correspondence is attached hereto as Exhibit 1. The attachments to the February 10 letter included references to confidential and proprietary Yieldmo business information that is currently redacted. If this information was to become unredacted, it would cause competitive harm to Yieldmo.[1] If the Court would prefer, Yieldmo will file a more particularized motion, identifying specific redactions and explaining why each is necessary, if Google shares with Yieldmo the unredacted portions of its filings that contain Yieldmo's information.

Counsel for Google has indicated that Google takes no position on this request.

**Factual Background:** Yieldmo has produced documents and data in connection with the EDVA Litigation which is now the subject of Google's Motion to Provisionally File Under Seal Memorandum of Law (Dkt. No. 1344). Google has indicated to Yieldmo that certain Yieldmo materials that are currently redacted could become unredacted after February 20, 2026. *See* Exhibit 1. These materials contain competitively sensitive information that Yieldmo has designated as confidential or highly confidential because its public disclosure could be misused by

---

[1] Yieldmo also requests that the Court grant an exception to the requirement of formal motion practice supported by a memorandum of law and an affidavit, as required by the Court's Individual Practices.

Yieldmo's competitors to harm both Yieldmo and the competitive process. When Google and other parties sought to use Yieldmo information in the Eastern District of Virginia Google action, that Court ordered redactions to protect Yieldmo's competitively sensitive information. *See United States v. Google LLC*, No. 1:23-cv-108 (LMB/JFA) (E.D. Va.), ECF Nos. 842, 1064, 1125, 1660 and 1740 (filings and Orders re Yieldmo's motions/objections to redact exhibits for the liability and remedy trials).

On February 10, 2026, counsel for Google notified Yieldmo that Google had made filings in this action, provisionally under seal, that quoted or otherwise revealed information from materials that Yieldmo produced and designated confidential or highly confidential. Counsel for Google did not provider unredacted versions of the documents at issue. Yieldmo has reviewed these materials and concluded that many of them contain competitively sensitive information about Yieldmo's advertising business, such as impressions, fees, and revenue, as well as information about partners' and customers' specific business relationships. Yieldmo believes that its competitors could misuse this information to compete unfairly against Yieldmo, offer worse terms to Yieldmo or Yieldmo's customers in future negotiations, or interfere with Yieldmo's customer relationships and product offerings. Yieldmo has consistently taken steps to protect the confidentiality of this information.

**Discussion:** Under common law, sealing information is appropriate where the presumption of public access—which depends on "the role of the material at issue" in the case—is outweighed by "countervailing factors" such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995)). Further, sealing or redacting judicial documents is appropriate under the First Amendment where that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Protecting confidential, competitively sensitive business information is a sufficient and recognized justification for sealing under both standards. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (citation omitted)); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015) (sealing "internal corporate documents" that contained "investment strategies," "proprietary modeling assumptions," "customer names," and "pricing information"); *In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (sealing information about "internal pricing strategies and competitive pricing data"). This is especially true for the information of "innocent third parties," whose "privacy interests ... should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (citation omitted).

This justification applies to the information at issue here. If the confidential information about Yieldmo's advertising business methods, performance, and strategy were revealed, it would harm Yieldmo's competitive standing and provide Yieldmo's competitors with a substantial, unfair commercial advantage. As a third party to the litigation, Yieldmo's privacy interests should receive additional weight. Yieldmo's third-party status also means that its information will likely be, at best, "collateral to the Court's resolution of the parties' summary judgment motions,"

reducing the presumption of public access. *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017).

**Conclusion:** For these reasons, Yieldmo respectfully requests that the Court order the continued sealing of Yieldmo's confidential information, in the event that any provisional sealing requested by Google expires. In the alternative, if Google were ordered to provide Yieldmo with the unredacted relevant documents, Yieldmo will provide a more detailed motion identifying the proposed redactions and explaining why each is necessary.

Thank you for your kind attention to this request, and please do not hesitate to let me know if you would like any additional information.

Sincerely,

Charles B. Molster, III

cc: All Counsel of Record (via ECF)