

**Alexandra Gallo-Cook**
212 692 6259
lgallocook@mintz.com

919 Third Avenue
Floor 39
New York, NY 10022
212 935 3000
mintz.com

<u>**VIA ECF**</u>

February 20, 2026

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *In re Google Digital Advertising Antitrust Litigation Case*, No. 1:21-md-03010 (PKC)

Dear Judge Castel:

    I write on behalf of non-party Yahoo Inc. ("Yahoo"). Yahoo respectfully requests the continued sealing of Yahoo's confidential and competitively sensitive information contained in certain filings made by defendants Google LLC, Alphabet Inc., and YouTube LLC (collectively, "Google") in this action at ECF Nos. 1355-5; 1355-9; 1362-5; and 1364-2. In support of its request, Yahoo submits the Declaration of Yahoo's Associate General Counsel, Heather Goldman, as Exhibit 1.

    On February 10, Counsel for Google informed Yahoo that Google has filed several expert reports under provisional seal in connection with its motions for summary judgment in the above-referenced matter, and that these reports cite or refer to material produced by Yahoo in response to Google's subpoena. Upon production, Yahoo had designated these materials as Confidential or Highly Confidential under the applicable protective order because its public disclosure could be exploited by Yahoo's competitors to put Yahoo at a competitive disadvantage. Specifically, these filings include reference to Yahoo's buyside rates, revenue share, and ad spending, as well as charts displaying Yahoo's ad spending, revenue, and market share over multiples of years.

    Confidential documents — particularly those of uninvolved third parties — are appropriately sealed where the Court considers "the weight of the presumption" of public access against any "countervailing factors." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Such factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "[T]he protection of competitively sensitive business information" can similarly outweigh the presumption of access and warrant sealing. *Spectrum Dynamics Med. Ltd. v. General Elec. Co.*, 2023 U.S. Dist. LEXIS 138625, at *5 (S.D.N.Y. Aug. 8, 2023); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 U.S. Dist. LEXIS 200737, at *26 (S.D.N.Y. Nov. 5, 2014) ("The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest [warranting redaction].").

    Here, Yahoo respectfully requests the following limited redactions to maintain under seal information that Yahoo has designated as Confidential or Highly Confidential:[1]

---

[1]   Exhibit 2 provides the proposed redactions to be applied to ECF Nos. 1355-5; 1355-9; 1362-5; and 1364-2. The documents attached are versions of the tables that appear in Google's expert reports

February 20, 2026

**ECF No. 1362-5; ECF No. 1355-5**

- Experts' commentary on Yahoo's average fee percentages
- Figure 145: bar chart depicting Yahoo's ad spending
- Figure 146: bar chart depicting Yahoo's revenue
- Table 17: table depicting Yahoo's spending share information
- Table 18: table depicting Yahoo's spending share information

**ECF No. 1355-9**

- Experts' commentary on Yahoo's buy-side rate percentage and revenue share

**ECF No. 1364-2**

- Figure 28: chart depicting Yahoo market share information
- Figure 29: chart depicting Yahoo impression information

The public disclosure of this information to Yahoo's competitors would put Yahoo at a competitive disadvantage. Fujita Declaration, ¶ 5; *In re Keurig* at *26. Narrowly tailored redactions sealing this limited information would maintain confidentiality of proprietary information pertaining to buyside rates, revenue share, ad spending, and market share, protecting Yahoo's non-public business information and avoiding undue competitive harm to Yahoo. Further, the presumption of public access is diminished where, as a non-party, Yahoo's information is likely "collateral to the Court's resolution of the parties' summary judgment motions." *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017).

For these reasons, Yahoo respectfully requests the Court maintain Yahoo's confidential information under seal as reflected in its proposed redactions to Google's expert reports.

We appreciate the Court's consideration.

Respectfully Submitted,

*/s/ Alexandra Gallo-Cook*

Alexandra Gallo-Cook
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO P.C.
919 Third Avenue, Floor 39
New York, New York 1022
Tel. 212-692-6259
lgallocook@mintz.com
*Counsel for non-party Yahoo Inc.*

CC: All Counsel of Record via ECF

---

that Google provided to Yahoo. The text redacted in black reflects redactions made by Google prior to providing the documents to Yahoo. For ease of reference, the text or charts over which Yahoo proposes redactions are outlined by red boxes.