UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 1:21-md-3010 (PKC) |

**DECLARATION OF HEATHER GOLDMAN IN
SUPPORT OF YAHOO INC.'S MOTION TO KEEP
UNDER SEAL CERTAIN ACCOMPANYING EXHIBITS**

I, Heather Goldman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am Associate General Counsel at Yahoo Inc. ("Yahoo"). I have been employed by Yahoo since 2021, and I have held my current position since June 2025. Based on my work at Yahoo, I have personal knowledge of the company's practices and procedures for maintaining the confidentiality of strategic, technical, and business information.

2. I submit this declaration in support of Yahoo Inc.'s Motion to Keep Under Seal Certain Accompanying Exhibits ("Motion to Seal") in *In re Google Digital Advertising Antitrust Litigation*, Case No. 21-MD-3010 (PKC) (S.D.N.Y.).

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Yahoo's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Yahoo. If called upon as a witness in this action, I could and would testify competently hereto.

4. Yahoo follows a strict practice that requires confidential treatment of its product data; internal strategic business plans; non-public financial information; and internal business analyses of spending, revenue, and pricing. In my experience and to the best of my knowledge, in order to protect itself from competitive harm, Yahoo takes significant precautions to ensure that this information is not made public and does not disclose documents or information of this nature outside of the company.

1

5. Among other things, the disclosure of these materials could reveal highly sensitive non-public business information, significantly harm Yahoo's relationships and ability to conduct business with counterparties and prospective counterparties, and/or place Yahoo at a disadvantage with competitors, who could use Yahoo's confidential analyses to their advantage. These materials therefore have economic value from not being generally known to Yahoo's competitors, counterparties, or the general public.

6. To the best of my knowledge, the information that is the subject of the Motion to Seal is highly sensitive and confidential, and it derives from confidential materials Yahoo produced pursuant to a subpoena. Yahoo has compelling reasons to seal this confidential information to, among other things, avoid competitive harm to Yahoo and prevent competitors and potential business partners from using the information against Yahoo in future negotiations.

7. I have reviewed the materials identified below, and I believe that redaction of these exhibits is necessary to protect Yahoo's proprietary information.

## Specific Information to Seal

8. I have reviewed the relevant portions containing Yahoo's information, of the following materials:

**ECF No. 1362-5; ECF No. 1355-5**

- Experts' commentary on Yahoo's average fee percentages
- Figure 145: bar chart depicting Yahoo's ad spending
- Figure 146: bar chart depicting Yahoo's revenue
- Table 17: table depicting Yahoo's spending share information
- Table 18: table depicting Yahoo's spending share information

**ECF No. 1355-9**

- Experts' commentary on Yahoo's buy-side rate percentage and revenue share

**ECF No. 1364-2**

- Figure 28: chart depicting Yahoo market share information
- Figure 29: chart depicting Yahoo impression information

9. The information above encompasses detailed, recent, or current profit and loss data and analysis; revenue and expenditure, and strategic information for Yahoo. Yahoo does not disclose this information in public filings at the granular level represented by these exhibits. Public disclosure of this information would provide Yahoo's competitors with unfair access to Yahoo's financial analyses, trajectory, and priorities and could harm Yahoo's competitive position in the marketplace. For this reason, Yahoo strictly maintains the confidentiality of this competitively sensitive information.

I declare this under penalty of perjury that the foregoing information is true and correct. Executed on the 20th day of February, 2026 in Bethesda, Maryland.

*[signature]*
Heather Goldman