UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION

No. 1:21-md-3010 (PKC)

**MEMORANDUM OF LAW IN SUPPORT OF NONPARTIES MICROSOFT CORPORATION AND XANDR INC.'S NOTICE OF MOTION TO SEAL**

Pursuant to this Court's Individual Practice No. 5 and paragraph 21 of the Modified Confidentiality Order, ECF No. 685 at 25, nonparties Microsoft Corporation and Xandr Inc. (together, "Microsoft") submit this memorandum of law in support of their motion to seal portions of certain exhibits (the "Microsoft Materials") accompanying declarations identified in Defendants Google LLC, Alphabet Inc., and YouTube LLC's (collectively, "Google") motion to provisionally seal, ECF No. 1344 ("Google's Motion to Provisionally Seal"). These Microsoft Materials have been designated Highly Confidential pursuant to the Modified Confidentiality Order, ECF No. 685 at 9-14. The limited information that Microsoft has proposed for redaction concerns Microsoft's commercially sensitive, non-public information. Microsoft respectfully submits that these details are not necessary for the public to understand and evaluate the disputes at issue in this litigation. In deference to the First Amendment interests implicated by the sealing of public records, Microsoft has endeavored to narrowly tailor the proposed redactions in a manner consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), its progeny, and all other applicable precedent and rules. For the foregoing reasons and those described herein, it is appropriate for the Court to grant the instant motion and seal the Microsoft Materials.[1]

---

[1] The underlying documents subject to Google's Motion to Provisionally Seal are inaccessible to Microsoft, a nonparty. Accordingly, Microsoft has compiled relevant excerpts of the Microsoft Materials and identified proposed redactions in Exhibit 1 to the Declaration of Allen R. Davis in Support of Nonparties Microsoft Corporation and Xandr Inc.'s Notice of Motion to Seal (the "Davis Declaration").

**STANDARD**

"In *Lugosch*, the Second Circuit described a three-step inquiry to be used to by district courts prior to permitting judicial documents to be withheld from public view." *Collado v. City of New York*, 103 F.Supp.3d 286, 288 (S.D.N.Y. 2016). First, a court must determine whether "the documents at issue are indeed 'judicial documents'" to which the presumption of public access attaches. *Lugosch*, 435 F.3d at 119. If the presumption attaches, the court must then determine the weight of the presumption of access. *Id.* "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Finally, the court must "balance competing considerations" against the weight of the presumption. *Id.* at 120 (quoting *Amodeo*, 71 F.3d at 1050). These considerations include "the degree to which the subject matter is traditionally considered private rather than public" and "[t]he nature and degree of injury" that may result from disclosure. *Amodeo*, 71 F.3d at 1051. "This will entail consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *Lytle v. JPMorgan Chase*, 810 F.Supp.2d 616, 622 (S.D.N.Y. 2011) (quoting *Amodeo*, 71 F.3d at 1051.).

**ARGUMENT**

Courts in the Southern District have held that "sealing or redacting 'commercially sensitive information to protect confidential business interests and financial information' is a 'higher value' under the First Amendment that may rebut the presumption of public access." *Xinuos, Inc. v. Int'l Bus. Machs. Corp.*, 22-cv-9777-CS-VR, 2024 WL 3857974, at *2 (S.D.N.Y. Aug. 19, 2024) (quoting *Rand v. Travelers Indem. Co.*, No. 21-cv-10744, 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023)); *see also Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an

2

advantage over rivals need not be indulged in the name of monitoring the courts."). Consequently, courts routinely grant motions to redact tailored portions of documents that contain commercially sensitive information. *See, e.g.*, *W.J. Deutsch & Sons Ltd. V. Diego Zamora, S.A.*, No. 1:21-cv-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (permitting redactions to petition and exhibits as "the scope of redactions [was] reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed."); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-cv-05502, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to complaint that were "narrowly tailored to protect commercially sensitive and confidential information").

Microsoft is a nonparty to these proceedings and has produced documents and transactional data, and provided deposition testimony, containing highly confidential, competitively sensitive information in response to Party subpoenas. Google provided notice that these sensitive materials, as well as information derived from them, was contained in exhibits accompanying declarations identified in Google's Motion to Provisionally Seal. The Microsoft Materials include deposition testimony by current and former Microsoft employees, deposition testimony from the former owner of the Xandr assets, and documents and transaction-level data produced by Microsoft. None of this information has previously been made publicly available, except in a manner consistent with these redaction proposals in *United States et al. v. Google LLC,* 1:23-CV-00108 (E.D.Va.) (LMB), ECF Nos. 1128, 1740.

These materials are not central to the issues currently being litigated before the Court. Public disclosure of this information would cause Microsoft significant commercial and competitive harm by, *inter alia*, disclosing Microsoft's commercial strategies, internal assessments of the commercial viability of Microsoft's products, business relationships with customers, and

3

Microsoft's internal financial and usage data. Given the continued commercial sensitivity of this information, and its relevance to Microsoft's current strategy approach and business operations, disclosure would allow Microsoft's competitors, and others, to leverage this information to place Microsoft at a competitive disadvantage.

Microsoft has reviewed the Microsoft Materials to the extent that Google has made them available. Microsoft proposes reasonable and narrowly tailored redactions in keeping with relevant Second Circuit precedent to protect this competitively sensitive information from public disclosure. Microsoft seeks limited redactions only as necessary to protect its commercially sensitive, non-public information and data, including detailed commercial strategies and granular data. In many instances, Microsoft has determined that no redaction is necessary, and the Microsoft Materials may be made publicly available without redaction. Microsoft's proposals to keep Microsoft Materials sealed are narrowly tailored, and no less restrictive means will suffice to protect this information from public disclosure.

## CONCLUSION

For the aforementioned reasons, Microsoft respectfully requests that the Court grant Microsoft's motion to seal and accept Microsoft's proposed redactions to prevent public disclosure of Microsoft's competitively sensitive information as outlined in Exhibit 1 to the Davis Declaration.

Dated: Washington, D.C.
February 20, 2026

Respectfully submitted,

/s/ Amy W. Ray
_____

Amy W. Ray (NYSBA No. 4199386)
amyray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP

2100 Pennsylvania Avenue NW
Washington, DC 20037-3202
Tel. +1 202 339 8400

Attorney for Microsoft Corporation and Xandr Inc.