# CRAVATH

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Google Digital Advertising Antitrust Litigation,* No. 1:21-md-03010 (PKC)

Dear Judge Castel:

      We represent non-party Meta Platforms, Inc. ("Meta") in the above-referenced matter (the "Action"). Pursuant to this Court's Individual Practice No. 5, Meta respectfully submits this letter-motion to seal certain documents referenced below and attached hereto as Exhibits 1-17 (the "Letter"). In further support of the Letter, Meta submits the supporting Confidential Declaration of Omri Farber attached hereto as Exhibit 17, and states as follows.

      Defendants Google LLC, Alphabet, Inc., and YouTube LLC (collectively, "Defendants") notified Meta on February 10, 2026 that they have filed several expert reports provisionally under seal which include citations and references to confidential and sensitive materials produced by Meta pursuant to a subpoena. In response, Meta seeks to seal portions of the expert reports filed by the Defendants.[1] Meta specifically seeks to seal the following categories of materials:

- **Portions of the deposition testimony of Simon Whitcombe.** Defendants have indicated that portions of the deposition testimony of Simon Whitcombe are cited or referenced to in certain expert reports filed in this Action. Meta seeks to seal portions of Mr. Whitcombe's testimony that identify the names of and other confidential information relating to Meta's customers, as well as other competitively sensitive business strategy. These portions of testimony either identify or contain confidential information regarding Meta customers, whose identities are not publicly known, or else contain other sensitive information about Meta's business strategy. For example, some portions discuss customer meetings and customer briefs, while other portions discuss Meta's assessment of its competitors and specific ad markets. *See* Exhibit 1. The public disclosure of this information would harm Meta's competitive position and also implicate the privacy rights of the customers themselves.[2]

---

[1] Meta specifically seeks to seal portions of expert reports filed under ECF Nos. 1355-2, 1355-5, 1355-6, 1355-7, 1355-8, 1362-1, 1362-2, 1362-5, 1362-6, 1362-7, and 1364-1.

[2] The specific pages, lines, and text of Mr. Whitcombe's testimony that Meta seeks to seal are attached under seal as Exhibit 1. Meta seeks redactions to Mr. Whitcombe's testimony identical to those

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

- **Portions of the deposition testimony of Omri Farber.**  Defendants have indicated that portions of the deposition testimony of Omri Farber are cited or referenced to in certain expert reports filed in this Action.  Meta seeks to seal portions of Mr. Farber's testimony containing sensitive business information focusing on Meta's Audience Network's business strategy.  For example, certain portions of Mr. Farber's deposition discuss non-public information concerning Audience Network's revenue-sharing model, how Meta calculates certain financial information, and Audience Network's current and contemplated strategies.  *See* Exhibit 2.[3]

- **Data figures sourced directly from data produced by Meta.**  Defendants have indicated that data figures produced by Meta are cited or referenced to in certain expert reports filed in this Action.  Meta seeks to seal such data figures, as well as any assertions or calculations derived from such data figures, as they contain confidential business information concerning Meta's impressions, clicks, revenues, and fees.  Meta specifically seeks to seal derivative products of its data including, but not limited, those figures cited or referenced to in ECFs No. 1355-5 and No. 1362-5.[4]

- **Other commercially sensitive and confidential information.**  Defendants have indicated that other competitively sensitive information relating to Meta's business strategies are cited or referenced to in certain expert reports filed in this Action.  Meta seeks to seal this information containing, *inter alia*, internal reports, customer briefs, and information related to Meta's Audience Network Metrics.[5]

- **Personal Identifying Information of Meta Employees.**  Defendants have indicated that the names and other identifying information of Meta's employees are cited or referenced to in certain expert reports filed in this Action.  Meta seeks limited redactions of references to the personal identifying information of its employees.[6]  *See Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 233 (D. Conn. 2019) (granting a motion to seal seeking the redaction of non-party employees' names).  Specifically, Meta seeks the same redactions—"[n]ames, contact information including email addresses of [Meta] employees"—that this

---

granted by the court in *United States v. Google*.  *See* Order Granting Motion to Seal, ECF No. 1147, *United States v. Google*, No. 1:23-cv-00108 (E.D. Va. August 9, 2024) (the "E.D. Va. Order").

