UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION<br><br>*This Document Relates to*:<br><br>ALL ACTIONS | No. 1:21-MD-03010 |

**NON-PARTY TIKTOK, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO SEAL**

Pursuant to Section 5 of this Court's Individual Practices, non-party TikTok, Inc. ("TikTok") respectfully submits this memorandum of law in support of its contemporaneously filed Motion to Seal ("Motion"). For the reasons that follow, TikTok hereby requests that this Court seal Table 5 in Defendant Google LLC's ("Google's") Expert Report of Mark A. Israel and redact any references contained in that report to the underlying financial data. *See* Exhibit 1. TikTok has narrowly tailored this request to seal just one chart in Google's expert report and redact any references to the underlying financial data, which reflect highly sensitive non-public financial information that threaten competitive harm to TikTok if exposed. TikTok also attaches the Yeh Declaration in support of its Motion.

## I. LEGAL STANDARD

Courts may seal documents if, on balance, the harm flowing from disclosure is greater than the public's need for the information. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). While there is a general presumption of public access to judicial documents, sealing is appropriate where there are "countervailing factors," which may include the "privacy

1

interests of those resisting disclosure, such as trade secrets and sources of business information that might harm a litigant's competitive standing." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015).

In determining whether documents should remain under seal, the Court must determine the following factors: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document. *See Lugosch*, 435 F.3d at 119-20; *United States v. Amodeo,* 71 F.3d 1044, 1047-50 (2d Cir. 1995).

Applying these factors, courts in the Second Circuit have repeatedly recognized that non-parties especially have a strong interest in protecting their confidential business or financial records—in particular, information regarding non-public revenue sources, financial statements, or other financial metrics. *See Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *2-3 (S.D.N.Y. June 17, 2020) (granting non-party's motion to seal "proprietary business information" including its "internal financial analyses"); *see also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal Microsoft's sensitive business information including "details of Microsoft's sources of revenue, and the amounts of its revenue and sales"); *Lexington Furniture Indus., Inc. v. Lexington Co., AB,* No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (granting motion to seal "non-public financial statements, sales information and customer lists"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *5 (S.D.N.Y. May 5, 2020) (granting motion to seal "financial metrics" including "pricing, costs, revenue, and profit information").

## II. ARGUMENT

In this case, any public interest is minimal and outweighed by countervailing factors, including the significant competitive harm to TikTok.

*First*, Table 5 in the Expert Report of Mark A. Israel and its underlying data has a low presumption of access because: (1) TikTok is not a party to these proceedings; and (2) TikTok's confidential financial information is not critical to any issues pending in this case. *Kewazinga*, 2021 WL 1222122, at *4 (finding information carries less weight where it "does not bear directly on the analysis conducted by the Court in its resolution of the motions.").

*Second*, the significant competitive harm to TikTok from disclosure outweighs any theoretical need for access. *See* Yeh Decl. ¶ 2. Table 5 in the Expert Report of Mark A. Israel and its underlying data contain confidential and commercially sensitive information, including detailed, non-public financial information on TikTok's sources of revenue, amounts of revenue, and customers, which courts routinely seal. *See, e.g.*, *Lexington,* 2021 WL 1143694, at *2 (granting motion to seal non-public financial statements); *Valassis*, 2020 WL 2190708, at *5 (granting motion to seal "pricing, costs, revenue, and profit information"); *Amodeo*, 71 F.3d at 1050 (reiterating that "the privacy interests of innocent third parties…should weigh heavily in a court's balancing equation"). Specifically, Table 5 in the Expert Report of Mark A. Israel and its underlying data discloses TikTok's non-public, highly confidential advertising revenue. *See* Yeh Decl. ¶ 2.

Disclosure of this information would cause competitive harm to TikTok for multiple reasons. *First*, access to this information could allow a competitor to access highly sensitive information relating to TikTok's advertising revenue. This could harm TikTok in head-to-head competition for advertisers. *Second*, Table 5 would reveal the volume of advertising transactions

that TikTok enters into, which is also sensitive information that would cause competitive harm to TikTok if accessed by a competitor. The following chart details the specific document at issue and the competitively sensitive information contained therein:

| Exhibit Number (Bates) | Document description | Portion sought to be sealed | Reason(s) for sealing request |
|---|---|---|---|
| Table 5 in the Expert Report of Mark A. Israel | Advertisers with at least $1 Million in 2022 TikTok Advertising Spending Among the Top 50 2022 U.S. Google Ads Advertisers. | Seal Entirety of Table. | Discloses specific revenue derived by TikTok from advertising. This non-public, proprietary, and highly confidential financial information could be used by competitors to calculate the volume of TikTok's advertising transactions and its advertising revenue, which would cause competitive harm. |

### III.   CONCLUSION

For the foregoing reasons, TikTok respectfully requests that the Court enter an order sealing Table 5 in the Expert Report of Mark A. Israel in its entirety and redacting any references contained in that Report to TikTok's underlying financial data.

| | |
|---|---|
| Dated: February 20, 2026 | Respectfully submitted,<br>*/s/ Steven Bizar*<br>Steven Bizar (SB #2251544)<br>Dechert LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>Telephone: +1 (215) 994-2205<br>steven.bizar@dechert.com<br><br>*Attorney for Non-Party TikTok Inc.* |