

**Via ECF**                                                                                                February 20, 2026

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

 

**Re:**   In re Google Digital Advertising Antitrust Litigation, No. 1:21-md-03010 (PKC);
          In Re Google Digital Publisher Litigation, No. 21-cv-07034;
          Inform Inc. v. Google LLC, et al., No. 23-cv-01530;
          Associated Newspapers Ltd., et al. v. Google LLC, et al., No. 21-cv-03446;
          Gannet Co., Inc. v. Google LLC, et al., No. 23-cv-05177

Dear Judge Castel:

Pursuant to Rule 5 of this Court's Individual Practices and Paragraph 21 of the Modified Confidentiality Order (ECF No. 685), Magnite, Inc. ("Magnite") respectfully submits this letter motion requesting that the Court keep under seal certain information contained in Defendant Google's Memoranda of Law in Support of Motions for Summary Judgment, Statements of Undisputed Material Facts, and supporting Declarations and accompanying Exhibits that were provisionally filed under seal (ECF No. 1344). These documents filed by Google contain Magnite's trade secrets and other competitively sensitive business information. The information Magnite seeks to keep under seal was provided by Magnite to the parties to the above-captioned actions pursuant to the Protective Order in this case and designated Highly Confidential. Magnite requests that this information remain under seal because Magnite believes it would suffer substantial economic harm if the information were disclosed to the public.

**Legal Standard:** Courts must balance "the weight of the presumption" of public access against any "countervailing factors" when considering requests to seal or redact "judicial documents." *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-120 (2d Cir. 2006). Countervailing factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo ("Amodeo II"),* 71 F.3d 1044, 1051 (2d Cir. 1995). When considering a Motion to Seal, the "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050 (Citation omitted). In this Action, this Court has previously recognized that the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 147 at 3–4 (*quoting Lugosch*, 435 F.3d at 121).

---

**Contact**   400 Seventh Street NW, Ste. 300, Washington, DC 20004 | 202.464.2905

Sealing is warranted to ensure "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-CV-11386 (VSB) (KHP), 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023) (citing *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015)). Competitively sensitive business information warrants sealing because "[c]ommercial competitors seeking an advantage over rivals" might abuse the public disclosure of such information. *Amodeo II*, 71 F.3d at 1051.

**Argument:** Magnite seeks to keep under seal a specific set of passages from Google's filings that contain Magnite's competitively sensitive business information. Magnite notes that due to confidentiality concerns for the parties and other third parties, Magnite has not been granted access to a complete and unredacted version of Google's filings that were made under seal. Magnite relies on representations from Google as to the scope of Magnite's confidential information included in the filings. To the extent additional Magnite confidential information is included in Google's filings but has not been shared with Magnite, Magnite respectfully requests that the Court keep that information under seal.

The passages are described in the below chart:[1]

| Document Number | Description of Material | Basis for Keeping Information Confidential |
|---|---|---|
| ECF No. 1364-2 | Sibley Report: Figure 28 | This document contains confidential information relating to Magnite's revenue. |
| ECF No. 1364-2 | Sibley Report: Figure 29 | This document contains confidential information relating to Magnite's revenue. |
| ECF No. 1362-1 | Adam Soroca (Magnite) Deposition ("Soroca Dep.") | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1362-2 | Adam Soroca (Magnite) Deposition ("Soroca Dep.") | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1355-8 | Adam Soroca (Magnite) Deposition ("Soroca Dep."), Aug. 31, 2023, at 31:12-17 | This document contains confidential information relating to Magnite's prices. |

---

[1] In some cases, Google did not provide Magnite with citations to paragraph numbers or other identifying information. Where possible, Magnite has identified the location of the material it seeks to keep under seal.

| | | |
|---|---|---|
| ECF No. 1355-1 | Adam Soroca (Magnite) Deposition ("Soroca Dep."), Aug. 31, 2023, at 76:14-22 | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1355-1 | Soroca Dep., Aug. 31, 2023, at 75:18-76:2 | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1355-1 | Soroca Dep., Aug. 31, 2023, at 31:12-17 | This document contains confidential information relating to Magnite's prices. |
| ECF No. 1355-5; ECF No. 1362-5 | Citation to MAGNITE-00016580 | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1355-5; ECF No. 1362-5 | Deposition of Adam Soroca (Magnite), August 31, 2023, MAGNITE_SOROCA_TR_00000001, p. 161:7-14 | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1355-5; ECF No. 1362-5 | Israel Report: Figure 79 | This document contains confidential information relating to Magnite's prices. |
| ECF No. 1355-5; ECF No. 1362-5 | Deposition of Adam Soroca (Magnite), August 31, 2023, MAGNITE_SOROCA_TR_00000001, pp. 177:20-178:17 | This document contains confidential information relating to Magnite's prices. |
| ECF No. 1355-5; ECF No. 1362-5 | Deposition of Adam Soroca (Magnite), August 31, 2023, Exhibit 8, MAGNITE_SOROCA_TR_00000637, p. 3. | This document contains confidential information relating to Magnite's revenue. |
| ECF No. 1355-5; ECF No. 1362-5 | August 31, 2023, Exhibit 6, MAGNITE_SOROCA_TR_00000389, pp. 13 and 79. | This document contains confidential information relating to Magnite's revenue. |
| ECF No. 1355-5; ECF No. 1362-5 | Citation to MAGNITE-00004978 at -5013 | This document contains confidential information relating to Magnite's revenue. |
| ECF No. 1355-5; ECF No. 1362-5 | Citation to MAGNITE-AGG-LIT-00000001.006 to -7 and MAGNITE-AGG-LIT-00000004.003 to -4 | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1355-5; ECF No. 1362-5 | Citation to MAGNITE-AGG-LIT-00000004.003 to -4; | This document contains confidential information |

