

**Via ECF**
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*In re Google Digital Advertising Antitrust Litigation*
Case No. 21-md-3010 (PKC)

*In re Google Digital Publisher Antitrust Litigation*
Case No. 21-cv-7034 (PKC)

Dear Judge Castel:

Class Counsel for the AdX Class respectfully submit this letter in further support of their pre-motion letter (ECF 1400, "AdX Class Ltr.") requesting entry of a set-aside order and in response to the submissions by Google (ECF 1495, "Google Ltr.") and Kellogg Hansen (ECF 1496, "KH Ltr."). No conference is currently scheduled.

Opt-out plaintiffs—all represented by Kellogg Hansen—misconstrue the purpose of set-aside orders and the nature of the free-rider problem. Set-aside orders do not award fees; they preserve funds for later allocation by the Court. *See In re Zyprexa Products Liab. Litig.*, 467 F. Supp. 2d 256, 266 (E.D.N.Y. 2006) ("The common benefit fund set-aside is a holdback, not a levy."). Eleven of thirteen[1] Kellogg Hansen clients filed cases only recently, after the record, rulings, and discovery foundation had already been built through Class Counsel's common-benefit work. They now seek to recover damages generated by that work while retaining the full contingent fees on those recoveries. That is precisely the free-riding inequity that the common-benefit doctrine is meant to remedy. *See In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 128–30 (2d Cir. 2010) (Kaplan, Dist. J., concurring).

Google and Kellogg Hansen's arguments rest on three flawed propositions: (1) that set-aside orders are atypical or illegal in antitrust class actions; (2) that no risk of free-riding exists; and (3) that the proposed order would disrupt settlement or burden the Court.

## I. Set-Aside Orders Are Common and Appropriate in Antitrust Cases.

Contrary to Google's contention (Ltr. at 1) that set-aside orders are "atypical" in antitrust, courts have entered such orders in numerous antitrust matters. *See* AdX Class Ltr. at 3 (collecting six cases); *see also In re Neurontin Antitrust Litig.*, 02-1390 (FSH), 2011 WL 13141022, at *2 (D.N.J. July 12, 2011). Indeed, the *Zetia* court rejected that same argument— that "antitrust class actions . . . do not present the same free-rider problems that exist in mass tort

---

[1] In addition to the twelve complaints noted by Kellogg Hansen (KH Ltr. at 1 n.1), an additional complaint was filed yesterday by Kellogg Hansen. *Los Angeles Times Communications and Nantmedia Holdings v. Google*, No. 1:26-cv-01593 (S.D. N.Y.).



litigation." *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2022 WL 18108387, at \*4 (E.D. Va. Nov. 8, 2022). That court expressly recognized that the risk of free-riding persists "especially in complex, vigorously contested antitrust cases." *Id.* Notably, in *Linerboard* (cited by Google in its footnotes 3, 5, and 6), a set-aside was warranted because "major entities and their counsel awaited the development of the case by designated counsel and only filed suit on the eve of the conclusion of discovery." *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 661 (E.D. Pa. 2003).[2]

Kellogg Hansen's assertion that a set-aside order would violate the Clayton Act (KH Ltr. at 3) is contrary to antitrust cases such as those above where courts entered such orders. Nothing in the Clayton Act displaces an MDL court's broad authority to manage consolidated litigation, prevent unjust enrichment, and "determin[e] the amount and distribution of the fee award." *Smiley v. Sincoff*, 958 F.2d 498, 501–02 (2d Cir. 1992); *see also In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 189–90 (S.D.N.Y. 2020) ("It is beyond dispute that the Court may 'establish fee structures designed to compensate committee members for their work on behalf of all plaintiffs involved in consolidated litigation.'") (quoting *Smiley*, 958 F.2d at 501).[3]

Google fares no better in arguing (Ltr. at 2) that "Set-aside orders are unnecessary in antitrust class actions because there are other ways to ensure that class counsel are appropriately compensated." While the Clayton Act and Rule 23(h) govern fee recovery on behalf of the certified class, they do not address the inequity that arises when opt-out plaintiffs free-ride on the class's common-benefit work while simultaneously reducing the class's aggregate damages. A set-aside order addresses precisely this asymmetry. *See Zetia*, 2022 WL 18108387, at \*5 ("Lead Counsel's potential recovery in litigation by their own clients is not material to the question of ***whether*** they may seek compensation for the use of their work product in separate litigation filed by others") (emphasis in original).

