UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST  LITIGATION                                    21-md-3010 (PKC)

ORDER ON SEALING

-----------------------------------------------------------
CASTEL, Senior District Judge:

Presently before the Court are motions for partial summary judgment filed by Daily Mail and Gannett on Google's Affirmative Defenses (ECF 1255), Google's motion for summary judgment on the Publisher Class's Second Amended Complaint (ECF 1352), Google's motion for summary judgment on the claims of Daily Mail and Gannett (ECF 1357) and Google's motion for summary judgment on Inform's claims (ECF 1358).  In connection with the summary judgment submissions, Google has also moved to exclude two of the Publisher Class's experts (ECF 1576) and two experts of Daily Mail and Gannett (ECF 1581).

The filing of these motions has prompted a raft of sealing motions, including by Google, Daily Mail, Gannett, the Publisher Class, Inform and certain non-parties whose documents and data were obtained in discovery and are discussed in the summary judgment submissions.  Several of the motions were brought as provisional sealing motions that seek to seal the confidential information of the movant, a party or a non-party pursuant to paragraph 21 of the Modified Confidentiality Order entered on January 18, 2024, at ECF 685.  (See ECF 1283, 1312, 1410, 1518.)  The parties and non-parties thereafter filed submissions explaining why they believe the continued redaction or sealing of certain materials is warranted.  As will be discussed, the parties and certain non-parties have largely made out the required showing that the proposed redactions and sealings are narrowly tailored to protect sensitive commercial information from public disclosure.

The applications are principally addressed to portions of the Expert Report of Mark A. Israel (ECF 1335-5, 1362-5), the Revised Expert Report of Professor David Sibley, Ph.D. (ECF 1364-2), the Expert Report of Dr. Gregory K. Leonard (ECF 1355-4), the Expert Report of Peter Crampton (ECF 1355-3), the Expert Report of Professor Einer Elhauge (ECF 1352-2), the Corrected Expert Rebuttal Report of Einer Elhauge (ECF 1355-9), and briefing and Rule 56.1 statements quoting the foregoing expert reports.  The export reports are premised upon depositions and documents.

A three-step analysis governs whether a filing may be submitted under seal.  First, the court determines whether the filing is a "judicial document;" second, it determines the weight of the presumption of access afforded to the document; and third, the court must identify and weigh factors "that legitimately counsel" against public access.  Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020).  Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access.  Id.

Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process . . . .'"  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I").  Whether a submission is a "judicial document" is determined as of the time of filing and is not dependent upon the Court's ultimate reliance upon the document.  Giuffre v. Maxwell, 146 F.4th 165, 175 (2d Cir. 2025) ("Maxwell II" ) ("we here state explicitly that a judicial document determination is properly made by evaluating the relevant materials at the time of their filing with the court.").  "[D]ocuments submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches. . . ."  Lugosch, 435 F.3d at 126.

The weight of the presumption of access afforded to summary judgment submissions, and, thus, to these submissions, is strong. Maxwell II 146 F.4th at 177 ("dispositive motions that qualify as judicial documents bear a particularly strong presumption of public access at the second step. . . ").

On the third and final step "the court must balance competing considerations against it. Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 120 (quotation marks and internal citations omitted).

Separately, the Court must assess the qualified First Amendment public right of access to certain documents. The Second Circuit has squarely held that "there exists a qualified First Amendment right of access to documents submitted to the court in connection with a summary judgment motion." Lugosch at 124. "Because the First Amendment presumption gives rise to a higher burden on the party seeking to prevent disclosure than does the common law presumption, the presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." Id. at 126.

The Court considers the "countervailing factors" as to the common law presumption and the "higher values" as to the First Amendment qualified access. Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015) (explaining that "countervailing factors include, among others, the danger of impairing law enforcement or judicial efficiencies, and the privacy interests of those resisting disclosure, such as trade secrets and sources of business information that might harm a litigant's competitive standing."). Sensitive business information, the disclosure of which could result in competitive harm, is capable of meeting the "higher values" standard under the First Amendment. See Nielson

Consumer LLC v. Circana Grp., L.P., No. 22-cv-3235 (JPO) (KHP), 2024 WL 964598, at *2 (S.D.N.Y. Mar. 6, 2024); W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A., 21-cv -11003 (LTS), 2022 WL 890184, at *2-3 (S.D.N.Y. Mar. 25, 2022).

