

**Bradley Justus**

Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
202.469.3532
bjustus@axinn.com

May 11, 2026

**<u>VIA ECF</u>**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     *In re Google Digital Advertising Antitrust Litigation*, 1:21-md-03010 (PKC) (S.D.N.Y.); *CMI Marketing, Inc. v. Google LLC*, No. 1:25-cv-08630 (PKC) (S.D.N.Y.); *Slate Group LLC v. Google LLC*, No. 1:25-cv-07697 (PKC) (S.D.N.Y.); *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409 (PKC) (S.D.N.Y.); *Dotdash Meredith a/k/a People Inc. v. Google LLC*, No. 1:25-cv-07194 (PKC) (S.D.N.Y.); *McClatchy Media Company, LLC v. Google LLC*, No. 1:26-cv-00339 (PKC) (S.D.N.Y.); *Advance Publications, Inc. v. Google LLC*, No. 1:26-cv-00343 (PKC) (S.D.N.Y.); *Vox Media, LLC v. Google LLC*, No. 1:26-cv-00325 (PKC) (S.D.N.Y.); *The Atlantic Monthly Group LLC v. Google LLC*, No. 1:26-cv-00272 (PKC) (S.D.N.Y.); *Penske Media Corporation v. Google LLC*, No. 1:26-cv-00225 (PKC) (S.D.N.Y.); *Ziff Davis, Inc. v. Google LLC*, No. 1:26-cv-01055 (PKC) (S.D.N.Y); *Los Angeles Times Communications LLC et al v. Google LLC*, No. 1:26-cv-01593 (PKC) (S.D.N.Y.)

Dear Judge Castel:

We write on behalf of Google LLC and Alphabet Inc. (together, "Google") to respectfully request an order modifying the Case Management Order in the Group 1 and 2 Publisher cases.[1] *See* ECF No. 1502. The parties met and conferred by video conference and email, and although the Group 2 Publisher Plaintiffs acknowledged on the meet and confer that depositions likely will need to occur outside the fact discovery deadline provided in the Case Management Order, the Group 2 Publisher Plaintiffs "oppose any request to modify the discovery schedule." *See* Email from S. Henningson to B. Justus et al. (May 8, 2026) (attached

---

[1] The "Group 2 Publisher cases" refer to *Advance Publications, Inc. v. Google LLC*, No. 1:26-cv-00343 (PKC) (S.D.N.Y.); *McClatchy Media Company v. Google LLC*, No. 1:26-cv-00339 (PKC) (S.D.N.Y.); *Vox Media, LLC v. Google LLC*, No. 1:26-cv-00325 (PKC) (S.D.N.Y.); *The Atlantic Monthly Group LLC v. Google LLC*, No. 1:26-cv-00272 (PKC) (S.D.N.Y.); *Penske Media Corporation v. Google LLC*, No. 1:26-cv-00225 (PKC) (S.D.N.Y.); *Ziff Davis, Inc. v. Google LLC*, No. 1:26-cv-01055 (PKC) (S.D.N.Y.); *Los Angeles Times Communications LLC et al v. Google LLC et al*, No. 1:26-cv-01593 (PKC) (S.D.N.Y.). The "Group 1 Publisher cases" refer to *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-07194 (PKC) (S.D.N.Y.); *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409 (PKC) (S.D.N.Y.); *The Slate Group LLC v. Google LLC*, No. 1:25-cv-07697 (PKC) (S.D.N.Y.); *CMI Marketing Inc. v. Google LLC*, No. 1:25-cv-08630 (PKC) (S.D.N.Y.).

May 11, 2026
Page 2

as Ex. A). In accordance with Your Honor's Individual Practices, we note that there is no conference currently scheduled before the Court.

Google respectfully asks the Court to extend the close of fact discovery in the Group 2 Publisher cases from June 5, 2026 to September 25, 2026.[2] If the Court requires further clarification on Google's proposed modifications or declines to decide the motion on the papers alone, Google respectfully requests the opportunity to address any outstanding concerns at a status conference.

