UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST  LITIGATION                                           21-md-3010 (PKC)

                                                              ORDER ON SEALING

-----------------------------------------------------------
CASTEL, Senior District Judge:

        Several provisional sealing orders have been filed in this case, principally directed

to the submissions in response to Google's summary judgment motion filed by the Publisher

Class, Gannett, Daily Mail and Inform.  (ECF 1512, 1518, 1524.)  The parties and numerous

non-parties thereafter filed motions urging that certain materials should be permanently redacted

or sealed.

        The Court incorporates the legal standards set forth in its Order on Sealing dated

April 8, 2026 (the "April 8 Sealing Order").  (ECF 1605 at 2-4.)  The Court highlights that

filings made in connection with a summary judgment motion are judicial documents that are

afforded a strong presumption of public access, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d

110, 119 (2d Cir. 2006), and that the privacy interests of third parties, including business and

financial records, can be a legitimate basis for sealing and should weigh heavily when balancing

the public's right of access.  See United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995)

("Amodeo II").

        The Court has reviewed the sealing applications of the parties and non-parties and

makes the following findings and conclusions:

        1.  The Court incorporates paragraph 1 of the April 8 Sealing Order and will

            permit the redaction or sealing of employee names, but not for senior

            executives in the so-called "C-suite," including the CEO, CFO, CIO, General

Counsel and unit or division heads.  The job titles of all employees, regardless of tier, shall not be redacted or sealed.  Electronic contact information (phone number and email address) for all employees may be redacted or sealed.  (See ECF 1605 at 5.)

2.  The Court incorporates paragraphs 2, 3, and 4 of the April 8 Sealing Order pertaining to the practices of Google, Gannett and Daily Mail for protecting the confidentiality of sensitive commercial information and the categories of information that could cause competitive or other tangible economic harm if made public.  (See ECF 1605 at 5-7.)

3.  In connection with the present motions, Google moves to redact all links to internal Google URLs which, it explains, if revealed, could be used by the public to seek or request access to Google's internal documents.  (ECF 1640 at 6.)  Such internal URLs are properly shielded from public disclosure.  See Mark v. Gawker Media LLC, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (Nathan, J.).  Google's motion to redact these URLs will be granted.

4.  Gannett and Daily Mail have filed a motion to provisionally seal their filings in opposition to Google's motion for summary judgment.  (ECF 1518.)  Gannett and Daily Mail also move to permanently seal portions of their own submissions that contain the names and contact information of their employees.  (ECF 1690; ECF 1696 at 6.)  That motion is granted, subject to paragraph 1 of the April 8 Sealing Order.  The motion of Gannett and Daily Mail is also granted to the extent that they seek to redact confidential technical information, competitive strategies, details about product design and customer

information and strategies.  (Wheatland Dec. ¶ 10 (ECF 1697); Larkin Dec. ¶ 10 (ECF 1698).)

5.  However, the motion of Gannett and Daily Mail at ECF 1690 will be denied without prejudice to the extent that they move to maintain under seal the entirety of the expert reports of their technical, economic and damages experts David Sibley, Shengwu Li, Ali Hortacsu and James Mickens, as well as the report of Google expert Judith Chevalier.  (See ECF 1696 at 8-13.)  As summarized by Gannett and Daily Mail, these reports involve topics that are likely to be central to the parties' summary judgment motions: Sibley opines on market definition and Google's alleged monopoly power, Li opines on Google's conduct and its effect on competition, Hortacsu opines on damages and Mickens opines on the functioning of Google's source code, while Google's expert Chevalier responds to the damages experts of Gannett and Daily Mail.  (See ECF 1696 at 8-9.)  Gannett and Daily Mail argue that full sealing is warranted because their briefing cites "only to certain portions of these reports" – for example, 94 of 742 paragraphs of Sibley's report.  (Id. at 9, 9 n. 3.)  They also argue that "discrete redaction is unduly inefficient and burdensome for both the parties and the court" and "[t]he public-access analysis will thus vary from page to page."  (Id. at 10-11.)  The purported inefficiency of narrowly tailoring their redactions is not a higher value that weighs against public disclosure pursuant to Lugosch and its progeny.  At the same time, Gannett and Daily Mail acknowledge that their experts' opinions will eventually be subject to public disclosure, stating: "As Daily Mail's and

Gannett's cases proceed to trial, the parties will focus and refine their trial presentations. As in the D.D.C. litigation, the experts' opinions can be made accessible to the public at that time." (Id. at 13.) The motion for sealing is denied without prejudice to renewal, subject to Gannett and Daily Mail proposing narrowly tailored redactions to these reports.

