UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                         21-md-3010 (PKC)

                                                            ORDER

---------------------------------------------------------
CASTEL, Senior District Judge:

The Court has received and reviewed the following submissions: Google's letter-motion seeking a protective order (ECF 1737, 1738), the Group 2 Publishers' response (ECF 1745), and Google's reply (ECF 1780); the Competitor Plaintiffs' letter-motion on case management and issue preclusion (ECF 1742), Google's response (ECF 1761) and the parties' supplemental letters (ECF 1795, 1797); Google's letter-motion to compel Group 1 Publishers to further respond to two interrogatories (ECF 1756, 1757) and the Group 1 Publishers' response (ECF 1786); Google's letter-motion seeking to extend fact discovery for the Group 2 Publishers' claims (ECF 1762, 1763) and the Group 2 Publishers' response (ECF 1767); and Advance Publications' letter-motion seeking a protective order (ECF 1777) and Google's response (ECF 1792).

The Court orders as follows:

1.  Google's motion for a protective order will be GRANTED IN PART (ECF 1737, 1738), except to the extent that the Group 2 Publishers will be permitted to take the depositions of Deepti Bhatnagar, Jim Giles, Don Harrison and Tim Lipus, all of whom Google identified in its initial disclosures as individuals likely to have discoverable information. The five additional current and former Google employees identified in Google's letter would testify on auction-related practices that have already been the subject of extensive

discovery.  The Group 2 Publishers have not made a showing that the deposition testimony of those five additional witnesses would shed new light on any topic.  The Court concludes that their testimony would be cumulative and burdensome.

2.  In response to Google's motion, the Group 2 Publishers separately move to compel Google to add nine new ad-tech engineers and product managers as document custodians.  (ECF 1745.)  They also move to compel Google to run searches for six additional search strings.  (Id.)  The motion to compel will be DENIED.  The Group 2 Publishers have not made a showing that these proposed custodians are likely to possess new or unique information.  In its reply letter, Google reports that plaintiffs already possess 340,837 total documents connected to the nine proposed custodians.  (ECF 1780 at 7.)  Two proposed custodians were already designated as documents custodians in other phases of the MDL, where they respectively produced 52,427 and 60,373 documents.  (Id.)  Google reports that during this MDL, it has already produced 570,540 documents responsive to the six proposed search strings. The Court concludes that the nine additional document custodians and six additional search strings are unlikely to yield non-cumulative, non-duplicative evidence.

3.  The Group 2 Publishers and Google are ORDERED (a) to continue to meet and confer on revised, case-specific search terms for the 39 agreed-upon custodians (see ECF 1780 at 3), and (b) report to the Court by June 12, 2026.

2

4.  Google's motion to extend fact discovery in the Group 2 Publisher cases will be GRANTED.  (ECF 1763.)  The close of fact discovery will be extended from June 5, 2026 to September 9, 2026.  The parties are ordered to meet and confer in good faith as to a corresponding extension of the deadline for expert discovery.

5.  Google has filed a motion to compel the Group 1 Publishers to supplement two of their interrogatory responses.  (ECF 1756.)  The Court will refer to the interrogatories as the "Communications Interrogatories" and the "Sponsorship Interrogatories."  The motion will be DENIED as to the "Communications Interrogatories" but GRANTED as to the "Sponsorship Interrogatories."

6.  On the Communications Interrogatories, Google served each Group 1 Publisher (i.e., Slate, Dotdash Meredith, Insider and CMI Marketing) an interrogatory asking it to identify:

> Your communications with Google upon which You rely for any of Your claims, including identifying the dates of such communications, the relevant individuals from You and Google who participated in the communications, the subject matter of such communications, and all documents related thereto.

(ECF 1756 at 2 n.1.)  Google states that on the final day of fact discovery, plaintiffs responded with indices that listed tens of thousands of documents, many of them seemingly irrelevant.  (ECF 1756 at 2-3.)  But the scope of the interrogatory is exceedingly broad, encompassing plaintiffs' communications with Google "upon which [they] rely for any of [their] claims . . . and all documents related thereto."  Google urges that this interrogatory was intended to elicit communications going toward plaintiffs' assertion that Google made

3

misrepresentations to them on certain discrete issues.  But the sheer breadth of the interrogatory, which did not focus on plaintiffs' claims regarding any discrete misrepresentations, invited the expansive response.  Google's motion to compel will be denied as to the Communications Interrogatories.

7.  On the Sponsorship Interrogatories, Google served Slate and Dotdash Meredith each an interrogatory relating to its direct deals with advertisers, which are known as "sponsorships," and asked each publisher to identify:

> Your "sponsorship" deals from which Enhanced Dynamic Allocation reallocated inventory to AdX, as set forth in Paragraph [161 or 159] of Your Complaint, and identify the terms of each "sponsorship" deal, the effective dates of each deal, the amount of inventory reallocated to AdX and the date of each reallocation, and the amount paid for the inventory sold through AdX.

