UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST  LITIGATION                                    21-md-3010 (PKC)

                                                        ORDER ON SEALING

------------------------------------------------------------
CASTEL, Senior District Judge:

Google has filed five sealing motions in connection with its letter-briefs submitted on various discovery-related topics.  (ECF 1735, 1754, 1759, 1778, 1790.)  The Court incorporates the legal standards set forth in its Order on Sealing dated April 8, 2026 (the "April 8 Sealing Order").  (ECF 1605 at 2-4.)  It also incorporates Paragraph 1 and 3 of the April 8 Sealing Order, which provided for the redaction of the names of employees who are not top-tier senior executives and the redaction of commercially sensitive technical and business information.  (Id. at 5-6.)

The Court has reviewed the sealing motions and makes the following findings and conclusions:

1. Google moves to redact portions of its letter-brief seeking a protective order and an attached exhibit that identifies by name certain non-senior Google employees.  (ECF 1735.)  That motion will be GRANTED.  The redactions are narrowly tailored to the names of non-senior Google employees and brief references to Google's commercially sensitive information.  The redactions are consistent with Paragraphs 1 and 3 of the April 8 Sealing Order.

2. In connection with its letter-brief seeking to compel Group 1 Publishers to supplement their interrogatory responses, Google moves to redact the names and contact information of non-senior Google employees, as well as

references to its commercially sensitive information.  (ECF 1754.)  That motion will be GRANTED.  The redactions are narrowly tailored to the names of non-senior Google employees and brief references to Google's commercially sensitive information.  The redactions are consistent with Paragraphs 1 and 3 of the April 8 Sealing Order.

3.  Google moves to redact potions of exhibits attached to its letter-brief seeking the extension of fact discovery in the Group 2 Publishers actions.  (ECF 1759.)  That motion will be GRANTED.  The redactions are narrowly tailored to the names and contact information of Google employees, as well as the names of certain Publisher employees and commercially sensitive information of the Publishers.  The redactions are consistent with Paragraphs 1 and 3 of the April 8 Sealing Order.

4.  Google moves to redact exhibits attached to its letter-brief in opposition to the Group 2 Publishers' motion to compel.  (ECF 1778.)  That motion will be GRANTED.  The redactions apply to the names of Google employees, Google customers, and their contact information.  The redactions are narrowly tailored and consistent with Paragraph 1 of the April 8 Sealing Order.  In addition, Google has filed under seal three attached exhibits of a technical nature that relate to Google's current product features.  The motion to seal the three exhibits in full will be granted for the reasons set forth in Paragraph 3 of the April 8 Sealing Order.  (See ECF 1605 at 6.)

5.  Google moves to redact the names and contact information of certain Google employees referenced in Exhibit 4 to their letter-brief in opposition to

Advance Publications' motion for a protective order. (ECF 1790.) The motion will be GRANTED. The redactions are narrowly tailored and consistent with Paragraph 1 of the April 8 Sealing Order.

6. No sealing application was filed in connection with Advance Publications' letter-motion seeking a protective order regarding the deposition of Randy Siegel. Siegel's name is redacted through the letter-motion and Google's response. Siegel is the former CEO of an Advance Publications subsidiary, is named in the Order ruling on the motion, and there is no apparent privacy interest in favor of redacting the name of a party's former senior executive. Advance Publications and Google are ordered to re-file their submissions without the redaction of Siegel's name.

CONCLUSION.

Google's sealing motions are GRANTED. (ECF 1735, 1754, 1759, 1778, 1790.) The Clerk is respectfully directed to terminate the motions.

Within seven days, Advance Publications and Google shall re-file their submissions at ECF 1777 and ECF 1793 without redaction to the name of Randy Siegel.

The Clerk is respectfully directed to terminate the corresponding letter-motions in the following member cases: Dotdash Meredith Inc. v. Google LLC, 25-cv-7194 (PKC): ECF 85, 90; Insider, Inc. v. Google LLC, 25-cv-7409 (PKC): ECF 81, 86; The Slate Group LLC v. Google LLC, 25-cv-7697 (PKC): ECF 80, 85; CMI Marketing, Inc. v. Google LLC, 25-cv-8630 (PKC): ECF 70, 75; Penske Media Corporation v. Google LLC, 26-cv-225 (PKC): ECF 34, 47, 64; The Atlantic Monthly Group LLC v. Google LLC, 26-cv-272 (PKC): ECF 34, 47, 64; Vox Media, LLC v. Google LLC, 26-cv-325 (PKC): ECF 36, 49, 66; McClatchy Media Company,

3

LLC v. Google LLC, 26-cv-339 (PKC): ECF 34, 47, 64; Advance Publications, Inc. v. Google

LLC, 26-cv-343 (PKC): ECF 34, 47, 65, 71; Ziff Davis, Inc. v. Google LLC, 26-cv-1055 (PKC):

ECF 31, 44, 61; and Los Angeles Times Communications LLC v. Google LLC, 26-cv-1593

(PKC): ECF 24, 37, 54.

        SO ORDERED.

                                      P. Kevin Castel
                          United States District Judge

Dated: New York, New York
       May 20, 2026