UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-md-3010 (PKC)** |

*This Document Relates To:*

| | |
|---|---|
| *Advance Publications, Inc v. Google LLC*; | **No. 1:26-cv-00343 (PKC)** |
| *McClatchy Media Company v. Google LLC*; | **No. 1:26-cv-00339 (PKC)** |
| *Vox Media, LLC v. Google LLC*; | **No. 1:26-cv-00325 (PKC)** |
| *The Atlantic Monthly Group LLC v. Google LLC*; | **No. 1:26-cv-00272 (PKC)** |
| *Penske Media Corporation v. Google LLC*; | **No. 1:26-cv-00225 (PKC)** |
| | **No. 1:26-cv-01055 (PKC)** |
| *Ziff Davis, Inc. v. Google LLC*; | |
| -and- | |
| *Los Angeles Times Communications LLC v. Google LLC* | **No. 1:26-cv-01593 (PKC)** |

**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>THEIR MOTION TO FILE UNDER SEAL</u>**

Pursuant to Rule 5 of this Court's Individual Practices and paragraph 21 of the Modified Confidentiality Order, ECF No. 685 at 25, Defendants Google LLC and Alphabet Inc. (together, "Google") file this Memorandum of Law in Support of its Motion to Seal, which seeks to maintain under seal Exhibits F, G, and H to Google's Letter Opposition to Plaintiffs' Motion to Compel Google to Add Custodians and Apply Search Terms, ECF Nos. 1780-6, 1780-7, and 1780-8. The Court granted Google's motion to provisionally file these exhibits under seal because they are "of a technical nature that relate to Google's current product features," ECF No. 1800 at 2, citing the April 8 sealing order finding that disclosure of such information "could cause competitive or other tangible economic harm to Google." ECF No. 1605 at 5-6. These exhibits additionally include the personal information of Google employees. Google files this supplemental Sealing Motion to include additional factual support further to its Provisional Motion to Seal, ECF No. 1778. In support of this Sealing Motion, Google submits the Declaration of Ali Amini.

## INTRODUCTION

Google submits this Sealing Motion seeking permission to maintain certain exhibits under seal to prevent the disclosure of specific non-public information that would, if disclosed, harm the privacy interests of Google's employees and the competitive interests of Google's business. Google's proposed redactions are highlighted in the Exhibits filed contemporaneously herewith. Google seeks permission to maintain under seal Exhibits F-H, which contain sensitive Google competitive business strategy and product details.

Google respectfully submits that these details are not necessary for the public to understand and evaluate the disputes raised by these filings, which focus on a discovery dispute related to custodians and search terms, not the specific individuals involved in the business or the precise technical specifications of certain product design features. In deference to the First Amendment interests at issue, Google has narrowly tailored its sealing request in a manner that is consistent

with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## LEGAL STANDARD

In considering requests to seal or redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors." *See Lugosch*, 435 F.3d at 119-120.  Such factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure.  *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d Cir. 1995). As the Court has previously recognized, the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 147 at 3–4 (quoting *Lugosch*, 435 F.3d at 121).

The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050 (citation omitted); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). As the Court previously recognized, "the names . . . of . . . Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access."  ECF No. 147 at 9.  This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue.  *See, e.g., Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction of this information is warranted").

Another interest that can outweigh the presumption of access and warrant sealing is "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023). "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest [warranting redaction]." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). Second Circuit courts can and do grant motions to seal commercially sensitive or confidential information. *See, e.g.*, *Stegmann ex rel. Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (permitting redactions to a complaint, which drew on internal documents, to "protect against disclosure of confidential and commercially sensitive information that would cause [the company] competitive harm"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to a complaint that were "narrowly tailored to protect competitive business information"); *see also Amodeo II*, 71 F.3d at 1050 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *accord In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2.

## **ARGUMENT**

For the reasons set forth below, the Court should order that Exhibits F, G, and H to Google's Letter Opposition to Plaintiffs' Motion to Compel Google to Add Custodians and Apply Search Terms should remain under seal.

Aside from protecting the names and personal information of Google employees contained in these exhibits—and URLs or other links that might be used to seek access to internal Google documents—Google also requests that these exhibits remain under seal to protect its competitively sensitive business information.

Google requests to seal these exhibits that reflect implementation details for current

proprietary product optimizations, features, and strategy as well as design information for Google's internal engineering and financial systems. Declaration of Ali Amini at 2-3. Disclosure of this information could significantly harm Google's relationships, and place Google at a disadvantage with competitors, who could use Google's confidential analyses to their advantage. *See Playtex*, 2016 WL 1276450, at *11 (permitting redactions for "analytical testing" and "research and development for new products").

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court permit Google to maintain Exhibits F, G, and H under seal in order to prevent the disclosure of non-public information that, if revealed, would significantly harm the privacy interests of Google's employees and the competitive interests of Google's business.

Dated: June 12, 2026

Respectfully Submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

CC: All Counsel of Record (via ECF)