**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-3010 (PKC)<br><br>[~~PROPOSED~~] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

*This Document Relates To:*

|  |  |
|---|---|
| OPENX TECHNOLOGIES, INC., and OPENX LTD.<br><br>*Plaintiffs,*<br><br>v.<br><br>GOOGLE LLC, and ALPHABET INC.,<br><br>*Defendants.* | Case No. 1:25-cv-10817 (PKC) |
| MAGNITE, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC, and ALPHABET INC.,<br><br>*Defendants.* | Case No. 1:25-cv-10818 (PKC) |
| PUBMATIC, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC, and ALPHABET INC.,<br><br>*Defendants.* | Case No. 1:25-cv-10819 (PKC) |

| | |
|---|---|
| EQUATIV SAS, EQUATIV INC., SHARETHROUGH INC., and SHARETHROUGH USA, INC., <br><br> *Plaintiffs,* <br> v. <br><br> GOOGLE LLC, and ALPHABET INC., <br><br> *Defendants.* | Case No. 1:26-cv-00140 (PKC) |
| INDEX EXCHANGE INC., <br><br> *Plaintiff,* <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant.* | Case No. 1:25-cv-10477 (PKC) |
| KARGO GLOBAL LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant.* | Case No. 1:25-cv-10630 (PKC) |
| SOVRN HOLDINGS, INC., <br><br> *Plaintiff,* <br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants.* | Case No. 1:26-cv-01587 (PKC) |

TRUSTX DIGITAL ADVERTISING
SERVICES, INC., P.B.C.,

             *Plaintiff,*

      v.

GOOGLE LLC and ALPHABET INC.,

             *Defendants.*

Case No. 1:26-cv-03135 (PKC)

This Civil Case Management Plan and Scheduling Order ("Plan") is submitted by the parties in the above-captioned actions (the "Parties") in accordance with Fed. R. Civ. P. 26(f)(3):

1. All Parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. Plaintiffs in these cases demand a jury trial.

3. The following actions are subject to this Order: *OpenX Technologies, Inc. v. Google LLC*, No. 1:25-cv-10817 (PKC); *Magnite, Inc. v. Google LLC*, No. 1:25-cv-10818 (PKC); *PubMatic, Inc. v. Google LLC*, No. 1:25-cv-10819 (PKC); *Equativ SAS v. Google LLC*, No. 1:26-cv-00140 (PKC); *Index Exchange Inc. v. Google LLC*, No. 1:25-cv-10477 (PKC); *Kargo Global LLC v. Google LLC*, No. 1:25-cv-10630 (PKC); *Sovrn Holdings, Inc. v. Google LLC*, No. 1:26-cv-01587 (PKC); and *TRUSTX Digital Advertising Services, Inc., P.B.C. v. Google LLC*, No. 1:26-cv-03135 (PKC). The Plaintiffs in the actions subject to this Order are collectively referred to as "Competitors" or "Plaintiffs." The Defendants in the actions subject to this Order are collectively referred to as "Google."

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

1

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were served on March 24, 2026, and, in the case of TRUSTX, on May 22, 2026. Parties have an ongoing duty to supplement initial disclosures pursuant to Fed. R. Civ. P. 26(e).

6. All fact discovery shall be completed no later than November 10, 2026.[1]

7. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. Interim deadlines may be extended by written consent of these parties without application to the Court, provided that all fact discovery is completed by the deadline set forth pursuant to Paragraph 6 above:

   7.1. Requests for production of documents and data were served on March 24, 2026, and June 3, 2026, and in the case of TRUSTX, May 22, 2026 and May 26, 2026. The Parties (except TRUSTX) shall substantially complete production of documents and data responsive to initial requests for production by July 24, 2026; in the case of TRUSTX, the parties shall substantially complete production of documents and data responsive to initial requests for production by August 21, 2026. The Parties shall complete production of any deponent's custodial documents 14 calendar days before the deposition. When serving productions of documents, the serving Party shall serve the productions on every other Party in the Competitor

---

[1] Recognizing that the Court's Order instructed the Parties to file a proposed Case Management Plan and Scheduling Order, using the proposed September 25, 2026 cut-off date for fact discovery, MDL Dkt. 1799, the Parties have met and conferred and respectfully request that the fact discovery deadline be slightly extended. This extension is necessary in order to allow the parties to complete all necessary depositions between the substantial production deadline (July 24; August 21 for TRUSTX) and close of fact discovery.

