**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 1:21-md-03010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| OPENX TECHNOLOGIES, INC., and OPENX LTD.,<br><br>             *Plaintiffs,*<br><br>   -against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>             *Defendants.* | No. 1:25-cv-10817 (PKC) |
| MAGNITE, INC.,<br><br>             *Plaintiff,*<br><br>   -against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>             *Defendants.* | No. 1:25-cv-10818 (PKC) |

| | |
|---|---|
| PUBMATIC, INC.,<br><br>        *Plaintiff,*<br><br> -against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>        *Defendants.* | No. 1:25-cv-10819 (PKC) |
| EQUATIV SAS, EQUATIV INC., SHARETHROUGH INC., and SHARETHROUGH USA, INC.,<br><br>        *Plaintiffs,*<br><br> -against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>        *Defendants.* | No. 1:26-cv-00140 (PKC) |
| INDEX EXCHANGE INC.,<br><br>        *Plaintiff,*<br><br> -against-<br><br>GOOGLE LLC,<br><br>        *Defendant.* | No. 1:25-cv-10477 (PKC) |

| | |
|---|---|
| **KARGO GLOBAL LLC,**<br><br>*Plaintiff,*<br><br>-against-<br><br>**GOOGLE LLC,**<br><br>*Defendant.* | **No. 1:25-cv-10630 (PKC)** |
| **SOVRN HOLDINGS, INC.,**<br><br>*Plaintiff,*<br><br>-against-<br><br>**GOOGLE LLC and ALPHABET INC.,**<br><br>*Defendants.* | **No. 1:26-cv-01587 (PKC)** |
| **TRUSTX DIGITAL ADVERTISING SERVICES, INC., P.B.C.,**<br><br>*Plaintiff,*<br><br>-against-<br><br>**GOOGLE LLC and ALPHABET INC.,**<br><br>*Defendants.* | **No. 1:26-cv-03135 (PKC)** |

## STIPULATION AND [PROPOSED] ORDER REGARDING ISSUE PRECLUSION

Plaintiffs OpenX Technologies, Inc. and OpenX Ltd. (together, "OpenX"), PubMatic, Inc. ("PubMatic"), Magnite, Inc. ("Magnite"), Equativ SAS, Equativ Inc., Sharethrough Inc. and Sharethrough USA, Inc. (together, "Equativ"), Index Exchange Inc. ("Index Exchange"), Kargo Global LLC ("Kargo"), Sovrn Holdings, Inc. ("Sovrn"), and TRUSTX Digital Advertising

Services, Inc., P.B.C. ("TRUSTX," and together with the other Plaintiffs, the "Competitor Plaintiffs"), and Defendants Google LLC and Alphabet Inc. (jointly "Google"), through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on April 17, 2025, the United States District Court for the Eastern District of Virginia (the "Virginia Court") published its decision in the United States Department of Justice's and several state attorneys general's case against Google related to digital advertising (the "E.D. Va. Action"). *United States v. Google LLC*, 778 F. Supp. 3d 797 (E.D. Va. 2025) ("E.D. Va. Decision");

WHEREAS, on October 27, 2025, this Court granted in part and denied in part the MDL Plaintiffs' motions for partial summary judgment and precluded Google from relitigating certain issues decided by the Virginia Court. *In re Google Digital Advertising Antitrust Litig.*, 2025 WL 3012840 (S.D.N.Y. Oct. 27, 2025) ("Issue Preclusion Order");

WHEREAS, the Court ruled that "Google is precluded from relitigating, inclusive of the balancing of procompetitive benefits and anticompetitive effects, the following findings and conclusions in the E.D. Va. Action: (1) the existence of separate and distinct markets for publisher ad servers and ad exchanges, (2) that the ad server and ad exchange markets are worldwide in scope, excluding countries restricting access to the internet or subject to U.S. sanctions, (3) that Google has engaged in the following anticompetitive conduct which supports the Publisher Movants' claim that it willfully acquired and maintained its monopoly power in the ad server and ad exchange markets: Unlawful Tying, First Look, Last Look, Dynamic Revenue Share and Unified Pricing Rules, and (4) that Google has unlawfully tied DoubleClick for Publishers and AdX in violation of section 1 of the Sherman Act." *Id.* at *17–18;

