**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | No. 1:21-md-3010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| **McCLATCHY MEDIA COMPANY, LLC,** | |
| *Plaintiffs*, | No. 1:26-cv-00339 (PKC) |
| -against- | |
| **GOOGLE LLC,** | |
| *Defendants.* | |
| **ADVANCE PUBLICATIONS, INC.,** | |
| *Plaintiffs*, | No. 1:26-cv-00343 (PKC) |
| -against- | |
| **GOOGLE LLC,** | |
| *Defendants.* | |
| **VOX MEDIA, LLC,** | |
| *Plaintiff*, | No. 1:26-cv-00325 (PKC) |
| -against- | |
| **GOOGLE LLC,** | |
| *Defendants.* | |

**THE ATLANTIC MONTHLY GROUP LLC,**

*Plaintiff,*

No. 1:26-cv-00272 (PKC)

-against-

**GOOGLE LLC,**

*Defendants.*

---

**PENSKE MEDIA CORPORATION,**

*Plaintiffs,*

No. 1:26-cv-00225 (PKC)

-against-

**GOOGLE LLC,**

*Defendants.*

---

**ZIFF DAVIS, INC.,**

*Plaintiff,*

No. 1:26-cv-01055 (PKC)

-against-

**GOOGLE LLC,**

*Defendants.*

---

**LOS ANGELES TIMES COMMUNICATIONS LLC,**

*Plaintiffs,*

No. 1:26-cv-01593 (PKC)

-against-

**GOOGLE LLC,**

*Defendants.*

**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S
MEMORADUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO FILE UNDER SEAL</u>**

Pursuant to Rule 5 of this Court's Individual Practices and paragraph 21 of the Modified

Confidentiality Order, MDL Dkt. No. 685 at 25, Defendants Google LLC and Alphabet Inc.

(together, "Google") file this Memorandum of Law in Support of their Motion to File Under

Seal, which seeks to file under seal portions of Exhibit A attached to Google's Letter Opposition

to Premium Publishers' Letter dated June 26, 2026.

## <u>INTRODUCTION</u>

Google submits this Sealing Motion seeking permission for narrowly tailored redactions

reflecting Google employee names, internal file paths, and source code. Google's proposed

redactions are highlighted in the Exhibit filed contemporaneously herewith. Google respectfully

submits that these details are not necessary for the public to understand and evaluate the disputes

raised by these filings. In deference to the First Amendment interests at issue, Google has

narrowly tailored the proposed redactions in a manner that is consistent with the Second Circuit

standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## <u>LEGAL STANDARD</u>

In considering requests to seal or redact "judicial documents," Second Circuit courts must

balance "the weight of the presumption" of public access against any "countervailing factors."

*See Lugosch*, 435 F.3d at 119-120. Such factors include "the degree to which the subject matter

is traditionally considered private rather than public" and the "nature and degree of injury" that

might result from disclosure. *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1051 (2d

Cir. 1995). As the Court has previously recognized, the "right of access is not absolute . . . and

the weight afforded to the presumption may vary, depending on the document's role in the judicial process." MDL Dkt. No. 147 at 3-4 (quoting *Lugosch*, 435 F.3d at 121).

The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050 (citation omitted); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). As the Court previously recognized, "the names . . . of . . . Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." MDL Dkt. No. 147 at 9. This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See, e.g., Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction of this information is warranted").

Another interest that can outweigh the presumption of access and warrant sealing is "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023). "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest [warranting redaction]." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). Second Circuit courts can and do grant motions to seal commercially sensitive or confidential information. *See, e.g., Stegmann ex rel. Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (permitting redactions to a complaint, which drew on internal documents, to "protect against

2

disclosure of confidential and commercially sensitive information that would cause [the company] competitive harm"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to a complaint that were "narrowly tailored to protect competitive business information"); *see also Amodeo II*, 71 F.3d at 1050 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *accord In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2.

## ARGUMENT

For the reasons set forth below, the Court should order that the redactions to Exhibit A attached to Google's Letter Opposition to Premium Publishers' Letter dated June 26, 2026 should remain under seal.

Google seeks to redact the names and personal information of Google employees. These employees are third parties to this action and are not relevant to the underlying motions at issue or the substantive facts of this dispute. *See Lohnn*, 2022 WL 36420, at *17; *Valassis*, 2019 WL 10984156, at *2. If the redacted personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment. Accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." MDL Dkt. No. 147 at 9.

Google also seeks to redact internal file paths to and descriptions of Google's competitively sensitive source code as well as information regarding how these files are maintained. As this Court recognized in its October 15, 2021 order, details about the "engineering of Google's 'predictive modeling' process" constitute information that "outweighs the presumption of public access." ECF No. 160, at 6–7. This ruling is consistent with previous

3

holdings from Second Circuit courts, which have found that such technical information can confer an unfair advantage onto market competitors. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500, 2021 WL 1222122, at \*7 (S.D.N.Y. Mar. 31, 2021) (sealing "technical information [that] could allow competitors an unfair advantage"); *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-CV-147, 2018 WL 6179433, at \*7 (E.D.N.Y. Nov. 27, 2018) (sealing documents "contain[ing] sensitive or proprietary technical" information); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10-CV-6100 (PKC), 2012 WL 3114855, at \*16 (S.D.N.Y. July 31, 2012) (sealing "engineering schematics, confidential source code and confidential deliberations about future products, the disclosure of which could unfairly allow competitors to develop competing products").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court permit Google to redact portions of its Exhibit A attached to Google's Letter Opposition to Premium Publishers' Letter dated June 26, 2026 in order to prevent the disclosure of non-public information that, if revealed, would significantly harm the privacy interests of Google's employees and the competitive interests of Google's business.

4

Dated: June 30, 2026                Respectfully submitted,

                                    */s/  Bradley Justus*
                                    Bradley Justus
                                    Allison Vissichelli
                                    Axinn
                                    1901 L Street NW
                                    Washington, DC 20036
                                    Telephone: (202) 912-4700
                                    bjustus@axinn.com
                                    avissichelli@axinn.com

                                    Craig M. Reiser
                                    Blake E. Pescatore
                                    Axinn
                                    630 Fifth Avenue
                                    New York, NY 10111
                                    Telephone: (212) 728-2218
                                    creiser@axinn.com
                                    bpescatore@axinn.com

                                    *Counsel for Defendants*
                                    *Google LLC and Alphabet Inc.*

cc: All Counsel of Record (via ECF)

5