# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 21-MD-3010** |

*This Document Relates To:*

| | |
|---|---|
| **OPENX TECHNOLOGIES, INC. and OPENX LTD.,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**GOOGLE LLC and ALPHABET INC.,**<br><br>*Defendants.* | **No: 1:25-cv-10817 (PKC)** |
| **MAGNITE, INC.,**<br><br>*Plaintiff,*<br><br>vs.<br><br>**GOOGLE LLC and ALPHABET INC.,**<br><br>*Defendants.* | **No: 1:25-cv-10818 (PKC)** |
| **PUBMATIC, INC.,**<br><br>*Plaintiff,*<br><br>vs.<br><br>**GOOGLE LLC and ALPHABET INC.,**<br><br>*Defendants.* | **No: 1:25-cv-10819 (PKC)** |

1

|  |  |
|---|---|
| **EQUATIV SAS, EQUATIV INC., SHARETHROUGH INC., and SHARETHROUGH USA, INC.,**<br><br>*Plaintiffs*,<br><br>vs.<br><br>**GOOGLE LLC and ALPHABET INC.,**<br><br>*Defendants*. | **No: 1:26-cv-00140 (PKC)** |
| **INDEX EXCHANGE INC,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**GOOGLE LLC,**<br><br>**Defendant.** | No: 1:25-cv-10477 (PKC) |
| **KARGO GLOBAL LLC,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**GOOGLE LLC,**<br><br>**Defendant.** | No: 1:25-cv-10630 (PKC) |

2

|  |  |
|---|---|
| **SOVRN HOLDINGS, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GOOGLE LLC and ALPHABET INC.,**<br><br>**Defendants.** | No: 1:26-cv-1587 (PKC) |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO COMPETITOR PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendants Google LLC and Alphabet Inc. (collectively "Google"), by their undersigned counsel, hereby respond to Competitor Plaintiffs' First Set of Requests for Production (Nos. 1–24) (the "Requests") as follows.  These Responses and Objections are based on the information currently available to Google and are provided subject to, without intending to waive, and expressly preserving, Google's right at any time to revise, correct, supplement, or clarify any of the responses and objections herein.

In providing these Responses and Objections, Google does not waive, and expressly preserves, all defenses and claims.  Google provides these Responses and Objections without waiving or intending to waive (a) any objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Requests; (b) the right to object on any ground to the documents produced in response to the Requests at any hearing or trial; (c) the right to object on any ground at any time

3

# PAGES OMITTED

**Request for Production No. 1**

To the extent not already produced to Plaintiffs, all Documents (Including data) and Communications produced in, and Documents (Including data) and Communications responsive to discovery requests served in (1) *United States v. Google*, (2) the MDL, (3) *Texas v. Google*, and/or (4) the DOJ Investigation, Including:

a. All deposition, hearing, and testimonial materials, Including transcripts and exhibits which are sealed or otherwise nonpublic, errata and confidentiality designations, deposition video footage and video synchronization files, from depositions, hearings, and other testimony taken in *United States v. Google*, the MDL, *Texas v. Google*, and/or the DOJ Investigation, Including any materials from depositions that occur after the date of these Requests;

b. Any Documents or Communications You received from third parties in *United States v. Google*, the MDL, and/or *Texas v. Google*, Including (1) correspondence between third parties and You; (2) responses and Documents obtained in response to subpoenas served upon third parties, Including subpoenas served by You or by any plaintiffs; (3) cover letters Including those accompanying the production of Documents third parties produced to You or any plaintiffs; and (4) Any other Documents third parties produced to You or to any plaintiffs; and

c. All Documents (Including data) and Communications produced in response to each and every Request for Production, data request, or Civil Investigative Demand served in *United States v. Google*, the MDL, *Texas v. Google*, and/or the DOJ Investigation, Including any productions You make after the date of these Requests as well as associated cover letters and correspondence.

**Response to Request for Production No. 1**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks the entirety of the productions made in four separate proceedings—encompassing millions of documents—without any effort to tailor the requests to the specific claims and issues raised by Competitor Plaintiffs. Google also objects to the extent this Request seeks documents protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection, or documents subject to confidentiality restrictions or protective orders entered in other proceedings. Google further objects to Request 1 as overbroad

and unduly burdensome to the extent it purports to require Google to produce documents that are equally available to Competitor Plaintiffs or their counsel.

