# EXHIBIT B



**Nicolas Stebinger <nicolas@simonsensussman.com>**

## RE: Competitor ad tech cases, 21-md-2010

**Martha Goodman** <mgoodman@dirllp.com>                                    Tue, Jun 9, 2026 at 3:17 PM
To: Phil Duggan <pduggan@cravath.com>, "Plaintiffs-Group-Google-Ad-Tech@simplelists.susmangodfrey.com" <Plaintiffs-Group-Google-Ad-Tech@simplelists.susmangodfrey.com>, Jessica Phillips <JPhillips@dirllp.com>, Annelise Corriveau <acorriveau@dirllp.com>, Benjamin Cabranes <BCabranes@dirllp.com>, Yonatan Even <YEven@cravath.com>, David Dowling <ddowling@cravath.com>
Cc: Lauren Rosenberg <lrosenberg@cravath.com>, Davida Brook <DBrook@susmangodfrey.com>, Edgar Sargent <esargent@susmangodfrey.com>, "Ian B. Crosby" <icrosby@susmangodfrey.com>, Tom Boardman <TBoardman@susmangodfrey.com>, "brandon@kressinpowers.com" <brandon@kressinpowers.com>, "bdiessel@wiggin.com" <bdiessel@wiggin.com>, "nico.gurian@simonsensussman.com" <nico.gurian@simonsensussman.com>, "nicolas@simonsensussman.com" <nicolas@simonsensussman.com>, Steve Seigel <SSeigel@susmangodfrey.com>, Jonathan Mooney <jmooney@cravath.com>, "ndenning@wiggin.com" <ndenning@wiggin.com>, "ckozikowski@wiggin.com" <ckozikowski@wiggin.com>, "jhueston@hueston.com" <jhueston@hueston.com>, "jaronsohn@hueston.com" <jaronsohn@hueston.com>, "ddixon@hueston.com" <ddixon@hueston.com>, "crayburn@hueston.com" <crayburn@hueston.com>, "jreiter@hueston.com" <jreiter@hueston.com>, "jgreer@hueston.com" <jgreer@hueston.com>, "victoria.sims@simonsensussman.com" <victoria.sims@simonsensussman.com>, "shaoul@simonsensussman.com" <shaoul@simonsensussman.com>, "catherine@simonsensussman.com" <catherine@simonsensussman.com>, "thomas.mattes@simonsensussman.com" <thomas.mattes@simonsensussman.com>, Andrew EWALT <Andrew.Ewalt@freshfields.com>, Bradley Justus <bjustus@axinn.com>, Ali Vissichelli <avissichelli@axinn.com>, Justina SESSIONS <Justina.Sessions@freshfields.com>, Jeannie Rhee <JRhee@dirllp.com>, Jessica Phillips <JPhillips@dirllp.com>, William Isaacson <WIsaacson@dirllp.com>, Erin Morgan <emorgan@dirllp.com>, Karen Dunn <KDunn@dirllp.com>, Google-AdTech <Google-AdTech@dirllp.com>

Phil,

Thank you for your summary email.  I have responses on some of these items. We are continuing to work on other items, and will add to our list the new items you raised for the first time in your email.

Custodians:  We've considered your requests with respect to Aggarwal, Ramanujam, and Cui.  We are standing on our objections to Aggarwal and Cui.  Custodians to which Google has already agreed make these two individuals duplicative and not proportionate. With regard to Ms. Cui, you inquired whether Mr. Maani is also a technical custodian.  We can confirm that Mr. Maani is an engineer.  With respect to Mr. Ramanujam, Google agrees to add him as a custodian.

As we have continued to evaluate whether we will run additional search terms for individuals who were already MDL custodians and for whom Competitor Plaintiffs already have hundreds of thousands of documents, we have determined that our prior list of individuals who remain in the display ads organization was overinclusive, as we inadvertently included individuals in YouTube ads, which is distinct from display ads product area at issue in this case.  The only individual who remains in the relevant display ads product area is Noam Wolf.    Google does not agree to run new terms on Mr. Wolf.  Google also does not agree to run any new terms of the individuals who are MDL custodians and who have either left Google or left the display ads product area.

