# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| NEXSTAR MEDIA INC. and TEGNA INC., <br><br>                     *Plaintiffs*, <br><br>    -against- <br><br> GOOGLE LLC and ALPHABET INC., <br><br>                     *Defendants*. | Case No. 1:26-cv-05671 (PKC) |

This Civil Case Management Plan and Scheduling Order ("Order") applies to the above-captioned case.

1.  The Parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).

2.  Plaintiffs demand a jury trial.

3.  Following the Court's decision on the motion to dismiss docketed at ECF No. 1249 Google LLC and Alphabet Inc. (together, "Google") shall either (a) within 10 days of the Court's decision, submit a pre-motion letter seeking leave to file a motion to dismiss the complaint, or (b) within 21 days of the Court's decision, answer the complaint.

4.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within 30 days from the date of this order.

5.  Fact discovery shall commence upon entry of this Order.  Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be served not later than 7 days from the date of this Order.

6. All fact discovery shall be completed no later than September 16, 2026.

7. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim deadlines may be extended by the written consent of these parties without application to the Court, provided that all fact discovery is completed by the deadline set forth pursuant to paragraph 6 above.

    7.1. Initial requests for production of documents shall be served not later than 14 days from the date of this Order. Plaintiffs may serve up to 15 requests for production on Google. The Parties shall substantially complete production of documents and data responsive to initial requests for production by August 21, 2026.

    7.2. Interrogatory responses of Google in this MDL are useable as if posed in any of the Publisher Cases,[1] except to the extent that a specific response exclusively addresses the actions of a Plaintiff other than Plaintiffs in the above-captioned case. Plaintiffs may serve no more than 2 interrogatories on Google by no later than 21 days from the date of this Order. Google may serve up to 10 interrogatories on Plaintiffs by no later than 21 days from the date of this Order.

    7.3. Requests to Admit may be served no later than 45 days prior to the close of fact discovery. Plaintiffs may serve up to 3 Requests to Admit on Google, and Google may serve no more than 20 Requests to Admit on Plaintiffs. No Requests to Admit shall be served for the purpose of authenticating documents.

    7.4. Depositions of fact witnesses shall be completed by the close of fact discovery in Paragraph 6 above. Plaintiffs shall be permitted to notice up to 3 fact-witness

---

[1] "Publisher Cases" refer to Group 1 Publisher Cases; Group 2 Publisher Cases; the Washington Post case (as defined below); and the above-captioned case.

depositions.  Google shall be permitted to notice up to 10 fact-witness depositions.  Plaintiffs may not, absent a showing of good cause, notice a deposition of a witness whose deposition already has been noticed by the MDL Plaintiffs in the initial group of MDL cases,[2] noticed by a Plaintiffs in a Group 1 Publisher Case,[3] noticed by a Plaintiffs in a Group 2 Publisher Case,[4] noticed by Plaintiff in the *Washington Post* case,[5] or cross-noticed by the MDL Plaintiffs in the initial group of MDL cases during the Coordinated Discovery Period in *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va.) ("Virginia Action").[6]  A party may seek leave of Court to depose additional witnesses by identifying the particular witness by name (or Rule 30(b)(6) categories), describing the matters on which they have unique knowledge, and identifying the actions to which the particular witness pertains.  No deposition taken pursuant to a notice under Rule 30(b)(1) or Rule 30(b)(6) shall last longer than 7 hours without the consent of the examined or leave of Court.  No deposition shall be noticed for a date sooner than 21 days after service of the notice.

---

[2] The "initial group of MDL cases" includes *In re: Google Digital Publisher Antitrust Litig.*, No. 1:21-cv-07034-PKC (S.D.N.Y.); *In re: Google Digital Advertising Antitrust Litig.*, No. 1:21-cv-07001-PKC (S.D.N.Y.); *Associated Newspapers Ltd. v. Google LLC*, No. 1:21-cv-03446-PKC (S.D.N.Y.); *Gannett Co., Inc. v. Google LLC*, No. 1:23-cv-05177-PKC (S.D.N.Y.); and *Inform Inc. v. Google LLC*, No. 1:23-cv-01530-PKC (S.D.N.Y.).

