SIMONSEN SUSSMAN

Nicolas Stebinger
Simonsen Sussman LLP
1629 K Street NW, Suite 300
Washington, DC 20006
Nicolas@SimonsenSussman.com
+1 202 384 3130

July 9, 2026

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-3010 (PKC); *OpenX Technologies, Inc., et al. v. Google LLC, et al.*, No. 1:25-cv-10817 (PKC); *Magnite, Inc. v. Google LLC, et al.*, No. 1:25-cv-10818 (PKC); *PubMatic, Inc. v. Google LLC, et al.*, No. 1:25-cv-10819 (PKC); *Equativ SAS, et al. v. Google LLC, et al.*, No. 1:26-cv-140 (PKC); *Index Exchange, Inc. v. Google LLC*, No. 1:25-cv-10477 (PKC); *Kargo Global LLC v. Google LLC*, No. 1:25-cv-10630 (PKC); *Sovrn Holdings, Inc. v. Google LLC, et al.*, No. 1:26-cv-1587 (PKC); and *TRUSTX Digital Advertising Services, P.B.C. v. Google LLC, et al.*, No. 1:26-cv-3135 (PKC)

We write on behalf of the Competitor Plaintiffs in the above-captioned actions to request an order compelling Google to produce (i) all prior expert reports, supporting materials, and expert depositions from the related cases (i.e., the other cases in this MDL; *United States v. Google LLC*, No. 1:23-cv-108-LMB-JFA (E.D. Va.) ("DOJ Case"); and *Texas v. Google LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.) ("*Texas v. Google*") (together, the "Related Cases")); and (ii) all discovery materials from the remedies phase of the DOJ Case. The parties have conferred but have reached impasse on these issues. No conference with the Court is currently scheduled.

## I. Procedural Background

On March 24, 2026, the Competitor Plaintiffs served on Google their first set of requests for production, seeking (among other things) reproduction of all preexisting discovery from the Related Cases. However, Google took the position that it will not produce any expert materials from the Related Cases until after the Competitor Plaintiffs serve their own expert reports, and that it will not produce any materials from the remedies phase of the DOJ Case.[1]

Opinion of experts, reflected in the expert reports and other materials, in other litigation brought against Google, including parallel claims are not discoverable in this action. Plaintiffs are the only parties with a burden of proof in the actions before this Court. When Google files its expert reports in these cases, it will need to comply with Rule 26(a)(2)(B)(v) and plaintiffs may, at that juncture, seek other or further relief. Application DENIED.
SO ORDERED
P. K. Castel, USDJ
7-14-26

---

[1] Pursuant to section 3.B of the Court's individual practices, excerpts of Google's responses and objections to the Competitor Plaintiffs' requests for production, including full text of the requests at issue and Google's responses and objections thereto, are attached as Exhibit A.

On June 2, 2026, the parties again met and conferred, and Google confirmed that the parties had reached impasse. Email from M. Goodman to P. Duggan at 2 (June 9, 2026) (excerpt at Ex. B).

## II. Google Should Be Required to Produce Prior Expert Reports and Materials from the MDL, the DOJ Case, and *Texas v. Google* Now.

Google should be required to produce the prior expert reports and supporting materials from the Related Cases now, during fact discovery. Withholding those reports only serves to unfairly prejudice the Competitor Plaintiffs while causing unjustified delay. Further, Google has failed to identify any cognizable prejudice it will suffer from producing these materials at this juncture.

### A. Google's intention to withhold prior expert reports until after fact discovery is legally unjustified and would prejudice the Competitor Plaintiffs.

As the party resisting discovery, Google "has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each discovery request is not relevant or is overly broad, burdensome or oppressive." *SecurityScorecard, Inc. v. Safe Sec., Inc.*, No. 24-cv-4240, 2025 U.S. Dist. LEXIS 174118, at *10 (S.D.N.Y. Sep. 5, 2025) (cleaned up). Google has not seriously disputed the relevance of the expert reports Competitor Plaintiffs seek and cannot claim privilege. Nor can Google demonstrate any undue burden in producing these materials.

