UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION

21-md-3010 (PKC)
26-cv-225 (PKC)
26-cv-272 (PKC)
26-cv-325 (PKC)
26-cv-343 (PKC)
26-cv-339 (PKC)
26-cv-1055 (PKC)
26-cv-1593 (PKC)

ORDER

-----------------------------------------------------------x
CASTEL, Senior District Judge.

This Order addresses Google's motion to compel Rule 30(b)(6) depositions of Group 2 Publishers on certain topics. (MDL ECF 1915.) The Group 2 Publishers oppose the motion, asserting that the deposition topics are overbroad, unduly burdensome and the information sought has been obtained or is capable of being obtained by other means. (MDL ECF 1926.)

By Google's own admission, the five topics, even as narrowed, are keyed in large measure to the allegations, contentions or "challenges" of each of the plaintiffs and the actions or inactions of each plaintiff taken in response thereto. See, e.g., MDL ECF 1914 at 4-5 ("Because Topics 4, 9 and 18-20 seek the factual basis of core allegations in Group 2 Publishers' complaints, Rule 30(b)(6) requires Group 2 Publishers to designate and prepare a corporate witness on these topics."). At an earlier juncture, this Court, at the behest of Google, severely curtailed a different group of plaintiffs' attempt to use a Rule 30(b)(6) deposition of Google in analogous circumstances. See Pretrial Order No. 15, MDL ECF 843 (disallowing, among other requests, the use of a Rule 30(b)(6) deposition to obtain the factual basis for a Google affirmative

defense because the information was obtainable through expert discovery and legal argument).

Here, preparation of a witness for the Rule 30(b)(6) examination would require educating the witness on the details of the allegations and theories that underlie the plaintiff's complaint. Examination on these topics would descend into an unworkable memory test covering a relevant period of decade or more. In some instances, it would require the witness to testify on such convoluted topics as who at Google made omissions in Google's various statements and when they were made (see Topic 20). In others, it would seek to have a lay witness apply potentially complex economic theory to determine "injur[y]" or "impact" or the "causes of underdelivery" of direct deals, which Google may obtain through expert discovery. (See, e.g. Topics 4, 9, 18-20.) The Court concludes that a Rule 30(b)(6) deposition on these topics would be unduly burdensome and not proportional given the ability to obtain adequate information on these topics through other written discovery devices, fact depositions, expert discovery and legal argumentation.

Google's motion to compel is DENIED. The application for sealing of certain submissions relating to the motion is provisionally granted. The Clerk is requested to terminate the motions at 21-md-3010, ECF 1911, 1914, 1915 and 1923; 26-cv-225, ECF 109, 112, 113 and 115; 26-cv-272, ECF 111, 114, 115 and 117; 26-cv-325, ECF 111, 114, 115 and 117; 26-cv-343, ECF 117, 120, 121 and 123; 26-cv-339, ECF 109, 112, 113 and 115; 26-cv-1055, ECF 106, 109, 110 and 112; 26-cv-1593, ECF 99, 102, 103 and 105.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 31, 2026