UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION

21-md-3010 (PKC)

ORDER

-----------------------------------------------------------x

CASTEL, Senior District Judge.

The Group 2 Publisher plaintiffs seek to compel discovery on an internal Google initiative called "Communicate with Care." They also seek discovery on an alleged policy of including lawyers on communications to create the false appearance of privilege, which they call "fake privilege," and a practice of turning off chat histories, leading to the non-retention of chats despite a litigation hold. The Court has received and reviewed the letter-motion of the plaintiffs, Google's response, plaintiffs' reply and Google's sur-reply. (ECF 1965, 1974, 1979, 1982-1.)

The Court denies the request for the production of a Rule 30(b)(6) witness on these topics, which are in the nature of discovery on discovery. The request is akin to discovery that Judge Liman recently denied, writing:

> Moving Defendants' request is in the nature of discovery on discovery as they seek documents and information that are not directly relevant to a claim or defense, but that are instead collateral. See Haroun v. ThoughtWorks, Inc., 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020). A party seeking discovery on discovery "must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process ad infinitum." Winfield v. City of New York, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018) (quotations omitted).

Williams v. Fed. Gov't of Nigeria, 23-cv-7356 (LJL), 2025 WL 507702, at *2 (S.D.N.Y. Feb. 14, 2025).

Here, the Rule 30(b)(6) deposition sought does not seek information directly

relevant to a claim or defense but is collateral. At this stage, such a deposition would also be unreasonably cumulative and burdensome. The parties' letter-briefs summarize and cite a wealth of documentary evidence already available to plaintiffs on the topics of "Communicate with Care," "fake privilege" and chat retention policies. This includes an internal Google presentation about "Communicate with Care," Google's submission to the Texas Attorney General describing its chat retention process and the deposition or trial testimony of more than forty Google witnesses. (ECF 1974 at 2-5.) With respect to chat retention, the plaintiffs assert that they have written Rule 30(b)(6) discovery responses from Google in the Eastern District of Virginia action in which Google "identified when it issued litigation holds to the custodians in the DOJ's case; identified its Chat-retention policies from 2016 through 2023; and surveyed 34 employees about their use of Google Chat." (ECF 1965 at 10 n.4.) Plaintiffs in this MDL have already questioned Google witnesses on the subjects at issue. (ECF 1974 at 5.)

The Court concludes that compelling the deposition of a corporate witness on these discovery-on-discovery topics would be unreasonably cumulative, duplicative and burdensome. Plaintiffs have not demonstrated that the existing discovery is inadequate.

Plaintiffs' motion to compel is DENIED. Google's motion to file a sur-reply is GRANTED. The sealing motions are provisionally GRANTED. The Clerk is respectfully directed to terminate the motions filed at In re: Google Digital Advertising Antitrust Litigation, 21-md-3010 (PKC), ECF 1962, 1964, 1965, 1971, 1976 and 1982; Penske Media Corp. v Google LLC, 26-cv-225 (PKC), ECF 136, 138, 139, 141, 146 and 151; The Atlantic Monthly Group LLC v. Google LLC, 26-cv-272 (PKC), ECF 138, 140, 141, 143, 148 and 153; Vox Media, LLC v. Google LLC, 26-cv-325 (PKC), ECF 138, 140, 141, 143, 148 and 153; McClatchy Media Company, LLC v. Google LLC, 26-cv-339 (PKC), ECF 136, 138, 139, 141, 146 and 151;

Advance Publications, Inc. v. Google LLC, 26-cv-343 (PKC), ECF 144, 146, 147, 149, 154 and 159; Ziff Davis, Inc. v. Google LLC, 26-cv-1055 (PKC), ECF 133, 135, 136, 138, 143 and 148; and Los Angeles Times Communications LLC v. Google LLC, 26-cv-1593 (PKC), ECF 126, 128, 129, 131, 136 and 141.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 28, 2026