CRAVATH

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

September 30, 2026

Re: *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y.)
*OpenX Technologies, Inc., et al. v. Google LLC*, No. 1:25-cv-10817 (S.D.N.Y.)
*Magnite, Inc. v. Google LLC*, No. 1:25-cv-10818 (S.D.N.Y.)
*PubMatic, Inc. v. Google LLC*, No. 1:25-cv-10819 (S.D.N.Y.)
*Equativ SAS v. Google LLC*, No. 1:26-cv-00140 (S.D.N.Y.)
*Index Exchange Inc. v. Google LLC*, No. 1:25-cv-10477 (S.D.N.Y.)
*Kargo Global LLC v. Google LLC*, No. 1:25-cv-10630 (S.D.N.Y.)
*Sovrn Holdings, Inc. v. Google LLC*, No. 1:26-cv-01587 (S.D.N.Y.)
*TrustX Digital Advertising Services, Inc., P.B.C. v. Google LLC*, No. 1:26-cv-03135 (S.D.N.Y.)
*Teads Holding Co. v. Google LLC*, No. 1:26-cv-06591 (S.D.N.Y.)

Dear Judge Castel:

Plaintiffs in the above-captioned cases (the "Competitor Plaintiffs") respectfully request a pre-motion conference pursuant to Your Honor's Individual Practice Rule No. 3(B) and Local Civil Rule 37.2 in anticipation of filing a motion for a protective order relating to Google's request to take Rule 30(b)(1) depositions of Adam Soroca (Magnite), Michael Shaughnessy (Kargo), Andrew Casale (Index), Rajeev Goel (PubMatic) and Tim Cadogan (OpenX) (together, the "Competitor Deponents"), each of whom was already deposed and/or subject to cross-examination *by Google* in *United States v. Google LLC*, No. 1:23-cv-00108 (E.D. Va.) (the "DOJ Action"). Google seeks these depositions while simultaneously refusing to make Google witnesses Sam Cox, Nirmal Jayaram, Pooya Jalaly, Nitish Korula, George Levitte, Tobias Maurer, and Martin Pál (together, the "Google Deponents") available for deposition on the basis that they were previously deposed by parties *other than Competitor Plaintiffs* in the DOJ Action and/or MDL.[1] While Competitor Plaintiffs were willing to produce the

[1] Of the Google Deponents, Pooya Jalaly is the only witness who has not been previously deposed. Google has refused to make Jalaly available on the basis that the Court previously denied a request by other plaintiffs to depose him. *See* MDL Dkt. No. 1799. As the Competitor Plaintiffs will explain in their forthcoming response to Google's own pre-motion letter, Google has since conceded Jalaly has relevant and non-duplicative

NEW YORK
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

LONDON
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

WASHINGTON, D.C.
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Competitor Deponents for deposition, they are not willing to do so in light of Google's position.

## I. Background

During the week of August 11, 2026, Competitor Plaintiffs requested the Rule 30(b)(1) deposition availability of Cox, Jayaram, Jalaly and Korula—all of whom are current or former Google employees. (Exhibit A, Email from D. Dowling to counsel for Google, Aug. 11, 2026; *id.*, Email from N. Stebinger to counsel for Google, August 15, 2026.) Following weeks of delay, and without providing the requested dates, on September 1, 2026, Google requested Rule 30(b)(1) deposition dates for more than fifty party witnesses, including the Competitor Deponents and Arnaud Créput (Equativ). (Exhibit B, Email from M. Goodman to counsel for Competitor Plaintiffs, September 1, 2026.) Although each is a C-suite or board-level witness who was already deposed in the DOJ Action and/or was subject to cross-examination by Google,[2] Competitor Plaintiffs promptly cooperated. OpenX, for example, responded the very next day, confirming that Mr. Cadogan—its Board Chair—could be deposed on October 1, 2026.

On September 11, 2026, a month after Competitor Plaintiffs' request for deposition availability, the parties met and conferred based on Google's purported need to understand the bases for the depositions sought of its own witnesses who had previously been deposed. During that meet-and-confer, Competitor Plaintiffs explained those bases at length, as their forthcoming opposition to Google's motion for a protective order will detail. Nonetheless, on September 14, 2026, Google advised Competitor Plaintiffs that it would refuse to produce Cox, Jayaram, Jalaly and Korula for deposition and would seek a protective order barring depositions of *any* Google witness who had been previously deposed in the DOJ Action and/or the MDL—even though Competitor Plaintiffs were not parties to those actions and therefore had no ability to examine those witnesses.

