FRESHFIELDS

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Silicon Valley**
855 Main Street
Redwood City, CA 94063
T +1 650 618 9250 (Switchboard)
+1 650 461 8276 (Direct)
justina.sessions@freshfields.com
www.freshfields.com

October 14, 2026

**Re:** ***In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *Inform Inc. v. Google LLC, et al.*, No. 1:23-cv-01530 (PKC)**

Dear Judge Castel:

Defendants Google LLC, Alphabet Inc., and YouTube, LLC (collectively, "Google") respectfully submit this letter pursuant to the Court's September 30, 2026 Order, ECF No. 2041, and in response to Inform's October 7, 2026 letter asking the Court decline the exercise of supplemental jurisdiction, ECF No. 2066. Google requests that the Court deny Inform's request, exercise supplemental jurisdiction over the remaining state-law claims from Inform's Fourth Amended Complaint, and issue summary judgment on those claims for the reasons set forth in Google's Motion for Summary Judgment. *See* ECF No. 1363. No conference is scheduled at this time.

The Court should exercise supplemental jurisdiction and end the six-year saga of Inform's shapeshifting claims. Inform represented in its amended complaint that this Court has supplemental jurisdiction over its state-law claims. It should not be permitted to disavow those representations because the Court rejected Inform's federal-law claims. Inform took years of fact and expert discovery on its state-law claims, and proceeded to brief summary judgment without any objection or suggestion that the Court should decline jurisdiction. Allowing Inform to restart proceedings in state court would waste judicial resources, be supremely inconvenient, and would effectively excuse Inform from the consequences of its own litigation decisions.

## I. Inform Asked This Court to Exercise Supplemental Jurisdiction in the "Interests of Judicial Economy, Convenience, and Fairness."

Inform's pattern of changing claims and changing courts at every chance began in 2019. Inform filed its first complaint that year and litigated in the Northern District of Georgia for over three years. During that time, this MDL was created, and Inform did not seek

inclusion in the MDL or even tell the JPML that *Inform* was a potential tag-along action. It was only after the Eleventh Circuit returned Inform's case to the Northern District of Georgia and this Court ruled on the States' Third Amended Complaint that Inform decided it wanted to join in the MDL. *See* JPML ECF Nos. 202, 220.[1] Although Google opposed transfer, *see* JPML ECF No. 215-1, Inform insisted that joining the MDL was essential because "the Inform Action share[d] numerous common questions of fact . . . with the MDL [and] transfer . . . would promote the just and efficient conduct of the cases and also serve the convenience of the parties and witnesses." JPML ECF No. 220 at 2. The JPML ultimately agreed with Inform, transferring the action to "serve the convenience of the parties and witnesses" and to promote "just and efficient" litigation. ECF No. 444 at 1.

Inform then filed a Fourth Amended Complaint in this Court, in which it *admitted* that the federal- and state-law claims share a common nucleus of fact and *specifically asked this Court to exercise supplemental jurisdiction* in the "interests of judicial economy, convenience, and fairness":

> In addition to pleading violations of federal antitrust law, Inform alleges violations of state law and seeks relief thereunder. **All claims under federal and state law are based upon a common nucleus of operative facts**, and the entire action commenced by this Complaint **constitutes a single case that ordinarily would be tried in one judicial proceeding**. This Court therefore has jurisdiction over the state-law claims under 28 U.S.C. § 1367(a). Exercising jurisdiction over the state-law claims will avoid unnecessary duplication of actions and **supports the interests of judicial economy, convenience, and fairness**.

ECF No. 1195 ¶ 27 (emphasis added).

## II. Legal Standard.

Federal courts can exercise supplemental jurisdiction over state-law claims in a civil action where the district courts have original jurisdiction and share a "common nucleus of operative fact." 28 U.S.C.A. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Martin v. Sprint United Mgmt. Co.*, 2017 WL 5028621, at *2 (S.D.N.Y. Oct. 31, 2017) ("Federal district courts have supplemental jurisdiction over state-law claims 'that are so related to claims in the action within the courts' original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"). Because supplemental jurisdiction is discretionary, if the supplemental claims raise novel or complex issues of state-law or "a federal court dismisses [or resolves on summary judgment] all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case by considering several related factors—judicial economy, convenience, fairness, and comity."