[3] The specific pages, lines, and text of Mr. Farber's testimony that Meta seeks to seal are attached under seal as Exhibit 2.  Meta seeks redactions to Mr. Farber's testimony identical to those granted by the court in *United States v. Google*.  *See* E.D. Va. Order.

[4] Two of the data figures that Meta seeks to seal are attached under seal as Exhibits 4-5.  It is unclear from the materials Defendants provided to Meta whether additional materials incorporated in Defendants' filings implicate Meta's confidential data, and therefore Meta is unable to propose specific redactions to them.  While certain of Meta's client data charts were ordered sealed in *United States v. Google*, E.D. Va. Order, the remaining charts were not at issue there, but are similar in nature and contain commercially sensitive information.  *See* Exhibit 17, Confidential Declaration of Omri Farber.

[5] The document Meta seeks to seal is attached under seal as Exhibit 3, which Meta asks to be redacted / sealed in its entirety.  Exhibit 3 was ordered sealed in its entirety in *United States v. Google*.  *See* E.D. Va. Order.

[6] The proposed redactions to Meta's materials are highlighted in the documents attached under seal as Exhibits 6-16.

Court previously ordered redacted from the parties filings.  ECF No. 151; *see also* ECF No. 250.

For the reasons set forth below, the foregoing information should be sealed.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). *First*, courts assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document . . . [i]nstead, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (internal quotations omitted). *Second*, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (*citing Lugosch*, 435 F.3d at 119). Notably, "[m]aterials submitted in connection with, and relevant to, discovery motions . . . are subject to a lesser—but still substantial—presumption of public access." *Brown* 929 F.3d at 53. *Third*, the "court must balance competing considerations against" the presumption of public access. *Lugosch*, 435 F.3d at 120 (*citing United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Competing interests include "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal citations omitted).

Here, non-party Meta's privacy interests are substantial and far outweigh any potential presumption of public access as to the materials at issue.  Indeed, courts often find that the privacy interest of non-parties successfully outweigh any presumption of public access. *See Michelo v. Nat'l Collegiate Student Loan Trust 2007-2,* No. 18 Civ. 1781 (PGG), 2021 WL 568124, at *3 (S.D.N.Y. Feb. 16, 2021) ("'[t]he privacy interests of innocent third parties' . . . 'should weigh heavily in a court's balancing equation'" (*quoting Amodeo*, 71 F.3d at 1050-51)). Accordingly, Meta, an innocent third party, should be afforded special solicitude when weighing its privacy interests against the presumption of public access.

Moreover, courts have routinely held that a company's interest in protecting its sensitive, confidential business information from public disclosure outweighs the public's right of access. *See Standard Inv. Chartered, Inc. v. Fin. Industry Reg. Auth., Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009) (holding that the trial court correctly found the party's interest in "protecting confidential business information outweighs the qualified First Amendment presumption of public access"). Meta seeks to seal a discrete universe of documents containing confidential information concerning or implicating Meta's current and contemplated business operations. Additionally, the materials Meta seeks to seal contain commercially sensitive information, including customer names and associated financial information that, if disclosed, could adversely affect Meta's relationship with current and prospective clients. *See* Exhibit 17, Confidential Declaration of Omri Farber.  Courts have consistently held that such circumstances warrant the sealing of documents.  *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (finding that the harm to movant outweighs the presumption because disclosure could "harm [movant's] ability to maintain its existing clients and attract new clients."); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (granting defendants' request to seal because the harm from disclosure of "customer names, account numbers, and pricing information" was sufficient to overcome presumption of public access).  In addition to implicating Meta's privacy interests, disclosure of this information could also harm Meta clients as innocent third-parties to this action.  *See Oliver Wyman*, 282 F. Supp. 3. at 706 ("As the Second Circuit has instructed, '[t]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation' and 'are a venerable common law exception to the presumption of access.'" (quoting *Amodeo*, 71 F.3d at 1050–51)).

Accordingly, for the reasons set forth above, Meta respectfully requests that this Court grant its Motion to Seal.

Dated:  February 20, 2026

Respectfully submitted,

*/s/ Kevin. J. Orsini*

Kevin. J. Orsini

cc: All counsel of record (via ECF)

4