The Honorable P. Kevin Castel
United States District Judge
February 20, 2026
Page 4

| | | relating to Magnite's business strategy. |
|---|---|---|
| ECF No. 1355-5; ECF No. 1362-5 | MAGNITE-AGG-LIT-00000004.003 to -4; Deposition of Adam Soroca (Magnite), August 31, 2023, MAGNITE_SOROCA_TR_00000001, p. 60:15-16 | This document contains confidential information relating to Magnite's prices. |
| ECF No. 1355-5; ECF No. 1362-5 | Israel Report: Figure 146 | This document contains confidential information relating to Magnite's revenue. |
| ECF No. 1355-5; ECF No. 1362-5 | Israel Report: Table 18 | This document contains confidential information relating to Magnite's revenue. |
| ECF No. 1355-5; ECF No. 1362-5 | Deposition of Adam Soroca (Magnite), August 31, 2023, MAGNITE_SOROCA_TR_00000001 | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1355-5; ECF No. 1362-5 | Deposition of Adam Soroca (Magnite), August 31, 2023, Exhibit 6, MAGNITE_SOROCA_TR_00000389 | This document contains confidential information relating to Magnite's business strategy. |
| ECF No. 1355-5; ECF No. 1362-5 | Deposition of Adam Soroca (Magnite), August 31, 2023, Exhibit 8, MAGNITE_SOROCA_TR_00000637 | This document contains confidential information relating to Magnite's business strategy |
| ECF No. 1364-2 | Description of Magnite data provided to the Parties | This document contains confidential information relating to Magnite's revenue. |
| ECF No. 1364-3 | Figure 32; Par. 626; Par 627 | This document contains confidential information regarding Magnite's prices. |

Magnite understands that the above material is currently provisionally under seal. (ECF No. 1344). Magnite seeks to keep this information under seal because Magnite believes it would suffer substantial economic harm if the information were disclosed to the public (or its competitors). *See* Exhibit A ("Saltz Decl."). Magnite believes that the harm it would suffer outweighs the public's traditional access to judicial records. Magnite only seeks to keep under seal specific portions of the filings in order to protect Magnite's confidential

information while not unduly limiting the public's right to access factual and legal arguments being made by the parties in this case.

The information that Magnite seeks to keep under seal was provided to the parties in this case and designated "Highly Confidential" pursuant to the Protective Order in this case (ECF No. 685)**.** At no time since Magnite made their productions to the parties has either party objected to Magnite's designation of this information as Highly Confidential, as permitted by the Protective Order. The information that Magnite seeks to keep under seal includes deposition testimony by Magnite employees, citations to Magnite's internal confidential documents, and outputs created by the parties' experts that are based on highly confidential data that Magnite produced to the parties. Magnite does not make its internal, highly confidential pricing information or data available to the public (or its competitors). Saltz Decl. at 1-2. Magnite considers the information contained in these passages its trade secrets and actively works to ensure it does not become "public knowledge or of a general knowledge" to its competitors and customers. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475 (1974).

If the information that Magnite seeks to keep under seal were revealed to the public, Magnite believes that it would suffer significant commercial harm. Saltz Decl. at 2-3. Specifically, Magnite believes that its competitors could take advantage of the information to convince customers to switch away from Magnite's products and customers would be able to use the information to extract more favorable commercial terms from Magnite. *Id*.

\*\*\*

For each of the reasons stated above, Magnite respectfully requests that the Court grant Magnite's Motion to Seal.

Dated: February 20, 2026

Sincerely,

/s/ Brandon Kressin
Brandon Kressin
KRESSIN POWERS LLC
Brandon@kressinpowers.com
400 7th St. NW, Unit 300
Washington, DC 20004
Tel: 202.464.2905

*Counsel for Plaintiff Magnite, Inc.*

CC: All Counsel of Record (via ECF)