## II. The Risk of Free Riding Here Is Real and Concrete.

Google and Kellogg Hansen argue that opt-out plaintiffs have invested significant resources in their claims. Google Ltr. at 3-4; KH Ltr. at 4-11. That argument misunderstands

---

[2] Kellogg Hansen and Google's other cases are readily distinguishable. In *In re Turkey Antitrust Litig.*, 2025 WL 1155990 (N.D. Ill. Apr. 15, 2025), the court emphasized at the outset that the matter was "not an MDL," and it expressly contrasted the case with MDL proceedings acknowledging that "set-aside orders are more common" in MDLs "because of the district court's appointment of lead MDL counsel who will run the litigation for all". *Id.* at \*1. *In re Generic Pharms. Pricing Antitrust Litig.*, 2019 WL 6044308 (E.D. Pa. Oct. 7, 2019) is inapposite because the motion was made prematurely—before any class had been certified and before the scope of affected parties had been established. *Id.* at \*1. In *In re Packaged Seafood Prods. Antitrust Litig.*, 2021 WL 5326517 (S.D. Cal. Nov. 16, 2021), a set-aside order was found unwarranted because class certification was on appeal. *Id.* at \*3. In *In re Capacitors Antitrust Litig.,* No. 14-cv-03264 (N.D. Cal. Oct. 7, 2015), the court explained that "it's just too early in the case" to order a set-aside. ECF No. 922, Tr. of Proceedings 30:12. In *In re TFT-LCD (Flat Panel) Antitrust Litig.,* No. 07-md-1827 (N.D. Cal. Apr. 30, 2011), the transcript reflects that there was no formally appointed committee in that matter, unlike here. ECF No. 2696, Tr. of Proceedings 24:6-7.

[3] Kellogg Hansen's cited authorities (KH Ltr. at 4) do not hold that set-aside orders are inappropriate in antitrust litigation. They stand for the proposition that the Clayton Act's use of "shall" renders a fee award mandatory which has no bearing on the Court's authority to enter, or the appropriateness of, a set-aside order.


the doctrine. The question is not whether opt-out plaintiffs' counsel performed any work; it is whether "individual plaintiffs . . . benefit[ed] from" Class Counsel's common-benefit work. *Zyprexa*, 594 F.3d at 130 (Kaplan, Dist. J., concurring. The answer is yes. As detailed in our February 18 opening letter (at 4-10), Class Counsel:

- Initiated and developed the case years before the wave of opt-outs;
- Defeated dismissal and secured favorable rulings on core liability theories;
- Led and coordinated extensive fact and expert discovery—including millions of pages of documents and work in coordination with the DOJ;
- Negotiated custodians, search terms, and data productions;
- Examined key fact witnesses, Rule 30(b)(6) designees, and Google's principal experts;
- Secured certification of the AdX Class and defeated *Daubert* challenges; and
- Obtained partial collateral estoppel rulings based on the EDVA liability decision.

Kellogg Hansen's letter shows that opt-out contributions have been substantially less than Class Counsel's. Kellogg Hansen:

- Drafted 20 requests for production out of more than 300 (KH Ltr. at 6);
- Successfully moved to compel inclusion of nine additional custodians specific to Daily Mail and Gannett (*id.* at 6-7, citing ECF 664) out of more than 250 Google custodians (*see* ECF 662);
- Successfully moved to compel Google to run 10 additional search terms (*id.* at 6-7, citing ECF 664) of over 135 search terms; and
- Drafted 25 out of 80 RFAs (KH Ltr. at 7).[4]