A showing that the information sought to be sealed is proprietary business information treated as confidential, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents. See United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Amodeo II") ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); Dodona, 119 F. Supp. 3d at 156 (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); see also Skyline Steel, LLC v. PilePro, LLC, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015); Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. 504, 506 (E.D.N.Y. 1999). Similarly, protecting the privacy interests of non-parties, including their business and financial records, is a legitimate basis for sealing judicial documents. Amodeo II, 71 F.3d at 1050-51 ("'The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'") (quoting Gardner v. Newsday, Inc., 895 F.2d 74, 79-80 (2d Cir. 1990)); see also SEC v. Telegram , Inc. 19-cv-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); In re SunEdison, Inc. Sec. Litig., 16-cv-7917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019).

The Court has reviewed the sealing applications of the parties and non-parties and makes the following findings and conclusions:

1. For all filings, the Court will allow the redaction or sealing of employee names, but not for top-tier senior executives such as those in the so-called "C-suite," i.e., the CEO, CFO, CIO, General Counsel and unit or division heads. The job titles of all employees, regardless of tier, shall not be redacted or sealed. The electronic contact information (phone number and email address) for all employees may be redacted or sealed. The reason for allowing these redactions is that countervailing factors weigh heavily and the "higher values" warrant the redactions because with high-profile companies, employee names (except for the top-tier executives), email addresses and phone numbers may be used for harassment purposes by members of the public who have a grievance against these businesses. The grant below of any motion to seal or redact is subject to the limitation and qualification in this paragraph.

2. The Courts finds that Google treats the data for which it seeks sealing as strictly confidential and non-public and takes significant precautions to protect the data, which has significant economic value. (ECF 1292, Amini Decl. ¶¶ 4-5; ECF 1293, Taylor Decl. ¶¶ 4-5; ECF 1433, Amini Decl. ¶¶ 4-5; ECF 1435, Taylor Decl. ¶¶ 4-6; ECF 1438, Berntson Decl. ¶¶ 4-6.)

3. The Court concludes that disclosure of the following sensitive commercial information, otherwise maintained as confidential, would cause competitive or other tangible economic harm to Google: (i) datasets Google produced during this litigation concerning revenue, fees, and impressions flowing through or concerning Google's products, including with regard to specific advertisers, publishers, or ad tech companies (id. ¶ 8); (ii) detailed implementation data for

5

current proprietary product optimizations and features as well as design information for Google's internal engineering and financial systems (id. ¶ 9); (iii) detailed, recent or current profit-and-loss data and analysis; revenue, expenditure, and margin breakdowns; and strategy for Google's products (ECF 1435, Taylor Decl. ¶ 8); (iv) ongoing plans with regard to product development as well as recent or current contracts and strategy discussions and analyses related to pricing to specific customers or detailed customer information, including recent or current pricing terms and recent or current commercially sensitive non-pricing contractual terms, and arrangements and customer spending and account information (id. ¶ 9); (v) recent or current contracts and strategy discussions and analyses related to pricing to specific customers as well as detailed customer information, including recent or current pricing terms and recent or current commercially sensitive non-pricing contractual terms and arrangements and customer spending and account information (id. ¶10); (vi) information in or derived from datasets Google produced during this litigation concerning revenue, fees, and impressions flowing through Google's products, including with regard to advertisers, publishers, or ad tech companies (ECF 1438, Berntson Decl. ¶ 9); and (vii) detailed implementation details for current proprietary product optimizations and features as well as design information for Google's internal engineering and financial systems (id. ¶ 10).

4. Daily Mail and Gannett have each submitted declarations of a knowledgeable person attesting to following "a strict practice that requires confidential

treatment of its product and customer data; internal strategic business plans; non-public financial information; and internal business analyses of customer spending, revenue, pricing, industry conditions, and opportunities." (ECF 1314 ¶ 4; ECF 1315 ¶ 4.)  They further declare that "these materials could reveal highly sensitive non-public technical and business information, significantly harm [their] relationships and ability to conduct business with counterparties and prospective counterparties, and/or place [them] at a disadvantage with competitors, who could use t[heir] confidential technical specifications or analyses to their advantage.  These materials therefore have economic value from not being generally known to [their]competitors, counterparties, or the general public." (Id. ¶ 5.)  Daily Mail and Gannett have not proposed wholesale sealing of documents but limited and tailored redactions.