The extension Google proposes is critical to allow for the fair completion of discovery in the Group 2 Publisher cases. In addition to the significant document discovery remaining that is necessary before depositions can be taken, Google would need to take over 50 depositions and defend at least 20 in the next 19 business days. An extension will also facilitate coordination between the Competitor cases[3] and Publisher cases, and allow Google to obtain key discovery from the Competitors that is important to Google's defense of the Publisher cases, and is not available to Google given Competitors' paltry productions made during the DOJ Action. Publisher Plaintiffs claim billions of dollars in damages based on Google's alleged exclusion of competitors—Google is entitled to discovery to challenge Publisher Plaintiffs' story of antitrust injury, but does not have sufficient time to complete such discovery on the current schedule.

## I.    Relevant Background

On January 13, 2026, the Court entered Pre-Trial Order No. 20 for the Competitor cases, pursuant to which fact discovery is scheduled to close on June 26, 2026. ECF 1335 at 4. On February 27, 2026, the Court entered a Case Management Order for the Group 1 and Group 2 Publisher cases, which ends fact discovery in the Group 2 Publisher cases on June 5, 2026, makes "[a]ll documents and data produced in any Publisher Case [usable] in any other Publisher Case," and aligns the expert discovery schedule for the Group 1 and 2 Publisher cases. *See* ECF No. 1502 at 7.

Despite good-faith efforts in the period following the Court's Pre-Trial and Case Management Orders, a significant portion of discovery remains outstanding, the volume of which will be nearly impossible to complete under the timelines provided. *See* ECF No. 1502; Pre-Trial Order No. 20, ECF 1335.

---

[2] Google respectfully submits that, in the event the Court grants the relief requested herein, the parties can confer in good faith regarding an appropriate extension of the expert discovery schedule for the Publisher cases.

[3] The "Competitor cases" refer to *OpenX Technologies, Inc., et al. v. Google LLC*, No. 1:25-cv-10817 (PKC) (S.D.N.Y.); *Magnite, Inc. v. Google LLC*, No. 1:25-cv-10818 (PKC) (S.D.N.Y.); *PubMatic, Inc. v. Google LLC*, No. 1:25-cv-10819 (PKC) (S.D.N.Y.); *Equativ SAS v. Google LLC*, No. 1:26-cv-00140 (PKC) (S.D.N.Y.); *Index Exchange Inc. v. Google LLC*, No. 1:25-cv-10477 (PKC) (S.D.N.Y.); *Kargo Global LLC v. Google LLC*, No. 1:25-cv-10630 (PKC) (S.D.N.Y.); and *Sovrn Holdings, Inc. v. Google LLC*, No. 1:26-cv-01587 (PKC) (S.D.N.Y.).

May 11, 2026
Page 3

*Discovery In The Group 2 Publisher And Competitor Cases To Date*

Google has diligently pursued discovery in accordance with the Court's orders. The operative Case Management Order for the Publisher cases provided Google just over three months to conduct discovery of six new Publishers, which grew to seven when the Court added one more Publisher Plaintiff to the schedule. *See* ECF No. 1551. On March 13, Google served its First Set of Requests for Production on Group 2 Publishers, and less than a week later, Google sought to engage with Group 2 Publishers to add additional custodians because it identified several gaps in Group 2 Publishers' proposed list. *See* Ltr. from A. Henderson to E. Maier et al. (Mar. 19, 2026) (attached as Ex. B). Group 2 Publishers responded by insisting that Google wait until Publisher Plaintiffs made their productions before conferring regarding document custodians. *See* Ltr. from M. Hirschboeck to A. Henderson et al. (Mar. 27, 2026) (attached as Ex. C); Ltr. from A. Henderson Ltr. to M. Hirschboeck et al. (Apr. 2, 2026) (attached as Ex. D). Group 2 Publishers did not produce a single document until the substantial completion deadline on April 10, and even then, failed to produce any documents for four of the custodians for whom they had agreed to produce documents.