6. Google moves to maintain the redaction of employee information contained in Gannett and Daily Mail's filings in opposition to Google's summary judgment motion. (ECF 1638.) Google's motion to seal this information is granted, subject to Paragraph 1 of the April 8 Sealing Order. Google's motion to redact all internal URLs is granted for the reasons explained in Paragraph 3 of this Order. Google moves to redact portions of exhibits to the Declaration of Eric J. Mair that were filed in opposition to Google's summary judgment motion, portions of Gannett and Daily Mail's Local Rule 56.1 submissions and portions of Gannett and Daily Mail's memorandum in opposition. (Amini Dec. ¶¶ 8-9 (ECF 1645); Berntson Dec. ¶ 8 (ECF 1646); Taylor Dec. ¶¶ 8-10 (ECF 1641).) The redactions are consistent with Paragraph 3 of the April 8 Sealing Order. The Court concludes that the redactions are narrowly tailored to protect Google's commercial sensitive information, and the motion will be granted.

7. The following non-parties filed motions to maintain redactions to portions of Gannett and Daily Mail's opposition papers: PubMatic, Inc. ("Pubmatic") (ECF 1628, 1629), Equativ Inc. ("Equativ") (ECF 1632), The Trade Desk Inc. ("TTD") (ECF 1633), OpenX Technologies, Inc. ("OpenX") (ECF 1634),

Microsoft Corporation and Xandr Inc. ("Microsoft") (ECF 1635), Index Exchange Inc. and Kargo Global LLC ("Index Exchange") (ECF 1639), The Walt Disney Company ("Walt Disney") (ECF 1649), Magnite, Inc. ("Magnite") (ECF 1650), Yahoo Inc. ("Yahoo") (ECF 1653, 1687), Vox Media LLC ("Vox") (ECF 1657), Amazon.com Inc. ("Amazon") (ECF 1683), General Motors Company ("GM") (ECF 1694), Sovrn Holdings, Inc. ("Sovrn") (ECF 1699) and Yieldmo, Inc. ("Yieldmo") (ECF 1719).  The Court has reviewed each of the motions, which are directed almost entirely to portions of expert reports that disclose sensitive commercial information related to revenue, product features, internal decision-making, client interactions, strategy, customer data and take rates.  Some of the non-movants, such as PubMatic and GM, seek to redact only a small number of items, while others, such as Amazon, are referenced by the reports far more extensively. The Court concludes that the non-parties' motions seek narrowly tailored and discrete redactions of sensitive commercial information.  Their motions will be granted.

8.  The Publisher Class has filed a motion to provisionally seal its filings in opposition to Google's motion for summary judgment.  (ECF 1512.)  In a separate letter-motion (ECF 1692), the Publisher Class states that Exhibit 29 to the Declaration of Izaak Earnhardt (ECF 1709-30) is the Expert Report of Judith Chevalier that was also filed by Gannett and Daily News at ECF 1529-4.  To the extent that the Court has granted that sealing motions of Equativ,

TTD, Google, Walt Disney, Magnite and Yahoo directed to ECF 1529-4, the motions are also granted as to ECF 1709-30.

9.  In connection with the Publisher Class's sealing motion, Index Exchange moves to maintain under seal limited portions of the deposition transcript of Andrew Casale, its president and CEO, filed at ECF 1513-5.  (ECF 1639.) The redactions are narrowly tailored to protect Index Exchange's sensitive commercial information and the motion of Index Exchange is granted. Microsoft separately moves to permanently seal limited portions of the deposition transcript of Brian O'Kelley, filed at ECF 1513-16.  (ECF 1635.) O'Kelley is the former CEO of Xandr, which Microsoft acquired in 2022. The redactions are narrowly tailored to protect Microsoft's sensitive commercial information and the motion of Microsoft is granted.

10. For the reasons discussed in Paragraph 1 of the April 8 Sealing Order and Paragraph 3 of this Order, Google's motion to redact any employee information and internal Google URLs contained in the Publisher Class's opposition filings is granted.  (ECF 1638.)  Google also moves to redact certain exhibits annexed to the Declaration of Izaak Earnhardt and portions of the Publisher Class's Local Civil Rule 56.1 submissions.  (Amini Dec. ¶¶ 8-9; Berntson Dec. ¶ 8; Taylor Dec. ¶¶ 8-10.)  The redactions are consistent with Paragraph 3 of the April 8 Sealing Order.  The Court concludes that the redactions are narrowly tailored to protect Google's commercial sensitive information, and the motion is granted.