(ECF 1756 at 2 n.1.)  Slate and Dotdash Meredith each alleged in their complaints that Google misrepresented to them that Enhanced Dynamic Allocation would not affect their sponsorship deals, when, in truth, the practice diverted into AdX impressions that ought to have been sold to sponsor advertisers.  In their interrogatory responses, supplemental responses and second supplemental responses, Slate and Dotdash Meredith referred Google to its own business records, cited a swath of undifferentiated documents contained in an appendix, and asserted that they have "limited ability to determine precisely when and how AdX continues to compete against sponsorships" because of purported deficiencies in Google's production.  (ECF, 1756-9 at 27-29; 1756-10 at 26-29.)  In opposition to the motion to compel, Slate and Dotdash Meredith assert that they cannot give a "granular" response to this interrogatory absent expert analysis of Google-

4

supplied data about Enhanced Dynamic Allocation.  (ECF 1786 at 5.)  But at the time they filed their complaint, plaintiffs expressly asserted that their sponsorship deals were harmed by Enhanced Dynamic Allocation.  At this late date, with fact discovery now closed, Slate and Dotdash Meredith have not plausibly explained why they are unable to identify any sponsor whose ad inventory was wrongfully diverted to AdX.  The motion to compel therefore will be granted as to the Sponsorship Interrogatories.

8. Competitor Plaintiffs filed a letter-motion seeking a conference for the purpose of addressing the parties' failure to reach a stipulation on issue preclusion, the appropriate scope of discovery in light of the Court's prior orders on issue preclusion, and the adoption of a discovery schedule.  (ECF 1742.)  In light of Google's response (ECF 1761), which suggests that the parties may be able to reach agreements on key points, the parties are ordered to continue to meet and confer in good faith on the topics outlined by Competitor Plaintiffs.  No later than June 12, 2026, the parties shall file a proposed Case Management Plan and Scheduling Order, using the proposed date of September 25, 2026 for the close of fact discovery.

9. Advance Publications' letter-motion for a protective order will be DENIED. (ECF 1777.)  Google seeks to take the deposition of Randy Siegel, the former CEO of Advance Local, a subsidiary of Advance Publications.  Advance Publications notes that Siegel left the company six years ago, that his documents were deleted in the ordinary course at that time, and that a less-senior employee had primary responsibility for the company's ad tech.  (Id. at

1.)  But Siegel was employed at Advance Local from 2001 to 2020, during which time Advance Local asserts that Google implemented the DFP-AdX tie. (See ECF 1792 at 2.)  Siegel oversaw the company's transition from print to digital publication and communicated internally and with Google about online advertising, including Unified Pricing Rules.  (Id.)  Advance Publications asserts that Siegel had limited responsibilities over the issues in this case, but Google has made out a showing that Siegel may have unique knowledge about the plaintiff's claims.

CONCLUSION.

Google's motion for a protective order is GRANTED IN PART, with the exception that the Group 2 Publishers will be permitted to take the depositions of Deepti Bhatnagar, Jim Giles, Don Harrison and Tim Lipus.  (ECF 1737, 1738.)  The Group 2 Publishers' motion to compel is DENIED.  (ECF 1745.)  Google's motion to extend fact discovery in the Group 2 Publisher cases is GRANTED, and the close of fact discovery is extended from June 5, 2026 to September 9, 2026.  (ECF 1763.)  Google's motion to compel the Group 1 Publishers to supplement their interrogatory responses is DENIED as to the "Communications Interrogatories" but GRANTED as to the "Sponsorship Interrogatories." (ECF 1756.)  Advanced Publications' motion for a protective order is DENIED.  (ECF 1777.) Competitor Plaintiffs and Google are directed to continue to meet and confer in good faith, and no later than June 12, 2026, shall file proposed Case Management Plan and Scheduling Order, using the proposed September 25, 2026 cut-off date for fact discovery.  The Clerk is directed to terminate the letter-motion.  (ECF 1742.)

The Clerk is respectfully directed to terminate the corresponding letter-motions in the following member cases:  Dotdash Meredith Inc. v. Google LLC, 25-cv-7194 (PKC): ECF 87, 88, 92, 93; Insider, Inc. v. Google LLC, 25-cv-7409 (PKC): ECF 83, 84, 88, 89; The Slate Group LLC v. Google LLC, 25-cv-7697 (PKC): ECF 82, 83, 87, 88; CMI Marketing, Inc. v. Google LLC, 25-cv-8630 (PKC): ECF 72, 73, 77, 78;  OpenX Technologies, Inc. v. Google LLC, 25-cv-10817 (PKC): ECF 74; Magnite, Inc. v. Google LLC, 25-cv-10818 (PKC): ECF 54; Pubmatic, Inc. v. Google LLC, 25-cv-10819 (PKC): ECF 68; Index Exchange Inc. v. Google LLC, 25-cv-10477 (PKC): ECF 45; Kargo Global LLC v. Google LLC, 25-cv-10630 (PKC): ECF 43; Equativ SAS v. Google LLC, 26-cv-140 (PKC): ECF 68; Penske Media Corporation v. Google LLC, 26-cv-225 (PKC): ECF 36, 37, 49, 50; The Atlantic Monthly Group LLC v. Google LLC, 26-cv-272 (PKC): ECF 36, 37, 49, 50; Vox Media, LLC v. Google LLC, 26-cv-325 (PKC): ECF 38, 39, 51, 52; McClatchy Media Company, LLC v. Google LLC, 26-cv-339 (PKC): ECF 36, 37, 49, 50; Advance Publications, Inc. v. Google LLC, 26-cv-343 (PKC): ECF 36, 37, 49, 50, 64; Ziff Davis, Inc. v. Google LLC, 26-cv-1055 (PKC): ECF 33, 34, 46, 47; Sovrn Holdings, Inc. v. Google LLC, 26-cv-1587 (PKC): ECF 36; and Los Angeles Times Communications LLC v. Google LLC, 26-cv-1593 (PKC): ECF 26, 27, 39, 40.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 20, 2026