2

Cases, and shall serve the productions on the Plaintiffs in the Group 1, Group 2, and Group 3 Publisher Cases.[2]

7.2.    Interrogatory responses of Google in this MDL are useable as if posed in any of the Competitor Cases covered by this Order, except to the extent that a specific response exclusively addresses the actions of a plaintiff other than the Plaintiffs covered by this Order. Plaintiffs may serve a combined set of no more than 12 interrogatories on Google. Google may serve up to 12 interrogatories in each case.[3] Parties may serve any non-contention interrogatories by June 26, 2026, and any contention interrogatories by September 11, 2026.

7.3.    Requests to Admit may be served by September 11, 2026. Plaintiffs may collectively serve up to 20 Requests to Admit on Google, and Google may serve no

---

[2] The Group 1 Publisher cases are: *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-07194-PKC (S.D.N.Y.); *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409-PKC (S.D.N.Y.); *Slate Group LLC v. Google LLC*, No. 1:25-cv-07697-PKC (S.D.N.Y.); and *CMI Marketing, Inc. v. Google LLC*, No. 1:25-cv-08630-PKC (S.D.N.Y.).

The Group 2 Publisher cases are: *Advance Publications, Inc. v. Google LLC*, No. 1:26-cv-00343-PKC (S.D.N.Y.); *McClatchy Media Company v. Google LLC*, No. 1:26-cv-00339-PKC (S.D.N.Y.); *Vox Media, LLC v. Google LLC*, No. 1:26-cv-00325-PKC (S.D.N.Y.); *The Atlantic Monthly Group LLC v. Google LLC*, No. 1:26-cv-00272-PKC (S.D.N.Y.); *Penske Media Corporation v. Google LLC*, No. 1:26-cv-00225-PKC (S.D.N.Y.); *Los Angeles Times Communications LLC et al. v. Google LLC et al.*, No. 1:26-cv-1593-PKC (S.D.N.Y.); and *WP Company, LLC v. Google LLC et al.*, No. 1:26-cv-04058-PKC (S.D.N.Y.).

The Group 3 Publisher cases are: *Mediavine, Inc. v. Google LLC et al.*, No. 26-cv-2329-PKC (S.D.N.Y.) and *MH Sub I, LLC et al. v. Google LLC et al.*, No. 26-cv-4119-PKC (S.D.N.Y.).

[3] For *Kargo*, No. 1:25-cv-10630, Kargo and TripleLift count as two plaintiffs for purposes of this order such that Google can serve up to 24 interrogatories in their case, with no more than 12 directed at TripleLift or at Kargo.

3

more than 20 Requests to Admit in each case. No Requests to Admit shall be served for the purpose of authenticating documents.[4]

7.4.    Depositions of fact witnesses shall be completed by the close of fact discovery in Paragraph 6 above. Plaintiffs shall be permitted to notice up to 30 party fact-witness depositions (inclusive of 30(b)(6) depositions), ~~For any deposition of a Google witness sought by both Plaintiffs in these cases and plaintiffs in the Publisher Group 1 and 2 Cases ("Group 1 and 2 Publishers"), Competitors agree to equally share with Group 1 and 2 Publishers 8 hours of deposition time.~~ Google shall be permitted to notice up to 72 party fact-witness depositions with no more than 10 fact-witness depositions (inclusive of 30(b)(6) depositions) per Plaintiff.[5] For limits on third-party depositions, the Parties shall continue to meet and confer to reach agreement on the number of third-party depositions each side is permitted to take. If the Parties are unable to reach an agreement on third-party depositions the Parties shall submit to the Court their respective positions via a joint submission by August 3, 2026. Notwithstanding the Parties' future negotiations on this issue, nothing in this provision shall prohibit either side from using a portion of their number of allotted party fact-witness depositions to take third-party depositions.