WHEREAS, the Court defined "Unlawful Tying" in the Issue Preclusion Order as "the[] claim that Google unlawfully tied DoubleClick for Publishers to AdX." *In re Google Digital Advertising Antitrust Litig.*, 2025 WL 3012840, at *8 (S.D.N.Y. Oct. 27, 2025);

WHEREAS, the Court defined "First Look" in the Issue Preclusion Order as "Google's requirement that publishers using DoubleClick for Publishers offer AdX a first opportunity to bid on each impression offered in the exchange's auction process [] with AdX deemed the winning bidder if it topped a minimum floor price without the opportunity for other ad exchanges to bid." *Id.* at *9;

WHEREAS, the Court defined "Last Look" in the Issue Preclusion Order as "a feature that gave AdX the ability to see competing exchanges' bids in what was otherwise [a] sealed auction." *Id.*;

WHEREAS, the Court defined "Dynamic Revenue Share" in the Issue Preclusion Order as "conduct that allowed Google's AdX to adjust the percentage fee it charged by lowering the 'take rate' on 'competitive impressions that had received relatively high offers from third-party exchanges via header bidding.'" *Id.*;

WHEREAS, the Court defined "Unified Pricing Rules" in the Issue Preclusion Order as a policy which "prohibited publishers using DoubleClick for Publishers from setting higher price floors for AdX auctions tha[n] for other exchanges." *Id.*;

WHEREAS, on February 23, 2026, OpenX, Magnite, PubMatic, and Equativ filed a Consolidated Amended Complaint (MDL Dkt. 1492) ("OpenX Complaint");

WHEREAS, on March 11, 2026, Index Exchange, Kargo[1], and Sovrn filed a First Amended Consolidated Complaint (MDL Dkt. 1543) ("Index Complaint");

WHEREAS, on April 16, 2026, TRUSTX filed a Complaint in the Southern District of New York, Case No. 1:26-cv-03135 (Dkt. 1) ("TRUSTX Complaint");

WHEREAS, the Virginia Court found a relevant market for publisher ad servers for open-web display advertising worldwide, excluding countries where the operation of ad tech companies is substantially restricted by government censorship of the Internet or U.S. economic sanctions, and excluding publisher ad servers for mobile app inventory, for instream video ads, and for web display inventory on social media and "walled garden" sites. *See United States v. Google LLC*, 778 F. Supp. 3d 797, 833–36, 847–48 & n.26 (E.D. Va. 2025);

WHEREAS, the Competitor Plaintiffs allege a relevant market for publisher ad servers for open-web display advertising worldwide, relying upon the Virginia Court's findings. OpenX Compl. ¶¶ 162–63; Index Compl. ¶¶ 200–05; TRUSTX Compl. ¶¶ 145–50;

WHEREAS, the Virginia Court found a relevant market for ad exchanges for open-web display advertising worldwide, excluding countries where the operation of ad tech companies is substantially restricted by government censorship of the Internet or U.S. economic sanctions, and excluding ad exchanges for mobile app inventory, for instream video ads, and for web display inventory on social media and "walled garden" sites. *See United States v. Google LLC*, 778 F. Supp. 3d 797, 837, 839–40, 847–48 & n.26 (E.D. Va. 2025);

---

[1] In December 2025, Kargo acquired all right, title, and interest in TripleLift, Inc's claims against Google arising out of or in connection with Google's monopoly of the ad exchange market. *See* Index Compl. ¶ 16. Triple Lift, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in New York, NY. *Id.*

WHEREAS, the Competitor Plaintiffs allege a relevant market for ad exchanges for open-web display advertising worldwide, relying upon the Virginia Court's findings. OpenX Compl. ¶¶ 165–66; Index Compl. ¶¶ 200, 210–12; TRUSTX Compl. ¶¶ 145, 155–56;

WHEREAS, the Competitor Plaintiffs allege, in part, that Google engaged in the following enumerated conduct that the Virginia Court found was anticompetitive and that the Court has found that Google is precluded from relitigating (absent any findings of fact and/or conclusions of law in the E.D. Va. Decision being overturned on appeal): (i) Unlawful Tying of DFP to AdX, (ii) First Look, (iii) Last Look, (iv) Dynamic Revenue Share, and (v) Unified Pricing Rules. OpenX Compl. ¶¶ 459, 462(ii)–(v), 462(x), 468, 471(ii)–(v), 471(x), 477; Index Compl. ¶¶ 242–43, 270(i), 270(iv)–(v), 270(ix); TRUSTX Compl. ¶¶ 186–87, 213(i), 213(iv)–(vi), 213(ix);