Google further objects to the extent that this Request is duplicative of discovery already produced or made available to parties in the MDL. Competitor Plaintiffs' cases have been consolidated in the MDL, and the Coordination Order governing this litigation provides a framework for the sharing of prior MDL discovery. Subject to and without waiving the foregoing objections, to the extent responsive documents have already been produced in the MDL, Google has made or will make such documents available to Competitor Plaintiffs consistent with the Coordination Order, except to the extent any such documents are already equally available to Plaintiffs.

**Request for Production No. 2**

To the extent not already produced to Plaintiffs, for each of *United States v. Google*, the MDL, Texas v. Google, and/or the DOJ Investigation, unredacted copies of the following materials:

    a. All filings, Including all pleadings, motions, supporting briefs, declarations, memoranda, and exhibits (Including trial exhibits, demonstratives, and deposition designations);

    b. All transcripts of court proceedings, Including conferences, trial, and post-trial proceedings, Including remedies proceedings;

    c. All written discovery, Including all discovery requests, data requests, civil investigative demands, responses and objections, Documents sufficient to show the scope of production ultimately agreed to, and Documents and Communications produced in response to written discovery requests;

    d. All expert disclosures and reports, Including all expert backup materials; and

    e. All expert deposition materials, Including transcripts and exhibits which are sealed or otherwise nonpublic, errata, and confidentiality designations, Including any materials from depositions that occur after the date of these Requests.

**Response to Request for Production No. 2**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the

case to the extent it seeks the entire litigation record from four separate proceedings without any effort to identify the specific materials relevant to Competitor Plaintiffs' claims.  Google further objects to the extent this Request seeks materials protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or protection, or materials subject to sealing orders, protective orders, or confidentiality restrictions entered in other proceedings. Google also objects to Request 2 as overbroad and unduly burdensome to the extent it purports to require Google to produce documents that are equally available to Competitor Plaintiffs or their counsel.  Google further objects to the extent that this Request is duplicative of discovery already produced or made available to parties in the MDL.

Google also objects to the extent this Request seeks expert disclosures, reports, and deposition materials that constitute protected work product and/or are otherwise subject to restrictions on use or disclosure.  *See* Order, *United States v. Google LLC*, No. 1:23-cv-00108 (E.D. Va. Jan. 26, 2024), ECF No. 515.

Subject to and without waiving the foregoing objections, Google will meet and confer with Competitor Plaintiffs regarding the scope and manner of production of litigation materials from prior proceedings, consistent with applicable protective orders and Court orders.

**Request for Production No. 3**

For the European Commission's investigation into Google's Ad Tech practices (AT.40670), unredacted copies of the following materials:

   a. All filings, Including all pleadings, motions, supporting briefs, declarations, memoranda, exhibits (Including trial exhibits, demonstratives and deposition designations), statements of objections and responses, letters of fact and comments, and documents concerning remedies (Including compliance plans and proposals);
   b. All Documents cited in the European Commission's decision dated September 5, 2025;
   c. All transcripts of court proceedings, Including conferences, trial, and post-trial proceedings, Including remedies proceedings (as applicable);

13

# PAGES OMITTED

Dated: April 23, 2026

*/s/ Erin J. Morgan*

Erin J. Morgan
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Telephone: (202) 240-2900
emorgan@dirllp.com

Jeannie S. Rhee (*Pro hac vice forthcoming*)
Karen L. Dunn (*Pro hac vice forthcoming*)
William A. Isaacson (*Pro hac vice forthcoming*)
Martha L. Goodman (MG5624)
Jessica E. Phillips (*Pro hac vice forthcoming*)
Amy J. Mauser (*Pro hac vice forthcoming*)
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004-2637
Telephone: (202) 240-2902
jrhee@dirllp.com
kdunn@dirllp.com
wisaacson@dirllp.com
mgoodman@dirllp.com
jphillips@dirllp.com
amauser@dirllp.com

Bradley Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Email: bjustus@axinn.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

40