Search terms: Attached is the current custodial search parameters to which Google agrees at this juncture.  We have accepted some of your proposed search terms, modified others to reduce burden and overbreadth, and rejected others because they are: duplicative of discovery you already have and relate to issues that were well explored in discovery in and among the 6.7 million and growing documents you have; untethered to any RFP in Plaintiffs' 1st RFPs; duplicative of search strings we already agreed to run; or grossly overbroad and irrelevant.  There are also a few search strings that had syntax errors according to our vendor, which we were not able to fix. Those are:

- (RPO OR "reserve price optimi*" OR ((optimiz* OR reserve*) w/2 (pric* OR bid*))) W/25 (AdX OR "Ad X" OR "ad exchange*" OR DV3* OR "Display & Video 360" OR "Display and Video 360" OR DV OR "DoubleClick Bid

Manager" OR DBM OR 360 OR Poirot OR Poiret OR Poirit OR Porot OR Poriot OR (bid* W/5 (shad* OR shav* OR reduc* OR lower OR algorithm* OR adjust*))

- (analy* OR study OR studies OR research* OR report* OR experiment*) W/25 ("display ad*" OR "bidding behav*" OR "bid optim*" OR "auction outcome*" OR (Smart w/5 Bid*) OR (Fix* w/5 Bid*) OR "bid valuation" OR (win w/5 loss) OR (bid* w/25 valu* AND ("first price" OR "first-price" OR "1st price" OR FPA OR 1P* OR "second price" OR "second-price" OR "2nd price" OR 2P* OR (auction w/5 type)))

- (((auction* OR AdX OR (ad w/2 exchange) OR ecosystem*) w/3 (dynamic* OR mechanics OR feature* OR optimization* OR program* OR qualit* OR enhance*)) w/10 (dear OR updat* OR comms OR communicat* OR announc* OR notif* OR blog* OR notic* OR shar* OR explain* OR explanation* OR inform* OR request* OR inquir* OR ((verbal* OR internal* OR external*) w/3 (only OR shar* OR confidential*)) OR "in writing" OR (limit* w/2 (detail* OR specif*)) OR language OR reactiv* OR question* OR pre-brief* OR brief* OR (talking w/2 point*) OR narrative* OR rational* OR reason* OR secret* OR fram* OR sensitiv* OR transparen* OR manip* OR omit* OR omission* OR represent* OR fals* OR mislead* OR untru* OR dishonest* OR ("not" w/2 (true OR honest)) OR disclos* OR conceal* OR omit* OR omission OR hide OR hiding OR hidden OR fraud* OR deceptive OR deceiv* OR unfair* OR ("not" w/2 fair*) OR lie OR lying))

We have not evaluated your proposed search terms against the Second Set of RFPs which you served after our meet and confer and after you sent your proposed search terms.  As we prepare our R&Os to those RFPs, we will look again at your May 29, 2026 search term proposal to determine if there are any search terms we have rejected that, in light of the responses and objections we lodge to those RFPs, are acceptable or are acceptable with modifications.

Third-party document productions: We expect to begin rolling out third-party document productions from the earlier MDL wave to Competitors at the end of the week.

RFP 1 and 2: discovery correspondence: regarding discovery correspondence, are Competitors willing to narrow the request to only subpoenas and production letters, or are you continuing to seek all discovery correspondence?  Please let me know.  I noted on our call that the correspondence is not centrally maintained among outside counsel, and Google does not necessarily have access to such items given third-party confidentiality concerns. I also noted that, among the 6.7 million documents Competitors have, there is discovery correspondence between Google's outside counsel and third parties regarding the discovery sought in the EDVA and first wave MDL proceedings.

RFP 1 and 2: expert and remedies materials: correct, the parties are at an impasse on these items.

RFP 6(L): it would be helpful if you could articulate the relevance of Plaintiffs' use of Google Cloud as we are considering this RFP further; we should have asked you to do so last week, but hope you can get this to us in short order.

We will follow up on RFPs 7, 19, and 23, and the additional question regarding third party deposition transcripts.

Martha

**Martha L. Goodman** | Partner



**Dunn Isaacson Rhee LLP**
mgoodman@dirllp.com
(202) 240-2920 (direct) | (315) 269-4061 (cell)

401 9th Street NW, Washington, DC 20004

Website | LinkedIn

# PAGES OMITTED