[3] The "Group 1 Publisher Cases" refer to *Dotdash Meredith Inc. v. Google LLC,* No. 1:25-cv-07194-PKC (S.D.N.Y.); *Insider, Inc. v. Google LLC,* No. 1:25-cv-07409-PKC (S.D.N.Y.); *Slate Group LLC v. Google LLC*, No. 1:25-cv-07697-PKC (S.D.N.Y.); and *CMI Marketing, Inc. v. Google LLC,* No. l:25-cv-08630-PKC (S.D.N.Y.).

[4] The "Group 2 Publisher Cases" refer to *Advance Publications, Inc. v. Google LLC*, No. 1:26-cv-00343-PKC (S.D.N.Y.); *McClatchy Media Company v. Google LLC*, No. 1:26-cv-00339-PKC (S.D.N.Y.); *Vox Media, LLC v. Google LLC*, No. 1:26-cv-00325-PKC (S.D.N.Y.); *The Atlantic Monthly Group LLC v. Google LLC*, No. 1:26-cv-00272-PKC (S.D.N.Y.); *Penske Media Corporation v. Google LLC*, No. 1:26-cv-00225-PKC (S.D.N.Y.); *Ziff Davis, Inc. v. Google LLC*, No. 1:26-cv-01055-PKC (S.D.N.Y.); and *Los Angeles Times Commc'ns LLC v. Google LLC*, No. 1:26-cv-01593 (S.D.N.Y.).

[5] *WP Co. LLC v. Google LLC*, No. 1:26-cv-04058-PKC (S.D.N.Y.).

[6] *See* ECF No. 564 1(c) (defining "Coordinated Discovery Period").

7.5. The parties are encouraged to stipulate to the manner of conducting a particular deposition (e.g. in-person, videotaped, telephonically, remote video, written questions).

8. Expert discovery in all Publisher Cases shall proceed on the same schedule proposed by the parties Group 1 Premium Publisher Cases, Group 2 Premium Publisher Cases, and the *Washington Post* case (*see* ECF No. 1848):

8.1. Plaintiffs' opening expert reports shall be served by September 23, 2026.

8.2. Google's responsive expert reports shall be served by December 4, 2026.

8.3. Plaintiffs' rebuttal expert reports shall be served by January 22, 2027.

8.4. All expert discovery shall be completed by March 4, 2027.

9. The Stipulation and Order Regarding Expert Discovery (ECF No. 428), the Order Regarding Discovery Procedure (ECF No. 508), and the Modified Confidentiality Order (ECF No. 685), as amended by the Stipulation and Order to Further Modify the Modified Confidentiality Order (ECF No. 1860), shall apply to all Publisher Cases.

10. <u>Coordination of Publisher Cases</u>.

10.1. All documents and data produced in any Publisher Case may be used in any other Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.2. All documents and data produced during fact discovery in the initial group of MDL cases may be used in any Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.3.    The transcript[7] and exhibits from any deposition taken in any Publisher Case may be used in any other Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.4.    The transcript and exhibits from any deposition taken in the initial group of MDL cases may be used in any Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.5.    The transcript and exhibits from the liability trial in the Virginia Action, and the transcript and exhibits from any depositions of fact witnesses (other than current and/or former Meta employees whose transcripts have not been previously produced in this MDL[8]) taken in the liability phase of the Virginia Action, may be used in any Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

11.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion letter requirements.  Pursuant to the authority of Rule 16(c)(2), any motion for summary judgment will be deemed untimely unless a pre-motion letter relating thereto is filed no later than 14 days after the date set by the Court for the close of expert discovery.

---

[7] As used in this Order, "transcript" means any recording of testimony, including recordings by stenographic means and by video.

[8] *See* ECF No. 564 ¶ 3(g)(iii).

5

12.     The time for filing Final Pre-Trial Submissions is stayed pending further Order of this Court.

13.     The next Case Management Conference will be scheduled at a future date.

14.     This Order is entered pursuant to Rule 16(b), Fed. R. Civ. P., and may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Practices and shall be made no less than fourteen (14) days prior to the expiration of the date sought to be extended.

15.     This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Practices and shall be made no less than fourteen (14) days prior to the expiration of the date sought to be extended.

Dated: _____                                    _____
                                                           P. Kevin Castel
                                                           United States District Judge