Google's primary objection appears to be one of timing: Google asserts that it is unfair to provide the Competitor Plaintiffs a preview of other expert opinions prior to the Competitor Plaintiffs' experts providing their own opinions. This argument has been rejected by numerous courts, including the Special Master in *Texas v. Google*. Order at 6 (Ex. C); *see also* Order on Discovery Dispute, *Crowell v. Google LLC*, No. 3:25-cv-2775-RFL-SK (N.D. Cal. Apr. 15, 2026) (Ex. D) (ordering Google to produce expert reports, deposition transcripts, and trial testimony transcripts from prior government antitrust proceedings); *Alaska Air Grp., Inc. v. Anthem, Inc.*, No. 2:21-cv-1209-RDP, 2024 U.S. Dist. LEXIS 16105, at *61 (N.D. Ala. Jan. 29, 2024) ("[T]he argument that Plaintiffs may obtain an unfair advantage by the production of Defendants['] MDL expert reports during fact discovery, before the period for expert discovery, rings hollow."); *Colonial BancGroup Inc. v. PricewaterhouseCoopers LLP*, No. 2:11-cv-746-WKW, 2016 U.S. Dist. LEXIS 193181, at *10 (M.D. Ala. Jan. 22, 2016) (rejecting argument that prior expert reports would give plaintiffs "unfair advantage").

Google's "sneak peek" objection is not supported by the Federal Rules of Civil Procedure, as there is no rule that requires walling off subsequent litigants from expert work done in earlier proceedings. The Federal Rules do not require that expert discovery begin on a blank slate, blind to the analysis already done on the same claims against the same defendant in the same markets. Google, the Competitor Plaintiffs, and the truth-

seeking goal of the judicial process would benefit from further refinement of arguments and evidence already developed and tested across five years of parallel litigation, rather than merely retreading the steps of prior litigants.

Indeed, many courts have held that requests for prior expert reports are "actually fact discovery" under Rule 26(b)(1), not expert discovery subject to the sequencing provisions of Rule 26(a)(2). *E.g.*, *Alaska Air*, 2024 U.S. Dist. LEXIS 16105, at *58; *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-0630, 2013 U.S. Dist. LEXIS 91450, at *94–95 (N.D. Cal. June 26, 2013). Even Google has acknowledged that these materials are properly sought during fact discovery: When other MDL plaintiffs sought these same reports after fact discovery had closed, Google objected that the request was "untimely because it comes months after the close of fact discovery." MDL ECF No. 896-1 at 1 (Email from A. Ewalt to I. Earnhardt (Dec. 19, 2024)). Google cannot simultaneously argue that requests for prior expert materials after fact discovery are untimely and that requests during fact discovery are premature.

Google's objection also ignores that the Competitor Plaintiffs seek this unquestionably relevant material to use *during* fact discovery. Past expert reports can be expected to reveal relevant data analysis, as well as evidence of which the Competitor Plaintiffs may be unaware. This is especially true with respect to other plaintiffs' materials. For example, the Competitor Plaintiffs have access only to a heavily redacted copy of the expert report of DOJ's testifying expert, Robin S. Lee. *See* DOJ Case, ECF No. 1183-1 (excerpts at Ex. E). Even in its redacted form, it is apparent that the underlying materials are relevant: Professor Lee uncovered and analyzed evidence that Project Bernanke had a notable impact on publisher behavior, which he apparently discusses in Appendix L.4 of the report. *Id.* at 254 n.850. Yet the publicly available version of the report redacts significant portions of the appendices, including Appendix L.4, and whole other sections of the report, concealing the underlying evidence.[2] The MDL plaintiffs' expert reports are no different, and indeed the Competitor Plaintiffs have even less visibility into the relevant data analysis and evidence, with access limited to the heavily redacted summary judgment and *Daubert* briefing.