Given Google's blanket refusal to produce its previously deposed witnesses, Competitor Plaintiffs advised that they would not produce the Competitor Deponents—each of whom Google already questioned in the DOJ Action—while the dispute was pending. Google responded with a "compromise proposal": it would forgo depositions of previously deposed witnesses Soroca, Shaughnessy, Casale and Créput if Competitor Plaintiffs agreed not to re-depose any current or former Google employee deposed in the DOJ Action and/or this MDL. For Goel and Cadogan—who were cross-examined by Google at the DOJ liability trial—Google offered only to negotiate timing and scope limits. But the proposal was inherently one-sided: Google has already

information—as Google made him a custodian for the first time in the MDL in the Competitor Plaintiffs' cases.

[2] Soroca, Shaughnessy, Casale and Créput were all deposed in the DOJ Action. Goel and Cadogan, while not deposed, both testified during the liability trial in the DOJ Action, along with Casale. Créput testified during the remedies trial in the DOJ Action, and portions of the first of his two depositions that Google took in the DOJ Action were designated for the liability trial.

examined each Competitor Plaintiffs' witness, while Competitor Plaintiffs have never had the opportunity to examine any Google witness. Competitor Plaintiffs therefore declined to produce these Rule 30(b)(1) witnesses absent a compromise with respect to the Google witnesses.

To define the scope of the dispute, on September 25, 2026, the parties exchanged lists of party witnesses they intended to depose who previously had testified in the DOJ Action and/or MDL. Google identified six: the Competitor Deponents[3] and Créput.[4] Competitor Plaintiffs identified six: the Google Deponents other than Jalaly.

In an effort to reach a compromise, the parties met and conferred on September 25, 2026, and on September 29, 2026, and exchanged proposals to limit the time and topics of each deposition at issue. Competitor Plaintiffs proposed 4-5 hour depositions of each of Google's six previously deposed witnesses (and Jalaly) and provided specific topics for examination for which the witness' custodial files included documents and emails not previously used in examination. Google proposed 5-hour depositions of Soroca, Shaughnessy and Cadogan, and single-day Rule 30(b)(1) and 30(b)(6) depositions of Casale and Goel. While Competitor Plaintiffs were willing to accept these proposals on a reciprocal basis, Google rejected Competitor Plaintiffs' proposal, offering to make only two of the seven Google Deponents available for two hours each. Unable to reach agreement, Competitor Plaintiffs now bring this letter motion seeking a pre-motion conference relating to a motion for a protective order.[5]

## II. Google Should Not Be Permitted to Re-Question the Competitor Deponents.

Google should not be permitted to take Rule 30(b)(1) depositions of the Competitor Deponents. The Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), and must limit discovery that "is unreasonably

---

[3] PubMatic has indicated to Google that it will make Goel available for a limited Rule 30(b)(1) deposition and is not conditioning Goel's testimony on Google producing its witnesses for deposition. PubMatic's position is that Google should not be permitted to depose Goel for more than five hours in this action given Google has already had the opportunity to extensively examine Goel in the DOJ Action.

[4] Equativ has indicated to Google that it would make Créput available for a Rule 30(b)(1) deposition. Equativ views the testimony of the Google Deponents as highly relevant and necessary to the Competitor Plaintiffs' cases. As will be discussed in the Competitor Plaintiffs' forthcoming response to Google's pre-motion letter, those individuals have knowledge that relates to Google's conduct since the close of discovery in the DOJ Action which has continued to harm the Competitor Plaintiffs or that is of unique importance to issues in the Competitor Plaintiffs' cases. Equativ has not sought to condition Créput's testimony on Google producing these crucial witnesses.

[5] Given the interrelatedness of the issues, Competitor Plaintiffs proposed filing a joint letter to the Court, but Google insisted on filing cross-motions for protective orders.

cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Campbell v. Am. Fabrics Co.*, 3 F.R.D. 3, 3 (E.D.N.Y. 1943) (limiting scope of deposition in light of prior depositions taken in previous case between the parties). Both principles apply here.