[1] "JPML ECF No." shall refer to docket entries in *In re: Google Digit. Advert. Antitrust Litig.*, Docket No. 3010, U.S.J.P.M.L., Apr. 30, 2021.

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (internal citations omitted); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (citing *Gibbs*, 383 U.S. at 726); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 246 (2d Cir. 2011) (where there are no complicated or novel issues of state-law, supplemental jurisdiction is appropriate). The Supreme Court has explicitly rejected any bright line rule requiring dismissal of state-law claims merely because all federal claims have been dismissed—instead requiring balancing the four traditional factors, known as the *Cohill* factors. *See Cohill*, 484 U.S. at 350 n.7 (clarifying that the general practice of declining supplemental jurisdiction "does not establish a mandatory rule to be applied inflexibly") (citing *Rosado v. Wyman*, 397 U.S. 397, 403–05 (1970)); *see also Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018) ("When § 1367(c)(3) applies [and the district court dismisses all claims over which it had original jurisdiction], the district court must still meaningfully balance the supplemental jurisdiction factors."); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

## III. It is Undisputed That The Court Has Supplemental Jurisdiction Over Inform's State-Law Claims.

Inform made its position clear since day one, pleading that federal courts "[have] supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a)." Compl. ¶ 16, *Inform v. Google LLC et. al*, No. 1:19-CV-00562-JPB, (N.D. Ga. Nov. 25, 2019), ECF No. 1. And when Inform chose to litigate its case in this forum, it represented that its state-law and federal-law claims "are based upon a common nucleus of operative facts, and the entire action commenced by [Inform's] Complaint constitutes a single case that ordinarily would be tried in one judicial proceeding." ECF No. 1195 ¶ 27 ("This Court therefore has jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).").[2] The Supreme Court also confirms that where a complaint contains federal claims, related state-law claims "come within that court's supplemental jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 43–44 (2025).

The Court's observation that the "thrust" of Inform's claims differed from those of open-web publishers says nothing about whether Inform's own federal- and state-law claims share a nucleus of facts. *See* ECF No. 2066 at 4 (referencing ECF No. 2041 at 74). Section 1367(a) asks only whether a plaintiff's state claims share a common nucleus of operative fact with *its own* federal claims. Inform, the master of its own complaint, repeatedly chose to explicitly tie the two together. *See* ECF No. 1195 ¶¶ 301 ("Thus, in addition to being anticompetitive under the antitrust laws, Defendants' schemes, as set forth above and summarized in para. 166 supra, were carried out through fraudulent misrepresentations and

[2] Inform also chose to incorporate by reference every single one of the same 348 "factual" paragraphs into each of its state-law and federal-law counts. *See* ECF No. 1195 ¶¶ 349 (monopolization), 357 (monopoly leveraging), 366 (attempted monopolization), 374 (tying), 388 (tying), 402 (*tortious interference*), 409 (*fraud*), 415 (*punitive damages*).

material omissions."); 302 (claiming "Google fraudulently gained access to Inform's inventory through" DFP and enhanced dynamic allocation); 279 ("Google, through its fraudulent acts and anticompetitive conduct described herein and infra para. 300-330 [paragraphs describing alleged misrepresentations regarding the operation of DFP and enhanced dynamic allocation], intentionally interfered with Inform's publisher and advertiser customer contracts and customer relationships.").

Where "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then . . . there is power in federal courts to hear the whole." *Gibbs*, 383 U.S. at 725; *see also Innovative Networks, Inc. v. Satellite Airlines Ticketing Centers, Inc.*, 871 F. Supp. 709, 726 (S.D.N.Y. 1995) (noting where "the federal and state claims arise out of the same set of operative facts," compelling a parallel action in state court brings "unnecessary hardship"). Inform built its state-law claims on the identical factual foundation as its federal antitrust claims, and adjudicating them in this Court requires no new discovery or supplemental briefing. This Court has the power to resolve the entire action.