As explained in our opening letter, the opt-out actions rest on the same core liability theories developed by Class Counsel—including tying, Dynamic Allocation, Dynamic Revenue Share, Project Poirot, and Unified Price Rules—supported by the extensive factual record developed by Class Counsel. AdX Class Ltr. at 5 n.5. The claim that Class Counsel's work "achieved nothing" (KH Ltr. at 11) for opt-out plaintiffs is not credible.[5]

Arguments regarding the extent of opt-out plaintiffs' expenditures and relative contributions are "premature" at the set-aside stage. *Zetia*, 2022 WL 18108387, at *5. A set-aside order "merely requires money be set aside from any actual recovery—by settlement or

---

[4] Opt-out plaintiffs overstate their deposition contributions (*see* KH Ltr. at 8, Fig. 1 & Ex. C). In addition to including five depositions taken within the past few weeks—totaling more than 1,300 pages—they count three depositions that were specific to their own plaintiffs (two fact depositions of Google account representatives for Daily Mail and Gannett, and one deposition of an expert addressing issues unique to Daily Mail and Gannett).

[5] Kellogg Hansen makes other unsubstantiated statements including that their investigation prompted "two separate civil enforcement actions" by the DOJ and certain U.S. states (KH Ltr. at 5); that opt-out counsel have been "ghostwriting" DSC filings for "years" (*id.* at 12); that Class Counsel "Repeatedly" turned to Kellogg Hansen "when they were unprepared to do the work of the committee" (*id.* at 12); and that "Daily Mail and Gannett shouldered the burden of DSC work" (*id.* at 13). Apart from the lack of basis for those assertions, even were they supportable, opt outs' contributions can and will be addressed in due course during any allocation negotiations or proceedings.



judgment—so that compensation can be awarded to those who can show they have performed common benefit work." *Id.* This preserves the Court's ability to assess the "degree of that benefit—relative to" opt-outs' "own expenditures and effort in securing any eventual recovery" which "will be determined if and when that recovery is achieved." *Id.* Such arguments have no bearing on whether a set-aside order should be entered in the first place. *See id.* at \*5-6.[6]

Google and Kellogg Hansen suggest the DOJ's victory negates Class Counsel's contributions. Google Ltr. at 3; KH Ltr. at 11-12.[7] These arguments ignore that Class Counsel filed suit over two years before the DOJ, developed the factual record in coordination with the DOJ, and obtained rulings beyond what the government sought—including the production of millions more documents, collateral estoppel, class certification, and rulings on theories the DOJ did not assert.

### III. The Set-Aside Order Would Not Undermine Settlement or Unduly Burden the Court.

Google contends (Ltr. at 4-5) the 10% set-aside would "impede settlement" and Kellogg Hansen suggests (Ltr. at 15) that it is "punitive." These arguments again misapprehend how set-aside funds operate. The set-aside does not create an additional fee obligation for the client—it ensures funds are available for an equitable allocation. *Zyprexa*, 467 F. Supp. 2d at 267 ("It is important to note that these are set-asides, not disbursements: no amounts are paid to attorneys from the set-aside fund until the attorneys demonstrate that they have worked for the common benefit.") (citations omitted). Any portion not awarded to Class Counsel is returned pro rata to opt-out plaintiffs. Further, a 10% set-aside is within the range generally approved by courts. *See In re Aggrenox Antitrust Litig.*, 2018 WL 10705542, at \*6 (D. Conn. July 19, 2018) (10%); *In re Restasis Antitrust Litig.*, 2022 WL 19837725, at \*1 (E.D.N.Y. Aug. 3, 2022) (12.5%). Further, *Zetia* rejected the argument that a set-aside order "penalizes plaintiffs who exercise their right to opt out of the class" since "it is not the act of opting out that triggers the plaintiffs' responsibility to pay class counsel, but rather their beneficial use of class counsel's work". 2022 WL 18108387, at \*5.

Google's administrative-burden concerns (Ltr. at 5) are easily addressed if it is unwilling or unable to manage the escrow account associated with the set-aside order which Class Counsel modeled off similar set-aside orders. Class Counsel is amenable to alternative arrangements—such as having Class Counsel establish and maintain the escrow account, as in *Aggrenox*, 2018 WL 10705542 at \*6, or depositing funds with the Court.