5. Daily Mail and Gannett filed a motion to provisionally seal certain confidential information of Google that is contained in their motion for partial summary judgment.  (ECF 1253.)  In response, Google has confirmed that these redactions are limited to the names and personal information of Google employees who are not high-level executives.  (ECF 1297.)  The motion to provisionally seal will be granted nunc pro tunc, and this personal information shall remain under seal, subject to Paragraph 1 of this Order.

6. Google filed a motion to provisionally seal its own information and the information of Daily Mail and Gannett that is contained in Google's opposition to Daily Mail and Gannett's motion for partial summary judgment.

(ECF 1270.)  Google specifically seeks to maintain redactions to two exhibits to the Declaration of Caroline P. Boisvert, which contain sensitive customer information.  (ECF 1290; see also ECF 1291, 1292, 1293, 1294.)  Daily Mail and Gannett seek to redact documents referring to their non-public "data, revenue and operational figures, details of specific customer relationships, and competitive analysis," as well as employees' personal information.  (ECF 1313 at 2, 5.)  As discussed, Daily Mail and Gannett have submitted declarations that explain the sensitive nature of these materials and their respective confidentiality practices.  (ECF 1313, 1314.)  The Court finds that the sealing application is narrowly tailored to protect the confidential business information of Daily Mail, Gannett and Google.  The motion to provisionally seal will be granted nunc pro tunc (ECF 1270) and the submissions may remain as redacted and sealed (ECF 1290, 1312).

7.  Daily Mail and Gannett filed a motion to provisionally seal their reply memorandum in support of their motion for partial summary judgment.  (ECF 1283.)  The redactions are minimal and conceal Daily Mail and Gannett's confidential commercial information.  The Court finds that the sealing application is narrowly tailored.  The motion to provisionally seal will be granted nunc pro tunc, and the reply memorandum may remain as redacted. (ECF 1283.)

8.  Google has filed an "omnibus" motion to provisionally seal the contents of its motions for summary judgment against the Publisher Class, Daily Mail, Gannett and Inform.  (ECF 1344.)  Google has taken it upon itself to redact

and/or move to provisionally seal the information of non-parties who seek to protect their own information that they treat as confidential because of its economic value and the economic or competitive harm that could result from its disclosure.  (ECF 1344.)

9.  Each of these non-parties has supported the redactions and/or sealing with evidentiary support or proffers, and defined with precision the items of information that they urge should not be publicly disclosed: Amazon.com Inc. ("Amazon") (ECF 1403), Equativ SAS, Equativ Inc., Sharethrough Inc. and Sharethrough USA Inc. (together, "Equativ") (ECF 1404), OpenX Technologies, Inc. (OpenX) (ECF 1408), Yieldmo, Inc. ("Yieldmo") (ECF 1409), Yahoo Inc. ("Yahoo") (ECF 1419), Microsoft Corporation and Xandr Inc (together, "Microsoft") (ECF 1420), TikTok, Inc. (ECF 1432), Meta Platforms, Inc. (1434), Index Exchange Inc. (ECF 1447), PubMatic, Inc. (ECF 1463), Adobe Inc. (ECF 1468), The Trade Desk Inc. ("The Trade Desk") (ECF 1458), The Walt Disney Company ("Disney") (ECF 1459), General Motors Company ("GM") (ECF 1470) and Magnite, Inc. ("Magnite") (ECF 1480).  The redactions and/or sealing in the main relate to business strategies, tactics, methods of doing business, and financial data that are asserted to be highly confidential and non-public for which disclosure would be detrimental to the party providing the data.  Because these non-parties have demonstrated a risk of competitive or economic harm arising from public disclosure of this confidential information, this Court concludes that the sealings or redactions are justified based on weighty countervailing factors and higher values, and

that the redactions have been narrowly tailored.  Their above-referenced motions to seal will be granted to the extent that the redactions and sealing of non-party information proposed by Google is accepted.