After the substantial completion deadline, Group 2 Publishers agreed to add thirteen additional custodians requested by Google. To-date, Group 2 Publishers still have not produced documents for six of these additional custodians. And out of the seven additional custodians for whom Group 2 Publisher Plaintiffs actually have produced documents, three of those custodial files were produced less than a week ago. In total, Group 2 Publishers have not produced any documents for eight custodians. Moreover, several open issues still remain concerning Group 2 Publishers' search terms and the scope of their production. *See, e.g.*, Ltr. from A. Henderson to M. Hirschboeck (May 4, 2026) (attached as Ex. E).

While Google has promptly reviewed Group 2 Publishers' productions and endeavored to streamline its requests and narrow the open issues between the parties, there are still significant substantive gaps in Group 2 Publishers' productions that bear directly upon their damages theories and their state law claims. *See, e.g., id.*

Additionally, Google began noticing depositions of the Group 2 Publishers on April 13, three days after Google received its first production from Group 2 Publishers. To-date, only one witness from a Group 2 Publisher Plaintiff has sat for a deposition, and 19 of the Group 2 Publisher depositions noticed by Google have not been scheduled. Five of the depositions noticed by Google are for document custodians for whom Group 2 Publishers have not produced a single document. Adding to the complexity, Plaintiffs disregarded their commitment to seek only supplemental discovery and have pressed for additional depositions of nine present and former Google employees. As a result, Google was forced to seek a protective order to prohibit these depositions—a request that is pending before this Court. *See* ECF No. 1737.

May 11, 2026
Page 4

*Google's Attempt To Efficiently Coordinate Discovery Between The Group 2 Publisher And Competitor Cases*

In order to facilitate the efficient completion of discovery, counsel for Google requested on March 31, 2026, that Group 2 Publisher Plaintiffs and Competitor Plaintiffs agree that all documents produced by Competitor Plaintiffs in the Competitor cases could be used in the Group 2 Publisher cases. *See* Email from B. Justus to D. Dowling et al. (Mar. 31, 2026) (attached as Ex. F). Competitor Plaintiffs agreed; Group 2 Publisher Plaintiffs rejected Google's proposal nearly a month later, on April 21, 2026. *See* Email from S. Henningson to B. Justus et al. (Apr. 21, 2026) (attached as Ex. G).

In light of Group 2 Publishers Plaintiffs' refusal to coordinate discovery with Competitor Plaintiffs, Google promptly served third-party subpoenas on the Competitor Plaintiffs, seeking the same materials that Google sought from the Competitors through party discovery in their actions. Competitors have told the Court that complying with the June 26, 2026 production deadline is "near or outright impossible," ECF No. 1742 at 4, which also means they will not be able to comply with the subpoenas before the June 5 deadline in the Publisher cases.

*Google's Attempt To Compromise On Schedule Extension*

Given the substantial amount of discovery remaining, counsel for Google proposed on May 5, 2026 that Group 2 Publisher Plaintiffs and Competitor Plaintiffs agree to a schedule modification that provides the parties with additional time to complete and coordinate discovery. *See* Email from B. Justus to S. Henningson et al. (May 5, 2026) (attached as Ex. H).

During a May 7 meet-and-confer, counsel for Publisher Plaintiffs stated that they opposed Google's request, while at the same time, they stated that depositions are likely to take place outside the close of fact discovery. Counsel for Google asked if the Group 1 and 2 Publisher Plaintiffs would counter with a different revised schedule, but they declined to do so and stated that they "oppose[] any request to modify the discovery schedule." Email from S. Henningson to B. Justus et al. (May 8, 2026) (attached as Ex. A). Competitor Plaintiffs have indicated that they support coordination between the Publisher and Competitor cases that would avoid the need for them to separately comply with subpoenas issued by Google in the Publisher cases, and facilitate cross production of documents from the Competitor cases into the Publisher cases. *See* Email from B. Justus to D. Dowling et al. (May 8, 2026) (attached as Ex. I).