11. Inform has filed a motion to provisionally seal its filings in opposition to Google's motion for summary judgment. (ECF 1524.) The April 8 Sealing Order directed Inform to supplement its motion and provided that any party or non-party seeking to seal Inform's submissions to file a motion by April 27, 2026. (ECF 1605 at 11-12.) Inform moves to maintain under seal portions of the expert report of David Kennedy (ECF 1700), stating that the information is "based upon private, sensitive and competitive business information of Inform . . . ." (Peters Dec. ¶ 8 (ECF 1701-1.) Though Inform is no longer in business, it states that the redactions are intended to protect third parties from competitive harm, avoid disclosure of confidential agreements, and prevent competitive harm to third parties and business partners. (Peters Dec. ¶¶ 5-6.) Inform also explains its policies for safeguarding confidential information. (Peters Dec. ¶ 4.) The Court concludes that Inform's proposed redactions are narrowly tailored to protect sensitive commercial information and the sealing motion will be granted. Inform also moves to redact the names and contact information of its former employees and customers. Inform's motion to seal this information is granted, subject to Paragraph 1 of the April 8 Sealing Order.

12. Google moves to redact the names and personal information, and any internal Google URLs, that are contained in Inform's Local Civil Rule 56.1 submissions, Google's response, and the Declaration of Serina M. Vash and exhibits annexed thereto. (ECF 1638.) Google's motion to seal this information is granted, subject to Paragraph 1 of the April 8 Sealing Order and

consistent with Paragraph 3 of this Order.  Google also moves to redact certain information contained in the Vash declaration that contains sensitive commercial information.  (Taylor Dec. ¶¶ 9-10.)  The redactions are consistent with Paragraph 3 of the April 8 Sealing Order.  The Court concludes that the redactions are narrowly tailored to protect Google's commercial sensitive information, and the motion is granted.

13. Yahoo moves to redact portions of the expert reports of David Kennedy filed by Inform that discuss Yahoo's purchasing and investment decisions.  (ECF 1653, 1653-2, 1687.)  The Court concludes that the redactions are narrowly tailored to protect Yahoo's commercial sensitive information, and the motion is granted.

14. Google has moved to provisionally seal filings made in connection with its reply submissions.  (ECF 1563.)  Google separately moves to permanently redact the names and personal information, and any internal Google URLs, contained in its reply memorandum, the Bosco Reply Declaration and its exhibits.  (ECF 1638.)  Google's motion to seal this information is granted, subject to Paragraph 1 of the April 8 Sealing Order and consistent with Paragraph 3 of this Order.  Google also seeks to redact exhibits to the Bosco Declaration that contain sensitive commercial information.  The redactions are consistent with Paragraph 3 of the April 8 Sealing Order.  The Court concludes that the redactions are narrowly tailored to protect Google's sensitive commercial information, and the motion is granted.

15. Inform moves to maintain redactions to Exhibit 98 to the Bosco Reply Declaration, as well as exhibits to the Bosco Declaration filed in support of Google's summary judgment motion.  (ECF 1710.)  Inform's motion to redact employee information is granted, subject to Paragraph 1 of the April 8 Sealing Order.  Inform also seeks to redact portions of expert reports that contain its sensitive business information including internal company assessments, non-public records, acquisitions prices and company valuation, as well as portions of the deposition transcript of Inform's Rule 30(b)(6) witness that describe Inform's proprietary technical information.  (Peters Dec. ¶¶ 8-10 (ECF 1711-1.)  The Court concludes that the redactions are narrowly tailored to protect Inform's sensitive commercial information, and the motion is granted.

16. Google filed a motion to provisionally seal Exhibit A to a pre-motion letter to strike Inform's Second Corrected Memorandum.  (ECF 1601.)  That exhibit is a redlined document that reflects edits to Inform's memorandum of law in opposition Google's summary judgment motion.  (ECF 1604-1.)  The Court has not identified any submission urging that this document should remain under seal.  The motion for provisional sealing will be granted nunc pro tunc, but no basis for continued sealing having been identified, the document at ECF 1604-1 shall be filed to the public docket.

17. Gannett and Daily Mail filed a motion to provisionally file under seal their opposition to Google's motion to exclude the expert testimony of Li and Hortacsu, stating that the filings contain information that Gannett, Daily Mail and Google have deemed highly confidential or confidential.  (ECF 1608,

1609.) Google does not appear to urge that any portion of the submission remain under seal. (See ECF 1638.) Gannett and Daily Mail seek to permanently maintain redactions to their memorandum in opposition that they urge conceal sensitive commercial information. (See ECF 1610, 1614; Wheatland Dec. ¶ 8; Larkin Dec. ¶ 8.) The Court concludes that the redactions are narrowly tailored to protect the sensitive commercial information of Daily Mail and Gannett, and the motion is granted.

18. Inform has filed a motion to provisionally file under seal its filings in opposition to Google's motion to exclude its experts. (ECF 1617.) Google does not appear to urge that any portion of the submissions remain under seal. (See ECF 1638.) The Court has not identified any submission by Inform or any other party urging that the filings addressed in ECF 1617 should remain under seal. The Court notes that the redactions appear to consist of experts' broad conclusions about basic issues in this case and do not implicate sensitive commercial information. (See, e.g., ECF 1618 at 4 ("Google's auction manipulation actions harmed Inform by stealing its direct ad business.").) The motion for provisional sealing will be granted nunc pro tunc, but no basis for continued sealing having been identified, an unredacted version of the memorandum filed at ECF 1618 shall be filed to the public docket.