*See Addendum to paragraph 7.4* [handwritten margin note]

---

[4] For *Kargo*, No. 1:25-cv-10630, Google can serve up to 40 Requests to Admit, with no more than 20 directed at Kargo or TripleLift.

[5] For *Kargo*, No. 1:25-cv-10630, Kargo and TripleLift each count as separate Plaintiffs for purposes of this provision.

For *Equativ SAS v. Google LLC*, No. 1:26-cv-00140 (PKC), Equativ SAS, Equativ Inc., Sharethrough Inc., and Sharethrough USA, Inc. count as a single Plaintiff for purposes of this provision.

ADDNEDUM TO PARAGRAPH 7.4

For any deposition of a Google witness sought by both Plaintiffs in these cases and plaintiffs in the Publisher Group 1 and 2 Cases ("Group 1 and 2 Publishers"), counsel for the Competitors and counsel for Group 1 and 2 Publishers shall meet and confer on a plan for an 8 hour examination of the deponent.  After the completion of the 8 hour examination, the Competitors or the Group 1 and 2 Publishers may make application to the Court for a further examination of the witness demonstrating that (a) the 8 hour period was efficiently utilized, (b) material areas of inquiry could not be covered within an 8 hour period and (c) other discovery or other forms of discovery are an inadequate substitute. As with any discovery issue, no such application shall be made without an adequate meet and confer session with opposing counsel, i.e. counsel for Google.

8. All expert discovery shall be completed by April 30, 2027. Plaintiffs shall serve opening reports of all experts by December 1, 2026. Google shall serve responsive expert reports by February 26, 2027. Plaintiffs may then serve any rebuttal expert reports by March 31, 2027. Depositions of experts shall be completed by April 30, 2027.

9. The Stipulation and Order Regarding Expert Discovery (ECF No. 428), the Order Regarding Discovery Procedure (ECF No. 508), and the Modified Confidentiality Order (ECF No. 685), shall apply to the cases identified in Paragraph 3.

10. <u>Coordination of Competitor Cases.</u>

   10.1. All documents and data produced in any Competitor Case may be used in any other Competitor Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

   10.2. All documents and data produced during fact discovery in the initial group of MDL cases,[6] or in the Group 1 or Group 2 Publisher cases, may be used in any Competitor Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

   10.3. The transcript[7] and exhibits from any deposition taken in any Competitor Case may be used in any other Competitor Case for any purpose permissible under the

---

[6] The "initial group of MDL cases" includes *In re: Google Digital Publisher Antitrust Litig.*, No. 1:21-cv-07034-PKC (S.D.N.Y.); *In re: Google Digital Advertising Antitrust Litig.*, No. 1:21-cv-07001-PKC (S.D.N.Y.); *Associated Newspapers Ltd. v. Google LLC*, No. 1:21-cv-03446-PKC (S.D.N.Y.); *Gannett Co., Inc. v. Google LLC*, No. 1:23-cv-05177-PKC (S.D.N.Y.); and *Inform Inc. v. Google LLC*, No. 1:23-cv-01530-PKC (S.D.N.Y.).

[7] As used in this Order, "transcript" means any recording of testimony, including recordings by stenographic means and by video.

Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.4.    The transcript and exhibits from any deposition taken in the initial group of MDL cases, or in the Group 1 or Group 2 Publisher cases, may be used in any Competitor Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.5.    The transcript and exhibits from the liability trial in *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va.) ("Virginia Action"), and the transcript and exhibits from any depositions of fact witnesses (other than current and/or former Meta employees whose transcripts have not been previously produced in this MDL[8]) taken in the liability phase of the Virginia Action, may be used in any Competitor Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

11. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion letter requirements. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a pre-motion letter relating thereto is filed no later than May 10, 2027.

12. The time for filing Final Pre-Trial Submissions is stayed pending further Order of this Court.

---

[8] *See* MDL Dkt. 564 ¶ 3(g)(iii).

6

13. The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14. The next Case Management Conference will be scheduled at a future date.

15. This Scheduling Order is entered pursuant to Fed. R. Civ. P. 16(b), and may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Practices and shall be made no less than 14 days prior to the expiration of the date sought to be extended.

New York, NY
Dated:  *June 17, 2025*

P. Kevin Castel
United States District Judge

7