WHEREAS, Google has stated that it intends to appeal the Virginia Court's decision, and if that decision is reversed in whole or in part, Federal Rule of Civil Procedure 60(b) would provide Google with a mechanism to seek to relitigate in the above-captioned proceedings, the issues addressed in the Issue Preclusion Order. *See In re Google Digital Advertising Antitrust Litig.,* 2025 WL 3012840, at *6;

NOW THEREFORE, Google and Competitor Plaintiffs, through their respective counsel, hereby stipulate as follows:

1. Google is precluded from relitigating, inclusive of the balancing of procompetitive benefits and anticompetitive effects, the following findings and conclusions in the E.D. Va. Decision:

   a. The existence of separate and distinct product markets for publisher ad servers and ad exchanges;

5

    b.  The existence of publisher ad server and ad exchange markets that are worldwide in scope, excluding countries restricting access to the internet or subject to U.S. sanctions;

    c.  That Google has engaged in the following anticompetitive conduct which supports Competitor Plaintiffs' claims that Google willfully acquired and maintained its monopoly power in the ad server and ad exchange markets: Unlawful Tying, First Look, Last Look, Dynamic Revenue Share and Unified Pricing Rules; and

    d.  That Google has unlawfully tied DoubleClick for Publishers and AdX in violation of section 1 of the Sherman Act.

2. Nothing in this Stipulation governs or affects the scope of fact or expert discovery in the above-captioned cases on the issues addressed in this Stipulation and/or the Issue Preclusion Order.

3. Nothing in this Stipulation shall limit or otherwise preclude Google's ability to litigate and defend against any of Competitor Plaintiffs' claims, allegations, antitrust markets, theories, or arguments not covered by Paragraph 1 of this Stipulation.

4. To the extent Competitor Plaintiffs, while purporting to rely on Paragraph 1, assert claims, allegations, theories, antitrust markets, or arguments that deviate from the findings of fact and/or conclusions of law in the E.D. Va. Decision or the findings in the Issue Preclusion Order forming the basis of this Stipulation, nothing in this Stipulation shall limit or otherwise preclude Google's ability to litigate and defend against those claims, allegations, theories, antitrust markets, or arguments.

5.  This Stipulation does not affect Google's right to appeal the findings of fact and/or conclusions of law in the E.D. Va. Decision.

6.  If any of the findings of fact and/or conclusions of law in the E.D. Va. Decision are overturned on appeal, Federal Rule of Civil Procedure 60(b) would provide Google with a mechanism to relitigate in the above-captioned cases the issues addressed in the Issue Preclusion Order.

7.  The parties will have the same rights to appeal the Court's determinations and rulings in the Issue Preclusion Order as they would have if those determinations and rulings were set forth in a separate order adjudicating a motion for partial summary judgment in the above-captioned cases, and the parties appealed that separate order.

8.  This Stipulation shall have no effect on any case other than the above-captioned cases.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date:_____June 25, 2026_____

_____
Hon. P. Kevin Castel
United States District Court
Southern District of New York

7

Dated:  June 25, 2026

Respectfully submitted,

/s/ *Yonatan Even*

Yonatan Even
Lauren M. Rosenberg
Jonathan Mooney
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
yeven@cravath.com
lrosenberg@cravath.com
jmooney@cravath.com

Benjamin H. Diessel
Nathan E. Denning
Colleen M. Kozikowski
**WIGGIN AND DANA LLP**
437 Madison Avenue, 35th Floor
New York, NY 10022
Telephone:  (212) 551-2600
Facsimile:  (212) 551-2888
bdiessel@wiggin.com
ndenning@wiggin.com
ckozikowski@wiggin.com

*Counsel for Plaintiffs OpenX Technologies, Inc., and OpenX Ltd.*

/s/ *Martha L. Goodman*

Jeannie S. Rhee (*PHV*)
Karen L. Dunn (*PHV*)
William A. Isaacson (*PHV*)
Martha L. Goodman (MG5624)
Jessica E. Phillips (*PHV*)
Amy J. Mauser (*PHV*)
**DUNN ISAACSON RHEE LLP**
401 Ninth Street, NW
Washington, DC 20004
Telephone: (202) 240-2900
jrhee@dirllp.com
kdunn@dirllp.com
wisaacson@dirllp.com
mgoodman@dirllp.com
jphillips@dirllp.com
amauser@dirllp.com