Forestalling the production of such prior expert reports and materials until after the close of fact discovery would frustrate, not further, the truth-seeking aim of the litigation process. If the expert reports are provided only after the close of fact discovery, the Competitor Plaintiffs will need to seek leave of the Court and possibly further extensions of discovery deadlines to pursue these leads. This potential delay would

---

[2] Magistrate Judge Van Keulen in the search-related *Yelp Inc. v. Google LLC* recently ruled on a request by Yelp for prior expert reports. *See Yelp Inc. v. Google LLC*, No. 24-cv-06101-SVK, 2026 U.S. Dist. LEXIS 144500 (N.D. Cal. June 25, 2026). In that case—which is not a follow-on action to any of the Related Cases—the court denied certain of Yelp's requests for prior expert reports, but did order the parties to meet and confer regarding providing Yelp with access to expert materials that had been filed in the DOJ Case under seal. *Id.* at *2.

inject needless inefficiency when the materials can easily be provided now at the outset of fact discovery. *Cf.* Ex. C at 6 ("efficiency gain and truth-seeking function" of requiring Google in *Texas v. Google* to produce prior expert reports during fact discovery were "significant").

Finally, Google has failed to identify any cognizable unfair prejudice it would suffer from producing the reports in dispute—especially those served by plaintiffs in the Related Cases. The Competitor Plaintiffs will still be required to produce and serve their own expert reports, and Google will have a full and fair opportunity to respond according to the Scheduling Order. *See* MDL ECF No. 1866 at 5. Rather, it is Google that seeks to steal a march by preventing the Competitor Plaintiffs from accessing information already in Google's possession. The discovery rules exist to secure "*mutual* knowledge of all the relevant facts gathered by both parties," which is "essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (emphasis added).

Here, Google has had access to every prior expert report across these proceedings and has used that record throughout fact discovery in these cases. Having also spent years preparing, responding to, and rebutting expert reports across multiple rounds of parallel litigation, Google enters this case knowing exactly which additional facts would best shore up its defenses and undercut the Competitor Plaintiffs' theories. The Special Master in *Texas v. Google* held that this was unfair to the plaintiffs rather than Google: "[A]ny asserted prejudice to Google from allowing the States equal access to expert reports from the Virginia Action is outweighed by the prejudice to the States of Google alone having access to the same relevant expert reports." Ex. C at 6. All that Competitor Plaintiffs seek is to be put on equal footing with Google as to background knowledge of what transpired in the prior related proceedings.

### B. Google cannot rely on E.D. Va. Magistrate Judge Anderson's decision to avoid producing expert materials from the DOJ Case.

In the meet-and-confer process, Google incorrectly argued that Magistrate Judge Anderson's January 26, 2024 order in the DOJ Case justifies its position of refusing to provide expert reports, materials, and depositions now. *See* Order (Ex. F). The procedural posture surrounding Judge Anderson's Order was materially different than the current one. In January 2024, Google opposed a request by certain MDL publisher plaintiffs to access the expert reports in the DOJ Case. Google argued, and Judge Anderson agreed, that Google had negotiated for the benefit of coordinated expert schedules in the parallel MDL and DOJ Cases as memorialized in the Coordination Order (MDL ECF No. 564), and that allowing the MDL Plaintiffs early access to parallel

discovery from the DOJ Case would deprive Google of the benefit of their negotiated schedule. *See* Transcript at 14:6-11 (E.D. Va. Jan. 26, 2024) (Ex. G).[3]

But unlike the MDL plaintiffs in 2024, the Competitor Plaintiffs do not seek access to ongoing *parallel* discovery from the DOJ Case. Discovery in the DOJ case is over. The DOJ prevailed against Google, and Judge Brinkema ruled that Google has violated the Sherman Act by willfully monopolizing the ad exchange and publisher ad server markets. *United States v. Google LLC*, 778 F. Supp. 3d 797, 810 (E.D. Va. 2025). Following this decision, the Competitor Plaintiffs filed follow-on suits under the Clayton Act, 15 U.S.C. § 16(a), and rely on the preclusive effect of those findings. Compl. ¶ 1, MDL ECF No. 1492; *see Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 567-68 (1951) (15 U.S.C. § 16 was designed "to minimize the burdens of litigation for injured private suitors by making available to them all matters previously established by the Government in antitrust actions."). They are entitled by statute to rely on DOJ's efforts and seek damages from Google based in large part on conduct that Judge Brinkema already has ruled is illegal.