*First*, Google should not be permitted a second bite at the apple in questioning the Competitor Deponents. Google had ample opportunity to question these individuals in the DOJ Action and did so. Specifically, Google deposed each of Soroca, Shaughnessy, and Casale, and questioned Goel, Cadogan, and Casale during the liability trial in the DOJ Action. Google—unlike the Competitor Plaintiffs—was a party to the DOJ Action, defended against much of the same conduct at issue here, and framed its examinations of these witnesses to support its own defense. Further questioning would therefore be "unreasonably cumulative or duplicative," and the information Google seeks "can be obtained from some other source that is more convenient, less burdensome, or less expensive"—namely, the existing record. Fed. R. Civ. P. 26(b)(2)(C)(i). Google has not identified any topic unique to these actions on which it has not already questioned these witnesses, nor explained why its prior examinations were insufficient (or that the examinations were limited by anything beyond the Federal Rules). Absent such a showing, Google's request is precisely the kind of duplicative discovery the Federal Rules are designed to prevent.

*Second*, all of the Competitor Deponents at issue are either current or former C-suite officers and/or senior board members, making the burden of duplicative depositions particularly acute. Specifically, Soroca is the former Chief Product Officer of Magnite; Shaughnessy is the Chief Operating Officer of Kargo; Casale and Goel are the Chief Executive Officers of Index and PubMatic, respectively; and Cadogan is the former Chief Executive Officer and current Chairman of the Board of OpenX. Courts in this District recognize that depositions of such senior executives carry a heightened risk of harassment and disruption, and therefore consider whether the executive "has unique evidence, personal knowledge of the claims at issue," and whether the information can be obtained through "less intrusive means." *Harapeti v. CBS Television Stations Inc.*, No. 21 MISC. 680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021) (granting motion to quash subpoena of former executive based on apex doctrine). Google cannot make that showing. Each witness's knowledge on the relevant topics is already reflected in the testimony Google elicited in the DOJ Action. Requiring these executives to sit for a second round of questioning would impose significant burden with little, if any, corresponding benefit.

*Third*, allowing these individuals to be re-questioned by Google while Google shields its own previously deposed witnesses from questioning by Competitor Plaintiffs is one-sided and oppressive to Competitor Plaintiffs. Google's position would force Competitor Plaintiffs to rely on testimony gathered by *different* plaintiffs in *different* cases that did not raise all of the same issues, prejudicing their ability to develop their cases. *See Brennan v. Mylan Inc.*, No. 6:22-MC-06015, 2023 WL 2445344, at *3 (W.D.N.Y. Mar. 10, 2023) (denying motion to quash subpoena in part "[b]ecause the [] defendants and the lawyers representing them were different than those who are parties to this case, they may have had different motivations, different strategies, and different legal contentions, and for that reason may not have asked questions that would reveal the information that Defendants seek here"). If prior testimony in the DOJ Action and/or MDL is an adequate substitute for a deposition, as

Google contends with respect to its own witnesses, it is all the more adequate for Competitor Plaintiffs' witnesses, whom Google questioned itself. Google cannot credibly invoke the burden of "repeat" depositions as a shield for its own witnesses who Competitor Plaintiffs never deposed while seeking repeat testimony from Competitor Plaintiffs' witnesses who Google itself examined.

* * * * *

For the foregoing reasons, Competitor Plaintiffs respectfully request a pre-motion conference to discuss their anticipated motion for a protective order relating to Rule 30(b)(1) depositions of witnesses who have previously testified in the DOJ Action and/or MDL.

Respectfully submitted,

*/s/ Yonatan Even*

Yonatan Even
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
yeven@cravath.com

*On behalf of the Competitor Plaintiffs*

cc: All Counsel of Record via ECF

**<u>Federal Rule of Civil Procedure 37(a)(1) Certification</u>**

I hereby certify that Competitor Plaintiffs have in good faith conferred with Google and that the parties have reached an impasse.

*/s/ Yonatan Even*
Yonatan Even
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
yeven@cravath.com

*On behalf of the Competitor Plaintiffs*