## IV. The *Cohill* Factors Favor Retaining Supplemental Jurisdiction.

Where a federal court resolves all federal claims over which it has original jurisdiction, it balances "the traditional 'values of judicial economy, convenience, fairness, and comity'" to determine whether it should exercise supplemental jurisdiction over the remaining state-law claims. *Kolari*, 455 F.3d at 122 (quoting *Cohill*, 484 U.S. at 350). After six years of multi-forum federal-court litigation—spanning three separate complaints in this MDL alone and involving extensive motion practice, dozens of resolved discovery disputes, millions of produced documents, terabytes of produced data, numerous expert reports, exhaustive fact and expert depositions yielding massive volumes of testimony, and, most important of all, a fully-briefed summary-judgment motion—judicial economy, convenience, and fairness all militate in favor of the Court exercising supplemental jurisdiction rather than sending the state-law claims to begin all over again in a state court.

Judicial economy favors retaining this case. Over the last three years, this Court has expended substantial resources mastering the complex technologies, products, and long factual history at issue in Inform's case. The Court has adjudicated discovery and related disputes between the parties; decisions that could be jettisoned or re-litigated in state court. Allowing a re-do in state court would force a new judge to climb the same pre-trial learning curve that this Court spent years ascending. This says nothing of the potential inefficiency of re-doing discovery and re-briefing summary judgment. As courts in this Circuit recognize, "[n]othing is gained by remanding . . . case[s] to state court . . . [when s]uch action would involve significant duplication of efforts not only by the attorneys but by a state court judge to whom the matter would be assigned." *Koul v. Strong Mem'l Hosp.*, 282 F. Supp. 3d 569, 570–71 (W.D.N.Y. 2017) (exercising supplemental jurisdiction where the case had been pending for "several years," and both discovery and summary judgment were complete); *see Innovative Networks, Inc.*, 871 F. Supp. at 726 (holding that three years of litigation and

substantial discovery "militate[d] in favor of retaining jurisdiction" over state-law tortious interference claims that derived from the same facts underlying federal claims); *Clemens v. Moody's Analytics, Inc.*, 2020 WL 42277, at *3 (S.D.N.Y. Jan. 3, 2020) (holding that where parties took six depositions, exchanged thousands of pages of discovery, and fully briefed summary judgment, economy, convenience, and fairness required exercising supplemental jurisdiction ); *Camacho v. City of Buffalo*, 2021 WL 9079983, at *14 (W.D.N.Y. Oct. 14, 2021), *report and recommendation adopted*, 2022 WL 2167739 (W.D.N.Y. June 16, 2022) (exercising supplemental jurisdiction at dispositive-motions stage where discovery was complete and court spent considerable time analyzing summary judgment motions requiring analysis of federal claims "strikingly similar to the state-law claims"); *see also Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990) (affirming district court's retention of supplemental jurisdiction "given the extensive proceedings involving the pendent claims prior to the dismissal of the federal claim"). Indeed, neither convenience nor fairness is served by "setting backwards the course of a case the parties ha[ve] vigorously litigated . . . and causing them to expend who knows how much time, legal fees, and distraction starting over in state court." *Catzin*, 899 F.3d at 86.[3] Exercising supplemental jurisdiction enables this Court to dispose of Inform's state-law claims immediately on a record that the parties have spent years developing.[4]

It would be manifestly unfair to allow Inform yet another shot at its state-law claims by declining supplemental jurisdiction. Where "dismissal of the federal claim[s] occurs late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary." *Uzan*, 388 F.3d at 56 (quoting *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994)). Consistent with these principles, courts across the Second Circuit routinely exercise supplemental jurisdiction over state-law claims after dismissing all federal claims particularly where, as here, the case has been pending for

---

[3] Inform's relied-upon authorities, *see* ECF No. 2066 at 2–3, do not alter this analysis because they involve claims that had not proceeded to discovery, yet alone summary judgment. For example, *Kolari* involved a rejection of supplemental jurisdiction after a "motion to dismiss, prior to the investment of significant judicial resources." 455 F.3d at 123. Similarly, *Royal Canin* involved a plaintiff whose case was removed from state court and she deleted her federal claims specifically to defeat removal before any substantial judicial resources were spent. *See* 604 U.S. at 30, 33. By contrast, Inform originally filed in federal court and actively litigated federal claims through summary judgment. *See, e.g.*, Compl., *Inform v. Google LLC et. al*, No. 1:19-CV-00562-JPB, (N.D. Ga. Nov. 25, 2019), ECF No. 1 (Inform's first complaint, asserting federal claims); ECF No. 1195 (Inform's Fourth Amended Complaint, also asserting federal claims). Inform has also spent six years consistently arguing for federal court supplemental jurisdiction over its state-law claims. *See* Compl. ¶ 16, *Inform v. Google LLC et. al*, No. 1:19-CV-00562-JPB, (N.D. Ga. Nov. 25, 2019), ECF No. 1 (arguing for supplemental jurisdiction); JPML ECF No. 202-003 ¶ 20 (First Amended Complaint arguing same); ECF No. 535 ¶ 27 (Second Amended Complaint arguing same); ECF No. 797 ¶ 27 (Third Amended Complaint arguing same); ECF No. 1195 ¶ 27 (Fourth Amended Complaint arguing same).