---

[6] Kellogg Hansen suggests (Ltr. at 2), without citation, that opt-out plaintiffs' "damages are more than ten times what they would receive if they stayed in the class." Even assuming, *arguendo*, the accuracy of the damages opt outs might seek, this assertion rests on speculation about opt outs' ability to sustain the unique damages theories beyond those pursued by the Class.

[7] Kellogg Hansen overstates their contributions to the DOJ's success when they suggest (Ltr. at 13) they should be "thank[ed]" for the DOJ's trial result. The three-week EDVA trial included DOJ presenting thirty-nine live witnesses and deposition excerpts from an additional twenty witnesses. *United States v. Google LLC*, 778 F. Supp. 3d 797, 811 (E.D. Va. 2025). Of those fifty-nine witnesses, Kellogg Hansen represented three. KH Ltr. at 13.



Google's contention that Class Counsel unduly delayed in seeking a set-aside order (Ltr. at 5) likewise misses the mark. Set-aside orders are appropriately entered once a case is significantly advanced. *See* AdX Counsel Ltr. at 10-11. Class Counsel's timing is consistent with established practice.

*      *      *

As a final matter, Kellogg Hansen's assertions that "class counsel, George Zelcs, solicited several Premium Publishers about representing them" including "continuing until last summer" (Ltr. at 2) and that "class counsel directly approached many Premium Publishers" "since Judge Brinkema's decision" "to solicit them to join the case" (Ltr. at 11) are not accurate. As class counsel, neither Mr. Zelcs nor other Class Counsel could simultaneously seek to represent opt-outs in individual lawsuits while also acting on behalf of the Class. And while Class Counsel have on occasion had discussions with various of the over 4,900 AdX Class members (rarely including any Class members subsequently represented by Kellogg Hansen), such communications have appropriately been in furtherance of the class's claims and to respond to and provide information to such class members concerning these proceedings.

For the reasons set forth above, Class Counsel respectfully requests that the Court enter the proposed set-aside order attached as Exhibit A to their letter-motion (ECF 1400-1). In the alternative, Class Counsel respectfully requests a conference.

Respectfully submitted,

David Boies
dboies@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200

*/s/ Philip C. Korologos*
Philip C. Korologos
pkorologos@bsfllp.com
Robert J. Dwyer
rdwyer@bsfllp.com
James Keyte
jkeyte@bsfllp.com
Luke Williams
lwilliams@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300



Mark C. Mao
mmao@bsfllp.com
Sean P. Rodriguez
srodriguez@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820

Sabria A. McElroy
smcelroy@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 377-4216

Izaak Earnhardt
iearnhardt@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave NW, 11th Floor
Washington, DC 2005
Telephone: (202) 237-2727

George A. Zelcs
gzelcs@koreintillery.com
Randall P. Ewing
rewing@koreintillery.com
Marc A. Wallenstein
mwallenstein@koreintillery.com
Ryan A. Cortazar
rcortazar@koreintillery.com
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Fax: (312) 641-9751


Stephen M. Tillery
stillery@koreintillery.com
Michael E. Klenov
mklenov@koreintillery.com
Carol L. O'Keefe
cokeefe@koreintillery.com
Andrew Ellis
aellis@koreintillery.com
Ian Moody
imoody@koreintillery.com
**KOREIN TILLERY LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Fax: (314) 241-3525

Eric L. Cramer
ecramer@bm.net
Michael C. Dell'Angelo
mdellangelo@bm.net
Caitlin G. Coslett
ccoslett@bm.net
Patrick F. Madden
pmadden@bm.net
Jeremy Gradwohl
jgradwohl@bm.net
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

Robert E. Litan
rlitan@bm.net
**BERGER MONTAGUE PC**
1001 G Street, NW
Suite 400 East
Washington, DC 20001
Telephone: (202) 559-9740

*Co-Lead Class Counsel for the AdX Class
and Counsel for The Progressive and
Mikula*

Copies to: All counsel of record via ECF.