10. In response to Google's "omnibus" sealing motion, Daily Mail, Gannett and Google itself also have filed motions identifying materials to remain under seal.  (ECF 1410, 1424.)  Daily Mail and Gannett seek the continued redaction of employee information, as well as the continued sealing and redaction of materials that contain sensitive commercial and technical information.  (ECF 1411, 1412 (Wheatland Decl.), 1413 (Larkin Decl.).)  Google seeks the continued redaction of employee information, as well as the continued redaction of sensitive competitive information.  (ECF 1431, 1433 (Amini Decl.), 1435 (Taylor Decl.), 1438 (Berntson Decl.).)  The Court finds that these sealing applications are narrowly tailored to the parties' protectible interests.  The motion to provisionally seal will be granted nunc pro tunc (ECF 1344), and the materials identified by Daily Mail, Gannett and Google may remain redacted and sealed (ECF 1410, 1424).

11. It appears that Inform has not responded to Google's "omnibus" sealing motion filed at ECF 1344.  Inform may submit a response to the motion no later than April 27, 2026 indicating whether it believes that any filings covered by Google's motion that relate to Inform should remain under seal. The Court is aware that Inform is no longer doing business and may be of the view that sealing or redaction of its information is not warranted.

12. The Publisher Class and Daily Mail/Gannett have provisionally filed under seal the bulk of their responses in opposition to Google's summary judgment motions. (ECF 1512, 1518.) Google also has provisionally filed under seal its reply submissions on its summary judgment motions, as well as papers in support of its motions to strike the experts of the Publisher Class and Gannett/Daily Mail. (ECF 1563.) The parties have agreed that, pursuant to Paragraph 21 of the Modified Confidentiality Order (ECF 685), the parties and any non-parties shall make any sealing application directed to these filings no later than April 27, 2026. The Court will rule on these sealing motions after April 27, 2026.

13. Inform is directed to supplement its motion for provisional sealing (ECF 1524) no later than April 27, 2026. Inform seeks to file under seal the entirety of its responsive statement under Local Civil Rule 56.1 and the Declarations of Serina M. Vash and Jill Peters, along with their exhibits.[1] (ECF 1524.) Inform has not explained the basis for sealing. It does not identify whether it is seeking to protect its own confidential information, the information of another party, or the information of any non-party. A two-page submission captioned as a "Memorandum of Law" lists the documents that Inform wishes to seal, without explanation as to why and no citation to authority. As noted, the Court is mindful that Inform is no longer in business and may be of the view that sealing or redaction of its own information is not warranted. No later than April 27, 2026, Inform shall clarify the basis for its sealing motion.

---

[1] Neither the MDL docket nor the Inform docket appears to contain a sealed filing that contains the complete declarations of Ms. Vash and Ms. Peters, including exhibits.

11

It should narrowly tailor the motion to any specific information that it believes should not be publicly disclosed.  Any party or non-party seeking to seal or redact any portion of Inform's filings shall file an application no later than April 27, 2026.  The Court will rule on Inform's sealing motion after April 27, 2026.

14. This multi-district litigation currently has 59 member cases.  Counsel to all parties and non-parties are reminded that filings ought to be made **ONLY** to the main MDL docket (21-md-3010 (PKC)) and any specific member case that is relevant to the filing.  A narrowly-targeted submission that is filed in all member cases, including closed cases, imposes a needless administrative burden upon the parties and the Court.

15. This Order on Sealing addresses the docket entries on the MDL docket, 21-md-3010 (PKC).  The Court will enter a separate Order terminating the motions that were filed in member cases.

CONCLUSION.

The provisional sealing motions of Daily Mail, Gannett and Google are GRANTED nunc pro tunc to the date of filing.  (ECF 1253, 1270, 1283, 1344.)  The non-party motions to seal of Amazon (ECF 1403), Equativ (ECF 1404), OpenX (ECF 1408), Yieldmo (ECF 1409), Yahoo (ECF 1419), Microsoft (ECF 1420), TikTok, Inc. (ECF 1432), Meta Platforms, Inc. (1434), Index Exchange Inc. (ECF 1447), PubMatic, Inc. (ECF 1463), Adobe Inc. (ECF 1468), The Trade Desk (ECFC 1458), Disney (ECF 1459), GM (ECF 1470) and Magnite (ECF 1480) are GRANTED to the extent they seek to seal or redact materials that Google

12

identified in its sealing and redaction motion.  The additional sealing motions of Daily Mail,

Gannett and Google are GRANTED.  (ECF 1290, 1312, 1410, 1424.)

Inform may submit a response to Google's "omnibus" sealing motion (ECF 1344)

no later than April 27, 2026.  Inform shall supplement its motion for provisional sealing no later

than April 27, 2026.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 8, 2026

13