II. **Google Has Good Cause For The Court To Modify The Case Management Order To Enable The Parties To Complete The Substantial Amounts Of Remaining Discovery**

"A party seeking relief from the discovery schedule . . . must make an application to the Court demonstrating why good cause exists to modify the schedule." *McKay v. Triborough Bridge & Tunnel Auth.*, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007). The movant must, "[a]t a minimum," provide "an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."

May 11, 2026
Page 5

*Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 1468397, at \*2 (S.D.N.Y. Mar. 1, 2024), *objections overruled*, 2024 WL 1604260 (S.D.N.Y. Apr. 12, 2024). In addition, courts also consider the prejudice the amendment would cause to the non-movant, particularly if it "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Fid. Info. Servs., v. Debtdomain GLMS Pte Ltd.*, 2011 WL 3665138, at \*2 (S.D.N.Y. Aug. 11, 2011).

*First*, Google has demonstrated "an objectively sufficient reason" to extend the current discovery schedule, namely, that the existing schedule "cannot reasonably be met" despite Google's diligence. *Delgado*, 2024 WL 1468397, at \*2. Significant discovery remains in the Group 2 Publisher cases. To date, of the 57 depositions Google has noticed, only one deposition has taken place in the Group 2 Publisher cases. It is impractical to take more than 50 fact depositions—and defend at least 20 others—in the next 19 business days. *See* ECF No. 1502. There is also a dispute over which of those depositions can be scheduled, which Google has addressed in its pending discovery motion before the Court. *See* ECF No. 1737.

Additionally, Group 2 Publisher Plaintiffs still have not produced documents necessary to take these depositions, including for five document custodians that Google has noticed for a deposition. On May 7, Group 2 Publisher Plaintiffs filed a motion to compel against Google to add nine additional document custodians who do not have information that is relevant and non-duplicative of the massive discovery that Plaintiffs already have from Google. ECF No. 1745. Further, several open issues remain between the parties as to sufficiency and scope of Group 2 Publisher Plaintiffs' productions to which Google is still awaiting a response. *See* Ltr. from A. Henderson to M. Hirschboeck (May 4, 2026) (attached as Ex. E).

Compounding these difficulties is the fact that Competitor Plaintiffs have not produced any documents in response to Google's Requests for Production. These documents are not only essential to Google's defense in the Competitor cases, they are also critical to Google's ability to defend itself in the Publisher cases, where Publisher Plaintiffs will assert billions of dollars of damages based on the purported exclusion of competitors due to the challenged conduct. *See, e.g.*, Atlantic Compl. ¶ 241 (alleging exclusion of ad exchange rivals); McClatchy Compl. ¶ 244 (same); ECF No. 1548 ¶ 119; *see also Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 802093, at \*11 (S.D.N.Y. Feb. 21, 2019) (plaintiffs must prove injury "of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful," including "exclusion [of competitors] from the market").

*Second*, Google has shown the high degree of diligence needed to meet the "good cause" standard. *Fid. Info. Servs.*, 2011 WL 3665138, at \*2 ("A finding of good cause depends on the diligence of the moving party."). Google issued its First Set of Requests for Production two weeks after the Case Management Order was entered in the Group 2 Publisher cases, and sought to engage with the Group 2 Publisher Plaintiffs less than a week later after identifying substantial gaps in the proposed custodian list. Google noticed depositions in the Group 2 Publisher cases less than a month later, on April 13, just three days after receiving its first production from the Group 2 Publisher Plaintiffs.