19. Inform has filed a motion to provisionally file under seal its opposition to Google's motion to strike the Second Corrected Memorandum. (ECF 1621.) Google does not appear to urge that any portion of the submission remain

under seal.  (See ECF 1638.)  The Court has not identified any submission by Inform or any other party urging that the filings addressed in ECF 1621 should remain under seal.  The motion appears directed to the same redline version of the pleading discussed in paragraph 16.  The motion for provisional sealing will be granted nunc pro tunc, but no basis for continued sealing having been identified, the filing at ECF 1623 shall be filed to the public docket.

20. Via letter-motion, Yahoo explains that at ECF 1653-2, it filed in error an exhibit that contains its own unredacted sensitive commercial information, and that the Clerk of Court has provisionally sealed the entirety of ECF 1653. (ECF 1722.)  Yahoo re-filed its motion at ECF 1687 with this information redacted.  The Court orders that the contents of ECF 1653 permanently remain under seal but denies Yahoo's request to strike the submission from the docket in its entirety.

21. In addition to its motion for sealing, non-party Yieldmo requests that the Court enter an Order affording "attorneys' eyes only" status to "any future competitively sensitive Yieldmo material to be produced in connection with Group 2 Publisher Plaintiffs' subpoena to Yieldmo dated April 15, 2026 . . . ." (ECF 1720 at 1-2.)  Yieldmo explains that the Group 2 Publisher Plaintiffs are direct clients of Yieldmo and that it would "create a severe competitive disadvantage for Yieldmo, if its customers had access to Yieldmo's take rates, pricing, margins and the like."  (Id. at 2.)  To the extent that Yieldmo's concerns are not resolved by any existing protective order, Yieldmo is

directed to confer with opposing counsel and jointly submit a proposed Order setting forth with precision the protections that it seeks.

CONCLUSION.

The provisional sealing motions of Daily Mail, Gannett, Google and Inform are GRANTED nunc pro tunc to the date of filing. (ECF 1512, 1518, 1524, 1563, 1601, 1608, 1617, 1621.) The non-party motions to seal of Pubmatic (1628, 1629), Equativ (ECF 1632), TTD (ECF 1633), OpenX (ECF 1634), Microsoft (ECF 1635), Index Exchange (ECF 1639), Walt Disney (ECF 1649), Magnite (ECF 1650), Yahoo (ECF 1653, 1687), Vox (ECF 1657), Amazon (ECF 1683), GM (ECF 1694), Sovrn (ECF 1699, 1721) and Yieldmo (ECF 1719) are GRANTED. The Publisher Class motion directed to the contents of ECF 1709-30 is GRANTED to the extent that the Court has ruled on the non-parties' motions to redact portions of the Chevalier Report. (ECF 1692.) The sealing motions of Google (ECF 1638) and Inform (ECF 1700, 1710) are GRANTED. The sealing motion of Gannett and Daily Mail is GRANTED IN PART but DENIED without prejudice to the extent that they seek the sealing of the entirety of the Sibley, Li, Hortacsu, Mickens and Chevalier expert reports. (ECF 1690.) No later than June 9, 2026, Gannett and Daily Mail may file a renewed sealing motion directed to these expert reports that is narrowly tailored and consistent with governing authority. Yahoo's motion to seal ECF 1653 is GRANTED. (ECF 1722.)

The Clerk is also directed to terminate the motions in the following member cases: Associated Newspapers Ltd. et al. v. Google LLC et al., 21-cv-3446 (PKC): ECF 316, 339, 351, ECF 356, ECF 357, ECF 358, ECF 359, ECF 365, ECF 366, ECF 369, ECF 383, ECF 385 and ECF 393; In re Google Digital Publisher Antitrust Litigation, 21-cv-7034 (PKC): ECF 336, ECF 344, ECF 362, ECF 363 and ECF 379; Gannett Co., Inc. v. Google LLC et al., 23-cv-

5177 (PKC): ECF 255, ECF 277, ECF 289, ECF 294, ECF 295, ECF 296, ECF 297, ECF 303, ECF 304, ECF 307, ECF 321, ECF 323 and ECF 331; Inform Inc. v. Google LLC et al., 23-cv-1530 (PKC): ECF 186, ECF 191, ECF 202, ECF 207, ECF 210, ECF 216, ECF 231 and ECF 236; Sovrn Holdings, Inc. v. Google LLC et al., 26-cv-1587 (PKC): ECF 25, ECF 26 and ECF 27.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        May 14, 2026