Erin J. Morgan (EM1694)
**DUNN ISAACSON RHEE LLP**
11 Park Place
New York, NY 10007
Telephone: (202) 240-2900
emorgan@dirllp.com

Bradley D. Justus
Allison M. Vissichelli
**AXINN, VELTROP & HARKRIDER LLP**
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 469-3532
bjustus@axinn.com
avissichelli@axinn.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

/s/ *Brandon Kressin*
Brandon Kressin
**KRESSIN POWERS LLC**
400 7th St. NW, Unit 300
Washington, DC 20004
Telephone:  (202) 464-2905
brandon@kressinpowers.com

*Counsel for Plaintiff Magnite, Inc.*

/s/ *Christina V. Rayburn*
John C. Hueston
Joseph Aronsohn
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, NY 10014
Telephone:  (646) 930-4046
jhueston@hueston.com
jaronsohn@hueston.com

Doug J. Dixon
Christina V. Rayburn
Joseph A. Reiter
Justin M. Greer
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:  (949) 356-6412
ddixon@hueston.com
crayburn@hueston.com
jreiter@hueston.com
jgreer@hueston.com

*Counsel for Plaintiff PubMatic, Inc.*

8

/s/ Nicolas Stebinger
Nicolas Stebinger
Victoria Sims (*Pro Hac Vice*)
**SIMONSEN SUSSMAN LLP**
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 384-3130
nicolas@simonsensussman.com
victoria.sims@simonsensussman.com

Shaoul Sussman
Nico Gurian
Paul Goodrich (*Pro Hac Vice*)
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Telephone: (718) 510-5495
shaoul@simonsensussman.com
nico.gurian@simonsensussman.com
paul.goodrich@simonsensussman.com

Catherine Simonsen (*Pro Hac Vice*)
Thomas Mattes (*Pro Hac Vice*)
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Telephone: (917) 747-5196
catherine@simonsensussman.com
thomas.mattes@simonsensussman.com

*Counsel for Plaintiffs Equativ SAS, Equativ
Inc., Sharethrough Inc., and Sharethrough
USA, Inc.*

/s/ Ian B. Crosby
Ian B. Crosby (WA 28461)
Edgar Sargent (WA 28283)
Steve M. Seigel (WA 53960)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
esargent@susmangodfrey.com
sseigel@susmangodfrey.com

Davida Brook (CA 275370)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com

Emily Portuguese (NY 5920327)
Tom Boardman (NY 4838074)
**SUSMAN GODFREY L.L.P.**
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
eportuguese@susmangodfrey.com
tboardman@susmangodfrey.com

*Counsel for Plaintiffs Index Exchange Inc.
and Kargo Global LLC*

9

/s/ *Paul A. Williams*
Paul A. Williams (Admitted SDNY)
Eric J. Hobbs (*Pro Hac Vice*)
**SHOOK, HARDY AND BACON L.L.P.**
1660 17th Street, Suite 450
Denver, CO 80202
Telephone: (303) 285-5300
Facsimile: (303) 285-5301
pwilliams@shb.com
ehobbs@shb.com

Riley C. Mendoza (Admitted SDNY)
**SHOOK, HARDY AND BACON L.L.P.**
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
rmendoza@shb.com

Ryan M. Sandrock (*Pro Hac Vice*)
**SHOOK, HARDY AND BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1900
Facsimile: (415) 391-0281
rsandrock@shb.com

Erin M. Fishman (*Pro Hac Vice*)
**SHOOK, HARDY AND BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
efishman@shb.com

David M. Liu (*Pro Hac Vice*)
**SHOOK, HARDY AND BACON L.L.P.**
1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
dliu@shb.com

*Counsel for Plaintiff Sovrn Holdings, Inc.*

/s/ *Adam M. Acosta*
Adam M. Acosta
**PIERSON FERDINAND LLP**
601 Pennsylvania Ave NW, Suite 900
Washington, DC 20004
(771) 244-2815
adam.acosta@pierferd.com

Matthew C. DeFrancesco (JD1427)
**PIERSON FERDINAND LLP**
1270 Avenue of the Americas
7th Floor—1050
New York, NY 10020
(475) 284-2005
matthew.defrancesco@pierferd.com

*Counsel for TRUSTX Digital Advertising Services, Inc., P.B.C.*