Judge Brinkema relied on the opinions of DOJ's and Google's experts in arriving at her conclusions, but many details of their analysis of Google's illegal machinations and the resulting harms to competition were never made fully public, and remain unfiled, sealed, or heavily redacted. *See, e.g.*, DOJ Case, ECF Nos. 581-2 (sealed excerpts of DOJ expert Abrantes-Metz's report), 581-3 (sealed excerpts of DOJ expert Lee's rebuttal report), 595-3 (sealed excerpts of DOJ expert Simcoe's rebuttal report), 614-5 (sealed excerpts of Google expert Israel's deposition transcript), 615 (sealed report of Google expert Simonson). One author of the Clayton Act explained that the statute's aim was that after the DOJ has established liability, "the private litigant, injured by the unlawful acts of such trust, has nothing to do in order to recover the threefold damages except to prove the amount of damages and that the injury was done by this trust or corporation." 51 Cong. Rec. H16319 (Oct. 8, 1914); *accord Greyhound Corp. v. Mt. Hood Stages, Inc.*, 437 U.S. 322, 333 (1978) (quoting Address of the President of the United States Before the Joint Session of Congress, 51 Cong. Rec. S1964 (Jan. 20, 1914) ("It is not fair that the private litigant should be obliged to set up and establish again the facts which the Government has proved.")). It would contravene the purpose of the Clayton Act to require the Competitor Plaintiffs to follow the breadcrumbs of the redacted public record to try to guess at and reconstruct the facts that support the liability findings the Competitor Plaintiffs are statutorily entitled to proceed upon. Instead, these reports, the underlying materials, and the deposition transcripts should be made available. *See id.*

---

[3] As a threshold matter, the Coordination Order does not govern the Competitor Plaintiffs' requests across the board. It covers only the sharing of expert discovery "*between* the Coordinated Cases," which "means [between] the MDL and the Virginia Case"—it does not apply to sharing expert reports *within* the MDL or to sharing expert reports from *Texas v. Google*. MDL ECF No. 564 ¶ 1(b), 7 (emphasis added).

To the extent the Court determines that certain prior expert reports should not be produced during fact discovery, the Competitor Plaintiffs request in the alternative that Google should be required to produce, at a minimum, (i) the *plaintiffs*' prior expert reports, materials, and depositions from the Related Cases and (ii) all expert reports, materials, and depositions from the DOJ Case. Allowing the Competitor Plaintiffs to access the already-produced expert reports of other plaintiffs would facilitate the Competitor Plaintiffs' pursuit of relevant evidence discussed in those reports while still shielding the details of Google's counterarguments. And, as discussed above, the text and purpose of the Clayton Act provide independent justification to allow the Competitor Plaintiffs access to both sides' expert-related materials from the DOJ Case, which forms the basis for these follow-on actions.

**III. Google Should Be Required to Produce Discovery from the Remedies Phase of the DOJ Case.**

The Competitor Plaintiffs also seek targeted discovery from the remedies phase of the DOJ Case.[4] Google cannot seriously contend that producing these remedies materials imposes a meaningful burden. Instead, Google has claimed that these materials are not relevant to the Competitor Plaintiffs' claims unless and until they reach the stage where a court would adjudicate their own equitable remedies. Google is wrong. The Court has not bifurcated these cases into liability and remedies phases. The time for fact discovery—all of it—is now. *See, e.g.*, *Fragrancenet.Com, Inc. v. Fragrancex.Com, Inc.*, No. CV 06-2225 (JFB) (AKT), 2007 U.S. Dist. LEXIS 110755, at *9 (E.D.N.Y. Aug. 28, 2007) ("Engaging in discovery on both the liability and damages issue on a consolidated basis will allow the parties as well as the Court to avoid duplication.").

Nor does bifurcation of discovery make sense. Google is litigating—now in the Competitor Plaintiffs' cases—many of the topics litigated at the DOJ remedies stage. *See generally* Google's Post-Trial Remedies Brief, DOJ Case (Ex. H). To take just a few examples, Google's remedies brief discusses the effects of severing the AdX-DFP tie and the freedom to switch between ad servers (*id.* at 10–12); the effects of ending Unified Pricing Rules ("UPR") (*id.* at 13); and the benefits of Prebid, a type of header bidding auction in which the Competitor Plaintiffs participate (*id.* at 14). And Google's hundreds of requests for production and enormously broad interrogatories seek discovery—now—from the Competitor Plaintiffs on these issues. *See, e.g.*, Google's Requests for Production, March 24, 2026 (Ex. I) at Nos. 33 and 34 (all documents concerning switching between ad tech products), Nos. 97 and 98 (all document concerning interaction with Google's UPR), Nos. 44 and 66 (all documents concerning integration and involvement with the Prebid auction); Google's First Set of Interrogatories, June 26,

---

[4] The Competitor Plaintiffs do not seek to compel production of publicly available materials from the remedies phase.