[4] Inform's dismissive attitude toward judicial economy rests on a flawed premise: it assumes a transferor court will inevitably have claims left to hear. *See* ECF No. 2066 at 5. That argument ignores that Google's pending Motion for Summary Judgment, ECF No. 1363, addresses Inform's state-law claims in full. Exercising supplemental jurisdiction allows this Court to dispose of the entire action now, eliminating the need for any remand to a transferor court.

years, discovery is complete, and summary judgment is fully briefed. *See, e.g.*, *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) (affirming "advanced [post-summary judgment] stage of the litigation and the Court's long familiarity with the issues in the case, combined with the likely hardship to both parties should plaintiff be forced to re-file in state court weighed in favor of exercising supplemental jurisdiction" (internal quotation marks and citation omitted)); *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998) (affirming exercise of supplemental jurisdiction after expedited discovery but before trial).

Inform would be able to update its state-law claims—and potentially seek entirely new discovery—years after the deadline to amend pleadings and with the full benefit of seeing Google's summary-judgment arguments. And Inform cannot reasonably claim that it would be somehow unfair to continue in federal court as it has for years. Inform "brought the suit in federal court, included the state-law claims, and did not question the Court's discretion to exercise supplemental jurisdiction over the claims until after the Court had issued a ruling in the Defendant[s'] favor." *See Clemens*, 2020 WL 42277, at *3. Before its latest brief, ECF No. 2066, Inform did *not once* suggest that the Court should not rule on its state-law claims; in fact, Inform consistently advocated the opposite.

Comity does not require an unfair result here. Where state-law claims involve settled legal principles, declining supplemental jurisdiction does not promote the four judicial values set forth in *Cohill*; rather, it "undercut[s] those values by unnecessarily burdening the state courts and denying the Parties an overdue resolution to this dispute." *Clemens*, 2020 WL 42277, at *3 (citing *Catzin*, 899 F.3d at 85). And courts across the Second Circuit regularly exercise supplemental jurisdiction over state-law claims at an advanced procedural stage where, as in this case, those claims present no novel or complex questions of state-law. *See, e.g.*, *Camacho*, 2021 WL 9079983, at *14 (exercising supplemental jurisdiction where state-law claims presented "no unusual questions of state law"); *Koul*, 282 F. Supp. 3d at 570–71 (exercising supplemental jurisdiction where "there are no novel or unsettled state law issues involved"). Inform does not—and cannot—claim that its state-law allegations involve novel or unsettled legal issues such that declining supplemental jurisdiction under 28 U.S.C. § 1367(c)(1) would be proper. *See generally* ECF No. 2066 at 4–5. Nor does Inform explain why Georgia courts possess a unique interest in adjudicating these routine claims, including how it might justify any "exceptional circumstances" or "compelling reasons" to decline jurisdiction under § 1367(c)(4). Inform's state-law claims present straightforward legal issues well within this Court's supplemental jurisdiction. Those can—and should—be resolved on the current summary-judgment record. Dismissing those claims now would, instead, give Inform the chance to try out state-law claims for a fifth time, in another court

* * *

For all of these reasons, Google respectfully requests that the Court use its discretion to continue to exercise supplemental jurisdiction over Inform's state-law claims. Google also

respectfully requests that the Court issue summary judgment on the state-law claims for the reasons articulated in Google's Motion for Summary Judgment, ECF No. 1363.

Respectfully submitted,

*/s/ Justina K. Sessions*
Justina K. Sessions
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC*

CC: All Counsel of Record (via ECF)