May 11, 2026
Page 6

Google has also diligently tried to streamline the Court's existing Case Management Order and Pre-Trial Order to ensure that discovery proceeds on the Court's ordered schedule, including by proposing that all documents produced by Competitor Plaintiffs in the Competitor cases be available in the Publisher cases, thus removing the need to add more discovery obligations via Google sending subpoenas to the Competitor Plaintiffs. When the Group 2 Publisher Plaintiffs declined Google's proposal roughly a month after it was made, Google promptly issued the subpoenas to the Competitor Plaintiffs to keep the existing discovery schedule on track as best as possible.

*Third*, there will be no prejudice to the Group 1 and 2 Publisher Plaintiffs. *Id.* at *1. The extended timeline would also provide the Group 2 Publisher Plaintiffs more time to efficiently complete discovery, including the resolution of Google's pending motion for a protective order, document productions, and scheduling over 70 depositions.

A longer discovery timeframe will reduce the discovery burden on the Competitors, and avoid duplicative document productions as a means of trying to produce some subset of documents to Google in advance of the June 5 Group 2 Publisher Plaintiff fact discovery deadline. The schedule modification would also provide Competitor Plaintiffs a greater opportunity to participate in the depositions of Googlers in the Group 2 Publisher cases, which has the additional benefit of reducing the possibility of inefficient, multiple depositions—the very coordination achieved between the EDVA action and early MDL actions in 2023.

*Fourth*, "other relevant factors" that favor modifying the schedule include addressing a significant discovery asymmetry between the plaintiffs and Google. *Id.* at *2. The Group 1 and Group 2 Publisher Plaintiffs are the beneficiaries of years worth of discovery against Google—including 6.7 million documents from over 200 custodians and 80 transcripts from the depositions of current and former Google employees—all produced or taken before their cases were filed. Group 1 and 2 Publishers also have an additional 11 depositions of current or former Google witnesses taken during the Group 1 Publisher fact discovery period. In contrast, Google has not had an opportunity to conduct discovery against the seven new Group 2 Publisher Plaintiffs until discovery opened on February 27. *See* ECF No. 1502. Given that each new Group 2 Publisher Plaintiff may have used different Google products at different times and with different purposes, discovery into each new publisher is a highly individualized effort. Individualized discovery is also critical to Group 2 Publishers' fraud claims, which require, *inter alia*, Plaintiff-specific knowledge and reliance. Given the significant damages amounts that these new Publisher Plaintiffs are likely to claim, and considering that Google has diligently pursued discovery in the period since it opened without the benefit of any preexisting party discovery of the Publisher Plaintiffs as to their claims, extending the case schedule is necessary to provide Google a fair opportunity to conduct its own discovery.

*Fifth*, the Court may consider the efficiencies gained as another "relevant factor" in the analysis. *Fid. Info. Servs.*, 2011 WL 3665138, at *2. Google's proposed schedule modifications would efficiently manage future complaints filed by Publishers. Indeed, Mediavine recently filed an action alleging claims similar to the Group 1 and 2 Publishers, WebMD's action was ordered

May 11, 2026
Page 7

to be transferred to the MDL today, ECF No. 1749, and there are 15 Publishers who opted out of the class that have not yet filed complaints against Google.

\* \* \*

For the reasons stated above, Google respectfully asks that the Court extend the close of fact discovery in the Group 2 Publisher cases from June 5, 2026 to September 25, 2026. The Court should then order the parties to meet and confer concerning an appropriate extension of the Publisher Plaintiff expert discovery schedule.

If the Court requires further clarification on Google's proposed modifications or declines to decide the motion on the papers alone, Google respectfully requests the opportunity to address any outstanding concerns at a status conference.

May 11, 2026

/s/ Bradley Justus
Bradley Justus
Allison Vissichelli
AXINN VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
bjustus@axinn.com
avissichelli@axinn.com

Craig M. Reiser
Blake E. Pescatore
AXINN VELTROP & HARKRIDER LLP
630 Fifth Avenue
New York, NY 10111
Telephone: (212) 728-2218
creiser@axinn.com
bpescatore@axinn.com

Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

*Counsel for Defendants Google LLC and Alphabet Inc.*