2026 (Ex. J), at Nos. 6 & 7 (examples and computations relating to customers switching to other ad tech products).[5]

The deposition materials from the remedies phase are similarly salient. Executives from several Competitor Plaintiffs were deposed about the underlying conduct at issue—including Google's ongoing illegal ties and its auction manipulation practices. For example, Index Exchange's CEO testified during the remedies trial that sending AdX bids into header bidding auctions with the Competitor Plaintiffs would "relinquish any advantage that AdX might benefit from today." DOJ Case, Remedies Trial Tr. (9/22/25 P.M.) (Casale) at 57:10-20 (excerpt at Ex. K). PubMatic's CEO testified that Google's integration with PreBid, a header bidding organization involving the Competitor Plaintiffs, would be "critical to eliminating many of the advantage[s] . . . that AdX has today." DOJ Case, Remedies Trial Tr. (9/30/25 P.M.) (Goel) at 45:1-46:21 (excerpt at Ex. L). And Equativ's CEO explained how Google's "self-preferencing" is "the biggest barrier for the publisher to migrate to a rival ad server" like those operated by the Competitor Plaintiffs. DOJ Case, Remedies Trial Tr. (9/29/25 A.M.) (Créput) at 17:4-18:11 (excerpt at Ex. M). The Competitor Plaintiffs can only assume that other deponents at the remedies stage—including many Google deponents—spoke to the same or adjacent issues, all of which play a role in the cases pending before this Court.

The remedies discovery thus bears directly on the harm Google has caused to the Competitor Plaintiffs. Google's discovery requests make clear that Google will argue that Competitor Plaintiffs' injury comes not from Google, but from the changing nature of the ad tech industry today. Google raised these same arguments in their Post-Trial Remedies Brief in the DOJ Case. *See, e.g.*, Ex. H at 2, 28 ("[Open-web display advertising] has been in steady decline for years."). Discovery from the remedies phase will give the Competitor Plaintiffs a fair shot at rebutting these causation arguments, and evidence considered in the remedies proceedings will be relevant to understanding how Google's anticompetitive conduct continues to directly harm the Competitor Plaintiffs. As follow-on plaintiffs entitled by statute to rely on DOJ's efforts, the Competitor Plaintiffs should have access to the complete discovery from that case, on the same terms as Google.

## IV. Conclusion

For the foregoing reasons, the Competitor Plaintiffs respectfully request that the Court enter an order compelling Google to promptly produce (1) the prior expert reports, supporting materials, and expert depositions from the Related Cases; and (2) all

---

[5] Google served two separate sets of requests for production, one set on the Competitor Plaintiffs whose cases were transferred into the MDL (OpenX Technologies, Inc., *et al.*) and another set on the Competitor Plaintiffs who filed originally in this Court (Index Exchange Inc., *et al.*). The first 188 requests, however, are substantively identical for all Competitor Plaintiffs. The Competitor Plaintiffs therefore include only one of the sets of requests to avoid duplicative filings.

discovery materials from the remedies phase of the DOJ Case. To the extent the Court determines that certain prior expert reports should not be produced during fact discovery, the Competitor Plaintiffs request in the alternative that Google should be required to produce, at a minimum, (i) the plaintiffs' expert reports, materials, and depositions from the Related Cases and (ii) all expert reports, materials, and depositions from the DOJ Case.

Dated: July 9, 2026

Respectfully submitted,

*/s/ Nicolas Stebinger*

Nicolas Stebinger
Victoria Sims (*Pro Hac Vice*)
**SIMONSEN SUSSMAN LLP**
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 384-3130
nicolas@simonsensussman.com
victoria.sims@simonsensussman.com

Shaoul Sussman
Nico Gurian
Paul Goodrich (*Pro Hac Vice*)
Victoria Field
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Telephone: (718) 510-5495
shaoul@simonsensussman.com
nico.gurian@simonsensussman.com
paul.goodrich@simonsensussman.com
victoria.field@simonsensussman.com

Catherine Simonsen (*Pro Hac Vice*)
Andrew Naravage (*Pro Hac Vice* forthcoming)
Thomas Mattes (*Pro Hac Vice*)
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Telephone: (917) 747-5196
catherine@simonsensussman.com
andrew.naravage@simonsensussman.com
thomas.mattes@simonsensussman.com

*Counsel for Plaintiffs Equativ SAS, Equativ Inc., Sharethrough Inc., and Sharethrough USA, Inc.*

Brandon Kressin
**KRESSIN POWERS LLC**
400 7th St. NW, Unit 300
Washington, DC 20004
Telephone: (202) 464-2905
brandon@kressinpowers.com

*Counsel for Plaintiff Magnite, Inc.*

Yonatan Even
Lauren M. Rosenberg
Jonathan Mooney
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
yeven@cravath.com
lrosenberg@cravath.com
jmooney@cravath.com

Benjamin H. Diessel
Nathan E. Denning
Colleen M. Kozikowski
**WIGGIN AND DANA LLP**
437 Madison Avenue, 35th Floor
New York, NY 10022
Telephone: (212) 551-2600
Facsimile: (212) 551-2888
bdiessel@wiggin.com
ndenning@wiggin.com
ckozikowski@wiggin.com

*Counsel for Plaintiffs OpenX Technologies, Inc., and OpenX Ltd.*

John C. Hueston
Joseph Aronsohn
**HUESTON HENNIGAN LLP**
1 Little West 12th Street
New York, NY 10014
Telephone: (646) 930-4046
jhueston@hueston.com
jaronsohn@hueston.com

Doug J. Dixon
Christina V. Rayburn
Joseph A. Reiter
Justin M. Greer
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 356-6412
ddixon@hueston.com
crayburn@hueston.com
jreiter@hueston.com
jgreer@hueston.com

*Counsel for Plaintiff PubMatic, Inc.*

Ian B. Crosby (*Pro Hac Vice*)
Edgar Sargent (*Pro Hac Vice*)
Steve M. Seigel (*Pro Hac Vice*)
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
esargent@susmangodfrey.com
sseigel@susmangodfrey.com

Davida Brook (*Pro Hac Vice*)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com

Emily Portuguese (NY 5920327)
Tom Boardman (NY 4838074)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
eportuguese@susmangodfrey.com
tboardman@susmangodfrey.com

*Counsel for Plaintiffs Index Exchange Inc. and Kargo Global LLC*

Paul A. Williams (#5677190)
Eric J. Hobbs (*Pro Hac Vice*)
**SHOOK, HARDY AND BACON L.L.P.**
1660 17th Street, Suite 450
Denver, CO 80202
Telephone: (303) 285-5300
Facsimile: (303) 285-5301
pwilliams@shb.com
ehobbs@shb.com

Riley C. Mendoza (Admitted SDNY)
**SHOOK, HARDY AND BACON L.L.P.**
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
rmendoza@shb.com

Ryan M. Sandrock (*Pro Hac Vice*)
**SHOOK, HARDY AND BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1900
Facsimile: (415) 391-0281
rsandrock@shb.com

Erin M. Fishman (*Pro Hac Vice*)
**SHOOK, HARDY AND BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
efishman@shb.com

David M. Liu (*Pro Hac Vice*)
**SHOOK, HARDY AND BACON L.L.P.**
1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
dliu@shb.com

*Counsel for Plaintiff Sovrn Holdings, Inc.*

Adam M. Acosta
**PIERSON FERDINAND LLP**
601 Pennsylvania Ave NW, Suite 900
Washington, DC 20004
(771) 244-2815
adam.acosta@pierferd.com

Matthew C. DeFrancesco
**PIERSON FERDINAND LLP**
1270 Avenue of the Americas
7th Floor—1050
New York, NY 10020
(475) 284-2005
matthew.defrancesco@pierferd.com

*Counsel for Plaintiff TRUSTX Digital Advertising Services, Inc., P.B.C.*

cc: All Counsel of Record via CM/ECF